June 25, 2024

<u>**VIA ECF**</u>
The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:    *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Plaintiff the United States of America ("DOJ") and the Plaintiff States (collectively, "Plaintiffs"), and Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster L.L.C. ("Ticketmaster") (collectively, "Defendants"), submit this joint letter, and the Proposed Civil Case Management Plan and Scheduling Order (attached as **Exhibit A**), pursuant to the Notice of Initial Pretrial Conference issued on June 11, 2024 (ECF No. 58).

## 1.    <u>The Nature of the Action, Principal Defenses, and Major Legal and Factual Issues</u>

*Plaintiffs' Statement:* In this antitrust action, Plaintiffs challenge Defendants' anticompetitive conduct in the live entertainment industry. Plaintiffs allege that Defendants monopolized concert ticketing, concert promotion, and amphitheater markets and unlawfully restrained trade through long-term exclusive ticketing agreements and by tying artists' ability to perform in amphitheaters to their agreement to purchase Live Nation's promotion services. Plaintiffs allege violations of the Sherman Act and state antitrust and unfair competition laws. All Plaintiffs seek injunctive relief, costs, and attorneys' fees, and certain Plaintiff States seek monetary relief, entitling all Plaintiffs to a jury trial. Major issues include the appropriate definition of relevant markets; Defendants' power in those markets; whether Defendants unlawfully maintain monopolies through anticompetitive acts; whether their exclusive agreements and tying conduct unreasonably restrain trade; and whether Defendants have caused anticompetitive harm that entitles Plaintiffs to an appropriate measure of damages, equitable monetary relief, or other relief.

*Defendants' Statement:* On the basis of a half-dozen disconnected practices across the live entertainment industry, Plaintiffs ask this Court to unwind the nearly 15-year-old merger between Live Nation and Ticketmaster—a merger that the DOJ conditionally approved in 2010 and did not challenge at all on the basis of potentially anticompetitive vertical effects. Contrary to Plaintiffs' new claims, time has shown that the vertical integration of Live Nation and Ticketmaster is procompetitive: Live Nation offers fans, artists, and venues better prices and better services than they would receive if these complementary businesses were separated. Plaintiffs' attempt to blame Live Nation and Ticketmaster for high ticket prices and fees ignores the market realities of how ticket prices and fees are determined and allocated: artists typically set the face values of their tickets and retain almost all of the proceeds, and venues typically set the fees and retain most of them. The Complaint also ignores that the industry is highly competitive, and that competition continues to erode the already thin margins that Live Nation and Ticketmaster earn from concert promotion and ticketing each year. Live Nation and Ticketmaster do not wield monopoly power

in any market, and their business practices are not anticompetitive.

Defendants' principal defenses include (but are not limited to) the following: Plaintiffs fail to state a cause of action as to multiple claims; the alleged market definitions are improper; the alleged monopoly power is absent; many factual allegations are false and unsupported; Defendants' business practices are procompetitive; Plaintiffs fail to demonstrate plausible harm to competition; and Plaintiffs' requested relief—the unwinding of a 15-year-old merger—is not justified or legally permissible. Plaintiffs informed Defendants that they intend to file an Amended Complaint, to which Defendants may assert additional and different principal defenses.

## 2. Contemplated Motions

***Plaintiffs' Statement:*** Plaintiffs anticipate filing an amended complaint that may add additional state plaintiffs and state law claims, but no new federal claims. Because the amended complaint will also include information Defendants have designated highly confidential, Plaintiffs have met and conferred with Defendants to avoid the need for sealing. Plaintiffs do not believe any of the information at issue merits sealing or overcomes the presumption of public access to judicial documents. If Defendants disagree, Plaintiffs will seek leave to file under seal. Later in the case, Plaintiffs may file one or more *Daubert* motions.

***Defendants' Statement:*** This Complaint seeks to unwind a merger that was conditionally permitted under a consent decree entered in the District Court for the District of Columbia, and alleges liability from conduct squarely regulated by that consent decree. Accordingly, Defendants will raise at the initial conference the question of which court should address such issues. Depending on the content of the forthcoming Amended Complaint, Defendants may file a motion to dismiss some or all of the claims. In particular, Plaintiffs' tying claim—which alleges that Live Nation unlawfully ties access to its amphitheaters on using Live Nation as a promoter—is squarely foreclosed by *Verizon v. Trinko*, 540 U.S. 398 (2004), which held that there is no duty to deal with competitors (with narrow exceptions not applicable here). As the case progresses, Defendants may also file a motion for summary judgment, and one or more *Daubert* motions.

