**VIA ECF**
The Honorable Arun Subramanian                                         July 19, 2024
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Plaintiff United States and Plaintiff States (collectively, "Plaintiffs") request that the Court enter either Plaintiffs' Proposed Protective Order, attached as **Exhibit A**, or Plaintiffs' Alternative Proposed Protective Order, attached as **Exhibit B**.[1] After meeting and conferring diligently over several weeks, the parties have reached agreement on all issues except one: the extent to which Live Nation Entertainment, Inc. and Ticketmaster L.L.C.'s (collectively, "Defendants") in-house counsel may access and use Confidential information produced by non-parties. *See* Ex. A ¶ 6(c). Plaintiffs request oral argument on this motion. Plaintiffs also request that the Court allow non-parties who produced information in the pre-complaint investigations 5 business days to comment on the parties' competing proposals.

Plaintiffs' proposed Protective Order is consistent with orders in similar cases and protects Confidential non-party information while still permitting in-house counsel reasonable access that allows them to assist in the defense. Defendants' proposal, by contrast, would give in-house counsel access to all Confidential non-party information without sufficiently limiting their ability to participate in business decision-making that impacts their customers and competitors.

## Background of Negotiations

Plaintiffs initiated confidentiality discussions by sending Defendants a draft order on June 13, 2024. That initial draft included a provision giving Defendants the opportunity to designate two in-house counsel who could access confidential information, provided they also agreed to limit their participation in competitive decision-making. Defendants responded by initially rejecting, and then watering down, Plaintiffs' proposed limitations on competitive decision-making by designated in-house counsel.

While Plaintiffs are willing to allow designated in-house counsel access to Confidential material with appropriate and commonplace guardrails that wall off in-house counsel from competitive decision-making, Defendants' proposal—unfettered access with superficial and unenforceable limitations—does not sufficiently protect non-parties' confidential information.

Throughout the negotiations, Defendants insisted on giving two Live Nation employees access to all non-party Confidential information: Dan Wall, Executive Vice President for Corporate and Regulatory Affairs, and Kimberly Tobias, Senior Vice President for Litigation. Although Ms. Tobias is in-house counsel in Live Nation's legal department, Mr. Wall is not. Mr. Wall—who previously served as outside counsel for Live Nation—was recently hired by Defendants to serve a broader, non-legal role. In a February 2023 Reuters interview, Mr. Wall

---

[1] Plaintiffs' proposed modifications to the Court's model Protective Order for Ex. A is identified in redline in **Exhibit C**; Plaintiffs' proposed modifications to the Court's model Protective Order for Ex. B is identified in redline in **Exhibit D**.

described his position—"which is not in the company's legal department"—as being "intended to capture the high-profile things that are happening at any moment in time" in Live Nation. **Exhibit E**.

The potential harm of non-party Confidential information spilling over into Defendants' business decisions is real. During Plaintiffs' pre-complaint investigations, in response to civil investigative demands, many Live Nation customers and competitors in ticketing, promotions, and other areas, produced competitively sensitive information including confidential contracts and documents involving the negotiation of financial terms; business strategies and plans; Board of Directors meeting minutes and presentations; and internal financial projections. Many of these non-parties, and other non-parties, will produce similar information during discovery.

Plaintiffs made several proposals to Defendants to address these concerns, culminating in a July 10, 2024 proposal that would have allowed in-house counsel access to Confidential information so long as they agreed not to participate in or advise on business decisions regarding a non-party relevant to this action. Defendants rejected this proposal on July 15.

### Plaintiffs' Proposed Protective Order

Plaintiffs' Proposed Protective Order includes ¶ 6(c), which is modeled on the order entered in *United States v. Google*, No. 1:20-cv-03010 (D.D.C. Jan. 1, 2021), ECF No. 98, a recent monopolization case in which numerous non-parties produced commercially sensitive Confidential information. *See* Ex. A, at 4–5; **Exhibit F,** at 2, 14–15. Plaintiffs' proposal differs from the *Google* order in one significant way. The *Google* order defines two tiers of protected information: "Confidential Information" and "Highly Confidential Information," and gives in-house counsel *no* access to Highly Confidential Information. *See* Ex. F at 14–15. Plaintiffs first proposed a one-tier "Confidential" designation to more closely follow this Court's Model Protective Order. After reaching impasse, Plaintiffs proposed a two-tier Protective Order based on the *Google* order. *See* Ex. B. Either of these proposed orders would address Plaintiffs' concerns.

