# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,** *et al.,*

*Plaintiffs,*

**v.**

**LIVE NATION ENTERTAINMENT, INC.**
and **TICKETMASTER L.L.C.**

*Defendants.*

---

Case No. 1:24-cv-03973 (AS)(SLC)
[1:24-cv-03994 and 1:24-cv-04106]

**PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing investigation or discovery materials in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) or who previously received from any other person any "Investigation Material" (i.e., information provided to any party related to the Plaintiffs' pre-Complaint investigation of the Defendants' alleged conduct) that is designated as "Highly Confidential" or "Confidential" pursuant to the terms of this Order shall not disclose such Highly Confidential or Confidential Discovery Material or Investigation

Material to anyone else except as expressly permitted hereunder and shall not use such Highly Confidential or Confidential Discovery Material or Investigation Material for any purpose other than in connection with this action, except, for Plaintiffs, as provided in Paragraph 17 of this Protective Order.

2.    The person producing any given Discovery Material or Investigation Material may designate as Highly Confidential only such portion of such material as consists of any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

3.    The person producing any given Discovery Material or Investigation Material may designate as Highly Confidential only such portion of such material that if disclosed to Defendants, is likely to cause material and significant competitive or commercial harm. Highly Confidential is defined as trade secrets, including non-public, commercially sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development, or plans for existing or proposed future acquisitions or expansions ; evaluation of the strengths and vulnerabilities of a non-party's product or service offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Defendants or competitors or customers to Defendants; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information. Material that is

more than three (3) years old at the time of production is presumptively not entitled to protection as Highly Confidential Information but can be Confidential Information if non-public; provided, that such material may be considered Highly Confidential Information if it discloses current or future business practices or competitive strategies. All protections under this Order to Confidential Information apply as well to Highly Confidential Information.

4.    With respect to the Highly Confidential or Confidential portion of any Discovery Material or Investigation Material other than deposition transcripts (e.g., documents (including deposition exhibits) and data), the producing person or that person's counsel may designate such portion as "Highly Confidential" or "Confidential" by stamping or otherwise clearly marking as "Highly Confidential" or "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing within seven (7) days of the deposition for all deposition exhibits or within three (3) business days of a receiving person's request (which shall be limited to those documents it intends in good faith to use in any motion, hearing or trial) for any other Discovery Material or Investigation Material, another copy of said deposition exhibit or other Discovery Material or Investigation Material with the Highly Confidential or Confidential information redacted.

5.    With respect to deposition transcripts, a producing person or that person's counsel may indicate on the record that the deposition included testimony on Confidential information, in which case the transcript of the deposition will be designated as Highly Confidential or Confidential for a period of thirty (30) days following the release of the official transcript. The producing person or that person's counsel will, within thirty (30) days of the release of the official transcript (unless otherwise agreed

3

to by the Parties), provide the receiving person a copy of such transcript with the specific testimony containing Confidential information, highlighted, stamped, or otherwise clearly marked as "Highly Confidential" or "Confidential" on a line-by-line basis, in a manner that does not interfere with legibility or audibility.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material or Investigation Material that that person previously produced without limitation should be designated as Highly Confidential or Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material or Investigation Material will thereafter be treated as Highly Confidential or Confidential under the terms of this Order.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material or Investigation Material designated by the producing person as Highly Confidential to any other person whomsoever, except to:

    a. counsel for Plaintiffs, including any attorneys, paralegals, other professional personnel (including support and IT staff), and agents or independent contractors retained by Plaintiffs to assist in this action whose functions require access to the information;

    b. outside counsel for Defendants retained specifically for this action, including any attorneys, paralegals, clerical and other assistants employed by such counsel and assigned to this matter;

    c. outside vendors or service providers (such as copy-service providers, and document-management consultants) retained by a party to assist that party in this action, provided that they shall first execute the Non-Disclosure

Agreement in the form annexed as an Exhibit hereto as Appendix A;

d.   as to any document, its author, its custodian, its addressee and any other person indicated on the face of the document as having received a copy, or any other individual from the producing person who the receiving party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the information;

e.   any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, including employees of the firm with which the expert or person is associated or independent contractors who assist the person's work in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto as Appendix A;

f.   any outside trial consultant (including, but not limited to, graphics consultants) provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto as Appendix A;

g.   stenographers engaged to transcribe, and videographers engaged to record, depositions conducted in this action;

h.   any special master, mediator, arbitrator, trustee, or monitor that the parties engage in this action or that the Court appoints; and

i.   the Court and its support personnel.

