# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.*, | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.*, | Case No. 1:20-cv-03715-APM |
| Plaintiffs, | HON. AMIT P. MEHTA |
| v. | |
| Google LLC, | |
| Defendant. | |

### STIPULATED PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of these Actions;
(ii) facilitating discovery by the Parties litigating these Actions; and (iii) protecting confidential
information from improper disclosure or use, the Parties stipulate to the provisions set **forth**
below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS
as follows:

### A. **Definitions**

1. As used herein:

(a) "Action" means the above-captioned actions pending in this Court, as
consolidated per the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion to

Consolidate, ECF No. 67 in Case No. 1:20-cv-03715-APM, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c) "Competitive Decision-Making" means decision-making relating to a competitor, potential competitor, customer, or distribution partner including decisions regarding contracts, marketing, pricing, product or service development or design, product or service offerings, research and development, mergers and acquisitions, or licensing, acquisition, or enforcement of intellectual property rights.

(d) "Defendant" means Google LLC, and its and their divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(e) "Designated In-House Counsel" means two (2) In-House Counsel designated by Defendant who are authorized to access Confidential Information pursuant to Paragraph 12(d) or may be authorized to access Highly Confidential Information pursuant to Paragraph 17 of this Order.

(f) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(g) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(h) "Highly Confidential Information," as defined herein, shall only include

2

Information that, if disclosed to Defendant, is likely to cause material and significant competitive or commercial harm.

Highly Confidential Information is defined as trade secrets, including algorithms and source code; non-public, commercially sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development, testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Defendant or competitors to Defendant; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information. If a Protected Person (i) has produced Investigation Materials or (ii) is required by subpoena or court order to produce information that would cause it material and significant competitive or commercial harm, but that information does not specifically fall into one of the categories of information listed in this paragraph, upon a compelling showing, it may seek a court order that such information is Highly Confidential and should be withheld from In-House Counsel, including Designated In-House Counsel. If a motion is made pursuant to this paragraph and is related to Investigation Materials, it must be filed co-currently with its Highly Confidential Designations under Paragraph 3(a). If a motion is made pursuant to this paragraph and is related to a subpoena or court order, it must be filed no later than the due date to respond to the subpoena or court order. If a Protected

3

Person seeks additional protection pursuant to this paragraph from the Court, the materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

Material that is more than three (3) years old at the time of production is presumptively not entitled to protection as Highly Confidential Information but can be Confidential Information if non-public; provided, that such material may be considered Highly Confidential Information if it discloses current or future business practices or competitive strategies. All protections under this Order to Confidential Information apply as well to Highly Confidential Information.

(i) "In-House Counsel" means any lawyer employed by Defendant.

(j) "Investigation" means the pre-Complaint inquiry by Plaintiff and Plaintiff States into potential anticompetitive conduct by Google.

(k) "Investigation Materials" means non-privileged documents, testimony or other materials that (i) any Non-Party provided to any Party, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between any Party and any Non-Party in connection with and during the Investigation; (iii) any Party provided to any Non-Party relating to the Investigation; or (iv) Defendant, or affiliated person or entity, provided to Plaintiffs relating to the Investigation.

(l) "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of this Action; (iii) Defendant provides to any Plaintiff in connection

4

with and during the pendency of this Action; and/or (iv) any Plaintiff provides to Defendant in connection with and during the pendency of this Action.

(m) "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(n) "Outside Counsel of Record" means the attorneys employed by outside law firms representing Defendant in this proceeding.

(o) "Party" means any Plaintiff, Plaintiff States, or Defendant in this Action. "Parties" means collectively Plaintiffs, Plaintiff States, and Defendant in this Action.

(p) "Plaintiffs" means the U.S. Department of Justice and the Plaintiff States, and all of their employees, agents, and representatives, including each state, commonwealth, territory, and district that is a plaintiff in the action styled *State of Colorado et al. v. Google LLC*, No. 1:20-cv-03715-APM.

(q) "Plaintiff States" means the States of Arkansas, California, Florida, Georgia, Indiana, Kentucky, Louisiana, Michigan, Mississippi, Missouri, Montana, South Carolina, Texas, Wisconsin, and any other state that joins these consolidated actions, including each state, territory, commonwealth, and district that is a plaintiff in the action styled *State of Colorado et al. v. Google LLC*, No. 1:20-cv-03715-APM.

(r) "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

(s) "Protected Person" means any Person (including a Party) that either voluntarily or under compulsory process, has provided or provides (i) Investigation Materials in connection with the Investigation, or (ii) Litigation Materials.

5

**B.** **Designation of Highly Confidential Information and Confidential Information**

2. Within 5 business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided Investigation Materials to that Party. This Order does not require the Plaintiffs in *United States, et al. v. Google LLC* to reissue notice of this Order to Non-Parties whom already have received notice of the Protective Order in that case.

