# EXHIBIT G

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC.<br>and<br>JETBLUE AIRWAYS CORPORATION,<br><br>*Defendants*. | Civil Action No.: 1:21-cv-11558-LTS |

## STIPULATED PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential or highly confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

### A.  Definitions

1. As used herein:

(a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b) "Competitive Decision-Making" means making, reviewing, participating in, or being consulted on decisions regarding a firm's business operations, including development or implementation of competitive strategies, business plans, and third-party negotiations, but

does not include the rendering of legal advice as to litigation, regulatory compliance, and intellectual property licensing issues related to such decisions.

(c) "Confidential Information" means any Investigation Materials or Litigation Materials, which is not in the public domain and which contains any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(d) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(e) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a) and shall be interpreted consistent with any Local Rule.

(f) "Highly Confidential Information" means any Confidential Information the disclosure of which the Protected Person reasonably believes would cause substantial injury to current commercial or financial interests of the Producing Entity, including current trade secrets; forward-looking financial, marketing, or strategic business planning information, including forward-looking network plans and budgets, which, if disclosed, could cause current competitive harm or reasonably threaten any party's current commercial interests; current or future margin, cost or pricing information; and current non-public contract terms and sales, marketing, and negotiation strategies.

(g) "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the U.S. Department of Justice or the Plaintiff States.

(h) "Investigation Materials"[1] means documents, information, transcripts of testimony or other materials prior to September 21, 2021 that (1) any non-Party (excluding any non-Plaintiff Investigating State) provided to Defendants, to the U.S. Department of Justice or to any Plaintiff States (including materials provided indirectly through a non-Plaintiff Investigating State), either voluntarily or under compulsory process during the Investigation, (2) Defendants, the U.S. Department of Justice or the Plaintiff States provided to any non-Party (excluding any non-Plaintiff Investigating State) during the Investigation, or (3) that Defendants have provided to the U.S. Department of Justice or to the Plaintiff States during the Investigation.

(i) "DOJ Investigation Materials" means Investigation Materials provided by any non-Party Protected Person or Defendant to the U.S. Department of Justice, or by the U.S. Department of Justice to any non-Party Protected Person.

(j) "State Investigation Materials" means Investigation Materials provided by any non-Party Protected Person or Defendant to any Plaintiff State, or by any Plaintiff State to any non-Party Protected Person.

(k) "Litigation Materials" means non-privileged documents, testimony, or other materials that (i) any non-Party Protected Person provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any non-Party Protected Person in connection with and during the pendency of this Action; (iii) any Defendant provides to

---

[1] The definition of "Investigation Materials" is without prejudice to any positions the Parties may take regarding responsiveness and privilege in connection with the Parties' requests for document production and any responses and objections thereto.

3

Plaintiffs in connection with and during the pendency of this Action; and/or (iv) Plaintiffs provide to any Defendant in connection with and during the pendency of this Action.

      (l)  "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this proceeding.

      (m)  "Party" means any Plaintiff or any Defendant in this Action.  "Parties" means collectively Plaintiffs and Defendants in this Action.

      (n)  "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

      (o)  "Plaintiffs" means Plaintiff United States of America and the Plaintiff States, and all of their employees, agents, and representatives.

      (p)  "Plaintiff States" means the States of Arizona, California, Florida, Massachusetts, Pennsylvania, Virginia, and the District of Columbia, and any other state that is formally made a Party to this Action as a co-Plaintiff pursuant to the Federal Rules of Civil Procedure.

      (q)  "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides Litigation Materials.

**B.**      <u>Designation of Confidential and Highly Confidential Information</u>

      2.  Within seven business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3. DESIGNATION OF INVESTIGATION MATERIALS. Any Investigation Materials submitted by a non-Party Protected Person, including but not limited to materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), and any information taken from any portion of such document, shall be treated as "Highly Confidential Information." Such Investigation Materials shall be treated as Highly Confidential Information regardless of whether or not they have been marked as such.

4. Each Defendant represents that any materials that the Defendant previously provided to the Plaintiffs during the Investigation that the Defendant designated as Confidential, including but not limited to testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1313(c )(3), constitutes Highly Confidential Information, as defined in subparagraph 1(e) of this Order, and each Defendant hereby designates it as such.

