# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**LIVE NATION ENTERTAINMENT, INC.** and **TICKETMASTER L.L.C.**<br><br>*Defendants.* | Case No. 1:24-cv-03973 (AS)(SLC)<br>[1:24-cv-03994 and 1:24-cv-04106] |

**PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing investigation or discovery materials in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) or who previously received from any other person any "Investigation Material" (i.e., information provided to any party related to the Plaintiffs' pre-Complaint investigation of the Defendants' alleged conduct) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material or Investigation Material to anyone else except as expressly permitted

1

hereunder and shall not use such Confidential Discovery Material or Investigation Material for any purpose other than in connection with this action, except, for Plaintiffs, as provided in Paragraph 17 of this Protective Order.

2. The person producing any given Discovery Material or Investigation Material may designate as Confidential only such portion of such material as consists of:

   a. previously non-publicly disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously non-publicly disclosed material relating to ownership or control of any non-public company;

   c. previously non-publicly disclosed business plans, product development information, or marketing plans;

   d. any information of a personal or intimate nature regarding any individual; or

   e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material or Investigation Material other than deposition transcripts (e.g., documents (including deposition exhibits) and data), the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing within seven (7) days of the deposition for all deposition exhibits or within three (3) business days of a receiving person's request (which shall

2

be limited to those documents it intends in good faith to use in any motion, hearing or trial) for any other Discovery Material or Investigation Material, another copy of said deposition exhibit or other Discovery Material or Investigation Material with the Confidential information redacted.

4. With respect to deposition transcripts, a producing person or that person's counsel may indicate on the record that the deposition included testimony on Confidential information, in which case the transcript of the deposition will be designated as Confidential for a period of thirty (30) days following the release of the official transcript. The producing person or that person's counsel will, within thirty (30) days of the release of the official transcript (unless otherwise agreed to by the Parties), provide the receiving person a copy of such transcript with the specific testimony containing Confidential information, highlighted, stamped, or otherwise clearly marked as "Confidential" on a line-by-line basis, in a manner that does not interfere with legibility or audibility.

5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material or Investigation Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material or Investigation Material will thereafter be treated as Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material or Investigation Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. counsel for Plaintiffs, including any attorneys, paralegals, other

  professional personnel (including support and IT staff), and agents or independent contractors retained by Plaintiffs to assist in this action whose functions require access to the information;

b. counsel for Defendants retained specifically for this action, including any attorneys, paralegals, clerical and other assistants employed by such counsel and assigned to this matter;

c. Daniel Wall and Kimberly Tobias, both Designated In-House counsel at Live Nation Entertainment, Inc. with responsibilities for the litigation of this action, and provided they will not have non-legal commercial roles during the pendency of this litigation, and shall not for a period of two years following the last occasion on which Confidential information is disclosed to them (a) participate in or advise on Competitive Decision-Making (i.e., decision-making relating to a competitor, potential competitor, customer, or distribution partner including decisions regarding contracts, marketing, pricing, product or service development or design, product or service offerings, research and development, mergers and acquisitions, or licensing, acquisition, or enforcement of intellectual property rights), other than for the purpose of rendering of legal advice as to litigation, litigation risk, regulatory compliance and risk, and intellectual property licensing issues related to such decisions, for the Defendants; (b) participate in or advise on Competitive Decision-Making, other than for the purpose of rendering of legal advice as to litigation, litigation risk, regulatory compliance and risk, and intellectual property licensing issues related to such decisions, involving Confidential information they accessed

during the course of this action at any employer. For the avoidance of doubt, Mr. Wall's involvement in investor relations and regulatory affairs as Executive Vice President for Corporate and Regulatory Affairs shall not render his role a non-legal commercial role. Notwithstanding the aforementioned, Designated In-House counsel may not participate in commercial agreements between their employer and any non-party whose Confidential information is disclosed to Defendants during the pendency of this Action (including appeals) and for one year thereafter unless the nonparty provides written consent to such participation after having been informed of the Designated In-House counsel's access to the non-party's Confidential information. To qualify for access under this subpart, Mr. Wall and Ms. Tobias shall first execute a Designated In-House Counsel Agreement Concerning Confidentiality in the form annexed as an Exhibit hereto as Appendix B (which executed versions shall be maintained by outside counsel for Defendants and available for inspection upon the request of the Court or any party or third party). Defendants shall promptly report any confirmed or suspected unauthorized use or disclosure of Confidential information to the Court and Plaintiffs;

d. outside vendors or service providers (such as copy-service providers, and document-management consultants) retained by a party to assist that party in this action, provided that they shall first execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto as Appendix A;

e. as to any document, its author, its custodian, its addressee and any other person indicated on the face of the document as having received a copy, or

5

      any other individual from the producing person who the receiving party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the information;

  f.  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, including employees of the firm with which the expert or person is associated or independent contractors who assist the person's work in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto as Appendix A;

  g.  any outside trial consultant (including, but not limited to, graphics consultants) provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto as Appendix A;

  h.  stenographers engaged to transcribe, and videographers engaged to record, depositions conducted in this action;

  i.  any special master, mediator, arbitrator, trustee, or monitor that the parties engage in this action or that the Court appoints; and

  j.  the Court and its support personnel.

