UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA et al., <br><br> Plaintiffs, <br><br> -against- <br><br> LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER LLC, <br><br> Defendants. | 24-CV-3973 (AS) <br><br> ORDER |

ARUN SUBRAMANIAN, United States District Judge:

The parties each request that the Court enter their respective protective order. The difference between the proposed orders concerns defendants' request that two specific in-house counsel—Daniel Wall and Kimberly Tobias—be permitted to review confidential information while continuing with their day jobs, which allegedly involve competitive decision-making. To be clear, plaintiffs agree that defendants can designate two in-house counsel to review confidential documents, subject to various limitations on those two individuals' roles. The dispute is whether Mr. Wall and Ms. Tobias specifically can be those designees, given the business roles they have for defendants. (Defendants propose some limits on Mr. Wall's and Ms. Tobias's roles if they are allowed to view confidential information, but plaintiffs say that defendants "caveat their proposal with a broad loophole that renders that restriction meaningless." Dkt. 182 at 3.)

On plaintiffs' telling, allowing Mr. Wall and Ms. Tobias to see the sensitive information of all the market participants who responded to plaintiffs' pre-complaint investigations would lead to potential abuses. Even if Mr. Wall and Ms. Tobias fully intend to abide by their obligations under the protective order, and pledge not to use any information they receive other than for this case, they can't unsee what they have seen. Plaintiffs are concerned that Mr. Wall and Ms. Tobias would necessarily incorporate any relevant information into their corporate decision-making. And plaintiffs cite numerous cases imposing strict limits on in-house counsel's ability to view confidential information in a lawsuit like this one, precisely for that reason. Defendants agree that "it is customary and appropriate to ensure that non-party, competitively sensitive information is not exposed to individuals who, by virtue of their role, could use it to influence their competitive decision-making, or in commercial negotiations with the non-parties who produced it." Dkt. 183 at 1. But on defendants' telling, they have proposed limitations on Mr. Wall's and Ms. Tobias's roles that provide "full protection to non-party confidential information," *id*., and they say that these lawyers—especially Mr. Wall—are vital participants in defendants' litigation efforts. If they can't see all this information, then defendants won't be able to mount an effective defense.

Both sides' positions raise questions. As defendants suggest, an unfortunate common practice in litigation is to slap a "confidential" label on virtually every single piece of information that is

produced, whether or not it warrants protection. For most of the discovery record in this case, there will likely be no good argument that Mr. Wall or Ms. Tobias should be precluded from viewing the information, subject to the limits defendants have proposed. But as plaintiffs observe, there will be highly sensitive information produced in this case, and the limitations proposed by defendants are hard to police. Moreover, they say that defendants' claim of prejudice if their proposal is not adopted is doubtful, given the number of skilled lawyers they have on the case, and the provision in plaintiffs' own proposal that two in-house counsel can access confidential information, subject to limits on those individuals' non-litigation roles.

Here's what the Court will do to break the logjam:

1. The Court will adopt a two-tier protective order that provides Mr. Wall and Ms. Tobias access to confidential information (as currently proposed in Dkt. 183-1 ¶ 6), but limits access to highly confidential information to two designated in-house counsel with plaintiffs' proposed limitations (as currently proposed in Dkt. 182-1 ¶ 6). The parties should meet and confer to work out an order along these lines. If they can't come to an agreement by 12:00 pm on Thursday, July 25, 2024, they must, by 5:00 pm on Thursday, file a single PDF reflecting the parties' disputes in redline (and email a Word version of the redline to chambers). The Court will resolve the disputes and enter an order by Friday, July 26, 2024. Of course, if either side would rather just go with the other side's one-tier proposal (*i.e.*, Dkt. 182-1 or Dkt. 183-1), they can just tell the Court and that order will be entered.

2. Anyone producing documents should be mindful of the limited nature of the highly confidential designation. Any abuse of this designation will not be tolerated. If it turns out that vast swaths of the record are improperly designated highly confidential, the Court will step in. Potential remedies may include a page-by-page review of documents by the producing party on a tight timeframe or appropriate modifications to the protective order.

3. The Court also reminds the parties that discovery needs to get going in this case, because the March 2, 2026 trial date is set in stone.

The Clerk of Court is respectfully requested to terminate Dkts. 182 and 183.

SO ORDERED.

Dated: July 23, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge