**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States, et al. v. Live Nation Entertainment, Inc., et al.,* No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party Anschutz Entertainment Group, Inc. ("AEG"), through the undersigned counsel, respectfully requests this Court allow AEG to intervene in this case for the limited purpose of preventing its competitively-sensitive information from falling into the hands of its most significant competitor.

Federal Rule of Civil Procedure 24 permits a party to intervene in ongoing litigation as of right or by permission of the Court.  For intervention as of right under Rule 24(a)(2), the moving party must show: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may practically impair the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.  *See United States v. Pitney Bowes*, Inc., 25 F.3d 66, 70 (2d Cir. 1994).  AEG easily clears this bar.

***First***, AEG's motion is timely. AEG filed the present motion within two days of the Court's Order providing guidance to the Parties and directing them to meet and confer before presenting new proposed Protective Order(s) for the Court's consideration.  *See* ECF No. 193.

***Second***, the protection of confidential and competitively-sensitive business information is precisely the type of interest that entitles a third-party to intervene under Rule 24(a).  *See, e.g.*, *Det. Watch Network v. United States Immigr. & Customs Enf't*, 2016 WL 11793613, at *3 (S.D.N.Y. Sept. 1, 2016) ("[P]reventing the disclosure of commercially-sensitive and confidential information is a well-established interest sufficient to justify intervention under Rule 24(a).") (quotation and citation omitted); *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 414 (Fed. Cl. 2006) ("This is not a very high barrier . . . . trade secrets and proprietary information are the very type of interest the protection of which justifies intervention under Rule 24(a).").

***Third***, AEG would be irreparably harmed by the disclosure of its competitively-sensitive information, because such a disclosure could not later be undone.  *See In re Sealed Case*, 237 F.3d 657, 663 (D.C. Cir. 2001) ("Once the information is released, 'the cat is out of the bag.'") (citation omitted); *see also Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.*, No. 93-6350, 1994 WL 177795,

at *3 (S.D.N.Y. May 5, 1994) ("[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so."). Through its investigative authority, the Government obtained confidential business information that AEG otherwise does not disclose to anyone outside the company, much less to its competitors. Any Protective Order that fails to safeguard that highly-sensitive, non-public business information would result in direct, irreparable, and substantial economic harm to AEG if it were disclosed to Defendants in this litigation.

*Fourth*, AEG is not adequately represented by any existing parties. "[T]he burden to demonstrate inadequacy of representation is . . . 'minimal,'" *See Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (citation omitted). As discussed in AEG's accompanying letter-motion, attached as **Exhibit 1**, the dueling proposals by Plaintiffs and Defendants are insufficient to protect AEG's closely-guarded, highly-sensitive, and proprietary information.

Accordingly, AEG meets each of the four elements supporting intervention, and the Court should grant AEG's letter-motion to intervene as of right. But even if the Court finds that AEG should not be permitted to intervene as of right, the Court should still permit AEG to intervene permissively. Rule 24(b) allows this Court to exercise its discretion and allow intervention where there is a timely application and the applicant's "claim or defense shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Second Circuit routinely permits permissive intervention to non-parties, like AEG, seeking to protect their confidential information from disclosure. *See Martindell v. Int'l Tele. and Tele. Corp.*, 594 F.2d 291, 294 (2d Cir.1979); *see also E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.").

\*   \*   \*

For the foregoing reasons, AEG respectfully requests that the Court grant its letter-motion to intervene for the limited purpose of protecting its highly-confidential and competitively-sensitive business information.

Please do not hesitate to have Chambers the undersigned counsel should additional information be required. We thank Your Honor in advance for your prompt attention to AEG's letter-motion.

Dated: July 25, 2024

Respectfully submitted,

**HOGAN LOVELLS US LLP**

*/s/ Justin W. Bernick*
Justin W. Bernick (*pro hac vice* forthcoming)
Molly Pallman (*pro hac vice* forthcoming)
555 13th St., NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue
New York, New York 10017
Telephone:  (212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*