# Arnold & Porter

Marcus A. Asner
+1 212.836.8000
Marcus.Asner@arnoldporter.com

July 29, 2024

**VIA ECF**

The Honorable Arun Subramanian
United District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 1007-1312

Re: *United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973*

Dear Judge Subramanian:

Non-party ASM Global ("ASM"), through the undersigned counsel, respectfully requests leave to submit the below comments on the parties' competing protective order proposals filed July 19, 2024, and the Court's direction to the parties issued on July 23, 2024. ASM learned from the Department of Justice on Saturday, July 27, of the hearing before the court this afternoon.

ASM Global is a venue and event management company. It manages stadiums, arenas, amphitheaters and other venues which hold live events. It contracts with Defendant Live Nation Entertainment, Inc. ("Live Nation") to provide events for its venues and with Defendant Ticketmaster, L.L.C. ("Ticketmaster") to provide ticketing for those events. Among the materials ASM produced to the Department of Justice were documents discussing its negotiation strategy, its reasons for choosing to contract with Ticketmaster, the extent to which ASM has or may contract with Ticketmaster's competitors and related materials. For those documents to be in the hands of a key supplier would significantly disadvantage ASM in future negotiations.

Additionally, among DOJ's allegations are that Defendants have retaliated against companies that do business with Defendants' competitors. Complaint at ¶¶ 6d, 87-97. Giving Defendants access to ASM's materials about ASM's dealings with Defendants' competitors would risk the very retaliation of which Defendants are accused.

Arnold & Porter Kaye Scholer LLP
250 West 55th Street | New York, NY 10019-9710 | www.arnoldporter.com

ASM requests that the Court consider two measures. First, with respect to ASM documents, the Court should require that any in-house counsel who has access to those documents not be permitted to provide strategic advice with respect to dealings with ASM or engage in negotiations with ASM for a minimum of 5 years, a date that is a meaningful time period from they likely negotiation date for ASM's next ticketing agreement. Second, Live Nation should be required to name the in-house counsel who will have confidential or highly confidential information under the Protective Order so that third parties can raise specific objections to those individuals having such access.

ASM appreciates the Court's attention to this matter.

Respectfully,

*/s/ Marcus A. Asner*
Marcus A. Asner
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
marcus.asner@arnoldporter.com

Deborah L. Feinstein (*pro hac vice* motion forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743

*Counsel for Non-Party ASM Global*