UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C.,<br><br>*Defendants*. | Civil No. 1:24–cv–3973-AS |

### DECLARATION OF OLIVIA RYNBERG-GOING IN SUPPORT OF PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

I, Olivia Rynberg-Going, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a paralegal specialist employed by the United States Department of Justice, Antitrust Division (the "Division"), located at 450 Fifth Street NW, Suite 4000, Washington, D.C. 20530.

2. I submit this declaration in support of Plaintiffs' Joint Opposition to Defendants' Motion to Transfer. The information contained in this declaration is based on my personal review and analysis of the initial disclosures submitted by the parties in this matter, as well as my own investigation, including review of internet search results in accordance with the methodology described herein. I have personal knowledge of the matters discussed in this Declaration. If called upon as a witness in this action, I could and would testify competently thereto.

3. Table 1 below compiles and summarizes research I performed identifying the location of entities and individuals listed in the parties' initial disclosures. Based on my review,

1

the parties' initial disclosures in this case identify 180 non-duplicative entities and individuals, excluding Defendants and Defendants' employees. Using the information provided in the initial disclosures, as well as internet research on public websites, I was able to estimate the location of 173 of these entities and individuals. I did not determine the location of two of the just ten individuals listed in the initial disclosures. The breakdown by state (and country, where applicable) of the entities and individuals for whom I was able to estimate an approximate location is as follows:

**Table 1**

| State or Country | Number of Entities/Individuals |
|---|---|
| Alabama | 1 |
| Arizona | 2 |
| Arkansas | 2 |
| California | 33 |
| Colorado | 3 |
| Connecticut | 2 |
| Canada | 1 |
| Delaware | 1 |
| Florida | 9 |
| Georgia | 4 |
| Illinois | 10 |
| Iowa | 1 |
| Kansas | 3 |
| Kentucky | 1 |
| Maine | 1 |
| Michigan | 3 |
| Minnesota | 4 |
| Missouri | 1 |
| Montana | 1 |
| Nevada | 1 |
| New Jersey | 2 |
| New York | 24 |
| North Carolina | 4 |
| Ohio | 3 |
| Oklahoma | 1 |
| Oregon | 1 |
| Pennsylvania | 3 |
| South Carolina | 2 |

| | |
|---|---|
| South Dakota | 1 |
| Tennessee | 10 |
| Texas | 13 |
| United Kingdom | 2 |
| Utah | 3 |
| Virginia | 2 |
| Washington | 3 |
| Washington, DC | 14 |
| Wisconsin | 1 |
| -Location Unclear- | 5 |
| -Location Not Determined- | 2 |

4.      In constructing Table 1, where a company was listed on one or more of the initial disclosures, I treated the company itself as a single entity and used that company's apparent headquarters based on the address listed in the initial disclosures, the company's public LinkedIn search results, and the company's website.  Wherever possible, I utilized company websites to conduct a quality check of this research.  Because the initial disclosures provided varying levels of detail about entities' locations, the analysis summarized herein necessarily involved a certain amount of estimation and qualitative judgment about the reliability of various internet search results.  For these reasons, this declaration does not purport to provide definitive information about any entity's location.  Rather, it provides good faith estimates based on the methodology described herein.

5.      I constructed Table 2 below by compiling and summarizing information regarding judicial caseload statistics found in quarterly Statistical Tables for The Federal Judiciary published by The United States Courts on its publicly available website.  Those reports include Table T-3, entitled "*U.S. District Courts—Time Intervals from Filing Date to Beginning Date for Completed Civil Trials*" during the 12-month periods ending on March 31, 2024,[1] December 31,

---

[1] https://www.uscourts.gov/statistics/table/t-3/federal-judicial-caseload-statistics/2024/03/31.

2023,[2] September 30, 2023,[3] and June 30, 2023.[4]  These tables list the following "median time interval in months" for civil cases to proceed to jury trials in D.D.C. and S.D.N.Y.:

**Table 2**

| | Civil Jury Trials: Median Time Interval in Months | |
|---|---|---|
| | **D.D.C.** | **S.D.N.Y.** |
| **March 2024** | 52.4 months | 47.6 months |
| **December 2023** | 48.6 months | 46.1 months |
| **September 2023** | 52.8 months | 47.8 months |
| **June 2023** | 53.9 months | 48.1 months |

6.      I constructed Table 3 below by compiling and summarizing cases available in the PACER database that were filed in the last ten years where Ticketmaster and/or Live Nation appeared as parties in the Southern District of New York ("S.D.N.Y.").  The database identifies twenty-four cases from S.D.N.Y., excluding this case.  Five of these cases are listed by PACER as "open cases."  I have denoted these cases with a * in Table 3.  Defendants were recently terminated as parties in one of these active cases: *Amron v. StubHub Holdings Inc.* (1:24-cv-02930-PAE).  I searched each of the PACER dockets associated with the cases in Table 3 for motions to transfer venue.  I did not find any motions to transfer venue filed by Defendants related to any of the twenty-four cases Defendants have been party to in the last ten years in S.D.N.Y.  PACER lists numerous additional cases in S.D.N.Y. where one or more of Defendants' subsidiaries are parties.

