**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *Plaintiffs*, v. LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER L.L.C., *Defendants*. | Case No. 1:24-cv-03973 (AS)(SLC) [rel. 1:24-cv-03994 and 1:24-cv-04106] **ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiffs do not and cannot contest that the Decree's retention of jurisdiction clause is a mandatory forum selection clause that *requires* that any dispute regarding the Decree, brought by any of its signatories during its term, be adjudicated by the D.C. Court.[1] Their opposition thus rests on the contention that this action has nothing to do with the Decree. But that contention is untenable. This action seeks to unwind the very merger the Decree allowed—relief available only if a court were to find that there is a "significant causal connection" between the merger and any anticompetitive behavior. *United States v. Microsoft Corp.*, 253 F.3d 34, 80, 106-07 (D.C. Cir. 2001) (*en banc*). Further, the complaint is inarguably based in part on alleged retaliation the Decree expressly regulates. In those circumstances, that Plaintiffs also assert allegations "beyond" the Decree is of no moment. Even if only one claim is subject to the clause, transfer is required. Here, the overlap is substantial: the most consequential relief Plaintiffs seek—the breakup of Defendants' merger—and the only conduct that could even theoretically support it, lie at the heart of the Decree. These claims must be heard by the court that entered the Decree.

Plaintiffs' effort to distance this case from the Decree is as revealing as it is unavailing. Plaintiffs go so far as to argue that a finding that Defendants did not violate the Decree—*i.e.*, were compliant with its Anti-Retaliation Provisions—would not impact their claims. (Opp'n at 12.) That contention lays bare Plaintiffs' goal—to sweep the Decree, the findings underlying its entry, and Defendants' record of compliance, under the rug. Plaintiffs cannot be allowed to do so. These events are clearly germane to and must be part of this case, whether or not transferred. However, this case belongs in the forum the parties expressly chose for Decree-related disputes. The Court should uphold that judicially ratified bargain and transfer the case to the D.C. Court.

---

[1] Capitalized terms have the same meaning as in Defendants' opening brief (Dkt. 187). "Opp'n" refers to Plaintiffs' brief in support of Plaintiffs' opposition to this motion (Dkt. 225).

1

I.       **The Decree's Mandatory Forum Selection Clause Applies to This Action.**

Plaintiffs spend much of their opposition arguing that the traditional § 1404(a) factors favor keeping this case in New York.  They are wrong, as both New York and the District of Columbia are equally convenient for a case about *nationwide* promotion and ticketing markets. More importantly, Plaintiffs ignore that a transfer motion **based on a forum selection clause** "requires district courts to adjust their usual § 1404(a) analysis" such that "the plaintiff's choice of forum merits no weight", nor do "private interests aside from those embodied in the forum-selection clause".  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 51, 63-64 (2013).  And ultimately, "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain" by enforcing the clause.  *Id.* at 66.

Plaintiffs, "as the party defying the forum-selection clause, . . . bear[] the burden of establishing that transfer to the forum for which the parties bargained is unwarranted".  *Id.* at 63. Plaintiffs do not even try to carry that burden, arguing instead that the Decree has no relevance. But it does.  Its forum selection clause applies to any action that would "carry out", "construe", "modify", "enforce compliance of", or "punish violations of" the Decree.  As explained in Defendants' opening, this action plainly implicates at least *some* of these expansive categories, and therefore falls within the clause's ambit.  Plaintiffs' arguments to the contrary fail.

*First*, Plaintiffs argue they can avoid the Decree because they assert claims under the Sherman Act and state laws (Opp'n at 11), rather than the Clayton Act.  Plainly, that was the plan:  attack and undo the merger *without claiming it violates the antitrust statute directly addressing mergers* and in a different court.  The question is whether that blend of semantics and denialism can evade a mandatory forum selection clause.  The answer must be "no" because, regardless of the label applied to Plaintiffs' claims, this action plainly seeks to "modify" the Decree by seeking to unwind the merger that it allowed and continues to regulate.  To "'modify'

2

means [to] make only a minor or moderate change." *United States v. ASCAP*, 32 F.3d 727, 731-32 (2d Cir. 1994) (citations omitted). And under cases such as *ASCAP*, the approach taken is practical, not formalistic: jurisdiction is exclusive "where issues raised . . . could not be separated from the relief ordered in a consent decree." 32 F.3d at 731. A case seeking to *entirely nullify* the Decree and the bargain on which it is based meets that standard.

At its core, this action is as much of a merger challenge as was the case that the Decree allowing the merger resolved. (*See* Opp'n at 17 (indicating that Defendants violate the Sherman Act by "[r]emain[ing] merged").) It *needs to be* to support the requested relief, since separating Live Nation from Ticketmaster could be warranted only if (among other conditions) their common ownership were shown to be the root cause of anticompetitive behavior. *Microsoft Corp.*, 253 F.3d at 80, 106-07. Furthermore, Plaintiffs' allegations relating to conditioning and retaliation, though highly generalized, are the ***only*** allegations in the Complaint that touch on the effects of the vertical integration enabled by the merger. None of the other allegations of conduct (*e.g.*, alleged acquisitions of rival ticketers or alleged agreements not to compete, *see* Opp'n at 11) relates to that integration at all; therefore, none could remotely justify unwinding Defendants' merger. So, regardless of what Plaintiffs assert now in relation to this motion, the question of whether the merger has caused anticompetitive effect or enabled anticompetitive conduct is going to come up repeatedly in this case. And so long as Plaintiffs pursue that relief, they will need to attack the merger and attempt to discredit their own prior admissions as to the benefits of the merger and Decree. That wholly undermines any argument that the overlap is "limited".

