<u>Via ECF</u>  
The Honorable Arun Subramanian                                                   August 19, 2024  
Daniel Patrick Moynihan U.S. Courthouse  
500 Pearl St., Courtroom 15A  
New York, NY 10007  

Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

Plaintiffs seek the Court's leave to file under seal an Amended Complaint and to file a redacted version of the same on the public docket for the reasons stated below. Contemporaneous with the filing of this letter-motion, and in accordance with Paragraph 11(c)(iii) of the Court's *Individual Practices* and Paragraph 9 of the Protective Order, ECF No. 213, Plaintiffs are (1) publicly filing on ECF a copy of the Amended Complaint with proposed redactions and (2) filing under seal on ECF an unredacted copy of the Amended Complaint with proposed redactions highlighted.

**<u>Plaintiffs Seek Provisional Redaction of the Amended Complaint Solely to Comply with the Protective Order and the Court's *Individual Practices*</u>**

Plaintiffs request provisional redaction of the Amended Complaint only because it contains information that Defendants have designated as Confidential or Highly Confidential and have requested to be redacted. The Protective Order and Your Honor's *Individual Practices* govern the procedures for filing such material on the Court's docket. Those procedures are three-fold.

*First*, if a person produces material designated Confidential or Highly Confidential, any other person that intends in good faith to make a filing on the Court's docket containing such material may request that the producing party provide a version of the material "with the Highly Confidential or Confidential information redacted." Protective Order ¶ 4. Such redactions "must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents." *Individual Practices* ¶ 11(B).

*Second*, the filing party "should meet and confer with any opposing party . . . in advance to narrow the scope of the request" for redaction or sealing. *Individual Practices* ¶ 11(C)(i); *accord* Protective Order ¶ 9 ("The parties will use their best efforts to minimize such sealing."). If, following that meet and confer, the opposing party or third party "has requested" that a document be filed "under seal or in redacted form," then "the filing party shall notify the opposing party or third party that it must file, within three business days [of filing], a letter explaining the need to seal or redact the document." *Individual Practices* ¶ 11(C)(i).

*Third*, the filing party must file under seal "all portions of pleadings, motions, or other papers . . . that disclose such Highly Confidential or Confidential" material, and the filing "shall be . . . kept under seal until further order of the Court." Protective Order ¶ 9. To do so, the filing party must "file a letter-motion seeking leave to file a document in redacted form," which "shall be filed in public view" and "should explain the reasons for seeking to file the document in redacted form." *Individual Practices* ¶ 11(C)(iii). Contemporaneous with the letter-motion, the filing party must (1) "publicly file on

1

ECF . . . a copy of the document with the proposed redactions," and (2) "file under seal on ECF . . . an unredacted copy of the document with the proposed redactions highlighted." *Id*.

Plaintiffs followed these procedures as to both non-parties and Defendants. After conferrals, no non-party requested redaction of any information in the Amended Complaint. As to Defendants, Plaintiffs first identified the specific portions of documents designated Confidential or Highly Confidential that are the basis for the redacted portions of the Amended Complaint and asked Defendants to propose redactions to those documents. Plaintiffs sent Defendants such requests on June 13, June 26, and July 25. Defendants responded to the first two requests on July 2, 2024, and they responded to the third request on August 14, fourteen business days after it was made and three business days before the Amended Complaint was due to be filed.

In an effort to eliminate, or at least narrow, the need for redactions, Plaintiffs requested on August 15 to meet and confer with Defendants about Defendants' basis for the proposed redactions that are the subject of the present letter-motion. Defendants, however, did not make themselves available for such a conferral.

### **Defendants Must Show "Extraordinary Circumstances" to Justify Any Continuing Redaction of the Amended Complaint**

Plaintiffs request provisional redaction of certain information from the Amended Complaint solely because Defendants requested such redaction. Plaintiffs do not believe, however, that the information at issue should remain sealed because it is not confidential or sensitive enough to overcome the "presumption of public access" to "judicial documents." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir. 2016). That presumption is "firmly rooted in our nation's history," deriving from both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

The presumption of public access applies with special force to a complaint because, among other things, (1) "[c]omplaints have historically been publicly accessible by default, even when they contain arguably sensitive information," (2) "public access to the complaint and other pleadings has a 'significant positive role' in the functioning of the judicial process," and (3) complaints "are highly relevant to the exercise of Article III judicial power" and "among the most likely [records] to affect judicial proceedings." *Bernstein*, 814 F.3d at 141–42 (citation omitted). For core judicial documents like a complaint, the presumption of public access "is at its zenith, and thus can be overcome only be extraordinary circumstances." *Id*. (citation omitted).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action," *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997), and sealing "should not be done without a compelling reason," *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991). Therefore, Defendants, as the only parties advocating continuing redaction of the Amended Complaint, have the burden to establish "a compelling reason" and "extraordinary circumstances" to maintain redactions. Defendants' burden extends to each specific piece of information. *See Brown v. Maxwell*, 929 F.3d 41, 48–51 (2d Cir. 2019) (court must conduct "individualized review" and make "specific, on-the-record findings that sealing is necessary to preserve higher values").

