**VIA ECF**

The Honorable Arun Subramanian  September 17, 2024
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   <u>United States, et al. v. Live Nation Entertainment, Inc., et al.</u>, No. 1:24-cv-03973

Dear Judge Subramanian:

Plaintiffs respectfully move to compel Defendants to (1) produce documents responsive to Request No. 2 in Plaintiffs' First Set of Requests for Production to Defendants ("First RFPs") and (2) fully respond to Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to Defendants ("First Interrogatories"). To ensure that this pressing issue will be fully briefed in time for the status conference next week, Plaintiffs are raising this request now in the interest of proceeding expeditiously.

Both Request No. 2 and Interrogatory No. 1 seek highly relevant information concerning Defendants' communications and agreements with third parties regarding the preceding investigation and this litigation. Plaintiffs need these documents and information to target their document subpoenas and identify deposition witnesses while there is sufficient time remaining in fact discovery. Defendants' continued delays are impeding Plaintiffs' efforts to move discovery forward, particularly because Defendants' initial disclosures did not identify non-party individuals; instead, merely provided an "including but not limited to" list of categories of participants in the industry and only named well-known companies.

## Request No. 2

Over two months ago on July 15, Plaintiffs served their first set of document requests on Defendants, including Request No. 2, which seeks: "All documents related to any communications or agreements between the Company (including its outside counsel) and any non-party Person (including any non-party Person's counsel) concerning the Investigation or Litigation." When the parties met and conferred for the first time on August 20, Plaintiffs explained that Request No. 2 seeks substantive communications and agreements regarding the investigation or litigation between employees of Defendants at the management or executive level, outside counsel, or other agents, and participants in the ticketing and promotions industries. Defendants proposed responding to this request, along with others in Plaintiffs' First RFPs, by using a "go get" approach, that is, without first negotiating custodial and search terms. They committed to respond with a proposal.

Since August 20, despite two teleconferences and the exchange of several written communications, Defendants have not made a proposal that would give Plaintiffs timely access to responsive materials from Defendants' files. Defendants proposed on September 3 to produce responsive documents *only* as part of the parties' broader custodial and search term negotiations in connection with Plaintiffs' Second Set of Document Requests to Defendants, served on August 7, 2024. Defendants' proposal would delay production until an unknown date weeks or months in the future. To bridge the gap, on September 9, Plaintiffs offered to limit the production of responsive documents in Defendants' files to nine senior Live Nation executives if Defendants, using a "go get" approach, would produce responsive materials by September 23. Although Defendants agreed to the nine Live Nation executives, they are unwilling to produce

the materials by a specific date. Defendants also refuse to describe what steps, if any, they have taken to collect and produce responsive documents over the past two months.

Defendants have similarly declined to promptly produce responsive materials from their outside counsel and other agents responsive to Request No. 2. On September 6, Defendants suggested limiting their production to substantive communications between Defendants' outside counsel and certain third parties. Plaintiffs were amenable, provided that Defendants made certain modifications and representations, described in the chart below, to capture likely responsive materials. On September 13, however, Defendants rejected Plaintiffs' proposal and backed away from their prior offer to produce any materials from the files of Defendants' outside counsel.

|  | **Current Proposals for Request No. 2** | |
|---|---|---|
|  | **Plaintiffs' Proposal** | **Defendants' Proposal** |
| **Defendants' Employees** | Limit the collection and production utilizing a "go get" approach to nine senior Live Nation executives so long as Defendants produce documents by September 23. | Agree to Plaintiffs' proposal but provide no date certain by which responsive documents will be produced. |
| **Defendants' Outside Counsel and Other Agents** | Limit to communications and agreements between Defendants' outside counsel and third-party venues, artists, primary ticketers, secondary ticketers, and any such third-party's external representatives, provided that Defendants (1) represent they did not engage any other external agents to act on their behalf in communicating with industry participants regarding the investigation or litigation; (2) provide a privilege log containing withheld third-party communications; and (3) agree to supplement their production(s) in the future based on the ongoing nature of the request. | No current offer to produce any responsive materials. |

Accordingly, Plaintiffs ask the Court to order Defendants to respond to Request No. 2 in accordance with Plaintiffs' proposal.

### Interrogatory No. 1

Plaintiffs also ask the Court to compel an adequate response to Plaintiffs' Interrogatory No. 1, which requires Defendants to "[i]dentify all Venues, Artists, Artist Representatives, Artist Management Services providers, Concert Booking and Promotions Services providers, Primary Ticketing Service providers, Secondary Ticketing Service providers, or Venue Operations and Booking Services providers that [Defendants] have communicated with regarding the Investigation, Litigation, or the conduct alleged in the Complaint." Defendants' initial response to Interrogatory No. 1 did not identify any third parties. Plaintiffs clarified on September 13 that, like Request No. 2, Interrogatory No. 1 seeks information concerning substantive written and oral communications between Defendants and third-party industry participants regarding the investigation or litigation. While Defendants have agreed to supplement their response to Interrogatory No. 1 based on responsive third-party communications with the nine senior Live Nation executives agreed to in connection with Request No. 2, Defendants have refused to

provide their supplemental response by any specific date, and they have not committed to providing responsive information concerning communications with Defendants' external counsel and other agents.

* * *

Plaintiffs have quickly and diligently responded to Defendants' discovery request seeking analogous third-party communications and information. On August 9, after the entry of the Protective Order, Plaintiffs produced more than 500,000 investigative third-party documents. The United States substantially completed its production of investigative third-party communications and documents on September 4, while Plaintiff States did so on September 16.

By contrast, as a result of Defendants' incomplete initial disclosures and discovery responses, Plaintiffs lack relevant, timely information about the third parties Defendants have been communicating with, or may rely on, to support their defenses at trial that will help advance discovery from the outset. Plaintiffs are seeking relief from the Court in an effort to keep this case on track for trial in March 2026.

The parties held a lead trial counsel conference on September 13 concerning RFP No. 2, during which the parties also discussed Interrogatory No. 1. Plaintiffs stated the parties had reached an impasse concerning Request No. 2 and Interrogatory No. 1. Plaintiffs emailed Defendants on September 14 to confirm the impasse and provide notice of Plaintiffs' intent to seek relief from the Court. Exhibit 1 contains additional information on each of the relevant meet and confers.

Respectfully submitted,<br>
<i>/s/ Bonny Sweeney</i><br>
Bonny Sweeney