# EXHIBIT 2

**Chart of Claim Elements Not Plausibly Alleged in Plaintiffs' Amended Complaint**

| Claim | Elements Not Plausibly Alleged |
|---|---|
| Third Claim for Relief: Unlawful Tying Arrangement Concerning the Use of Large Amphitheaters and Artist Promotions Markets in Violation of Sherman Act § 1 | 1. The well-pleaded facts underlying Plaintiffs' tying claim do not describe tying, but rather a lawful refusal to deal with rival promoters who seek to rent amphitheaters from Live Nation so that they may include those venues in their artist-clients' tours.<br><br>2. Plaintiffs fail to allege that there are consumers—artists—who *themselves* (a) wish to acquire the tying product (amphitheater access) directly from Live Nation and the tied product (other promotional services) from another promoter, (b) seek to enter into contracts with Live Nation for the amphitheater access alone, and (c) are presented with terms obligating the purchase of the tied product. |
| State Plaintiffs' Claims for Damages Pursuant to 15 U.S.C. § 15c, for the following alleged violations:<br><br>• First Claim for Relief: Monopolization of Primary Ticketing Services Markets in Violation of Sherman Act § 2<br><br>• Second Claim for Relief: Unlawful Exclusive Dealing in Violation of Sherman Act § 1<br><br>• Third Claim for Relief: Unlawful Tying Arrangement Concerning the Use of Large Amphitheaters and Artist Promotions Markets in Violation of Sherman Act § 1<br><br>• Fourth Claim for Relief: Monopolization of the Market for the Use of Large Amphitheaters in Violation of Sherman Act § 2<br><br>• Fifth Claim for Relief: Monopolization of the Markets for Concert Promotion Services in Violation of Sherman Act § 2 | 1. State Plaintiffs fail to allege that the consumers on whose behalf they sue suffered an "antitrust injury."<br><br>2. State Plaintiffs fail to allege that the consumers on whose behalf they sue are "efficient enforcers" of the antitrust laws. |