<u>VIA ECF</u>

The Honorable Arun Subramanian
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

        Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants" or "Live Nation") write in response to Plaintiffs' September 17, 2024 letter-motion regarding Request No. 2 in Plaintiffs' First Set of Requests for Production to Defendants ("RFP No. 2") and Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to Defendants ("Interrogatory No. 1"). As an initial point, Defendants were surprised by the filing of Plaintiffs' letter-motion given the state of the parties' negotiations on these issues. First, Plaintiffs never informed Defendants that they intended to raise this dispute separate and apart from the joint letter "outlining any issues to be discussed at the [September 27, 2024] conference" that the Court ordered be submitted on September 23, 2024. *See* ECF No. 237. Second, Defendants informed Plaintiffs on September 16, 2024—less than 24 hours before Plaintiffs filed their letter-motion— that their position on RFP No. 2 and Interrogatory No. 1 was forthcoming. Defendants never confirmed that the parties were at an impasse on these issues. And, as shown below, had Plaintiffs waited for Defendants' response, they would have avoided burdening the Court with unnecessary and premature motion practice.

        RFP No. 2 and Interrogatory No. 1 seek information about communications and agreements between Defendants and third parties regarding this litigation or Plaintiffs' pre-complaint investigations. Plaintiffs attempt to equate this information to the "investigative third-party documents" that Plaintiffs produced to Defendants, and contend that Defendants' "delays" in providing this information are "impeding Plaintiffs' efforts to move discovery forward." Pls.' Sept. 17, 2024 Ltr. (ECF No. 270) ("Sept. 17 Ltr.") at 1, 3. This is meritless. Plaintiffs conducted a multi-year, pre-complaint investigation into Defendants' practices, during which Defendants produced *over 600,000 documents* and third parties (scores of industry participants) produced *over 500,000 documents* to Plaintiffs. Further, Plaintiffs deposed multiple senior executives of Defendants, as well as third parties. And in the past several weeks, Plaintiffs have served Rule 45 subpoenas on nearly 100 third parties. Plaintiffs cannot credibly claim that they are unable to "move discovery forward" without information about certain communications Defendants may have had with third parties regarding this litigation or Plaintiffs' investigation.

        In any case, if Plaintiffs had continued to meet and confer with Defendants about these requests rather than prematurely move for relief, they would have learned that there are virtually no responsive materials. Defendants address each of Plaintiffs' requests below.

### RFP No. 2

As clarified by Plaintiffs, RFP No. 2 seeks "substantive communications and agreements regarding the investigation or litigation between employees of Defendants at the management or executive level, outside counsel, or other agents, and participants in the ticketing and promotions industries." Sept. 17 Ltr. at 1.

**With respect to Defendants' employees' communications**, Plaintiffs proposed to limit the collection and production utilizing a targeted "go get" collection approach to nine senior Live Nation executives, if Defendants agreed to produce documents by September 23. *See id.* at 2. Defendants informed Plaintiffs on a September 13, 2024 call that they agreed to this approach, but that they could not yet commit to a specific production date because Defendants were still investigating the nature and volume of any responsive communications. Defendants have completed that inquiry, and now report that these nine employees are presently aware of and have identified three responsive communications with third parties. Two of those communications were in connection with Defendants' exploration of whether certain industry participants would be willing to attend a pre-Complaint meeting between Defendants and the Department of Justice. The third instance was a communication with an artist manager regarding the Department of Justice's investigation.[1]

Setting aside the tangential (at best) relevance of such communications, all of these communications were prepared at the behest of counsel and/or contain counsel's mental impressions, and therefore the communications and the identities of the third parties are protected by the work product immunity. *See Welland v. Trainer*, No. 00-cv-0738 (JSM), 2001 WL 1154666, at *2 (S.D.N.Y. Oct. 1, 2001) (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998)) (holding that, if a document was prepared "'because of the prospect of litigation,'" it is eligible for work product protection); *United States v. Deloitte LLP*, 610 F.3d 129, 136 (D.C. Cir. June 29, 2010) ("[T]he question is not who created the document or how they are related to the party asserting work product protection, but whether the document contains work product— the thoughts and opinions of counsel developed in anticipation of litigation."); *Steele v. CVS Pharmacy, Inc.*, 15–CV–4261 (JGK)(KNF), 2016 WL 1659317, at *1 (S.D.N.Y. Apr. 18, 2016) ("'[C]ourts in this district have noted that the identities of those persons interviewed as part of counsel's investigation into the facts of the case have the potential to reveal counsel's opinion's, thought processes, or strategies, and are therefore protected.") (quoting *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, Nos. 12 Civ. 6811 (CM)(JCF), 13 Civ. 1580(CM)(JCF), 2013 WL 5495542, at *9–10 (S.D.N.Y. Oct. 3, 2013) (finding that the identities of individuals interviewed by plaintiff were protected work product)). Defendants will not produce these protected communications.

**With respect to Defendants' outside counsel's communications**, there are a small number of substantive communications regarding the investigation or litigation between, on the one hand, outside counsel who represent or represented Defendants in connection with the investigation or litigation and, on the other hand, third-party venues, artists, ticketers, or their

---

[1] There were also communications with certain artist agencies that were arguably relevant to the investigation, but not remotely relevant to any issue in the litigation.

counsel. These communications contain counsel's mental impressions—and therefore are protected by the work product immunity—and/or are protected by the attorney-client privilege under the common interest rule. *See Welland*, 2001 WL 1154666, at *2; *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989). Defendants will not produce these protected communications.

Plaintiffs also asked Defendants to "represent they did not engage any other external agents to act on their behalf in communicating with industry participants regarding the investigation or litigation." *See* Sept. 17 Ltr. at 2. Defendants confirm (and, again, would have confirmed directly to Plaintiffs but for this premature motion) that they did not engage any external agents (besides their outside counsel) to "act on their behalf in communicating with industry participants regarding the investigation or litigation."

## Interrogatory No. 1

Plaintiffs acknowledge that Defendants agreed to supplement their response to Interrogatory No. 1 "based on responsive third-party communications with the nine senior Live Nation executives agreed to in connection with [RFP] No. 2," but they assert that (1) "Defendants have refused to provide their supplemental response by any specific date" and that (2) Defendants "have not committed to providing responsive information concerning communications with Defendants' external counsel and other agents." *See* Sept. 17 Ltr. at 2–3.

Plaintiffs' first complaint is moot because Defendants have now provided information confirming that there were only a small number of such communications and that those communications are protected from disclosure. *See supra* at 2–3. And Plaintiffs' second complaint is irrelevant, because Interrogatory No. 1 does not ask for information concerning communications with Defendants' outside counsel and other agents. By its terms, Interrogatory No. 1 asks Defendants to identify third parties "**that You have communicated** with regarding the Investigation, Litigation, or the conduct alleged in the Complaint." *See* Ex. 1 (Pls.' First Set of Interrogatories) at 5 (emphasis added). Plaintiffs' defined term "You" does not include agents nor outside counsel of Defendants. *See id.* at 2. And even if Plaintiffs had requested such communications, they would be protected from disclosure as work product and/or attorney-client privileged communications as explained above.

\*       \*       \*

Defendants' representations herein should resolve the parties' disputes regarding RFP No. 2 and Interrogatory No. 1. Defendants look forward to discussing other discovery-related issues with the Court at the September 27 hearing.

Dated: September 19, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Andrew M. Gass (admitted *pro hac vice*)
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*


CRAVATH, SWAINE & MOORE LLP

David R. Marriott
   *Co-Lead Trial Counsel*
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

dmarriott@cravath.com
lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*


cc:    All Counsel of Record (via ECF)