**VIA ECF**                                                                                                          September 23, 2024
The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

      Plaintiffs and Defendants submit this joint letter pursuant to the Scheduling Order issued on August 20, 2024 (ECF No. 237).

**I.  Plaintiffs' Issues for Discussion at the Conference**
1. Plaintiffs' September 17 Motion to Compel and Defendants' initial disclosures;
2. Interim and substantial completion deadlines for document productions;
3. Plaintiffs' First Requests for Production to Defendants ("Plaintiffs' First RFPs"):
   i. Request No. 3 ("All documents responsive to any of the Investigative Subpoenas issued by any Plaintiff during the Investigation, and that were reviewed by counsel for the Company at any level (including any first-level or contract review) but have not yet been produced."), and
   ii. Request No. 5 ("All executed contracts in effect on or after January 1, 2015, including original contracts and any subsequent modifications, extensions, amendments, and all underlying agreements that govern or governed the Company's agreement with any Person, for all: a. Relevant Products and Services; b. Secondary Ticketing Services; c. Venue Operations and Booking Services; or d. Artist Management Services.");
4. Defendants' responses to Plaintiffs' First Interrogatories; and
5. Documents reviewed for responsiveness to Plaintiffs' civil investigative demands ("CIDs").

**II. Defendants' Issues for Discussion at the Conference**
1. The scope of discovery relating to secondary ticketing;
2. The number of hours allotted for Plaintiffs' 30(b)(6) depositions;
3. Contention interrogatories; and
4. The scope of the Protective Order.

**III. Plaintiffs' Statement**

      Plaintiffs have diligently and expeditiously pursued and produced discovery in accordance with the Court's schedule. The original Plaintiffs have substantially completed their productions in response to Defendants' First Requests for Production, substantively responded to all of Defendants' interrogatories, and provided detailed initial disclosures identifying 180 individuals and entities likely to have discoverable information. By contrast, Defendants have delayed the production of responsive documents, failed to identify non-parties they may rely on for their defenses, and have otherwise impeded Plaintiffs' pursuit of timely discovery. For example:

- **Discovery Delays:** Plaintiffs issued their first RFPs on July 15 seeking readily available documents. Nevertheless, Defendants waited more than 55 days to produce any documents, and before today, had only produced organization charts, despite Plaintiffs serving 13 RFPs in July and 74 in total. Defendants have also rejected Plaintiffs' requests for a weekly standing call to more efficiently address the parties' discovery obligations.

1

- *Request No. 3:* Defendants have refused to produce documents they determined were responsive to compulsory process issued during Plaintiffs' pre-complaint investigation but not produced before Plaintiffs filed the complaint. Defendants have *already* reviewed these documents and identified them as relevant to facts at issue in the litigation.
- *Request No. 5:* While the parties have made progress in their discussion of the production of relevant contracts, central to Plaintiffs' claims, some important issues remain in dispute. The parties have not been able to agree on the production of artist contracts for promotions services, as Defendants continue to raise confidentiality concerns despite the Protective Order in place.
- *Defendants' Responses to Plaintiffs' First Interrogatories*: Defendants' approach to Plaintiffs' interrogatories suggests a lack of inquiry inconsistent with their responsibilities under the Federal Rules. Defendants did not provide substantive responses to most of Plaintiffs' 10 interrogatories, quibbled with the meaning of terms frequently used and well known in the industry, such as "non-exclusive agreement," and even when they did provide a substantive response, failed to provide any new information. Until today, Defendants refused to provide a date certain by which they will supplement their inadequate responses.
- *Documents reviewed for responsiveness to Plaintiffs' CIDs*: Defendants seek to treat any documents they previously determined as not responsive to Plaintiffs' CIDs as irrelevant to Plaintiffs' RFPs. However, Plaintiffs' RFPs are actually *broader* than the CIDs, such that Defendants' approach would exclude otherwise relevant materials.
- *Number of hours for Plaintiffs' 30(b)(6) depositions*: Plaintiffs request 35 hours to address the complex issues in this case, many of which are best addressed at the corporate level because a given individual will lack sufficient personal knowledge to testify on them competently.
- *Defendants' initial disclosures*: Defendants' initial disclosures fail to identify any specific non-party individuals Defendants may use to support their defenses.
- *Secondary Ticketing:* Defendants' request to "cabin" discovery regarding secondary ticketing is premature, as the parties have only just begun discussing the relevant RFPs.
- *Protective Order:* Defendants' vague and unsubstantiated claim than an entire category of sensitive information produced by non-parties should be designated "non-confidential" cannot be evaluated without more information and an opportunity for non-parties to comment.
- *Contention Interrogatories:* Defendants' request to serve contention interrogatories is premature and not justified given Plaintiffs' prompt and substantial discovery responses.

