UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA et al.,

                        Plaintiffs,

-against-

LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C.,

                        Defendants.

24-CV-3973 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

      Live Nation and Ticketmaster want to transfer this case from the Southern District of New York to the District of Columbia. They say that transfer is required by a retention-of-jurisdiction provision in a consent decree that resolved a prior challenge to their merger. But this case doesn't fall within the scope of that provision, and defendants can't otherwise carry their burden to show that transfer would foster convenience or the interests of justice. For these reasons, and those further discussed below, defendants' motion is DENIED.

## BACKGROUND

      This case kicked off in May 2024, with the United States, twenty-nine states,[1] and the District of Columbia suing defendants for "engag[ing] in numerous forms of anticompetitive conduct" to create a monopoly over the "delivery of nearly all live music in America today." Dkt. 4 ¶¶ 1, 6. Plaintiffs allege that defendants' control of music management, concert promotion, concert venues, and ticketing has negative effects on consumers and "undermines innovation" in the music industry. *Id.* ¶¶ 3, 8, 10. Plaintiffs sued defendants for violating the Sherman Act, 15 U.S.C. §§ 1–2, and related state (and DC) laws.[2] Dkt. 233 ¶ 67.

      This isn't the first time the government has tangled with defendants over their compliance with the antitrust laws. When defendants announced their merger in 2009, the Department of

---

[1] The original state plaintiffs were Arizona, Arkansas, California, Colorado, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

[2] Plaintiffs' amended complaint was filed on August 19, 2024. Dkt. 233. Ten new state plaintiffs were added to the suit: Indiana, Iowa, Kansas, Louisiana, Mississippi, Nebraska, New Mexico, South Dakota, Utah, and Vermont.

Justice commenced a wide-ranging investigation that "scrutinized potential horizontal effects in primary ticketing" and "potential vertical effects from the combination of concert promotions and primary ticketing." Dkt. 187 at 5. Based on the DOJ's investigation, the United States and nineteen states (all of whom are plaintiffs in this case as well) sued in DC to block the deal. *Id.* at 6; Dkt. 225 at 2. The suit, brought in DC district court, was filed along with a proposed consent decree that allowed defendants to merge but imposed restrictions on their conduct in the primary-ticketing market. Dkt. 187 at 6–7. In 2010, the DC court entered a judgment adopting the parties' consent decree, stating:

> This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions. Dkt. 188-4 at 26.

A decade later, the judgment was amended and extended to apply until December 31, 2025. Dkt. 188-8 at 30. The amended decree had a retention-of-jurisdiction provision materially identical to the original. *Id.* at 29–30. Citing the proceedings in DC and the provision quoted above, defendants have moved to transfer this case.

## LEGAL STANDARDS

28 U.S.C. § 1404(a) states that "a district court may transfer any civil action to any other district or division where it might have been brought" if doing so serves the "convenience of [the] parties and witnesses" and is "in the interest of justice." The moving party bears the burden to show by "clear and convincing evidence" that a transfer is justified. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010).

## DISCUSSION

**I.   The consent decree's retention-of-jurisdiction provision doesn't apply to this case.**

Defendants argue that the consent decree's retention-of-jurisdiction provision mandates transfer to DC. Dkt. 187 at 11. The provision states that the DC court "retains jurisdiction" to hear applications "to carry out or construe th[e] Amended Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions." Dkt. 188-8 at 29–30. The key question is whether this case is an effort to 1) carry out, 2) construe, 3) modify, 4) enforce, or 5) punish violations of the decree.

Defendants don't really argue that this case is an effort to "carry out" the decree, "construe" it, "enforce" it, or "punish" for violating its requirements. The most they say is that this case has a "less direct" "connection" to these categories but "implicates" them, Dkt. 187 at 14, and even this

2

is a stretch. The decree resolved a single claim arising under Section 7 of the Clayton Act, 15 U.S.C. § 18. This case alleges violations of the Sherman Act and various state laws, not the consent decree. Plaintiffs aren't trying to vindicate the decree's requirements; they say that defendants have violated separate legal duties.

