# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> LIVE NATION ENTERTAINMENT, INC. <br> and <br> TICKETMASTER L.L.C. <br><br> *Defendants.* | Case No. 1:24-cv-03973-AS-SLC |

## ORDER REGARDING DEPOSITION PROTOCOL

WHEREAS, in order to minimize expense and facilitate the orderly and efficient progress of this action, Plaintiffs United States of America (the "United States") and the States of Arizona, Arkansas, California, Colorado, Connecticut, Florida, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, Wisconsin, and Wyoming, the Commonwealths of Massachusetts, Pennsylvania, and Virginia, and the District of Columbia, acting by and through their respective Attorneys General (the "State AGs"), and Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster L.L.C. ("Ticketmaster") (collectively "Defendants", and together with Plaintiffs, the "Parties" and Plaintiffs collectively and Defendants collectively, each a "Party"), have negotiated a deposition protocol to govern the taking of depositions in this action.

WHEREAS, pursuant to Federal Rule of Civil Procedure 29(a) and (b), the Parties may stipulate that "a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition; and [] other procedures governing or limiting discovery be modified";

WHEREAS, pursuant to Federal Rule of Civil Procedure 30(b)(4) "[t]he parties may stipulate . . . that a deposition be taken by telephone or other remote means";

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that Depositions shall proceed subject to the following rules and procedures.

## DEFINITIONS

1. "Court Reporter" shall mean the individual designated by the Court Reporting Agency to administer, record, and transcribe the Deposition.

2. "Court Reporting Agency" shall mean the court reporting company selected for the Deposition.

3. "Defending Attorney" shall mean any attorney representing the Witness at the Deposition.

4. "Deposition" shall mean a deposition conducted pursuant to Federal Rule of Civil Procedure ("Rule") 30 or pursuant to subpoena under Rule 45, regardless of whether it is conducted as an In-Person Deposition or as a Remote Deposition.

5. "In-Person Deposition" shall mean any Deposition in which the Witness, Questioning Attorney(s), Defending Attorney(s), Court Reporter, and Videographer are all physically present in the same room at the time of the Deposition.

6. "Non-Party" shall mean any entity or its directors, officers, or employees that is not a named Plaintiff or Defendant and which receives a subpoena to testify at a Deposition under Rule 45.

7. "Noticed Party" shall mean any Witness, Party or Non-Party that is the recipient of a notice of Deposition.

8. "Noticing Attorney" shall mean any attorney listed below the signature block of the deposition notice corresponding to the Deposition to which these rules and procedures apply, and/or any individual affiliated with that attorney's law firm or agency and authorized by that law firm or agency to communicate about matters relating to the Deposition.

9. "Operator" shall mean the individual designated by the Court Reporting Agency or the Noticing Attorney to provide remote technological support to all Participants during the Remote Deposition.

10. "Participant" shall mean the Witness; any person providing technical support to the Witness; the Questioning Attorney(s); the Defending Attorney(s); Party Attorneys or client representatives appearing on behalf of one of the Parties; paralegals, staff, or other individuals providing support to the attorneys or, if an expert, the Witness; the Court Reporter; the Videographer; and the Operator.

11. "Party Attorney" shall mean any attorney other than the Defending Attorney(s) or Questioning Attorney(s) who represents one of the Parties at a Deposition.

12. "Plaintiff" or "Plaintiffs" refers to the United States, the State Attorneys General and any additional plaintiffs that may be added or joined to this action or any plaintiffs in any action against Defendants that is coordinated with this action for discovery purposes.

Case 1:24-cv-03973-AS   Document 380   Filed 10/15/24   Page 3 of 17

13. "Questioning Attorney" shall mean the attorney(s) who questions the Witness during the Deposition for the purpose of eliciting sworn testimony.

14. "Remote Deposition" shall mean any Deposition in which one or more of the Witness, Questioning Attorney(s), Defending Attorney(s), Court Reporter or Videographer are in separate physical locations from the Witness at the time of the Deposition.

15. "Remote Deposition Exhibit Platform" shall mean the software application provided by the Court Reporting Agency to display exhibits during the Deposition.

16. "Remote Deposition Video Platform" shall mean the videoconferencing service platform provided by the Court Reporting Agency to host the Deposition.

17. "Videographer" shall mean the individual designated by the Court Reporting Agency or the Remote Deposition Video Platform to record the Deposition by videographic means, including by recording the live stream of any Remote Deposition.

18. "Witness" shall mean the individual who gives sworn testimony on the record during the Deposition, including any expert Witness.

## SCOPE OF THE DEPOSITION PROTOCOL

19. Except as specifically provided herein, this Deposition Protocol shall govern all discovery depositions of Party and Non-Party Witnesses (including Depositions of Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6)" Witnesses)), taken in this action.

20. This Protocol incorporates the provisions in Judge Subramanian's Individual Practices in Civil Cases ("Individual Practices"), and does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Evidence, or the Local Rules of the United States District Courts for the Southern

and Eastern Districts of New York (the "Local Rules") except to the extent those rules are specifically modified by the Individual Practices or herein.

### DEPOSITION LIMITATIONS

21. Plaintiffs collectively shall be limited to a total of three hundred (300) hours for depositions of fact witnesses (with no limit on the number of depositions) under Rule 30 and Rule 45 of the Federal Rules of Civil Procedure, in this action. Defendants collectively shall be limited to a total of three hundred (300) hours for depositions of fact witnesses (with no limit on the number of depositions) under Rule 30 and Rule 45 of the Federal Rules of Civil Procedure, in this action. Any Party, for good cause, may request additional deposition time from the Court. This protocol does not waive any Party's right to object to any particular deposition or Rule 30(b)(6) topic.

22. The default time limit for the Deposition of a Witness is one day with up to seven (7) hours on the record. To the extent that any Party believes that a different limit should apply for any particular Deposition, the Party must initiate a meet and confer discussion about the appropriate limit for that particular Deposition, and, if necessary, may seek relief from the Court.

23. For planning purposes, at least two (2) days before the Deposition, the Noticing Attorney will endeavor in good faith to provide counsel for the Noticed Party with notice if Noticing Attorney expects to use less than three (3) record hours, but nothing shall preclude the Questioning Attorney from using more or less on the record hours, subject to the seven (7) hour time limit.

24. Plaintiffs collectively shall be limited to a total of thirty-five (35) hours of deposition time for Defendants collectively under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs may issue two 30(b)(6) deposition notices to Live Nation Entertainment,

5

Inc., which would encompass both Live Nation Entertainment, Inc. and its subsidiary Ticketmaster L.L.C. Plaintiffs collectively may designate up to twenty (20) topics total for Rule 30(b)(6) examination. For the avoidance of doubt, only the on-the-record time actually used by Plaintiffs will count toward the 300-hour limit for fact witness Depositions. For the avoidance of doubt, if a Witness is both an individual fact witness and a Rule 30(b)(6) designee, any time used for the 30(b)(6) deposition does not count against the seven-hour time limit as an individual fact witness, but the total on-the-record time used for the witness's combined 30(b)(6) and fact witness deposition counts against the 300-hour limit for fact witness Depositions.

25. To ensure adequate Witness preparation, the Party noticing a Rule 30(b)(6) Deposition must designate the topics for examination no less than thirty (30) days before the Deposition date. The Party or Non-Party noticed for a Rule 30(b)(6) Deposition must identify the individual(s) designated to testify on its behalf and the topics on which such individual(s) are designated to testify no later than seven (7) days prior to the commencement of the Deposition.

26. In advance of the start date for expert depositions, the parties shall meet and confer to discuss any appropriate modification(s) to this deposition protocol for such depositions. For the avoidance of doubt, expert depositions will not be counted against the time allotted for depositions in the provisions of this protocol.

27. The Parties agree that any individual identified by any opposing Party as a trial witness who has not already been deposed shall be made available for Deposition by the opposing Party reasonably in advance of trial. The Parties agree to meet and confer with respect to the extent of any document productions from the custodial files of such individual, unless the individual was disclosed under FRCP 26(a)(1) sixty (60) days prior to the conclusion of fact discovery.

## ALLOCATION OF DEPOSITION TIME

28.     The Parties will notice Rule 30(b)(6) Depositions so as to allow the Parties to coordinate the timing of the Depositions of a corporate representative designated under Rule 30(b)(6) and the Deposition of that individual as a fact Witness under Rule 30(b)(1).

29.     As to all Depositions noticed by any of the Plaintiffs, including Rule 30(b)(6) Depositions, Plaintiffs' counsel shall confer before the Deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the Deposition.

30.     For Non-Party Depositions, the Noticing Attorney will have up to six (6) hours of examination time and the non-noticing side will have at least up to one (1) hour of examination time.  To the extent Plaintiffs or Defendants cross-notice a Non-Party for Deposition, counsel for all Plaintiffs and counsel for all Defendants shall each receive no more than three and one-half (3.5) hours of deposition time.  Parties may not cross-notice a Deposition solely for purposes of depriving the original Noticing Attorney of examination time.  For cross-noticed Non-Party Depositions, if either Party does not use their allocated 3.5 hours, the other Party may use any of the remaining time, to be counted towards its 300 hour limit.  If the deposition time is expanded or reduced by Court order or agreement, Plaintiffs and Defendants agree to split the available deposition time equally. A Party must serve a cross-notice of deposition on a non-party, if any, within fourteen (14) days of service of the original notice of deposition.  The Parties can modify the presumptive allocations of time for Non-Party Depositions, by agreement.

31.     Regardless of which Party has noticed or cross-noticed a Deposition and the individual time limits on the Deposition, the amount deducted from each side's total hourly limit for Depositions will be the side's actual use of time on the record during the Deposition. For the avoidance of doubt, in the case of non-Party Depositions that are not cross-noticed, any time used

7

on the record by the non-Noticing Party will count toward the non-Noticing Party's 300-hour limit for fact witness Depositions. Likewise, in the case of Party Depositions, any time used on the record by the non-Noticing Party for questioning the Witness will count toward the non-Noticing Party's 300-hour limit for fact witness Depositions.

## NOTICE, SCHEDULING AND LOCATION OF DEPOSITIONS

32. Counsel for the Parties will consult with one another to coordinate, to the extent practicable, all noticing and taking of Depositions. Counsel shall not unilaterally take steps to schedule and notice a Party Deposition without consulting in advance with counsel for the Witness or the Party that is the current employer of the Witness. The preceding sentence shall not apply to subpoenas served on Third Parties not yet known to be represented by counsel.

33. Absent good cause, within ten (10) days of the date a Notice of Deposition is made, the Noticed Party shall respond with proposed dates for the Deposition, except as provided in Paragraphs 35-36.

34. The Parties shall meet and confer in good faith concerning the date, location, and manner of the Deposition.

35. Unless otherwise agreed or by Court order, no Depositions may be scheduled on the dates of Court hearings in the above-captioned matter, or on federal, state, or religious holidays.

36. Unless otherwise agreed or by Court order, Depositions shall take place on a non-holiday weekday and presumptively start at 9:00 a.m. in the local time zone of where the Witness is sitting for the Deposition.

37. To the extent a witness intends to assert his or her right not to testify under the Fifth Amendment of the United States Constitution, he or she is not excused from attendance at the scheduled deposition.

38. A Party issuing a Deposition subpoena to a Non-Party may specify a proposed "placeholder" date for the Deposition in the subpoena but must then meet and confer with counsel for the Non-Party (if known) and the other Parties in the litigation in an effort to agree on a date and time for the Deposition. The Noticing Attorney, any other Party issuing a cross-subpoena to the same Non-Party, and the Witness (or counsel for the Witness) shall negotiate in good faith and undertake reasonable efforts to find an agreeable date for the Deposition. A Party issuing a Deposition subpoena to a Non-Party shall also provide the Non-Party a copy of the protective order entered in this action (ECF No. 213) (the "Protective Order") and any subsequent applicable protective orders.

39. A Noticed Party receiving notice of a Deposition pursuant to Rule 30(b)(6) will have fourteen (14) days from the date of receipt to object to the notice and any topics for examination. The Noticing Attorney and Noticed Party will work in good faith, and meet and confer within seven (7) days upon receipt of any objections to attempt to resolve such objections.

### DEPOSITION CONDUCT

40. The Court Reporter or Videographer shall maintain a total running time for actual Deposition testimony to record how much time is taken in each deposition by each Party and side.

41. An objection by one Party during a Deposition qualifies as, and preserves, an objection by all Parties on the same side.

42. Absent extraordinary circumstances, failure to assert any privilege claims with respect to any document introduced or referenced at a deposition within a reasonable time after discovering that the document contains privileged information waives the privilege claim as to that specific document. Within ten (10) days of asserting any such privilege claim, the party shall provide a privilege log.

## NUMBERING OF DEPOSITION EXHIBITS

43. Each document marked for identification at a Deposition shall be numbered with an exhibit number.

44. The Parties will undertake best efforts to sequentially number all Deposition exhibits using the format JX#### for exhibits they introduce. If possible, each new exhibit shall be given the next available number. If it is not possible to do so (as, for example, when multiple Depositions are conducted on the same day), then the Parties shall break the sequence and use higher numbers to avoid duplication.

45. The Court Reporting Agency shall be directed to prepare an index of exhibits annexed to each Deposition transcript shall contain the document production (Bates) number, the exhibit number for each exhibit marked for identification at the deposition, and each exhibit referenced in the Deposition.

## IN-PERSON DEPOSITION EXHIBITS

46. With respect to any hard-copy exhibit used in an In-Person Deposition, unless otherwise agreed by the Parties planning to attend the In-Person Deposition, the Party offering an exhibit during examination shall make reasonable efforts to make available five hard copies of each exhibit to In-Person participants (including for the Witness and Court Reporter), unless a request is made for an additional, reasonable number of copies at least five (5) business days before the Deposition.

47. To facilitate the provision of exhibits, each Party should notify the Noticing Attorneys of the anticipated number and identities of attendees, and also whether any such attendee intends to appear remotely via Remote Deposition Video Platform technology, or simply telephonically, at least four (4) business days before the Deposition.

48. After the Deposition is concluded, the Questioning Attorney will ensure that any remaining copies of hard copy exhibits are removed from the room and handled consistent with the Protective Order.

## COURT REPORTER, VIDEOGRAPHER, AND OPERATOR
## FOR REMOTE DEPOSITIONS

49. The Noticing Attorney shall indicate whether the deposition is to be in person or conducted remotely. If the Deposition is cross-noticed by Plaintiffs and Defendants, and one noticing Party indicates that the Deposition is to be conducted in person, the Deposition will presumptively be conducted in person, but pursuant to Rules 29(a) and 30(b)(4) of the Federal Rules, the Parties may stipulate that one or more Participants appear remotely at a Deposition. The Parties will consider in good faith and will meet and confer on any request by a Party or a Witness that a Deposition be conducted remotely.

50. Pursuant to Rule 30(b)(5) of the Federal Rules, Remote Depositions will be conducted before a Court Reporter who shall have all of the authority of an officer appointed or authorized under Rule 28 of the Federal Rules to take Depositions.

51. The Court Reporter may administer the oath or affirmation to the Witness through the Remote Deposition Video Platform from a different physical location than the Witness, and such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the Witness (even if the Court Reporter is not a notary public in the state where the Witness is located).

52. The Noticing Attorney shall ask the Court Reporting Agency, the Remote Deposition Video Platform, or the Remote Deposition Exhibit Platform to designate an Operator to assist the Participants with any technical issues that may arise during the Remote Deposition.

## REMOTE DEPOSITION PLATFORMS

53. Remote Depositions shall be conducted using the Remote Deposition Video and Exhibit Platforms and shall be accessed only through a secured connection to protect confidential information. However, the Parties may stipulate that a Witness receive printed potential exhibits if a Party or a Non-Party Witness makes a good-faith request for printed potential exhibits for a

particular Deposition. Under such circumstances, the Noticed Party must notify the Noticing Attorney at least ten (10) business days prior to the deposition that paper exhibits are requested. If the Noticed Party is provided with paper exhibits for the Witness to use during the Deposition, the Parties agree that the Questioning Attorney will introduce exhibits on the Remote Deposition Video Exhibit Platform. For any Deposition with paper exhibits, the Noticed Party shall provide to the Noticing Attorney the name of a local vendor it has retained and with whom the Noticing Attorney may work to facilitate the production of paper exhibits, with costs of such vendor being borne by the Noticed Party. The Noticing Attorney will make a good faith effort to include all exhibits that will be used during the deposition. The Noticing Attorney shall provide electronic versions of the exhibits to be used in the Deposition to the local vendor no later than 12 p.m. ET two (2) business days prior to the Deposition, so that the paper exhibits will be made available in a sealed box at the Deposition location at least one (1) business day prior to the Deposition. The sealed exhibit box shall be opened by the Witness only at the Deposition on the record and on video when instructed to do so by the Questioning Attorney. Any sealed box that contains confidential business information and/or personal data shall be marked as "CONTAINING CONFIDENTIAL BUSINESS INFORMATION AND/OR PERSONAL DATA, SUBJECT TO THE PROTECTIVE ORDER," or similar designation.

54. In order to facilitate reliable use of the Remote Deposition Video and Exhibit Platforms, each Participant shall be responsible for acquiring, maintaining, and utilizing computer, audio, and video equipment necessary to conduct the Remote Deposition. The Parties shall work collaboratively and in good faith with the Remote Deposition Video and Exhibit Platforms to assess each Witness's technological capabilities and to troubleshoot any issues in advance of the Remote Deposition so any adjustments can be made, including conducting training sessions separately for a Participant.

55. All private chat features on the Remote Deposition Video and Exhibit Platforms shall be disabled, except insofar as a Party may request from the Videographer a private virtual breakout room for its counsel when not on the record.

## ACCESS TO REMOTE DEPOSITION PLATFORM

56. At least five (5) business days prior to each Remote Deposition, a Defending Attorney shall provide the Noticing Attorney(s) with the names and e-mail address(es) of the Witness and the Attorney for the Witness. If the Witness has no Defending Attorney, a Noticing Attorney shall gather the Witness's name and e-mail address.

57. At least two (2) business days prior to each Remote Deposition, a Noticing Attorney shall provide, or shall cause the Remote Deposition Video and Exhibit Platform(s) to provide, to the Defending Attorney(s) all details necessary to gain access to each Remote Deposition, including but not limited to any web addresses, login credentials, and hardware and software requirements.

## CONDUCT OF THE REMOTE DEPOSITION

58. The Witness and/or her counsel must be the only person(s) in the room during the time he or she is testifying on the record. In the case that any person other than the Witness's counsel enters the room during the time the Witness is testifying on the record, the Witness must disclose that a person has entered and disclose the identity of such person. The Witness shall request that the person leave the room immediately. From the beginning of the time that another person is in the room with the Witness, the time on the record will be stopped and the Questioning Attorney will pause questioning until the Witness confirms that he or she and the Witness's counsel are the only persons in the room.

59. The Witness, Questioning Attorney(s), and Defending Attorney(s) must identify themselves on the record when the Remote Deposition commences. Appearances other than the Witness, Questioning Attorney(s), and Defending Attorney(s) shall be noted on the stenographic record.

60. The Witness, Questioning Attorney, Defending Attorney, and any other counsel for the Witness present in the room with the Witness, shall be visible through the Remote Deposition Video Platform while on the record throughout the Remote Deposition. The Court Reporter and Videographer may also appear on camera as appropriate to facilitate the Remote Deposition.

61. In order to minimize background noise, the Operator may, at his or her discretion, or at the direction of the Court Reporter, mute individual Participants' lines when those Participants are not speaking, except that in no event shall the Operator mute the Court Reporter's, Questioning Attorney's, Witness's, or Defending Attorney's line while the Remote Deposition is being conducted. Participants who have been muted shall retain the ability to unmute themselves during times when they desire to speak on the record.

62. The Questioning Attorney(s) shall use the Remote Deposition Exhibit Platform to mark and publish all exhibits that are used during the Remote Deposition. This may be accomplished through the use of a technician provided by the vendor. Prior to the Deposition, the Questioning Attorney(s) may, if feasible, convert intended exhibits to Portable Document Format ("PDF") in order to allow them to be stamped using the Remote Deposition Platform, provided that such conversion does not alter in any way the content of the exhibits. The Questioning Attorney(s) shall confirm that the Witness and Defending Attorney can access each published exhibit prior to questioning the Witness about that exhibit. To this end, the Witness will be provided the ability to download the exhibit through the Remote Deposition Exhibit Platform and will have the opportunity to review it on his or her own screen. Exhibits marked and shown to the Witness using the Remote Deposition Exhibit Platform shall be attached to the Deposition record to the same extent as if the exhibits were physically marked and shown to the Witness.

63. Except as otherwise provided in this Order, no Participant shall permit anyone who is not a Participant to hear or view the Remote Deposition while it is being conducted.

64. The Parties agree to work collaboratively to address, troubleshoot, and make such provisions as are reasonable under the circumstances to resolve any technical issues that arise during the Remote Deposition.

    a. If a technical issue prevents the Questioning Attorney, Defending Attorney, or Witness from speaking to other Participants, the Remote Deposition shall be deemed "off the record" from that time until the issue is resolved and will not be applied to the 7-hour time limit.

    b. If the Questioning Attorney, Defending Attorney, or Witness becomes disconnected from the Remote Deposition Video Platform or the Remote Deposition Exhibit Platform during the Remote Deposition, the Remote Deposition shall be suspended until the matter is resolved to the satisfaction of each Party and will not be applied to the 7-hour time limit.

    c. If a technical issue prevents any Participant from being able to see or hear one or more of the other Participants clearly or to access published exhibits either electronically or in hard copy, the Court Reporter shall, at the request of the Participant encountering such technical issue, suspend the Remote Deposition after any pending question is answered until the technical issue is resolved. Any time spent addressing technical issues will count as "off the record" time and will not be applied to the 7-hour time limit.

65. No Participant shall communicate or attempt to communicate with the Witness while the Remote Deposition is on the record through any means other than the Remote Deposition Video and Exhibit Platforms, except that the Videographer or Operator may communicate with the Witness to resolve technical issues through means other than the Remote Deposition Video and Exhibit Platforms. The Defending Attorney may participate in any such communication. Nothing in this Order prevents the Witness from seeking advice regarding the

15

application of a privilege or immunity from testifying during the course of a Remote Deposition. Nothing in this Order prevents the Defending Attorney from initiating a private communication off the record with the Witness for the purpose of determining whether a privilege or immunity should be asserted, provided the Defending Attorney first states the Defending Attorney's intention on the record before initiating such communication.

66. Before the Remote Deposition, the Defending Attorney will instruct the Witness that they may not privately use or consult any means of communications while on the record during the Remote Deposition (other than audio and video communications used to conduct the Remote Deposition itself), including without limitation electronic communications (e.g., email, text, social media) and other communications (e.g., phone).

67. The Witness, absent a special need, will not have access to or use of the Realtime feed from the Court Reporter at any time during the Remote Deposition.

## MISCELLANEOUS PROVISIONS

68. The Witness, Court Reporting Agency, the Court Reporter, the Operator, and the Videographer shall sign Exhibit A to the Protective Order, dated July 29, 2024.

69. The Parties shall bear their own costs in obtaining a transcript or video of the Deposition.

70. If the Parties agree to conduct a Remote Deposition, then, unless otherwise agreed, the standard costs for use of a Remote Deposition Video Platform and a Remote Deposition Exhibit Platform shall be shared by the Parties.

71. Where a Witness is represented by counsel who does not already represent a party to the above-referenced litigation (e.g., a Non-Party or a present employee of a Defendant with separate counsel), then the Noticing Attorney shall provide a copy of this Order to the Witness's counsel along with the Deposition subpoena or notice.

72. A Party Attorney is responsible for ensuring that participants affiliated with the Party have received a copy of this Order or are otherwise made aware of its relevant contents. A

Noticing Attorney shall provide this Order to any Participants unaffiliated with a Party at least three (3) business days prior to the Deposition or as soon as practicable upon receiving the Participants' names and email addresses from the Defending Attorney.

73. The Parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual instances.

**IT IS SO ORDERED.**

Dated: October 15, 2024

Hon. Arun Subramanian
United States District Judge