# Exhibit A

**Plaintiffs' Chart of Claim Elements Plausibly Alleged in Amended Complaint**

| Claim | Elements | Allegations in Am. Compl., ECF 257 |
|---|---|---|
| **Plaintiffs'[1] Third Claim for Relief:**<br><br>Unlawful Tying Arrangement Concerning the Use of Large Amphitheaters and Artist Promotions Markets in Violation of Sherman Act § 1 | **Elements[2] of a Section 1 Tying Claim (none identified as disputed in ECF 274-2):**<br><br>1. "[A] tying and a tied product";<br><br>2. "[E]vidence of actual coercion by the seller that forced the buyer to accept the tied product";<br><br>3. "[S]ufficient economic power in the tying product market to coerce purchaser acceptance of the tied product";<br><br>4. "[A]nticompetitive effects in the tied market;<br><br>5. "[T]he involvement of a 'not insubstantial' amount of interstate commerce in the 'tied' market."<br><br>\*\*\*<br><br>**Defendants' List of "Elements Not Plausibly Alleged," ECF 274-2**<br><br>1. "The well-pleaded facts underlying Plaintiffs' tying claim do not describe tying, but rather a lawful refusal to deal with rival promoters who seek to rent | 1. ¶¶ 29, 161, 200, 207–208, 210, 242–244.<br><br>2. ¶¶ 6(g), 16, 29–30, 41, 59, 69, 113–116, 149–150, 201, 213–214, 244–246.<br><br>3. ¶¶ 6(g), 16, 25–26, 30, 41, 59, 69, 113–116, 129–130, 138, 149-150, 201, 210–214, 242–246.<br><br>4. ¶¶ 113–114, 116, 144, 149–150, 201, 209, 212, 245–246.<br><br>5. ¶¶ 221–222.<br><br>\*\*\*<br><br><br><br>1. Allegations of the elements of a tying claim, as set forth in *Gonzalez* and *E&L Consulting*: ¶¶ 6(g), 16, |

---

[1] The State of Vermont does not join Claim 3. *See* Compl. ¶¶ 488–490.

[2] *Gonzalez v. St. Margaret's House Hous. Dev. Fund Corp.*, 880 F.2d 1514, 1516–17 (2d Cir. 1989); *accord, e.g., E & L Consulting, Ltd. v. Doman Indus. Ltd.*, 472 F.3d 23, 31 (2d Cir. 2006).

| | | |
|---|---|---|
| | amphitheaters from Live Nation so that they may include those venues in their artist-clients' tours." | 25–26, 29–30, 41, 59, 69, 113–116, 129–130, 138, 144, 149–150, 161, 201, 207–208, 210–214, 221–222, 242–246. |
| | 2. "Plaintiffs fail to allege that there are consumers—artists—who *themselves* (a) wish to acquire the tying product (amphitheater access) directly from Live Nation and the tied product (other promotional services) from another promoter, (b) seek to enter into contracts with Live Nation for the amphitheater access alone, and (c) are presented with terms obligating the purchase of the tied product." | 2. Allegations that (a) artists are the consumers for amphitheater use (¶¶ 19, 25–26, 27, 29, 41, 59, 113–116, 149, 161, 201, 207–210, 242–244); (b) some artists would prefer to use a third-party promoter to perform in an Live Nation-controlled amphitheater (¶¶ 23–24, 59, 113–114, 201); and (c) Live Nation does not allow artists who use a third-party promoter to use its amphitheaters (¶¶ 6(g), 16, 41, 59, 69, 113–116, 138, 149, 201, 244). |
| **State Plaintiffs'[3] Claims for Damages Pursuant to 15 U.S.C. § 15c, for the following alleged violations:**<br><br>• First Claim for Relief: Monopolization of | **Defendants' List of "Elements Not Plausibly Alleged," ECF 274-2**<br><br>1. "State Plaintiffs fail to allege that the consumers on whose behalf they sue suffered an 'antitrust injury.'" | 1. Allegations that consumers on whose behalf the State Plaintiffs sue suffered an antitrust injury: ¶¶ 38, 44, 52–61, 68–69, |

---

[3] The twenty-seven plaintiff states, commonwealths and districts seeking federal damages, pursuant to 15 U.S.C. § 15c are: Arizona, Arkansas, Colorado, Connecticut, Florida, Illinois, Indiana, Iowa, Michigan, Minnesota, Nevada, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Washington, West Virginia, and Wisconsin, Commonwealth of Pennsylvania, and District of Columbia.

2

| | | |
|---|---|---|
| Primary Ticketing Services Markets in Violation of Sherman Act § 2<br><br>• Second Claim for Relief: [4] Unlawful Exclusive Dealing in Violation of Sherman Act § 1 | 2. "State Plaintiffs fail to allege that the consumers on whose behalf they sue are 'efficient enforcers' of the antitrust laws." | 99–112, 139–158, 163, 175–190, 223.<br><br>2. Allegations that establish State Plaintiffs as efficient enforcers of the antitrust laws: ¶¶ 69, 88–98, 139–158, 175-190, 193–194, 222–232. |

---

[4] The State of Vermont does not join Claim 2. *See* Compl. ¶¶ 488–490.

3