**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

*Re:*   *United States et al. v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973-AS
   **Defendants' Letter-Motion for Amendment of Protective Order**

Dear Judge Subramanian:

Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Defendants" or "Live Nation") respectfully submit this letter in support of their proposed amendment to the Protective Order (Dkt. 213), following the Court's guidance at the September 27 hearing. A redline comparison of the Protective Order and Defendants' proposed amended protective order is attached as Exhibit B.

Defendants seek a narrow modification of the Protective Order and request that the Court approve the addition of the below language:

> "For the avoidance of doubt, nothing in the Protective Order shall preclude Defendants from revealing to current or former employees of Defendants the substance of reports of alleged conduct, conversations, or actions involving Defendants (or Defendants' employees), regardless of whether the substance of such reports appears in or derives from documents that were designated as Confidential or Highly Confidential under the Protective Order."

As previewed at the September 27 hearing, Defendants seek to amend the Protective Order at this time to be able to disclose to Defendants the substance of any allegations of conduct, conversations or actions purportedly involving Defendants, regardless of whether that information derives from any discovery material designated Confidential or Highly Confidential under the Protective Order. It is critical that Defendants be able to disclose such information to employees at Live Nation in order to conduct the investigative and preparatory work required to defend themselves fully in this action. Defendants' proposal is narrowly tailored to achieve that objective—the amendment will allow only the disclosure to Defendants of the substance of allegations of conduct, conversations or actions in which Defendants (or their current or former employees) themselves purportedly were involved. To be clear, Defendants are not seeking to disclose the documents or other discovery material that has been designated as Confidential or Highly Confidential under the Protective Order. But Defendants need to be able to disclose the substance of allegations of conduct, conversations or actions in which Defendants (or their current or former employees) were involved that may be contained in such documents, to allow Defendants to undertake the work required to investigate relevant events, identify relevant employees (or former employees) and documents relating to the events in question, and prepare Defendants' witnesses and defenses.

Defendants' proposed amendment will also promote efficiency and reduce the burden on Defendants, non-parties and the Court with respect to the types of information at issue. It would

be impracticable and unnecessarily burdensome to require Defendants to seek relief on a document-by-document basis given the substantial volume of non-party discovery materials designated Confidential and Highly Confidential.[1] Further, the information Defendants seek to disclose may be found in a wide range of non-party materials (such as white papers, emails, and deposition testimony) that have been produced or will be as discovery progresses. Moreover, Defendants' proposed amendment relates to a discrete category of information that does not implicate non-party competitively sensitive information such as trade secrets or terms of trade. And, without it, counsel for Defendants would be inappropriately hamstrung in conducting the fundamental investigatory and preparatory work required to prepare their defense as they would be precluded from disclosing to Defendants the "who, what, when" with regard to Defendants' *own* supposed actions and statements. Accordingly, Defendants submit that their proposal is a reasoned and balanced way of ensuring that the Protective Order does not impede Defendants' ability to mount a proper defense to Plaintiffs' claims.

The parties have met and conferred on Defendants' proposal, and Plaintiffs have confirmed they oppose it.[2] Plaintiffs have argued that Defendants' proposal is "overly broad" and would somehow fail to adequately protect the Confidential and Highly Confidential materials of non-parties. Plaintiffs are wrong. As explained above, Defendants' proposal is narrow in scope in that it targets only conduct, comments and actions supposedly involving Defendants. Defendants' proposal plainly would not risk disclosure of any non-party competitively sensitive information, such as pricing, trade secrets, non-public commercial strategies, terms of trade or anything else of that nature. It also would not permit disclosure of any confidential non-party documents in which allegations about Defendants' conduct or comments are contained. By way of example, if a non-party asserted in a produced email (designated confidential) that Defendants engaged in certain conduct, and that email also contained details about the third party's confidential terms of trade, Defendants' proposed amendment, by its plain terms, would permit only the disclosure of the substance of the allegations relating to the conduct purportedly engaged in by Defendants; it would *not* permit disclosure of the email itself or of any other information contained in the email. Thus, contrary to Plaintiffs' assertion, Defendants' proposal would not expose to Defendants any non-party competitively sensitive information or non-party documents that have been designated Confidential or Highly Confidential.

In response to Defendants' proposed amendment, Plaintiffs put forward a counterproposal that would further limit the disclosures Defendants are allowed to make—specifically, by limiting the

---

[1] Plaintiffs' investigative files contain over 640,000 documents designated Confidential or Highly Confidential. As discovery moves forward, that number is certain to increase substantially given that Plaintiffs have served document subpoenas on over 130 non-parties to date.

[2] The parties held a lead counsel meet and confer on Defendants' proposed amendment via videoconference on October 15 at 5 pm ET, and a subsequent meet and confer via videoconference on October 18 at 4pm ET, at which Plaintiffs confirmed they would oppose Defendants' proposal. With respect to the protective order issue, each conference lasted approximately 15-20 minutes. Jesse Weiss was the principal participant for Defendants, and Brian White was the principal participant for Plaintiffs.

permitted disclosures only to allegations of "anticompetitive retaliation", and only to an employee of Defendants "who (a) is named with specificity in a document, (b) received or sent a document, or (c) who outside counsel for Defendants have a good faith belief is an employee alleged to have engaged in the conduct referenced in a document."[3] During the parties' October 18 meet and confer, Defendants asked Plaintiffs to confirm if they intended to submit their counterproposal to the Court with their opposition to Defendants' amendment. Plaintiffs declined to so confirm. In any event, Plaintiffs' proposed language does not present a workable alternative. Setting aside that the phrase "anticompetitive retaliation" is vague, there is simply no good reason to limit the permitted disclosures to any narrow category of allegations about Defendants' own conduct. For example, an assertion that someone from Live Nation made comments to a venue at a meeting relating to a matter at issue in this case, though not amounting to an allegation of "anticompetitive retaliation," would be relevant to Plaintiffs' allegations and would be something Defendants should be able to disclose to Live Nation employees who may have information about the alleged comments in order to fully investigate the relevant events. Nor is there any valid reason to limit the permitted disclosures only to specific employees of Defendants in the way that Plaintiffs have proposed. For one thing, it will not always be clear from the documents which individuals at Defendants purportedly were involved in the relevant events. More fundamentally, Defendants' counsel need to be able to disclose allegations of conduct, conversations or actions by Defendants to anyone at Defendants who may have been involved in or otherwise may have information pertaining to the relevant events, as well as to in-house counsel, to enable Defendants to conduct the investigatory and preparatory work required to defend against Plaintiffs' allegations. Given that assertions of Defendants' own conduct can hardly be considered competitively sensitive, there is no reason to hamstring Defendants' investigative efforts in this manner.

For the foregoing reasons, Defendants respectfully request that the Court enter Defendants' proposed amendment to the Protective Order in the form submitted as Exhibit B.

Dated: October 22, 2024

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| *[signature]* | *[signature]* |
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>   *Co-Lead Trial Counsel* | David R. Marriott<br>   *Co-Lead Trial Counsel f* |
| Timothy L. O'Mara (admitted *pro hac vice*) | Lauren A. Moskowitz |
| Jennifer L. Giordano | Jesse M. Weiss |
| Andrew M. Gass (admitted *pro hac vice*) | Nicole M. Peles |
| Kelly S. Fayne (admitted *pro hac vice*) | |
| Lindsey S. Champlin (admitted *pro hac vice*) | Two Manhattan West |
| Robin L. Gushman (admitted *pro hac vice*) | 375 Ninth Avenue |
| | New York, NY 10001 |
| 505 Montgomery Street, Suite 2000 | (212) 474-1000 |

---

[3] The parties' email exchanges relating to Defendants' proposed amendment and Plaintiffs' counterproposal (including the full text of Plaintiffs' counterproposal) are attached as Exhibit C.

San Francisco, CA 94111
(415) 391-0600

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

dmarriott@cravath.com
lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc:     All Counsel of Record (via ECF)