**VIA ECF**

The Honorable Arun Subramanian                                                                October 24, 2024
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:     <u>United States, et al. v. Live Nation Entertainment, Inc., et al.</u>, No. 1:24-cv-03973

Dear Judge Subramanian:

      Plaintiffs do not oppose a narrow amendment to the Court's Protective Order (Dkt. 213), provided that the amendment adequately protects the interests of the producing non-parties and the affected non-parties are first given notice and an opportunity to be heard. But Defendants' proposal lacks these critical non-party protections. Defendants assert that they need to disclose certain information contained in non-parties' Confidential and Highly Confidential documents to conduct discovery and prepare for trial. Specifically, certain non-party whistleblowers have provided Plaintiffs with information concerning Defendants' retaliatory and threatening misconduct that is relevant to Plaintiffs' claims. While Defendants may be permitted to speak with the individuals who engaged in that misconduct for purposes of discovery and trial preparation, they should not be permitted to misuse non-parties' information in a way that could lead to retaliation against them.

      Plaintiffs allege, among other things, that Live Nation and Ticketmaster use their power to lock non-party venues into using Ticketmaster under threat that failure to do so will result in Live Nation withholding content, reducing the number of concerts placed at a particular venue, or otherwise retaliating or rendering a venue's events less desirable to fans. *See, e.g.*, Am. Compl. ¶ 90. The non-parties deserve protection, and no legitimate purpose would be served by disseminating information that non-parties have designated Confidential or Highly Confidential to employees and former employees of Defendants who (1) have no need to know for purposes of the litigation and, even more so, (2) have the ability to inflict punishment on the non-parties.

      Defendants' proposed amendment would permit broad disclosure of information derived from a non-party's Confidential and Highly Confidential documents to any current or former employee of Live Nation or Ticketmaster so long as it involves "reports of alleged conduct, conversations, or actions involving Defendants (or Defendants' employees)." This language lacks several important limiting principles. As Plaintiffs explained when the Parties met and conferred:

- Defendants' proposal would allow the sharing of information derived from all Confidential and Highly Confidential documents with all current and former employees of Live Nation and Ticketmaster, including those with no apparent connection to a document or the conduct evidenced by a document. Defendants have refused to include any limitations, including a basic requirement that counsel only disclose derived information to individuals with a "need to know" for counsel to prepare for discovery or trial.
    - Plaintiffs request that the sharing of information derived from a non-party's Confidential and Highly Confidential documents be limited to employees or former employees (a) named in the document, (b) who received or sent the document, or (c) whom outside counsel for Defendants have a good faith belief is an employee, or the employee, who engaged in the conduct referenced in the document.

1

- Defendants' language would permit all current and former employees of Live Nation and Ticketmaster freely to disclose the information derived from Confidential or Highly Confidential documents once it is made known to them by counsel for Defendants. Every current or former employee of Live Nation and Ticketmaster would be free to discuss that information – outside the presence of counsel – and to use it for any purpose whether related to the litigation or not.
  - Plaintiffs request that individuals with whom derived information is shared be restricted from discussing the information with anyone other than counsel for Defendants or from using it for any purpose other than this litigation.

- Defendants stated in their letter brief that they will not treat the amendment as authorization (1) to reveal the identity of any non-party whistleblower, or (2) to show documents marked Confidential or Highly Confidential to current or former employees of Defendants who are not authorized to view such documents under the existing language of the Protective Order. However, the language Defendants propose for the Protective Order does not say this.
  - Plaintiffs request that these commitments be made a part of the Protective Order so that the limitations are clear, particularly to non-parties.

- Defendants' proposal includes no mechanism for providing notice to non-parties of the scope of the information Defendants propose to disclose. Defendants have provided one example: the threat that Live Nation would retaliate against a venue that declines to use Ticketmaster for its primary ticketing. Defendants' proposed language, however, would permit them to disclose any information that involves "reports" of any "conduct, conversations, or actions involving Defendants." Virtually every allegation in the Amended Complaint relates to activity "involving" Live Nation or Ticketmaster. There is no way for the affected third parties to know what information they deem to be Confidential or Highly Confidential will be disclosed. Moreover, Defendants have refused to say whether they have met and conferred with any of the affected non-parties. Defendants appear to take the position that filing their letter-motion via ECF provides all the notice any non-parties require, but not all non-parties have appeared in this action or receive ECF notices. This lack of sufficient notice limits the non-parties' ability to seek relief from the Court.
  - Plaintiffs request that the scope of any disclosure of derived information be limited to anticompetitive retaliation and that non-parties be given notice and an opportunity to comment or object before the Court enters an order amending the Protective Order.

In sum, Defendants' proposed amendment would go further than simply providing Defendants with the tools they need to prepare their defense. It would instead risk disseminating information that could contribute to the exact type of retaliatory conduct this litigation, in part, seeks to end.

Following the September 2024 Discovery Conference, Defendants waited two weeks to raise this issue with Plaintiffs. On October 9, 2024, Defendants sent Plaintiffs a proposal with the language that is included in Defendants' Letter Brief and requested an immediate Lead Trial Counsel meet and confer. When the Parties met, Plaintiffs highlighted the substantive problems with Defendants' proposal and proposed alternative language to address those problems. Defendants then indicated that their proposal was effectively take-it-or-leave it, as they would entertain no changes to their proposal.

**Plaintiffs' Counter-Proposal**

Plaintiff's counter-proposal is:

*Notwithstanding the disclosure limitations of Paragraphs 7 and 8, in order to address evidence contained in Confidential or Highly Confidential Discovery Material or Investigative Material of allegations of anticompetitive retaliation[1] that is the subject matter of Plaintiffs' Amended Complaint, outside counsel for Defendants retained specifically for this action may discuss the subject-matter of Confidential or Highly Confidential Discovery Material or Investigation Material with an employee or former employee of a Defendant who (a) is named with specificity in a document, (b) received or sent such document, or (c) who outside counsel for Defendants have a good faith belief is an employee alleged to have engaged in the conduct referenced in such document.*

*No person receiving information pursuant to this Paragraph may use such information for any purpose other than the conduct of this action. Nor may any such person discuss or disseminate such information outside the presence of outside counsel for Defendants or persons falling within the scope of sub-paragraphs (a-c) above. Any person receiving information pursuant to this Paragraph must first execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto as Appendix A.*

*Outside counsel for Defendants may not:*

1. *Show any Confidential or Highly Confidential Discovery Material or Investigation Material to Defendants' current or former employees, or*
2. *Disclose any identifiers from the Confidential or Highly Confidential Discovery Material or Investigation Material to Defendants' current or former employees, including the source, date, or subject.*

Plaintiffs' proposed language permits Defendants to take steps necessary to prepare their defense without empowering Defendants to misuse information produced by non-parties.

Respectfully submitted,
/s/ Bonny Sweeney
Bonny Sweeney

---

[1] Allegations of anticompetitive conduct are the only allegations Defendants have expressed a need to share with their clients. If Defendants wish to identify other alleged activity referenced in Confidential or Highly Confidential Documents, Plaintiffs would consider including those additional topics within the scope of the amendment to the Protective Order.