**VIA ECF**  October 24, 2024

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007-1312

<u>Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973</u>

Dear Judge Subramanian:

We write on behalf of non-party SeatGeek, Inc. ("SeatGeek"), in response to Defendants' October 22, 2024 Letter-Motion for Amendment of Protective Order (ECF No. 319). SeatGeek is a direct competitor of Defendant Ticketmaster, L.L.C. ("Ticketmaster") that has been required to produce a substantial volume of documents in this litigation and the underlying investigation, many of which it has designated Confidential or Highly Confidential under the Protective Order. Thus, SeatGeek is directly impacted by Defendants' Motion and respectfully requests the opportunity to have its views considered.

The relief Defendants seek is extraordinary, if not unprecedented. Defendants seek to appropriate for themselves the unilateral right to disregard a non-party's designation of material as Confidential or Highly Confidential under the Protective Order and disclose material of their choosing to any of their employees, *without ever notifying the designating non-party or the Court*. Doing so, under Defendants' proposed amendment, would require nothing more than a self-serving and unreviewable determination by Defendants' counsel that particular information constitutes "the substance of reports of alleged conduct, conversations, or actions involving Defendants"—without regard to whether such "conduct, conversations, or actions" are alleged to have been retaliatory, threatening, unlawful, or even related to the allegations in this case. Defendants would then be able to disclose this information to any of their employees, including those whose roles involve direct competition with the designating non-party. All of this unfettered disclosure, under Defendants' proposal, would occur without the designating non-party ever learning that its confidentiality designation was disregarded and that the sensitive, confidential information it sought to protect from its competitors was disclosed to the largest competitor in the market.

Defendants have made no showing that any amendment to the Protective Order is necessary. While they claim that it would be "impracticable and unnecessarily burdensome to require Defendants to seek relief on a document-by-document basis" (ECF No. 319 at 2), they cite as a basis only the number of non-party documents designated Confidential or Highly Confidential. This number is immaterial. The relevant number is the number of Confidential or Highly Confidential documents that contain relevant allegations against Defendants. If such allegations are so numerous that Defendants cannot practically address them on a document-by-document basis, they do not say so in their motion.

Moreover, nothing in the current Protective Order prevents Defendants' counsel from investigating allegations contained in non-party documents. If Defendants' counsel learn, for

example, that a particular venue has told others that Defendants threatened it, nothing in the Protective Order prevents Defendants' counsel from identifying the particular employees who interfaced with that venue and questioning those employees generally about their interactions with the venue. However, to the extent that Defendants' counsel deem it necessary to notify the employees involved of the specific allegation, the Court provided ample guidance at its September 27 status hearing to enable Defendants and non-parties to address Defendants' concerns without a categorical amendment to the Protective Order.

Should the Court conclude that an amendment to the Protective Order is necessary, Defendants' approach is unworkable and unduly prejudices non-parties. It would be patently unreasonable to permit Defendants to make a unilateral determination to override a non-party's confidentiality designation without ever providing the designating non-party with notice and an opportunity to bring any dispute before the Court. Any Protective Order amendment should ensure that the Court, not Defendants, remains the arbiter of confidentiality disputes.

In addition, the substantive scope of Defendants' proposal is vastly excessive and unreasonable:

*First,* Defendants' proposal fails to address a critical distinction discussed at the September 27 status hearing: the distinction between the substance of allegations and their source. The disclosure to Defendants' employees of SeatGeek's competitive intelligence, gained through communications with current and prospective venue clients for which SeatGeek competes directly with Ticketmaster—would cause significant competitive harm to SeatGeek. If, for example, Defendants' employees were to learn that a venue reported to SeatGeek that it had been threatened by Defendants, that disclosure would provide Defendants with valuable information about (i) the strength of the relationship between the venue and SeatGeek; (ii) the extent to which Defendants' threat influenced the venue's choice of ticketing provider; and (iii) SeatGeek's knowledge of the threat and its impact. All of this information would inform Defendants' future negotiations with that venue and widen the competitive advantage that Defendants already enjoy.

Moreover, such disclosure would risk the possibility that Defendants' employees would inform the venue of their knowledge that the venue reported the threat to SeatGeek, thus potentially chilling future communications between the venue and SeatGeek—and thereby further tightening Defendants' stranglehold on the ticketing industry. To the extent that Defendants' counsel are permitted to disclose the substance of an allegation, they should not be permitted to disclose, directly or indirectly, expressly or otherwise, the conversation in which the allegation was made, the identity of the non-party to which the allegation was reported, or the source of the allegation.

*Second,* Defendants' proposal to disclose "the substance of reports of alleged conduct, conversations, or actions involving Defendants" is vastly overbroad. It would cover not only allegations of threats or retaliation, or other conduct that could reasonably be construed as underlying the allegations in this case, but *any* communication in which Defendants' statements or actions (or a non-party's statements to Defendants) are discussed. It would extend, for example, to venues' characterizations to competitors of Defendants' negotiating positions—

information that would undoubtedly be valuable to Defendants in future negotiations. Defendants have provided no justification for allowing their employees access to such information, particularly when their competitors do not have parallel access to information about how their own statements and conduct are being conveyed and characterized to Live Nation.

*Finally,* the permitted recipients of the information should be tailored in a manner similar to that proposed by Plaintiffs in their counterproposal to Defendants. (ECF No. 319-3 at 5.) Specifically, Defendants should be permitted to disclose the substance of allegations contained in non-party Confidential or Highly Confidential materials only to Defendants' employees who (i) are identified with specificity in connection with the allegation at issue; (ii) received or sent the document containing the allegation at issue; or (iii) Defendants' outside counsel believe, in good faith, are alleged to have engaged in the conduct at issue. Defendants' argument that "it will not always be clear from the documents which individuals at Defendants purportedly were involved" (ECF No. 319 at 3) is unavailing; presumably Defendants' counsel, with some modest effort, can form the requisite good-faith belief by identifying which of Defendants' employees were responsible for negotiating or interfacing with a particular venue.

For all of the reasons set forth herein, SeatGeek respectfully requests that Defendants' motion be denied.

Respectfully submitted,

COHEN & GRESSER LLP

*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.