PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES

SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

*Re:*   *United States et al. v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Pursuant to Rule 5(E) of this Court's Individual Practices in Civil Cases and the Protective Order in this case, Non-Party Viagogo Entertainment Inc. ("StubHub"), by and through its undersigned attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP, respectfully requests leave to respond to Defendants' Letter-Motion for Amendment of Protective Order (ECF 319).

StubHub is a global ticketing marketplace that directly competes with Defendant Ticketmaster, L.L.C. StubHub has produced thousands of documents both during the Plaintiffs' pre-complaint investigation and in response to subpoenas from both Plaintiffs and Defendants in this litigation. Further, StubHub expects to produce thousands more before the close of fact discovery. As a non-party that has been compelled to turn over confidential and highly confidential material, StubHub is concerned by any modifications to the Protective Order that might result in its competitively sensitive information being disclosed to a competitor.

Should the Court be inclined to amend the Protective Order, StubHub respectfully requests that the Court (1) explicitly limit the type of information that can be disclosed to Defendants and (2) require Defendants to provide notice to non-parties before disclosing information derived from materials designated confidential or highly confidential under the Protective Order. These protections are necessary to ensure StubHub, as a non-party, is protected from commercial harm.

StubHub is concerned that Defendants' proposed amendment to the Protective Order lacks critical guardrails. While Defendants state that their proposal "plainly would not risk disclosure of any non-party competitively sensitive information, such as pricing, trade secrets, non-public commercial strategies, terms of trade or anything else of that nature," the text of their proposed amendment does not make that limitation clear. (ECF 319 at 2.) As currently drafted, Defendants' proposed amendment risks permitting disclosure of much more than a "discrete category of information." (*Id.*)

If Defendants' proposed amendment is adopted unmodified by the Court, counsel for Defendants will be empowered to unilaterally decide what qualifies as "substance." This broad grant of discretion presents a significant risk that the plain language of the proposed amendment might permit the disclosure of a non-party's competitively sensitive information to Defendants. Any amendment to the Protective Order should specifically define what information can be shared and make clear that confidential or highly confidential material shall not be shown to Defendants and

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

any commercially sensitive information, even if intertwined with the "substance" of alleged conduct, shall not be disclosed to Defendants.

Defendants should also not be given discretion to unilaterally de-designate a non-party's confidential or highly confidential information. To safeguard their competitively sensitive information, non-parties should be given notice and an opportunity to meet-and-confer with Defendants regarding the information they intend to disclose. Should the non-party disagree with Defendants' interpretation of the amended Protective Order and the scope of the intended disclosure, the non-party should have an opportunity to seek relief from the Court *before* the disclosure occurs.

Defendants' proposed amendment is motivated by a desire to avoid seeking relief on a document-by-document basis but they have not articulated or substantiated their purported burden.[1] While providing notice and meeting and conferring with non-parties might add some logistical steps to their discovery plan, non-parties' interest in protecting their commercially sensitive information more than outweighs that incremental burden. *E.g.*, *Laumann v. NHL*, 2013 WL 5310107, at *3 (S.D.N.Y. Sept. 12, 2013) (non-party "given extra protection against potential commercial harm by virtue of its compelled participation in discovery"); *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, 2017 WL 1483548, at *2 (W.D.N.Y. Apr. 25, 2017) (affording "non-parties greater protection for their highly sensitive materials"). Therefore, Defendants should not be permitted to unilaterally determine and override a non-party's confidentiality designation.

For the foregoing reasons, StubHub respectfully requests that if the Court grants Defendants' request to amend the Protective Order that it include the aforementioned modifications in order to protect StubHub as a non-party from commercial harm.

**Dated: October 24, 2024**

Respectfully submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

/s/ Eyitayo St. Matthew-Daniel
Eyitayo St. Matthew-Daniel
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3229
tstmatthewdaniel@paulweiss.com

*Attorney for Non-Party Viagogo Entertainment Inc.*

---

[1] When Defendants met and conferred with StubHub about disclosing certain StubHub information to employees of Defendants, StubHub worked in good faith to permit counsel for Defendants to make certain disclosures for the limited purpose of defending this action. Defendants have not articulated why that process is no longer workable.