**EXHIBIT 2**

# EXHIBIT 2

### Plaintiffs' Proposed Interim Production Deadlines for
### Defendants' Custodial Productions & Defendants' Responses

| Plaintiffs' Proposed Date | Plaintiffs' Proposal | Defendants' Position |
|---|---|---|
| 10/21/2024 | Plaintiffs provide Defendants with proposed search terms to utilize with TAR review. | Defendants agree. |
| 10/23/2024 | Defendants provide Plaintiffs with proposed TAR protocol. | Defendants provided a proposed TAR protocol to Plaintiffs on 10/24/2024. |
| 10/24/2024 | Utilizing Plaintiffs' narrowed proposed custodian list, Defendants provide Plaintiffs with hit reports (deduplicated at the search term and search phrase level, and by custodian) for Plaintiffs' proposed search terms and any counterproposal terms. | Plaintiffs provided a revised custodian list the evening of 10/23/2024, which required Defendants to re-run the proposed search terms. Defendants provided a hit report (deduplicated across custodians, with standard search term reporting) for Plaintiffs' proposed search terms on 10/25/2024. Defendants provided counterproposal terms on 10/25/2024. |
| 10/25/2024 | Plaintiffs provide any revised search terms, as necessary. Plaintiffs provide Defendants with any proposed revisions to TAR protocol. | Defendants agree. |
| 10/28/2024 | Defendants provide Plaintiffs with revised hit reports (deduplicated at the search term and search phrase level, and by custodian) as necessary. | Defendants agree to provide revised hit reports within two business days of receiving proposed revised search terms. |
| 10/29/2024 | The parties raise any search term / burden issues with the Court. The parties raise any TAR protocol disputes with the Court. | Defendants agree. |
| 11/1/2024 | Defendants make initial rolling production of responsive custodial documents from the approximately 600,000 documents "left over" from Plaintiffs' pre-Complaint investigation. | Defendants will agree to rolling productions once a month in November, December, and January. |
| 11/8/2024 | Defendants will validate their use of search terms by reviewing a random | Validation of search terms through review of the null set is not |

| Plaintiffs' Proposed Date | Plaintiffs' Proposal | Defendants' Position |
|---|---|---|
| | sample of 400 documents in the null set, i.e., documents that do not hit on the search terms, and provide to Plaintiffs information concerning responsiveness and other related metrics. | standard and is unnecessary here, where Defendants have already validated their search terms through their review in the investigation. |
| 11/13/2024 | Deadline for either party to raise issues with the Court concerning the validation/sampling of proposed search terms. | Such a deadline is unnecessary given Defendants' position above. |
| 11/15/2024 | Defendants provide first rolling production of responsive documents using search terms plus TAR, based on a targeted review of approximately 400,000 per week, unless Defendants validate a 70% recall before all rolling productions are completed.<br>Defendants continue to provide rolling productions at least every two weeks until January 10, 2024. Defendants also agree to provide a corresponding privilege log within two weeks after each rolling production.<br>If Defendants have failed to achieve a recall rate of at least 70% by January 15, 2025, Defendants must produce out all remaining documents identified by TAR as potentially responsive. | Defendants will review at least 1.5 million documents between 10/3/2024 and 1/15/2025.<br><br>Defendants will use their reasonable best efforts to achieve recall of at least 70% through its TAR process, but regardless of the recall rate will terminate the review of new documents on 1/15/2025.<br><br>Defendants will make rolling productions once a month in November, December, and January, and will produce a privilege log within one month of the substantial completion deadline. |
| 1/20/2025 | Defendants provide information sufficient to show that the search methods utilized by Defendants to cull the document universe are validated over the full custodial collection, consistent with Plaintiffs' custodian proposal.<br>Specifically, Defendants will provide statistics including precision and recall, with a margin of sampling error of 2.5% or lower, for validation sampling that was run against the | Validation of search terms through review of the null set is not standard and is unnecessary here, where Defendants have already validated their search terms through their review in the investigation.<br><br>Defendants will conduct validation and reporting of the TAR review set, as described in their proposed TAR protocol. |

| **Plaintiffs' Proposed Date** | **Plaintiffs' Proposal** | **Defendants' Position** |
|---|---|---|
| | entire document universe, and will provide a breakdown of those statistics for (1) the TAR population, i.e., documents that were TAR-eligible and hit on search terms; (2) the non-TAR search term hit files, i.e., media files and other data types that hit on search terms but were not suitable for TAR; and (3) the search term non-hit files, i.e., the remaining documents not covered by either of the other two categories. | |