# Exhibit B

24.  Notwithstanding the disclosure limitations of Paragraphs 7 and 8, in order to address evidence contained in Confidential or Highly Confidential Discovery Material or Investigation Material of allegations of anticompetitive conduct that is the subject matter of Plaintiffs' Amended Complaint, outside counsel for Defendants retained specifically for this action may disclose those specific allegations of what a person is alleged to have said or done that constitutes  alleged anticompetitive conduct of a Defendant where the conduct is described in Confidential or Highly Confidential Discovery Material or Investigation Material with an employee or former employee of a Defendant, but only to:  (1) an employee or former employee of a Defendant who is (a) is named with specificity in a document, (b) who outside counsel for Defendants have a good faith belief is an employee alleged to have engaged in the conduct referenced in such document, or (c) is a direct supervisor to whom an individual falling into categories 1(a-b) reports directly in connection with the conduct referenced in such document; or (2) as otherwise permitted under the terms of this Protective Order.

No person receiving information pursuant to this Paragraph may use such information for any purpose other than the conduct of this action.  Nor may any such person discuss or disseminate such information outside the presence of outside counsel for Defendants or persons falling within the scope of sub-paragraphs (1-2) above. Any person receiving information pursuant to this Paragraph must first execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto as Appendix A.

Nothing in this Paragraph 24 shall prevent outside counsel for Defendants from disclosing alleged conduct or statements of Defendants' employees or former employees that outside counsel knows or learns of independently of Confidential or Highly Confidential Discovery Material or Investigation Material.

Outside counsel for Defendants may not:

1.  Show any Confidential or Highly Confidential Discovery Material or Investigation Material to Defendants' current or former employees, or
2.  Disclose, expressly or otherwise, any identifiers from the Confidential or Highly Confidential Discovery Material or Investigation Material to Defendants' current or former employees, including the source, date, or subject.
3.  Disclose, expressly or otherwise, the fact of or the identities of participants in communications between non-parties that are reported or described in Confidential or Highly Confidential Discovery Material or Investigation Material.

Subject to the restrictions set forth in this Amendment, outside counsel may discuss the subject matter of Confidential or Highly Confidential Discovery Material or Investigation Material relating to alleged anticompetitive conduct by Defendants' employees or former employees that is the subject matter of Plaintiffs' Amended Complaint with up to two designated in-house counsel approved by the producing person or with leave of Court.

In order to seek approval for the two in-house counsel described in this Paragraph 24 from the producing person, Defendants must: (1) identify by bates number(s) the Confidential or Highly Confidential Discovery Material or Investigation Material they

*intend to disclose; and (2) identify the in-house counsel to whom they intend to disclose such material.  If outside counsel does not receive approval from the producing person within ten (10) business days of making the request (or sooner, if an impasse is reached), Defendants may file a motion with the Court for leave to discuss the subject matter of the Confidential or Highly Confidential Discovery Material or Investigation Material with the designated in-house counsel.  The meet and confer process, and briefing, for any such motion will be governed by the procedures for filing discovery motions set forth in Section 5 of the Court's Individual Practices, except that a producing party that is not a party to this action is excused from the requirement to identify a Lead Trial Counsel or to make a Lead Trial Counsel available to meet and confer.*

*Prior to any disclosure to in-house counsel pursuant to this Paragraph 24, the designated in-house counsel must execute a Non-Disclosure Agreement in the form annexed hereto as Appendix A.*