# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C.,<br><br>*Defendants.* | Case No. 1:24-cv-03973-AS-SLC |

**STIPULATION AND {PROPOSED} ORDER REGARDING EXPERT DISCOVERY**

Pursuant to Fed. R. Civ. P. 29, the parties hereto, through their respective counsel of record, hereby stipulate to the following regarding the scope of expert discovery and testimony in this action.

1. DEFINITIONS

1.1 "Action" means the action filed in this Court under the caption *United States of America, et al. v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.,* 1:24-cv-03973-(AS)-(SLC), including any related discovery, pre-trial, trial, post-trial, or appellate proceedings. For the avoidance of doubt, the term Action excludes pre-Complaint investigations by Plaintiffs.

1.2 "Consultant" means a Person, retained by a Party or their Testifying Expert specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who will not provide testimony pursuant to Fed. R. Civ. P. 26(a)(2). For the avoidance of doubt, the term Consultant does not include a Party or a Party's employees.

1.3 "Counsel" shall mean, as applied to outside counsel, counsel retained by a Party or Parties in connection with the Action and, with respect to Defendants' outside counsel, any "Other Action" as defined in Paragraph 1.9. As applied to in-house counsel, it shall mean any lawyer

1

employed (or previously employed, at the time of the pertinent communication) by a Party. As applied to Plaintiffs, this includes, but is not limited to: (a) any attorneys who are employed (or were previously employed, at the time of the pertinent communication) by the Attorney General's Office of a State Plaintiff; (b) any attorneys who are employed by the Antitrust Division of the U.S. Department of Justice and are assigned to work on the Action; and (c) any attorneys who are employed by the U.S. Department of Justice and are responsible for supervising the work on the Action. As applied to the Parties, the term Counsel also includes, but is not limited to, any economists, financial analysts, statisticians, paralegals, investigators, technologists, administrative assistants, and clerical and administrative personnel employed by, or contracted with, a Party, provided that such employees or contractors are acting under the direction or supervision of Counsel and in connection with the Action or any Other Action.

    1.4    "Defendants" means Live Nation Entertainment, Inc. and Ticketmaster L.L.C., including all of their employees, agents, representatives, subsidiaries, and affiliates.

    1.5    "Document" or "Documents" means any document or electronically stored information, as the term is used in Federal Rule of Civil Procedure 34 or any applicable local rule.

    1.6    "Party" means any Plaintiff or Defendant in the Action. "Parties" collectively means Plaintiffs and Defendants in the Action.

    1.7    "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

    1.8    "Plaintiffs" means the State Plaintiffs and the United States of America, including all of their employees, agents, and representatives.

    1.9    "Other Action" shall include the following actions: (1) *Leifer et al. v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03994 (S.D.N.Y.); (2) *Stevens et al. v. Live Nation*

*Entertainment, Inc. et al.*, No. 1:24-cv-04106 (S.D.N.Y.); (3) *Jacobson et al. v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-06538 (S.D.N.Y.); (4) *Donley et al. v. Live Nation Entertainment, Inc., et al.*, No. 2:23-cv-06343 (C.D. Cal.); (5) *Heckman et al. v. Live Nation Entertainment, Inc. et al.*, No. 2:22-cv-00047 (C.D. Cal.); (6) *Barfuss et al. v. Live Nation Entertainment, Inc. et al.*, No. 2:23-cv-01114 (C.D. Cal.); and any and all actions filed after the effective date of this Stipulation and Order that the Parties agree and/or the Court determines meet the criteria of Rule 13 of the Rules for the Division of Business Among District Judges, Southern District of New York.

  1.10 "Staff" means any firm, employee or individual assisting or supporting a Testifying Expert or Consultant. For the avoidance of doubt, it does not include a Party or a Party's employees.

  1.11 "State Plaintiffs" means the States of Arizona, Arkansas, California, Colorado, Connecticut, Florida, Illinois, Indiana, Iowa, Kansas, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming, the Commonwealths of Massachusetts, Pennsylvania, Virginia, the District of Columbia, and any other state or territory of the United States of America that joins the Action.

  1.12 "Testifying Expert" means a Person, retained by a Party or Parties specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who is required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). For the avoidance of doubt, the term Testifying Expert does not include employees of a Party.

3

2. **GENERAL PROVISION**

2.1     This Stipulation and Order applies to the Parties to the Action. This Stipulation and Order provides the protocols applicable to conducting discovery relating to Testifying Expert(s), Consultant(s), or their Staff. Nothing herein shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

2.2     The Parties shall not serve subpoenas or discovery requests (for depositions or Documents) on any Testifying Expert, Consultant, or their Staff. Instead, the Party proffering a Testifying Expert will: (a) be responsible for producing all materials and information required under this Stipulation or, to the extent not addressed in this Stipulation, under the Federal Rules of Civil Procedure for the Testifying Expert, and (b) upon request, make the Testifying Expert available for deposition at a time and place mutually agreed to by the Parties, and consistent with the Court's scheduling order(s).

2.3     The Parties agree to comply with the terms of this Stipulation pending the Court's approval and entry of this Stipulation and Order.

3. **GOVERNING LAW**

3.1     Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action.

4. **EXPERT MATERIALS TO BE DISCLOSED**

4.1     In lieu of the disclosures required under Federal Rule of Civil Procedure 26(a)(2)(B)(ii)-(vi), the Testifying Expert report shall identify with specificity, sufficient to allow the opposing side to locate and obtain all facts, data, and assumptions that the Testifying Expert

relied upon as a basis for their opinions, and, no later than one (1) business day after the service of any Testifying Expert's report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) or otherwise, the Party or Parties proffering the Testifying Expert shall produce[1]:

    4.1.1   A copy of all data or other information referred to in the Testifying Expert's report or declaration and/or relied on by the Testifying Expert in forming the Testifying Expert's opinions (to the extent not already produced in discovery), including, but not limited to: all data and programs underlying any calculations, including all computer programs or code necessary to recreate any data; intermediate working-data, calculations, estimations, tables, or graphics; intermediate working-data files that are generated from any initial ("raw") data files and used in performing the calculations appearing in the report. Such production shall be sufficient for the opposing side to reconstruct and verify the Testifying Expert's work, calculations, and analyses, and shall include any instructions and guides necessary to assist in that effort.

    4.1.2   A list of all Documents referred to in the Testifying Expert's report or declaration and/or relied upon by the Testifying Expert in forming the Testifying Expert's opinions. For purposes of this list, identifying Documents by Bates number is sufficient. To the extent that any such Documents do not already have a Bates number, copies of those documents shall be produced with a Bates number in accordance with the ESI Order entered or modified in this Action (ECF No. 249), with the exception of docket filings,

---

[1] Paragraph 4.1 (including subparagraphs 4.1.1 through 4.1.4) applies to materials created or communications occurring after the initiation of the Action in which the Testifying Expert intends to testify (i.e., post-Action Documents and communications), and to materials created or communications occurring prior to the initiation of the Action in which the Testifying Expert intends to testify (i.e., pre-Action Documents and communications).

deposition transcripts, other Testifying Expert's reports, or materials that are publicly available (such as published articles or websites).

    4.1.3    A statement of the witness's qualifications, including a list of all publications authored, in whole or in part, by the Testifying Expert in the previous 10 years and copies of all such publications that are not readily available publicly, provided that such publications are accessible by the Testifying Expert. Publications that exist only behind a paywall or in print shall be considered as not readily available publicly.

    4.1.4    A list of all other case(s), wherever those cases took place (including outside the United States), in which, during the previous ten (10) years, the Testifying Expert testified as an expert at trial or by deposition, including the tribunal and case number.

    4.1.5    Any exhibits that will be used to summarize or support the Testifying Expert's opinions.

    4.1.6    A statement of the compensation to be paid to the Testifying Expert for the Testifying Expert's study and testimony in the case.

4.2    To the extent not already produced in discovery by the Party or Parties proffering the Testifying Expert, the Party or Parties proffering the Testifying Expert shall produce within one (1) business day upon request of the opposing party, complete copies of all data sets, or any other sources, reports, schedules, literature, or websites, from which information relied upon was derived or obtained.

4.3    Testifying Expert reports and declarations shall be served via email. Except to the extent included within a Testifying Expert's report, the information required by subparagraphs 4.1.1 through 4.1.6 above shall be produced electronically in a manner agreed to by the Parties and, with respect to paragraph 4.1.1, in machine-readable format, where feasible. The Parties shall

meet and confer in good faith to attempt to establish, no later than 15 days after the close of fact discovery, an agreed method for ensuring that the receiving parties are able to complete receipt of the materials by the due date.

4.4     Paragraphs 4.1.1 through 4.1.6 above are not intended to limit the ability of any Party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to a Testifying Expert's testimony, during the course of any deposition, hearing, or trial. The use and disclosure of any such demonstrative exhibits shall be governed by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and this Court's Local Rules, Orders and Individual Practices unless otherwise agreed upon by the Parties.

5.      EXPERT MATERIALS NOT REQUIRING DISCLOSURE

5.1     Notwithstanding the foregoing and the Federal Rules of Civil Procedure, and except as otherwise required by paragraph 5.2 below, the following materials[2] shall not be subject to discovery or disclosure by any method (including by deposition).

5.1.1   The content of communications, whether oral or written, only among or between:

(a)     Counsel and a Testifying Expert, Consultant, and/or any Staff assisting the Testifying Expert or Consultant, except to the extent the Testifying Expert relies upon such communications as a basis or reason for his or her opinions;

---

[2] Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall apply to materials created or communications occurring after the initiation of the Action (i.e., post-Action Documents and communications). Paragraph 5.1 (including subparagraphs 5.1.1 through 5.1.8) shall also apply to materials created or communications occurring prior to the initiation of the Action (i.e., pre- Action Documents and communications), occurring in connection with pre-Complaint investigations by Plaintiffs.

  (b) a Testifying Expert or Consultant and other Testifying Experts and/or Consultants, as well as any Staff assisting such Testifying Experts or Consultants, except to the extent the Testifying Expert relies upon such communications as a basis or reason for his or her opinions; and

  (c) a Testifying Expert or Consultant and any Staff assisting such Testifying Expert or Consultant.

5.1.2 Drafts of Testifying Expert reports, affidavits, declarations, or other Testifying Expert or Consultant materials, including, without limitation:

  (a) draft studies, analyses, opinions, or written expert testimony prepared in connection with the Action or any Other Action;

  (b) draft Testifying Expert or Consultant work papers prepared in connection with the Action or any Other Action; and

  (c) preliminary or intermediate calculations, computations, modeling, intermediate working data files, log files reflecting draft computer code, or data runs prepared in connection with the Action or any Other Action, except as described in paragraph 4.1.1.

5.1.3 The notes of a Testifying Expert, Consultant, or Staff, except for notes of interviews of persons the Testifying Expert, Consultant, or Staff participated in or conducted the interview and where the Testifying Expert relied on the interview in forming any opinions in his or her final report.

5.1.4 Any comments, whether oral or written, related to a final or draft report, affidavit, or declaration, or potential testimony of a Testifying Expert prepared in connection with the Action or any Other Action by: (a) Counsel; (b) a Consultant; (c) Staff;

(d) any other Testifying Expert; (e) any other Consultant; or (f) Staff of another Testifying Expert or Consultant.

5.1.5    Budgets, invoices, bills, receipts, or time records concerning Testifying Experts, Consultants, or Staff or their companies or organizations. Notwithstanding this provision, any Party may inquire into a Testifying Expert's compensation in this matter, including the Testifying Expert's hourly rates, the total hours spent by the Testifying Expert in connection with this Action, and any other payments or consideration received by the Testifying Expert relating to work in the Action.

5.1.6    Copies of programs, software, or instructions that are commercially available at a reasonable cost.

5.1.7    Documents that are readily available publicly, provided that they are identified with sufficient specificity to allow the opposing side to locate and obtain the Documents. Publications which exist only behind a paywall or in print shall be considered as not readily available publicly.

5.1.8    Documents or data that have previously been produced during discovery in the Action or in connection with pre-Complaint investigations by Plaintiffs, provided they are identified by Bates Number or Exhibit Number in the Testifying Expert's report or declaration.

5.2    Notwithstanding any provision in paragraph 5 (including all subparagraphs), the Parties must produce (according to paragraphs 4.1.1, 4.1.2, and 4.2 above) all materials that: (a) constitute facts or data that the Testifying Expert relied on in forming the opinions expressed in his or her report; or (b) constitute assumptions that the Testifying Expert relied on in forming the opinions expressed in his or her report. Information, communications, materials, or Documents

9

upon which the Testifying Expert relies as a basis for their opinions are discoverable. For the avoidance of doubt, nothing herein relieves a Testifying Expert or Party of the duty to identify the facts, data, and assumptions that the Testifying Expert relied upon as a basis for their opinions.

     5.3     Further, notwithstanding the limitations contained in subparagraphs 5.1.1 through 5.1.8 above, a Testifying Expert may be asked at a deposition or trial: (a) to identify and generally describe what data, facts, algorithms, modeling, regression analyses and source code the expert reviewed, investigated or considered but did not rely on or otherwise use, and (b) to describe the reasons for reviewing—but not using or relying on—any such data, facts, algorithms, modeling, analyses or source code.

     5.4     The Parties are not required to produce or exchange logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Stipulation and Order.

6.     <u>MATERIALS RELIED ON IN REPORTS</u>

     6.1     In formulating the opinions expressed in their expert reports, a Party's Testifying Experts shall not rely on documents, data, or information requested in discovery and not produced by the Party to the other Party by the close of fact discovery, except (a) by agreement between the Parties or (b) as ordered by the Court. If any non-Party produces documents, data, or information after the close of fact discovery, the Parties shall meet and confer concerning whether and how such documents, data, or information may be relied upon by Testifying Experts or otherwise used by the Parties. If the Parties do not reach agreement, any Party may seek relief from the Court.

## {PROPOSED} ORDER

IT IS SO ORDERED.

DATED this _____ day of _____, _____.

 

_____
Hon. Arun Subramanian
United States District Judge