**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

On behalf of Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. in the above-referenced action, we write pursuant to Rules 11(B) and 11(C)(i) of the Court's Individual Practices in Civil Cases to request that Exhibits A and C to Plaintiffs' Supplemental Letter regarding Defendants' Motion to Dismiss (ECF Nos. 410-1 & 410-3) remain under seal.

The Amended Protective Order (ECF No. 347) (the "Protective Order") in this case allows for a producing party to designate documents it produces as "Confidential" or "Highly Confidential" where the party in good faith believes that the document contains sensitive information that requires protection from disclosure. *See* ECF No. 347 ¶¶ 2–4. Exhibits A and C to Plaintiffs' Supplemental Letter are documents that Defendants produced to Plaintiffs with "Highly Confidential" and "Confidential" designations, respectively, pursuant to the Protective Order. Specifically:

- **Exhibit A** is a 28-page document containing two highly confidential agreements between Live Nation and two different third-party venues. The first of these agreements is vaguely referenced in a single sentence of Plaintiffs' Supplemental Letter as "an example of a rental contract between [a venue] and a promoter." *See* ECF No. 410 at 1. Plaintiffs do not discuss the terms of the first agreement, nor do they mention the second agreement at all.

- **Exhibit C** is an email chain between Live Nation and a third-party promoter regarding the potential rental of a Live Nation amphitheater for shows promoted by the third-party promoter. This document is also referenced in just one sentence of Plaintiffs' Supplemental Letter. *See* ECF No. 410 at 2. Defendants have already agreed that Exhibit C may be publicly disclosed with limited, narrowly-tailored redactions to protect irrelevant personal information, including email addresses and phone numbers. *See* ECF No. 411-3.

Defendants properly designated Exhibit A as "Highly Confidential" because it contains "confidential contractual terms," *see* ECF No. 347 ¶ 2(f), and they properly designated Exhibit C as "Confidential" because it contains "information of a personal . . . nature regarding any individual," *see id.* ¶ 3(d). For the reasons set forth below, Exhibit A should remain entirely under seal, and the redacted portions of Exhibit C should remain under seal.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417,

420 (S.D.N.Y. 2007) (citations omitted).  "First, the court must determine whether the documents [at issue] are indeed 'judicial documents.'"  *Id.* (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).  "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).  Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."  *Id.*  Second, "the court must determine 'the weight of the presumption'" of public access.  *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119).  Third, the "'court must balance competing considerations against'" the presumption.  *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Exhibits A and C do not qualify as "judicial documents" because they are "of no materiality" to the issues presently before the Court.  *Cf. United States v. Alshahhi*, No. 21-CR-371 (BMC), 2022 WL 2239624, at *18 (E.D.N.Y. June 22, 2022) ("As the two witness statements at issue were of no materiality to the motion to dismiss, supporting only meritless arguments that were inappropriately offered, these are not judicial documents.").  Plaintiffs describe Exhibit A as "an example of a rental contract between [a venue] and a promoter—in this case Live Nation—acting on behalf of a specific artist for a specific date."  ECF No. 410 at 1.  They do not cite or rely on any of the specific contractual terms, nor do they explain how this contract supports Plaintiffs' argument that artists (not promoters) rent venues for their performances.  *See id.*  This contract actually proves the opposite is true.

Exhibit C is similarly immaterial.  Plaintiffs describe this email chain as an "example" of "a Live Nation amphitheater rejecting a promoter who reached out to Defendants on behalf of two specific artist clients because the artists were not promoted by Live Nation."  *Id.* at 2.  The redacted information in Exhibit C—email addresses, phone numbers, and the names of the "two specific artist clients"—are irrelevant to Plaintiffs' argument.  And the email chain itself does not support any of Plaintiffs' arguments relating to their tying claim.  Like Exhibit A, it shows that *promoters*, not artists, rent venues.  Indeed, the promoter never even mentioned any artists when it first reached out.

Even if the Court determines that Exhibits A and C are "judicial documents," they should remain sealed because the public's interest in accessing these materials does not overcome the strong arguments in favor of protecting the information.  The agreements in Exhibit A contain non-public pricing terms (e.g., merchandise percentages, event lease fees, rental rates, and licensee costs and obligations), which, if made public, could adversely affect both Defendants' relationships with other venues and the third-party venues' relationships with other promoters.  Courts routinely permit the sealing of documents in similar circumstances.  *See, e.g.*, *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information") (citations omitted); *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-00933 (JAM), 2023 WL 5567614, at *6 (D. Conn. May 16, 2023) ("[C]onfidential commercial information of a business . . . has been recognized repeatedly as a proper subject for sealing.") (citations omitted) (internal quotations omitted); *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (holding that defendant's and a related third party's interests "in keeping the content of [the documents at issue] confidential outweigh[s] the public

interest in access to judicial documents" because "the documents contain confidential information about [the third party's] relationship with . . . defendant," including "non-public information about pricing, credit, and termination terms, which, if made public, could adversely [a]ffect [the third party's] relationships with other dealer-customers, as well as [defendant's] relationships with other suppliers") (citations omitted).

With respect to Exhibit C, almost all of the redactions are to email addresses and phone numbers that are irrelevant to this litigation and that are narrowly tailored to protect individuals' personal privacy. The only other proposed redactions to Exhibit C are to the names of two specific artists, whose identities are irrelevant to Plaintiffs' arguments or any other issues before the Court. Numerous courts have permitted the sealing of similar information. *See, e.g.*, *Kelly v. City of New York*, No. 01 CIV. 8906 (AGSDF), 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) (explaining that redacting the names of individual employees protects "the privacy of those employees" but "will have minimal consequence on the public's ability to determine whether" Defendants "singled out Plaintiffs for adverse action"); *In re Savitt/Adler Litig.*, No. 95-CV-1842 (RSP/DRH), 1997 WL 797511, at *4 (N.D.N.Y. Dec. 23, 1997) (holding "that the names of and identifying details concerning non-party AAGs should be redacted" "[b]ecause the redaction sought is minimal and largely unrelated to the public interest" so "a higher value will be served by redaction and . . . [the] proposed redactions are narrowly tailored to serve that interest") (internal citation omitted).

Accordingly, Defendants respectfully request that the entirety of Exhibit A and the redacted portions of Exhibit C remain under seal.

*[signatures on following page]*

Dated: January 30, 2025

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Andrew M. Gass (admitted *pro hac vice*)
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

David R. Marriott
   *Co-Lead Trial Counsel*
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

dmarriott@cravath.com
lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

cc:    All Counsel of Record (via ECF)