**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3226

WRITER'S EMAIL ADDRESS
kevinteruya@quinnemanuel.com

February 18, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973

Dear Judge Subramanian,

Non-parties Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all others similarly situated (the "*Heckman* Plaintiffs"), are the plaintiffs in *Heckman v. Live Nation Entertainment, Inc., et al.*, Case No. 2:22-cv-00047-GW-GJS, a putative class action pending in the Central District of California. The *Heckman* Plaintiffs brought suit several years ago against the same Defendants in this case, based on substantially similar facts as this case. The *Heckman* Plaintiffs allege that from at least 2010 to the present, Defendants have engaged in predatory and exclusionary conduct to monopolize the relevant markets for primary and secondary ticketing services for major concert venues.

Given the substantial overlap between the two cases, the *Heckman* Plaintiffs previously requested—and the *Heckman* Court granted—the reproduction of all documents previously produced in this case, including depositions of third-parties and third-party documents and depositions produced during the DOJ investigations that preceded this case, and other third-party documents and depositions produced since the start of this case. *See* **Exhibit A**, January 6, 2025 Hearing Transcript at 22:4–23:18; *see also Heckman*, ECF No. 280 at 12–13 (specifying documents produced in this case). Following that Order, Defendants indicated they did not believe they could reproduce such third-party discovery due to certain restrictions within the Amended Protective Order in this case (ECF No. 347) ("Protective Order"), but stated they "have no objection to Plaintiffs seeking this permission from Judge Subramanian." *Heckman,* ECF No. 290 at 3. The *Heckman* Court granted Plaintiffs leave to seek the materials through the regular discovery process, which they have done with requests for production under Rule 34. *Heckman*, ECF No. 292 at 2.

For these reasons (and as further discussed below), the *Heckman* Plaintiffs respectfully request that this Court allow the *Heckman* Plaintiffs to intervene in this case for the sole purpose of subjecting themselves to the protective order and adding them as a designated party under Paragraphs 7 and 8 of the Protective Order, such that Defendants may reproduce: (1) all third-party materials

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

produced in this case and the DOJ investigations that preceded it; (2) transcripts of all depositions taken in this case and the preceding DOJ investigations, including depositions of third-parties; and (3) further third-party discovery that may be produced in this case. The proposed Protective Order amendment in this respect is attached hereto as **Exhibit B**.

### Intervention Is Proper

"Permissive intervention is the proper method for a nonparty to seek a modification of a protective order." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308 (D. Conn. 2009) (quoting *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005)). Generally, "on timely motion," a party may intervene when it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). When, as here, a third-party seeks to intervene solely to "gain[] access to discovery materials," "[c]ourts have interpreted these requirements with even greater flexibility." *EPDM Antitrust Litig.*, 255 F.R.D. at 315. If a party meets the threshold requirements, courts then "must 'consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *StoneX Grp. Inc. v. Shipman*, 2025 WL 263194, at *3 (S.D.N.Y. Jan. 22, 2025) (quoting *AT & T Corp.*, 407 F.3d at 561-2). Ultimately, "[t]he decision to grant permissive intervention is 'wholly discretionary with the trial court.'" *In re EPDM Antitrust Litig.*, 255 F.R.D. at 314.

As Defendants have previously argued, the *Heckman* case and this one are "substantially similar," and "involve multiple overlapping alleged markets, allege many of the same facts, [and] advance highly similar antitrust claims." *Heckman*, ECF No. 280 at 1. Moreover, this motion is timely, as the *Heckman* Plaintiffs filed it as soon as reasonably practicable. Plaintiffs filed the *Heckman* case in January 2022, but Defendants then moved to compel arbitration, and the *Heckman* case was stayed on October 17, 2023 pending Defendants' appeal of the district court's denial of their motion to compel arbitration. *Heckman*, ECF No. 226. The stay was lifted only when the Ninth Circuit issued its mandate in favor of the *Heckman* Plaintiffs on December 16, 2024. *Heckman*, ECF No. 266. The *Heckman* Plaintiffs and Defendants then conferred about discovery, and Defendants claimed they were not able to reproduce third-party materials from this case due to the Protective Order in a January 20, 2025 status report. *Heckman*, ECF No. 290 at 3. The *Heckman* Plaintiffs then filed this letter-motion.

The original parties in this case will not suffer prejudice or delay if this limited request for intervention is granted. The *Heckman* Plaintiffs do not seek to become a party in this case, and granting leave to intervene for the purpose of accessing third-party production will not affect the timing of proceedings in this case. Moreover, to the extent Defendants do claim any prejudice, it is easily outweighed by the clear efficiency gains in avoiding duplicative discovery and re-taking hundreds of hours worth of depositions. *See In re EPDM Antitrust Litigation*, 255 F.R.D. at 317 (permitting intervention and noting the benefit of "saving the time and expense of conducting duplicative discovery" under Rule 24(b)'s undue delay prong).

### Modifying the Protective Order Is Proper

In addition to establishing the basis to intervene, the *Heckman* Plaintiffs acknowledge they must also demonstrate why it is proper to modify the protective order to permit them access to third-party discovery from this case. *EDPM Antitrust Litig.*, 255 F.R.D. at 317.

Within this Circuit, there is a general presumption against modifying a protective order to allow non-parties access to materials produced as part of a case. *S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d. Cir. 2001) (discussing the standard set forth in *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 293–96 (2d Cir. 1979)). However, "[w]here a litigant or deponent could not reasonably have relied on the continuation of a protective order a court may properly permit modification of the order" in its "sound discretion." *Id.* at 231. Factors demonstrating no such reasonable reliance include if (1) the protective order is a blanket order for all discovery rather than tailored to specific materials or testimony, (2) the protective order's order language notes it can be modified, (3) the court simply entered a stipulated order rather than an order based on specific showings of good cause, and (4) the discovery produced under the order could have been compelled, if not freely given. *EDPM Antitrust Litig.*, 255 F.R.D. at 318-324 (discussing these factors extensively and collecting citations). Furthermore, if the party requesting modification could obtain the same materials through their own discovery efforts, and/or seek them for litigation purposes and do not intend to simply disseminate them to the public, this also militates in favor of modification. *Id.* at 324-25.

Each of these factors support the limited modification the *Heckman* Plaintiffs seek. The Protective Order is a blanket protective order entered on stipulation by the parties that explicitly allows for modification and specifically notes that the "Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material or Investigation Material introduced in evidence at trial, even if such material has previously been sealed or designated as Highly Confidential or Confidential." Furthermore, none of the producing parties gave up any rights by providing the requested discovery (*e.g.*, provided testimony that might waive Fifth Amendment protections), and all could have been compelled either by the government's investigatory powers, or by subpoenas in this case. Indeed, much of the third-party discovery that continues to come in this case every day directly responds to Rule 45 subpoenas.

As for materials produced during the government's pre-suit investigations, even if there had been any concerns about sharing third-party materials with private plaintiffs during the investigations, those materials have now been made part of this case, which is subject to the open courts requirements of the Constitution. Thus, any third-party that produced discovery during the pre-suit investigation knows now that its documents or testimony may someday be included in a public trial.

The *Heckman* Plaintiffs also do not seek to disseminate the requested materials to the public. By subjecting themselves to the Protective Order, they are committing to **not** make information public, absent following the Protective Order's requirements for doing so. And they seek materials that they could compel with Rule 45 subpoenas in their own case. The efficiencies to be gained by avoiding such duplicative discovery on third parties are substantial, and support modification. *Id.* at 325 (collecting citations for this point).

*    *    *    *    *

For all these reasons, the *Heckman* Plaintiffs respectfully request that the Court grant their letter-motion to intervene for the limited purpose of modifying the protective order to permit Defendants to reproduce all third-party discovery in their possession to the *Heckman* Plaintiffs for use in their own case, which predated this case by several years and is only in a less-advanced position because Defendants unsuccessfully attempted to enforce unconscionable arbitration terms.

Dated: February 18, 2025

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP
/s/ *Kevin Y. Teruya*
Kevin Y. Teruya
Adam B. Wolfson
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000
kevinteruya@quinnemanuel.com
adamwolfson@quinnemanuel.com

*Attorneys for: Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all others similarly situated*