## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, *et al*,           )
                                             )
        *Plaintiffs*,                )          Case No. 1:24-cv-03973 (AS)(SLC)
                                             )
    v.                                     )
                                             )
LIVE NATION ENTERTAINMENT, INC.              )
and TICKETMASTER L.L.C.,                     )
                                             )
        *Defendants*.                )

**JOINDER OF THIRD PARTY UNITED CENTER JOINT VENTURE IN THE PLAINTIFFS' JOINT OPPOSITION TO *HECKMAN* PLAINTIFFS' MOTION TO INTERVENE FOR THE PURPOSE OF SEEKING MODIFICATION TO THE PROTECTIVE ORDER**

Third-party witness, United Center Joint Venture ("United Center") joins in Plaintiffs' Joint Memorandum of Law (ECF 433) in opposition to non-parties Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts's (the "*Heckman* Plaintiffs") letter motion seeking to intervene for the purpose of seeking modification to the protective order, and respectfully requests that *Heckman* Plaintiffs' motion and request for modification of the Protective Order be denied.

## I.    INTRODUCTION AND STATEMENT OF FACTS

United Center is not a party to this action and produced highly sensitive documents to the Department of Justice in response to a third-party subpoena issued under the terms of the Protective Order (ECF 213; ECF 347) entered in this case. The *Heckman* Plaintiffs now seek modification of that Protective Order to obtain all discovery produced in this case, including United Center's documents, for use in in *Heckman v. Live Nation Entertainment, Inc., et al.*, Case No. 2:22-cv-00047-GW-GJS, a putative class action pending in the Central District of California.

The information produced by the United Center includes closely protected business competitive information including the terms of its agreements for events and venue operations,

1

including financial information and pricing approaches (the "Confidential Information"). The Confidential Information is core to the United Center's business and allows it to position itself competitively in the market. It would be fundamentally inappropriate to allow the *Heckman* Plaintiffs to freely access the Confidential Information.

## II.    ARGUMENT

The United Center's entire production is comprised of Confidential Information. Disclosure of that information to a new party would put United Center at a significant disadvantage by exposing its pricing, negotiation strategies, and contractual terms to competitors and counterparties. United Center produced competitively sensitive information to the government in reliance on the Protective Order with the expectation that those materials would be strictly protected against any further disclosure, and certainly would not be disclosed to strangers to this litigation. As such, the *Heckman* Plaintiffs' motion should be denied. *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2011 WL 5193479, at *6 (N.D. Cal. Nov. 1, 2011) (denying non-parties' motion to intervene and to modify the protective order where third-party witness relied on the protective order in producing sensitive, confidential information).

United Center's tangential and involuntary relationship to this litigation calls for protecting United Center's privacy interest by preventing the non-party movants from accessing its highly competitively sensitive and confidential information. Allowing modification of the Protective Order and the dissemination of United Center's highly confidential information beyond the jurisdiction of this Court would seriously and irreparably harm United Center.

### III.    CONCLUSION

United Center should be afforded its reliance on the Protective Order in this case and respectfully request the Court deny the *Heckman* Plaintiffs' motion.

Dated:  February 28, 2025                                    KATTEN MUCHIN ROSENMAN LLP

By: */s/ Brian L. Muldrew*

Brian L. Muldrew (Bar No. 4376711)
Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, NY 10020-1605

Charles A. DeVore
Katten Muchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60601

Attorneys for Third Party Witness
United Center Joint Venture

3