

Avant Building - Suite 900 | 200 Delaware Avenue | Buffalo, NY 14202-2107 | **bsk.com**

**MITCHELL J. BANAS, JR.**
Member
mbanas@bsk.com
P: 716.416.7010
F: 716.416.7310

February 28, 2025

<u>***Via ECF***</u>

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY  10007-1312

Re:   *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

This office represents non-party Artpark & Company, Inc. ("Artpark"), which has previously received (and produced documents pursuant to) a subpoena issued therefor by the Plaintiffs.  I write in connection with (and in opposition to) the motion to intervene made by the "*Heckman* Plaintiffs" (ECF No. 424).

Initially, the *Heckman* Plaintiffs state that they seek to intervene in this case "for the sole purpose of subjecting themselves to the protective order [in this case (ECF No. 347)] and adding them as a designated party under Paragraphs 7 and 8 of the Protective Order."  ECF No. 424 at p. 1.  However, the *Heckman* Plaintiffs' [Proposed] Protective Order Amendment submitted on their application (ECF No. 424-2) does **not** expressly make the *Heckman* Plaintiffs subject to the Protective Order herein and, accordingly, to the extent that the *Heckman* Plaintiffs' application is granted, any order actually entered thereon should do so (as the motion requests).

More fundamentally, however, it was only in reliance on the protections afforded by the Protective Order – including the assurance that any documents produced as "Confidential" pursuant to the subpoena Artpark received would be used only in connection with this action and not otherwise disclosed – that Artpark produced the documents it did. This consideration is of particular concern to Artpark, as the documents it has produced herein are commercially sensitive and, as such, were designated "confidential" by Artpark in view of the competitive disadvantage to which they could be put.  This concern is only exacerbated by the fact that the *Heckman* Plaintiffs' proposed modifications to the Protective Order do not include a mechanism by

The Honorable Arun Subramanian
United States District Court
Southern District of New York
February 28, 2025
Page 2


which non-parties such as Artpark are placed on notice of or given the opportunity to object to or otherwise be heard on the use of their confidential documents – which, at least in the case of Artpark (the operator of a live music amphitheater in Western New York), have not been shown to be at all relevant to the subject matter of the *Heckman* Plaintiffs' lawsuit.

For these reasons, the *Heckman* Plaintiffs' motion to intervene should be denied.

Very truly yours,

BOND, SCHOENECK & KING, PLLC


/s/ Mitchell J. Banas, Jr.
Mitchell J. Banas, Jr.

MJB/kls

cc:    All Parties (via ECF)


21135889