Kendall Brill Kelly

writer's direct:
310.272.7918 telephone
psomers@kbkfirm.com

February 28, 2025

**VIA ECF**

The Honorable Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re:   *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

Non-party Creative Artists Agency, LLC ("CAA"), which has produced and will produce documents to the United States Department of Justice ("DOJ") in response to a third-party subpoena served on CAA in the above-captioned case (the "DOJ Subpoena"), and has also cooperated with DOJ in providing certain other information during the course of DOJ's investigation before DOJ filed the complaint in the above-captioned case, hereby opposes the *Heckman* Plaintiffs' motion to amend the protective order to allow all of the information CAA has and will provide to DOJ to be captured by Plaintiffs for use in their separate civil litigation.

In addition to the reasons stated by DOJ in its opposition to the *Heckman* Plaintiffs' motion (Docket # 433, filed on February 27, 2025), with which CAA agrees, CAA wishes to add the following reasons why the *Heckman* Plaintiffs' motion should be denied:

1.   The documents that CAA has already produced to DOJ contain a substantial amount of highly confidential information about contractual arrangements that CAA has negotiated on behalf of its clients, which includes not only proprietary CAA information, but also private financial information of certain CAA clients.

2.   CAA is currently in the process of reviewing tens of thousands of additional documents gathered from CAA's files to determine if those documents are responsive to the DOJ subpoena. Although CAA and its counsel are still in the process of reviewing those documents, we expect that many of the potentially responsive documents would, like the already-produced documents, reveal highly confidential information about contractual arrangements that CAA has negotiated on behalf of its clients, and would disclose not only proprietary CAA information, but also private information of CAA's clients.

3.   The normal processes of third-party discovery afforded by Rule 45 of the Federal Rules of Civil Procedure in the *Heckman* case should be followed in that case, so that CAA can, through the procedural framework established by Rule 45 and the caselaw applying that Rule, make appropriate determinations after receiving a third-party subpoena from the *Heckman* Plaintiffs concerning which documents are subject to production to the Plaintiffs in the *Heckman*

**Kendall Brill & Kelly LLP**

The Honorable Arun Subramanian
February 28, 2025
Page 2

case and which documents should not or need not be produced by CAA, given its status as a third party to that litigation and its fiduciary duties to its clients. Once CAA has made those determinations, CAA's counsel would expect to meet-and-confer with counsel for the *Heckman* plaintiffs to discuss CAA's objections and concerns, and, if disputes remain following the meet-and-confer process, the parties could seek resolution of such disputes by the court overseeing the *Heckman* litigation. That is the required procedure under Rule 45, which enables third-parties to identify, negotiate, and if necessary seek judicial resolution of discovery disputes in the context of a third-party subpoena. CAA objects to being deprived of the benefits of the Rule 45 procedure, and on that basis opposes the *Heckman* Plaintiffs' motion.

Very truly yours,

/s/ Patrick J. Somers
PATRICK J. SOMERS

Richard B. Kendall
Patrick J Somers
Kendall Brill & Kelly
10100 Santa Monica Boulevard
Suite 1725
Los Angeles, Califoria 90067
Telephone: (310) 272-7918
Email: psomers@kbkfirm.com

*Attorneys for Creative Artists Agency, LLC*

cc: Richard B. Kendall
All counsel of record via ECF