

February 28, 2025

**VIA E-MAIL**

**J. Bruce Maffeo**
Direct Phone    212-883-4951
Direct Fax        917-521-5866
jbmaffeo@cozen.com

**Nicole H. Sprinzen**
Direct Phone    202-471-3451
Direct Fax        202-499-2941
nsprinzen@cozen.com

The Honorable Arun Subramanian
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 1007-1312

Re:

> ***United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973***

Dear Judge Subramanian:

Non-party It's My Party, Inc. ("I.M.P."), through undersigned counsel, respectfully requests leave to submit the below comments and opposition regarding the Heckman Plaintiffs' Motion to Intervene and Modify the Protective Order ("Motion") to permit Defendants to reproduce all third-party discovery for the Heckman Plaintiffs' use in their own case in California ("California Action") (ECF No. 424). I.M.P. learned of the requested modification to the Amended Protective Order, dated Nov. 15, 2024, (ECF No. 347) from Plaintiffs' counsel in this case on February 25, 2025 and were advised to file any response by today.

I.M.P. is a promoter and venue operator for live events—primarily concerts—in the Washington, D.C., Maryland and Virginia ("DMV") market. I.M.P. generally promotes shows at its own venues in D.C. and Maryland, but occasionally serves as a promoter for a different venue in the DMV area. I.M.P.'s operations do not extend to other markets. By contrast, the named prospective class representatives in the California Action reside in Florida, California and Ohio.

I.M.P. opposes the Heckman Plaintiffs' Motion. Subject to the protections of the Amended Protective Order, I.M.P. has been and is being compelled to produce to the parties in this case hundreds of thousands of pages of documents that include non-public confidential and competitively sensitive materials, including financial information, negotiations with artists who perform at its venues and its negotiations with Live Nation and Ticketmaster. As such, if the proposed modification is granted, I.M.P. will be directly impacted by the disclosure of its confidential materials to the Heckman Plaintiffs (in a separate class action where, again, I.M.P. is a nonparty) and has a substantial interest in this dispute.

In their Motion, the Heckman Plaintiffs describe their action as alleging Defendants "engaged in predatory and exclusionary conduct to monopolize the relevant markets for primary and secondary ticketing services for major concert venues." ECF No. 424 at 1. Notably, the documents and information produced by I.M.P. is this action are far broader, including

The Honorable Arun Subramanian
February 28, 2025
Page 2

documents and information relating to its operations as an event promoter.  It is an overreach to simply permit the transfer of I.M.P. productions in this action to other parties in a different action. Plaintiffs in this case have argued this point in their Joint Memorandum of Law in Opposition to the Heckman Plaintiffs' Motion to Intervene and Modify the Protective Order, filed on February 27, 2025 ("Opposition") (ECF No. 433).  I.M.P. joins Plaintiffs' Opposition in that and in all respects.

As a purported class of individual consumer plaintiffs who bought live entertainment tickets, the Heckman Plaintiffs have no need for all the competitively sensitive operational information IMP produced in this case, including negotiations of event promotions and other facets of its business unrelated to Live Nation or Ticketmaster.  I.M.P.'s concerns are heightened because of the inherent risk of disclosure of its most sensitive business information with no showing of how that data is relevant to the California Action.

Paragraph 1 of the Amended Protective Order explicitly states that any person subject to that Order "shall not use such Highly Confidential or Confidential Discovery Material or Investigation Material *for any purpose other than in connection with this action*."  ECF No. 347 (emphasis added). The relief sought in the Heckman Plaintiffs' Motion is in direct conflict with that language.

Additionally, the Amended Protective Order explicitly recognizes the sensitivity of data involved in the action:

> This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material and Investigation Material designated as "Highly Confidential" or "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except as provided in paragraph 18.

*Id.* ¶19.  As the Heckman Plaintiffs concede in their Motion, the Second Circuit disfavors modifying a protective order to allow non-party access to discovery materials.  *See* Motion at 3. That principle, along with this Court's recognition of the sensitivity of I.M.P.'s documents and information in this case, counsels denial of the Heckman Plaintiffs' Motion.  Nonparty I.M.P. therefore requests that the Court exercise its discretion to deny the Motion.

Although I.M.P. submits that granting the Heckman Plaintiffs' request would vitiate the whole purpose of the Amended Protective Order and the protections afforded therein, and the request should be denied in full, if the Court is inclined to permit some level of access to the movants, I.M.P. requests that it be narrowly tailored to specific subject matters, rather than a cart blanche transfer of the entirety of I.M.P.'s produced documents.  Moreover, if the Court is inclined to grant the Motion with respect to certain subject matters, I.M.P. would like to be heard on the subject matters that the Court may be considering so that I.M.P. can address them more specifically and with sufficient time to prepare their response.  Finally, if the Court permits counsel for the Heckman Plaintiffs some level of access, I.M.P. requests that each person must first execute a Non-Disclosure Agreement, with executed versions maintained by counsel for the Heckman Plaintiffs and available for inspection upon the request of the Court, any Party, or counsel for I.M.P.

I.M.P. appreciates the Court's attention to and consideration of this submission.

The Honorable Arun Subramanian
February 28, 2025
Page 3

Respectfully submitted,

*J. Bruce Maffeo*

J. Bruce Maffeo (N.Y. Bar No. 1673458)
Cozen O'Connor
3 WTC
175 Greenwich Street, 55th Fl.
New York, NY 10007
Tel: (212) 883-4951
Fax: (917) 521-5866
JBMaffeo@cozen.com

Nicole H. Sprinzen (Pro Hac Vice Forthcoming)
Cozen O'Connor
2001 M Street, NW, Suite 500
Washington, D.C. 20036
Tel: (202) 471-3451
Fax: (202) 499-2941
NSprinzen@cozen.com

*Counsel for Nonparty It's My Party, Inc.*