# BARNES & THORNBURG LLP

390 Madison Avenue
12th Floor
New York, NY 10017
(646) 746-2000
Fax (646) 746-2001

www.btlaw.com

David Slovick
(646) 746-2019
DSlovick@btlaw.com

February 28, 2025

**By ECF**

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*,
> **Case No. 1:24-cv-03973**

Dear Judge Subramanian:

Please accept this letter as the opposition of non-party Sacramento Downtown Arena LLC ("SDA"), a California-based company, to the Motion to Intervene and Modify Protective Order filed by the Heckman Plaintiffs on February 18, 2025. (ECF No. 424.) SDA is a non-resident of New York, a non-party to this case, and a non-party to the dispute underlying the case. On September 24, 2024, the United States Department of Justice ("DOJ") served SDA with a Federal Rule 45 subpoena in connection with the DOJ's case. The subpoena called for private, confidential financial information belonging to SDA (*see* Dorso Decl. ¶¶ 2-4, submitted with this letter), which is constitutionally protected, as recognized by both forums relevant to the litigation. Cal. Const., art. I, § l; *United States v. Rajaratnam*, 753 F. Supp. 2d 317, 324 (S.D.N.Y. 2011); *Alch v. Superior Court*, 165 Cal. App. 4th 1412, 1425 (Cal. Ct. App. 2008).

Under both federal and state law, the Heckman Plaintiffs' request to obtain private financial information from third parties like SDA is subject to a balancing test which weighs the legitimate constitutional interests a party seeks to invade against the party's need for the information sought through the discovery process. *Rajaratnam*, 753 F. Supp. 2d at 324; *Alch*, 165 Cal. App. 4th at 1425; *Schnabel v. Superior Court*, (1993) 5 Cal. 4th 704, 712. Under the governing case law, the Heckman Plaintiffs are required to demonstrate a "compelling need" for discovery of private financial information belonging to non-parties. *Rajaratnam*, 753 F. Supp. 2d at 324; *Alch*, 165 Cal. App. 4th at 1425; *Schnabel*, 5 Cal. 4th at 712. No such compelling need for any of SDA's constitutionally protected private information has been shown in the Heckman Plaintiffs' Motion to Intervene. (*See* ECF No. 424.)

The information the Heckman Plaintiffs seek includes private financial information and information related to SDA's private business operations and strategies, all of which would

Hon. Arun Subramanian
February 28, 2025
Page 2

irreparably harm SDA if disclosed to others. (Dorso Decl. ¶¶ 4, 6-8.) The information Plaintiffs seek also includes private, constitutionally protected information of third parties other than SDA. (*Id*. ¶ 6.) It was for these reasons that SDA objected to the production of much of the information subpoenaed by the DOJ. (*Id*. ¶ 3.) Although SDA ultimately agreed to provide that information, including constitutionally protected private information, it did so under the condition that the information would not be disseminated beyond the DOJ team investigating and litigating the DOJ's case, as reflected in the terms of the protective order in this case. (*Id*.) Dissemination to the broad group of Heckman Plaintiffs threatens to significantly harm SDA in ways that disclosure to the DOJ does not. (*Id*. ¶¶ 4, 6-8.)

Specifically, SDA has no way of knowing whether the Heckman Plaintiffs can be compelled to comply with the confidentiality provisions applicable to their receipt of SDA's constitutionally protected private information, nor any way of knowing if they could answer in damages for the harm likely to result should they disclose that information in way that harms SDA or the other third parties whose confidential information would also be disclosed. (*Id*. ¶ 7.) It appears unlikely that the Heckman Plaintiffs would be able to compensate SDA for the harm it would suffer if Plaintiffs were to disseminate SDA's constitutionally protected private information. (*Id*.)

If, however, the Court is inclined to grant the Heckman Plaintiffs' Motion, SDA respectfully requests that the Court first require the Heckman Plaintiffs to serve the Motion on all known affected non-parties, and that each be given a meaningful opportunity to be heard on the question of their constitutional privacy rights. For its part, SDA's outside counsel had a mere 48 hours after it learned of the Heckman Plaintiffs' Motion to file this opposition, which is plainly insufficient. Unlike the parties to this case, SDA was unrepresented at the time it learned of the Motion (February 24, 2025)—which was a full week after the Motion was filed—and was required to first find counsel before it could begin to respond. SDA is just now getting up to speed and does not have a complete understanding of the posture of the case or of the pleadings, orders, and related matters necessary to fully evaluate and oppose the Heckman Plaintiffs' Motion. In short, granting the Motion without first providing SDA an opportunity to fully review the pleadings, issues, and case law involved, and granting SDA leave to prepare a substantive brief in opposition, would be a violation of SDA's due process rights.

For the foregoing reasons, SDA respectfully requests that the Court deny the Heckman Plaintiffs' February 18, 2025 Motion to Intervene and Modify Protective Order in its entirety. To the extent that the Heckman Plaintiffs need to obtain third party information in connection with their Central District of California action, they should be required to proceed by way of subpoena and appropriate legal process in that district before Judge Wu, so each entity subject to such a demand (including SDA) will have proper notice and an opportunity to evaluate and respond to any discovery demands Plaintiffs may make. The current Motion appears to be an attempt to do an "end around" the rights and interests of third parties, such as SDA, and serves no legitimate purpose. In the alternative, SDA requests that the Court grant it until and including March 21, 2025 to file a brief in opposition to the Heckman Plaintiffs' February 18, 2025 Motion to Intervene and Modify Protective Order.

Hon. Arun Subramanian
February 28, 2025
Page 3

Respectfully submitted,

David Slovick