# MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
ROBERT E. DENHAM
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
KATHLEEN M. McDOWELL
GLENN D. POMERANTZ
THOMAS B. WALPER
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
STUART N. SENATOR
JONATHAN E. ALTMAN
KELLY M. KLAUS
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
LAURA D. SMOLOWE
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.
GINGER D. ANDERS P.C.
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ACHYUT J. PHADKE
ZACHARY M. BRIERS
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL

ROSE LEDA EHLER
JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS P.C.
JOHN L. SCHWAB
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
VINCENT Y. LING
LAUREN BELL P.C.
VICTORIA A. DEGTYAREVA
JOHN B. MAJOR
RACHEL G. MILLER-ZIEGLER P.C.
FAYE PAUL TELLER
STEPHANIE G. HERRERA
JULIANA M. YEE
COLIN A. DEVINE
GIOVANNI S. SAARMAN GONZÁLEZ
ANNE K. CONLEY
DAVID W. MORESHEAD
ANDREW D. GARELICK
NICK R. SIDNEY
SKYLAR B. GROVE
LAURA M. LOPEZ
DANE P. SHIKMAN
MAGGIE THOMPSON
SAMUEL H. ALLEN
SARA A. MCDERMOTT
J. MAX ROSEN
ROWLEY J. RICE
LAUREN E. ROSS
BENJAMIN G. BAROKH
ABE DYK
MEGAN MCCREADIE
RAQUEL E. DOMINGUEZ
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
XIAONAN APRIL HU
CARRIE C. LITTEN
JAMES R. SALZMANN
SEAN P. BARRY
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
OLIVER BROWN
PAUL E. MARTIN
MATTHEW MIYAMOTO
ANDRA LIM
REBECCA L. SCIARRINO
CORY M. BATZA

BRIAN R. BOESSENECKER
ROBERT E. BOWEN
RICHARD T. JOHNSON
GRACE DAVIS FISHER
LAUREN N. BECK
CALEB W. PEIFFER
GREGORY T. S. BISCHOPING
STEVEN B. R. LEVICK
JANELLE KRUMMEN
WILLIAM M. ORR
GABRIEL M. BRONSHTEYN
JING JIN
ALEX C. WERNER
ROSIO FLORES ARRIAGA
JESSICA O. LAIRD
ERICA C. TOOCH
SARAH E. WEINER
EVAN MANN
ANDREW T. NGUYEN
SARA H. WORTH
NATALIE G. MOYCE
MIRANDA E. REHAUT
STEPHANY REAVES
LAUREN E. KUHN
J. KAIN DAY
GARRETT SOLBERG
TED KANG
ADAM K. KWON
JOSEPH N. GLYNN
SIMON K. ZHEN
CARSON J. SCOTT
CHRISTOPHER B. CRUZ
MATTHEW W. LINSLEY
ADEEL MOHAMMADI
TAYLOR L. BENNINGER
LORRAINE L. ABDULAHAD
CLARE KANE
SIDNEY M. EISNER
HELEN ELIZABETH WHITE
KATHLEEN FOLEY
ALISON A. DOYLE
FELIPE DE JESÚS HERNÁNDEZ
JASON D. WEISS
HENRY D. SHREFFLER
MILES W. UNTERREINER
LYNDSEY FRANKLIN
ANDREW DELAPLANE
ARIELLA PARK
LAURA R. PERRY
NATASHA GEILING
JOSEPH MANTEGANI
GRAHAM J. WYATT

WESLEY P. DEVOLL
LAUREN A. BILOW
ROMAN LEAL
KAYSIE GONZALEZ
ALEXIS D. CAMPBELL
KYRA E. SCHOONOVER
WENDY Q. XIAO
DANIEL KANE
ADITI NARESH GHATLIA
ALBERTO J. DE DIEGO-HABEL
KYLE A. SCHNEIDER
PRISCILA E. CORONADO
CARL H. JIANG
BOBBY H. KIM
CLAIRE I. ROGERSON
EDUARDO A. GONZÁLEZ
GRACE ORDONEZ
LIAM GENNARI
CHARLES LAM
MICHAEL X. WEI
MAGGIE BUSHELL
REBECCA J. HANSEN
CONNOR HOGE
SARAH M. PFANDER
ELIZABETH ANASTASI
KEVIN HAN YANG
CHRISTOPHER A. MORILLO
CORDELL A. BROWN
QIANZHE DANNY ZHANG
JULIA KONSTANTINOVSKY
BENJAMIN R. WELTON
ABIGAIL K. BESSLER
KYLE A. GROVES
ALISON C. LUNA
ESTHENA BARLOW
CY EMEKA RAY
SUSANNAH M. L. GAGNON
DANIEL E. RUBIN
MOHAMED SAID

————

OF COUNSEL
PATRICK J. CAFFERTY, JR.
BRADLEY R. SCHNEIDER
PETER E. GRATZINGER
ADAM R. LAWTON
SARAH J. COLE
ALLISON M. DAY
JEREMY S. KREISBERG

————

SEE MTO.COM FOR
JURISDICTIONS OF ADMISSION

560 MISSION STREET

SAN FRANCISCO, CALIFORNIA 94105-3089

TELEPHONE (415) 512-4000

————

350 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3426

TELEPHONE (213) 683-9100

————

601 MASSACHUSETTS AVENUE NW

SUITE 500E

WASHINGTON, D.C. 20001-5369

TELEPHONE (202) 220-1100

February 28, 2025

Writer's Direct Contact
(415) 512-4085
(415) 644-6985 FAX
Justin.Raphael@mto.com

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Your Honor:

Non-Party MGM Resorts International ("MGM") writes to oppose the *Heckman* Plaintiffs' request (ECF 424) to modify the protective order in this action to permit disclosure of documents produced by MGM in response to a subpoena *duces tecum* from the United States in this action. The *Heckman* Plaintiffs' request seeks to evade the protections that Rule 45 provides to non-parties like MGM in responding to subpoenas for third-party discovery.

In this Circuit, "there is a strong presumption against the modification of a protective order. . . ." *SEC v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001). Indeed, it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id.* at 230. In particular, "the privacy interests of innocent third parties ... should weigh heavily" in determining whether to modify a protective

MUNGER, TOLLES & OLSON LLP

The Honorable Arun Subramanian
February 28, 2025
Page 2

order. *Id.* at 232. The *Heckman* Plaintiffs have not made the required "showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." *Id.* at 229.

The United States served MGM with a subpoena *duces tecum* in this action on September 11, 2024. MGM did not, and does not, agree that all of the information sought by the subpoena was relevant and discoverable from MGM. But after extensive efforts to meet and confer regarding the scope of the subpoena, MGM agreed to produce certain documents to avoid the burden of a discovery dispute with the United States. MGM produced documents detailing internal revenue, expense and profit figures for particular live entertainment events. MGM produced these documents in unredacted form to minimize the burden of production and disputes about redactions. Because the documents contain highly sensitive financial information that MGM keeps confidential, MGM designated them Highly Confidential under the protective order in this action. That order prohibits the use of confidential material "for any purpose other than in connection with this action," ECF No. 347, ¶ 1, and thus does not permit disclosure of MGM's information to the *Heckman* Plaintiffs. Accordingly, when MGM produced documents in response to the subpoena from the United States in this action, it had no reason to expect that those documents would also be disclosed to private plaintiffs in a class action in another court.

It does not follow that MGM would have produced the same documents in the same form that it produced to the United States if it had known that those documents also would be produced to the *Heckman* Plaintiffs. Producing information to class action plaintiffs presents different risks and burdens than responding to a subpoena from the United States. Those risks and burdens would have to be balanced against the *Heckman* Plaintiffs' arguments for why the highly sensitive documents sought by the subpoena are sufficiently relevant and important to their claims to warrant production. Those arguments would be governed by the law of the Ninth Circuit, which has identified "quite strong considerations indicating that discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). Indeed, "courts have routinely held that it is a generally accepted rule that standards for non[-]party discovery ... require a stronger showing of relevance than for simple party discovery." *John Brandstetter v. City of Riverside, et al.*, No. 5:20-cv-01866-FLA(SHKx), 2021 WL 6102513, at *4 (C.D. Cal. Sept. 10, 2021).[1]

The *Heckman* Plaintiffs, however, have never articulated why any of the information produced by MGM (or any third party) is relevant to their claims, let alone made a "stronger showing of relevance." The *Heckman* Plaintiffs' letter motion does not explain why they need any of MGM's information for their case. Thus, by asking the Court to modify the protective

---

[1] The District of Nevada, where MGM is located, would have jurisdiction over any dispute, *see* Fed. R. Civ. P. 45(d) (1) ("court for the district where compliance is required must enforce" limitations on Rule 45 subpoena). Ninth Circuit law also would apply even if the dispute were transferred to the Central District of California where the *Heckman* action is pending.

MUNGER, TOLLES & OLSON LLP

The Honorable Arun Subramanian
February 28, 2025
Page 3

order in this action to permit disclosure of MGM's production, the *Heckman* Plaintiffs seek to obtain third-party discovery from MGM without having to satisfy the strict standards for doing so—and without giving MGM the opportunity to challenge whether discovery is warranted in the *Heckman* action or to negotiate additional restrictions on the use and dissemination of MGM's documents in that action. As the *Heckman* Plaintiffs' own authority explains, "if the intervenor is seeking to circumvent limitations on its ability to conduct discovery in its own case or to gain access to materials it would otherwise have no right to access, a court should refuse to modify the protective order." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 324 (D. Conn. 2009).

MGM did not waive—and could not have waived—its right to object to third-party discovery *in the Heckman action* by producing documents *in this action* pursuant to a protective order that did not permit disclosure to the *Heckman* Plaintiffs. MGM was not involved in negotiating, stipulating to, or submitting the protective order that the *Heckman* Plaintiffs seek to modify. That distinguishes the *Heckman* Plaintiffs' motion from the motion that was granted in *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308 (D. Conn. 2009). In the *Ethylene* case, the intervenor sought discovery from "DSM defendants" who were parties to the action and had stipulated to the protective order that the intervenor sought to modify. *See id.* at 322 (noting order was entered "upon the parties' stipulation and agreement"). Indeed, the protective order in that case "was granted primarily to assuage *[those] defendants'* concern for keeping their trade secrets and other proprietary information such as customer lists out of the hands of the public or their competitors." *Id.* at 323–24 (emphasis added). Here, in contrast, the protective order here was not the product of MGM's effort to protect its interests.

It would be particularly unfair to modify the protective order to permit production of MGM's highly confidential information to the *Heckman* Plaintiffs without expressly making the *Heckman* Plaintiffs or their counsel parties to that order. The *Heckman* Plaintiffs' motion says that they are "subjecting themselves to the Protective Order" and that "they are committing to ***not*** make information public, absent following the Protective Order's requirements for doing so." ECF 424 at 3. But the *Heckman* Plaintiffs' proposed order simply adds the *Heckman* Plaintiffs' counsel to the list of persons to whom the parties to this action may disclose information designated Confidential or Highly Confidential pursuant to Paragraphs 7 and 8 of the protective order.

Accordingly, if the Court considers modifying the protective order in this action to permit disclosure to the *Heckman* Plaintiffs of materials produced by MGM (and it should not do so), then MGM respectfully requests that the Court include provisions expressly making the *Heckman* Plaintiffs and their counsel subject to this Court's protective order with respect to those materials and to this Court's jurisdiction in enforcing that order.

MUNGER, TOLLES & OLSON LLP

The Honorable Arun Subramanian
February 28, 2025
Page 4

Respectfully submitted,

Justin P. Raphael

*Counsel for Non-Party MGM Resorts
International*