**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

UNITED STATES OF AMERICA, ET AL.,

Plaintiffs,

-v.-

LIVE NATION ENTERTAINMENT INC., ET AL.,

Defendants.

</td><td>

Case No. 1:24-cv-03973 (AS)

</td></tr>
</table>

**NON-PARTY CENTER OPERATING COMPANY, LP'S
OBJECTION AND RESPONSE TO THE MOTION TO INTERVENE
AND AMEND THE PROTECTIVE ORDER FILED BY NON-PARTY HECKMAN
<u>PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT OF SAME</u>**

WINSTEAD PC

300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
Tel: (817) 420-8200
Fax: (817) 420-8281

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................1

II.   FACTUAL BACKGROUND.................................................................................2

III.  ARGUMENT AND AUTHORITY .......................................................................3

    A.  The Heckman Plaintiffs' Intervention Fails Because They Do
       Not Seek to Become Parties in This Lawsuit.................................................3

    B.  The Heckman Plaintiffs Intent to Use Confidential Third-Party
       Discovery Materials in a Separate Lawsuit Does Not Constitute and Extraordinary
       Circumstance or a Compelling Need Justifying Modification ......................5

    C.  COC's Reliance on the Protective Order was Reasonable.............................8

    D.  The Heckman Plaintiffs' Requested Modification Does Not
       Satisfy Their Stated Goal .............................................................................9

IV.   CONCLUSION AND REQUESTED RELIEF ...................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AT&T Corp. v. Sprint Corp.*,
  407 F.3d 560 (2d Cir. 2005)..................................................................................................5

*Chao v. Local 1104 Communs. Workers of Am.*,
  No. CV 06-5896 (LDW) (ETB), 2007 U.S. Dist. LEXIS 30681 (E.D.N.Y.
  2007) .....................................................................................................................................4

*In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*,
  255 F.R.D. 308 (D. Conn. 2009)........................................................................................6, 7

*Giuffre v. Maxwell*,
  2022 U.S. Dist. LEXIS 141974 (S.D.N.Y. 2022) ..................................................................4

*Gov't of United States V.I. v. JPMorgan Chase Bank, N.A.*,
  No. 22-cv-10904 (JSR), 2024 U.S. Dist. LEXIS 115811 (S.D.N.Y. 2024) ...........................6

*In re Hornbeam Corp.*,
  No. 14-MC-424, 2020 U.S. Dist. LEXIS 145996 (S.D.N.Y. 2020) .........................................5

*Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*,
  2010 U.S. Dist. LEXIS 19510 (S.D.N.Y. 2010)...............................................................6, 8, 9

*Jose Luis Pelaez, Inc. v. Scholastic, Inc.*,
  312 F. Supp. 3d 413 (S.D.N.Y. 2018)................................................................................6, 8

*Martindell v. Int'l Tel. & Tel. Corp.*,
  594 F.2d 291 (2d Cir. 1979)..................................................................................................5

*Md. Cas. Co. v. W.R. Grace & Co.*,
  1994 U.S. Dist. LEXIS 11141 (S.D.N.Y. 1994)..............................................................5, 7, 9

*Med. Diagnostic Imaging, PLLC v. Carecore Nat'l, LLC*,
  2009 U.S. Dist. LEXIS 60979 (S.D.N.Y. 2009)...............................................................6, 7, 8

*In re Teligent, Inc.*,
  640 F.3d 53 (2d Cir. 2011)....................................................................................................5

*United States v. Bd. of Educ.*,
  605 F.2d 573 (2d Cir. 1979)..................................................................................................4

**Statutes**

Sherman Act....................................................................................................................................2

**Other Authorities**

Fed. R. of Civ. P. 24...................................................................................................................3, 4

Fed. R. of Civ. P. 34......................................................................................................................7

Fed. R. of Civ. P. 45......................................................................................................................7

Non-Party Center Operating Company, LP ("COC") joins the Memorandum of Law in Opposition to the Heckman Plaintiffs' Motion to Intervene and Modify the Protective Order [Doc. 433] filed by the Plaintiffs'. COC writes separately to submit its own reasoning for this objection, response, and memorandum of law in opposition to the motion to intervene and amend the protective order filed by non-parties Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts (the "Heckman Plaintiffs").

## I.    INTRODUCTION

The Heckman Plaintiffs seek to intervene in this case and amend the protective order for the sole purpose of obtaining confidential third-party discovery materials for their own use in an unrelated lawsuit in California. In doing so, they seek to reap the rewards of the U.S. Department of Justice's unique investigative powers and years long efforts in this case to avoid conducting their own due diligence, investigation, or discovery. Such a position is against the weight of caselaw in this District and puts the confidential and proprietary information of potentially hundreds of third-parties at risk of unlawful use and disclosure.

The Heckman Plaintiffs' motion should be denied as a mere pretext to unlawfully obtain the confidential and proprietary information of non-parties. The Heckman Plaintiffs admit that they have no interest in the current proceeding and that they do not move to become parties to this lawsuit. They further have provided no legal or factual justification showing that their desire to avoid duplicative discovery for their own convenience qualifies as an extraordinary circumstance or compelling need as required by this Circuit. In fact, COC reasonably relied on the protective order in responding to the government's subpoena and would not expect that a non-party would be able to gain access to its confidential and proprietary information merely for that party's convenience. Finally, the requested modification is non-sensical because, even if the Heckman

Plaintiffs were entitled to receive Highly Confidential or Confidential documents under the protective order, they still would violate the order by using that information in their California lawsuit.

## II.    FACTUAL BACKGROUND

On May 23, 2024, the U.S. Department of Justice ("DOJ") along with 29 states and Washington, D.C. brought this antitrust lawsuit against Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster Entertainment, LLC ("Ticketmaster"), alleging that Live Nation retains an illegal monopoly over several live event markets and engaged in illegal exclusive dealing in violation of the Sherman Act. [Docs. 1, 257].

COC operates a large amphitheater in Dallas, Texas called the American Airlines Center ("AAC"). [Ex. A ¶ 3]. The AAC is the home arena for the Dallas Mavericks basketball team—which is a franchise in the National Basketball Association—and the Dallas Stars hockey team—which is a franchise in the National Hockey League. [*Id.*].  The AAC is also one of the largest concert venues in North Texas, bringing many world-famous artists and musicians to Texas. [*Id.*].

Prior to the initiation of this lawsuit, on December 6, 2023, the DOJ served COC with a civil investigative demand, seeking information related to COC's ticketing practices as well as its relationship with Live Nation and Ticketmaster. [*Id.* ¶ 4]. COC responded to this civil investigative demand and produced a number of responsive, confidential documents. [*Id.*]. After the initiation of this case, COC designated each of these documents as Highly Confidential or Confidential pursuant to this Court's protective order. [*Id.*; docs. 213, 347].

On September 24, 2024, the DOJ served a third-party subpoena on COC seeking additional documents related to its ticketing practices, sensitive financial information related to COC's business, and its relationship with Live Nation, Ticketmaster, and various third-parties. [Ex. A ¶ 5]. Over the course of several months, COC worked with the DOJ to narrow the scope of the

subpoena, collect and review responsive documents, and produce such documents to the plaintiffs and defendants in this case. [*Id.*]. The produced documents contain sensitive information related to COC's business, including financial reports, third-party contracts, and negotiation strategies, among other things. [*Id.*]. Consequently, COC designated the bulk of the documents it produced as Highly Confidential pursuant to this Court's protective order. [*Id.*; docs. 213, 347]. In fact, COC relied on the protective order in reviewing and deciding to produce documents. [Ex. A ¶ 6]. But for the protective order, COC would have withheld the vast majority of the produced documents until such a protective order was entered as these documents represent confidential and proprietary business documents, the use or disclosure of which would severely impact COC's business. [*Id.*].

On February 18, 2025, the Heckman Plaintiffs filed their motion to intervene and to amend the protective order pursuant to Federal Rule of Civil Procedure 24. [Doc. 424]. But "[t]he Heckman Plaintiffs do not seek to become a party in this case." [*Id.*]. Instead, the Heckman Plaintiffs' only stated purpose in seeking to intervene and amend the protective order is to obtain all third-party discovery in this case and use such discovery in their own, separate lawsuit against Live Nation and Ticketmaster pending in California. [*Id.*]. Such a request is improper, and for the reasons stated below, must be denied.

## III.    ARGUMENT AND AUTHORITIES

The Heckman Plaintiffs have moved to intervene in this case and to modify the Court's protective order pursuant to Rule 24 of the Federal Rules of Civil Procedure with the sole purpose of obtaining confidential discovery material from third-parties to this lawsuit. Such a request is improper and must be denied.

**A.    The Heckman Plaintiffs' Intervention Fails Because They Do Not Seek to Become Parties in this Lawsuit.**

Rule 24 governs permissive intervention and provides in relevant part that "on timely motion," any party may intervene who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). Importantly, it is well settled that "[t]he very purpose of intervention, whether of right or permissive, is to enable those satisfying the requirements of Rule 24 to assert their interests in all pending aspects of the lawsuit, within the limitations of purpose imposed at the time of intervention." *United States v. Bd. of Educ*., 605 F.2d 573, 576 (2d Cir. 1979); *see also Chao v. Local 1104 Communs. Workers of Am*., No. CV 06-5896 (LDW) (ETB), 2007 U.S. Dist. LEXIS 30681, at *7 (E.D.N.Y. 2007) (citing cases) (noting that an intervenor becomes a party to the case and is entitled to litigate fully on the merits of the action). A court is required by rule to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3); *Giuffre v. Maxwell*, 2022 U.S. Dist. LEXIS 141974, at *4 (S.D.N.Y. 2022). "Additional relevant factors for the court's consideration include the nature and extent of the intervenors' interests, . . . and whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Id.* (citing *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc*., 797 F.2d 85, 89 (2d Cir. 1986)).

Here, the Heckman Plaintiffs outright state that they "do not seek to become a party in this case." [Doc. 424]. Consequently, the Heckman Plaintiffs have no intention of asserting any of their interests in the pending lawsuit or contributing to the development of the underlying factual issues in this case. Rather, the Heckman Plaintiffs intend to loot confidential, third-party discovery in order to potentially use such documentation in a separate lawsuit in California where the information would not be protected from unnecessary use or disclosure. [*See id.*] For this reason alone intervention is improper.

**B.**    **The Heckman Plaintiffs' Intent to Use Confidential Third-Party Discovery Materials in a Separate Lawsuit Does Not Constitute an Extraordinary Circumstance or a Compelling Need Justifying Modification**

Even if the Heckman Plaintiffs were moving to join this lawsuit, their stated reasons for amending the protective order are improper. The Second Circuit has acknowledged that permissive intervention is a potential method for a nonparty to seek a modification of a protective order. *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (citing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 293-94 (2d Cir. 1979)). But, in this Circuit, there is a strict standard for modification of a protective order entered by a district court. *See In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011); *In re Hornbeam Corp.*, No. 14-MC-424 (Part 1), 2020 U.S. Dist. LEXIS 145996, at *7 (S.D.N.Y. 2020). Under this strict standard, "it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *AT&T Corp.*, 407 F.3d at 562 (quoting *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001)). "If protective orders were easily modified, . . . parties would be less forthcoming in giving testimony and less willing to settle their disputes." *Martindell*, 594 F.2d at 292. "Once a court enters a protective order and the parties [or deponents] rely on that order, it cannot be modified 'absent a showing of improvidence in the grant' of the order or 'some extraordinary circumstance or compelling need.'" *Id.* (quoting *Martindell*, 594 F.2d at 296).

The Heckman Plaintiffs do not argue that the protective order was improvidently granted. [Doc. 424]. Accordingly, the issue becomes whether the Heckman Plaintiffs have shown extraordinary circumstances or compelling need justifying the modification of the protective order. *See e.g.*, *Md. Cas. Co. v. W.R. Grace & Co.*, 1994 U.S. Dist. LEXIS 11141, at *8 (S.D.N.Y. 1994). Crucially, courts in this District have consistently held that seeking to modify a protective order in order to obtain third-party discovery does not amount to an extraordinary circumstance or a compelling need. *Id.* (stating "[a]lthough fostering judicial economy and avoiding duplicative

discovery are laudable goals . . . they hardly amount to extraordinary circumstances or compelling need"); *Med. Diagnostic Imaging, PLLC v. Carecore Nat'l, LLC*, 2009 U.S. Dist. LEXIS 60979, at *7 (S.D.N.Y. 2009) (refusing to modify a protective order where the sole purpose of the modification was "to use documents and deposition testimony produced in [the current proceeding] in [a separate proceeding] in the Eastern District of New York"); *Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, 312 F. Supp. 3d 413, 416 (S.D.N.Y. 2018) (same); *Gov't of United States V.I. v. JPMorgan Chase Bank, N.A.*, No. 22-cv-10904 (JSR), 2024 U.S. Dist. LEXIS 115811, at *13 (S.D.N.Y. 2024) (noting that even if the request to intervene was granted, the request to obtain unfiled discovery materials would be denied because a party cannot "circumvent discovery restrictions in one case by seeking to intervene in another case against the same party.")

In support of their request to intervene and modify the protective order, the Heckman Plaintiffs rely solely on a single Connecticut District Court decision, *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308 (D. Conn. 2009). Not only does this case have no precedential value on this Court, but it is also easily distinguishable. The intervenor in *EPDM* was the lead plaintiff in a private Canadian case against the same defendants. *Id.* at 313. The intervenor requested a modification of the protective order to obtain documents produced by the defendants, not unnamed third-parties. *Id.* Finally, the intervenor's sole purpose for modification was "to avoid the time and expense of conducting duplicative discovery," a justification that courts in this District have soundly rejected. *Id.* at 314; *cf. Carecore Nat'l, LLC*, 2009 U.S. Dist. LEXIS 60979, at *7. The Heckman Plaintiffs have simply provided no authority that they have an extraordinary circumstance or compelling need in seeking to obtain confidential discovery material produced by third-parties in this case. *Cf. Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 2010 U.S. Dist. LEXIS 19510, at *30 (S.D.N.Y. 2010) (distinguishing

*EPDM* and reasoning that the potential intervenor failed to show that he could not have requested the documents through Brazilian judicial procedure or that the requested intervention was not an attempt to avoid discovery limitations in Brazil).

The current case is a large antitrust matter against a publicly held company that operates across essentially the entire United States. [Doc. 257]. Pre-trial discovery would naturally involve the production of information by non-parties and the protective order was entered into in order to maintain the confidentiality of trade secrets and confidential and proprietary business information. [Doc. 347]; *see also*, *Carecore Nat'l*, 2009 U.S. Dist. LEXIS 60979, at \*6 (acknowledging the justifications for entering such a protective order in the healthcare industry). Here, the Heckman Plaintiffs' sole purpose for seeking a modification to the protective order is to "access[] third-party production" for use in an unrelated lawsuit against Live Nation and Ticketmaster in California. [Doc. 424]. The Heckman Plaintiffs argue that they merely seek "efficiency gains in avoiding duplicative discovery." [*Id.*]. But, "[a]lthough fostering judicial economy and avoiding duplicative discovery are laudable goals . . . they hardly amount to extraordinary circumstances or compelling need." *Md. Cas. Co.*, 1994 U.S. Dist. LEXIS 11141, at \*8; *Carecore Nat'l*, 2009 U.S. Dist. LEXIS 60979, at \*7 ("the need for efficiency . . . is hardly an extraordinary or compelling circumstance").

Furthermore, the Heckman Plaintiffs will not bear most of the burden of discovery in their California action should they issue Rule 34 document requests to Live Nation and Ticketmaster or Rule 45 subpoenas to third-parties. That burden will naturally fall on the recipients of those requests. *Carecore Nat'l*, 2009 U.S. Dist. LEXIS 60979, at \*9. The Heckman Plaintiffs have failed to show an extraordinary circumstance or compelling need justifying their access to third-party discovery materials for use in their California case. Consequently, this Court should deny the Heckman Plaintiffs' motion to intervene and to modify the protective order.

**C.    COC's Reliance on the Protective Order was Reasonable**

In determining whether a party reasonably relied on a protective order, the court should consider four factors: (1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order. *Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 2010 U.S. Dist. LEXIS 19510, at *14 (S.D.N.Y. 2010) (citing *EPDM*, 255 F.R.D. at 318). Courts should also consider the proposed intervenor's purpose in seeking the modification and the type of materials sought. *Id.*

Here, the plain language of the protective order makes it clear that a party that receives Highly Confidential or Confidential discovery materials shall not "disclose . . . [or] use such Highly Confidential or Confidential Discovery Material or Investigation Material for any purpose other than in connection with this action." [Doc. 347]. "Such a provision does not . . . undermine the parties' expectation that the Protective Order in these cases will not be modified to allow confidential materials they produced in this litigation to be used in other litigation, simply for the convenience of a third party." *Carecore Nat'l*, LLC, 2009 U.S. Dist. LEXIS 60979, at *11–12. As for duration, the protective order states that it "shall survive the termination of the litigation" and that the Court shall retain jurisdiction over the parties subject to the order for the purposes of enforcing it. [Doc. 347 ¶¶ 19–20]. "This supports a finding of reasonable reliance." *Carecore Nat'l*, LLC, 2009 U.S. Dist. LEXIS 60979, at *12. Additionally, COC had great reluctance in producing documents that contained sensitive financial information, pricing information, and business strategies. [Ex. A ¶ 6]. Such documents were only produced in reliance on the protective order and with the understanding that specifically designated documents would not be used or disclosed outside of the litigation. [*Id.*]; *Carecore Nat'l, LLC*, 2009 U.S. Dist. LEXIS 60979, at *12 (finding reliance was reasonable under similar circumstances); *Jose Luis Pelaez*, 312 F. Supp. 3d at 416. Finally, as already stated, the Heckman Plaintiffs' justification for seeking a

modification is wholly unfounded in this District. *See e.g.*, *Md. Cas. Co.*, 1994 U.S. Dist. LEXIS 11141, at *8; *Int'l Equity*, 2010 U.S. Dist. LEXIS 19510, at *27–31 (refusing to grant a modification of a protective order when the intervenor's purpose for the modification was unfounded). Consequently, COC's reliance on the protective order in producing and designating highly confidential, proprietary documents in this case was reasonable, and it would not expect a non-party to be able to modify the protective order merely for that party's convenience. [Ex. A ¶ 6].

**D.      The Heckman Plaintiffs' Requested Modification Does not Satisfy Their Stated Goal**

Finally, the Heckman Plaintiffs' requested modification must be denied because, as a practical matter, it does not meet their stated goal. Their proposed modification would merely add the Heckman Plaintiffs to Paragraphs 7 and 8 of the protective order as potential recipients of Highly Confidential and Confidential information. [Docs. 424, 424-2]. This requested modification would still not allow the Heckman Plaintiffs to use any of the third-party discovery material produced in this case in their own case in California. The order specifically states that any person that receives documents designated Highly Confidential or Confidential "shall not use such Highly Confidential or Confidential Discovery Material or Investigation Material for any purpose other than in connection with this action." [Doc. 347 ¶ 1]. Even if the Court granted the Heckman Plaintiffs' motion and modification, the Heckman Plaintiffs would only be permitted to receive and use any Highly-Confidential or Confidential third-party documents in the present case. Consequently, the requested modification should be denied because the Heckman Plaintiffs' stated goal is to obtain third-party discovery material for use in a separate case in violation of the protective order. [Docs. 424, 424-2, 347].

## IV.    CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated, Non-Party Center Operating Company, LP respectfully requests that the Court sustain its objection to the Heckman Plaintiffs' motion to intervene and amend the protective order and deny the Heckman Plaintiffs' motion to intervene and amend the protective order in its entirety. COC further requests the Court grant any other relief to which it may be entitled.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Toby M. Galloway*

Toby M. Galloway
Texas Bar No. 00790733
Admission Pro Hac Vice Pending
tgalloway@winstead.com
Kyle Markwardt
Texas State Bar No. 24125312
Admission Pro Hac Vice Pending
kmarkwardt@winstead.com
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
Telephone No.: (817) 420-8200
Facsimile No.: (817) 420-8201

**ATTORNEYS FOR CENTER OPERATING COMPANY, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that he filed and served the foregoing document via the Court's CM/ECF system, which will send notice of the filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system.

*/s/ Toby M. Galloway*
Toby M. Galloway