

Nixon Peabody LLP
799 9th Street NW
Suite 500
Washington, DC  20001-5327
**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Gordon L. Lang**
Partner

T / 202.585.8319
F / 866.947.3542
glang@nixonpeabody.com

February 28, 2025

**Via ECF**

The Honorable Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: <u>United States et al. v. Live Nation Entertainment, Inc. et al.</u>, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party Outback Presents, LLC ("Outback Presents") respectfully seeks leave to oppose the motion (ECF No. 424) of the non-party "Heckman Plaintiffs" to intervene and amend the protective order in this action (ECF No. 347) to permit the Defendants to disclose to them all third-party discovery—including material designated by non-parties as Highly Confidential and Confidential --for use in a separate action.  Outback Presents is a promoter of live events, and a direct competitor of Defendant Live Nation Entertainment, Inc.  Outback Presents has produced and will produce under outstanding subpoenas from the parties highly sensitive and confidential competitive and commercial information.  The disclosure of that information to competitors, customers, and suppliers—which the proposed amendment would <u>not</u> prohibit--would subject Outback Presents to the substantial risk of competitive and commercial harm.

Crucially, although the Heckman Plaintiffs urge that they would be "subjecting themselves to the Protective Order," ECF No. 424 at 3, their proposed amendment does no such thing.  It places no limitation on the ability of the Heckman Plaintiffs to disclose non-party materials to anyone.   Their proposed amendment simply permits the parties to disclose Highly Confidential-Attorneys' Eyes Only and Confidential Information to counsel for the Heckman Plaintiffs.  Proposed Amendment to Protective Order, ECF No. 424-2, (proposing to amend paragraphs 7 and 8).

Moreover, the Heckman Plaintiffs have not established why they should be entitled to all non-party discovery in this action, or why they should not issue subpoenas to or otherwise deal directly with the non-parties whose information they seek.  As the Department of Justice and Plaintiff States point out in their opposition (ECF No. 433, at 4) (in which Outback Presents joins), the allegations in the <u>Heckman</u> action are narrower than those here:  the Heckman Plaintiffs do not allege the Defendants monopolized promotions.  Outback Presents is a promoter, and much of what Outback Presents has produced and will produce is irrelevant to the <u>Heckman</u> case.

I understand from Heckman Plaintiffs' counsel that the Heckman Plaintiffs may seek an amendment of the protective order in the <u>Heckman</u> case to provide that non-party Highly

Confidential and Confidential Information that was produced by non-parties in this action would be protected from further disclosure consistent with the protective order here.  Although such an amendment may be helpful in part, I also understand from Heckman Plaintiffs' counsel that Live Nation Entertainment, Inc. will not agree to such an amendment.  Moreover, such an amendment would not provide a basis for the Heckman Plaintiffs to obtain discovery that is irrelevant to their action, or to forego the ordinary procedures for obtaining discovery from third parties.

Respectfully submitted,

/s/ Gordon L. Lang

Nixon Peabody LLP
Counsel for Non-Party Outback Presents, LLC