NORTON ROSE FULBRIGHT

February 28, 2025

**VIA ECF**

The Honorable Arun Subramanian
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States of America

Direct line +1 212 318 3049
felice.galant@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400

**Re:    United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973**

Dear Judge Subramanian:

Non-party Feld Entertainment, Inc. ("FEI"), through the undersigned counsel, respectfully submits this opposition to the motion for intervention and modification of the Protective Order by non-parties Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts (the "*Heckman* Plaintiffs"). ECF 424 (*Heckman* Plaintiffs' Letter Motion ("Motion")).

**Modification of the Protective Order is Improper[1]**

It is well-established that there is a strict standard for modification of a protective order. *Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, 312 F. Supp. 3d 413, 416–17 (S.D.N.Y. 2018). Indeed, "[i]t is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id.* (citations omitted). The *Heckman* Plaintiffs have not met this strict standard or overcome this strong presumption.[2]

**FEI Has Reasonably Relied on the Protective Order in this Case.**

FEI is a privately held company that produced documents and data under civil investigative demands and a subpoena issued by the DOJ and other state-entity plaintiffs ("Plaintiffs") in connection with this case. Those documents and data include closely guarded, competitively sensitive, and proprietary information which FEI has appropriately designated as Confidential and Highly Confidential under the Protective Order. In light of the sensitive nature of the information

---

[1] FEI agrees with Plaintiffs as to the standard governing intervention and conclusion that intervention is not justified. ECF 433 (Plaintiffs' Joint Memorandum of Law in Opposition to the *Heckman* Plaintiffs' Motion to Intervene and Modify the Protective Order ("Plaintiffs' Opposition")) at 2-5.

[2] In arguing that the Protective Order was not reasonably relied upon, the *Heckman* Plaintiffs cite to cases that are obviously distinct from the facts here. *See, e.g.*, *S.E.C. v. TheStreet.com*, 273 F.3d 222, 234 (2d Cir. 2001) (strong presumption against disclosure of records under protective order did not apply to transcripts of pretrial deposition testimony *where interested third parties who had not agreed to be bound by protective order had been present during depositions*); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 321 (D. Conn. 2009) (reliance was not reasonable in part because the protective order specifically "contemplate[d] the need for disclosure to non-parties").

The Honorable Arun Subramanian
February 28, 2025
Page 2

NORTON ROSE FULBRIGHT

requested, FEI engaged in extensive negotiations with DOJ to narrow the scope of the requests, subject to a full reservation of rights. FEI concurs with Plaintiffs that modification "would likely chill cooperation with the Government." ECF 433 (Plaintiffs' Opposition) at 13. Under no circumstances would FEI have produced any of those documents and data if the Protective Order were not in place.

FEI's reliance on the Protective Order was entirely reasonable. The Protective Order was entered by the Court and imposes binding obligations on the parties. A third party like FEI has every right to rely on the terms of this court order when producing documents subject to its terms, as FEI did.

Further, the terms of the Protective Order are the result of many motions, requests, comments, and negotiations between not only the parties but many non-parties. *See, e.g.*, ECF 197 (Letter Motion for Leave to File Non-Party SeatGeek's Comments on Protective Order); ECF 201-1 (Anschutz Entertainment Group, Inc.'s Letter Brief In Support of Protective Order); ECF 210 (Letter Motion for Leave to File Non-Party ASM Global's Comments on Protective Order); ECF 325 (Letter Motion for Leave to File Non-Party Viagogo Entertainment Inc.'s Comments on Defendants' Letter-Motion for Amendment of Protective Order); ECF 217 (July 29, 2024 Hearing Tr.) at 4:2-21 (considering submissions from non-parties in deciding terms governing disclosure of confidential and highly confidential materials); ECF 433 ( (Plaintiffs' Opposition) at 9-10. Thus, the terms of the Protective Order were carefully determined by this Court in consideration of non-parties who, like FEI, have prioritized the protection of any highly sensitive, proprietary information requested in discovery. The resulting terms are clear as to the types of materials warranting designation as Confidential and Highly Confidential, the categories of people to whom such materials may be disclosed, and that those materials shall not be used "for any purpose other than in connection with *this* action . . . ." ECF 347 (Protective Order) at ¶¶ 1-3, 7-8 (emphasis added). FEI designated its produced documents accordingly, and is entitled to have these restrictions observed.

The *Heckman* Plaintiffs, without any real basis, now seek to override the protections that were integral to FEI's agreement to produce documents in this case.  Such a result would eviscerate the entire purpose of the Protective Order: prevent disclosure of closely guarded, competitively sensitive, and proprietary information. In arguing that the Protective Order could not be reasonably relied upon, the *Heckman* Plaintiffs ignore the work by the parties, numerous non-parties, and this Court in negotiating and tailoring the Protective Order to balance the needs of the case against non-parties' interest in maintaining the confidentiality of their sensitive business information. Moreover, as Plaintiffs point out, the *Heckman* Plaintiffs' purported interests in modification "do not come close to outweighing the important countervailing interests" in maintaining the restrictions of the Protective Order. ECF 433 (Plaintiffs' Opposition) at 14. This is improper and should be rejected.

**The *Heckman* Plaintiffs' Motion is an Improper Attempt to Circumvent the Limitations on Third-Party Discovery Imposed by the Federal Rules of Civil Procedure**

The Motion, properly understood, is nothing but an improper attempt to circumvent the limitations on third-party discovery imposed by Rules 26 and 45, including those that protect non-parties from, among other things, the unwarranted disclosure of their proprietary and confidential

The Honorable Arun Subramanian
February 28, 2025
Page 3

NORTON ROSE FULBRIGHT

information. *Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("The discovery parameters set forth in Rule 26 also apply to subpoenas served upon non-parties."). Under Rule 26(b), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 45 governs the issuance of subpoenas to non-parties and supplies the framework for motions to quash where the subpoena would cause undue burden. Fed. R. Civ. P. 45; *see also* ECF 433 (Plaintiffs' Opposition) at 5 ("Bypassing the regular discovery processes denies non-parties the right typically granted to recipients of a Rule 45 subpoena, to object and/or move to quash.").

Here, by requesting through Defendants the documents and data that FEI produced in this case, the *Heckman* Plaintiffs are attempting to avoid satisfying the Rule 26/Rule 45 limitations that would apply if they attempted to directly subpoena FEI. In particular, the *Heckman* Plaintiffs are avoiding any showing that FEI's confidential documents and data meet the relevance and proportionality tests under Rule 26 or that the potential damage to FEI from the disclosure of its confidential information is any way justified by the needs of their case. Indeed, the *Heckman* Plaintiffs have not even specified *any* particular non-party documents, data or testimony in their motion to support that this information would be discoverable in their case. Instead, they cite only to Defendants' motion to stay in the *Heckman* case which mentions, in passing, the vast number of documents produced by non-parties to the DOJ in this case. ECF 424 (Motion) at 1. Such *carte blanche* assertions do not, under any circumstances, justify the *Heckman* Plaintiffs obtaining access to FEI's confirmation information.

The discovery in this case was produced pursuant to protections upon which parties and non-parties reasonable relied. It does not belong anywhere else and should not be transferred to another matter.

\*\*\*\*\*

For the foregoing reasons, FEI respectfully requests that the Court deny the Motion.

The Honorable Arun Subramanian
February 28, 2025
Page 4

NORTON ROSE FULBRIGHT

Respectfully submitted,


/s/ Felice Galant_____
Felice Galant

OF COUNSEL:
Matthew H. Kirtland
Marisa Madaras Bonaparte
799 9th Street NW, Suite 1000
Washington, DC 20001-4501
(202) 443-3000
matthew.kirtland@nortonrosefulbright.com
marisa.bonaparte@nortonrosefulbright.com