

DANIEL D. ADAMS
230 NORTH ELM STREET, SUITE 2000
GREENSBORO, NORTH CAROLINA 27401

T 336-271-3109
F 336-232-9109
DADAMS@BROOKSPIERCE.COM

February 28, 2025

**VIA ECF**

The Honorable Arun Subramanian, United States District Court Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

   Re: *United States et al. v. Live Nation Entertainment, Inc. et al.*
     No. 1:24-cv-03973-AS

Dear Judge Subramanian:

   We represent Hurricane Holdings, LLC ("HH"). HH is not a party to this matter or the *Heckman v. Live Nation Entertainment, Inc. et al.* action pending in the Central District of California, No. 2:22-cv-00047 (C.D. Cal.). HH operates the Lenovo Center in Raleigh, North Carolina, a 20,000-seat arena owned by the City of Raleigh. HH also owns and operates the NHL Franchise, the Carolina Hurricanes.

   We write on HH's behalf in opposition to the letter-motion of the proposed intervenors Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts ("*Heckman* Plaintiffs") seeking the reproduction of "all third-party materials produced in this case and the DOJ investigations that preceded it," (DE 424), including Highly Confidential and Confidential documents produced by HH to the Government. HH objects to the reproduction of its documents to the *Heckman* Plaintiffs through any mechanism other than the regular discovery process, which affords critical protections to nonparties such as HH. *See* Fed. R. Civ. P. 45; *accord* DE 433-1 at 2. HH further objects to its previously produced, Highly Confidential and Confidential information being shared with the *Heckman* Plaintiffs in any form.[1]

## I. The Government's Subpoena and HH's Response.

   On September 24, 2024, HH was served a subpoena *duces tecum* by the Government (the "Subpoena"). The Subpoena referenced and included a copy of the protective order ("Protective Order") entered in this case. *See* DE 433 at 11 ("[E]ach subpoenaed non-party has received the Protective Order together with the subpoena.").

---

[1] HH concurs with the Government's position as outlined in its opposing brief (DE 433). HH expressly adopts and incorporates the Government's response.

Honorable Arun Subramanian
February 28, 2025
Page 2

HH objected to the Subpoena, including to the extent that it sought highly confidential, competitive information. HH's Objection Number Nine (9) stated the following:

> HH objects to the subpoena to the extent that it calls for the production of documents or information that constitute proprietary information, trade secrets, analysis techniques or other confidential, research, or commercial information of HH, of any of its affiliates, or of other third parties, including, without limitation, proprietary plans, programs, pricing, checklists, internal forms, policies or procedures, billing information, time budget reports, billing titles, staffing and time records, and engagement letters . . . .

Notwithstanding its objections, HH agreed to cooperatively produce documents. HH did so in reliance on the Protective Order (DE 347). With the understanding that HH documents would not be used "for any purpose other than in connection with this action," (*id.* ¶ 1), and would only be viewed by the Government and counsel for the two Defendants in this matter, HH produced thousands of documents, many of which were designated as "Highly Confidential" because they contained sensitive, internal financial information not available to HH's competitors and business partners. HH also requested that the Government treat the documents as "FOIA Confidential" in accordance with 5 U.S.C. § 552(b)(4).

**II.     The *Heckman* Plaintiffs' post-Subpoena intervention subverts the discovery process and deprives HH of critical objection rights under Rule 45.**

The Rules of Procedure protect nonparties against being drawn unnecessarily and unreasonably into the disputes of litigants. Rule 45 affords protections that ensure nonparties' interests are respected and weighed against litigants' need for discovery. *See, e.g.*, Fed. R. Civ. P. 45(d)(1) (requiring parties to "take reasonable steps to avoid imposing undue burden or expense" on nonparties). Where nonparty interests predominate, nonparties may quash or modify attempts at discovery. Fed. R. Civ. P. 45(d)(3).

The *Heckman* Plaintiffs do not seek, and never have sought, discovery from HH through the regular discovery process. Had they done so, HH would have had the opportunity to evaluate particularized discovery requests, consider the discovery needs of that separate lawsuit, and, as appropriate, seek protection under Rule 45, including for competitively sensitive information. The *Heckman* Plaintiffs' post-Subpoena intervention subverts the discovery process and deprives HH of these critical protections. Moreover, it drastically increases the existing burden on nonparty HH by exposing its Highly Confidential information to a putative class of plaintiffs. No HH nonparty discovery, regardless of designation, should be reproduced to the *Heckman* Plaintiffs outside the regular Rule 45 discovery process. *Cf.* DE 433-1 at 2.

**III.    The Heckman Plaintiffs' Request Violates the Express Terms of the Protective Order on which HH Relied.**

HH produced documents, including Highly Confidential and Confidential documents, in reliance on a Protective Order that prohibited disclosure of such materials "for any purpose other than in connection with this action." DE 347. The limited exceptions to the prohibition against

Honorable Arun Subramanian
February 28, 2025
Page 3

further disclosure reflected in Paragraph 18 relate to compliance with statutes, court orders, judgments, and law enforcement subpoenas; they do not contemplate the wholesale reproduction of Highly Confidential or Confidential documents to private litigants in a separate lawsuit. The *Heckman* Plaintiffs do not seek, let alone justify, any modification to the protections afforded by Paragraphs 1 and 18 of the Protective Order. The plain terms of the Protective Order thus deprive the *Heckman* Plaintiffs of the relief they seek.

**IV.     The Heckman Plaintiffs' desire to avoid duplicating discovery is neither extraordinary nor compelling; it does not outweigh HH's strong interest in protecting the confidentiality of competitively sensitive information.**

HH's reliance on the Protective Order was reasonable and should be respected. The ability for a nonparty to rely on a protective order serves the "the vital function of 'securing the just, speedy, and inexpensive determination' of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001) (citation omitted) (cleaned up). HH did not expect that its production of thousands of competitively sensitive documents to the Government in a case pending in the Southern District of New York would expose it to the reproduction of those same Highly Confidential materials to a class of putative plaintiffs in a separate lawsuit filed 2,500 miles away.

The *Heckman* Plaintiffs' purported desire to "avoid[] duplicating discovery," DE 424 at 2, does not outweigh HH's strong interest in protecting the confidentiality of sensitive commercial information. *See id.* at 231–32 & n.10 (noting that privacy interests of innocent third parties, particularly involving trade secrets, weigh heavily in a court's balancing equation). The desire for efficiency certainly does not amount to extraordinary circumstances or a compelling need. *See id.* at 229 (citation omitted) ("Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need.'"); *see also AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." (internal quotations omitted)). The regular discovery process offers a suitable path for the *Heckman* Plaintiffs to obtain discovery relevant, reasonable, and proportional to that lawsuit and the class certification issue now before the California court.

\* \* \*

For the aforementioned reasons, nonparty Hurricane Holdings, LLC respectfully urges this Court to deny the *Heckman* Plaintiff's motion to intervene.

Respectfully submitted,

/s/ Daniel D. Adams
Daniel D. Adams

CC: All Counsel of Record (via ECF)