# CLEARY GOTTLIEB STEEN & HAMILTON LLP

AMERICAS
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

ASIA
BEIJING
HONG KONG
SEOUL

2112 Pennsylvania Avenue, NW
Washington, DC 20037-3229
T: +1 202 974 1500
F: +1 202 974 1999

clearygottlieb.com

D: +1 202 225 2912
rmukhi@cgsh.com

EUROPE & MIDDLE EAST
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

February 28, 2025

**VIA ECF**

The Honorable Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

  Re: *United States, et. al. v. Live Nation Entertainment, Inc., et. al.*, 24-cv-03973-AS

Dear Judge Subramanian:

  Non-party Legends Hospitality Parent Holdings, LLC ("Legends") respectfully joins in Plaintiffs' opposition to the February 18, 2025 request by non-parties Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts (the "Heckman Plaintiffs") to modify the November 15, 2024 Amended Protective Order entered in this case (the "Amended Protective Order").

  Legends is a non-party to this case that, in response to a subpoena received from the Department of Justice, has produced confidential business materials in reliance of the Amended Protective Order. By responding to the Department of Justice's subpoena, Legends did not—and does not—consent to its confidential information being produced to non-parties like the Heckman Plaintiffs. *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (omission in original) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

  When information is produced under a protective order, non-parties are "entitled to rely upon the terms." *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 297 (2d Cir. 1979); *id.* at 296 ("a witness should be entitled to rely upon the enforceability of a protective order against any third parties"). Here, Legends and other non-parties produced discovery material in specific reliance on the Original and Amended Protective Orders, including the provisions directing that discovery material would be used only "in connection with *this* action." *See* Amended Protective Order, ECF 347 at ¶ 1 (emphasis added); *see also* Original Protective Order, ECF 213 at ¶ 1. Non-parties like Legends were therefore "justified in believing that the Protective Order would not be modified for purposes external to this lawsuit." *Nielsen Co. (U.S.), LLC v. Success*

Hon. Arun Subramanian
February 28, 2025
Page 2

*Sys., Inc.*, 112 F. Supp. 3d 83, 121 (S.D.N.Y. 2015) (denying modification of protective order after applying *Martindell*).

      The Heckman Plaintiffs' cited rationale for their application, to allow for more efficient discovery in a separate case, has been specifically rejected as grounds for modification. *See Med. Diagnostic*, Nos. 06 Civ. 7764 (CS) (THK), 06 Civ. 13516 (VM) (THK), 2009 WL 2135294, at *2 (efficiency is "hardly an extraordinary or compelling circumstance" under *Martindell*); *Best Payphones, Inc. v. City of New York*, No. 01 Civ. 03934 (JG) (VMS), 2014 WL 12811911, at *8 (E.D.N.Y. Mar. 11, 2014) (denying modification of protective order because "[i]t is not Defendants' or [other] litigants' responsibility to help Plaintiff avoid the costs and efforts of litigation, especially at the cost of their own commercial interests.").

      The Heckman Plaintiffs further argue that the Amended Protective Order "explicitly allows for modification"—but they fail to cite any such provision. ECF 424 at 3. Even if they did, "by definition, any court order is subject to that court's modification." *Med. Diagnostic*, 2009 WL 2135294, at *3. Any contemplated potential modification in *this* case cannot be used to "undermine the parties' expectation that the Protective Order . . . will not be modified to allow confidential materials they produced in this litigation to be used in *other* litigation, simply for the convenience of a third party." *Id.* (emphasis added).[1]

      The Heckman Plaintiffs' other arguments also fail for the reasons set forth by Plaintiffs and other non-parties, which Legends joins.

                        Respectfully submitted,

                        */s/ Rahul Mukhi*
                        Rahul Mukhi
                        rmukhi@cgsh.com
                        CLEARY GOTTLIEB STEEN & HAMILTON LLP
                        One Liberty Plaza
                        New York, New York 10006

                        *Attorney for Legends Hospitality Parent Holdings, LLC*

cc: All counsel of record (by ECF)

---

[1] Although Heckman Plaintiffs state that they intend to rely on reproduced non-party materials in *Heckman v. Live Nation Entertainment, Inc., et al.*, Case No. 2:22-cv-00047-GW-GJS, 2022 WL 19376995 (C.D. Cal. June 7, 2022), they are silent as to whether that is their sole intended use of the non-party materials, which is yet another reason to deny their application. *See* ECF 424.