

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

February 28, 2025

**Pete Herrick**
D: +1 212 326 2145
pherrick@omm.com

**VIA ECF**

The Honorable Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   <u>United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-3973-AS</u>

Dear Judge Subramanian:

     I write on behalf of non-parties Irving Azoff and The Azoff Company Holdings LLC ("Azoff Co.," and together with Irving Azoff, "Azoff") concerning the *Heckman* Plaintiffs' motion to intervene and modify the protective order (Dkt. No. 424). Azoff is an artist manager who works with and for artists on various aspects of their careers. Azoff has produced and will produce documents and information to the Plaintiffs in the above-captioned action (the "Government Plaintiffs") in response to a third-party subpoena and in compliance with pre-suit investigatory demands. Azoff opposes the *Heckman* Plaintiffs' motion to amend the protective order for all the reasons that the Government Plaintiffs outlined in their opposition to the *Heckman* Plaintiffs' motion, *see* Dkt. No. 433, and wishes to add the following:

     The documents that Azoff already produced to the Government Plaintiffs (who, Azoff understands, shared them with Defendants) contain highly confidential and sensitive information about Azoff's clients and business partners, including not only Azoff's proprietary information but also private information about and belonging to Azoff-managed artists. Azoff expects to make future productions of documents containing similarly sensitive and highly confidential subject matter in response to the Government Plaintiffs' third-party subpoena in this action. And Azoff has relied and will continue to rely on the Amended Protective Order to ensure that these materials will be protected from disclosure and that Azoff's documents will not be used "for any purpose other than in connection with this action." Dkt. No. 347.

     The *Heckman* Plaintiffs' motion attempts an end-run around Rule 45's processes and protections and risks the wholesale reproduction of all of Azoff's and its clients' information in an entirely different case without their consent. As the Government Plaintiffs pointed out in their opposition, the *Heckman* court did not authorize the *Heckman* Plaintiffs to bypass Rule 45. Dkt. No. 433 at 1. Rather, it envisioned that the *Heckman* Plaintiffs would follow the "regular discovery process," i.e., issue third-party subpoenas and negotiate with recipients to identify and obtain documents and information that may be relevant in *Heckman*.



      Azoff respectfully requests that the Court deny the *Heckman* Plaintiffs' motion. Azoff and other third parties should be entitled to Rule 45's procedural and substantive protections that the *Heckman* Plaintiffs' motion, if granted, would circumvent. To the extent the Court is inclined to grant the *Heckman* Plaintiffs' motion, it should order them to abide by the Amended Protective Order and ensure that they obtain Azoff's and other third parties' documents through Rule 45 subpoenas before they may be produced or used in *Heckman*.


Respectfully submitted,


*/s/ Pete Herrick*


Pete Herrick
Partner
of O'MELVENY & MYERS LLP



cc:    Daniel Petrocelli
        David Marroso
        All counsel of record via ECF