**VIA ECF**

The Honorable Arun Subramanian  
United States District Court for the Southern District of New York  
500 Pearl Street, Courtroom 15A  
New York, NY 10007-1312

March 11, 2025

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

Defendants failed to preserve text and chat messages, failed to produce text and chat messages as ordered by the Court, and failed to disclose deleted and delayed messages until the United States discovered the issues and repeatedly questioned them. Given these time-sensitive and ongoing concerns, Plaintiffs respectfully request that the Court order Defendants to respond, by March 18, to the questions in Appendix A—enabling Plaintiffs to quickly assess the scale and scope of these harms, report to the Court, and seek any further remedies that may be required.

**Defendants' Past and Ongoing Failure to Preserve Text Messages**

[redacted] Ex. C at 5. Defendants are wrong—it is not enough that they simply issue a legal hold and assume the custodians have complied. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).

Defendants' preservation failures and piecemeal disclosure have continued into this litigation. On March 6, 2025, Defendants shared that their President of U.S. Concerts, Bob Roux—whom Defendants had never previously raised preservation concerns about—"routinely deleted

text chains." Ex. D at 9. This disclosure came about only because of Plaintiffs' persistent inquiries since January, after a third party produced *hundreds of pages* of responsive texts involving Mr. Roux that were not in Defendants' production. Plaintiffs inquired repeatedly about the missing texts, but Defendants deflected. *Id.* at 20-21. Defendants only admitted last week to wholesale deletion of evidence that should have been preserved. *Id.* at 9.

Defendants' revelations about Mr. Roux's routine text deletion are especially concerning because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—only to disclose in March 2025 that Mr. Roux routinely deleted text messages, including his copious responsive texts produced by a third party.

Given the circumstances of these deletions and Defendants' failure to identify and disclose them earlier, Plaintiffs have reason to fear that Mr. Roux's practice was not unique amongst Live Nation executives subject to a legal hold. Indeed, the third-party production containing Mr. Roux's deleted texts also contained extensive texts that Defendants never produced involving other Live Nation executives, including priority litigation custodians. Defendants themselves produced other documents that reference responsive, priority text chains that Defendants neither produced nor disclosed might be missing. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ further compounds the need to understand what has happened to this evidence. *See* Ex. C at 5. Plaintiffs need a full review of Defendants' litigation hold practices to know what other evidence Mr. Roux and any other custodians may have deleted and so request that Defendants be ordered to answer the questions in Appendix A by March 18, and that the Court hold a hearing shortly after.

### Defendants' Failure to Produce Texts and Chats

Plaintiffs need answers to the questions in Appendix A because—in addition to the deletions—Defendants failed to produce responsive texts and chats before the priority custodian production deadline, as previously discussed in Plaintiffs' motion to compel. *See* ECF 472. In discovery, Plaintiffs sought—and Defendants agreed to produce—responsive texts and chats from five messaging platforms for largely five- to nine-year timeframes. But to date, Defendants have produced under 20% of their priority custodial texts and chats before the Court's substantial completion deadline, and over 80% since the deadline lapsed (and more to come without a final deadline). Specifically, before January 15, Defendants produced fewer than 1,300 texts and chats for 25 priority custodians, during the multiyear timeframe, from across five platforms. After that deadline, Defendants belatedly produced over four times the number of priority texts and chats (approximately 5,300 new documents). Once again, Defendants have disclosed these issues only in piecemeal, if at all, and only after repeated and specific questions by Plaintiffs.

Defendants do business via text and chat, using cellphone carrier messaging, Slack, Teams, WhatsApp, and Zoom. Their messages are often more unfiltered than company emails and thus highly probative. *See, e.g.,* Am. Compl. ¶ 92 (Live Nation executive's veiled threat to venue by text). Yet nearly two months after the Court's substantial completion deadline, Defendants still have not produced significant tranches of priority texts even though the substantial completion deadline has passed, discovery is over halfway through, and depositions are beginning. Critical texts remain outstanding, including seven months of texts from Live Nation's Chief Executive Officer and a month of texts from its Chief Financial Officer. As is now typical for Defendants, they did not inform Plaintiffs of these executives' missing texts until February 20, after repeated questions about Defendants' surprisingly low text productions that they first ignored and deflected.

It appears that Defendants failed to create and check the document universe at the outset of discovery as required under the TAR Protocol. Before applying search terms or undertaking TAR reviews, Defendants were required to collect and ready the "Overall Universe" of documents for review. ECF 472-2, § II. Instead, over a month after the Court's deadline, and after pointed questioning, Defendants revealed that many thousands of documents were still being ingested and reviewed, including substantial buckets of texts and chats from specific platforms, people, and time periods. Last week, Defendants shared for the first time that they had found around 9,000 more custodial documents from unspecified sources and files, including an unknown number of texts and chats. As of today, the document universe for primary custodians is still incomplete.

Plaintiffs have been forced to investigate the adequacy of Defendants' productions, even though this analysis has been hamstrung by Defendants' irregular text and chat metadata. For example, Defendants initially produced text and chat messages with date fields such that over 44% of Defendants' messages from five- and nine-year timeframes dated from three, seemingly random, nonconsecutive months. And Defendants' text and chat custodial fields identified few to no text and chat messages from most priority custodians, including none for Defendants' Chief Executive Officer. Only after repeated questions from Plaintiffs did Defendants create two corrective metadata overlays, one of which Defendants shared with Plaintiffs.

As the producing party, Defendants bore the burden to create the document universe at the outset of discovery, to quality check it to confirm its scope and comprehensiveness, to disclose affirmatively any gaps or omissions, and to produce responsive documents on the Court-ordered timeline. Defendants have done none of this. Instead, they have forced Plaintiffs to identify specific gaps in the document universe long after the production deadline elapsed and based on Defendants' ever-evolving late productions. Defendants then often sidestepped Plaintiffs' efforts to get discovery back on track and resolve these issues. Defendants' behavior has impeded Plaintiffs' ability to plan for depositions and delays and distracts resources during the already compressed discovery period. Without Court intervention, these problems are also likely to recur, as Defendants admit that their document universe for non-priority custodians is still incomplete nearly two months after it should have been final. *See* ECF 472-2, § VII.

### Plaintiffs' Proposed Relief

Defendants were required to "take affirmative steps to monitor compliance" by their litigation hold recipients. *Zubulake,* 229 F.R.D. at 432. They failed to preserve text messages, failed to produce text and chat messages, and failed to affirmatively disclose the destruction and delay. To assess these harms, Plaintiffs respectfully request that the Court enter an order requiring Defendants to answer the questions in Appendix A regarding the scope and circumstances of Defendants' preservation and production deficiencies. Plaintiffs can then report to the Court on this issue at a discovery status conference, and seek any further remedies, as appropriate.

On March 6, Plaintiffs requested a Lead Trial Counsel meet and confer by Monday, March 10. Defendants said they were not available, gave no availability, and after more follow up, said they were not available until Wednesday, March 12 after 3 PM ET, by which time they would provide answers to preservation questions Plaintiffs raised, which constitute some of the questions posed in Appendix A. Given Defendants' failure to abide by the Court's Individual Practices, the urgency created by their ongoing potential text deletions, the parties' ongoing communications regarding the issues, several prior meet and confers since January (including Lead Trial Counsel calls on February 27 and March 5 for 1 hour and 40 minutes that included discussion of this), and the multiple meet-and-confers and communications during the investigation—Plaintiffs declared an impasse on March 11 prior to this filing. Plaintiffs request a separate hearing on this motion.

Respectfully submitted,
/s/ Bonny Sweeney
BONNY SWEENEY
*Lead Trial Counsel*

United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Email: Bonny.Sweeney@usdoj.gov

*Attorney for Plaintiff United States*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email: amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Paula Lauren Gibson
Paula Lauren Gibson (admitted *pro hac vice*)
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Kim Carlson McGee
Kim Carlson McGee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: kim.mcgee@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (Admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

/s/ Gerald L. Kucia
Gerald L. Kucia (admitted *pro hac vice*)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-4223
Email: Gerald.Kucia@ago.ms.gov.
*Attorney for Plaintiff State of Mississippi*

/s/ Justin C. McCully
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Yale A. Leber
Yale A. Leber (admitted *pro hac vice*)
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Yale.Leber@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

/s/ Bryan L. Bloom
Bryan L. Bloom
Senior Enforcement Counsel
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: Bryan.Bloom@ag.ny.gov
*Attorney for Plaintiff State of New York*

/s/ Jeff Dan Herrera
Jeff Dan Herrera (*pro hac vice* pending)
Assistant Attorney General
Consumer Protection Division
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: JHerrera@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

/s/ Brian D. Rabinovitz
Brian D. Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: brabinovitz@ncdoj.gov
*Attorney for Plaintiff State of North Carolina*

/s/ Sarah Mader
Sarah Mader (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

/s/ Robert J. Carlson
Robert J. Carlson (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street
Suite 1000
Tulsa, OK 74119
Telephone: 918-581-2230
Email: robert.carlson@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma n*

/s/ Gina Ko
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ Paul T.J. Meosky
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ Danielle A. Robertson
Danielle A. Robertson (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-0274
Email: DaniRobertson@scag.gov
*Attorney for Plaintiff State of South Carolina*

/s/ Bret Leigh Nance
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

/s/ Hamilton Millwee
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

/s/ Marie W.L. Martin
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

/s/ Sarah L. J. Aceves
Sarah L. J. Aceves (*pro hac vice* forthcoming)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

/s/ David C. Smith
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

/s/ Ashley A. Locke
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

/s/ Douglas L. Davis
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

/s/ Laura E. McFarlane
Laura E. McFarlane (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

/s/ William T. Young
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7841
Email: william.young@wyo.gov
*Attorney for the Plaintiff State of Wyoming*

## APPENDIX A

1. For each litigation custodian, please indicate:

    a. the dates for which they received a legal hold for the (i) investigation, (ii) the litigation, and (iii) if the custodian was on any other legal hold since January 1, 2015, the dates of each additional legal hold.

    b. the dates of all communications regarding legal holds in this case, including the communication (i) method, (ii) duration or length, and (iii) topics covered.

    c. whether, when, and how each custodian was asked to (i) retain messages forever and (ii) refrain from deleting messages.

2. For each litigation custodian, please provide the actual legal holds, including transmittal date, for (i) the investigation, as applicable, (ii) the litigation, and (iii) any subsequent related communications.[1]

3. For each litigation custodian, please specify:

    a. when their iMessage (or other equivalent) settings were set to keep messages "Forever";

    b. when and why any other retention settings (besides "Forever") were enabled;

    c. the timeframe(s) during which their texts were destroyed and the approximate number or volume of such texts; and

    d. whether the custodian still has their iMessage (or other equivalent) settings set to "Forever" today.

4. For each litigation custodian, please list all messaging platforms used by that custodian for work (e.g., cellphone carrier messaging, Teams, Slack, WhatsApp, Zoom, social media platforms).

5. For each litigation custodian, please provide information sufficient to show the volume of text messages collected by month and year, ████████████████████████████████████████

6. For each litigation custodian, the percentage of text messages Defendants determined were responsive as a proportion of the total text messages collected for that individual.

7. The TAR Protocol requires Defendants to create the Overall Universe of documents "[p]rior to the application of search terms" or the use of TAR. ECF 472-2, § II. Please

---

[1] While some courts have found legal hold notices to be privileged, such letters become discoverable when, as there is here, a preliminary showing of spoilation. *See, e.g., Fed. Trade Comm'n v. Roomster Corp.*, 2023 WL 4409484, at *2 (S.D.N.Y. June 1, 2023).

confirm the dates on which Defendants created the Overall Universe and the Primary and Secondary TAR Sets. Please indicate which categories of documents Defendants added to the Primary or Secondary TAR Sets after these dates, including how many documents were added, the types and sources of these documents, as well as when and why they were belatedly included.

8. Please list all documents by category that have not yet been ingested into the Primary or Secondary TAR Set and explain why that is the case for each document category.

9. [REDACTED]

10. [REDACTED]

11. [REDACTED]

12. Please explain why priority custodial text messages from Mr. Rapino and Mr. Berchtold remain unproduced nearly two months after the substantial completion deadline.