# EXHIBIT D-1

## (Public redacted)



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

February 11, 2025

**<u>Via Email</u>**

Robin Gushman, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

    Re: *United States et al. v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973-AS (S.D.N.Y.) – Defendants' Deficient Text and Chat Productions

Dear Robin,

  I write concerning Defendants' ongoing text and chat production deficiencies—despite Defendants' substantial compliance certification and Plaintiffs' repeated inquiries. As you know, on January 21, Defendants certified that they substantially completed document production for twenty-five priority custodians. Plaintiffs promptly raised concerns—both orally and in writing—about conspicuous gaps in Defendants' text and chat message productions for priority custodians, along with significant irregularities in Defendants' metadata productions. Unfortunately, Defendants have not remedied these gaps and irregularities.

  The gaps in Defendants' purportedly substantially complete production are glaring. As Plaintiffs detailed two weeks ago, Defendants initially produced under a hundred total text and chat messages for over a dozen priority custodians—even though thousands to tens of thousands of documents were produced for each of these individuals. The notion that a dozen-plus custodians who are central to this case each generated under a hundred combined text, WhatsApp, Teams, Slack, and Zoom messages during a multi-year time period strains credulity. For every single custodian, Defendants initially produced under 500 text and chat messages—a fraction of what would be expected based on Defendants' business practices and prior productions. Nearly no messages were produced from Zoom, WhatsApp, or Teams—raising serious questions about the comprehensiveness of Defendants' production. And most of Defendants' text and chat messages (57%) dated from a single month.

  Additionally and confoundingly, Plaintiffs flagged significant metadata deficiencies, including missing metadata fields and unsortable Text Participant entries. ███████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████ Plaintiffs also asked Defendants to remedy these deficiencies.

1

Defendants did little in response. Defendants ignored Plaintiffs' request for information about their text and chat messages, acknowledged no gaps or deficiencies in their purported substantial production, defended their metadata productions, and produced just 5,200 additional documents. While Defendants' January 29th production increased Defendants' text and chat message production by one-third, it did not put a dent in Defendants' obligations.

Defendants' purportedly substantially complete production for priority custodians remains seriously deficient. There are still over a dozen priority custodians—including Defendants' CEO—for whom Defendants produced under a hundred total custodial text and chat messages during the multi-year timeframe. Seemingly, Defendants have produced no Zoom messages, just one Teams message, and nearly no WhatsApp messages at all. Defendants have done nothing to remedy the missing and mangled metadata entries. Nineteen priority custodians possess under 250 custodial text and chat messages. As goes without saying, document production is not substantially complete when text or chat productions are largely or completely missing.

Recent non-party productions also raise serious questions about Defendants' approach to collecting, reviewing, and producing text messages. ███████████████████████████████████████████████████████████████████████████████████████ Defendants failed to produce *any* of these text messages themselves and failed to identify any concerns with Mr. Roux's custodial files.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

By February 14, 2025, Plaintiffs again ask Defendants to substantially complete text and chat production for their priority custodians. Please also explain by Friday 14, 2025, why Defendants did not produce the clearly responsive text messages that appear in the ███ ███ production, what Defendants propose to do to remedy this issue, and what steps Defendants are taking to ensure none of its other custodial collections are deficient for similar reasons.

Sincerely,

/s/

Lorraine Van Kirk
U.S. Department of Justice
Antitrust Division
