# EXHIBIT D-3

**(Public redacted)**



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

February 22, 2025

<u>Via Email</u>

Robin Gushman, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Re: *United States et al. v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973-AS (S.D.N.Y.) – Defendants' Deficient Text and Chat Productions

Dear Robin:

We are disappointed by Defendants' February 20, 2025 response regarding Defendants' text and chat message productions. Defendants again deny any deficiencies in their production and sidestep numerous specific questions and concerns raised by the United States—while simultaneously acknowledging that thousands of priority text and chat messages were, and remain, unproduced. Yet even Defendants' belated priority text productions appear unlikely to cure the United States' concerns. ███████████████████████████████████████████████████████████████████████████████████████████████████

**Litigation Production:** Defendants tout having produced nearly 13,000 text and chat messages during the litigation. But over one-third of these messages were produced *after* the Court's substantial completion deadline and after Defendants certified their compliance therewith. Even when Plaintiffs include Defendants' post-certification productions, the specifics and numbers remain concerningly low and uneven.

For example, over 44% of Defendants' text and chat messages are dated from three, seemingly random, nonconsecutive months: July 2023, October 2023, and December 2024. By contrast, nearly all remaining months in 2023 and 2024 include around 100 total text messages from across all custodians. Is there a reason why close to half of the text and chat messages produced stem from June and October 2023 and December 2024? Have Defendants investigated whether there are issues with Defendants' processes that account for this unexplained unevenness and/or for other irregularities?

Defendants produced essentially no texts or chats for multiple priority custodians. For instance, there appear to be *no* text or chat messages for Matt Prieshoff, Patti-Anne Tarlton, and

Russell Wallach, among others, during the multi-year, multi-platform pull. Yet Defendants mention no issues with these custodians' productions and suggest no forthcoming fixes. Still other priority custodians have almost no texts or chats, like Joe Taylor with just six custodial messages altogether. Do Defendants genuinely affirm that there are no (or nearly no) text or chat messages for these and other priority custodians from the multiyear response period across all five platforms (Slack, Team, phone text, Zoom, and WhatsApp)?

Many of the texts and chats that Defendants did produce appear concerningly lumpy. For example, Defendants produced just 55 text and chat messages for Colin Lewis and the great majority of them (65%) are from a single month (January 2023). Fully 37% of the 246 texts and chats for Matt Hansen are also from just one month (December 2024). Such unexplained unevenness—by both month and custodian—raises serious questions about the quality and completeness of Defendants' productions. What have Defendants done to quality check these and other highly surprising results? What do Defendants plan to do?



**Missing Text and Chat Productions:** Defendants latest letter acknowledged multiple significant gaps in their text message productions—including, for example, 2,400 unaccounted for Slack messages and over half-a-year of text messages from Defendant's Chief Executive Officer. It goes without saying that these gaps and omissions do not inspire confidence, especially when it took repeated questions from Plaintiffs and over a month after substantial completion for Defendants to reveal the same. Please confirm Defendants will complete their entire production of these missing texts and chats from priority custodians no later than Friday February 28, which is more than six weeks after the January 15, 2024, substantial completion deadline set by the Court.

We look forward to a transparent and productive conversation on Monday February 24, 2025, addressing these illustrative, non-exhaustive concerns and the sufficiency of Defendants' chat and text productions overall.

Sincerely,
/s/
Lorraine Van Kirk
U.S. Department of Justice
Antitrust Division