## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, *et al.,*

        *Plaintiffs,*

v.

LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER L.L.C.,

        *Defendants.*

Case No. 1:24-cv-03973 (AS)(SLC)
[rel. 1:24-cv-03994 and 1:24-cv-04106]

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster L.L.C.

("Ticketmaster") (collectively, "Defendants") hereby answer the Amended Complaint (ECF

No. 233) (the "Complaint") filed by Plaintiffs the United States of America ("DOJ"), the states of

Arizona, Arkansas, California, Colorado, Connecticut, the District of Columbia, Florida, Illinois,

Indiana, Iowa, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi,

Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio,

Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee,

Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming

(collectively, "State Plaintiffs" and together with DOJ, "Plaintiffs").

## PRELIMINARY STATEMENT

This lawsuit is a misguided attack on the thousands of people at Live Nation and

Ticketmaster who work tirelessly to advance the welfare of artists, venues, and fans in the live

event industry.  For over twenty years, Live Nation has supported and enabled a vibrant live

entertainment ecosystem by empowering artists and connecting them with their fans.  Year after

year, Live Nation has invested heavily in artists of all popularity levels and focused like no other

on improving and safeguarding the artist-fan connection.  It transformed Ticketmaster from what

15 years ago was primarily a transaction platform into the world's best tools for marketing,

selling, and buying tickets to live entertainment events.  These investments have helped drive

significant industry growth, such that the concerts industry today is far larger than it was in 2009,

the year before Live Nation and Ticketmaster merged.  The artists and venues that work with

Live Nation and Ticketmaster have undeniably thrived as a result, as have fans and society

generally since this growth has bolstered local economies by sustaining quality jobs in the

production of live events all across the country.

The Complaint paints a picture of Live Nation and the live events industry that is detached from reality. Live Nation does not dictate "how fans are able to purchase tickets," or "what fees those fans will pay," or "which artists perform on what dates at which venues" (Am. Compl. ¶¶ 1-5). Artists have the ultimate say over where, when, and on what terms, including at what prices, they share their creative works with their fans. Venues control the ticketing for the artists and teams that they host, and the ticketing fees that Plaintiffs decry as a "Ticketmaster tax" are ultimately set by venues in ticketing contract negotiations, and represent the cost of delivering critical services to the industry. In this environment, Live Nation bids for the rights to serve artists and Ticketmaster bids for the opportunity to distribute a venue's ticketing inventory. Neither relationship allows Live Nation or Ticketmaster to control or dictate anything near the level being asserted.

Live Nation does not fit the profile of a monopolist. It does not make anything near monopoly profits, nor charge monopoly prices, nor otherwise act like a monopolist. The service charges on Ticketmaster's platform are no higher, and are often lower, than those on rival primary ticketing sites. The modest portion of the fees Ticketmaster retains, on average less than five percent of the ticket price, is far less than the twenty or thirty percent take rate commonly found on digital distribution platforms. And the vast majority of revenue Live Nation generates by promoting and ticketing concerts goes directly to artists and venues, something no firm with monopoly power would allow.

At bottom, this lawsuit is a collateral attack on Live Nation's merger with Ticketmaster and the vertical integration it enabled. Plaintiffs ignore the fact that the DOJ and several State Plaintiffs thoroughly investigated the transaction prior to its consummation and acknowledged the many benefits of vertically integrating the companies. These Plaintiffs predicted the merger

would be followed by robust competition and industry growth—and they were right. Time has confirmed that the Live Nation/Ticketmaster merger has increased competition and been good for fans, artists, and venues. Ticketmaster today is a far better, more pro-artist, pro-consumer company than it ever was on its own. And competition has thrived. Though Ticketmaster had limited competition in 2010, today there are many more competitors in primary ticketing, with new ones entering and expanding all the time, and Ticketmaster's share of any conceivable market has steadily declined, as has its "take rate." Competition in concert promotions has also flourished. Across the board, there is more competition in the live events industry today than ever before and much higher industry output by any relevant measure.

While there are many problems with the Complaint, several broad failings deserve highlighting:

- **Gerrymandered markets**: Neither Live Nation nor Ticketmaster is a monopolist. Any such claim is facially specious with respect to Live Nation in concert promotion, and with respect to Ticketmaster, Plaintiffs are forced to gerrymander their proposed relevant market to "major concert venues," the *part* of the primary ticketing market where venues are most sophisticated and most likely to pick Ticketmaster because of its superior product. For their so-called tying claim, Plaintiffs advance a "large amphitheaters" market that one federal circuit has already rejected as contrived. *See It's My Party, Inc. v. Live Nation, Inc.*, 811 F.3d 676, 682 (4th Cir. 2016) (rejecting market definition limited to "major amphitheaters"). These gerrymandered markets cannot disguise the robust competition Live Nation and Ticketmaster face in bidding to serve artists and venues.

- **Venues freely choose Ticketmaster**: Among the many falsehoods that permeate the Complaint, the allegation that Ticketmaster "forces" venues to work with them stands out. It is baseless. Venues—particularly, the larger, sophisticated venues at issue in this case—choose Ticketmaster because it offers superior technology that empirically sells more tickets, by far the best customer service in the industry, and great financial terms. The Complaint does not identify a single witness from any "large venue" who will testify they were forced to use Ticketmaster.

- **Live Nation does not threaten or retaliate against venues**: The most overblown allegation in the Complaint is that Live Nation coerces venues into using Ticketmaster by threatening to put shows elsewhere if they do not. Five years ago, the Consent Decree arising out of the Live Nation/Ticketmaster merger was amended to prohibit that behavior, and no one—notably not even the independent Monitor who is tasked with

keeping tabs on Live Nation—has ever found that Live Nation violated the Amended Consent Decree.

- **Venues prefer and demand exclusivity**:  For at least 40 years, primary ticketing contracts in the United States have almost invariably been "exclusive" in one form or another.  Ticketmaster does not force exclusivity on venues; exclusivity is the industry norm because venues overwhelmingly prefer and demand exclusivity in primary ticketing contracts.  First and foremost, exclusive contracting is efficient because the nature of a ticketing system is such that it makes little sense to buy and operate two different systems.  Exclusive contracting also *heightens* competition among rival ticketers.  It is the best way for venues to get the best economic deals.

- **Artists freely choose Live Nation**:  At the time of the Live Nation/Ticketmaster merger, the DOJ freely admitted that concert promotion markets could not plausibly be monopolized because of how fragmented they are and the power of the artists and their agents to play rival promoters off one another.  That remains true today.  Artists are not "forced" to hire Live Nation as their promoter; competition for artists' tours is fierce; and artists choose to work with Live Nation because it provides the best promotion services of any company in the industry.

- **None of these claims affects the price or availability of tickets**:  The claims in this case will find no support among the trading partners most affected by them:  artists and venues.  So, Plaintiffs argue that the conduct hurts fans by raising ticket prices.  It does not.  Single digit promoter margins and primary ticketing take rates cannot and do not explain ticket prices.  Ticket prices are overwhelmingly a function of show costs and demand for the artist, which no promoter controls.  And ticketing fees generally are not set by Ticketmaster (or any primary ticketing company); they are set by the venues.

In sum, the government's lawsuit is a textbook example of antitrust enforcement run amok.  It baselessly attacks a company that has long been the leading proponent of artist and fan welfare in the industry.  It does so following intense political pressure and a long-term lobbying campaign from rivals trying to limit competition and ticket brokers seeking protection for their business model of scooping up tickets and jacking up the price.  And it does so in pursuit of extreme, unprecedented relief that will do nothing to lower ticket prices or service fees, increase artist earnings, help fans, foster innovation, or promote competition—while distracting from real solutions to the problems that frustrate fans the most.

What is really at issue here is whether misinformation about Live Nation (and the Ticketmaster merger) can prevail over real-world facts and economic logic. So long as fact and logic prevail over myth and misinformation, the government's lawsuit will fail.

Defendants provide their specific responses to Plaintiffs' allegations below.

**RESPONSES TO THE SPECIFIC ALLEGATIONS OF THE COMPLAINT**

Defendants deny all factual allegations set forth in the Complaint unless expressly admitted. Any admission herein is limited to the express language of the response and shall not be deemed an implied admission of additional facts. Defendants need not admit or deny legal conclusions or arguments. In particular, the Complaint is replete with legal conclusions regarding alleged monopoly power, alleged market power, alleged relevant "markets," and alleged confidential material that do not require a response. Although Defendants need not admit or deny legal conclusions or arguments, Defendants affirmatively deny that they have violated any applicable federal or state law, including any federal or state antitrust laws, any state unfair competition laws, and assert that Plaintiffs should be denied all of the relief they request.

Defendants do not repeat the headings (or the table of contents) set forth in the Complaint. To the extent any headings require a response, and to the extent any headings contain any factual allegations, they are denied.

Defendants respond to the numbered paragraphs of the Complaint as follows:

**I.    Introduction**

1.    Defendants state that the averments in paragraph 1 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 1 of the Complaint, except admit that the quoted language is excerpted from Live Nation's annual report for the fiscal year ended December 31,

2023, and refer to that report for its full and accurate contents, and that Ticketmaster is a wholly owned subsidiary of Live Nation.

2.      Defendants deny the averments in paragraph 2 of the Complaint, except state that Defendants do work to serve the interests of artists and fans, and that the live music industry is highly competitive.

3.      Defendants deny the averments in paragraph 3, except admit that, as of December 31, 2024, Live Nation managed over 380 artists in 2024; that Live Nation owned, operated, leased, or had exclusive booking rights in approximately 284 venues in North America, including 66 amphitheaters in the United States; and that Ticketmaster offers primary ticketing services to venues and offers tickets for resale to fans.

4.      Defendants deny the averments in paragraph 4 of the Complaint.

5.      Defendants deny the averments in paragraph 5 of the Complaint, except admit that Ticketmaster is a wholly owned subsidiary of Live Nation.

6.      Defendants state that the averments in paragraph 6 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 6 of the Complaint.

a.      Defendants deny the averments in paragraph 6a of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 6a of the Complaint as they pertain to third parties, and admit that paragraph 6a appears to partially quote a document produced by Live Nation, and refer to that document for its full and accurate contents.

b.      Defendants deny the averments in paragraph 6b of the Complaint.

c.      Defendants deny the averments in paragraph 6c of the Complaint, except admit that they have acquired certain regional promotion companies in the ordinary course of business.

d.      Defendants deny the averments in paragraph 6d of the Complaint.

e.      Defendants deny the averments in paragraph 6e of the Complaint, except admit that Ticketmaster has commercial agreements with certain venues, and refer to those agreements for their full and accurate contents.

f.      Defendants deny the averments in paragraph 6f of the Complaint.

g.      Defendants deny the averments in paragraph 6g of the Complaint, except admit that Live Nation and Ticketmaster have commercial agreements with certain venues, and refer to those agreements for their full and accurate contents.

7.      Defendants state that the averments in paragraph 7 of the Complaint purport to state legal conclusions to which no response its required.  To the extent a response is required, Defendants deny the averments in paragraph 7 of the Complaint.

8.      Defendants deny the averments in paragraph 8 of the Complaint, except admit that the overall price paid by consumers for tickets generally includes the "face value" of the ticket and various fees on top of or in addition to the face value of the ticket, and that fees charged on ticket sales have a variety of designations, including convenience fees, processing fees, service fees, facility fees and delivery fees.

9.      Defendants deny the averments in paragraph 9 of the Complaint.

10.     Defendants deny the averments in paragraph 10 of the Complaint, except admit that competition can increase the array and quality of services available and make it easier for fans to find and see artists they love, and state that the live entertainment industry is highly competitive.

11.    Defendants deny the averments in paragraph 11 of the Complaint, except admit that paragraph 11 appears to partially quote from a statement by Live Nation's CEO and refer to that statement for its full and accurate contents, and that Live Nation and Ticketmaster operate a competitive ticketing system.

12.    Defendants deny the averments in paragraph 12 of the Complaint, and state that the live entertainment industry does not suffer from the alleged harms.

13.    Defendants state that the averments in paragraph 13 purport to state legal conclusions to which no response its required.  To the extent a response is required, Defendants deny the averments in paragraph 13 of the Complaint, except admit that in January 2010 the U.S. Department of Justice and various other states filed a complaint to challenge the merger between Ticketmaster and Live Nation; that Defendants entered into a consent decree in *United States et al.*, *v. Ticketmaster Entertainment, Inc. et al.*, No. 10-cv-00139 (D.D.C. 2010) that the U.S. Department of Justice and the state plaintiffs in that action concluded "will eliminate the anticompetitive effects of the proposed transaction in the provision of primary ticketing services to major concert venues in the United States while preserving the possibility of efficiency-enhancing vertical integration in the concert industry and also preserving competition from Defendants' non vertically integrated rivals"; and that on January 28, 2020, an amended consent decree was entered in the same matter, and refer to those documents for their full and accurate contents.

14.    Defendants state that the averments in paragraph 14 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 14 of the Complaint.

15.     Defendants state that the averments in paragraph 15 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 15 of the Complaint, and state that the live music industry is highly competitive and there is no basis for the requested relief.

## II.     Defendants Live Nation and Ticketmaster

16.     Defendants deny the averments in paragraph 16 of the Complaint, except admit that paragraph 16 appears to partially quote Live Nation's annual report for the fiscal year ended December 31, 2023, and refer to that report for its full and accurate contents, and admit that, as of December 31, 2024, Live Nation managed over 380 artists in 2024 and owned, operated, leased, or had exclusive booking rights in approximately 284 venues in North America, including 66 amphitheaters in the United States.

17.     Defendants deny the averments in paragraph 17 of the Complaint, except admit that Live Nation's annual report for the fiscal year ended December 31, 2023 reported overall revenue of $22.7 billion, revenue of $18.8 billion in Live Nation's Concerts segment, revenue of $3.0 billion in Live Nation's Ticketing segment, and revenue of $1.1 billion in Live Nation's Sponsorship & Advertising Segment, and refer to that report for its full and accurate contents.

18.     Defendants deny the averments in paragraph 18 of the Complaint, except admit that Ticketmaster is a wholly owned subsidiary of Live Nation, that Ticketmaster provides primary and secondary ticketing services, and that Ticketmaster is a ticketing company.

## III.    Industry Background

### A.    How Live Concerts Work

19.     Defendants deny the averments in paragraph 19 of the Complaint, including the representation in the graphic associated with paragraph 19, except admit that the live

entertainment industry contains various inputs, including, but not limited to, artists, managers/agents, promoters, venues, ticketing service providers, and consumers.

20.     Defendants deny the averments in paragraph 20 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 20 of the Complaint as they pertain to third parties, and admit that artists lie at the center of the live music industry, and that the income earned from concerts generally represents a substantial part of artists' compensation for their creative and performance labor.

21.     Defendants deny that paragraph 21 is a complete and accurate summary of the services performed by and compensation paid to managers and/or agents, which vary widely in the music industry, and on that basis deny the averments in paragraph 21 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint as they pertain to third parties; admit that, as of December 31, 2024, Live Nation managed over 380 artists in 2024; and state, upon information and belief, that The Azoff Company's portfolio of companies includes Oak View Group and Full Stop Management.

22.     Defendants deny that paragraph 22 is a complete and accurate summary of concert promotion services, which vary widely from concert to concert, and on that basis deny the allegations in paragraph 22 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 22 of the Complaint as they pertain to third parties, and admit that concert promoters often provide a wide variety of services, including, but not limited to, promoting the concert to the public.

23.     Defendants deny the averments in paragraph 23 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the

averments in paragraph 23 of the Complaint as they pertain to third parties, and admit that Live Nation and AEG Presents are both promoters and that promotion deals for tours often include upfront guaranteed payment to the artist for the tour.

24.     Defendants deny the averments in paragraph 24 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 24 of the Complaint as they pertain to third parties, and admit that Live Nation is the largest concert promoter in the United States, that Live Nation and AEG are the two largest concert promoters in the United States, and that both Live Nation and AEG provide primary ticketing services to venues.

25.     Defendants deny the averments in paragraph 25 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Complaint as they pertain to third parties, and admit that venues are the physical spaces or facilities that host live music or other live events, and that venues sometimes contract with promoters.

26.     Defendants deny the averments in paragraph 26 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 26 of the Complaint as they pertain to third parties, and admit that venue owners can either operate the facility themselves or hire a management company to operate it, and that venue operators typically provide access to and maintain the facilities where concerts and other live events are held and typically oversee the venue's associated services.  Defendants deny that paragraph 26 is a complete and accurate summary of venues' business, which varies widely from venue-to-venue, and on that basis deny the remaining allegations in paragraph 26 of the Complaint.

27.     Defendants deny the averments in paragraph 27 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 27 of the Complaint as they pertain to third parties, and admit that artists with larger fan bases often play concerts in larger venues.

28.     Defendants deny the averments in paragraph 28 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 28 of the Complaint as they pertain to third parties, and admit that, as of December 31, 2024, Live Nation owned, operated, leased, or had exclusive booking rights in approximately 284 venues in North America.

29.     Defendants deny the averments in paragraph 29 of the Complaint, including because the term "large amphitheater" is vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 29 of the Complaint as they pertain to third parties, and admit that amphitheaters are generally outdoor venues with between 5,000 and 30,000 seats that are used primarily in the summer season.

30.     Defendants deny the averments in paragraph 30 of the Complaint, including because the terms "control" and "large amphitheater" are vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 30 of the Complaint as they pertain to third parties.

31.     Defendants deny the averments in paragraph 31 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form

12

a belief as to the truth of the averments in paragraph 31 of the Complaint as they pertain to third parties, and admit that venues may, among other options, manage the sale of ticket inventory with various in-house solutions, or contract with a third party ticketing service provider to handle the sale process; that today, most tickets are sold through the internet and mobile applications and the most common delivery method is electronic delivery to fans' computers or mobile phones; that primary ticketing service providers typically enter into exclusive ticketing contracts with venues to manage and sell all or nearly all of the ticketing inventory for all or nearly all events at that venue for the term of the contract; that primary ticketing service providers often provide a variety of services, which may include (but are not limited to) creating various back-end inventory management systems, providing various front-end support, providing staff and training, providing marketing, and providing equipment; and that primary ticketing service providers sell tickets for events on behalf of their clients and provide the technology for online ticketing, accounting, payment process and other administrative capabilities.

32.    Defendants deny the averments in paragraph 32 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 32 of the Complaint as they pertain to third parties, and admit that Ticketmaster is a wholly owned subsidiary of Live Nation.

33.    Defendants deny the averments in paragraph 33 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 33 of the Complaint as they pertain to third parties, and admit that Ticketmaster is a primary ticketing service provider; that in the United States, primary ticketing service providers typically enter into exclusive ticketing contracts with venues to manage and sell all or nearly all of the ticketing inventory for all or nearly all events at that venue for the term

13

of the contract; and that ticketing contracts between venues and primary ticketing service providers may include up-front payments from the primary ticketing service provider to the venue.

34.     Defendants deny the averments in paragraph 34 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 34 of the Complaint as they pertain to third parties, and admit that the primary ticketing businesses in France and the United Kingdom are subject to different regulations and norms than in the United States.

35.     Defendants deny that paragraph 35 is a complete and accurate statement of secondary ticketing platforms' business, and on that basis deny the averments in paragraph 35 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 35 of the Complaint as they pertain to third parties.

36.     Defendants deny the averments in paragraph 36 of the Complaint, including because the term "control" is vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 36 of the Complaint as they pertain to third parties, and admit that in 2019, Ticketmaster announced the launch of SafeTix, which links a unique, identifiable digital ticket to each fan's mobile phone through an encrypted barcode that automatically refreshes every few seconds, adds NFC technology to tickets to allow fans to enter venues through a simple "tap and go" experience at venue entrances, and protects against tickets being screenshotted or photocopied and sold multiple times by unscrupulous resellers.

### B.    The Live Entertainment Industry

37.     Defendants deny the averments in paragraph 37 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the

averments in paragraph 37 of the Complaint as they pertain to third parties, and admit that the live entertainment industry contains various inputs, including, but not limited to, artists, managers/agents, promoters, venues, ticketing service providers and consumers.

38.    Defendants deny the averments in paragraph 38 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 38 of the Complaint as they pertain to third parties.

39.    Defendants deny the averments in paragraph 39 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 39 of the Complaint as they pertain to third parties, and admit that Live Nation and/or Ticketmaster enters into agreements with artists, venues and promoters.

40.    Defendants deny the averments in paragraph 40 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 40 of the Complaint as they pertain to third parties, and admit that Live Nation is a promoter and that some promoters generate revenue through a pre-agreed split of the gross ticket sales of a show or tour with artists as well as through commercial arrangements with venues.  Defendants deny that paragraph 40 of the Complaint is a complete and accurate statement of promoters' business, which may vary by concert, artist, tour or venue, and on that basis deny the averments in paragraph 40 of the Complaint.

41.    Defendants deny the averments in paragraph 41 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 41 of the Complaint as they pertain to third parties, and admit that Live Nation is a promoter and that promoters and artists negotiate over a variety of terms in promotion agreements, including, but not limited to, the artist's guaranteed payment and the artist's share of

15

other revenue generated by the concert or tour.  Defendants deny that paragraph 41 is a complete and accurate statement of promoters' business or promoters' agreements with artists, which may vary widely by artist, concert or tour, and on that basis deny the averments in paragraph 41 of the Complaint.

42.    Defendants deny the averments in paragraph 42 of the Complaint, except admit that Live Nation is a promoter and that Live Nation, as a promoter, contracts with venues to provide services, including, but not limited to, booking and promotions services.  Defendants deny that paragraph 42 is a complete and accurate statement of promoters' business and commercial arrangements with venues and on that basis deny the remaining averments in paragraph 42 of the Complaint.

43.    Defendants deny the averments in paragraph 43 of the Complaint, except admit that Ticketmaster offers primary ticketing services to venues, that the overall price paid by consumers for a primary ticket generally includes the "face value" of the ticket and various fees on top of or in addition to the face value of the ticket, and that service fees are typically split with venues per contractual agreements between the ticketing service provider and the venue. Defendants deny that paragraph 43 is a complete and accurate statement of ticketing service providers' business and commercial arrangements with venues and on that basis deny the averments in paragraph 43 of the Complaint.

44.    Defendants deny the averments in paragraph 44 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 44 of the Complaint as they pertain to third parties, and admit that ticketing service providers typically earn revenue by charging various fees with the sale of tickets; that the overall price paid by consumers for a primary ticket generally includes the "face

value" of the ticket and various fees on top of or in addition to the face value of the ticket; that

fees are typically split with the venues per contractual agreements between the ticketing service

provider and the venue; that the fees charged on ticket sales have a variety of designations,

including convenience fees, processing fees, service fees, facility fees and delivery fees; and that

Ticketmaster has two pricing tools called Platinum and Pricemaster.  Defendants deny that

paragraph 44 is a complete and accurate statement of ticketing service providers' business and

commercial arrangements with venues and on that basis deny the averments in paragraph 44 of

the Complaint.

45.    Defendants deny the averments in paragraph 45 of the Complaint, except state

that they lack knowledge and information sufficient to form a belief as to the truth of the

averments in paragraph 45 of the Complaint as they pertain to third parties, and admit that the

face value of tickets are typically set or approved by artists; and that Ticketmaster offers two

dynamic pricing productions, Platinum and Pricemaster, which allow prices to adjust to changing

levels of demand over time and which can be enabled for a given event or tour at the request of

the artist.

46.    Defendants deny the averments in paragraph 46 of the Complaint, except state

that they lack knowledge and information sufficient to form a belief as to the truth of the

averments in paragraph 46 of the Complaint as they pertain to third parties, and admit that

venues and/or their operators typically provide access to and maintain the facilities where

concerts are held, typically oversee the venue's associated services, typically receive a portion of

the proceeds from concessions and parking, and generally also receive a portion of per-ticket

service charges; and that venues typically contract with ticketing providers and may contract

with promoters.  Defendants deny that paragraph 46 is a complete and accurate summary of

venues' business, which varies widely by venue, and on that basis deny the averments in paragraph 46 of the Complaint.

47.     Defendants deny the averments in paragraph 47 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 47 of the Complaint as they pertain to third parties, and admit that paragraph 47 appears to partially quote from a Live Nation blog post and refer to that document for its full and accurate contents.

48.     Defendants deny the averments in paragraph 48 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 48 of the Complaint as they pertain to third parties, and admit that they contract with venues and refer to those contracts for their full and accurate contents.

49.     Defendants deny the averments in paragraph 49 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 49 of the Complaint as they pertain to third parties, and admit that Ticketmaster offers ticketing resale services, sometimes referred to as secondary ticketing, principally through its integrated inventory platform, league/team platforms and other platforms internationally; and that as part of its ticketing resale services, Ticketmaster enters into arrangements with the holders of tickets previously distributed by a venue or other source to post those tickets for sale at a purchase price equal to a new sales price, determined by the ticket holder, plus a service fee to the buyer, and the seller receives the new sales price less a seller service fee.

50.    Defendants deny the averments in paragraph 50 of the Complaint, except admit that Live Nation's Sponsorship & Advertising segment delivers highly effective music marketing programs for advertisers, including signage rights, online advertising, and promotional programs.

51.    Defendants deny the averments in paragraph 51 of the Complaint, except admit that Live Nation's Sponsorship & Advertising segment generates revenue, and state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 51 of the Complaint as they pertain to third parties.

**C.    Live Nation's "Flywheel"**

52.    Defendants deny the averments in paragraph 52 of the Complaint, except admit that Live Nation was founded in 1996 and began as a live events promoter; that Live Nation currently has three segments:  Concerts, Ticketing, and Sponsorship & Advertising; and that Live Nation currently provides promotion services, primary and secondary ticketing services, venue operation services, artist management services and sponsorship and advertising services.

53.    Defendants deny the averments in paragraph 53 of the Complaint, except admit that Live Nation has a concert promotions business, and that its businesses complement one another.

54.    Defendants deny the averments in paragraph 54 of the Complaint, except admit that paragraph 54 appears to partially quote from a statement made by Live Nation's CEO nearly 12 years ago, and refer to that statement for its full and accurate contents.

55.    Defendants deny the averments made in paragraph 55, except admit that the paragraph appears to include a graphic from a document produced by Live Nation, and refer to that document for its full and accurate contents.

56.    Defendants deny the averments in paragraph 56 of the Complaint, including the representation in the graphic associated with paragraph 56, except admit the graphic appears to

19

include financial metrics for Live Nation's Concerts, Ticketing, and Sponsorship & Advertising segments that were reported in Live Nation's annual report for the fiscal year ended December 31, 2023, and refer to that report for its full and accurate contents.

57.    Defendants deny the averments in paragraph 57 of the Complaint.

58.    Defendants deny the averments in paragraph 58 of the Complaint, except admit that paragraph 58 appears to partially quote from a public statement made by Live Nation's CEO and refer to that statement for its full and accurate contents, and state that Live Nation does not threaten venues explicitly or implicitly.

59.    Defendants deny the averments in paragraph 59 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 59 of the Complaint as they pertain to third parties.

60.    Defendants deny the averments in paragraph 60 of the Complaint, except admit that paragraph 60 appears to partially quote from a public document, and refer to that document for its full and accurate contents.

61.    Defendants deny the averments in paragraph 61 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 61 of the Complaint as they pertain to third parties.

**D.    History of Live Nation and Ticketmaster**

62.    Defendants deny the averments in paragraph 62 of the Complaint, except admit that Live Nation was founded in 1996 as SFX Entertainment, and that paragraph 62 appears to partially quote from a statement made by Live Nation's CEO, and refer to that statement for its full and accurate contents.

63.    Defendants deny the averments in paragraph 63 of the Complaint, except admit that Ticketmaster was founded in 1976 to sell hardware for ticketing systems; that Ticketmaster

has made certain acquisitions; and that Ticketmaster is and for sometime has been the world's largest primary ticketing services company.

64.     Defendants deny the averments in paragraph 64 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 64 of the Complaint as they pertain to third parties, and admit that Ticketmaster's ticketing services contracts with its venue clients are typically exclusive, and refer to those contracts for their full and accurate contents.

65.     Defendants deny the averments in paragraph 65 of the Complaint, except admit that on February 10, 2009, they executed the "Agreement and Plan of Merger among Ticketmaster Entertainment, Inc., Live Nation, Inc. and Merger Sub, as herein defined," and refer to that agreement for its full and accurate contents; that Live Nation provided primary ticketing services to venues at the time of the merger; that in January 2010 the U.S. Department of Justice and various other states filed a complaint to challenge the merger between Ticketmaster and Live Nation; that, simultaneously with the filing of that complaint, Defendants entered into a consent decree in *United States et al.*, *v. Ticketmaster Entertainment, Inc. et al.*, No. 10-cv-00139 (D.D.C. 2010), which the U.S. Department of Justice and the state plaintiffs in that action concluded "will eliminate the anticompetitive effects of the proposed transaction in the provision of primary ticketing services to major concert venues in the United States while preserving the possibility of efficiency-enhancing vertical integration in the concert industry and also preserving competition from Defendants' non vertically integrated rivals"; and that the merger was completed on January 25, 2010.

66.     Defendants deny the averments in paragraph 66 of the Complaint, except admit that on January 28, 2020, the U.S. Department of Justice filed a motion to modify the consent

21

decree in *United States et al. v. Ticketmaster Ent., Inc., et al.*, No. 1:10-cv-00139 (D.D.C.); that Defendants denied the allegations in that motion, but agreed to modify the consent decree; that on January 28, 2020, an amended consent decree was entered in the same action; that on February 19, 2020, the court issued a minute order noting that "[t]he Court retains jurisdiction over the Amended Final Consent Judgment through the duration of the agreement. However, as a final judgment has been entered, this case is closed," and refer to those documents for their full and accurate contents.

67.    Defendants state that paragraph 67 of the Complaint purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 67 of the Complaint, and state that Live Nation and Ticketmaster have not violated the consent decree, the amended consent decree, or the antitrust laws.

## IV.    Live Nation's Alleged Conduct

68.    Defendants deny the averments in paragraph 68 of the Complaint.

69.    Defendants deny the averments in paragraph 69 of the Complaint.

### A.    Oak View Group

70.    Defendants deny the averments in paragraph 70 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 70 of the Complaint as they pertain to third parties, and admit that in July 2021, Oak View Group and Ticketmaster announced an agreement for Ticketmaster to provide ticketing services for six of Oak View Group's arenas, and refer to that agreement for its full and accurate contents; that Oak View Group is a global sport and entertainment company founded by Tim Leiweke and Irving Azoff in 2015; and that, upon information and belief, The Azoff Company's portfolio of companies includes Oak View Group and Full Stop Management.

71.     Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 71 of the Complaint as they pertain to third parties, except state that upon information and belief, Silver Lake announced a strategic investment in the Oak View Group in March 2018.

72.     Defendants deny the averments in paragraph 72 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 72 of the Complaint as they pertain to third parties, and admit that paragraph 72 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

73.     Defendants deny the averments in paragraph 73 of the Complaint, except admit that paragraph 73 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

74.     Defendants deny the averments in paragraph 74 of the Complaint, except admit that paragraph 74 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

75.     Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 75 of the Complaint as they pertain to third parties.

76.     Defendants deny the averments in paragraph 76 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 76 of the Complaint as they pertain to third parties, and admit that Live Nation has a business unit named Live Nation Arenas, and that that the fourth sentence of

paragraph 76 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

77.    Defendants deny the averments in paragraph 77 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 77 of the Complaint as they pertain to third parties, and admit that Live Nation has a commercial relationship with Oak View Group, that, upon information and belief, Oak View Group has commercial relationships with venues, and that paragraph 77 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

78.    Defendants deny the averments in paragraph 78 of the Complaint, except admit that Live Nation has a ticketing services agreement with Oak View Group since 2021, and refer to that agreement for its complete contents.

79.    Defendants deny the averments in paragraph 79 of the Complaint, except admit that Live Nation has had a commercial relationship with Oak View Group since 2021, and that paragraph 79 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

80.    Defendants deny the averments in paragraph 80 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 80 of the Complaint as they pertain to third parties, and admit that Live Nation sent a letter to Oak View Group discussing a one-time incentive payment, and refer to that letter for its full and accurate contents; and that the second sentence of paragraph 80 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

**B.      TEG**

81.      Defendants deny the averments in paragraph 81 of the Complaint.

82.      Defendants deny the averments in paragraph 82 of the Complaint.

83.      Defendants deny the averments in paragraph 83 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 83 of the Complaint as they pertain to third parties, and admit that the fourth sentence of paragraph 83 of the Complaint appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

84.      Defendants deny the averments in paragraph 84 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 84 of the Complaint as they pertain to third parties, and admit that the fourth and fifth sentences of paragraph 84 appear to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

85.      Defendants deny the averments in paragraph 85 of the Complaint, except admit that paragraph 85 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

86.      Defendants deny the averments in paragraph 86 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 86 of the Complaint as they pertain to third parties, and admit that paragraph 85 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

87.      Defendants deny the averments in paragraph 87 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 87 of the Complaint as they pertain to third parties, and admit that

paragraph 87 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

### C.    Ticketing Competition

88.    Defendants deny the averments in paragraph 88 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 88 of the Complaint as they pertain to third parties.

89.    Defendants deny the averments in paragraph 89 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 89 of the Complaint as they pertain to third parties, and admit that paragraph 89 appears to partially quote from a public statement made by Live Nation's CEO, and refer to that statement for its full and accurate contents.

90.    Defendants deny the averments in paragraph 90 of the Complaint.

91.    Defendants deny the averments in paragraph 91 of the Complaint.

92.    Defendants deny the averments in paragraph 92 of the Complaint, except admit that paragraph 87 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

93.    Defendants deny the averments in paragraph 93 of the Complaint.

94.    Defendants deny the averments in paragraph 94 of the Complaint.

95.    Defendants deny the averments in paragraph 95 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 95 of the Complaint as they pertain to third parties.

96.    Defendants deny the averments in paragraph 96 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 96 of the Complaint as they pertain to third parties, and admit that prior

to its merger with AEG, Spectacor Management Group had a commercial agreement with Ticketmaster, and refer to that agreement for its full and accurate contents.

97.     Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 97 of the Complaint as they pertain to third parties. Defendants admit that Ticketmaster has a commercial relationship with ASM Global.

98.     Defendants deny the averments in paragraph 98 of the Complaint.

**D.     Ticketing Agreements**

99.     Defendants deny the averments in paragraph 99 of the Complaint, except admit that Ticketmaster enters into highly negotiated contracts to provide ticketing services to its venue clients, and refer to those contracts for their full and accurate contents.

100.     Defendants deny the averments in paragraph 100 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 100 of the Complaint as they pertain to third parties, and admit that Ticketmaster has commercial agreements with certain venues, including agreements that were entered into in 2022, and refer to those agreements for their full and accurate contents.

101.     Defendants deny the averments in paragraph 101 of the Complaint, except admit that they purport to refer to a Ticketmaster document, and refer to that document for its full and accurate contents.

102.     Defendants deny the averments in paragraph 102 of the Complaint, except admit that paragraph 102 appears to partially and incorrectly quote from a document produced by Live Nation, and refer to that document for its full and accurate contents, and that Ticketmaster sometimes renews or extends ticketing agreements.

103.    Defendants deny the averments in paragraph 103 of the Complaint, except admit that paragraph 103 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

104.    Defendants deny the averments in paragraph 104 of the Complaint, except admit that the second sentence of paragraph 104 appears to partially and incorrectly quote from a public document, and refer to that document for its full and accurate contents.

105.    Defendants deny the averments in paragraph 105 of the Complaint, except admit that paragraph 105 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

106.    Defendants deny the averments in paragraph 106 of the Complaint, except admit that Ticketmaster has a commercial agreement with ASM Global, and refer to that agreement for its full and accurate contents, and that paragraph 106 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

107.    Defendants deny the averments in paragraph 107 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 107 of the Complaint as they pertain to third parties, and admit that paragraph 107 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

108.    Defendants deny the averments in paragraph 108 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 108 of the Complaint as they pertain to third parties, and admit that Ticketmaster enters into highly negotiated contracts to provide ticketing services to its venue clients, and refer to those contracts for their full and accurate contents; that, in some

28

circumstances, Ticketmaster makes available allocations of "fan club" tickets to be sold on official artist websites and/or through the artists' fan clubs; and that in 2018, Live Nation acquired certain assets from Complete Entertainment Resources Group Inc., and refer to that agreement for its full and accurate contents.

109.    Defendants further state that the averments in paragraph 109 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 109 of the Complaint, except admit that in 2019, Ticketmaster announced the launch of SafeTix, which links a unique, identifiable digital ticket to each fan's mobile phone through an encrypted barcode that automatically refreshes every few seconds, adds NFC technology to tickets to allow fans to enter venues through a simple "tap and go" experience at venue entrances and protects against tickets being screenshotted or photocopied and sold multiple times by unscrupulous resellers.

110.    Defendants deny the averments in paragraph 110 of the Complaint, except admit that in 2019, Ticketmaster announced the launch of SafeTix, which links a unique, identifiable digital ticket to each fan's mobile phone through an encrypted barcode that automatically refreshes every few seconds, adds NFC technology to tickets to allow fans to enter venues through a simple "tap and go" experience at venue entrances and protects against tickets being screenshotted or photocopied and sold multiple times by unscrupulous resellers, and admit that paragraph 110 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

111.    Defendants deny the averments in paragraph 111 of the Complaint.

112.    Defendants deny the averments in paragraph 112, except admit that paragraph 112 appears to partially quote from a document produced by Live Nation, and refer to that document

for its full and accurate contents, and that paragraph 112 appears to partially quote from a statement by Live Nation's CEO, and refer to that statement for its full and accurate contents.

### E.    Venue Access

113.    Defendants state that the averments in paragraph 113 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 113 of the Complaint, except admit that Live Nation has a long-standing unilateral policy not to rent amphitheaters it owns to other promoters.

114.    Defendants further state that the averments in paragraph 114 purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 114 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 114 of the Complaint as they pertain to third parties, and admit that paragraph 114 appears to partially quote from a statement made by a Live Nation executive, and refer to that statement for its full and accurate contents.

115.    Defendants deny the averments in paragraph 115 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 115 of the Complaint as they pertain to third parties, and admit that paragraph 115 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents, and that Live Nation has a long-standing unilateral policy not to rent amphitheaters it owns to other promoters.

116.    Defendants deny the averments in paragraph 116 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 116 of the Complaint as they pertain to third parties, and admit that paragraph 116 appears to partially quote from a document produced by Live Nation, and refer to

that document for its full and accurate contents, and that Live Nation has a long-standing unilateral policy not to rent amphitheaters it owns to other promoters.

### F.    Live Nation Acquisitions

117.    Defendants deny the averments in paragraph 117 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 117 of the Complaint as they pertain to third parties, and admit that paragraph 117 appears to quote from a document produced by Live Nation, and refer to that document for its full and accurate contents, and that Live Nation has made certain acquisitions to remain competitive.

118.    Defendants deny the averments in paragraph 118 of the Complaint, except admit that paragraph 118 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

119.    Defendants deny the averments in paragraph 119 of the Complaint, except admit that paragraph 119 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

120.    Defendants deny the averments in paragraph 120 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 120 of the Complaint as they pertain to third parties.

121.    Defendants deny the averments in paragraph 121 of the Complaint.

122.    Defendants deny the averments in paragraph 122 of the Complaint, except admit that, in 2017, Live Nation acquired United Concerts, at the time a Utah-based promoter and owner and operator of venues in Utah, including an amphitheater.

123.    Defendants deny the averments in paragraph 123 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 123 of the Complaint as they pertain to third parties; admit that paragraph 123 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents and that, in 2017, Live Nation acquired United Concerts, at the time a Utah-based promoter and owner and operator of venues in Utah; state, upon information and belief, that prior to the acquisition, certain venues owned or operated by United Concerts used a ticketing company other than Ticketmaster; and state that the venues acquired in that acquisition currently use Ticketmaster for ticketing services.

124.    Defendants deny the averments in paragraph 124 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 124 of the Complaint as they pertain to third parties, and admit that in 2016, Live Nation acquired a majority stake in AC Entertainment, at the time a live entertainment company providing promotion, production, booking and marketing services in the Southeast, including in Tennessee and the Carolinas, and a co-promoter of the Bonnaroo Arts and Music Festival, and that paragraph 124 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

125.    Defendants deny the averments in paragraph 125 of the Complaint, except state that paragraph 125 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

126.    Defendants deny the averments in paragraph 126 of the Complaint, except admit that, in 2018, Live Nation acquired a majority interest in Frank Productions, a Wisconsin-based live entertainment promoter and owner and operator of venues in Wisconsin, and that paragraph

126 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

127.    Defendants deny the averments in paragraph 127 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 127 of the Complaint as they pertain to third parties; admit that paragraph 127 appears to partially quote from documents produced by Live Nation, and refer to such documents for their full and accurate contents; and that in 2018, Live Nation acquired a majority interest in Frank Productions, a Wisconsin-based live entertainment promoter and owner and operator of venues in Wisconsin; state, upon information and belief, that prior to the acquisition, certain venues owned or operated by Frank Productions used a ticketing company other than Ticketmaster; and that the venues acquired in that acquisition currently use Ticketmaster for ticketing services.

128.    Defendants deny the averments in paragraph 128 of the Complaint, except admit that, in 2018, Live Nation acquired National Shows 2, at the time a Tennessee-based promoter and a subsidiary of Frank Productions; that in 2016, Live Nation acquired a majority stake in AC Entertainment; and that paragraph 128 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

129.    Defendants deny the averments in paragraph 129 of the Complaint, except admit that, in 2018, Live Nation acquired a majority stake in Red Mountain Entertainment, at the time a live entertainment company providing promotion services in the Southeast, including in Alabama and Mississippi, including for the Wharf Amphitheater in Orange Beach, Alabama, the Brandon Amphitheater in Brandon, Mississippi, and the Tuscaloosa Amphitheater in Tuscaloosa,

Alabama; and that paragraph 129 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

130.    Defendants deny the averments in paragraph 130 of the Complaint, except admit that paragraph 130 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

131.    Defendants deny the averments in paragraph 131 of the Complaint, except admit that paragraph 131 purports to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents, and that, in 2018, Live Nation entered into a commercial agreement with 313 Presents, and refer to that agreement for its full and accurate contents.

132.    Defendants deny the averments in paragraph 132 of the Complaint, except admit that, in 2018, Live Nation entered into a commercial agreement with 313 Presents, and refer to that agreement for its full and accurate contents.

133.    Defendants deny the averments in paragraph 133 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 133 of the Complaint as they pertain to third parties, and admit that, in 2018, Live Nation entered into a commercial agreement with 313 Presents, and refer to that agreement for its full and accurate contents.

134.    Defendants deny the averments in paragraph 134 of the Complaint, except admit that, in 2017, Live Nation entered into a commercial agreement with ScoreMore Shows, at the time a Texas-based concerts promoter, and that in 2018, Live Nation acquired a majority stake in ScoreMore Shows, and refer to those agreements for their full and accurate contents; and that

paragraph 134 appears to partially quote from documents produced by Live Nation, and refer to those documents for their full and accurate contents.

135.    Defendants deny the averments in paragraph 135 of the Complaint, except admit that paragraph 135 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

136.    Defendants deny the averments in paragraph 136 of the Complaint, except admit that, in 2023, Live Nation entered into a partnership agreement and acquired a majority stake in Logjam Presents, a Montana-based concert promoter and venue operator, and refer to that agreement for its full and accurate contents; state, upon information and belief, that prior to the acquisition, certain venues owned or operated by Logjam Presents used a ticketing company other than Ticketmaster; and state that the venues operated by Logjam currently use Ticketmaster for primary ticketing services.

137.    Defendants deny the averments in paragraph 137 of the Complaint, except admit that it acquired majority stakes in entities that own, operate or produce the festivals named in paragraph 137; and that paragraph 137 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

138.    Defendants deny the averments in paragraph 138 of the Complaint, except admit that they have entered into commercial agreements with certain venues, and refer to those agreements for their full and accurate contents.

**V.    Alleged Anticompetitive Effects and Competitive Harm**

139.    Defendants state that the averments in paragraph 139 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 139 of the Complaint, except admit that Ticketmaster is a wholly owned subsidiary of Live Nation.

140.    Defendants state that the averments in paragraph 140 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 140 of the Complaint.

141.    Defendants deny the averments in paragraph 141 of the Complaint.

142.    Defendants state that the averments in paragraph 142 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 142 of the Complaint.

143.    Defendants deny the averments in paragraph 143 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 143 of the Complaint as they pertain to third parties.

144.    Defendants deny the averments in paragraph 144 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 144 of the Complaint as they pertain to third parties.

145.    Defendants deny the averments in paragraph 145 of the Complaint.

146.    Defendants state that the averments in paragraph 146 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 146 of the Complaint.

147.    Defendants state that the averments in paragraph 147 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 147 of the Complaint.

148.    Defendants state that the averments in paragraph 148 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 148 of the Complaint, except admit that Defendants

have agreements with artists and venues, and refer to those agreements for their full and accurate contents.

149.    Defendants deny the averments in paragraph 149 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 149 of the Complaint as they pertain to third parties.

150.    Defendants state that the averments in paragraph 150 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 150 of the Complaint.

151.    Defendants state that the averments in paragraph 151 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 151 of the Complaint.

152.    Defendants deny the averments in paragraph 152 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 152 of the Complaint as they pertain to third parties.

153.    Defendants deny the averments in paragraph 153 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 153 of the Complaint as they pertain to third parties, and state that the live entertainment industry is highly competitive.

154.    Defendants state that the averments in paragraph 154 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 154 of the complaint, except admit that paragraph 154 appears to partially quote from a document produced by Live Nation, and refer to that document for its full and accurate contents.

## VI.    Alleged Continuing Violations

155.    Defendants state that the averments in paragraph 155 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 155 of the Complaint.

156.    Defendants state that the averments in paragraph 156 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 156 of the Complaint.

157.    Defendants state that the averments in paragraph 157 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 157 of the Complaint.

158.    Defendants deny the averments in paragraph 158 of the Complaint.

## VII.    Alleged Relevant Markets and Alleged Monopoly Power

159.    Defendants state that the averments in paragraph 159 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 159 of the Complaint, except refer to the controlling case law for its contents concerning market definition.

160.    Defendants state that the averments in paragraph 160 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 160 of the Complaint, except refer to the controlling case law for its contents concerning market definition.

161.    Defendants state that the averments in paragraph 139 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 139 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry and

the term "large amphitheaters" is vague and undefined, except admit that ticketing providers offer a variety of services to both venues and fans and that promoters offer a variety of services to both venues and artists. Defendants further state that Plaintiffs fail to define properly the relevant markets, and refer to the controlling case law for its contents concerning market definition.

162. Defendants state that the averments in paragraph 162 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 162 of the Complaint.

### A. Primary Ticketing Services Markets

163. Defendants deny the averments in paragraph 163 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 163 of the Complaint as they pertain to third parties, and admit that primary ticketing providers offer venues and fans a variety of services; that venues may, among other options, manage the sale of ticket inventory with various in-house solutions, or contract with a third party ticketing service provider to handle the sale process; that primary ticketing service providers often provide a variety of services to venues, which may include (but are not limited to) creating various back-end inventory management systems, providing various front-end support, providing staff and training, providing marketing, and providing equipment; and that primary ticketing service providers sell tickets for events on behalf of their clients and provide the technology for online ticketing, accounting, payment processing and other administrative capabilities.

### i. Primary Ticketing Services to Major Concert Venues

164. Defendants state that the averments in paragraph 164 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required,

Defendants deny the averments in paragraph 164 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 164 of the Complaint as they pertain to third parties, and admit that primary ticketing providers offer venues and fans a variety of services; that venues may, among other options, manage the sale of ticket inventory with various in-house solutions, or contract with a third party ticketing service provider to handle the sale process; that primary ticketing service providers often provide a variety of services to venues, which may include (but are not limited to) creating various back-end inventory management systems, providing various front-end support, providing staff and training, providing marketing, and providing equipment; and that primary ticketing service providers sell tickets for events on behalf of their clients and provide the technology for online ticketing, accounting, payment processing and other administrative capabilities. Defendants further state that Plaintiffs fail to define properly the relevant markets.

165. Defendants deny the averments in paragraph 165 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 165 of the Complaint as they pertain to third parties, and admit that paragraph 165 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents.

166. Defendants state that the averments in paragraph 166 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 166 of the Complaint, including because the term

"major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 166 of the Complaint as they pertain to third parties, and admit that paragraph 166 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents. Defendants further state that Plaintiffs fail to define properly the relevant markets.

167.    Defendants deny the averments in paragraph 167 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 167 of the Complaint as they pertain to third parties, and admit that paragraph 167 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents.

168.    Defendants state that the averments in paragraph 168 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 168 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

169.    Defendants state that the averments in paragraph 169 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 169 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except admit paragraph 169 appears to reference an unidentified document produced by Live Nation, and refer to that document for its full and complete contents.

170.    Defendants state that the averments in paragraph 170 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 170 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

171.    Defendants state that the averments in paragraph 171 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 171 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

172.    Defendants state that the averments in paragraph 172 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 172 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except admit that paragraph 172 appears to reference unidentified documents prepared by Live Nation, and refer to those documents for their full and accurate contents.  Defendants further state that Plaintiffs fail to define properly the relevant markets.

173.    Defendants state that the averments in paragraph 173 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 173 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

174.    Defendants state that the averments in paragraph 174 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 174 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

ii.    **Primary Concert Ticketing Offerings to Fans at Major Concert Venues**

175.    Defendants state that the averments in paragraph 175 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 175 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except admit that ticketing service providers provide a variety of services to fans.  Defendants further state that Plaintiffs fail to define properly the relevant markets.

176.    Defendants deny the averments in paragraph 176 of the Complaint, except admit that ticketing resale services generally refer to the sale of tickets by a holder who originally obtained the tickets from a venue or other entity.

177.    Defendants state that the averments in paragraph 177 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 177 of the Complaint, except admit that, in some circumstances, Ticketmaster makes available allocations of "fan club" tickets to be sold on official artist websites and/or through the artists' fan clubs.

178.    Defendants state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 178 of the Complaint as they pertain to third parties, except state that primary and resale tickets are close substitutes for fans.

179.    Defendants deny the averments in paragraph 179 of the Complaint, except admit that paragraph 179 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents.

180.    Defendants state that the averments in paragraph 180 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required,

Defendants deny the averments in paragraph 180 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 180 of the Complaint as they pertain to third parties, and admit that paragraph 180 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents. Defendants further state that Plaintiffs fail to define properly the relevant markets.

181.    Defendants state that the averments in paragraph 181 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 181 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

182.    Defendants state that the averments in paragraph 182 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 182 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

183.    Defendants state that the averments in paragraph 183 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 183 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

184.    Defendants state that the averments in paragraph 184 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 184 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

185.    Defendants state that the averments in paragraph 185 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 185 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry. Defendants further state that Plaintiffs fail to define properly the relevant markets.

186.    Defendants state that the averments in paragraph 186 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 186 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 186 of the Complaint as they pertain to third parties, and admit that paragraph 186 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents.  Defendants further state that Plaintiffs fail to define properly the relevant markets.

187.    Defendants state that the averments in paragraph 187 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 187 of the Complaint.

188.    Defendants state that the averments in paragraph 188 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 188 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

189.    Defendants state that the averments in paragraph 189 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 189 of the Complaint.

190.    Defendants state that the averments in paragraph 190 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 190 of the Complaint.

**B.    Concert Promotions Services Markets**

191.    Defendants deny the averments in paragraph 191 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 191 of the Complaint as they pertain to third parties, and admit that concert promoters often provide a wide variety of services to artists and venues, including, but not limited to, promoting the concert to the public.

**i.    Concert Booking and Promotion Services to Major Concert Venues**

192.    Defendants state that the averments in paragraph 192 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 192 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except admit that promoters provide a wide variety of services to venues.  Defendants further state that Plaintiffs fail to define properly the relevant markets.

193.    Defendants deny the averments in paragraph 193 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 193 of the Complaint as they pertain to third parties.

194.    Defendants state that the averments in paragraph 194 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required,

Defendants deny the averments in paragraph 194 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 194 of the Complaint as they pertain to third parties.

195.    Defendants state that the averments in paragraph 195 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 195 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry and because the terms "smaller" and "regional" are vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 195 of the Complaint as they pertain to third parties, and admit that paragraph 195 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents.  Defendants further state that Plaintiffs fail to define properly the relevant markets.

196.    Defendants state that the averments in paragraph 196 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 196 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

197.    Defendants state that the averments in paragraph 197 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 197 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except admit that paragraph 197 appears to reference data reported by Billboard and unidentified

documents produced by Live Nation, and refer to those data and documents for their full and accurate contents.

198.    Defendants state that the averments in paragraph 198 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 198 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry.

199.    Defendants state that the averments in paragraph 199 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 199 of the Complaint.

ii.     **Promotion Services to Artists**

200.    Defendants state that the averments in paragraph 200 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 200 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 200 of the Complaint as they pertain to third parties, and admit that promoters provide a wide variety of services to artists.  Defendants further state that Plaintiffs fail to define properly the relevant markets.

201.    Defendants deny the averments in paragraph 201 of the Complaint, including because the term "large amphitheaters" is vague and undefined.

202.    Defendants state that the averments in paragraph 202 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 202 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry,

48

except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 202 of the Complaint as they pertain to third parties.

203.    Defendants state that the averments in paragraph 203 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 203 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry and because the terms "smaller" and "regional" are vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 203 of the Complaint as they pertain to third parties, and admit that paragraph 203 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents.  Defendants further state that Plaintiffs fail to define properly the relevant markets.

204.    Defendants state that the averments in paragraph 204 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 204 of the Complaint.

205.    Defendants state that the averments in paragraph 205 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 205 of the Complaint, including because the term "major concert venues" is vague, undefined, and not used in the live entertainment industry, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 205 of the Complaint as they pertain to third parties.

206.     Defendants state that the averments in paragraph 206 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 206 of the Complaint.

**C.     Artist Use of Large Amphitheaters**

207.     Defendants state that the averments in paragraph 207 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 207 of the Complaint, including because the terms "large amphitheaters" and "large amphitheater tours" are vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 207 of the Complaint as they pertain to third parties.  Defendants further state that Plaintiffs fail to define properly the relevant markets.

208.     Defendants deny the averments in paragraph 208 of the Complaint.

209.     Defendants deny the averments in paragraph 209 of the Complaint, including because the terms "large amphitheaters" and "tour of large amphitheaters" are vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 209 of the Complaint as they pertain to third parties.

210.     Defendants state that the averments in paragraph 210 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 210 of the Complaint, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 210 of the Complaint as they pertain to third parties.

211.     Defendants state that the averments in paragraph 211 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 211 of the Complaint, including because the term

"large amphitheaters" is vague and undefined and because the terms "smaller" and "regional" are vague and undefined, except state that they lack knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 211 of the Complaint as they pertain to third parties, and admit that paragraph 211 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents. Defendants further state that Plaintiffs fail to define properly the relevant markets.

212.    Defendants state that the averments in paragraph 212 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 212 of the Complaint, including because the term "large amphitheaters" is vague and undefined.

213.    Defendants state that the averments in paragraph 213 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 213 of the Complaint, including because the term "large amphitheaters" is vague and undefined, except admit that, as of December 31, 2023, Live Nation owned, leased, operated, or had exclusive booking rights in 66 amphitheaters in the United States and that paragraph 213 appears to reference unidentified documents produced by Live Nation, and refer to those documents for their full and accurate contents

214.    Defendants state that the averments in paragraph 214 of the Complaint purport to state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the averments in paragraph 214 of the Complaint, including because the term "large amphitheaters" is vague and undefined.

**VIII.  Jurisdiction, Venue, and Commerce**

215.    Defendants admit that the United States purports to bring an action under the Sherman Act. To the extent paragraph 215 contains any other averments, they are legal

conclusions that do not require a response.  To the extent paragraph 215 contains any factual averments, they are denied.

216.    Defendants state that the averments in paragraph 216 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the averments in paragraph 216 of the Complaint.

217.    Defendants admit that the State Plaintiffs purports to bring an action under the Sherman Act and the Clayton Act.  To the extent paragraph 217 contains any other averments, they are legal conclusions that do not require a response.  To the extent paragraph 217 contains any factual averments, they are denied.

218.    Defendants state that the averments in paragraph 218 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants do not challenge whether the Court has jurisdiction under 15 U.S.C. §§ 4, 15(c), and 26 and under 28 U.S.C. §§ 1331, 1337(a), and 1345, or whether the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), and Defendants refer to the referenced statutes for their complete contents.

219.    Defendants state that the averments in paragraph 219 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 219, except admit that Defendants conduct business in New York, and refer to the referenced statutes for their complete contents.

220.    Defendants admit that Live Nation Entertainment, Inc. is a Delaware corporation with its principal place of business at 9348 Civic Center Drive, Beverly Hills, CA 90210 and an office at 430 West 15th Street, New York, NY 10011.  Defendants further admit that Ticketmaster is today a wholly owned subsidiary of Live Nation Entertainment, Inc.  Defendants further admit

that Ticketmaster is a limited liability company organized and existing under the laws of Virginia with its principal place of business at 9348 Civic Center Drive, Beverly Hills, CA 90210 and an office at 430 West 15th Street, New York, NY 10011.

221.    Defendants state that the averments in paragraph 221 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 221 of the Complaint, except admit that Defendants are engaged in interstate commerce and provide products and services throughout the United States.

222.    Defendants state that the averments in paragraph 222 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 222 of the Complaint.

**IX.    Alleged Antitrust Injury**

223.    Defendants state that the averments in paragraph 223 of the Complaint purport to state legal conclusions and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 223 of the Complaint.

**X.    Violations Alleged**

***First Claim for Relief***

224.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

225.    Defendants deny the averments in paragraph 225 of the Complaint, and state that Plaintiffs fail to define properly the relevant markets.

226.    Defendants deny the averments in paragraph 226 of the Complaint.

227.    Defendants deny the averments in the paragraph 227 of the Complaint, except admit that Ticketmaster has exclusive ticketing services contracts with its venue-clients, and refer to those agreements for their full and accurate contents.

228.    Defendants deny the averments in paragraph 228 of the Complaint.

229.    Defendants deny the averments in paragraph 229 of the Complaint.

230.    Defendants deny the averments in paragraph 230 of the Complaint.

231.    Defendants deny the averments in paragraph 231 of the Complaint.

232.    Defendants deny the averments in paragraph 232 of the Complaint.

### *Second Claim for Relief*

233.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

234.    Defendants deny the averments in paragraph 234 of the Complaint, and state that Plaintiffs fail to define properly the relevant markets.

235.    Defendants deny the averments in paragraph 235 of the Complaint, except admit that Ticketmaster has exclusive ticketing services contracts with its venue-clients, and refer to those agreements for their full and accurate contents.

236.    Defendants deny the averments in paragraph 236 of the Complaint.

237.    Defendants deny the averments in paragraph 237 of the Complaint, except admit that Ticketmaster has exclusive ticketing services contracts with its venue-clients, and refer to those agreements for their full and accurate contents.

238.    Defendants deny the averments in paragraph 238 of the Complaint, except admit that Ticketmaster has exclusive ticketing services contracts with its venue-clients, and refer to those agreements for their full and accurate contents.

239.    Defendants deny the averments in paragraph 239 of the Complaint.

240.    Defendants deny the averments in paragraph 240 of the Complaint.

### *Third Claim for Relief*

241.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

242.    Defendants deny the averments in paragraph 242 of the Complaint, and state that Plaintiffs fail to define properly the relevant markets.

243.    Defendants deny the averments in paragraph 243 of the Complaint.

244.    Defendants deny the averments in paragraph 244 of the Complaint.

245.    Defendants deny the averments in paragraph 245 of the Complaint.

246.    Defendants deny the averments in paragraph 246 of the Complaint.

247.    Defendants deny the averments in paragraph 247 of the Complaint.

248.    Defendants deny the averments in paragraph 248 of the Complaint.

### *Fourth Claim for Relief*

249.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

250.    Defendants deny the averments in paragraph 250 of the Complaint, and state that Plaintiffs fail to define properly the relevant markets.

251.    Defendants deny the averments in paragraph 251 of the Complaint.

252.    Defendants deny the averments in paragraph 252 of the Complaint.

253.    Defendants deny the averments in paragraph 253 of the Complaint.

254.    Defendants deny the averments in paragraph 254 of the Complaint.

255.    Defendants deny the averments in paragraph 255 of the Complaint.

256.    Defendants deny the averments in paragraph 256 of the Complaint.

### *Fifth Claim for Relief*

257.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

258.    Defendants deny the averments in paragraph 258 of the Complaint, and state that Plaintiffs fail to define properly the relevant markets.

259.    Defendants deny the averments in paragraph 259 of the Complaint.

260.    Defendants deny the averments in paragraph 260 of the Complaint.

261.    Defendants deny the averments in paragraph 261 of the Complaint.

262.    Defendants deny the averments in paragraph 262 of the Complaint.

263.    Defendants deny the averments in paragraph 263 of the Complaint.

264.    Defendants deny the averments in paragraph 264 of the Complaint.

### *Sixth Claim for Relief*

265.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

266.    Defendants deny the averments in paragraph 266 of the Complaint, incorporate their responses to each and every allegation above, and state that Plaintiffs have failed to define properly the relevant markets.

267.    Defendants deny the averments in paragraph 267 of the Complaint, except admit that they have sold tickets, promoted events, and operated venues in Arizona.

268.    Defendants deny that the State of Arizona is entitled to any relief.

269.    Defendants deny that the State of Arizona is entitled to any relief.

### *Seventh Claim for Relief*

270.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

271.    Defendants state that the averments in paragraph 271 of the Complaint purport to describe this action and to state legal conclusions and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 271 of the Complaint.

272.    Defendants state that the averments in paragraph 272 of the Complaint purport to state legal conclusions and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 272 of the Complaint.

273.    Defendants state that the averments in paragraph 273 of the Complaint purport to state legal conclusions and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 273 of the Complaint.

274.    Defendants deny that the State of Arkansas is entitled to any relief.

### Eighth Claim for Relief

275.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

276.    Defendants state that the averments in paragraph 276 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 276 of the Complaint.

277.    Defendants deny that the State of California is entitled to any relief.

### Ninth Claim for Relief

278.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

279.    Defendants state that the averments in paragraph 279 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 279 of the Complaint.

280.    Defendants deny the averments in paragraph 280 of the Complaint, incorporate their responses to each and every allegation above, and state that Plaintiffs fail to define properly the relevant markets.

281.    Defendants state that the averments in paragraph 281 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 281 of the Complaint and incorporate their responses to each and every allegation above.

282.    Defendants state that the averments in paragraph 282 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 282 of the Complaint, and incorporate their responses to each and every allegation above, except admit that Ticketmaster has exclusive ticketing services contracts with its venue-clients, and refer to those agreements for their full and accurate contents.

283.    Defendants state that the averments in paragraph 283 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 283 of the Complaint, and incorporate their responses to each and every allegation above.

284.    Defendants state that the averments in paragraph 284 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 284 of the Complaint and incorporate their responses to each and every allegation above.

285.    Defendants state that the averments in paragraph 285 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required,

Defendants deny the averments in paragraph 285 of the Complaint and incorporate their responses to each and every allegation above.

286.    Defendants state that the averments in paragraph 286 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 286 of the Complaint and incorporate their responses to each and every allegation above, except admit that they have sold tickets, booked and promoted events, and operated venues in Colorado.

287.    Defendants state that the averments in paragraph 287 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 287 of the Complaint.

288.    Defendants state that the averments in paragraph 288 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 288 of the Complaint.

289.    Defendants state that the averments in paragraph 289 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 289 of the Complaint.

290.    Defendants deny that the State of Colorado is entitled to any relief.

291.    Defendants deny that the State of Colorado is entitled to any relief.

### *Tenth Claim for Relief*

292.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

293.    Defendants deny the averments in paragraph 293 of the Complaint, except admit that Defendants have sold tickets, promoted shows, and operated venues in Connecticut.

294.    Defendants state that the averments in paragraph 294 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 294 of the Complaint.

295.    Defendants state that the averments in paragraph 295 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 295 of the Complaint.

296.    Defendants state that the averments in paragraph 296 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 296 of the Complaint.

297.    Defendants deny that the State of Connecticut is entitled to any relief.

### *Eleventh Claim for Relief*

298.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

299.    Defendants state that the averments in paragraph 299 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 299.

300.    Defendants state that the averments in paragraph 300 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 300 of the Complaint and incorporate their responses to each and every allegation above.

301.    Defendants state that the averments in paragraph 301 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 301 of the Complaint and incorporate their responses to each and every allegation above.

302.    Defendants deny that the District of Columbia is entitled to any relief.

### *Twelfth Claim for Relief*

303.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

304.    Defendants state that the averments in paragraph 304 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 304 of the Complaint.

305.    Defendants deny that the State of Florida is entitled to any relief.

306.    Defendants deny that the State of Florida is entitled to any relief.

307.    Defendants deny that the State of Florida is entitled to any relief.

308.    Defendants deny that the State of Florida is entitled to any relief.

309.    Defendants state that the averments in paragraph 309 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 309 of the Complaint.

310.    Defendants state that the averments in paragraph 310 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 310 of the Complaint.

311.    Defendants state that the averments in paragraph 311 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 311 of the Complaint, except admit that they have sold tickets, promoted concerts, and operated venues in Florida.

312.    Defendants state that the averments in paragraph 312 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 312 of the Complaint.

313.    Defendants state that the averments in paragraph 313 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 313 of the Complaint.

314.    Defendants state that the averments in paragraph 314 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 314 of the Complaint, except admit that they have sold tickets, promoted concerts, and operated venues in Florida.

315.    Defendants deny that the State of Florida is entitled to any relief.

316.    Defendants deny that the State of Florida is entitled to any relief.

317.    Defendants deny that the State of Florida is entitled to any relief.

318.    Defendants deny that the State of Florida is entitled to any relief.

319.    Defendants state that the averments in paragraph 319 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 319 of the Complaint.

320.    Defendants deny that the State of Florida is entitled to any relief.

321.    Defendants deny that the State of Florida is entitled to any relief.

322.    Defendants deny that the State of Florida is entitled to any relief.

323.    Defendants deny that the State of Florida is entitled to any relief.

324.    Defendants deny that the State of Florida is entitled to any relief.

325.    Defendants deny that the State of Florida is entitled to any relief.

326.    Defendants deny that the State of Florida is entitled to any relief.

327.    Defendants deny that the State of Florida is entitled to any relief.

328.    Defendants deny that the State of Florida is entitled to any relief.

### *Thirteenth Claim for Relief*

329.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

330.    Defendants state that the averments in paragraph 330 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 330 of the Complaint, incorporate their responses to each and every allegation above, and state that Plaintiffs have failed to defined properly the relevant markets.

331.    Defendants state that the averments in paragraph 331 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 331 of the Complaint.

332.    Defendants deny that the State of Illinois is entitled to any relief.

333.    Defendants deny that the State of Illinois is entitled to any relief.

### *Fourteenth Claim for Relief*

334.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

335.    Defendants state that the averments in paragraph 335 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 335 of the Complaint.

336.    Defendants state that the averments in paragraph 336 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 336 of the Complaint.

337.    Defendants state that the averments in paragraph 337 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 337 of the Complaint.

338.    Defendants deny that the State of Indiana is entitled to any relief.

### Fifteenth Claim for Relief

339.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.  Defendants further deny the averments in paragraph 339 of the Complaint, except admit that they have sold tickets and promoted concerts in Iowa.

340.    Defendants deny the averments in paragraph 340 of the Complaint.

341.    Defendants deny that the State of Iowa is entitled to any relief.

342.    Defendants state that the averments in paragraph 342 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 342 of the Complaint.

343.    Defendants deny that the State of Iowa is entitled to any relief.

344.    Defendants state that the averments in paragraph 344 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 344 of the Complaint.

345.    Defendants deny that the State of Iowa is entitled to any relief.

### Sixteenth Claim for Relief

346.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

347.    Defendants state that the averments in paragraph 347 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required,

Defendants deny the averments in paragraph 347 of the Complaint and state that Plaintiffs have failed to define properly the relevant markets.

348.    Defendants deny the averments in paragraph 348 of the Complaint, except admit that they have sold tickets and promoted events in the State of Kansas.

349.    Defendants deny that the State of Kansas is entitled to any relief.

### *Seventeenth Claim for Relief*

350.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

351.    Defendants state that the averments in paragraph 351 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

352.    Defendants state that the averments in paragraph 352 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

353.    Defendants state that the averments in paragraph 353 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 353 of the Complaint.

354.    Defendants deny that the State of Louisiana is entitled to any relief.

### *Eighteenth Claim for Relief*

355.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

356.    Defendants state that the averments in paragraph 356 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required,

Defendants deny the averments in paragraph 356 of the Complaint, except admit that they have sold tickets, promoted shows, and operated venues in the State of Maryland.

357.    Defendants state that the averments in paragraph 357 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 357 of the Complaint.

358.    Defendants state that the averments in paragraph 358 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 358 of the Complaint.

359.    Defendants state that the averments in paragraph 359 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 359 of the Complaint.

360.    Defendants deny that the State of Maryland is entitled to any relief.

### *Nineteenth Claim for Relief*

361.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

362.    Defendants state that the averments in paragraph 362 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 362 of the Complaint, and refer to the referenced statutes for their complete contents.

363.    Defendants state that the averments in paragraph 363 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

364.    Defendants state that the averments in paragraph 364 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

365.    Defendants state that the averments in paragraph 365 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 365 of the Complaint and state that Plaintiffs fail to define properly the relevant markets.

366.    Defendants state that the averments in paragraph 366 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 366 of the Complaint and state that Plaintiffs fail to define properly the relevant markets.

367.    Defendants state that the averments in paragraph 367 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 367 of the Complaint.

368.    Defendants deny that the State of Michigan is entitled to any relief.

### Twentieth Claim for Relief

369.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

370.    Defendants state that the averments in paragraph 370 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 370 of the Complaint.

371.    Defendants state that the averments in paragraph 371 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 371 of the Complaint, incorporate their responses to

each and every allegation above, and state that Plaintiffs have failed to define properly the relevant markets.

372.    Defendants state that the averments in paragraph 372 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 372 of the Complaint, incorporate their responses to each and every allegation above, and admit that Ticketmaster has exclusive ticketing services contracts with its venue-clients, and refer to those agreements for their full and accurate contents.

373.    Defendants state that the averments in paragraph 373 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 373 of the Complaint and incorporate their responses to each and every allegation above.

374.    Defendants state that the averments in paragraph 374 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 374 of the Complaint, incorporate their responses to each and every allegation above, and state that Plaintiffs have failed to define properly the relevant markets.

375.    Defendants state that the averments in paragraph 375 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 375 of the Complaint, incorporate their responses to each and every allegation above, and state that Plaintiffs have failed to define properly the relevant markets.

376.    Defendants state that the averments in paragraph 376 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required,

Defendants deny the averments in paragraph 376 of the Complaint, except admit that they have sold tickets, promoted concerts, and operated venues within Minnesota.

377.    Defendants deny that the State of Minnesota is entitled to any relief.

### *Twenty-first Claim for Relief*

378.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

379.    Defendants state that the averments in paragraph 379 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 379 of the Complaint.

380.    Defendants state that the averments in paragraph 380 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 380 of the Complaint.

381.    Defendants deny that the State of Mississippi is entitled to any relief.

### *Twenty-second Claim for Relief*

382.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

383.    Defendants state that the averments in paragraph 383 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 383 of the Complaint.

384.    Defendants state that the averments in paragraph 384 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 384 of the Complaint.

385.    Defendants state that the averments in paragraph 385 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required,

Defendants deny the averments in paragraph 385 of the Complaint, except admit that Defendants have sold goods and services in Nebraska.

386.    Defendants state that the averments in paragraph 386 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 386 of the Complaint.

387.    Defendants state that the averments in paragraph 387 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 387 of the Complaint.

388.    Defendants deny that the State of Nebraska is entitled to any relief.

389.    Defendants deny that the State of Nebraska is entitled to any relief.

### *Twenty-third Claim for Relief*

390.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

391.    Defendants state that the averments in paragraph 391 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 391 of the Complaint, except admit that Defendants have sold tickets, booked and promoted shows, and operated venues in the State of Nevada.

392.    Defendants state that the averments in paragraph 392 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 392 of the Complaint and state that Plaintiffs have failed to define properly the relevant markets.

393.    Defendants deny that the State of Nevada is entitled to any relief.

*Twenty-fourth Claim for Relief*

394.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

395.    Defendants state that the averments in paragraph 395 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 395 of the Complaint.

396.    Defendants state that the averments in paragraph 396 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 396 of the Complaint.

397.    Defendants state that the averments in paragraph 397 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 397 of the Complaint.

398.    Defendants deny that the State of New Hampshire is entitled to any relief.

*Twenty-fifth Claim for Relief*

399.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

400.    Defendants state that the averments in paragraph 400 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

401.    Defendants state that the averments in paragraph 401 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

402.    Defendants state that the averments in paragraph 402 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 402 of the Complaint.

403.    Defendants state that the averments in paragraph 403 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 403 of the Complaint, except admit that Ticketmaster has exclusive ticketing services contracts with its venue-clients, and refer to those agreements for their full and accurate contents.

404.    Defendants state that the averments in paragraph 404 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 404 of the Complaint, including because the term "contracts of adhesion" is vague and undefined.

405.    Defendants state that the averments in paragraph 405 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 405 of the Complaint, except admit that Ticketmaster has exclusive ticketing services contracts with its venue-clients, and refer to those agreements for their full and accurate contents.

406.    Defendants state that the averments in paragraph 406 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 406 of the Complaint.

407.    Defendants state that the averments in paragraph 407 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 407 of the Complaint.

408.     Defendants state that the averments in paragraph 408 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 408 of the Complaint.

409.     Defendants state that the averments in paragraph 409 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 409 of the Complaint.

410.     Defendants state that the averments in paragraph 410 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 410 of the Complaint.

411.     Defendants deny that the State of New Jersey is entitled any relief.

### *Twenty-sixth Claim for Relief*

412.     Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

413.     Defendants state that the averments in paragraph 413 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statutes for their complete contents.

414.     Defendants state that the averments in paragraph 414 of the Complaint purport to describe this action and to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

415.     Defendants state that the averments in paragraph 415 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 415 of the Complaint.

416.     Defendants state that the averments in paragraph 416 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required,

Defendants deny the averments in paragraph 416 of the Complaint, incorporate their responses to each and every allegation above, and admit that Ticketmaster has exclusive ticketing services contracts with its venue-clients, and refer to those agreements for their full and accurate contents.

417.    Defendants state that the averments in paragraph 417 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 417 of the Complaint.

418.    Defendants deny the averments in paragraph 418 of the Complaint, and refer to the referenced statute for its complete contents.

419.    Defendants state that the averments in paragraph 419 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 419 of the Complaint.

420.    Defendants state that the averments in paragraph 420 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 420 of the Complaint, except state that their actions benefit fans in New Mexico and other states.

421.    Defendants deny that the State of New Mexico is entitled to any relief.

422.    Defendants deny that the State of New Mexico is entitled to any relief.

### *Twenty-seventh Claim for Relief*

423.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

424.    Defendants state that the averments in paragraph 424 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 424 of the Complaint.

425.    Defendants state that the averments in paragraph 425 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 425 of the Complaint.

426.    Defendants deny that the State of New York is entitled to any relief.

427.    Defendants deny that the State of New York is entitled to any relief.

428.    Defendants deny that the State of New York is entitled to any relief.

*Twenty-eighth Claim for Relief*

429.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

430.    Defendants state that the averments in paragraph 430 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 430 of the Complaint, except admit that they have sold tickets and promoted concerts in North Carolina.

431.    Defendants state that the averments in paragraph 431 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 431 of the Complaint.

432.    Defendants state that the averments in paragraph 432 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 432 of the Complaint.

433.    Defendants state that the averments in paragraph 433 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 433 of the Complaint, and incorporate their responses to each and every allegation above.

434.    Defendants state that the averments in paragraph 434 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 434 of the Complaint, and incorporate their responses to each and every allegation above.

435.    Defendants deny that the State of North Carolina is entitled to any relief.

### Twenty-ninth Claim for Relief

436.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

437.    Defendants deny the averments in paragraph 437 of the Complaint, including because the terms "live entertainment services and commodities" are vague and undefined, except admit that they have sold tickets, promoted events, and operated venues in Ohio.

438.    Defendants state that the averments in paragraph 438 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statutes for their complete contents.

439.    Defendants state that the averments in paragraph 439 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 439 of the Complaint.

440.    Defendants state that the averments in paragraph 440 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 440 of the Complaint.

441.    Defendants state that the averments in paragraph 441 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 441 of the Complaint.

442.    Defendants state that the averments in paragraph 442 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 442 of the Complaint.

443.    Defendants state that the averments in paragraph 443 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 443 of the Complaint.

444.    Defendants state that the averments in paragraph 444 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 444 of the Complaint.

445.    Defendants state that the averments in paragraph 445 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 445 of the Complaint.

446.    Defendants state that the averments in paragraph 446 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 446 of the Complaint.

447.    Defendants state that the averments in paragraph 447 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 447 of the Complaint, and refer to the referenced statute and law for their complete contents.

448.    Defendants deny that the State of Ohio is entitled to any relief.

### Thirtieth Claim for Relief

449.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

450.    Defendants state that the averments in paragraph 450 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 450 of the Complaint, except admit that they have sold tickets and promoted shows in Rhode Island.

451.    Defendants state that the averments in paragraph 451 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 451 of the Complaint.

452.    Defendants state that the averments in paragraph 452 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 452 of the Complaint.

453.    Defendants state that the averments in paragraph 453 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 453 of the Complaint.

454.    Defendants state that the averments in paragraph 454 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 454 of the Complaint.

455.    Defendants state that the averments in paragraph 455 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants refer to the referenced statutes for their complete contents.

456.    Defendants deny that the State of Rhode Island is entitled to any relief.

### Thirty-first Claim for Relief

457.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

458.    Defendants state that the averments in paragraph 458 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statutes for their complete contents.

459.    Defendants state that the averments in paragraph 459 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 459 of the Complaint.

460.    Defendants state that the averments in paragraph 460 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 460 of the Complaint, except admit that they conduct business in South Carolina.

461.    Defendants state that the averments in paragraph 461 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 461 of the Complaint.

462.    Defendants state that the averments in paragraph 462 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 462 of the Complaint.

463.    Defendants state that the averments in paragraph 463 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 463 of the Complaint.

464.    Defendants state that the averments in paragraph 464 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 464 of the Complaint.

465.    Defendants state that the averments in paragraph 465 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 465 of the Complaint.

466.    Defendants state that the averments in paragraph 466 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 466 of the Complaint.

467.    Defendants deny that the State of South Carolina is entitled to any relief.

### Thirty-second Claim for Relief

468.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

469.    Defendants state that the averments in paragraph 469 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 469 of the Complaint, except admit that they have sold tickets, promoted shows, and operated venues in the State of Tennessee.

470.    Defendants state that the averments in paragraph 470 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 470 of the Complaint.

471.    Defendants state that the averments in paragraph 471 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 471 of the Complaint.

472.    Defendants state that the averments in paragraph 472 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 472 of the Complaint and refer to the referenced statutes for their complete contents.

473.    Defendants deny that the State of Tennessee is entitled to any relief.

### Thirty-third Claim for Relief

474.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

475.    Defendants state that the averments in paragraph 475 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 475 of the Complaint.

476.    Defendants state that the averments in paragraph 476 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 476 of the Complaint.

477.    Defendants deny that the State of Texas is entitled to any relief.

478.    Defendants deny that the State of Texas is entitled to any relief.

479.    Defendants deny that the State of Texas is entitled to any relief.

480.    Defendants deny that the State of Texas is entitled to any relief.

### Thirty-fourth Claim for Relief

481.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

482.    Defendants state that the averments in paragraph 482 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 482 of the Complaint, except admit that they have sold tickets and promoted shows in the State of Utah.

483.    Defendants state that the averments in paragraph 483 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required,

Defendants deny the averments in paragraph 483 of the Complaint and state that Plaintiffs have failed to define properly the relevant markets.

484.    Defendants state that the averments in paragraph 484 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 484 of the Complaint.

485.    Defendants state that the averments in paragraph 485 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 485 of the Complaint.

486.    Defendants state that the averments in paragraph 486 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants refer to the referenced statute for its complete contents.

487.    Defendants deny that the State of Utah is entitled to any requested relief.

### Thirty-fifth Claim for Relief

488.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

489.    Defendants state that the averments in paragraph 489 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 489 of the Complaint, incorporate their responses to each and every allegation above, state that Plaintiffs have failed to define properly the relevant markets, and admit that they have sold tickets and promoted events in the State of Vermont.

490.    Defendants deny that the State of Vermont is entitled to any relief.

### Thirty-sixth Claim for Relief

491.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

492.    Defendants state that the averments in paragraph 492 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 492 of the Complaint and refer to the referenced statutes for their complete contents.

493.    Defendants state that the averments in paragraph 493 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 493 of the Complaint, except admit that they have sold tickets, promoted concerts, and operated venues in the Commonwealth of Virginia.

494.    Defendants deny that the Commonwealth of Virginia is entitled to any relief.

### *Thirty-seventh Claim for Relief*

495.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

496.    Defendants state that the averments in paragraph 496 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 496 of the Complaint.

497.    Defendants state that the averments in paragraph 497 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 497 of the Complaint, except admit that they have sold tickets, promoted shows, and operated venues in the State of Washington.

498.    Defendants state that the averments in paragraph 498 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 498 of the Complaint.

499.    Defendants state that the averments in paragraph 499 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 499 of the Complaint.

500.    Defendants state that the averments in paragraph 500 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 500 of the Complaint.

501.    Defendants deny that the State of Washington is entitled to any relief.

### *Thirty-eighth Claim for Relief*

502.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

503.    Defendants state that the averments in paragraph 503 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 503 of the Complaint, except admit that Defendants have sold tickets and promoted shows in West Virginia.

504.    Defendants state that the averments in paragraph 504 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 504 of the Complaint.

505.    Defendants state that the averments in paragraph 505 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 505 of the Complaint.

506.    Defendants state that the averments in paragraph 506 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 506 of the Complaint.

507.    Defendants state that the averments in paragraph 507 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 507 of the Complaint.

508.    Defendants deny that the State of West Virginia is entitled to any relief.

509.    Defendants deny that the State of West Virginia is entitled to any relief.

### *Thirty-ninth Claim for Relief*

510.    Defendants hereby incorporate their responses to each and every allegation above and deny any wrongdoing.

511.    Defendants state that the averments in paragraph 511 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 511 of the Complaint and incorporate their responses to each and every allegation above.

512.    Defendants state that the averments in paragraph 512 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 512 of the Complaint and incorporate their responses to each and every allegation above.

513.    Defendants state that the averments in paragraph 513 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 513 of the Complaint, except admit that Defendants have sold tickets, promoted shows, and operated venues in Wisconsin.

514.    Defendants state that the averments in paragraph 514 of the Complaint purport to state a legal conclusion and do not require a response. To the extent a response is required, Defendants deny the averments in paragraph 514 of the Complaint and state that Plaintiffs have failed to define properly the relevant markets.

515.    Defendants state that the averments in paragraph 515 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants deny the averments in paragraph 515 of the Complaint.

516.    Defendants deny that the State of Wisconsin is entitled to any relief.

## XI.    Request for Relief

517.    Defendants deny each and every averment set forth in Plaintiffs' Prayer for Relief and each and every averment contained in the Complaint which is not specifically admitted herein.  Defendants further deny that Plaintiffs are entitled to the relief requested or any other relief.

## XII.    Demand for a Jury Trial

518.    Defendants state that the averments in paragraph 518 of the Complaint purport to state a legal conclusion and do not require a response.  To the extent a response is required, Defendants do not challenge that Plaintiffs demand a trial by jury of all issues properly triable to a jury, pursuant to Federal Rule of Civil Procedure 38(b).

## AFFIRMATIVE DEFENSES

Live Nation asserts the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.

### First Defense

The Complaint fails to state a claim on which relief can be granted.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants' alleged conduct did not lead to the acquisition or maintenance of monopoly power and was lawful, pro-competitive, and/or based on legitimate business and economic justifications.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants' alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and/or based on legitimate business and economic justifications.

### Fourth Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants' alleged conduct has not harmed competition or the competitive process, and was lawful, pro-competitive, and/or based on legitimate business and economic justifications.

### Fifth Defense

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege any appropriate relevant market or markets and fails to establish that Defendants exercise market power with respect to any relevant market.

## Sixth Defense

Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint fails to show any harm to consumers or consumer welfare, or any anticompetitive conduct.

## Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint fails to allege actual, legally cognizable injury under the antitrust laws.

## Eighth Defense

The relief sought by Plaintiffs would be contrary to the public interest, harm consumers and businesses, and is otherwise inequitable, impractical, and unworkable.

## Ninth Defense

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' lack of standing to prosecute the claims.

## Tenth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## Eleventh Defense

Plaintiffs' claims are barred, in whole or in part, because they run afoul of the jurisdictional/venue provisions in the related consent decrees.

## Twelfth Defense

The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

### Thirteenth Defense

The relief sought by Plaintiffs is barred, in whole or in part, because it lacks a sufficient causal connection to Defendants' alleged conduct.

### Fourteenth Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fifteenth Defense

The relief sought by Plaintiffs is barred, in whole or in part, by the terms of the July 30, 2010 consent decree, as amended on January 28, 2020.

### Defenses Reserved

Defendants reserve the right to assert additional defenses, as warranted by facts learned through investigation and discovery, and expressly reserve the right to amend their answer to assert such additional defenses. Defendants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during discovery or any other factual investigation in this case.

Dated: March 28, 2025

LATHAM & WATKINS LLP

_(signature)_
_____

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co- Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Andrew M. Gass (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Kelly S. Fayne (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600

555 11th Street NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Lindsey.Champlin@lw.com
Kelly.Fayne@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

_(signature)_
_____

David R. Marriott
   *Co-Lead Trial Counsel*
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

dmarriott@cravath.com
lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and*
*Ticketmaster L.L.C.*