April 25, 2025

**VIA ECF**
The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl St., Courtroom 15A
New York, NY 10007-1312

**Re:** *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian,

Pursuant to Rule 3.E of Your Honor's Individual Rules of Practice, Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (collectively, "Defendants") respectfully request that the Court extend Defendants' deadline to file any response to Plaintiffs' motion concerning bifurcation of the trial in this matter by two weeks, from May 12, 2025 to May 27, 2025.[1]  Plaintiffs oppose this request.

On April 9, 2025, Plaintiffs requested Defendants' agreement to extend the deadline for Plaintiffs' bifurcation motion by two weeks.  As a courtesy, Defendants agreed to this request, and the Court granted it, setting the deadline for Plaintiffs' motion to April 28, 2025.  ECF No. 517. On April 22, 2025, Defendants requested Plaintiffs' agreement to extend the deadline for any response to the bifurcation motion by two weeks and also proposed extending the reply deadline by one week.  Plaintiffs refused, stating that they would consent only to a two-day extension of the response deadline (to May 14, 2025).  Plaintiffs stated that Defendants' proposed extension would "significantly prejudice Plaintiffs, given that briefing would conclude close to the end of fact discovery and after many depositions will have already been taken."

Plaintiffs' own delay in bringing their bifurcation motion undermines their claim of prejudice.  First, Plaintiffs waited until February 18, 2025—nine months after filing their complaint and just four months before the close of fact discovery—to raise the issue of potential bifurcation with Defendants.  There is no reason why Plaintiffs could not have raised this issue months sooner.  Second, Plaintiffs themselves requested a two-week extension of the April 14, 2025 motion deadline previously set by the Court.  If Plaintiffs were concerned about pushing the briefing on this motion further into the fact discovery period, they should have filed their motion by the original deadline.  Moreover, Plaintiffs do not explain what prejudice they would suffer from a briefing schedule that concludes in early June as opposed to late May, or why the fact discovery schedule is even relevant to the bifurcation issues.

Plaintiffs argue that a two-week extension for Defendants' response is unnecessary because "Defendants have presumably had time to work on their anticipated arguments over the last couple of months."  But Defendants cannot respond to Plaintiffs' motion before it is filed, particularly because the parties' discussions have revealed little about what Plaintiffs intend to propose.  In all events, Defendants expect that Plaintiffs' motion will raise complex and unprecedented questions

---

[1] May 26, 2025—two weeks from May 12, 2025—is a Court holiday.

1

about how a trial in this case should proceed. Defendants require a full and fair opportunity to evaluate and respond to that motion.

Accordingly, Defendants respectfully request that the Court grant a two-week extension of Defendants' deadline to respond to Plaintiffs' bifurcation motion, from May 12, 2025 to May 27, 2025. This is the first time Defendants are seeking an extension of the deadline to respond to Plaintiffs' bifurcation motion, and this extension will not affect any other deadlines in this case.

The parties are next scheduled to appear before the Court for the final pretrial conference on February 13, 2026 at 11:00 a.m.

*[signatures on following page]*

Dated: April 25, 2025

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| /s/ Alfred C. Pfeiffer | /s/ David R. Marriott |
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>   *Co-Lead Trial Counsel*<br>Timothy L. O'Mara (admitted *pro hac vice*)<br>Jennifer L. Giordano<br>Andrew M. Gass (admitted *pro hac vice*)<br>Kelly S. Fayne (admitted *pro hac vice*)<br>Lindsey S. Champlin (admitted *pro hac vice*)<br>Robin L. Gushman (admitted *pro hac vice*) | David R. Marriott<br>   *Co-Lead Trial Counsel*<br>Lauren A. Moskowitz<br>Jesse M. Weiss<br>Nicole M. Peles |
| 505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600 | Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>(212) 474-1000 |
| 555 11th Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200 | dmarriott@cravath.com<br>lmoskowitz@cravath.com<br>jweiss@cravath.com<br>npeles@cravath.com |
| Al.Pfeiffer@lw.com<br>Tim.O'Mara@lw.com<br>Jennifer.Giordano@lw.com<br>Andrew.Gass@lw.com<br>Kelly.Fayne@lw.com<br>Lindsey.Champlin@lw.com<br>Robin.Gushman@lw.com | *Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* |
| *Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* | |

cc:    All Counsel of Record (via ECF)