**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**   *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

On behalf of Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. in the above-referenced action, we write pursuant to Rule 11(B)–(C)(i) of the Court's Individual Practices in Civil Cases to request that narrow portions of Exhibit A to Plaintiffs' Letter Motion seeking additional deposition hours and an extension of the fact discovery deadline (ECF No. 536-1) remain under seal.

The Amended Protective Order (ECF No. 347) (the "Protective Order") in this case allows for a producing party to designate a document as "Confidential" or "Highly Confidential" where the party in good faith believes that the document contains sensitive information requiring protection from disclosure. *See* Protective Order ¶¶ 2–4. Exhibit A to Plaintiffs' Letter Motion is Defendants' Supplemental Initial Disclosures, which Defendants designated as "Confidential," pursuant to the Protective Order. Defendants properly designated Exhibit A as "Confidential" because it contains "information of a personal . . . nature regarding any individual," *see id.* ¶ 3(d). For the reasons set forth below, the proposed redacted portions of Exhibit A should remain under seal.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). "First, the court must determine whether the documents [at issue] are indeed 'judicial documents.'" *Id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* Second, if the document is a judicial document and the presumption of access attaches, "the court must determine 'the weight of the presumption.'" *Stern*, 529 F. Supp. 2d at 420 (quoting *Lugosch*, 435 F.3d at 119). "[W]here the document is submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight, because the resolution of a discovery motion does not require the Court to 'analyze the merits of the parties' claims or defenses.'" *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) (citation omitted). The weight of the presumption further "depends on the materiality of the information in resolving the dispute" before the Court. *Krohnengold v. N.Y. Life Ins. Co.*, No. 21-cv-0778, 2023 U.S. Dist. LEXIS 160823, at *5 (S.D.N.Y. Sept. 6, 2023). Third, the "court must balance competing considerations against" the presumption. *Stern*, 529 F. Supp. 2d at 420 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In particular, "[t]he privacy interests of innocent third parties . . . 'should weigh

heavily in a court's balancing equation.'" *In re Google Digit. Advert. Antitrust Litig.*, No. 21-cv-06841 (PKC), 2021 WL 4848758, at *2 (S.D.N.Y. Oct. 15, 2021) (citation omitted).

Here, Exhibit A is not a "judicial document" because it is a discovery document and not "relevant to the performance of the judicial function [nor] useful in the judicial process." *Krohnengold*, 2023 U.S. Dist. LEXIS 160823, at *5. Plaintiffs' Letter Motion is a discovery motion requesting leave to seek yet more discovery. The motion is far from a dispositive one, and in fact is not related to any substantive issue before the Court. Exhibit A merely serves as an attachment to that discovery motion for more discovery. Exhibit A is Defendants' Supplemental Initial Disclosures, and "[d]ocuments that are 'simply passed between the parties in discovery' are not ordinarily considered judicial documents." *King v. Habib Bank Ltd.*, No. 20-cv-04322 (LGS) (OTW), 2025 WL 212767, at *2 (S.D.N.Y. Jan. 16, 2025) (citation omitted). The non-judicial treatment of discovery documents "does not change when a Court assesses such documents in a discovery motion." *E.g.*, *id.* (citing *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 19-cv-04223 (LAP) (KHP), 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021)). For these reasons, Exhibit A does not qualify as a judicial document, and there is no presumption of access.

If the Court determines that Exhibit A is a "judicial document" (it should not), the presumption of access is nominal because the names and contact information Defendants seek to redact are immaterial to the dispute presently before the Court, which itself has no bearing on the substance of the parties' claims or defenses. Plaintiffs' Letter Motion is purely discovery-related. Therein, Plaintiffs refer to the *number* of individuals in Defendants' supplemental disclosures and whether or not a subset of them have been disclosed in discovery to-date, but Plaintiffs' argument does not rely on, in any part, the *identity* of the individuals. To the contrary, the identity of and contact information for the full list of individuals, particularly the non-parties in Appendix A to Defendants' Supplemental Initial Disclosures (ECF No. 536-1 at 9–52), are not referenced in Plaintiffs' Letter Motion and are not presently linked to any broader substantive issue before the Court. Moreover, initial disclosures—by definition—include individuals who *may* have relevant information that *may* be used to support a party's claims or defenses; it is not the case that each and every individual or entity listed will have relevant information that will be used to support or defend against the claims in the case. Indeed, Plaintiffs concede that they will only depose a portion of the individuals Defendants disclosed, and Plaintiffs' Letter Motion does not seek leave to depose them all. *See* Pls.' Ltr. Mot. at 3. The presumption of access to the proposed redacted information in Exhibit A should therefore be given very little weight. *See Krohnengold*, 2023 U.S. Dist. LEXIS 160823, at *5.

If any presumption of access attaches, the proposed redacted portions of Exhibit A should remain sealed because the public's interest in accessing the information does not overcome the "the privacy interests of innocent third parties" that would be harmed by disclosure. "Non-parties to an action may have 'significant privacy interests' that favor redaction of identifying information." *In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (citation omitted). This is especially true where "[t]he names and contact information of [the non-parties] have no apparent bearing on any issue in [the] dispute." *Id.* That is the case here. As explained above, the proposed redactions are to names, email addresses, and addresses that are irrelevant to both the substantive issues in the litigation and the discovery motion presently before the Court. The redactions are narrowly tailored to protect non-party individuals' personal privacy.

2

Numerous courts have permitted the sealing of similar information.  *See, e.g.*, *Richardson v. NBA*, No. 23-cv-06926, 2025 U.S. Dist. LEXIS 44570, at *5, *8 (S.D.N.Y. Mar. 3, 2025) (granting motion to seal "references to NBA employees' personal addresses and/or email addresses"); *In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (sealing names, job titles, and email addresses of non-party employees, even where there was a "strong presumption of public access" afforded to the document at issue); *Al Thani v. Hanke*, No. 20-cv-04765 (JPC), 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (granting request to redact personal information, including names, from a publicly filed exhibit on the grounds that "the privacy interests of [defendants'] investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions . . . , outweigh the presumption of public access" and the redactions were "narrowly tailored to protect the investors' privacy interests"); *Kelly v. City of New York*, No. 01-cv-08906 (AGSDF), 2003 WL 548400, at *5–6 (S.D.N.Y. Feb. 24, 2003) (explaining that redacting the names of individual employees protects "the privacy of those employees" but "will have minimal consequence on the public's ability to determine whether" defendants "singled out [p]laintiffs for adverse action"); *In re Savitt/Adler Litig.*, No. 95-cv-01842 (RSP/DRH), 1997 WL 797511, at *4 (N.D.N.Y. Dec. 23, 1997) (holding "that the names of and identifying details concerning non-party AAGs should be redacted" "[b]ecause the redaction sought is minimal and largely unrelated to the public interest" so "a higher value will be served by redaction and . . . [the] proposed redactions are narrowly tailored to serve that interest").  Sealing is particularly warranted here where the public holds an outsized interest in the individuals at issue—including artists, artist managers, and artist agents—that is entirely disconnected from the case at hand, and where disclosure of their names and information would draw unwarranted and unnecessary attention.  *See Richardson*, 2025 U.S. Dist. LEXIS 44570, at *5 ("The need to protect this type of information is particularly acute in light of the fact that NBA players and referees operate in the public arena and disclosure of such information would likely be publicized.").

* * *

Accordingly, Defendants respectfully request that the proposed redacted portions of Exhibit A remain under seal.[1]

*[signatures on following page]*

---

[1] Defendants do not seek to seal Exhibit B or the redacted portions of Plaintiffs' Letter Motion. Plaintiffs did not disclose to Defendants how they intended to use or summarize the cited testimony, and Plaintiffs filed the Letter Motion just two hours after notifying Defendants that they might use one of the referenced deponent's testimony without giving Defendants an opportunity to respond.

Dated: May 7, 2025

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| *[signature]* | *[signature: David R. Marriott]* |
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>   *Co-Lead Trial Counsel*<br>Timothy L. O'Mara (admitted *pro hac vice*)<br>Jennifer L. Giordano<br>Andrew M. Gass (admitted *pro hac vice*)<br>Kelly S. Fayne (admitted *pro hac vice*)<br>Lindsey S. Champlin (admitted *pro hac vice*)<br>Robin L. Gushman (admitted *pro hac vice*)<br><br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600<br><br>555 11th Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br><br>Al.Pfeiffer@lw.com<br>Tim.O'Mara@lw.com<br>Jennifer.Giordano@lw.com<br>Andrew.Gass@lw.com<br>Kelly.Fayne@lw.com<br>Lindsey.Champlin@lw.com<br>Robin.Gushman@lw.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* | David R. Marriott<br>   *Co-Lead Trial Counsel*<br>Lauren A. Moskowitz<br>Jesse M. Weiss<br>Nicole M. Peles<br><br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>(212) 474-1000<br><br>dmarriott@cravath.com<br>lmoskowitz@cravath.com<br>jweiss@cravath.com<br>npeles@cravath.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* |

cc:    All Counsel of Record (via ECF)