**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA et al.,

*Plaintiffs*,

v.

LIVE NATION ENTERTAINMENT, INC.,
and TICKETMASTER L.L.C.,

*Defendants*.

---

Civil No. 1:24–cv–3973-AS

**PLAINTIFFS' OPPOSITION TO**
**<u>MOTION TO INTERVENE UNDER RULE 24(a)</u>**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 3

   A.   Mr. Reyna Is Not Entitled To Intervention As Of Right Under Rule 24(a)(2). ................. 3

     1.   Mr. Reyna's application is untimely............................................................................. 3

     2.   Mr. Reyna cannot show that he has a direct, substantial, and legally protectable interest in this proceeding.................................................................................................................. 5

     3.   Mr. Reyna's interest will not be impaired by the disposition of the action. ................... 7

     4.   Mr. Reyna does not show that his interests will be inadequately protected by the parties to this action....................................................................................................................... 8

   B.   Mr. Reyna Should Not Be Granted Permissive Intervention Under Rule 24(b)................ 9

   C.   Mr. Reyna's Motion To Intervene Failed To Attach A Pleading As Required Under Rule 24(c). ............................................................................................................................... 11

CONCLUSION.................................................................................................................. 11

## INTRODUCTION

On May 27, 2025, Joseph Reyna submitted a *pro se* application to intervene. Mr. Reyna's motion (the "Motion") states that he is a music artist and nonprofit director and seeks to intervene as an injured party, arguing that Plaintiffs do not represent the interests of independent artists, nonprofit leaders, or whistleblowers such as himself. ECF 564 at 4. Mr. Reyna seeks to intervene as of right under Fed. R. Civ. P. 24(a)(2).

Neither intervention as of right under Rule 24(a) nor permissive intervention under Rule 24(b) (which Mr. Reyna has not sought) is warranted. Mr. Reyna cannot intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure because he does not and cannot demonstrate that he would advance any argument or introduce evidence relevant to Plaintiffs' claims that Plaintiffs cannot bring, cannot show that his interests will be negatively impacted or inadequately protected by Plaintiffs' suit, and has delayed filing for so long that if granted, would have the effect of unduly delaying the adjudication of the rights of the original parties. Similarly, even if the Court were to reach the issue of permissive intervention under Rule 24(b), the Court should deny the Motion for substantially overlapping reasons. Allowing a private plaintiff to intervene at this stage would unnecessarily complicate this action, cause delay, require additional judicial resources, and prejudice Plaintiffs' efforts to enforce the antitrust laws and state laws at issue. Finally, the Motion does not comply with Fed. R. Civ. P. 24(c) because it does not include an attached pleading setting forth the claim or defense for which Mr. Reyna seeks to intervene.

Because the Motion does not satisfy the legal standards for intervention, the Motion should be denied.[1]

---

[1] Pursuant to Local Civil Rule 7.2, Plaintiffs will provide Mr. Reyna with cases that are unpublished or reported exclusively on computerized databases through electronic mail and certified.

1

## BACKGROUND

Plaintiffs brought this action on May 23, 2024.  ECF No. 4.  The next month, the Court entered a scheduling order setting a trial date (March 2, 2026) and interim deadlines, including the last day to join additional parties (August 12, 2024), the last day to file amended pleadings without leave of court (August 12, 2024), and the close of fact discovery (June 27, 2025).  ECF No. 169; ECF No. 493 (Amended Civil Case Management Plan and Scheduling Order).  Since that time, Plaintiffs have worked diligently to maintain this schedule, and several other discovery deadlines have already passed.  Written fact discovery is expected to close on June 27, 2025, with most depositions complete by late July 2025.  ECF Nos. 493, 537, Hearing Tr. 13:14-21 (May 9, 2025).

Mr. Reyna's letter and Motion are dated May 27, 2025, and were received by the Court and filed on the docket on June 5, 2025.  His Motion does not include an attached complaint, nor the Appendix of Evidence listed in his motion, but among other requests, asks permission to file a separate complaint upon the Court's order.  ECF No. 564 at 4-8.  Mr. Reyna's motion states that he is a music artist and nonprofit director who served as a Live Nation Ambassador in 2023 and 2024, participated in Live Nation's Influencer Program, and submitted recommendations to Live Nation that were ignored.  ECF. 564 at 2, 10.  His claims of injury include that his attempt to organize a national tour was shut out by Live Nation's "venue control"; that Mr. Reyna's nonprofit collapsed following "systemic financial retaliation and gatekeeping"; and that he was forced to "promote events without compensation or access under a deceptive affiliate model." ECF. 564 at 2, 10, 14-15.  The Motion asserts that Mr. Reyna has suffered economic damages that "stem directly from the monopolistic conduct and retaliation detailed in the Complaint", has suffered "algorithmic suppression" and "royalty redirection" due to "the coordinated dominance

2

of defendants and affiliated streaming entities" and that he wishes to "seek redress" for "lost revenue, nonprofit destruction, and systemic suppression." ECF No. 564 at 3, 10. Mr. Reyna further claims that he has submitted FOIA requests and antitrust reports to federal and state regulators, that his interests are not represented by the parties, that Plaintiffs do not represent the interests of independent artists, nonprofit leaders, or whistleblowers such as himself, and that Mr. Reyna has exposed "alleged algorithmic payola, revenue laundering, and investor-based collusion between record labels, streaming platforms, and firearms-linked private equity actors." ECF 564 at 4, 14-15.

## ARGUMENT

The Motion should be denied for a number of independently sufficient reasons, as explained below.

### A.    Mr. Reyna Is Not Entitled To Intervention As Of Right Under Rule 24(a)(2).

Under Rule 24(a)(2), "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *R. Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). All four requirements must be met, as "[f]ailure to satisfy *any one* of these [four] requirements is a sufficient ground to deny the application." *Id.* at 241. "Intervention under Rule 24(a)(2), however, cannot be used as a means to inject collateral issues into an existing action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992) (punctuation omitted).

Mr. Reyna's application fails all four requirements of Rule 24(a)(2).

### *1.    Mr. Reyna's application is untimely.*

In this district, courts assess timeliness of an application based on:

> (1) the length of time the proposed intervenor knew, or should have known, of his interests and "slept on" his rights before making the motion; (2) reasons for the intervenor's delay; (3) possible prejudice to existing parties resulting from the delay; and (4) the presence of unusual circumstances operating for or against a finding of timeliness.

*Miller v. Silbermann*, 832 F. Supp. 663, 669 (S.D.N.Y. 1993). "Timeliness is not defined by the Rule, and is therefore left largely to the court's discretion which must be guided by consideration of all of the circumstances surrounding the requested intervention." *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582, 591 (S.D.N.Y. 2018).

Here, the applicable factors weigh against finding Mr. Reyna's intervention timely. First, Mr. Reyna's motion comes over a year after Plaintiffs first served their Complaint and nearly 10 months after the scheduled last day for the joinder of additional parties and filing amended pleadings. It has been nearly a year since the Court's scheduling order set June 27, 2025 as the last day for fact discovery. Mr. Reyna is attempting to enter this case at a significantly advanced stage, such that if granted, his intervention will require further discovery (*see* § B, *infra*) and delay the proceedings. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC,* 315 F.R.D. 169, 173 (S.D.N.Y. 2016) ("Case law holds that where a grant of a motion to intervene would require further discovery, a court may properly deny the motion.").

The second factor also weighs against granting intervention, as the Motion does not state when Mr. Reyna learned of this action, nor why he waited over a year after the Complaint was filed before moving to intervene. The Motion merely asserts that it was "filed promptly following case initiation," without elaboration. ECF No. 564 at 3. A delay of one year is not "prompt," and the Motion's conclusory justification is insufficient. *See In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 172 (S.D.N.Y. 2000), *aff'd sub nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) (Movant who stated "in a conclusory manner" that

his motion was timely a year after attempting to intervene was found to have intervened too late). The fact that the United States and forty State co-Plaintiffs are litigating an antitrust enforcement action against Live Nation and Ticketmaster has been well-publicized in multiple newspapers, clips on television, and in both general and industry press.  Mr. Reyna claims to be an industry participant and "Live Nation Influencer" from 2023 to 2024, and says he submitted evidence to various domestic and international law enforcement agencies "regarding systemic exploitation and market manipulation in the music and live entertainment industry."  ECF No. 564 at 10, 13-14.  He reasonably should have known about this case when it was filed.

Regardless of when Mr. Reyna learned of this action, there is real prejudice to the existing parties from this delay.  As discussed in § B *infra*, certain parts of fact discovery have closed and fact discovery itself is closing at the end of July; an intervenor coming in at this late hour will require parties to adjust discovery, substantially prejudicing the parties who have worked to litigate this case on the Court-ordered schedule.

Fourth and finally, Mr. Reyna has not pointed to any unusual circumstances that might justify allowing him to intervene now.

### 2.  Mr. Reyna cannot show that he has a direct, substantial, and legally protectable interest in this proceeding.

Under Rule 24(a)(2), a proposed intervenor must have "a direct, substantial, and legally protectable" interest in the proceeding.  *See Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).  While designed to prevent numerous suits, "intervention cannot be used as a means to inject collateral issues into an existing action."  *Id*.

Because the Motion does not attach a copy of the complaint Mr. Reyna proposes to file, it is difficult to know what cognizable legal interests, if any, Mr. Reyna wishes to pursue by intervening in this case.  However, Mr. Reyna's description of his "direct harm" raises only non-

protectable, indirect, or otherwise collateral issues to the case brought by Plaintiffs. First, his claim that he was forced to promote events without compensation or access through an "deceptive affiliate model" is not part of Plaintiffs' Amended Complaint. ECF No. 564 at 14, ECF No. 257. Second, Mr. Reyna's assertion that he submitted a reform report "over six months before the DOJ filed its Complaint" is not a legally protectable claim. ECF No. 564 at 15. Third, Mr. Reyna's claim that his "nonprofit collapsed due to economic exclusion and touring suppression" is too vague to infer a sufficient connection to this case, and as described in § A(4), *supra*, more properly addressed in private litigation. *Id.* Fourth and finally, Mr. Reyna's work that found "algorithmic payola, revenue laundering, and investor-based collusion between record labels, streaming platforms, and firearms-linked private equity actors" injects additional collateral issues and does not appear in state cognizable claims. *Id*.

Furthermore, Mr. Reyna's claims will have the effect of "only spawn[ing] additional litigation outside the scope of this action." *United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 416 (S.D.N.Y. 2018). This is because, on the eve of the close of fact discovery, no discovery has taken place into the number of collateral issues at the core of Mr. Reyna's purported injury, for example: (1) the reasons why Mr. Reyna was allegedly "excluded from national touring opportunities" (or what those opportunities allegedly were); (2) the reasons Live Nation allegedly "ignored" Mr. Reyna's recommendations; (3) why Mr. Reyna's non-profit collapsed; or (4) the harm he allegedly suffered in his individual capacity. If Mr. Reyna were permitted to intervene and his complaint survived a motion to dismiss, all of those issues would have to be litigated. As such, Mr. Reyna has not demonstrated that the claims he seeks to pursue have the necessary connection to the claims being litigated by the Parties to this action.

       *3.  Mr. Reyna's interest will not be impaired by the disposition of the action.*

    To the extent that Mr. Reyna has claims that stem from the same anticompetitive practices by Ticketmaster and Live Nation that Plaintiffs allege in their Amended Complaint, Mr. Reyna cannot intervene in the action because his rights are not bound by the disposition of this case.  It is "fully settled that a person whose private interests coincide with the public interest in government antitrust litigation is nonetheless not bound by the eventuality of such litigation, and hence may not, as of right, intervene in it." *Sam Fox Pub. Co. v. United States*, 366 U.S. 683, 689 (1961).  No result in this case can prevent Mr. Reyna from filing a separate lawsuit to vindicate his interests.  Thus, "[i]t is a firmly established general principle that a private party will not be permitted to intervene in government antitrust litigation." *United States v. Int'l Bus. Machines Corp.*, 62 F.R.D. 530, 532 (S.D.N.Y. 1974).  Where a proposed intervenor attempts to intervene as a party plaintiff, "it is assumed that the United States adequately represents the public interest." *Id.* at 532 n.1.

    While courts have recognized the possibility of limited exceptions to the general rule, Mr. Reyna has not invoked any of them, and none appear to apply.  For example, in *IBM*, a government antitrust lawsuit, the Defendant was held in contempt for refusing to produce documents over which it claimed privilege.  *IBM*, 62 F.R.D. at 532.  The Defendant's law firm then moved to intervene as a party Defendant in order to assert that the documents were protected by the attorney work-product doctrine.  *Id.* at 532 n.1.  While ultimately denying the motion to intervene, the Court declined to apply the general rule barring private litigants from intervening in government antitrust actions because the intervenor sought, as a party defendant, to litigate issues relating to the contempt citation—not the merits of any antitrust claim.  Here, the Motion seeks "[j]udicial acknowledgement that the harms suffered by the Intervenor are

materially related to the anticompetitive conduct challenged herein." ECF No. 564, 4. In so doing, Mr. Reyna concedes he is trying to intervene in "the subject matter of the main action," making his request improper. Thus, to the extent Mr. Reyna wishes to bring antitrust claims against Live Nation and Ticketmaster based on the course of conduct alleged by Plaintiffs, his claims are not barred or otherwise affected by Plaintiffs' case, he has a separate right of action, and regardless, given his asserted basis for seeking intervention in this government action, and he is not permitted to do so.[2]

> ### 4. Mr. Reyna does not show that his interests will be inadequately protected by the parties to this action.

The United States and 40 State co-plaintiffs more than adequately protect the interests of the citizens that they brought this case to protect. "Representation is not inadequate simply because . . . the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999).

As a threshold issue, the fact that Mr. Reyna is free to file his own, separate lawsuit means that he is free to vindicate his individual interests in separate private litigation. Moreover, to the extent it is possible to glean the nature of the purported inadequacy Mr. Reyna alleges, it appears to lie with the remedies Plaintiffs seek (or do not seek). Mr. Reyna's main contention appears to be that Plaintiffs do not "represent the interests of independent artists, nonprofit

---

[2] The cost and burden of a separate right of action has also not been found sufficient as to allow intervention under Rule 24(a)(2). *See Sec. & Exch. Comm'n v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1239 (2d Cir. 1972) (finding that bearing the financial burden of government action is "not the sort of adverse practical effect contemplated by Rule 24(a)(2). Whatever bearing such considerations might have upon the exercise of a district court's discretion on a motion for permissive intervention, we hold that such considerations do not require intervention as of right").

leaders, or whistleblower insiders." ECF No. 564 at 1-2, 4. But this boils down to a question of

Plaintiffs' factual focus and litigation strategy, not whether Plaintiffs are challenging

anticompetitive conduct or the vigor of their challenge. Mr. Reyna fails to provide any specifics

or any showing at all concerning how Plaintiffs fail to represent the interests of individuals like

himself, nor how that unspecified failure will hurt his interests. Without this strong showing, Mr.

Reyna's claims of inadequacy cannot succeed, as "representation is not inadequate simply

because the applicant and existing parties have different ideas about how best to achieve the

goals of the litigation." *New York City Auth.*, 326 F.R.D. at 417 (quotations omitted).

    **B.**    **Mr. Reyna Should Not Be Granted Permissive Intervention Under Rule 24(b).**

The Motion does not seek permissive intervention under Rule 24(b). If the Court

nevertheless considers permissive intervention, the Motion should still be denied.

While the requirements for Rule 24(a)(2) are similar as those for permissive intervention under

Rule 24(b)(1), the "[t]he principal consideration set forth in the Rule is whether the intervention

will unduly delay or prejudice the adjudication of the rights of the original parties." *U.S. Postal*

*Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). (quotations omitted). Permissive intervention

is not appropriate where the movant sat on their rights, as the "issue of timeliness is evaluated

according to the same criteria whether intervention is sought as of right or permissively." *John*

*Wiley,* 315 F.R.D. at 175.

For the reasons described above, granting intervention now will have the effect of unduly

delaying the adjudication of the rights of the original parties. The parties have been in discovery

for nearly a year. The deadline for written fact discovery is June 27, 2025, and for most

depositions the deadline is the end of July 2025, with discovery completion dates adjourned only

"upon a showing to the Court of extraordinary circumstances." ECF No. 493. Mr. Reyna's

motion does not attach pleading papers per Rule 24(c), so the question of exactly how his claims

intersect or relate to the claims in this case cannot be precisely mapped.  But it appears certain

that, should Mr. Reyna intervene, discovery would have to be paused or reopened, and collateral

issues are likely to be injected into this litigation, significantly delaying the Court's schedule and

prejudicing the parties.  And "[c]oncerns about undue delay and complication resulting from

permissive intervention are acute where the Government [] is a party to the underlying action."

*Sec. & Exch. Comm'n v. Bear, Stearns & Co. Inc.*, 2003 WL 22000340, at *3 (S.D.N.Y. Aug. 25,

2003)

Even without the "delay and complication" intervention here would bring, permissive

intervention has been found to be inappropriate where a private party, even one purporting to be

a victim of the same conduct challenged by the government, seeks to intervene in a government

case.  The Second Circuit found that a district court's denial of permissive intervention to a

victim of securities fraud who sought to intervene in an SEC case concerning the same fraud was

not an abuse of discretion, noting that the "SEC's workload, despite its limited budget and staff,

would be substantially increased if such intervention were allowed.  Additional issues would

have to be tried in the main action" and "the complicating effect of the additional issues and the

additional parties outweighs any advantage of a single disposition of the common issues."  *Sec.

& Exch. Comm'n v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972).  Here too, Mr.

Reyna's status as a private party—who therefore has different standards and obligations than the

government Plaintiffs—would complicate the case in front of the Court, even before getting to

the different, non-antitrust legal issues that Mr. Reyna appears to point to in his Motion to

Intervene.  These complications would unduly delay the adjudication of this case, burden the

government, and burden the Court, all weighing against Mr. Reyna's motion in the same way that

they did in *Everest Mgmt. Corp.*

     C.    **Mr. Reyna's Motion To Intervene Failed To Attach A Pleading As Required Under Rule 24(c).**

A motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Where a movant attempts to intervene without pleading papers, courts in the Second Circuit "have dispensed with the pleading requirement" only if "a party seeks to intervene for a limited purpose and where their position is clearly articulated in their motion papers." *Garcia v. Berkshire Nursery & Supply Corp.*, 705 F. Supp. 3d 188, 191 (S.D.N.Y. 2023). This allows the Court "to determine whether [the] applicant has a legally cognizable claim." *Usery v. Bd. of Public Ed., Sch. Dist. of Pittsburgh*, 418 F. Supp. 1037, 1041 (W.D. Pa. 1976).

Mr. Reyna has not attached pleading papers. He also cannot rely on "intervention for a limited purpose" for the reasons described in § A *supra*, and his position is not clearly articulated in his motion papers. While Mr. Reyna presents some vague, conclusory fact allegations in his motion papers, even in the light most favorable to Mr. Reyna, it is unclear whether Mr. Reyna has a cognizable claim. As a result, his lack of pleading papers and the inability to turn his motion into cognizable claims is sufficient to deny intervention. *See, e.g.*, *G-I Holdings, Inc. v. Baron & Budd*, 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7, 2002) (finding that movant failure to file motion and pleading was sufficient to deny); *Gould v. United States*, 2011 WL 5555822, at *1 (S.D.N.Y. Nov. 3, 2011) (lack of pleading sufficient for the Court to deny motion to intervene).

**CONCLUSION**

In light of the above, the Court should deny Mr. Reyna's Motion to Intervene.

Respectfully submitted,


*/s/ Bonny Sweeney*
BONNY SWEENEY
*Lead Trial Counsel*
SARAH LICHT

United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Bonny.Sweeney@usdoj.gov
Sarah.Licht@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
100 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email:  amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Paula Lauren Gibson
Paula Lauren Gibson (admitted *pro hac vice*)
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Kim Carlson McGee
Kim Carlson McGee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of
Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: kim.mcgee@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the
District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (Admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

13

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud *(admitted pro hac vice)*
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

14

/s/ Gerald L. Kucia
Gerald L. Kucia (admitted *pro hac vice*)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-4223
Email: Gerald.Kucia@ago.ms.gov.
*Attorney for Plaintiff State of Mississippi*

/s/ Justin C. McCully
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Yale A. Leber
Yale A. Leber (admitted *pro hac vice*)
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Yale.Leber@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

/s/ Bryan L. Bloom
Bryan L. Bloom
Senior Enforcement Counsel
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: Bryan.Bloom@ag.ny.gov
*Attorney for Plaintiff State of New York*

/s/ Jeff Dan Herrera
Jeff Dan Herrera (*pro hac vice* pending)
Assistant Attorney General
Consumer Protection Division
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: JHerrera@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

/s/ Brian D. Rabinovitz
Brian D. Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: brabinovitz@ncdoj.gov
*Attorney for Plaintiff State of North Carolina*

/s/ Sarah Mader
Sarah Mader (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

/s/ Robert J. Carlson
Robert J. Carlson (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street
Suite 1000
Tulsa, OK 74119
Telephone: 918-581-2230
Email: robert.carlson@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma n*

/s/ Gina Ko
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy
Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania*

/s/ Paul T.J. Meosky
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ Danielle A. Robertson
Danielle A. Robertson (admitted *pro hac
vice*)
Assistant Attorney General
Office of the Attorney General of South
Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-0274
Email: DaniRobertson@scag.gov
*Attorney for Plaintiff State of South
Carolina*

/s/ Bret Leigh Nance
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

/s/ Hamilton Millwee
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

16

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust
Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

/s/ Marie W.L. Martin
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

/s/ Sarah L. J. Aceves
Sarah L. J. Aceves (*pro hac vice*
forthcoming)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

/s/ David C. Smith
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia*

/s/ Ashley A. Locke
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

/s/ Douglas L. Davis
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

/s/ Caitlin M. Madden
Caitlin M. Madden (admitted *pro hac vice*)s
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: maddencm@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

/s/ William T. Young
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7841
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*

17

**<u>Certificate of Compliance</u>**

In accordance with Local Civil Rule 7.1(c), and Rule 8(c) of this Court's Individual Practices in Civil Cases, I certify that the word count of this opposition to intervene is 3,590 words, which includes footnotes but excludes the caption, any index, table of contents, signature blocks, or any certificates.  This certificate is made in reliance on the word count of the word-processing program used to prepare the document.

*/s/ Bonny Sweeney*
BONNY SWEENEY
*Lead Trial Counsel*

*Attorney for Plaintiff United States of America*
