**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC – Defendants' Letter Opposition To Joseph Reyna's Motion To Intervene And Motion For Leave To File Amicus Curiae Brief

Dear Judge Subramanian:

Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Live Nation") oppose the Motion to Intervene and the Motion for Leave to File Amicus Curiae Brief filed by Joseph Reyna in the above-captioned case on June 5, 2025. Reyna's Motion to Intervene should be denied because it is untimely, it identifies no interest that will be impaired if he is denied intervention in this action, and any interest is adequately represented by the United States and State Plaintiffs ("Plaintiffs") in any event. Reyna's Motion for Leave to File Amicus Curiae Brief should likewise be denied because Reyna offers no unique information or perspective that will aid the Court's decisionmaking at this time—and there is no support for amicus submission of evidence in the manner he requests.[1]

**Reyna's Motion To Intervene Should Be Denied**

Reyna seeks to intervene under Federal Rule of Civil Procedure 24(a)(2), contending that he is "a firsthand victim" of the "anticompetitive practices" alleged "in the DOJ's complaint." Motion at 2. Specifically, he claims to have suffered "retaliation," "lost revenue, nonprofit destruction, and systemic suppression" in 2023-2024. *Id.* at 3. In Reyna's view, "[t]he DOJ's case . . . fails to include the human victims . . . critical to the public interest." *Id.* at 2.

To intervene under Rule 24(a)(2), Reyna must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (citation omitted). "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application." *Id.* (citation omitted). Reyna fails to satisfy all four.

*First*, his application to intervene is untimely. The "most important" factor in assessing timeliness is "the length of time the applicant knew or should have known of his interest before making the motion." *Id.* (citation omitted). As Reyna acknowledges in his Motion, Plaintiffs publicly filed the complaint in this case in May 2024. *See* Motion at 3. Reyna's filing comes over *one year* later and without any justification for this delay. *See id.* Permitting a new party to intervene and raise new allegations in this complex dispute at this stage—weeks before the close

---

[1] Pursuant to Local Civil Rule 7.2, Defendants will provide Reyna with copies of cases cited herein that are unpublished or reported exclusively on computerized databases.

of discovery and less than nine months before trial—would prejudice the parties and unduly postpone resolution of this action. *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70, 72 (2d Cir. 1994) (the timeliness inquiry considers "prejudice to existing parties"). On that basis alone, his Motion should be denied. *See, e.g.*, *MasterCard Int'l Inc. v. Fed'n Inernationale de Football Ass'n*, No. 06 Civ. 3036 (LAP), 2006 WL 3065598, at *1-2 (S.D.N.Y. Sept. 26, 2006) (denying intervention where party seeking to intervene knew of its purported interest for at least five months before it sought to intervene).[2]

*Second*, Reyna fails to demonstrate a "direct, substantial, and legally protectable" interest in the subject matter of this action. *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (citation omitted). Reyna makes no effort to demonstrate how the specifics of his claims relate to the claims in this action beyond contending that his damages generally stem from the purported monopolistic conduct alleged in the complaint. *See* Motion at 3. He therefore fails to demonstrate a "direct" and "substantial" interest in this case. *Cf. United States v. $7,206,157,717 on Deposit at JP Morgan Chase Bank, N.A.*, 274 F.R.D. 125, 126 (S.D.N.Y. 2011) (status as an alleged victim is insufficient to show interest in government's forfeiture suit against a beneficiary of the alleged wrongdoing).

*Third*, and relatedly, Reyna fails to demonstrate any impairment to his interest if he is not allowed to intervene. He provides nothing to suggest that he cannot pursue his claims in a separate action. *See, e.g.*, *United States v. New York*, 99 F.R.D. 130, 134 (N.D.N.Y. 1983) (proposed intervenors failed to show impairment where "[n]othing prevent[ed] the proposed intervenors . . . from vindicating their rights by way of an independent action").

*Fourth*, to the extent Reyna has any interest in this action, it is adequately protected by the existing parties, including the United States and Texas, Reyna's home state. Reyna does not dispute that the complaint in this case is "substantial" and addresses his concerns regarding "venue monopoly" and "monopolistic conduct." Motion at 2-3. He contends only that Plaintiffs should include the narratives of "human victims," "independent artists, nonprofit leaders, or whistleblower insiders." *Id.* at 2-4. But there is no reason to think Plaintiffs cannot adequately present Reyna's story if they so choose—and a differing view regarding litigation strategy is no reason for intervention, especially where "the government is acting as *parens patriae*." *City of New York*, 198 F.3d at 367; *cf. Mumford Cove Ass'n v. Town of Groton*, 786 F.2d 530, 535 (2d. Cir. 1986) (absent evidence that a government agency has breached its duty to the public, it is assumed that the agency protects the public's interest); *United States v. Am. Cyanamid Co.*, 556 F. Supp. 357, 360 (S.D.N.Y. 1982) ("In Government antitrust consent decree hearings, it has been held consistently, with the rarest exception, that a private party will not be permitted to intervene as of right absent a showing that the Government has failed 'fairly, vigorously and faithfully' to represent the public interest." (citation omitted)).

---

[2] For this reason, permissive intervention under Rule 24(b)—which Reyna does not seek—would likewise be inappropriate should the Court consider such intervention. *See U.S. Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) ("The principal consideration" for permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." (citation omitted)).

Reyna's Motion to Intervene fails to satisfy Rule 24(a)(2) and should be denied.

**Reyna's Motion For Leave To File Amicus Curiae Brief Should Be Denied**

Reyna also seeks leave to file an amicus curiae brief under "Federal Rule of Appellate Procedure 29 and the Court's inherent authority," Motion at 10, so he can offer the Court "a firsthand account of the harms suffered due to Live Nation and its affiliated monopolistic structures," *id.* at 11. And he seeks to submit "a Damages Addendum" and several evidentiary exhibits. *Id.*; *see id.* at 5-8.

No federal or local rule of civil procedure governs trial-level amicus filings. District courts accordingly have "discretion to grant or deny an appearance as amicus curiae in a given case" depending on whether "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (citation omitted).

Reyna's submission provides no unique information or perspective that the parties will be unable to provide in this case. He states nothing to suggest that Plaintiffs will be unable to account for the harms purportedly suffered due to Live Nation's alleged monopolistic practices or to prove their damages. Nor does he point to any pending motion or other request for relief for which amicus curiae participation would be appropriate. And critically, there is no authority that could support the submission of evidence by an amicus in the way Reyna envisions. *See SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (permitting an amicus to present evidence "would result in 'an end run around court-imposed limitations on the parties, including discovery restrictions [and] the rules of evidence'" (alteration in original and citation omitted)).

For all those reasons, the Court should also deny Reyna's request to participate as amicus at this time and in this manner.

*[signatures on following page]*

Dated: June 23, 2025

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| *[signature]* | *[signature: David R. Marriott]* |
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>   *Co-Lead Trial Counsel*<br>Timothy L. O'Mara (admitted *pro hac vice*)<br>Jennifer L. Giordano<br>Andrew M. Gass (admitted *pro hac vice*)<br>Kelly S. Fayne (admitted *pro hac vice*)<br>Lindsey S. Champlin (admitted *pro hac vice*)<br>Robin L. Gushman (admitted *pro hac vice*)<br><br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600<br><br>555 11th Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br><br>Al.Pfeiffer@lw.com<br>Tim.O'Mara@lw.com<br>Jennifer.Giordano@lw.com<br>Andrew.Gass@lw.com<br>Kelly.Fayne@lw.com<br>Lindsey.Champlin@lw.com<br>Robin.Gushman@lw.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* | David R. Marriott<br>   *Co-Lead Trial Counsel*<br>Lauren A. Moskowitz<br>Jesse M. Weiss<br>Nicole M. Peles<br><br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>(212) 474-1000<br><br>dmarriott@cravath.com<br>lmoskowitz@cravath.com<br>jweiss@cravath.com<br>npeles@cravath.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* |