**VIA ECF**
The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl St., Courtroom 15A
New York, NY 10007-1312

**Re:** *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian,

Pursuant to Rule 5.D of Your Honor's Individual Rules of Practice, Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. write respectfully to request an informal conference to resolve a pending discovery dispute between Defendants and non-party SeatGeek, Inc. The dispute involves SeatGeek's refusal to produce relevant text and other messages from key individuals on critically relevant topics.

SeatGeek is a ticketing company and competitor of Ticketmaster. Seeking a competitive assist in the marketplace, SeatGeek has been lobbying the government to break up Live Nation and Ticketmaster for years. For example, SeatGeek's CEO (Jack Groetzinger) testified before Congress advocating for the breakup of Live Nation and Ticketmaster, and █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

To debunk the government's theory and obtain documents pertinent to other issues in the case, Defendants served a subpoena on SeatGeek on September 13, 2024 (the "Subpoena").[1] (Ex. A.) The Subpoena expressly requests communications relevant to this litigation with communications explicitly defined to include "written communications, email correspondence, and any instant messages, chat messages, SMS, or other text messages." (Ex. A 4-5.) SeatGeek served responses and objections spanning 71-pages without a single objection to the definition of communications in Defendants' Subpoena. (*See* Ex. B.) Thereafter, Defendants and SeatGeek negotiated the scope of the Subpoena for several months, ultimately agreeing that SeatGeek would make rolling productions of a narrowed set of documents from 12 agreed-upon custodians. At no point during those discussions did SeatGeek raise any objection, or even hint at an opposition, to the Subpoena's definition of communications, which plainly includes text and Slack messages. On the contrary, Defendants were led to believe that SeatGeek would be producing such communications, as it produced text and Slack messages to the government during its investigation.

---

[1] Defendants and SeatGeek have met and conferred multiple times including on June 10 and June 13. Lead Trial Counsel for Defendants and counsel for SeatGeek were present on June 10 (15 minutes) and June 13 (30 minutes). Defendants and SeatGeek reached impasse on a call on June 19. The principal participants were David Marriot, Nicole Peles, and Jasdeep Kaur for Defendants and Ron Wick, Melissa Maxman, Derek Jackson, and William Kalema for Plaintiffs.

When multiple SeatGeek productions showed up without any text or Slack messages, Defendants pressed SeatGeek on the subject and learned for the first time that SeatGeek has no intention of producing text or Slack messages to Defendants in this litigation. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ But SeatGeek has refused altogether to produce text messages and has refused to produce any Slack messages unless Defendants agree to pay its costs. SeatGeek's position is without merit, and it should be compelled to produce the requested documents.

There is no question that the text and Slack messages at issue are relevant—indeed critical—to the case. At no point during the parties' meet and confers did SeatGeek suggest otherwise. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ No discovery could be more relevant, and vital, here than the messages in which SeatGeek refutes the allegations on which this case is based.

Moreover, Defendants' request is perfectly proportional to the needs of the case. With respect to scope, during its months-long negotiation with SeatGeek, Defendants significantly narrowed the extent of their Subpoena to tailor their requests to the utmost important documents of just 12 custodians, despite the "extremely permissive" federal discovery rules. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) ("The deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts need not be carried on in the dark." (internal quotation marks and citations omitted)). Additionally, to reach agreement on the instant issue, Defendants further offered SeatGeek the option to prioritize the review and production of the messages of eight custodians after which

Defendants would assess the need for production from the remaining four custodians.  By contrast, Defendants have reviewed and produced documents for 55 custodians in this litigation.

SeatGeek's claim that producing text and Slack messages from 12 people would be unduly burdensome on it as a third party is untenable.  SeatGeek is no ordinary third party—rather, it is a pivotal player in this litigation.  As stated, ███████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████  *See Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 34 (S.D.N.Y. 1984) (indicating that courts have routinely held that "a third party with a substantial interest in the litigation cannot be allowed to frustrate the rules of discovery to the disadvantage of a party") (collecting cases).  And not only is SeatGeek a key stakeholder in this litigation, but it is one with sole access to the critical discovery at issue here.  SeatGeek is the only source from which Defendants can access private, internal texts and Slacks in which SeatGeek itself rebuts the contentions underlying Plaintiffs' retaliation-based claims.

Finally, any claim by SeatGeek that Defendants never raised the production of responsive text and Slack messages during their negotiations and as such there was no agreement to produce such communications is disingenuous.  As noted above, SeatGeek *never* raised an objection to Defendants' explicit request for text and Slack messages in the Subpoena.  Defendants understood the parties had agreed to a set of custodians' whose files would be searched.  Defendants had no reason to believe that search would not include text or Slack messages, since SeatGeek had never objected to their production.[2]  Defendants thus had no obligation to restate or negotiate over a request it had explicitly made in its Subpoena that SeatGeek never objected to.  And SeatGeek cannot in good faith argue that Defendants were expected to mind-read SeatGeek's alleged objection and then raise the purported, unspoken, objection in its negotiations to seek SeatGeek's agreement.  Rather, after SeatGeek received Defendants' unequivocal request for text and Slack messages, it was SeatGeek's burden to object to the extent it believed it was not obligated to produce such documents.  *See In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005) ("FRCP 45(c)(2)(B) requires the recipient of a subpoena to raise all objections at once and in a timely manner so that discovery does not become a 'game'.")  But SeatGeek failed to do so.  And now, after failing to comply with its discovery obligations for months, SeatGeek cannot claim that producing text and Slack messages would be an additional burden.  It was SeatGeek's initial burden to conduct a reasonable search for and produce such communications and SeatGeek cannot evade this obligation by manufacturing a retroactive hardship.  Indeed, SeatGeek has previously reviewed and produced such communications to the government and so SeatGeek should have no issue doing so here.

For all the reasons stated, Defendants respectfully request that the Court compel SeatGeek to produce relevant text and Slack messages in response to the Subpoena.

*[signatures on following page]*

---

[2] Defendants and SeatGeek did agree to a protocol for the use of technology assisted review, which was limited to emails, attachments, and modern attachments from the agreed upon custodians.  However, that agreement merely governed how certain categories of documents would be culled and reviewed; it did not alleviate SeatGeek of its obligation to search for and produce responsive texts and Slack messages, which were clearly called for by Defendants' Subpoena, from the relevant custodians.

Dated: June 25, 2025

Respectfully submitted,

| | |
|---|---|
| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
| *[signature]* | *[signature: David R. Marriott]* |
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>    *Co-Lead Trial Counsel* | David R. Marriott<br>    *Co-Lead Trial Counsel* |
| Timothy L. O'Mara (admitted *pro hac vice*) | Lauren A. Moskowitz |
| Jennifer L. Giordano | Jesse M. Weiss |
| Andrew M. Gass (admitted *pro hac vice*) | Nicole M. Peles |
| Kelly S. Fayne (admitted *pro hac vice*) | |
| Lindsey S. Champlin (admitted *pro hac vice*) | Two Manhattan West |
| Robin L. Gushman (admitted *pro hac vice*) | 375 Ninth Avenue |
| | New York, NY 10001 |
| 505 Montgomery Street, Suite 2000 | (212) 474-1000 |
| San Francisco, CA 94111 | |
| (415) 391-0600 | dmarriott@cravath.com |
| | lmoskowitz@cravath.com |
| 555 11th Street, NW, Suite 1000 | jweiss@cravath.com |
| Washington, D.C. 20004 | npeles@cravath.com |
| (202) 637-2200 | |
| | *Attorneys for Defendants Live Nation* |
| Al.Pfeiffer@lw.com | *Entertainment, Inc. and Ticketmaster L.L.C.* |
| Tim.O'Mara@lw.com | |
| Jennifer.Giordano@lw.com | |
| Andrew.Gass@lw.com | |
| Kelly.Fayne@lw.com | |
| Lindsey.Champlin@lw.com | |
| Robin.Gushman@lw.com | |

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

cc:     All Counsel of Record (via ECF)