**VIA ECF**                                                                                                    June 27, 2025

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

<u>Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973</u>

Dear Judge Subramanian:

Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, writes pursuant to Rule 11(B)-(C)(i) of the Court's Individual Practices in Civil Cases to request that Exhibit C of Defendants' Letter Motion to Compel (the "Motion") (ECF No. 586-1) remain under seal and that the redacted portions of the Motion also remain under seal. SeatGeek also requests, pursuant to Rule 11(C)(iii) of the Court's Individual Practices in Civil Cases, that portions of Exhibits 1-5 from SeatGeek's Opposition to the Letter Motion to Compel (the "Opposition") be redacted on the public docket.[1]

The redacted portions of the Motion reference deposition testimony that SeatGeek has provisionally designated as "Highly Confidential" pursuant to the Amended Protective Order (ECF No. 347) (the "Protective Order") in this case. And while Exhibit C of the Motion is a text message produced by another non-party that is not designated for confidentiality, the document contains sensitive information from a SeatGeek executive concerning the details of negotiations with potential clients. SeatGeek would have designated the information "Highly Confidential" had it produced the document.

As to Exhibits 1-5 to the Opposition, SeatGeek seeks to redact two narrow categories of information: (i) the identities of SeatGeek employees named as potential or agreed custodians during SeatGeek's subpoena negotiations with Defendants and (ii) proposed or agreed search terms and discussions of documents that reveal SeatGeek confidential business information, including confidential names of potential clients, references to potential transactions, descriptions of SeatGeek confidential documents, and additional names of non-party employees. For the reasons set forth below, this material should remain under seal.

A court's consideration of a request to seal is governed by the three-step framework articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts must first determine "that the documents at issue are indeed judicial documents," to which "a common law presumption of access attaches." *Id.* at 119 (internal citations and quotations omitted). If the documents are judicial documents, the court then "must determine the weight of

---

[1] On June 27, 2025, SeatGeek presented, via email, its position on sealing and its proposed redactions to Defendants and Plaintiff United States and requested their position. Defendants informed SeatGeek that they take no position on SeatGeek's sealing proposal at this time. As of the time of filing, Plaintiff United States has not responded to SeatGeek's request.

that presumption." *Id.* Third, the court must "balance competing considerations against" that presumption. *Id.* at 120 (internal citations and quotations omitted).

As to the first step, the discovery-related documents at issue here are not judicial documents. The Second Circuit has held that "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach . . . and stand on a different footing than . . . a motion filed by a party seeking action by the court [or] . . . any other document which is presented to the court to invoke its powers or affect its decisions." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001) (holding that discovery documents "play no role in the performance of Article III functions" and thus are not judicial documents) (internal citations and quotations omitted). Moreover, discovery documents do not become judicial documents merely because they are attached to a discovery motion. *See Authors Guild v. OpenAI Inc.*, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025) (non-judicial status of discovery documents "does not change when a Court assesses such documents in a discovery motion"); *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) ("[e]ven when the Court assesses [discovery] . . . documents in the context of a discovery motion, such as a motion to compel, the documents remain non-judicial.") There is no doubt that the materials SeatGeek seeks to redact or seal are all discovery documents (including custodian lists and search terms exchanged during subpoena negotiations, references in the Motion to deposition testimony, and a document produced by another non-party in the case). Under Second Circuit precedent, these are not judicial documents.

Even if these were judicial documents, the presumption of public access here is limited because none of the documents pertain to dispositive issues in the case. A lower presumption of public access applies to documents submitted in connection with powers that are "ancillary to the court's core role in adjudicating a case" than to "material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019). Defendants' Motion makes only a request for additional discovery and does not address dispositive issues in the case. There is no doubt that the custodian names and search terms SeatGeek seeks to seal are irrelevant to the underlying merits. Moreover, although Defendants place overblown significance on the information under seal in their Motion, it involves non-party communications that are far removed from the dispositive issues in this litigation, and that in any event have not been submitted in connection with the adjudication of any dispositive issues.

Finally, any presumption of public access to these documents is significantly outweighed by the interest in keeping this information under seal. The employees and former employees of non-party SeatGeek have a "significant privacy interest[] that favor[s] redaction of identifying information." *In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (internal quotations and citations omitted). As a result, courts frequently allow the sealing or redaction of both party and non-party employees' names and job titles. *Google*, 2021 WL 4848758, at *5 (sealing names, job titles, and email addresses of non-party employees, even where there was a "strong presumption of public access" afforded to the document at issue); *Al Thani v. Hanke*, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (granting request to redact names on the grounds that "the privacy interests of [defendants'] . . . investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions . . . , outweigh the

presumption of public access" and the redactions were "narrowly tailored to protect the investors' privacy interests"); *Kelly v. City of New York*, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) (redacting the names of individual employees protects "the privacy of those employees" but "will have minimal consequence on the public's ability to determine" the merits of the case); *In re Savitt/Adler Litig.*, 1997 WL 797511, at *4 (N.D.N.Y. Dec. 23, 1997) (holding "that the names of and identifying details concerning non-party AAGs should be redacted . . . [b]ecause the redaction sought is minimal and largely unrelated to the public interest" so "a higher value will be served by redaction and . . . [the] proposed redactions are narrowly tailored to serve that interest"). Indeed, Defendants in this action have previously successfully sought to have non-party employee names redacted from a discovery filing. (*See* ECF No. 549).

As to the remaining information, SeatGeek has a significant interest in maintaining confidentiality over its competitively sensitive business information. *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal citations and quotations omitted). The competitively sensitive nature of this information is more acute given SeatGeek's status as a non-party whose conduct is not at issue in this litigation. The search terms and passages of correspondence that SeatGeek seeks to seal include not only the names of employees of SeatGeek and other non-parties, but also such sensitive information as the names of SeatGeek's potential clients, descriptions of confidential documents, and references to potential future transactions. *See Nielson Consumer LLC v. Circana Grp., L.P.*, 2024 WL 3887152, at *5 (S.D.N.Y. Aug. 20, 2024) (permitting redaction of search terms that "reference non-party clients and potential trade secret information"). Exhibit C to the Motion also includes discussion by a SeatGeek executive regarding the confidential status of negotiations between SeatGeek and a potential client—a topic of the highest competitive sensitivity.

Accordingly, Defendants respectfully request that the proposed redacted portions of Exhibits 1-5 to the Opposition, the proposed redacted portions of the Motion, and Exhibit C of the Motion remain under seal.

Respectfully submitted,

COHEN & GRESSER LLP

*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.