UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA et al., *Plaintiffs*, v. LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C., *Defendants*. | Civil No. 1:24–cv–3973-AS |

**PLAINTIFFS' OPPOSITION TO
LIVE-FI® TECHNOLOGY HOLDINGS LLC'S
MOTION SEEKING MANDATORY OR
PERMISSIVE JOINDER AS A PARTY PLAINTIFF**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1
BACKGROUND ....................................................................................................................... 1
LEGAL STANDARDS ............................................................................................................. 3
    A.   Rule 19 ........................................................................................................................ 4
    B.   Rule 20 ........................................................................................................................ 5
ARGUMENT ............................................................................................................................. 5
    A.   Live-Fi Is Not a Necessary Party Under Rule 19. ...................................................... 5
    B.   The Court Should Deny Live-Fi's Request for Permissive Joinder Under Rule 20. ... 8
CONCLUSION ........................................................................................................................ 10

**INTRODUCTION**

Live-Fi® Technology Holdings, LLC ("Live-Fi") fails to demonstrate that it is entitled to either mandatory or permissive joinder under Rules 19 and 20 of the Federal Rules of Civil Procedure ("Motion"), or that its "interests are not being adequately represented by the named [P]laintiffs," ECF 622 at 1–2.

Live-Fi is not a necessary party under Rule 19. Nor do any of the claims that Live-Fi describes in its Motion sufficiently map onto the contours of the claims at issue in this case to pass the logical relationship test and permit permissive joinder under Rule 20. Rather, it appears that Live-Fi is seeking joinder to pursue its claims for patent infringement and violation of the Lanham Act and to air its grievances about the alleged impact of Defendants' failure to comply with the 2010 LiveNation-Ticketmaster consent decree filed in the United States District Court for the District Court of Columbia. None of these claims finds a proper forum in this case before this Court. In short, the Motion fails under both Rule 19 and Rule 20.

Accordingly and for the reasons set forth below, Plaintiffs respectfully request the Court deny Live-Fi's Motion for mandatory or permissive joinder.

**BACKGROUND**

Plaintiffs filed the present action on May 24, 2024, ECF 4, alleging Defendants violated the Sherman Act and various state antitrust, unfair competition, and consumer protection statutes. Over a year later, Amy Weissbrod Gurvey, CEO and General Counsel for Live-Fi, filed a pro hac vice motion, ECF 597, on behalf of Live-Fi.[1] That motion included a declaration from Ms. Gurvey asserting that Defendants "violated the competitive impact statements signed as a condition of merger" by "withholding ticketing data from companies seeking to conduct a non-ticketing

---

[1] Ms. Gurvey previously filed an initial First Motion to Appear Pro Hac Vice on June 18, 2025, ECF 575, but that filing was found deficient by the Clerk's Office.

businesses." ECF 597 at 11. Ms. Gurvey's declaration added that Live-Fi "is conducting a non-ticketing business" and Defendants' failure to provide ticketing data constituted a "breach[] against [Live-Fi] . . . mak[ing] [Live-Fi] a proper interested party." ECF 597 at 10–11. The declaration further noted that Defendants, among others, are infringing Live-Fi's three issued patents: U.S. Patent No. 11,403,566 ("the '566 Patent"), U.S. Patent No. D647,910S, and US Patent No. 7,603,321, and five pending patents that are unidentified. ECF 597 at 11. Ms. Gurvey subsequently filed a duplicate pro hac vice motion, adding the '566 Patent as an attachment. ECF 598.

In response, this Court ordered Ms. Gurvey to "explain in a letter . . . the basis for this application given that Live-Fi is not a party to these proceedings." ECF 621. Ms. Gurvey in response filed the present Motion on August 1, 2025, "seeking mandatory or permissive joinder of [Live-Fi] as a party plaintiff." ECF 622 at 1.

The basis of the Motion appears to be that Live-Fi's interests are implicated in this lawsuit because Defendants have allegedly harmed Live-Fi in two different ways: first, by infringing Live-Fi's patents; and second, by failing to comply with the Final Judgment entered into by the United States, several states, and the Defendants in connection with the Live Nation-Ticketmaster merger, filed in the United States District Court for the District Court of Columbia ("D.D.C.") in 2010 ("Final Judgment") amended in 2020 ("Amended Final Judgment") and the associated Competitive Impact Statement filed in 2010 under Section 2(b) of the Tunney Act, 15 U.S.C. § 16(b)-(h). *See United States v. Ticketmaster Ent., Inc.*, No. 1:10-cv-139 (D.D.C. Jan. 25, 2010) ECF 2 (Competitive Impact Statement), ECF 15 (Final Judgement), and ECF 29 (Amended Final Judgment).[2]

---

[2] Live-Fi attached two exhibits to its Motion: the '566 Patent, ECF 622-1, and a letter dated March 8, 2025, to Judge Moore, Chief Judge of the Court of Appeals for the Federal Circuit, ECF 622-2.

According to its Motion, Live-Fi "has several 'non-ticketing' businesses that are protected by patents and priority patents pending that are violated by [D]efendants." ECF 622 at 3. The Motion alleges that Defendants' failure to provide ticketing data to companies seeking to "conduct 'non-ticketing' business[]" is a "breach" of the Competitive Impact Statement filed in 2010. *Id.* at 3. It additionally claims that Live-Fi is in a "unique" situation because Defendants have infringed Live-Fi's '566 Patent, as well as U.S. Patent Nos. D647,910S, and 7,603,321. *Id.* at 4. Live-Fi also alleges that Defendants violated the Lanham Act "starting in 2007" and "fraudulently competed with [Live-Fi]'s business including by using its patents without permission." *Id.* at 5.[3]

The Motion also recounts various litigations Ms. Gurvey has filed and the difficulty Ms. Gurvey has experienced in obtaining her patents. But these travails that Ms. Gurvey has experienced are not relevant to the Motion—Live-Fi is the party seeking to be joined here not Ms. Gurvey. Correspondingly, it is only Live-Fi's interests that need to be considered for the present Motion.

## LEGAL STANDARDS

Rule 19 of the Federal Rules of Civil Procedure governs the joinder of required parties while Rule 20 governs permissive joinder of parties. For both Rule 19 and Rule 20 the movant bears the burden of showing that joinder is appropriate. *See ADYB Engineered for Life, Inc. v. Edan Admin. Servs. Ltd.*, No. 1:19-CV-7800-MKV, 2021 WL 1177532, at *5 (S.D.N.Y. Mar. 29, 2021) (movant bears the burden under Rule 19), *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 827 (S.D.N.Y. 2008) (movant bears the burden under Rule 20).

---

[3] Live-Fi's filing states that Defendants' actions "constituted unfair competition and Lanham Act violations against LIVE-Fi's interests. 15 USC § 1 et seq." *Id.* at 5. Plaintiffs note that the Section 43(a) of Lanham Act is codified at 15 U.S.C. § 1051 et seq., while the Sherman Act is codified at 15 U.S.C. §§ 1–38.

A.      **Rule 19**

Rule 19 sets forth a "two-part test" to determine whether joinder of a party under Rule 19 is required: first the court must determine whether the absent party "should be joined if feasible, *i.e.,* whether the party qualifies as "required" or a "necessary" party under Rule 19(a)," and second, if the threshold determination is made that a party is necessary under Rule 19(a), then the court must determine whether joinder of the absent party is feasible and will not deprive the court of subject matter jurisdiction. *See Volkswagen Grp. of Am., Inc. v. GPB Cap. Holdings, LLC*, No. 20 CIV. 1043 (AT), 2021 WL 431443, at *7 (S.D.N.Y. Feb. 8, 2021) (applying the "two-part" test of Rule 19 and finding that even though absent parties had a "strong interest in the outcome of the litigation they were not necessary). A party is necessary under Rule 19(a) when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Rule 19 inquiry is "a fact specific and practical one" which "should not be based on formalistic or mechanistic grounds but rather on pragmatic analysis of the effect of a potential party's absence." *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, No. 04 CV 9578(TPG), 2006 WL 2266351, at *9 (S.D.N.Y. Aug. 7, 2006) (quoting *Southeastern Sheet Metal Joint Apprenticeship Training Fund v. Barsuli*, 950 F.Supp. 1406, 1414 (D. Wis. 1997)). "Mere interest in a litigation, even a 'very strong interest,' does not automatically mean [a party is] a necessary party under Rule 19." *Volkswagen*, 2021 WL 431443, at *7 (quoting *MasterCard Intern. Inc. v. Visa Intern. Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006)). District courts have "broad discretion" when considering Rule 19 and may consider matters outside the pleadings. *Rahman v.*

4

*Shiv Darshan, Inc.*, No. 12 Civ. 3457 (ILG) (CLP), 2013 WL 654189, at *5 (E.D.N.Y. Feb. 22, 2013).

    **B.**    **Rule 20**

Under Rule 20, a nonparty may be joined as a plaintiff if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. Pro 20(a)(1). Both of these elements are required for joinder under Rule 20. *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 556 (S.D.N.Y. 2013). To determine whether Rule 20's "transaction or occurrence" requirement is met, courts often look to the use of a similar phrase in Rule 13(a)(1)(A), which governs compulsory counterclaims. *See, e.g., Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 228 (E.D.N.Y. 2013); *Peterson v. Regina*, 935 F. Supp. 2d 628, 637 (S.D.N.Y. 2013). The Second Circuit has established the "logical relationship" test for this inquiry, which is met where "the essential facts of the claims [are] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004).

## ARGUMENT

Live-Fi is not a necessary party under Rule 19. Nor do Live-Fi's allegations arise out of the same transaction, occurrence, or common question of law or fact as is required by Rule 20. The Motion should therefore be denied.

    **A.**    **Live-Fi Is Not a Necessary Party Under Rule 19.**

Rule 19(a) provides two paths for a party to be "necessary": (1) complete relief cannot be accorded without the party or (2) disposing of the action without the absent party would impair that person's ability to protect an interest or subject the person to a substantial risk of incurring

5

double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a). Here, Live-Fi is not a necessary party under either analysis.

First, the relief sought by Plaintiffs can be accorded completely among the existing parties. "[T]he term complete relief refers only 'to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 311 (E.D.N.Y. 2008) (quoting *Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of New York,* 762 F.2d 205, 209 (2d Cir. 1985)). Plaintiffs make no allegations regarding Live-Fi, its patents, or any other interest Live-Fi has identified. *See* ECF 257 (Amended Complaint). Instead, Plaintiffs' prayer for relief asks the Court, *inter alia*, to (1) adjudge and decree that Defendants unlawfully monopolized certain markets and engaged in other anticompetitive conduct, (2) order Live Nation to divest Ticketmaster, (3) terminate a ticketing incentive agreement between Live Nation and Oak View Group, (4) enjoin Live Nation from continuing to engage in the anticompetitive practices described in the complaint, and (5) award damages and other monetary relief. *Id.* ¶ 517. Because Plaintiffs can obtain complete relief without Live-Fi's participation in the lawsuit, Live-Fi is not a necessary party under Rule 19(a)(1)(A).

Second, Live-Fi does not claim any interest sufficient to qualify it as a necessary party under Rule 19(a)(1)(B). *See Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996) ("satisfying the second prong of Rule 19(a) is 'contingent [ ] upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.'" (quoting *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1043 (9th Cir. 1983) (alteration in original)). The Motion suggests that Live-Fi may have a legally protectable interest in the '566 Patent. Even assuming that is true, Live-Fi's alleged intellectual property is not implicated in or related to the current action. Plaintiffs make no allegations of patent infringement, and Defendants

have not raised ownership of any patents in their Answer to Plaintiffs' claims. *See* ECF 498 (Defendants' Answer).

Whatever the outcome of this litigation, Live-Fi is free to pursue any patent infringement and Lanham Act claims in its own lawsuit, because this action has no bearing on those potential claims. *See Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("The speculative possibility of future litigation [between the absent party and Defendants] the substance of which was not spelled out in [movant's] motion papers, furnishes no basis for compulsory joinder of [the absent party]."). Live-Fi's intellectual property interests will not be impaired, and disposing of the current action in Live-Fi's absence will not leave Defendants subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii).

The only other harm Live-Fi identifies in the Motion is Defendants' alleged failure to provide "ticketing data" to companies seeking to "conduct 'non-ticketing' business." ECF 622 at 3. Live-Fi alleges this is a "breach" of the Competitive Impact Statement filed in 2010. *Id.* Live-Fi appears to be referring to a provision in both the Final Judgment and the Amended Final Judgment that requires Defendants to provide to venues that are former ticketing clients all ticket buyer data, if the venue requests it, which the venue can presumably then relay to promoters, artist managers, and other ticketers to assist in marketing events.[4] However, as Plaintiffs have made clear, and this Court has ruled, "this case isn't seeking to 1) carry out, 2) construe, 3) modify, 4) enforce, or 5) punish violations of the [D.D.C. Final Judgment or Amended Final Judgment]." ECF 294 at 3; *see also* ECF 225 at 10–14 (Plaintiffs' Opposition to Defendants' Motion to Transfer).

---

[4] *See* Competitive Impact Statement at 17 (discussing the provisions requiring data production to clients if a client declines to renew with Ticketmaster); Final Judgment, IX(C), at 20; Amended Final Judgment, IX(C), at 20.

7

Any interest in this harm is therefore not the subject matter of this action.[5]

Having failed to pass the threshold determination of being a necessary party, the Court need not determine whether Live-Fi's joinder is feasible and will not deprive the court of subject matter jurisdiction. *See Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724–25 (2d Cir. 2000) (holding that being a necessary party is a threshold determination).

### B. The Court Should Deny Live-Fi's Request for Permissive Joinder Under Rule 20.

Live-Fi requests in the alternative that it should be permitted to join the action through permissive joinder under Rule 20. ECF 622 at 1. But this Court should not permit Live-Fi to join the action—both because Live-Fi's proposed claims do not arise out of a common transaction, occurrence, or question of law or fact as required by Rule 20, and because to allow Live-Fi to join would be prejudicial to the parties.

Plaintiffs' claims do not logically connect to Live-Fi's potential claims. "Neither the presence of the same defendant nor the mere existence of common factual or legal questions satisfy Rule 20's 'same transaction or occurrence' requirement." *Franks v. Marks*, No. 22-CV-06158-FPG, 2022 WL 4561930, at *3 (W.D.N.Y. Sept. 29, 2022). Rather, the "logical relationship" test set forth by the Second Circuit requires essential facts of the claims to be "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit," *Jones*, 358 F.3d at 209, but the essential facts of Live-Fi's claims are in no way connected to Plaintiffs' claims and cannot pass the logical relationship test. As discussed above, Live-Fi's potential claims arise out of occurrences of alleged patent infringement or alleged fraudulent business practices that violate the Lanham Act and do not "arise out of the same transaction" or

---

[5] Furthermore, Live-Fi does not represent that it is a former client of Ticketmaster. Accordingly, it is unclear how under the Final Judgement or Amended Final Judgment Live-Fi could be deprived of any data due to former Ticketmaster clients.

"occurrence" that are currently at issue in this case. Plaintiffs do not allege any patent infringement claims in the Amended Complaint, *see* ECF 257, nor do Defendants raise any patent or intellectual property law arguments in their Answer, *see* ECF 498. Likewise, there is no discussion of the Lanham Act or fraudulent practices related to patents. *Id.* Further, to the extent Live-Fi intends to plead any potential claim relating to Defendants' alleged breach of the Competitive Impact Statement, Final Judgment, or Amended Final Judgment, there is still no overlap of essential facts as Plaintiffs' allegations do not seek to "enforce" or "punish violations of the decree." ECF 294 at 3.

Courts have held that more closely related parties and claims do not permit permissive joinder. *See, e.g.*, *Dante v. Nat'l Flood Ins. Program*, No. 13-CV-6297-ARR-JO, 2013 WL 6157182, at *3 (E.D.N.Y. Nov. 22, 2013) (denying permissive joinder where "plaintiffs have failed to explain why their individual claims should be joined other than that they share two common facts—that they were brought about by Hurricane Sandy and brought against FEMA—and may raise similar theories of law"); *McNaughton v. Merck & Co.*, No. 4-CV-8297-LAP, 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004) ("[W]hile Merck's actions certainly give rise to some factual and legal questions relevant to all of the potential plaintiffs, Merck's actions do not satisfy the same transaction or occurrence requirement.").

Finally, judicial economy and fairness would not be served through permissive joinder. "The purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) (quoting *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F.Supp.2d 821, 826 (S.D.N.Y.2008)). Here, joinder would have the opposite effect. On June 27, 2024, the Court entered a scheduling order setting a trial date of March 2, 2026 and interim deadlines, including

the last day to join additional parties (August 12, 2024), the last day to file amended pleadings without leave of court (August 12, 2024), and the close of fact discovery (June 27, 2025). ECF No. 169; ECF No. 493 (Amended Civil Case Management Plan and Scheduling Order). Since that time, Plaintiffs have worked diligently to maintain this schedule. Fact discovery is now closed and expert discovery is underway. There is no overlap regarding (i) the evidence required for Live-Fi's patent infringement claim, Lanham Act claim, and claim relating to the Final Judgment or Amended Final Judgment, and (ii) the claims at issue in this case. The Parties have completed fact discovery, taking over 100 depositions, and have not conducted any inquiry into Live-Fi's patents. As acknowledged by the Motion, Live-Fi has been aware of at least some of its concerns since 2010. ECF 622 at 4. Live-Fi's request for joinder at this late stage of litigation is prejudicial to the parties and does not promote judicial economy or fairness.

## CONCLUSION

Because Live-Fi has failed to meet its burden and cannot show that joinder is either mandatory or permitted, Plaintiffs respectfully request that the Court deny Live-Fi's Motion for mandatory or permissive joinder.

Respectfully submitted,

*/s/ Bonny Sweeney*
BONNY SWEENEY
*Lead Trial Counsel*

RACHEL HICKS
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Bonny.Sweeney@usdoj.gov
Rachel.Hicks2@usdoj.gov

*Attorneys for Plaintiff United States of America*

10

/s/ *Robert A. Bernheim*
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ *Amanda J. Wentz*
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email:  amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ *Paula Lauren Gibson*
Paula Lauren Gibson (admitted *pro hac vice*)
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ *Conor J. May*
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ *Kim Carlson McGee*
Kim Carlson McGee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: kim.mcgee@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ *Elizabeth G. Arthur*
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

 /s/ *Lizabeth A. Brady*
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (Admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

/s/ Lee Morris
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
Attorney for Plaintiff State of Mississippi

/s/ Justin C. McCully
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Andrew F. Esoldi
*Andrew F. Esoldi*
*Deputy Attorney General*
*Division of Law*
*Antitrust Litigation and Competition Enforcement*
*124 Halsey Street, 5th Floor*
*Newark, NJ 07101*
*Telephone: (609) 696-5465*
*Email: Andrew.Esoldi@law.njoag.gov*
*Attorney for Plaintiff State of New Jersey*

/s/ Jonathan Hatch
Jonathan Hatch
Assistant Attorney General
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

/s/ Evan Crocker
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

13

/s/ *Brian D. Rabinovitz*
Brian D. Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: brabinovitz@ncdoj.gov
*Attorney for Plaintiff State of North Carolina*

/s/ *Sarah Mader*
Sarah Mader (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

/s/ *Cameron R. Capps*
Cameron R. Capps (admitted pro hac vice)
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-0858
Fax: (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
Attorney for Plaintiff State of Oklahoma

/s/ *Gina Ko*
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ *Joseph S. Betsko*
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ *Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ *Danielle A. Robertson*
Danielle A. Robertson (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-0274
Email: DaniRobertson@scag.gov
*Attorney for Plaintiff State of South Carolina*

/s/ *Bret Leigh Nance*
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

*/s/ Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

*/s/ Diamante Smith*
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

*/s/ Marie W.L. Martin*
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

*/s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

*/s/ David C. Smith*
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Ashley A. Locke*
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

*/s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)s
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

/s/ *William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*