**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:** *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC – Defendants' Letter Opposition to Motion Seeking Mandatory or Permissive Joinder of LIVE-Fi Technology Holdings as a Party Plaintiff

Dear Judge Subramanian:

Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Live Nation") oppose the Motion Seeking Mandatory or Permissive Joinder of LIVE-Fi Technology Holdings as a Party Plaintiff ("Motion"), filed by Amy Weissbrod Gurvey in the above-captioned case on August 1, 2025. The Motion should be denied because Ms. Gurvey has a history of vexatious litigation and frivolous filings, and this Motion is similarly meritless; LIVE-Fi need not be joined as a party for the Court to accord complete relief among the existing parties; LIVE-Fi claims no interest relating to the subject of this action; and LIVE-Fi's claims are all based on legal and factual bases distinct from the claims at issue in this case.

## Ms. Gurvey Has A History Of Vexatious Litigation And Is Subject To Numerous Pre-Filing Orders

Ms. Gurvey, the President and General Counsel of LIVE-Fi, has a long history of meritless litigation brought against Live Nation and others. Ms. Gurvey has been sanctioned repeatedly for frivolous filings and is subject to several pre-filing orders—including in cases where allegations overlap with, and are duplicative of, those at issue in the instant Motion. *See, e.g.*, Op. & Order at 6-9, 11-13, *Gurvey v. Cowan, Leibowitz & Latman, P.C.*, No. 1:06-cv-01202-LGS-HBP (S.D.N.Y. Sep. 17, 2015), Dkt. No. 338 (imposing monetary sanction, revoking Ms. Gurvey's ECF filing privileges, and barring Ms. Gurvey from filing further papers without special master approval after she filed several motions that "lacked any factual or legal basis," were "duplicative," and "contained numerous factual misrepresentations"); Mem. Endorsement at 4, *Gurvey*, No. 1:06-cv-01202-LGS-HBP (S.D.N.Y. Mar. 17, 2022), Dkt. No. 446 (finding that Ms. Gurvey "has a history of meritless litigation, in this case and others" and barring her from "filing without prior leave of the Court . . . any further actions in the Southern District of New York against the Defendants [including Live Nation] arising out of the events alleged" in her Third Amended Complaint); O.S.C. at 9-11, *In re: Amy R. Weissbrod Gurvey*, No. 1:25-pf-00001-BKS (N.D.N.Y. June 27, 2025), Dkt. No. 1 (finding Ms. Gurvey's "vexatious litigation practices, which principally involve filing numerous, frivolous motions" to be "well documented" (citing cases), and requiring Ms. Gurvey to show cause why she should not be barred from filing additional cases arising out of the same events as one of her prior actions without leave of the Chief Judge); Mem. & Order at 12-14, *Gurvey v. Garry*, No. 1:19-cv-04739-LDH-ST (E.D.N.Y. Sep. 30, 2021), Dkt. No. 70 (granting filing injunction). In line with Ms. Gurvey's history, this Motion similarly lacks merit, is an attempted end-run around the numerous pre-filing orders applicable to her, and should be denied.

**<u>Mandatory Joinder Should Be Denied</u>**

LIVE-Fi seeks to join this lawsuit as a required plaintiff under Federal Rule of Civil Procedure 19. Motion at 1. LIVE-Fi alleges that it owns a number of "standard essential patents," and that "since 2010," Live Nation has been "using without permission" LIVE-Fi's "electronic ticketing, ticket resale and authenticated event content management and distribution patents." *Id.* at 4. LIVE-Fi further alleges that Live Nation issued "false" press releases suggesting it owned certain patents owned by LIVE-Fi, and that Live Nation planned with its lawyers to keep LIVE-Fi "out of the relevant US market." *Id.* at 5. LIVE-Fi contends that this conduct constitutes "unfair competition and Lanham Act violations." *Id.* LIVE-Fi also discusses various proceedings before the U.S. Patent and Trademark Office, New York state courts, the U.S. District Court for the Southern District of New York, and several U.S. Courts of Appeals, contending that it faced obstacles in these proceedings at the hands of court personnel and Live Nation's lawyers. *Id.* at 4-7. LIVE-Fi claims that the conduct of these persons amounted to "fraud," "wrongful state action," and "RICO corruption." *Id.* at 5, 7. LIVE-Fi seeks to recover "infringement damages." *Id.* at 8.

A person must be joined as a party under Rule 19 in two circumstances. First, if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest" or "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Neither circumstance is satisfied here.

*First*, LIVE-Fi presents no argument as to why its presence is necessary for this Court to accord complete relief among the United States and State Plaintiffs ("Plaintiffs") and Live Nation. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) ("A party is necessary under Rule 19(a)(1) only if in that party's absence 'complete relief cannot be accorded *among those already parties*.'" (citation omitted)).

*Second*, LIVE-Fi does not claim any interest relating to the subject of this action. Although it contends that Live Nation has engaged in "unfair competition" and "monopolistic crimes," Motion at 5, 7, the claims it seeks to assert are all premised on Live Nation's alleged infringement of various patents and interference with various court proceedings. And LIVE-Fi's exclusion from this lawsuit will not "impair or impede" its "ability to protect the [asserted] interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Indeed, according to LIVE-Fi, it has already initiated a multitude of proceedings to pursue its claims, Motion at 4-8, and in fact is in active and ongoing litigation against Live Nation, *see Gurvey v. Live Nation Ent., Inc.*, No. 2:23-cv-04381-MEMF-E (C.D. Cal. May 7, 2025), *appeal docketed*, No. 25-1954 (Fed. Cir. July 22, 2025). Likewise, LIVE-Fi's exclusion will not leave any "existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). There is no risk that Live Nation will incur such obligations given that Plaintiffs are not pursuing any claims related to patents or attorney conduct.

For these reasons, LIVE-Fi is not a required party under Rule 19, and its Motion to join as such should be denied.

**Permissive Joinder Should Be Denied**

In the alternative, LIVE-Fi seeks to join this lawsuit permissively under Federal Rule of Civil Procedure 20. Motion at 1.

Persons may be joined as plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Under the first prong, the Court must "determine whether the 'essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 166 (S.D.N.Y. 2009) (citation omitted). To satisfy the second prong, there must be "substantial" overlap in questions of law or fact. *Wilson-Phillips v. Metro. Transp. Auth.*, No. 18-cv-00417-VEC, 2018 WL 5981736, at *2 (S.D.N.Y. Nov. 14, 2018).

LIVE-Fi satisfies neither requirement of Rule 20. LIVE-Fi's patent and attorney-conduct related claims are based on facts different from those implicated in this lawsuit. Indeed, LIVE-Fi describes the facts underlying its claims as "unique." Motion at 4. Accordingly, joining LIVE-Fi to this case will not serve "judicial economy and fairness." *Deskovic*, 673 F. Supp. 2d at 166. On the contrary, adding new claims based on new facts and legal arguments at this stage—after the close of fact discovery and less than seven months before trial—will cause delay and prejudice the existing parties. *Cf. Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, No. 08-cv-01533-BSJ-JCF, 2011 WL 1142916, at *3 (S.D.N.Y. Mar. 22, 2011). The commonality requirement is likewise not satisfied. Not only is there no "substantial" overlap in questions of law or fact—there is no overlap at all. *Wilson-Phillips*, 2018 WL 5981736, at *2.

The Court should deny LIVE-Fi's alternative request for permissive joinder. Given that LIVE-Fi should not be joined as a party, Ms. Gurvey's related requests for *pro hac vice* admission and correction of various docket errors should likewise be denied. Motion at 2, 9.

*[signatures on following page]*

Dated: August 15, 2025

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| *[signature]* | *[signature]* |
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>   *Co-Lead Trial Counsel*<br>David R. Marriott<br>   *Co-Lead Trial Counsel*<br>Timothy L. O'Mara (admitted *pro hac vice*)<br>Jennifer L. Giordano<br>Andrew M. Gass (admitted *pro hac vice*)<br>Kelly S. Fayne (admitted *pro hac vice*)<br>Lindsey S. Champlin (admitted *pro hac vice*)<br>Robin L. Gushman (admitted *pro hac vice*)<br><br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600<br><br>1271 Avenue of the Americas<br>New York, NY 10020<br>(212) 906-1200<br><br>555 11th Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br><br>Al.Pfeiffer@lw.com<br>David.Marriott@lw.com<br>Tim.O'Mara@lw.com<br>Jennifer.Giordano@lw.com<br>Andrew.Gass@lw.com<br>Kelly.Fayne@lw.com<br>Lindsey.Champlin@lw.com<br>Robin.Gushman@lw.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* | Lauren A. Moskowitz<br>Jesse M. Weiss<br>Nicole M. Peles<br><br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>(212) 474-1000<br><br>lmoskowitz@cravath.com<br>jweiss@cravath.com<br>npeles@cravath.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* |