

Live-Fi™ Technology Holdings

7302 Woodstone Circle
Princeton, NJ 08540
amyg@live-fi.com
917-733-9981

August 29, 2025

**Hon. Arun Subramanian
US District Court, SDNY
Re: LIVE-Fi®'s Motion to Intervene    Docket #639
Supplementary Letter Affirmation and Memorandum of Law**

Dear Judge Subramanian:

  This past Tuesday, August 26, 2025, after <u>fourteen (14) years</u>, LIVE-Fi® Technology Holding's California counsel Amy Weissbrod Gurvey, the undersigned granted *pro hac vice* status, was given <u>first</u> access to New York State files ordered "concealed" by the Appellate Division First Dept. in an order entered April 21, 2016. The files comprise a shocking 12-14 Redwells. They were stated as opened in 2007 by NYS staff counsels serving on the First Dept. attorney grievance committee (AGC). The files were unlawfully opened <u>without jurisdiction</u> over Weissbrod Gurvey the capacity of an attorney because Weissbrod Gurvey is <u>not</u> admitted to practice law in New York State. The documents prove a cover-up. An admonition notice in the file relates to a 2000 HUD housing order from the NYC L&T court. Index No. 60941/97. That notice improperly sanctioned another lawyer, Jay Stuart Dankberg, Weissbrod Gurvey's tenant attorney, for properly moving to transfer the case from a NYC housing court judge to a civil court judge to conduct a jury trial, the absolute right of a HUD protected tenant. 24 CFR §966.66. Weissbrod Gurvey was not an attorney in the HUD proceeding precluding jurisdiction in favor of the

1

First Dept. AGC. NY's Judiciary Law Part 1240. Found in the files were destruction orders targeting audiotapes and transcripts after the fact. They were entered by Office of Court Administration (OCA) Clerk Jane Chin and L&T clerk Ernesto Belzaguy in 2001. Moreover, an admonition notice entered by the AGC is not disciplinary action in NYS even if Weissbrod Gurvey were admitted in NYS which she is not.

Defendant Live Nation Entertainment (LNE) therefore had its SDNY defense attorney at Hinshaw & Culbertson, dually serving as concealed NYS court staff attorneys at the AGC, J. Richard Supple, misuse his authority, enter forged and unserved documents into concealed NYS files without jurisdiction, and solicit illegal acts by other NYS court officers to interfere with federal patent proceedings before the SDNY, the United States Patent and Trademark Office (USPTO) and the US Court of Appeals for the Federal Circuit. The state officers also wrongfully induced violations of the Administrative Procedures Act, 5 USC §§551- 559, 701-706 (APA) by the United States Patent and Trademark Office (USPTO) officers who failed to serve LIVE-Fi® with the results of a Commissioner of Patents conflicts of interest and abandonment investigation against Hinshaw's client, Cowan Liebowitz & Latman.[1] Then in 2025, another OCA officer, attorney Shawn Kerby, was discovered to be writing *ex parte* fraudulent letters to the Federal Circuit since 2018 to induce the Federal Circuit not to hear LIVE-Fi®'s arising under patent appeals to orders of the SDNY denying infringement hearings.

The documents inspected are fraudulent, forged and constitute RICO patent fraud, malicious harassment, wrongful state action, abuse of process and unprivileged against LIVE-Fi® and its counsel and attorney in court fraud and deceit. They merit treble damages against defendant LNE and disbarment of the participating attorneys. *US v.*

---

[1] The Cowan lawyers were dually serving as defendant LNE and Weissbrod Gurvey's common USPTO lawyers.

*Reich*, 479 F. 3d 179 (2d Cir. 2007). The acts of forgery undertaken without jurisdiction are purely administrative nonjudicial acts to which no immunity will attach. *Forrester v. White*, 484 US 219 (1989); *Stump v. Sparkman*, 435 US 349 (1978). Certain documents also implicate members of the Office of the NY Attorney General in an elaborate RICO state corruption scandal including Michael Berg, and AGC staff counsels Thomas Cahill (deceased), staff attorneys James T. Shed, Orlando Reyes, Raymond Vallejo, Naomi Goldstein, Jorge Dopico, court attorney Ms. Holmes, several clerks and the former AGC presiding justice Luis Gonzalez. The aim was to deprive LIVE-Fi® of infringement hearings and investment capital and prevent infringement hearings against NYS institutions. These acts may require disqualification of the State of New York from this lawsuit.

Furthermore, many of the forgeries were manufactured on older letterhead that is photocopied. Affixed thereon was the forged signature of a dead former AGC chief counsel Paul Curran, who left the state in 2002 and died of cancer in 2007. By using older letterhead, this was how Live Nation's defense attorneys at Hinshaw & Culbertson happened not to be listed on the letterhead roster while perpetrating crimes before the federal and state courts and federal agencies.

Due process violations are proven – failure to serve documents considered by the First Dept. with *ex parte* parallel secret circulation of documents to the SDNY since 2012 undermined LIVE-Fi®'s right to be heard on patent infringement and antitrust violations. The fraud on this court, if proven, could justify sanctions, disqualification of the State of New York from this lawsuit, and referral to SDNY Grievance Panel.

Hinshaw & Culbertson's retainer of defendant LNE and its trademark counsel Cowan Liebowitz Latman (with the Cowan firm also unlawfully representing the undersigned herein before the USPTO without disclosing conflicts of interest), while dually serving as chief

3

counsel to a judicial NYS agency violates ethics rules and comprised impartiality. NY's Judiciary Law Part 1240.6d. In addition, Hinshaw & Culbertson defending the Cowan lawyers during a parallel investigation for conflicts of interest and abandonment violations during Weissbrod Gurvey's prosecution retainer opened sua sponte the USPTO Commissioner of Patents Wynn Coggins. Because Cowan ethics violations were found by the Commissioner, LIVE-Fi® had a right to be served with the results of the investigation under the APA. LIVE-Fi® and Weissbrod Gurvey were never served. FOIA petitions were ignored by the USPTO officials and several of Weissbrod Gurveys' patent applications were removed from the queue in further violation of the APA.

OCA Kerby's fraud before the Federal Circuit was not discovered until 2025. It couples OCA clerk Sam Younger's fraudulent postings on the Internet since 2013 that continue. They fraudulently say that Weissbrod Gurvey is "disbarred". These acts are fraudulent and not protected. Weissbrod Gurvey was never disbarred and was never sanctioned in any final order related to the HUD proceeding. The Court of Appeals found the order nonfinal such that it could not be copied by any subsequent court including this court.

LIVE-Fi® must be granted the right to intervene. It appears as a rights-holder of US patents being infringed including by defendants LNE and Plaintiff New York State; as a whistleblower exposing systemic and continuing malicious abuse of its counsel; and as "person" whose constitutional rights were delayed and forfeited by collusive state officers' misconduct with defendant LNE attorneys before the USPTO and the Federal Circuit. [2]

---

[2] LIVE-Fi® Technology Holdings is a corporation and a person per the US Supreme Court. *Citizens United v. FEC*, 558 US 310 (2010); *Burwell v. Hobby Lobby Stores*, 573 US 682 (2014)

The exhibits to Docket #639 prove: (i) *ex parte* communications before the Federal Circuit by OCA officers in collusion with defendant LNE's counsel; (ii) defamation and fraud calculated to block LIVE-Fi®'s patent appeals before the Federal Circuit; and (iii) calculated attempts to improperly influence of U SPTO officers who in turn delayed patent prosecution and enforcement rights on relevant issued patents, removed certain patent applications out of the queue, and obstructed service of the results of the USPTO Commissioner's investigation against the Cowan lawyers in violation of the APA.

No party is allowed to influence appellate review of district court orders through secret channels. Patent rights must be adjudicated on the merits, not dismissed *sua sponte* without hearings. Moreover, LIVE-Fi® has the right to petition the court and NYS agencies without *ex parte* retaliation or obstruction of justice.

Because state officers acting under color of law did defame LIVE-Fi™ and its counsel without jurisdiction and obstructed federal proceedings, LIVE-Fi® can assert lack of access to courts, denial of access to the Federal Circuit to hear "arising under" patent appeals, retaliation for protected speech and filing grievances, and violation of Fifth and Fourteenth Amendment rights.

As a prospective intervenor, LIVE-F® seeks: (i) to protect sensitive IP and patents; (ii) to maintain confidentiality of patent pending venue-specific data flow technology because the systems used by defendant Live Nation Entertainment and Ticketmaster are opaque; and (iii) to expose document misconduct, forged filings, authorized access to concealed access without public exposure, and to preserve evidentiary integrity while allowing the court to assess the full scope of harm.

The Federal Circuit in response to illegal *ex parte* activities of OCA officer Kerby, transferred three of LIVE-Fi®'s patent appeals to the Second Circuit [18-2076, 20-1620, 23-134]. The Second Circuit has no jurisdiction to hear arising under patent appeals and therefore LIVE-Fi®'s constitutional rights continue to be violated in this state and others entering *sua sponte* orders without motions on notice. *Haywood v. Drown*, 556 US 729 (2009); *Christianson v. Colt Industries Operating Corp.*, 486 US 800 (1988). Ergo, to date no infringement hearings have been allowed.

Multiple venture partners of the City of New York such as the new Yankee Stadium are also using LIVE-Fi® patents without permission and reaping millions of dollars a week in revenues. Technically, LIVE-Fi® can sue the City and Yankee Stadium directly for infringement, but defendant LNE and its attorneys heinous malicious abuse of process and retaliatory harassment of LIVE-Fi®'s counsel with fraudulent postings on the Internet since 2013, has made it impossible to retain an attorney. *Monell v. Dept. of Social Services*, 436 US 658 (1978).

LIVE-Fi® therefore seeks that this Court strike all state documents considered by the SDNY, that it sequester the complete NYS AGC and Office of Court Administration files by prospective injunction; and (iii) determine continuing constitutional violations before federal courts and agencies by defendant LNE's defense lawyers in collusion with NYS officers of the courts. *Ex parte Young*, 209 US 123 (1908).

Dated: August 29, 2025  
Princeton NJ

Respectfully submitted,  
/amyweissbrodgurvey/

California counsel  
LIVE-Fi® Technology Holdings