<u>VIA ECF</u>

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**   ***United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC –
Defendants' Letter Opposition To LIVE-Fi Technology Holdings' Motion to
Intervene**

Dear Judge Subramanian:

Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Live Nation")
oppose the Motion to Intervene ("Motion") filed by Amy Weissbrod Gurvey on behalf of LIVE-
Fi Technology Holdings in the above-captioned case on August 25, 2025.  This Motion is another
one in Ms. Gurvey's long history of meritless and vexatious litigation against Live Nation.  *See*
ECF No. 633 (detailing Ms. Gurvey's litigation history and the sanctions that numerous courts
have imposed on her).  This Court recently denied Ms. Gurvey's motion seeking joinder of LIVE-
Fi as a party to this case.  ECF No. 637.  This Motion seeking intervention should likewise be
denied—it is untimely, it identifies no interest that will be impaired if LIVE-Fi is denied
intervention in this action, and any interest is adequately represented by the United States and State
Plaintiffs ("Plaintiffs") in any event.

**<u>LIVE-Fi's Motion To Intervene Should Be Denied</u>**

LIVE-Fi seeks to intervene under Federal Rule of Civil Procedure 24(a)(2).  Like in its
motion seeking joinder, LIVE-Fi alleges that Live Nation is infringing various patents LIVE-Fi
claims to own, and that Live Nation's attorneys have impeded various court and administrative
proceedings LIVE-Fi initiated.  Motion at 2-12.

To intervene under Rule 24(a)(2), LIVE-Fi must: "(1) timely file an application, (2) show
an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the
action, and (4) show that the interest is not protected adequately by the parties to the action."
*Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (citation omitted).  "Failure to satisfy *any
one* of these requirements is a sufficient ground to deny the application."  *Id.* (citation omitted).
LIVE-Fi fails to satisfy all four.

*First*, LIVE-Fi's application to intervene is untimely.  The "most important" factor in
assessing timeliness is "the length of time the applicant knew or should have known of his interest
before making the motion."  *Id.* (citation omitted).  Plaintiffs publicly filed the complaint in this
case in May 2024.  LIVE-Fi's filing comes over *one year* later and without any justification for
this delay.  Permitting a new party to intervene and raise new allegations in this complex dispute
at this stage—after the close of discovery and less than six months before trial—would prejudice
the parties and unduly postpone resolution of this action.  *See United States v. Pitney Bowes, Inc.*,
25 F.3d 66, 70, 72 (2d Cir. 1994) (the timeliness inquiry considers "prejudice to existing parties").
On that basis alone, this Motion should be denied.  *See, e.g.*, *MasterCard Int'l Inc. v. Fed'n*

*Inernationale de Football Ass'n*, No. 06 Civ. 3036 (LAP), 2006 WL 3065598, at *1-2 (S.D.N.Y. Sept. 26, 2006) (denying intervention where party seeking to intervene knew of its purported interest for at least five months before it sought to intervene).[1]

*Second*, LIVE-Fi fails to demonstrate a "direct, substantial, and legally protectable" interest in the subject matter of this action. *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (citation omitted). The claims LIVE-Fi seeks to assert are all premised on Live Nation's alleged infringement of various patents and interference with various court proceedings. Such claims do not directly and substantially relate to this antitrust action.

*Third*, LIVE-Fi fails to demonstrate any impairment to its interest if it is not allowed to intervene. It provides nothing to suggest that it cannot pursue its claims in a separate action. *See, e.g.*, *United States v. New York*, 99 F.R.D. 130, 134 (N.D.N.Y. 1983) (proposed intervenors failed to show impairment where "[n]othing prevent[ed] the proposed intervenors . . . from vindicating their rights by way of an independent action"). Indeed, it has already initiated a multitude of proceedings to pursue its claims and is in active and ongoing litigation against Live Nation. *See Gurvey v. Live Nation Ent., Inc.*, No. 2:23-cv-04381-MEMF-E (C.D. Cal. May 7, 2025), *appeal docketed*, No. 25-1954 (Fed. Cir. July 22, 2025).

*Fourth*, even assuming LIVE-Fi has any interest in this action, it is adequately protected by Plaintiffs "acting as *parens patriae*." *City of New York*, 198 F.3d at 367; *cf. Mumford Cove Ass'n v. Town of Groton*, 786 F.2d 530, 535 (2d. Cir. 1986) (absent evidence that a government agency has breached its duty to the public, it is assumed that the agency protects the public's interest); *United States v. Am. Cyanamid Co.*, 556 F. Supp. 357, 360 (S.D.N.Y. 1982) ("In Government antitrust consent decree hearings, it has been held consistently, with the rarest exception, that a private party will not be permitted to intervene as of right absent a showing that the Government has failed 'fairly, vigorously and faithfully' to represent the public interest." (citation omitted)). LIVE-Fi provides no argument to the contrary.

LIVE-Fi's Motion fails to satisfy Rule 24(a)(2) and should be denied.[2]

---

[1] For this reason, permissive intervention under Rule 24(b)—which LIVE-Fi does not seek— would likewise be inappropriate should the Court consider such intervention. *See U.S. Postal Service v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) ("The principal consideration" for permissive intervention is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." (citation omitted)).

[2] On August 30, 2025, Ms. Gurvey filed a "Supplementary Letter Affirmation and Memorandum of Law" that purports to support LIVE-Fi's Motion to Intervene. ECF No. 641. Like her prior filings in this matter, this filing lists various grievances against Live Nation's attorneys and court personnel. It also asks this Court to "strike all state documents considered by the SDNY," "sequester the complete NYS AGC and Office of Court Administration files by prospective injunction," and "determine continuing constitutional violations before federal courts and agencies by defendant LNE's defense lawyers in collusion with NYS officers of the courts." *Id.* at 6. Ms. Gurvey makes no attempt to explain how these requests bear any relation to LIVE-Fi's intervention motion or even to this matter. They should be disregarded.

Dated: September 8, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

CRAVATH, SWAINE & MOORE LLP

Alfred C. Pfeiffer (admitted *pro hac vice*)
  *Co-Lead Trial Counsel*
David R. Marriott
  *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Andrew M. Gass (admitted *pro hac vice*)
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

3