UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C.,<br><br>*Defendants*. | Civil No. 1:24-cv-3973-AS |

**PLAINTIFFS' OPPOSITION TO
MOTION TO INTERVENE UNDER RULE 24(a)**

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1
BACKGROUND .................................................................................................................... 1
LEGAL STANDARD ............................................................................................................. 2
ARGUMENT .......................................................................................................................... 3
   A.   Live-Fi cannot meet the requirements of Rule 24(a). ................................................ 3
   B.   Live-Fi does not meet the requirements of Rule 24(a). ............................................. 3
       i.   Live-Fi's application is untimely. ....................................................................... 3
       ii.   Live-Fi does not show that it has a direct, substantial, and legally protectable interest in this proceeding. .............................................................. 5
       iii.   Live-Fi's interests will not be impaired by the disposition of this action. ........ 6
       iv.   Live-Fi has not shown that its interests will be inadequately protected by the parties to this action. ...................................................................................... 7
   C.   Live-Fi does not qualify for permissive intervention. .............................................. 7
   D.   Live-Fi has failed to meet the procedural requirements of Rule 24. ......................... 8
CONCLUSION ....................................................................................................................... 9

# INTRODUCTION

On August 25, 2025, LIVE-Fi® Technology Holdings, LLC ("Live-Fi") moved to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) ("Motion"), ECF No. 639, and subsequently filed a supplemental letter and memorandum of law. ECF No. 641. Live-Fi previously moved for permissive or mandatory joinder in this action, and its motion was denied on August 22, 2025. ECF No. 637.

Live-Fi's Motion falls short and should be denied. Having failed to qualify as a necessary party under Rule 19, Live-Fi does not meet the requirements of Rule 24(a) to intervene as of right. Live-Fi does not demonstrate that it would advance any argument or introduce evidence relevant to Plaintiffs' claims that Plaintiffs cannot bring, does not show that its interests will be negatively impacted or inadequately protected by Plaintiffs' suit, and has delayed filing for so long that the Motion, if granted, would have the effect of unduly delaying the adjudication of the rights of the original parties. Finally, the Motion does not comply with Federal Rule of Civil Procedure 24(c) because it does not include an attached pleading setting forth the claim or defense for which Live-Fi seeks to intervene.

Because Live-Fi's motion does not satisfy the legal standards for intervention, the Motion should be denied.

# BACKGROUND

Plaintiffs brought this action on May 23, 2024, and fact discovery is now closed. ECF Nos. 1, 4, and 602. Plaintiffs have worked diligently to maintain the schedule ordered by the Court. Live-Fi has previously moved to join the present action either through Rule 19 of the Federal Rules of Civil Procedure as a required party or through permissive joinder under Rule 20. ECF No. 622. Live-Fi is a business entity that owns patents and is conducting a "non-ticketing business," ECF No. 597 at 10, and alleged Defendants infringed its intellectual property. Plaintiffs and Defendants

1

both opposed the motion for joinder and argued that Live-Fi was not a necessary party as required by Rule 19 and should not be permitted to join under Rule 20. See ECF Nos. 632 and 633. The Court denied Live-Fi's motion for joinder, holding that joinder of Live-Fi was "improper" based on "the reasons stated in the letters filed in opposition by both" Plaintiffs and Defendants. ECF No. 637. The Court also stated that if Live-Fi "wishes to file a case against the defendants," it would need to be "in the appropriate forum." *Id.*

Live-Fi now attempts to circumvent this Court's ruling by filing the current Motion to intervene. Live-Fi's previous motion for joinder outlined its intellectual property claims against Defendants. *See* ECF No. 622.[1] Live-Fi makes several additional arguments in its Motion to Intervene, none of which warrant intervention. ECF No. 639 at 4-6. None of these allegations demonstrate any new "interest" that was not brought before the Court in Live-Fi's previous motion for joinder.

**LEGAL STANDARD**

Rule 24(a)(2) requires that "[o]n timely motion," a court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Intervention as of right under Rule 24(a)(2) is appropriate when:

> all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to

---

[1] Live-Fi's intellectual property outlined in its initial motion for joinder included three patents and five pending applications, ECF No. 597 at 11, but the current Motion references three issued patents, thirteen pending patents, and "registered copyrights" without providing any identification of the pending patents or any copyright registration number, ECF No. 639 at 2, 10.

> protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006) (citing *United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir. 1994)).

## ARGUMENT

For the following reasons, Plaintiffs respectfully request the Court deny Live-Fi's Motion to intervene.

### A.    Live-Fi cannot meet the requirements of Rule 24(a).

Because Live-Fi is not a necessary party under Rule 19, it cannot intervene in the case under Rule 24. Second Circuit law is clear that "if a party is not 'necessary' under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)." *MasterCard Int'l Inc.*, 471 F.3d at 389. This Court has already found that Live-Fi is not "necessary" under Rule 19(a). ECF No. 637 (dismissing Live-Fi's motion for joinder under Rule 19 and declining to exercise discretion for permissive joinder under Rule 20). The current Motion cannot overcome this Court's previous sound judgment and exercise of discretion. The Court need not conduct any further inquiry.

### B.    Live-Fi does not meet the requirements of Rule 24(a).

Even if the Court were to evaluate Live-Fi's present Motion under Rule 24, Live-Fi's Motion still fails. Live-Fi fails to meet any of the four requirements of Rule 24(a)(2).

#### i. Live-Fi's application is untimely.

Turning first to the timeliness of Live-Fi's Motion, the factors to consider in determining timeliness include:

> (a) the length of time the applicant knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d)

3

>[the] presence of unusual circumstances militating for or against a finding of timeliness.

*MasterCard Int'l Inc.*, 471 F.3d at 390 (quoting *United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987) (alteration in original)). "Timeliness is not defined by the Rule, and is therefore left largely to the court's discretion which must be guided by consideration of all of the circumstances surrounding the requested intervention." *Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582, 591 (S.D.N.Y. 2018) (quoting *Underwood v. N.Y. Office of Court Admin.*, No. 78 Civ. 4382-CSH, 1983 WL 504, at *3 (S.D.N.Y. Apr. 29, 1983). The applicable factors weigh against finding Live-Fi's intervention timely.

First, Live-Fi's Motion comes over a year after Plaintiffs first served their complaint and after fact discovery has closed. Live-Fi's Motion does not state when Live-Fi learned of this action, nor why it waited over a year after the Complaint was filed before moving to intervene. Live-Fi has been involved in litigation against Defendants, and others, for many years. *See* ECF No. 633 at 1 (describing Live-Fi's extensive litigation history with Defendants). Live-Fi has already litigated many of its potential claims and has at the very least been on notice of any potential claims for many years.[2] To the extent that the Motion contains any justification for its delay, such justification is conclusory and insufficient. *See In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 172 (S.D.N.Y. 2000), *aff'd sub nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) (Movant who stated "in a conclusory manner" that his motion to intervene was

---

[2] According to Live-Fi, its claims arise from over a decade of alleged conduct by Defendants that commenced prior to 2009. ECF No. 639 at 6. The only "new" discovery Live-Fi claims is that its counsel and CEO Ms. Gurvey discovered "*ex parte* defamatory documents" in 2025 relating to her appeal in the Court of Appeals for the Federal Circuit regarding an action against the State of New York and others. ECF No. 639 at 7–8. However, Ms. Gurvey has litigated this matter already. *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 757 F. App'x 62, 63 (2d Cir. 2018). Even if true that Ms. Gurvey discovered new information in 2025, it is unclear how such information relates to Live-Fi's alleged interests in this matter.

timely a year after the action was filed was found to have intervened too late). Furthermore, the fact that the United States and forty State co-Plaintiffs are litigating an antitrust enforcement action against Live Nation and Ticketmaster has been well-publicized in multiple newspapers, clips on television, and in both general and industry press. Given Live-Fi's numerous actions against Defendants, it reasonably should have known about this case soon after it was filed.

Second, there would be prejudice to existing parties resulting from delay in allowing Live-Fi to intervene. Live-Fi is attempting to enter this case at a significantly advanced stage, such that if granted, its intervention would require re-opening discovery and delaying the proceedings. *See John Wiley & Sons, Inc. v. Book Dog Books*, *LLC,* 315 F.R.D. 169, 173 (S.D.N.Y. 2016) ("Case law holds that where a grant of a motion to intervene would require further discovery, a court may properly deny the motion."). Plaintiffs have worked diligently to litigate this case on the Court-ordered schedule and trial is less than six months away.

Third, there is no prejudice to Live-Fi if the motion is denied as all of the claims it asserts it has can be brought in another forum, as already determined by this Court. *See* ECF 637 ("If LIVE-Fi wishes to file a case against the defendants, it may do so, if viable and in the appropriate forum.").

Fourth and finally, Live-Fi has not pointed to any unusual circumstances that might justify allowing intervention now. This Court has already determined that "[i]f LIVE-Fi wishes to file a case against the defendants, it may do so, if viable and in the appropriate forum." ECF No. 637.

> **ii. Live-Fi does not show that it has a direct, substantial, and legally protectable interest in this proceeding.**

Under Rule 24(a)(2), a proposed intervenor must have "a direct, substantial, and legally protectable" interest in the proceeding. *See Washington Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). While designed to prevent numerous suits,

"intervention cannot be used as a means to inject collateral issues into an existing action." *Id*. As already examined and held by this Court, Live-Fi has no interest in the current action nor does it have any interest that will be impaired by the disposition of the action. *See* ECF Nos. 632 at 6–8 (Plaintiffs' Opposition to Live-Fi's Motion for Joinder) (discussing Live-Fi's lack of interest in the case and that disposing of the action will not impair any of Live-Fi's alleged interests), 633 at 2 (Defendants' Opposition to Live-Fi's Motion for Joinder) (discussing the same), and 637 (Court Order denying Live-Fi's Motion for Joinder for the reasons stated in Plaintiffs and Defendants' oppositions). Rule 24 and Rule 19 "are intended to mirror each other." *MasterCard Int'l Inc*., 471 F.3d at 390. Looking at Live-Fi's claims through the lens of Rule 24, Live-Fi still does not have any legally protectable interest. Instead, Live-Fi raises only non-protectable, indirect, or otherwise collateral issues to the case brought by Plaintiffs.

### iii. Live-Fi's interests will not be impaired by the disposition of this action.

Neither Live-Fi's intellectual property nor any alleged difficulties in obtaining patents for that intellectual property are implicated in the current action. There has been no discovery related to any of Live-Fi's intellectual property, and Live-Fi's intellectual property will not be implicated by the resolution of this case.

To the extent that any of Live-Fi's interests do coincide with the claims in Plaintiffs' case, its rights are not bound by the disposition of this case. It is "fully settled that a person whose private interests coincide with the public interest in government antitrust litigation is nonetheless not bound by the eventuality of such litigation, and hence may not, as of right, intervene in it." *Sam Fox Pub. Co. v. United States*, 366 U.S. 683, 689 (1961). No result in this case can prevent Live-Fi from filing a separate lawsuit to vindicate its interests.

### iv. Live-Fi has not shown that its interests will be inadequately protected by the parties to this action.

The United States and forty State co-Plaintiffs more than adequately protect the interests of the citizens that they brought this case to protect. "Representation is not inadequate simply because . . . the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999).

Here, Live-Fi asserts that its interests in its intellectual property cannot be represented by the Plaintiffs because of the Eleventh Amendment. ECF No. 639 at 11. But Live-Fi's interests in its intellectual property are not at issue in this case. Live-Fi is free to file its own, separate lawsuit to protect any interests it may have in its intellectual property.

Having failed to meet the four required conditions for intervention as of right under Rule 24(a), Live-Fi's Motion must be denied.

### C.   Live-Fi does not qualify for permissive intervention.

Rule 24(b) permits intervention on timely motion if the movant "is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P 24(b)(1). The Motion does not include a request for permissive intervention. Even assuming *arguendo* that it did, this Court has already declined to exercise its discretion to allow permissive joinder and there is no reason to reconsider that discretion and allow permissive intervention. Live-Fi has not shown that there is a common question of fact or law. When considering a request for permissive intervention a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P 24(b)(3), and as discussed *supra*, Live-Fi cannot overcome the delay and prejudice to the existing parties that would occur by adding Live-Fi and reopening discovery.

### D.  Live-Fi has failed to meet the procedural requirements of Rule 24.

Lastly, a motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Where a movant attempts to intervene without pleading papers, courts in the Second Circuit deny intervention unless "a party seeks to intervene for a limited purpose and where their position is clearly articulated in their motion papers." *Garcia v. Berkshire Nursery & Supply Corp.*, 705 F. Supp. 3d 188, 191 n.1 (S.D.N.Y. 2023). This allows the Court "to determine whether [the] applicant has a legally cognizable claim." *Usery v. Bd. of Pub. Ed., Sch. Dist. of Pittsburgh*, 418 F. Supp. 1037, 1041 (W.D. Pa. 1976).

Live-Fi has not attached pleading papers and its claims are not clearly articulated in its motion papers. Live-Fi presents vague, conclusory allegations regarding "patent pending" systems, a preclusion order relating to "patent data," and Fourteenth Amendment claims, among others. ECF No. 639 at 6. While Live-Fi's supplemental letter echoes these claims and provides more detail regarding Live-Fi's potential Fourteenth Amendment claims, ECF No. 641, it does not provide the clarity needed to "clearly articulate" Live-Fi's position. Even in the light most favorable to Live-Fi, it is unclear if any of its claims are cognizable. The lack of pleading papers and the inability to turn the Motion into cognizable claims is a sufficient basis to deny intervention. *See, e.g.*, *G-I Holdings, Inc. v. Baron & Budd*, No. 01 CIV. 0216 (RWS), 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7, 2002) (finding that movant failure to file a pleading as required by Rule 24(c) warranted denial of motion to intervene); *Gould v. United States*, No. 11 CIV. 4244 JSR, 2011 WL 5555822, at *1 (S.D.N.Y. Nov. 3, 2011) (same). Accordingly, Live-Fi's failure to attach pleading papers is fatal to the Motion and is yet another reason the Motion should be denied.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Live-Fi's Motion to intervene.

Respectfully submitted,

 /s/ Bonny Sweeney
BONNY SWEENEY
*Lead Trial Counsel*

RACHEL HICKS
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Bonny.Sweeney@usdoj.gov
Rachel.Hicks2@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email: amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Paula Lauren Gibson
Paula Lauren Gibson (admitted *pro hac vice*)
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Victoria Maria Orton Field
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

/s/ Lee Morris
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
Attorney for Plaintiff State of Mississippi

/s/ Justin C. McCully
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Andrew F. Esoldi
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

/s/ Jonathan Hatch
Jonathan Hatch
Assistant Attorney General
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

/s/ Evan Crocker
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

*/s/ Francisco Benzoni*
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

*/s/ Sarah Mader*
Sarah Mader (admitted *pro hac vice)*
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

*/s/ Cameron R. Capps*
Cameron R. Capps (admitted *pro hac vice*)
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma  73105
Telephone:  (405) 522-0858
Fax:  (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
Attorney for Plaintiff State of Oklahoma

*/s/ Gina Ko*
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

*/s/ Joseph S. Betsko*
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

*/s/ Jared Q. Libet*
Jared Q. Libet (admitted *pro hac vice*)
Assistant Deputy Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South Carolina*

13

*/s/ Bret Leigh Nance*
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

*/s/ Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

*/s/ Diamante Smith*
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

*/s/ Marie W.L. Martin*
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

*/s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

*/s/ David C. Smith*
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Ashley A. Locke*
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

<u>*/s/ Caitlin M. Madden*</u>
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

<u>*/s/ William T. Young*</u>
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*