Live-Fi™ Technology Holdings
7302 Woodstone Circle
Princeton, NJ 08540
amyg@live-fi.com
917-733-9981

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

______________________________________X

US Dept. of Justice (and 35+ US States)
Plaintiffs,

DENIED.

This motion invokes an injunction entered by the Northern District of New York as newly discovered evidence. That invocation is false and misleading, implicating counsel's duty of candor. In the cited case, the Northern District **denied** Amy Weissbrod Gurvey's motion for an injunction in a case that appears to arise from similar patent-related grievances to those raised by Gurvey here. Pointing to multiple instances in which courts have dismissed these same claims, the Northern District wrote that "there can be no doubt that [Gurvey's] repeated litigating of the very same issues constitutes a needless and burdensome imposition on the resources of the courts and defendants." 24cv211, Dkt. 79 at 16. As a result, Gurvey's "frivolous and vexatious litigation practices [were] REFERRED to Chief United States District Judge Brenda K. Sannes for consideration of a possible pre-filing order." *Id.* at 17.

These issues will not enter this case. Live-Fi is on notice that further filings in this case may result in sanctions or a filing ban. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 647.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 16, 2025

FRCP RULE 59 (e) and LOCAL RULE 6.3 MOTION FOR RECONSIDERATION TO STRIKE DOCKET ENTRY #633 AND TO DISQUALIFY CRAVATH SWAINE AND MOORE

Live Nation Entertainment, Inc.,
Live Nation Inc., Ticketmaster, LLC and
Does I-X, Defendants.
______________________________________X

To the Honorable Arun Subramanian, United States District Judge:

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 based on NEW EVIDENCE in the form of an injunction against NYS officers of the courts entered on September 5, 2025 by the

Northern District of New York[1], proposed Intervenor LIVE-Fi® LLC respectfully moves this Court to reconsider its Order denying LIVE-Fi®'s motion to intervene in this antitrust and divestiture lawsuit as of right or by permission. The Court accepted fraudulent *sua sponte* submissions by defendant Live Nation Entertainment (LNE)'s attorneys at Cravath Swaine and Moore, Docket #633, proven false by the NDNY injunction. The papers fraudulently defamed LIVE-Fi®'s California counsel and cannot be left hanging on the docket or they will continue to be cited and cause further prejudice. LIVE-Fi®'s Reply exhibits and demand for this Court to compel the state files by injunction in response to Cravath's Opposition Docket #633 were not considered by the Court.

LIVE-Fi®'s was involved in a previous patent litigation before the SDNY in 2009 at the time the DCD district court granted Live Nation and Ticketmaster merger based on proscriptives contained in a competitive impact statement and consent decree. The conditions were contumaciously defied. LIVE-Fi®'s first US ticketing patent claims issued at the same time on October 13, 2009 and LIVE-Fi sued before this Court on April 22, 2010 for willful infringement and inducing infringement. Before this Court, infringer defendants Live Nation and Cowan Liebowitz & Latman were being represented by Hinshaw & Culbertson. Unknown to LIVE-Fi® the Hinshaw firm had partners dually serving as staff counsels on the First Dept. attorney grievance committee (AGC) without disclosing conflicts of interest and were inserting forged documents into the state files without a warrant. NY's Judiciary Law Part 1240.18.

In 2009, LIVE-Fi® won binding arbitration on certain contract claims before the SDNY but on remand received no patent discovery or infringement hearings ordered by the 2d Circuit in 2012 (462 Fed. Appx. 26). LIVE-Fi®'s infringement complaint date-stamped and filed

[1] 24cv211

on April 22, 2010 [2], was deleted *ex parte* from the docket during the stay of appeal. Hinshaw's attorney J. Richard Supple, a concealed First Dept. staff counsel, then began circulating his forged state documents to SDNY officers and judges to deprive LIVE-Fi® of infringement hearings. The circulated forgeries created in 2011 affixed the signature of a dead 2002 former First Dept. chief counsel Paul Curran who died of cancer in 2007. A state orders entered *sua sponte* without motion on notice in 2012 was determined non final by the NY Court of Appeals and could not be collaterally applied by any subsequent court. It was applied improperly by the SDNY and improperly cited by Cravath in this lawsuit warranting sanctions.

Supple's *ex parte* proffers were never ordered served on LIVE-Fi®'s counsel in violation of ABA Rule 2.9 on Ex Parte Communications. However, a magistrate Henry Pitman who accepted them *ex parte* was dismissed from the case and the court. The legal result was that LIVE-Fi® got no patent or infringement hearings through 2023 as more US patent claims issued during that lawsuit (06cv1202). The orders defy *Anza Technology v. Mushkin*, 934 F. 3d 1349 (Fed Cir., 2019) and the liberal pleading rules of the 2d Circuit. *Metzler Investments Gmbh v. Chipotle Mexican Grill*, 970 F. 3d 133 (2d Cir. 2020) (citing *Grant Williams v. Citicorp,* 658 F. 3d 208 (2d Cir. 2011)

The smoking gun, however, was that Supple cohorts Shawn Kerby and Sam Younger at the NYS Office of Court Administration (OCA), were caught writing *ex parte* letters to the Federal Circuit not to hear LIVE-Fi®'s three arising under patents appeals to orders of the SDNY denying patent hearings on willful infringement, inducing infringement and nonjoinder. The three appeals were issued Docket #s 18-2076. 20-1620, 23-134 by the Federal Circuit. In response, the Federal Circuit improperly transferred these appeals sua *sponte* to the Second Circuit

[2] *US v. Ticketmaster and Live Nation*, 2010 WL 975407, 975408 (DCD January 25, 2010)(RMC); Amended Judgment January 8, 2020

when the Second Circuit has no jurisdiction under the Supremacy Clause Art. VI, Cl. 2 to hear the appeals. See also, *Haywood v. Drown*, 556 US 729 (2009). These orders are on petition to the US Supreme Court. Docket #24-7441.

However, empirically relevant to this motion is that starting in 2016 during the SDNY patent lawsuit, the NY Legal Assistance Group (NYLAG), a NYS agency serving as the pro se self-help unit for the SDNY, refused to assist LIVE-Fi®'s counsel get Supple disqualified, the forged and unserved state files ordered by injunction and the infringement hearings ordered. NY's Judiciary Law Part 1240.6d. The chief state lawyer, Robyn Tarnofsky, harbored an irreconcilable conflict of interest. She forced LIVE-Fi®'s counsel to sign 5 state retainers and advised LIVE-Fi®'s California counsel that as an out of state attorney she would never get an infringement hearing in this court and that "*there are some acts for which there is no remedy*".

This of course is a totally wrong statement of the law and improper legal advice for a district court help attorney to give to a patent holder whose patents are being used without permission in the district. Tarnofsky is deemed on notice that NY's Judiciary Law Part 1240 required disqualification of Supple from the Cowan defendants representation and that LIVE-Fi® and its counsel had a constitutional right to infringement hearings against the named defendants guaranteed by the Fourteenth Amendment. In addition, LIVE-Fi's counsel had a constitutional right to injunction to compel the forged state files and for state officers' continuing to violate constitutional rights. *Ex parte Young*, 209 US 123 (1908). On August 26, 2025, LIVE-Fi®'s counsel was given first access to the "ordered concealed" First Dept. files by armed marshals. The documents discovered in 12-14 Redwells are shocking and prove RICO corruption with live nation's defense attorneys with state officers.

Docket #633 filed by Cravath Swaine and Moore undermines the integrity of these proceedings. A Cravath partner, Antony Ryan, is the husband of Ms. Tarnofsky, creating further conflicts of interest. The opposition is a further defamatory slur and must be stricken based on the Court of Appeals orders of nonfinality and that the sua sponte orders induced by Supple are now before the US Supreme Court.

It is astounding that Ms. Tarnofsky who defrauded LIVE-Fi®'s counsel as a NYLAG staff senior attorney, is now a magistrate in this court. It is astounding that the State of NY would have state attorneys serving on a *pro se* help unit for a federal district court, when in patent litigation federal law preempts the law of the state and conflicts of interest are unavoidable.

Ms. Tarnofsky is currently serving as the magistrate in Case No. 24cv2930 (PAE)(SDNY). In this case, plaintiffs Alan Amron and Amron's alter ego echangingbarcode, LLC sued defendants herein Live Nation and Ticketmaster and also *inter alia* defendants StubHub and MLB and MLB Advanced Media (MLBAM) for patent infringement. Live Nation defendants in this lawsuit never filed fraudulent jurisdictional papers that they had "*no NY contacts and could not be compelled to answer infringement claims in this district*" as they did in LIVE-Fi®'s lawsuit Those fraudulent papers were filed by Hinshaw's Supple and Baker Botts attorney Steven Shortgen in 2009 in direct conflict with defendant Live Nation's documents signed before the DC District Court that defendant owned NYC venues House of Blues, Irving Plaza and Roseland Ballroom since 2005 and was importing a ticketing system from CTS Eventim of Germany to service those venues to compete with Ticketmaster.

The current 24cv2930 defendants MLB, MLB Advanced Media and 30 national baseball teams are infringers of LIVE-Fi®'s patents and along with defendant StubHub are derivative violators of the DC District Court antitrust consent decree and competitive impact

statement signed by defendants Live Nation and Ticketmaster. MLB and MLBAM defendants are using Ticketmaster's ticketing system without permission pursuant to extended long-term serving contracts and wherein Ticketmaster continues to withholding ticket data from non-ticketing businesses at defendants' serviced sports venues in violation of the Competitive Impact Statement, pp. 8, line 10. There is no dispute that plaintiff Amron failed to cite to LIVE-Fi® issued patents before the USPTO as prior art and his patent seeking to be enforced in this lawsuit may be invalidated or found unenforceable. A copy of LIVE-Fi®'s motion to intervene in the 24cv2930 lawsuit is appended as exhibit to this motion.

## I. STATEMENT OF MOTION

The injunction entered by NDNY on September 5, 2025 is newly discovered evidence anticipated in LIVE-Fi®'s reply to Cravath #633 false and defamatory opposition. That opposition must be stricken and sanctioned or it will cause further prejudice to LIVE-Fi® and its counsel. The court overlooked controlling law by *sua sponte* referring LIVE-Fi ® to defendant's opposition papers and did not consider the relief sought in the reply.

Defendant Cravath Swaine and Moore should be disqualified. Key factual matters bear directly on LIVE-Fi®'s substantial continued legal interest in the divestiture proceedings based on continued exclusion from this court to enforce patents. Moreover, based the injunction granted by the NDNY that was never granted by this Court, continued manifest injustice that will result from exclusion.

Additionally, newly discovered evidence reveals that Cravath Swaine and Moore's partner Antony Ryan has a conflict of interest and the firm engaged in conduct warranting disqualification under the New York Rules of Professional Conduct and applicable federal standards.

## II. STANDARD OF REVIEW

Under Rule 59(e), a motion to alter or amend judgment may be granted to correct clear error of law or fact, prevent manifest injustice, or consider newly discovered evidence. Reconsideration is appropriate where the Court has misapprehended the facts, a party's position, or controlling law or new evidence not previously available would alter the outcome.

## III. GROUNDS FOR RECONSIDERATION

### A. Overlooked Legal Interest and Standing

LIVE-Fi® demonstrated a direct and substantial patent interest in its competitive positioning in the relevant market. The Court's denial failed to account for Second Circuit precedent recognizing intervention rights in antitrust actions where the movant's business interests are directly affected. Here the defendants' attorneys also continue to defame LIVE-Fi®'s California counsel in violation of NY Court of Appeals orders.

### B. Manifest Injustice

Exclusion of LIVE-Fi® from the proceedings deprives it of the opportunity to protect its property interests and its counsel's business reputation and offer a competitive alternative to the proposed divestiture structure. This undermines the public interest in robust antitrust enforcement and transparency.

### C. Newly Discovered Evidence Warranting Disqualification

LIVE-Fi® being granted an injunction highlights an elaborate RICO conspiratorial enterprise between all of defendant LNE's law firms and NYS officers of the courts. Additionally, Cravath's failure to disclose this conflict to the Court violates other Rules of Professional Conduct.

## IV. REQUEST FOR RELIEF

LIVE-Fi ®respectfully requests that the Court:

1. Vacate its prior Order denying intervention;
2. Grant LIVE-Fi® leave to intervene as of right or by permission;
3. Disqualify Cravath Swaine and Moore from further representation in this matter;
4. Grant such other relief as the Court deems just and proper.

## V. CONCLUSION

For the foregoing reasons, LIVE-Fi urges the Court to reconsider its prior ruling and permit intervention to ensure fairness, protect competitive interests, and uphold the integrity of the proceeding.

Dated:  September 14, 2025

Princeton, NJ

/amyweissbrodgurvey/

AMY R. WEISSBROD GURVEY
LIVE-Fi® TECHNOLOGY HOLDINGS, LLC