**DENIED.**

Counsel has already been warned, Dkt. 648, and the Court will now not respond to any further submissions from Live-Fi.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 653.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 7, 2025

Live-Fi™ Technology Holdings
7302 Woodstone Circle
Princeton, NJ 08540
amyg@live-fi.com
917-733-9981

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

US Dept. of Justice (and 35+ US States)
Plaintiffs, v.

CASE NO. 24cv3973 (AS)

DEMAND MOTION TO STRIKE DOC #S 633 AND 648

Live Nation Entertainment. Inc.,
Live Nation Inc., Ticketmaster, LLC and
Does I-X, Defendants.

---------------------------------------X

Dear Judge Subramanian:

    This is formal notice that Doc. Entries #s 633 and 648 must be stricken from the record within seven (7) days or a motion seeking mandamus relief will be filed before the US Supreme Court in the petition already pending (#24-7441). The reason… the court's orders are contrary to the New York State record since 2010 as proven by the hearing on injunction issued by the NDNY on September 5, 2025 (24-cv211, Docket # 85 et seq.) that gave the undersigned preliminary access to the NYS files on August 26, 2025 <u>after 13 years</u>. The documents were ordered concealed in violation of due process and NY's Judiciary Law Part 1240.7. The files proved that defendant Live Nation Entertainment (LNE)'s and its five law firms' perpetrated *ex parte* fraud

1

upon this Court since 2010 to prevent infringement hearings to affirm LIVE-Fi® patents in the market. Unless the court's entries are now vacated, they will continue to be copied <u>before final adjudication and cause further undue prejudice</u>. This court improperly withheld orders granting injunctive and declaratory relief against NYS unified court system (UCS) officers since 2013.

As thereafter first found by the First Dept. on April 21, 2016, the UCS officers included defendant Live Nation's SDNY defense attorney J. Richard Supple of Hinshaw & Culbertson who never disclosed his concealed state post or conflicts of interest. The First Dept. AGC never had jurisdiction over LIVE-Fi®'s California counsel and no power to enter any sua sponte order against her. The acts are unprotected. The NY Court of Appeals found the unserved documents nonfinal such that they could not be given any collateral effect as a final order. This court defied the law in defiance of constitutional guarantees and due process.

SDNY judges also denied patent discovery ordered by the 2d Circuit in 2012 (462 Fed. Appx. 26) and failed to disqualify Supple and Hinshaw & Culbertson from the previous lawsuit on November 29, 2016. The NY Legal Assistance Group, a NYS agency serving as the pro se help unit would not assist the undersigned file the disqualification motion as a pro se litigant based on the State's own conflict of interest. This gave defendant LNE, its merged partner Ticketmaster and their expanding clique of venture primary and secondary ticketing partners lead time to willfully infringe and induce infringement of LIVE-Fi® patents.

There has since been confirmed *ex parte* obstruction of justice before the administrative officers of this Court since 2013, the Federal Circuit since 2018 and before the USPTO to delay issuance of LIVE-Fi® patents.[1] This is why five actions are currently pending caused by this

---

[1] Defendant MLB in Case No. 24-2930 is a venture partner of defendant Live Nation Entertainment's merged entity Ticketmaster. They are all clients of

Court's constitutional violations in failing to grant injunctive and declaratory relief on a timely basis. 13cv2565.

Preliminary inspection of the NYS files also established that this court's reference to transcripts and audiotapes in a HUD housing proceeding NYS Attorney General. AG gave instructions to OCA clerk Jane Chin and court listed transcriber Linda Sears starting in 2001 to destroy completed transcripts. The only "NY attorney" sanctioned in the 2000 HUD housing proceeding, and unjustifiably so, was Jay Stuart Dankberg, Esq., a retired NYC civil court judge, <u>not the undersigned</u>. [2] It is unclear how the order of this Court found to the contrary.

In 2025, the smoking gun was discovered. OCA attorney Shawn Kerby was caught submitting *ex parte* letters since 2018 to the Federal Circuit not to hear LIVE-Fi® and its counsel's constitutional appeals to orders of the SDNY denying infringement hearings. The State of New York and its officers had no standing to interfere in the previous arising under patent lawsuit against defendant Live Nation and Cowan Liebowitz & Latman. The documents drafted by Kerby fraudulently say that undersigned counsel was disbarred. **<u>Counsel was never disbarred.</u> The same fraudulent documents were discovered posted sua sponte on the Internet without due process by OCA**

---

defendant Cowan Liebowitz & Latman of NY, who was dually serving as counsel's original patent practitioner before the USPTO without disclosing conflicts of interest.

[2] The audiotapes and transcripts from that proceeding were those ordered covertly destroyed by OCA's Jane Chin and a NYC Civil Court Clerk Ernesto Belzagy. The files also prove that the NYC Supervising Judge of Housing Judge Ernest Cavallo sent this counsel a written apology. However, completed transcripts necessary for an appeal to the Appellate Term prepared by Linda Sears, a court-listed transcriber, were also ordered unilaterally destroyed by members of the NYS Attorney General.

**clerk Sam Younger. They were required to be ordered taken down by injunction from this court.**

LIVE-Fi® has already filed a separate complaint before the DC District Court to mandate compliance with the 2010 antitrust judgment and competitive impact statement. The mandate proscribed the merged entity from withholding ticket data from companies seeking to conduct non-ticketing businesses at its owned, operated and service venues. LIVE-Fi® owns and controls the standard essential patents that conduct non-ticketing businesses including authentication of ticket data, hybrid encryption, transmission matrices for event content and AI analytics.

Members of this court must stop covering up their own extended malicious abuse of the wrong party, issue injunctive relief against NYS UCS officers and sanction Cravath Swaine and Moore for docketing frivolous papers contrary to the state record.

Dated: October 3, 2025
Princeton, NJ

/amyweissbrodgurvey/
AMYWEISSBRODGURVEY
CEO LIVE-Fi® Technology Holdings

4