**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl St., Courtroom 15A
New York, NY 10007-1312

**Re:** *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian,

     Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (collectively, "Defendants") submit this letter to respectfully request that Daniel Wall, Live Nation's Executive Vice President for Corporate and Regulatory Affairs, be permitted to attend the upcoming deposition of Plaintiffs' chief economic expert, Dr. Nicholas Hill, on November 3.

     As the Court may recall, Mr. Wall is a former Latham antitrust partner who has long served as an antitrust advisor to Live Nation, and in his current role is principally responsible for overseeing and directing Live Nation's defense in this action. While it is possible that Dr. Hill's testimony will touch on non-party information designated Confidential or Highly Confidential under the Protective Order, that is not a basis to prevent Mr. Wall's participation in Dr. Hill's deposition. The Court previously declined to permit Mr. Wall to see non-party discovery material designated Confidential or Highly Confidential under the Protective Order, at a time when non-party fact discovery was just kicking off and the parties were anticipating sweeping non-party discovery, because it was unknown what non-party information would be produced in the case and "what Mr. Wall . . . might need to look at." (July 29, 2024 Hearing Tr. 9:15-20.) However, the Court recognized that there may be "key depositions" and expert discovery, involving a more discrete universe of non-party information, that Mr. Wall should be permitted to participate in so that he can be meaningfully involved in preparing Live Nation's defenses for trial. (*Id*. at 9:15-10:15, 12:10-20.) There is no deposition more "key" than Dr. Hill's, as Dr. Hill is carrying the water for Plaintiffs on *all* liability issues.

     Moreover, there is nothing that Dr. Hill will testify to in his deposition that would not also be featured in his trial testimony (to the extent Plaintiffs' claims and the related testimony survive forthcoming motion practice), as well as in motions due less than two weeks after Dr. Hill's deposition, both of which the Court expressly retained "unfettered discretion" to de-designate—indeed, the Court has expressly warned that any confidential information introduced at trial is "unlikely" to be sealed. (Dkt. 347, Amended Protective Order ¶ 11 ("All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material or Investigation Material introduced in evidence at trial, even if such material has previously been sealed or designated as Highly Confidential or Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Highly Confidential or Confidential Document or information contained in any Highly Confidential or Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.").) The very purpose of expert depositions is to "learn in advance of trial" the specific evidence and analyses that the proffering party expects to introduce at trial through expert testimony. *See, e.g.*, *Kalish v. Franklin Advisers, Inc.*, 742 F.

Supp. 1222, 1234 (S.D.N.Y. 1990), *aff'd*, 928 F.2d 590 (2d Cir. 1991) ("The purpose of a pre-trial deposition of the adverse party's expert witness is to learn in advance of trial precisely what the expert will say, in order to prepare to meet it.").

We are now only four months from the start of trial. It is imperative that Mr. Wall be allowed to take on a more meaningful role in preparing Live Nation's trial defenses. In order to do so, he must be allowed to participate in critical pre-trial events like the deposition of Plaintiffs' chief economic expert.[1]

For the foregoing reasons, Defendants respectfully request that Mr. Wall be permitted to attend Dr. Hill's deposition.

---

[1] Consistent with Rule 5 of the Court's Individual Practices and the Court's instructions at the July 29, 2024 hearing: (1) the parties held a lead counsel meet and confer via videoconference on October 28, 2025 at 4:30pm; (2) the conference lasted approximately 20 minutes; (3) Alfred Pfeiffer and Nicole Peles were the principal participants for Defendants; Bonny Sweeney was the principal participant for Plaintiffs; (4) at the conference, Plaintiffs stated that they oppose the presence of Mr. Wall at Dr. Hill's deposition; and (5) the parties agreed that they had reached an impasse.

Dated: October 28, 2025

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| *[signature]* | *[signature]* |
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>   *Co-Lead Trial Counsel*<br>David R. Marriott<br>   *Co-Lead Trial Counsel*<br>Timothy L. O'Mara (admitted *pro hac vice*)<br>Jennifer L. Giordano<br>Andrew M. Gass (admitted *pro hac vice*)<br>Kelly S. Fayne (admitted *pro hac vice*)<br>Lindsey S. Champlin (admitted *pro hac vice*)<br>Robin L. Gushman (admitted *pro hac vice*)<br><br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600<br><br>555 11th Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br><br>Al.Pfeiffer@lw.com<br>David.Marriott@lw.com<br>Tim.O'Mara@lw.com<br>Jennifer.Giordano@lw.com<br>Andrew.Gass@lw.com<br>Kelly.Fayne@lw.com<br>Lindsey.Champlin@lw.com<br>Robin.Gushman@lw.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* | Lauren A. Moskowitz<br>Jesse M. Weiss<br>Nicole M. Peles<br><br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>(212) 474-1000<br><br>lmoskowitz@cravath.com<br>jweiss@cravath.com<br>npeles@cravath.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* |