**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re:** *United States et al. v. Live Nation Entertainment, Inc. et al.*, 1:24-cv-3973 (AS)

Dear Judge Subramanian:

    In 2024, this Court twice addressed the question whether Daniel Wall, Live Nation's Executive Vice President for Corporate and Regulatory Affairs, should be permitted to access Confidential and Highly Confidential Material produced by Defendants' competitors and customers. Non-parties that produced Confidential and Highly Confidential Material objected to allowing Mr. Wall access to their competitively sensitive information, arguing that "Mr. Wall has already used AEG's internal documents to make public statements seeking to intimidate and exert competitive pressure on AEG during this lawsuit;"[1] that their concerns were "heightened by the fact that this case is largely about Defendants' history of threatening and retaliating against companies that do business with Defendants' competitors;"[2] and that they "would be irreparably harmed by the disclosure of its competitively-sensitive information, because such a disclosure could not later be undone."[3]

    The Court's resulting orders and guidance strike the appropriate balance between protecting non-parties' highly sensitive competitive information, while at the same time identifying two avenues that Defendants could have used to seek to provide Mr. Wall access to that information. Defendants failed to take advantage of these avenues, and now, belatedly, ask that Mr. Wall be allowed to attend the November 3 deposition of Plaintiffs' expert economist, Dr. Nicholas Hill.

    In addition to the reasons underlying the Court's previous orders, this Court should deny Defendants' request because: (1) Dr. Hill's deposition is discovery, not trial testimony, and should not be used as a vehicle to avoid the protective order; (2) even assuming Defendants avoid using Confidential or Highly Confidential Material in their questions, it would be impossible for Dr. Hill—whose work relies substantially on non-party Confidential and Highly Confidential Material—to respond to questions without conveying protected information; (3) Defendants waited to raise this issue until the afternoon of Friday, October 24, 2025—three months after Dr. Hill's expert report was submitted—far too late to develop a protocol to minimize disclosure of Confidential or Highly Confidential Material, or to negotiate confidentiality designations; and (4) Mr. Wall can review a redacted deposition transcript and Defendants can challenge any redactions that they believe will overly impede Mr. Wall's input.

---

[1] Dkt. 336 at 1 (AEG).

[2] Dkt. 197 at 1 (SeatGeek).

[3] Dkt. 201 at 1 (AEG).

**Background.** Following briefing and argument, the Court entered its first Protective Order on July 29, 2024 (Dkt. 213), and the now-operative Amended Protective Order on November 15, 2024 (Dkt. 347). The Protective Orders prohibit Mr. Wall from accessing non-party Confidential and Highly Confidential Material because (1) Confidential Material may only be shown to Designated In-House Counsel who agree in writing to refrain from certain Competitive Decision-Making (Amended Protective Order, §8); and (2) Highly Confidential Material is outside-counsel-eyes-only (Amended Protective Order, §7). Mr. Wall has *not* agreed to refrain from the Competitive Decision-Making described in §8.

In addition to providing a mechanism for allowing Mr. Wall access to Confidential Material, the Court also provided Defendants an avenue for seeking relief from the provision barring access to Highly Confidential Material. At the first hearing addressing Mr. Wall's access, the Court stated: "[T]here may come a time where there are certain things, certain documents, deposition transcripts, briefs that are filed, attachments to briefs, certain key documents that you feel have to be provided to Mr. Wall . . . ." July 29, 2024 Hearing Tr. at 4:24-5:2. In that case, "you can go to the Plaintiffs, seek their approval, if they don't agree or there are third parties that object and come to the Court and we can resolve that." *Id.* at 5:2-5. Notably, all these examples involve documents, which provide parties and the producing non-parties an opportunity to object.[4] That is not possible in a deposition. In the three months since receiving Dr. Hill's initial report, Defendants have not sought access for Mr. Wall to any of the non-party confidential information encompassed in Dr. Hill's reports.

**Dr. Hill's reports are filled with Confidential and Highly Confidential Material**. Dr. Hill was retained by the United States on behalf of Plaintiffs to analyze questions of market definition, market power, and competitive effects. He has submitted two reports, both of which are marked "Highly Confidential." Dr. Hill's first report, dated August 1, 2025, is 263 pages long, plus 126 pages of appendices. His rebuttal report, dated October 9, 2025, is 252 pages long, plus 213 pages of appendices. The rebuttal report responds to Defendants' four expert reports, all of which are marked "Highly Confidential" on every page.

Dr. Hill's reports—like Defendants' experts' reports—rely extensively on Confidential and Highly Confidential Material produced by non-party ticketers and promoters that attempt to compete with Defendants, in addition to the venues and venue management companies that are Defendants' customers (and sometimes competitors). It includes, for example: event-level ticketing data produced by competing ticketers, including AXS and SeatGeek; event-level data produced by competing promoters, including AEG; and documents and deposition testimony—quoted throughout the reports—that reveal competitors' promotion offers to artists, ticketing offers to venues, strategic business plans, non-public cost information, and other non-public terms of dealings with business partners. Dr. Hill's numerous analyses contain comparisons of the number of tickets sold, and the rate at which they were sold, by different ticketing companies for specific events; comparisons of the amounts of rebates specific venues pay to specific promoters who bring content to the venue; and discussion of the terms of contracts that Live Nation's competitors have negotiated with Live Nation's potential venue customers.

Defendants' assertion that the deposition of Dr. Hill might "touch on" Confidential and Highly Confidential Material produced by their competitors utterly ignores the content of his reports and substance of his analysis. Simply put, Dr. Hill's deposition will necessarily involve extensive discussion of protected information belonging to Live Nation's competitors and customers.

**Deposition testimony is not trial testimony**. Defendants assert that Dr. Hill's deposition testimony should be treated like trial testimony, where a more demanding confidentiality standard will apply. But as the Amended Protective Order makes clear, that more demanding standard applies to material "introduced in evidence at trial."[5] Contrary to Defendants' assertion that there is "nothing" that will be revealed in the deposition that will not be the subject of Dr. Hill's testimony at trial, there is no reason to believe that all of the questions asked or all of the testimony elicited at Dr. Hill's deposition will be introduced into evidence. Allowing Live Nation's executive access to the volume of Highly Confidential Material which will likely be disclosed at Dr. Hill's deposition with the expectation that *some portion* of it will be introduced at trial prejudices the many non-parties that produced those materials and who will not have the opportunity to object during an expert deposition.[6]

**Defendants' request is too late**. Even if Defendants were willing to have Mr. Wall leave Dr. Hill's deposition during testimony referencing Highly Confidential Material—a concession they have not made—there is no time now for the parties and producing non-parties to negotiate a protocol that would make that possible. Defendants are serving their sur-rebuttal reports today, October 29, and expert depositions will take place nearly every day through November 7. If Mr. Wall wanted to attend Dr. Hill's deposition, Defendants should have raised this issue in August, when Plaintiffs served Dr. Hill's first report.

**A deposition transcript is sufficient**. Defendants have not adequately explained why Mr. Wall's post-deposition review of a transcript is not sufficient After the deposition, Defendants can meet and confer with Plaintiffs and producing non-parties over the scope of redactions. A transcript can be reviewed and redacted in a measured way, which will avoid requiring the questioner to police each question and Dr. Hill to self-censor his answers in the moment.

Respectfully submitted,

*/s/ Bonny Sweeney*

---

[5] The Amended Protective Order states: "All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material or Investigation Material *introduced in evidence at trial*, even if such material has previously been sealed or designated as Highly Confidential or Confidential." *Id*., §11 (emphasis added).

[6] Several non-parties explained why giving Mr. Wall access to their Highly Confidential Material posed a threat to their businesses. *See, e.g.*, Letter submitted by AEG, July 25, 2024, at 2, Dkt. 201-1 (these materials are "so central to AEG's competitive lifeblood that their exposure to *any* Live Nation employee needlessly endangers AEG."); Letter submitted by SeatGeek, July 25, 2024, Dtk. 197, at 1 (these materials "include documents that a company would never want to fall into the hands of any competitor. . . ."). *See also* Dkt. 325 (letter from Viagogo Entertainment Inc.; Dkt. 210 (letter from ASM Global).

BONNY SWEENEY

*Lead Trial Counsel*
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Email: Bonny.Sweeney@usdoj.gov
*Attorney for Plaintiff United States of America*

/s/ *Robert A. Bernheim*
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ *Amanda J. Wentz*
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email:  amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ *Paula Lauren Gibson*
Paula Lauren Gibson (admitted *pro hac vice)*
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ *Conor J. May*
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ *Victoria Maria Orton Field*
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ *Elizabeth G. Arthur*
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

4

/s/ Lizbeth A. Brady
Lizbeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

/s/ Lee Morris
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
Attorney for Plaintiff State of Mississippi

/s/ Justin C. McCully
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Andrew F. Esoldi
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
Attorney for Plaintiff State of New Jersey

/s/ Jonathan Hatch
Jonathan Hatch
Assistant Attorney General
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

/s/ Evan Crocker
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

/s/ Francisco Benzoni
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

6

/s/ *Sarah Mader*
Sarah Mader (admitted *pro hac vice)*
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

/s/ *Cameron R. Capps*
Cameron R. Capps (admitted *pro hac vice*)
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-0858
Fax: (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
Attorney for Plaintiff State of Oklahoma

/s/ *Gina Ko*
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ *Joseph S. Betsko*
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ *Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ *Jared Q. Libet*
Jared Q. Libet (admitted *pro hac vice*)
Assistant Deputy Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South Carolina*

/s/ *Bret Leigh Nance*
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

/s/ *Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

/s/ *Diamante Smith*
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

/s/ *Marie W.L. Martin*
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

/s/ *Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

/s/ *David C. Smith*
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

/s/ *Ashley A. Locke*
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

/s/ *Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

/s/ *Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

/s/ *William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*