**VIA ECF**

The Honorable Arun Subramanian

United States District Court, Southern District of New York

Daniel Patrick Moynihan United States Courthouse

500 Pearl Street, Courtroom 15A

New York, NY 10007-1312

**Re: United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973**

Dear Judge Subramanian,

Non-Parties Anschutz Entertainment Group, Inc., Paciolan, LLC, SeatGeek, Inc., and Vivid Seats LLC (collectively "Non-Parties") respectfully submit this opposition to Defendants' motion to permit Daniel Wall, Live Nation's Executive Vice President for Corporate and Regulatory Affairs, to attend the November 3, 2025 deposition of Plaintiffs' economic expert, Dr. Nicholas Hill.

In response to subpoenas and as part of the Plaintiffs' pre-complaint investigation, Non-Parties collectively produced hundreds of thousands of documents, massive quantities of data, and other information containing the most competitively sensitive information available within the companies—documents, data, and information related to, for example, the confidential prices and terms of dealing with the very venue and artist customers for whom Non-Parties and Defendants compete. Because Defendants' access to this information could severely harm Non-Parties, Non-Parties designated these materials "Confidential" or "Highly Confidential," relying heavily upon the operative protective order in this case.

When Defendants previously requested the relief they request here—disclosure of such information to Mr. Wall—the Court rejected Defendants' request and adopted a clear procedure under the protective order that requires Defendants to confer with Non-Parties before disclosing any information they have designated Confidential or Highly Confidential. *See* Amended Protective Order ¶ 10, Dkt. No. 347 ("Any party who [ ] objects to any designation of confidentiality . . . may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection . . . ."); *see also* July 29, 2024 Hr'g Tr. 12:16–20, Dkt. No. 217 ("[W]hether it's a transcript or report or a brief, . . . you're going to go to the other side. I am thinking that there are going to be a lot of times where the parties are going to be able to work out what Mr. Wall and Ms. Tobias can see in a way that will satisfy you.").

Defendants have ignored that Court-ordered process and seek to circumvent the protective order and disclose competitively sensitive information to Mr. Wall without *any* discussion with Non-Parties. While they could have easily done so *weeks* ago, Defendants have not asked Non-Parties' permission to share *any* documents, data, or information with Mr. Wall since the

Amended Protective Order was entered. Instead, they are seeking *carte blanche* to share with Mr. Wall any of the Non-Party Competitors' Confidential or Highly Information they wish, so long as they use that information in Dr. Hill's deposition.[1] Defendants failed to inform Non-Parties of their intent to seek Mr. Wall's attendance at Dr. Hill's deposition prior to filing their motion, and to date, they have not disclosed what Non-Party Confidential or Highly Confidential information they plan to disclose to Mr. Wall. Without such notice, there is no way for Non-Parties or the Court to evaluate the harm that could result from the disclosure of the unspecified materials to Mr. Wall. This alone is sufficient grounds to deny Defendants' request.

Defendants argue that the Court already contemplated that Mr. Wall might "participate in" depositions. But Defendant mischaracterizes the hearing transcript, in which the Court directed Defendants to coordinate with the parties to "work out what Mr. Wall and Ms. Tobias can see" from deposition "*transcripts*." July 29, 2024 Hr'g Tr. 12:16–20 (emphasis added). This approach makes sense because it would allow Non-Parties to review and, if necessary, redact any competitively sensitive information in a transcript before Mr. Wall receives it.

Defendants' contentions notwithstanding, the possibility that Dr. Hill will repeat some of his testimony at trial does not vitiate the protective order. Expert discovery is still discovery, and therefore subject to the protective order, as even Defendants' cited case holds. *See Kalish v. Franklin Advisers, Inc.*, 742 F. Supp. 1222, 1234 (S.D.N.Y. 1990) ("The purpose of a pre-trial deposition of the adverse party's expert witness is to *learn in advance of trial precisely what the expert will say*, in order to prepare to meet it." (emphasis added)), *aff'd*, 928 F.2d 590 (2d Cir. 1991). An expert deposition is not a public proceeding that triggers a presumption of public access under the First Amendment. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach[.]" (citation omitted)).

Assuming the case proceeds to trial, Non-Parties fully anticipate that Defendants will seek to shield their trade secrets and competitively sensitive information from their competitors, and that the confidentiality interests of Non-Parties will be given at least as much weight as those of Defendants when the Court evaluates what information must be disclosed in open court. *See Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("The demonstration of a valid need to protect the confidentiality of confidential and proprietary business information may be a legitimate basis to rebut the public's presumption of access to judicial documents." (citation omitted)). But the case has not reached that stage yet. There is no basis to presume that all Non-Party information discussed in Dr. Hill's deposition will be discussed at trial, and certainly no basis for Defendants to deprive Non-Parties of the

---

[1] Non-Parties also have been informed that Defendants allegedly provided a copy of Dr. Hill's report to Mr. Wall after redacting portions they *unilaterally* deemed competitively sensitive without consulting with Non-Parties or the DOJ.

2

opportunity to raise objections to such disclosure by failing to even identify what Non-Party Confidential and Highly Confidential information might be disclosed.

Finally, we note that Non-Parties' concerns about Mr. Wall's access to Non-Party information have only increased since this Court entered the operative protective order. As recently as this month, in the wake of the Federal Trade Commission's lawsuit against Defendants, Mr. Wall sent a letter to Congress attempting to deflect some of the blame to certain Non-Parties. *See* Ex. 1 at 3 (Dan Wall's Letter to Senators Blackburn and Lujan). Although Mr. Wall is free to continue providing "strategic counsel" as a "trusted advisor and partner" to Live Nation CEO Michael Rapino,[2] he should not be permitted to do so with access to Non-Party Confidential and Highly Confidential information that is likely to come up at Dr. Hill's deposition. Mr. Wall's extensive involvement with Defendants' competitive decision-making is documented in Non-Parties' prior submissions to the Court and need not be recounted here. *See, e.g.*, Dkt. Nos. 197, 201, 336.

This Court is not alone in finding a sufficient basis to withhold highly competitively sensitive information from Mr. Wall. In May of this year, Judge Wu in the Central District of California rejected Mr. Wall's attempt to access Non-Parties' sensitive information in *Heckman*, a class action alleging similar antitrust violations against Defendants as this case. Judge Wu found that Mr. Wall was intimately involved in Defendants' competitive decision-making and that Non-Parties "would be significantly competitively disadvantaged if [their sensitive information] were to fall into the hands of a direct competitor, particularly considering the allegations in this case." Ex. 2 at 8–9, *adopted as final*, *Heckman v. Live Nation*, Case No. 2:22-cv-00047-GW-GJS (C.D. Cal.), Dkt. No. 370. Judge Wu further found that Defendants would not suffer any significant prejudice by having to rely on their very capable, experienced outside counsel—who are part of the defense team in this case—and that any prejudice to Defendants was heavily outweighed by the potential harm of disclosing Non-Parties' sensitive information to Mr. Wall. *Id*. at 8–10.

The same is true here. Defendants have not explained at all why their outside counsel are incapable of handling Dr. Hill's deposition. Nor have they shown that any prejudice to them outweighs the potential harm to Non-Parties, especially when Mr. Wall can still review a redacted copy of Dr. Hill's deposition transcript. *See Bayer AG & Miles, Inc. v. Barr Laboratories*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) (finding that the defendant failed to show any "good cause" for its in-house counsel to attend key witnesses' depositions because the in-house counsel had "access to the non-confidential portions of the deposition videotapes" or transcripts).

For the foregoing reasons, Mr. Wall should not be permitted to attend Dr. Hill's deposition.

---

[2]   https://www.livenationentertainment.com/2023/02/live-nation-entertainment-hires-longtime-advisor-dan-wall-to-corporate-affairs-team/.

Dated:  October 30, 2025

Respectfully submitted,

HOGAN LOVELLS US LLP

*/s/ Justin W. Bernick*
Justin Bernick (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
555 13th St., NW Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*

DAVIS POLK & WARDWELL LLP

*/s/ Benjamin M. Miller*
Benjamin M. Miller (*pro hac vice* forthcoming)
1050 17th Street, NW
Washington, DC 20036
(202) 962-7133
benjamin.miller@davispolk.com

*Attorney for Non-Party Paciolan, LLC*

COHEN & GRESSER LLP

*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W. Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
wkalema@cohengresser.com

*Attorneys for Non-Party SeatGeek, Inc.*

COVINGTON & BURLING LLP

*/s/ Neema Sahni*
Neema Sahni (admitted *pro hac vice*)
1999 Avenue of the Stars
Los Angeles, CA 90067
(424) 332-4757
nsahni@cov.com

*Attorney for Non-Party Vivid Seats LLC*