CASE NO.  24-7441

IN THE
### Supreme Court of the United States

*Affirmation in Support of Petition for Patent Rehearing*
*US Supreme Court Rule 44*

Amy R. Weissbrod Gurvey
7302 Woodstone Circle
Princeton, New Jersey 08540
amyg@live-fi.com

US Patentee
Petitioner/Appellant *Pro se*
CEO/California Counsel
LIVE-Fi® Technology Holdings, LLC

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................... ii

I.     PETITION FOR PATENT REHEARING ........................................................................ 1

II.    MEMORANDUM OF LAW .............................................................................................. 11

III. GROUNDS FOR REHEARING (Rule 44) ......................................................................... 14

IV.  NECESSARY INTERVENTION ........................................................................................ 14

V. TIMELINESS: ...................................................................................................................... 15

VI. CONCLUSION....................................................................................................................... 15

APPENDIX

# TABLE OF AUTHORITIES

**CASES**

*Betts v. Brady,* 316 US 455 (1942) ................................................................................ 12
*Brown v. Board of Education*, 347 US 483 (1954) ......................................................... 13
*Echangingbarcode v. MLB/MLB Advanced Media*, 24cv2930 (PAE) (SDNY). ................. 6
*Ex parte Young*, 209 US 123 (1908) .............................................................................. 10
*Florida Prepaid Post Secondary Expense Board v. College Savings Bank*, 527 US 627 (1999)........... 10
*Gideon v. Wainwright*, 372 US 335 (1963), ................................................................... 12
*Gurvey v. M&T Bank et al.*, 18cv12702; 20-cv-07831; 21-cv-16397; 23-cv-1007 (DNJ) ...... 3
*Gurvey v. Secretary of Commerce*, 23cv3549 (DCD)(JMC) .......................................... 7, 8
*In re Gouiran*, 58 F. 3d 54 (2d Cir. 1995) ...................................................................... 5
*Kentucky v. Graham*, 473 US 159 (1985). ...................................................................... 9
*Knox v. SEIU*, 567 US 298 (2012), ............................................................................... 12
*LIVE-Fi ® Technology Holdings and Amy R. Weissbrod Gurvey v. Live Nation Entertainment*, 25cv3257 (DCD)(JMC) ......................................................................... 9, 10
*SCA Hygiene Products Aktiebolag v. First Quality Baby Products*, 137 S. Ct. 954 (2017) ............. 11
*Twomey v. Ohio*, 273 US 510 (1927) ............................................................................. 8
*US and 40 US States v. Live Nation Entertainment, Inc.*, 24cv3973 (SDNY) ................... 6
*US v Live Nation Entertainment* 24cv3973) ................................................................ 12
*US v. Ticketmaster and Live Nation*, 2010 WL 975408 (DCD)(RMC), ......................... 5
*US v. Ticketmaster and Live Nation*, 2010 WL 975408, pp. 8 line 10 (DCD); Amended Judgment January 8, 2020 ......................................................................................... 10
*Weissbrod Gurvey v. First Dept. Attorney Grievance Committee*, 13cv2565 (JMF); 18-cv-2206 (AT). ... 2
*Weissbrod v. Broward Cty*, 21-13277 (11th Cir.) ........................................................... 3

**STATUTES**

28 USC §455 ................................................................................................................ 13
35 USC §§271, 284, 285, 286 ........................................................................................ 4
42 USC §1983 ................................................................................................................ 10

**OTHER AUTHORITIES**

Canon 3 of the Code of Conduct for US Judges .............................................................. 13
US Patent Nos. 11403566, D647910S, 7603321 ............................................................. 1
USPTO Application No. 2008-082491 .............................................................................. 11

**RULES**

37 CFR 2.10, 2.19, 10.66, 11.108, 11.116, 1.324 ............................................................. 4
ABA Rule 2.9 *Ex parte* Communications ........................................................................ 8
Rule 20 .......................................................................................................................... 13
Rule 44 .................................................................................................................... 1, 11, 14

**CONSTITUTIONAL PROVISIONS**

Fourteenth Amendment ............................................................................................ 12, 13
Sixth Amendment ......................................................................................................... 12
Supremacy Clause, Art. VI, Cl. 2. ................................................................................... 9

# I.  PETITION FOR PATENT REHEARING

Amy R. Weissbrod Gurvey, Petitioner/Appellant, CEO of LIVE-Fi® Technology Holdings and an attorney admitted in good standing to practice law in California since 1979 not admitted in New York who is sole-named US patentee of standard essential and valuable ticketing management and cancer clinical trial patents[1], affirms to the truth of the following statements.

This petition seeks rehearing under Rule 44. It is based on an order entered September 5, 2025 granting hearing on injunction by the Chief Judge of the Northern District of New York, Hon. Brenda Sannes, (NDNY) against New York State unified court system (UCS) and executive government officials. The October 6, 2025 order of the US Supreme Court summarily denied a writ of mandamus against the Southern District of New York (SDNY). The NDNY's order was not previously available with all due diligence, it is of monumental significance to nationwide litigation and to the constitutional rights of *pro se* litigants, and to the patent industry as a whole. Prospective

---

[1] Gurvey is CEO of LIVE-Fi® Technology Holdings and sole inventor of US Patent Nos. 11403566, D647910S, 7603321 and fourteen (14) pending patent applications. Petitioner's patent prosecution interests were delayed an unprecedented seven years based on conflict of interest misconduct and fraud by willful infringer defendants Live Nation Entertainment and MLB's attorneys at Cowan Liebowitz & Latman and Hinshaw & Culbertson. Hinshaw lawyers were dually serving as NYS staff counsels to the unified court system without disclosing conflicts of interest, explaining how they got *ex parte* access to insert forged, fraudulent and unserved documents into "ordered concealed" NYS files in or about 2011 (shortly after Petitioner's first US patents issued).

injunctive relief against the State and its officers was twice denied by the SDNY in 2013 and 2018, because unknown to Petitioner, she had been illegally blacklisted.[2] The NDNY order would likely have changed the Court's then very recent determination. The order followed an earlier NDNY *sua sponte* order entered without motion on notice falsely stating that Petitioner was "disbarred". **PETITIONER HAS NEVER BEEN DISBARRED AND WAS NEVER SANCTIONED BY THE NY COURT OF APPEALS**. The documents thus far uncovered prove that forged, fraudulent and defamatory documents were entered *ex parte* into "ordered concealed" Appellate Division First Dept. files by counsel Jorge Dopico with staff counsel J. Richard Supple since 2008. The files also prove that Petitioner was granted voluntarily resignation by the Third Dept. and NYS Office of Court Administration (OCA) in 1998 and that the Cowan practitioners, Supple's private sector defense clients and Petitioner's SDNY adversary, paid Petitioner's bar dues to California in 2002 seeking an of counsel arrangement for her to refer patent work. The Cowan firm knew full well that Petitioner was not admitted in New York. Thus far uncovered are forged documents crafted and superimposed unto pre-2000 First Dept. letterhead without jurisdiction over Petitioner calculated to conceal Dopico and Supple's names as chief participants in a criminal conspiracy.

Plaintiff was thereafter placed on a concealed "blacklist" that was shared with district courts in and out of New York and circulated by

---

[2] *Weissbrod Gurvey v. First Dept. Attorney Grievance Committee*, 13cv2565 (JMF); 18-cv-2206 (AT).

2

Supple to the SDNY and OCA that in turn circulated the documents to the Federal Circuit in 2018. The plan was to prevent Petitioner from enforcing her valuable US ticketing patents against Cowan's clients causing a conflict of interest – Live Nation, MLB and Legend Films of San Diego (a California client Petitioner introduced to Cowan causing Petitioner forfeiture of $330,000 in Legend stock as her salary for three years of start-up services).  12-14 Redwells were thus far uncovered with documents embossing the signature of dead AGC counsel Paul Curran who left the State in 2002 and died of cancer in 2007. The blacklist made its way to the DC District Court, the Central District of California and to 11th Circuit in Petitioner's mother's guardianship proceeding[3] and to the District of New Jersey[4]. The heinous crimes were perpetrated after the Cowan lawyers were placed under conflict of interest investigations by the Commissioner of Patents for seven years, delaying Petitioner's patent prosecution interests and corresponding enforcement rights.

For thirteen years since 2012 neither the SDNY nor the CACD granted Petitioner an infringement hearing on the merits of her patents against willful infringers Live Nation merged with Ticketmaster, MLB/MLB Advanced Media and Phish all using Petitioner's patents without permission in both districts. Each court had personal and subject matter jurisdiction over the willful infringers. The CACD merely

---

[3] *Weissbrod v. Broward Cty*, 21-13277 (11th Cir.)
[4] *Gurvey v. M&T Bank et al.*, 18cv12702; 20-cv-07831; 21-cv-16397; 23-cv-1007 (DNJ)

granted judicial notice of previous SDNY orders and *sua sponte* dismissed Petitioner's infringement lawsuit improperly in 2024 and on reconsideration blamed the Cowan practitioners for misconduct.  Not surprising, the three said willful infringers were intellectual property clients causing a conflict for the Cowan lawyers.

The facts are undisputed. The Cowan practitioners abandoned Petitioner's patent applications they intentionally misfiled. The firm thereafter twice admitted to a conflict of interest to the USPTO and sought unilateral withdrawal from Petitioner's retainer but were never granted withdrawal. Based on publication of Petitioner's disclosures, the firm is strictly liable for inducing infringement by its clients. 37 CFR 2.10, 2.19, 10.66, 11.108, 11.116, 1.324; 35 USC §§271, 284, 285, 286. This fact demonstrates clear motive to perpetrate fraud crimes before the USPTO.

The former Commissioner of Patents found conflict of interest violations during a *sua sponte* investigation that took seven years. During this time, the Cowan firm's SDNY defense attorneys at Hinshaw & Culbertson were dually serving as concealed NYS unified court system (UCS) staff counsels at the First Dept. attorney grievance committee (AGC) and were found both to have crafted and inserted forged and fraudulent documents into the "ordered concealed" state files. These are the files just produced by the NDNY injunction. An order of the First Dept. entered April 21, 2016 identified Supple as the perpetrator. In the same order, however, the First Dept. held that

4

Petitioner would continue to be denied access to all NYS files, clearly in contumacious violation of due process. The NY Court of Appeals found this order nonfinal in 2020, that it did not finally determine an action and that no constitutional issue was directly involved. The order was included in the appendix as a ground for mandamus relief before this Court. Also before this Court were SDNY orders entered in 2013 and 2018 *sua sponte* denying prospective injunctive relief without motions on notice. *fn 2, supra* It became increasing clearer that Petitioner had to seek relief in another district court against New York State and its officers. In 2023, Petitioner was told by a SDNY court attorney Julie Allsman that in 2013 she was instructed to delete Petitioner's California good standing certification *sua sponte* from the roster of attorneys without due process of law. Petitioner was never notified in violation of *In re Gouiran*, 58 F. 3d 54 (2d Cir. 1995)

Constitutional violations and retaliatory harassment by the SDNY continue. Since 2024, two SDNY judges allowed as plaintiffs into the court other willful infringers of Petitioner's patents, many who are also venture partners of Live Nation Entertainment. The DC District Court judgment and amended judgment granting merger of Live Nation and Ticketmaster has been breached against Petitioner and her company LIVE-Fi® Technology Holdings since 2010. The relevant provision precluded the merged entity from "*withholding ticketing data from companies seeking to conduct non-ticketing businesses at the merged*

5

*entity's dominant share of owned, operated and serviced venues".* [5] Petitioner was denied access to ticketing data at Live Nation venues and all of defendant MLB's 30 baseball stadiums, also Ticketmaster clients. At the same time, SDNY judges continued to deny Petitioner constitutional access to the court. In October 2025, two judges issued *sua sponte* [fictitious] orders that Petitioner was never granted *pro hac vice* status by the SDNY. **Docket #638 in 24cv3973 is an order granting Petitioner *pro hac vice* status in the Government's action to divest Live Nation of Ticketmaster.** [6]

New parties in 24cv2930 (PAE) (SDNY)- *echangingbarcode* ("*ecbc*") and MLB/MLB Advanced Media - are both infringers of Petitioner's patents and MLB is a willful infringer, a client of the Cowan firm that caused conflicts and a venture partner of willful infringer Live Nation. [7]

In October 2025 Petitioner properly sought to intervene in *ecbc's* infringement lawsuit against MLB/MLBAM.  24cv2930 (PAE). It cannot be disputed that party *ecbc* engaged in sanctionable USPTO fraud and misconduct by failing to cite to Petitioner's issued US ticketing management patents and published applications as prior art when applying for a subset bar code ticketing patent covered by Petitioner's earlier disclosures. Petitioner's issued patents and published applications with early priority dates disclose apparatuses and methods

---

[5] *US v. Ticketmaster and Live Nation*, 2010 WL 975408 (DCD)(RMC), pp.8, line 10; Amended Judgment January 8, 2020.
[6] *US and 40 US States v. Live Nation Entertainment, Inc.*, 24cv3973 (SDNY)
[7] *Echangingbarcode v. MLB/MLB Advanced Media*, 24cv2930 (PAE) (SDNY).

for ticketing authentication, hybrid encryption, transmission matrices for event content and user generated content, mobile displays with multifunctional bar codes, ticket resale and exchange, royalty accounting and AI analytics of user data. Plaintiff *ecbc* only claims a changing bar code, clearly covered by Petitioner's patents. The legal implication under unanimous Federal Circuit holdings is that the patent that *ecbc* seeks to enforce is void and cannot be enforced. Further, there is clear documentary evidence that both *ecbc* and MLB/MLBAM became enabled to infringe Petitioner's US patents because the former Commissioner Wynn Coggins took fourteen of Petitioner's applications out of the queue to conduct the conflict of interest investigation against the Cowan practitioners.  The Commissioner's *sua sponte* acts in defiance of APA also entitle Petitioner to a patent term adjustment now pending since 2023 before the DC District Court [8] and demonstrate that the Government is adverse to Petitioner on certain counts and did not protect Petitioner's interests, another ground for intervention.

    In addition, because conflict of interest violations were found, under the APA, Petitioner was required to be served with the results of the Commissioner's investigation. <u>Petitioner was never served</u>. Instead, Petitioner's pending patent applications were put on "hold" by the Commissioner and during an extended hold, in 2016 the Patent Trial and Appeals Board granted Apple, Inc. a single near field claim (1 out of

---

[8] *Gurvey v. Secretary of Commerce*, 23cv3549 (DCD)(JMC)

7

50 sought) that Petitioner contends was improperly awarded and also infringing Petitioner's patents. In addition, other USPTO examiners granted *ecbc* a single bar code claim that should never have been allowed.  These grants means that the Government *de facto* did not protect Petitioner's patent interests, another reason intervention must be granted.[9]

The SDNY cannot continue to unlawfully discriminate against Petitioner and deny Petitioner constitutional access to the court.  It is a question of law for the jury and not for a judge to determine *sua sponte* without motion on notice whether party *ecbc* is infringing Petitioner's issued patents and also plagiarized Petitioner's published specifications with earlier priority dates.  There remains no dispute, however, from the face of *ecbc's* patent in 2015 that *ecbc de facto* failed to cite to Petitioner's disclosures as prior art and cannot therefore enforce a patent that is void while Petitioner continues to be locked out of the court.

The first smoking gun against the State of New York and its UCS officers was discovered in 2025.  OCA attorney Shawn Kerby was discovered to have been unlawfully writing fraudulent and defamatory letters *ex parte* to the Federal Circuit since 2018 without standing or jurisdiction over Petitioner in the capacity of an attorney. These documents fraudulent say that Petitioner was disbarred and were never ordered served on Petitioner by the Federal Circuit. *Twomey v. Ohio*,

---

[9] Gurvey v. Secretary of Commerce 23cv3549 (JMC)(DCD)

273 US 510 (1927); ABA Rule 2.9 *Ex parte* Communications. The legal effect is that the orders issued by the Federal Circuit in response transferring three of Petitioner's arising under patent appeals since 2017 to the Second Circuit must be vacated by the Supreme Court. There is no other remedy at law. The transfers caused a further forfeiture of seven years of Petitioner's patent term from 2017-2025 because the Second Circuit had no jurisdiction to hear arising under appeals and did not hear them. Supremacy Clause, Art. VI, Cl. 2.

Contrary to the OCA and Kerby's *ex parte* fraud, obstruction of justice, misconduct and defamation, **Petitioner was never disbarred, is on good standing in California and was never sanctioned by the NY Court of Appeals.  Now it is being further investigated if Kerby and/or other NYS court officers "somehow" got into the District of Columbia files where Petitioner is seeking a patent term adjustment.**  In October, 2025, a DC District Court Judge Lauren L. Alikhan then presiding over Petitioner's action to enforce the antitrust judgment against Live Nation Entertainment[10] "somehow" found that "Petitioner was never admitted to any bar".  The coincidence of multiple district court orders is uncanny and virtually proves illegal blacklisting by NYS officers. *Kentucky v. Graham*, 473 US 159 (1985).

The NDNY September 5, 2025 order is the new evidence that Petitioner seeks now to bring to the Supreme Court's attention.

---

[10] *LIVE-Fi ® Technology Holdings and Amy R. Weissbrod Gurvey v. Live Nation Entertainment*, 25cv3257 (DCD)(JMC)

Monumental issues of concern to *pro se* litigants and to the patent industry as a whole are at stake. Due process violations have now been established by NYS officers of the court, and are cannot merely be assumed. *Cf: Florida Prepaid Post Secondary Expense Board v. College Savings Bank*, 527 US 627 (1999).

In the past two months, an unbelievable 12-14 Redwells of forged and pasted documents were produced but not the OCA files, still pending. The documents definitively proved that Petitioner was never admitted to the First Dept. and only to the Third Dept. until 1998 when she was granted voluntary resignation 27 years ago.  All acts of the OCA and UCS officers since 2011 were therefore void of jurisdiction. In 2023, NY Court of Claims denied Petitioner constitutional access to its court in 2024 to recover damages. Petitioner was therefore forced to sue defendant Live Nation Entertainment and Ticketmaster before the DC District Court for defiance of the merger judgment and amended judgment[11] to compel enforcement of breached provisions and for patent infringement.  The *sua sponte* order from Judge Alikhan in 2025 falsely found that Petitioner is not admitted to any bar. It demonstrates the unconstitutional and harassing means that district courts use when they don't want to hear a case. [12]42 USC §1983. *Ex parte Young*, 209 US 123 (1908)

---

[11] *US v. Ticketmaster and Live Nation*, 2010 WL 975408, pp. 8 line 10 (DCD); Amended Judgment January 8, 2020.
[12] *LIVE-Fi® Technology Holdings and Amy Weissbrod Gurvey v. Live Nation Entertainment, Inc., Ticketmaster and Live Nation*, 25cv3257(DCD)(JMC)

The SDNY orders since 2013 in Petitioner's civil rights actions denying Petitioner mandamus relief also enabled state agencies such as the MTA and MetroCard to take Petitioner's patents for an extended period. Petitioner has the constitutional right to recover infringement and taking damages six years retroactive to the date of filing of any complaint but to date continues to be unlawfully blacklisted. *SCA Hygiene Products Aktiebolag v. First Quality Baby Products*, 137 S. Ct. 954 (2017). [13] *echangingbarcod*e cannot enforce its patent against willful infringer and Live Nation's venture partner MLB before the SDNY while Petitioner continues to be locked out of the same court.

## II.    MEMORANDUM OF LAW

The rules for rehearing are outlined in Rule 44 of the US Supreme Court's official rules, found on pages 59–60 of the January 2023 edition. A petition for rehearing must be filed within 25 days of the Court's judgment, here by October 31, 2025 (judgment denying a writ of mandamus entered on October 6, 2025). The petition must show intervening circumstances of substantial or controlling effect or other

---

[13] Defendant Live Nation also partnered with Apple in 2009 to infringe Petitioner's patents by the doctrine of equivalents. As part of a joint venture, Apple, Inc. copied Petitioner's pending patent applications, but was denied a ticketing management patent for 8 years in response to USPTO Application No. 2008-082491. However, in 2017 Apple was granted a single near field claim on appeal before the Patent Trademark and Appeals Board during the Commissioner's *sua sponte* hold on Petitioner's prosecution rights. This is the patent claim being used at the checkpoint of Yankee Stadium and at Arthur Ashe Tennis Stadium and should never have been awarded.

substantial grounds not previously presented. The petition must include a certificate of counsel. Petitioner Amy R. Weissbrod Gurvey, in good standing in California, affirms that this petition is presented in good faith and not for delay.

The September 5, 2025, injunction granted by the Northern District of New York is newly discovered evidence that likely would have changed the court's prior determination.  Bad faith willful infringer Live Nation Entertainment is the defendant in a divestiture proceeding before the SDNY (*US v Live Nation Entertainment* 24cv3973) and along with merged partner Ticketmaster has contumaciously defied the constitutional rights of competitors and engaged in malicious *ex parte* monopolistic transgressions with its lawyers against the public. Blacklisting a *pro se* litigant who is the inventor of standard essential ticketing management patents without jurisdiction by *ex parte* forgery and concealment of state documents is a heinous crime.

In *Gideon v. Wainwright*, 372 US 335 (1963), the Court granted certiorari and rehearing to reconsider *Betts v. Brady,* 316 US 455 (1942). The Court unanimously held that the Sixth Amendment right to counsel is a fundamental right, incorporated to the states via the Fourteenth Amendment. In *Knox v. SEIU,* 567 US 298 (2012), the Court granted rehearing to address whether public-sector unions could impose special fees without prior notice. The impact was to strengthen First Amendment protections for non-union members. On rehearing, the

Court held that a union cannot impose a special assessment on nonmembers without their affirmative consent. In *Brown v. Board of Education*, 347 US 483 (1954) the court on its own motion granting rehearing to address the broader issue of segregation in the public schools as violation of the Equal Protection Clause of the Fourteenth Amendment.

In the instant petition, there now exists solid evidence to grant rehearing and extraordinary relief including:

(a)    A 13-year delay by the SDNY without a single hearing on the merits of patent infringement, combined with the NYS's withholding of forged and unserved state documents by its officers, demonstrating denial of due process guaranteed by the Fourteenth Amendment.

(b)    The September 5, 2025 NDNY injunction has *de facto* established *ex parte* fraud, misconduct and obstruction of justice and qualifies as an intervening circumstance of substantial or controlling effect under Rule 44.2;

(c)    There exists ongoing *ex parte* communications and judicial misconduct by the SDNY that continues. SDNY judges and the Federal Circuit received and relied on concealed, forged and fraudulent documents submitted *ex parte* from NYS officers of the courts. This fact raises serious constitutional and ethical concerns and implicates Canon 3 of the Code of Conduct for US Judges and 28 USC §455 potentially justifying rehearing or even a petition for an extraordinary writ under Rule 20.

(d)    The original mandamus petition sought structural relief against systemic misconduct. The NDNY's grant of injunctive relief provides the factual and legal foundation for rehearing.

(e)    NYS UCS officers were doubling as defense counsel for willful infringers Live Nation and MLB/MLBAM before the SDNY and inserted forged and unserved documents into "ordered concealed"

13

state files to which Petitioner never got access either from the state or the SDNY during ordered patent discovery;

(f)    The forged documents were circulated *ex parte* to SDNY and Federal Circuit judges tainting the federal record.

## III. GROUNDS FOR REHEARING (Rule 44)

Rehearing is warranted under Rule 44.2 because:

(a) The NDNY injunction documents produced thereunder constitute newly discovered evidence of *ex parte* systemic fraud and obstruction of justice;

(b) The Court's prior denial of mandamus was based on a materially incomplete and corrupted record; and

(c) Misconduct implicates core constitutional protections under the First, Fifth, and Fourteenth Amendments in national matters pertaining to patents where uniformity of decisions of the Federal Circuit is required, as well as the integrity of the federal judiciary.

## IV.  NECESSARY INTERVENTION

This Court's intervention is necessary because:

(a) Petitioner has no other remedy at law;

(b) No other court can remedy the structural breakdown in due process and judicial integrity; and

14

(c) The relief sought is in aid of this Court's appellate jurisdiction essential to preserve public confidence in the rule of law and to ensure justice to *pro se* litigants and patentees.

## V. TIMELINESS:

This petition is timely under Rule 44.2.

## VI. CONCLUSION

Petitioner respectfully requests that the Court:

- (a) Grant rehearing of the denial of a writ of mandamus;
- (b) Issue a writ of mandamus to restore jurisdictional integrity and enforce constitutional rights;
- (c) Alternatively, remand for plenary review in light of the NDNY findings.

Respectfully submitted.

Dated: October 30, 2025,

/amyweissbrodgurvey/

AMY R. WEISSBROD GURVEY
Petitioner/Appellant *Pro se*
CEO LIVE-Fi® Technology Holdings
7302 Woodstone Circle
Princeton, NJ  08540
amyg@live-fi.com
917-733-9981