

*Live-Fi™ Technology Holdings, LLC*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF NEW YORK

_____X

Amy Weissbrod Gurvey, US Patentee,          #25PF01(Sannes, J.)
                                            [#24cv211 (AMN)(PJE)]

Petitioner/Plaintiff *Pro Se*,                   NOTICE OF MOTION

                                            ORAL ARGUMENT
                                            REQUESTED

v.

Hon(s). Governor Kathy Hochul,
Attorney General Letitia James,
Office of Court Administration's Joseph Zayas,
SDNY's Laura Taylor Swain, Brian O'Dwyer
of the NYS Gaming Commission and NY Lottery,
Kevin O'Toole of Port Authority of NY and NJ,
Frank Hoare of the NYS Thruway and State of NY;
Respondents.

_____X

To Northern District of NY
Hon. Chief Judge Brenda Sannes
November 14, 2025

     **PLEASE TAKE NOTICE** that on November 20, 2025 at 11:00am

in the forenoon of that day, Petitioner/US Patentee Amy R. Weissbrod

Gurvey, JD MPH California counsel to LIVE-Fi® Technology Holdings[1] [co-plaintiffs parties in multidistrict patent litigation on Gurvey US patents[2] pending before the SDNY, the DC District Court, this court (the NDNY), the New York Court of Claims, the NYS Office of Court Administration (OCA) and the US Court of Appeals for the Federal Circuit[3]] will move Chief Judge Hon. Brenda Sannes, seeking the following formal expedited orders by order to show cause that are sought by other district courts. The Court's order to show cause entered June 2025 was immediately responded to by Petitioner and remains delayed.  Petitioner also sought vacatur of Judge Nardacci's order entered May 29, 2025 *sua sponte* dismissing this lawsuit based on fabricated documents she copied from the Internet.  Petitioner affirms to the truth of the following statements in seeking the relief sought:

    (1) Expedited decision on the Court's order to show cause and vacatur of Judge Nardacci's May 29, 2025 *sua sponte* decision and order without motion on notice under FRCP Rules 59(e) and 60(b)(1)-(6) based on fabricated documents copied from the Internet and the NYS Office of Court Administration's webpage. *Wells Fargo Bank NA v. St. Louis*, 2024 WL 2737061 (NYAD 2d Dept. 2024);

---

[1] Petitioner is not admitted in NYS. In 1998 27 years ago, the NYS Office of Court Administration (OCA) and Third Dept. officers Denise Rajpal and Dan Brennan granted Petitioner voluntary resignation when Petitioner was in medical school and changed careers. Petitioner never thereafter paid dues to NYS and never requested reinstatement. As of 1998, the State of NY had no disciplinary jurisdiction over Petitioner in the capacity of an attorney.

[2] 11403566, D647910S, 7603321

[3] *Florida Prepaid Postsecondary Education Expense Board v. College Savings Bank*, 527 US 627 (1999)

(2) Expedited decision on the order to show cause because documents produced on August 31, 2025 by the First Dept. prove that Petitioner was illegally blacklisted by OCA, the First Dept. and SDNY, and entry of additional unconstitutional *sua sponte* orders by this court has enabled further *ex parte* obstruction of justice, unconstitutional retaliation, and RICO fraud crimes against Petitioner's patent and professional interests. The unlawful acts of NYS officers include fraudulent *ex parte* letters written by unified court system (UCS) officer Shawn Kerby to the Federal Circuit since 2018 that have functioned to deprive Petitioner of arising under patent appeals to orders of the SDNY denying infringement hearings and civil rights orders granting injunctive and declaratory relief against NYS court officers;

(3) Expedited decision on the order to show cause because unconstitutional practices by both the State of NY and its unified court system (UCS) officers sued in their official capacities are liable for forfeiture of Petitioner's patent infringement claims before the SDNY and this Court. In addition, the UCS Court of Claims chief judge Richard E. Sise has continued to return Petitioner's 2025 Notices of Claim duly filed after the incriminating production by the First Dept. on August 31, 2025.

(4) Expedited adjudication of the order to show cause because since September 2025 SDNY magistrates and judges have continued to deny Petitioner constitutional access to get patent infringement hearings and intervention hearings against infringers of Petitioner's patents in violation of the Fourteenth Amendment. That includes intervention into

the Government's 2024 action to divest Live Nation
Entertainment of Ticketmaster when Petitioner is the
inventor of the patents willfully infringed by these entities
since 2010 and the SDNY also denied mandatory
disqualification of defense attorney J. Richard Supple
formerly of Hinshaw & Culbertson who as was later
revealed was a concealed NYS staff attorney serving at the
First Dept. manufacturing and entering forged and
fraudulent documents ex parte into "ordered concealed"
NYS files;

(5) Expedited adjudication of the order to show cause because
SDNY judicial officers presiding over willful infringement
and contributory infringement lawsuits against private
defendants Live Nation Entertainment, Inc., merged
partner Ticketmaster, LLC, venture partner StubHub, The
Commissioner of Major League Baseball (MLB), subsidiary
MLB Advanced Media and echangingbarcode have
engaged in *ex parte* obstruction of justice by unilaterally
deleting orders entered on the SDNY case dockets *sua
sponte* without motions on notice. [See, for example, Case
No. 24cv3973 (AS) Docket #638 granting Petitioner *pro
hac vice* status for LIVE-Fi® Technology Holdings that has
been unilaterally deleted. Subsequently, Judge
Engelmayer presiding in the parallel infringement lawsuit
Docket # 24cv2930 between echangingbarcode and
MLB/MLBAM, a venture partner of defendant Live Nation
fabricated that such order never existed and denied
Petitioner her constitutional right to motion to intervene
in that lawsuit under Rule 24]. There is no dispute that
echangingbarcode was unlawfully issued a subset patent
after committing fraud before the USPTO and never cited
to Petitioner's issued US patents as prior art when

applying for a patent and cannot enforce the subset patent claim issued;

(6) Expedited adjudication of the order to show cause because in the SDNY patent infringement litigation 24cv2930, Petitioner has a constitutional right to intervene and sue both parties for infringement, claims are being precluded by the SDNY administrative and judicial officers;

(7) Granting expedited adjudication of the order to show cause because the SDNY magistrate presiding over echangingbarcode's infringement lawsuit 24cv2930, Robyn Tarnofsky, was a former NYS Legal Assistance Group attorney serving as the SDNY pro help unit without disclosing conflicts of interest. At all times relevant, Tarnofsky had undisclosed superior knowledge that Petitioner had been illegally blacklisted *sua sponte* by SDNY administrators Julie Allsman and Catherine O'Hagan Wolfe since 2013, but in 2016-2020 accepted five retainers from Petitioner and then refused to assist Petitioner get infringement hearings against defendants Live Nation, Phish and Cowan Liebowitz & Latman n in Case No. 06cv1202 and to disqualify the defense attorney Supple who was an undisclosed First Dept. staff lawyer. NY's Judiciary Law Part 1240.6d.

(8) Granting expedited adjudication of the order to show cause because the First Dept. found on April 21, 2016 that Supple had conspired with attorney grievance committee (AGC) counsel Jorge Dopico to manufacture and enter forged, fraudulent and unserved defamatory documents into "ordered concealed" NYS files against Petitioner's patent and professional interests but the criminal acts

were perpetrated without jurisdiction over Petitioner in
the capacity of an attorney because Petitioner was granted
voluntary resignation in NY in 1998 by the Third Dept.
and OCA officers. [4] [<u>NOTE</u>: Petitioner's motions to vacate
these fabricated First Dept. documents remain on appeal
to the Court of Appeals and US Supreme Court and no
final judgment exists that could be applied *sua sponte* by
any other court including Judge Nardacci in this lawsuit.
*Wells Fargo Bank v. St. Louis*, 2024 WL 2737961 (NYAD
2d Dept. 2024)];

(9) Expedited adjudication of the order to show cause because
Petitioner's separate SDNY civil rights lawsuits -
13cv2565(JMF); 18cv2206 (AT) - seeking injunctive and
declaratory relief against First Dept. administrative
officers Catherine O'Hagan Wolfe, Lauren Holmes, counsel
Jorge Dopico, supervising judge Luis Gonzalez and staff
attorney Supple were *sua sponte* dismissed without motion
on notice in 2013 and again 2018 in clear abuse of
discretion and the court's reasoning was proven fabricated
by the First Dept.'s production. *Wells Fargo v. St. Louis*,
2024 WL 2737961 (NYAD 2d Dept. 2024)

(10) Expedited adjudication of the order to show cause
because in 2025 the smoking gun was discovered, *i.e.,* that
since 2018, OCA attorney Shawn Kerby perpetrated e*x
parte* RICO fraud crimes by writing fraudulent letters to
the Federal Circuit not to hear Petitioner's "arising under"

---

[4] The "ordered concealed" First Dept. files were just produced on August 31, 2025
for the first time since 2011 resulting the NDNY's hearing on injunction entered
September 5, 2025 (Docket #85)

patent appeals to SDNY orders denying infringement hearings and civil rights injunctive relief because [as Kerby wrote] Petitioner was "disbarred". PETITIONER WAS NEVER DISBARRED OR EVER SANCTIONED IN ANY FINAL JUDGMENT BY THE NY COURT OF APPEALS. As a result of the fraud and wrongful state action the Federal Circuit transferred three arising under patent appeals to the 2d Circuit that had no jurisdiction to hear the appeals.

(11)    Expedited adjudication of the order to show cause because Petitioner's civil rights mandamus and damages lawsuits against First Dept. and OCA officers sued in their *individual* capacities before the Supreme Court of NY, NY County [110774-2011 and 100163-2015] were both ordered transferred *sua sponte* – one to the First Dept. and one to the NY Court of Claims in clear abuse of discretion based on frivolous motion papers filed by Assistant Attorney General (AG) Michael Berg. The NY Court of Claims had no jurisdiction to hear these claims and the NY Court of Appeals found the orders nonfinal. *Kentucky v. Graham*, 473 US 159 (1985)[5].

(12)    Expedited adjudication of the order to show cause because defendant willful infringer Live Nation Entertainment's 2025 SDNY antitrust defense law firm, Cravath Swaine and Moore, appearing in the Government's 2024 divesture action - 24cv3973 (AS)(SDNY) - has on its roster Christine Varney, Esq. -

---

[5] The NY Court of Appeals on mandamus appeal from the First Dept. 132-17 and Second Dept. 01366-18 found the judgment nonfinal and that it did not finally determine any action.

Varney being the same US Dept. of Justice attorney who spearheaded the Government's and 18 attorney's general opposition to the Live Nation and Ticketmaster merger in 2010 before the DC District Court[6]. That Cravath never disclosed conflicts of interest challenges the integrity of the entire proceeding in which 40 US states have joined as co-plaintiffs. At the same time Petitioner's motion to intervene in the 24cv2930 infringement lawsuit was unlawfully denied and Docket #638 granting Petitioner pro hac vice status from California was unilaterally deleted from the case dockets in violation of due process of law. [7]

(13)    Expedited decision on the order to show cause because SDNY administrative judge Laura Taylor Swain's name was also unilaterally deleted from the case caption in this lawsuit without notice or due process of law, when Judge Swain is the proper respondent to accept court orders granting fees and costs for continuing violations of Petitioner's civil rights. *Monell v. Dept. of Social Services*, 436 US 658 (1978); *Pulliam v. Allen*, 466 US 522 (1984).

(14)    Expedited decision on the order to show cause because in 2013, SDNY Judge Jesse M. Furman also denied Petitioner infringement hearings against the City of NY

---

[6] *US v. Ticketmaster and Live Nation*, 2010 WL 975407, 975408 DCD Jan 25 2010); Amended Judgment January 8, 2020.

[7] In October 2025, it was discovered that the husband of 24cv2930 SDNY magistrate Tarnofsky, Antony Ryan, who harbored her own conflicts of interest as former NYLAG resident counsel, is also a partner at the Cravath firm, challenging the integrity of the entire divestiture lawsuit in which 40 attorneys general from 40 US states have joined as plaintiffs.

that can be sued directly for infringement. *Monell v. Dept. of Social Services*, 436 US 658 (1978);

(15)    Vacatur of Judge Nardacci's orders because an amended complaint must be granted to award newly accrued injunctive relief and declaratory determinations against the OCA and the NY Court of Claims.

(16)    Expedited adjudication of the order to show cause because civil rights violations against the State of NY and First Dept. officers were previously determined in *Anderson v. State of NY, First Dept. Disciplinary Committee* (614 F. Supp. 2d 404 (SDNY 2009)(Headnotes, 15, 16) on less compelling facts. 42 USC §§1983, 1985, 1988; *Monell v. Dept. of Social Services*, 436 US 658 (1978); *Kentucky v. Graham*, 473 US 159 (1985);

(17)    Expedited decision on the order to show cause the First Dept. production proved that NYS UCS officers did manufacture and enter forged, fraudulent and defamatory documents into "ordered concealed" state files since 2008, the acts were undertaken without jurisdiction over Petitioner in the capacity of an attorney and are not protected by immunity. [100163-2015; *Forrester v. White*, 484 US 219 (1989); *Stump v. Sparkman*, 435 US 349 (1978); *Cleavinger v. Saxner*, 474 US 193 (1985); *Kentucky v. Graham*, 472 US 159 (1985)]

(18)    Vacating the Judge Nardacci's order and granting Petitioner an amended complaint under FRCP Rule 15 based on respondents' continuing fraud and RICO violations, misapplication of law, change in the law by enactment of the Judiciary Law Part 1240 Amended

Statutes, and the newly-discovered incriminating evidence. *Metzler Investments Gmbh v. Chipotle Mexican Grill*, 970 F. 3d 133 (2d Cir. 2020); *Grant Williams v. Citicorp*, 659 F. 3d 208 (2d Cir. 2011).

(19)    Ordering disqualification of the NYS Attorney General from representing NY State and UCS respondents in this lawsuit because in 2015-2016 assistant AG Michael Berg contumaciously defied NY's Executive Law subd. 63-1 and accepted retainer to defend First Dept. *individual* officers based on their manufacture and insertion of forged, fraudulent and defamatory documents into concealed state files without jurisdiction over Petitioner. Ergo, the interests of the State of NY and its officers sued in their *official* capacities before this court for promulgation of unconstitutional protocols in patent litigations and in out-of-state attorney proceedings are in conflict with the First Dept. officers *individual* interests. See, *Kentucky v. Graham*, 473 US 159 (1985);

(20)    Granting expedited adjudication of the order to show cause and vacating Judge Nardacci's *sua sponte* orders because Petitioner's subsequent October 2025 new Notice of Claim filed before the NY Court of Claims was unlawfully returned by Chief Judge Richard E. Sise in violation of the Fourteenth Amendment.

(21)    Finding that the protocols promulgated by the State of NY in patent infringement lawsuits and out-of-state attorney disciplinary proceedings are unconstitutional and violate both the Fifth and Fourteenth Amendments of the US Constitution;

(22)    Finding that Petitioner continues to be illegally retaliated against by NYS attorneys at Cowan Leibowitz & Latman and Hinshaw & Culbertson lawyer J. Richard Supple, dually serving as an undisclosed UCS officer, all acting in consort and these lawyers must be held liable to Petitioner for patent delay and forfeiture of infringement claims with all statutes tolled. *Amalfitano v. Rosenberg*, 12 NY 3d 8 (2009); 533 F. 3d 117 (2d Cir. 2007)

(23)    Ordering filing and service of an amended complaint under Rules 15, 19 and 20 to join parties liable to Petitioner for willful infringement, contributory infringement, taking of patents without permission and RICO crimes including the NYS Gaming Commission and NY Lottery, congestion pricing technology companies, the Port of Authority of NY and NJ, and the City of NY[8]. *Monell v. Dept. of Social Services*, 436 US 658 (1978); *In re Gouiran*, 58 F. 3d 54 (2d Cir. 1995); *Marbury v. Madison*, 5 US 137 (1803); *Bradley v. Fisher*, 80 Wall. 335 (1871); *Kentucky v. Graham*, 473 US 159 (1985). All companies are generating hundreds of millions of dollars a year in revenues for NYC and NYS.

(24)    Ordering damages, declaratory determinations and punitive damages in the maximum amount permitted by law against Cowan Liebowitz & Latman, Hinshaw & Culbertson, J. Richard Supple, First Dept. counsel Jorge Dopico, former justice Luis Gonzalez, clerks Catherine O'Hagan Wolfe and Lauren Holmes, SDNY in-house counsel Julie Allsman, OCA officers Kerby and Younger,

---

[8] The new Yankee Stadium was constructed with NYC tax dollars.

and assistant AG Michael Berg. NY's Judiciary Law Part
1240.6d, 1240.7, 1240.18

(25)    Ordering fees and costs against the SDNY retroactive
to 2013. *Pulliam v. Allen*, 466 US 522 (1984);

(26)    Ordering a further investigation commenced in NJ by
the NJ Office of Banking and Insurance and Consumer
Fraud Protection Bureau (CFPB) because sanctioned loan
servicer M&T Bank a resident of Buffalo, New York
fou8nd liable for consumer mortgage fraud, ,securities
fraud and money laundering that only accepts service of
process in New York and acquired Petitioner's Hudson
City Savings Bank (HCSB) 2002 mortgage loan, is believed
to have conspired with UCS officers and members of the
NYS AG to file a fraudulent foreclosure action against
Petitioner get Petitioner out of New Jersey without any
legal justification to prevent her from filing an
infringement actions against the Port Authority and sports
betting companies based on New Jersey[9].

(27)    Ordering a further investigation against loan servicer
defendant M&T and its debt collectors Reed Smith and
Aaron Bender who somehow got Petitioner's 2018 District
of New Jersey's removal action and actions for damages
heard by a judge who owned a concealed stock interest in
defendant M&T since 2015 such that the State of NJ

---

[9] Joe Perna of the Lucchesi crime family was indictment with members of his family
for sports betting crimes on or about November 13, 2025. Petitioner is the sole
inventor of patented platforms that enable sports betting in New Jersey.

judges never acquired jurisdiction on remand from this judge (Susan D. Wigenton). [10]

(28)   Ordering such other and further relief as this court deems just and proper including inquest RICO treble conspiratorial damages, willful infringement, unprivileged defamation and attorneys' fees and costs.


Dated:  November 14, 2025
Princeton, NJ

/amyweissbrodgurvey/


AMY R. WEISSBROD GURVEY

---

[10] The damages from these acts are over $10mil and have been reported to the NJ Dept. of Banking and Insurance, the Federal Reserve, the US Office of the Comptroller for the Currency; and the Appellate Division of Superior Court of New Jersey, and the NJ Supreme Court of New Jersey including against M&T's defense attorneys at Reed Smith (Aaron Bender).



*Live-Fi™ Technology Holdings, LLC*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____X

Amy Weissbrod Gurvey, US Patentee,
Petitioner,

v.

v.

Hon(s). Governor Kathy Hochul,
Attorney General Letitia James,
Office of Court Administration's Joseph Zayas,
SDNY's Laura Taylor Swain, Brian O'Dwyer
of the NYS Gaming Commission and NY Lottery,
Kevin O'Toole of Port Authority of NY and NJ,
Frank Hoare of the NYS Thruway and State of NY;
Respondents.

_____X

AFFIRMATION IN
SUPPORT OF MOTION

#25PF01(Sannes, J.)
#24CV211(AMN)(PJE)

Petitioner Amy R. Weissbrod Gurvey is an entrepreneur and sole-named US patentee of ticketing authentication and event management patents that enable most non-ticketing businesses at sports, entertainment and educational venues and online.  Petitioner is admitted to practice law in California in good standing. Her US patents

include apparatus, method and mobile displays that enable benefits to ticketholders based on authentication of ticket data, sports betting, platforms for the NY Lottery, hospitality and baggage systems for airports and terminal concessions, and photographic technology for the NYS Thruway. The systems that transmit photographs in close to real time also enable NYC congestion pricing technology. The patents enable entry by mobile readers at the Port Authority of NY and NJ, MTA/MetroCard, the new Yankee Stadium, Citifield and Arthur Ashe Stadium, and to smaller concert and recital venues and conference centers.

Petitioner, is not admitted in NY or NJ. Petitioner affirms to the truth of the following statements against officers of these courts who have tried to keep Petitioner out of their courts for fear she will enforce her patents and reduce tax revenues available to the several states. The means used by defendants to delay Petitioner's patents and keep her out of the courts include *ex parte* obstruction of justice, malicious abuse of process, unprivileged defamation without jurisdiction and ex parte RICO fraud crimes in state and federal district court files.

## UNDISPUTED FACTS AND INFRINGEMENT OF PATENTS

Petitioner is the sole-named priority patentee of standard essential US event ticketing authentication and non-ticketing business-enabling patents that are being willful infringed by private infringers

within the district covered by the SDNY and by NYS, NJ and NYC
institutions helmed by the named respondents in this NDNY lawsuit.
The Port Authority of NY and NJ is a private entity and venture
partner of both states of New York and New Jersey and operates public
transportation systems and airline terminals in NY and NJ.
Petitioner's patents have been taken by both these states without
permission; but the states' methods of depriving Petitioner of access are
criminal and involve ex parte manufacture and entry of forged and
fraudulent documents into "ordered concealed" files, acts that violate
due process of law. *Florida Prepaid Postsecondary Education Expense
Board v. College Savings Bank*, 527 US 627 (1999).  Moreover, all acts
were undertaken without jurisdiction because since 1998 such that they
are not protected by immunity. Petitioner is not admitted in NYS since
1998 and was never admitted in NJ. Petitioner retains the
constitutional right for the full term to enforce her patents in any
district wherein they are being used without permission and six years
beyond the term for acts of infringement or a state's taking during the
term. *SCA Hygiene Products Aktiebolag v. College Savings Bank*, 137 S.
Ct. 954 (2017). There is no such thing as laches.  *Ibid.*

Without any legal justification and by acts of forgery, fraud and
malicious abuse of process including affixing the signature of dead
members of the First Dept. onto older pre-2000 letterhead to conceal the
names of the perpetrators,  Petitioner has been denied constitutional

access to the SDNY since 2010[11]. Petitioner has been denied access to the DNJ since 2018. Petitioner was also denied civil rights injunctive and declaratory relief against NYS unified court system (UCS) officers since 2013 by SDNY administrators and judicial officers - Catherine O'Hagan Wolfe, Julie Allsman, Magistrate Pitman, Judges Jesse M. Furman and Alisa Torres - and by two chancery judges in New Jersey – Jodi Lee Alper and Sheila Venable since 2018. Documents just produce prove ex parte attorney fraud and deceit by members of the NYS Attorney General's Office in consort with First Dept. officers Jorge Dopico and J. Richard Supple. The scandal therefore reeks of an elaborate conspiratorial enterprise to deprive Petitioner of infringement hearings and as to NJ, to kick her out of her home and home offices by a NY bank, M&T Bank of Buffalo, New York, <u>which is a foreign loan servicer as to NJ</u>.

Willful infringers Live Nation merged with Ticketmaster, MLB and all sports leagues and sports betting enterprises have been using, manufacturing, outsourcing and importing infringing systems since before the first patent issued on October 13, 2009.  City institutions were also infringing the patents and can be sued directly.  *Monell v. Dept. of Social Services*, 436 US 658 (1978). None of Petitioner's claims against NYC and its officers could be *sua sponte* dismissed by the SDNY in 2013 without motion on notice. 13cv2565 (JMF); *Wells Fargo Bank NA v. St. Louis*, 2024 WL 2737961 (NYAD 2d Dept. 2024). Yet

---

[11] Gurvey US Patents Nos. 11403566, D647910S, 7603321 and 15 patents pending

Petitioner was denied blanket access to all state and district courts in both New York and New Jersey since 2013 allegedly based on the hundreds of millions of dollars being generated by use of her patents without permission.

In this motion, Petitioner seeks expedited adjudication of the pending order to show cause by NDNY Judge Brenda Sannes entered in June 2025. A further order granting hearing on injunction was entered September 5, 2025 but a formal order must be entered. The delay is causing multidistrict prejudice and damages in and out of NYS including to Petitioner's patent business, professional reputation and career and to her NJ offices as herein explained. Petitioner was never in default under her mortgage loan since it was issued after 9-11 in 2002 and the judge assigned her removal action in 2018 owned stock in M&T Bank and the State of NJ never acquired jurisdiction from this judge on remand in 2019. But for 4 years, the state judge refused to acknowledge that she had no subject matter jurisdiction over M&T's fraudulent foreclosure complaint.

Based on the August 31, 2025 production by the First Dept., injunctive relief and declaratory determinations are now unconditionally owed Petitioner from this Court against the NYS Office of Court Administration (OCA) and the NY Court of Claims for *ex parte* obstruction of justice before the Federal Circuit.  Orders are unconditionally owed by the DNJ against the Appellate Division of New Jersey. Petitioner is also owed a criminal investigation by the State of

NY Attorney General Fourth Dept against M&T Bank headquartered in of Buffalo, New York and its law firm debt collectors at Schiller, Knapp, Lefkowitz & Hertzel; Reed Smith (Aaron Bender); and Parker Ibrahin and Berg, for malicious abuse of process, copying fraudulent and nonfinal orders from the OCA webpage stealing $800,000 of equity funds and evicting Petitioner from her home and home offices that got Petitioner physically and emotionally sick.

The order to show cause entered in June 2025 by Judge Sannes was the result of Judge Nardacci's unconstitutional order entered May 29, 2025. In that order Judge Nardacci copied *sua sponte* fraudulent and forged documents posted by OCA officers on the Internet without notice or due process of law. None of the posted orders constitute final judgments. They were found nonfinal by the NY Court of Appeals. Judge Nardacci's orders therefore constitute clear abuses of discretion in violation of Petitioner's civil rights. Vacatur of the orders must be granted absolutely within one year of entry because Petitioner's motions to vacate are timely. FRCP Rule 60(b)(1)-(6). Even Petitioner's original vacatur motion immediately docketed in June 2025 was in fact filed within the statutory deadline of FRCP Rule 59(e) and was never heard.

In the interim, the name of SDNY respondent judge Laura Taylor Swain, the SDNY supervising judge, was unilaterally deleted from the case caption in violation of due process because this judge is the proper individual to accept orders for fees and costs against that court owed since 2013. *Pulliam v. Allen* 466 US 522 (1984)

Petitioner now properly seeks an order vacating Judge Nardacci's orders, recusal of the judge because impartiality can seriously be questioned, and an order granting filing and service of a second amended complaint before the NDNY pursuant to FRCP Rules 19, 20 and 24. Based on the First dept.'s production injunctive and declaratory relief against the OCA and NY Court of Claims are unconditionally owed to Petitioner. In October, 2024, the Court of Claims also returned Petitioner's Notices of Claim filed against the State and its officers sued in official capacities for promulgation of unconstitutional protocols.

**First Dept.'s production also proved that since 2013, the SDNY engaged in collusion with First Dept. attorney grievance committee (AGC) officers including J. Richard Supple who held a dual undisclosed counsel position at the First Dept. while serving as Petitioner's adversary at Hinshaw & Culbertson defending infringers of Petitioner's patents, Cowan Liebowitz & Latman and its trademark client Live Nation.** There is no longer any dispute that Supple circulated forged and fraudulent documents to SDNY administrator Catherine O'Hagan Wolfe and Julie Allsman in 2012-2013 and in response, SDNY blacklisted Petitioner from its court *sua sponte* without motion on notice. These collusive acts caused judges to sua sponte deny Petitioner's infringement complaints against private and city infringers.

In addition, in October 2025, in clear abuse of discretion, Petitioner was denied intervention as of right into SDNY infringement

and antitrust lawsuits 24cv2930 and 24cv3973 wherein all parties –
both plaintiff and defendants - are willful infringers of Petitioner's US
patents.  In DC District Court order 2010 WL 975408, pp. 8 line 10
(DCD) (January 25, 2010), that court found based on  Live Nation
Entertainment's admission that the merged entity with Ticketmaster
had been using, outsourcing and importing infringing systems of
Petitioner's patents since before 2010.  There is no dispute from the
case docket 06cv1202 (SDNY) that Petitioner and Live Nation's common
lawyers at defendant Cowan Liebowitz & Latman committed conflicts of
interest breach of fiduciary duty and declaration fraud before the
USPTO and was under investigation by the Commissioner of Patents,
Wynn Coggins.

When Petitioner's first delayed US patent issued on October 13,
2009 (7603321) she was entitled to infringement hearings six years
retroactive to the date the complaint was filed (April 22, 2010). Instead,
her infringement complaint was deleted *ex parte* from the docket by
Supple and a SDNY clerk convicted in 2023 for accepting bribes for 18
years (Dionisio Figueroa).

The Commissioner of Major League Baseball (MLB) and
subsidiary MLB Advanced Media were other trademark clients of the
Cowan Liebowitz & Latman defendants. MLB got access to Petitioner's
inventions unlawfully through Live Nation and the firm's publications
of abandoned applications.

The Port Authority of NY and NJ, local area airport terminals, the MTA and MetroCard, sports betting companies and congestion pricing companies have still not been ordered to submit to infringement hearings before the SDNY.

Summary charts against these companies based on infringement of Petitioner's high level ticketing and authentication patents include:

- **US 11,403,566**: Methods/systems for authenticating ticketing data and enabling use by non-ticketing businesses.
- **US D647,910 S**: Design patent — ornamental aspects of a ticketing interface/device.
- **US 7,603,321**: Systems for secure ticketing and data verification across venues/transportation.

Potentially relevant accused Use(s) entitled Petitioner to exclusive operation of systems where ticketing data is authenticated and repurposed for:

- **Transportation**: MetroCard, MTA, NYS Thruway, Port Authority (airports, bridges, tunnels).
- **Sports/Entertainment**: Yankee Stadium, MLB Advanced Media, Live Nation, Ticketmaster, StubHub, Citifield
- **Regulated Gaming & Betting**: NYS Gaming Commission, sports betting operators, NY Lottery, OTB.
- **Congestion Pricing**: NYC tolling/traffic pricing systems.

Each infringement involves **ticket/token validation** and often **sharing data with non-ticketing businesses** (concessions, advertising, loyalty programs, parking, betting, etc.).

| Patent Claim Element | Accused Feature | Evidence Source | Notes |
|---|---|---|---|
| "Authenticating ticketing data…" | Ticketmaster QR/barcode validation | Ticketmaster technical docs, user guides | Maps directly to claim 1 of '566 |
| "Enabling non-ticketing businesses…" | StubHub resale integration with MLB Advanced Media | MLBAM licensing agreements | Shows data flow beyond ticketing |
| "Secure token for transportation access…" | MetroCard authentication at MTA turnstiles | MTA public procurement specs | Matches '321 system claims |

| Patent Claim Element | Accused Feature | Evidence Source | Notes |
|---|---|---|---|
| "Ornamental design of ticketing interface" | Live Nation mobile app ticket screen | Screenshots, app store images | Compare to D647,910 drawings |

## Claim Chart – US Patent 11,403,566 vs. Ticketmaster / Live Nation

| Patent Claim Element | Accused Feature | Evidence Source | Notes |
|---|---|---|---|
| "A method for authenticating ticketing data…" | Ticketmaster mobile app QR/barcode scanning at venue gates | Ticketmaster support docs, app screenshots | Direct authentication of ticketing data |
| "…enabling non-ticketing businesses to access authenticated data" | Live Nation concessions, merchandise, loyalty programs tied to ticket scans | Live Nation marketing materials, venue partner agreements | Shows data use beyond ticketing |
| "…secure transmission of authenticated data to third-party systems" | Ticketmaster API integrations with StubHub and MLB Advanced Media | Developer/API documentation, MLBAM partnership announcements | Demonstrates external data flow |
| "…recording authenticated ticketing events for subsequent business use" | Ticketmaster/Live Nation analytics dashboards for sponsors | Investor presentations, venue case studies | Matches claim language on recording and reuse |

## Claim Chart – US Patent 7,603,321 vs. MTA MetroCard / Congestion Pricing

| Patent Claim Element | Accused Feature | Evidence Source | Notes |
|---|---|---|---|
| "System for secure ticket/token validation…" | MetroCard magnetic stripe authentication at turnstiles | MTA procurement specs, technical manuals | Core validation process |
| "…enabling access to non-ticketing services" | MetroCard linked discounts at retail partners, congestion pricing toll passes | NYC DOT congestion pricing proposals, MTA partner programs | Extends beyond transit |
| "…data verification across multiple venues/modes" | MetroCard accepted at subways, buses, PATH, AirTrain | Port Authority/MTA interoperability docs | Multi-venue verification |
| "…providing authenticated data to external systems" | Congestion pricing system sharing toll data with enforcement agencies | NYC DOT reports | Matches external data provision |

## Claim Chart – US Design Patent D647,910 S vs. MLB Advanced Media / StubHub

| Patent Claim Element | Accused Feature | Evidence Source | Notes |
| --- | --- | --- | --- |
| Ornamental design of ticketing interface (as shown in drawings) | MLB Ballpark app digital ticket screen | App screenshots, App Store images | Compare layout, ornamental features |
| Distinctive arrangement of authentication elements | StubHub resale ticket QR interface | StubHub app screenshots | Side-by-side comparison required |
| Overall visual impression | MLBAM ticket display vs. D647,910 figures | Expert design comparison | Establishes substantial similarity |

## EXPEDITED ORDERS ON INJUNCTIVE AND DECLARATORY RELIEF MUST BE GRANTED AGAINST STATE OFFICERS

Petitioner now seeks expedited adjudication of the order to show cause and an inquest on treble RICO fraud, willful infringement without permission and conspiracy damages as confirmed by the First Dept.'s document production. There is no dispute from the order of the First Dept. entered April 21, 2016 that for 14 years the essential documents were maliciously and unconstitutionally ordered withheld from Petitioner and four mandamus lawsuits were *sua sponte* dismissed without motion on notice in violation of Petitioner's constitutional rights. *Wells Fargo Bank v. St. Louis*, 2024 WL 2737961 (NYAD 2d Dept. 2024) There is no dispute that Live Nation, Phish and MLB are infringing Petitioner patents in the district and out of state and at all e3 national baseball stadiums. In the summer these venues double as outdoor concert halls.

Petitioner also seeks punitive damages in the maximum amount permitted by law against individual officers at the OCA, Court of Claims and First Dept. AGC, at Cowan Liebowitz & Latman and Hinshaw & Culbertson as found by the Central District of California in a 2024 order.

Petitioner further seeks to recover fees and costs against the SDNY as authorized by the US Supreme Court and reinstatement of Judge Laura Taylor Swain to the case docket to accept orders for violating Petitioner's constitutional rights since 2013. *Pulliam v. Allen*, 466 US 522 (1984).

The Court must also decide if the NYS Attorney General must be formally disqualified from representing the State and its officers sued in their official capacities in this lawsuit based on conflicts of interest. In 2016, assistant AG Michael Berg defied NY's Executive Law subd. 63-1 when he agreed to defend First Dept. *individual* officers based on manufacture and insertion of forged, fraudulent and defamatory documents into NYS files as found by the First Dept. on April 21, 2016. These were the files ordered concealed from Petitioner in the same order and identified Supple as the perpetrator of crimes.

The First Dept. AGC, however, never had jurisdiction over Petitioner in the capacity of an attorney.  Only the Third Dept. did until 1998 when it granted Petitioner voluntary resignation in good standing. The unserved forged documents manufactured and inserted by Supple into First Dept. files were never produced based on assistant AG

Michael Berg's frivolous papers. Ergo… at all times the interests of the State of NY and its officers now sued before this Court in their *official* capacities are in conflict with the interests of the individual officers previously defended by Berg and AG.  There is no means to reconcile the conflicts of interest that already took place.[12]   See *Kentucky v. Graham*, 473 US 159 (1985)

    In addition, a second amended complaint will properly seek both prospective injunctive and declaratory relief against all UCS officers – at the NYS Office of Court Administration (OCA) (respondent Joseph Zayas, supervisor), AGC supervising serving at the First, Second and Third Depts., and judicial officers of the NY Court of Claims, and the executive officers of NYS agencies – the NYS Gaming Commission and NYS Thruway – Hon(s). Brian O'Dwyer and Frank Hoare.

    By way of bullet summary, therefore, this lawsuit has been atrociously managed and delayed when emergency relief is essential. Petitioner seeks injunctive and declaratory orders mandated by decisions of the US Supreme Court against the NY Court of Claims and OCA. In addition, Petitioner seeks that all NYS officers of the UCS be ordered to produce all documents of every kind and nature that pertain to Petitioner, her patents and her attorney ethics grievances submitted against Cowan Liebowitz & Latman, Live Nation Entertainment, Live Nation, Inc., Ticketmaster, MLB, Phish, Legend Films, Hinshaw &

---

[12] See Supreme Court of NY, NY County 100163-2015 Order entered August 30 2016.

Culbertson, Baker Botts, and Sheppard Mullin Richter and Hampton. Petitioner also seeks that NY City and its institutions including Yankee Stadium, the NY Lottery, MTA, MetroCard, local area airports, sports betting companies and congestion pricing technology entities and the Port Authority of NY and NJ be ordered by inquest to pay Petitioner patent infringement damages and at minimum statutory damages and cease any further frivolous "dodging" litigation.


## DETAILED LITIGATION HISTORY

The First Dept. documents that were unlawfully ordered withheld since 2011 in violation of due process, were just produced after 14 years. The documents were the proper subject of injunctive and declaratory relief from the SDNY since 2013. Certain of the First Dept. AGC and OCA officers who manufactured and entered forged and fraudulent defamatory documents and circulated those documents were doubling as Petitioner's adversaries in a SDNY patent litigation defending Cowan Liebowitz & Latman. Nothing could be more violative of conflicts of interest. NY's Judiciary Law Part 1240.6d, 1240.7, 1240.18; *Amalfitano v. Rosenberg*, 12 NY 3 8 (NY 2009); 533 F. 3d 117 (2d Cir. 2007). Instead of properly adjudicating Petitioner's ethics violations found by the Commissioner of Patents, the First Dept. AGC officers engaged in Petitioner's retaliatory harassment and malicious abuse of process without jurisdiction. Petitioner was blacklisted both by the First Dept. and the SDNY without any legal justification.

NDNY Chief Judge Sannes granted a hearing on injunction (Docket #85) on September 5, 2025.  This order was entered was after the trial judge judge Anne Nardacci abused discretion on May 29,2025 by entering a *sua sponte* dismissal order citing to per se fabricated documents posted by OCA officers on the Internet. The order to show cause entered September 5, 2025 has still not been complied by UCS respondents in this lawsuit including Joseph Zayas, Laura Taylor Swain, Frank Hoare and Brian O'Dwyer, Keven O'Toole, and the NYS Attorney General as to nonprivileged documents.

From the First Dept.'s document production on August 31 2025, it was established that AGC officers *de facto* engaged in Petitioner's retaliatory harassment by manufacturing forged and fraudulent documents affixing the signature of a dead 2002 chief counsel Paul Curran onto old letterhead (pre-2000) to conceal Supple and counsel Jorge Dopico's names as the perpetrators of crimes. **The forged documents were entered in violation of NY's Judiciary Law into newly opened files unlawfully created under Petitioner's name in 2010 when Petitioner is not admitted in NYS since 1998.  It is believed the acts were instructed by the Cowan Liebowitz & Latman defendants.**  An  admonition notice found in the file in 2008 was responded to as without jurisdiction or legal justification because it referred to a 2000 HUD housing proceeding wherein Petitioner was not the attorney but the tenant. Jay Stuart Dankberg was the attorney in that case. A destruction order ordered by the NYS Attorney General was entered in 2001 by the Housing Part clerk Ernesto Belzaguy and

OCA's Jane Chin. It should be noted that the First Dept. AGC only has disciplinary jurisdiction over attorneys actively representing clients and admitted in New York. This would apply to the Cowan lawyers, Supple, Dopico and members of AG's office, but not to Petitioner.

OCA officers including Shawn Kerby and Sam Younger who claim to have gotten the forged documents from the First Dept. in turn circulated the documents in 2018 to the Federal Circuit after Petitioner was unlawfully denied infringement hearings by the. The files say that former magistrate Henry Pitman was actively involved in corruption. He left the case and the court in 2014. Kerby and Younger are liable for their acts in collusion with Dopico and Supple and Dopico. All prevailing statutes are tolled because the documents were affirmatively and maliciously concealed. *Kentucky v. Graham*, 472 US 159 (1985)

The fraudulent letters submitted by Kerby to the Federal Circuit were not discovered until 2025. [13] They constitute newly discovered evidence. The Federal Circuit in turn never heard Petitioner's arising under patent appeals to orders of the SDNY denying infringement hearings. Nor did the court use its mandamus power to order

---

[13] Defendants J. Richard Supple and Hinshaw & Culbertson were sued with individual AGC officers before the EDNY in 2019 19cv4739 for damages and the case was sua sponte dismissed in abuse of discretion by Judge LeShann D'Arcey Hall during COVID 19.

disqualification of Supple and Hinshaw & Culbertson from the Cowan firm's defense.

There have been 14+ years of unprotected malicious abuse of process, retaliatory harassment and unprivileged defamation by AGC and OCA officers without jurisdiction against Petitioner causing damages to her reputation, career and patent business. A similar case was heard in 2009 by the SDNY. *Anderson v. State of NY, First Dept. Disciplinary Committee* (now the AGC), 614 F. Supp. 2d 404 (SDNY 2009)9Headnotes 15, 16)(Scheindlin, J.) and several of the same First Dept. officers were cited for Anderson's retaliatory termination.

The former Commissioner of Patents Wynn Coggins violated the APA by taking fourteen of Petitioner's patent applications out of the queue and placing them on "hold". These acts delayed Petitioner's timely prosecution interests on priority disclosures and patentable inventions. During this delay, other patent applicants including Apple, Inc. [14] and echangingbarcode copied Petitioner's published applications and applied for their own patents. SDNY plaintiff echangingbarcode failed to cite to Petitioner's applications as prior art rendering its patent unenforceable and void. Certain USPTO examiners violated Petitioner's constitutional rights when they granted limited claims to other applicants that are per se infringing of Petitioner's priority disclosures and issued US patents.

_____

[14]Apple Inc.'s ticketing management patent application - 2008-082491

Echangingbarcode, however, was in 2024 granted access to the SDNY to get infringement hearings against MLB and MLB Advanced Media, venture partners of defendant Live Nation and clients of the Cowan lawyers who published Petitioner's abandoned applications. Petitioner was denied her constitutional right to intervene in that SDNY lawsuit. 24cv2930 (PAE). In an order, the court found that Petitioner was never granted *pro hac vice* status by the SDNY, a pure fabrication. In SDNY Case No. 24cv3973 (Docket # 638), Petitioner was granted pro hac vie status. Moreover, the magistrate assigned to the 24cv2930 lawsuit previously served as the SDNY self-help attorney and refused to assist Petitioner file essential motions since 2016. The NY Legal Assistance Group for which Robyn Tarnofsky senior attorney was a NYS agency all along harboring conflicts of interest.

The Cowan Liebowitz & Latman attorneys and Supple should have been seriously disciplined immediately with damages awarded Petitioner. However, Supple got patent discovery stayed by judge Barbara Jones ex parte. This order was not reversed until 2012. Per the SDNY 2009 *Anderson* decision, now being challenged, there is allegedly no constitutional right to have discipline ordered against an opposing attorney by a state AGC. Instead, only damages must be awarded by a court of competent jurisdiction. However, the state and district courts cannot deny constitutional access to get those damages.

The SDNY never heard Petitioner contributory infringement and USPTO conflict of interest/ breach of fiduciary duty claims against

Cowan law firm defendants because Petitioner's first infringement complaint docketed and date stamped on April 22, 2010 was unilaterally deleted from the SDNY docket. At essentially the same time, in January 2010, the DC District Court entered an order that willful infringer defendants Live Nation and Ticketmaster "*could not withhold ticketing data from companies seeking to conduct non-ticketing businesses at their dominant share of owned, operated and serviced venues.*" [15] Ergo, all these claims were in the docketed complaint and never heard because they were removed from the docket in violation of due process by SDNY officers.

Now based on production of the withheld state files, injunctive and declaratory relief must be ordered against the State of New York, its officers sued in their official capacities and maximum damages awarded by the Court of Claims. Fees and costs must be ordered against the SDNY administrators and judges for continuing violations of Petitioner's constitutional rights. *Pulliam v. Allen*, 466 US 522 (1984)

## EARLIER HISTORY

The NYC Cowan Liebowitz & Latman law firm was already representing trademark clients Live Nation, Phish and the Commissioner of Major League Baseball (MLB) when they sought a patent retainer from Petitioner. The Cowan practitioners never

---

[15] *US v. Ticketmaster and Live Nation*, 2010 WL 975408, pp. 8 line 10 (DCD January 25, 2010), Amended Judgment January 8 2020

disclosed conflicts of interest.  The firm well knew that at least five clients also included Legend Films and its officers in San Diego had a profound interest in the subject matter of Petitioner's "marked confidential" patent applications. The formal applications were sufficient by law to be filed "as is" before the USPTO and could not be published. They were published including to members of Phish during partners' meetings. The Cowan practitioners and managing partners also sought an unlawful retainer from Petitioner seeking a stock interest in her applications in exchange for patent services. [16]  This type of retainer is unlawful in NYS. *Buechel v. Rhodes,* 285 AD 2d 274 (NYAD 1st Dept. 1999).

Petitioner declined the order and paid the firm $50,000. The money was thrown out the window and never refunded. The firm then retaliated against Petitioner and breached fiduciary duty first by inserting specifications from Petitioner's confidential applications into a PCT international application for Legend Films (02 US 14192). The firm partners also instructed the copying of Petitioner's California client lists and patent specifications into the firm's database using night staff (Jacqueline Revander).

By the time Petitioner discovered she had been defrauded, the Cowan practitioners had already filed defective USPTO applications under Petitioner's name which did not correspond with Petitioner's long

---

[16] The same retainer had been unlawfully accepted from Legend Films of San Diego. *Buechel v. Rhodes*, 285 AD 2d 274 (1st Dept. 1999).

firm applications. The firm unilaterally abandoned these applications without notice, performed no substantive services whatsoever, did not prevent publication and then sought unilateral withdrawal from the USPTO from Petitioner's prosecution retainer. The USPTO never granted withdrawal based on contumacious defiance of practitioner conflict of interest mandates. 37 CFR 2.1, 2.19, 10.66, 11.108, 11.116, 1.324. However, the former Commissioner of Patents, Wynn Coggins, took fourteen of Petitioner's pending applications out of the queue and on hold to conduct a conflict of interest investigation that endured for seven years.

In the interim, other patent applicants some clients and/or venture partners of the Cowan firm such as Live Nation, Phish and MLB, copied specifications from the published documents, filed their own ticketing management applications and not did cite to Petitioner's filings as prior art. These acts constitute USPTO fraud. They precluded enforcement of any issued patent claims.

Yet the SDNY granted the companies who copied Petitioner's published applications access to the court to get infringement hearings. When Petitioner's delayed patents including a continuation patent files in 2009, finally issued in staggered fashion in 2009, 2011 and 2022, her claims were being infringed by these other companies.

Because Petitioner's patents were anticipated in the operative complaint filed before the SDNY, however, they were required to be granted hearings against all named defendant infringers. But

Petitioner was never granted hearing in 13+ years by the SDNY or patent discovery because her complaints were removed from the docket. *Anza Technology v. Mushkin*, 934 F. 3d 1349 (Fed Cir. 2019)

The DC District Court is currently adjudicating Petitioner's claims seeking injunctive relief, a patent term adjustment and damages against USPTO officers for *sua sponte* violations of the Administrative Procedures Act, 5 USC §§551, 701 et seq. (APA). In another DC District Court lawsuit, 25cv3257, the presiding judge Lauren Alikhan fabricated that Petitioner was never admitted to any state bar. The order is the subject of an immediate motion to vacate but this court has delayed emergency relief to petitioner.

The USPTO Office of Enrollment and Discipline, having received multiple ethics violation grievances against the Cowan practitioners from the Commissioner failed to grant Petitioner any relief in violation of equal protection. This means that the Cowan firm and its defense lawyers circulated the forged and fraudulent documents to the USPTO. Under the APA, Petitioner was entitled to a full retainer refund, orders to reinstate Petitioner's applications to the prosecution queue at the Cowan firm's own cost and expense, and production of all documents exchanged during the Commissioner's investigation.

In addition, even under state law and equal protection, the First Dept. had a preempting federal duty to compel return of Petitioner's unearned retainer and complete inventorship files from the Cowan practitioners. Such orders were never issued.

On April 21, 2016, the First Dept. identified its staff attorney Supple dually serving as Petitioner's SDNY adversary as counsel to the Hinshaw firm's NY office, as the perpetrator of crimes in the state files.

Investigation confirmed that since 2011, three mandamus orders seeking injunctive and declaratory relief were denied by the Supreme Court of NY, NY County and then by the SDNY – Index No. 110774-2011, 100163-2015; and SDNY Case Nos. 13cv2564; 18cv2206, 06cv1202. Index No. 110774 2011 before Supreme NY was transferred to the First Dept. and *sua sponte* dismissed without motion on notice on July 3, 2014. Dismissal occurred after a *sua sponte* order without motion on notice - drafted by Supple and Dopico - was entered on December 4, 2012 by the AGC supervising judge Luis Gonzalez. **This order said that Petitioner's [nonexistent] law license in NYS should be suspended for six months. The order was a sham and a charade, factually and legally impossible. Moreover, because it was entered without AGC jurisdiction it had to be immediately vacated by the same court.**

The First Dept. also continued in 2017 to refuse to vacate Supple's forged and fraudulent unserved documents from the state files. Mandamus petition 132-17 filed before the new presiding judge Rolando Acosta was never heard. It was transferred sua sponte to the Second Dept. where it was also dismissed *sua sponte* in violation of Petitioner's constitutional rights. *Wells Fargo Bank v. St. Louis*, 2024 WL 2737961 (AD 2d Dept. 2024). The forged documents affixed the signature of a

dead 2002 former AGC chief counsel Paul Curran who died of cancer in 2007 and that an admonition notice and complaint were drafted on pre-2000 letterhead to conceal the names of Supple, Dopico, O'Hagan Wolfe, and clerk Lauren Holmes as the perpetrators of crimes.

The NY Court of Appeals found the First Dept. orders nonfinal and that they did not finally determine any action. The orders remain on appeal with no final judgment. As such, they could not be posted as final judgments by OCA on the Internet.

OCA attorney Shawn Kerby is personally liable for sending fraudulent letters to the Federal Circuit in 2018 causing monumental damages and forfeiture of patent appeals. OCA's Younger is liable for posting fraudulent documents on the Internet found nonfinal by the NY Court of Appeals. The postings fraudulently say that Petitioner was "disbarred". **__Petitioner was never disbarred and never sanctioned by the NY Court of Appeals.__** __No court can copy nonfinal orders that are not judgments to prejudice a party's lawsuit. Fingerpointing to another court or state officer will not solve the problem__. THIS MUST STOP.

## MEMORANDUM OF LAW

This Court has still failed to adjudicate the pending order to show cause entered by Judge Sannes in June 2025 that Petitioner immediately answered.

The delay is causing further prejudice, damages and constitutional violations by other courts. Other courts have requested formal orders on the order to show cause. Petitioner is also entitled to vacatur of the sua sponte "copied" order by Judge Nardacci dismissing this lawsuit *sua sponte* on May 29, 2025 in clear abuse of discretion. This order demonstrates that objectivity can seriously be questioned. 28 USC §455. [17]

The First Dept. documents produced on August 31, 2025 qualify as newly-discovered evidence and merit an amended complaint. FRCP Rules 15, 60(b). *Metzler Investments Gmbh v. Chipotle Mexican Grill,* 970 F. 3d 133 (2e Cir. 2020). An amended complaint is properly granted post judgment.  See, *Grant Williams v. Citicorp.*, 659 F. 3d 208 (2d Cir. 2011). The recently exposed crimes of NYS UCS officers function to toll all prevailing statutes on RICO fraud and conspiracy, wrongful state action, malicious abuse of process, retaliatory harassment and unprivileged defamation. The term of infringement is in full force.  With no jurisdiction in favor of any attorney grievance committee in NYS since 1998, the acts of manufacturing and entering forged and fraudulent unserved documents into ordered concealed state files are not protected by immunity. *Forrester v. White*, 484 US 219 (1989); *Stump v. Sparkman*, 435 US 349 (1978); *Cleavinger v. Saxner*, 474 US 193 (1985). The acts now proving unconstitutional protocols by the

---

[17] They have even been copied by the DNJ when the judge presiding over that case owned a concealed stock interest in defendant M&T Bank of Buffalo, New York that filed a fraudulent foreclosure action against Petitioner in NJ.

State of NY and its officers are properly granted damages before the NY Court of Claims. *Kentucky v. Graham*, 473 US 159 (1985). That AG unlawfully defended certain of these *individual* state officers in 2016 in defiance of NY's Executive Law, subd 63-1, means that AG harbors an irreconcilable conflict of interest cannot represent the NYS and its officers sued in their official capacities in this lawsuit.

Injunctive relief must now be ordered by the NDNY against NYS UCS officers in their official capacities serving on OCA, NY Court of Claims, First Dept., Third Dept., Second Dept. for ongoing violations of Petitioner's constitutional rights. The First Dept. contends it has no access to the documents in possession of the other courts. The acts undertaken were already found unconstitutional by the SDNY. *Anderson v. State of NY, First Dept. Disciplinary Committee* (*FDDC*) that is controlling. 614 F. Supp. 2d 404 (SDNY 2009)(Headnotes, 15, 16) (Scheindlin, J.)

## CONCLUSION

This Court then being apprised of continuing *ex parte* obstruction of justice by the SDNY ongoing in October 2025 in Case Nos. 24cv3973 and 24cv2930, has still not adjudicated Petitioner's order to show cause. The judges adjudicating those cases cited to Judge Nardacci's May 2025 order and not the subsequent order of this Court. Petitioner was shocked to discover that Robyn Tarnofsky was serving as the magistrate on the 24cv2930 infringement lawsuit brought by plaintiff echangingbarcode, when echangingbarcode cannot enforce its patent for

failing to cite to Petitioner's patents as prior art before the USPTO. Moreover, along with both MLB/MLBAM, both parties are infringers of Petitioner's patents. Yet based on Judge Nardacci's unconstitutional orders, Petitioner continues to be blacklisted by that Court. Judge Engelmayer also fabricated Petitioner was never granted pro hac vice status by the SDNY.  Docket Entry 638 entered in case no. 24cv3973 (AS) proved that Petitioner was granted pro hac vice status and the order was unilaterally removed from 24cv3973 docket in defiance of due process of law.

**WHEREFORE**, Petitioner Amy Weissbrod Gurvey moves for expedited adjudication of the order to show cause by formal order, vacatur of trial judge Nardacci's orders, and an order granting filing and service of a second amended complaint granting injunctive and declaratory relief against the State. Fees and costs are properly awarded against the SDNY for ex parte constitutional violations by its officers.

Dated November 13, 2025
Princeton, NJ

/amyweissbrodgurvey/


AMY WEISSBROD GURVEY

## AFFIRMATION OF SERVICE

Amy R. Weissbrod Gurvey an attorney admitted to practice law in California affirms that on November 14, 2025 she served a true and accurate copy of the motion seeking expedited hearing and entry of order on the order to show cause entered by Chief NDNY Judge Brenda Sannes in June 2025, an order to show cause immediately answered by Petitioner that resulted in a production by the First Dept. on August 31, 2025 with withheld state documents, and subsequently and order granting hearing on injunction (Docket #85) on September 25, 2025. The documents were served on the following parties:

NYS Attorney General
Noah Engelhart, Esq.
PO Box 341 Capitol Station
Albany, NY  12224-0341

Brian Hodgkinson, Esq.
Port Authority of NY and NJ
4 World Trade Center 24th Fl
150 Greenwich Street
New York, NY  10007

Appellate Division Superior Court
State of New Jersey
25 Market Street
Trenton, NJ  08625

Reed Smith, LLP
506 Carnegie Center 3rd Fl
Princeton, NJ  08540

AMY R. WEISSBROD GURVEY