

*Live-Fi™ Technology Holdings*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
US v. Live Nation Entertainment, Inc.   CASE NO. 24cv3973 (AS)

FRCP Rule 60(b)
MOTION TO VACATE
ORDER DENYING
INTERVENTION AS OF
RIGHT, TO REINSTATE
ORDER GRANTING PRO
HAC VICE STATUS
(DOCKET #638) AND TO
DISQUALIFY CRAVATH
SWAINE AND MOORE
FROM FURTHER
REPRESENTING LIVE
NATION ENTERTAINMT

ORAL ARGUMENT
REQUESTED
---------------------------------------------------------------X

**PLEASE TAKE NOTICE** that on December 19, 2025 at the US District Court Southern District of New York Courtroom of Hon. Arum Subramanian 500 Pearl Street, New York 10007 based on recent orders of the NDNY in 24cv211 and the NY Court of Claims, proposed interventor as of right, LIVE-Fi® TECHNOLOGY HOLDINGS, and its

1

CEO/California counsel Amy Weissbrod Gurvey, owner of US ticketing patents who was previously granted *pro hac vice* status by this Court on August 2, 2025[1] to appear as an interested party in US v. Live Nation Entertainment, Inc. (LNE), 24cv3973 now moves pursuant to FRCP Rule 60(b) to vacate the order of this court denying intervention as of right, reinstating the grant of Petitioner's *pro hac vice* status to the docket (Docket #638) that was unlawfully deleted ex parte; and disqualifying the law firm of Cravath Swaine and Moore from further representing defendant LNE in this lawsuit.

LIVE-Fi® Technology Holdings and Amy Weissbrod Gurvey, the sole named inventors of standard essential ticketing patents that authenticate ticket data to enable other non-ticketing businesses and revenues, Petitioner argues as follows:

(1) Petitioner has a constitutional right to intervene as of right under FRCP Rule 24. Evidence is undisputed that defendant LNE instructed its previous SDNY defense lawyers at Hinshaw & Culbertson, Baker Botts and Sheppard Mullin to enter ex parte forged and unserved documents into ordered concealed state files that were circulated and considered without service by the SDNY administration, the Federal Circuit and the NYS Office of Court Administration attorney Shawn Kerby. Kerby in turn wrote ex parte and secret letters to the Federal Circuit in 2018 not to hear Petitioner arising under appeals to orders of the SDNY denying infringement hearings against defendant LNE by lying that Petitioner was somehow disbarred. Petitioner has never been disbarred, is in excellent standing in California and has never been disbarred, and even if she were, such fact has zero to do with Petitioner's constitutional right to get infringement and antitrust hearings from this Court.

---

[1] *US and 35+ US States v. Live Nation Entertainment, Inc.*, 24cv3973 (SDNY)(AS)

(2) The claim in (1) is entirely separate from the court's order in abuse of discretion denying intervention. Petitioner already sued defendant Live Nation before the DC District Court for contumacious defiance of its 2010 and 2020 Judgment and Amended Judgment in *US v. Ticketmaster and Live Nation*, 2010 WL 975407, 975408 (January 25, 2010), Amended Judgment January 8, 2020. That judgment precluded both defendants Live Nation and Ticketmaster from withholding ticketing data from companies seeking to enter LNE's dominant share of owned, operated and serviced venues to conduct nonticketing businesses. Petitioner owns and controls most of the US patents that enable nonticketing businesses by authentication of ticketing data. However, while Petitioner is before the DC District Court in a parallel lawsuit, the claims of keeping Petitioner out of the market by collusion with NYS officers to engage in tortious interference, fraud and unjust enrichment are not before the DC District Court.

(3) The Court violated Petitioner's constitutional right to due process of law by denying Petitioner intervention;

(4) The Court violated Petitioner's constitutional right to due process of law by unilaterally revoking its grant of pro hac vice status in Docket 638.

(5) The revocation order in (4) was cited by another judge in this court, Hon. Paul Engelmayer, who was hearing a case on a void patent that is infringing Petitioner's patent with the named defendants LNE, MLB and MLB Advanced Media. Petitioner, the inventor of the patents and the plaintiff therein Alan Amron who never cited to Petitioner's issued patents and published pending patents at the USPTO cannot enforce his patent. Judge Engelmayer then cited the unconstitutional unilateral deletion of Petitioner's pro hac vice status by this Court in abuse of discretion, and then

granted unilateral withdrawal to Amron in further abuse of discretion.

(6) Petitioner had a constitutional right to intervene in this lawsuit and in the 24cv2930 lawsuit to file a third party infringement complaint against Amron and MLB/MLB Advanced Media to get her first infringement hearings.

(7) Petitioner was also denied infringement hearings sua sponte by the NDNY in 24cv211, and injunctive relief against the NYS Office of Court Administration, against the NY Court of Claims, and taking hearings against NYS even if Petitioner cannot recover damages for taking before NYS in a federal court.

(8) Petitioner has been denied infringement hearings by this Court and the NDNY in violation of the Fourteenth Amendment, unconstitutional acts by court judges that warrant fees and costs. *Pulliam v. Allen*, 466 US 522 (1984)

(9) Tortious interference and RICO crimes by NYS officers in collusion with defendant LNE's attorneys are acts of antitrust to keep Petitioner out of the courts, separate from out of the market.

(10) Contrary to this court's order, on September 5, 2025, the NDNY in Case No 24cv211 granted a hearing on injunction against NYS and its officers (Docket #85). In a subsequent order the Chief Judge Brenda Sannes made clear that the *sua sponte* dismissal order previously entered by the court January 2025 could not be applied collaterally or by claim preclusion by any other court. *Bridgeport v Delmonte*, 602 F. 3d 469 at 473 (2d Cir. 2010).

(11) Yet this court cited to that order in clear abuse of discretion and the order having been vacate or otherwise qualified, cannot be given any further force and effect.

(12) The NDNY orders are the subject of a mandamus petition before the US Supreme Court because injunctive relief was

mandatory against the State, the NYS OCA officers for violation of Petitioner's constitutional rights and tortious interference with Petitioner's Federal Circuit appeals – 18-2076, 20-1620, 23-134. injunctive relief was mandatory against the Court of Claims that returned Petitioner's claim for damages on claim for which the State has waived immunity - tortious interference and unjust enrichment- and Petitioner's infringement complaint against private entity Port Authority of NY and NJ was required to be granted a hearing on the merits.

(13) Most important the law of taking of patents by a State only requires the district court, here the SDNY and the NDNY both -- to determine if the State of NY engaged in a taking of Petitioner's patents in collusion with LNE defendants in this lawsuit. If a taking is determined, damages are then per se recoverable before the Court of Claims. The two-step process making the procedure needlessly complicated which is how defendant LNE got away with it.

(14) The RICO corruption and acts of tortious interference by defendant LNE through its attorneys and collusion with First Dept. officers, OCA officers, SDNY administrative officers and the Federal Circuit appeal caused Petitioner to suffer constitutional exclusive from all courts in this state. This is not the same claim as defendant LNE's contumacious defiance of the mandates entered by the DC District Court in 2010 and 2020.

(15) Christine Varney, the former DOJ chief counsel who spearheaded the Government's opposition to the merger, is a partner at LNE's current lawyer Cravath Swaine and Moore and based on the confidential information acquired by Varney from the Government during the merger proceedings since 2010, the Cravath firm cannot represent defend LNE in this lawsuit.

(16) The Cravath firm must also be disqualified because the wife of a partner, Antony Ryan, Robyn Tarnofsky, was Petitioner's attorney during the SDNY antitrust and infringement lawsuit during which defendant LNE's attorneys committed RICO violations, ex parte obstruction of justice with State officers. Tarnofsky was then serving as an attorney for the SDNY pro se help unit, NY Legal Assistance Group, a NYS agency, harboring clear conflicts of interest because defendant State officers at the OCA were engaging in *ex parte* tortious interference before the SDNY and the Federal Circuit to keep Petitioner out of the courts in New York and prevent her antitrust and patent appeals. Damages were proven because the Federal Circuit, having not served Petitioner with the ex parte proffers in violation Twomey v. Ohio, 273 US 510 (1927); ABA Rule 2.9 on *Ex parte Communications*, transferred three arising under patent appeals to the 2d Circuit that had no power to hear the appeals. Supremacy Clause Art. IV, Cl. 2.

(17) A petition filed before the US Supreme Court is appended hereto in Case No. 24-7441. Please be advised that Adm. Judge Laura Taylor Swain's name was deleted ex parte from the NDNY docket as a respondent.

(18) Petitioner seeks vacatur of the deleted docket #638 reinstatement of pro hac vice status to this court, an order granting intervention as of right and such other and further relief as the court deems just and proper in light of its conflict of interest based on constitutional violations by other judicial officers serving in the court.

Dated: December 11, 2025
Princeton, NJ
AMY R. WEISSBROD GURVEY
CEO LIVE-Fi® Technology Holdings, LLC

cc: Hon. Paul Engelmayer, Re: 24cv2930
cc: Hon. Debra Livingston, Chief Judge 2d Circuit