## CASE NO. 25-1954

In The

# US Court of Appeals for the Federal Circuit

## *Brief of Petitioner-Appellant*

Amy R. Weissbrod Gurvey
7302 Woodstone Circle
Princeton, New Jersey 08540
amyg@live-fi.com

US Patentee
Petitioner/Appellant *Pro se*
CEO/California Counsel
LIVE-Fi® Technology Holdings, LLC

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................ii

AUTHORITIES.........................................................................................................iii

STATEMENT OF THE CASE ………………………………………………………2

PETITIONER'S BRIEF IN CHIEF ………………………………………………9

ANALYSIS…………………………………………………………………………..14

MEMORANDUM OF LAW……………………………………………...…………17

REMEDY…………………………………………………………………………19

CONCLUSION……………………………………………………………….…. 22

AFFIRMATION OF SERVICE 12-12-25..............................................................24

# AUTHORITIES

## CASES

Amalfitano v. Rosenberg, 533 F.3d 117 (2d Cir. 2007) ………………..…8

   Amron v. MLB Advanced Media SDNY infrg litigation, 24cv2930 …. 13

Anza Technology v. Mushkin, 934 F. 3d 1349 (Fed Cir. 2019)...............6

Cleavinger v. Saxner, 474 US 193 (1985)................................................15

Florida Prepaid Postsec Ed Exp Bd v. College Savings, 527 US 627
   (1999)…………………………………………………………………………5

Forrester v. White, 484 US 219 (1989); ..................................................15

Grant Williams v. Citicorp, 659 F. 3d 208 (2d Cir. 2011)..........................4

Gurvey v. Live Nation Entertainment, 25cv3257 (DCD).......................20

Link v. Wabash R. R. 370 US 66 (1962)............................................. 9, 19

Lucky Brand Dungarees v. Marcel Fashions, 140 S. Ct. 1589 (2020) ... 14

Metzler Investments Gmbh v. Chipotle Mexican Grill, 970 F. 3d 133 (2d
   Cir. 2020)…………………………………………………………………4

Mindy's Cosmetics v. Dakar, 611 F. 3d 590 (9th Cir. 2010)…..................9

NeuroRepair v. Nath Law Group, 781 F3d 1340(2015)…………………9..

Pulliam v. Allen, 466 US 522 (1984)......................................................7

SCA Hygiene Products Aktiebolag v. First Quality Baby Products, 137
   S. Ct. 954 (2017)...................................................................................4

Stump v. Sparkman, 435 US 349 (1978)..................................................15

Twomey v. Ohio, 273 US 510 (1927)………………………………………5,8

Uni-System v. US Tennis Assoc, 350 F. Supp. 3d 143 (EDNY 2018)…..8

US v. Live Nation Entertainment, Inc. (24cv3973)..................................2

US v. Ticketmaster and Live Nation, 2010 WL 975407, 975408...........17

Wyeth v. Kappos, 591 F. 3d 1364 (Fed Cir.2010)…………………………10

## STATUTES

Administrative Procedures Act, 5 USC §§551, 701 et seq......................10

Freedom of Information Act. 5 USC §551................................................10

NY Judiciary Law Part 1240 ......................................................................9
NY Judiciary Law Section 90.....................................................................9

## OTHER AUTHORITIES

Gurvey US Ticketing Patent Nos. 7603321, D647910S, 11403566 ...........

## RULES

ABA Rule 2.9 on *Ex parte Communications* ....................................... 3, 11
Rule 24...................................................................................................7
Rule 60(b)................................................................................................5

## CONSTITUTIONAL PROVISIONS

Eleventh Amendment ............................................................................16
Fifth and Fourteenth Amendment........................................... 6, 16, 18, 19
Fourteenth Amendment........................................................................ 3, 6
Supremacy Clause, Art. VI, Cl. 2..............................................................4



*Live-Fi™ Technology Holdings*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

December 12, 2025
US Court of Appeals for the Federal Circuit
717 Madison Place NW
Washington, DC 20439

Re: Petitioner/Patentee's Brief-In-Chief
Federal Circuit Appeal No. 25-1954 [*to* USDC Central District

To Central District of California Case No. 23cv-4381 (MEMF) *sua sponte* dismissing Petitioner's claims and denying reconsideration FRCP Rules 59(e) and 60(b) (Trans. from 9th Cir. No. 25-2026)]

*Amy R. Weissbrod Gurvey v. Live Nation Entertainment, Inc., Ticketmaster LLC, Live Nation, Inc., Instant Live Concerts, LLC, MLB/MLB Advanced Media, Phish/PhishLive, Cowan Liebowitz & Latman, PC, Hinshaw & Culbertson, LLP, Baker Botts, LLP, Does I-X Inclusive.*

Petitioner-US ticketing/ticketing management patentee Amy R. Weissbrod Gurvey, an attorney/entrepreneur admitted to practice law in California in good standing, declares to the truth of the following statements in moving to vacate orders of the USDC Central District of California (CACD) entered in September 2024 (Doc. #102) and May 2025 in clear abuse of discretion *sua sponte* dismissing Petitioner's claims and denying reconsideration. The claims could not be dismissed *sua sponte*. Nor could the CDCA take judicial notice of SDNY disputed

1

orders on appeal. Petitioner's complaint sought treble damages for
RICO conspiracy with NYS officers of the courts, tortious interference
with Petitioner's Federal Circuit arising under patent appeals to orders
of the SDNY since 2018 in collusion with NYS officers, damages for
federal and California unfair competition and unprivileged defamation,
treble damages for strict liability willful infringement and contributory
infringement, attorney in-court fraud and deceit and punitive damages
in the maximum amount permitted by law.

The CACD also denied timely vacatur of orders under FRCP Rule
60(b) based on misapplication of law after new documentary evidence in
the form of an *ex parte* letter written to the Federal Circuit in 2018 by
the NYS Office of Court Administration (OCA) was discovered in July
2025. OCA acts were unconstitutional undertaken without standing or
jurisdiction. The letter proved *ex parte* obstruction of justice by RICO
conspiracy by all infringer and attorney defendants sued in CACD
lawsuit with NYS OCA officers during the previous SDNY lawsuit and
continuing in two now pending SDNY infringement and antitrust
lawsuits involving the same infringers of Petitioner's patents.

Because the Federal Circuit never served Petitioner with OCA's
*ex parte* proffers, all Federal Circuit orders must suffer the fate of
vacatur including the orders transferring Petitioner's three arising
under patent appeals to orders of the SDNY entered in 2017, 2020 and
2023 to the Second Circuit. The Second Circuit had no jurisdiction to
hear patent appeals on the merits and did not do so. The CACD copied
the unconstitutional SDNY orders citing to a circulated OCA unserved
blacklist and abused discretion when it took judicial notice of those
orders and the transfer orders of the Federal Circuit instead of
sanctioning the CACD defendants who filed frivolous moving papers.

## STATEMENT OF THE CASE

A newly discovered "smoking gun" document was discovered in
July 2025. It came in the form of NYS Office of Court Administration

(OCA) attorney Shawn Kerby's 2018 *ex parte* letter written to the Federal Circuit without jurisdiction or standing seeking to prevent Petitioner's arising under patent appeals to three orders of the SDNY entered in 2017, 2020 and 2023 denying infringement and nonjoinder hearings on three of Petitioner's US ticketing and event management patents. (Gurvey US Patent Nos. 11403566, D947910S, 7603321) As a OCA attorney, Kerby had both actual and apparent authority to bind the State. NYS had no constitutional right to tortiously interfere with Petitioner's patent appeals against private entities Live Nation Entertainment, Ticketmaster, Phish, MLB and Cowan Liebowitz & Latman.

Kerby also fabricated that Petitioner was "disbarred". **Petitioner has never been disbarred** and even if she were disbarred, the Federal Circuit had a duty to serve Petitioner with Kerby's *ex parte* proffers, failed to do so and must now suffer the fate of vacatur of the transfer orders that deprived Petitioner of merits hearings on her patents.  Attorney status has nothing to do with a constitutional right guaranteed by the Fourteenth Amendment to get infringement hearings on issued patents. Most patentees are not attorneys. The legal result is that all Federal Circuit orders since consideration of Kerby's ex parte proffers without service on Petitioner must be vacated and the case remanded to the SDNY for mandatory patent adjudications on the merits. The court must also vacate all CACD orders referencing the SDNY orders and the Federal Circuit transfer orders.

Moreover, the RICO patent fraud has been confirmed. Based on an August 31, 2025 document production by the Appellate Division First Dept. in response to an order granting hearing on injunction by the NDNY (24cv211)(Docket #85), CACD defendant law firms – Cowan Liebowitz & Latman, Hinshaw & Culbertson (H&C), Baker Botts and Sheppard Mullin, Richter and Hampton – de facto engaged in *ex parte* obstruction of justice with NYS attorney grievance committee (AGC) member J. Richard Supple and staff counsel Jorge Dopico.  H&C defendants via Supple, himself a concealed AGC staff member, were

found to have manufactured and inserted forged and unserved documents into "ordered concealed" NYS files in an First Dept. order entered April 21, 2016. Certain documents were now confirmed to have affixed the signature of a dead 2002 former AGC chief counsel Paul Curran onto pre-2000 state letterhead to conceal the names of the participating CACD attorney defendants. An OCA blacklist was then circulated without service to SDNY Administration, and shared with SDNY judges and OCA officers to deprive Petitioner of infringement hearings in 2017, 2020 and 2023.

In addition, Supple and the Cowan defendants submitted the forged documents and upon belief the OCA blacklist to the United States Patent and Trademark Office (USPTO) Commissioner of Patents. The Commissioner opened a sua sponte conflicts of interest investigation against the Cowan law firm defendants. However, the Commissioner Wynn Coggins took 14-17 of petitioner's pending applications out of the queue to conduct the investigation in violation of the Administrative Procedures Act, 5 USC 551-596, 701 et seq. (APA). USPTO examiners then unlawfully issued subsequent patents during a seven-year unprecedented delay in Petitioner's prosecution interests to applicants who failed to cite to Petitioner's issued patents as prior art.

Whereas Petitioner was denied constitutional access to the SDNY to get infringement hearings for thirteen years since 2012, since 2024 she was also unlawfully denied intervention as of right to the SDNY against subsequent patentee plaintiffs, who themselves were infringers of her patents and by law, having failed to cite to Petitioner's patents. had no viable patents to enforce. The continuing acts of the SDNY violate Petitioner's constitutional rights warranting fees and costs. *Pulliam v. Allen*, 466 US 522 (1984).

**Contrary to Kerby's RICO patent fraud, Petitioner has never been disbarred. Petitioner has not been admitted in n NYS since 1998 when she was granted voluntary resignation in good standing by OCA officer Denise Rajpal and the Third Dept. officer Dan Brennan when she was in medical school.** Petitioner

never requested reinstatement and never thereafter paid bar dues to NYS. Petitioner has a constitutional right to get infringement hearings in any federal district in which her patents are being used without permission regardless of bar status for the full term of patent and six years beyond the term for acts of infringement during the term. *SCA Hygiene Products Aktiebolag v. First Quality Baby Products*, 137 S. C.t 954 (2017). The SDNY also denied Petitioner these constitutional rights and an amended complaint based on her delayed continuation patent – 11403566 - that issued on August 2, 2022 after the corresponding application was filed on October 11, 2009 (12587759). *Anza Technology v. Mushkin*, 934 F. 3d 1349 (Fed Cir. 2019); *Metzler Investments Gmbh v. Chipotle Mexican Grill*, 970 F. 3d 133 (2d Cir. 2020); *Grant Williams v. Citicorp*, 659 F. 3d 208 (2d Cir. 2011)

CACD defendants include both private infringers previously sued before the SDNY and their defense attorneys who engaged in *ex parte* obstruction of justice with NYS court officers during that lawsuit. The clear motive was to have NYS officers instead of defendants themselves tortiously interfere with Petitioner's three patent cases and appeals before the SDNY and Federal Circuit to keep the names of the participating defendants concealed. The collusive acts are not protected because the NYS OCA and AGC had no jurisdiction over Petitioner over Petitioner in the capacity of an attorney and the defamation perpetrated attacked Petitioner's status as an attorney. There was no bar license existing in NY beyond 1998.

The First Dept. confirmed that Petitioner's SDNY adversary since 2008, Hinshaw & Culbertson's J. Richard Supple was at all times dually serving as a staff counsel to the First Dept. AGC. In his concealed post, Supple manufactured and entered forged and unserved documents into state files that were "ordered concealed" in a First Dept. order entered April 21, 2016. The NY Court of Appeals found that order nonfinal and did not finally determine an action such that it could not applied collaterally or by claim preclusion by any subsequent court. Incriminating forged documents were uncovered pursuant to an order

granting hearing on injunction by the NDNY on September 5, 2025. Supple never disclosed conflicts of interest with his dual AGC post and was required to be disqualified from the SDNY lawsuit in the 2018 appeal before the Federal Circuit. 18-2076.

The State of New York has waived immunity for acts of tortious interference by its court officers. This claim was required to be heard by the NY Court of Claims. The Court returned Petitioner's duly filed Claim in 2025.

The State of NY has also waived immunity for unjust enrichment and misappropriation claims related to patents. (24cv211). A patentee's procedure to recover damages requires a two-step process. First the patentee must file a taking claim before a federal district court within the state and then a damage claim before the NY Court of Claims. Petitioner was denied taking hearings by the SDNY and the NDNY and then constitutional entry to the Court of Claims to recover damages proving a total taking of her patents.

It was the duty of the Federal Circuit since 2018 to serve Petitioner with Kerby's *ex parte* letter. However, Petitioner was never served by this Court. *Twomey v. Ohio,* 273 US 510 (1927); ABA Rule 2.9 on *Ex parte Communications.* Breach of the Federal Circuit's duty on all three appeals – 18-2076, 20-1620, 23-134 - caused monumental damages to Petitioner and her patent company, LIVE-Fi ®Technology Holdings and adversely implicated Petitioner's stellar reputation failing to serve Petitioner with notice of defendants' and the state's unprivileged defamation. The legal effect is that all Federal Circuit orders entered since 2018 must be vacated and found to be of no further force and effect. *Twomey v. Ohio*, 273 US 510 (1927); ABA Rule 2.9 *Ex parte Communications*. Moreover, all orders of the CACD that abused discretion in considering fraudulent papers from RICO participating defendants with NYS court officers must be vacated *ab initio*.

In support of this Brief, Petitioner appends her US Supreme Court Petition for Rehearing under Rule 44 and Affirmations in support of motions to the SDNY and the NDNY.

Under unanimous Supreme Court decisions that include *Florida Prepaid Postsecondary Education Expense Board v. College Savings Bank*, 527 US 627 (1999), the NDNY in Case No. 24cv211 was required to grant injunctive relief against defendant State of NY and its agencies to stop using Petitioner's patents including the NY Lottery, NYS Gaming Commission and NYS Thruway (toll booth and congestion pricing companies); injunctive relief against the NYS Office of Court Administration (OCA) to produce its complete files after Kerby's *ex parte* letter was discovered; and to grant strict liability infringement hearings against private infringer Port Authority of NY and NJ, the parent of the MTA and MetroCard. The Federal Circuit must order the NDNY to vacate its sua sponte dismissal order and immediate convene hearings.

Two current lawsuits are pending before the SDNY and prove continuing constitutional violations. They include Case No. 24cv2930 - a patent lawsuit wherein plaintiffs Alan Amron and echangingbarcode sued infringing defendants MLB/MLB Advanced Media and withdrawn defendants Live Nation Entertainment, Ticketmaster and StubHub. The court, however, denied Petitioner her constitutional right to intervene as of right as the priority owner of all patents at bar. Plaintiff Amron was unlawfully issued a patent in 2015 by USPTO officers without citing to Petitioner's issued patents and published disclosures as prior art proven on the face of his patent. Amron's patent is therefore void and unenforceable. But Petitioner was denied all access to the SDNY to get infringement hearings based on circulation of Kerby's blacklist since 2013 and now she is being deprived of the constitutional right to intervene and file a third part infringement complaint against Amron and MLB Advanced Media.

In the second pending SDNY lawsuit - 24cv3973 (AS) *US v. Live Nation Entertainment*, the court again denied Petitioner her constitutional right to intervene under Rule 24 but in Docket Entry #638 did grant Petitioner *pro hac vice* status on August 22, 2025 to appear as an interested party.  However, since that date, Docket #638

was unilaterally deleted from the docket in further violation of due process. Then SDNY Judge Engelmayer in the parallel infringement Case No. 24-2930 abused discretion when he held that Petitioner was never granted pro hac vice status by the SDNY and based thereon denied Petitioner intervention as of right in Amron's infringement lawsuit.

The national import of the instant appeal cannot be underestimated based on the criminal means used for a state to steal patents. The Federal Circuit must determine the procedure to be followed for a taking of patents by a State and the process to vacate a state's orders and subsequent sua sponte orders by other courts if a taking has occurred.

NYS was an unequivocal participant in an elaborate RICO conspiratorial enterprise in collusion with private infringer venture partners Live Nation, Ticketmaster, Phish and Cowan practitioners hiding behind the guise of the State's claim of immunity. In this case, however there is no immunity because:

(i) The State of NY has no jurisdiction over Petitioner in the capacity of an attorney and all acts by AGC and OCA officers were without jurisdiction and therefore unprotected as a matter of law;

(ii) State of NY OCA officers had no legal right to write the Federal Circuit *ex parte* since 2018 to tortiously interfere with Petitioner's arising under patent appeals against private infringers of her patent within the State;

(iii) The damages from the State's tortious interference, misappropriation and unjust enrichment are immediately recoverable before the Court of Claims because NYS has waived immunity for these claims.

(iv) The Court of Claims however returned Petitioner's claim warranting injunctive relief from the NDNY that has yet to be granted.

(v)    The SDNY and the NDNY each abused discretion by denying Petitioner additional injunctive relief against the State to stop using Petitioner's patents and against the OCA to produce all the state files based on Kerby's RICO patent fraud;

(vi)    Both the SDNY and NDNY having received OCA's unserved blacklist also failed to serve Petitioner and then deprived Petitioner of infringement hearings against private infringers in violation of the Fourteenth Amendment;

(vii)    The Federal Circuit must order vacatur of the SDNY order denying Petitioner intervention into the Amron v. MLB Advanced Media infringement lawsuit, 24cv2930 (PAE) thereby depriving Petitioner of her constitutional right to sue these defendants for infringement before a court that has consistently denied Petitioner constitutional access.

Conclusion: All orders of the Federal Circuit in the earlier three appeals must be vacated for failure to serve Petitioner with OCA's *ex parte* proffers. *Twomey v. Ohio*, 273 US 510 (1927); ABA Rules 2.9 *Ex parte Communications*. All orders of the CACD must be vacated for taking judicial notices of these orders and denying sanctions against the defendants for acts in furtherance of an elaborate RICO conspiratorial and punitive damages in the maximum amount permitted by law.

## PETITIONER'S BRIEF-IN-CHIEF TO SUBSEQUENT ORDERS OF THE CACD ENTERED IN 2024 AND 2025

Petitioner's 2023 CACD lawsuit as originally filed included claims for RICO *ex parte* obstruction of justice in conspiracy with NYS officers of the courts at the Appellate Division First Dept. attorney grievance committee (AGC)[1] during the previous SDNY lawsuit, antitrust

---

[1] Defendant Hinshaw & Culbertson  ("H&C") at all times relevant had partners and counsels including J. Richard Supple dually serving as NYS officers at the First Dept. attorney grievance committee (AGC) manufacturing forged and unserved

violations, tortious interference, unfair competition under federal law and California law, willful and contributory patent infringement, patent delay, conflicts of interest/breach of fiduciary duty, unprivileged defamation, attorney in-court fraud and deceit and punitive damages in the maximum amount permitted by law. *Amalfitano v. Rosenberg*, 12 NY 3d 8 (2009); 533 F. 3d 117 (2d Cir. 2007); *Uni-Systems v. US Tennis Association*, 350 F. Supp. 3d 143 (EDNY 2018) The complaint could not be dismissed sua sponte by the CACD taking judicial notice of nonfinal and disputed SDNY orders on appeal submitted by defendants.

Kerby's 2018 OCA *ex parte* obstruction of justice not being discovered until July 2025, was not alleged as a cause of action in the original complaint. However, claims against law firm defendant Hinshaw & Culbertson as concealed NYS AGC staff counsels without disclosing conflicts of interest were included because in 2016 H&C counsel J. Richard Supple, defense attorney for defendant Live Nation and the Cowan USPTO practitioners was identified as the manufacturer of forged unserved state documents and required to be disqualified from the Cowan firm's representation by a merits order during the 2018 Federal Circuit appeal.

Kerby's OCA *ex parte* letter was discovered well within the deadline to file a petition for vacatur of orders against the CACD under Rule 60(b). The court closed the case on May 7, 2025. [2] The vacatur

---

documents and inserting those documents without a warrant into "ordered concealed" state files that were shared with and circulated to the NYS Office of Court Administration (OCA)

[2] Petitioner's first willful infringement and contributory infringement complaint against defendants Live Nation Entertainment, Phish/PhishLive and the Cowan Liebowitz & Latman law firm somehow disappeared into thin air from the SDNY docket (06cv1202) during the stay of appeal ordered by the 2d Circuit. 426 Fed. Appx. 26 (2012). On remand to the SDNY in 2012, however, Petitioner never got patent discovery ordered by the 2d Circuit, conflicts of interest discovery or a hearing on infringement of her patents through 2023. The magistrate then presiding in 2013 Henry B. Pitman told Petitioner she had better "*leave the Cowan defendants alone or she would be sorry*" and referenced H&C's Supple's meetings

petition was still not heard by the NDNY and remains hanging on the docket.

The Cowan defendants who never appeared before the CACD are liable for damages for patent delay and contributory infringement. *NeuroRepair v. Nath Law Group,* 781 F. 3d 1340 (Fed Cir. 2015); *Mindy's Cosmetics v. Dakar,* 611 F. 3d 590 (9th Cir. 2010) The Cowan practitioners were placed under conflicts of interest investigation by the former USPTO Commissioner of Patents for seven years. They were found to have engaged in conflicts violations with five clients including CACD defendants Live Nation, Phish and MLB. They were also found to have undertaken USPTO declaration fraud, attempting unilateral withdrawal from Petitioner's prosecution retainer three times without success, and abandoned of Petitioner's defectively filed and published patent applications without statutory notice. These acts caused misappropriation of Petitioner's confidential trade secrets to its other clients Live Nation, Phish, MLB, and Legend Films of San Diego and needlessly exposed her ideas to other USPTO applicants.

During the conflicts of interest investigation, the former Commissioner Wynn Coggins took 14-17 of Petitioner's pending patent applications out of the queue, a *per se* violation of the Administrative Procedures Act, 5 USC §551-596, 701 et seq. (APA). Also after the Commissioner found conflict violations, the USPTO never served Petitioner with the results, another APA violation. Then USPTO examiners improperly granted patents to Amron who failed to cite Petitioner's issued patents and published disclosures as prior art as confirmed on the face of his patent, a third APA violation. Another patent was improperly was granted to Apple, Inc., after an appeal to the Patent Trial and Appeals Board in 2017. This is the near field claim that should not have issued as infringing of Petitioner's patent claims.

---

with SDNY administration. Amended complaints and infringement hearings were required to be granted by the SDNY as more delayed continuation patent claims issued through August 2, 2022 (Gurvey US Patent 11403566. D647910S, 7603321).

It is being used as the point of entry to Live Nation Entertainment's venues and to city venues – Yankee Stadium and Arthur Ashe Stadium.

There was an unprecedented but also suspicious delay of 13 years before Petitioner's continuation patent issued on August 2, 2022. Contrary to law, the deadline is three years from the date of filing an application [*Wyeth v. Kappos*, 591 F.3d 1364 (Fed. Cir. 2010)]. [3] However since 2012, SDNY administration never served Petitioner with the *ex parte* forged proffers from Supple requiring vacatur of all orders by the Federal Circuit. Two of Petitioner's civil rights appeals seeking injunctive relief against the NYS First Dept. AGC officers were *sua sponte* dismissed in abuse of discretion by two judges who had access to the unserved OCA blacklist. 13cv2565 (JMF); 18cv2206 (AT)

On August 31, 2025, Supple's unserved forged documents entered on behalf of AGC officers and defendant Live Nation and the Cowan practitioners. They affixed the forged signature of a dead 2002 former AGC chief counsel Paul Curran that was superimposed onto pre-2000 state letterhead to shield the names of the participating AGC officers. A First Dept. order entered April 21, 2016 identified Supple as the manufacturer of forged and unserved documents into state files. In the same order, the court ordered that all state files would continue to be withheld from Petitioner in violation of due process. [4]

The NY Court of Appeals found the First Dept. orders nonfinal, that they did not finally determine an action and could not be applied

─────────────────

[3] Petitioner's first infringement complaint date-stamped and filed on April 22, 2010 was deleted from the SDNY docket by a clerk, Dionisio Figueroa. In December 2023 Figueroa was convicted of taking bribes for eighteen years in exchange for deleting SDNY docket entries. It is now being investigated if Kerby or Supple as a concealed NYS AGC officer bribed the SDNY clerk to delete Petitioner's infringement complaint.

[4] Because Supple was Petitioner's SDNY adversary since 2008, the First Dept.'s acceptance of Supple's *ex parte* proffers conflicted out the entire court. No order denying Petitioner access to state files was ever legally entered.

collaterally by any subsequent court. However, the orders were submitted to the CACD by RICO participating defendants H&C, Baker Botts, and insurance defense attorneys at Sheppard Mullin and the Klinedinst firm and then in abuse of discretion the CACD took judicial notice of defendants' papers sua sponte. [5]

The NY Legal Assistance Group, the pro se help unit for the SDNY that is a NYS agency, harbored its own conflicts of patent interest because ten NYS agencies were also using Petitioner's patents without permission. NYLAG attorney Robyn Tarnofsky had Petitioner sign five retainer agreements but never helped Petitioner one iota with disqualification of defendants Supple and H&C and getting infringement hearings mandated by the Fourteenth Amendment. Recently Tarnofsky became a SDNY magistrate. She was assigned to the 2024 Alan Amron and echangingbarcode's infringement lawsuit against and MLB/MLB Advanced Media. 24cv2930 (PAE)(SDNY). Because Tarnofsky was Petitioner's lawyer in the previous SDNY infringement lawsuit and had superior knowledge of Petitioner's patent ownership in ticketing authentication and event management technology, she was required to recuse herself when Petitioner moved to intervene as of right and file a third party infringement complaint against both parties. Tarnofsky failed to recuse herself. The sitting judge then denied Petitioner's otherwise proper intervention motion again depriving Petitioner of her constitutional right to file a third party infringement complaint before the SDNY.

---

[5] It should be noted that defendant Baker Botts' former attorney Steven Schortgen who filed fraudulent jurisdictional papers and engaged in *ex parte* obstruction of justice before the SDNY in 2008 in collusion with Supple that defendant Live Nation had "no NY contacts and could not be forced to any Petitioner's claims" also agreed to have Supple conspire with NYS OCA officers to deprive Petitioner of infringement hearings.  In the CACD lawsuit, Schortgen has his Texas partner Jennifer Kline Ayers file fraudulent papers taken *ex parte* from the OCA blacklist.

The CACD entered an unconstitutional *sua sponte* order in September 2024 (Docket #102) dismissing all Petitioner's claims *sua sponte* in clear abuse of discretion. Taking judicial notice of disputed orders on appeal was not a remedy available to the CDCA.  Per the NY Court of Appeals, there are no final orders from the State of NY or SDNY to which judicial notice could be applied. All orders remain on appeal or are the subjects of mandamus petitions.

The CACD set hearing on March 14, 2025 in Los Angeles against all parties on Petitioner's motion for reconsideration. The motion was based on misapplication of law, defendants' fraud and newly discovered evidence of collusion with OCA officers. Petitioner flew from Princeton, NJ at tremendous cost, inconvenience and expense and not one of the ten named defendants appeared at the hearing. Defendants should have been seriously sanctioned and charged for Petitioner's trip and the court demonstrated bias by not entering sanctions.  Instead the Court entered an order maintaining only certain claims against defendant the Cowan Liebowitz & Latman defendants who never answered the complaint. Petitioner then filed for an appeal to this Court. The CACD closed Petitioner's lawsuit on May 7, 2025.

## ANALYSIS

The Federal Circuit has granted Petitioner the right to add new CACD, SDNY and NDNY orders to this appeal.

This lawsuit properly sought treble damages *inter alia* for RICO fraud and conspiracy with NYS officers of the courts, for antitrust violations, tortious interference, unprivileged defamation and willful and contributory infringement against defendants. Under unanimous US Supreme Court mandates, the claims could never be dismissed *sua sponte*. *Link v. Wabash R. R. Co.*, 370 US 626 (1962).

Petitioner's motion for reconsideration based on misapplication of law, defendants' fraud and newly discovered evidence was timely filed. In addition Petitioner's FRCP Rule 60(b) motion to vacate orders was

14

timely and based on the discovery of smoking gun evidence of defendants' ex parte obstruction of justice before the SDNY with NYS OCA officers.

Each infringer defendant, law firm or government agency is jointly and severally liable to Petitioner for an entire satisfaction, subject to California comparative fault statutes.

The Federal Circuit never served Kerby's smoking gun letters on Petitioner after the court accept and considered *ex parte* proffers warranting vacatur of all SDNY decisions and the CACD orders based on defendants' reference to Kerby's unconstitutional submissions. [*Twomey v. Ohio*, 273 US 510 (1927); ABA Rule 2.9 on *Ex parte Communications*].

The private willful infringer defendants Live Nation Entertainment, Ticketmaster, Live Nation, Phish/PhishLive and MLB/MLB Advanced Media are all undisclosed clients of the Cowan defendants. MLB and MLBAM are also venture partners of defendant Live Nation Entertainment. The Cowan firm inserted specifications from Petitioner's content editing technology into a PCT applications for Legend Films of San Diego, resulting in a patent to Legend and forfeiture of Petitioner's right to $330,000 from Legend in cash.  Ergo, the Cowan defendants affirmatively availed themselves of patent clients in California and aided and abetted Live Nation, MLB and Phish's infringements of Petitioner's patents including in California.

Tortious interference by OCA officers in Petitioner's *private* patent appeals before the SDNY and Federal Circuit are acts not protected by immunity because the State of New York has waived immunity for these claims. *Forrester v. White*, 484 US 219 (1989); *Stump v. Sparkman*, 435 US 349 (1978); *Cleavinger v. Saxner*, 474 US 193 (1985). There is no dispute from the August 31, 2025 production at 41 Madison Avenue, NY that OCA officers conspired with the named defendants in the CACD to deprive Petitioner of infringement hearings before the SDNY, the NDNY and the CACD.

Investigation confirmed that State AGC and OA officers' also engaged in *ex parte* obstruction of justice before the USPTO that delayed prosecution and issuance of Petitioner's ticketing patents. The State therefore, was unjustly enriched, got lead time to use Petitioner's patents without permission since at least 2010 and the state agencies who are defendants in the NDNY lawsuit could be sua sponte dismissed. They include the NYS Gaming Commission (managing the NY Lottery and sports betting companies), NYS Thruway/Interstate toll booths, congestion pricing firms, technology, local area airports and the Port Authority of NY and NJ, a private entity that is a venture partner of New York State that is affiliated with the MTA and MetroCard against whom immediate infringement hearings are mandatory.

In a recent follow-up order Judge Sannes ordered that a "pre-filing permission" order entered in November 2025 will only apply to cases brought before her court. This order is a sham, unconstitutional and was already violated by the two SDNY judges presiding in Case Nos. 24cv2930 and 24cv3973.

In the recent  SDNY lawsuits both filed in 2024, Petitioner properly sought the constitutional right to intervene as of right under Rule 24 The Judge presiding over the Government's 24cv3973 lawsuit to divest Live Nation Entertainment of Ticketmaster, Hon. Arun Subramanian, granted Plaintiff *pro hac vice* status from California in Docket #638 on August 22, 2025 to appear as an interested party. Since then, however, this docket entry has mysteriously disappeared and Petitioner's motion on notice to vacate the deletion and intervene was denied in contended abuse of discretion.

In the parallel SDNY patent infringement lawsuit – 24cv2930, Judge Paul Engelmayer de facto abused discretion by denying Petitioner her constitutional privileges and immunities to intervene as of right in the infringement lawsuit brought by Alan Amron against MLB/MLB Advanced Media. Judge Engelmayer improperly found that Petitioner was never granted *pro hac vice* status by the SDNY, a clear

16

error and fabrication. When in response Petitioner produced Docket
#638 signed by Judge Subramanian from the 24cv3973 lawsuit and
iterated in detail the claims in her issued ticketing patents and
published USPTO disclosures, the plaintiff Amron moved to
unilaterally withdraw his lawsuit, that motion was so ordered by the
court and Petitioner never got a hearing on her reconsideration motion
seeking intervention as of right.

It based on the SDNY's continued constitutional violations, that
the Port Authority of NY and NJ, a *private* agency, was properly sued
for infringement before the NDNY. Those claims could not be dismissed
*sua sponte. Link v. Wabash R. R.* 370 US 66 (1962). The Port Authority
is using Petitioner's patents without permission at local area airports
and airport terminal concessions, at toll booths connecting the GW
Bridge, Lincoln and Holland Tunnels with New Jersey, at congestion
pricing machines, and it is the parent entity for the MTA, MetroCard
and parking meters.

## MEMORANDUM OF LAW

Any sua sponte finding in a SDNY order without motion on notice
that Petitioner was a frivolous patentee or was "disbarred" is per se
unconstitutional and a sham. A patentee's complaint can only be
frivolous if (i) the patentee files an infringement claim without a patent
issued; or (ii) refiles an identical claim on an identical technology claim
after the subject claim is held invalid. Plaintiff never got a single
hearing on the merits of her patents and therefore by legal and factual
impossibility, no frivolous litigation order could ever be entered by any
court and is voidable by law.

In 2013 and 2018, two SDNY judges denied Petitioner prospective
injunctive relief in civil rights lawsuits filed against the First Dept.
AGC. 13-cv- 2565 (JMF); 18-cv-2206 (AT) At this time, Petitioner knew

17

nothing of OCA officers' RICO corruption and tortious interference crimes. 13cv2565 (JMF); 18cv2206 (AT). Because the NY Court of Appeals found no final orders based on Supple's unserved forgery crimes in state files, no subsequent court could apply First Dept. orders collaterally or by claim preclusion. *Lucky Brand Dungarees v. Marcel Fashions*, 140 S. Ct. 1589 (2020)

Because there was no decision on the merits of any infringement claim in a district court or by the Federal Circuit on appeal, there is no preclusion to Petitioner's filing infringement claims against the same SDNY defendants and other defendants in any federal district including the CACD wherein the patents are being used without permission. Taking claims are also properly filed against any one of the several states before district court within the state even if damages cannot be awarded in those lawsuits based on the Eleventh Amendment.

However, in the interim, Petitioner's tortious interference claims against OCA officers and the State's unjust enrichment by use of Petitioner's patents are ripe for immediate adjudication before the Court of Claims. Petitioner's separate strict liability infringement claim against private entity Port Authority of NY and NJ is also ripe for adjudication. These claims could not be *sua sponte* dismissed.

CACD abused discretion by taking judicial notice of disputed nonfinal orders on appeal, which is exactly what the CACD requiring vacatur of orders. The court then denied reconsideration and vacatur based on misapplication of law and new crimes by CACD defendants in collusion with NYS officers of the courts.  Then the CACD demonstrated bias by trying to covering over its sua sponte orders taking judicial notice of defendants fraudulent acts

Petitioner has a separate lawsuit pending before the DC District Court seeking to enforce the terms of the 2010 DCD antitrust judgment against her company LIVE-Fi® Technology Holdings. 25cv3527. The terms of the 2010 merger judgment and amended judgment entered in

2020 included that the merged entity cannot preclude companies seeking to conduct non-ticketing businesses from their dominant share of owned, operated and serviced venues.

Petitioner's patents enable most non-ticketing businesses staring with the platforms that authenticate ticket data. *Gurvey v. Live Nation Entertainment*, 25cv3257 (DCD). They include systems for hybrid encryption, transmission matrices, platforms for ticketing resale and exchange, multifunctional bar codes, and AI analytics. The judge presiding over Petitioner's DCD lawsuit, Hon. Lauren Alikhan, abused discretion by copying OCA's unserved circulated blacklist when she found that Petitioner was not admitted to any bar.  This finding was clear abuse of discretion. The judge then recused herself *sua sponte* and the case was transferred to Judge Cobb and consolidated with Case No. 25cv3549 (DCD).

The cases involving Petitioner's patents are in multi-district litigation with no end in sight should have been over in 2017. We are now 8 years beyond the critical point, with the patents still in force and no decision on the merits from any court. Sanctions and maximum punitive damages against the willful industry infringers and their attorneys are owed Petitioner for in-court fraud and deceit. Reversal of all orders of the CDCA must be entered immediately.

# REMEDY ANALYSIS

## 1.    Federal Court: Declaratory Relief for Constitutional Determinations

The Fifth Amendment Takings Clause is federal law.  A plaintiff may seek a declaratory judgment in federal court that a taking occurred even if damages against s State are barred by the Eleventh

Amendment. A taking would include that the patentee was denied access to all courts of a state to protect patents. This fact cannot be disputed as to Petitioner. Moreover a plaintiff may always seek injunctive relief or ordering cessation of infringing acts by a State or state agencies without permission. The CACD could not take judicial notice of SDNY orders sought *ex parte* by defendants who engaged in RICO collusion with NY officers of the courts.

## 2.     State Waiver for Certain Claims

NYS and California have waived sovereign immunity for certain patent-associated claims including misappropriation of property, unjust enrichment and tortious interference.

## 3. Takings Clause Conflict: Fifth Amendment vs. Eleventh Amendment.

The Fifth Amendment guarantees compensation for takings. While the Eleventh Amendment bars suits against the states in federal court without consent, <u>declaratory or injunctive relief is never barred</u>. Petitioner's NDNY lawsuit 24cv211 included claims to determine a taking by three NYS agencies. It also sought injunctive relief against respondent NYS officers of the courts and strict liability infringement damages against the Port Authority of NY and NJ, a private entity. *SCA Hygiene Products Aktiebolag v. First Quality Baby Products,* 137 S. Ct. 954 (2017)  The NDNY abused discretion by dismissing these otherwise proper claims *sua sponte*, and violated Plaintiff's constitutional rights by holding it will not hear a properly filed vacatur

motion under FRCR Rule 60(b). *Link v. Wabash R. R. Co.*, 370 US 626 (1962)

## 4.    Court of Claims

The Court of Claims must hear and grant damages in response to Petitioner's new Notice of Claim based on tortious interference by OCA officer Kerby, a state court attorney with actual and apparent authority to bind the State, and her clerk Younger.  Serving in an official capacity, each blacklisted Petitioner without service and circulated defamatory documents to state and federal courts. The documents were intended to be copied *sua sponte* by magistrates and judges including at the CACD. They were intended to cause forfeiture of Petitioner's patent interests including against private infringers before the SDNY, the Federal Circuit and the NDNY. The torts have been ongoing. They prove acts in furtherance of an elaborate RICO conspiratorial enterprise in NYS to deprive Petitioner of patents and for district court judges to withhold injunctive relief in breach of administrative duty against state officers who violate constitutional rights.  Petitioner's settlement offer to pay statutory patent royalties was never answered by the State.

21

| Forum | Purpose | Relief Available | Barriers |
|---|---|---|---|
| **Federal District Court** | Declaratory judgment, injunctive relief | Non-monetary relief | Eleventh Amendment bars damages |
| **Federal Circuit (on appeal)** | Constitutional interpretation | Declaratory relief | Immunity upheld in patent cases |
| **NY Court of Claims** | State law claims, possible damages | Monetary relief if waiver applies | No federal claims unless waived |

    **WHEREFORE**, Petitioner prays that the Federal Circuit vacate its transfer orders in appeals 18-2076, 20-1620 and 23-134 to the Second Circuit, order the CDCA to vacate all orders and the NDNY to hold hearings on injunction against the State of NY to stop using Petitioner's patents, to order taking hearings on the merits, and against OCA officers to produce the complete state files and to order strict liability infringement claims to be heard against the Port Authority of New York and New Jersey.

Dated: December 12, 2025

Princeton, NJ

/amyweissbrodgurvey/

AMY R. WEISSBROD GURVEY
Petitioner/US Patentee
CEO LIVE-Fi® Technology Holdings
7302 Woodstone Circle
Princeton, NJ 08540
amyg@live-fi.com
917-733-9981

## Affirmation of Service

ECF Fed Cir. 12/14/2025

Hon. Maame Mensah-Ewusi Frimpong
USDC Central District of CA

Noah Engelhart, Esq.
NYS Attorney General
PO Box 341 Capitol Station
Albany, NY 12224-0341

NYS Office of Court Administration
Hon. Joseph Zayas
25 Beaver Street
New York, NY  10004

Chief Judge Richard E. Sise
New York Court of Claims
PO Box 7344 Capitol Station
Albany, New York 12224-7344

Clerk: Attn: Hon Brenda Sannes
USDC Northern District of NY
100 So. Clinton Street
PO Box 7367 Syracuse, NY 13261
cc: Hon. Anne Nardacci
NDNY 445 Broadway
Albany, New York 12207

Hon. Laura Taylor Swain, Adm. Judge
USDC Southern District of New York
500 Pearl Street
New York, NY  10007

Hon. Debra Livingston, Chief Judge
US Court of Appeals 2d Circuit
40 Foley Square New York, NY  10007

Hon. Kimberly A. Moore
US Court of Appeals Federal Circuit
717 Madison Place NW
Washington, DC 20439

AMY R. WEISSBROD GURVEY