

*Live-Fi™ Technology Holdings*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

December 23, 2025
US Court of Appeals for the Federal Circuit
717 Madison Place NW
Washington, DC 20439

Re:  Petitioner/Patentee's Application to Vacate Fed Cir. Doc #28 [Case No. 25-1954 [*to* USDC Central District of California Case No. 23cv-4381 (MEMF) *sua sponte* dismissing Petitioner's claims and denying reconsideration FRCP Rules 59(e) and 60(b) (Trans. from 9th Cir. No. 25-2026)]

*Amy R. Weissbrod Gurvey v. Live Nation Entertainment, Inc., Ticketmaster LLC, Live Nation, Inc., Instant Live Concerts, LLC, MLB/MLB Advanced Media, Phish/PhishLive, Cowan Liebowitz & Latman, PC, Hinshaw & Culbertson, LLP, Baker Botts, LLP, Does I-X Inclusive.*

To the Federal Circuit:

Petitioner Amy Weissbrod Gurvey, a California attorney in good standing, affirms to the truth of the following statements in moving to vacate Docket #28 in this appeal. Petitioner is fully aware that corrections on her opening brief in chief are due on 12-31-25.

Petitioner is the sole-named inventor of valuable US ticketing and ticketing management and placed bet patents that authenticate ticketing data to enable a slew of additional benefits. Petitioner is before the DC District Court in 25cv3257 because the conditions of merger of Live Nation and Ticketmaster in 2010 as amended in 2020 included that the merged entity, Live Nation Entertainment could not

1

withholding ticketing data from companies seeking to enter its dominant share of event venues to conduct non-ticketing businesses.

Petitioner's US patents were taken by the State of NY and its venture partners including the NYS Gaming Commission, NY Lottery, the NY Thruway (toll booth and congesting pricing technology), in contumacious defiance of her constitutional rights guaranteed by the Fourteenth Amendment and decisions of the US Supreme Court. In July 2025, Petitioner discovered *ex parte* RICO crimes in documents submitted to this Court since 2018 by officers of the NYS Office of Court Administration (OCA) since 2013 before the SDNY, EDNY and NDNY.

The NDNY lawsuit, 24 cv211, sought infringement damages against the Port Authority of NY and NJ, a private agency, but also injunctive relief against the state OCA officers and taking hearings against the State of NY. While Petitioner could not sue the State for damages before a district court based on the 11th Amendment, the State of NY has waived damage claims for tortious interference, unjust enrichment and misappropriation before the Court of Claims. Therefore a two-step process is required before a patentee can recover taking damages in New York. However, Petitioner was denied constitutional access in clear abuse of discretion to the SDNY, EDNY and NDNY to get taking hearings since 2013. And this court did not serve Petitioner with the OCA ex parte documents circulated since 2018. The conflict between state court and district courts is an issue of national interest when it comes to the taking of patents and uniformity of decisions by declaratory relief is required from this appeals court.

This application is filed on notice to infringer defendants and their defendant attorneys who engaged in ex parte collusion with NYS officers and were aware that Petitioner was never served with ex parte proffers by the SDNY, this Court and the USPTO Commissioner.

Very recent additional constitutional violations by the SDNY in Case No. 24cv2930 (PAE)(RFT) pertain to infringer defendants herein MLB and MLB Advanced Media (MLBAM). In 2024, long after Petitioner infringement complaint and Rule 60(b) motion papers

suspiciously vanished from the SDNY docket, an infringer of Petitioner's US patents, Alan Amrom, sued most of the same private infringer defendants before the SDNY. Amron's complaint stated claims for infringement only. In 2025 Amron mysteriously voluntarily withdrew his claims against most defendants leaving only infringer defendant MLBAM in the lawsuit.

At this point Petitioner, having uncovered the *ex parte* crimes of OCA officers since 2018 in July 2025 including before this appeals court, moved to intervene as of right in Amron's lawsuit. Petitioner's application was again denied by the SDNY in clear abuse of discretion.

Amron then moved to voluntarily withdrew his entire lawsuit and Petitioner opposed the withdrawal. The court denied reconsideration of the denial of Petitioner's application to intervene and a stay.

From the face of his 2015 patent, there is no dispute that at times relevant, Amron failed to cite to Petitioner's issued patents and USPTO published applications as prior art when applying for a subset patent on a changing bar code system. Amron alleged in his complaint that his patent, alleged to be infringing of Petitioner's patents, was being infringed by MLBAM.

Petitioner's multifunctional bar code disclosures and issued US patents were published by the USPTO at the time Amron applied for a subset patent. They were never cited by Amron, rendering his patent unenforceable and void. This argument was made to the presiding SDNY judge Paul Engelmayer.

In addition, Judge Engelmayer abused discretion by falsely stating that Petitioner was never granted *pro hac vice* status from California by the SDNY. Petitioner was granted *pro hac vice* status from California on August 22, 2025 in US v. Live Nation Entertainment Inc. (Doc. #638), which is the DOJ Government's action in which 40 US states have joined as plaintiffs to divest LNE of Ticketmaster. However, very mysteriously, Docket #638 disappeared from the case docket and Petitioner's motion to vacate the deletion is pending.

In addition, the SDNY magistrate in 24cv2930, Robyn Tarnofsky, was the former senior NYS court attorney serving at the NY Legal Assistance Group (NYLAG). Tarnofsky was designated by the State as the pro se help unit for the SDNY without disclosing the State's own conflicts of interest. Tarnofsky required Petitioner to sign five retainer agreements with the State of NY, proving that Petitioner was herself a client of NYS and that NYS and its OCA officers engaging in ex parte obstruction of justice and RICO violations never disclosed conflicts of interest and tortious interference and unjust enrichment, de facto proving a taking of Petitioner's patents.

Based thereon, Petitioner had a constitutional right to intervene in the 24cv2930 lawsuit against defendant MLBAM, the same defendant that the Federal Circuit held in Docket #28 in this appeal would not be bound by Federal Circuit decisions and only its affiliate/parent MLB would be bound. MLB and Live Nation were clients of defendant contributory infringer Cowan Liebowitz & Latman, a NYC intellectual property law firm.

Petitioner notices that it seeks to vacate Doc. #28. It is the consistent failure of the NY district courts to grant taking hearings that has enabled viral penetration of Petitioner's priority US ticketing patents while Petitioner continues to be denied access to NY courts. Ex parte Young, 209 US 123 (1908) is properly awarded against the SDNY along with fees and costs against the SDNY and the district court judges who did nothing but ditto clearly unconstitutional SDNY orders denying Petitioner access while the OCA state officers was involved in ex parte RICO corruption including before this appeals court.

Dated:  December 23, 2025

/amyweissbrodgurvey/

Amy R. Weissbrod Gurvey
CEO LIVE-Fi® Technology Holdings

Service ECF: CACD Docket 23cv04381(MEMF)
SDNY Dockets 24cv2930(PAE); 24cv3973 (AS)