Amy Weissbrod Gurvey
CEO LIVE-Fi® Technology Holdings
US Patentee/Inventor/Entrepreneur
7302 Woodstone Circle
Princeton, NJ 08540
917-733-9981
amyg@live-fi.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____X
AMY R. WEISSBROD GURVEY,
**US Patentee, Petitioner**      24cv211 (AMN)(PJE)(BS)

v.                               NOTICE OF ORDER TO
                                 SHOW CAUSE

**Hon(s). Kathy Hochul, Letitia James
Joseph Zayas, Laura Taylor Swain,
Frank Hoare, Brian O'Dwyer,
Kevin O'Toole, et al, Respondents**
_____X

To Chief Judge Brenda Sannes:

This is a letter *seeking permission* to file the instant order to show cause returnable December 30, 2025 at 2:00 pm in the afternoon of that day by zoom hearing in the chambers of Judge Brenda Sannes. Petitioner requests notice by docket and email if the order to show cause is granted or denied or if an alternative date for hearing will be set.

Petitioner will argue for vacatur of the NDNY's January 2025 order *sua sponte* dismissing Petitioner's otherwise proper *Ex parte Young* complaint properly seeking prospective injunctive relief against NYS decision makers of state agencies – NYS Thruway, NYS Gaming

1

Commission, and Port Authority of NY and NJ. Each continues to use Petitioner's ticketing patents without permission and is properly sued for prospective injunctive relief to stop using the patents. Petitioner's three issued US patents *inter alia* authenticate ticket and placed bet data to enable a slew of additional benefits with more than 14 platforms disclosures. They include hybrid encryption, transmission content matrices, ticket resale and exchange, multifunctional barcodes, targeted advertising and AI analytics.

Based on *Building and Realty Institute of Westchester and Putman Counties (BRI) v. State of New York*, 2021 WL 4198332 (SDNY); *Virginia Office of Protection and Advocacy v. Stewart*, 563 US 247 (Scalia, J.), Petitioner will also seek an order requiring a hearing on taking of her patents by respondent agencies and an order to add NY Court of Claims chief judge Richard E. Sise as a respondent. In addition, Petitioner will seek vacatur of the order requiring prior permission to file subsequent motions as both unconstitutional and wrongfully induced by ongoing violations of federal law, fraud and frivolous litigation by members of the respondent Attorney General in violation of *Building and Realty Institute of Westchester and Putman Counties (BRI) v. State of New York*, 2021 WL 4198332 (SDNY). Petitioner will also seek an order mandating production of all Office of Court Administration (OCA) documents withheld in violation of the Fourteenth Amendment.

Petitioner seeks sanctions against AG attorneys for ongoing unconstitutional acts of frivolous litigation, fraud, RICO conspiracy and instructing *ex parte* circulation of documents by OCA and First Dept. attorney grievance committee (AGC) officers to federal court officers. While the receiving courts in turn never served Petitioner with ex parte proffers, the acts of the state officers that tortiously interfered with private infringement lawsuits and forfeiture of appeals on the merits, require strict liability claims by the Court of Claims. Instead, that court has returned Petitioner's claims, warranting injunctive relief for continuing violations, an amended complaint and joinder of defendants.

## FACTS IN SUPPORT OF ORDER TO SHOW CAUSE

In July 2025, it was discovered that NYS officers at the NYS Office of Court Administration (OCA), *i.e.*, Shawn Kerby, Sam Younger and chief counsel John McConnell had been writing unlawful *ex parte* letters without standing or jurisdiction, attempting to tortiously interfere with Petitioner's arising under patent litigation and appeals before the Federal Circuit against *private* willful and contributory infringers Live Nation merged with Ticketmaster, Phish/PhishLIVE and Cowan Liebowitz & Latman, PC.[1] These acts are per se unlawful and unconstitutional.

The State of New York has waived immunity for claims of tortious interference with private infringement lawsuits and appeals, and also for claims for misappropriation of property and unjust enrichment. Since July 2025, there is now no dispute that tortious interference with private infringement lawsuits and appeals has been proven by discovery of OCA's *ex parte* circulated letters. These letters caused forfeiture and damages. They induced the Federal Circuit to transfer three arising under patent appeals [18-2076. 20-1620, 23-134] against private and contributory infringers Live Nation merged with Ticketmaster, Phish/PhishLIVE and Cowan Liebowitz & Latman to the Second Circuit that had no jurisdiction to hear the appeals and did not hear them. Ergo there was never any decision on the merits of infringement claims allowing other infringers to continue to penetrate the market and use Petitioner's patents without permission.

Because the Federal Circuit did not hear the infringement appeals on the merits, it follows that respondent NYS agency decision makers became enabled to misappropriate Petitioner's patents and be unjustly enriched through such uses that continue.

The August 31, 2025 production of theretofore withheld First Dept. documents since 2011 in violation of Petitioner's constitutional

---

[1] The US Attorney EDNY criminally prosecuted Ticketmaster for placing spiders on competitors' webpages to steal ticketing data. *US v. Ticketmaster*, 2021 CR 22, 24 (EDNY). The Dept. of Justice and 40 US states are now suing Live Nation Entertainment to divest that entity of Ticketmaster before the SDNY for antitrust violations ongoing since 2010. 24cv3973 (SDNY)

3

rights proved that OCA Kerby's acts and acts of First Dept. attorney grievance committee (AGC) attorneys included *ex parte* circulation of forged state documents including a fabricated blacklist to SDNY administrators since 2013. Ergo five SDNY judges were induced not to grant infringement discovery ordered by the 2d Circuit or infringement hearings for 13 years after Petitioner won binding arbitration against before the SDNY on August 4, 2009. 462 Fed. Appx. 26 (2d Cir. 2012)

The NDNY's 2025 unconstitutional orders were immediately and contumaciously defied by two additional SDNY judges since October 2025 in Case Nos. 24cv2930 (PAE)(RFT), 24cv3973 (AS). Petitioner continues to be denied taking and infringement hearings by the SDNY and this court. The 24cv2930 SDNY lawsuit was brought by an infringer of Petitioner's patents against MLB Advanced Media, another infringer. There is no dispute that the plaintiff, Alan Amron, failed to cite to Petitioner's issued patents when applying for a subset patent before the USPTO rendering his patent void and enforceable. In addition, in Petitioner's SDNY infringement lawsuit, Robyn Tarnofksy was the senior attorney for the NYLAG serving as pro se help unit for the SDNY without disclosing conflicts of interest. Tarnofsky required Petitioner to sign five retainer agreements with NYS, proving the State was Petitioner's attorney and never disclosed conflicts of interest.

The 24cv2930 sitting judge Hon. Paul A Engelmayer, improperly denied Petitioner's application to intervene as of right citing to this Court's January 2025 order. Then the judge allowed Amron to withdraw his lawsuit in entirety over Petitioner's objection, again denying Petitioner a hearing on her patents against two infringers to affirm the patents in the market. The court also fabricated that Petitioner was never granted pro hac vice status by the SDNY, a pure fiction disproved by #638 on the 24cv3973 docket.

Thereafter this court issued an order limiting application of its "prior permission" order to filings before this court after the order was already copied by the two SDNY judges, rendering the order moot.

However, the NY Court of Claims then also returned Petitioner's properly filed new claim for continuing tortious interference by Kerby and OCA respondent Joseph Zayas for continued violations of federal patent law and the Fourteenth Amendment by continuing to withhold the complete state files. NY's Judiciary Law Part 1240.7 required

4

production of the files and was enacted in 2017.

Respondents were never sued for damages in the instant NDNY lawsuit. Yet Petitioner's vacatur motion under Rule 60(b) has still not been adjudicated. State agency decision-makers Frank Hoare, Brian O'Dwyer and Kevin O'Tootle are properly sued for prospective injunctive relief to stop using Petitioner's patents under *Ex parte Young*, 209 US 123 (1908) and for taking declaratory determinations.

Petitioner seeks severe sanctions against Assistant AG's Michael Berg and Assistant AG Noah Engelhart for continuing frivolous litigation and instructing RICO crimes by state officers. Petitioner also seeks determinations that AG must be disqualified from appearing for respondents in this lawsuit *ab initio*. This is because assistant AG Berg defended First Dept. attorney grievance committee (AGC) officers sued in their individual capacities from *ex parte* forgery causes of action in "ordered concealed" state files. In the previous lawsuit before the Supreme Court of NY filed in 2015, Assistant AG Berg engaged in frivolous litigation by averring under oath that taking hearings can be heard before the Court of Claims. This is not the law. The Court of Claims is a court of limited jurisdiction that can only hear claims for damages against the state and its officers sued in their official capacities after taking hearing on patents must be heard by the district courts. *Kentucky v. Graham*, 472 US 159 (1985).

Tortious interference now been proven by OCA officers.

Forgery crimes by First Dept. officers were now proven by the First Dept. compelled production on August 31, 2025, that were circulated to the Federal Circuit ex parte by OCA officers without standing or jurisdiction.

Mr. Berg's previous representation of AGC individual officers from forgery crimes and frivolous arguing that the Court of Claims must hear these claims constitutes in-court fraud and deceit. Amalfitano v. Rosenberg, 12 NY 3d 8 (2009), 533 F. 3d 117 (2d Cir. 2007). However, because OCA and State's agencys' defense in this lawsuit could be in conflict with AG's previous representation of the individual AGC defendants from forgery claims, means that a conflict exists between the state agencies and the official OCA officers. NY's Executive Law subd. 63-1; *Kentucky v. Graham*, 473 US 159 (1985)

# MEMORANDUM OF PATENT LAW

In *Building and Realty Institute of Westchester and Putman Counties (BRI) v. State of New York*, 2021 WL 4198332 (SDNY), it was held that actions for damages against NYS officials in their official capacities are essentially actions against the state and will be barred by the Eleventh Amendment **unless**: (1) Congress has abrogated the State's immunity; (2) the state has consented to suit; or (3) the *Ex parte Young* doctrine applies. *Ex parte Young*, 209 US 123 (1908) *see also Will v. Mich. Dept. of State Police*, 491 US 58, 71 (1989); *In re Deposit Ins. Agency*, 481 F. 3d 612, 617 (2d Cir. 2007). Berg is deemed to know the law specifically because he personally argued this lawsuit for the State in defense of the plaintiffs' claims.

Alternatives (2) and (3) apply unequivocally to this lawsuit warranting vacatur of orders by this Court by order to show cause, the addition of Court of Claims Chief Judge Richard E. Sise as a named respondent to accept injunctive relief for ongoing violations of Petitioner's constitutional rights guaranteed by the Fifth Amendment and Fourteenth Amendment.

As to (1), Congress did attempt to enact a sweeping statute abrogating immunity for a state's patent infringement, i.e., 35 USC §271(h) that was found to be overbroad. The US Supreme Court found that Congress had overstepped its bounds in abrogating the State's sovereign immunity under the Eleventh Amendment in the face of the powers of Congress to protect patents under Article II Section 8 of the US Constitution. The court found contrary to what AG argued to this Court, i.e., that Congress could not merely *assume* that the several states would deprive a patentee of access to its courts to get taking damages as an alternative to infringement.

However, the SDNY, EDNY and NDNY have in fact denied Petitioner constitutional access to get infringement damages against private entities and taking adjudications against the State and its agencies.

Ergo, Petitioner contends that this Court must grant prospective injunctive relief against the respondent state agency decision makers to stop using Petitioner's patents, and also enter a determination on taking. Based on the US Supreme Court's decision a two-step process is required, a taking determination by a district court and then a damages award before the Court of Claims.

However, the taking claim is independent of Petitioner's tortious interference and Ex parte Young claims. Ergo, the continuing return of Petitioner's new claim duly filed before the Court of Claims in November 2025 for OCA officers' continuing tortious interference with arising under patent appeals against private infringers and withholding of all state files in violation of federal and the Fourteenth Amendment must be heard. Chief Judge Richard Sise of the Court of Claims must be added as a defendant to the instant NDNY lawsuit and an amended complaint granted and all orders of the court vacated.

## MEMORANDUM OF LAW

Per *Building and Realty Institute of Westchester and Putman Counties (BRI) v. State of New York*, 2021 WL 4198332 (SDNY), patent cases where a state's agencies continue to use an inventor's patents are covered by *Ex parte Young*, 208 US 123 (1908). See also *Virginia Office of Protection and Advocacy v. Stewart*, 563 US 247 (2011)(Scalia, J.)

Under the *Ex parte Young* doctrine, a suit may proceed against state officials, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law, i.e., federal patent law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 481 F. 3d at 618; *see also Santiago v. NYS Dept. of Corr. Serv.*, 945 F. 2d 25, 32 (2d Cir. 1991) (holding that prospective relief claims cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

NDNY Judge Anne Nardacci clearly defied the prevailing law in *sua sponte* dismissing Petitioner's claims in abuse of discretion. The Eleventh Amendment does not bar suits for declaratory and injunctive

7

relief against state officials acting in their official capacities in alleged continuing violation of federal rights including patent statutes. *See Quern v. Jordan*, 440 US 332, 337 (1979); *Nassau & Suffolk County Taxi Owners Assn v. State*, 336 F. Supp. 3d 50, 67 (EDNY 2018) ("[T]he doctrine of *Ex parte Young* permits a suit to proceed in federal court against a state official in his or her official capacity, notwithstanding the Eleventh Amendment." (quoting *Kisembo v. NYS Off. of Child & Fam Services*, 285 F. Supp. 3d 509, 520 (NDNY 2018) The continuing withholding of OCA files is a separate Fourteenth Amendment violation against this Petitioner and a violation of Judge Sannes' order after the First Dept. noticed it does not have the OCA files.

In July 2025, well within the one-year and "reasonable time" vacatur statutory provisions of FRCP Rule 60(b)(1)-(6), Petitioner discovered that since 2018 the Federal Circuit has been receiving, *sua sponte* considering and acting on *ex parte* letters from NYS Office of Court Administration (OCA) attorney Shawn Kerby. As a result of these *ex parte* tortious proffers that were never served on Petitioner by the Federal Circuit, the Federal Circuit transferred three arising under patent appeals against private willful and contributory infringers Live Nation, Instant Live Concerts, LLC, Phish/Phish Live and Cowan Liebowitz & Latman PC to the 2d Circuit that had no jurisdiction to hear the appeals. Supremacy Clause Art. VI, Cl. 2.

Kerby's actions were undertaken without standing or jurisdiction in favor of NYS because Petitioner is not admitted in NYS. They are unprotected by immunity. Specifically Kerby pleaded that the Federal Circuit not hear Petitioner's arising under patent appeals to orders of the SDNY denying infringement hearings against *private* willful and contributory infringers Live Nation Entertainment merged with Ticketmaster, Phish and Cowan Liebowitz & Latman because Petitioner is "disbarred" PETITIONER HAS NEVER BEEN SANCTIONED OR DISBARRED IN CALIFORNIA OR BY THE NY COURT OF APPEALS. However, even if she had been disbarred, most patentees are not out-of-state attorneys in good standing. Moreover, even if Kerby's allegations were true, which they are not, that fact would have nothing to do with Petitioner's constitutional right to get infringement hearings guaranteed by the Fourteenth Amendment in any district wherein her patents are being

used without permission. In other words, Kerby engaged in tortious interference and ex parte RICO corruption crimes and unprivileged defamation without standing or jurisdiction that had the legal effect of causing forfeiture of infringement claims and appeals on the merits against private infringers and taking damages against the state agencies. These acts prevented petitioner from affirming her patents in the market and allowing other infringers to penetrate the market including the respondent NYS agencies.

The State of New York has waived its immunity for tortious interference claims. This means that Petitioner had an unfettered constitutional right guaranteed by the Fourteenth Amendment to enter the NY Court of Claims to get hearings on strict liability tortious interference with her private infringement lawsuits against NYS and its officers. Ergo, the orders of the NDNY dismissing these claims are unconstitutional, clear abuse of discretion and must be vacated.

The ultimately legal effect of the tortious interference by OCA's Kerby ex parte tortious acts was also misappropriation of property and unjust enrichment by the respondent state agencies. Petitioner was denied constitutional access to get private infringement and taking hearings by the SDNY, the EDNY, and the NDNY. Petitioner was also denied access to the DC District Court in 25cv3257 that copied OCA's unserved proffers and blacklist. The DCD improperly found that Petitioner was disbarred, and then the judge recused herself and transferred the action when she realized the prejudicial error. The same documents were upon belief, circulated to the United States Patent and Trademark Office to delay petitioner's patent prosecutions well beyond the 3-year deadline. Wyeth v. Kappos, 591 F. 3d 1364 (Fed. Cir. 2010) To date, Petitioner's FOIA requests to the USPTO Law Dept. and Administration Procedures Act violations also are pending before the DC District Court.

In the NDNY lawsuit Petitioner did not seek damages against any respondent. Petitioner only sought prospective injunctive relief against state agency decision makers to stop using her patents, orders against the OCA to produce its complete files, orders for taking hearings and prospective injunctive relief against the Court of Claims.

The Court must grant Petitioner taking hearings on patents. While neither the Supreme Court nor the Second Circuit has conclusively addressed the issue, there is a dispute between circuits warranting a petition for writ of certiorari. In *Community Housing Improvement Program v. City of NY* (("CHIP"), 492 F. Supp. 3d 33, 39, 40 n. 3 (EDNY 2020), the court pointed to a recent decision in which the Second Circuit affirmed the district court's ruling that "the Eleventh Amendment …bar[s] a takings claim." *Id.* However, as noted in *CHIP*, this decision was a non-precedential summary order "that did not analyze the question in detail." *Id.* Other district courts within the Second Circuit have held that the Eleventh Amendment applies to Takings Clause claims but only where damages were sought in the complaint.

*In Florida Prepaid Post Secondary Education Expense Board v. College Savings Bank*, 527 US 627 (1999), the US Supreme Court held that the Eleventh Amendment precluded Congress from enacting a broad-seeping statute, i.e., 35 USC 271(h), that would make a state or state agency strictly liable for infringement of a patent without proof that the state had deprived the patentee of taking remedies. The court held that without proof that a state has denied taking hearings, that Congress had overstepped its bounds. In the instant case, Petitioner was deprived of taking remedies by three district courts in New York against three state agencies – the NYS Thruway, the NYS Gaming Commission, the Port Authority of NY and NJ, a joint state agency.

Petitioner's tortious interference claims against OCA officers attempting to prevent infringement hearings against private entities are independent of the taking claim and entitled to immediate injunctive relief against the Court of Claims by amended complaint.

Dated: December 24, 2025
Princeton, NJ

Amy Weissbrod Gurvey
US Patentee
CEO LIVE-Fi ® Technology Holdings