# Exhibit A



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

December 19, 2025

**BY EMAIL DELIVERY**

Robin Gushman
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Nicole Peles
Cravath, Swaine & Moore LLP
Two Manhattan West 375 Ninth Avenue
New York, NY 10001

      Re:    Confidential filings and procedures in *United States, et. al. v. Live Nation, et al.* (1:24-cv-3973)

Dear Nicole and Robin,

      Thank you for providing Defendants' Confidentiality Designations for the Parties' Opening Summary Judgment and *Daubert* Papers and Accompanying Exhibits to Plaintiffs in your November 21, 2025. letter and subsequent letter dated December 18, 2025. The parties' original agreement states that "within 9 days of the filing date, the parties will identify their proposed redactions to all papers and begin meeting and conferring to narrow the proposed redactions." Email from R. Hicks to R. Gushman, Re: Confidentiality Procedures (Nov. 19, 2025). This agreement anticipates that nine days after papers are filed by either party, parties will identify proposed redactions of their own information that is Confidential or Highly Confidential included in those papers (*e.g.*, Defendants would identify what should be redacted in Plaintiffs' ancillary *Daubert* papers). On November 20, 2025, Defendants agreed "to provide Plaintiffs with proposed redactions to Defendants' summary judgment materials" and "provide Defendants' proposed redactions to Plaintiffs' MSJ opposition and all *Daubert* responses." Email from R. Gushman to R. Hicks, Re: Confidentiality Procedures (Nov. 20, 2025).[1] Plaintiffs note that the

---

[1] Defendants also appear to have used this opportunity to redesignate materials as either Highly Confidential or Confidential. *See, e.g.*, ECF 761-30 (designated as Confidential prior to Plaintiffs filing and in Defendants December 18 letter designated as Highly Confidential).

1

letters provided are somewhat ambiguous. The designated excerpt appears to list the information from each document that Defendants believe should be redacted, but it is not clear what distinction Defendants seek to make between Confidential and Highly Confidential designations.

It is Plaintiffs' position that these designations do not comply with the Amended Protective Order (ECF 347), Judge Subramanian's Individual Practices in Civil Cases ("Individual Practices"), or the relevant Second Circuit standard. Accordingly, Plaintiffs request that Defendants meet and confer on Monday December 22, 2025, to narrow these redactions and request that Defendants re-designate these materials to comply with the Court's orders and Second Circuit law.

First, the Court's Amended Protective Order makes clear that "[m]aterial that is more than three (3) years old at the time of production is presumptively not entitled to protection as Highly Confidential Information" and can only be considered Highly Confidential Information if "it discloses current or future business practices or competitive strategies." ECF 347 at ¶ 2. Defendants' designations disregard this standard. For example, Defendants' December 18 letter designates Plaintiffs' Exhibit 249, ECF 761-30, as Highly Confidential and requires it to be "sealed in full." But Plaintiffs' Exhibit 249 is email correspondence from 2018 regarding a now Live Natioin acquired entity, information that is long outdated.[2] Should Defendants continue to designate material that is over three-years old as Highly Confidential, Plaintiffs request specific reasoning for each document be set forth and why any concerns are not outdated.

Second, the Court's Individual Practices make clear that "any redaction or sealing of a court filing must be *narrowly* tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents." Individual Practices at ¶11(B) (emphasis added). Defendants' proposed redactions are not narrowly tailored. For example, instead of redacting pricing information from a 2015 ticketing contract, Defendants Exhibit 16, ECF 691-16, Defendants propose sealing the entirety of it. This also contradicts relevant case law: where confidential information exists within a document, courts have instructed the parties to redact the confidential information rather than seal in full. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Again, Plaintiffs request Defendants provide designations consistent with this Court's Individual Practices.

Third, Defendants have failed to show how they overcome the presumption of access entitled to judicial documents as required for sealing or redactions in the Second Circuit. The Second Circuit has made clear that "documents submitted to a court for its consideration in a summary judgment motion are— as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*

---

[2] Further, to the extent there is any concern from Defendants that this email reveals future business strategy, which Plaintiffs dispute that it does, redacting only the identifying information or financial information rather than sealing the full document could overcome this concern.

*v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006). Likewise, a presumption of access also attaches to documents submitted to a court in connection with *Daubert* motions. *See*, *e.g.*, *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 512; *Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019). A court must then consider the "weight" of the presumption and "balance competing considerations" *Lugosch*, 435 F.3d at 120. Defendants have not shown that there are competing considerations that would overcome the presumption of access.

Indeed, the nature of Defendants' designations are unsupported by law and seek redaction for information that courts have expressly held should be public. Courts in the Second Circuit have repeatedly confirmed that information that is outdated or publicly available should not be redacted in public filings. *See In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) ("older information" is less appropriate to seal); *see also Matter of Upper Brook Companies,* No. 22-MC-97 (PKC), 2023 WL 172003, at *6 (S.D.N.Y. Jan. 12, 2023) (rejecting proposed redactions and sealing of invoices and agreements that "date[d] back several years" because they were "'stale.'"). Indeed the "protection of sensitive, confidential, or proprietary business information" can justify sealing, but does not mandate it: instead, a party "must make a particular and specific demonstration of fact" as to why sealing is necessary to overcome the presumption of public access. *Yador v. Mowatt*, No. 19-CV-4128 (EK)(RML), 2025 WL 1707616, at *2 (E.D.N.Y. June 18, 2025) (quoting *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 209 (E.D.N.Y. 2024)).

This Circuit has long recognized that "'documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.'" *Lugosch*, 435 F.3d at 121 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Defendants provide no such compelling reasons for their confidentiality designations. Nor could they, as the documents they cite are wholly inappropriate for sealing or redacting. For example, Defendants seek to seal or redact documents that only reveal outdated information or business information that is neither proprietary nor confidential. Defendants' November 21 and December 18 letters reveal a number of improper designations, including the following:

- Defendants seek to fully seal ticketing contracts that are long outdated and no longer in effect. For example, ECF 691-4, LNE-LIT24-003864629 is an agreement between Ticketmaster and a third party signed over a decade ago that has since expired. Similarly, ECF 693-2, LNE-LIT24-000073294 is an agreement between Ticketmaster and a third party signed in 2011—over 14 years prior to when Defendants are claiming this information is confidential. Other documents that Defendants claim should be sealed similarly fall in this category. *See*, *e.g.*, ECF 691-17, LNE-LIT24-000093366 (agreement signed nine years ago); ECF 693-3, LNE-LIT24-000094883 (agreement signed eight years ago). The contract terms are expressly at issue in Plaintiffs' case and sealing the entirety of these agreements prevents the public from reviewing "matters that directly affect an adjudication." *Lugosch*, 435 F.3d at 121.

3

- Defendants also seek to fully seal a number of outdated *proposals* made by Defendants. These documents are simply Defendants' own proposed terms to third parties and do not necessarily reflect terms that actually went into effect. For example, ECF 692-19, LNE-LIT24-005332614 is Ticketmaster proposal to a third party discussing various terms but does not provide any indication whether such terms were accepted. Other documents that Defendants seek to seal suffer from the same flaws. *See* ECF 692-20, LNE-LIT24-005146877; ECF 692-22, LNE-LIT24-000850923; ECF 692-21, LNE22-000137710.

- Similarly, Defendants seek to seal a number of tour *proposals* that were made years or even a decade ago. *See* ECF 693-11, LNE-LIT24-006252648 (tour proposal from 2015); ECF 693-12, LNE-01591687 (2018 tour proposal); ECF 693-14, LNE-LIT24-000187775 (2022 tour proposal). These proposals are just that—Live Nation's own offers to artists as to the makeup of certain tours. These documents do not reflect the terms that were agreed upon by the parties, nor do they necessarily represent Live Nation's only offers to those artists for each tour.

- Defendants seek to seal a number of booking agreements that are outdated and no longer in effect. *See, e.g.*, ECF 693-24, LNE-LIT24-000136745 (2015 agreement with five-year term); ECF 693-21, LNE-LIT24-000136694 (2017 agreement with three-year term); ECF 693-27, LNE-LIT24-001011937 (2019 agreement with two-year term); ECF 691-4, BETHEL-DOJ-00000058 (2013 agreement between Live Nation and Bethel Woods). Defendants also erroneously seek to seal a booking agreement from an <u>individual show</u> that occurred in 2019. *See* ECF 693-25, LNE-LIT24-000609152.

- Inexplicably, Defendants also seek to redact portions of their Memorandum of Law that recount of Dr. Anderson's *own* opinions and impressions of Live Nation's documents. *See e.g.*, ECF 710 (redacting Dr. Anderson's opinion regarding ▮▮▮▮▮▮▮▮▮▮; ECF 710 (redacting Dr. Anderson's opinion that ▮▮▮▮▮▮▮▮▮▮ There is nothing confidential about Plaintiffs' expert's opinions. Seeking to redact Dr. Anderson's opinions in this manner is an improper attempt by Defendants to silence Plaintiffs' expert witness.

- Defendants seek to redact or seal Live Nation's internal communications that do not reveal confidential business information. *See, e.g.*, ECF 712-6, LNE22-000299435; ECF 709 (redacting discussion of how Live Nation's ▮▮▮▮▮▮▮▮▮▮); ECF 710 (redacting various discussions of a quotation from a Live Nation document regarding that the distribution of profits is ▮▮▮▮).

4

- Defendants' redactions inappropriately prevent the public from accessing the relevant facts that affect matters of adjudication even for information that is provided by non-parties. For example, Defendants seek to redact documents from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Rather than narrowly tailoring the redaction to redact only the dollar amount, Defendants propose broad redactions that prevent the public from knowing that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. While the considerations of a non-party may necessitate greater redaction of the documents, the non-parties at issue and the Court must make this determination, not Defendants.

Last, Plaintiffs and Defendants on their November 14 call discussed negotiating all documents with the understanding that such designations would be used at trial and Defendants confirmed this understanding in their November 20 email. The presumption of access to evidence introduced is "especially strong" at trial, *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), and Defendants proposed designations fail even more so in light of this agreement.

Because Defendants' confidentiality designations are overly broad, Plaintiffs request that Defendants meet and confer on Monday December 22, 2025, to narrow these redactions and request that Defendants re-designate these materials to comply with the Court's orders and Second Circuit law.

Sincerely,
*/s/ Rachel Hicks*

RACHEL HICKS
Trial Attorney
U.S. Department of Justice
Antitrust Division