December 30, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re: United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973**

Non-Parties Anschutz Entertainment Group, Inc.; Paciolan, LLC; SeatGeek, Inc.; and Vivid Seats LLC (collectively "Non-Parties") respectfully submit this letter in response to Defendants' December 29, 2025 (ECF No. 813) letter requesting a conference on January 12, 2026, to discuss third-party confidentiality issues. The Non-Parties join Plaintiffs' request (ECF No. 814) that any further hearing on third-party confidentiality issues be held after final pre-trial exhibits and confidentiality designations are exchanged in early February.

Late on the evening of December 19, 2025, the Non-Parties received letters from Defendants requesting that the Non-Parties identify which confidentiality designations from their deposition transcripts and exhibits they intend to "stand on" at trial, and which such designations they object to Defendants' disclosing to their in-house counsel, Dan Wall and Kim Tobias, who are not permitted under the Amended Protective Order (ECF No. 347) to have access to Highly Confidential and Confidential non-party document or information. Defendants gave the Non-Parties a deadline of January 6, 2026, to complete this exercise, notwithstanding the intervening holidays and that the parties' pre-trial exchanges are not set to be completed until early February.

Defendants' request is unreasonable and unnecessary, and it seeks to circumvent Court-ordered processes regarding confidentiality disputes.

With respect to the demand that the Non-Parties identify which confidentiality designations they intend to "stand on" at trial, Defendants have not challenged any of the Non-Parties' deposition designations pursuant to Paragraph 10 of the Amended Protective Order, nor have they suggested that any of those designations are improper. Instead, Defendants now seek to shift the burden to the Non-Parties and effectively ask the Non-Parties to identify which portions of their deposition materials they would seek to seal *if* introduced as evidence at trial, and to remove valid confidentiality designations from any deposition materials that would not meet the applicable sealing standards for trial, all before the parties have undertaken any exchange or filing of exhibit lists or deposition designations and before Defendants have even identified which specific lines of deposition testimony or specific deposition exhibits they seek to introduce at trial. This request improperly conflates the confidentiality designation process set forth in the Amended Protective Order for discovery materials with the requirements for sealing documents used at trial, and it is likely to result in the premature submission to the Court of a broad set of confidentiality disputes that the parties and Non-Parties will not have had a meaningful opportunity to attempt to narrow or resolve through the conferral process. Defendants should

first identify specific lines of deposition testimony and specific deposition exhibits on which they intend to rely at trial to allow the Non-Parties to assess any necessary sealing or redactions relating to that (likely narrowed) particular set of testimony and documents.

With respect to Defendants' in-house counsel, the Non-Parties continue to object to the disclosure of their Highly Confidential or Confidential material to Mr. Wall and Ms. Tobias, for all of the reasons set forth in their previous filings opposing Defendants' repeated requests to provide access to Mr. Wall and Ms. Tobias. (See ECF Nos. 197, 201, 336, 675.) While the Non-Parties remain willing to discuss particularized requests for such disclosure, Defendants have made no such requests. Instead, they seek to flip their burden and end-run their meet-and-confer obligations through a rushed, unilateral process in which (i) the Non-Parties, in the first instance, identify Confidential and Highly Confidential material to which they believe Mr. Wall and Ms. Tobias should *not* have access; (ii) Defendants submit any disputed documents to the Court without first identifying them to the Non-Parties; and (iii) a hearing is held on *the next business day* after the areas of dispute have been identified. Defendants' intended procedure does not even allow an opportunity for the Non-Parties to respond to Defendants' submission in writing, let alone meet and confer in advance of the submission.

For all of the reasons set forth above, the Non-Parties do not believe that the process Defendants have initiated is likely to result in a productive or manageable conference on January 12. Accordingly, the Non-Parties join Plaintiffs' request that any hearing regarding third-party confidentiality disputes be held after final pre-trial exchanges.

Respectfully submitted,

HOGAN LOVELLS US LLP

*/s/ Justin Bernick*
Justin W. Bernick (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
555 13th St., NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue
New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Non-Party Anschutz Entertainment Group, Inc.*

DAVIS POLK & WARDWELL LLP

*/s/ Benjamin Miller*
Benjamin Miller (*pro hac vice*)
1050 17th Street NW
Washington, DC 20036
(202) 962-7133
benjamin.miller@davispolk.com

*Counsel for Paciolan, LLC*

COHEN & GRESSER LLP

*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W. Suite 300
Washington, D.C.  20006
mmaxman@cohengresser.com
rwick@cohengresser.com

William E. Kalema
800 Third Avenue
New York, New York 10022
wkalema@cohengresser.com

*Attorneys for Non-Party SeatGeek, Inc.*

COVINGTON & BURLING LLP

*/s/ Neema Sahni*
Neema Sahni (*pro hac vice*)
1999 Avenue of the Stars
Los Angeles, CA 90067
(424) 332-4757
nsahni@cov.com

*Counsel for Non-Party Vivid Seats LLC*