CASE NO. 25-1954

---

Iₙ Tₕₑ

# 𝔘𝔖 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰 𝔣𝔬𝔯 𝔱𝔥𝔢 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 𝔠𝔦𝔯𝔠𝔲𝔦𝔱

## PLAINTIFF-APPELLANT'S OPENING BRIEF

### *US District Court Central District of California*

### *Case No. 23cv4381 (CACD) on Appeal*

Amy R. Weissbrod Gurvey
CEO and California Counsel
LIVE-Fi® Technology Holdings
7302 Woodstone Circle
Princeton, New Jersey 08540
amyg@live-fi.com


US Patentee/ Plaintiff/Appellant *Pro Se*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES ii**

**QUESTIONS PRESENTED** ................... 1

**I. STATEMENT OF ISSUES** ................. 9

**II. SUMMARY OF PREEMPTING PATENT LAW AND USPTO APA VIOLATIONS** ................. 18

**III. ADDITIONAL RECENT LITIGATION AND TO ACCEPT BRIEF AS WITHIN TIME** 25

**IV. MEMORANDUM OF LAW** ...........31

**V. BULLET SUMMARY OF ARGUMENTS** ............................... 38

**VI. RELATED ACTIONS** .................... 43

**VII. CONSTITUTIONAL AND feDERAL STATUTORY PROVISIONS INVOLVED** ................... 44

*Fifth Amendment* ............................. 44

*Fourteenth Amendment* .................. 45

*Supremacy Clause* ........................... 45

*42 USC §1985(3) Conspiracy to Interfere with Civil Rights* ........................................ 45

*ABA Rule 2.9 on Ex parte Communications* .......................... 46

**VIII. EXHIBITS** ..................................... 48

**IX. CONCLUSION** ................................. 50

**CERTIFICATION OF COMPLIANCE** 51

**CERTIFICATON OF SERVICE** .......... 52

# TABLE OF AUTHORITIES

**CASES**

*Amalfitano v. Rosenberg*, 12 NY 3d 8 (2009); 533 F. 3d 117 (2d Cir. 2007)................................................36
*Amron v. MLB Advanced Media*, 24cv2930 (PAE)(RFT) ...............................................................................27
*BMI of Westchester and Putnam Counties v. State of NY*, 2021 WL 4198322 (SDNY 2021)......................17
*Buechel v. Rhodes*, 258 AD 2d 274 (NYAD 1st Dept. 1999)...........................................................................15
*Christianson v. Colt Industries Operating Corp.*, 486 US 800 (1988).......................................................6, 17
*Cohens v. Virginia*, 6 Wheat. 264, 5 Led. 257 (1821). ...................................................................................36
*Ex parte Young* 209 US 123 (1908) ....................................................................................................7, 13, 17
*Gurvey v. Commissioner of Patents*, 23cv3549.............................................................................................40
*Gurvey v. Live Nation Entertainment*, 25cv3257 (DCD); ..............................................................................40
*Haywood v. Drown*, 556 US 729 (2009) .........................................................................................................17
*Lucky Brand Dungarees v. Marcel Fashion*s, 590 US 405 (2020) ...............................................................23
*Monell v. Dept. of Social Services*, 436 US 658 (1978) .................................................................................11
*SCA Hygiene Products Aktiebolag v. First Quality Baby Products*, 137 S. Ct. 954 (2017)..........................11
*Twomey v. Ohio,* 273 US 510 (1927).........................................................................................................5, 10
*US v. Live Nation Entertainment, Inc.*, 24cv3973 (AS). .................................................................................27
*US v. Ticketmaster and Live Nation,* 2010 WL 975407, 975408 (DCD Jan 25 2010); Amended Judgment Jan 8, 2020. ...............................................................................................................................................................25
*Virginia Office of Production and Advocacy v. Stewart*, 563 US 247 (2011)(Scalia, J.). ..............................17
*Wyeth v. Kappos*, 591 F. 3d 1364 (Fed Cir. 2010) .........................................................................................19

**STATUTES**

28 USC §1295.........................................................................................................................................3, 6, 17, 33
35 USC §§271 et seq .........................................................................................................................................2, 8, 33
42 USC §1985(3) Conspiracy to Interfere with Civil Rights.............................................................................44
Administrative Procedures Act, 5 USC 551-596, 701 et seq (APA) ............................................................17, 20
America Invents Act, Publ. Law 112-29, 125 Stat. 284 (2011)..........................................................................20

**OTHER AUTHORITIES**

Gurvey US Patents 11403566, D647910S, 7603321 ................................................................................12, 19, 29

**RULES**

ABA Rule 2.9 *Ex parte Communications*. ...........................................................................................5, 10, 45
FRCP Rule 60(b). ..............................................................................................................................................28

**CONSTITUTIONAL PROVISIONS**

Eleventh Amendment...........................................................................................................................................36
Fifth and Fourteenth Amendments ................................................................................................................3, 7, 11

## QUESTIONS PRESENTED

This opening brief of national import[1] is filed in response to the US District Court Central District of California (CACD)'s *sua sponte* dismissal of Appellant's willful patent infringement, contributory infringement, RICO conspiracy, fraud, unfair competition, unprivileged defamation, conflicts of interest/breach of fiduciary duty, patent delay, and attorney in-court fraud and deceit complaint. 23cv4381 (CACD)(MEMF) The Court ordered in-person hearing on March 13, 2025. Appellant was the only party of ten parties who appeared at significant cost and expense from Princeton, NJ. The court apologized to Appellant for defendants' non-appearance but did not permit any argument for which Appellant had diligently prepared for over one month. Appellant was denied an opportunity to be heard on essential issues of national patent law. The Court also did not

---

[1] Opening Brief corrected per deficiency notice

1

consider any of Appellant's evidence or arguments in subsequently denying reconsideration after this appeal was filed. The named defendants are private entities willfully infringing Appellant's patents in California and nationally including Live Nation Entertainment merged with Ticketmaster, MLB/MLB Advanced Media, rock band Phish, Cowan Liebowitz & Latman and three law firms that appeared for the same private defendants before the SDNY. The court's bias was evident when it denied sanctions for nonappearance. In a subsequent order, the 9th Circuit granted Appellant's petition to transfer this appeal, 25-2026, to the Federal Circuit that has exclusive appellate jurisdiction in all cases where the causes of action include patent infringement, 35 USC §§271 et seq.

The national import of this appeal cannot be underestimated. The Federal Circuit must set uniformity in what has been proven to be a 14-year lawsuit proving taking of patents by a US state, here by NYS and its officers by *ex*

2

*parte* tortious interference and RICO crimes with the named defendants before both the SDNY and before the Federal Circuit since 2018. There is now no dispute that the Federal Circuit violated Appellant's constitutional rights guaranteed by the Fifth and Fourteenth Amendments by accepting and relying on *ex parte* unserved documents submitted by nonparty NYS officers since 2018 many forged and fraudulent. Relying on these unserved proffers, the Federal Circuit *sua sponte* transferred three arising under patent appeals to orders of the SDNY denying infringement hearings to the Second Circuit in Case Nos. 18-2076, 20-1620, and 23-134. The Second Circuit that had no jurisdiction to hear the appeals.

The transfer orders must now be determined void based Appellant's delayed discovery in July 205 of the NYS Office of Court Administration's (OCA) *ex parte* letters. Under law, the Second Circuit lacked jurisdiction under 28 USC §1295 to adjudicate the transferred patent infringement appeals

3

on the merits and did not hear the appeals. As the law now stands, therefore, any private infringer can secretly solicit the assistance of state officers to harass a patentee to steal patents and delay hearings on infringement claims before the district courts of the State.

Here the Federal Circuit must find that The State of NY has engage in an unconstitutional taking of Appellant's valuable ticketing management patents. NYS has waived Eleventh Amendment immunity for acts of tortious interference by its officers including in patent infringement cases, acts of unjust enrichment and misappropriation of property. However, as of this past week, the NY Court of Claims has returned Appellant's duly filed damage claims after discovery of the per se tortious interference and RICO crimes by its officers.

<u>There are two issues in the instant appeal</u>. (1) The first is whether the CACD's downstream *sua sponte* dismissal of Appellant's RICO and infringement complaint

4

based on judicial notice of the same *ex parte*, forged and unserved non-party NYS court documents that contaminated SDNY orders and Federal Circuit's transfer orders since 2018—must be vacated because the CACD's dismissal was the direct product of the Federal Circuit's own due-process violations. This appeal frames CACD's *sua sponte* dismissal orders as tied to the Federal Circuit's derivative errors and abuses of discretion. The *ex parte* documents relied on could not be earlier discovered by Appellant and were never ordered served by the Federal Circuit or the SDNY. The Federal Circuit transfer orders are therefore void, unconstitutional and must be vacated reviving all district court complaints containing infringement claims. *Twomey v. Ohio,* 273 US 510 (1927); ABA Rule 2.9 *Ex parte Communications.*

The subsequent CACD orders entered in 2024 and 2025 were based solely on judicial notice of the same prior proceedings that themselves were constitutionally void,

5

disputed and challenged in pending appeals
and by mandamus orders. The Federal Circuit
breached its duty by transferring the appeals
that only its court could hear on the merits as
part of the Court's exclusive appellate
jurisdiction in patent cases. 28 USC
§1295(a)(1); *Christianson v. Colt Industries
Operating Corp.*, 486 US 800 (1988).

The CACD also did not allow Appellant an
opportunity to be heard on any of her
arguments or  to present evidence at the in-
person hearing. Appellant was the only party
of ten to appear in Judge Frimpong's
courtroom. Instead, the court apologized on
the record for defendants' collusive
nonappearance, but then *sua sponte* dismissed
Appellant's complaint resting entirely on past
unconstitutional void orders. The Federal
Circuit must vacate the CACD's *sua sponte*
dismissal and reinstate Appellant's action in
entirety against all defendants including to
recover treble damages for RICO crimes and
punitive damages in the maximum amount
permitted by law.

6

(2) The second issue focuses on the parallel pending action before the US District Court for the Northern District of NY (NDNY) that was originally also dismissed sua sponte in January 2025. The chief judge reopened the lawsuit based on Appellant's order to show cause. In that action, Appellant properly sought injunctive relief against the chief decision makers of NYS agencies – The NYS Thruway, the NYS Gaming Commission and the Port Authority of NY and NJ under *Ex parte Young* 209 US 123 (1908). Injunctive relief is the proper remedy against each NYS agency to stop using Appellant's patents. In addition, Appellant also seeks an injunction against the NYS Office of Court Administration (OCA) chief judge to produce the agency's complete files related to this lawsuit including those submitted *ex parte* without standing to the Federal Circuit. See, e.g., *Virginia Office of Protection and Advocacy v. Stewart*, 563 US 247 (2011)(Scalia, J.). These *ex parte* documents were improperly relied upon without service

7

on Appellant. Appellant also seeks injunctive relief against the NY Court of Claims state judge to order adjudication and inquest on damages for Appellant's claims for tortious interference, unjust enrichment and misappropriation of property, claims for which the State of NY has waived Eleventh Amendment immunity. While damages cannot be sought against the State before the NDNY, taking hearings should now mandatory after Appellant's claim was returned *sua sponte*. Based on the continuing NDNY and other SDNY constitutional violations relevant to this appeal, there can be no prejudice to defendants if this brief is accepted for filing as within time.

Regardless of the issue of taking hearings, however, Appellant now seeks a determination from the Federal Circuit that in violation of US Supreme Court mandates that the State of NY owes Appellant damages for acts of tortious interference, unjust enrichment and misappropriation of property before the Court of Claims. The US Supreme

8

Court held in *Florida Prepaid Postsecondary Education Expense Board v. College Savings Bank*, 527 US 627 (1999) that Congress's enactment of 35 USC § 271(h) that imposed strict liability against the several states for infringement of patents was overly broad and that a taking cannot be assumed BUT must be proven in each case on an individual basis. However, if all remedies, including taking hearings as alternative remedies to infringement are denied and the State has waived immunity for certain causes of action that were perpetrated by its officers, that proves a taking. The Federal Circuit must render determination on this issue.

## I.     STATEMENT OF ISSUES

There is now no dispute based on Appellant's July 2025 discovery of the OCA's nonparty fraudulent proffers, that named private infringer defendants and their defendant national law firms conspired with

NYS court officers to engage in RICO crimes to delay Appellant's infringement hearings. The plan was to prevent Appellant from affirming her valuable ticket management patents in the market at the earlier possible time that in turn would allow defendants and the State of NY to keep using and infringing the same patents while Appellant was denied constitutional access to all NY courts.

To date, no infringement hearings have been allowed anywhere in violation of the Fourteenth Amendment. That includes before the CACD. The NYS Office of Court Administration (OCA) attorney Shawn Kerby wrote fraudulent *ex parte* letters commencing in 2018. Kerby pleaded that the Federal Circuit should not to hear Appellant's arising under appeals to orders of the SDNY denying hearings because as she fraudulent stated "Appellant was somehow disbarred in New York"  Appellant has never been disbarred, never even sanctioned by the NY Court of Appeals, and is in excellent standing in California, her original barred state.

10

The Federal Circuit considering the proffers unlawfully without serving Appellant then transferred the appeals, mandating vacatur of all orders. *Twomey v. Ohio*, 273 US 510 (1927); ABA Rule 2.9 *Ex parte Communications*. The CACD never gave Appellant an opportunity to be heard on these heinous allegations. Moreover, CACD defendants Hinshaw & Culbertson and Cowan Liebowitz & Latman knew that Appellant was not admitted in NYS because Hinshaw lawyers were at all times dually serving as state officers at the Appellate Division First Dept. without disclosing conflicts of interest.

In 2016, a former member of the Hinshaw firm, J. Richard Supple, who happened to be Appellant's adversary in the SDNY infringement lawsuit was found to have manufactured and inserted forged and unserved documents into "ordered concealed" NYS files. Appellant had and continues to have a constitutional right to production of the complete state files. IN addition, regardless of bar status, which in fact is stellar, Appellant

11

has a Fourteenth Amendment right to receive infringement hearings on her patents for the full term of patent and six years beyond the term for acts of infringement during the term and be ser. *SCA Hygiene Products Aktiebolag v. First Quality Baby Products*, 137 S. Ct. 954 (2017). To date since 2010, no infringement hearings have been allowed the SDNY or the CACD. In addition, no infringement hearings were allowed against New York City agencies such as the new Yankee Stadium that can be sued directly. *Monell v. Dept. of Social Services*, 436 US 658 (1978)

Being wrongfully induced, the legal result was the Federal Circuit tainted the record by transferring the appeals and defying its administrative duties under preempting US Supreme Court mandates and the United States Constitution. The CACD complaint properly sought RICO treble damages and punitive damages against all participating private infringers defendants and law firms that conjured up this plan with NYS officers of the courts.

12

Gurvey US Patents 11403566, D647910S, 7603321 are the priority disclosures relevant to this appeal. The patent claims that also include placed bets within the definition of the term "Tickets", authenticate ticket data to enable a slew of additional benefits. They use hybrid encryption, content transmission matrices, multifunctional bar codes, royalty systems and AI analytics to enable targeting advertising, ticket resale and exchange, sports betting, interaction event content transmissions in close to real time, expedited check-in and concession purchases at airports and equitable allocation of event revenues at venues. The patents are being willfully infringed nationally by CACD defendants.

Since the first patent claims issued in 2009, NYS court officers were conspiring with the infringer defendants and circulating their *ex parte* nonparty proffers to SDNY administrators and to the Federal Circuit. Appellant's first infringement complaint was unilaterally deleted from the SDNY docket after being date-stamped and filed on April 22,

13

2010. In 2023, the SDNY clerk who deleted the infringement complaint, Dionisio Figueroa, was convicted of taking bribes for eighteen years in exchange for deleting docket entries.

In hindsight, during the 15 years that Appellant was denied access to the SDNY, to the Federal Circuit and then the CACD, fifteen NYS agencies also became enabled to use Appellant's patents without permission and infringe them alone and with additional venture partners. The transfer of Appellant's appeals by the Federal Circuit and denying hearing on the merits operated to flood the market with infringers.

In a current parallel lawsuit, the chief judge of the US District Court NDNY in Case No. 24cv211, Hon. Brenda Sannes, just scheduled an Order to Show Cause in January 2026 in response to Appellant's order to show cause. Appellant seeks injunctive relief under *Ex parte Young*, 209 US 123 (1908) for NYS agencies to stop using Appellant's patents, for compelled production of all OCA files and for

14

the NY Court of Claims to award damages against the State and its officers for tortious interference, unjust enrichment and misappropriation of property, claims for which the State of NY has waived 11th Amendment immunity under Section 8 of the NY Court of Claims Act. Appellant's NY Court of Claims submissions, however, continue to be returned unadjudicated. Now Appellant claims she is entitled to taking determinations by the NDNY even without damages awarded.

The smoking gun discovery that OCA attorneys who had actual and apparent authority to bind the State were engaging in the RICO violations with the CACD infringers and their defendant attorneys. The State of NY does not have disciplinary jurisdiction over Appellant in the capacity of an attorney because Appellant is no longer admitted to practice law in NYS since 1998, the year of voluntary resignation. OCA's defamatory acts that fabricated a bar status that did not exist are acts that are not privileged. Upon belief, OCA attorneys were instructed in this RICO

15

fraud by a member of the NYS Attorney General, Michael Berg. Appellant was granted voluntary resignation by former NYS OCA officer Denise Rajpal and Third Dept. officer Dan Brennan in 1998 when she was in medical school, never thereafter paid bar dues to NYS and never requested reinstatement.

Conversely, however, SDNY and CACD defendant Cowan Liebowitz & Latman, however, paid Appellant's bar dues to California in 2002 and knew full well that Appellant was not admitted in NYS. The Cowan defendants offered Appellant a patent service for investment retainer seeking an equity interest in her formal patent applications. This arrangement is unlawful in NYS, it was declined by Appellant who paid the firm $50,000 for patent services never performed. *Buechel v. Rhodes*, 258 AD 2d 274 (NYAD 1st Dept. 1999).

Within weeks, the Cowan firm was caught copying Appellant's formal patent disclosures and clients lists using night staff (Jacquline

16

Revander). The firm then abandoned the four defectively filed US patent applications filed by the firm and secretly sought unilateral withdrawal from Appellant's retainer that was never granted by the US Commissioner of Patents. Instead, the Commissioner opened a *sua sponte* investigation for the Cowan firm's USPTO fraud and conflict of interest violations. In order to conduct that investigation, the Commissioner took fourteen of Appellant's applications out of the prosecution queue sua sponte and placed them on "hold" for seven years. That "hold" is a per se violation of the Administrative Procedures Act, 5 USC §551-596, 701 et seq. (APA) and is ongoing. Appellant was recently noticed by the USPTO that three of her continuation in part patent applications filed since August 1, 2022 disclosing a direct to patient health care delivery system with novel disease diagnosis and clinical trial platforms have also been placed on hold. This issue if not resolved by the Commissioner with likely come before this Court in a subsequent appeal.

17

In addition, the former Commissioner then instructed Plaintiff to file the USPTO's conflict determinations before the First Dept. attorney grievance committee (AGC) in NYC and seek refund of her patent retainer and production of her inventorship files. The AGC officers defied the preempting federal patent statutes and denied relief to Appellant. Appellant's complete USPTO inventorship files are still being unlawfully withheld in violation of 37 CFR 2.10, 2.19, 10.66, 11.108, 11.116, 1.324.

## II.   SUMMARY OF PREEMPTING PATENT LAW AND USPTO APA[2] VIOLATIONS

The Federal Circuit's *sua sponte* transfer orders to the Second Circuit violated due process and are void. 28 USC §1295; *Christianson v. Colt Industries Operating*

---

[2] Administrative Procedures Act, 5 USC 551-596, 701 et seq (APA)

18

*Corp.*, 486 US 800 (1988); *Haywood v. Drown*, 556 US 729 (2009)

The heads of three NYS agencies – the NYS Thruway, the NYS Gaming Commission and the Port Authority of NY and NJ were properly sued before the NDNY to abort their agencies' continuing infringements of Appellant's patents under *Ex parte Young*, 209 US 123 (1908). See, *BMI of Westchester and Putnam Counties v. State of NY*, 2021 WL 4198322 (SDNY 2021). The respondent OCA chief judge was also properly sued to compel production of his agency's complete files. *Virginia Office of Production and Advocacy v. Stewart*, 563 US 247 (2011)(Scalia, J.). Now the chief judge of the NY Court of Claims is properly joined as a respondent to accept orders for injunctive relief and grant Appellant damages for the State's tortious interference, unjust enrichment and misappropriation of property.

The interests of all named CACD defendants were always in sync with NYS's

19

interest paving the way for the perfect storm of RICO *ex parte* obstruction of justice. Those bad acts with treble damages for willful infringement and special damages for unprivileged defamation must be awarded by the CACD with the maximum punitive damages allowed by law.

The CACD's orders were jurisdictionally defective, procedurally void, and a downstream consequence of the Federal Circuit's own due process violations that tied the CACD's dismissal directly to the Federal Circuit's misconduct.

This appeals court must also consider that Appellant was also denied an amended infringement complaint by the SDNY as late as 2023 in clear abuse of discretion. Gurvey US Continuation Patent No. 11403566 finally issued on August 2, 2022 – 13 years after being filed in 2009 (12587759). The continuation claims were anticipated in the operative pleading. 25 additional claims issued after an unprecedented delay that

20

included a seven-year hiatus based on the conflicts of interest investigation opened by the Commissioner. The 566 patent took seventeen years to issue in entirety based on the disclosures filed in 2005 (11253912). Only the first ten claims issued in 2009 in US Patent 7603321. Then Appellant's multifunctional electronic screen patent issued on November 1, 2011, D647910S. The USPTO granted unilateral withdrawal to Appellant's prosecution attorneys without notice but then sent office actions to the withdrawn attorneys that were never served on Appellant. Appellant's database files were never updated by the USPTO Business Center (James Stewart and Mr. Harvey).

The deadline for issuance of patent claims is three (3) years after the date of filing of each application. *Wyeth v. Kappos*, 591 F. 3d 1364 (Fed Cir. 2010) The continuation application, 12587759 filed in 2009 got no USPTO office action for nine years until 2018 when that deadline is fourteen months. Appellant was then unlawfully denied full faith and credit of

21

the first thirteen claims that issued in 2009 and 2011, prior to enactment of the America Invents Act, Publ. Law 112-29, 125 Stat. 284 (2011).

The former Commissioner Wynn Coggins took fourteen (14) of Appellant's published patent applications filed through 2009 out the prosecution queue to conduct the conflicts of interest investigation against CACD defendants - LNE, Cowan Liebowitz & Latman, MLB and Cowan's other patent client, Legend Films of San Diego. The Commissioner's actions continued failure to answer FOIA requests since 2015 to serve Appellant with the investigation results violated the Administrative Procedures Act, 5 USC §§ 551-596, 701 et seq. (APA). [3]During

---

[3] These claims are currently before the DC District Court with application for a patent term adjustment also seek FOIA responses withheld by the Commissioner since 2015 and determinations that the USPTO protocols granting unilateral withdrawal to registered practitioners from inventor retainer agreements violate due process. 23cv3549 (DCD)

22

the unprecedented delay in prosecution rights, other USPTO officers improperly issued limited patent claims including to applicants who failed to cite to Appellant's patents as prior art. All FOIA requests on the issuance patents since 2015 also continue to be ignored by the USPTO General Counsel David Berdan and the Office of Enrollment and Discipline (OED).

Additional nonparty officer corruption by members of the NYS Appellate Division First Dept. attorney grievance committee (AGC) was confirmed by an August 31, 2025 document production. (See NDNY 24cv211, Docket #85) The AGC was where the USPTO Commissioner's conflict of interest determinations were filed against the CACD Cowan Leibowitz and Hinshaw & Culbertson defendants. The production uncovered 12-14 Redwells containing forged documents. Forgery crimes in "ordered concealed" NYS files were perpetrated by Hinshaw lawyer, J. Richard Supple who was dually serving Appellant's SDNY adversary in the

23

infringement lawsuit while he himself was serving as an AGC staff attorney who never disclosed conflicts of interest in violation of NY's Judiciary Law Part 1240.6d.

The forgeries discovered affixed the signature of a dead 2002 former First Dept. counsel, Paul Curran, onto NYS petitions superimposed and photocopied onto old pre-2000 state letterhead to conceal the names of participating NYS First Dept. officers – Jorge Dopico and a former AGC presiding judge Luis Gonzalez in RICO *ex parte* obstruction crimes. Curran left the state in 2002 and died of cancer in 2007. Multiple superimposed copies of the forgeries are also in these files. These documents were submitted to the NDNY on August 31, 2025 (Docket #85, 24cv211) along with the previous First Dept. order entered April 21, 2016 identifying Supple as the forger and finding that Appellant would continue in defiance of due process to be denied access to the files. On appeal as of right to the NY Court of Appeals the Appellate Division orders were found nonfinal and did not finally determine

24

an action, such that it could not be used
collaterally by any subsequent federal or state
court. See, *Lucky Brand Dungarees v. Marcel
Fashio*ns, 590 US 405 (2020) (Sotomayor, J.)

### III. ADDITIONAL RECENT LITIGATION - APPLICATION TO ACCEPT OPENING BRIEF AS WITHIN TIME

As of this current week, Appellant
continues to be denied constitutional access to
the SDNY to intervene as of right against
other private infringers of her patents in
violation of the Fourteenth Amendment. In
other words, other ticketing patentees have
had their complaints docketed for
adjudication by the SDNY, whereas Appellant
has not. Developments in this other lawsuits
explains the nonprejudicial delay necessary
before filing this opening brief to ensure that
all essential issues are considered and
adjudicated. Appellant seeks that the court
accept the opening brief as within time. Here's
why.

25

In 2024, the SDNY in violation of equal protection, accepted docketing of an infringement complaint from one Alan Amron, plaintiff, who failed to cite to Appellant's issued US ticketing patents as prior art when applying for his own subset bar code patent. Amron's fraud before the USPTO is otherwise implicit by citations on the face of Amron's patent. Appellant moved to intervene as of right in that lawsuit, 24cv2930 (PAE)(RFT) and her application was denied in clear abuse of discretion. Then reconsideration was denied after Appellant exposed ongoing corruption by the SDNY against Appellant's patent interests in multiple lawsuits.

Amron, in fact, sued the same infringer defendants herein that Appellant sued before the SDNY and the CACD. This time, however, no fraudulent jurisdictional moving papers were filed by Amron's adversaries that defendants LNE and MLB/MLBAM "had no

26

NY contacts" and could not be compelled to answer for infringement. [4] [5]

In 2025, SDNY plaintiff Amron voluntarily dismissed virtually all alleged infringers from his lawsuit leaving only a single infringer defendant MLB Advanced Media (MLBAM) in. MLBAM is same company the Federal

---

[4] The SDNY's unconstitutional *ex parte* discovery delay orders on patent issues procured by CDCA defendants Hinshaw & Culbertson, Baker Botts and Cowan Liebowitz & Latman were overturned in Appellant's litigation by the Second Circuit in 2012)(462 Fed. Appx. 26)

[5] The jurisdiction "dodging" allegations were proven blatantly false in 2010 in the DC District Court proceedings granting merger of CACD defendants Live Nation and Ticketmaster into LNE. *US v. Ticketmaster and Live Nation,* 2010 WL 975407, 975408 (DCD Jan 25 2010); Amended Judgment Jan 8, 2020. LNE admitting to importing a ticketing system from CTS Eventim of Germany to service its owned, operated and serviced venues in NYC that included House of Blues, Irving Plaza and Roseland Ballroom.

27

Circuit dismissed from Appellant's instant appeal. This order must now be vacated.

In 2025, it was discovered that the SDNY magistrate assigned discovery in the Amron litigation, Robyn Tarnofsky, previously served as the SDNY pro se help attorney during Appellant's infringement lawsuit. Tarnofsky was the senior member of the NY Legal Assistance Group, a NYS agency. Appellant was forced to sign five retainer agreements with NYLAG, while the State was using Appellant's patents without permission and its officers were engaging in ex parte fraud and ex parte obstruction of justice before SDNY and the Federal Circuit to deny Appellant infringement hearings.

The sitting judge Paul Engelmayer also improperly "misspoke" in his order when he found that Appellant was "*never granted pro hac vice status by the SDNY*", a blatant fabrication. In response, however, Amron voluntarily withdrew his entire lawsuit, again functioning to deprive Appellant of hearings

28

on the merits of her infringement claims in her third party complaint. *Amron v. MLB Advanced Media*, 24cv2930 (PAE)(RFT)

In 2025, Appellant also moved to intervene as of right in the Government's divestiture action before the SDNY that seeks to break up defendant Live Nation and Ticketmaster for antitrust violations since 2010. *US v. Live Nation Entertainment, Inc.*, 24cv3973 (AS). Forty US states have joined as plaintiffs in this lawsuit including NYS. In docket #638 Appellant was admitted to appear *pro hac vice* from California on behalf of her loan out company LIVE-Fi® Technology Holdings as an interested nonparty. This order is contended abuse of discretion and is the subject of a current vacatur motion under FRCP Rule 60(b). However, very mysteriously, the order granting pro hac vice status Appellant was recently was discovered deleted *ex parte* from the SDNY Docket. This is the third time docket deletions prejudicial to Appellant's patent interests have been undertaken by SDNY administrative officers.

29

The DC District Court is also now adjudicating Appellant's claims for breaches of the antitrust merger judgment by defendants LNE and Ticketmaster against LIVE-Fi Technology Holdings. The 2010 competitive impact statement and judgment expressly precluded CACD defendants LNE, Live Nation and Ticketmaster from withholding ticketing data from companies seeking to conduct non-ticketing businesses including at defendant LNE's dominant share of event venues. CDCA defendants have withheld ticket data from Appellant and LIVE-Fi since 2010 as soon as their first US patent issued.

Appellant invented most of the priority patent claims that authenticate ticket data to enable non-ticketing businesses. The issued claims and pending claims were put on "hold" by the Commissioner of Patents for seven years. 14+ of Appellant's filed patent applications remain on "hold" by recent notice sent from the USPTO based on the DCD lawsuits, a per se constitutional violation.

30

In addition, Appellant just received back her claims seeking damages against the State of New York before the NY Court of Claims. NYS has waived Eleventh Amendment immunity for acts of tortious interference with patent infringement appeals, unjust enrichment and misappropriation of property, undisputed claims in this appeal. A further order to show cause was just granted hearing by NDNY returnable in January 2026 including to join the chief judge of the Court of Claims as a respondent in the existing *Ex parte Young* lawsuit. If injunctive relief is denied in abuse of discretion, another appeal to this Court will be filed.

## IV.  MEMORANDUM OF LAW

The CACD's *sua sponte* dismissal of Case No. 23cv4381 based on judicial notice of unconstitutional and void Federal Circuit and Second Circuit orders that were procured through *ex parte* RICO obstruction of justice with non-party NYS court officers must be vacated in its entirety. The dismissal is a

31

direct downstream consequence of the Federal Circuit's own due-process violations and is therefore void.

The CACD *sua sponte* dismissal was entered without a hearing, without briefing, and with Appellant having been denied her constitutional right on issues of national import to the patent industry as a whole. Appellant was also denied the right to be heard and present incriminating evidence at an in-person hearing on March 13, 2025. Plaintiff was the only party who appeared at the district court in California from Princeton, NJ at tremendous cost, inconvenience and expense. In further abuse of discretion, Appellant was denied sanctions against defendants by the sitting judge for defendants' collusive nonappearance(s).

Appellant's reconsideration motion was also denied in abuse of discretion. It was clear, vivid and to the point. Judicial notice cannot be taken of void or constitutionally defective proceedings. Moreover, a district court cannot

32

take judicial notice of forged documents, unserved filings, *ex parte* submissions, and proceedings lacking in due process of law.

The Federal Circuit's acceptance of *ex parte* filings from non-party NYS officers also created a false procedural record. CACD relied on that false record and on defendants' continuing RICO violations. Therefore CACD's dismissal is infected by the same constitutional defects.

Delayed discovery of Kerby's nonparty *ex parte* submissions in 2025 makes the CACD dismissal newly appealable. Appellant could not have earlier challenged CACD's reliance on the ex parte NYS documents because Appellant was never served with the proffers by the Federal Circuit or the SDNY.

CACD defendant Hinshaw & Culbertson's *ex parte* corruption by manufacturing and entering forged insertions into "ordered concealed" state files was found by the Appellate Division First Dept. in 2016 and then proven by the First Dept. production on

33

August 31, 2025. Supple himself was identified as a concealed First Dept. staff attorney. The manufactured forgeries were unserved and defamatory warranting special damages by the CACD. The documents were ordered concealed by the First Dept. Appellant such that they could not have discovered until 2025. Under the doctrine of fraud on the court, there is no time bar to vacating a judgment procured through forgery, *ex parte* communications, nonparty interference, and deprivation of notice.

## V.    JURISDICTION AND VENUE

A. The Federal Circuit has jurisdiction, power and authority to vacate the CACD dismissal order because:

The CACD lawsuit as filed and amended included strict liability willful infringement and contributory infringement claims under 35 USC §271 et seq., giving the Federal

34

Circuit exclusive appellate jurisdiction under 28 USC 1295(a)(1).

The RICO corruption claims against private infringer and attorney defendants violate federal and state statutes and are pendent to the patent infringement claims.

The CACD *sua sponte* dismissal was based on the Federal Circuit's own tainted transfer orders in defiance of its designated administrative duties that infected the entire record.

A court always has authority to correct its own due process violations and their downstream effects.

The instant appeal proves a multidistrict pattern of reliance on the same forged and unserved NYS documents that were submitted *ex parte* to multiple courts, never served and tainted the Federal Circuit's transfer orders to the 2d Circuit since 2018.

There has been proven a systemic due process failure by the district courts in NY and

35

California. A jurisdictional chain reaction has been caused by the Federal Circuit's original errors.

CACD defendants' fraud on the court by concealed RICO crimes with NYS court officers removes time bars and the newly discovered smoking gun evidence of Kerby's nonparty proffers is a proper basis for reopening all affected judgments.

Newly discovered continuing SDNY constitutional violations warrant an extension of time and require this court to accept this brief as within time. There can be no prejudice to defendants.

The CACD dismissal is therefore void, all defendants were duly served with process, and the entire lawsuit must be reinstated.

B. Defendants Live Nation Entertainment, Inc., Live Nation and Ticketmaster (collectively "LNE defendants") have their principal places of business in the Central District of California District and are subject

36

to suit in this district for RICO conspiracy
criminal fraud, unprivileged defamation,
antitrust violation, unfair competition,
instructing attorney in-court fraud and deceit,
and punitive damages. Venue is proper in this
district.

C. Defendants LNE, MLB and Phish are
infringing Appellant's ticketing management
patents in California.

D. The Federal Circuit's previous order
dismissing defendant MLBAM from this
appeal based on MLB's attorney's motion,
must be vacated. Appellant was denied her
constitutional right to file a third-party
infringement complaint against MLBAM by
the SDNY in November 2025 in the 24cv230
lawsuit brought by plaintiff Amron.

E. CACD defendants Hinshaw &
Culbertson, Baker Botts and Sheppard
Mullin, Richter and Hampton have offices in
the CACD district and are subject to suit in
this district for RICO violations, engaging in
fraudulent frivolous litigation, and attorney

37

in-court fraud and deceit. *Amalfitano v. Rosenberg*, 12 NY 3d 8 (2009); 533 F. 3d 117 (2d Cir. 2007).

F. The Cowan defendants paid Appellant's California bar dues when they sought an of counsel arrangement and requested that Appellant refer patent work from California clients. The Cowan firm did in fact  service several of Appellant's California patents clients without Appellant's knowledge or consent after copying her client lists. The Cowan defendants therefore continue to avail itself of the laws of California and are subject to suit in California.

## V.    BULLET RECAP - -NATIONAL IMPORT OF THIS APPEAL

Two hundred years ago, certain mandatory federal preemption concerns were behind Justice John Marshall's narrow construction of Eleventh Amendment immunity in *Cohens*

38

*v. Virginia*, 6 Wheat. 264, 5 Led. 257 (1821). As the Justice therein noted:

"*When there is a conflict between a state's interest and a federally protected right including a federal property right, it "would be hazarding too much to assert, that the judicatures of the States will be exempt from the prejudices by which the legislatures and people are influenced and will constitute perfectly impartial tribunals." Id.,* at 386, 5 L. Ed. 257 (1821)

The NYS OCA files including those circulated *ex parte* by Kerby to the Federal Circuit since 2018 must be ordered served on Appellant. If injunctive relief is not granted, the law will remain that any patent infringer can solicit the help of his state officers to harass, targeting, defraud, defame a patentee to prevent aborting the infringer's continuing use of patents without permission. This court should be interested in conserving resources in the interests of fundamental fairness and

39

judicial economy and see that this appeal is heard in entirety on the merits.

Appellant continued her pursuit of infringement hearings before the CACD but to date has been unsuccessful in violation of her constitutional rights. No order granting collateral estoppel or claim preclusion was ever properly entered by the court because no hearing on the merits was ever convened.

Appellant properly sued NYS agency heads before the NDNY to stop using Appellant's patents. Appellant also sued to compel the complete OCA files, and to join the chief judge of the NY Court of Claims to accept orders to adjudicate Appellant's damages claims against NYS for tortious interference, unjust enrichment and misappropriation of property. Because the State of New York has waived 11th Amendment immunity for these claims, the court's notice returning Appellant's claim must be vacated as a fundamental defiance of prevailing law.

40

The OCA files are properly ordered by mandamus under preempting federal law and *Ex parte Young*, 209 US 123 (1908). *Virginia Office of Protection and Advocacy v. Stewart*, 563 US 247 (2011)(Scalia, J.)

The Federal Circuit transfer orders to the Second Circuit since 2018 are tainted, void and must be vacated along with the subsequent CACD orders. A vacatur order would allow Appellant treble damages retroactive to 2010. If the transfer orders are not vacated, then Appellant will be limited to six years of relate back infringement damages before the CACD retroactive to the date the complaint was filed, i.e., June 5, 2023. [6]

---

[6] In December 2023, the SDNY clerk, Dionisio Figueroa, who deleted Appellant's 2010 infringement complaint from the SDNY docket was convicted of taking bribes for eighteen years in exchange for deleting docket entries.

41

The Federal Circuit will likely be petitioned to hear appeals to the USPTO Commissioner's APA violations now pending before the DC District Court.

However, the independent RICO corruption and bad act claims must be heard immediately on remand to the CACD to award treble damages and punitive damages to Appellant.

There are now two District of Columbia lawsuits pending – one for APA violations by USPTO officers and the second to enforce the DCD 2010 judgment and amended judgment. *Gurvey v. Live Nation Entertainment*, 25cv3257 (DCD); *Gurvey v. Commissioner of Patents*, 23cv3549. The "hold" that USPTO placed on all of Appellant's pending patent applications must be vacated by the Federal Circuit in this appeal.

In sum, the Federal Circuit must vacate the CACD *sua sponte* dismissal order, reinstate the California action, and vacate its

42

unconstitutional transfer orders to the Second Circuit since 2018.

The filing of the first Opening Brief contended to be late by two days cannot be prejudicial to defendants. The filing if late was excusable. It was due to entry of additional orders essentially relevant to this appeal in pending actions before the SDNY, NDNY and DC District Court. Appellant prays that her Opening Brief be accepted as within time.

## VI.   RELATED ACTIONS

Gurvey v. Live Nation Entertainment, Inc., 25cv3257 (DCD)

Gurvey v. Commissioner of Patents, 23cv3549 (DCD)

Gurvey v. Hon(s) Hochul, Letita James, OCA chief judge Joseph Zayas, Frank Hoare (NYS Thruway), Brian O'Dwyer NYS Gaming Commission, Kevin O'Toole (Port Authority of NY and NJ), et al, defendants, 24cv211

43

(NDNY 2024) Order to Show Cause pending on injunction scheduled January 2026.

Amron v. MLB Advanced Media, 24cv2930 (PAE)(RFT)(SDNY) -voluntarily withdrawn after Appellant's petition to intervene as of right was duly filed with a third-party infringement complaint.

US v. Live Nation Entertainment, 24cv3973 (AS)(SDNY) Appellant's motion to vacate the court's denial of petition to intervene as of right pending for reconsideration.

## VII.  CONSTITUTIONAL AND FEDERAL STATUTORY PROVISIONS INVOLVED

### Fifth Amendment

"No person shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for the public use without just compensation."

44

### Fourteenth Amendment

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

### Supremacy Clause

"The Constitution, and the Laws of the United States which shall be made in Pursuance thereof…shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or laws of any State to the Contrary notwithstanding.

### 42 USC §1985(3) Conspiracy to Interfere with Civil Rights

"If two or more persons in any State or Territory conspire for the purpose of depriving either directly or indirectly any person or class of persons of the equal protection of the law or

45

of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws, or if two or more persons conspire to prevent by force, intimidation or advocacy in any legal matter engage therein or cause to be done any act in furtherance of the object of a conspiracy whereby another is injured in his person or property or deprived of having and exercising any of a privilege of a citizen of the United State, the party so injured or deprived may have an action for the record of damages occasioned by such injury or deprivation against any one or more of the conspirators.

**ABA Rule 2.9 on *Ex parte Communications***

(A) A judge shall not initiate, permit or consider *ex parte* communications or consider other communications made to the judge outside the presence of the parties or other

46

lawyers, concerning a pending or impending matter.

(C) A judge shall not investigate facts in a matter independently and shall consider only the evidence presented and any facts that may properly be judicially noticed.

(D) A judge shall make reasonable efforts including providing appropriate supervision to ensure that this Rule is not violated by court staff, court officials and others subject to the judge's direction and control.

### New York's Waiver of Sovereign Immunity — Court of Claims Act § 8.

"The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations…" Because § 8 incorporates "the same rules of law as applied to actions in the supreme court against individuals or corporations", it imports all common-law torts recognized in New York. Tortious interference and unjust

47

enrichment are both standard New York common-law causes of action, so they fall squarely within the waiver.

## VIII. EXHIBITS

Gurvey CA Bar Admission and Certification of Good Standing

Gurvey US Patent 11403566 August 2, 2022

Gurvey US Patent D647910S November 1, 2011

Gurvey US Patent 7603321 October 13, 2009

US Copyright Registration TXu001265644

List of LIVE-Fi® US Trademark Applications

Cropped Patent list of pending patent applications removed *sua sponte* from the prosecution queue by the Commissioner of Patents.

48

Letter and Order reinstating Fed Circuit arising under appeals in 2018, 2020 and 2023 to the dockets 18-2076; 20-1620, 23-134

CACD Decisions and Orders, 23cv4381

Docket #85 NDNY Decision granting hearing on injunction based on production of First Dept. files

NDNY Decision and order granting hearing on order to show cause for January 2026

SDNY order denying intervention as of right. 24cv2930, 24cv3973.

Order NY Court of Appeals M587

Appellate Division First Dept. Order April 21, 2016

Orders returning Damage Complaints - NY Court of Claims

49

## IX. CONCLUSION

WHEREFORE, Appellant Amy R. Weissbrod Gurvey prays that the orders of the CACD and the unconstitutional transfer orders of the Federal Circuit be vacated and reversed in all respects and the district court actions reinstated in their entirety.

Dated: December 29, 2025
Princeton, NJ
Respectfully submitted,

/amyweissbrodgurvey/

AMY R. WEISSBROD-GURVEY,
CEO LIVE-Fi® TECHNOLOGY HOLDINGS
PATENTEE/APPELLANT PRO SE

50

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. Rule App. P. 32(a)(7)(C), I certify that this Petition pursuant to USSC Rule 21, complies with the typeface requirement of Fed. Rule. App. 32(a)(5)(A) because it is written in 14-point Century Schoolbook Font and with the type-volume limitation 5,785 words excluding the portions excluded under Fed. R. App. P. 32(a)(7)(iii). This Count feature is based on the word count feature of Microsoft Word.

/s/
amyweissbrodgurvey/

51

# CERTIFICATON OF SERVICE

Amy R. Weissbrod Gurvey, a US patentee, CEO of LIVE-Fi® Technology Holdings and attorney duly admitted to practice law in California certifies that on December 30, 2025 she served a true and accurate copy of Appellant's Opening Brief on the following:

US Court of Appeals Federal Circuit, Clerk's Office
717 Madison Pl NW, Washington, DC 20439

US District Court Central District of California
Chambers, Hon. Maame Ewusi-Mensah Frimpong
350 West 1st St. #8B Los Angeles, CA  90012

Sheppard Mullin Hampton and Richter
350 So. Grand Avenue
Los Angeles, CA 90071

Keker, VanNest & Peters
633 Battery Street
San Francisco, CA  94111-1809

Rosing Pott Strobehn
501 West Broadway
San Diego, CA 92101

NYS Attorney General
PO Box 341 Capitol Station
Albany, New York 12224-0341

AMY WEISSROD GURVEY

52