


**January 2, 2026**

BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York NY 10104 3300
T: +1 212 541 2000
F: +1 212 541 4630
bclplaw.com

Emmet P. Ong
Partner
emmet.ong@bclplaw.com

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

**FILED BY ECF**

***RE: United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS**

Dear Judge Subramanian:

We write on behalf of non-parties Minnesota Hockey Ventures Group, LP, Minnesota Wild Hockey Club, LP, and Saint Paul Arena Company, LLC (collectively, "Wild") in connection with the above-referenced matter to request that the Wild's Highly Confidential Information filed by Plaintiffs within an exhibit to their Letter Response to Defendants' Motion for Conference (ECF 814) ("Letter Opposition") remains under seal.

During discovery, the Wild produced materials and provided testimony concerning its internal, confidential business practices. Pursuant to the governing Amended Protective Order in this matter (ECF 347), the Wild designated certain documents within its productions, including MNWILD_000003968-69, as "Highly Confidential." Under the Amended Protective Order, "Highly Confidential Information" is defined to include "current or future non-public information regarding prices, costs, or margins" as well as "current or future non-public financial, marketing, or strategic business planning information." Am. Protective Order, ¶ 2(b), (c). The Amended Protective Order further specifies that when information greater than three years old "discloses current or future business practices or competitive strategies" such material may be considered Highly Confidential Information. Am. Protective Order, ¶ 2.

On December 29, 2025, Plaintiffs gave notice that an exhibit to their Letter Opposition included citations to MNWILD_000003968-69, which revealed some of the underlying Highly Confidential Information contained in those materials. These citations were provisionally redacted as follows on page five of the exhibit to the Letter Opposition:

> Defendants seek to redact documents from [REDACTED]. Rather than narrowly tailoring the redaction to redact only the dollar amount, Defendants propose broad redactions that prevent the public from knowing that [REDACTED].

Therefore, pursuant to the Court's Individual Practices, the Wild submits this letter "explaining the need to seal or redact the document." Individual Practices ¶ 11(C)(i). The Wild respectfully requests that the provisionally redacted text be kept under seal.

The Wild's request to seal these very limited lines within the Letter Opposition comports with the standards for sealing set forth by this Court and the Second Circuit. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public




access to the documents, and then balance any competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (internal citations omitted).

First and foremost, the substance of the Wild's information contained within the Letter Opposition bears little relevance to the issues being argued before the Court in the Letter Opposition, which discusses the proposed timeline and procedural process for preparing redactions to summary judgment and *Daubert* briefs. While the Wild will work with the parties to ensure that the protection of the Highly Confidential Information in those materials is "reasonable and razor-sharp", pursuant to the Court's December 30, 2025 order (ECF 817), this information is not relevant to *this* procedural dispute that is before the Court.

Moreover, the Wild's privacy interests, and the competitive harm that public disclosure would do to the Wild, weigh in favor of maintaining the redaction of the text within the Letter Opposition. The substance of the text within the Letter Opposition and the underlying MNWILD_000003968-69 contain categories of information commonly sealed, including "revenue information, pricing information, and the like." *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999). The Wild's role as a third-party also supports continuing to maintain these materials under seal. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (citations omitted). Indeed, the underlying documents contain extensive discussion of non-public, financial information. The Wild would suffer irreparable harm and serious competitive and commercial injury if its competitors or the public were given access to this highly confidential strategic information.

For the foregoing reasons, the Wild respectfully requests that this letter-motion be granted in its entirety and that the Wild's Highly Confidential Information in the Letter Opposition remains under seal.

Respectfully submitted,

*/s/ Emmet P. Ong*

**Emmet P. Ong**
Partner

cc: All counsel of record (via ECF)

Rebecca A. D. Nelson (rebecca.nelson@bclplaw.com)
Emilee Hargis (emilee.hargis@bclplaw.com)