January 5, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. in the above-referenced matter. We write on behalf of all parties to jointly propose a protocol for the sealing and redaction of certain exhibits—specifically, expert reports and deposition transcripts—associated with the parties' summary judgment and *Daubert* motions. We also jointly propose a process relating to the filing of redacted versions of the summary judgment and *Daubert* papers.

Pursuant to the Court's November 5, 2025 order (ECF No. 685), the parties have filed all ancillary papers relating to their summary judgment and *Daubert* motions entirely under seal. The parties' specific requests to redact or seal these papers will be filed by January 13, 2026, and any response supporting or opposing a party's proposed sealing or redactions will be filed by January 16, 2026.

***Expert Reports***. The parties filed seven different expert reports totaling over a thousand pages in connection with their summary judgment and *Daubert* briefing. These reports contain substantial amounts of information designated Confidential or Highly Confidential by non-parties. "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (alterations in original). Here, the expert reports in their entirety play a limited role and excerpts of the relevant portions are contained in the parties' briefs and supporting papers.

Given the significant burden that would be imposed on non-parties if they were required to identify and defend every piece of Confidential or Highly Confidential information in these reports, the limited role of the entirety of the expert reports, and the fact that these expert reports will not be admitted into evidence at trial, the parties jointly propose that, instead of requiring parties or non-parties to identify and defend the sealing of specific portions of the parties' expert reports, the expert reports be maintained entirely under seal.

***Deposition Transcripts***. The parties have attached dozens of deposition transcripts to their summary judgment and *Daubert* briefing. Pursuant to Rule 8(I) of the Court's Individual Practices, the parties filed complete transcripts even though, in most instances, they relied on small portions of those transcripts. To reduce the burden on non-parties, the parties jointly propose that

any pages of deposition transcripts that were <u>not</u> cited or relied upon by any party in their briefing will remain entirely under seal, and the only portions of the deposition transcripts that will be publicly filed (with redactions as applicable) are the transcript pages that contain testimony relied upon by the parties' summary judgment and *Daubert* motions or those that provide context to such relied-upon testimony (e.g., ensuring full questions and answers are included).[1] The remaining pages of the transcript will remain sealed and viewable only by the Court pursuant to Rule 8(I) of the Court's Individual Practices.

***Redacted Versions of Papers***.  Rule 11(c)(iii) of the Court's Individual Practices provides that a party seeking leave to file a document in redacted form shall "(1) publicly file on ECF and electronically relate to the letter-motion a copy of the document with the proposed redactions; and (2) file under seal on ECF (with the appropriate level of restriction) and electronically relate to the motion an unredacted copy of the document with the proposed redactions highlighted." Given the volume of papers at issue, the parties propose that, when they file their letter-motions seeking leave to file documents in redacted form on January 13, 2026, they will comply only with the second requirement (i.e., file under seal on ECF unredacted copies of the documents with the proposed redactions highlighted).[2] The parties further propose that, within seven days of the Court's ruling on the sealing and/or redaction requests relating to the summary judgment and *Daubert* papers, the parties will publicly file complete sets of their summary judgment and *Daubert* filings, redacting and/or maintaining under seal only the information that the Court has ordered to be maintained under seal.

We thank the Court for its attention to this matter.

*[signatures on following page]*

---

[1] For condensed deposition transcripts, the parties will redact in full any pages (i.e., any "quadrants" on the transcript page) that do not contain either relied-upon testimony or are needed for context.

[2] In line with the proposal above, the parties will file excerpts of the deposition transcripts (i.e., only the pages containing testimony cited to or relied upon by the parties' summary judgment and *Daubert* motions or those that provide context to such relied-upon testimony).

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| */s/ Alfred C. Pfeiffer* | */s/ Lauren A. Moskowitz* |

| | |
|---|---|
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>    *Co-Lead Trial Counsel*<br>David R. Marriott<br>    *Co-Lead Trial Counsel*<br>Timothy L. O'Mara (admitted *pro hac vice*)<br>Jennifer L. Giordano<br>Andrew M. Gass (admitted *pro hac vice*)<br>Kelly S. Fayne (admitted *pro hac vice*)<br>Lindsey S. Champlin (admitted *pro hac vice*)<br>Robin L. Gushman (admitted *pro hac vice*)<br><br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600<br><br>1271 Avenue of the Americas<br>New York, NY 10020<br>(212) 906-1200<br><br>555 11th Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br><br>Al.Pfeiffer@lw.com<br>David.Marriott@lw.com<br>Tim.O'Mara@lw.com<br>Jennifer.Giordano@lw.com<br>Andrew.Gass@lw.com<br>Kelly.Fayne@lw.com<br>Lindsey.Champlin@lw.com<br>Robin.Gushman@lw.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* | Lauren A. Moskowitz<br>Jesse M. Weiss<br>Nicole M. Peles<br><br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>(212) 474-1000<br><br>lmoskowitz@cravath.com<br>jweiss@cravath.com<br>npeles@cravath.com<br><br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* |

cc: All counsel of record (via ECF)