<u>VIA ECF</u>

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:** *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973

Dear Judge Subramanian:

    We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. Pursuant to Rules 11(B) and 11(C)(i)–(ii) of this Court's Individual Practices in Civil Cases and the Court's November 5, 2025 order (ECF No. 685) (the "Nov. 5 Order"), Defendants respectfully submit this letter-motion seeking leave to file specific requests to redact or seal portions of Defendants' summary judgment and *Daubert* briefing, and supporting declarations, exhibits, and Local Rule 56.1 statements (together, "Defendants' Sealing Materials").[1] A list of Defendants' sealing requests and the basis for those requests, by document, is set forth in Appendix A.[2]

    The Amended Protective Order (ECF No. 347) (the "PO") permits a producing party to designate materials that contain non-public, commercially sensitive information warranting protection from public disclosure. *See* ECF No. 347 ¶¶ 2–4. Defendants seek to redact or seal only those documents, or the portions thereof, whose disclosure could "cause material and significant competitive or commercial harm"; in particular, Defendants request the sealing of:

- **Contracts with Defendants' customers, and documents reflecting contract negotiating positions.** *See, e.g.*, ECF No. 691-18. These documents reflect "confidential contractual terms," which are protected under the PO and would reveal confidential and competitively sensitive information "likely to cause material and significant competitive or commercial harm." ECF No. 347 ¶ 2(f). *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (granting defendants' request to seal "customers' internal corporate documents"). For contracts that Defendants have confirmed are no longer operative,

---

[1] Pursuant to the Court's Nov. 5 Order, Defendants will, by January 16, 2026, file a letter responding to any letter-motion Plaintiffs file seeking leave to redact or seal portions of Plaintiffs' summary judgment and *Daubert* briefing, and supporting materials. ECF No. 685.

[2] Defendants submit concurrently herewith copies of Defendants' Sealing Materials highlighted to identify the specific redactions sought by Defendants and by third parties. Yellow highlighting reflects Defendants' proposed redactions, blue reflects third-party sealing requests, and pink reflects sealing requests by both. On January 5, 2026, the parties jointly sought relief from the Court to maintain under seal the expert reports cited in Defendants' summary judgment and *Daubert* briefings, and to limit their sealing requests to the specific pages of deposition transcripts cited in those filings. ECF No. 824. Although the Court has not yet ruled on that request, the materials included in this letter motion are consistent with the parties' January 5 request. Additionally, the parties jointly note that non-party positions received after 2:00 PM ET today (January 13, 2026) may not be reflected in the highlighted exhibits and ancillary documents filed under seal.

Defendants seek to seal only the financial terms reflected in the contract; for the remaining contracts at issue, Defendants request sealing of the contract in full.

- **Non-public pricing, cost, margin, and other financial information.** *See, e.g.*, ECF No. 691-3. These documents reflect "non-public pricing and cost information" and "current or future non-public information regarding prices, costs, or margins," which are protected under the PO, ECF No. 347 ¶ 2(c), (e), and which would cause Defendants competitive harm if disclosed by revealing confidential "pricing information" and "information concerning their trading strategies, objectives and transactions." *Dodona I*, 119 F. Supp. 3d at 156.

- **Board- and senior-management materials addressing strategy, competitive analysis, or business planning.** These materials reflect "current or future non-public financial, marketing, or strategic business planning information" and "evaluation of the strengths and vulnerabilities of product or service offerings," which are protected under the PO, ECF No. 347 ¶ 2(b), (e), and which would cause Defendants competitive harm if disclosed by revealing internal strategy and forward-looking plans. *See Dodona I*, 119 F. Supp. 3d at 156.

- **Internal presentations and communications regarding business strategy, research and development, acquisitions, and expansions**. These materials similarly reflect "current or future non public financial, marketing, or strategic business planning information" and "information relating to research, development, or plans for existing or proposed future acquisitions or expansions." ECF No. 347 ¶ 2(b), (d); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (sealing defendants' "internal analysis of the competitiveness of its practice groups"). *See*, *e.g.*, ECF No. 803-14.

- **Sensitive personal information.** These materials are limited portions of emails, presentations, or other documents that contain "sensitive personally identifiable information" and "any information of a personal or intimate nature regarding any individual," which are protected under the PO, ECF No. 347 ¶¶ 2(h), 3(d), and would risk undue embarrassment and harm if disclosed. *See Dodona I*, 119 F. Supp. 3d at 156 (sealing "sensitive personal information").

For the reasons set forth below, the information in Appendix A should remain sealed.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Competing interests include "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal citations omitted).

While materials filed in connection with a party's summary judgment motion are considered "judicial documents," competing considerations outweigh the presumption of public access as to Defendants' narrow sealing requests. The information implicated by Defendants' requests warrant at most a weak presumption of public access. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."

*Amodeo*, 71 F.3d at 1050.  That is the case here.  For instance, Defendants and Plaintiffs cite in their respective Local Rule 56.1 statements certain contracts as evidence of the basic fact that Live Nation or Ticketmaster has booking agreements or ticketing agreements (respectively) with certain venues, as to which the specific terms of the contract are unimportant.  *See, e.g.*, Defs.' Local Civil Rule 56.1 Statement (ECF No. 690) ¶ 1; Pls.' Resp. to Defs.' Local Civil Rule 56.1 Statement (ECF No. 759) ¶¶ 1, 13.  Defendants seek to keep under seal the specific terms and provisions of these contracts, which have "little bearing on whether the [] motion should be granted."  *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022).  Similarly, many of the documents included as exhibits to the parties' briefings are lengthy documents containing significant confidential information, yet only one or two statements are cited by the party in its briefing.  For example, Plaintiffs rely on a single page (out of 72) of Live Nation's March 2023 board meeting minutes for the proposition that "Defendants characterize and report on venues by type and capacity in their . . . Board of Director meetings."  ECF No. 763 ¶ 13.  The presumption of public access to the entirety of such a document is "low" given that the vast majority of it is not even relied upon for any contention in Plaintiffs' brief; "it is not necessary to dive into the minutiae" of highly sensitive board meeting minutes "[t]o understand whether triable issues exist" as to Plaintiffs' claims.  *See Mehta v. DLA Piper LLP*, No. 23 Civ. 4757, 2025 WL 2771659, at *13 (S.D.N.Y. Sept. 29, 2025).

By contrast, Defendants' privacy interests in the materials it seeks to seal or redact are substantial and far outweigh the minimal presumption of public access as to them.  Defendants' requests implicate active contracts, non-public pricing terms, strategic plans, and other competitively or commercially sensitive information that, if disclosed, could adversely affect Defendants' relationships with their current and prospective clients (in addition to personal email addresses and phone numbers that are irrelevant to this litigation).  Courts routinely permit sealing in such circumstances.  *See Oliver Wyman*, 282 F. Supp. 3d at 704–08 (finding that a party's privacy interests outweighed the presumption of public access where the disclosure of that information could harm the party's "ability to maintain its existing clients and attract new clients" or otherwise "harm a litigant's competitive standing"); *Dodona I*, 119 F. Supp. 3d at 156–57 (finding that a party's privacy interests overcame the presumption of public access where that party sought to seal "information concerning their trading strategies, objectives and transactions," including "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information.").  For these reasons, and for the reasons detailed in Appendix A, Defendants respectfully request that their information identified in Appendix A remain under seal.

Additionally, consistent with Section 11(C)(i) of this Court's Individual Practices and the Court's Nov. 5 Order, Defendants notified the third parties whose documents or testimony are cited in Defendants' Sealing Materials on November 21, 2025 and January 2, 2026, and requested their positions on the confidentiality of those materials.  For third parties who conveyed their positions, Defendants have reflected their sealing requests in Appendix A; for third parties who did not respond by Defendants' requested deadline, Defendants have, out of an abundance of caution, provided sealing requests for those third parties' materials in Appendix A.  Defendants understand that it is the obligation of these third parties to file letter-motions in support of those requests by January 16, 2026, if they wish for that material to remain under seal.  Defendants respectfully request leave to file a reply letter-motion by January 22, 2026, to any letter-motion submitted by third parties, if needed to challenge the third parties' bases for sealing.

Dated: January 13, 2026

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| *[signature]* | *[signature]* |
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>   *Co-Lead Trial Counsel*<br>David R. Marriott<br>   *Co-Lead Trial Counsel*<br>Andrew M. Gass (admitted *pro hac vice*)<br>Timothy L. O'Mara (admitted *pro hac vice*)<br>Jennifer L. Giordano<br>Kelly S. Fayne (admitted *pro hac vice*)<br>Lindsey S. Champlin (admitted *pro hac vice*)<br>Robin L. Gushman (admitted *pro hac vice*) | Lauren A. Moskowitz<br>Jesse M. Weiss<br>Nicole M. Peles<br><br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>(212) 474-1000<br><br>lmoskowitz@cravath.com<br>jweiss@cravath.com<br>npeles@cravath.com<br>*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* |

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

cc: All counsel of record (via ECF)