January 15, 2026

Vinson&Elkins

Marisa F. Antonelli mantonelli@velaw.com
**Tel** +1.212.237.0151 **Fax** +1.917.849.5396

**Submitted Via ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A, New York, NY 10007

Re: Request to Seal Confidential Information in *United States et al., v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973 (S.D.N.Y.)

Dear Judge Subramanian:

Pursuant to Rules 11(B) and 11(C)(i)–(iii) of the Court's Individual Practices in Civil Cases, WFI Stadium LLC ("Commanders"), a non-party in the above-referenced matter, respectfully requests that deposition testimony and Exhibits (collectively, "Materials") pertaining to the Commanders and cited in certain filings by Plaintiffs be redacted and/or remain under seal because they contain an innocent third party's sensitive commercial information and are only marginally relevant to the dispute.

On December 18, 2025, Plaintiffs notified the Commanders that the Materials were cited in or appended to Plaintiffs' summary judgment briefings and accompanying papers, including (i) Plaintiffs' Response to Defendants' Local Civil Rule 56.1 Statement in Support of Their Motion for Summary Judgment (*see* Dkt. No. 775) and (ii) Plaintiffs' (Corrected) Counterstatement of Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment (*see* Dkt. No. 774). The Materials include (i) excerpts of sworn deposition testimony provided by Jason Wright, the former President of the Commanders, (ii) confidential internal emails, and a contract between the Commanders and Defendants' competitors, *see* Commanders_DCOAG_016371, Pls.' Ex. 71; Commanders_DCOAG_016059, Pls.' Ex. 151; Commanders_DCOAG_012407, Pls.' Ex. 164, and (iii) a parenthetical quoting Pls. Ex. 71 in Paragraph 58 of Plaintiffs' (Corrected) Counterstatement of Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment (*see* Dkt. No. 774).

Requests to seal confidential materials are governed by the three-step framework set forth in *Lugosch v. Pyramid Co. of Onondaga*. 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court must decide whether the materials are "judicial documents . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (internal citations omitted). Next, if the materials are judicial documents, the common law presumption of public access attaches and the court must determine the weight to be given to the presumption by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal citations omitted). Finally, the court must balance the presumption of access against "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those

**Vinson & Elkins LLP Attorneys at Law**
Austin Dallas Denver Dubai Dublin Houston London
Los Angeles New York Richmond San Francisco Tokyo Washington

The Grace Building, 1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
**Tel** +1.212.237.0000 **Fax** +1.212.237.0100 velaw.com



resisting disclosure." *Id*. at 120 (internal citations omitted). Judicial documents may be sealed if the court determines that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal citations omitted). The Materials, which may be found to constitute judicial documents, warrant confidential treatment to protect an innocent third party's confidential business information that has little relevance to this litigation.

First, confidential treatment is warranted because the Materials contain the Commanders' sensitive commercial information. Even a strong presumption of access to judicial documents may be outweighed where disclosure of confidential business information would cause a significant competitive disadvantage, such as in future negotiations with competitors. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023); *see e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The deposition testimony contains three broad categories of sensitive commercial information: (1) financial details, including the Commanders' revenue growth strategies, primary and secondary business streams, and specific line items and their relative importance to the Commanders' overall finances; (2) negotiations with ticketers, including those involved here; and (3) the internal logistics of planning and coordinating various types of events, including concerts by specific artists. *See* Wright Dep. 136:11–138:19; 37:13–38:5; 39:9–19; Wright Dep. 138:20–141:5. Disclosure of the information in the deposition testimony would significantly disadvantage the Commanders because its competitors and counterparties in future negotiations, would gain access to information about the Commanders' finances, strategies, and internal logistics. For these reasons, the Commanders have consistently treated similar materials as private, confidential information, including by designating portions of this deposition transcript as Highly Confidential pursuant to the protective order in this litigation.

The three Exhibits would similarly pose a substantial likelihood of competitive harm to the Commanders if disclosed. Pls. Ex. 71 includes internal discussions about industry developments that were likely to impact the Commanders, while Pls. Ex. 151, an overview of then-forthcoming plans for 2022 and 2023, would reveal specific details about the Commanders' business strategies. *See* Commanders_DCOAG_016371; Commanders_DCOAG_016059. The Commanders' internal discussions require confidential treatment to prevent harm to the Commanders during future negotiations. Further, Pls. Ex. 164 is a binding contract between the Commanders and a competitor of parties to this litigation that clearly constitutes confidential business information, as its terms are confidential on their face. *See* Commanders_DCOAG_012407. Disclosure of the Commanders' confidential business information, which may be used by counterparties to the Commanders' detriment, would cause the exact type of competitive harm and disadvantage that courts in this circuit have been cautious to prevent.

Second, confidential treatment is justified here because of the Materials' limited relevance to this litigation. Courts are more likely to grant requests to seal and/or redact documents that are of limited "relevance to the performance of the judicial function." *Lugosch*, 453 F. 3d at 119

(internal citations omitted); *see also Keurig Antitrust Litig.*, 2023 WL 196134, at *4 (noting that the relevance of a document to "the dispute and by extension, to the public's understanding of the court's decision" is a factor in decisions to seal judicial documents); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (granting request to seal document that was "only marginally relevant to the claims asserted in this case"). The deposition testimony is only marginally relevant, and the proposed redactions would protect the details of a non-party's finances and business strategies from disclosure. *See* Wright Dep. 136:11–138:19; 37:13–38:5; 39:9–19; Wright Dep. 138:20–141:5. Similarly, Pls. Ex. 71 and 151, which contain internal discussions about industry-wide developments and the Commanders' plans for events in 2022 and 2023, would not help resolve the issues or help the public understand the court's decisions in this case. *See* Commanders_DCOAG_016371; Commanders_DCOAG_016059. Finally, the contract between the Commanders and another non-party, is only marginally relevant to the claims asserted in this case against Defendants. *See* Commanders_DCOAG_012407. Given the limited relevance of the Materials to this litigation, the deposition testimony should be redacted, and the Exhibits should remain under seal to protect the Commanders' confidential business information.

Third, confidential treatment of the Materials is especially necessary because the Commanders are an innocent third party in this litigation. The "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation . . . and are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)*; see, e.g., N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024). The Commanders are not a party to this litigation and are not alleged to have had any involvement in the conduct underlying the government's allegations.

Counsel for the Commanders has met and conferred with counsel for Plaintiffs, who do not oppose the Commanders' sealing requests. Accordingly, the Commanders respectfully request that the deposition testimony be redacted in part, the Exhibits remain under seal, and the parenthetical quoting Pls. Ex. 71 in Paragraph 58 of Plaintiffs' (Corrected) Counterstatement of Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment (*see* Dkt. No. 774) be redacted.

Respectfully submitted,

*/s/ Marisa F. Antonelli*
Marisa F. Antonelli