**Vinson&Elkins**

January 15, 2026

Marisa F. Antonelli  mantonelli@velaw.com
**Tel** +1.212.237.0151  **Fax** +1.917.849.5396

**Submitted Via ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A, New York, NY 10007

Re:   Request to Seal Confidential Information in *United States et al., v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973 (S.D.N.Y.)

Dear Judge Subramanian:

Pursuant to Rules 11(B) and 11(C)(i)–(iii) of the Court's Individual Practices in Civil Cases, WFI Stadium LLC ("Commanders"), a non-party in the above-referenced matter, respectfully requests that the deposition testimony and Exhibit (collectively, "Materials") pertaining to the Commanders and cited in certain filings by Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (collectively, "Defendants") be redacted and/or remain under seal because they contain an innocent third party's sensitive commercial information and are only marginally relevant to the dispute.

On November 21, 2025 and January 2, 2026, Defendants notified the Commanders that the Materials were cited in or appended to Defendants' summary judgment and *Daubert* briefings and accompanying papers, including (i) Defendants' Memorandum of Law in Support of Summary Judgment, Exhibit 142 (*see* Dkt. No. 696-21); (ii) Defendants' Memorandum of Law in Support of its Motion to Exclude Dr. Abrantes-Metz, Exhibit 6 (*see* Dkt. No. 722-6); and (iii) Defendants' 56.1 Response to Plaintiffs' Counterstatement of Material Facts, Exhibit 151 (*see* Dkt. Nos. 799, 803-6). The Materials include (i) excerpts of sworn deposition testimony provided by Jason Wright, the former President of the Commanders, (ii) a confidential contract between the Commanders and competitors of parties to this litigation, and (iii) internal discussions pertaining to that contract. *See* Commanders_DCOAG_002096, Wright Dep. Ex. JX-373.

Requests to seal confidential materials are governed by the three-step framework set forth in *Lugosch v. Pyramid Co. of Onondaga*. 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court must decide whether the materials are "judicial documents . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (internal citations omitted). Next, if the materials are judicial documents, the common law presumption of public access attaches and the court must determine the weight to be given to the presumption by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal citations omitted). Finally, the court must balance the presumption of access against "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal citations omitted). Judicial documents may be sealed if

**Vinson & Elkins LLP  Attorneys at Law**                                                    The Grace Building, 1114 Avenue of the Americas, 32nd Floor
Austin  Dallas  Denver  Dubai  Dublin  Houston  London                                       New York, NY 10036
Los Angeles  New York  Richmond  San Francisco  Tokyo  Washington                            **Tel** +1.212.237.0000  **Fax** +1.212.237.0100  velaw.com

the court determines that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal citations omitted). The Materials, which may be found to constitute judicial documents, warrant confidential treatment to protect an innocent third party's confidential business information that has little relevance to the dispute in this litigation.

First, the Materials require confidential treatment because they contain the Commanders' sensitive commercial information. Even a strong presumption of access to judicial documents may be outweighed where disclosure of confidential business information would cause a significant competitive disadvantage, such as in future negotiations with competitors. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023); *see e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting a request for confidential treatment of documents related to "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'"). The deposition testimony describes (1) ticketers' roles and responsibilities at the Commanders' events, including specific examples, as well as the Commanders' strategies and rationale for selecting certain ticketers and making other business decisions; (2) the Commanders' financial information, particularly related to revenue, including line items and differences in revenue by various ticketers; and (3) the details of prior negotiations between the Commanders and parties to this litigation. *See* Wright Dep. 22, 131–33; Wright Dep. 125–26, 226–27.

Disclosure of this confidential business information would significantly disadvantage the Commanders because it would reveal information about the Commanders' finances, business strategy, and prior negotiation strategies to competitors and counterparties. For these reasons, the Commanders have consistently treated similar materials as private, confidential information, including by designating portions of this deposition transcript as Highly Confidential pursuant to the protective order entered in this litigation.

The Exhibit, which is a contract between the Commanders and a competitor of parties to this litigation, clearly constitutes confidential business information, as its terms are confidential on their face and refer to a non-disclosure agreement. *See* Commanders_DCOAG_002096, Wright Dep. Ex. JX-373. Disclosure of this confidential business information could be used to the Commanders' disadvantage in future negotiations, causing the exact type of competitive harm and disadvantage that courts in this circuit have been cautious to prevent.

Second, confidential treatment is justified here because of the marginal relevance of the Materials to the dispute in this litigation. Courts are more likely to grant requests to seal and/or redact documents that are of limited "relevance to the performance of the judicial function." *Lugosch,* 453 F. 3d at 119 (internal citations omitted); *see also Keurig Antitrust Litig.*, 2023 WL 196134, at *4 (noting that the relevance of a document to "the dispute and by extension, to the public's understanding of the court's decision" is a factor in decisions to seal judicial documents);

*Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (granting request to seal document that was "only marginally relevant to the claims asserted in this case"). The deposition testimony is only marginally relevant to the resolution of the dispute at issue as it contains information specific and internal to the Commanders, a non-party, not to the entities involved in this litigation or the issues sought to be resolved. *See* Wright Dep. 22, 131–33; Wright Dep. 125–26, 226–27. Likewise, the Exhibit, an Exclusive Ticketing and Sponsorship Term Sheet entered into by the Commanders and a party to this litigation, is a highly confidential document that is only marginally relevant to the claims asserted here, in the sense that it would not help interested parties understand the court's decisions. *See* Commanders_DCOAG_002096, Wright Dep. Ex. JX-373. Given the limited relevance of the Materials to this litigation and the court's resolution of the claims at issue, the deposition testimony should be redacted, and the Exhibits should remain under seal to protect the Commanders' confidential business information.

Third, confidential treatment of the Materials is especially necessary because the Commanders are an innocent third party in this litigation. The "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation . . . and are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)*; see, e.g., N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024) (reasoning that the privacy interests of an innocent third party outweighed the presumption of access to materials about the party's "identity, the terms of financial negotiations, contracts, . . . [and] commercial relations"). The Commanders are not a party to this litigation and are not alleged to have had any involvement in the conduct underlying the government's allegations.

Counsel for the Commanders has met and conferred with counsel for Defendants, who do not oppose the Commanders' sealing request at this time. Accordingly, the Commanders respectfully request that the deposition testimony be redacted in full and the Exhibit remain under seal.

Respectfully submitted,

*/s/ Marisa F. Antonelli*
Marisa F. Antonelli