

Seema Rambaran
Phone: (212) 980-7237
seema.rambaran@saul.com
www.saul.com

January 15, 2026

**Filed via PACER**

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

    Re:    *United States et al. v. Live Nation Entertainment, Inc., et al.*
            Case Number 24-CV-3973 (AS)

Dear Judge Subramanian:

    We serve as legal counsel for the non-party University of Minnesota ("University") in connection with the above-referenced matter. We write, consistent with the Court's Order, dated December 30, 2025 (ECF No. 817), to request that certain highly confidential information produced by the University to the Department of Justice (DOJ), that has now become part of the record, remain under seal.

    In response to Civil Investigation Demands from the DOJ, the University produced nearly 200 pages of documents. Some of the documents included information designated by the University as "Highly Confidential" as that term is defined in the Protective Order entered in this matter (ECF No. 213). The University was subsequently informed by the parties that one of the documents, Bates stamped UMN 000125-31, had become part of the court record. The parties filed it under seal. However, the University understands the Court now intends to unseal the filing absent a showing that it should remain protected from disclosure.

    UMN 000125-31 is a string of email communications between the University and Live Nations that include negotiations over the terms and conditions of a contract for the University to host a concert by the recording artist Beyonce at Huntington Bank Stadium, the University's football stadium. The emails include two categories of "Highly Confidential" information.

1270 Avenue of the Americas, Suite 2800 ♦ New York, NY 10020 ♦ Phone: (212) 980-7200 ♦ Fax: (212) 980-7292

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

57058202.1

January 15, 2026
Page 2

**Category 1: Financial Terms.**[1] The email communications include specific pricing details, reveal strategic information about which categories of revenue the University is willing to negotiate, and reflect the terms the University might accept in order to attract an event to Huntington Bank Stadium. The University considers this information to be proprietary and takes active steps to protect the information from public disclosure. If this information were publicly available to the operators of competing venues, those operators would gain a significant unfair competitive advantage in negotiations, and the University would suffer serious competitive and commercial injury.

**Category 2: Ticketing.**[2] The email communications include information and discussion about the University's contracted ticketing provider. Again, the University considers information like this to be proprietary and takes active steps to protect it. If this information were publicly available, it would potentially damage the University's relationship with that provider. It would also reveal the University's strategies and positions around the ticketing and marketing of events, which would once again place the University at a significant disadvantage in future negotiations.

The University does not ask that all of UMN 000125-31 remain under seal. Instead, the University has provided to the parties a version of the document with the highly confidential portions redacted. The University also includes the redacted version of the document to this letter as an Exhibit.

- **Category 1: Financial Terms.** Redactions at the top and bottom of UMN 000125, as well as the redactions on UMN 000126
- **Category 2: Ticketing.** Single redaction in the middle of UMN 000125, and the redactions on UMN 000127-128.

The University notes that the redactions represent only a portion of the document, and that the majority of the document remains unredacted.

In *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2nd Cir. 2006), the U.S. Court of Appeals for the Second Circuit adopted a three-part test for determining whether court documents should be sealed. The first question is whether the document is a "judicial document subject to the right of public access." 435 F.3d at 119 (citation omitted). If so, the court must determine the weight of the presumption of public access based upon "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. (citation omitted). Finally, the court must "balance competing considerations against [the presumption of access]" including "the privacy interests of those resisting disclosure." *Id*. at 120 (citations omitted).

---

[1] *See* ECF No. 213, Protective Order, Par. 2b and 2f ("Highly Confidential is defined as…(b) current or future non-public financial, marketing, or strategic business planning information…(f) confidential contractual terms, proposed contractual terms, or negotiating positions…").
[2] *See* ECF No. 213, Protective Order, Par. 2f.

January 15, 2026
Page 3

      The University concedes that UMN 000125-31 is a judicial document. However, it does not appear from the record that redaction of the highly confidential information at issue would play a significant role in the Court's evaluation of the matter, nor would the redaction impact the public's ability to monitor the federal courts. By contrast, the University has a significant interest in preserving the confidentiality of the highly confidential redacted information, and would suffer significant competitive and commercial harm if it is made public. As such, the application of the three-part test weighs in favor of protecting the information described herein from disclosure. The University's status as a non-party also weighs in favor of confidentiality. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2nd Cir. 1995) ("[T]he privacy interests of innocent third parties … should weigh heavily in a court's balancing equation.") (citations omitted).

      For these reasons, the University respectfully requests that the redacted portions of UMN 000125-31 remain under seal.

      Respectfully submitted,

      */s/ Seema Rambaran*
      Seema Rambaran, Esq.

Attch.

57058202.1