

Eugene D. Kublanovsky, Esq.
eugene@edklaw.com

January 16, 2026

**VIA ECF**

Honorable Arun Subramanian
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

      **Re:** ***United States et al. v. Live Nation Entertainment, Inc., et al.***, **No. 1:24-cv-03973**

Dear Judge Subramanian:

      We represent non-party Tennessee Football, LLC (the Titans). Under the Court's November 5, 2025 Order (ECF 685), the Titans file this letter motion respectfully requesting that Exhibit 165 to the Declaration of Michael G. McLellan filed in opposition to defendants Live Nation Entertainment, Inc. and Ticketmaster LLC's motion for summary judgment (ECF 760-5) remain under seal.

      The Titans produced Exhibit 165, an Exclusive Ticketing and Sponsorship Term Sheet between the Titans and non-party SeatGeek, Inc., in response to a subpoena issued by the United States. The Amended Protective Order (ECF 347) permits a producing party like the Titans to designate materials that contain non-public, commercially sensitive information warranting protection from public disclosure. *See* ECF 347 ¶¶ 2–4. Because Exhibit 165 includes "confidential contractual terms" and public disclosure would reveal confidential and competitively sensitive information "likely to cause material and significant competitive or commercial harm," ECF No. 347 ¶ 2(f), the Titans designated Exhibit 165 "Highly Confidential" under the Protective Order.

      "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). First, courts assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*,

Honorable Arun Subramanian
January 16, 2026
Page 2

529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Competing interests include "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal citations omitted).

Although materials filed in connection with a party's summary judgment motion are considered "judicial documents," competing considerations outweigh the presumption of public access to Exhibit 165. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050. Here, the document the Titans request be maintained under seal warrants at most a weak presumption of public access. Exhibit 165 is a lengthy document containing a significant amount of confidential information. Yet Plaintiffs cite only one provision on only one of its 17 pages (TFL_000382) in support of a single sentence in their Counterstatement of Material Facts in Support of Opposition to Defendants' Motion for Summary Judgment (ECF 763 ¶ 74; *see also* ECF 777 (Pls.' Corrected Mem. of Law in Opp'n to Defs.' Mot. for Summary J.) at 8). The Titans seek to keep under seal the many specific terms and provisions of Exhibit 165, which have "little bearing on whether the [ ] motion should be granted." *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022). The presumption of public access to the entirety of such a document is "low" given that Plaintiffs do not rely on most of it in their filings, which themselves demonstrate that "it is not necessary to dive into the minutiae" of this particular contract "[t]o understand whether triable issues exist." *See Mehta v. DLA Piper LLP*, No. 23 Civ. 4757, 2025 WL 2771659, at *13 (S.D.N.Y. Sept. 29, 2025).

On the other hand, the Titans' privacy interests in the document they seek to seal are substantial and far outweigh the minimal presumption of public access. The Titans request sealing of an active contract including non-public pricing terms and other competitively and commercially sensitive information that, if disclosed, could adversely affect the Titans' relationships with their current and prospective clients and business partners. Courts routinely permit sealing in such circumstances. *See ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, No. 24 MISC. 177 (LGS), 2024 WL 1702383, at *2 (S.D.N.Y. Apr. 18, 2024) (granting motion to seal "the parties' contract, which contains sensitive terms and conditions and pricing information"); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 704–08 (S.D.N.Y. 2017) (finding that a party's privacy interests outweighed the presumption of public access where the disclosure of that information could harm the party's "ability to maintain its existing clients and attract new clients" or otherwise "harm a litigant's competitive standing"). For these reasons, the Titans respectfully request that Exhibit 165 remain under seal.

                                                Respectfully submitted,

                                                /s/ Eugene D. Kublanovsky
                                                Eugene D. Kublanovsky
                                                KUBLANOVSKY LAW LLC
                                                10 East 39th Street, 12th Floor
                                                New York, New York 10016

Honorable Arun Subramanian
January 16, 2026
Page 3

Tel: (212) 729-4707
Email: eugene@edklaw.com

Joshua Counts Cumby
Tennessee BPR No. 037949
ADAMS & REESE LLP
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Tel: (615) 259-1450
Email: joshua.cumby@arlaw.com

*Attorneys for Non-Party Tennessee Football, LLC*