

111 East Wacker, Suite 2600
Chicago, IL 60601
Tel: 312.527.4000 | Fax: 312.527.4011
taftlaw.com

**Peter E. Deegan, Jr.**
Direct Dial: (312) 836-4052
Direct Fax: (312) 754-2382
E-Mail: pdeegan@taftlaw.com

Reference No.
110812-00001

January 16, 2026

The Honorable Arun Subramanian
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl St., Courtroom 15A
New York, NY 10007

> RE:    ***United States et al. v. Live Nation Entertainment, Inc., et al.***
>         **SDNY Case No. 1:24-cv-03973-AS-SLC**

Dear Judge Subramanian:

We represent Non-Party 313 Presents, LLC ("313 Presents") in connection with the above-referenced matter. Pursuant to Rules 11(B) of this Court's Individual Practices in Civil Cases and pursuant to the Court's November 5, 2025 Order (Dkt. 685), we respectfully request that certain information produced by and originating from 313 Presents and designated in discovery as Highly Confidential or Confidential pursuant to the Amended Protective Order (Dkt. 347) remain under seal, as outlined in Appendix A.

There is a common law and First Amendment right of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Accordingly, judicial documents may be sealed when "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). To do so, the court must determine: (1) whether the document subject to sealing qualified as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or high values outweigh the right of public access to that judicial document. *Lugosch*, 435 F.3d at 119-20.

A "judicial document" is material that is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.2d 141, 145 (2d Cir. 1995) ("Amodeo I"). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers…" *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Once a judicial document is deemed relevant, the appropriate weight to be given is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such

The Honorable Arun Subramanian
January 16, 2026
Page 2

information to those monitoring the federal courts." *Id*. Lastly, the court must consider whether countervailing factors or higher values dictate that the document at issue should be sealed. *Lugosch*, 435 F.3d at 120. Established factors and values that can outweigh the presumption of public access include business secrecy, *see United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Amodeo II") ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts…"), and privacy interests, see *id*. ("The court also considers 'the privacy interests of those resisting disclosure.' Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." (citations omitted)). The Second Circuit has previously held that "[t]he privacy interests of innocent third parties…should weigh heavily in a court's balancing equation." *In re New York Times Co*., 828 F.2d at 116.

The documents Non-Party 313 Presents requests to remain sealed were all designated in discovery as either (1) "Highly Confidential" because they contain "current or future non-public financial, marketing, or strategic business planning information," "confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Defendants or competitors or customers of Defendants," or "discloses current or future business practices or competitive strategies" (*see* Am. Protective Order, ¶¶ 2(b), 2(f)); or (2) "Confidential" because they contain "previously non-publicly disclosed financial information" and "previously non-publicly disclosed business plans, product development information, or marketing plans." *See* Am. Protective Order, ¶¶ 3(a), 3(c). 313 Presents was compelled to produce these documents in this case, and they contain some of the most competitively sensitive information in 313 Presents' confidential business files. While the Court is best equipped to evaluate the importance of the documents and information at issue to its exercise of judicial authority, "[t]he privacy interests of [313 Presents]…should weigh heavily in a court's balancing equation." *In re New York Times Co.*, 828 F.2d at 116.

Public disclosure of the documents and information at issue would result in clearly defined and very serious injury to 313 Presents. *See United States v. International Business Machines Corporation*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975). The documents at issue include a confidential agreement with Defendant that includes, and therefore identifies, contract terms that were ultimately most important to 313 Presents and govern certain of its business activities. *See* 313-DOJ-00000001. Public disclosure of such terms would undercut 313 Presents' competitive strategies relating to the subject matters of the agreement. It would also result in all would-be competitors and future business partners having a roadmap to 313 Presents' confidential business strategy at the time of any future negotiation in any related context.

Other documents at issue are entirely internal to 313 Presents and detail 313 Presents' confidential internal strategy and goals going into highly competitive negotiations for business-critical relationships. These documents also include 313 Presents' internal impressions and evaluations of potential contract terms and competing bids. *See* 313PresentsLLC_00001523 and 313PresentsLLC_00008800. Public disclosure of such information would severely undermine 313 Presents' ability to fairly negotiate similar business relationships in the future.

The Honorable Arun Subramanian
January 16, 2026
Page 3

Finally, the documents at issue include excerpts from the compelled deposition testimony of 313 Presents' current President. *See* Howard Handler's Deposition Transcript, pages 26, 29, 51, 83-85, 88-89, 167-168.  In these excerpts, compelled and under oath, the President discusses his thoughts, impressions, and 313 Presents' strategic approach to several business-critical relationships. Public disclosure of such information would result in all current and potential business partners and competitors knowing precisely how 313 Presents could be expected to approach and evaluate related business relationships and would cause 313 Presents a dire and wide-ranging strategic disadvantage.

For the forgoing reasons, Non-Party 313 Presents respectfully requests that the Court give due regard to 313 Presents' rights and interests and grant this letter-motion in its entirety.

Very truly yours,

TAFT STETTINIUS & HOLLISTER LLP

Peter E. Deegan, Jr.
[*Pro Hac Vice* admission forthcoming]

/s/ *A. Christopher Brown*
A. Christopher Brown

Carly A. Chocron
[*Pro Hac Vice* admission forthcoming]

PED:CB:CAC