# MUNGER, TOLLES & OLSON LLP
601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

January 16, 2026

Writer's Direct Contact
(213) 683-9526
sidney.eisner@mto.com

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC, LAFC's Letter Motion to Seal Certain Portions of the Deposition Transcript of Larry Freedman

Dear Hon. Arun Subramanian:

Non-party Los Angeles Football Club ("LAFC") respectfully submits this letter motion, pursuant to Rules 11(B)-(C)(i) of the Court's Individual Practices in Civil Cases, requesting that limited portions of the deposition transcript of Larry Freedman, Co-President of LAFC, filed in support of Defendants' motion for summary judgment, remain under seal. *See* Defs.' Mem. of Law in Supp. of Summ. J., Ex. 102 (Dkt. No. 695-29). Specifically, LAFC seeks to maintain under seal page 61, lines 1–3; and page 62, lines 3–5 and 14–24.[1]

Sealing is warranted under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The excerpts at issue contain sensitive, non-public information concerning LAFC's business relationship with SeatGeek. Public disclosure would cause LAFC specific and concrete harm by undermining LAFC's competitive standing and reputation in the marketplace and by risking violations of a privately negotiated settlement agreement governing the relationship between LAFC and SeatGeek. *See, e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023); *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 1:21-CV-11003-LTS, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting a sealing request where "disclosure of this confidential business information would subject [movant] to a competitive disadvantage").

The requested sealing is also narrowly tailored and preserves the public's interest in access to judicial records. *KeyBank Nat'l Assn. v. Element Transp. LLC*, 2017 WL 384875, at *3

---

[1] On January 6, 2026, LAFC informed the Parties of its position regarding sealing and its proposed redactions. On January 13, 2026, the parties incorporated LAFC's sealing requests into their specific requests to redact or seal materials submitted in connection with their summary judgment and *Daubert* papers.

MUNGER, TOLLES & OLSON LLP

January 16, 2026
Page 2

(S.D.N.Y. Jan. 26, 2017) (granting motion to seal where the movant "narrowly tailored [its] redactions, strictly limiting them to the portion of the [document] containing [confidential] information").  LAFC seeks to seal only a small number of lines that contain the confidential information described above.

Accordingly, LAFC respectfully requests that page 61, lines 1–3, and page 62, lines 3–5 and 14–24 of Mr. Freedman's deposition transcript remain under seal.

Very truly yours,

*/s/ Sidney Eisner*

Sidney Eisner (No. 582231)
Jonathan Kravis (*pro hac vice* forthcoming)
*Attorneys for Los Angeles Football Club*