SULLIVAN & CROMWELL LLP

*1700 New York Avenue, N.W.*

*Suite 700*

*Washington, D.C. 20006-5215*

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

NEW YORK • LOS ANGELES • PALO ALTO

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

January 16, 2026

*Via ECF*

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re:    *United States et al.* v. *Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS; Letter Motion to Seal Non-Party Arena's Confidential Material

Dear Judge Subramanian:

I write on behalf of non-party Arena Operations, LLC, the operator of State Farm Arena in Atlanta, Georgia ("State Farm Arena"). Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and the Court's November 5, 2025 order (ECF No. 685), State Farm Arena respectfully submits this letter motion seeking the Court's approval to seal certain confidential documents produced by State Farm Arena in the above-captioned action. Plaintiffs notified State Farm Arena that Plaintiffs filed under seal in connection with Plaintiffs' opposition to Defendants' summary judgment motion and *Daubert* filings, two documents produced by State Farm Arena. For the reasons explained below, State Farm Arena requests that (i) the names and personal contact information in the email message produced as ATL-DOJ-00045764 (Pls. Ex. 72, ECF 763) be redacted; and (ii) the Event Incentive Agreement dated November 18, 2016 between Live Nation and State Farm Arena produced as ATL-DOJ-00000001 (Pls. Ex. 79, ECF 759) remain under seal. State Farm Arena's sealing request is narrowly tailored and overcomes the presumption in favor of public access. *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

## I.    Legal Standard

While there is a general presumption in favor of public access to judicial documents, documents may be sealed or redacted where "sealing is necessary to preserve higher values" and "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial

document." *Sec. & Exch. Comm'n* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at \*1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-120).

A presumption of access may be outweighed by a party's interest in protecting personal contact information, including "email address[es], phone number[s], physical address[es], and similar contact information" due to "privacy interests," especially if the personal contact information is unrelated to the issues in the case. *Fairstein* v. *Netflix, Inc.*, 2023 WL 6164293, at \*3 (S.D.N.Y. Sept. 21, 2023). A presumption of access can similarly be outweighed by a party's interest in "protecting confidential business information" from disclosure that would subject it to "financial harm" or a "significant competitive advantage." *Standard Inv. Chartered, Inc.* v. *Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also U.S.* v. *Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts"). Of particular relevance to State Farm Arena's request here, documents containing "information revealing the terms of contracts or the content of such confidential negotiations are among those th[e] Court routinely recognizes as justifying protection from the public view when used in litigation." *Capri Sun GmbH* v. *Am. Bev. Corp.*, 2021 U.S. Dist. LEXIS 121094, at \*4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd.* v. *Flambeau, Inc.*, 2021 WL 1085338, at \*1 (S.D.N.Y. Mar. 22, 2021) (protecting contractual terms because disclosure could "harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements"). .

These countervaling factors are given even greater weight where, as here, a non-party's confidential information and privacy interests are at stake. *See, e.g.*, *Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Fairstein*, 2023 WL 6164293, at \*3 (permitting redaction of the "names of individual non-party recipients and senders" from email communication); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third-party internal pricing strategies and competitive data).

II.    **The Court Should Maintain Under Seal Personal Contact Information and State Farm Arena's Confidential Business Information.**

Plaintiffs filed two State Farm Arena documents: (i) ATL-DOJ-00045764 (which attaches ATL-DOJ-00045765); and (ii) ATL-DOJ-00000001. For the reasons provided below, State Farm Arena respectfully requests the redaction of ATL-DOJ-00045764 and that ATL-DOJ-00000001 remain entirely under seal.

ATL-DOJ-00045764 is an internal email message between State Farm Arena employees, commenting on a *New York Times* article attached to the message (ATL-DOJ-00045765). To preserve the privacy interests of these non-party senders and recipients, State Farm Arena requests the redaction of the named State Farm Arena employees as well as the personal cell phone number of one of those employees displayed in the document.

State Farm Arena does not object to the unsealing of the substantive text of the email or the attachment to the email.

ATL-DOJ-00000001 is the Event Incentive Agreement between State Farm Arena and Live Nation, dated November 18, 2016. State Farm Arena and Live Nation have amended and extended this agreement multiple times on substantially similar terms, and the terms of the agreement are the basis of another extension to the agreement that State Farm Arena and Live Nation are in the process of negotiating and finalizing. This agreement provides certain incentives to Live Nation to book concerts, comedy events, and other entertainment events at State Farm Arena, and sets forth additional terms with respect to such events. Public disclosure of this agreement would harm State Farm Arena by enabling venues that compete with State Farm Arena to book events to understand the confidential terms of State Farm Arena's relationship with Live Nation. It would also give third parties, including content promoters, an unfair advantage in negotiations with State Farm Arena, as they could leverage their knowledge of State Farm Arena's agreement with Live Nation to their advantage.

Further, while materials provided in support of a summary judgment motion qualify as judicial documents, the weight of the presumption in favor of public access should be low with respect to these documents, as the precise identities of the State Farm Arena employees and the terms of State Farm Arena's agreement with Live Nation should have little bearing, if any, on the Court's analysis of Defendants' motion for summary judgment. *See Graczyk* v. *Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (where information has "no bearing" on Court's resolution of motion the "presumption in favor of public access is low").

State Farm Arena respectfully requests that the documents identified above remain under seal.

Respectfully submitted,

*/s/ Samantha F. Hynes*
Samantha Hynes (admitted *pro hac vice*)
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215
T: (202) 956-7500
hyness@sullcrom.com

*Counsel for non-party Arena Operations, LLC*

cc:    All Counsel of Record (via ECF)