

January 16, 2026

**Nicole H. Sprinzen**
Direct Phone   202-471-3451
Direct Fax      202-499-2941
nsprinzen@cozen.com

**VIA ECF**

The Honorable Arun Subramanian
U.S. District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc., et al*.; 1:24-cv-03973-AS-SLC
      Request to Seal Exhibit of Non-Party It's My Party, Inc. in Plaintiffs' Opposition
      to Defendants' Motion for Summary Judgment

Dear Judge Subramanian:

We represent non-party It's My Party, Inc. ("I.M.P.") in the above-referenced matter and submit this letter motion in support of sealing Plaintiffs' Exhibit 298 (ECF No. 757-38). In accordance with your Individual Practices in Civil Cases (¶ 11), counsel for I.M.P. participated in a meet and confer with counsel for the parties on January 8, 2026, and Plaintiffs do not oppose I.M.P.'s sealing request.

I.M.P. produced materials and provided testimony during discovery in this case concerning its internal, confidential business practices and confidential non-public financial information. Pursuant to the Amended Protective Order (ECF No. 347), I.M.P. designated, among other documents and deposition testimony, a 2019 I.M.P. term sheet between I.M.P. and Live Nation, stamped IMP_SUB-0209565 to –570, as "Confidential." Per the Amended Protective Order, Confidential information includes "previously non-publicly disclosed financial information" and "previously non-publicly disclosed business plans." ECF No. 347, ¶ 3(a), (c).

By their December 18, 2025 letter, Plaintiffs advised I.M.P. that the 2019 I.M.P. term sheet was (1) included as an exhibit to their opposition to Defendants' Motion for Summary Judgment, as Plaintiffs' Exhibit 298 (ECF No. 757-38), and (2) described at a high level in Plaintiffs' (Corrected) Counterstatement of Material Facts (ECF No. 774).

I.M.P. is mindful of the Court's directive to be reasonable and precise in seeking sealing or redactions. ECF No. 817. To that end, I.M.P. is <u>not</u> seeking to redact the textual sentence identified in the (Corrected) Counterstatement of Material Facts associated with Plaintiffs' Exhibit 298.[1]  Instead, it only seeks sealing of the term sheet comprising Plaintiffs' Exhibit 298

---

[1] Select deposition testimony of an I.M.P. executive (that had been initially designated confidential pursuant to the Amended Protective Order) was also noticed by both Plaintiffs and Defendants as included in the summary judgment and *Daubert* briefing, but I.M.P. is not seeking to redact or seal the relevant deposition transcript pages for such noticed testimony.

2001 M Street NW   Suite 500  Washington, DC 20036
202.912.4800     800.540.1355     202.861.1905 Fax     cozen.com

The Honorable Arun Subramanian
January 16, 2026
Page 2

itself. Per Plaintiffs' January 13, 2026 letter to the Court, Defendants also request that Plaintiffs' Exhibit 298 be sealed in full. ECF No. 849 at 3.

I.M.P. is a promoter and venue operator for live events—primarily concerts—in the Washington, D.C., Maryland and Virginia ("DMV") market. I.M.P. generally promotes shows at its own venues in D.C. and Maryland, but occasionally serves as a promoter for a different venue in the DMV area. The 2019 I.M.P. term sheet directly pertains to current and future business practices and competitive strategies. Although the document is dated from 2019, it remains relevant to I.M.P.'s current and future business practices because I.M.P. continues to have relationships with Live Nation and Ticketmaster. Information contained therein, such as the term of the agreement and financial and operational terms relating to that agreement, is competitively sensitive and relates to the manner in which I.M.P. competes against nearby venues and how it negotiates with talent to perform at its venues. The competitive harm that would result from public disclosure of those terms weighs in favor of maintaining this limited document under seal.

I.M.P.'s sealing request satisfies the Second Circuit's three-step process for sealing: determination of (1) whether the documents at issue are "judicial documents" relevant to performance of a judicial function; (2) the weight of presumption for public access; and (3) the competing considerations against public access. *See Lugosch v. Pyramid Co. of Anondaga*, 435 F.3d 110 (2d Cir. 2006). Although the exhibit was submitted in conjunction with a summary judgment motion, *id.* at 121; *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016), considerations concerning the non-public and competitively sensitive nature of the document favor I.M.P.'s limited sealing request, despite the presumption for public access. Further, because I.M.P. is a non-party to this action and the information at issue pertains to I.M.P., the "privacy interests of innocent third parties" are to "weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Based on Plaintiffs' substantive arguments around Plaintiffs' Exhibit 298, Plaintiffs appear to cite the 2019 I.M.P. term sheet as evidence of the existence of booking or ticketing agreements between Defendants and I.M.P. venues. However, the fact that agreements exist does not necessitate the public release of the specific terms of the contract, which are of limited import here.  *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (authorizing redactions involving third-party "trading strategies, objectives and transactions"). Given the limited relevance of this document to the pending motion and I.M.P.'s privacy and competitive interests as a non-party, the balancing of considerations supports sealing of this document. Despite the presumption of access, courts have found that the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage may be an interest meriting sealing." *In re Keurig Green Mtn Single-Serve Coffee Antitrust Litig.*, No. 14-MC_2543 (VSB), 2023 WL 196134, at *3 (Jan. 17, 2023) (internal quotation marks omitted) (citing cases permitting sealing). The term sheet at issue was specifically negotiated and is not a "form contract" document. As such, the structure of the term sheet, which remains in effect in I.M.P.'s business practice, is specific to non-party I.M.P. and its business strategy. Public disclosure of those terms could harm I.M.P. by influencing the strategies and negotiations of other nearby venue operators in negotiations with Defendants or other providers.

For the foregoing reasons, I.M.P. respectfully requests that Plaintiffs' Exhibit 298 (ECF No. 757-38) remain under seal.

The Honorable Arun Subramanian
January 16, 2026
Page 3

We thank the Court for its attention to this matter.

Sincerely,

COZEN O'CONNOR

*/s/ Nicole H. Sprinzen*

By:    Nicole H. Sprinzen, *admitted pro hac vice*