

**Audrey van Duyn**

Axinn, Veltrop & Harkrider LLP
630 5th Avenue
New York, NY  10111
212.784.5438
avanduyn@axinn.com

January 16, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**    *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS-SLC**

Dear Judge Subramanian:

We represent Brandon ("Randy") Phillips ("Mr. Phillips"), a non-party to the above-referenced action. Mr. Phillips respectfully requests that his Highly Confidential Information filed by the Parties be redacted.

The Amended Protective Order (ECF No. 347) defines Highly Confidential Information as "current or future non-public information regarding prices, costs, or margins" as well as "current or future non-public financial, marketing, or strategic business planning information." Am. Protective Order, ¶ 2(b), (c). The Amended Protective Order further specifies that when information greater than three years old "discloses current or future business practices or competitive strategies" such material may be considered Highly Confidential Information. Am. Protective Order, ¶ 2.

On November 21, 2025, Defendants gave notice that the Transcript of the May 13, 2025 Deposition of Brandon Phillips ("Phillips Transcript") was cited in their Memorandum of Law in Support of Summary Judgment, Ex. 132 (ECF No. 696-11) ("Defs.' Mem."). On December 18, 2025, Plaintiffs gave notice that the Phillips Transcript was cited in their Response in Opposition

Honorable Arun Subramanian
January 16, 2026
Page 2

to Motion re: 688 Motion for Summary Judgment Rule 56.1. Counterstatement of Material Facts

(ECF No. 763) ("Plfs.' Response"). The Phillips Transcript reveals some of Mr. Phillips's

Highly Confidential Information. Therefore, pursuant to the Court's Individual Practices, Mr.

Phillips submits this letter "explaining the need to seal or redact the document." Individual

Practices ¶ 11(C)(i). Mr. Phillips respectfully requests that the Phillips Transcript be redacted

according to the table below[1]:

| Phillips Transcript Page & Line | Redaction Position |
|---|---|
| 13:1–25 | No redaction requested. |
| 14:1–4 | No redaction requested. |
| 14:5–6 | Redaction requested; the testimony discloses Mr. Phillips's current business practices and strategy. |
| 14:7–12 | No redaction requested. |
| 14:13–25 | Redaction requested; the testimony discloses Mr. Phillips's current business practices and strategy. |
| 29:1–22 | Redaction requested; the testimony discloses Mr. Phillips's current business practices and strategy. |
| 29:23 | No redaction requested. |
| 29:24–25 | Redaction requested; the testimony discloses Mr. Phillips's current business practices and strategy. |
| 30:1–10 | Redaction requested; the testimony discloses Mr. Phillips's current business practices and strategy. |
| 30:11 | No redaction requested. |
| 30:12–14 | Redaction requested; the testimony discloses Mr. Phillips's current business practices and strategy. |
| 30:15 | No redaction requested. |
| 30:16–20 | Redaction requested; the testimony discloses Mr. Phillips's current business practices and strategy. |
| 30:21 | No redaction requested. |
| 30:22–25 | Redaction requested; the testimony discloses Mr. Phillips's current business practices and strategy. |

---

[1] Mr. Phillips understands that the Parties' filings append the entirety of the Phillips Transcript pages that the Parties cite. Therefore, Mr. Phillips provides his redaction positions for those pages in their entirety.

Honorable Arun Subramanian
January 16, 2026
Page 3

Mr. Phillips's request to redact these very limited lines within the Phillips Transcript comports with the standards for sealing set forth by this Court and the Second Circuit. Pursuant to the Second Circuit's three-step analysis, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance any competing considerations. *Id*. at 119–20. Competing interests include "the privacy interests of those resisting disclosure" of which the interest of "innocent third parties . . . should weigh heavily . . . and are a venerable common law exception to the presumption of access." *Id.* at 120; *see also U.S. v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).

First, the substance of the information that Mr. Phillips seeks to have redacted bears little relevance to the issues being argued before the Court in the Parties' summary judgment and *Daubert* motions. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) (noting that the relevance of a document to "the dispute and by extension, to the public's understanding of the court's decision" is a factor in decisions to seal judicial documents). Second, Mr. Phillips's privacy interests, coupled with the competitive harm that public disclosure of his current business practices and strategy would incur, weigh in favor of redacting the cited pages of the Phillips Transcript. Moreover, Mr. Phillips has worked to ensure that the redactions are narrowly tailored, "reasonable, and razor-sharp" pursuant to the Court's Order dated December 30, 2025 (ECF No. 817).

Honorable Arun Subramanian
January 16, 2026
Page 4

For the foregoing reasons, Mr. Phillips respectfully requests that this letter-motion be granted in its entirety, *i.e.*, that Mr. Phillips's Highly Confidential Information appended to the Defs.' Mem. and Plfs.' Response be redacted and that pages of the Phillips Transcript that were not cited by the Parties but were nonetheless appended to their filings remain under seal.


 Dated: January 16, 2026

Respectfully submitted,

/s/ Audrey van Duyn
Audrey van Duyn
Leandra Ipiña
**AXINN, VELTROP & HARKRIDER LLP**
630 Fifth Avenue, 33rd Floor
New York, NY 10111
T: 212-728-2200
F: 212-728-2201
avanduyn@axinn.com
lipina@axinn.com


*Counsel for Non-party Brandon ("Randy")*
*Phillips*


Cc: All counsel of record (by ECF)

axinn.com