

**Audrey van Duyn**

Axinn, Veltrop & Harkrider LLP
630 5th Avenue
New York, NY  10111
212.784.5438
avanduyn@axinn.com

January 16, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**    *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS-SLC**

Dear Judge Subramanian:

We represent Endeavor Group Holdings, Inc. ("Endeavor"), a non-party to the above-

referenced action. Endeavor respectfully requests that its Highly Confidential Information filed

by the Parties be redacted.

The Amended Protective Order (ECF No. 347) defines Highly Confidential Information

as "current or future non-public information regarding prices, costs, or margins" as well as

"current or future non-public financial, marketing, or strategic business planning information."

Am. Protective Order, ¶ 2(b), (c). The Amended Protective Order further specifies that when

information greater than three years old "discloses current or future business practices or

competitive strategies," such material may be considered Highly Confidential Information. Am.

Protective Order, ¶ 2.

On December 18, 2025, Plaintiffs gave notice that the Transcript of the July 8, 2025

Deposition of Kirk Sommer ("Sommer Transcript") was cited in their Counterstatement of

Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment

(ECF No. 763) ("Plaintiffs' COMF"). On January 2, 2026, Defendants gave notice that the

Honorable Arun Subramanian
January 16, 2026
Page 2

Sommer Transcript was cited in their Local Rule 56.1 Response to Plaintiffs' COMF (ECF No. 799) ("Defendants' COMF Response"). The Sommer Transcript reveals some of Endeavor's Highly Confidential Information. Therefore, pursuant to the Court's Individual Practices, Endeavor submits this letter "explaining the need to seal or redact the document." Individual Practices ¶ 11(C)(i). Endeavor respectfully requests that the Sommer Transcript be redacted according to the table below[1]:

| Sommer Transcript Page & Line | Redaction Position |
| --- | --- |
| 205:1–25 | No redaction requested. |
| 232:1 | No redaction requested. |
| 232:2–15 | Redaction requested; the testimony discloses Endeavor's current business practices and strategy. |
| 232:16–25 | No redaction requested. |
| 233:1–25 | No redaction requested. |

Endeavor's request to redact these very limited lines within the Sommer Transcript comports with the standards for sealing set forth by this Court and the Second Circuit. Pursuant to the Second Circuit's three-step analysis, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance any competing considerations. *Id*. at 119–20. Competing interests include "the privacy

---

[1] Endeavor understands that the Parties' filings append the entirety of the Sommer Transcript pages that the Parties cite. Therefore, Endeavor provides its redaction positions for those pages in their entirety.

Honorable Arun Subramanian
January 16, 2026
Page 3

interests of those resisting disclosure" of which the interest of "innocent third parties . . . should

weigh heavily . . . and are a venerable common law exception to the presumption of access." *Id.*

at 120; *see also U.S. v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).

First, the substance of the information that Endeavor seeks to have redacted bears little

relevance to the issues being argued before the Court in the Parties' summary judgment and

*Daubert* motions. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023

WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) (noting that the relevance of a document to "the

dispute and by extension, to the public's understanding of the court's decision" is a factor in

decisions to seal judicial documents). Second, Endeavor's privacy interests, coupled with the

competitive harm that public disclosure of its current business practices and strategy would

incur, weigh in favor of redacting the cited pages of the Sommer Transcript. Moreover, Endeavor

has worked to ensure that the redactions are narrowly tailored, "reasonable, and razor-sharp"

pursuant to the Court's Order dated December 30, 2025 (ECF No. 817).

For the foregoing reasons, Endeavor respectfully requests that this letter-motion be

granted in its entirety, *i.e.*, that Endeavor's Highly Confidential Information appended to the

Plaintiffs' COMF and Defendants' COMF Response be redacted. Endeavor further requests that

the pages of the Sommer Transcript that were not cited by the Parties but were nonetheless

appended to their filings remain under seal.

Honorable Arun Subramanian
January 16, 2026
Page 4

Dated: January 16, 2026

Respectfully submitted,

/s/ Audrey van Duyn
Audrey van Duyn
Leandra Ipiña
**AXINN, VELTROP & HARKRIDER LLP**
630 Fifth Avenue, 33rd Floor
New York, NY 10111
T: 212-728-2200
F: 212-728-2201
avanduyn@axinn.com
lipina@axinn.com

*Counsel for Non-party Endeavor Group
Holdings, Inc.*

Cc: All counsel of record (by ECF)

axinn.com