<u>Via ECF</u>
The Honorable Arun Subramanian                                    January 16, 2026
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

Re:     *United States et al. v. Live Nation Entertainment, Inc., et al.*, 1:24-cv-03973-AS-SLC
         Non-Party Devils Arena Entertainment, LLC's Letter Motion to Seal

Dear Judge Subramanian:

        We represent non-party Devils Arena Entertainment, LLC ("DAE") in connection with the above captioned matter.  Pursuant to the Court's November 5, 2025 Order (ECF 685), December 30, 2025 Order (ECF 817), the Parties' January 13, 2026 Letter Motions (ECF 849, 850), and Rules 11(B) and 11(C)(i)-(ii) of the Court's Individual Practices in Civil Cases, we are writing regarding DAE's Highly Confidential materials appended, quoted, or cited by Plaintiffs and Defendants in this matter in connection with briefing on the Parties' pending summary judgment and *Daubert* motions.  For the reasons set forth below, DAE respectfully requests that a narrow sub-set of these materials remain redacted.

        In a letter sent to DAE by Plaintiffs dated December 17, 2025, DAE was informed that Plaintiffs have cited one document produced by DAE during discovery in Plaintiffs' Counterstatement of Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment (ECF 763), as Pls. Ex. 154 (ECF. 758-14).  DAE understands that Defendants do not separately cite to any DAE information.

<u>DAE Has Made Narrowly Tailored and Reasonable Redactions</u>.

        Pursuant to the Court's November 5, 2025 Order (ECF 685) and the Parties' letters, DAE reviewed the cited document to identify which portions should be kept under seal as Highly Confidential and which could be de-designated as nonconfidential.  DAE submitted to the Parties these narrowly tailored and reasonable proposed redactions of Highly Confidential materials, which DAE understands were reflected in the Parties' filings dated January 13, 2026.[1]  The Highly Confidential information that DAE now seeks to keep redacted falls into three categories:  (1) commercially sensitive information reflecting DAE's contract negotiating positions and strategies with Ticketmaster and Ticketmaster's competitors and the details, terms, and finances of DAE's contracts with Ticketmaster, (2) DAE's consideration and analysis of competition and competitive dynamics, including opinions about the offerings of other potential ticketing providers, with whom DAE might negotiate and/or contract in the future, and (3) information identifying DAE's or its affiliates' employees (together, the "Proposed Redactions").

        Keeping this information redacted is consistent with the Second Circuit's three-part test for determining whether to grant a motion to seal.  "First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches."[2]  *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023).[3]  Second, if it is a judicial document, "the court proceeds to determine the weight of the presumption of access to that document."  *Id.* at 70.  Finally, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded to the presumption of access."  *Id.*  Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"— can "outweigh the presumption of public access" and justify sealing.  *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).  Here, DAE's interest in protecting its sensitive

---

[1] The information that DAE seeks to keep under seal reflects discussion with Plaintiffs.  Defendants did not respond to DAE's outreach.

[2] DAE does not dispute that the documents at issue in this letter are judicial documents.

[3] Unless otherwise noted, for all citations herein, internal quotation marks, modifications, and footnotes have been omitted.

information contained in the Proposed Redactions outweigh any *de minimis* interest the public may have in reviewing DAE's Highly Confidential information.

<u>Public Right of Access to Proposed Redactions Is Non-Existent or Minimal</u>

The weight of the public's interest in the Proposed Redaction is minimal.  The weight of the presumption of public access varies with "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Exhibits carry a lower presumption of public access than the underlying memoranda.  *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705–06 (S.D.N.Y. 2017).  DAE's Proposed Redactions apply only to a single exhibit.

DAE's single cited document, and the Proposed Redactions more narrowly, comprise only a *de minimis* portion of the hundreds of deposition transcripts and business documents that are cited by the Parties in their summary judgment and *Daubert* briefing.  As evidence of the unlikely probative impact of DAE's single document, Defendants—the only moving party for summary judgment, for which DAE's document is cited—do not cite DAE's document at all.  Moreover, Plaintiffs cite only two sentences contained on two pages of DAE's document for only one statement in Plaintiffs' relevant filing.  Notably the supported statement in Plaintiffs' relevant filing is *not redacted* and the language quoted by Plaintiffs is *not redacted* as part of DAE's Proposed Redactions.  Indeed, the public monitoring the briefing would be able to understand the filing without needing access to DAE's Proposed Redactions.  As such, it seems inconceivable that the Proposed Redactions would be outcome determinative, and sealing of this content is justified.

<u>Need to Protect Commercially Sensitive Materials Overcome Presumption of Access</u>.

Even if the public does have some presumption of interest in the Proposed Redactions, this presumption is readily overcome by DAE's strong interest in and the need to protect its confidential information.  "Courts in this District ... routinely seal documents to prevent the disclosure of confidential business information."  *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021).  Each of the categories of information that DAE seeks to keep redacted are protected from disclosure by the Amended Protective Order (*see* ECF 347, ¶ 2) and are commonly redacted by Courts in this District.  These categories are:

*First*, the Proposed Redactions include commercially sensitive information reflecting DAE's contract negotiating positions and strategies with Ticketmaster and Ticketmaster's competitors and the details, terms, and finances of DAE's contracts with Ticketmaster.  If this information were disclosed publicly, DAE would be at a disadvantage in future negotiations with Ticketmaster and other ticketing providers who would be unfairly aware of which negotiation levers are most important to DAE, as well as obtain valuable knowledge of provisions negotiated in its contracts with Ticketmaster.  *See, e.g.*, *Locus Techs. v. Honeywell Int'l Inc*., 2024 WL 5103334, at *13 (S.D.N.Y. Dec. 13, 2024) (sealing document detailing vendor selection strategy and competitive analyses); *AETN TV Networks, LLC v. Big Fish Ent., LLC,* 2024 U.S. Dist. LEXIS 191370, at *3–4 (S.D.N.Y. Oct. 17, 2024) (granting sealing motion where "public disclosure of ... confidential, negotiated contract terms would be detrimental to [a party's] competitive standing and business relationships with current and prospective partners"); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (sealing documents containing terms of agreements between the company and third parties because disclosure "could harm [the company] and/or its business partners by disadvantaging them in negotiating future ... agreements"); *Gracyzk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8–9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to redact portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations").  Additionally, the revelation of this information would place DAE at a competitive disadvantage with *its' own competitors*, who are negotiating with the same third-party ticketing providers.  *See e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind*., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's decision to protect from

2

disclosure information that could cause "significant competitive disadvantage," including by allowing a competitor to "deduce [Defendant's] negotiation tactics").

*Second*, the Proposed Redactions include DAE's consideration and analysis of competition and competitive dynamics, including opinions about the offerings of other potential ticketing providers, with whom DAE might negotiate and/or contract in the future. If this information were disclosed, third parties would become aware of DAE's internal strategic competitive analyses and business assessments, including those third parties that are competitors to DAE or with which DAE currently or in the future may contract, allowing such third parties to receive an unfair competitive advantage over DAE. *See, e.g.*, *Locus Techs.*, 2024 WL 5103334 at *13 (sealing document detailing vendor selection strategy and competitive analyses); *NYU Langone Health Sys. v. Northwell Health, Inc.*, 2024 U.S. Dist. LEXIS 54534, at *6–7 (S.D.N.Y. Mar. 25, 2024) (granting motion to seal where necessary to protect information regarding party's "competitive strategies"); *News Corp.*, 2021 WL 3409663, at *2 (sealing information that "would likely result in competitive harm"); *Playtex Products LLC v. Munchkin Inc*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing "a very narrow portion of [Defendant's] summary judgment briefing" discussing competitive analyses and similar information).

*Third*, the Proposed Redactions include information identifying DAE's or its affiliates' employees. The identity of such employees—particularly as such employees had no involvement in or knowledge of the document or the topics discussed in the document—is not necessary for the public to understand or monitor the relevant filings or this case. Here, the employees' identities are contained only on the cover slide and are not associated with any content of the document, let alone the content relied upon by Plaintiffs. *See, e.g.*, *Olson v. Major League Baseball*, 29 F.4th 59, 92–93 (2d Cir. 2022) (requiring document to be filed publicly *except for* the identification of individuals in the document, finding the identities were not necessary to the public's ability to understand the document); *Farsura v. QC Terme US Corp.*, 2025 WL 267573, at *10 (S.D.N.Y. Jan. 17, 2025) (granting sealing where "relevant material [to be redacted] is largely collateral to the factual and legal issues central to the resolution of the parties' dispute"); *Oliver Wyman*, 282 F. Supp. 3d, at 707 (same).

Moreover, the Proposed Redactions are "narrowly tailored to protect the legitimate privacy interests of" **non-party** DAE, who is "not affiliated with any party, [is] not accused of any wrongdoing, and did not ask to be involved in this lawsuit." *Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *3 (S.D.N.Y. May 6, 2024). "[T]he privacy interests of innocent third parties," such as DAE, "should weigh heavily in a court's balancing equation" in determining whether to grant a motion to seal. *See Avant v. Cnty. of Erie*, 2025 WL 2581681, at *2 n.4 (W.D.N.Y. Aug. 29, 2025) (quoting *Amodeo,* 71 F.3d at, 1050).

Because the potential competitive harm of unsealing the Proposed Redactions outweighs the public's limited interest in these materials, it is proper to keep them under seal.

\*       \*       \*

For the foregoing reasons, DAE respectfully requests that the Court accept the narrowly tailored Proposed Redactions to Exhibit 154 (ECF 758-14) of Plaintiffs' Counterstatement of Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment. Per Plaintiffs' Letter Motion dated January 13, 2026 (ECF 849), DAE understands the Court has been provided with a version of ECF 758-14 that includes highlighting of the Proposed Redactions in the document.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Dated:  January 16, 2026

Respectfully submitted,


DAVIS POLK & WARDWELL LLP



_____/s/ Arthur Burke_____

Arthur J. Burke
450 Lexington Avenue
New York, NY 10017
(212) 450-4352
arthur.burke@davispolk.com

Benjamin M. Miller (*pro hac vice*)
1050 17th Street NW
Washington, DC 20036
(202) 962-7133
benjamin.miller@davispolk.com

*Counsel for Devils Arena Entertainment, LLC*


cc:  All counsel of record (via ECF)

4