**MADISON SQUARE GARDEN ENTERTAINMENT**

**Marlo A. Pecora**
SVP/ASSOCIATE GENERAL COUNSEL
MADISON SQUARE GARDEN ENTERTAINMENT

January 16, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States of America, et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS

Dear Judge Subramanian:

I write on behalf of non-parties Madison Square Garden Entertainment Corp. and Sphere Entertainment Co. ("MSG") pursuant to the Court's so-ordered jointly proposed protocol for sealing and redaction of papers associated with the parties' summary judgment and *Daubert* motions, ECF 685, and paragraph 11(c)(iii) of the Court's Individual Practices.[1]  Defendants provided notice of materials produced by MSG that they relied on in their papers on November 21, 2025, with a supplemental notice sent on January 2, 2026.  Plaintiffs provided notice of materials that they relied on in their papers on December 18, 2025, with a supplemental notice sent on January 6, 2026.  On January 6, 2026, MSG responded to Plaintiffs and Defendants with its confidentiality positions on each of MSG's documents listed in the parties' notices.

The Amended Protective Order, ECF 347 ("PO"), permits a producing party, including non-parties, to designate its materials that contain non-public, commercially sensitive information warranting protection from public disclosure.  *See* ECF 347 ¶¶ 2–4.  MSG seeks to redact or seal, and classify as Confidential, only two documents:

1.    Ticketmaster-MSG Ticketing and Sponsorship Agreement ("Agreement") (cited in Pls.' Counterst. of Mat. Facts, ¶¶ 95, 97, 99, 141; Defs.' Response to Pls.' Counterst. of Mat. Facts, ¶ 95): MSG seeks to seal the entirety of the Agreement, which has been extended to date and is still operative. The Agreement reflects "confidential contractual terms," which are protected under the PO and would reveal confidential and competitively sensitive information "likely to cause material and significant competitive or commercial harm."  ECF 347 ¶ 2(f); *see Sec. & Exch. Comm'n v. Ripple Labs, Inc*., 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (granting party's request to seal certain contracts in their entirety because "business relationships and interests,

---

[1] The parties have already filed under seal on ECF, pursuant to paragraph 11(c)(iii), unredacted and unsealed copies of each document at issue with blue highlight reflecting non-party sealing requests, and pink highlight reflecting sealing requests by both the non-party and Defendants.  *See* ECF 849 at 1; ECF 850 n. 2.  Therefore, MSG has not also submitted its documents under seal, as the Court already possesses them through the parties' submission, but is happy to supplement this application with those documents if the Court prefers.

Madison Square Garden Entertainment Corp.

TWO PENNSYLVANIA PLAZA, NEW YORK, NY 10121-0091

TEL (212) 465-6334 marlo.pecora@msg.com

and the privacy interests of non-parties, would be detrimentally affected by the disclosure of confidential contracts that the parties expect to remain private."). Among other sensitive commercial terms, the Agreement contemplates sophisticated fee structures, open distribution protocols, pricing options, specific sales requirements, consumer data requirements, and more.

2.  Excerpts of John Abbamondi's May 22, 2025 Deposition Transcript (cited in Pls.' Counterst. of Mat. Facts, ¶180; Pls.' Resp. to Defs.' St. of Mat. Facts, ¶¶ 21, 25): Mr. Abbamondi was the former Executive Vice President of Ticketing, Suites & Hospitality at MSG.  MSG seeks to redact narrowly tailored excerpts from his testimony discussing MSG's non-public costs and pricing, reflecting proprietary business strategy, and certain confidential terms within the Agreement.  As stated above, "confidential contractual terms," are protected under the PO and disclosure of same, including Mr. Abbamondi's testimony regarding the rationale for MSG's agreement to those contractual terms, would reveal confidential and competitively sensitive information "likely to cause material and significant competitive or commercial harm."  ECF 347 ¶ 2(f); *see Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023). Likewise, non-public financial information that reflects "non-public pricing and cost information" and "current or future non-public information regarding prices, costs, or margins" are protected under the PO, ECF 347 ¶ 2(c), (e), and would cause Defendants competitive harm.  *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).

Courts have often recognized that privacy interests can justify sealing highly sensitive information about non-parties. *Ripple Labs, Inc.*, 2023 WL 3477552, at *7; *Dodona I*, 119 F. Supp. 3d at 156; *see also United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995) ("We have previously held that the privacy interests of innocent third-parties should weigh heavily in a court's balancing equation." (internal quotation marks and alterations omitted)).  In addition, courts evaluate whether information remains commercially sensitive at the time of the sealing request, which renders sealing more appropriate. *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 387 (S.D.N.Y. 2019). Finally, if "testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050.

Here, the parties are using MSG's confidential documents to make generalized points about Ticketmaster's practices and entertainment venues' supposed preferences, but not to make arguments explicitly about MSG or about the specific content of MSG's confidential documents. Specifically, both parties have cited the Agreement in their summary judgment papers as support for largely generic points about terms in Ticketmaster's contracts with venues.  The Agreement, however, is a highly specific contract to MSG that is currently operative and contains myriad non-public and proprietary terms.  Thus, as argued by Defendants, MSG seeks to keep under seal the specific terms and provisions of this contract, which has "little bearing on whether the [] motion should be granted."  ECF 850 at 3; *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022).  In addition, Plaintiffs cite to excerpts of Mr. Abbamondi's deposition transcript in support of its arguments regarding Ticketmaster's and general venues' purported

Madison Square Garden Entertainment Corp.

TWO PENNSYLVANIA PLAZA, NEW YORK, NY 10121-0091

TEL (212) 465-6334 marlo.pecora@msg.com

**MADISON SQUARE GARDEN ENTERTAINMENT**

**Marlo A. Pecora**
SVP/ASSOCIATE GENERAL COUNSEL
MADISON SQUARE GARDEN ENTERTAINMENT

views on open distribution, as well as commentary on what venues purportedly seek in Ticketmaster agreement negotiations.  However, the specific testimony regards MSG's business rationale for proposing or agreeing to specific financial and ticket distribution terms in the Agreement, including MSG's approach in earlier proposals versus the Agreement's final terms. Again, MSG seeks to keep under seal this MSG-specific information, which has "little bearing on whether the [] motion should be granted." *Id*. Moreover, disclosure of these types of commercially sensitive information could cause MSG real competitive harm if publicized.  Indeed, MSG's privacy interests in the limited materials it seeks to seal or redact far outweigh the presumption of public access, as the materials include, among other things, an active contract and non-public pricing terms, and are not directly relevant to the substance of the parties' dispute at issue.  Courts in this district permit sealing in these and similar circumstances. *See, e.g., In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n. 1 (S.D.N.Y. 2017) (granting sealing applications for "confidential information relating to competitive pricing data and strategy"); *Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (granting sealing application of contracts with party's current business partners).

We thank the Court for its consideration of this request.

Sincerely,

*/s/ Marlo A. Pecora*
Marlo A. Pecora

**Madison Square Garden Entertainment Corp.**

**TWO PENNSYLVANIA PLAZA, NEW YORK, NY 10121-0091**

**TEL (212) 465-6334 marlo.pecora@msg.com**