# ALSTON & BIRD

90 Park Avenue
15th Floor
New York, NY 10016-1387
212-210-9400 | Fax: 212-210-9444

**Steven R. Campbell**                    Direct Dial: **212-210-9429**                    Email: **steven.campbell@alston.com**

January 16, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

> Re:    *United States, et al. v. Live Nation Entertainment, Inc., et al.*, 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

We represent non-parties Eventim USA, LLC ("Eventim") and Eventim's affiliate The Touring Company ("TTC") in connection with the above-referenced matter. Eventim and TTC are competitors of Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ( "Defendants"). In response to a third-party subpoena, Eventim and TTC provided information that was designated as "Highly Confidential" pursuant to the Amended Protective Order in this case (the "Protective Order," ECF No. 347). We write in support of Plaintiffs' January 13, 2026 letter motion requesting the "specific redaction and sealing of [] exhibits and ancillary papers" (the "Letter," ECF No. 849) to request that Eventim's Highly Confidential information and TTC's Highly Confidential information remain redacted and/or under seal.

On December 17, 2025, Plaintiff United States ("DOJ"), and on November 21, 2025 and January 2, 2026, Defendants notified Eventim and TTC that certain Eventim Highly Confidential information and TTC Highly Confidential information was included in the parties' summary judgment filings (ECF Nos. 688–97, 755, 763, and 774–75) and/or *Daubert* briefing (ECF Nos. 703–04, 706–07, 709–13, 715–17, and 722) (the "Filings"). Specifically, the Filings included Highly Confidential information contained in the deposition transcripts of Eventim CEO Greg Klippert and TTC CEO Walter McDonald (the "Transcripts").

Pursuant to ECF No. 685,[1] the Protective Order, and Paragraph 11(C)(i) of the Court's Individual Practices in Civil Cases, Eventim and TTC submit this letter "explaining the need to seal or redact" the specific portions of the Filings attaching or referencing Highly Confidential information contained in the Transcripts.[2] The information Eventim and TTC request remain redacted or sealed is narrowly tailored to discussions of internal, confidential forward-looking business plans for Eventim and TTC – information that, if made public, would cause competitive harm to Eventim and TTC.

Specifically, we respectfully request that the following portions of the Filings continue to be redacted or sealed:

(i) Defs. Ex. 115 (ECF No. 694-10), Greg Klippert (Eventim) Dep. Tr. 89:2-25, 90:2-25, 91:2-25, in all contexts related to this matter;

(ii) Defs. Ex. 125 (ECF No. 696-4), Walter McDonald (TTC) Dep. Tr. 58:1-2, 5-12, in all contexts related to this matter;

(iii) the portion of Plaintiffs' Corrected Response to Defendants' Local Civil Rule 56.1 Statement in Support of Their Motion for Summary Judgment (ECF No. 775) on p. 12 that references the deposition testimony of Greg Klippert, in all contexts related to this matter; and

(iv) *in camera* treatment of the Transcripts during trial or any other Court hearings or proceedings in this matter.

The continued redaction or sealing of these portions of the Filings containing Highly Confidential information of Eventim and TTC is consistent with precedent in the Second Circuit and this District. Although there is a presumption of public access to judicial documents, that presumption can be overcome where, as here, public disclosure of a document could lead to "competitive harm." *See New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 U.S. Dist. LEXIS 149327, at *4 (S.D.N.Y. Oct. 21, 2014) (sealing portions of documents relating to "profit projections," "internal projections," "income projections," "business plan[s]," "promotional budget funds," and "future plans"). Further, "[t]he privacy interests of 'innocent third parties. . . should weigh heavily in a court's balancing equation.'" *Wiav Sols. Inc. v. HTC Corp.*, 2021 WL 871415, at *1 (S.D.N.Y. Mar. 9, 2021) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citation omitted)).

Disclosure of the portions of the Transcripts at issue would lead to "competitive harm" as they detail innocent third parties' highly confidential, non-public, and competitively sensitive information, including discussions of Eventim's and TTC's

---

[1] Any response by a non-party "supporting or opposing a party's proposed sealing or redactions to the summary judgment and *Daubert* briefs or ancillary papers will be filed by January 16, 2026." ECF No. 685 at 3.

[2] Aside from other sections of the Transcripts in the Filings that Eventim or TTC have de-designated as public, Eventim and TTC maintain the Highly Confidential designation of the rest of the Transcripts pursuant to the Protective Order.

internal, confidential forward-looking business plans. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (holding that "the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that records that could aid "[c]ommercial competitors seeking an advantage over rivals" may also properly be sealed). As non-parties, Eventim and TTC are entitled to the protection of the Highly Confidential information contained in the Transcripts pursuant to the Protective Order. Moreover, the portions of the Transcripts at issue have only marginal relevance to this litigation.

For the foregoing reasons, Eventim and TTC respectfully request that the aforementioned portions of the Transcripts remain redacted or sealed, and only reviewed *in camera* if introduced at trial or any other Court proceedings in this matter.

Respectfully submitted,

*/s/ Steven R. Campbell*

Steven R. Campbell

cc: All Counsel of Record (via ECF)

3