**Via ECF**

The Honorable Arun Subramanian                                    January 16, 2026
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

Re:    *United States et al. v. Live Nation Entertainment, Inc., et al.*, 1:24-cv-03973-AS-SLC
       Non-Party Paciolan, LLC's Letter Motion to Seal

Dear Judge Subramanian:

We represent non-party Paciolan, LLC ("Paciolan") in connection with the above captioned matter.  Pursuant to the Court's November 5, 2025 Order (ECF 685), December 30, 2025 Order (ECF 817), the Parties' January 13, 2026 Letter Motions (ECF 849, 850), and Rules 11(B) and 11(C)(i)-(ii) of the Court's Individual Practices in Civil Cases, we are writing regarding Paciolan's Highly Confidential materials appended, quoted, cited, or relied upon by Plaintiffs and Defendants in this matter in connection with briefing on the Parties' pending summary judgment and *Daubert* motions.  For the reasons set forth below, Paciolan respectfully requests that a narrow sub-set of these materials remain under seal.

Through a series of correspondence sent to Paciolan by the Parties, Paciolan understands that the Parties have appended, quoted, cited or relied upon the following documents or information—all of which were previously designated as Highly Confidential—in the Parties' summary judgment and *Daubert* briefing that Paciolan is herein requesting certain portions remain under seal and redacted:

- ECF 694-14:  Deposition transcript of Christian Lewis, pages 24–25, 28–29, 38–41, 43, 71–77, 93–98, 117–118, 131–132, 145, 176–77[1];

- ECF 746-10:  Internal Paciolan document labeled PCLN_CID_00005221; and

- ECF 712-3:  Deposition transcript of Defendants' expert Paul K. Meyer, pages 224:1–225:9.

Paciolan Has Made Narrowly Tailored and Reasonable Redactions.

Pursuant to the Court's November 5, 2025 Order (ECF 685) and the parties' letters, Paciolan reviewed the cited documents to identify which portions should be kept under seal as Highly Confidential and which could be de-designated as nonconfidential.  Paciolan submitted to the Parties these narrowly tailored and reasonable proposed redactions of Highly Confidential materials,[2] which Paciolan understands were reflected in the Parties' filings dated January 13, 2026.  The Highly Confidential information that Paciolan now seeks to keep redacted and under seal fall into three categories:  (1) commercially sensitive information reflecting Paciolan's contract negotiating positions and strategies and the details, terms, and finances of Paciolan's contracts with customers and business partners, (2) Paciolan's consideration and analysis of competition and competitive dynamics, including opinions about the strategic positioning of Paciolan versus its competitors, and (3) granular data and financial information regarding Paciolan's business and sales (together, the "Proposed Redactions").

Keeping this information redacted is consistent with the Second Circuit's three-part test for determining whether to grant a motion to seal.  "First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches."[3]  *Stafford v. Int'l*

---

[1] Paciolan requests that all pages of Mr. Lewis's deposition transcript not listed here be kept under seal in their entirety.  Per Defendants' January 5, 2026 letter (ECF 824), Paciolan has only provided redactions to pages cited by the Parties' briefing, based on the understanding that "any pages of deposition transcripts that were not cited or relied upon by any party ... will remain under seal, and the only portions of the deposition transcripts that will be publicly filed (with redactions as applicable) are the transcript pages that contain testimony relied upon" or provide context to such testimony.

[2] The Parties did not object to the information that Paciolan seeks to keep under seal in this letter motion.

[3] Paciolan does not dispute that the documents at issue in this letter are judicial documents.

*Bus. Machines Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023).[4]  Second, if it is a judicial document, "the court proceeds to determine the weight of the presumption of access to that document."  *Id.* at 70.  Finally, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded to the presumption of access."  *Id.* Several "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"—can "outweigh the presumption of public access" and justify sealing.  *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).  Here, the need to protect the Paciolan's Highly Confidential Proposed Redactions outweighs any *de minimis* interest the public may have.

<u>Public Right of Access to Proposed Redactions Is Non-Existent or Minimal</u>.

The weight of the public's interest in the Proposed Redaction is non-existent or minimal.  The weight of the presumption of public access varies with "the role of the material at issue" and "the resultant value of such information to those monitoring the federal courts."  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Exhibits carry a lower presumption of public access than memoranda.  *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705–06 (S.D.N.Y. 2017).  The Proposed Redactions apply only to exhibits.

Paciolan's cited materials, and the Proposed Redactions more narrowly, comprise only a *de minimis* portion of the hundreds of deposition transcripts and business documents cited as summary judgment and *Daubert* exhibits.  In line with the Court's December 30, 2025 order (ECF 817), Paciolan has narrowed the Proposed Redactions.  Of the 29 pages of Mr. Lewis's deposition transcript the Parties cite, the Proposed Redactions cover only 41 lines (typically partial lines) of text; of the two-page business document the Parties cite, the Proposed Redactions cover only three sentences and specific financial figures; and of the multi-hundred-page deposition transcript of Mr. Meyer, the Proposed Redactions cover less than a page and a half.  As such, it seems inconceivable that the Proposed Redactions would be outcome determinative, and sealing of this content is justified.

<u>Need to Protect Commercially Sensitive Materials Overcome Any Presumption of Access</u>.

Even if the public does have some presumption of interest in the Proposed Redactions, this presumption is readily overcome by Paciolan's strong interest in and the need to protect its confidential information.  "Courts in this District ... routinely seal documents to prevent the disclosure of confidential business information."  *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying various categories of confidential business information which courts have sealed or redacted).  Each of the categories of information that Paciolan seeks to keep redacted are protected from disclosures by the Amended Protective Order (*see* ECF 347, ¶ 2) and are commonly redacted by Courts in this District.  These categories are:

*First*, the Proposed Redactions include commercially sensitive information reflecting Paciolan's contract negotiating positions and strategies and the details, terms, and finances of Paciolan's contracts with customers and business partners.  If this information were disclosed publicly, Paciolan would be at a disadvantage in future negotiations with actual or potential customers and other business partners who would be unfairly aware of Paciolan's strategies in negotiating and the ways in which Paciolan focuses its business resources.  *See, e.g.*, *AETN TV Networks, LLC v. Big Fish Ent., LLC,* 2024 U.S. Dist. LEXIS 191370, at *3–4 (S.D.N.Y. Oct. 17, 2024) (sealing where "public disclosure of ... confidential, negotiated contract terms would be detrimental to [a party's] competitive standing and business relationships with current and prospective partners"); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (sealing documents containing terms of agreements between the company and third parties because disclosure "could harm [the company] and/or its business partners by disadvantaging them in negotiating future ... agreements"); *Oliver Wyman*, 282 F. Supp. 3d at 706–07

---

[4] Unless otherwise noted, for all citations herein, internal quotations, modifications, and citations are omitted.

(sealing "internal analysis of the competitiveness of its practice groups," disclosure of which "would harm its competitive standing"). Additionally, the revelation of this information would place Paciolan at a competitive disadvantage with *its own ticketing competitors*, who are presently or in the future negotiating with the same customers. *See e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (protecting from disclosure information that could cause "significant competitive disadvantage," including by allowing a competitor to "deduce [Defendant's] negotiation tactics"); *Dodona I, LLC v. Goldman Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing third parties' "information concerning … trading strategies, objectives and transactions").

*Second*, the Proposed Redactions include Paciolan's consideration and analysis of competition and competitive dynamics, including opinions about the strategic positioning of Paciolan versus its competitors. If this information were disclosed publicly, third parties would become aware of Paciolan's strategic internal competitive analyses and business assessments, including those third parties that are competitors to Paciolan or with which Paciolan may contract in the future, allowing such third parties to receive an unfair competitive advantage over Paciolan. *See, e.g., Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *13 (S.D.N.Y. Dec. 13, 2024) (sealing document detailing vendor selection strategy and competitive analyses); *NYU Langone Health Sys. v. Northwell Health, Inc.*, 2024 U.S. Dist. LEXIS 54534, at *6–7 (S.D.N.Y. Mar. 25, 2024) (granting motion to seal where necessary to protect information regarding party's "competitive strategies"); *News Corp*, 2021 WL 3409663, at *2 (sealing information that "would likely result in competitive harm").

*Third*, the Proposed Redactions include granular data and financial information regarding Paciolan's business and sales. If this information were disclosed publicly, competitors to Paciolan could use this information to gain an unfair competitive advantage over Paciolan. *See, e.g., Nervora Fashion, Inc. v. Advance Mag. Publishers Inc.*, 2025 WL 406669, at *2 (S.D.N.Y. Feb. 5, 2025) (redacting financial and business information) (citing *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (redacting information on sales and revenue sources and amounts) and *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (same); *DoorDash, Inc. v. City of New York*, 2024 WL 4285682, at *3 (S.D.N.Y. Sept. 24, 2024) ("Courts commonly find that documents containing confidential information about a corporation's business models, its sources of revenue, and the amounts of revenues and sales it receives from different products may properly remain under seal.").

Moreover, the Proposed Redactions are "narrowly tailored to protect the legitimate privacy interests of" **non-party** Paciolan, who is "not affiliated with any party, [is] not accused of any wrongdoing, and did not ask to be involved in this lawsuit." *Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *7–8 (S.D.N.Y. May 6, 2024). "[T]he privacy interests of innocent third parties," such as Paciolan, "should weigh heavily in a court's balancing equation" in determining whether to grant a motion to seal. *See Avant v. Cnty. of Erie*, 2025 WL 2581681, at *2 n.4 (W.D.N.Y. Aug. 29, 2025) (quoting *Amodeo,* 71 F.3d, at 1050).

Because the potential competitive harm of unsealing the Proposed Redactions outweighs the public's limited interest in these materials, it is proper to keep them under seal.

\*　　　\*　　　\*

For the foregoing reasons, Paciolan respectfully requests that the Court accept the narrowly tailored Proposed Redactions to Mr. Lewis's deposition transcript (ECF 694-14), Paciolan's internal document labeled PCLN_CID_00005221 (ECF 746-10), and Mr. Meyer's deposition transcript (ECF 712-3). Per Plaintiffs' Letter Motion dated January 13, 2026 (ECF 849), Paciolan understands the Court has been provided with a version of these documents that include highlighting of the Proposed Redactions.

We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

Dated:  January 16, 2026

Respectfully submitted,


DAVIS POLK & WARDWELL LLP



_____/s/ Benjamin Miller_____

Benjamin M. Miller (*pro hac vice*)
1050 17th Street NW
Washington, DC 20036
(202) 962-7133
benjamin.miller@davispolk.com

*Counsel for Paciolan, LLC*


cc:  All counsel of record (via ECF)