# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3635
TLOPATKA@JONESDAY.COM

VIA ECF                                          January 16, 2026

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan U.S.
Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

      Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*
               Case No.1:24-cv-03973-AS-SLC (S.D.N.Y.)

Dear Judge Subramanian:

I write on behalf of non-party Cavaliers Operating Company, LLC ("COC") concerning the above captioned matter. On January 13, 2026, Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. filed a letter-motion, Dkt. No. 850, requesting that materials provided by COC to the parties that were provisionally filed under seal remain confidential. Pursuant to the Court's Individual Practices, COC submits this letter "explaining the need to seal or redact the document[s]." Individual Practices ¶ 11(C)(i); Standing Order 19MC-583.

On November 21, 2025, Defendants gave COC notice that they intended to file portions of the documents with the initial page Bates Numbered CAVS-CID-00000360 and CAVS-CID-00000751 as well as portions of the April 8, 2025 Deposition of Brooke Lowery in papers related to the parties' summary judgment and *Daubert* motions. On January 6, 2026, COC sent the parties a letter identifying the limited portions of these documents that should remain under seal: documents bearing the initial Bates numbers CAVS-CID-00000360 and CAVS-CID-00000751 as well as extracts on pages 25, 164, and 205-208 of Ms. Lowery's deposition transcript.

The portions of these materials that COC identified to Defendants, which are set forth in the Defendants' letter-motion, should remain under seal. Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Koh v. Koo*, No. 22-CV-6639 (JMF), 2023 WL 5352786, at *7 (S.D.N.Y. Aug. 21, 2023) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Here, the materials identified the Defendants' letter-motion reflect COC's trade secret information which "is a legitimate basis for sealing documents and restricting public access during trial." *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). Specifically, the materials reflect confidential information related to COC's contractual agreements, including pricing and financial terms, as well as information

January 16, 2026
Page 2

reflecting COC's internal business considerations.  If this information were to become public, it would provide other entities with an opportunity to obtain a competitive advantage over COC in future negotiations and would significantly increase the likelihood that COC would suffer serious competitive and commercial injury.  Further, COC's status a non-party whose conduct is not at issue in this litigation strongly supports continuing to maintain these materials under seal.  *See Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) ("The privacy interests of innocent third parties . . . that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation." (citation modified)); *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("Foremost among the competing concerns that a court weighing disclosure must consider is the privacy interest of the person resisting disclosure." (internal quotation marks omitted)).

For the reasons stated above, COC respectfully requests that the information designated in Defendant's letter-motion remain under seal.

Respectfully submitted,

 */s/ Thaddeus Lopatka*

Thaddeus Lopatka