# CLEARY GOTTLIEB STEEN & HAMILTON LLP

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212-225-2000
rmukhi@cgsh.com

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
LONDON
MILAN
PARIS
ROME

January 16, 2026

**FILED VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> Re: *United States v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*,
> 1:24-cv-03973 (AS) (S.D.N.Y.); Letter Motion in Support of Proposed
> Redactions

Your Honor:

I write on behalf of Non-Parties Legends Hospitality Parent Holdings, LLC and its wholly-owned subsidiary ASM Global ("ASM") (collectively, "Legends") in support of Defendants' Letter Motion to Seal Memorandum of Law, Rule 56.1 Statement, and Exhibits in Support of Defendants' Motion for Summary Judgment [and *Daubert* motions (condensed)] (ECF Nos. 850, 850.01) and Plaintiffs' Letter Motion to Seal Exhibits and Ancillary Papers Associated with Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and Plaintiffs' *Daubert* motion and Opposition to Defendants' *Daubert* Motions (ECF No. 849) to respectfully request that this Court permit the continued redaction and sealing of certain highly confidential materials of Legends.

## Background

The United States Department of Justice (the "DOJ") subpoenaed Legends in the above-captioned proceeding in September 2024. In response to that subpoena, Legends produced tens of thousands of documents to the parties, many of which contain Legends' confidential and competitively sensitive information. In addition, the DOJ subpoenaed the testimony of two Legends employees in March 2025 and June 2025. These employees sat for depositions in June 2025 and August 2025, respectively, and the testimony of each conveyed additional information that is both confidential and competitively sensitive. The parties cite to Legends' confidential information in their Summary Judgment and *Daubert* briefing and supporting materials.

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the locations listed above.

Hon. Arun Subramanian, p. 2

With the aim of protecting the competitive interests of non-parties, the Court entered a protective order that prohibits (1) disclosure of non-party Highly Confidential materials to Defendants' employees; and (2) disclosure of non-party Confidential information to Defendants' employees, with the exception of two designated in-house counsel who must certify that they do not participate in or advise on Defendants' competitive decision-making or legal actions involving a non-party that has produced confidential information accessible to those in-house counsel in the present litigation. Amended Protective Order (ECF No. 321, ¶ 7-8).

Under the Amended Protective Order, "Highly Confidential Information" is defined to include "current or future non-public information regarding prices, costs, or margins" and "current or future non-public financial, marketing, or strategic business planning information." Am. Protective Order, ¶ 2(b), (c). The Amended Protective Order also specifies that when information greater than three years old "discloses current or future business practices or competitive strategies," such material may be considered Highly Confidential Information. Am. Protective Order, ¶ 2.

## Argument

To assess whether the public has the right of access to documents, courts in this Circuit first determine whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts determine the weight of the presumption of public access to the documents, and then balance any competing considerations, including "the privacy interests of those resisting disclosure." *Id*. at 119–20. "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).

Legends is one of the largest customers of Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster LLC ("Ticketmaster"). Legends regularly negotiates business terms with each of the Defendants (along with many businesses in the industry). Legends has numerous competitors and is a competitor to Live Nation in amphitheater venue management. The documents and testimony that Legends produced in this matter include all three of the categories of information classified as "Highly Confidential Information" under the Amended Protective Order: current and future non-public information regarding prices, costs, and margins; current and future non-public financial, marketing, and strategic business planning information; and information greater than three years old that discloses current and future business practices and competitive strategies.

Legends' privacy interest in these documents is strong. Legends is an "innocent third part[y]," and these materials are both confidential and competitively sensitive. Defendants and other entities could impermissibly use these materials to gain a competitive advantage in negotiating agreement terms with Legends and/or to lessen competition in venue management or the provision of other related services. Disclosure of this material would threaten to irreparably harm Legends' ability to compete with Defendants and other entities and Legends' ability to negotiate with Defendants and other entities on fair terms.

Hon. Arun Subramanian, p. 3

Legends has reviewed all materials cited by the parties and has identified only the information that could irreparably harm Legends if disclosed. Should the presumption of public access attach, the requests to redact testimony and keep certain testimony and documents sealed are narrowly tailored to the privacy interests of Legends as an innocent third party.

For example, the documents and testimony that Legends seeks to remain under seal include: active agreements with Defendants and internal emails reflecting contractual terms and contractual negotiations; internal emails detailing Legends' confidential data; future business plans; and testimony reflecting Legends' confidential contractual negotiations, business strategies, and contract terms.

In the attached Appendix A, Legends provides document-by-document and specific testimony justifications for the information that it seeks to remain sealed.

Accordingly, Legends requests that the Court permit the continued specified confidential treatment of the materials in Appendix A for the reasons listed therein.

Respectfully submitted,

/s/ Rahul Mukhi
Rahul Mukhi

Hon. Arun Subramanian, p. 4

**APPENDIX A: List of Sealing Requests and Bases for Sealing**

| Dkt. No. | Document | Scope of Sealing Request | Basis for Sealing / Redaction |
|---|---|---|---|
| 690; 693-5 | Ex. 45 in Defs' 56.1 Statement in Supp. of Summary Judgment (ASM01430 (Thornton Dep. Ex. JX-1083)) | Sealing of full document | This document is a current Legends contract. It reflects Legends confidential and competitively sensitive business information, including confidential contractual terms. |
| 694-1 | Mot. for Summary Judgment Ex. 106 – Grant Hall Deposition Transcript | Sealing of pp. 86–87 | This testimony contains information describing current or recent Legends negotiation communications and business proposals. It reflects Legends' confidential and competitively sensitive business information, including proposed contractual terms and negotiating positions. |
| 696-18 | Mot. for Summary Judgment Ex. 139 – Doug Thornton Deposition Transcript | Redactions of pp. 19:1–15; 45:9–22; 139:1–11; 139:17–22; 278:1–5; 278:16–22<br><br>Sealing of pp. 29–31; 43–44; 52; 65–68; 142; 148–49; 162–63; 165–68; 253–55; 264–65 | This testimony reveals proprietary information regarding revenue mix, profitability data, setting of event-specific rental rates, fee-setting strategies, ticketing arrangements, promoter mix, and rebate/incentive structures with key partners. Disclosure of these specifics—particularly details of active and recently expired agreements, internal strategic assessments, marketing approaches, and negotiation tactics—could disadvantage Legends/ASM Global in ongoing and future negotiations with ticketing providers, promoters, and other business partners by exposing confidential commercial terms, strategic motivations, and competitive positioning that are intended to remain internal. |
| 696-24 | Mot. for Summary Judgment Ex. 145 – Nicholas Hill Deposition Transcript | Redactions of pp. 376-377 | This questioning characterizes a Legends witness's confidential testimony. |
| 751-3 | Pls. Ex. 103 (ASM-DOJCID-000019226) | Sealing of full document | This document contains current or future financial results or projections |

Hon. Arun Subramanian, p. 5

| | | | and Legends' current or future pricing information. It reflects Legends' confidential and competitively sensitive business information, including current or future non-public information regarding prices, costs, or margins. |
|---|---|---|---|
| 757-15 | Pls. Ex. 275 (ASM-DOJLNLIT-000023797) | Sealing of full document | This document contains information describing current or recent Legends contracts, negotiation communications, and business proposals. It reflects Legends' confidential and competitively sensitive business information, including confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions). |
| 757-16 | Pls. Ex. 276 (ASM-DOJLNLIT-000043263) | Sealing of full document | This document contains information describing current or recent Legends contracts and negotiation communications with and business proposals. It reflects Legends' confidential and competitively sensitive business information, including confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions). |
| 757-28 | Pls. Ex. 288 (ASM-DOJLNLIT-000078907) | Sealing of full document | This document contains information describing Legends' current or future business strategy. It reflects Legends' confidential and competitively sensitive business information, including current or future nonpublic financial, marketing, or strategic business planning information. |
| 761-22 | Pls. Ex. 241 (ASM-DOJCID-000003924) | Sealing of full document | This document contains Legends' financial results or projections. It reflects Legends' confidential and competitively sensitive business information, including competitive |

Hon. Arun Subramanian, p. 6

| | | | strategies regarding prices, costs, or margins. |
|---|---|---|---|
| 761-31 | Pls. Ex. 250 (ASM-DOJLN-000000112) | Sealing of full document | This recently lapsed Legends contract contains confidential and competitively sensitive business information, including proprietary contractual terms, pricing structures, and business strategies that would cause substantial competitive harm to Legends if publicly disclosed. |
| 761-34 | Pls. Ex. 253 (ASM-DOJCID- 000021965) | Sealing of full document | This document contains information describing current or recent Legends contracts and negotiation communications with and business proposals. It reflects Legends' confidential and competitively sensitive business information, including confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions). |
| 761-35 | Pls. Ex. 254 - ASM-DOJCID-000021798 | Sealing of full document | This document contains information describing current or recent Legends contracts and negotiation communications with and business proposals. It reflects Legends' confidential and competitively sensitive business information, including confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions). |
| 761-36 | Pls. Ex. 255 (ASM-DOJCID-000037615) | Sealing of full document | This document contains information describing current or recent Legends contracts and negotiation communications with and business proposals. It reflects Legends' confidential and competitively sensitive business information, including confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions). |

Hon. Arun Subramanian, p. 7

| | | | This document also contains Legends' financial results or projections that reflect Legends' confidential and competitively sensitive business information, including competitive strategies regarding prices, costs, or margins. |
|---|---|---|---|
| 774 | Counterstatement of Material Facts – p. 36 | Redaction of ¶ 240 | The document underlying this quote contains information describing Legends' current or future business strategy. It reflects Legends' confidential and competitively sensitive business information, including current or future nonpublic financial, marketing, or strategic business planning information. |
| 791-3 | Transcript of the November 6, 2025 Deposition of Dennis Carlton, at 248:17-21. | Redaction of 248:17–21 | This questioning reflects information describing potential Legends contract terms and represents Legends' confidential and competitively sensitive business information. |
| 799 | Defs.' 56.1 Response to Pls. Counterstatement of Material Facts (ASM-DOJCID-00001922) | Sealing of full document | This document contains information describing current or recent Legends contracts and negotiation communications with and business proposals. It reflects Legends' confidential and competitively sensitive business information, including confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions). This document also contains current or future financial results or projections and Legends' current or future pricing information. It reflects Legends' confidential and competitively sensitive business information, including current or future non-public information regarding prices, costs, or margins. |