

600 Brickell Avenue
Suite 2700
Miami, FL 33131
T +1 305 459 6500
F +1 305 459 6550
www.hoganlovells.com

January 16, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973* – Letter Motion to Seal Non-Party Inter Miami CF, LLC's Confidential Material

Dear Judge Subramanian:

The undersigned counsel represents non-party Inter Miami CF, LLC ("Inter Miami") in connection with the above-captioned matter. Pursuant to Rule 11(B)-(C) of the Court's Individual Practices and the Court's order dated November 5, 2025 (Dkt. 685), Inter Miami submits this letter motion in support of Defendants' request to seal or redact portions of the summary judgment and *Daubert* briefs or ancillary papers, specifically with respect to the transcript of the June 4, 2025 deposition of Brandon Briggs ("the Deposition Material").

On November 21, 2025 and January 2, 2026, Defendants notified Inter Miami that the Deposition Material was cited in or appended to Defendants' summary judgment and/or *Daubert* briefing and accompanying materials, including (i) Defendants' Memorandum of Law in Support of Defendants' Motion for Summary Judgment, Ex. 88 (Dkt. No. 695-15); (ii) Defendants' Memorandum of Law in Support of Defendants' Motion to Exclude Dr. Rosa Abrantes-Metz, Ex. 25 (Dkt. No. 722-25); and (iii) Defendants' 56.1 Response to Plaintiffs' Counterstatement of Material Facts (Dkt. No. 799). Upon Defendants' request, Inter Miami identified confidentiality designations to portions of the Deposition Material cited in or appended to Defendants' briefing. These designations are narrowly tailored to safeguard Inter Miami's Highly Confidential information, as defined under the Amended Protective Order (Dkt. 347).

Inter Miami's requested redactions are squarely within the definition of "Highly Confidential" information under the Amended Protective Order, ¶ 2. Specifically, the Deposition Material contains (i) internal deliberations about negotiating positions with respect to Defendants and/or its competitors (*see* Briggs Dep. Tr. 33:1-34:7, 36:21-37:24, 109:1-24), (ii) discussions of confidential contractual terms with respect to Defendants (*see* Briggs Dep. Tr. 34:9-22, 36:1-

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

37:24), and (iii) current and future non-public strategic business planning information (*see* Briggs Dep. Tr. 34:9-22). Public disclosure of such confidential material would cause substantial and irreparable competitive or commercial harm to Inter Miami. Specially, it would expose Inter Miami's strategic priorities, contractual arrangements with key partners, and confidential business plans, which would lead to a disadvantage in future negotiations with Defendants and/or their competitors, and reveal non-public information about Inter Miami's future planning.

The Second Circuit laid out the standard for sealing documents in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). *First*, the court must determine whether the documents at issue are "judicial documents" and thus warrant a presumption of public access. *Id.* at 119. *Second*, upon a conclusion that the documents are "judicial documents," the court must determine the weight of that presumption. *Id.* at 120. *Finally*, the court must "balance competing considerations against" any presumption by assessing countervailing factors such as "the privacy interests of those resisting disclosure." *Id*. at 120.

An application of this standard to Inter Miami's Deposition Material supports the requested confidentiality protections. Although Inter Miami concedes that the Deposition Material is a judicial document, the weight of presumption of public access is minimal. The Deposition Material would play a negligible role in the Court's judicial power and the public has no legitimate interest in accessing Inter Miami's highly sensitive commercial information. On the contrary, public disclosure of this commercially sensitive information would result in significant harm to Inter Miami, including competitive disadvantage and loss of business opportunities. Furthermore, the Second Circuit has emphasized that "[t]he privacy interests of innocent third parties … should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). As a non-party, Inter Miami's privacy and commercial interests warrant robust protection. Inter Miami's requested confidentiality protections are consistent with those sought by other non-parties in this case, who have similarly requested sealing of commercially sensitive information to prevent serious, and potentially irreparable, commercial harm.

Defendants have not objected to Inter Miami's redactions. Accordingly, Inter Miami respectfully requests that the identified information be redacted from the Deposition Material and that the remainder of the Deposition Material remain under seal.

Inter Miami expressly reserves all rights to designate any portions of discovery material, including the Deposition Material, as Highly Confidential or Confidential "at any time prior to the trial", pursuant to paragraph 6 of the Amended Protective Order.

For the foregoing reasons, Inter Miami respectfully requests that the Court grant Defendants' letter motion to seal or redact the identified portions of the Deposition Material.

Respectfully submitted,

- 3 -

Dated: January 16, 2026
     Miami, FL

HOGAN LOVELLS US LLP

*/s/ Daniel E. González*
Daniel E. González
600 Brickell Avenue
Miami, FL 33131
Tel: (305) 459-6500
Fax: (305) 459-6550
daniel.gonzalez@hoganlovells.com

*Counsel for Inter Miami CF, LLC.*