# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Eyitayo St. Matthew-Daniel**
**Direct Dial:** +1 212 373 3229
**Email:** tstmatthewdaniel@paulweiss.com

January 16, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Courtroom 15A
New York, NY 10007

**VIA ECF**

> **Re:    *United States of America*, et al., v. *Live Nation Entertainment, Inc. and Ticketmaster LLC*, Case No. 1:24-cv-03973-AS**

Dear Judge Subramanian:

In accordance with Rule 11(C)(iii) of Your Honor's *Individual Practices in Civil Cases* and the Court's December 30, 2025 order (ECF 817), we write on behalf of Viagogo Entertainment Inc. ("StubHub") in connection with the above-referenced matter to request that Highly Confidential testimony from Cristopher Miller's June 12, 2025 Deposition included in Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (ECF 777) remains under seal.

Following Mr. Miller's deposition, and pursuant to the Amended Protective Order in this matter (ECF 347), StubHub designated certain lines of the deposition transcript (Pls. Ex. 113) as Confidential and Highly Confidential. The parties were notified of those designations on July 24, 2025. On December 18, 2025, Plaintiffs sent StubHub a letter seeking de-designation of certain lines of Mr. Miller's transcript that had been designated Confidential or Highly Confidential and that Plaintiffs relied on in their summary judgment briefing. StubHub agreed to de-designate all lines of the transcript that Plaintiffs relied on and to de-designate a document produced by StubHub in response to Plaintiffs' Civil Investigative Demand (Pls. Ex. 157, SH-CID-0000026). StubHub now respectfully requests that a limited number of lines from Mr. Miller's deposition transcript remain redacted, none of which were relied on by the parties in their summary judgment briefing.

StubHub's request to seal this very narrow subset of Mr. Miller's testimony is consistent with Your Honor's guidance that parties and non-parties be "reasonable and razor-sharp in terms of the information that you want to keep from the view of […] the public" as well as Your Honor's *Individual Practices in Civil Cases* and Second Circuit precedent. ECF 817;

Individual Practices ¶ 11(B); *see, e.g., Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal for narrowly tailored redactions where confidential and proprietary business information overcame presumption of access).

When a court considers a request for redaction, it must determine the weight of the presumption of public access to judicial documents by considering the role of the material at issue in the matter and the value of such information to those monitoring the courts. *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The court must then "balance competing considerations against" that presumption. *Id.* Where, as here, the redacted material plays no meaningful role in adjudication and consists of competitively sensitive non-party information, the presumption is weak and readily overcome by countervailing interests.

StubHub seeks to keep redacted testimony that is not relevant to the parties' arguments in their summary judgment briefs. Neither side cites or relies on these lines of testimony; they provide no necessary context for the lines Plaintiffs do cite; and they bear no relation to any disputed issue presented on summary judgment. Nor have any parties disputed StubHub's position that such testimony remain redacted. There is a "continuum" along which the strength of the presumption of public access is measured and, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d. Cir. 1995). The specific lines at issue in Mr. Miller's testimony fall at the very bottom of that continuum: they play no role in the Court's adjudicative function in resolving the motion for summary judgment and therefore carry, at most, a negligible presumption of public access. As they do not inform the Court's decision, leaving them unredacted would not advance public monitoring of the judicial process.

StubHub's privacy interests and the competitive harm that public disclosure risks weigh in favor of redaction. "Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Mirlis* v. *Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *Amodeo* at 1050). The transcript lines relate to StubHub's partnerships as well as its ongoing competitive strategy, and public disclosure of such material to StubHub's competitors and the public risks serious competitive harm. Courts have sealed materials with such business information to prevent competitive harm to the producing party. *Kewazinga Corp.*, 2021 WL 1222122, at *3. This sensitivity, compounded by StubHub's non-party status, strongly favors redaction. "The privacy of innocent third parties … should weigh heavily in a court's balancing equation" as "[s]uch interests establish a venerable common law exception to the presumption of access." *Amodeo* at 1051. The proposed redactions are also narrowly tailored, leaving all material necessary to understand the summary judgment record entirely unredacted. *See KeyBank Nat'l Assn.* v. *Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                           3

(granting the motion to seal where the redactions were narrowly tailored, "strictly limit[ed] [...] to the portion of the [exhibit] containing the irrelevant, nonparty [...] information"); *In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1. (S.D.N.Y. 2017) (granting the motion to seal as the privacy interests of non-parties overcame the presumption of access and the proposed redactions were "narrowly tailored to serve such interests" and "essential to preserve higher values").  For these reasons, the balance decisively favors the proposed redactions to protect StubHub's confidential, competitively sensitive information without impeding any legitimate public interest in access.

For the foregoing reasons, StubHub respectfully requests that its motion seeking to keep portions of Mr. Miller's deposition testimony redacted be granted in its entirety.


                                                    */s/ Eyitayo St. Matthew-Daniel*
                                                    Eyitayo St. Matthew-Daniel

                                                    *Attorney for Non-Party Viagogo Entertainment Inc.*


cc:      All counsel of record (via ECF)