

January 16, 2026

**FILED VIA ECF**

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

      Re:    *United States et. al. v. Live Nation Entertainment, Inc. & Ticketmaster LLC*, No. 1:24-cv-3973 (AS) – Nonparty Deer District LLC's Letter Motion Supporting Redaction of Highly Confidential Information in ECF Nos. 748-15 / 835-35.

Dear Judge Subramanian:

      We write on behalf of non-party Deer District LLC ("Deer District") in connection with the above-referenced matter to respectfully request that certain Highly Confidential financial information be redacted from a Deer District document, DEERDIST-DOJ-0002083, which was provisionally filed under seal as Exhibit 75 to Plaintiffs' Counterstatement of Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment ("COMF," ECF No. 763, corrected at ECF No. 774), before that document is filed on the public docket. Based on the notice provided to Deer District by Plaintiffs, Deer District understands that DEERDIST-DOJ-0002083 was originally filed under seal at ECF No. 748-15 and that a copy of DEERDIST-DOJ-0002083 with Deer District's proposed redactions highlighted was filed under seal by Plaintiffs at ECF No. 835-35.

      During discovery, Deer District produced DEERDIST-DOJ-0002083 pursuant to a third-party subpoena by Plaintiffs. DEERDIST-DOJ-0002083 is a December 2022 slide deck summarizing and analyzing confidential bids submitted by Defendants and their competitors as part of a ticketing services Request-for-Proposal ("RFP"). Pursuant to the operative Amended Protective Order in this matter (ECF No. 347), Deer District designated DEERDIST-DOJ-0002083 as "Highly Confidential" because it was less than three years old and contained "current or future non-public financial, marketing, or strategic business planning information," "current or future non-public information regarding prices, costs, or margins," "evaluation of the strengths and vulnerabilities of product or service offerings, including non-public pricing and cost information," and "confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Defendants or competitors or customers of Defendants." *See* ECF No. 347, ¶ 2(b), (c), (e), (f).[1]

      On December 17, 2025, Plaintiffs informed Deer District that DEERDIST-DOJ-0002083 was provisionally filed under seal at ECF. No. 748-15 as Exhibit 75 to Plaintiff's COMF as support for the

---

[1] The Amended Protective Order further specified that even information that is more than three (3) years old at the time of production "may be considered Highly Confidential Information if it discloses current or future business practices or competitive strategies." ECF No. 347, ¶ 2.

**FOLEY**
FOLEY & LARDNER LLP

*U.S. v. Live Nation Entertainment & Ticketmaster* Counsel
January 16, 2026
Page 2

following statement: "Venues' internal documents regarding ticketing decision-making frequently voiced the expectation that the venue will lose shows if it chooses a competing ticketer. Pls. Ex. 75, Deer District LLC presentation (Dec. 2022), DEERDISTDOJ-0002083, at -084 (deck recommending TM because, among other things, 'Mitigates risks of losing Live Nation shows')." COMF ¶ 71. Deer District informed Plaintiffs of its proposed redactions to DEERDISTDOJ-0002083 on January 6, 2026, as requested, and now submits this letter motion supporting the proposed redactions pursuant to the procedure set forth in ECF No. 685 and the Court's Individual Practices ¶ 11(C).

As noted above, DEERDISTDOJ-0002083 is a December 2022 internal Deer District slide deck containing Deer District's summary and analyses of bids submitted by Ticketmaster and its competitors, SeatGeek and AXS, as part of a confidential RFP process for the provision of ticketing services at Deer District's venue. Deer District respectfully requests that the specific financial terms of SeatGeek and AXS's RFP bids be kept under seal by redacting the following from DEERDISTDOJ-0002083 before it is filed on the public docket: (1) the financial numbers contained in the SeatGeek Financials cell of the table on slide 2 (DEERDIST-DOJ-0002085); and (2) the SeatGeek and AXS columns of the Financial Summary table on slide 3 (DEERDIST-DOJ-0002086). Deer District understands that these proposed redactions are already highlighted in ECF No. 835-35 (filed by Plaintiffs under seal).

Deer District's request to redact these limited portions of DEERDISTDOJ-0002083 comports with both the Court's direction to be "razor-sharp" in seeking to redact or seal documents (ECF No. 817) and the Second Circuit's three-step test to obtain redactions or continued sealing of filed documents. Under the applicable Second Circuit test, the court "must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the court determines that the document is a "judicial document" for which there is a presumption of a common law right of public access, the court must then "determine the weight of that presumption" based on "'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")). Finally, the court must balance "the weight of the presumption of access" against "competing considerations," including "the privacy interests of those resisting disclosure." *Id.* (quoting *Amodeo II*, 71 F.3d at 1050). "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050 (citation omitted)).

Plaintiffs cited the first slide of DEERDISTDOJ-0002083 for a limited point: that one of the reasons Deer District recommended selecting Ticketmaster over its competitors during the RFP process was that doing so "Mitigates risks of losing Live Nation shows." COMF ¶ 71; *see* ECF No. 777 at 15 (citing COMF ¶ 71). None of the AXS or SeatGeek financial bid information that Deer District requests be redacted is relevant to that limited point, was otherwise relied upon by the parties in their summary judgment (or any other) filings, or is in the same slide as or provides relevant context for the information from DEERDISTDOJ-0002083 cited in the summary judgment filings. Thus, although DEERDISTDOJ-0002083 is a "judicial document," "the presumption of access" to the


limited information Deer District seeks to redact "deserves limited weight"—that information has "little or no bearing on the merits of the parties' dispute," and redacting that information "will not meaningfully hinder those 'monitoring federal courts'" because that information "will shed no light on 'the appropriateness of the Court's decision.'" *Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020) (citations omitted).

Further, Deer District, SeatGeek, and AXS's privacy interests in, and the risks of competitive harm of public disclosure of, the at-issue information also weigh heavily in favor of redaction. As the Amended Protective Order recognizes, the information at issue is all highly confidential because it contains recent "evaluation[s] of the strengths and vulnerabilities of product or service offerings, including non-public pricing and cost information," and "confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Defendants or competitors or customers of Defendants." ECF No. 347, ¶ 2 (e), (f). Deer District, SeatGeek, and AXS all have strong privacy and competitive interests in keeping the financial terms of their recent RFP discussions confidential from Ticketmaster and the public more generally. Deer District would suffer irreparable and serious competitive and financial harm in future business negotiations with ticketing services providers—including, but not limited to, Ticketmaster—if they were to learn of the competitively sensitive financial terms of SeatGeek and AXS's RFP bids and Deer District's financial analyses of those bids because ticketing services providers could leverage that knowledge to demand better pricing and revenue share arrangements from Deer District. *Cf. Am. Airlines*, 2020 WL 4926271, at *3-4 (holding similar concerns warranted sealing the financial terms of an agreement). Likewise, SeatGeek and AXS would also suffer irreparable harm and serious competitive and financial harm if their competitors (including Ticketmaster) or the public had access to their highly confidential financial bids, as that information would enable Ticketmaster and other competitors to better compete for ticketing services business. The privacy and competitive interests of Deer District, SeatGeek, and AXS "should weigh heavily in [the] court's balancing equation" because they are "innocent third parties" in this litigation. *Amodeo II*, 71 F.3d at 1050 (citation omitted).

Accordingly, the Court should grant Deer District's request for limited redactions of the specific, competitively-sensitive financial bid information identified above, which Deer District understands should be highlighted in Plaintiffs' under-seal filing at ECF No. 835-35. *See, e.g.*, *Am. Airlines*, 2020 WL 4926271, at *3-4; *Nock v. Spring Energy RRH, LLC*, 2025 WL 487307, at *1 (S.D.N.Y. Feb. 13, 2025) (granting request to seal "business-related information that is sufficiently sensitive and tangential to the motion so as to outweigh the presumption to public access"); *Nervora Fashion, Inc. v. Advance Magazine Publishers Inc.*, 2025 WL 406669, at *2 (S.D.N.Y. Feb. 5, 2025) (granting motion to redact financial information because the "precise dollar figures and amounts had little or no bearing on the merits of the parties' dispute and sealing that information will not meaningfully hinder those monitoring the federal courts," and collecting cases holding similarly (cleaned up; citation omitted)); *see also* ECF No. 849 at 1 n.1 (noting that "[t]he Parties jointly proposed to the Court that any pages not cited in the parties' papers and not required for context"—which would include the slides Deer District requests be redacted—"would not be publicly filed").



*U.S. v. Live Nation Entertainment & Ticketmaster* Counsel
January 16, 2026
Page 4

                                                                                                    Respectfully submitted,

                                                                                                    */s/ Sara Madavo*
                                                                                                    Sara Madavo

cc:      All counsel of record (via ECF); kgehl@foley.com; kirsten.dedrickson@foley.com