

Andrew M. Lacy
+1 202 346 4182
alacy@goodwinlaw.com

Goodwin Procter LLP
1900 N Street NW
Washington, DC 20036

goodwinlaw.com
+1 202 34604000

January 16, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.; 1:24-cv-03973-AS-SLC*

Dear Judge Subramanian,

    Non-party Jump Platforms, Inc. ("Jump"), through its undersigned counsel, writes pursuant to Rule 11(B)-(C)(i) of the Court's Individual Practices in Civil Cases to request that the redacted portions of Plaintiffs' Exhibit 26 (ECF 746-6) and Defendants' Exhibit 117 (ECF No. 694-12) (collectively "the Exhibits") as well as references to those exhibits in Defendants' 56.1 Statement in Support of Summary Judgment (ECF No. 690) ("Defendants' 56.1 Statement"), Plaintiffs' Response to Defendants' 56.1 Statement (ECF No 759/ECF No. 775) ("Plaintiffs' RSUF"), and Plaintiffs' Counterstatement of Material Facts (ECF No. 763/ECF No. 774) ("Plaintiffs COMF"), remain under seal and be redacted on the public docket.[1]

    As discussed below, the Exhibits are excerpts of deposition transcripts with portions that Jump has designated as "Highly Confidential" or "Confidential" pursuant to the Amended Protective Order (ECF No. 347) (the "Protective Order") in this case. The parties' summary judgment filings quote and otherwise reference that deposition testimony. Jump seeks to keep under seal narrow portions of deposition testimony that reveal Jump's confidential and proprietary business information, including Jump's business strategy as a new entrant in the market, Jump's communications and negotiations with its clients and potential clients, and Jump's technological innovations that differentiate it from others in the market.

### I.    Sealing Is Warranted Under Second Circuit Law

    Courts in this Circuit apply a three-step framework in considering whether documents should be filed under seal. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir 2006). First, the court determines whether "the documents at issue are indeed judicial documents." *Id.* at 119. If so, and "a common law presumption of access attaches," then the court assesses the weight of that presumption. *Id.* Finally, the court "balance[s] competing considerations against

---

[1] Jump informed the parties of its position via email on January 5, 2026. Jump met and conferred with counsel for both parties on January 9, 2026. The parties have not objected to Jump's request to maintain the referenced material under seal.



January 16, 2026
Page 2

[the weight of the presumption]." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

Here, the deposition transcript excerpts Jump seeks to seal are discovery materials, not judicial documents. *See S.E.C. v. TheStreet.com*, 273 F.3d 222, 223 (2d Cir. 2001) ("The Confidential Testimony is deposition discovery material, which we have concluded are 'documents that play no role in the performance of Article III functions.'") (quoting *Amodeo*, 71 F.3d at 1050). Jump provided candid deposition testimony containing competitively sensitive and confidential business information in reliance on the Protective Order entered in this case, which further weighs against disclosure. *Id.* at 231 (Second Circuit precedent establishes "a general and strong presumption *against* access to documents sealed under protective order when there was reasonable reliance upon such an order") (emphasis in original).

Even if the deposition excerpts at issue were judicial documents, they should still remain sealed. Jump has a compelling interest in protecting its confidential, competitively sensitive business information and is a non-party in this action. Courts routinely deny access to records containing confidential business information that could harm a party's competitive standing. *See in re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal citations and quotations omitted). Jump does not disclose any of this information publicly as doing so would potentially erode Jump's competitive standing in the industry. *See Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit.") (quotation marks and citation omitted). As a non-party, Jump's confidentiality interests "should weigh heavily in [the] court's balancing equation." *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (citations omitted).

A. <u>Excerpts Subject to Confidential Treatment</u>

The portions of the transcripts and references to the same in the Motions that Jump are requesting to keep under seal contain information that Jump has designated as Confidential under the Protective Order. These portions contain:

- Confidential information about Jump's business strategy in the ticketing market, including information regarding what venues and events Jump is currently targeting and what contracts Jump have and have not secured. *See* Leiser Transcript (ECF No. 694-12) at 13-14, 48, 99:1-100:13; Khoury Transcript (ECF No. 746-6) pp. 75-77; Plaintiffs' COMF ¶ 179; Plaintiffs' RSUF ¶¶ 12, 19.



January 16, 2026
Page 3

- Confidential information regarding contracts with current clients and proposals with potential clients. *See* Leiser Transcript (ECF No. 694-12) at 89:4-13, 99:1-100:13; Plaintiffs' RSUF ¶ 19.
- Confidential information concerning features of Jump's product. *See* Leiser Transcript (ECF No. 694-12) at 43-46.

### B. Excerpts Subject to Highly Confidential Treatment

Additionally, portions of the transcripts and references to the same in the Motions that Jump are requesting to keep under seal contain information that Jump has designated as Highly Confidential under the Protective Order. These portions contain:

- Discussions regarding confidential negotiations of the contracts of Jump's clients. *See* Leiser Transcript (ECF No. 694-12) at 19:14-25.
- Confidential and proprietary information concerning the system design, technical capabilities and architecture of Jump's product that differentiates it from others in the market. *See* Leiser Transcript (ECF No. 694-12) at 30-33; Plaintiffs' COMF ¶ 266.
- Information derived from confidential conversations with potential clients about the market. Leiser Transcript (ECF No. 694-12) at 52-53.
- Confidential information derived as part of responding to RFPs from potential clients and information included in the confidential proposal regarding the same. *See* Leiser Transcript (ECF No. 694-12) at 144-145; Defendants' 56.1 Statement.

Jump has designated the above-referenced information as Confidential and Highly Confidential because disclosure to the public and the in-house attorneys of Defendants would place Jump at a competitive disadvantage in the marketplace. Courts in this Circuit have sealed deposition testimony—even from parties themselves—that contained this type of Confidential and Highly Confidential information. *See Locus Technologies v. Honeywell Int'l Inc.*, 2024 WL 5103334 (S.D.N.Y. Dec. 13, 2024) (granting Plaintiff's motion to seal deposition testimony reflecting its research and development efforts, proprietary pricing information, trade secrets, and competitive bidding practices and strategies); *see also Louis Vuitton Malletier* 97 F. Supp. 3d at 511.

Accordingly, non-party Jump respectfully requests that the proposed redacted portions of ECF Nos. 690, 694-12, 746-6, 759/775, and 763/774 referenced above remain under seal.

Respectfully submitted,

*/s/ Andrew M. Lacy*
Andrew M. Lacy



January 16, 2026
Page 4

 

**GOODWIN PROCTER LLP**
1900 N Street N.W.
Washington, D.C. 20036
+1 202 346 4182
alacy@goodwinlaw.com

*Attorney for Non-Party Jump Platforms, Inc.*