**VIA ECF**                                                                                    January 16, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

*Re: United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, writes pursuant to Rule 11(C)(i) of the Court's Individual Practices in Civil Cases and the Court's November 5, 2026 Order (ECF No. 685), and in support of (i) Plaintiffs' letter motion to seal exhibits and ancillary papers associated with their summary judgment and *Daubert* filings (ECF No. 849) and (ii) Defendants' letter motion to seal portions of their summary judgment and *Daubert* briefing, as well as supporting declarations, exhibits, and Local Rule 56.1 statements (ECF No. 850). SeatGeek writes to set forth the reasons why certain documents, included in the parties' sealing motions at SeatGeek's request, should remain under seal or remain redacted on the public docket. A table reflecting the specific confidential business information disclosed in the material SeatGeek seeks to seal or redact, along with the basis for sealing or redaction of each, is submitted herewith as Exhibit A.

A court's consideration of a request to seal is governed by the three-step framework articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts must first determine "that the documents at issue are indeed judicial documents," to which "a common law presumption of access attaches." *Id.* at 119 (internal citations and quotations omitted). If the documents are judicial documents, the court then "must determine the weight of that presumption." *Id.* Third, the court must "balance competing considerations against" that presumption. *Id.* at 120 (internal citations and quotations omitted).

As to the first step, SeatGeek does not dispute that the documents at issue here are judicial documents.

As to the second step, the strength of the presumption of public access to documents submitted in connection with Defendants' Motion for Summary Judgment depends in part on the Court's resolution of the motion: "If a district court denies [a] summary judgment motion, essentially postponing a final determination of substantive legal rights, the public interest in access is not as pressing." *Falberg on behalf of Goldman Sachs 401(k) Plan vs. Goldman Sachs Group, Inc.*, 2022 WL 601967, at *1 (S.D.N.Y. Mar. 1, 2022) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (cleaned up).

As to the third step, the presumption of public access to these documents is outweighed by SeatGeek's significant interest in keeping its competitively sensitive business information under seal. *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.,* 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) ("courts will commonly grant a company's request for sealing of proprietary

business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage") (internal citations and quotations omitted); *Valassis Communications, Inc. v. News Corporation,* 2020 WL 2190708, at \*4 (S.D.N.Y. May 5, 2020) ("protecting the confidentiality of sensitive business information is a legitimate basis for rebutting the public's presumption of access to judicial documents"); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal citations and quotations omitted).  Moreover, SeatGeek's status as a non-party weighs in favor of maintaining these documents under seal.  *Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (internal citations omitted).

The specific documents at issue in SeatGeek's sealing requests warrant sealing or redaction because they contain highly sensitive business information that, if disclosed, would cause SeatGeek substantial competitive harm if its competitors or the public were given access to this information.  This information includes:

- Contracts with SeatGeek's customers and partners, documents describing the terms of such contracts, and documents reflecting underlying negotiating positions and strategic considerations, disclosure of which would compromise SeatGeek's future contact negotiations by providing competitors unilateral access to information about terms to which SeatGeek and particular customers and partners have previously agreed, as well as negotiating positions taken by both SeatGeek and current and prospective customers and partners.

- Discussions of SeatGeek's contracting and sales strategies and priorities vis-à-vis particular customers, as well as its internal and proprietary assessments of the market, competitive dynamics, and considerations influencing those customers' approach to the negotiation process, disclosure of which would compromise SeatGeek's future contract negotiations by enabling competitors to use this information as a roadmap to compete against SeatGeek.

- Documents containing or describing confidential communications with customers and prospective customers regarding negotiations and/or market activity, disclosure of which would compromise future contract negotiations, expose SeatGeek's competitive intelligence, and adversely affect SeatGeek's relationships with its customers and prospective customers.

- Documents containing or describing non-public financial information, including current and future business strategies and SeatGeek's internal assessments of its financial condition, the disclosure of which could be used by SeatGeek's competitors to its detriment and cause significant competitive and commercial harm to SeatGeek.

2

- SeatGeek's internal assessment of, and non-public information regarding, particular product offerings and its actual and contemplated innovations, the disclosure of which could undermine SeatGeek's competitive advantage in furthering those innovations.

All of these materials fit squarely within the rubric of "proprietary business information, such as internal analyses, business strategies, or customer negotiations" that courts commonly seal where, as here, "disclosure of that information could provide competitors with an unearned advantage." *See W.J. Deutsch & Sons,* 2022 WL 890184, at *2 (internal quotations omitted). Moreover, all of the materials in Exhibit A were designated Highly Confidential or Confidential under the Amended Protective Order (ECF No. 347).

For the reasons set forth above, SeatGeek respectfully requests that the documents and testimony referenced in Exhibit A remain under seal.

Respectfully submitted,

COHEN & GRESSER LLP


*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.