**Davis Polk**

Christopher Lynch
+1 212 450 4034
christopher.lynch@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

<u>**VIA ECF**</u>
January 16, 2026

The Honorable Judge Arun Subramanian
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re: *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

We represent non-party Comcast Spectacor, LLC ("Comcast Spectacor") in the above-referenced action. Pursuant to the Court's November 5, 2025 Order (Dkt. No. 685), December 30, 2025 Order (Dkt. No. 817), the January 13, 2026 Letter Motions filed by Plaintiffs and Defendants (Dkt. Nos. 849, 850), and Rules 11(B) and 11(C)(i) of the Court's Individual practices in Civil Cases, we respectfully submit this letter motion for permission to keep certain Highly Confidential testimony provided by a Comcast Spectacor employee under seal.

In a series of letters from late November 2025 to January 2026, Plaintiffs and Defendants gave notice to Comcast Spectacor that their summary judgment and *Daubert* briefing cited to or appended particular pages of deposition testimony provided by Todd Glickman, Chief Revenue and Business Officer of Spectacor, on July 21, 2025. Comcast Spectacor designated this testimony on the record as Highly Confidential pursuant to the Amended Protective Order because it contained, among other things, "strategic business planning information," and "confidential contractual terms . . . [and] negotiating positions . . . taken with respect to Defendants or [Defendants'] competitors." Dkt. No. 347 ¶ 2(b), (f).

<u>Comcast's Redactions Are Narrowly Tailored and Reasonable</u>.

Pursuant to the Court's Orders and the parties' letters, Comcast Spectacor reviewed the excerpted testimony to identify which portions of the transcript should be kept under seal as Highly Confidential and which could be designated nonconfidential.[1] Comcast Spectacor then submitted these narrowly and reasonably tailored proposed redactions to the parties and offered to meet and confer.[2] The Highly Confidential information that Comcast Spectacor seeks to keep under seal in Mr. Glickman's transcript falls into three categories: (1) confidential business information about the factors that led to Comcast Spectacor's selection of Ticketmaster as a ticketing provider; (2) specific commercially-sensitive opinions about the offerings of other potential ticketing providers, with which Comcast Spectacor might negotiate and/or contract in the future; and (3) details about the specific terms of Comcast Spectacor's contract with Ticketmaster (together, the "Proposed Redactions").

---

[1] In sum, the following excerpted pages of the transcript were cited in or appended to the parties' briefing: 31-37, 40-42, 50-54, 91-93. Per Defendants' January 5, 2026 Letter (Dkt. 824), Comcast Spectacor has provided redactions to these excerpts with the understanding that "any pages of deposition transcripts that were <u>not</u> cited or relied upon by any party . . . will remain under seal, and the only portions of the deposition transcripts that will be publicly filed (with redactions as applicable) are the transcript pages that contain testimony relied upon by the parties" or that provide context to such testimony.

[2] Neither party has objected to Comcast Spectacor's proposed redactions.

**Davis Polk**

Comcast Spectacor respectfully submits that the Proposed Redactions are appropriate under the Second Circuit's three-step approach to assessing whether documents should be placed under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,119-20 (2d Cir. 2006).[3] First, the court asks whether the document at issue is a "judicial document."[4]  *Id.*  at 199.  Second, if a document is a judicial document, a court must determine the weight of the presumption of access by evaluating whether the document directly affects an adjudication.  *Id.*  Third, a court must balance this presumption against any "competing considerations."  *Id.* at 120.  Documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*  Several well "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"—can "outweigh the presumption of public access" and justify sealing.  *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).

Here, Comcast Spectacor's interest in protecting from disclosure the competitively sensitive information in the Proposed Redactions outweighs any *de minimis* interest the public may have in reviewing the transcript.

<u>Any Public Right of Access to the Proposed Redactions Is Non-Existent or Minimal</u>.

The weight of the presumption of public access varies with "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Exhibits carry a lower presumption of public access than the legal memoranda that rely upon them.  *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705-06 (S.D.N.Y. Sept. 29, 2017) (finding lower presumption of access for exhibits compared to summary judgment memorandum).

Comcast Spectacor understands that Mr. Glickman's transcript is one of hundreds of summary judgment and *Daubert* exhibits.  In addition, based on publicly available redacted filings, the parties memoranda only cite a small number of pages of Mr. Glickman's excerpted testimony on discrete topics.  The limited references to the Proposed Redactions on ancillary issues are therefore unlikely to play any role (or any significant role) in the outcome of this case or otherwise be material to the exercise of Article III power.

<u>Comcast Spectacor's Need to Protect Commercially Sensitive Materials Overcomes Any Presumption of Access</u>.

Even if there were a presumption of interest in these Proposed Redactions, it is overcome by the need to protect Comcast Spectacor's confidential business or commercial information.  *See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access."), *aff'd sub nom., Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).  "Courts in this District . . . routinely seal documents to prevent the disclose of confidential business information."  *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (identifying confidential business information that courts have redacted, including "information regarding current or future business or financial transactions").

---

[3] Unless otherwise noted, for all citations herein, internal quotation marks, modifications, and footnotes have been omitted.

[4] The transcript at issue here is a judicial document.  *Dodona I, LLC v. Goldman Sachs & Co.*, 119 F. Supp. 3d 152, 154  (S.D.N.Y. July 30, 2015) ("[I]t is well-established that documents submitted to courts in connection with summary judgment proceedings are judicial documents").

**Davis Polk**

Comcast Spectacor's Proposed Redactions cover highly sensitive, confidential business information, including (1) Comcast Spectacor's confidential decision-making to select Ticketmaster as its ticketing provider; (2) commercially-sensitive opinions about ticketing providers with whom Comcast Spectacor may contract with in the future; and (3) specific terms of Comcast Spectacor's contract with Ticketmaster.  If this information were disclosed publicly, Comcast Spectacor would be at a disadvantage in future negotiations with Ticketmaster and other ticketing providers who would be unfairly aware of which business considerations are most important to Comcast Spectacor, as well as obtain valuable knowledge of provisions negotiated in the current contract.  *See, e.g.*, *AETN TV Networks, LLC v. Big Fish Ent., LLC*, 2024 U.S. Dist. LEXIS 191370, at *3-4 (S.D.N.Y. Oct. 17, 2024) (granting sealing motion where "public disclosure of . . . confidential, negotiated contract terms would be detrimental to Defendants' competitive standing and business relationships with current and prospective partners," "could give counterparties an unfair advantage over Defendants in future negotiations," and could be "leverage[d] . . . to undercut Defendants in future negotiations"); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal documents containing terms of agreements between the company and third parties where disclosure "could harm [the company] . . . by disadvantaging them in negotiating future . . . agreements").

Further, public disclosure of the Proposed Redactions including the terms of Comcast Spectacor's Ticketmaster contract, could place Comcast Spectacor at a competitive disadvantage with its own competitors.  *See Standard Inv. Chartered, Inc.*, 347 F. App'x at 617 (affirming district court's decision to seal information that could cause "significant competitive disadvantage" to defendant, such as allowing a competitor to "deduce [the defendant]'s negotiation tactics"); *see also Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *13-*14 (S.D.N.Y. Dec. 13, 2024) (sealing email discussing "vendor selection strategy" and "competitive analyses" from Rule 56.1 statement).  For example, confidential contractual provisions could be revealed and exploited by Comcast Spectacor's competitors.

The Proposed Redactions are especially appropriate because they are "narrowly tailored to protect the legitimate privacy interests of" *non-party* Comcast Spectacor, as well as the non-party competitors to Ticketmaster that Mr. Glickman discussed.  Comcast Spectacor and other non-parties are "not affiliated with any party, [are] not accused of any wrongdoing, and did not ask to be involved in this lawsuit."  *See Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *3 (S.D.N.Y. May 6, 2024).  "The privacy interests of innocent third parties" like Comcast Spectacor "should weigh heavily in a court's balancing equation" in determining whether to grant a motion to seal.  *Id.* at *3 (quoting *Application of Newsday, Inc.,* 895 F.2d 74, 79 (2d Cir. 1990)).

In sum, the potential competitive harm of unsealing the Proposed Redactions and Comcast Spectacor's non-party privacy interests outweigh the public's limited interest in these materials.  Comcast Spectacor has also undertaken conscientious efforts to provide narrow redactions on the excerpted pages to protect its competitively sensitive information while permitting public disclosing any non-confidential information.  The information contained in the Proposed Redactions should therefore be kept under seal.

*        *        *

For the foregoing reasons, Comcast Spectacor respectfully requests that the Court accept the narrowly tailored Proposed Redactions to Dkt. Nos. 695-31 (Defs.' MSJ Ex. 104), 722-10 (Mot. to Exclude Dr. Abrantes-Metz Ex. 10), 747-34 (Opposition to Mot. to Exclude Dr. Abrantes-Metz Ex. 33), and 799 ¶¶ 59, 180, 196, 266 (Defs.' Response to Pls.' COMFS).  Per the Parties' January 13, 2025 Letter Motions, Comcast Spectacor understands the Court has been provided versions of these Exhibits that include Comcast Spectacor's highlighting of Proposed Redactions.  We are available to provide any additional information that would be helpful to the Court and thank the Court for its consideration of this request.

**Davis Polk**

Respectfully submitted,

*/s/ Christopher Lynch*
Christopher Lynch

cc:  All counsel of record (via ECF)