# Arnold & Porter

C. Scott Lent
+1 212.836.8220 Direct
Scott.Lent@arnoldporter.com

January 16, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re: Request to Seal Confidential Information in *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973-AS

Dear Judge Subramanian,

Non-Party SEG Basketball, LLC (the "Utah Jazz" or "Jazz"), through the undersigned counsel, respectfully writes pursuant to Rule 11(B)-(C)(i) of the Court's Individual Practices in Civil Cases and the Court's November 5, 2025 Order (ECF 685) to request that the Jazz's Master Services Agreement with SeatGeek, Inc. ("SeatGeek") (JAZZ-LNTM-000000001 (ECF 752-7)) remains under seal.

Plaintiffs sent the Jazz a notice regarding the use of the Jazz's confidential materials on December 18, 2025 ("Plaintiffs' Letter"), and Defendants sent the Jazz a notice regarding the use of the Jazz's confidential materials on November 21, 2025 ("Defendants' Letter"). Defendants' Letter informed the Jazz that Defendants cited six pages of testimony from the July 2, 2025 deposition of Christian Barney in Defendants' summary judgment and *Daubert* papers. Plaintiffs' Letter informed the Jazz that Plaintiffs cited three pages of testimony from the July 2, 2025 deposition of Christian Barney in Plaintiffs' Response to Defendants' Local Civil Rule 56.1 Statement in Support of Their Motion for Summary Judgment ("RSUF") (ECF 759), and the entirety of JAZZ-LNTM-000000001 in both Plaintiffs' RSUF and Plaintiffs' Counterstatement of Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment (ECF 763).[1]

---

[1] The Jazz met with Plaintiffs and Defendants to discuss these letters, and other topics, on December 30, 2025. The Jazz informed Plaintiffs and Defendants of its position regarding the confidentiality of the Jazz's

**Arnold & Porter**

January 16, 2026
Page 2

The Jazz do not seek to seal or redact any portion of the cited testimony from the July 2, 2025 deposition of Christian Barney. The Jazz do, however, write this Court to keep the entirety of JAZZ-LNTM-000000001 under seal. JAZZ-LNTM-000000001 is a copy of the Jazz's operative Master Services Agreement with SeatGeek. It was produced as Highly Confidential under the Amended Protective Order (ECF 347) and it includes competitively sensitive information of both the Jazz and SeatGeek.

Courts consider a request to seal under the three-step framework articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under that framework, courts must first determine whether "the documents at issue are indeed judicial documents." *Id.* at 119. If so, the court then "must determine the weight of that presumption." *Id.* Third, the court must "balance competing considerations against" that presumption. *Id.* at 120 (internal citations and quotations omitted). Documents submitted to the court for its consideration of "summary judgment motion[s] are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121.

Notwithstanding the presumption of access associated with documents attached to summary judgment motions, the documents may be kept under seal if "countervailing factors" exist that warrant sealing. *Id.* at 124. These countervailing factors include the "possibility of competitive harm to an enterprise if confidential business information is disclosed." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.* ("*Keurig*"), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding district court finding that a business's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) ("Preventing competitive harm is a countervailing interest that can override the public right of access."). Thus, courts permit the sealing of "confidential information such as sales and pricing data on the grounds that its disclosure would work a competitive harm on the disclosing enterprise." *Keurig*, 2023 WL 196134, at *3.

---

cited materials via email on January 6, 2026. The Jazz further discussed these letters, and other topics, with Plaintiffs on January 7, 2026. Defendants informed the Jazz via email on January 14, 2026 that "Defendants take no position on your client's sealing requests for purposes of summary judgment and *Daubert* motions. Defendants reserve all rights to reconsider their position for other phases of the case, including but not limited to trial." Plaintiffs informed the Jazz via email on January 15, 2026 that "Plaintiffs currently intend to take no position on your client's sealing requests for purposes of summary judgment and Daubert motions, subject to the filings on the 16th related to those requests. Plaintiffs reserve all rights to reconsider their position for other phases of the case, including but not limited to trial."

**Arnold & Porter**

January 16, 2026
Page 3

      Here, the Jazz's contract with SeatGeek includes some of the Jazz's most sensitive material. This contract was—as ticketing services contracts often are—heavily negotiated between the Jazz and SeatGeek. And the contract itself was the product of a competitive process involving both SeatGeek and Ticketmaster. It is not some boilerplate contract, and in the hands of one of the Jazz's competitors or potential ticketing providers, including the Defendants in this action, the contents of the contract could be leveraged in negotiations to the detriment of the Jazz and the entire competitive process. *See, e.g.*, *Keurig*, 2023 WL 196134, at *8 (granting request to redact a document where the "redactions concern specific portions of a 2012 contract [plaintiff] negotiated," despite the fact that the contract was a decade old). The harm that would result from the contract's disclosure is precisely the type of countervailing factor that warrants sealing despite the presumption of access associated with documents attached to summary judgment papers. *In re the Ex Parte Application of the Upper Brook Cos. for an Order Directing Discovery In Aid of a Foreign Proc. Pursuant to 28 U.S.C. § 1782*, 2023 WL 172003, at *6 (S.D.N.Y. Jan. 12, 2023) ("A presumption of access may be outweighed by a party's interest in 'protecting confidential business information' from disclosure that would subject it to 'financial harm' or a 'significant competitive advantage.'"). Further, the contract is especially sensitive given that it is an active contract and it is the contract under which SeatGeek currently provides ticketing services to the Jazz. *Keurig*, 2023 WL 196134, at *4 ("[T]he older the information is, the less appropriate it is to seal that information.").

      Additionally, the competitively sensitive nature of this contract is even more acute given the Jazz's and SeatGeek's statuses as innocent non-parties in this action. *Keurig*, 2023 WL 196134, at *6 ("Higher values that may justify sealing even under [the First Amendment] standard include 'the privacy interests of innocent third parties'") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Indeed, the Second Circuit has recognized that the privacy interests of innocent third parties "should weigh heavily in a court's balancing equation." *Olson v. Major League Baseball*, 29 F.4th 59, 91 (2d Cir. 2022) (quoting *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)).

      Confidential treatment is further justified here because JAZZ-LNTM-000000001 has "little bearing on whether the [summary judgment] motion should be granted," *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022), and is "only marginally relevant to the claims asserted in this case." *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021).

      Accordingly, the Jazz respectfully request that JAZZ-LNTM-000000001 (ECF 752-7) remains under seal.

Arnold & Porter

January 16, 2026
Page 4

                                  Respectfully Submitted,

                                  */s/ C. Scott Lent*
                                  C. Scott Lent
                                  ARNOLD & PORTER KAYE SCHOLER LLP
                                  250 W. 55th St.
                                  New York, NY 10019
                                  Tel: (212) 836-8220
                                  Fax: (212) 836-8689
                                  scott.lent@arnoldporter.com

                                  *Counsel for non-party SEG Basketball, LLC*

cc:    All Counsel of Record (via ECF)