**BakerHostetler**

Baker&Hostetler LLP

1900 Avenue of the Stars
Suite 2700
Los Angeles, CA  90067-4301

T  310.820.8800
F  310.820.8859
www.bakerlaw.com

Bridget S. McCabe
direct dial: 310.442.8844
bmccabe@bakerlaw.com

January 16, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

*Re:*     *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973-AS
          Non-Party Tampa Bay Arena, LLC's Letter Motion to Seal

Dear Judge Subramanian:

Pursuant to the Court's November 5, 2025 Order (ECF 685) (the "Order") and Rules 11(B) and 11(C)(i)-(iii) of the Court's Individual Practices in Civil Cases, I write on behalf of non-party Tampa Bay Arena, LLC ("Tampa Bay") to request that the Court maintain under seal a portion of one Tampa Bay document cited by Plaintiffs and Defendants (together, the "Parties") as an exhibit in connection with their summary judgement filings.  The exhibit is an active contract between Defendant, Ticketmaster, L.L.C. ("Ticketmaster") and Tampa Bay containing confidential and non-public current and future pricing and other financial terms; it was provisionally filed under seal by the Plaintiffs.  Tampa Bay respectfully requests that the Court maintain the confidential treatment by redacting a portion of the document, as indicated below and for the reasons set out below.

Tampa Bay conferred with the Parties by videoconference call on January 7, 2026; counsel for Plaintiffs and counsel for Defendants confirmed they do not oppose Tampa Bay's request.

Tampa Bay requests that the Court maintain under seal a portion of the following document filed in connection with the Parties' summary judgment filings: **Exhibit 172** to Plaintiffs' Summary Judgment Opposition Brief (filed under seal at **ECF 760-12**).  This is a current and active contract, produced by Tampa Bay as Confidential Business Information and marked as VSG-CID000000073-130.  Tampa Bay seeks to redact the entirety of every page that is <u>not</u> cited in the Parties' briefing, as reflected in the following table.

The Honorable Arun Subramanian
January 16, 2026
Page 2

<table>
<tr><td colspan="3" align="center">**Exhibit 172**<br>**Filed under seal at ECF 760-12**<br>**(VSG-CID000000073-130)**</td></tr>
<tr><td align="center">**Page or Page Range**</td><td align="center">**Redact?**</td><td align="center">**Tampa Bay's Request**</td></tr>
<tr><td>Page 1<br>(VSG-CID000000073)</td><td align="center">No</td><td>Tampa Bay does not request redactions on this page.<br>This page *is cited* by the Parties in their summary judgment briefing.</td></tr>
<tr><td>Pages 2-58<br>(VSG-CID000000074-130)</td><td align="center">Yes</td><td>Tampa Bay requests that the Court redact the entirety of each of the pages in this range. These pages *are not cited* anywhere in the Parties' summary judgment briefing.</td></tr>
</table>

Plaintiffs have represented that Tampa Bay's proposed redactions to this document were filed under seal with the Court at ECF 837-12, with highlights reflecting Tampa Bay's proposed redactions.

Exhibit 172 to Plaintiffs' summary judgment opposition is a current and active contract ("Active Contract") that contains highly confidential and commercially sensitive business information, including current and future non-public pricing and costs, that would cause Tampa Bay competitive harm if publicly disclosed. This non-public information is highly confidential and should be shielded from public disclosure to protect Tampa Bay's commercial interests and prevent competitive harm.

**Legal Standard**

Although courts recognize "a general presumption in favor of public access to judicial documents," *Collado v. City of N.Y.*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016), information and documents filed with the court may nevertheless be shielded from public disclosure if a party shows that protecting the document from disclosure "is essential to preserve higher values" and the request to seal "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Courts have found that "higher values" weighing in favor of shielding a document from public disclosure include both (1) protecting "the confidentiality of sensitive commercial information," *Kewazinga Corp. v. Google*, LLC, 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024), and (2) protecting "the privacy of innocent third parties," *McKoy v. Trump Corp.*, 2024 WL 3290160, at *1 (S.D.N.Y. July 2, 2024) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995)).[1]

---

[1] The Second Circuit applies a three-step test for analyzing whether a document may be sealed or redacted. *Lugosch*, 435 F.3d at 119-20. *First*, a court should assess whether the document at issue is a "judicial document" that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. *Second*, if the answer is yes, then a court must evaluate the weight to be accorded to the presumption of public access. *Id.* And *third*, the court must balance "competing considerations" against the presumption of access. *Id.* at 120. In essence, courts must balance the "common law right of public access to judicial documents" with "countervailing factors" such as the "privacy interests of those resisting disclosure." *Id.* at 119-20.

The Honorable Arun Subramanian
January 16, 2026
Page 3

## The Active Contract Should be Protected from Public Disclosure Because It Contains Confidential and Commercially Sensitive Information

Here, the single document at issue is a 58-page active and current contract that contains confidential and commercially sensitive business information, including non-public current and future pricing and other financial information.  The Parties only cited one paragraph on a single page of the Active Contract in their summary judgment papers; the remaining 57 pages are not referenced.

Tampa Bay seeks to maintain sealing on the 57 pages of the Active Contract that are not referenced in the Parties briefing (VSG-CID000000074-130).  This request is narrowly tailored because none of the 57 pages are invoked or cited in the Parties' motions.  The 57 pages do not advance the arguments made in the papers and for that reason, the public does not maintain a right to access these pages, which contain a non-party's confidential and commercially sensitive information.  Tampa Bay does not seek to redact the single page that the Parties do cite in their summary judgment papers and for that reason, the public's qualified "right of access" to the judicial document is satisfied.  *Lugosch*, 435 F.3d at 120.

These 57 pages of the Active Contract contain many specific and confidential terms that are core to the performance of the Active Contract.  These confidential contract terms contain Tampa Bay's commercially sensitive and competitive information that is not public and that is maintained by Tampa Bay as highly confidential, including current and future pricing, costs and other terms that are the result of competitive, arm's length negotiations between Tampa Bay and Defendants.  If these confidential terms were disclosed to the public, Tampa Bay would suffer commercial and competitive harm to its business because such terms could be leveraged by Tampa Bay's competitors to Tampa Bay's detriment.  Courts in this District have routinely permitted sealing or redacting documents in these circumstances. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *8 (S.D.N.Y. Jan. 17, 2023) (granting request to redact portions of a contract when the party would suffer harm if contract provisions are disclosed and the provisions reflected current practices, if revealed, "could be leveraged by competitors"); *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (granting Plaintiff's motion for leave to file certain exhibits in redacted form because the proposed redactions were limited to specific information which were "not relevant to the parties' legal dispute and implicate[d] legitimate privacy interests"); *see also ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, 2024 WL 1702383, at *2 (S.D.N.Y. Apr. 18, 2024) (granting plaintiff's motion to file the parties' contract under seal because it contained sensitive terms, conditions and pricing information).

The weight accorded to the presumption of public access is minimal here because Tampa Bay does not seek redactions on the only page of the Active Contract that is relevant to the Parties.  The rest of the 57 pages that Tampa Bay seeks to redact have no bearing on the Parties' summary judgment briefing.  *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022) (granting defendants' motion to seal when the sealed material had very little bearing on the issues).  Indeed, they are not even cited.  *See Mehta v. DLA Piper LLP*, 2025 WL 2771659, at *13 (S.D.N.Y. Sept. 29, 2025) (granting judicial documents to be filed under seal because "none of the

The Honorable Arun Subramanian
January 16, 2026
Page 4

material encompassed by the [requesting party's] sealing requests [was] particularly relevant to the issues posed by the [party's] summary judgment motion").

By contrast, public disclosure of the full terms of the Active Contract would subject Tampa Bay to serious risk of financial harm and competitive disadvantage. Tampa Bay maintains a strong interest in protecting the privacy of its confidential, competitive, and commercially sensitive information—particularly as a nonparty. Tampa Bay's interest is precisely the type of "higher value" that warrants shielding a document from public disclosure, particularly where, as here, the Parties have not even cited the pages Tampa Bay seeks to maintain under seal. *See Kewazinga*, 2024 WL 3442428, at *1; *McKoy*, 2024 WL 3290160, at *1.

Given the non-public, commercially sensitive nature of the material—and Tampa Bay's role as a non-party—Tampa Bay's interest in maintaining redactions for the Active Contract far outweighs any presumption in favor of public disclosure and Tampa Bay respectfully requests that the Court grant this Motion to maintain pages VSG-CID000000074-130 under seal by redacting them in their entirety.

Respectfully submitted,

*/s/ Bridget S. McCabe*

Bridget S. McCabe (*pro hac vice*)
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Tel: (310) 442-8844
Email: bmccabe@bakerlaw.com

*Counsel for Non-Party Tampa Bay Arena, LLC*

CC: All counsel of record (via ECF)