PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

New York
Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Wilmington

2001 K Street, NW
Washington, DC 20006-1047
+1 202 223 7300

**Benjamin Klein**
**Direct Dial:** +1 202 223 7317
**Email:** bklein@paulweiss.com

January 16, 2026

**VIA ECF AND EMAIL**

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:     *US et al.* v. *Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973 (AS)

Dear Judge Subramanian:

We write on behalf of our clients, the Florida Panthers Hockey Club, Ltd. and Arena Operating Company, Ltd. (collectively, "FPHC/AOC"), who are non-parties to the above-captioned case, in support of certain sealing and redaction requests identified by the parties in letter motions dated January 13, 2025 (Dkt. No. 849, 850).  We respectfully request that the Exhibits identified herein remain under seal, that the deposition testimony at issue be redacted as requested, and that any in-text quotations or descriptions of these materials in the Parties' filings remain redacted.

## I.     Legal Standard

While there is a general presumption in favor of public access to judicial documents, records may be sealed or redacted where "sealing is necessary to preserve higher values" and "the sealing order is narrowly tailored to achieve that aim."  *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at \*1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119–20).

A presumption of access may be outweighed by a party's interest in "protecting confidential business information" from disclosure that would subject it to "financial harm" or a "significant competitive advantage." *Standard Inv. Chartered, Inc.* v. *Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).  Accordingly, "[c]ourts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy

the sealing standard." *Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021). Documents that reveal the terms of contracts or content of confidential negotiations are among the types of files that courts routinely recognize as justifying protection from the public view when used in litigation. *See, e.g., Capri Sun GmbH* v. *Am. Bev. Corp.*, 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd.* v. *Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

These countervailing factors are given even greater weight where, as here, the confidential information of a *non-party* is at stake. *See, e.g.*, *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information).

## II.    The Court Should Honor FPHC/AOC's Sealing and Redaction Requests

As set forth in more detail in Section III, Section IV, and Appendix A, the FPHC/AOC materials at issue include highly sensitive business information in the form of FPHC/AOC contracts, internal discussions and deliberations regarding those contracts, and excerpts from the deposition transcript of former FPHC President and CEO Matthew Caldwell ("Caldwell Deposition Transcript") discussing confidential contractual terms, proposed contractual terms, negotiation positions, strategic business planning, vendor analysis, and other sensitive, non-public business information. The redaction and sealing requests all concern one or more of the categories identified as "highly confidential" in paragraph two of the Amended Protective Order (Dkt. No. 347) and involve "current or future business practices": "confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions)," "trade secrets," "non-public financial, marketing, or strategic business planning information," and "non-public information regarding prices, costs, or margins."

More broadly, the requested sealing and redactions are warranted because the risk of competitive harm to FPHC/AOC—an innocent non-party in this dispute—is extremely high. Counterparties in future negotiations would gain significant leverage over FPHC/AOC if they had access to this information. That risk outweighs the presumption of public access to judicial documents. *See Oliver Wyman, Inc.* v. *Eielson*, 282 F. Supp. 3d 684, 704–08 (S.D.N.Y. 2017) (sealing documents that, if disclosed, would "harm a litigant's competitive standing"); *Dodona I*, 119 F. Supp. 3d at 156–57 (sealing "information concerning . . . trading strategies, objectives and transactions," "information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information."); *see also Amodeo*, 71 F.3d at 1050–51 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."). FPHC/AOC's sealing and redaction requests are narrowly tailored, preserve the public's interest in access to judicial records, and overcome the presumption in favor of public access. *KeyBank Nat'l*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                3

*Assn.* v. *Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where the party "narrowly tailored [its] redactions, strictly limiting them to the portion of the [document] containing [confidential] information"); *Lugosch*, 435 F.3d at 119–20.

### III.    FPHC/AOC Documents and Testimony Filed Under Seal by Plaintiffs

First, Plaintiffs identified as a document to be sealed in full Exhibit 87 to their Motion for Summary Judgment Opposition in their January 13, 2025 letter motion (Dkt. No. 849, at 3). That document is a highly confidential FPHC/AOC email communication (FPHC-00004942). The bottom email in the chain discusses with a counterparty "proposed contractual terms" while the top email contains "internal deliberations about negotiating positions." (Dkt. No. 347, at ¶ 2(f)). For these reasons, FPHC/AOC request that the document remain sealed.

Second, while not expressly identified in Plaintiffs' January 13, 2025 letter motion, Plaintiffs have represented to FPHC/AOC that they have quoted from page 108 of the Caldwell Deposition Transcript in their recent submissions to this Court, which is cited as Exhibit 90 to Defendants' Summary Judgment Motion. Page 108 of that document should be redacted in the form FPHC/AOC specified to the parties, namely the text in Lines 1–5, 19–20, 23, and 25; Plaintiffs have advised FPHC that those redaction markings appear in the version of Exhibit 90 submitted to the Court by Defendants. The redaction to the text in Lines 1–5 concerns a business motivation and "negotiating position" for a specific provision in an active FPHC/AOC contract. (Dkt. No. 347, at ¶ 2(f)). The redactions to the text in Lines 19–20, 23, and 25 are intended to protect the identity of that contract.

### IV.    FPHC/AOC Documents and Testimony Filed Under Seal by Defendants

Defendants' January 13, 2025 and January 16, 2025 letter motions (Dkt. No. 850; Dkt. No. pending) identify one FPHC/AOC document and multiple excerpts from the Caldwell Deposition Transcript. For the reasons set forth in <u>Appendix A</u> (attached), these records present a significant risk of competitive harm to FPHC/AOC if disclosed, particularly in future business dealings as well as business negotiations with current counterparties.

### V.    Conclusion

FPHC/AOC respectfully request that the Exhibits identified above remain under seal, that the Caldwell Deposition Transcript be redacted as requested, and that any in-text quotations or descriptions of these materials in the Parties' filings similarly remain redacted.

Respectfully Submitted,

*/s/ Benjamin Klein*
Benjamin Klein

CC: All counsel of record (via ECF)