

Nixon Peabody LLP
799 9th Street NW
Suite 500
Washington, DC  20001-5327
**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Gordon L. Lang**
Partner

T / 202.585.8319
F / 866.947.3542
glang@nixonpeabody.com

January 16, 2026

**<u>Via ECF</u>**

The Honorable Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: <u>United States et al. v. Live Nation Entertainment, Inc. et al.</u>, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party Outback Presents, LLC ("Outback"), under the Court's November 5, 2026 Order (ECF 685) and Individual Practices in Civil Actions, ¶11(c)(iii), respectfully requests in this motion:

> 1) that Outback document 075188 (filed by Plaintiffs as Plaintiffs' Exhibit 291, "Outback 075188"), which Outback produced in discovery in this action and designated as Highly Confidential under the Court's Protective Order, be filed on the public record only in the redacted form submitted with this motion (Ex. A); and

> 2) that the text in Plaintiffs' Counterstatement of Material Facts in Support of their Opposition to Defendants' Motion for Summary Judgment, ¶182 (ECF 763, "Plaintiffs' Counterstatement") and Defendants' Rule 56.1 Response to Plaintiffs' Counterstatement, ¶182 (ECF 799, "Defendants' Rule 56.1 Response") which includes information from Outback 075188 be redacted from any public record filing of those submissions.[1]

The proposed redactions are necessary to protect Outback from substantial competitive and commercial harm from the disclosure of its confidential competitive and commercial information. In support of this motion, Outback submits the declaration of its Chief Operating Officer Eli T. Ullum (Ex. B), and files under seal the unredacted version of Outback 075188 with Outback's proposed redactions highlighted.

Outback provided its proposed redactions to the parties on January 6, 2026, and has received no objection.

---

[1] Plaintiffs' Counterstatement and Defendants' Rule 56.1 Response are under seal. Outback understands that the parties submitted a copy of those documents to the Court with Outback's proposed redactions highlighted.

**Outback is a competitor of Live Nation, the redactions sought are necessary to protect Outback from substantial competitive and commercial harm, and the potential harm to Outback outweighs any presumption of public access.**

Outback is an independent full-service promoter of live entertainment, including music and comedy shows.   Ex. B, Ullum Decl., ℙ2. Defendant Live Nation is a direct and extremely substantial competitor, and Outback competes with other promoters as well. Outback also sometimes rents venues which Live Nation owns and/or operates and sometimes has business arrangements with other promoters. *Id*. Defendant Ticketmaster L.L.C. is often the provider of primary ticketing services on shows Outback promotes, and Outback occasionally has business arrangements directly with Ticketmaster. *Id*.

Outback 075188 includes Outback's highly confidential competitive and commercial information, including detailed financial information (including projected financial information), such as sales and revenues, costs, profits, margins, and performance; business and marketing strategies, and methods and plans for expansion and growth; analyses of business and prospects; and information concerning Outback's relationships with artists and their representatives, venues, and others. *Id*., ℙ4.

If that highly confidential competitive and commercial information were made public, the potential impact on Outback would be devastating. *Id*. ,ℙ5.  Simply put, Live Nation and other competitors could use the information to their competitive advantage and Outback's competitive disadvantage, including in obtaining and maintaining contracts and relationships with artists, their agents, and others*. Id*.

Courts in the Second Circuit typically apply a three-step analysis in evaluating requests to seal confidential materials.   First, the court determines whether the materials are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If the materials are "judicial documents," the court then determines the weight of the presumption of common law access, and balances the presumption against any competing considerations, including the "privacy interests of those resisting disclosure." *Id*., at 119-120.

Outback does not dispute that Outback 075188, Plaintiffs' Counterstatement, and Defendants' Rule 56.1 Statement are "judicial documents." But any presumption of public access is weak, and the potential devastating harm to Outback outweighs any interest in public disclosure.

First, Outback 075188 is at most tangential to the issues on summary judgment. Plaintiffs' Counterstatement includes only a portion of information from one page of Outback 075188; Defendants' Rule 56.1 Statement includes only a portion of information from another page; and both concern the same narrow subject. Any presumption of access to the entirety of the fifty-page Outback 075188 or in Plaintiffs' Counterstatement and Defendants' Rule 56.1 Statement is insubstantial. *See Mehta v. DLA Piper LLP*, 2025 WL 2771659 at *13 (S.D.N.Y. 2025) (redactions permitted where "none of the material encompassed by [the] sealing requests is particularly relevant to the issues posed by the…summary judgment motion.)

Second, and crucially, the competitive and commercial harm to Outback if the proposed redacted material were made public outweighs any public interest in access to Outback's highly confidential material. The information that Outback seeks to protect is precisely what the courts

2

have held appropriate to seal.  *See Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018 ("categories commonly sealed" include "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like," and sealing customer information.)  And the courts have long recognized the importance of avoiding the disclosure of confidential information that "that might harm…competitive standing."  *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp.3d 684, 706 (S.D.N.Y. 2017).

Finally, the "privacy interests of innocent third parties should weigh heavily in a court's balancing equation."  *United States v. Amodeo*, 71 F.3d 1044, 1050-51, (2d. Cir.  1995); *Oliver Wyman*, 282 F. Supp. 3d at 706.  Outback is not a party to this antitrust action and is a competitor of Defendant Live Nation. Its privacy interests weigh heavily, and its motion should be granted.

Respectfully submitted,

/s/ Gordon L. Lang

Nixon Peabody LLP
Counsel for Non-Party Outback Presents, LLC

3