

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**R. Adam Lauridsen**
(415) 773-6686
alauridsen@keker.com

January 16, 2026

The Honorable Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re:    *United States v. Live Nation Entertainment*, No. 1:24-cv-3973-AS – Tickets.com, LLC
       Letter in Support of Plaintiffs' Request to Seal Materials

Dear Judge Subramanian:

I represent third-party Tickets.com, LLC ("TDC") in the above-referenced matter.  Pursuant to Standing Order 19-MC-583, Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, and this Court's Individual Practices in Civil Cases, TDC submits this letter-motion in support of Plaintiffs' request to seal certain TDC materials submitted as exhibits to their summary judgment filings.  *See* Dkt. No. 849.  TDC requests to seal portions of the deposition of Joe Choti, a TDC employee, that contain competitively sensitive information.  Plaintiffs informed TDC that this material appears at Plaintiffs' Exhibit 110 (Deposition of Joe Choti), cited in support of ECF 759 ("RUSF") ¶ 1 and ECF 763 ("COMF") ¶¶ 201, 214.  TDC's privacy interests in that information outweigh any need for public access.

***First***, TDC requests to seal Mr. Choti's deposition testimony at 33:14-36:17 because it reflects competitively sensitive information that a third party confidentially shared with TDC.  "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" of whether to keep materials under seal.  *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (citation omitted).  Protecting a third party's privacy interests in their "business and financial records[] represents a legitimate basis for sealing."  *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).  Here, TDC has a significant privacy interest in information that a third party shared with TDC about its business and competition, and that interest outweighs the public's right to access judicial documents.  TDC thus requests that the Court seal the requested potion of Mr. Choti's deposition testimony.

***Second***, TDC seeks to redact the identities of TDC's potential clients discussed in Mr. Choti's depositions on pages 37-39 because that non-public information is competitively sensitive.  Other courts have sealed the identities of customers and business partners because they have "significant privacy interests."  *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023); *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept.

3996585

January 16, 2026
Page 2

26, 2022) (sealing clients' identities due to risk of competitive harm). Here, because TDC is a third party, there are heightened privacy interests in its potential clients. *See DBW Partners LLC v. BTG Pactual Asset Mgmt. US L.L.C.*, 2025 WL 3000234, at \*2 (S.D.N.Y. Oct. 24, 2025) (sealing identifying information about third party's clients). TDC's privacy interests outweigh the public's right to access judicial documents. Accordingly, TDC requests that the identities of its potential clients remain under seal.

In sum, TDC's narrow request to seal pertains only to a few pages of deposition testimony and potential clients' identities. Public disclosure of that information would cause competitive harm to TDC, and such harm outweighs the public's right of access.

Very truly yours,

KEKER, VAN NEST & PETERS LLP

R. Adam Lauridsen

3996585