<u>**Via ECF**</u>

The Honorable Arun Subramanian                                    January 16, 2026
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re:    *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

Plaintiffs write in response to Defendants' letter motion to seal or redact substantial portions of the Summary Judgment and *Daubert* briefs, exhibits, and ancillary papers (the "Materials"), which are subject to a strong presumption of public access. ECF 850. Defendants failed to "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection," *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 209 (E.D.N.Y. 2024), and thus cannot meet their "heavy burden." *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705 (S.D.N.Y. 2017). Plaintiffs respectfully request this Court deny certain of Defendants' requests as set forth in Appendix A ("Pls. Appx.").[1]

To evaluate a motion to seal, courts in the Second Circuit apply a three-pronged test, which (1) determines whether the relevant documents are "judicial documents," (2) considers the "weight" of the "common law presumption of access," and finally (3) "balance[s] competing considerations," including private interests. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted). "[D]ocuments submitted to a court for its consideration in a summary judgment motion are— as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121. Likewise, a "significant" presumption of access attaches to documents submitted to in connection with *Daubert* motions. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023).

Without citing any authority, Defendants wrongly contend that for various categories of documents the presumption of public access is "low," "minimal" or "weak," *see* ECF 850 at 2–3. But the Materials at issue here are *all* entitled to a strong presumption of public access, "regardless of the role the specific document plays in a court's adjudication of a motion." *In re Keurig*, 2023 WL 196134 at *2 (citing *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) ("We have expressly rejected the proposition that 'different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving a motion for summary judgment.'")). Defendants also fail to acknowledge—let alone address—the separate First Amendment right of public access that applies to the Materials. The strong First Amendment presumption mandates that "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Brown*, 929 F.3d at 47 (quoting *Lugosch*, 435 F.3d at 124).

While "countervailing considerations . . . may overcome even strong presumptions of public access," Defendants seek to redact or seal whole categories of documents that are far

---

[1] All references to the underlying Materials throughout this letter correspond to the entries in Plaintiffs' Appendix A for the corresponding exhibit.

broader than the limited type of information that can overcome the strong presumption of public access. *In re Keurig*, 2023 WL 196134 at *3. Indeed, Defendants mistakenly conflate the standard for designating material as confidential under the amended protective order with the much higher standard that applies to sealing judicial documents, ECF 347 ¶ 2. "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

Documents falling within the broad categories identified in Defendants' motion are not automatically eligible for sealing. *See In re Keurig*, 2023 WL 196134, at *7 (declining to seal "customer contractual information," "commercially sensitive information," such as "margin and pricing data" or "transaction data"). Defendants' failure to explain how the specific information contained within each document is competitively sensitive or how harm will result if it is disclosed is fatal to Defendants' request to seal.[2]

Defendants' overbroad redactions based on these categories seek to seal information courts have regularly held should be made public. First, information, including pricing data, that is public and already available to external parties "[c]learly" does not qualify as confidential. *Yador v. Mowatt*, 2025 WL 1707616, at *2 (E.D.N.Y. June 18, 2025) (quoting *United Techs. Corp., Pratt & Whitney Aircraft Grp. v. Marshall*, 464 F. Supp. 845, 854 (D. Conn. 1979)). Defendants seek to seal such public information. *See e.g.* ECF 803-1 MSJ Ex. 146 (sealing publicly available information regarding venue size), ECF 803-14 MSJ Ex. 159 (redacting information publicly available about a competitor), 753-8 Meyer Daubert Ex. 6 (redacting revenue and expense numbers publicly reported in Defendants' 10-K filings).

Second, Defendants seek to seal information that is stale and no longer competitively sensitive, to the extent it ever was. "[T]he older the information is, the less appropriate it is to seal that information." *In re Keurig*, 2023 WL 196134, at *4. *See also Dawson v. Merck & Co.*, 2021 WL 242148, at *8 (E.D.N.Y. Jan. 24, 2021) ("Stale business records cannot support the necessary finding of harm."). The cases Defendants' cite permit sealing of only current or future pricing or competitive information; yet, Defendants' requests pertain to documents that are several years old. *See, e.g.*, ECF 693-3 MSJ Ex. 43 (redacting information from an expired 2016 contract), ECF 693-11 MSJ Ex. 51 (sealing in full a tour proposal from 2015), ECF 693-12 MSJ Ex. 52 (sealing in full a tour proposal from 2018).

Third, Defendants seek to seal information known to or originating with non-parties, even though some of those non-parties have not themselves sought to seal the information. To be sure, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Olson v. Major League Baseball*, 29 F.4th 59, 91 (2d Cir. 2022) (quoting *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)). But, Defendants wrongly claim privacy interests for non-parties who themselves have consented to the public release of the information. For example, Defendants seek to redact the testimony of several industry participants who did not themselves seek redaction, purportedly because their testimony somehow reflects "Defendants' confidential and competitively sensitive business information." Defendants have not explained how release of such information, previously shared with others,

---

[2] Plaintiffs recognize that some "Sensitive personal information," may warrant sealing and do not oppose the sealing of personal phone numbers, addresses, and emails so long as the identity of the relevant individual is not redacted.

would harm Defendants or competition to such a degree as to overcome the strong presumption of public. *See, e.g.*, ECF 695-16 MSJ Ex. 89 (testimony of Dave Brown, an independent non-party), ECF 696-17 MSJ Ex. 138 (testimony of Sharif Talukder, an employee of a non-party Ticketmaster client that has not sought to seal the testimony). Defendants go so far as to request the redaction of a non-party's internal emails attaching a document created by a Ticketmaster competitor. *See* ECF 803-6 MSJ Ex. 151 (boilerplate assertion that document contains "Defendants' confidential and competitively sensitive business information, including confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions)").

Fourth, Defendants requests are overbroad and seek redaction of information that is high-level and not competitively sensitive. While "[t]he need to protect sensitive commercial information from disclosure to competitors seeking an advantage" may merit redaction or sealing, *In re Keurig*, 2023 WL 196134, at *3 (internal quotation marks omitted), such a redaction must be "narrowly tailored." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021). Furthermore, it must be accompanied by specific findings: "vague and unspecified business concerns" are insufficient to justify sealing. *Id.* at 2 (quoting *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019)). Plaintiffs do not object to narrowly redacting current pricing information, *see e.g.* ECF 803-7 MSJ Ex. 152 (Plaintiffs' response requesting the Court reject Defendants' overbroad sealing request and instead redact only numbers contained in the document).

Lastly, in their motion, Defendants rely heavily on *Mehta v. DLA Piper LLP*, 2025 WL 2771659, at *13 (S.D.N.Y. Sept. 29, 2025), to argue broad sealing is warranted because it is not necessary to "dive into the minutiae of the firm's privileged and confidential communications" to understand whether there is a triable issue of fact. But in *Mehta*, the court held that "with respect to Mehta's discrimination, retaliation, and interference claims," it was not necessary to disclose the information. *Id.* By contrast, here, Defendants have put at issue the very material they seek to withhold from the public and the "business details . . . are an inextricable part of this case." *In re Keurig*, 2023 WL 196134, at *8. Defendants' Motion for Summary Judgment and *Daubert* challenged Plaintiffs' allegations regarding market definition and ticketing contracting practices, among other issues. Accordingly, Defendants' ordinary course business documents related to these issues, which Defendants seek to seal, are highly relevant to the Court's resolution of the pending motions, and therefore also of central interest to the public. *See e.g.*, ECF 799, Defendants' Response to Plaintiffs' Counterstatement of Material Fact ¶ 21 (redacting testimony by a Live Nation employee concerning how the company analyzes and categorizes different types of venues), ¶ 81 (redacting a single word in Ticketmaster's agreement with OVG—a central document in Plaintiffs' case—and Defendants' legal position on that document), ¶¶ 93, 96 (redacting summary statistics concerning Defendants' ticketing contract renewal rates and high-level references to renewal strategies).

Plaintiffs, therefore, respectfully request the Court deny Defendants' requests to redact or seal the Materials as set forth in the attached chart.

Respectfully submitted,

/s/ Bonny Sweeney
BONNY SWEENEY
*Co-Lead Trial Counsel*
DAVID DAHLQUIST
*Co-Lead Trial Counsel*
RACHEL HICKS
JANELLE ROBINS
DAVID TESLICKO
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Email:Bonny.Sweeney@usdoj.gov


*Attorneys for Plaintiff*
*United States of America*

4

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email:  amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Brent K. Nakamura
Brent K. Nakamura (admitted *pro hac vice)*
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 9200-6
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Victoria Maria Orton Field
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

5

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

/s/ Lee Morris
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
*Attorney for Plaintiff State of Mississippi*

/s/ Justin C. McCully
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Andrew F. Esoldi
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

/s/ Jonathan Hatch
Jonathan Hatch
Assistant Attorney General
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

/s/ Evan Crocker
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

/s/ Francisco Benzoni
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

/s/ Sarah Mader
Sarah Mader (admitted *pro hac vice)*
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

/s/ Cameron R. Capps
Cameron R. Capps (admitted *pro hac vice*)
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma  73105
Telephone:  (405) 522-0858
Fax:  (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*

/s/ Gina Ko
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ Paul T.J. Meosky
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ Jared Q. Libet
Jared Q. Libet (admitted *pro hac vice*)
Assistant Deputy Attorney General
Office of the Attorney General of South
Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South
Carolina*

/s/ Jacob R. Dempsey
By: Jacob R. Dempsey (admitted *pro hac
vice*) Assistant Attorney General
1302 East Highway 1889, Suite 1
Pierre SD 57501-8501
Email: jacob.dempsey@state.sd.us
Telephone: (605) 773-3215
(SD Bar No. 5025)
*Attorney for Plaintiff State of South Dakota*

/s/ Hamilton Millwee
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and
Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust
Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

/s/ Marie W.L. Martin
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

/s/ Sarah L. J. Aceves
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

/s/ David C. Smith
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia*

/s/ Ashley A. Locke
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

9

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

*/s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*