

O'Melveny & Myers LLP
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

January 16, 2026

**Pete Herrick**
D: +1 212 326 2145
pherrick@omm.com

**VIA ECF**

The Honorable Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:     ***United States et al. v. Live Nation Entertainment, Inc. et al., 1:24-cv-03973-AS (S.D.N.Y.)***

Dear Judge Subramanian:

I represent Irving Azoff and The Azoff Company Holdings LLC (collectively, "Azoff"), non-parties to the above-captioned action. Pursuant to the Court's November 5, 2025 order (ECF No. 685), I respectfully write in support of our request to redact portions of documents associated with Azoff filed by the parties in their recent summary judgment or *Daubert* briefing.

Mr. Azoff is an artist manager who works with and for artists on various aspects of their careers. Azoff has produced documents, deposition testimony, and information to the plaintiffs in this action in response to a third-party subpoena and in compliance with pre-suit investigatory demands. The documents that Azoff has produced contain highly confidential and sensitive information about Azoff's clients and business partners, including not only Azoff's proprietary information but also private information about Azoff-managed artists. As part of the parties' summary judgment and *Daubert* briefing, the parties cited to certain documents and testimony provided by Azoff containing highly sensitive and confidential information from Azoff and other non-parties, including artists managed by Azoff who have no involvement or interest in this litigation. Consistent with the Court's guidance that "the gut reaction of keeping everything confidential should be rejected" (ECF No. 817), Azoff now seeks narrowly tailored and limited redactions to adequately protect the privacy interests of Azoff and other innocent non-parties. *See* ECF Nos. 849, 850-1.

While the Second Circuit recognizes a presumption of public access to judicial documents, it allows redactions where countervailing interests outweigh that presumption, as is the case here. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044,

O'Melveny

1049 (2d Cir. 1995) ("*Amodeo II*"). As the Second Circuit has recognized, "[u]nlimited access to every item turned up in the course of litigation would be unthinkable" and "an abundance of statements and documents generated in federal litigation actually have little or no bearing on the exercise of Article III judicial power." *Id.* at 1048. "Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach[.]" *Id.* at 1050. "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050). Paramount to that balancing is "[t]he privacy interests of innocent third parties" which "should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F. 3d at 1050 (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79–80 (2d Cir. 1990)). "Such interests establish a 'venerable common law exception to the presumption of access.'" *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *Amodeo II*, 71 F. 3d at 1051; *see also N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024) (reasoning that the privacy interests of innocent third parties outweighed the presumption of public access to materials about the parties' "identity, the terms of financial negotiations, contracts, . . . [and] commercial relations").

In keeping with Second Circuit precedent, Azoff seeks limited redactions of the following materials, as explained below.

| ECF No. | Document | Basis for Request |
|---|---|---|
| 696-24; 717-5<br><br>Proposed redactions: 857-1 | MSJ Ex. 145 - Hill, Nicholas Tr.; Hill Daubert Ex. 5 – Hill, Nicholas Tr. | Azoff seeks limited redactions from page 321 of Nicholas Hill's deposition transcript of "sensitive personally identifiable information" of a non-party, which is protected under the Protective Order, ECF No. 347 ¶ 2(h), and whose identity is not relevant to the underlying motion. *See Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 CIV. 4352 PKC, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (allowing redaction to deposition transcript of individuals who are "not parties to this litigation" and whose "identities are irrelevant to the motion").<br><br>The redaction is also necessary given that the cited passage if left unredacted is "more likely to mislead than to inform the public." *See Amodeo II*, 71 F.3d at 1052. The cited passage inaccurately summarizes the testimony of a non-party, which could lead to "[r]eputations [ ] impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information." *See id.* at 1048–49. |

O'Melveny

| ECF No. | Document | Basis for Request |
|---|---|---|
| 752-5<br><br>Proposed redactions: 835-5 | Pl. Ex. 45 (AZOFF-DOJ-000076458) | Azoff seeks limited redactions from a document produced by Azoff reflecting "sensitive personally identifiable information" of a third party, "current or future non-public financial, marketing, or strategic business planning information" and "evaluation of the strengths and vulnerabilities of product or service offerings[,]" which are protected under the Protective Order, ECF No. 347 ¶¶ 2(b), (e), (h).<br><br>This document is particularly sensitive because it references specific strategic decisions made by Azoff on behalf of non-party artists, the disclosure of which could cause serious competitive and financial harm. *See Rowe v. Google LLC*, No. 19 CIV. 8655 (LGS), 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) ("Preventing competitive harm is a countervailing interest that can override the public right of access."); *Matter of Upper Brook Companies*, No. 22-MC-97 (PKC), 2023 WL 172003, at *5 (S.D.N.Y. Jan. 12, 2023) ("A presumption of access may be outweighed by a party's interest in 'protecting confidential business information' from disclosure that would subject it to 'financial harm' or a 'significant competitive advantage.'"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting redaction request for documents related to "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'") (quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606, 614 (S.D.N.Y.1998)). |
| 752-10<br><br>Proposed redactions: filed contemporaneously | Pl. Ex. 50 | Azoff seeks limited redactions from pages 31 and 230 of Irving Azoff's deposition transcript reflecting "sensitive personally identifiable information" of a third party, "current or future non-public financial, marketing, or strategic business planning information" and "confidential contractual terms, proposed contractual terms, |

O'Melveny

| ECF No. | Document | Basis for Request |
|---|---|---|
| | | or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Defendants or competitors or customers of Defendants[,]" which are protected under the Protective Order, ECF No. 347 ¶¶ 2(b), (f), (h). <br><br> The testimony is particularly sensitive because it references the identities of artists managed by Azoff and the specific advice offered and contractual terms obtained by Azoff for these artists, the disclosure of which could cause serious competitive and financial harm. *See Rowe*, 2022 WL 4467628, at *2 ("Preventing competitive harm is a countervailing interest that can override the public right of access."); *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 14–CV–2270, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) ("The proposed redactions are limited to specific 'financial figures and customer information,' which are not relevant to the parties legal dispute and implicate legitimate privacy interests."); *Matter of Upper Brook Companies*, 2023 WL 172003, at *5 ("A presumption of access may be outweighed by a party's interest in 'protecting confidential business information' from disclosure that would subject it to 'financial harm' or a 'significant competitive advantage.'"); *Cohen*, 2011 WL 4336679, at *2 (allowing redaction to deposition transcript of individuals who are "not parties to this litigation" and whose "identities are irrelevant to the motion"). <br><br> Azoff provided Plaintiffs with its position on redactions to Pl. Ex. 50 on January 12, 2026. Plaintiffs inadvertently filed an incorrect version of the redactions requested by Azoff on January 13, 2026. *See* ECF No. 835-10. As a result, Azoff files the correct requested redactions to Pl. Ex. 50 contemporaneously with this letter. |

O'Melveny

Counsel for Azoff has met and conferred with counsel for the parties, and the parties take no position on Azoff's requested redactions. Accordingly, Azoff respectfully requests that the Court grant its request to redact the information contained in the documents identified in the above table.

Respectfully submitted,

Pete Herrick
Partner
of O'MELVENY & MYERS LLP