

**Bryan Cave Leighton Paisner**

Emmet P. Ong
Partner
emmet.ong@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York  NY 10104 3300
T: +1 212 541 2000
F: +1 212 541 4630
bclplaw.com

**VIA ECF**

The Honorable Arun Subramanian                    January 16, 2026
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

**RE:    *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS**

Dear Judge Subramanian:

We write on behalf of non-parties Minnesota Hockey Ventures Group, LP, Minnesota Wild Hockey Club, LP, and Saint Paul Arena Company, LLC (collectively, the "Wild") in connection with the above-referenced matter. Pursuant to Rules 11(B) and 11(C)(i)–(ii) of this Court's Individual Practices in Civil Cases and the Court's November 5, 2025, order (ECF No. 685), and in response to the parties' January 13, 2026 letter motions (ECF Nos. 849-50), the Wild respectfully submits this letter-motion seeking to request that select Highly Confidential Information of the Wild filed by Plaintiffs and Defendants within summary judgment briefing, and supporting exhibits and Local Rule 56.1 statements remains under seal (the "MSJ Briefing").

During discovery, the Wild produced materials and provided testimony concerning its internal, confidential business practices, which reflected contract negotiation positions and non-public financial information. Pursuant to the governing Amended Protective Order in this matter (ECF No. 347), the Wild designated certain documents within its productions, including MNWILD_000003968-69 and certain text of the depositions of Mitchell Helgerson and Jack Larson, as "Highly Confidential." Under the Amended Protective Order, "Highly Confidential Information" is defined to include "current or future non-public information regarding prices, costs, or margins" as well as "current or future non-public financial, marketing, or strategic business planning information." Am. Protective Order, ¶ 2(b), (c). The Amended Protective Order further specifies that when information greater than three years old "discloses current or future business practices or competitive strategies" such material may be considered Highly Confidential Information. Am. Protective Order, ¶ 2.

On January 6, after meeting and conferring with the parties, the Wild provided its formal position that select documents and text should remain under seal. The parties did not object to the relief that the Wild seeks with this letter-motion.

With this motion, the Wild does not request that all its Confidential or Highly Confidential information remain under seal but instead proposes "reasonable and razor-sharp" sealing and



BCLP.

Bryan Cave Leighton Paisner

redactions, pursuant to the Court's December 30, 2025, order (ECF No. 817). The Wild seeks to redact or seal only those documents, or the portions thereof, whose disclosure could cause material and significant competitive or commercial harm.

In particular, the Wild requests the sealing of:

| Dkt. No. | Document | Scope of Request | Basis for Sealing |
|---|---|---|---|
| 694-4 | MSJ Ex. 109 – Helgerson Mitchell Tr. | Redactions | The Wild requests limited redaction of portions of Mr. Helgerson's testimony that describe negotiations between the Wild and ticketers, including the Wild's internal, highly confidential analysis of the financial impacts of contracting with each ticketer. |
| 690 | Defendants' Rule 56.1 Statement | Redaction | The Wild requests limited redaction of the Defendants' summary of Wild witness testimony describing the Wild's highly confidential contract negotiating position. |
| 749-20, 751-1 | Plaintiffs' Exhibits 100-101 | Sealing of exhibits | MNWILD_000003968-69 contains the Wild's analysis and summary of contract negotiations, including its highly confidential financial analysis of the same. |
| 759 | Plaintiffs' Response to Defendants' Local 56.1 Statement | Redaction | The Wild requests limited redaction of the Plaintiffs' summary of highly confidential financial information and contract negotiations analysis contained within MNWILD_000003968-69. |
| 763 | Plaintiffs' Counterstatement of Material Facts | Redaction | The Wild requests limited redaction of the quoted testimony from Mr. Helgerson and the Plaintiffs' summary of the same as such information contains the Wild's highly confidential contract negotiating position. |
| 799 | Defendants' Response to COMFS | Redaction | The Wild requests limited redaction of the quoted testimony from Mr. Larson and the Defendants' summary of the same as such information contains the Wild's highly confidential contract negotiating position. |
| 803-3 | MSJ Ex. 148 – Larson, John Tr. | Redaction | The Wild requests limited redaction of portions of Mr. Larson's testimony that describe negotiations between the Wild and ticketers, including the Wild's internal, highly confidential analysis of the impacts of contracting with each ticketer. |



The Wild's request to seal these very materials within the MSJ Briefing comports with the standards for sealing set forth by this Court and the Second Circuit. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance any competing considerations. *Id*. at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id*. at 120 (internal citations omitted).

The Wild's privacy interests, and the competitive harm that public disclosure would do to the Wild, weigh in favor of maintaining the very limited redaction of the text and the sealing of two documents within the MSJ Briefing. The substance of the text within the MSJ Briefing, the deposition testimony of the two Wild witnesses, and MNWILD_000003968-69 contain categories of information commonly sealed. *See Cumberland Packing Corp. v. Monsanto Co*., 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (granting request to seal "revenue information, pricing information, and the like"); *Dodona I, LLC v. Goldman, Sachs & Co*., 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (granting request to seal "information concerning their trading strategies, objectives and transactions").

The Wild's role as a third-party also supports continuing to maintain these materials under seal. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) (citations omitted) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024) (recognizing that the privacy interests of an innocent third party outweighed the presumption of access to materials about the party's "identity, the terms of financial negotiations, contracts, . . . [and] commercial relations").

Indeed, the documents and testimony contain extensive discussion of non-public, financial information and the Wild's negotiating strategies. These materials reflect confidential contract negotiating strategies, the disclosure of which is "likely to cause material and significant competitive or commercial harm." ECF No. 347 ¶ 2(f). Moreover, the Wild provided testimony with the expectation that it would not become public. Courts have redacted testimony in cases "where the questions were likely only permitted -- and the responses only compelled -- because of a strong expectation of continued confidentiality." *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019). While the negotiations described and analyzed in the Wild's confidential information occurred in 2019, that agreement with Defendants is still in place. Exposing the Wild's analysis of its strategic priorities and the strengths of each potential partnership risks undermining the Wild's competitive positioning and harming the Wild's ability to negotiate a new ticketing agreement in the future. *See Alexander Interactive, Inc. v. Adorama, Inc*., No. 12-cv-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (finding non-party's interest to keep its "confidential information about its relationship with its dealer-customer" to "outweigh the public interest in access to judicial documents" and sealing such information). The Wild would suffer irreparable harm and serious competitive and commercial injury if its competitors, its vendors, or the public were given access to this highly confidential strategic information.

3



For the foregoing reasons, the Wild respectfully requests that this unopposed letter-motion be granted in its entirety and that select highly confidential information in the MSJ Briefing remain under seal.

Respectfully submitted,

        BRYAN CAVE LEIGHTON PAISNER LLP

        */s/ Emmet P. Ong*
        Emmet P. Ong (NY Bar No. 4581369)
        Three Embarcadero Center, 7th Floor
        San Francisco, CA 94111-4070
        Telephone: (415) 675-3459
        E-mail: emmet.ong@bclplaw.com

        *Attorneys for Minnesota Hockey Ventures Group, LP, Minnesota Wild Hockey Club, LP, and Saint Paul Arena Company, LLC*

cc:    All counsel of record (via ECF)

       Rebecca A. D. Nelson (rebecca.nelson@bclplaw.com)
       Emilee Hargis (emilee.hargis@bclplaw.com)