**RSW** **BREAZEALE, SACHSE & WILSON, L.L.P.** | ATTORNEYS AT LAW

**CATHERINE M. MARAIST**
Partner
Catherine.Maraist@bswllp.com

DIRECT DIAL: (225) 381-3168
CORPORATE PHONE: (225) 387-4000
FAX: (225) 381-8029
One American Place, 23rd Floor (70825)
301 Main Street (70801)
P. O. Box 3197
Baton Rouge, LA 70821-3197

**www.bswllp.com**

January 16, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

   Re: *United States, et. al. v. Live Nation, et al.* (1:24-cv-3973)
     Redaction of Confidential Information
     Wharf Entertainment Properties, LLC

Dear Judge Subramanian:

  Wharf Entertainment Properties, LLC ("Wharf Entertainment"), through undersigned counsel and in conjunction with this Court's directives, hereby submits that the following information regarding our proposed redactions for the following document:

- Defendants Ex. 5, Co-Promotion Agreement Red Mountain Entertainment, LLC ("Red Mountain Entertainment") and Wharf Entertainment (eff. Jan. 1, 2020) (WHARF-ATR-00000006), which was cited in the Plaintiff's Response to Defendants' Rule 56.1 Statement in Support of Their Motion for Summary Judgment. (ECF 759).

  As explained below, the Co-Promotion Agreement contains sensitive and confidential financial and trade information regarding Wharf Entertainment and therefore the agreement should be redacted to ensure that such information is not made public.

  I. <u>The Co-Promotion Agreement Contains Sensitive and Highly Confidential Financial Information</u>.

  The Wharf Amphitheater, which is operated by Wharf Entertainment, is a 10,000 seat open air venue located in Orange Beach, Alabama. It is one of the larger venues on the Gulf Coast, with many of the more popular artists performing during the warmer seasons, when

Judge Subramanian
January 16, 2026
Page 2

tourists are enjoying the warm beach weather. The Wharf Amphitheater faces competition for these artists from other similar venues in and around the Gulf Coast region.

Wharf Entertainment is a non-party to this litigation, and one of the smaller third-party entities implicated in this litigation. Only one of the documents produced by the Wharf Entertainment—the Co-Promotion Agreement—has been cited by the parties in the motions currently filed with the Court. The Co-Promotion agreement contains sensitive and highly confidential information regarding the financial agreements between Red Mountain Entertainment and Wharf Entertainment as well as Wharf Entertainment's financial status that, if made public, could harm Wharf Entertainment's business interest and its ability to compete in the market.

II.    The Proposed Redactions Are Narrowly Tailored to Protect the Confidentiality of the Financial Information.

The proposed redactions to the Co-Promotion Agreement are narrowly tailored to include only those provisions that pertain to the financial agreements between the parties and/or reflect the Wharf Entertainment's financial status. This surgical approach to redaction ensures that the Wharf Entertainment's confidential trade and financial interests are protected and that the public's access to court documents is respected.

III.    The Redactions to the Exhibit Are Necessary to Protect the Privacy Interest of Non-Party Wharf Entertainment.

In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit set forth a three-step test that the court must use in deciding whether documents may be redacted. Under this test, a court must first find that the documents in question are "judicial documents." *Id.* at 119. A "judicial document" "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* "Dispositive motions as well as pleadings" are judicial documents to which the presumption of public access applies. *see Slice Ins. Techs., Inc. v. Appalachian Underwriters, Inc.,* No. 24 CIV. 9803 (LGS), 2025 WL 3677802, at *2 (S.D.N.Y. Dec. 18, 2025) *(*citing  Giuffre v. Maxwell, 146 F.4th 165, 177 (2d Cir. 2025)).

If the court determines that the document in question is a "judicial document," the court "must balance competing considerations against it." *Lugosch,* 435 F.3d. at 120 (internal cites omitted). Such countervailing factors include but are not limited to "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* The privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

In the instant case, the Co-Promotion Agreement, as an exhibit in a dispositive motion pleading, likely qualifies as a "judicial document" under the Second Circuit's criteria, and thus

Judge Subramanian
January 16, 2026
Page 3

entitled to a presumption of disclosure. However, the balancing of the competing factors militates in favor of allowing the redaction. The proposed redaction does not pose any real danger of impairing law enforcement or judicial efficiency. In fact, redaction of confidential financial information is routinely employed by the courts to protect a party's privacy and financial interests from disclosure. Finally, Wharf Entertainment's status as an innocent third party to this litigation weighs heavily in favor of allowing the proposed redactions as a means of protecting it from the unwarranted disclosure of confidential financial/trade information that could harm its ability to compete in its market going forward.

Respectfully submitted,

Catherine M. Maraist

Cc: All counsel of record via the Court's electronic filing system.

BRIMAN\15968\2\5499532.v1-1/16/26