

T  303-333-9810
F  303-333-9786
360 South Garfield Street
Sixth Floor
Denver, Colorado 80209

January 21, 2026

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 15A
New York, NY 10007

      Re:    United States et al. v. Live Nation Entertainment, Inc. et al.,
               Case No. 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

      Pursuant to ¶ 11 of the Court's Individual Practices in Civil Cases (revised March 14, 2025), Charlotte Arena Operations, LLC ("CAO"), a non-party, respectfully moves for leave to redact portions of Plaintiffs' Exhibit 216 (Bates CAO-004350 et seq.) (the "Document") that appear in public filings. The Document contains CAO's highly confidential and proprietary commercial information—including historical financials, promoter-specific revenue data, and internal business strategies—that is only marginally relevant to the parties' dispute.

      On December 18, 2025, Plaintiffs notified CAO that the Document was cited in several filings dated December 8, 2025, including Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (ECF 755); Plaintiffs' Response to Defendants' Local Civil Rule 56.1 Statement (ECF 759); Plaintiffs' Counterstatement of Material Facts (ECF 763); and Plaintiffs' Opposition to Defendants' Motion to Exclude Dr. Rosa M. Abrantes-Metz (ECF 743). Plaintiffs cited the full Document in ECF 763 to support statements about major concert venues' reliance on concert revenue and non-switching behavior despite rebate increases (even when rebates exceeded original earnings).

      On January 2, 2026, Defendants notified CAO that pages CAO-004350 and -4351 were cited in Defendants' Response to Plaintiffs' Counterstatement of Material Facts, ¶ 152 (ECF 799). The Document (spanning at least CAO-004350–004356) includes sensitive information such as: fiscal-year event counts, shows, and net revenue (FY2015–FY2024, with COVID and renovation notes); promoter tables detailing number of events, average net income per event, and total net income; and internal strategies for promoter relationships (including with Live Nation/Ticketmaster), market positioning, competitive challenges, cross-promotion tactics, tour booking rationales, and potential VIP opportunities. CAO seeks redaction of only those narrow portions revealing this proprietary data; non-sensitive structural elements (e.g., headings) remain visible where feasible.

      Under Second Circuit law, courts apply the three-step framework from *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Assuming the Document qualifies as a judicial

document, redaction is warranted. Disclosure would cause significant competitive harm by exposing CAO's financial performance, promoter economics, and strategic decision-making to competitors (including parties and others in the live events industry). *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

The Document's relevance is marginal: it reflects internal, non-party operations rather than Defendants' alleged conduct or market-wide effects central to the government's claims. Courts favor redaction of limited-relevance material. *Lugosch*, 435 F.3d at 119; *Keurig*, 2023 WL 196134, at *4; *Rubik's Brand Ltd. v. Flambeau, Inc.,* 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021).

CAO's status as an innocent third party further weighs heavily against disclosure of its proprietary information. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *N. Star IP Holdings, LLC v. Icon Trade Servs.*, LLC, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024). CAO has no involvement in the allegations and no stake in the outcome.

Counsel for CAO met and conferred with Plaintiffs and Defendants, who do not oppose this request. CAO respectfully requests that the Court grant leave to redact the narrow confidential portions of the Document as set forth in the proposed redacted version and highlighted unredacted version filed contemporaneously (or as otherwise directed under the Court's Individual Practices and ECF procedures). CAO is available for further briefing or argument.

Respectfully submitted,

*/s/ Michael A. Rollin*

Michael A. Rollin, Esq.
Lindsey Idelberg, Esq.
Foster, Graham, Milstein, & Calisher, LLP
*Attorneys for Non-Party Charlotte Arena Operations, LLC*