WHITE & CASE

January 21, 2026

*VIA ECF*

White & Case LLP
75 State Street
Boston, MA 02109-1814
**T** +1 617 979 9300

**whitecase.com**

The Honorable Arun Subramanian
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

***United States et al. v. Live Nation Entertainment, Inc. et al.* (1:24-cv-03973-AS-SLC) – Letter Motion to Seal Delaware North's Confidential Material**

Dear Judge Subramanian:

Non-party Delaware North Companies, Inc. ("Delaware North") respectfully submits this letter motion, pursuant to Rules 11(B) and 11(C)(ii)-(iii) of the Court's Individual Practices in Civil Cases and the Court's November 5, 2025 order (ECF No. 685), seeking the Court's approval to seal certain documents containing Delaware North's confidential information. The deposition testimony and documents, as well as the in-text descriptions referencing these materials, were preliminarily filed under seal by Plaintiffs and Defendants in connection with the parties' summary judgment and *Daubert* filings. Delaware North seeks to maintain the materials identified in **Appendix A** under seal.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). First, courts assess whether the documents are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

As set forth below, Delaware North's sealing request is narrowly tailored and overcomes the presumption in favor of public access. *See Lugosch*, 435 F.3d 110, 119-20 (2d Cir. 2006).

- **Documents that discuss internal analysis and decision-making process.** Certain materials submitted in support of the parties' motions for summary judgment include confidential information regarding Delaware North's internal decision-making process, and analyses, including during business negotiations with Live Nation. *See e.g.*, Pls. Ex. 300, TD Garden attachment, TDG001042 (ECF No. 754-1); Defs. Ex. 116, Latimer (TD

The Honorable Arun Subramanian
January 21, 2026

Garden/Delaware North) Dep. (ECF 694-11).  Disclosure of this information would reveal confidential business strategies and competitively harm Delaware North, including in future negotiations with other counterparties.  Courts routinely seal information relating to business strategies and other information that cause competitive harm.  *See Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at \*11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information that could cause competitive harm, such as sales, revenues, and marketing strategies); *New York v. Actavis*, No. 14-cv-7473, 2014 WL 5353774, at \*3-4 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal business plans, budget figures, and profit estimates); *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17CV6559, 2021 WL 1085338, at \*1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal documents where disclosure "could harm [party] . . . by disadvantaging them in negotiating future licensing agreements").

- **Documents that discuss financial and other commercially sensitive terms.**  TD Garden's current and recent agreements with Ticketmaster include specific financial and other commercially sensitive terms.  *See, e.g.*, Pls. Ex. 179, TD Garden Amendment to Licensed User Agreement, TDG001957 (ECF No. 760-19); Pls. Ex. 180, TD Garden Licensed User Agreement, LNE-02597017 (ECF No. 760-20).  Disclosure of these terms would competitively harm TD Garden and its parent company, Delaware North, in future negotiations with counterparties.  Courts routinely seal confidential business information and terms when disclosure of the information would cause competitive harm.  *See Rubik's Brand*, 2021 WL 1085338, at \*1 (granting motion to seal documents that "contain the terms of confidential trademark licensing agreements between RBL and its licensees" because "[d]isclosure of these contractual terms could harm RBL . . . by disadvantaging them in negotiating future licensing agreements").

Furthermore, while the materials identified in support of a summary judgment motion qualify as judicial documents, the weight of the presumption in favor of public access is low, as the precise terms of TD Garden's agreements Ticketmaster, and the internal business decision-making and analyses of Delaware north, a third-party to this litigation, should have little bearing, if any, on the Court's analysis of Defendants' motion for summary judgment.  *See Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at \*9 (S.D.N.Y. Mar. 24, 2020) ("presumption in favor of public access is low" for information that has "no bearing" on resolution of motion).

As such, Delaware North respectfully requests that the documents identified above remain under seal.

WHITE & CASE

The Honorable Arun Subramanian
January 21, 2026

Respectfully submitted,

/s/ Kelly Newman

Kelly Newman
**WHITE & CASE LLP**
75 State Street
Boston, MA 02109
Telephone: (617) 979-9300
Facsimile: (617) 979-9301
kelly.newman@whitecase.com

J. Mark Gidley
**WHITE & CASE LLP**
701 13th Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com

*Counsel for non-party Delaware North
Companies, Inc.*