**VIA ECF**

The Honorable Arun Subramanian                              January 22, 2026
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re:    *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

Plaintiffs oppose Oak View Group, LLC's ("OVG") motion to redact portions of Exhibits 141, 146, 147, and 148 to Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment, ECF 904.[1] OVG, whose two cofounders self-identify as a "protect[or]" and "hammer" for Live Nation, have protected Live Nation's interests in the live entertainment industry for more than a decade. *See* Amended Complaint (ECF 257) at ¶ 6. That protection continues to this day, as OVG seeks to shield its illicit arrangements with Live Nation from public scrutiny. The Court should deny OVG's motion because the information OVG proposes to redact includes publicly available information, is not competitively sensitive, and is highly relevant to the issues pending before this Court.

Documents submitted to a court as part of a summary judgment record enjoy a First Amendment right of access. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *5 (S.D.N.Y. Jan. 17, 2023) (citation omitted). Courts in the Second Circuit apply a three-pronged test in evaluating a motion to seal, which (1) determines whether the relevant documents are "judicial documents," (2) considers the "weight" of the "common law presumption of access," and (3) "balance[s] competing considerations," including private interests. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted). OVG does not dispute that these are judicial documents entitled to a presumption of public access but asserts that the documents should be redacted because (1) the privacy interests of non-parties are entitled to "special weight" and (2) the documents contain "sensitive, non-public business information." OVG's arguments fail to grant them the breadth of protection they seek because OVG is not a neutral non-party[2] and many of their redactions are to publicly available information or information that is not competitively sensitive.

OVG is "not equivalent to a third party who is unassociated" and, therefore, their redactions are not entitled to special weight. *See Olson v. Major League Baseball*, 29 F.4th 59, 91 (2d Cir. 2022); *In re Keurig*, 2023 WL 196134, at *11 (denying redaction of non-party who had a "business relationship" with a named party and acted as their broker). OVG's proposed redactions should also be rejected because the information is highly relevant to the issues pending before this Court. *See In re Keurig*, 2023 WL 196134, at *8 (where "the business details of this relationship are an inextricable part of this case" the redactions would "prevent the public from fairly scrutinizing the adjudication of this dispute by concealing a key fact about the business dynamics at play").

While OVG is not named as a defendant, its "third-party status should be placed in context." *Olson*, 29 F.4th at 91. Plaintiffs allege that OVG and Live Nation have entered into

---

[1] Plaintiffs do not object to OVG's proposed redactions to Pls. Ex. 205.

[2] Defendants and OVG have a joint defense agreement and share a common legal interest. *See* ECF 361.

several arrangements that reinforce Live Nation's dominance and hurt competition across a spectrum of services in the live entertainment industry including venue consulting, primary ticketing, and concert promotion. *See* Amended Complaint (ECF 257) at ¶¶ 70–80. One of the core pillars of their relationship is the 2022 Ticketing Services Incentive Agreement, which incentivizes OVG to flip third-party venues it manages to Ticketmaster or renew those venues' exclusive Ticketmaster agreements. *See id*. at ¶¶ 78–80. In exchange, OVG shares the monopoly profits Ticketmaster generates. Based on publicly available information, Ticketmaster is set to pay OVG nearly $100 million over a ten-year period. *See* OVG Non-Prosecution Agreement ("NPA"), *available at* https://www.justice.gov/atr/media/1407366/dl at Exhibit B, ¶ 5.[3] Because this agreement has blunted competition in the primary ticketing market, Plaintiffs have asked this Court to terminate the agreement. *See* Amended Complaint (ECF 257) at ¶ 517(g).

Even in the absence of their special relationship with the Defendants, OVG's redactions are overbroad and fail to identify specific competitive harm from public disclosure. *See In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *3 (S.D.N.Y. Oct. 15, 2021) (declining to seal material where the "harms . . . are vaguely described[,] . . . rather conclusory . . . [and] do not identify privacy interests or concrete harms that outweigh the presumption of public access"). Further, OVG's proposed redactions are not limited to competitively sensitive information that remains private. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021) (redactions must be "narrowly tailored to the interest that justifies the redaction"); *Olson*, 29 F.4th at 92 ("public nature of the disclosure . . . diminishe[s the] value of the [] privacy interest"). All of the information OVG seeks to redact relates to the OVG-Ticketmaster deal and how OVG executed its obligations pursuant to that deal. There is no internal OVG competitively sensitive information at stake here, such as forward-looking financial projections, internal accounting metrics, or secret commercially sensitive future business plans that would harm OVG if the information was made available to OVG's competitors.[4] Indeed, OVG fails to explain how it would be harmed, for example, if additional details of its Ticketmaster agreement were publicly disclosed. OVG's further claim that the "information [] is strictly confidential and not known or shared outside of OVG" is not true; at a minimum, it was shared with Ticketmaster.

Below are Plaintiffs' specific responses to OVG's proposed redactions.

- **Pls. Ex. 141 (ECF 758-1) (Ticketing Services Incentive Agreement)**
    - ○ OVG's redactions are overbroad, not limited to competitively sensitive information, and conceal information highly relevant to the issues pending before the Court. In addition, some of the information is already in the public domain through the OVG NPA. For example, OVG's NPA discloses that OVG receives "annual $7.5 million 'Sponsorship Payments' [from Ticketmaster] … Subject to certain adjustments based on the volume of primary, fee-bearing tickets sold" over a 10-year period. OVG inexplicitly proposes to redact this same information on pages 3 and 4 of Pls. Ex. 141. OVG also proposes to redact what OVG agreed to do in exchange for these payments, even though the NPA disclosed that OVG agreed, among other things, to "advocate" for Ticketmaster to remain or become

---

[3] *See* Pls. Ex. 146, Granger (OVG) Dep. Tr. 99:2–6 (testifying that Company B refers to Ticketmaster).
[4] Notably, many vendor contracts in the venue management industry for publicly-owned venues are publicly available.

the exclusive ticketing service provider for OVG managed venues. *See* NPA at 14.

- o OVG's proposed redactions to the remainder of the agreement, nearly every single page in full, are overbroad and not limited to competitively sensitive information. Further, the information in this document does not play a negligible role in the case, but rather directly affects the adjudication of important issues and "represents the kind of document to which the strongest presumption of access applies." *See Olson,* 29 F.4th at 90.

- **Pls. Ex. 146 (ECF 758-6)**
  - o OVG's proposed redactions are overbroad, not limited to competitively sensitive information, and are highly relevant to the issues pending before the Court as it relates to the OVG-Ticketmaster agreement. In addition, some of the information is already in the public domain through the NPA. For example, the NPA states that "OVG did not disclose to the venue owners that OVG had entered into an agreement with [Ticketmaster] that called for OVG. . . to advocate for [Ticketmaster] as a ticketing service provider. *See* NPA at 15.

- **Pls. Ex. 147 (ECF 758-7)**
  - o OVG's proposed redactions are overbroad, not limited to competitively sensitive information, and are highly relevant to the issues pending before the Court as they relate to actions taken by OVG pursuant to the OVG-Ticketmaster agreement. The information relates to OVG's analysis of how the predetermined standard financial terms it agreed to "advocate" for under its ticketing services incentive agreement with Ticketmaster would affect certain venues who at the time were ticketed by Paciolan.

- **Pls. Ex. 148 (ECF 758-8)**
  - o OVG's proposed redactions are overbroad, not limited to competitively sensitive information, and are highly relevant to the issues pending before the Court as they relate to actions taken by OVG pursuant to the OVG-Ticketmaster agreement. This document is the attachment to Pls. Ex. 147 and includes the details of the financial analysis performed to see how the predetermined standard financial terms OVG agreed to "advocate" for under its ticketing services incentive agreement with Ticketmaster would affect certain venues who at the time were ticketed by Paciolan. Plaintiffs would not object to the redaction of a limited set of certain numbers in this exhibit. Specifically, Plaintiffs would be amenable to redacting all numbers in the document, except for (i) the last column, (ii) the third column from the right, and (iii) all the headings in the top row. This effectively allows OVG to redact the inputs to the analysis but not the conclusions.

For the reasons stated above, the Court should reject, or at least significantly limit, OVG's proposed redactions.

Respectfully submitted,

 /s/ Bonny Sweeney
BONNY SWEENEY

*Co-Lead Trial Counsel*
DAVID DAHLQUIST
*Co-Lead Trial Counsel*
ALEX COHEN
RACHEL HICKS
JANELLE ROBINS
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Email: Bonny.Sweeney@usdoj.gov
Email: David.Dahlquist@usdoj.gov
*Attorneys for Plaintiff United States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email:  amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Brent K. Nakamura
Brent K. Nakamura (admitted *pro hac vice)*
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 9200-6
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Victoria Maria Orton Field
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

/s/ Lee Morris
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
Attorney for Plaintiff State of Mississippi

*/s/ Justin C. McCully*
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

*/s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

*/s/ Zachary Frish*
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

*/s/ Andrew F. Esoldi*
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
Attorney for Plaintiff State of New Jersey

*/s/ Jonathan Hatch*
Jonathan Hatch
Assistant Attorney General
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

*/s/ Evan Crocker*
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

*/s/ Francisco Benzoni*
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

*/s/ Sarah Mader*
Sarah Mader (admitted *pro hac vice)*
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

/s/ Cameron R. Capps
Cameron R. Capps (admitted *pro hac vice*)
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma  73105
Telephone:  (405) 522-0858
Fax:  (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
Attorney for Plaintiff State of Oklahoma


/s/ Gina Ko
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania*

/s/ Paul T.J. Meosky
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ Jared Q. Libet
Jared Q. Libet (admitted *pro hac vice*)
Assistant Deputy Attorney General
Office of the Attorney General of South
Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South Carolina*

/s/ Bret Leigh Nance
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

/s/ Hamilton Millwee
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

/s/ Marie W.L. Martin
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

/s/ Sarah L. J. Aceves
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

/s/ David C. Smith
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

/s/ Ashley A. Locke
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

/s/ Douglas L. Davis
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

/s/ Caitlin M. Madden
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

/s/ William T. Young
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*