**Via ECF**

The Honorable Arun Subramanian                                      January 22, 2026
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re:   *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

Plaintiffs write in response to Defendants' letter motion[1] to seal or redact substantial portions of the Summary Judgment and *Daubert* briefs, exhibits, and ancillary papers (the "Materials"),[2] ECF 935, which are subject to a strong presumption of public access. Plaintiffs have already responded to Defendants' request to seal or redact Defendants' exhibits and briefs, *see* ECF 927, and now respond to Defendants' requests to seal or redact Plaintiffs' exhibits and briefs. Defendants again seek to redact information that is stale, publicly available, non-party information that the non-party itself has not designated, and information that is not commercially sensitive. The same standard for sealing outlined in Plaintiffs' Response at ECF 927 applies here. Accordingly, Plaintiffs respectfully request this Court deny certain of Defendants' requests as set forth in Appendix A ("Pls. Appx.").[3]

The Materials are judicial documents entitled to a presumption of public access under common law and the First Amendment. *See* ECF 849. Defendants fail to meet their burden to overcome the presumption of public access. Defendants' stated bases for their designations are boilerplate and do not "concretely and specifically describe[]" the harm of disclosure, which Defendants must do for the Court "to give weight to a party's asserted harms." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023). For example, Defendants claim many documents include internal deliberations when they are exchanges with non-parties and therefore cannot be internal. *See e.g.* ECF 776-1 MSJ Opp. Ex. 324 (claiming the document contains Defendants' "internal communications" when the email exchange is with a non-party from 2011-2016), ECF 749-20 MSJ Opp. Ex. 100 (claiming the document contains Defendants' "internal communications" and "internal deliberations about negotiating positions" when the document is a non-party email exchange between only the non-party's employees), ECF 760-3 MSJ Opp. Ex. 163 (claiming an internal non-party presentation which includes "historical non-public financial projections or results and historical non-public pricing information" for that non-party somehow reflects Defendants' "confidential and

---

[1] Defendants filed four corrected exhibits (MSJ Opp. Ex. 65, 148, 217, 280), along with updated proposed redactions to Plaintiffs' Counterstatement of Material Fact and Plaintiffs' Opposition to Defendants Motion for Summary Judgment. Plaintiffs' response in the chart below is to these updated filings.

[2] All references to the Materials are to the entries in Plaintiffs' Appendix A for the corresponding exhibit.

[3] Plaintiffs take no position on any non-party redaction unless explicitly stated in Pls. Appx. and note that any opposition to any requests made by any individual or entity other than Defendants will be filed separately. Additionally, Plaintiffs' initial filing incorrectly stated that Defendants requested to seal in full MSJ Opp. Ex. 79, 255, and 304, although the correct highlighted exhibits were filed; Defendants have noted in their filing that they did not request sealing in full of those documents, and Plaintiffs response in the chart below is to Defendants' proposed redactions.

competitively sensitive business information"). Likewise, Defendants claim documents are "negotiation communication[s]" when there is no discussion of a contract negotiation in the document. *See, e.g.*, ECF 748-10 MSJ Opp. Ex. 70 (non-party letter regarding current contract, not discussing renewal or a new contract).

Defendants' designations again are couched in terms of "confidential and competitively sensitive business information," *see* ECF 935, and while in "certain circumstances, business data such as pricing information and negotiations may remain under seal even where the First Amendment is implicated" doing so "liberally" leads to the "abuse of the public filing rule." *In re Keurig*, 2023 WL 196134, at *6 (quoting *Ferring Pharmacueticals Inc. v. Serenity Phramauticals*, LLC, 2020 WL 949423, at *2 (S.D.N.Y. Feb. 27, 2020)). Indeed, courts have declined to seal or redact "expert analysis, agreement terms, and exhibits that would likely be introduced at trial" stating there will be "no secrecy." *Id., Ferring Pharmacueticals*, 2020 WL 949423, at *1. And, the Second Circuit has held that "foreclosing public scrutiny of the grounds for [an] adjudication is wholly unjustifiable." *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982).

But Defendants' requests to seal or redact the Materials disregard the First Amendment and common law right of public access and instead countenance the very secret decision-making courts in this district have warned against. For example, Defendants seek to redact documents that show Defendants' own segmentation of the market and categorization of venues—even though market definition is at issue in Defendants' pending motions, such information is not competitively sensitive, and these documents are likely to be introduced at trial. *See, e.g.*, ECF 758-19 MSJ Opp. Ex. 159. Defendants also seek to seal in full a discussion relating to promoter acquisitions, an issue again in the motions pending before the Court, even though that discussion is from 2017. ECF 754-12 MSJ Opp. Ex. 311. Illustrative of Defendants' overbroad redactions is how they seek to seal in full Oak View Group's non-prosecution agreement that is  publicly available (*see* https://www.justice.gov/atr/media/1407366/dl), as well as the entire agreement between Ticketmaster and Oak View Group, which is discussed at length in the public non-prosecution agreement and spotlighted in Plaintiffs' complaint. *See* ECF 758-2 MSJ Opp. Ex. 142, ECF 758-1 MSJ Opp. Ex. 141.

Defendants also try to evade public scrutiny by seeking to seal information that was not created by Defendants and over which the relevant non-party has not asserted confidentiality. *See, e.g.*, ECF 760-2 MSJ Opp. Ex. 162 (seeking redaction of non-party's summary of Defendants' offer in a non-party document analyzing offers from both Defendants and a competitor), ECF 747-5 Abrantes-Metz Daubert Opp. Ex. 4 (redacting a non-party's testimony where the non-party has not asserted any confidentiality). For example, Defendants seek to completely seal a letter from a non-party, written by that non-party, claiming the letter reveals "competitively sensitive business information." ECF 748-10 MSJ Opp. Ex. 70. But the letter does not—and cannot—contain any of Defendants' internal deliberations, and the non-party has not sought to seal the letter; the non-party seeks to redact a single number in the letter. ECF 748-10 MSJ OPP. Ex. 70. The letter relates to a non-party customer discussing some of Defendants' actions that Plaintiffs allege to be retaliatory. Defendants likewise seek to redact non-party documents modeling anticipated Live Nation content loss—even though the non-party has suggested more limited redactions over that information.  Defendants claim that this internal modeling somehow reflects "specific contract terms"—even though there is no indication that they do on their face. *See* ECF 760-3 MSJ Opp. Ex. 163 at -478. Such underlying information is essential to the public's ability to "scrutinize" the evidence underlying the pending motions.

Mere fear of negative publicity is not grounds for sealing, but Defendants' redactions call into question whether the boilerplate bases for exhibits are an attempt to prevent negative press. "The public interest in access to the courts, and the court's own interest in allowing such access, far outweigh [a defendant's] generalized concern of negative reaction on his business dealings." *Gen. Media, Inc. v. Shooker*, 1998 WL 401530, at *12 (S.D.N.Y. July 16, 1998). Defendants' redactions are even inconsistent within the same document. In one exhibit, Defendants redact survey results on some slides but not others, with no apparent explanation. ECF 751-17 MSJ Opp. Ex. 117 (redacting some pages even though all results appear to be derived from external sources). Similarly, with no explanation, Defendants redact some portions of a conversation between employees, that could be perceived as unflattering, but not the rest of the conversation. ECF 762-37 MSJ Opp. Ex. 217. To the extent pricing information exists in the conversation, Defendants need only redact the dollar amounts, although Plaintiffs maintain that even the dollar amount should be unredacted as it is from 2022 or earlier. *Id.*

For all these reasons, Plaintiffs, therefore, respectfully request the Court deny Defendants' requests to redact or seal the Materials as set forth in the attached Appendix.

Respectfully submitted,

*/s/ Bonny Sweeney*
BONNY SWEENEY
*Co-Lead Trial Counsel*
DAVID DAHLQUIST
*Co-Lead Trial Counsel*
RACHEL HICKS
JANELLE ROBINS
DAVID TESLICKO
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Email:Bonny.Sweeney@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

3

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email:  amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Brent K. Nakamura
Brent K. Nakamura (admitted *pro hac vice)*
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 9200-6
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Victoria Maria Orton Field
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

4

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

5

/s/ Lee Morris
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
*Attorney for Plaintiff State of Mississippi*

/s/ Justin C. McCully
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Andrew F. Esoldi
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

/s/ Jonathan Hatch
Jonathan Hatch
Assistant Attorney General
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

/s/ Evan Crocker
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

6

*/s/ Francisco Benzoni*
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*


*/s/ Sarah Mader*
Sarah Mader (admitted *pro hac vice)*
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

*/s/ Cameron R. Capps*
Cameron R. Capps (admitted *pro hac vice*)
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma  73105
Telephone:  (405) 522-0858
Fax:  (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*


*/s/ Gina Ko*
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*


*/s/ Joseph S. Betsko*
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*


*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

7

*/s/ Jared Q. Libet*
Jared Q. Libet (admitted *pro hac vice*)
Assistant Deputy Attorney General
Office of the Attorney General of South
Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South
Carolina*

*/s/ Jacob R. Dempsey*
By: Jacob R. Dempsey (admitted *pro hac
vice*) Assistant Attorney General
1302 East Highway 1889, Suite 1
Pierre SD 57501-8501
Email: jacob.dempsey@state.sd.us
Telephone: (605) 773-3215
(SD Bar No. 5025)
*Attorney for Plaintiff State of South Dakota*

*/s/ Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and
Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

*/s/ Diamante Smith*
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust
Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

*/s/ Marie W.L. Martin*
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

*/s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

*/s/ David C. Smith*
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia*

*/s/ Ashley A. Locke*
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

*/s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*