**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter.  Defendants respectfully submit this letter-motion replying to Plaintiffs' response (ECF No. 927) and in further support of Defendants' letters (ECF Nos. 850, 935) seeking leave to file specific requests to redact or seal portions of the parties' summary judgment and *Daubert* briefing and supporting materials.[1]

Defendants seek to protect five discrete categories of non-public, competitively sensitive material (and limited sensitive personal information):  (1) customer contracts[2] and negotiation communications; (2) non-public pricing, costs, margins, and other financial information; (3) board and senior-management materials reflecting strategy, competitive analysis, and business planning; (4) internal presentations and communications concerning strategy, research and development, acquisitions, and expansions; and (5) sensitive personal information (such as emails and phone numbers).  Each of these categories of information overcomes the presumption of access because disclosure would "cause material and significant competitive or commercial harm" and potentially affect Defendants' relationships with current and prospective clients.  *See Brunckhorst v. Bischoff*, No. 1:21-cv-04362, 2024 WL 4276201, at *3 (S.D.N.Y. Sep. 24, 2024) (explaining that "courts routinely find that business secrecy interests outweigh the presumption of public access" because disclosing "sensitive business information could undercut a business's competitive advantage").

Plaintiffs argue that the Court should not grant Defendants' sealing requests for five reasons.  Each is unavailing.  *First*, Plaintiffs assert that Defendants' sealing requests are "overbroad".  ECF No. 927 at 3.  Not so.  Defendants' Appendix A and Appendix 1 set forth specific, document-by-document justifications for sealing, each of which is narrowly tailored to the commercially sensitive information at issue. The crux of Plaintiffs' complaint seems to be that Defendants have requested to seal portions of contracts and negotiation communications beyond "only numbers contained in the document[s]".  ECF No. 927 at 3; *see also, e.g.*, ECF No. 927-1 at 2 (not objecting to redaction of "particular numbers within the contract"); *id*. at 3 (same).  But there are a number of terms in a contract (or other commercial documents) that can be competitively sensitive, and warrant sealing, besides "specific numbers".  *See, e.g.*, *Oliver Wyman,*

---

[1] Defendants file contemporaneously herewith a revised Appendix 1, ECF No. 935-1, that includes Defendants' bases for its requested redactions of Plaintiffs' *Daubert* briefs, which were filed publicly on the docket on November 20, December 15, and December 29, 2025.  Defendants' requested redactions remain the same.

[2] For contracts that Defendants have confirmed are no longer operative, Defendants seek to seal only the financial terms reflected in the contract; for the remaining contracts, Defendants request sealing in full.

*Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (granting motion to seal several different categories of documents for which movant showed that "disclosure . . . would result in an injury sufficiently serious to warrant protection", not limited to the specific numbers in the documents). Plaintiffs rely predominantly on *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023), but there, unlike here, the parties failed to provide document-by-document justifications for sealing. *Id*. at *7.

*Second*, Plaintiffs attempt to distinguish *Mehta v. DLA Piper LLP*, No. 23 Civ. 4757, 2025 WL 2771659, at *13 (S.D.N.Y. Sep. 29, 2025) by arguing that "it was not necessary to disclose the information" in that case.  ECF No. 927 at 3.  But *Mehta* is on point because, as in that case, Defendants seek to redact here "sensitive, confidential, or proprietary . . . minutiae" that overwhelmingly overcomes the presumption of access.[3]  *Mehta*, 2025 WL 2771659, at *13. Plaintiffs ignore that many of the exhibits at issue are lengthy documents containing significant confidential information, yet only a few pages of those documents are actually cited in the parties' briefs.  *See* ECF No. 850 at 3, ECF No. 927 at 3.  Plaintiffs offer no explanation for why the entirety of these exhibits must be publicly disclosed when the Parties are relying upon—and the public thus has an interest in—only narrow portions of the documents.

*Third*, Plaintiffs argue that Defendants seek to seal information "known to or originating with non-parties, even though some of those non-parties have not themselves sought to seal the information".  ECF No. 927 at 2-3.  But Plaintiffs cite no case stating that a defendant somehow loses the right to protect its own confidential information from the public simply because a non-party chooses not to protect the same information.  Defendants' redactions to non-party documents and testimony are all narrowly tailored to Defendants' own competitively sensitive information. *See, e.g.*, ECF No. 695-16, MSJ Ex. 89 (narrow designations related to a specific contract term proposed by Live Nation); ECF No. 696-17, MSJ Ex 138 (narrow designations related to specific offers made by Ticketmaster during contract negotiations); ECF No. 803-6, MSJ Ex. 151[4] (narrow designations related to the specific portion of the document relating to Ticketmaster).[5]  Defendants retain a privacy interest in that information whether or not a third party knows about it or sought to seal it themselves.

*Fourth*, and relatedly, Plaintiffs assert, wrongly, that Defendants seek to seal "public" information or information "already available to external parties".  ECF No. 927 at 2.  Plaintiffs name "pricing data" as a supposed example.  *Id*.  Pricing information is confidential, and its exposure can cause competitive harm, even if it is "available to external parties" such as customers. Indeed, it is often the case that competitively sensitive information is available to other parties (*e.g.*, customers, contractual counterparties).  *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-

---

[3] In any event, the redactions Plaintiffs point to overcome the presumption of public access as they are narrowly tailored to protect only the most commercially sensitive information.  *See* ECF No. 799, Defendants' Response to Plaintiffs' Counterstatement of Material Facts ¶¶ 21, 81, 93, 96.

[4] Plaintiffs mischaracterize Defendants' requested redactions of this document.  *See* ECF No. 927 at 3.  While the Washington Commanders requested that this document be sealed in full, Defendants requested only that Appendix B of this document, which relates to Ticketmaster, be redacted.  *See* ECF No. 927-1 at 34.

[5] Furthermore, several third parties have requested to seal the same information that Defendants have, and often more.  *See, e.g.*, ECF No. 803-6, MSJ Ex. 151 (requested by third party to be fully sealed and by Live Nation to have specific designations); ECF No. 693-4, MSJ Ex. 44 (requested by third party and Live Nation to be fully sealed).

2

cv-4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing 'trade secrets, confidential research and development information, marketing plans, revenue information, [and] pricing information.'") (citation omitted). *Yador v. Mowatt*, No. 1:19-cv-04128, 2025 WL 1707616, at *2 n.3 (E.D.N.Y. June 18, 2025), on which Plaintiffs rely, is not to the contrary; rather, it stands for the basic proposition that information already available to competitors in particular is not competitively sensitive (since competitors have it). *See id.* Here, Defendants seek to seal information its competitors do not have and should not have. Plaintiffs accuse Defendants of seeking to seal "publicly available information regarding venue size", ECF No. 927 at 2, but the documents referenced are internal business documents discussing venues for internal purposes. *See* ECF No. 803-1, MSJ Ex. 146; *see also* ECF No. 803-14, MSJ Ex. 159 (containing Defendants' non-public strategic analysis of competitors, not publicly available information).[6]

*Fifth*, Plaintiffs contend that Defendants seek to redact "stale" information that is "no longer competitively sensitive". ECF No. 927 at 2. That is incorrect. Defendants' sealing requests, even in older documents, are limited to information that would cause commercial harm if disclosed. *See Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."); *City of Providence v. BATS Glob. Mkts., Inc.*, No. 1:14-cv-02811, 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) (finding "significant" interest "in preventing disclosure of [] sensitive . . . trading and business strategies" even though the "document [wa]s several years old"). Defendants' proposed redactions to older documents include only information that could have competitive relevance to a competitor still today. *See, e.g.*, ECF No. 693-3, MSJ Ex. 43 (redacting only prices in older contract); ECF No. 693-11, MSJ Ex. 51 (sealing tour proposal terms that remain competitively sensitive); ECF No. 693-12, MSJ Ex. 52 (same).

Plaintiffs incorrectly attempt to draw a bright-line rule against sealing "documents that are several years old", ECF No. 927 at 2, relying on *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) and *Dawson v. Merck & Co.*, No. 1:12-cv-1876, 2021 WL 242148, at *8 (E.D.N.Y. Jan. 24, 2021). Both cases, however, explain that competitively sensitive information in older documents may overcome the presumption of access where, as here, a party shows that information in those documents would cause harm if disclosed today. *In re Keurig*, 2023 WL 196134, at *4-5; *Dawson*, 2021 WL 242148, at *8. Defendants have done exactly this in Appendix A and Appendix 1 to their sealing requests. ECF Nos. 927-1, 935-1.

In sum, Defendants overcome the presumption of access in their requests to seal narrow categories of non-public and competitively sensitive information.[7]

---

[6] Plaintiffs also cite ECF No. 753-8, Meyer Daubert Ex. 6; Defendants withdraw their sealing request in that document. Defendants also withdraw similar sealing requests in ECF No. 713-3, Anderson Daubert Ex. 3 (".9 percent"; "5.5 percent"; "1.7 percent"; "3.7 percent"), and ECF No. 756, MTE Meyer Opp. ("1.7 percent"; "1.8 percent").

[7] Plaintiffs argue that Defendants addressed only the common law and failed to address the First Amendment, ECF No. 927 at 1, but Defendants' letter motion describes the same legal standard that Plaintiffs cite. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Moreover, "[t]here is significant overlap between the common law countervailing factors and First Amendment higher values that weigh in favor of sealing, and courts often do not distinguish between the two". *Dawson*, 2021 WL 242148, at *7.

Dated:  January 22, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_____

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

_____

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com
*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

4

cc: All counsel of record (via ECF)