

Connell Foley LLP
One Newark Center
1085 Raymond Blvd., 19th Floor
Newark, New Jersey 07102
P 973.436.5800  F 973.436.5801

**Bryan P. Couch**
Partner
Direct Dial 973-436-5703
BCouch@connellfoley.com

January 21, 2026

The Honorable Arun Subramanian, USDJ
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

> **Re:** **United States, et al. v. Live Nation Entertainment, Inc., et al.**
> **Civil Action No. 24-cv-3973 (AS)**

Dear Judge Subramanian:

We represent non-party Tixr, Inc. ("Tixr") in connection with the above captioned matter. Pursuant to Rule 11(B) of this Court's Individual Practices in Civil Cases and pursuant to the Court's November 25, 2025 Order (Dkt. 685), we respectfully request that certain information originating from Tixr and designated "Highly Confidential" pursuant to the Amended Protective Order (hereinafter "PO") (Dkt. 347) remain under seal, as outlined in **Appendix A**. More specifically, the materials Non-Party Tixr requests remain under seal are limited to excerpts from the compelled deposition testimony of Tixr's founder and CEO, Robert Davari. *See* Robert Davari's Deposition Transcript, pages 24-25, 26, 29-30, and 33. Counsel for Tixr has met and conferred with the Parties and neither Party stated any opposition to Tixr's sealing requests.

Sealing of the requested materials, as set forth in detail in Appendix A, is warranted under the law of this Circuit. "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch*, 435 F.3d at 119. Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The "privacy interests of innocent third parties," such as Tixr, "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (citation modified).

The Honorable Arun Subramanian, USDJ
January 21, 2026
Page 2

In the deposition excerpts at issue, compelled and under oath, Mr. Davari discussed Tixr's strategic approach and dealings regarding several prospective clients.  Although the materials related to a summary judgment motion are considered "judicial documents," the materials Tixr seeks to seal carry a weak presumption of public access that fails to outweigh the competitive harm to Tixr in the event of their disclosure.

Public disclosure of such information would result in current and potential clients, business partners, and competitors knowing precisely how Tixr could be expected to approach and evaluate related business relationships and would cause Tixr a dire and wide-ranging strategic disadvantage. Public disclosure of such information would result in clearly defined and very serious injury to Tixr.  *See United States v. International Business Machines Corporation*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975). The documents at issue include a confidential

Further, these materials reflect Tixr's evaluation of its competitive position in relation to its competitors and "evaluation of the strengths and vulnerabilities of product or service offerings." PO ¶ 2(e).  Such competitive analysis includes Tixr's information that demonstrates Defendants' anticompetitive conduct, which presents a material risk of Defendants' retaliation against Tixr and its information sources.  *See Heckman v. Live Nation Ent., Inc*., 2025 WL 1720178, at *5-6 (C.D. Cal. May 13, 2025) (denying Defendants' employees access to certain third-party information, in part, based on the allegations of Defendants' "history of threatening and retaliating against companies that do business with Defendants' competitors"), *adopted as final*, Dkt. No. 370 (May 15, 2025).  Courts routinely seal such material to prevent competitive injury to the producing party. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (sealing defendants' "internal analysis of the competitiveness of its practice groups"); *Playtex Prods. LLC v. Munchkin, Inc*., 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (sealing the producing party's "competitive analyses").

Lastly, any presumption of public access is also outweighed by Tixr's and other third-parties' privacy interests.  The materials related to Tixr's sealing requests contain information related to its research and development, business strategies, and dealings with prospective clients. Disclosure of this information could adversely impact Tixr's relationship with its current and prospective clients and give its competitors an unfair advantage.  Courts routinely permit sealing in such circumstances.  *Iacovacci v. Brevet Holdings*, LLC, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *see also Kewazinga Corp.*, 2021 WL 1222122, at *3.  The materials at issue also contain identifying information of venues, promoters and other professionals, and sealing such identifying information is necessary to protect those third-parties' vital privacy interests and minimize the risk of potential retaliation by Defendants.  Dkt. No. 549; *Heckman*, 2025 WL 1720178, at *5-6.

The Honorable Arun Subramanian, USDJ
January 21, 2026
Page 3

       For the foregoing reasons, AEG respectfully requests that this Court allow the materials identified in Appendix A to remain under seal.

Respectfully submitted,

Bryan P. Couch

BPC/vs