January 23, 2026

**<u>VIA ECF</u>**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States et al. v. Live Nation Entertainment, Inc., et al*.; 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

        We represent Non-Party Ben Lovett in the above-referenced matter.  We respectfully
submit this letter-motion in response to the parties' submissions requesting sealing and
redactions, filed on January 13, 2026, and pursuant to the Court's November 5, 2025 Order (ECF
No. 685).  After reviewing the materials cited by the parties, Mr. Lovett respectfully requests that
the Court seal <u>Plaintiffs' Exhibit 19</u> (LNE-LIT-24-001693773, at -773 [ECF 744-19]).

        We appreciate the Court's December 30, 2025 Order (ECF No. 817), instructing both
parties and non-parties to tailor and be reasonable in their confidentiality requests rather than
making wholesale requests seeking to keep everything confidential.  Thus, although numerous
materials submitted by the parties pertain to Mr. Lovett, he seeks only to seal a ***single document***:
a confidential August 26, 2021 email between Mr. Lovett and other non-parties, including his
company (The Venue Group) and a regional concert promoter.  Moreover, the lengthy email
chain appears to be almost entirely irrelevant to the case and the parties' summary judgment
briefing, and it includes numerous non-public and sensitive business statements pertaining to Mr.
Lovett and other non-parties.  The four-page email exchange contains the details of confidential
venue negotiations relating to a non-party musician, specific and non-public expenses incurred
by non-parties (including dollar amounts), and sensitive and confidential business discussions
with a concert promoter regarding the specific attributes and vulnerabilities of local venues'
business models.

        Mr. Lovett produced this email in response to a subpoena issued by the United States,
and the Amended Protective Order (ECF 347) expressly allows Mr. Lovett to designate materials
as confidential or highly confidential if they contain non-public, commercially sensitive
information warranting protection from public disclosure, including but not limited to "current or
future non-public financial, marketing, or strategic business planning information;" "current or
future non-public information regarding prices, costs, or margins;" "evaluation of the strengths
and vulnerabilities of product or service offerings, including non-public pricing and cost
information;" and/or "previously non-publicly disclosed business plans, product development
information, or marketing plans" (¶¶ 2-3), among other categories.  *See Capricorn Mgmt. Sys. v.
Gov't Emps. Ins. Co.*, 2019 U.S. Dist. LEXIS 123723, at *70 (E.D.N.Y. July 22, 2019) ("A
protective order may provide guidance regarding what documents might be appropriate to
seal.").  At his deposition on September 11, 2025, Mr. Lovett and his counsel designated
Plaintiffs' Exhibit 19 as "Highly Confidential," and no party has objected to that designation.

1

Moreover, although we appreciate that it is not dispositive, we met and conferred with the parties and understand that no party objects to this relief.

Although the entire four-page email exchange has been submitted to the Court as Plaintiffs' Exhibit 19, only two sentences of it have been quoted or discussed by the parties in their summary judgment and *Daubert* briefing.[1]  That small portion of the email was read aloud by Mr. Lovett during his deposition, and Mr. Lovett does not object to the unredacted filing of the deposition excerpts discussing and quoting from that small portion of the email.  However, because only a small two-sentence portion of the email is used by the parties, it is not necessary to publicly expose on the Court's docket irrelevant and sensitive business discussions that were intended to be confidential.  If this confidential email were disclosed, it would affect not just Mr. Lovett and his company but other non-parties who are not represented in these proceedings (e.g., a non-party musician and his management).

Ample authority in the Second Circuit and the Southern District of New York supports sealing confidential and sensitive business information, especially when (as here) it involves non-parties.  The Second Circuit has identified "a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public."  *Stern v. Crosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007); *see also Phillips v. NBA*, 2025 U.S. Dist. LEXIS 134994, at *2 (S.D.N.Y. July 10, 2025) (applying three-part analysis in sealing non-party information submitted with summary judgment briefing).  First, the Court must determine whether the document is a "judicial" document "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Second, the Court must determine "the weight of the presumption" of public access to the documents."  *Stern*, 529 F. Supp. 2d at 420.  Finally, the Court "must balance competing considerations," such as privacy interests, against any presumption of public access.  *Id.*

Applying the Second Circuit's three factors requires the sealing of Plaintiffs' Exhibit 19.  First, although a small portion of the email has been cited by the parties in their summary judgment briefing and overlaps with Mr. Lovett's deposition testimony, the vast majority of the confidential document is not cited by the parties and is irrelevant to any judicial review of the briefing or the performance of the judicial function.  *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) ("if in applying these standards, a court determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches").

Second, to the extent any presumption of public access attaches to the email exchange, that presumption should be quite "low" because only a small portion of the email is relied upon by the parties in their briefing, and the remainder of the email reflects no right to public access.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.").

---

[1] *See* Para. 46 of Plaintiffs' Response to Defendants' Local Civil Rule 56.1 Statement in Support of Their Motion for Summary Judgment (ECF No. 759).

Third, to the extent there is any material presumption of public access here (which Mr. Lovett respectfully disputes), the privacy interests of Mr. Lovett and other non-parties are greater than and should rebut any such presumption.  *See, e.g., Mehta v. DLA Piper LLP*, 2025 U.S. Dist. LEXIS 196664, at *46-47 (S.D.N.Y. Sept. 29, 2025) (presumption of public access to entire document is "low" when material is not "particularly relevant to the issues posed by the . . . summary judgment motion," and the parties' use of the documents shows that "it is not necessary to dive into the minutiae" of their contents); *Dedona I, LLC v. Goldman Sachs & Co*., 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (granting request to seal "customers' internal corporate documents," confidential "pricing information," and "current or future non-public financial, marketing, or strategic business planning information").  The disclosure of the sensitive business information contained in Mr. Lovett's email is highly likely to result in competitive harm to Mr. Lovett and other non-parties; the email reflects internal confidential business practices and strategies by Mr. Lovett and his company's business partners regarding the strengths and weaknesses of future business endeavors, and it also discusses the private business expenses of non-parties.  *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 704-08 (S.D.N.Y. 2017) (privacy interests outweigh presumption of public interest where disclosure could harm party's "ability to maintain its existing clients and attract new clients").  Indeed, even when (unlike here) a document implicates a strong presumption of public access to judicial documents, that presumption may be outweighed when the disclosure of confidential business information would affect current or future business relationships.  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing and/or redacting "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'") (quoting *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc*., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)).

For the foregoing reasons, Mr. Lovett respectfully requests that Plaintiffs' Exhibit 19 remain under seal.  To the extent the Court deems it more appropriate to redact the exhibit, Mr. Lovett respectfully requests that the Court redact the email in its entirety with the exception of the first paragraph of Mr. Lovett's August 26, 2021 email (i.e., the portion cited and quoted in Paragraph 46 of Plaintiffs' Response to Defendants' Local Civil Rule 56.1 Statement in Support of Their Motion for Summary Judgment [ECF No. 759]).

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Mathew S. Rosengart*
Mathew S. Rosengart
Christina Hernsdorf
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
*Attorneys for Non-Party Ben Lovett*

*CC: All counsel of record*

3