

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF ECONOMIC JUSTICE
ANTITRUST BUREAU

January 28, 2026

**By ECF**

Hon. Arun Subramanian, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *United States, et al. v. Live Nation Entm't, Inc., et al.*, 1:24-cv-3973-AS (S.D.N.Y.)

Dear Judge Subramanian,

   I write on behalf of the Plaintiff States in *United States v. Live Nation Entertainment* to respond to the Court's proposal at the January 23, 2026 hearing that their state law claims be stayed. The Plaintiff States respectfully submit that trying all claims at once will be the most efficient approach for the Court and all parties, will not extend the trial, and will not infringe on the Plaintiff States' jury trial rights. The Plaintiff States therefore do not consent to a stay.

   The Plaintiff States do not believe there is any benefit to staying the Plaintiff States' state law claims that rise and fall with their federal antitrust claims, because those state law claims add no proof requirements or corresponding need to present evidence, and the Court has already decided that damages should be part of the first phase of proceedings before the jury. But staying the state law claims would introduce significant challenges.

   Even a stay limited to the state law claims that do not rise and fall with the federal antitrust claims would be highly problematic. It would require either retaining the jury for longer than the already-demanding time allocated for trial to resolve the additional state law claims that require a jury or empaneling a new jury for those claims. It would also require presenting that jury with much of the same evidence and calling back witnesses—essentially repeating the initial trial.[1]

   The current bifurcated structure allows for a streamlined trial. The Plaintiff States and Defendants have already taken steps to minimize the issues for the jury to decide by stipulating

---

[1] A number of the States whose state law claims *do* rise or fall with their federal claims also have jury trial rights for those state law claims. Those jury trial rights will be addressed through their inclusion at trial.

that the amount of any civil penalties may be determined by the Court.[2] The jury will therefore only need to decide issues related to liability and damages under the Sherman and Clayton Acts and the corresponding state statutes.

This streamlining is far more efficient than any other option because the Plaintiff States, including those seeking damages, will rely primarily on the same evidence for proving all of their state and federal law claims. While 34 of the Plaintiff States have alleged claims under their own state antitrust or consumer protection laws, the jury will not need to separately analyze each State's laws for purposes of reaching its verdict. For 28 of the Plaintiff States' laws at issue here, the same elements needed to show liability under the Sherman Act are sufficient to trigger liability under those state laws. And there is substantial overlap between federal law and the laws of four additional Plaintiff States.

As for the balance of the Plaintiff States' state law claims, which Defendants appear to acknowledge "do not rise and fall with the Sherman Act,"[3] Plaintiffs' proposed jury instructions and verdict form illustrate the significant proof overlaps and minimal additional work for the jury that would be involved in trying all claims together. Plaintiffs' proposed jury instructions, which were shared with Defendants on January 9, 2026, include only 7 instructions specific to state-law liability issues. And Plaintiffs' proposed verdict form, which covers both federal and state claims, is only 5 pages long, of which the state-law-claim specific questions amount to just over two pages.[4] The Plaintiff States thus submit that instructing the jury on all the state claims is possible without much added complexity.

If the Plaintiff States and Defendants disagree whether any given State's claims rise or fall with its federal claims, the Plaintiff States propose that the Court adopt a process similar to the one used in *In re Electronic Books Antitrust Litigation*, where the parties briefed the extent to which state claims were congruent or not congruent with the Sherman Act. *See In re Elec. Books Antitrust Litig.*, No. 12 Civ. 3394, 2013 WL 12212117 (S.D.N.Y. Sept. 25, 2013) (*eBooks*) (directing parties to stipulate to or brief congruency between state and federal laws). The Plaintiff States are prepared to promptly submit briefing on these issues after their initial meet and confer with Defendants on the jury instructions, which will allow time for resolving disputes, if any, prior to instructing the jury.[5]

---

[2] A copy of this stipulation is attached as **Exhibit 1** and will also be attached to the parties' joint pretrial statement per the Court's individual rules. The agreement provides that even though the jury will decide whether civil penalties should be awarded, the Court will determine the amount, in the second phase of the proceedings.

[3] ECF No. 797 at 16.

[4] The state-law-claim specific questions from Plaintiffs' proposed verdict form are attached as **Exhibit 2**.

[5] For the reasons stated by the Plaintiff States at the January 23, 2026 conference, issues related to state law claims were not properly presented by Defendants on summary judgment. While some of these issues must be resolved for purposes of instructing the jury, the State Plaintiffs submit this process will allow for resolution of any remaining disputes before deliberations.

For these reasons, the Plaintiff States submit that a single jury trial of all federal and state liability and damages issues will be manageable and more efficient than the alternatives and respectfully request that all state law claims be tried with the federal claims at trial.

Respectfully Submitted,

/s/ Jonathan H. Hatch

Jonathan H. Hatch
Assistant Attorney General
Lead Trial Counsel for the State of New York


cc:     All Counsel of Record (*via ECF*)