CASE NO. 25-1954

In The

# US Court of Appeals for the Federal Circuit

US District Court Central District of California

Case No. 23cv4381 (CACD) on Appeal

*Gurvey v. Live Nation Entertainment, Inc., Ticketmaster, LLC, Live Nation, Inc., The Commissioner of Major League Baseball (MLB), MLB Advanced Media, Phish/Phish Live, Cowan Liebowitz and Latman, PC, Hinshaw & Culbertson, LLP, Sheppard Mullin Richter and Hampton, LLP, Baker Botts, LLP et al.*

**APPELLANTS' FRCP RULE 60(b) DECLARATION IN SUPPORT OF MOTION TO VACATE ORDER ENTERED 1-26-26 DELETING DEFENDANT MLB ADVANCED MEDIA (MLBAM) FROM THIS FEDERAL CIRCUIT PATENT APPEAL**

Appellant Amy R. Weissbrod Gurvey
CEO and California Counsel and
Appellant LIVE-Fi® Technology Holdings
7302 Woodstone Circle
Princeton, New Jersey 08540
amyg@live-fi.com

California Counsel to Appellant LIVE-Fi® Technology Holdings, co-Appellant Amy R. Weissbrod Gurvey, US patentee/entrepreneur, not admitted in New York, declares to the truth of the following statements

1

in moving pursuant to FRCP Rule 60(b) to vacate the Federal Circuit's 1-26-26 *sua sponte* order granting unilateral withdrawal of defendant Major League Advanced Media (MLBAM) from this patent infringement appeal in violation of the Fourteenth Amendment.

Defendant MLBAM has its principal place of business in Costa Mesa, California. Defendant MLBAM was duly served with Appellant's 2023 Central District of California (CACD) patent infringement, unfair competition and RICO conspiracy lawsuit. Defendant must answer for strict liability infringement of Appellants' patents in California under 35 USC §271 and for contributory infringement. This is the law regardless of whether separate alleged acts of RICO conspiracy and unfair competition with the other named appellee-defendants took place in or out of California.

The court's 1-26-26 order is in seeming contradiction to the subsequent order entered two days later on 1-28-26 accepting for docketing Appellant's Opening Brief as within time and her separate Appendix. Documents in the Appendix include published orders in other pending lawsuits of which this court can take judicial notice for the first time on appeal. They prove undisputably that the SDNY in New York City continues since 2013 to deny Appellant constitutional access to get infringement and inducing infringement hearings against the named defendants herein that are private industry infringers (MLB, MLBAM, Live Nation Entertainment, Live Nation, Ticketmaster, LLC, Phish and Cowan Liebowitz & Latman). It is also undisputed that the State of NY has engaged in acts that constitute a taking of Appellant's patents including having Office of Court Administration write *ex parte* letters to this Court since 2018 without standing or jurisdiction.

In the recent SDNY lawsuit 24cv2930 (PAE)(RFT) *Amron v. MLBAM*, the entire lawsuit was voluntarily dismissed in October 2025 by plaintiff Amron when Appellant moved in 2025 to intervene as of right under Rule 24 and file a third party infringement complaint against both parties. There is no dispute from the face of his 2015 subset patent that plaintiff Amron failed to cite to Appellant's patents as prior art when applying for a subset patent in 2012 before the USPTO, rendering his patents void and unenforceable.

2

In *US and 40 US States v. Live Nation Entertainment*, 24cv3973 (AS)(SDNY), Tickets.com is a named party. Tickets.com is a wholly owned subsidiary of defendants MLBAM and MLB. As a party, Tickets.com is opposing discovery sought by defendant LNE on claims directly relevant to this appeal. Surprisingly, in the Government's antitrust divestiture lawsuit, Tickets.com is represented by the same attorneys defending MLB and MLBAM in the parallel *Amron* litigation in which Appellant sought intervention as of right. (Keker, Van Nest, Peters of San Francisco, R. Adam Lauridsen, Esq. Ergo, inconsistent positions are being taken in both these SDNY lawsuits by Tickets.com.

There is no dispute that defendant MLBAM continues to use, manufacture and outsource ticketing and ticketing management applications in California that infringe Appellants' patents to service its 30 national baseball teams and stadiums. These infringing acts continue since defendants acquired Tickets.com in 2005. Ergo, defendant MLBAM is properly sued for infringement in California, precluding the *sua sponte* dismissal of appellee from this appeal.

In 2024, State of NY and its officers in change of infringing agencies, were sued by Appellants for prospective injunctive relief (i) to stop using Appellants' patents at the NYS Thruway, NYS Gaming Commission and Port Authority of NY and NJ, (ii) for the NYS Office of Court Administration (OCA) to produce its still withheld files mandated by the Fifth, Sixth and Fourteenth Amendment; and (iii) for the NY Court of Claims to docket Appellants' taking damages claim based on tortious interference, unjust enrichment and misappropriation of property by NYS officers of the courts. The State of NY has waived 11th Amendment immunity for these claims. That the Court of Claims has returned Appellant's damages claim is proper grounds for injunctive relief and is proven by documents filed before this Court in Appellant's Appendix.

History is relevant. It is alleged that the idea for defendants MLBAM and MLB to acquire Tickets.com in 2005 came from Appellant's confidential files given to MLBAM's NYC lawyers, defendant Cowan Liebowitz & Latman during the prosecution retainer the Cowan defendants actively sought from Appellant. The retainer was pursued under false pretenses immediately after the tragic events of 9-

11-01 when Appellant was in forced eviction from a damaged Battery Park City condo. The Cowan defendants had a duty to protect Appellant Gurvey's formal applications and inventions before the USPTO. They failed to do so from inception of the relationship proving a sham and a charade. Instead, the Cowan defendants filed defective and non-confirming patent applications before the USPTO, abandoned those applications without statutory notice, withheld all files, and disclosed the contents of the withheld formal applications to its other clients including trademark clients MLBAM and MLB, Live Nation and Phish/PhishLive. The Commissioner of Patents placed the Cowan defendants under a seven year conflicts investigation. At that time Appellant LIVE-Fi® was incorporated under tradename EClickTix™.

In 2005 and based on Appellant's trade secrets, defendants MLBAM and MLB jointly acquired California company Tickets.com after the 2003 order was entered by Judge Happ in the CACD lawsuit brought by Ticketmaster. The Cowan defendants were already serving as defendants MLB and MLBAM's trademark counsel in NY. The Cowan attorneys three times attempted unilateral withdrawal from Appellant's retainer, that was never granted by the USPTO. Ticketmaster's claims against Tickets.com included that defendant had placed digital spiders on Ticketmaster's webpages to steal customer data for its own marketing database. Because the sales of ticket orders were referred back to Ticketmaster by defendant Tickets.com, however, the CACD held that no concrete damages could be proven by trespass to chattels. However, in 2021, 16 years later, defendant Ticketmaster was prosecuted by the US Attorney for the EDNY for the same crimes against other ticketing websites, while Appellant was unlawfully locked out of the district court in New York by misconduct by a member of the NYS Attorney General's office, Michael Berg, Esq. *US v. Ticketmaster*, 2021-cr-22, 24 (EDNY 2021). Berg got caught in corruption when he took a 100% opposing position in a SDNY lawsuit. *Building and Real Estate institute of Westchester and Putnam Counties v. State of NY*, 2021 WL 4198332 (SDNY 2021)

It was always Appellant's idea for defendants MLB and MLBAM to acquire Tickets.com and create a national ticket management system with uniform terms to service all baseball teams. It was believed that

4

this system was monetarily superior to dealing with defendants Live Nation, Ticketmaster and StubHub and would be especially beneficial if players were traded between teams. [1]Appellant's patent pending disclosures with multifunctional bar codes including systems for targeting advertising were given to the defendant Cowan lawyers to protect and also provided secured encryption matrices to protect against theft of customer data. *Ticketmaster v. Tickets. com*, 2003 WL 21406289 (CACD 2003).

It appears that the Cowan defendants contacted the New York attorneys granted *pro hac vice* status in the Ticketmaster and Tickets.com CACD lawsuit. As stated in Appellants' CACD complaint, in 2011 and at the same time that forged documents were secretly manufactured *ex parte* in unserved and "ordered concealed" NYS files by NYS officers of the courts - as stated in the Opening Brief and CACD complaint - in 2012, Front Row, a New Mexico company, sued defendant MLB and Cowan's other client, The Glenn Beck Program for infringement. Glenn Beck is located in the same building as the Cowan defendants' offices. Suspiciously, the Cowan defendants filed a notice of appearance as defense counsel for both parties MLBAM and Glenn Beck, and were quickly replaced. *Front Row v. MLBAM, Mercury Arts Radio, The Glenn Beck Program, et al.* 2012 WL 6736301 (DNMex. 2012)

Defendant MLBAM continues to use outsource and manufacture infringing platforms in violation of 35 USC §271 in California. Strict liability infringement damages were owed Appellants as soon as the first delayed patent pending solutions issued as US patents which was October 13, 2009. The continuation patents were unlawfully delayed in prosecution until August 2, 2022, for 13 years.

In the interim, a coverup was instituted by the Cowan defendants and Live Nation's common SDNY defense attorneys at Hinshaw & Culbertson's NY office dually serving as NYS staff counsel to the First Dept. attorney grievance committee (AGC). The Cowan defendants - already then under conflicts of interest investigation by the Commission

---

[1] Appellant's father was scouted as a pitcher for the Yankee farm club in New York.

of Patents Wynn Coggins - somehow got the Commissioner to take fourteen (14) of Appellant's pending patent applications out of the prosecution queue and withhold the results of the investigation. The First Dept. AGC never ordered production of Appellant's files in violation of equal protection. The participating acts by USPTO federal officers constitute per se violations of the Administrative Procedures Act, 5 USC §§551-596, 701, et seq (APA).

To date, Appellant's FOIA requests based on APA violations filed before the USPTO OED have been ignored. This required Appellants to file separate DC District Court lawsuit seeking injunctive relief for administrative breaches.[2]. Since then three separate patent commissioners have been hired. [3] The sum total of APA violations delayed Appellant's patent issuance and enforcement rights fourteen (14) years, well beyond the 3-year limit. This enabled named defendants agencies of the State of NY to continue to use Appellant's patents while Appellant was unlawfully kept out of the SDNY. *Wyeth v. Kappos*, 591 F.3 d 1364 (Fed Cir. 2010). The complexity of this scenario is precisely how named defendants to date have deceived the courts.

In addition, Appellants had to file a separate DCD lawsuit to enforce the judgment and amended judgment containing the express conditions of merger between defendants Live Nation and Ticketmaster .*US v. Ticketmaster and Live Nation*, 2010 WL 975407, 975408 (DCD 2010); Amendment Judgment January 8, 2020. The terms of merger required any injured party based on violations of the judgments to return to that court. 25cv3257 (DCD). The first judge assigned Appellants' 3257 lawsuit, Hon. Loren Alikhan, improperly found that

---

[2] 23cv3549 (DCD), *Gurvey v. Secretary of Commerce, US Commissioner of Patents*

[3] Technically the USPTO Office of Enrollment and Discipline (OED) was required to order that the Cowan defendants revive the several patent applications they abandoned without notice, produce Appellant's complete files, and produce the patent applications that were placed on prosecution hold during Commissioner's investigation.

Appellant Gurvey was never admitted to practice law, a blatant falsehood. Judge Alikhan recused herself without formal motion. The continuing issuance of these types of defamatory orders without motions on notice in violation of the Fifth, Sixth and Fourteenth Amendments proved circulation of fraudulent postings by NYS officers of the courts that were discovered in 2025.

The Cowan defendants sought Appellant's patent prosecution retainer under false pretenses seeking to steal her patents in favor of several of its clients. Each had a profound conflict interest in her inventions and seeing that Appellant's issued patents were delayed (Live Nation, Inc., Phish, MLB/MLBAM and Legend Films).

The Cowan partners - Midge Hyman, Simon Gerson, Peter Procino, C. Christopher Jensen and William Borchard paid Petitioner's bar dues to California and never to New York. In 2003 at the time of the Ticketmaster v. Tickets.com CACD lawsuit, they were copying Appellants formal patent applications and client lists with night staff (Jacqueline Revander). The Cowan defendants abandoned Appellant's filed USPTO patent applications and were never granted unilateral withdrawal by the USPTO. The applications filed did not correspond to Appellant's formal applications withheld by the firm, proving malpractice, breach of fiduciary duty and intentional torts. The files were required to be produced by the NYS AGC or the OED, and were never ordered. This is ludicrous. The USPTO filings that were produced disclose technology not invented by Appellant while the Cowan lawyers shared Appellant's inventions with other clients.

In 2011, the Cowan defendants were found by discovery to have inserted Appellant's inventions into a PCT patent application 02 US 14192 filed for Legend Films of California, Appellant's own San Diego client. Emails discovered in 2011 say that Cowan defendants were "following the clients' instructions" causing Appellant to forfeit $330,000 in stock owed for services to that company since 1999. That defendants paid Appellant's bar dues to California and no dues to New York proves the falsity of the vast number of forged and spoliated NYS documents that the State of NY has "ordered concealed" for years and were first produced on August 26, 2025. The Cowan firms defense attorneys at Hinshaw & Culbertson NY office were found to have

7

manufactured forged and unserved documents into concealed state files when H&C could never accept retainer because several partners were dually serving as AGC officers of the State. NY's Judiciary Law Part 1240.6d.

The orders entered in two lawsuits by the SDNY [24cv2930 and 24cv3973] since October 2025 constitute newly discovered evidence and grounds for vacatur under Rule 60(b). They establish that defendant MLBAM must be ordered to answer for strictly liability infringement damages by this Court. requiring reversal of that court's *sua sponte* orders in this appeal.

This appeal proves the modus operandi that a state could use to delay patents, access to district court by ordering defiance or prospective *Ex parte Young* relief. 209 US 123 (1908). It is up to this appeals court to reverse its previous transfer orders entered in 2018, 2020 and 2023 that were never ordered served on Appellants to ensure that this type of state corruption is stopped dead in its tracks and cannot recur to jeopardize the property rights of pro se patent inventors.

It should be noted that new Yankee Stadium one of the thirty (30) 24cv2930 infringer defendants sued by plaintiff Amron before the SDNY in 2024 was constructed with NYC and NYS tax dollars. Yankee Stadium is technically a venture partner of NYC that can be sued directly in its own right. *Monell v. Dept. of Social Services*, 436 US 658 (1978)

MLBAM entered into a merger agreement to acquire Tickets.com in February 2005. MLBAM used a wholly owned subsidiary (MLBAM Acquisition Corp.) to purchase all outstanding Tickets.com shares MLB publicly announced the deal on February 15, 2005, confirming the tender offer and its intent to fully integrate Tickets.com into MLBAM's operations. The acquisition price was reported at $66 million financed through a credit line from Bank of America and JP Morgan. Appellant was cut out of the deal.

According to its current corporate profile Tickets.com is now a wholly owned subsidiary of MLBAM. It operates as a global ticketing technology company based in Costa Mesa, California. It provides:

- **Primary ticketing systems**
- **Ticketing technology platforms**
- **Ticket sales and resale tools**
- **Marketing and reporting tools**
- **Venue and partner integrations**
- It continues to serve **sports teams, performing arts centers, and live entertainment venues** using a trademarked ProVenue platform that is alleged to be infringing Appellants' patents in California and throughout the United States.
- Tickets.com functions as MLBAM's ticketing technology firm, providing enterprise-grade ticketing systems to MLB clubs and non-MLB venues.

**WHEREFORE**, Appellants pray that the 1-26-29 order dismissing MLBAM from this appeal be reversed as abuse of discretion and contrary to law and the case record.

Dated: January 29, 2026
Princeton, NJ

AMY R. WEISSBROD GURVEY
CEO and California Counsel
and LIVE-Fi ®Technology Holdings
Appellants

Service Fed Cir ECF