UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, et al.,

Plaintiffs,

v.

LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C.,

Defendants.

Case No. 1:24-cv-03973-AS

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FAN WITNESSES**

## TABLE OF CONTENTS

Background ................................................................................................................................... 1

Legal Standard ............................................................................................................................. 3

Argument ...................................................................................................................................... 4

    I.    The jury is entitled to hear from the fan witnesses ............................................................. 4

        A.    Any lateness in the disclosure of the two fan witnesses is justified ............................... 4

        B.    Fan testimony is important for the jury to hear .............................................................. 5

        C.    Permitting fan testimony does not prejudice Defendants ............................................... 6

    II.    Striking the fan witnesses while allowing Defendants' late-disclosed witnesses would prejudice Plaintiffs ............................................................................................................... 7

Conclusion .................................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Blue Shield of Virginia v. McCready*, 457 U.S. 465 (1982) ............................................................. 5

*Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 650 F. Supp. 2d 314 (S.D.N.Y. 2009) ...................................................................................................................................... 8

*Downey v. Adloox,* No. 16-CV-1689 (JMF), 2018 WL 794592 (S.D.N.Y. Feb. 8, 2018). ............... 4

*Hernandez-Torres v. Inter-Continental Trading, Inc.*, 158 F.3d 43 (1st Cir. 1998) ........................ 5

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143 (S.D.N.Y. Apr. 13, 2006) ................................................................................................................................... 7

*Meide Zhang v. Liang Zhang*, 816 Fed. App'x. 525 (2d Cir. 2020) ................................................ 7

*Nike, Inc. v. StockX LLC*, No. 22-CV-0983-VEC, 2025 WL 2445433 (S.D.N.Y. Aug. 25, 2025).. 7

*Outley v. City of New York*, 837 F.2d 587 (2d Cir. 1988) ............................................................... 4

*Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006) .................................................................... 3

*Reazin v. Blue Cross and Blue Shield of Kans., Inc.*, 899 F.2d 951 (10th Cir. 1990) ..................... 5

*Williams v. Bethel Springvale Nursing Home*, 2018 WL 1662644 (S.D.N.Y. 2018) .................. 7, 9

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................. 1, 2, 3, 5, 7, 9

Fed. R. Civ. P. 29 .............................................................................................................................. 2

Fed. R. Civ. P. 37 .......................................................................................................................... 1, 3

The only thing Defendants fear more than this case going to a jury of real people is the prospect that that jury might hear from real concert fans who were directly harmed by Defendants' misconduct. Plaintiffs propose to bring two fan witnesses, Callie Brennan and Lori Kelly, to trial to testify narrowly on their experiences as live concert attendees who paid anticompetitively high fees for their primary tickets. The timing of the disclosures is appropriate under the discovery agreements in this case, and regardless would be substantially justified, as Plaintiffs only learned recently that these individuals had relevant testimony to offer at trial. And Defendants have more than enough time to obtain relevant documents, take their depositions and otherwise prepare to cross-examine them. Defendants have suffered no prejudice.

The instant motion is not driven by Rule 37's requirements. Indeed, Defendants themselves included three late-disclosed industry witnesses on their own witness list, including one of their employees, who based on their own motion should also be precluded from testifying. The Court should deny Defendants' motion.

## BACKGROUND

Following the parties' exchange of initial disclosures on July 1, 2024, but before their April 2025 supplemental disclosures, on October 15, 2024 the Court entered the parties' agreed-upon deposition protocol. Paragraph 27 of that protocol states in full:

> The Parties agree that any individual identified by any opposing Party as a trial witness who has not already been deposed shall be made available for Deposition by the opposing Party reasonably in advance of trial. The Parties agree to meet and confer with respect to the extent of any document productions from the custodial files of such individual, unless the individual was disclosed under FRCP 26(a)(1) sixty (60) days prior to the conclusion of fact discovery.

ECF No. 303 (Order Regarding Deposition Protocol) ¶ 27 ("Deposition Protocol"). The parties thereby modified, with the Court's endorsement, their Rule 26(a)(1) obligations with regard to witnesses identified as possible trial witnesses after fact discovery closed, and agreed those

1

witnesses would be available for deposition. *See also* Fed. R. Civ. P. 29. Defendants never sought any subsequent modification of the Deposition Protocol (as permitted by its paragraph 73).

Plaintiffs were not aware of Ms. Brennan and Ms. Kelly as persons knowledgeable within the scope of Rule 26(a)(1) until late in 2025, after discovery closed. Over the past few months, as the parties came to understand the experts' opinions, as well as Defendants' intended defenses, Plaintiffs began to consider whether fans who had reached out to various attorneys' general offices were knowledgeable about issues included in the parties' expert reports, including whether any such fans had been injured by Defendants' conduct. *See* Declaration of Jonathan H. Hatch in Support of Plaintiffs' Opposition to Defendants' Motion to Strike Fan Witnesses ("Hatch Decl.") ¶¶ 3–4 (describing review of complaints submitted to New York Attorney General); Declaration of Jennifer A. Thomson in Support of Plaintiffs' Opposition to Defendants' Motion to Strike Fan Witnesses ("Thomson Decl.") ¶¶ 3–4 (describing review of complaints submitted to Pennsylvania Attorney General). Plaintiffs identified Ms. Kelly and Ms. Brennan as individuals likely knowledgeable based on Rule 26's standard via interviews on November 14, 2025, and December 12, 2025, respectively. *See* Hatch Decl. ¶ 5; Thomson Decl. ¶ 5.

Both Ms. Brennan and Ms. Kelly were identified on Plaintiffs' preliminary witness list, which Plaintiffs served on Defendants on January 6, 2025. Defs.' Br. at 1. In their preliminary witness list, exchanged on the same date, Defendants also identified three witnesses who had not been identified on their Rule 26 disclosures—one Live Nation employee and two third parties.[1]

---

[1] Defendants have taken the position the names of the witnesses on their preliminary witness list are confidential information. Plaintiffs do not agree with this characterization, but this issue does not need to be resolved here.

2

Defendants sought a pre-motion lead trial counsel call with Plaintiffs, which was held on January 20, 2026. On the call, Plaintiffs stated they did not object to any attempt by Defendants to seek documents from, and depositions of, Ms. Brennan and Ms. Kelly. Hatch Decl. ¶ 8. Plaintiffs also noted that Defendants could have identified fan witnesses of their own, but appear to have elected not to for their own strategic reasons. *See id.*

Despite Plaintiffs' disclosure on January 6, Defendants waited until January 22, 2026—more than two weeks—to serve any discovery requests on Ms. Brennan or Ms. Kelly, serving thirteen document requests on each fan. Thomson Decl. ¶ 8 & Ex. 1 (attachment to Brennan subpoena); Hatch Decl. ¶ 10 & Ex. 1 (attachment to Kelly subpoena). Although Defendants have not yet noticed the deposition of either witness, Plaintiffs would not object to such depositions, consistent with the agreed-upon Deposition Protocol. *See* Hatch Decl. ¶ 8, 11; Thomson Decl. ¶ 9. Defendants even met and conferred with Ms. Brennan on January 30, where she asked questions about the various requests for production and the best way to produce them to Defendants, and agreed to produce documents in response by Defendants' deadline. Thomson Decl. ¶ 10. Six hours after their interview of Ms. Brennan, Defendants filed this motion.

## LEGAL STANDARD

In deciding whether to exercise their discretion to impose sanctions under Rule 37(c)(1), courts consider: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). "Despite the seemingly mandatory language of the Rule, however, preclusion is not in fact mandatory" and is "a harsh sanction." *Downey v. Adloox,* No. 16-CV-1689 (JMF), 2018 WL 794592, at *1–2 (S.D.N.Y. Feb. 8, 2018); *see also Outley v. City of New York*, 837 F.2d 587, 591

3

(2d Cir. 1988) ("Before the extreme sanction of preclusion may be used by the district court [pursuant to Rule 37], a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses.").

## ARGUMENT

## I. THE JURY IS ENTITLED TO HEAR FROM THE FAN WITNESSES

### A. Plaintiffs' disclosure of two fan witnesses was timely

Plaintiffs' disclosure of these witnesses on January 6, 2026, was timely based on the Deposition Protocol, and even if it had not been, it would be justified. It was timely because, as Defendants acknowledge, at the time the Deposition Protocol was drafted, both sides envisioned that certain fact witnesses might not be identified during condensed fact discovery despite best efforts. Defs.' Br. at 4–5. That is why the parties provided for the depositions of new witnesses who might appear for the first time on the parties' witness lists. Identifying two fan witnesses pursuant to the parties' agreed-upon Deposition Protocol, and after discovery closed, is neither improper nor gamesmanship, as Defendants' own identification of additional new witnesses reflects.

It was substantially justified, even absent the Deposition Protocol. Ms. Kelly and Ms. Brennan are among the millions of fans who have attended events ticketed by Defendants. Identifying all such potential witnesses was neither possible nor practical. Rather, a reasonable inquiry was required to identify Ms. Kelly and Ms. Brennan, as explicitly contemplated by Rule 26. Given the relatively short period for fact discovery in this matter, Plaintiffs made efforts to identify relevant witnesses during and after fact discovery and did not reach a determination that Ms. Brennan and Ms. Kelly had relevant knowledge until shortly before witness lists were due. *See Hernandez-Torres v. Inter-Continental Trading, Inc.*, 158 F.3d 43, 49 (1st Cir. 1998) (Rule

26(a)(3) does not require disclosure of a prospective witness's identity during the discovery period).

### B. Fan testimony is important for the jury to hear

The witnesses at issue here are not just any market participants—they are ticket purchasers and concertgoers who were harmed by Defendants' misconduct. They can offer a real-world personal perspective on Defendants' arguments about the purported differences between primary concert ticketers and fan preferences for primary and secondary tickets. The fact that their experience is "anecdotal" does not mean that it is irrelevant to the jury's considerations; rather, each witness will testify based on their own personal experiences and perceptions in using and purchasing Defendants' services. Just as a given venue may provide non-statistical evidence of whether the market is systematically constrained, so too can these two fans. Even Defendants concede that the fan witnesses participate in and feel the effects of Defendants' conduct in one of the relevant markets. *See* Defs.' Br. at 3.[2] Ms. Brennan and Ms. Kelly understand they will have to sit for a deposition and come to trial and do so out of civic duty.  The jury will briefly hear their testimony about their experience purchasing tickets for venues where Ticketmaster's exclusive contracts meant they had only one source for primary tickets. Defendants may not like that, but it doesn't make these fans' testimony of "minimal importance." Defs.' Br. at. 3.

---

[2] Even if there were no fan-facing market, under *Blue Shield v. McCready*, 457 U.S. 465 (1982), Plaintiff States could still seek recovery for fans. *See, e.g.*, *Reazin v. Blue Cross and Blue Shield of Kans., Inc.*, 899 F.2d 951, 962 (10th Cir. 1990) (affirming jury verdict where defendant allegedly constrained competition between health insurers, and recognizing that hospital still had standing under *McCready* despite being neither a competitor nor a consumer in "the relevant market selected by the court").

### C. Permitting fan testimony does not prejudice Defendants

Defendants claim prejudice from these witnesses but will suffer none.[3] First, Defendants cannot credibly claim that they had no basis to realize fan testimony might be relevant until Plaintiffs included fans on their preliminary witness list. The fan-facing market has been part of this case since its inception. Defendants could have procured their own fan witnesses; they maintain expansive data sets on fans who have purchased their tickets and could have easily identified fans who have attended events at major concert venues. Defendants may not want fans to testify at trial, but that isn't prejudice.

Second, Defendants have the time and ability to take discovery from Plaintiffs' two fan witnesses prior to trial. Plaintiffs made Defendants aware of the fan witnesses' identities well before the 30-day pretrial cutoff Rule 26(a)(3)(B) prescribes. Plaintiffs provided their contact information in a timely manner to facilitate Defendants' communications. Plaintiffs expect Defendants will be receiving documents this coming week from both fans, who are working to meet deadlines Defendants set. Defendants have known the identity of the fan witnesses for three weeks yet have not yet noticed their depositions. This delay is Defendants' own and cannot be counted as prejudicial. Defendants also cannot credibly argue that the volume of responsive documents likely to be produced by two fans would preclude them from effectively conducting properly scoped depositions soon thereafter and preparing for trial, especially given that the fans' testimony, as Defendants acknowledge (Defs.' Br. at 1), will be narrowly focused on their experiences as purchasers of tickets. *See Meide Zhang v. Liang Zhang*, 816 Fed. App'x. 525, 530 (2d Cir. 2020) (unpublished) (no prejudice where opposing party was "given an opportunity to

---

[3] Plaintiffs agree a continuance, the fourth *Patterson* factor, would be improper here, but the Court need not reach it because no continuance or other sanction is needed to avoid prejudicing Defendants.

depose [late-disclosed witness] on the eve of trial"); *Nike, Inc. v. StockX LLC*, No. 22-CV-0983-VEC, 2025 WL 2445433, at *2 (S.D.N.Y. Aug. 25, 2025) (allowing two new witnesses disclosed two months before trial to testify, provided opposing party had opportunity to depose); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *4–5 (S.D.N.Y. Apr. 13, 2006) (permitting testimony by two witnesses first disclosed on a trial witness list, provided opposing party had opportunity to depose). In short, Defendants here do not lack the opportunity to competently take discovery from the fan witnesses. The prejudice due to pretrial time constraints that was at issue in *Williams v. Bethel Springvale Nursing Home*—where Plaintiff wanted to introduce a new witness some two years after discovery had closed—2018 WL 1662644, at *5 (S.D.N.Y. 2018), is simply not present here.[4]

Finally, though Defendants speculate that Plaintiffs intend to use the fan witnesses to belatedly add evidence of damages (Defs. Br. at 3), they are incorrect. Plaintiffs have never suggested the fan witnesses would testify about the quantum of their damages, and Plaintiffs have no intention of eliciting any such testimony. Any argument otherwise is a red herring. *See* Defs.' Br. at 3 (quoting *Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 650 F. Supp. 2d 314 (S.D.N.Y. 2009)).

## II. STRIKING THE FAN WITNESSES WHILE ALLOWING DEFENDANTS' LATE-DISCLOSED WITNESSES WOULD PREJUDICE PLAINTIFFS

Defendants' own preliminary witness list identifying three new witnesses shows that they read the Deposition Protocol exactly as Plaintiffs did until Defendants learned of the fan witnesses.

---

[4] *Williams* is also inapposite because the failure to disclose there was unjustifiable: there, the plaintiff sought to call their former supervisor over two years after discovery closed even though he had been identified during discovery as a person with potentially relevant knowledge. 2018 WL 1662644, at *5. Ms. Brennan and Ms. Kelly are not industry insiders—*no one* involved in the litigation knew until recently that they were knowledgeable.

7

First, Defendants disclosed for the first time on January 6, 2026, that they plan to call a current employee at trial, despite failing to identify him at any prior point in this case, including on their initial or supplemental disclosures, or during custodial negotiations. If he truly was a person with knowledge of the facts and issues at play in this litigation, why didn't Defendants disclose him during custodial-production negotiations over a year ago, or update Plaintiffs when they learned of his knowledge? Defendants complain "it is unlikely that Defendants will obtain full and complete discovery from [the fan witnesses] in the short time before trial" (Defs.' Br. at 4) but Defendants seem to have no concern about providing Plaintiffs a document production narrower in scope than they did for other custodians, and only by the end of this coming week, from their own current employee, who likely has far more responsive documents than two fan witnesses.

Second, Defendants now plan to call two new non-party venue witnesses from Monumental Sports and Greensboro Coliseum. Defendants never identified either in their initial or supplemental disclosures prior to January 6, 2026. Defendants' possible response, that Plaintiffs should have been aware of these individuals because of their employers' importance to the case, is of no moment. As *Williams,* on which Defendants hang their hat, teaches, "'knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if [Plaintiffs] informed [Defendants] that [they] might call the witness in support of its claims or defenses.'" *Williams*, 2018 WL 1662644, at *5 (quoting *Downey* 2018 WL 794592, at *1). More practically, with hundreds of relevant industry players in this case, it would be absurd, for example, to deem Plaintiffs on notice that Defendants

might call any of Monumental's 17 leaders, let alone its "850+ employees," merely because the entity as a whole is relevant.[5]

Permitting Defendants to call these three witnesses while striking Ms. Brennan and Ms. Kelly would not only misread the Deposition Protocol the Cour endorsed; it would create an uneven playing field, prejudicing Plaintiffs. The Court should decline this invitation.

## CONCLUSION

Defendants will surely call multiple polished executives who will presume to tell the jury what the fan experience is like. The jury should not be deprived of short testimony from two real-life fans, not when Defendants still have ample opportunity to depose them. The Court should deny Defendants' motion.

---

[5] Monumental Sports Entertainment, "Who We Are," https://monumentalsports.com/who-we-are/ (last accessed January 31, 2026).

Dated: February 1, 2026

                                                                              Respectfully submitted,

                                                                            */s/ Jonathan H. Hatch*
                                                          Jonathan H. Hatch
                                                          Assistant Attorney General
                                                          *Lead Trial Counsel for the State of New York*
                                                          New York State Office of the Attorney General
                                                          28 Liberty Street
                                                          New York, NY 10005
                                                          Telephone: (212) 416-8598
                                                          Email: jonathan.hatch@ag.ny.gov
                                                          *Attorney for Plaintiff State of New York*

/s/ Bonny Sweeney
BONNY SWEENEY
*Co-Lead Trial Counsel*

David Dahlquist
*Co-Lead Trial Counsel*
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Email: Bonny.Sweeney@usdoj.gov
Email: David.Dahlquist@usdoj.gov
*Attorneys for Plaintiff United States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email: amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Brent Nakamura
Brent Nakamura (admitted *pro hac vice)*
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Victoria Maria Orton Field
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

/s/ Lee Morris
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
*Attorney for Plaintiff State of Mississippi*

/s/ Justin C. McCully
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Andrew F. Esoldi
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

/s/ Evan Crocker
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

/s/ Francisco Benzoni
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

/s/ Sarah Mader
Sarah Mader (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

*/s/ Cameron R. Capps*
Cameron R. Capps (admitted *pro hac vice*)
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-0858
Fax: (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*

*/s/ Gina Ko*
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

*/s/ Joseph S. Betsko*
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

*/s/ Jared Q. Libet*
Jared Q. Libet (admitted *pro hac vice*)
Assistant Deputy Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South Carolina*

*/s/ Bret Leigh Nance*
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

*/s/ Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

*/s/ Diamante Smith*
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

*/s/ Marie W.L. Martin*
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

<div style="columns:2">

*/s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

*/s/ David C. Smith*
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Ashley A. Locke*
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

*/s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*

</div>

**CERTIFICATE OF COMPLIANCE**

    I, Jonathan H. Hatch, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Rule 8(C) of Judge Arun Subramanian's Individual Practices in Civil Cases ("Individual Rules"), that the foregoing Memorandum of Law was prepared using Microsoft Word, and contains 2,649 words. In making this calculation, I have relied on the word and page counts of the word-processing program used to prepare this document.

Dated: February 1, 2026

                                                              /s/ Jonathan H. Hatch
                                                              Jonathan H. Hatch