

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

February 2, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

**Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS**

Dear Judge Subramanian:

Pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases, non-party Anschutz Entertainment Group, Inc. ("AEG") submits this letter motion seeking leave to redact narrow portions of Defendants' supplemental letter brief in support of their motion for summary judgment, which was filed on January 28, 2026. Dkt. Nos. 976, 978.  Pages of 8 and 9 of Defendants' letter brief mention AEG's client artists' names and their personal information, which were designated as "Highly Confidential" and "Confidential" under the Protective Order, the disclosure of which is "likely to cause material and significant competitive or commercial harm." Dkt. No. 347 ¶ 2.  AEG has previously moved to redact or seal the same information in relation to the parties' summary judgment and *Daubert* briefing, and that sealing motion is pending before this Court. Dkt. No. 897; *see* Dkt. No. 897-1 at 10 (requesting to redact portions of Dkt. 696-5 "to protect the privacy of a third-party artist"). For the reasons set forth in AEG's pending sealing motion and the reasons below, AEG's request for redaction is narrowly tailored and overcomes the presumption in favor of public access. *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006). AEG respectfully requests the Court to grant this motion.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch*, 435 F.3d at 119. Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The "privacy interests of innocent third parties," such as AEG, "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (citation modified).

Although the materials related to a summary judgment motion are considered "judicial documents," the materials AEG seeks to seal carry a weak presumption of public access that fails to outweigh the competitive harm to AEG and its third-party artist clients in the event of their disclosure. Defendants cite AEG's confidential discussions and relations with its artists in discussing whether Plaintiffs have evidence supporting Defendants' alleged tying conduct. *See* Dkt. No. 978 at 8-9. The exact name of those artists has "little bearing on whether the [] motion should be granted" or whether there is a triable issue for Plaintiffs' tying claim. *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022); *see also Mehta v. DLA Piper LLP*, 2025 WL 2771659, at *13 (S.D.N.Y. Sept. 29,

1

The Honorable Arun Subramanian                - 2 -

2025). Accordingly, the weight of the presumption of public access is low, especially given AEG's and the artists' status as third parties in this case.

Any presumption of public access is also heavily outweighed by AEG's and other third-parties' privacy interests. As noted above, the materials related to AEG's redaction requests contain identifying information of artists. The public holds a keen interest in the individuals at issue, and the disclosure of their names and information would draw unwarranted and unnecessary attention. *See Richardson v. NBA,* 2025 U.S. Dist. LEXIS 44570, at *5 (S.D.N.Y. Mar. 3, 2025) ("The need to protect this type of information is particularly acute in light of the fact that NBA players and referees operate in the public arena and disclosure of such information would likely be publicized."). Moreover, the artists' names and identifying information referenced in relation to Defendants' alleged conduct should be sealed to protect the innocent third parties from the risk of Defendants' potential retaliation. *See Heckman v. Live Nation Ent., Inc*., 2025 WL 1720178, at *5-6 (C.D. Cal. May 13, 2025) (denying Defendants' employees access to certain third-party information, in part, based on the allegations of Defendants' "history of threatening and retaliating against companies that do business with Defendants' competitors"), *adopted as final*, Dkt. No. 370 (May 15, 2025). This Court has previously granted sealing of this type of information in this case. Dkt. No. 549.

For the foregoing reasons, AEG respectfully requests that this Court allow AEG's information in Defendants' supplemental letter brief to remain redacted.

Respectfully submitted,

*/s/ Justin W. Bernick*
Justin Bernick (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue
New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*

Dated: February 2, 2026