February 2, 2026

**Vinson&Elkins**

Marisa F. Antonelli  mantonelli@velaw.com
**Tel** +1.212.237.0151  **Fax** +1.917.849.5396

**Submitted Via ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A, New York, NY 10007

Re:    Request to Seal Confidential Information in *United States et al., v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973 (S.D.N.Y.)

Dear Judge Subramanian:

Pursuant to Rules 11(B),11(C)(i), and 11(C)(iii) of the Court's Individual Practices in Civil Cases, WFI Stadium LLC (the "Commanders"), a non-party in the above-referenced matter, respectfully requests that a reference to the Commanders' confidential business information included in recent filings provisionally filed under seal by Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (collectively, "Defendants") remain redacted because it would reveal an innocent third party's sensitive commercial information and is only marginally relevant to the dispute.

On January 29, 2026, Defendants notified the Commanders that Plaintiffs' Exhibit 71, the subject of the Commanders' January 15, 2026 Letter-Motion to Seal (Dkt. No. 872) (the "January 15 Letter") was referenced in recent filings made by Defendants relating to the parties' summary judgment briefing: (i) Defendants' Response to the Court's January 27 Letter (*see* Dkt. No. 978) and (ii) Motion to File Defendants' Response to the Court's January 27 Letter Under Seal (*see* Dkt. No. 976) (collectively, "Filings"). The Filings cite Paragraph 58 of Plaintiffs' (Corrected) Counterstatement of Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment (*see* Dkt. No. 774), which, in turn, references Plaintiffs' Exhibit 71 (the "Exhibit 71 Reference"). *See* Commanders_DCOAG_016371.  As the Commanders explained in the January 15 Letter, Plaintiffs' Exhibit 71 includes confidential internal discussions about industry-wide developments and would reveal specific details about the Commanders' business strategies. *See* Dkt. No. 872 at 2–3.

For the reasons stated in the Commanders' January 15 Letter with respect to Plaintiff's Exhibit 71, the Exhibit 71 Reference should remain redacted. *See* Dkt. No. 872. The Exhibit 71 Reference cites internal discussions about industry developments that were likely to impact the Commanders and describes specific details about the Commanders' business decisions. *See* Commanders_DCOAG_016371, Pls.' Ex. 71. Permitting the substantive details of the Commanders' sensitive commercial information to remain unredacted would cause significant competitive harm to the Commanders, particularly in future negotiations. For these reasons, the Commanders have previously treated the document referenced in the citation and similar materials as private, confidential information. *See* Dkt. No. 872 at 2 (even a strong presumption of access to

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Dallas  Denver  Dubai  Dublin  Houston  London
Los Angeles  New York  Richmond  San Francisco  Tokyo  Washington

The Grace Building, 1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
**Tel** +1.212.237.0000  **Fax** +1.212.237.0100  velaw.com

V&E

judicial documents may be outweighed where disclosure of confidential business information would cause a significant competitive disadvantage, such as in future negotiations with competitors).

Additionally, the Exhibit 71 Reference is only marginally relevant to the claims asserted in this case against Defendants, as it would not help resolve the issues or help the public understand the Court's decisions in this case. *See* Dkt. No. 872 at 2 (courts are more likely to grant requests to seal and/or redact documents that are of limited "relevance to the performance of the judicial function") (citations omitted). Further, confidential treatment of the Exhibit 71 Reference is especially necessary because the Commanders are an innocent third party in this litigation. *See id.* at 3 ("[t]he Commanders are not a party to this litigation and are not alleged to have had any involvement in the conduct underlying the government's allegations."). Finally, redaction of the one-sentence Exhibit 71 Reference is a narrowly-tailored solution necessary to preserve the confidentiality of the Commanders' sensitive business information.

Counsel for the Commanders has met and conferred with counsel for Defendants, who do not oppose the Commanders' redaction request at this time. Accordingly, for the reasons described above and set forth in the January 15 Letter, (*see* Dkt. No. 872), the Commanders respectfully request that the Exhibit 71 Reference (citing Paragraph 58 of Plaintiffs' (Corrected) Counterstatement of Material Facts in Support of Their Opposition to Defendants' Motion for Summary Judgment, referencing Plaintiffs' Exhibit 71), remain redacted in the Filings (Dkt. Nos. 976 and 978).

Respectfully submitted,

*/s/ Marisa F. Antonelli*
Marisa F. Antonelli