UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC.,<br>and TICKETMASTER L.L.C.,<br><br>*Defendants.* | Case No. 1:24-cv-03973-(AS)<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE FAN WITNESSES**

**TABLE OF CONTENTS**

I. DEFENDANTS HAVE SUFFERED SUBSTANTIAL PREJUDICE ................................1

II. DEFENDANTS' WITNESSES ARE NOT SIMILARLY SITUATED .............................3

III. CONCLUSION ..............................................................................................................4

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Besiso v. Barnes*,
    2023 WL 8279674 (S.D.N.Y. Nov. 30, 2023) ............................................................................4

*Mugavero v. Arms Acres, Inc.*,
    2009 WL 1904548 (S.D.N.Y. July 1, 2009) ..............................................................................4

*Patterson v. Balsamico*,
    440 F.3d 104 (2d Cir. 2006) ................................................................................................1, 2

*Serin v. N. Leasing Sys., Inc.*,
    2010 WL 6501661 (S.D.N.Y. Oct. 26, 2010) ............................................................................1

Plaintiffs' opposition fails to address the fundamental problem with their untimely witness disclosures: Defendants have been prejudiced by Plaintiffs' failure to identify their two newly disclosed "fan" witnesses—Callie Brennan and Lori Kelly—during discovery, and this prejudice cannot be cured in the short time remaining before trial. Plaintiffs' attempt to justify their conduct by pointing to Defendants' purportedly late witness disclosures lacks merit. Defendants' "new" witnesses have been known to Plaintiffs for several months at minimum, and in the case of two witnesses, since well before the filing of the Complaint in this action. By contrast, Defendants learned of Ms. Brennan and Ms. Kelly for the first time when Plaintiffs submitted their preliminary trial witness list on January 6, 2026.

## I. DEFENDANTS HAVE SUFFERED SUBSTANTIAL PREJUDICE

Plaintiffs disclosed the identity of Ms. Brennan and Ms. Kelly after the close of discovery, depriving Defendants of any meaningful opportunity to prepare a response. This is not a technical violation; it is a substantive one that compromises Defendants' ability to present their case at trial. Courts in this Circuit have consistently excluded the testimony of witnesses identified for the first time shortly before trial, and there is no reason this court should reach a different result. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (excluding witnesses where counsel identified witnesses shortly before trial, despite being aware of their existence for multiple weeks prior to identifying them); *Serin v. N. Leasing Sys., Inc.*, 2010 WL 6501661 (S.D.N.Y. Oct. 26, 2010) (excluding the testimony of witnesses identified for the first time in supplemental disclosures, after trial had already been delayed multiple times).

Had Plaintiffs disclosed these witnesses in their initial or supplemental disclosures, Defendants could have deposed them to learn the specific experiences about which they intend to testify. Armed with that information, Defendants could have identified and designated their own witnesses to respond to these witnesses. Instead, Defendants are left to speculate about what these

1

witnesses might say, with no ability to respond in kind. Indeed, from Plaintiffs' opaque statements to date, it is unclear what, if anything, these witnesses have to say that is relevant to Plaintiffs' claims. Defendants cannot be expected to identify rebuttal witnesses in a vacuum—they must be able to identify with specificity the evidence and testimony to be rebutted.

The prejudice to Defendants is compounded by the fact that these witnesses were identified for the first time on Plaintiffs' preliminary "may call" trial witness list, dated January 6, 2026—less than two months before trial. Declaration of Robin L. Gushman in Further Support of Defendants' Motion to Strike Fan Witnesses ("Gushman Reply Decl.") ¶ 1. Given Plaintiffs' untimely disclosures, Defendants have little time to collect documents from and depose Ms. Brennan and Ms. Kelly, let alone identify appropriate rebuttal witnesses. One of the two witnesses did not even acknowledge receipt of Defendants' document subpoena (served on January 22, 2026) until February 4, 2026, *id.* ¶ 2, limiting the amount of time Defendants have to understand what testimony this individual might offer or to prepare any response.

Plaintiffs admit that, despite having months to consider fans' knowledge of issues relevant to this case, they only considered identifying fan witnesses after the close of fact discovery, and indeed after expert reports had already been submitted. Opp. at 2. Plaintiffs further admit to having interviewed Ms. Brennan and/or Ms. Kelly as early as November 14, 2025, *id.*, and yet they waited until January 6, 2026 to provide Defendants with their identities. Plaintiffs' delay is inexcusable, *see Patterson*, 440 F.3d. at 117, despite Plaintiffs' arguments to the contrary. While Plaintiffs point to Paragraph 27 of the deposition protocol in support of their delay, that paragraph does not authorize Plaintiffs to circumvent their Rule 26 disclosure obligations and add entirely new witnesses after all relevant deadlines have passed. Plaintiffs know this; despite the protocol,

Plaintiffs previously objected to certain of Defendants' witnesses as untimely. *See* Gushman Reply Decl. ¶ 3.

## II. DEFENDANTS' WITNESSES ARE NOT SIMILARLY SITUATED

Plaintiffs attempt to deflect from their own late disclosures by suggesting that Defendants also disclosed witnesses late. Plaintiffs could have but did not move to exclude those witnesses, because there is no basis to do so.

Defendants included only witnesses whose identities and roles were well known to Plaintiffs throughout this litigation, unlike the two fan witnesses Plaintiffs selected from millions of Ticketmaster fans and identified for the first time mere weeks before trial. Rule 26 initial disclosures need only be supplemented "when the omitted or after-acquired information has not otherwise been made known to the other parties during the discovery process." *BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp 2d 280, 323 (S.D.N.Y. 2013).

The defense witnesses Plaintiffs discuss in their Opposition are nothing like the unknown fan witnesses at issue here. The first witness Plaintiffs reference in their Opposition (at 8) is a senior Live Nation executive whose existence and role have been known to Plaintiffs for years. Indeed, he was a custodian in the Department of Justice's 2015-to-2019 investigation of Defendants, during which Defendants produced thousands of documents referencing this individual. Gushman Reply Decl. ¶ 4. Plaintiffs have had ample opportunity to review the documents produced from this individual's files, and could have deposed him at any time during discovery. Plaintiffs chose not to do so.

The second witness Plaintiffs reference (Opp. at 8) is employed by Monumental Sports, an organization Plaintiffs themselves subpoenaed during discovery in this action. Gushman Reply Decl. ¶ 5. In response to Plaintiffs' document subpoena, that organization produced over 800

documents involving the individual in question. *Id.* Plaintiffs thus plainly knew of this individual's existence during the discovery period.

The last witness Plaintiffs reference (Opp. at 8) is employed by Greensboro Coliseum. According to documents produced by the Department of Justice at the outset of this litigation, the Department of Justice corresponded with this individual regarding matters relevant to this suit as early as 2022—years before the filing of the Complaint in this action. Gushman Reply Decl. ¶ 6. Plaintiffs therefore cannot credibly claim they were unaware of this witness's existence or of his relevance to this action.

In short, each of Defendants' witnesses was reasonably discoverable by Plaintiffs through the ordinary course of this litigation. Plaintiffs knew of these individuals, their roles, and their connection to the matters at issue. Plaintiffs have therefore suffered no prejudice. *See Besiso v. Barnes*, 2023 WL 8279674, at *2 (S.D.N.Y. Nov. 30, 2023) (finding that "a failure to disclose the identity of a witness in discovery responses is generally harmless when the other party had reason to know during the discovery period that [the witness] might have information relevant to [the] claims.'") (citing *Mugavero v. Arms Acres, Inc.*, 2009 WL 1904548, at *5 (S.D.N.Y. July 1, 2009)). The same cannot be said of Plaintiffs' undisclosed fan witnesses, who were entirely unknown to Defendants until Plaintiffs' belated disclosure of their identities.

### III.    CONCLUSION

Plaintiffs' fan witnesses should be stricken from Plaintiffs' witness list.

Dated: February 4, 2026

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|

*[signature]*

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

*[signature]*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

**CERTIFICATE OF COMPLIANCE**

I, Alfred C. Pfeiffer, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Rule 8(C) of Judge Arun Subramanian's Individual Practices in Civil Cases ("Individual Rules"), that the foregoing Reply Memorandum of Law in Support of Defendants' Motion to Strike Fan Witnesses was prepared using Microsoft Word, and contains 1,171 words. In making this calculation, I have relied on the word and page counts of the word-processing program used to prepare the document.

Dated:   February 4, 2026
         San Francisco, California

                                                  _____
                                                  Alfred C. Pfeiffer