February 9, 2026

## Vinson&Elkins

Marisa F. Antonelli  mantonelli@velaw.com
**Tel** +1.212.237.0151  **Fax** +1.917.849.5396

**Submitted Via ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A, New York, NY 10007

Re:     Request to Seal Confidential Information in *United States et al., v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973 (S.D.N.Y.)

Dear Judge Subramanian:

Pursuant to Rules 11(B) and 11(C)(i)–(iii) of the Court's Individual Practices in Civil Cases, WFI Stadium LLC (the "Commanders"), a non-party in the above-referenced matter, respectfully requests that deposition testimony and an exhibit (collectively, the "Materials") containing information pertaining to the Commanders and cited in and appended to Plaintiffs' recent filings be redacted and/or remain under seal because they would reveal an innocent third party's sensitive commercial information and are only marginally relevant to the dispute.

On January 30, 2026, Plaintiffs notified the Commanders that the Materials were appended to Plaintiffs' Summary Judgment Letter Submission (the "Submission") (*see* Dkt. No. 999) and cited four times (the "Four References") in an Appendix to Plaintiffs' Summary Judgment Letter Submission (the "Appendix") (*see* Dkt. No. 999-1), provisionally filed under seal. The Materials include (I) excerpts of sworn deposition testimony provided by Jason Wright, the former President of the Commanders (*see* Dkt. No. 696-21, Defs. Ex. 142, 37:9–39:24, 138:20–141:5; 70:12–71:7; 40:9–41:24) and (II) confidential internal emails (*see* Dkt. No. 758-11, Pls. Ex. 151, Commanders_DCOAG_016059, 060–62). Certain portions of the deposition testimony, as well as Plaintiffs' Exhibit 151, were the subject of the Commanders' January 15, 2026 Letter-Motion to Seal (Dkt. No. 872) (the "January 15 Letter"), in which the Commanders requested partial redactions of deposition testimony previously cited by Plaintiffs (*see* Dkt. No. 696-21, Defs. Ex. 142, 37:13–38:5; 39:9–19; 138:20–141:5) and continued sealing of Plaintiffs' Exhibit 151 (*see* Dkt. No. 758-11, Commanders_DCOAG_016059).

For the reasons stated in the Commanders' January 15 Letter with respect to the Materials (*see* Dkt. No. 872 at 2–3), the deposition testimony appended to the Submission should be partially redacted, Plaintiffs' Exhibit 151 should remain under seal, and the Four References should be partially or completely redacted as follows: (i) *partial* redaction of the sentence beginning with "Analyzing local concert programming," with the redaction *beginning after* "amphitheaters" on page 12 in Section III.D, "Defendants are More Able to Exclude Competition or to Engage in Price Discrimination for Concert Booking Services for Major Concert Venues than for Stadiums or Theaters," and *complete* redaction of the citation for this sentence (citing "Pls. Ex. 151, ECF No. 758-11, Email from Nicholson (Washington Commanders) (Aug. 28, 2021),

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Dallas  Denver  Dubai  Dublin  Houston  London
Los Angeles  New York  Richmond  San Francisco  Tokyo  Washington

The Grace Building, 1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
**Tel** +1.212.237.0000  **Fax** +1.212.237.0100  velaw.com

V&E

Commanders_DCOAG_016059, at -060–062."); (ii) *complete* redaction of the sentence beginning with "Concerts" and ending with "stadiums" on page 12 in Section I.A, "Major Concert Venues are Uniquely Dependent on Concert Revenue," and *complete* redaction of the citation for the reference (citing "Defs. Ex. 142, ECF No. 696-21, Wright (Washington Commanders) Dep., at 37:9–39:24, 138:20–141:5."); (iii) *complete* redaction of the sentence beginning with "When the NFL's" and ending with "decision for us" on page 3 in Section I.C.1, "Stadiums are Less Vulnerable to Content Loss" and *complete* redaction of the citation for this sentence (citing "Defs. Ex. 142, ECF No. 696-21, Wright (Washington Commanders) Dep., at 70:12–71:7."); and (iv) *complete* redaction of the sentence beginning with "The" and ending with "of the budget," also on page 3 in Section I.C.1, and complete redaction of the citation for this sentence (citing "Defs. Ex. 142, ECF No. 696-21, Wright (Washington Commanders) Dep., at 40:9–41:24."). *See* Dkts. No. 999, 999-1.

The portions of the deposition testimony not previously cited by Plaintiffs (the "New Excerpts") and the text citing the New Excerpts in the Appendix (*see* (iii) and (iv) above) warrant confidential treatment because they contain highly sensitive, confidential business information, like the deposition testimony that was the subject of the January 15 Letter (*see* (i) and (ii) above). *See* Dkt. No. 872 at 2. The New Excerpts contain three broad categories of sensitive commercial information: (1) financial metrics, including revenue, earnings, and profitability; (2) business lines, including the relative importance of specific event types to the Commanders' overall financial well-being; and (3) the rationale behind certain business decisions, including the selection of ticketers. *See* Dkt. No. 696-21, Defs. Ex. 142, 40:9–41:24; 70:12–71:7. Allowing details of the Commanders' finances, business lines, and corporate strategies to remain unredacted would cause significant competitive harm to the Commanders, particularly in future negotiations. For these reasons, the Commanders have consistently treated similar materials as private, confidential information. *See* Dkt. No. 872 at 2 (even a strong presumption of access to judicial documents may be outweighed where disclosure of confidential business information would cause a significant competitive disadvantage, such as in future negotiations with competitors).

Additionally, the New Excerpts are only marginally relevant to the claims asserted in this case against Defendants, as they would not promote resolution of the issues or help the public understand the Court's decisions in this case. *See* Dkt. No. 872 at 2 (courts are more likely to grant requests to seal and/or redact documents that are of limited "relevance to the performance of the judicial function") (citations omitted). Further, confidential treatment of the New Excerpts is especially necessary because the Commanders are an innocent third party in this litigation. *See id.* at 3 ("[t]he Commanders are not a party to this litigation and are not alleged to have had any involvement in the conduct underlying the government's allegations."). Finally, partial redactions of the four pages included in the New Excerpts are a narrowly tailored solution necessary to preserve the confidentiality of the Commanders' sensitive business information.

V&E

Counsel for the Commanders has met and conferred with counsel for Plaintiffs, who do not oppose the Commanders' redaction request at this time. Accordingly, for the reasons described above and set forth in the January 15 Letter (*see* Dkt. No. 872), the Commanders respectfully request that the deposition testimony appended to the Submission be redacted in part, Plaintiffs' Exhibit 151 remain under seal, and the Four References be redacted as described above (*see* Dkts. No. 999, 999-1).

Respectfully submitted,

*/s/ Marisa F. Antonelli*

Marisa F. Antonelli