# ALSTON & BIRD

90 Park Avenue
15th Floor
New York, NY 10016-1387
212-210-9400 | Fax: 212-210-9444

**Steven R. Campbell**                Direct Dial: **212-210-9429**                Email: **steven.campbell@alston.com**

February 9, 2026

<u>**VIA ECF**</u>

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

> Re:  *United States, et al. v. Live Nation Entertainment, Inc., et al.*, 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

We represent non-party Eventim USA, LLC ("Eventim") in connection with the above-referenced matter.  Eventim is a competitor of Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Defendants").  In response to a third-party subpoena, Eventim provided information that was designated as "Highly Confidential" pursuant to the Amended Protective Order in this case (the "Protective Order," ECF No. 347).  We write in support of Plaintiffs' February 4, 2026 letter motion requesting the "specific redaction of Plaintiffs' letter submission (ECF No. 977), attached Appendix of Factual Information (ECF No. 977-1), and attached supplemental crosswalk (ECF No. 977-2)" (the "Letter," ECF No. 996) to request that Eventim's Highly Confidential information remain redacted and/or under seal.

On February 2, 2026, Plaintiff United States ("DOJ") notified Eventim that certain Eventim Highly Confidential information was referenced in the appendix to a letter Plaintiffs submitted on January 28, 2026 (ECF No. 977-1) (the "Appendix").  Specifically, the Appendix included Highly Confidential information contained in the deposition transcript of Eventim CEO Greg Klippert (the "Transcript").

Pursuant to the Protective Order and Paragraph 11(C)(i) of the Court's Individual Practices in Civil Cases, Eventim submits this letter "explaining the need to seal or redact" the specific portions of the Appendix attaching or referencing Highly Confidential

information contained in the Transcript.[1]   The information Eventim requests remain redacted or sealed is narrowly tailored to discussions of Eventim's internal, confidential forward-looking business strategy – information that, if made public, would cause competitive harm to Eventim.[2]

Specifically, we respectfully request that the following portions of the Filings continue to be redacted or sealed:

(i) Defs. Ex. 115 (ECF No. 694-10), Greg Klippert (Eventim) Dep. Tr. 94:24-25, 95:2-25, 96:2-25, in all contexts related to this matter;

(iii) the portion of the Appendix (ECF No. 977-1) that cites the deposition testimony of Greg Klippert, in all contexts related to this matter; and

(iv) *in camera* treatment of the Transcript and the Appendix during trial or any other Court hearings or proceedings in this matter.

The continued redaction or sealing of these portions of the Transcript and the Appendix containing Highly Confidential information of Eventim is consistent with precedent in the Second Circuit and this District.  Although there is a presumption of public access to judicial documents, that presumption can be overcome where, as here, public disclosure of a document could lead to "competitive harm."  *See New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 U.S. Dist. LEXIS 149327, at *4 (S.D.N.Y. Oct. 21, 2014) (sealing portions of documents relating to "profit projections," "internal projections," "income projections," "business plan[s]," "promotional budget funds," and "future plans").  Further, "[t]he privacy interests of 'innocent third parties. . . should weigh heavily in a court's balancing equation.'"  *Wiav Sols. Inc. v. HTC Corp.*, 2021 WL 871415, at *1 (S.D.N.Y. Mar. 9, 2021) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citation omitted)).

Disclosure of the portions of the Transcript and the Appendix at issue would lead to "competitive harm" as they detail innocent third parties' highly confidential, non-public, and competitively sensitive information, including discussions of Eventim's internal, confidential forward-looking business plans. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (holding that "the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that records that could aid "[c]ommercial competitors seeking an advantage over rivals" may also properly be sealed).  As a non-party, Eventim is entitled to the protection of the Highly Confidential information

---

[1] Aside from other sections of the Transcript that Eventim has specifically de-designated as public, Eventim maintains the Highly Confidential designation of the rest of the Transcript pursuant to the Protective Order.

[2] Eventim has narrowly tailored its requests for redactions, including de-designating as public other sections of the Transcript cited by Plaintiffs.

3

contained in the Transcript and the Appendix pursuant to the Protective Order.  Moreover, the portions of the Transcript and the Appendix at issue have only marginal relevance to this litigation.

For the foregoing reasons, Eventim respectfully requests that the aforementioned portions of the Transcript and the Appendix remain redacted or sealed, and only reviewed *in camera* if introduced at trial or any other Court proceedings in this matter.

Respectfully submitted,

*/s/ Steven R. Campbell*

Steven R. Campbell

cc: All Counsel of Record (via ECF)