**VIA ECF**                                                           February 9, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, writes pursuant to Rule 11(C)(i) of the Court's Individual Practices in Civil Cases and the Court's November 5, 2026 Order (ECF No. 685), and in support of Plaintiffs' February 4, 2026 letter motion (ECF No. 996) to redact certain portions of their January 28, 2026 letter (ECF No. 977, hereinafter "Plaintiffs' Letter") and appendix (ECF No. 977-1, hereinafter "Plaintiffs' Appendix") submitting additional summary judgment evidence and argument.  SeatGeek writes to request that the following information, all of which was designated as Highly Confidential or Confidential by SeatGeek, be maintained under seal and redacted on the public docket:

- Plaintiffs' Exhibit 98 (ECF No. 749-18), pp. 160-162, 165-66 (pages newly submitted)
- Plaintiffs' Letter at 4 (third bullet)
- Plaintiffs' Appendix at 3 (fifth entry under Section I.C.1)
- Plaintiffs' Appendix at 3 (first entry under Section I.C.2, citing Plaintiffs' Ex. 98)
- Plaintiffs' Appendix at 4 (second entry under Section I.C.2, citing Plaintiffs' Ex. 98)

A court's consideration of a request to seal is governed by the three-step framework articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts must first determine "that the documents at issue are indeed judicial documents," to which "a common law presumption of access attaches."  *Id.* at 119 (internal citations and quotations omitted).  If the documents are judicial documents, the court then "must determine the weight of that presumption."  *Id.*  Third, the court must "balance competing considerations against" that presumption.  *Id.* at 120 (internal citations and quotations omitted).

As to the first step, SeatGeek does not dispute that the materials at issue here are judicial documents.

As to the second step, the strength of the presumption of public access to materials submitted in connection with Defendants' Motion for Summary Judgment depends in part on the Court's resolution of the motion: "If a district court denies [a] summary judgment motion, essentially postponing a final determination of substantive legal rights, the public interest in access is not as pressing." *Falberg on behalf of Goldman Sachs 401(k) Plan vs. Goldman Sachs Group, Inc.*, 2022 WL 601967, at *1 (S.D.N.Y. Mar. 1, 2022) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (cleaned up).

As to the third step, the presumption of public access to these materials is outweighed by SeatGeek's significant interest in keeping its competitively sensitive business information under seal. *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.,* 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) ("courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage") (internal citations and quotations omitted); *Valassis Communications, Inc. v. News Corporation,* 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) ("protecting the confidentiality of sensitive business information is a legitimate basis for rebutting the public's presumption of access to judicial documents"); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal citations and quotations omitted).  Moreover, SeatGeek's status as a non-party weighs in favor of maintaining these documents under seal.  *Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (internal citations omitted).

The information at issue here constitutes highly sensitive business information that, if disclosed, would threaten competitive harm to SeatGeek if its competitors or the public were given access to it.  All of the requested redactions consist of, quote, or describe testimony from SeatGeek witnesses about SeatGeek's internal assessment of different customer segments and the reasons for its relative success in obtaining business from particular customer segments vis-à-vis others, which bears on SeatGeek's competitive strategy and disclosure of which could therefore place SeatGeek at a competitive disadvantage in future negotiations.  Accordingly, they constitute the type of "proprietary business information, such as . . . customer negotiations" that courts commonly seal where, as here, "disclosure of that information could provide competitors with an unearned advantage."  *See W.J. Deutsch & Sons,* 2022 WL 890184, at *2 (internal quotations omitted).

For the reasons set forth above, SeatGeek respectfully requests that the redacted SeatGeek material described above in Plaintiffs' Exhibit 98, Plaintiffs' Letter, and Plaintiffs' Appendix remain under seal.

Respectfully submitted,

COHEN & GRESSER LLP


*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue

New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.