

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

February 9, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

**Re: _United States et al. v. Live Nation Entertainment, Inc., et al._, No. 1:24-cv-3973-AS**

Dear Judge Subramanian:

Pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases, non-party Anschutz Entertainment Group, Inc. ("AEG") submits this letter motion seeking leave to redact or seal portions of Plaintiffs' supplemental letter and appendix (collectively, "Letter") in support of their motion for summary judgment, which was filed on January 28, 2026. Dkt. No. 977. AEG respectfully requests to redact or seal only limited portions of the Letter, namely the information which it designated as "Highly Confidential" and "Confidential" under the Protective Order ("PO"), the disclosure of which is "likely to cause material and significant competitive or commercial harm." Dkt. No. 347 ¶ 2.1. AEG has previously moved to seal the same categories of information in relation to the parties' summary judgment and _Daubert_ briefing, and those motions are pending before this Court. _See_ Dkt. Nos. 897 & 989. **Appendix A** sets forth each of AEG's redactions requests and the supporting basis. AEG offered to meet and confer with the parties about any disagreement with AEG's redaction requests. Neither party indicated that they oppose AEG's proposed redactions.

For the reasons set forth below, AEG's request for sealing and redaction of this material is narrowly tailored and overcomes the presumption in favor of public access. _See Lugosch v. Pyramid Co. of Onondaga_, 435 F.3d 110, 119–20 (2d Cir. 2006).

- **Contracts with AEG's customers and documents or testimony reflecting contract terms and negotiations.** _See, e.g._, Dkt. No. 696-5 at 70:7-78:25. These materials reflect "confidential contractual terms" and "information regarding prices" protected under the PO. PO ¶¶ 2(c), (f). For example, Plaintiffs cite deposition testimony revealing AEG's confidential strategy in negotiations for current or recent contracts in business sectors where AEG directly competes with Defendants. _See, e.g._, Dkt. No. 696-5 at 70:20-71:5. Courts routinely find that the disclosure of these materials likely causes significant competitive harm to the producing party. _See Kewazinga Corp. v. Microsoft Corp._, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted); _see also Dodona I, LLC v. Goldman, Sachs & Co._, 119 F. Supp. 3d 152, 156–57 (S.D.N.Y. 2015) (sealing customer names and pricing information).

- **AEG's analysis of competition in ticketing and promotions, including Defendants' conduct and the strengths and vulnerabilities of AEG's products and services.** _See, e.g._, Dkt. No. 696-6 at 71:2-25; Dkt. No. 695:11 at 148:1-16. These materials reflect AEG's evaluation of its competitive position in relation to its competitors and "evaluation of the strengths and

1

The Honorable Arun Subramanian                - 2 -

vulnerabilities of product or service offerings." PO ¶ 2(e). Such competitive analysis includes AEG's information that demonstrates Defendants' anticompetitive conduct, which presents a material risk of Defendants' retaliation against AEG and its information sources. *See Heckman v. Live Nation Ent., Inc.*, 2025 WL 1720178, at *5-6 (C.D. Cal. May 13, 2025) (denying Defendants' employees access to certain third-party information, in part, based on the allegations of Defendants' "history of threatening and retaliating against companies that do business with Defendants' competitors"), *adopted as final*, Dkt. No. 370 (May 15, 2025). Courts routinely seal such material to prevent competitive injury to the producing party. S*ee Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (sealing defendants' "internal analysis of the competitiveness of its practice groups"); *Playtex Prods. LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (sealing the producing party's "competitive analyses").

- **Other third-party names and personal information**. *See, e.g.*, Dkt. No. 696-5 at 94:1; Dkt. No. 695-11 at 148:25-149:1. These materials contain "sensitive personally identifiable information" and "any information of a person or intimate nature" of third-parties, such as artists, artists' managers, artists' agents, venues, and promoters. PO ¶¶ 2(h), 3(d). As noted in Defendants' prior sealing request, "the public holds an outsized interest in the individuals at issue—including artists, artist managers, and artist agents—that is entirely disconnected from the case at hand, and where disclosure of their names and information would draw unwarranted and unnecessary attention." ECF No. 540 at 3 (citing *Richardson v. NBA*, No. 23-cv-06926, 2025 LX 44570, at *5 (S.D.N.Y. Mar. 3, 2025)). Moreover, third-party names and identifying information referenced in relation to Defendants' alleged conduct should be sealed to protect the innocent third parties from the risk of Defendants' potential retaliation. *Heckman*, 2025 WL 1720178, at *5–6. This Court has previously granted sealing of this type of information in this case. Dkt. No. 549.

Sealing of the above categories of materials, set forth in detail in **Appendix A**, is warranted under the law of this Circuit. "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch*, 435 F.3d at 119. Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The "privacy interests of innocent third parties," such as AEG, "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (citation modified).

Although the materials related to a summary judgment motion are considered "judicial documents," the materials AEG seeks to seal carry a weak presumption of public access that fails to outweigh the competitive harm to AEG in the event of their disclosure. AEG's status as a third-party in this case exacerbates the concern. The Court need not "dive into the minutiae" of AEG's confidential materials to "understand whether triable issues exist with respect to" Defendants' motion for summary judgment. *Mehta v. DLA Piper LLP*, 2025 WL 2771659, at *13 (S.D.N.Y. Sept. 29, 2025). For example, Plaintiffs cite to testimony regarding AEG's confidential discussions with certain artists and venues, but the exact names of those artists and venues have "little bearing on whether the [] motion should be granted." *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022). Accordingly, the weight of the presumption of public access is low. *Mehta*, 2025 WL 2771659, at *13.

The Honorable Arun Subramanian            - 3 -

Any presumption of public access is also heavily outweighed by AEG's and other third-parties' privacy interests. As noted above, the materials related to AEG's sealing requests contain information related to its customers, negotiation strategies, and competitive analysis. Disclosure of this information could adversely impact AEG's relationship with its current and prospective clients and give its competitors an unfair advantage. Courts routinely permit sealing in such circumstances. *Iacovacci v. Brevet Holdings*, LLC, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *see also Kewazinga Corp.*, 2021 WL 1222122, at *3. The materials at issue also contain identifying information of artists, venues, promoters and other professionals, and sealing such identifying information is necessary to protect those third-parties' vital privacy interests and minimize the risk of potential retaliation by Defendants. Dkt. No. 549; *Heckman*, 2025 WL 1720178, at *5-6.

For the foregoing reasons, AEG respectfully requests that this Court allow AEG's information in Plaintiffs' supplemental letter brief and appendix to remain redacted.

Respectfully submitted,

*/s/ Justin W. Bernick*
Justin Bernick (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*

Dated: February 9, 2026