

February 9, 2026

**VIA ECF**

**Nicole H. Sprinzen**
Direct Phone   202-471-3451
Direct Fax      202-499-2941
nsprinzen@cozen.com

The Honorable Arun Subramanian
U.S. District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States et al. v. Live Nation Entertainment, Inc., et al*.; 1:24-cv-03973-AS-SLC
        Request to Seal Exhibit of Non-Party It's My Party, Inc. in Plaintiffs' Opposition
        to Defendants' Motion for Summary Judgment

Dear Judge Subramanian:

We represent non-party It's My Party, Inc. ("I.M.P.") in the above-referenced matter and submit this letter motion in support of sealing select deposition testimony included in an appendix submitted by Plaintiffs on January 28, 206 (ECF No. 977-1).

I.M.P. produced materials and provided testimony during discovery in this case concerning its internal, confidential business practices and confidential non-public financial information. Pursuant to the Amended Protective Order (ECF No. 347), I.M.P. designated portions of deposition testimony by an I.M.P. executive regarding an agreement between I.M.P. and Live Nation, including page 132, as "Highly Confidential." Per the Amended Protective Order, material more than three years old at the time of production "may be considered Highly Confidential Information if it discloses current or future business practices or competitive strategies." ECF No. 347, ¶ 2.

By a February 2, 2026 email, Plaintiffs advised I.M.P. that (1) certain pages of an I.M.P. executive's deposition testimony and (2) textual language citing the deposition testimony were included in Plaintiffs' summary judgment letter submission on January 28, 2026 (ECF No. 977).

I.M.P. remains mindful of the Court's directive to be reasonable and precise in seeking sealing or redactions. ECF No. 817. To that end, of the newly noticed I.M.P. material and information, I.M.P. only seeks sealing of page 132 of the I.M.P. executive's deposition transcript. Page 132 of the deposition transcript refers to Plaintiffs' Exhibit 298,[1] which is comprised of trade secrets, is related to I.M.P.'s ongoing business operations, contains competitively sensitive terms, and is not relevant to the ultimate issues of the litigation.

For the Court's recollection, I.M.P. is a promoter and venue operator for live events—primarily concerts—in the Washington, D.C., Maryland and Virginia ("DMV") market. I.M.P. generally promotes shows at its own venues in D.C. and Maryland, but occasionally serves as a promoter

---

[1] On January 16, 2026, I.M.P. submitted a request for Plaintiffs' Exhibit 298 to remain under seal (ECF No. 891).

The Honorable Arun Subramanian
February 9, 2026
Page 2

for a different venue in the DMV area. The testimony on page 132 of the I.M.P. executive's deposition transcript, which discusses the terms of and rationale underlying Plaintiffs' Exhibit 298, directly pertains to current and future business practices and competitive strategies as they relate to I.M.P.'s ongoing business operations. Although the deposition testimony at issue relates to a document dated from 2019, it remains relevant to I.M.P.'s current and future business practices because I.M.P. continues to have relationships with Live Nation and Ticketmaster. Information such as the term of the agreement and financial and operational terms relating to that agreement is competitively sensitive and relates to the manner in which I.M.P. competes against nearby venues and how it negotiates with talent to perform at its venues. The competitive harm that would result from public disclosure of the contents of page 132 weighs in favor of maintaining this limited document under seal.

As I.M.P. stated in its January 16 letter in support of sealing Plaintiffs' Exhibit 298 (ECF No. 891), I.M.P.'s sealing request satisfies the Second Circuit's three-step process for sealing: determination of (1) whether the documents at issue are "judicial documents" relevant to performance of a judicial function; (2) the weight of presumption for public access; and (3) the competing considerations against public access. *See Lugosch v. Pyramid Co. of Anondaga*, 435 F.3d 110 (2d Cir. 2006). Although the deposition testimony was submitted in conjunction with a summary judgment motion, *id.* at 121; *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016), considerations concerning the non-public and competitively sensitive nature of the document favor I.M.P.'s limited sealing request, despite the presumption for public access. Further, because I.M.P. is a non-party to this action and the information at issue pertains to I.M.P., the "privacy interests of innocent third parties" are to "weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Plaintiffs cite testimony related to the 2019 I.M.P. term sheet but the specific terms of the agreement are not necessary for the argument being advanced. The fact that an agreement exists does not necessitate the public release of the specific terms or structure of the contract, which are of limited import here. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (authorizing redactions involving third-party "trading strategies, objectives and transactions"). Given the limited relevance of this testimony to the pending motion and I.M.P.'s privacy and competitive interests as a non-party, the balancing of considerations supports sealing of this one deposition transcript page. Despite the presumption of access, courts have found that the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage may be an interest meriting sealing." *In re Keurig Green Mtn Single-Serve Coffee Antitrust Litig.*, No. 14-MC_2543 (VSB), 2023 WL 196134, at *3 (Jan. 17, 2023) (internal quotation marks omitted) (citing cases permitting sealing). The term sheet being discussed on page 132 was specifically negotiated and remains in effect in I.M.P.'s business practices.

For the foregoing reasons, I.M.P. respectfully requests that page 132 of the Hurwitz deposition remain under seal, in addition to the entirety of Plaintiffs' Exhibit 298, which was separately addressed in I.M.P.'s January 16, 2026 letter motion.

The Honorable Arun Subramanian
February 9, 2026
Page 3

We thank the Court for its attention to this matter.

Sincerely,

COZEN O'CONNOR

*/s/ Nicole H. Sprinzen*

By:    Nicole H. Sprinzen, *admitted pro hac vice*