## 3. Discovery

***Plaintiffs' Statement:*** This case involves sprawling anticompetitive conduct over many years across the live entertainment industry by Defendants, who have dozens of business units and subsidiaries relevant to the claims in this action. As such, Plaintiffs necessarily seek significant document and data discovery from Defendants and anticipate dozens of depositions of Defendants. The United States took only three depositions of Defendants during its pre-complaint investigation.

The need for this significant discovery is heightened by Defendants' delays and ultimate failure to fully comply with any of the United States's three pre-complaint civil investigative demands ("CIDs"), issued beginning in October 2022. It took Defendants nearly a year to start producing custodial documents in response to many CID specifications, their responses to many specifications remain incomplete today, and Defendants have failed to provide any privilege logs. Defendants also delayed responding to contemporaneous State-issued CIDs as well. Moreover, the allegations and relevant markets described in the Complaint also encompass subject matter broader than those addressed by the CIDs issued to Defendants during the pre-complaint investigation.

In addition, numerous third parties—ticketers, promoters, ticket brokers, venues, venue management companies, artists, and artists' agents and managers—possess information relevant to Plaintiffs' claims. Plaintiffs anticipate serving subpoenas on more than 100 third parties. While the United States and some Plaintiff States issued CIDs or subpoenas to some third parties in the pre-complaint investigation, and the United States deposed five, Plaintiffs anticipate seeking additional documents, data, and depositions from these entities and from additional third parties.

***Defendants' Statement:*** Plaintiffs greatly overstate the need for discovery. They obtained extensive discovery from Defendants during Plaintiffs' pre-complaint investigations. Their assertion that Live Nation "fail[ed] to comply" with the DOJ's civil investigative demands is false. Since October 2022, Defendants have spent over 200,000 attorney hours reviewing documents (i.e., over 100 working years), produced over 600,000 documents from nearly 70 custodians, produced over 33 million observations of data, submitted dozens of written responses, and provided investigative deposition testimony from three high-level executives in response to Plaintiffs' investigations. In addition, DOJ has access to nearly two million documents that Defendants produced during prior investigations. Plaintiffs also conducted significant discovery of third parties—none of which Defendants have had access to yet.

On June 20, 2024, Defendants served their first set of requests for the production of documents on Plaintiffs, requesting Plaintiffs' investigative files including any documents, data or testimony Plaintiffs received from third parties during their investigation. It is critical for Defendants to have access to these materials promptly. Defendants thus request that Plaintiffs produce the requested materials as soon as possible—and no later than July 22, 2024. It is also critical for Defendants to obtain information as soon as possible regarding the many questions raised by the Complaint, including questions about Plaintiffs' purported relevant markets, the basis for their jury trial demand, and the basis for numerous factual allegations.

## 4. <u>Other Information</u>

***Plaintiffs' Statement:*** The parties are separately negotiating a deposition protocol but disagree about the number of depositions. Given the complexity of the case, the structure of Defendants' business, and the number of third parties with relevant information, Plaintiffs anticipate deposing up to 80 total fact depositions. Because the number of depositions implicates the discovery and case schedule, we request that Your Honor address this issue at the Initial Pretrial Conference. The parties also disagree on several aspects of the proposed CMO.

***Defendants' Statement:*** Plaintiffs demand a jury trial in the Complaint, which, if it occurred, would be the first jury trial ever in a government-brought monopolization case. There is no right to a jury trial for Plaintiffs' federal claims. There may or may not be such a right for certain state law claims, but that is impossible to determine based on the current pleadings. Additionally, Defendants disclose that Your Honor's former firm, Susman Godfrey LLP, currently represents Live Nation and related defendants in several hundred active lawsuits related to the 2021 Astroworld festival, in the 11th District Court of Harris County, Texas. *See In re Astroworld Festival Litigation*, Master Docket No. 2021-79885. As to the CMO, the parties disagree on Plaintiffs' proposed deviations from this Court's form order; Defendants' proposal follows this Court's form order and better fits the needs of this case. Defendants also request the opportunity to discuss this Court's "Designation of Lead Trial Counsel" requirement at the conference.

Respectfully submitted,

/s/ Bonny Sweeney
BONNY SWEENEY
*Lead Trial Counsel*
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Email: Bonny.Sweeney@usdoj.gov
*Lead Trial Counsel for Plaintiff United
States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax: (501) 682-8118
Email:  amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Paula Lauren Gibson
Paula Lauren Gibson (Admitted *Pro Hac
Vice*)
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice

300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorneys for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit f
Colorado Department of Law
Conor.May@coag.gov
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
*Attorney for Plaintiff State of Colorado*

/s/ Kim Carlson McGee
Kim Carlson McGee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of
Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: kim.mcgee@ct.gov
*Attorney for Plaintiff State of Connecticut*

*/s/ Elizabeth G. Arthur*
Elizabeth G. Arthur (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General for the
District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

*/s/ Lizabeth A. Brady*
Lizabeth A. Brady
Director, Antitrust Division
Liz.Brady@myfloridalegal.com
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
850-414-3300
*Attorney for Plaintiff State of Florida*

*/s/ Richard S. Schultz*
Richard S. Schultz (Admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
(872) 272-0996 cell phone
(312) 814-4209 facsimile
Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

*/s/ Schonette J. Walker*
Schonette J. Walker (Admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
swalker@oag.state.md.us
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
(410) 576-6470
*Attorney for Plaintiff State of Maryland*

*/s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)

Assistant Attorney General, Antitrust
Division
Office of the Massachusetts Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Katherine.Krems@mass.gov
(617) 963-2189
*Attorney for Plaintiff Commonwealth of Massachusetts*

*/s/ LeAnn D. Scott*
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
Scottl21@michigan.gov
*Attorney for Plaintiff State of Michigan*

*/s/ Zach Biesanz*
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
zach.biesanz@ag.state.mn.us
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Phone: (651) 757-1257
*Attorney for Plaintiff State of Minnesota*

*/s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

*/s/ Zachary Frish*
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office

Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-2150
zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

*/s/ Yale A. Leber*
Yale A. Leber (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Phone: (973) 648-3070
Yale.Leber@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

*/s/ Jeremy R. Kasha*
Jeremy R. Kasha
Assistant Attorney General
Jeremy.Kasha@ag.ny.gov
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8262
*Attorney for Plaintiff State of New York*

*/s/ Sarah G. Boyce*
Sarah G. Boyce (admitted *pro hac vice*)
Deputy Attorney General & General Counsel
SBoyce@ncdoj.gov
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6000
Facsimile: (919) 716-6050
*Attorney for Plaintiff State of North Carolina*

*/s/ Sarah Mader*
Sarah Mader (Admitted *pro hac vice*)
Assistant Attorney General
Antitrust Section
Sarah.Mader@OhioAGO.gov
Office of the Ohio Attorney General

30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
*Attorney for Plaintiff State of Ohio*

*/s/ Caleb J. Smith*
Caleb J. Smith (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street
Suite 1000
Tulsa, OK 74119
Telephone: 918-581-2230
Email: caleb.smith@oag.ok.gov
*Attorneys for Plaintiff State of Oklahoma*

*/s/ Tim Nord*
Tim Nord (admitted *pro hac vice*)
Special Counsel
Tim.D.Nord@doj.oregon.gov
Civil Enforcement Division
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
Tel: (503) 934-4400
Fax: (503) 378-5017
*Attorney for Plaintiff State of Oregon*

*/s/ Joseph S. Betsko*
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
jbetsko@attorneygeneral.gov
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Phone: (717) 787-4530
*Attorney for Plaintiff Commonwealth of Pennsylvania*

*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2064

(401) 222-2995 (Fax)
pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

*/s/ Danielle A. Robertson*
Danielle A. Robertson (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
DaniRobertson@scag.gov
(803) 734-0274
*Attorney for Plaintiff State of South Carolina*

*/s/ Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: 615.291.5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

*/s/ Diamante Smith*
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Trevor Young (admitted *pro hac vice*)
Deputy Chief, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674
*Attorney for Plaintiff State of Texas*

*/s/ Tyler T. Henry*
Tyler T. Henry (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-2071

Facsimile: (804) 786-0122
thenry@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Rachel A. Lumen*
Rachel A. Lumen (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-5343
Rachel.Lumen@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax: (304) 558-0184
douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

*/s/ Laura E. McFarlane*
Laura E. McFarlane (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-8911
mcfarlanele@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841
william.young@wyo.gov
*Attorney for the Plaintiff State of Wyoming*

**FOR DEFENDANTS:**

LATHAM & WATKINS LLP

/s/ Alfred C. Pfeiffer
Alfred C. Pfeiffer (*pro hac vice* pending)
Timothy L. O'Mara (*pro hac vice* pending)
    *Lead Trial Counsel for*
    *Live Nation Entertainment, Inc.*
Jennifer L. Giordano
Andrew M. Gass (*pro hac vice* pending)
Lindsey S. Champlin (*pro hac vice*
    forthcoming)
Kelly S. Fayne (*pro hac vice* pending)
Robin L. Gushman (*pro hac vice* pending)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

555 11th Street NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Lindsey.Champlin@lw.com
Kelly.Fayne@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

/s/ David R. Marriott
David R. Marriott
    *Lead Trial Counsel for*
    *Ticketmaster L.L.C.*
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

dmarriott@cravath.com
lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*