Plaintiffs' proposals appropriately balance non-party competitors' and customers' need for protection against Defendants' desire for access, either by denying in-house counsel access to Highly Confidential information or by limiting their ability to participate in or advise on competitive decision-making.

Multiple courts have recognized the inherent risk of permitting in-house counsel access to the confidential information of competitors or customers. As the court explained in *F.T.C. v. Advoc. Health Care Network*, 162 F. Supp. 3d 666 (N.D. Ill. 2016), the risk of inadvertent disclosure is higher for in-house counsel than outside counsel because compartmentalization of protected information is "a feat beyond the compass of ordinary minds" and "an individual cannot rid himself of the knowledge he has gained; he cannot perform a prefrontal lobotomy on himself . . . ." *Id.* at 670–71. Similarly, in *Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.*, 1994 WL 177795 (S.D.N.Y. May 5, 1994), the court noted that "where advice on a seemingly legal issue such as an antitrust question is sought, counsel's intimate knowledge of a competitor's pricing policies could surely influence the nature of the advice given." *Id.* at *3.

In antitrust cases, courts routinely enter two-tier orders that vary the protection offered for "Highly Confidential" and "Confidential" information. In those cases, and under this Court's model, in-house counsel are often denied *any* access to highly confidential documents. *See, e.g.*, the orders entered in Ex. F, at 13; *United States v. Am. Airlines Grp.*, No. 21-cv-11558 (D. Mass. Apr. 20, 2022), ECF No. 99, attached as **Exhibit G**, at 12–15; *United States v. Bertelsmann SE*

*& Co. KGaA*, No. 21-cv-02886 (D.D.C. Nov. 17, 2021), ECF No. 38, attached as **Exhibit H**, at 11–12. Courts have also recognized that in-house counsel can participate effectively in litigation without accessing highly confidential information. *See F.T.C. v. Sysco Corp.*, 83 F. Supp. 3d 1, 4 (D.D.C. 2015) (noting in-house counsel was "still able to assist outside counsel and advise [his employer] on litigation strategy" even though he was not permitted to access his employer's competitors' highly confidential information).

Under two-tier protective orders, in-house counsel access to the less protected category—"confidential information"—is also strictly limited. *See* Ex. F, at 14 (limiting the number of designated in-house counsel and requiring them to avoid competitive decision-making); Ex. G, at 14–15 (same); Ex. H, at 11 (same). And in cases in which the order does not differentiate between "Confidential" and "Highly Confidential" information, courts have denied in-house counsel access to Confidential information altogether. *See, e.g.*, *United States v. Deere & Co.*, No. 1:16-cv-08515 (N.D. Ill. Apr. 26, 2017), ECF No. 286.

Defendants' proposal purports to restrict in-house counsel's participation in competitive decision-making, but they caveat their proposal with a broad loophole that renders that restriction meaningless. *See* Defendants' proposal, attached as **Exhibit I**. Specifically, Defendants' proposal would allow in-house counsel to "participate in or advise on Competitive Decision-Making . . . for the purpose of rendering legal advice as to litigation, litigation risk, regulatory compliance and risk, and intellectual property licensing issues related to such decisions . . ." Ex. I, at 4. This language substantially increases the likelihood that Confidential information will be inadvertently disclosed or misused. Here, Plaintiffs challenge certain of Defendants' acquisitions of competitors, contracts with venues and artists, and allege retaliation by Defendants. Under Defendants' proposal, in-house counsel could review competitors' strategic documents while simultaneously advising Defendants on "litigation risk" that includes consideration of the non-parties' Confidential strategies. There are countless opportunities for Defendants to seek in-house counsels' advice regarding potential "litigation risk" associated with competitive decision-making.

Moreover, Defendants have not shown that they would suffer any prejudice if in-house counsel were denied access to non-parties' Confidential information, much less shown that such prejudice outweighs any risk of inadvertent disclosure. *See, e.g.*, *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 237 F.R.D. 405, 406–14 (N.D. Ill. 2006) (holding the risk of inadvertent disclosure outweighed any potential prejudice); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 546 F. Supp. 2d 951, 953 (S.D. Cal. 2008) (stating one "must show actual prejudice to that party's case and not just increased difficulty in managing the litigation").

Nor could they. Defendants' able outside counsel—experienced antitrust counsel who have represented Defendants for years—will have access to all Confidential information. *See Advoc. Heath Care Network*, 162 F. Supp. 3d at 672–73; *Blackbird Tech LCC v. Serv. Lighting & Elec. Supplies, Inc.*, 2016 WL 2904592, at *5 (D. Del. May 18, 2016) ("Where parties are represented by outside counsel, courts have little trouble balancing the harms in protective order disputes, often readily concluding that the outside counsel of a party's choice can adequately represent its interests even if in-house counsel is precluded from viewing confidential information.").

\* \* \*

Non-parties—such as Defendants' competitors and clients—should not be forced to take the risk that their confidential information will be used to their disadvantage by their principal supplier or foremost competitor. Accordingly, Plaintiffs request that this Court enter Plaintiffs' Proposed Protective Order (Ex. A) or Plaintiffs' Alternative Proposed Protective Order (Ex. B).

Respectfully submitted,

*/s/ Bonny Sweeney*
BONNY SWEENEY
*Lead Trial Counsel*
Chinita M. Sinkler
Alex Cohen
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Email: Bonny.Sweeney@usdoj.gov
*Attorneys for Plaintiff United States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax: (501) 682-8118
Email:  amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Paula Lauren Gibson
Paula Lauren Gibson (Admitted *Pro Hac Vice*)
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorneys for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit f
Colorado Department of Law
Conor.May@coag.gov
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
*Attorney for Plaintiff State of Colorado*

/s/ Kim Carlson McGee
Kim Carlson McGee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: kim.mcgee@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
*Attorney for Plaintiff District of Columbia*

 /s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Liz.Brady@myfloridalegal.com
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
850-414-3300
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (Admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
(872) 272-0996 cell phone
(312) 814-4209 facsimile
*Attorney for Plaintiff State of Illinois*

/s/ Schonette J. Walker
Schonette J. Walker (Admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
(410) 576-6470
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2189
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
zach.biesanz@ag.state.mn.us
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Phone: (651) 757-1257
*Attorney for Plaintiff State of Minnesota*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-2150
*Attorney for Plaintiff State of New Hampshire*

/s/ Yale A. Leber
Yale A. Leber (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Phone: (973) 648-3070
*Attorney for Plaintiff State of New Jersey*

/s/ Jeremy R. Kasha
Jeremy R. Kasha
Assistant Attorney General
Jeremy.Kasha@ag.ny.gov
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8262
*Attorney for Plaintiff State of New York*

/s/ Sarah G. Boyce
Sarah G. Boyce (admitted *pro hac vice*)
Deputy Attorney General & General Counsel
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6000
Facsimile: (919) 716-6050
*Attorney for Plaintiff State of North Carolina*

/s/ Sarah Mader
Sarah Mader (Admitted *pro hac vice*)
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
*Attorney for Plaintiff State of Ohio*

*/s/ Caleb J. Smith*
Caleb J. Smith (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street
Suite 1000
Tulsa, OK 74119
Telephone: 918-581-2230
Email: caleb.smith@oag.ok.gov
*Attorneys for Plaintiff State of Oklahoma*

*/s/ Tim Nord*
Tim Nord (admitted *pro hac vice*)
Special Counsel
Civil Enforcement Division
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
Tel: (503) 934-4400
Fax: (503) 378-5017
*Attorney for Plaintiff State of Oregon*

*/s/ Joseph S. Betsko*
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Phone: (717) 787-4530
*Attorney for Plaintiff Commonwealth of Pennsylvania*

*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2064
(401) 222-2995 (Fax)
*Attorney for Plaintiff State of Rhode Island*

*/s/ Danielle A. Robertson*
Danielle A. Robertson (admitted *pro hac vice*)
Assistant Atorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
DaniRobertson@scag.gov
(803) 734-0274
*Attorney for Plaintiff State of South Carolina*

*/s/ Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: 615.291.5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

*/s/ Diamante Smith*
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Trevor Young (admitted *pro hac vice*)
Deputy Chief, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674
*Attorney for Plaintiff State of Texas*

*/s/ Tyler T. Henry*
Tyler T. Henry (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Facsimile: (804) 786-0122
thenry@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Rachel A. Lumen*
Rachel A. Lumen (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-5343
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax: (304) 558-0184
*Attorney for Plaintiff State of West Virginia*

*/s/ Laura E. McFarlane*
Laura E. McFarlane (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-8911
mcfarlanele@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841
william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*