8.   No person subject to this Order other than the producing person shall disclose any of the Discovery Material or Investigation Material designated by the producing person

as Confidential to any other person whomsoever, except to:

    a.  counsel for Plaintiffs, including any attorneys, paralegals, other professional personnel (including support and IT staff), and agents or independent contractors retained by Plaintiffs to assist in this action whose functions require access to the information;

    b.  outside counsel for Defendants retained specifically for this action, including any attorneys, paralegals, clerical and other assistants employed by such counsel and assigned to this matter;

    c.  No more than two Designated In-House Counsel of Defendants (e.g., in-house counsel of Defendants who are authorized to access Confidential information) with responsibilities for the litigation of this Action who do not currently, and for a period of two years following the last occasion on which Confidential Information is disclosed to such Designated In-House Counsel shall not (i) participate in or advise on Competitive Decision-Making (e.g., decision-making relating to a competitor, potential competitor, customer, or distribution partner including decisions regarding contracts, marketing, pricing, product or service development or design, product or service offerings, research and development, mergers and acquisitions, or licensing, acquisition, or enforcement of intellectual property rights) at the Defendants, (ii) participate in or advise on Competitive Decision-Making involving a non-party whose Confidential information they accessed during the course of this Action at any employer, or (iii) participate in or advise on litigation or other legal actions on behalf of Defendants or any other employer where a non-party is a party and

whose Confidential information Designated In-House Counsel accessed in the course of this Action for two years following the last occasion on which Confidential Information is disclosed to such Designated In-House Counsel (aside from litigation arising from or related to the allegations in the Complaint in this action); to qualify for access under this subpart, Designated In-House Counsel shall first execute an Designated In-House Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto (which executed versions shall be maintained by Outside Counsel for Defendants and available for inspection upon the request of the Court, any Party, or any non-party) and only access Confidential information in person at the offices of Defendants Outside Counsel of Record, or using a secure electronic data room or document review platform using an individual login identification and password. Defendants shall promptly report any confirmed or suspected unauthorized use or disclosure of Confidential information to the Court and Plaintiffs. Any counsel subject to this subsection who leaves the employment of Defendants to work in an industry unrelated to the decisions associated with Competitive Decision-Making shall be presumed to be exempt from the post-employment limits of this provision absent a showing by Plaintiffs or any interested non-party that such a person engaged in Competitive Decision-Making.

d.  outside vendors or service providers (such as copy-service providers, and document-management consultants) retained by a party to assist that party in this action, provided that they shall first execute the Non-Disclosure

Agreement in the form annexed as an Exhibit hereto as Appendix A;

    e.    as to any document, its author, its custodian, its addressee and any other person indicated on the face of the document as having received a copy, or any other individual from the producing person who the receiving party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the information;

    f.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, including employees of the firm with which the expert or person is associated or independent contractors who assist the person's work in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto as Appendix A;

    g.    any outside trial consultant (including, but not limited to, graphics consultants) provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto as Appendix A;

    h.    stenographers engaged to transcribe, and videographers engaged to record, depositions conducted in this action;

    i.    any special master, mediator, arbitrator, trustee, or monitor that the parties engage in this action or that the Court appoints; and

    j.    the Court and its support personnel.

9.    All Highly Confidential or Confidential Discovery Material or Investigation Material filed with the Court, and all portions of pleadings, motions, or other papers filed with

the Court that disclose such Highly Confidential or Confidential Discovery Material or Investigation Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also within seven (7) days publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Highly Confidential or Confidential Discovery Material or Investigation Material itself, and not text that in no material way reveals the Highly Confidential or Confidential Discovery Material or Investigation Material.

10.   Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

11.   All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material or Investigation Material introduced in evidence at trial, even if such material has previously been sealed or designated as Highly Confidential or Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Highly Confidential or Confidential Document or information contained in any Highly Confidential or Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12.  Each person who has access to Discovery Material or Investigation Material that has been designated as Highly Confidential or Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.  If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, deliberative process privilege, attorney-work-product protection, or other applicable legal or evidentiary privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.  If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.  Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information, and a redacted version of the Inadvertently Disclosed Information.

16.  As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17.  The disclosing party retains the burden of establishing the privileged or protected

nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

18. This Order, and any subsequent order of this Court governing the Plaintiffs' production of any documents, data, communications, transcripts of testimony, or other materials in this action, constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11) and analogous state laws.

19. Nothing in this Order prevents any Plaintiff's retention, use, or disclosure of Confidential information outside the context of this action (i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgement in this action. Outside counsel for the parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, hearing transcripts and exhibits, trial transcripts and exhibits, correspondence (including internal correspondence and email) and work product, provided that the parties and their counsel do not disclose the portions of these materials containing Confidential information to any person, except pursuant to court order or agreement with the person that produced the Confidential information or as otherwise permitted herein.

20. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material and Investigation Material designated as "Highly Confidential" or "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except as provided in paragraph 19.

21. This Court shall retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22.    Notice of this Order will be provided to third parties in the following manner:

    a.   Within four (4) business days of the Court's entry of this Order, each party must send by email, overnight mail, or hand delivery a copy of this Order to each third party (or, if represented by counsel, the third party's counsel) that provided Investigation Material to that party; and

    b.   Any party that seeks Discovery Material from any third party must include a copy of this Order when serving the discovery request or subpoena on the third party. If any party sent a discovery request or subpoena to any third party prior to entry of this Order, that party must send a copy of this Order to the third party within two (2) business days of entry of this Order.

    c.   If a non-party determines that this Order does not adequately protect its Investigation Material or Discovery Material, it may, within seven (7) days after receipt of a copy of this Order, seek additional protection from the Court.  If a non-party timely seeks additional protection from the Court, the party's obligation to produce that non-party's documents containing Highly Confidential or Confidential Investigation Material or Discovery Material, that is the subject of the motion, is suspended until a decision is rendered by the Court. If the Court orders the production of the non-Party's documents, the Party will have seven (7) days to make the production unless a longer period is ordered by the Court.

23.    All Investigation Material produced by a non-party will be treated as Highly

Confidential regardless of whether or not a non-party requested Highly Confidential or Confidential treatment at the time of production.  This Order does not require any Party to stamp or otherwise mark Investigation Material Highly Confidential, provided that the Investigation Material is produced in electronic format on a disk or other medium and the disk or other medium is designated as "Highly Confidential."

24.    To the extent a producing person or non-party designates or has previously designated Investigation Material as Confidential, Highly Confidential or other equivalent designation, those materials shall be designated as Highly Confidential or Confidential under this Order, subject to any later challenge by a party.  To the extent Investigation Material is reproduced in this action, it shall be treated as Highly Confidential or Confidential Discovery Material under the terms of this Order.

**SO STIPULATED AND AGREED.**

_____          _____

Dated:                                    Dated:

**SO ORDERED.**

_____

ARUN SUBRAMANIAN, U.S.D.J.

Dated:          New York, New York

_____

13

APPENDIX A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA, *et al.*,** *Plaintiffs,* **v.** **LIVE NATION ENTERTAINMENT, INC.** and **TICKETMASTER L.L.C.** *Defendants.* | Case No. 1:24-cv-03973 (AS)(SLC) [1:24-cv-03994 and 1:24-cv-04106] |

### <u>NON-DISCLOSURE AGREEMENT</u>

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material and Investigation Material that have been designated as Highly Confidential or Confidential. I agree that I will not disclose such Highly Confidential or Confidential Discovery Material and Investigation Material to anyone other than for purposes of this litigation and that at the conclusion of this litigation I will return all such information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____

7

APPENDIX B

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.,*<br><br>*Plaintiffs,*<br><br>**v.**<br><br>**LIVE NATION ENTERTAINMENT, INC.** and **TICKETMASTER L.L.C.**<br><br>*Defendants.* | Case No. 1:24-cv-03973 (AS)(SLC)<br>[1:24-cv-03994 and 1:24-cv-04106] |

## DESIGNATED IN-HOUSE LITIGATION COUNSEL AGREEMENT
## CONCERNING CONFIDENTIALITY

I, _____am employed as _____by _____. I

certify that:

    1.  I have read the Protective Order entered in the above-captioned action and

understand its terms.

    2.  I agree to be bound by the terms of the Protective Order entered in the above-

captioned action, agree that in my role as in-house counsel for the above Defendant company I

meet the requirements of Paragraph 7(c) of this Protective Order, and agree to use the

information provided to me only as explicitly provided in this Protective Order.

    3.  I understand that my failure to abide by the terms of the Protective Order entered in

the above-captioned action will subject me without limitation to civil penalties for contempt of

Court.

7

4.  I submit to the jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____

SIGNATURE

_____

DATE