3. DESIGNATION OF INVESTIGATION MATERIALS AS HIGHLY CONFIDENTIAL BY PROTECTED PERSONS. A Protected Person may designate any Investigation Materials they produced as Highly Confidential pursuant to the following procedures:

(a) A Protected Person shall have (60) sixty days after receiving a copy of this Order (the "Designation Period") to designate as Highly Confidential Information any Investigation Materials to the extent the Protected Person determines, in good faith, that the Investigation Materials include Highly Confidential Information, and that such designation is necessary to protect the interests of the Protected Person. Such Investigation Materials may be so designated, if they have not already been designated, by providing written notice by overnight mail or email to the party to which the Investigation Materials were produced that includes (i) copies of the Investigation Materials stamped with the legend "HIGHLY CONFIDENTIAL INFORMATION," in a manner that will not interfere with legibility, including page numbering, or audibility. Any document that contains Highly Confidential Information may be designated Highly Confidential Information in its entirety.

(b) Until the expiration of this Designation Period, all Investigation Materials

will be treated as Highly Confidential Information in their entirety.

Investigation Materials that are not designated as Highly Confidential by the end of the expiration of this Designation Period shall be treated as Confidential Information for purposes of this Order pursuant to the Antitrust Civil Process Act, or any other federal or state statute or regulation, or under any federal or state court precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Confidential Information derived from a document subject to this Order, and any information taken from any portion of such material.

The identity of a third party submitting such Highly Confidential Information or Confidential Information shall also be treated as Highly Confidential Information or Confidential Information for the purposes of this Order where the submitter has requested such confidential treatment.

4. If a Non-Party Protected Person believes that this Order does not adequately protect its Highly Confidential Information or Confidential Information, it may, within 10 days after receipt of a copy of this Order, seek additional protection from the Court for the Non-Party Protected Person's Highly Confidential Information or Confidential Information. If a Non-Party Protected Person seeks additional protection from the Court, the Investigation Materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

5. Any production of documents or testimony not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly Confidential Information. If at any time before trial of this Action, a Protected Person realizes

that it should have designated as Confidential or Highly Confidential Information any

Investigation Materials or Litigation Materials that Person previously produced during

discovery in this Action, it may so designate such documents, testimony, or other materials by

notifying the Parties in writing. The Parties shall thereafter treat the Investigation Materials or

Litigation Materials pursuant to the Protected Person's new designation under the terms of

this Order. However, the disclosure of any information for which disclosure was proper when

made will not be deemed improper regardless of any such subsequent confidentiality

designation.

      6. DESIGNATION OF LITIGATION MATERIALS AS HIGHLY CONFIDENTIAL

OR CONFIDENTIAL BY PROTECTED PERSONS. The following procedures govern the

process for Protected Persons to designate as Highly Confidential or Confidential any

information that they disclose in this Action after this Order is entered, including but not

limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and

documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

      (a) Testimony. All transcripts of depositions taken in this Action after entry of

this Order will be treated as Highly Confidential Information in their entirety for 30 days after

the date when a complete and final copy of the transcript has been made available to the

deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the

final transcript, the Party who noticed the deposition shall provide the final transcript to the

deponent. Within 30 days following receipt of the final transcript, the deponent may designate

as Highly Confidential Information any portion of the deposition transcript, by page(s) and

line(s), and any deposition exhibits provided by the deponent or the deponent's employer. To

be effective, such designations must be provided in writing to Plaintiffs' and Defendant's

8

counsel listed in Appendix C.

Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall be treated as Confidential Information.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Highly Confidential or Confidential, the Party that asked such questions shall designate as confidential the portion of the transcript relating to such Highly Confidential or Confidential document or information.

(b) Documents. A Protected Person who designates as Highly Confidential Information any document that it produced in this Action must stamp or otherwise mark each document containing said information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility. A Protected Person who designates as Confidential Information any document that it produced in this Action must stamp or otherwise mark each document containing said information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility. Any document that contains Confidential Information may be designated Confidential Information in its entirety.

(c) Electronic Documents and Data. Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Highly Confidential Information or Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such

9

designations in reasonably accessible metadata associated with the files. Where Highly

Confidential Information or Confidential Information is produced in electronic format on a disk

or other medium that contains exclusively Confidential Information, the "HIGHLY

CONFIDENTIAL" or "CONFIDENTIAL" designation may be placed on the disk or other

medium. When electronic files or documents in native form are printed for use at deposition, in

a court proceeding, or for provision in printed form to any person described in subparagraph

11(g), the Party printing the electronic files or documents shall affix a legend to the printed

document saying "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and include the

production number and designation associated with the native file.

   7. DESIGNATION OF LITIGATION MATERIALS FROM NON-PARTIES. In

the event that a Party is required, by a valid discovery request, to produce a Non-Party's

Highly Confidential Information or Confidential Information in its possession, then the

Party shall:

     (a) promptly notify in writing the Party seeking the Highly Confidential

Information or Confidential Information that some or all of the information requested is

subject to a confidentiality agreement with a Non-Party;

     (b) promptly notify the Non-Party that its Highly Confidential Information

or Confidential Information is being requested and make the information requested

available for inspection by the Non-Party; and

     (c) promptly provide the Non-Party with a copy of the Stipulated Protective

Order in this litigation, the relevant discovery request(s), and a reasonably specific description

of the information requested.

   8. If the Non-Party fails to object or seek a protective order from this Court within 14

days of receiving the notice and accompanying information, the Non-Party's Highly

Confidential Information or Confidential Information responsive to the discovery request may

be produced. If the Non-Party timely seeks a protective order, its Highly Confidential

Information or Confidential Information that is subject to the confidentiality agreement shall

not be produced before a determination by the Court.[1] Absent an order to the contrary, the

Non-Party shall bear the burden and expense of seeking protection in this Court of its Highly

Confidential Information or Confidential Information. The terms of this Order are applicable

to information produced by a Non-Party in this Action and designated as Highly Confidential

Information or Confidential Information. Such information produced by Non-Parties in

connection with this Action is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

additional protections.

9. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL OR HIGHLY

CONFIDENTIAL INFORMATION. In the event of a disclosure of any Highly Confidential

Information or Confidential Information to any person(s) not authorized to receive such

disclosure under this Order, the Party responsible for having made such disclosure shall

promptly notify the Protected Person whose material has been disclosed and provide to such

Protected Person all known relevant information concerning the nature and circumstances of

the disclosure. The disclosing Party shall also (a) promptly take all reasonable measures to

retrieve the improperly disclosed material and to ensure that no further or greater unauthorized

disclosure and/or use thereof is made; (b) inform the person or persons to whom unauthorized

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

disclosure were made of all the terms of this Order, and (c) request such person or persons
execute the Agreement Concerning Confidentiality in the form of Appendix A attached
hereto. Unauthorized or inadvertent disclosure shall not change the confidential status of any
disclosed material or waive the right to maintain the disclosed material as containing Highly
Confidential Information or Confidential Information.[2]

## C.      **Challenges to Highly Confidential or Confidential Designation**

10. Any Party who objects to any designation of confidentiality (the "Objecting
Party") may at any time before the trial of this Action provide a written notice to the Protected
Person who made such designation (the "Designating Party") and all Parties to this Action
stating with particularity the grounds for the objection. All materials objected to shall continue
to be treated as Confidential Information or Highly Confidential Information pending
resolution of the dispute. Within ten (10) days of the Objecting Party's written notice, the
Objecting Party and the Designating Party shall attempt to confer to discuss their respective
positions. If the Objecting Party and Designating Party cannot reach agreement on the
objection within ten (10) days of the Objecting Party's written notice (or another deadline
agreed to by the Objecting Party and the Designating Party), the Objecting Party may address
the dispute to this Court by filing a letter motion and/or motion in accordance with applicable
rules. If the Court finds the designation of Highly Confidential Information or Confidential
Information to have been inappropriate, the challenged designation shall be considered
rescinded and the Objecting Party may seek attorneys' fees and costs from the Designating
Party as it relates to the resolution of any dispute if the Court determines that there was no
good faith basis for the improper designation.

---

[2] Disclosures under Fed. R. Evid. 502 are addressed in separate orders.

12

**D.** **Disclosure of Highly Confidential Information or Confidential Information**

11. Highly Confidential Information may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b) U.S. Department of Justice attorneys and counsel for Plaintiff States, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiffs to assist in this Action whose functions require access to the information;

(c) Outside Counsel of Record for Defendant, including any attorneys (but not In- House Counsel, including Designated In-House Counsel, for the Defendant), paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

(d) outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) retained by a

Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(e) any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(f) persons who the Highly Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to

13

the document disclosed or to be disclosed;

(g) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(h) outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

12. Confidential Information may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b) U.S. Department of Justice attorneys and counsel for Plaintiff States, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiffs to assist in this Action whose functions require access to the information;

(c) Outside Counsel of Record for Defendant, including any attorneys (but not In- House Counsel for the Defendant except as provided in paragraph 12(d) and subject to the procedure in paragraphs 17 through 19), paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information (but not any employee of the Defendant);

(d) Designated In-House Counsel of Defendant with responsibilities for the litigation of this Action who do not currently, and for a period of two years following the last

14

occasion on which Confidential Information is disclosed to such Designated In-House

Counsel shall not (a) participate in or advise on Competitive Decision-Making at the

Defendant, (b) participate in or advise on Competitive Decision-Making involving a

Protected Person whose Confidential Information they accessed during the course of this

Action at any employer, or (c) participate in or advise on litigation or other legal actions on

behalf of Defendant or any other employer where a Protected Person is a party and whose

Confidential Information Designated In-House Counsel accessed in the course of this Action

for two years following the last occasion on which Confidential Information is disclosed to

such Designated In-House Counsel (aside from litigation arising from or related to the

allegations in the Complaint in this action); to

qualify for access under this subpart, in-house litigation counsel shall first execute an

Designated In-House Counsel Agreement Concerning Confidentiality in the form of

Appendix B attached hereto (which executed versions shall be maintained by Outside

Counsel for Defendant and available for inspection upon the request of the Court, any Party,

or any non-Party Protected Person) and only access Confidential Information in person at the

offices of Defendant's Outside Counsel of Record, or using a secure electronic data room or

document review platform using an individual login identification and password. Defendant

shall promptly report any confirmed or

suspected unauthorized use or disclosure of Confidential Information to the Court and

Plaintiffs. Any counsel subject to this subsection who leaves the employment of Defendant to

work in an industry unrelated to the decisions associated with Competitive Decision-Making

shall be presumed to be exempt from the post-employment limits of this provision absent a

showing by Plaintiffs or any interested Protected Person that such a person engaged in

15

Competitive Decision-Making.

(e) outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(f) any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints;

(g) persons who the Confidential Information itself indicates, or who the receiving party has a good-faith basis to believe, were the author, addressee, recipient, custodian, or source of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; any current employee of a Party whose statements or communications are quoted, recounted, or summarized in said Party's document; or persons for whom counsel for Plaintiffs or Defendant believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(h) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first

execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(i) outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality

in the form of Appendix A attached hereto.

13. Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one year following the final resolution of this Action.

14. Each individual described in Paragraphs 11 and 12 of this Order to whom information designated as Highly Confidential Information or Confidential Information is disclosed must not disclose that Highly Confidential Information or Confidential Information to any other individual, except as provided in this Order.

15. Nothing in this Order prevents Plaintiffs, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as Highly Confidential Information or Confidential Information (i) in the course of any other legal proceeding in which the U.S. Department of Justice or any of the Plaintiff States is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes. Such disclosures shall be limited to disclosures within the U.S. Department of Justice or the Plaintiff States, or communications among the Plaintiff States and the U.S. Department of Justice.

16. Nothing in this Order:

(a) limits a Protected Person's use or disclosure of its own information designated as Highly Confidential Information or Confidential Information;

(b) prevents disclosure of Highly Confidential Information or Confidential Information with the consent of the Protected Person that designated the material as confidential;

17

(c) prevents disclosure by a Party of Highly Confidential Information or Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a court or as may be required by regulation; or

(d) prevents Plaintiffs retention, use, or disclosure of Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order, or regulation. Any such disclosures shall be limited to those permitted by applicable law or regulation, including, in the case of materials obtained under the Antitrust Civil Process Act, 15 U.S.C. § 1313(d). Plaintiffs will not disclose any Litigation Material produced only during the pendency of this Action to any Non-Party, except as ordered by a court or as may be required by regulation and with seven (7) days written notice to Defendant or interested Protected Person. If Investigation Materials or Litigation Materials are requested for disclosure under a state's public information act or the equivalent, this Order prohibits disclosure to the extent the state's public information act or the equivalent provides an exception for disclosure of information protected by court order such as the Texas Public Information Act, Texas Government Code § 552.107(2).

**E.      Disclosure of Highly Confidential Information to Designated In-House Counsel Based on Need**

17. Defendant may at any time before the trial of this Action request disclosure of Highly Confidential Information to Designated In-House Counsel by consent of the Designating Party or motion with the Court. Defendant shall provide a written notice to the Designating Party and all Parties to this Action stating with particularity the need for such disclosure. Defendant must meet and confer with the Designating Party to try to resolve the matter by agreement within 7 days of the written notice. If no agreement is reached, Defendant may file a motion with the Court. Plaintiffs and/or the Designating Party will have seven (7) days to respond to such motion. Defendant will not disclose any Highly Confidential Information to its In-House Counsel, including Designated In-House Counsel, pending resolution of the dispute. If the Court finds the Designated In-House Counsel has a particularized need for access to the Highly Confidential Information that outweighs the risk of harm to the Designating Party or the public interest, Defendant will be able to disclose the Highly Confidential Information to its Designated In-House Counsel notwithstanding paragraph 11.

## F.     **Challenges to In-House Counsel**

18. Unless otherwise ordered by the Court or agreed to in writing by the Protected Person, before disclosing any information designated as Confidential Information to the Defendant's Designated In-house Counsel, Defendant must submit in writing to Plaintiffs and the Protected Person a written statement that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated In-House Counsel's past, current, and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Designated In-House Counsel is involved, or may become involved, in any Competitive Decision-Making. If at any time, Defendant

19

decides to replace a Designated In-House Counsel, Defendant must submit a written statement regarding its proposed replacement Designated In-House Counsel pursuant to this paragraph and follow the procedures described in Paragraphs 19 and 20.

19. Defendant may disclose Confidential Information to its Designated In-House Counsel unless the Defendant receives a written objection from Plaintiffs or any Protected Person within 10 days of entry of this Stipulated Protective Order. If Defendant replaces any of its Designated In-House Counsel pursuant to Paragraph 18, Defendant may disclose Confidential Information to its Designated In-House Counsel unless the Defendant receives a written objection from Plaintiffs or any Protected Person within 10 days of receiving the Defendant's written statement. Any objection to Designated In-House Counsel must set forth in detail the grounds on which it is based.

20. If Defendant receives a timely written objection it must meet and confer with the Plaintiffs or any Protected Person to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, Plaintiffs and any Protected Person will then have seven (7) days to file a motion with the Court, objecting to Designated In-House Counsel. Defendant will not disclose any Confidential Information (and at no point may disclose Highly Confidential Information) to its In-House Counsel, including Designated In-House Counsel, pending resolution of the dispute. If the Court finds the Designated In-House Counsel to not be engaged in Competitive Decision-Making, Defendant will be able to disclose Confidential Information to its Designated In-House Counsel in accordance with paragraph 12.

**G.     Use of Information Designated Highly Confidential or Confidential in This Action**

21. In the event that any Highly Confidential Information or Confidential Information

is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal, in accordance with Local Rule 5.1(h). This Order hereby grants the Parties leave to file such properly designated Highly Confidential Information or Confidential Information under seal. To the extent that such material was originally submitted by a Non-Party, the Party including the materials in its papers shall immediately notify the submitter of such inclusion. Highly Confidential Information and Confidential Information contained in the papers shall continue to be maintained under seal until further order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive Highly Confidential Information or Confidential Information pursuant to Paragraphs 11 and 12. Upon or after filing any paper containing Highly Confidential Information or Confidential Information, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Highly Confidential Information or Confidential Information. Further, if the protection for any such material expires, a Party may file on the public record a duplicate copy that also contains the formerly protected material. Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Highly Confidential Information or Confidential Information under seal.

22. Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Highly Confidential Information or Confidential Information so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Highly Confidential Information or Confidential Information.

**H.    Use of Highly Confidential Information or Confidential Information at Trial**

23. Disclosure at trial or at any evidentiary hearing of any document, testimony, or other material designated as Highly Confidential Information or Confidential Information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties shall meet and confer and submit a recommended order outlining those procedures no later than thirty (30) calendar days before the first day of trial or any evidentiary hearing. Upon the filing of a proposed order governing the disclosure of Highly Confidential Information or Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to third parties whose Highly Confidential Information or Confidential Information is expected to be used at trial or any evidentiary hearing.

24. Unless otherwise provided for in this Order, all Highly Confidential Information and Confidential Information produced by a Party or a Non-Party as part of this Action shall be used solely for the conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose.

**I.    Procedures upon Termination of This Action**

25. The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all persons having received information designated as Highly Confidential Information or Confidential Information must, to the extent permitted by the states' retention schedules, either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it, or destroy or delete all such Highly

22

Confidential Information or Confidential Information and certify that fact in writing to the Party or Protected Person.

26. Counsel for the Parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers and exhibits, deposition transcripts and exhibits, trial transcripts and exhibits, or work product containing information designated as Highly Confidential Information or Confidential Information to any person except pursuant to court order or agreement with the Protected Person that produced the Highly Confidential Information or Confidential Information or as otherwise permitted herein. All Highly Confidential Information and Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this paragraph, however, restricts the rights of the Parties under Paragraphs 15 or 16 of this Order.

## J.    **Right to Seek Modification**

27. Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking (1) further or additional protections of any of its materials, or

(2) modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

## K.    **The Privacy Act**

28. Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5

23

U.S.C.

§ 552a(b)(11).

## L.    Persons Bound by This Order

29. This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

30. All persons subject to this Order are reminded that this order may be enforced by the Court's full powers of criminal and civil contempt.

Dated this ___ day of _____, 2021

SO ORDERED:

Amit P.    Digitally signed by
Mehta      Amit P. Mehta
           Date: 2021.01.21
           17:25:47 -05'00'

Honorable Amit P. Mehta
United States District Judge

APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.,* | |
| Plaintiffs, | Case No. l:20-cv-03010-APM |
| v. | HON. AMIT P. MEHTA |
| Google LLC, | |
| Defendant. | |
| State of Colorado, *et al.,* | Case No. 1:20-cv-03715-APM |
| Plaintiffs, | HON. AMIT P. MEHTA |
| v. | |
| Google LLC, | |
| Defendant. | |

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____ am employed by _____ as _____.

I thereby certify that:

1. I have read the Protective Order entered in the above-captioned actions and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned actions. I agree to use the information provided to me only as explicitly provided

25

in this Protective Order.

3.  I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned actions will subject me without limitation, to civil and criminal penalties for contempt of Court.

4.  I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned actions and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____

SIGNATURE

_____

DATE

APPENDIX B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America, *et al.,* | |
| Plaintiffs, | Case No. 1:20-cv-03010-APM |
| | HON. AMIT P. MEHTA |
| v. | |
| Google LLC, | |
| Defendant. | |
| | |
| State of Colorado, *et al.,* | Case No. 1:20-cv-03715-APM |
| Plaintiffs, | HON. AMIT P. MEHTA |
| v. | |
| Google LLC, | |
| Defendant. | |

## DESIGNATED IN-HOUSE LITIGATION COUNSEL AGREEMENT
## CONCERNING CONFIDENTIALITY

I, _____ am employed as _____ by _____.

Thereby I certify that:

1. I have read the Protective Order entered in the above-captioned actions, and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-

27

captioned action, agree that in my role as in-house litigation counsel for the above

Defendant company I meet the requirements of Paragraph 12(d) of this Protective Order,

and agree to use the information provided to me only as explicitly provided in this

Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in

the above-captioned actions will subject me without limitation, to civil and criminal

penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of

Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the

above-captioned actions and freely and knowingly waive any right I may otherwise have to

object to the jurisdiction of said Court.

_____

SIGNATURE

_____

DATE

APPENDIX C

**Case No. l:20-cv-03010-APM**

For Plaintiff UNITED STATES OF AMERICA:

> Kenneth M. Dintzer*
> Michael G. Mclellan
> Alex Cohen
> Elizabeth S. Jensen
> Jeremy M. P. Goldstein
> Jesús M. Alvarado-Rivera
> Ryan M. Sandrock
> Attorneys for the United States
> U.S. Department of Justice, Antitrust Division
> Technology & Financial Services Section
> 450 Fifth St, NW, Suite 7100
> Washington, D.C. 20530
> Phone: 202-227-1967
> Kenneth.Dintzer@usdoj.gov

For Plaintiff State of Arkansas:

> Johnathan R. Carter, Assistant Attorney General
> Office of the Attorney General, State of Arkansas
> 323 Center Street, Suite 200
> Little Rock, Arkansas 72201
> Johnathan.Carter@arkansasag.gov

For Plaintiff State of California:

> Xavier Becerra, Attorney General
> Kathleen E. Foote, Senior Assistant Attorney General
> Paula Blizzard, Supervising Deputy Attorney General
> Brian Wang, Deputy Attorney General
> Quyen Toland, Deputy Attorney General
> Ryan McCauley, Deputy Attorney General
> Adam Miller, Deputy Attorney General
> Office of the Attorney General
> California Department of Justice
> 455 Golden Gate Avenue, Suite 11000
> San Francisco, CA 94102
> Ryan.McCauley@doj.ca.gov
> Adam.Miller@doj.ca.gov

29

For Plaintiff State of Florida:

> Ashley Moody, Attorney General
> R. Scott Palmer, Interim Co-Director, Antitrust Division
> Nicholas D. Niemiec, Assistant Attorney General
> Lee Istrail, Assistant Attorney General
> Office of the Attorney General
> State of Florida
> The Capitol
> PL-01
> Tallahassee, Florida 32399
> Scott.Palmer@myfloridalegal.com
> Lee.Istrail@myfloridlegal.com

For Plaintiff State of Georgia:

> Christopher Carr, Attorney General
> Office of the Attorney General, State of Georgia
> 40 Capitol Square, SW
> Atlanta, Georgia 30334-1300
> dcecka@law.georgia.gov

For Plaintiff State of Indiana:

> Scott L. Barnhart, Chief Counsel and Director, Consumer Protection Division
> Matthew Michaloski, Deputy Attorney General
> Erica Sullivan, Deputy Attorney General
> Office of the Attorney General, State of Indiana
> Indiana Government Center South, Fifth Floor
> 302 West Washington Street
> Indianapolis, Indiana 46204
> Scott.Barnhart@atg.in.gov

For Plaintiff Commonwealth of Kentucky:

> Justin D. Clark, Deputy Director of Consumer Protection
> Office of the Attorney General, Commonwealth of Kentucky
> 1024 Capital Center Drive, Suite 200
> Frankfort, Kentucky 40601
> Justind.Clark@ky.gov

For Plaintiff State of Louisiana:

        Jeff Landry, Attorney General
        Office of the Attorney General, State of Louisiana
        Public Protection Division
        1885 North Third St.
        Baton Rouge, Louisiana 70802
        Deblieuxs@ag.louisiana.gov

For Plaintiff State of Missouri:

        Kimberley G. Biagioli, Assistant Attorney General
        Missouri Attorney General's Office
        615 E. 13th Street, Suite 401
        Kansas City, MO 64106
        Kimberley.Biagioli@ago.mo.gov

For Plaintiff State of Michigan:

        Dana Nessel, Attorney General
        Wisam E. Naoum, Assistant Attorney General
        Michigan Department of Attorney General
        P.O. Box 30736
        Lansing, Michigan 48909
        NaoumW1@Michigan.gov

For Plaintiff State of Mississippi:

        Hart Martin, Special Assistant Attorney General
        Crystal Utley Secoy, Assistant Attorney General
        Office of the Attorney General, State of Mississippi
        P.O. Box 220
        Jackson, Mississippi 39205
        Hart.Martin@ago.ms.gov

For Plaintiff State of Montana:

    Mark Mattioli, Chief, Office of Consumer Protection
    Office of the Attorney General, State of Montana
    P.O. Box 200151
    555 Fuller Avenue, 2nd Floor
    Helena, MT 59620-0151
    mmattioli@mt.gov

For Plaintiff State of South Carolina:

    Mary Frances Jowers, Assistant Deputy Attorney
    General
    Rebecca M. Hartner, Assistant Attorney General
    Office of the Attorney General, State of South Carolina
    P.O. Box 11549
    Columbia, South Carolina 29211-1549
    mfjowers@scag.gov
    rhartner@scag.gov

For Plaintiff State of Texas:

    Bret Fulkerson
    Kim Van Winkle
    Kensey Paine
    Office of the Attorney General, Antitrust Division
    300 West 15th Street
    Austin, Texas 78701
    Bret.Fulkerson@oag.texas.gov

For Plaintiff State of Wisconsin:

    Joshua L. Kaul, Attorney General
    Gwendolyn J. Lindsay Cooley, Assistant Attorney General
    Wisconsin Department of Justice
    17 W. Main St.
    Madison, WI 53707-7857
    Gwendolyn.cooley@wisconsin.gov
    (608) 261-5810

**Case No. 1:20-cv-03715-APM**

For Plaintiff State of Colorado:

> Jonathan B. Sallet, Special Assistant Attorney General
> Steven M. Kaufmann, Deputy Attorney General
> Diane R. Hazel, First Assistant Attorney General
> Abigail Leah Smith, Assistant Attorney General
> Office of the Attorney General of Colorado
> 1300 Broadway, 7th Floor
> Denver, CO 80203
> 720-508-6231
> diane.hazel@coag.gov
> steve.kaufmann@coag.gov
> jon.sallet@coag.gov
> abigail.smith@coag.gov

For Plaintiff State of Nebraska:

> Joseph Conrad
> Office of the Attorney General of Nebraska
> Consumer Protection Division
> 2115 State Capitol Building
> Lincoln, NE 68509
> 402-471-3840
> joseph.conrad@nebraska.gov

For Plaintiff State of Arizona:

> Brunn W. (Beau) Roysden III, Solicitor General
> Michael S. Catlett, Deputy Solicitor General
> Dana R. Vogel, Unit Chief Counsel
> Christopher M. Sloot, Assistant Attorney General
> Arizona Office of the Attorney General
> 2005 North Central Avenue
> Phoenix, Arizona 85004
> Tel: (602) 542-3725
> Dana.Vogel@azag.gov

For Plaintiff State of Iowa:

> Max Merrick Miller
> Attorney General's Office for the State of Iowa
> 1305 East Walnut Street, 2nd Floor

Des Moines, IA 50319
(515) 281-5926
Max.Miller@ag.Iowa.gov

For Plaintiff State of New York:

Elinor R. Hoffmann
John D. Castiglione
Morgan J. Feder
Office of the Attorney General of New York
28 Liberty Street, 21st Floor
New York, NY 10005
212-416-8513
elinor.hoffmann@ag.ny.gov
john.castiglione@ag.ny.gov
morgan.feder@ag.ny.gov

For Plaintiff State North Carolina:

Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
919-716-6000
Jmarx@Ncdoj.Gov
jsutton2@ncdoj.gov

For Plaintiff State of Tennessee:

J. David McDowell
Jeanette Pascale
Christopher Dunbar
Office of The Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202
615-741-3519
david.mcdowell@ag.tn.gov
jenna.pascale@ag.tn.gov
chris.dunbar@ag.tn.gov

For Plaintiff State of Utah:

> Tara Pincock
> Attorney General's Office -
> Utah
> 160 E 300 S, Ste 5th Floor
> PO Box 140874
> Salt Lake City, UT 84114
> 801-366-0305
> tpincock@agutah.gov

For Plaintiff State Alaska:

> Jeff Pickett
> Senior Assistant Attorney General
> State of Alaska, Department of Law
> Office of the Attorney General
> 1031 W. Fourth Avenue, Suite 200
> Anchorage, Alaska 99501
> Tel: (907) 269-5100
> jeff.pickett@alaska.gov

For Plaintiff State of Connecticut:

> Nicole Demers
> State of Connecticut Office of the Attorney General
> 165 Capitol Avenue, Ste 5000
> Hartford, CT 06106
> 860-808-5202
> nicole.demers@ct.gov

For Plaintiff State of Delaware:

> Michael Andrew Undorf
> Delaware Department of Justice
> Fraud and Consumer Protection Division
> 820 N. French St., 5th Floor
> Wilmington, DE 19801
> 302-577-8924
> michael.undorf@delaware.gov

For Plaintiff District of Columbia:

Catherina A. Jackson (D.C. Bar No. 1005415)
Elizabeth Gentry Arthur
David Brunfeld
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
202-724-6514
elizabeth.arthur@dc.gov
david.brunfeld@dc.gov
catherine.jackson@dc.gov

For Plaintiff Territory of Guam:

Leevin Taitano Camacho, Attorney General
Fred Nishihira, Chief, Consumer Protection Division
Benjamin Bernard Paholke, Assistant Attorney General
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Tel: (671)-475-3324
bpaholke@oagguam.org

For Plaintiff State of Hawaii:

Rodney I. Kimura
Office of the Attorney General of Hawaii
Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
808-586-1180
rodney.i.kimura@hawaii.gov

For Plaintiff State of Idaho:

Brett DeLange
John Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Fl.
PO Box 83720
Boise, ID 83720-0010
208-334-4114
brett.delange@ag.idaho.gov

john.olson@ag.idaho.gov

For Plaintiff State of Illinois:

Erin L. Shencopp
Blake Harrop
Joseph Chervin
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
312-793-3891
eshencopp@atg.state.il.us
bharrop@atg.state.il.us
jchervin@atg.state.il.us

For Plaintiff State of Kansas:

Lynette R. Bakker
Office of the Attorney General of Kansas
Consumer Protection & Antitrust
120 S.W. 10th Avenue, Ste 2nd Floor
Topeka, KS 66612-1597
785-368-8451
lynette.bakker@ag.ks.gov

For Plaintiff State of Maine:

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
Augusta, ME 04333-0006
207-626-8838
christina.moylan@maine.gov

For Plaintiff State of Maryland:

Schonette J. Walker
Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
swalker@oag.state.md.us

37

Gary Honick
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
410-576-6480
ghonick@oag.state.md.us

For Plaintiff Commonwealth of Massachusetts:

Matthew B. Frank, Assistant Attorney General Antitrust Division
William T. Matlack, Assistant Attorney General
Chief, Antitrust Division
Michael B. MacKenzie, Assistant Attorney General
Deputy Chief, Antitrust Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
Tel: (617) 727-2200
Matthew.Frank@mass.gov
William.Matlack@mass.gov
Michael.Mackenzie@mass.gov

For Plaintiff State of Minnesota:

Justin Moor, Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2130
(651) 757-1060
justin.moor@ag.state.mn.us

For Plaintiff State of Nevada:

Marie W.L. Martin
Michelle Christine Newman
Lucas J. Tucker
Nevada Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, NV 89701
775-624-1244
mwmartin@ag.nv.gov
mnewman@ag.nv.gov

ltucker@ag.nv.gov

For Plaintiff State of New Hampshire:

      Brandon Garod
      Office of Attorney General of New Hampshire
      33 Capitol Street
      Concord, NH 03301
      603-271-1217
      brandon.h.garod@doj.nh.gov

For Plaintiff State of New Jersey:

      Robert Holup
      New Jersey Attorney General's Office
      124 Halsey Street, 5th Floor
      Newark, NJ 07102
      239-822-6123
      robert.holup@law.njoag.gov

For Plaintiff State of New Mexico:

      Mark F. Swanson
      Cholla Khoury
      New Mexico Office of the Attorney General
      408 Galisteo St.
      Santa Fe, NM 87504
      Tel: 505.490.4885
      mswanson@nmag.gov
      ckhoury@nmag.gov

For Plaintiff State North Dakota:

      Parrell D. Grossman
      Director
      Elin S. Alm
      Assistant Attorney General
      Consumer Protection & Antitrust Division
      Office of the Attorney General
      1050 E. Interstate Ave., Suite 200
      Bismarck, ND 58503
      701-328-5570

pgrossman@nd.gov
ealm@nd.gov


For Plaintiff State of Ohio:

Beth Ann Finnerty
Mark Kittel
Jennifer Pratt
Office of The Attorney General of Ohio
Antitrust Section
30 E Broad Street, 26th Floor
Columbus, OH 43215
614-466-4328
beth.finnerty@ohioattorneygeneral.gov
mark.kittel@ohioattorneygeneral.gov
jennifer.pratt@ohioattorneygeneral.gov


For Plaintiff State of Oklahoma:

Caleb J. Smith Assistant Attorney General Consumer Protection Unit
Office of the Oklahoma Attorney General
313 NE 21st St
Oklahoma City, OK 73105
Tel: (405) 522-1014
Caleb.Smith@oag.ok.gov


For Plaintiff State of Oregon:

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
503-934-4400
cheryl.hiemstra@doj.state.or.us


For Plaintiff Commonwealth of Pennsylvania:

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General Strawberry Square
Harrisburg, PA 17120
Tel: (717) 787-4530

40

jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

For Plaintiff Commonwealth of Puerto Rico:

Johan M. Rosa Rodríguez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: (787) 721-2900, ext. 1201
jorosa@justicia.pr.gov

For Plaintiff State of Rhode Island:

David Marzilli
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400
dmarzilli@riag.ri.gov

For Plaintiff State of South Dakota:

Yvette K. Lafrentz
Office of The Attorney General of South Dakota
1302 E. Hwy 14, Suite1
Pierre, SD 57501
605-773-3215
yvette.lafrentz@state.sd.us

For Plaintiff State of Vermont:

Ryan G. Kriger
Office of The Attorney General of Vermont
109 State St.
Montpelier, VT 05609
802-828-3170
ryan.kriger@vermont.gov

For Plaintiff Commonwealth of Virginia:

Sarah Oxenham Allen
Tyler Timothy Henry
Office of the Attorney General of Virginia
Antitrust Unit/Consumer Protection Section
202 N. 9th Street
Richmond, VA 23219
804-786-6557
soallen@oag.state.va.us
thenry@oag.state.va.us


For Plaintiff State of Washington:

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-5419
amy.hanson@atg.wa.gov


For Plaintiff State of West Virginia:

Douglas Lee Davis
Tanya L. Godfrey
Office of Attorney General, State of West Virginia
P.O. Box 1789
812 Quarrier Street, 1st Floor
Charleston, WV 25326
304-558-8986
doug.davis@wvago.gov
tanya.l.godfrey@wvago.gov


For Plaintiff State of Wyoming:

Benjamin Mark Burningham
Amy Pauli
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building
Cheyenne, WY 82002
(307) 777-6397
ben.burningham@wyo.gov
amy.pauli@wyo.gov