5. DESIGNATION OF LITIGATION MATERIALS. The following procedures govern the process for Protected Persons to designate as Confidential or Highly Confidential any information that they disclose in this Action after this Order is entered[2], including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a) Testimony. All transcripts of depositions taken in this Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 21 days after the date when a complete and final copy of the transcript has been made available to the

---

[2] Any Litigation Materials produced in the Action by any Party or any non-party Protected Person prior to the entry of this Order and designated as Confidential Pursuant to the Court's Default Protective Order shall be treated as Highly Confidential Information, provided that the Party challenging any such Litigation Material has good cause to believe each document being challenged is reasonably necessary to the litigation.

5

deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent. Within 21 days following receipt of the final transcript (or within 7 days following the receipt of the final transcript for any deposition taken during supplemental discovery under the Scheduling and Case Management Order, ECF No. 76), the deponent may designate as Confidential or Highly Confidential any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer. To be effective, such designations must be provided in writing to Plaintiffs' and Defendants' counsel listed below in this paragraph. Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall not be treated as Confidential, notwithstanding any prior designation of confidentiality.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Confidential or Highly Confidential, the Party that asked such questions shall designate as Confidential or Highly Confidential, as appropriate, the portion of the transcript relating to such Confidential or Highly Confidential document or information.

Counsel for Plaintiffs and Defendants to be notified are as follows:

For Plaintiff United States of America:

Kate M. Riggs
Maisie A. Baldwin
James H. Congdon
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
(202) 390-9877

6

Kate.riggs@usdoj.gov
Maisie.baldwin@usdoj.gov
James.congdon@usdoj.gov

For Plaintiff State of Arizona:

Robert Bernheim
Arizona Attorney General's Office
400 West Congress, Ste. 215
Tucson, AZ 85701
(520) 628-6507
Robert.Bernheim@azag.gov

For Plaintiff State of California:

Robert B. McNary
California Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
(213) 269-6283
Robert.mcnary@doj.ca.gov

For Plaintiff District of Columbia:

Arthur T. Durst
Office of the Attorney General of the District of Columbia
400 Sixth Street N.W., Tenth Floor
Washington, DC 20001
(202) 442-9853
Arthur.durst@dc.gov

For Plaintiff State of Florida:

Lizabeth A. Brady
Office of the Attorney General, State of Florida
PL-01, The Capitol
Tallahassee, FL 32399
(850) 414-3300
Liz.Brady@myfloridalegal.com

For Plaintiff Commonwealth of Massachusetts:

William T. Matlack
Office of the Attorney General
One Ashburton Place, 18th Floor

7

Boston, MA  02108
(617) 727-2200
William.Matlack@mass.gov

For Plaintiff Commonwealth of Pennsylvania:

Tracy W. Wertz
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor Strawberry Square
Harrisburg, PA  17120
(717) 787-4530
twertz@attorneygeneral.gov

For Plaintiff Commonwealth of Virginia:

Tyler Henry
Office of the Virginia Attorney General
Antitrust Unit
202 North Ninth Street
Richmond, VA  23219
(804) 692-0485
THenry@oag.state.va.us

For Defendant American Airlines Group, Inc.:

Farrell Malone
Allyson Maltas
Latham & Watkins LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200

For Defendant JetBlue Airways Corporation:

Richard Schwed
Matthew Craner
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022
Telephone: (212) 848-5445
Richard.Schwed@shearman.com
Matthew.Craner@shearman.com

8

(b)  Documents.  A Protected Person may designate documents as Confidential Information or Highly Confidential Information if that Protected Person reasonably believes the information in the document meets the definitions in paragraphs 1(c) or 1(f), respectively.  A Protected Person who designates as Confidential or Highly Confidential Information any document that it produced in this Action must stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, in a manner that will not interfere with legibility or audibility.

(c)  Electronic Documents and Data.  Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential or Highly Confidential Information, as appropriate, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  Where Confidential or Highly Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential or Highly Confidential Information, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation may be placed on the disk or other medium, as appropriate.  When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 10 or 11(g), the Party printing the electronic files or documents shall affix a

legend to the printed document saying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and include the production number and designation associated with the native file.

(d)  Whenever discovery is sought from a non-Party in this Action, a copy of this Order shall accompany the discovery request or subpoena.  Non-Party Protected Persons may designate materials as Confidential or Highly Confidential pursuant to the procedures in this paragraph.

6.  If a non-Party Protected Person determines that this Order does not adequately protect its Litigation Materials, it may, within 21 days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential or Highly Confidential Information by filing a motion seeking additional protection for such information.  If a non-Party Protected Person seeks additional protection from the Court, the materials at issue will continue to be treated as Confidential or Highly Confidential Information until the non-Party Protected Person and Parties have agreed or the Court has ruled on the non-Party Protected Person's motion, whichever is earlier.

7.  Any production of documents or testimony not designated as Confidential or Highly Confidential will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly Confidential.  If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential or Highly Confidential any Litigation Materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing.  The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the

10

terms of this Order.  No prior disclosure of newly designated Confidential or Highly Confidential Information, which was proper when made, shall violate this Order.

       8.  In the event of a disclosure of any Confidential or Highly Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure.  The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.  Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential or Highly Confidential Information.

**C.**      <u>**Challenges to Confidentiality Designations**</u>

       9.  Any Party who objects to any designation of confidentiality of Litigation Materials may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation and all Parties stating with particularity the grounds for the objection.  All materials objected to shall continue to be treated pursuant to the chosen confidentiality designation pending resolution of the dispute by the Court or otherwise.  If the objecting Party and the Protected Person cannot reach agreement on the objection within five business days of the Party's written notice, the Protected Person may address the dispute to this Court in accordance with the District of Massachusetts Local Rule 37.1.  The Protected Person bears the burden of persuading the Court that the material is Confidential or Highly Confidential Information within the definition set forth in paragraphs 1(c) and 1(f).  If the Protected Person

11

fails to move the Court in accordance with this paragraph, or if the Court finds the designation of Confidential or Highly Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential or Highly Confidential Information, as appropriate, under this Order. If a Highly Confidential designation is rescinded, the Protected Person may designate the Litigation Materials as Confidential, provided it meets the definition set forth in paragraph 1(c). This Order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**D.    Disclosure of Confidential and Highly Confidential Information**

10.  Unless ordered by the Court or permitted in writing by the Protected Person, Confidential Information may be disclosed only to the following persons:

(a)  the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)  counsel for the Plaintiffs and their attorneys, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiffs to assist in this Action whose functions require access to the information;

(c)  outside Counsel of Record for Defendants, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information;

(d)  during the course of their depositions, to anyone who is either (1) a current employee of the Protected Person, the Protected Person designated the information as Highly Confidential, and the current employee has been provided with a copy of this Order and informed of the obligation not to disclose any information from any Confidential Information to persons other than those specifically authorized by the Order without express written consent of the Protected Person or order of the Court; or (2) a former employee of the Protected Person and the Protected Person designated the information as Highly Confidential, provided that they were employed by the Protected Person when the Highly Confidential Information was created and has been provided with a copy of this Order and informed of the obligation not to disclose any information from any Highly Confidential Information to persons other than those specifically authorized by the Order without express written consent of the Protected Person or order of the Court;

(e)  outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(f)  any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(g)  persons who are authors, addressees, and recipients of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; or persons for whom counsel for Plaintiffs or Defendants believes in good faith previously

received or had access to the document, unless the person indicates that he or she did not have access to the document;

(h) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(i) outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

(j) one in-house attorney for each Defendant (the "Designated Attorney(s)"), whose name shall be disclosed to Plaintiffs at least five business days prior to the effective date of such designation and who shall be agreed upon by the Parties prior to the entry of this Protective Order, or (in the absence of agreement) ordered by the Court. Defendants represent that the designated in-house counsel does not have a non-legal business role and is not engaged in Competitive Decision-Making. Before receiving access to Confidential Information, the above-named counsel must (i) file an affidavit or declaration, in the form of Appendix B attached hereto, certifying that in-house counsel does not have a non-legal business role and does not participate in Competitive Decision-Making for counsel's employer, and agreeing that counsel will not participate in negotiations of commercial agreements between the in-house counsel's employer and any non-Party Protected Person whose Confidential Information is disclosed to its Designated Attorney during the pendency of this Action (including appeals) and

for six months thereafter unless the non-Party Protected Person provides written consent to such participation after having been informed of the in-house counsel's access to the non-Party Protected Person's Confidential Information, and (ii) have signed the Agreement Concerning Confidentiality in Appendix A of this Order.  In the event that a Designated Attorney acquires a non-legal business role, the Designated Attorney shall no longer have access to any Confidential Information.  To the extent a Defendant seeks to change a Designated Attorney, the Defendant must provide notice to Plaintiffs at least 10 business days, and the newly designated in-house counsel must file an affidavit or declaration and sign the agreement in Appendix A, consistent with subparts (i) and (ii) in this paragraph above.

11.  Unless ordered by the Court or permitted in writing by the Protected Person, Highly Confidential Information may be disclosed only to the persons set forth in Paragraph 10(a)–(i) above.

12.  Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality (in the form of Appendix A attached hereto) for a period of at least one year following the final resolution of this Action.

13.  Each individual described in paragraphs 10 and 11 of this Order to whom information designated as Confidential or Highly Confidential Information is disclosed must not disclose that Confidential or Highly Confidential Information to any other individual, except as provided in this Order.

14.  Nothing in this Order prevents Plaintiffs, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing Confidential or Highly

15

Confidential Information designated as confidential for the purpose of securing compliance with a Final Judgment in this Action.

15.  Nothing in this Order prevents Plaintiff United States of America or Plaintiff States, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing Litigation Materials designated as Confidential or Highly Confidential (i) in the course of any other legal proceeding in which it is a party, or (ii) for law enforcement purposes, to the extent permitted by law.  Except when used for law enforcement purposes or where prohibited by law, court order or regulation, Plaintiff United States of America or Plaintiff States shall inform the producing party or non-Party Protected Person who designated the material as Confidential or Highly Confidential at least ten (10) business days before disclosure is made if the United States or Plaintiff State intends to make disclosure pursuant to this Paragraph.

16.  Nothing in this Order:

(a)  limits a Protected Person's use or disclosure of its own information designated as Confidential or Highly Confidential Information;

(b)  prevents disclosure of Confidential or Highly Confidential Information with the written consent of the Protected Person that designated the material as Confidential or Highly Confidential;

(c)  prevents disclosure by a Party of Confidential or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party

16

without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court; or

(d)  prevents Plaintiff United States' retention or use or disclosure of DOJ Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order or regulation; or prevents Plaintiff States' retention or use of State Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery, or for law enforcement purposes, or as required by law, court order or regulation.

**E.    Use of Information Designated Confidential or Highly Confidential in This Action**

17.  If any documents, testimony, or other materials designated under this Order as Confidential or Highly Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must obtain a Court order to file such Confidential or Highly Confidential Information under seal, in accordance with the District of Massachusetts Local Rule 7.2.  A request for the Court to allow filing under seal shall include the proposed redactions.  If this Court grants leave to file the document under seal, the filing Party shall file with the Clerk of this Court a redacted version of the filing.  Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential or Highly Confidential Information under seal.

18.  If a Party includes trial exhibits on its exhibits list that contain or discuss information that it has designated as Confidential or Highly Confidential Information, at the time exhibit lists are exchanged or at such other time set forth in a case management order, the

Party shall also provide redacted versions of such exhibits.  When the Parties exchange objections to exhibits, the Parties must also (i) provide redacted versions of any exhibits identified by the opposing Party that contain information the Party previously designated as Confidential or Highly Confidential Information; and (ii) exchange objections to redactions that were initially exchanged with the exhibit lists.  Consistent with dates set forth in the Scheduling and Case Management Order, ECF No. 76, after exchanging redacted versions of the opposing Party's exhibit list, the Parties must exchange objections to these redactions.  If a Party fails to provide redacted versions of an exhibit by the conclusion of this process, the exhibit shall be entered on the public record in its entirety.

19.  Disclosure at trial of documents and testimony and other materials designated as Confidential or Highly Confidential Information will be governed pursuant to Court order.  The Parties shall meet and confer and submit a recommended order outlining those procedures as set out in the Scheduling and Case Management Order for this Action and any amendment thereto.  Absent a ruling by the Court to the contrary, documents or deposition testimony, or other materials or information designated as Confidential or Highly Confidential Information by a Protected Person that appear on an exhibit list or in deposition designations, and that are admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record, after compliance with procedures established by this Court.

20.  Subject to paragraphs 14, 15, and 16, all Confidential Information produced by a Party or a non-Party Protected Person as part of this proceeding shall be used solely for the

conduct of this Action and shall not be used for any business, commercial, competitive, personal, or other purpose.

**F.      Inadvertent Production of Privileged Information**

21.  If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity is produced inadvertently, the Parties shall comply with Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B). For the following sentence within Federal Rule of Civil Procedure 26(b)(5)(B), the Parties agree to define the term "promptly" to mean ten (10) business days: "After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has . . . ."

**G.      Procedures upon Termination of This Action**

22.  The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.  Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Confidential or Highly Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it, or destroy or delete all such Confidential or Highly Confidential Information and certify that fact in writing to the Party or Protected Person. Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing

19

information designated as Confidential or Highly Confidential Information to any person except pursuant to Court order or agreement with the Protected Person that produced the Confidential or Highly Confidential Information or as otherwise permitted herein. All Confidential or Highly Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this paragraph, however, restricts the rights of the Parties under paragraphs 14, 15, or 16 of this Order.

**H.**     **Right to Seek Modification**

23.  Nothing in this Order limits any Person, including members of the public, a Party or a Protected Person, from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

**I.**     **The Privacy Act**

24.  Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

**J.**     **Persons Bound by This Order**

25.  This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

20

**SO ORDERED:**

Dated this __20__ day of __April__, 2022

                                       /s/ Leo T. Sorokin

                                       LEO T. SOROKIN
                                       UNITED STATES DISTRICT JUDGE

APPENDIX A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, *et al.*,

         *Plaintiffs*,

v.

AMERICAN AIRLINES GROUP, INC.
and
JETBLUE AIRWAYS CORPORATION,

         *Defendants*.

Civil Action No.: 1:21-cv-11558-LTS

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed by _____ as _____.
I hereby certify that:

1.  I have read the Protective Order entered in the above-captioned action, and understand its terms.

2.  I agree to be bound by the terms of the Protective Order entered in the above-captioned action.  I agree to use the information provided to me only as explicitly provided in this Protective Order.

3.  I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.  I submit to the jurisdiction of the United States District Court for the District of Massachusetts solely for the purpose of enforcing the terms of the Protective Order entered in the

above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____
SIGNATURE

_____
DATE

APPENDIX B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN AIRLINES GROUP, INC.<br>and<br>JETBLUE AIRWAYS CORPORATION,<br><br>*Defendants*. | Civil Action No.: 1:21-cv-11558-LTS |

## DECLARATION OF IN-HOUSE COUNSEL SERVING AS DESIGNATED ATTORNEY

I, Laura Rodgers, am employed by JetBlue Airways Corporation ("JetBlue") as Director, Regulatory and Litigation Counsel.

I hereby certify that:

1.   I am an in-house counsel for Defendant JetBlue who qualifies for access to Confidential Information under paragraph 10(j) of the Protective Order. I represent to the Court that I do not have a non-legal business role and do not participate in Competitive Decision-Making as defined in paragraph 1(b) of the Protective Order, for my employer, JetBlue.

2.   I agree not to participate in negotiations of commercial agreements between my employer, JetBlue, and any non-Party Protected Person whose Confidential Information is disclosed to me during the pendency of this Action (including appeals) and for six months thereafter, unless the non-Party Protected Person provides written consent to such participation

after having been informed of my access to the non-Party Protected Person's Confidential Information.

3.  I make this declaration this ___14th___ day of April, 2022.

_____
SIGNATURE

_____4/14/22_____
DATE

APPENDIX B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, *et al.*,

                *Plaintiffs*,

v.

AMERICAN AIRLINES GROUP, INC.
and
JETBLUE AIRWAYS CORPORATION,

                *Defendants*.

Civil Action No.: 1:21-cv-11558-LTS

## DECLARATION OF IN-HOUSE COUNSEL SERVING AS DESIGNATED ATTORNEY

    I, James Kaleigh, am employed by American Airlines Group, Inc. ("American Airlines")

as Senior Attorney, Director – Competition Law.

I hereby certify that:

    1.  I am an in-house counsel for Defendant American Airlines who qualifies for access to

Confidential Information under paragraph 10(j) of the Protective Order.  I represent to the Court

that I do not have a non-legal business role and do not participate in Competitive Decision-

Making as defined in paragraph 1(b) of the Protective Order, for my employer, American

Airlines.

    2.  I agree not to participate in negotiations of commercial agreements between my

employer, American Airlines, and any non-Party Protected Person whose Confidential

Information is disclosed to me during the pendency of this Action (including appeals) and for six

months thereafter, unless the non-Party Protected Person provides written consent to such

participation after having been informed of my access to the non-Party Protected Person's Confidential Information.

I make this declaration this 13th day of April, 2022.

James Kaleigh