7. All Confidential Discovery Material or Investigation Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material or Investigation Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or

any other papers with the Court under seal shall also within seven (7) days publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material or Investigation Material itself, and not text that in no material way reveals the Confidential Discovery Material or Investigation Material.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material or Investigation Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material or Investigation Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, deliberative process privilege, attorney-

7

work-product protection, or other applicable legal or evidentiary privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information, and a redacted version of the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

16. This Order, and any subsequent order of this Court governing the Plaintiffs' production of any documents, data, communications, transcripts of testimony, or

other materials in this action, constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11) and analogous state laws.

17. Nothing in this Order prevents any Plaintiff's retention, use, or disclosure of Confidential information outside the context of this action (i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgement in this action. Outside counsel for the parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, hearing transcripts and exhibits, trial transcripts and exhibits, correspondence (including internal correspondence and email) and work product, provided that the parties and their counsel do not disclose the portions of these materials containing Confidential information to any person, except pursuant to court order or agreement with the person that produced the Confidential information or as otherwise permitted herein.

18. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material and Investigation Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except as provided in paragraph 18.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. Notice of this Order will be provided to third parties in the following manner:

    a. Within four (4) business days of the Court's entry of this Order, each party

      must send by email, overnight mail, or hand delivery a copy of this Order to each third party (or, if represented by counsel, the third party's counsel) that provided Investigation Material to that party; and

    b. Any party that seeks Discovery Material from any third party must include a copy of this Order when serving the discovery request or subpoena on the third party. If any party sent a discovery request or subpoena to any third party prior to entry of this Order, that party must send a copy of this Order to the third party within two (2) business days of entry of this Order.

    c. If a non-party determines that this Order does not adequately protect its Investigation Material or Discovery Material, it may, within seven (7) days after receipt of a copy of this Order, seek additional protection from the Court. If a non-party timely seeks additional protection from the Court, the party's obligation to produce that non-party's documents containing Confidential Investigation Material or Discovery Material, that is the subject of the motion, is suspended until a decision is rendered by the Court. If the Court orders the production of the non-Party's documents, the Party will have seven (7) days to make the production unless a longer period is ordered by the Court.

21. All Investigation Material produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1311-14 will be treated as Confidential regardless of whether or not a non-party requested confidential treatment at the time of production. Any other Investigation Material produced by a non-party that was not previously designated as Confidential will be treated as Confidential for a period of fifteen (15) days from the date of this Order. Within that time, any non-party person who produced Investigation

10

Material to any party and did not designate those materials as Confidential may so designate any such materials as Confidential pursuant to the terms of this Order. Except as provided in paragraph 6, any non-party Investigation Material not timely designated under this paragraph will not be treated as Confidential following the expiration of the fifteen (15) day period. Nothing in this Order shall be construed to prevent a party from asserting a valid privilege or protection with respect to disclosure of such Investigation Material.

22. To the extent a producing person or non-party designates or has previously designated Investigation Material as Confidential, Highly Confidential or other equivalent designation, those materials shall be designated as Confidential under this Order, subject to any later challenge by a party. To the extent Investigation Material is reproduced in this action, it shall be treated as Confidential Discovery Material under the terms of this Order.

**SO STIPULATED AND AGREED.**

_____     _____

Dated:                               Dated:

**SO ORDERED.**

_____

ARUN SUBRAMANIAN, U.S.D.J.

11

Dated:New York, New York
_____

12

APPENDIX A

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *et al.*, <br><br>    *Plaintiffs*, <br><br>  v. <br><br> **LIVE NATION ENTERTAINMENT, INC.** and **TICKETMASTER L.L.C.** <br><br>    *Defendants.* | Case No. 1:24-cv-03973 (AS)(SLC) <br> [1:24-cv-03994 and 1:24-cv-04106] |

## **NON-DISCLOSURE AGREEMENT**

I,\_\_\_\_\_, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material and Investigation Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material and Investigation Material to anyone other than for purposes of this litigation and that at the conclusion of this litigation I will return all such information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____

APPENDIX B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**LIVE NATION ENTERTAINMENT, INC.** and **TICKETMASTER L.L.C.**<br><br>*Defendants.* | Case No. 1:24-cv-03973 (AS)(SLC)<br>[1:24-cv-03994 and 1:24-cv-04106] |

**DESIGNATED IN-HOUSE LITIGATION COUNSEL AGREEMENT**
**CONCERNING CONFIDENTIALITY**

I, _____ am employed as _____ by _____. I certify that:

    1.  I have read the Protective Order entered in the above-captioned action and understand its terms.

    2.  I agree to be bound by the terms of the Protective Order entered in the above-captioned action, agree that in my role as in-house counsel for the above Defendant company I meet the requirements of Paragraph 7(c) of this Protective Order, and agree to use the information provided to me only as explicitly provided in this Protective Order.

    3.  I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me without limitation to civil penalties for contempt of Court.

    4.  I submit to the jurisdiction of the United States District Court for the Southern District

of New York solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____

SIGNATURE

_____

DATE