**Table 3**

| Docket No. | Case Name (S.D.N.Y.) |
|---|---|
| **1:24-cv-04106-AS** | *Stevens v. Live Nation Entertainment, Inc.* * |

---

[2] https://www.uscourts.gov/statistics/table/t-3/statistical-tables-federal-judiciary/2023/12/31.

[3] https://www.uscourts.gov/statistics/table/t-3/judicial-business/2023/09/30.

[4] https://www.uscourts.gov/statistics/table/t-3/statistical-tables-federal-judiciary/2023/06/30.

| | |
|---|---|
| 1:24-cv-03994-AS | *Leifer v. Live Nation Entertainment, Inc.** |
| 1:24-cv-02930-PAE | *Amron v. Stubhub Holdings Inc.** |
| 1:24-cv-02295-ALC | *Anderson Bey v. Roc Nation LLC** |
| 1:22-cv-10972-ALC | *Hernandez v. Live Nation Entertainment, Inc.* |
| 1:21-cv-03314-PAE-JW | *Anderson Bey v. Rocnation LLC* |
| 1:21-cv-02635-AS-SDA | *American Federation of Musicians of the United States and Canada v. NBCUniversal Media, LLC** |
| 1:20-cv-01258-LJL | *Cruz v. Live Nation Worldwide, Inc.* |
| 1:19-cv-03784-LAP | *Fortune v. Live Nation Worldwide, Inc.* |
| 1:18-cv-12139-KPF | *Carman v. Ticketmaster L.L.C.* |
| 1:18-cv-11655-VSB | *Deutsch v. JPMorgan Chase & Co* |
| 1:18-cv-08719-VM | *Sick Boy, LLC v. Chainsmokers, Inc.* |
| 1:18-cv-07551-LAP | *Live Nation Merchandise, Inc. v. John Does 1-100* |
| 1:18-cv-01894-LGS | *Matera v. Live Nation Concerts, Inc.* |
| 1:17-cv-04162-VM | *Zlozower v. Ticketmaster Entertainment, Inc.* |
| 1:17-cv-03782-GBD | *Universal Attractions, Inc. v. Live Nation Entertainment, Inc.* |
| 1:17-cv-02265-VSB | *Live Nation Merchandise, Inc. v. John Does 1-100* |
| 1:16-cv-07283-RWS | *Rubenstein v. Liberty Media Corp.* |
| 1:16-cv-06950-LTS-SDA | *Zlozower v. Motley Crue, Inc.* |
| 1:16-cv-06020-GBD | *Live Nation Merchandise, Inc. v. Xyz Company* |
| 1:16-cv-00336-LAK | *Live Nation Merchandise, Inc. v. John Does 1-100* |
| 1:23-cv-00516-PGG-SN | *Movassaghi v. Roc Nation LLC* |
| 1:19-cv-00058-DAB | *Conner v. Combermere Entertainment Properties, LLC* |

| 1:15-cv-05947-LAK | *Feingold v. Rock Paper Photo, LLC* |

7. I constructed Table 4 below by compiling and summarizing cases available in the PACER database that were filed in the last ten years where Ticketmaster and/or Live Nation appeared as parties in the District Court for the District of Columbia ("D.D.C."). The database identifies two such cases, excluding the Consent Decree. One of those cases is listed by PACER as an "open case" and is denoted with a * in Table 4. Defendants have been terminated as parties to that case. I did not identify any cases on PACER in D.D.C. where Defendants' subsidiaries are parties.

**Table 4**

| Docket No. | Case Name (D.D.C.) |
|---|---|
| 1:24-cv-01118-RC | *Halper-Asefi v. Ciccone** |
| 1:18-cv-00830-TJK | *Sapieyevski v. Live Nation Worldwide, Inc.* |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 9, 2024, at Washington, D.C.

/s/ Olivia Rynberg-Going
OLIVIA RYNBERG-GOING
Paralegal Specialist
U.S. Department of Justice