*Second*, Plaintiffs' inclusion of allegations of conduct unrelated to the Decree does not render the forum selection clause inapplicable. As Plaintiffs acknowledge, this case *also* alleges

conduct *squarely covered* by the Decree.  (Opp'n at 12.)  For similar reasons, the fact that a minority of Plaintiffs are not subject to the Decree (Opp'n at 19-20) cannot bar transfer—most Plaintiffs are signatories.  And while judicial economy favors transferring the entire case, the claims based on conduct squarely regulated by the Decree, asserted by any signatory to the Decree, must be transferred, at a minimum.  *Cf. Androb Jewelry Serv., Inc. v. Malca-Amit USA, LLC*, No. 16-CV-5171, 2017 WL 4712422, at *9 (S.D.N.Y. Sept. 25, 2017) ("[W]hen some, but not all claims, are subject to such a clause, it is possible—and at times necessary in the interests of justice—to sever some claims, rather than transfer the entire action.").  Were it otherwise, a plaintiff could frustrate a forum selection clause merely by packaging claims subject to the clause with unrelated allegations or joining with plaintiffs who were not signatories to the original agreement.  That is not the law.  *See Atl. Marine Constr. Co.*, 571 U.S. at 63 ("[F]orum selection clause [must] be given controlling weight in all but the most exceptional cases.").

  *Third*, Plaintiffs' reliance on *AT&T* and *Microsoft* (Opp'n at 14-16) is misplaced.  Both **preceded** *Atlantic Marine*; and neither involved the circumstance, as here, of the government seeking to unwind a merger it approved, pursuant to a decree the government found would promote competition, and based on alleged conduct the decree expressly regulated and as to which the decree prescribed a detailed monitoring and enforcement regime.  In *Microsoft*, moreover, DOJ filed its Sherman Act suit (in the same court where the decree was entered) only after attempting unsuccessfully to challenge the principal anticompetitive conduct as a consent decree violation.  *United States v. Microsoft Corp.*, 253 F.3d 34, 47 (D.C. Cir. 2001).  By demonstrating the right way to proceed, *Microsoft* underscores Plaintiffs' error.

  *Fourth*, Plaintiffs' claim that enforcing the forum selection clause would confer immunity on Defendants or that this motion seeks any immunity is baseless.  (Opp'n at 15-18.)  Defendants

4

did not and do not argue that. The forum selection clause governs *where* Decree-related actions must be filed, which is the only issue raised by this motion.[2]

In the context of their strawman immunity argument, Plaintiffs insist no inference can be drawn from the government's decision not to challenge a merger. While beside the point for this motion, that is plainly wrong in this case. Here, DOJ *did* challenge Defendants' merger, obtained comprehensive relief for the horizontal issues, and—though it acknowledged it had no viable vertical claim—obtained behavioral relief.[3] That is why we have the Decree and the DOJ findings upon which the public interest determination was made, including that vertical integration in this industry could benefit consumers. No "inference" is needed. DOJ's prior statements are direct admissions that Defendants' merger was unlikely to harm competition.

*Fifth*, transfer would ***not*** cause undue delay (Opp'n at 6, 9) since the parties can (and Defendants would) agree to a similar schedule as entered in this case.

*Finally*, that any remedy order would not come until after the Decree expires (Opp'n at 18-19) is irrelevant. This case is entirely about conduct that occurred during or before the term of the Decree. And, of course, today the Decree remains in effect. As such, transfer is required.

## CONCLUSION

For the above reasons, Defendants respectfully request that the Court grant this motion.

---

[2] For this reason, claim preclusion decisions such as *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955) and *United States v. Am. Tel. & Tel. Co.*, 524 F. Supp. 1336, 1374 (D.D.C. 1981) (Opp'n at 14, 17-18), have no bearing on this motion. Note, however, that *AT&T* holds that a "consent judgment, like any other judgment, is *res judicata*, that is, it binds the parties to the suit 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose.'" 524 F. Supp. at 1354 n.70 (citations omitted).

[3] Plaintiffs cite inapposite decisions such as *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 714 (4th Cir. 2021). In *JELD-WEN*, *there was no decree*, *no* public interest determination and *no* record of the government's decision-making. *Id.*

5

Dated: August 16, 2024

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| *(signature)* | *(signature)* |

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co- Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Andrew M. Gass (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Kelly S. Fayne (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

555 11th Street NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Lindsey.Champlin@lw.com
Kelly.Fayne@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

David R. Marriott
   *Co-Lead Trial Counsel*
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

dmarriott@cravath.com
lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*