Although Defendants have not yet explained their basis for their redaction requests, Plaintiffs do not believe, based on the proposed redactions themselves, that

Defendants can carry their burden of showing "extraordinary circumstances," *Bernstein*, 814 F.3d at 142, or establishing that all of the redactions at issue are otherwise "consistent with the presumption in favor of public access to judicial documents." *Individual Practices* ¶ 11(B). Although Plaintiffs request a fuller opportunity to respond to any letter-motion to seal filed by Defendants, the redactions at issue do not appear to present a sufficient "risk of competitive disadvantage" to overcome the strong presumption of public access to complaints. *See Wenger S.A. v. Olivet Int'l Inc.*, 2024 WL 3581796, at *2 (S.D.N.Y. June 25, 2024) (Subramanian, J.) (denying proposed redactions in a summary judgment opinion). Much, if not all, the information at issue appears to be sufficiently aggregated, non-specific, historical or otherwise competitively non-actionable, such that public disclosure would be unlikely to cause Defendants harm.

If Defendants seek continued redaction of any information in the Amended Complaint, Plaintiffs request that Defendants be required to file a letter-motion to seal within three business days "explaining the need to seal or redact the document," *see Individual Practices* ¶ 11(C)(i), and Plaintiffs further request an opportunity to respond to that letter-motion within three business days.

Respectfully submitted,

The application for provisional sealing is granted. If Defendants want the unredacted complaint to remain under seal, they must file a letter-motion within three business days explaining the basis for continued sealing. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016).

The Clerk of Court is directed to terminate the motion at ECF No. 232.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 19, 2024

*/s/ Bonny Sweeney*
BONNY SWEENEY
*Lead Trial Counsel*
Matthew R. Huppert
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Email: Bonny.Sweeney@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax: (501) 682-8118
Email: amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Paula Lauren Gibson
Paula Lauren Gibson (Admitted *Pro Hac Vice*)
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorneys for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit f
Colorado Department of Law
Conor.May@coag.gov
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
*Attorney for Plaintiff State of Colorado*

/s/ Kim Carlson McGee
Kim Carlson McGee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: kim.mcgee@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Liz.Brady@myfloridalegal.com
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
850-414-3300
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (Admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
(872) 272-0996 cell phone
(312) 814-4209 facsimile
*Attorney for Plaintiff State of Illinois*

/s/ Schonette J. Walker
Schonette J. Walker (Admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
(410) 576-6470
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 963-2189
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
zach.biesanz@ag.state.mn.us
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Phone: (651) 757-1257
*Attorney for Plaintiff State of Minnesota*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-2150
*Attorney for Plaintiff State of New Hampshire*

/s/ Yale A. Leber
Yale A. Leber (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Phone: (973) 648-3070
*Attorney for Plaintiff State of New Jersey*

/s/ Jeremy R. Kasha
Jeremy R. Kasha
Assistant Attorney General
Jeremy.Kasha@ag.ny.gov
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8262
*Attorney for Plaintiff State of New York*

/s/ Sarah G. Boyce
Sarah G. Boyce (admitted *pro hac vice*)
Deputy Attorney General & General Counsel
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6000
Facsimile: (919) 716-6050
*Attorney for Plaintiff State of North Carolina*

/s/ Sarah Mader
Sarah Mader (Admitted *pro hac vice)*
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
*Attorney for Plaintiff State of Ohio*

/s/ Caleb J. Smith
Caleb J. Smith (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street
Suite 1000
Tulsa, OK 74119
Telephone: 918-581-2230
Email: caleb.smith@oag.ok.gov
*Attorneys for Plaintiff State of Oklahoma*

*Attorney for Plaintiff State of Tennessee*

/s/ Tim Nord
Tim Nord (admitted *pro hac vice*)
Special Counsel
Civil Enforcement Division
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
Tel: (503) 934-4400
Fax: (503) 378-5017
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Phone: (717) 787-4530
*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ Paul T.J. Meosky
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2064
(401) 222-2995 (Fax)
*Attorney for Plaintiff State of Rhode Island*

/s/ Danielle A. Robertson
Danielle A. Robertson (admitted *pro hac vice*)
Assistant Atorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
DaniRobertson@scag.gov
(803) 734-0274
*Attorney for Plaintiff State of South Carolina*

/s/ Hamilton Millwee
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: 615.291.5922
Email: Hamilton.Millwee@ag.tn.gov

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Trevor Young (admitted *pro hac vice*)
Deputy Chief, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674
*Attorney for Plaintiff State of Texas*

/s/ Tyler T. Henry
Tyler T. Henry (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Facsimile: (804) 786-0122
thenry@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

/s/ Rachel A. Lumen
Rachel A. Lumen (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-5343
*Attorney for Plaintiff State of Washington*

/s/ Douglas L. Davis
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax: (304) 558-0184
*Attorney for Plaintiff State of West Virginia*

/s/ Laura E. McFarlane
Laura E. McFarlane (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-8911
mcfarlanele@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841
william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*