Defendants' discovery delays and inadequate responses risk impeding Plaintiffs' ability to conduct document discovery in time to identify deponents, allocate deposition hours, and complete depositions on schedule. Plaintiffs seek to discuss with the Court ways to ensure party discovery proceeds in a timely manner, including implementing interim and substantial completion deadlines for document productions going forward.

IV. **Defendants' Statement**

Plaintiffs ignore not only that Defendants have already produced *over 600,000* documents during their pre-Complaint investigations, but also that the parties have made significant progress in narrowing Plaintiffs' listed issues, some of which will be moot by the time of the September 27 conference. By contrast, Defendants' issues require the Court's guidance:

- *Discovery Regarding Secondary Ticketing*: After their multi-year investigation, which specifically included an investigation into secondary ticketing, Plaintiffs chose not to bring any claims regarding secondary ticketing in the face of evidence that Ticketmaster's share in secondary ticketing is too low to support a claim. But, Plaintiffs have served over 30 broad discovery requests regarding secondary ticketing. Defendants request that discovery into

- secondary ticketing be prohibited without a clear showing that the facts, documents or data sought are directly relevant to the alleged anti-competitive effects in *primary* ticketing.
- ***30(b)(6) Depositions***: Plaintiffs' request for 35 hours is burdensome and disproportionate, particularly since the parties are not equally situated. Plaintiffs do not explain why they need more than the 14 hours provided by the federal rules, let alone the 20 hours Defendants offered.
- ***Interrogatories***: Plaintiffs have failed to sufficiently disclose the basis of their claims, including by serving broad initial disclosures identifying numerous third parties with no meaningful information about their relevance to Plaintiffs' broad allegations. This hide-the-ball approach impedes Defendants' ability to conduct discovery and is highly inefficient. Plaintiffs' interrogatory responses (responding to requests to identify third parties encompassed by specific allegations in the Amended Complaint) do not come close to curing the problem. Defendants therefore request that the Court allow them to serve contention interrogatories on Plaintiffs by the interrogatory deadline. Defendants do not otherwise have a comparable tool like 30(b)(6) depositions to obtain information about the basis of Plaintiffs' claims.
- ***Protective Order***: The vast majority of the ~850,000 documents in Plaintiffs' investigative files are designated Highly Confidential or Confidential. Many do not meet the Protective Order's confidentiality requirements, but challenging improper designations on a by-document basis is burdensome. At this stage, the improper designations are particularly problematic with respect to the details in third-party materials relating to venues purportedly impacted by Defendants' alleged conduct. Defendants request that the Protective Order be amended to categorically designate such information non-confidential. Absent such relief, Defendants will be hampered from obtaining information from their relevant business people to put on a full defense.

Plaintiffs mischaracterize the state of discovery by raising non-issues and failing to account for Defendants' significant progress on discovery to date:

- ***Status of Discovery***: Plaintiffs admit that the vast majority of their RFPs seek custodial documents, and Plaintiffs do not (and cannot) claim that Defendants have delayed in responding to those requests. Additionally, Defendants have already produced 19,713 pages of material in response to Plaintiffs' "go-get" requests, which the parties continue to negotiate.
- ***Plaintiffs' Request Nos. 3 and 5***: With respect to Request No. 3, this is a non-issue because there are no documents that Defendants "determined were responsive" to Plaintiffs' CIDs but did not produce. With respect to Request No. 5, the parties are actively negotiating the scope of contracts to be produced, including artist contracts.
- ***Defendants' Interrogatory Responses***: Defendants have fully complied with their obligations under the rules, and—after Plaintiffs clarified ambiguities in their requests during a recent meet and confer—Defendants intend to submit supplemental responses within the next week.
- ***Review of Documents Not Responsive to CIDs***: Plaintiffs admit that there is significant overlap between the issues relevant to the investigation and this case. It would be wasteful and burdensome for Defendants to re-review documents (over 1.8 million) that they already determined are irrelevant to those overlapping issues. The parties continue to discuss this.
- ***Defendants' Initial Disclosures***: Defendants disclosed the individuals and entities known to them at this time, including 15 individuals employed by Defendants and 14 individuals/entities outside of Defendants. When Defendants identify additional individuals/entities likely to have discoverable information that they may use to support their defenses, Defendants will make additional disclosures as required by Fed. R. Civ. P. 26(e).

Respectfully submitted,

*/s/ Bonny Sweeney*
BONNY SWEENEY
*Lead Trial Counsel*
John R. Thornburgh II
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Bonny.Sweeney@usdoj.gov
John.Thornburgh@usdoj.gov
*Attorneys for Plaintiff United States*

*/s/ Robert A. Bernheim*
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

*/s/ Amanda J. Wentz*
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax: (501) 682-8118
Email:  amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

*/s/ Paula Lauren Gibson*
Paula Lauren Gibson (Admitted *Pro Hac Vice)*
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorney for Plaintiff State of California*

*/s/ Conor J. May*
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
Conor.May@coag.gov
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
*Attorney for Plaintiff State of Colorado*

/s/ Kim Carlson McGee
Kim Carlson McGee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of
Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: kim.mcgee@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Adam Gitlin
Adam Gitlin (*pro hac vice* forthcoming)
Chief, Antitrust and Nonprofit Enforcement
Section
Office of the Attorney General for the
District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Adam.gitlin@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Liz.Brady@myfloridalegal.com
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
850-414-3300
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (Admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
(872) 272-0996 cell phone
Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

/s/ Jesse Moore
Jesse Moore (*pro hac vice* forthcoming)
Deputy Attorney General
Jesse.Moore@atg.in.gov
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Phone: 317-232-4956
*Attorney for the Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (*pro hac vice* forthcoming)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Tel: (515) 281-5164
noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Lynette R. Bakker
Lynette R. Bakker (*pro hac vice*
forthcoming)
First Assistant Attorney General
Antitrust & Business Organizations
lynette.bakker@ag.ks.gov
Kansas Office of Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Phone: (785) 296-3751
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud
Assistant Attorney General
Complex Litigation Section
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Phone: (225) 326-6400
Fax: (225) 326-6498
GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

*/s/ Schonette J. Walker*
Schonette J. Walker (Admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
swalker@oag.state.md.us
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
(410) 576-6470
*Attorney for Plaintiff State of Maryland*

*/s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Katherine.Krems@mass.gov
(617) 963-2189
*Attorney for Plaintiff Commonwealth of Massachusetts*

*/s/ LeAnn D. Scott*
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
Scottl21@michigan.gov
*Attorney for Plaintiff State of Michigan*

*/s/ Zach Biesanz*
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
zach.biesanz@ag.state.mn.us
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Phone: (651) 757-1257

*Attorney for Plaintiff State of Minnesota*

*/s/ Gerald L. Kucia*
Gerald L. Kucia (*pro hac vice* forthcoming)
Special Assistant Attorney General
Gerald.Kucia@ago.ms.gov.
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Phone: (601) 359-4223
*Attorney for Plaintiff State of Mississippi*

*/s/ Justin C. McCully*
Justin C. McCully (*pro hac vice* forthcoming)
Colin P. Snider (*pro hac vice* forthcoming)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Tel: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorneys for Plaintiff State of Nebraska*

*/s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish

Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-2150
zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Yale A. Leber

Yale A. Leber (admitted *pro hac vice*)
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
Phone: (973) 648-3070
Yale.Leber@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

/s/ Jeremy R. Kasha

Jeremy R. Kasha
Assistant Attorney General
Jeremy.Kasha@ag.ny.gov
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8262
*Attorney for Plaintiff State of New York*

/s/ Jeff Dan Herrera

Jeff Dan Herrera (*pro hac vice* forthcoming)
Assistant Attorney General
Consumer Protection Division
JHerrera@nmdoj.gov
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87501
Phone: (505) 490-4878
*Attorney for Plaintiff State of New Mexico*

/s/ Sarah G. Boyce

Sarah G. Boyce (admitted *pro hac vice*)
Deputy Attorney General & General Counsel
SBoyce@ncdoj.gov
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6000
Facsimile: (919) 716-6050
*Attorney for Plaintiff State of North Carolina*

/s/ Sarah Mader

Sarah Mader (Admitted *pro hac vice*)
Assistant Attorney General
Antitrust Section
Sarah.Mader@OhioAGO.gov
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
*Attorney for Plaintiff State of Ohio*

/s/ Robert J. Carlson

Robert J. Carlson (*pro hac vice* forthcoming)
Senior Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street
Suite 1000
Tulsa, OK 74119
Telephone: 918-581-2384
Email: robert.carlson@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*

/s/ Tim Nord
Tim Nord (admitted *pro hac vice*)
Special Counsel
Tim.D.Nord@doj.oregon.gov
Civil Enforcement Division
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
Tel: (503) 934-4400
Fax: (503) 378-5017
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
jbetsko@attorneygeneral.gov
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Phone: (717) 787-4530
*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ Paul T.J. Meosky
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2064
(401) 222-2995 (Fax)
pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ Danielle A. Robertson
Danielle A. Robertson (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
DaniRobertson@scag.gov
(803) 734-0274
*Attorney for Plaintiff State of South Carolina*

/s/ Aaron Salberg
Aaron Salberg (*pro hac vice* forthcoming)
Assistant Attorney General
aaron.salberg@state.sd.us
1302 E. Hwy 14, Suite 1
Pierre SD 57501
*Attorney for Plaintiff State of South Dakota*

/s/ Hamilton Millwee
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: 615.291.5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Trevor Young (admitted *pro hac vice*)
Deputy Chief, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674
*Attorney for Plaintiff State of Texas*

*/s/ Marie W.L. Martin*
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
mwmartin@agutah.gov
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Tel: 801-366-0375
*Attorney for Plaintiff State of Utah*

*/s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (*pro hac vice* forthcoming)
Assistant Attorney General
Consumer Protection and Antitrust Unit
sarah.aceves@vermont.gov
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Phone: (802) 828-3170
*Attorney for Plaintiff State of Vermont*

*/s/ Tyler T. Henry*
Tyler T. Henry (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-2071
Facsimile: (804) 786-0122
thenry@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Rachel A. Lumen*
Rachel A. Lumen (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-5343
Rachel.Lumen@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax: (304) 558-0184
douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

*/s/ Laura E. McFarlane*
Laura E. McFarlane (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-8911
mcfarlanele@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841
william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*

**FOR DEFENDANTS:**

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| /s/ Alfred C. Pfeiffer <br> Alfred C. Pfeiffer (*pro hac vice* pending) <br> Timothy L. O'Mara (*pro hac vice* pending) <br>   *Lead Trial Counsel for* <br>   *Live Nation Entertainment, Inc.* <br> Jennifer L. Giordano <br> Andrew M. Gass (*pro hac vice* pending) <br> Lindsey S. Champlin (*pro hac vice* <br>   forthcoming) <br> Kelly S. Fayne (*pro hac vice* pending) <br> Robin L. Gushman (*pro hac vice* pending) <br><br> 505 Montgomery Street, Suite 2000 <br> San Francisco, CA 94111-6538 <br> (415) 391-0600 <br><br> 555 11th Street NW, Suite 1000 <br> Washington, D.C. 20004 <br> (202) 637-2200 <br><br> Al.Pfeiffer@lw.com <br> Tim.O'Mara@lw.com <br> Jennifer.Giordano@lw.com <br> Andrew.Gass@lw.com <br> Lindsey.Champlin@lw.com <br> Kelly.Fayne@lw.com <br> Robin.Gushman@lw.com <br><br> *Attorneys for Defendants Live Nation* <br> *Entertainment, Inc. and Ticketmaster L.L.C.* | /s/ David R. Marriott <br> David R. Marriott <br>   *Lead Trial Counsel for* <br>   *Ticketmaster L.L.C.* <br> Lauren A. Moskowitz <br> Jesse M. Weiss <br> Nicole M. Peles <br><br> Two Manhattan West <br> 375 Ninth Avenue <br> New York, NY 10001 <br> (212) 474-1000 <br><br> dmarriott@cravath.com <br> lmoskowitz@cravath.com <br> jweiss@cravath.com <br> npeles@cravath.com <br><br> *Attorneys for Defendants Live Nation* <br> *Entertainment, Inc. and Ticketmaster L.L.C.* |