That leaves the "modify" category, which is what defendants hang their hat on. They say that this case is an effort to "modify" the decree by "unwind[ing] the merger that was the entire subject of the agreement" and the "core bargain" of the negotiation. Dkt. 187 at 14; *see also id.* at 1 ("This lawsuit seeks a profound modification of the decree: unwinding the merger that it expressly allowed."); Dkt. 230 at 2 ("[T]his action plainly seeks to 'modify' the Decree by seeking to unwind the merger that it allowed and continues to regulate."). The gist of defendants' argument is that any attempt to split Live Nation and Ticketmaster "modifies" the decree because the decree allowed defendants to merge in the first place. So because plaintiffs are asking for a split in this case, they are necessarily also seeking to "modify" the decree.

This argument is at odds with the language of the decree. The decree didn't green-light defendants' merger for all time. All it said was that in exchange for defendants' agreement to license ticketing software to a competitor, divest a ticketing subsidiary, and refrain from retaliatory behavior, the plaintiffs in that case would discontinue their one Clayton Act claim. *See* Dkt. 188-4, 188-8. True, the practical effect of the decree was to remove an immediate barrier to defendants' merger. But nothing in the decree insulated the merged entity from future antitrust challenges, including this case. There's no immunity provision, no release, and defendants haven't argued that the consent decree has any preclusive effect here. This case doesn't run up against the decree because the decree doesn't reach beyond the specific pre-merger challenge that it helped resolve. Defendants remain liable for violating the laws at issue here, and plaintiffs don't have to "modify" the decree to seek enforcement of those laws.

Because this case isn't seeking to 1) carry out, 2) construe, 3) modify, 4) enforce, or 5) punish violations of the decree, it's different from defendants' cited cases, where a prior agreement was directly implicated. *See United States v. Am. Soc'y of Composers, Authors & Publishers*, 32 F.3d 727, 732 (2d Cir. 1994) (plaintiff challenged the results of arbitration mandated by a consent decree and thus "ask[ed] a state court to 'construe and enforce the terms'" of that decree); *Flanagan v. Arnaiz*, 143 F.3d 540, 543 (9th Cir. 1998) (enforcement of prior settlement agreement); *Republic Bldg. Co., Inc. v. Charter Twp.*, 81 F.4th 662, 668 (6th Cir. 2023) ("We conclude that consideration of plaintiffs' claims would require the district court to interpret or enforce the consent judgment."); *Davidson v. Dean*, 104 F.3d 350 (2d Cir. 1996) (plaintiff brought claims under consent decree); *Omnicell, Inc. v. Medacist Sols. Grp., LLC*, 272 F.R.D. 469, 472 (N.D. Cal. 2011) (seeking declaration that prior license had not been breached); *Androb Jewelry Serv., Inc. v. Malca-Amit USA, LLC*, 2017 WL 4712422, at *9 (S.D.N.Y. Sept. 25, 2017) (several claims subject to prior agreement, and application of § 1404(a) factors "does not suggest any material reason to keep this case in the Southern District of New York"). The retention-of-

jurisdiction provision doesn't apply to this case. So regardless of whether it's a mandatory or permissive jurisdictional grant (which the Court doesn't need to resolve here), it doesn't require transfer to DC.

**II. Defendants can't demonstrate that transfer is warranted for the convenience of the parties or the interests of justice.**

Because the consent decree's retention-of-jurisdiction provision doesn't apply to this case, defendants are left trying to prove that transfer would nevertheless serve the convenience of the parties and the interests of justice. They don't come close to carrying their burden on this front. No one contests that this case *could* have been brought in DC, but even defendants acknowledge that New York and DC are "equally convenient." Dkt. 230 at 2. As for any argument that the DC court's experience with the prior case warrants transfer, that doesn't hold up: the prior case was never litigated, and the judge who oversaw the consent decree is now inactive. There's no reason to think that sending this case to DC would yield any efficiency gains. Just the opposite: a midstream transfer would derail this case, which is steadily moving to summary judgment next year and trial in early 2026. Defendants can't meet their burden to show by clear and convincing evidence that transfer would be convenient or further the interests of justice.

## CONCLUSION

For the reasons above, defendants' motion to transfer this case to the United States District Court for the District of Columbia is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 186.

SO ORDERED.

Dated: October 3, 2024
       New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge