# CLEARY GOTTLIEB STEEN & HAMILTON LLP

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212-225-2000
rmukhi@cgsh.com

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
LONDON
MILAN
PARIS
ROME

February 9, 2026

**FILED VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:  *United States v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*,
    1:24-cv-03973 (AS) (S.D.N.Y.); Letter Motion in Support of Proposed
    Redactions

Your Honor:

I write on behalf of Non-Parties Legends Hospitality Parent Holdings, LLC and its wholly-owned subsidiary ASM Global ("ASM") (collectively, "Legends"), pursuant to Rule 11(C)(i) of the Court's Individual Practices in Civil Cases and the Court's November 5, 2025 Order (ECF No. 685), in support of Plaintiffs' Letter Motion to Seal Plaintiffs' Summary Judgment Letter Submission and Appendix (ECF No. 996) to respectfully request that this Court permit the continued redaction and sealing of certain highly confidential materials of Legends.

### Background

The United States Department of Justice (the "DOJ") subpoenaed Legends in the above-captioned proceeding in September 2024.  In response to that subpoena, Legends produced tens of thousands of documents to the parties, many of which contain Legends' confidential and competitively sensitive information.

In addition, the DOJ subpoenaed the testimony of two Legends employees in March 2025 and June 2025.  These employees sat for depositions in June 2025 and August 2025, respectively, and the testimony of each conveyed additional information that is both confidential and competitively sensitive.  The parties cited to Legends' confidential information in their Summary Judgment and *Daubert* briefing and supporting materials.

On January 16, 2026, Legends filed a letter motion requesting that some of this material remain sealed (ECF No. 905).  That letter motion is currently pending before this Court.

Hon. Arun Subramanian, p. 2

At a hearing on January 23, 2026, and in a subsequent January 27, 2026 Letter (ECF No. 969), the Court instructed the parties to file their strongest evidence pertaining to certain issues.  In response to that request, the Parties filed letter motions on January 28, 2026 (ECF Nos. 976, 977, 977-1, 978), citing to some of the same material that Legends sought to remain sealed in its January 16 letter motion.  Plaintiffs also filed, for the first time, an additional ten pages from the deposition transcript of one of the two Legends employees who were deposed in this case.

With the aim of protecting the competitive interests of non-parties, the Court entered a protective order that prohibits (1) disclosure of non-party Highly Confidential materials to Defendants' employees; and (2) disclosure of non-party Confidential information to Defendants' employees, with the exception of two designated in-house counsel who must certify that they do not participate in or advise on Defendants' competitive decision-making or legal actions involving a non-party that has produced confidential information accessible to those in-house counsel in the present litigation.  Amended Protective Order (ECF No. 347, ¶ 7-8).

Under the Amended Protective Order, "Highly Confidential Information" is defined to include "current or future non-public information regarding prices, costs, or margins" and "current or future non-public financial, marketing, or strategic business planning information."  Am. Protective Order, ¶ 2(b), (c).  The Amended Protective Order also specifies that when information greater than three years old "discloses current or future business practices or competitive strategies," such material may be considered Highly Confidential Information. Am. Protective Order, ¶ 2.

### Argument

To assess whether the public has the right of access to documents, courts in this Circuit first determine whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  If so, courts determine the weight of the presumption of public access to the documents, and then balance any competing considerations, including "the privacy interests of those resisting disclosure." *Id*. at 119–20.  "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).

Legends is one of the largest customers of Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster LLC ("Ticketmaster").  Legends regularly negotiates business terms with each of the Defendants (along with many businesses in the industry). Legends has numerous competitors and is a competitor to Live Nation in amphitheater venue management.  The documents and testimony that Legends produced in this matter include all three of the categories of information classified as "Highly Confidential Information" under the Amended Protective Order: current and future non-public information regarding prices, costs, and margins; current and future non-public financial, marketing, and strategic business planning information; and information greater than three years old that discloses current and future business practices and competitive strategies.

Legends' privacy interest in these documents remains strong.  Legends is an "innocent third part[y]," and these materials are both confidential and competitively sensitive.

Hon. Arun Subramanian, p. 3

Defendants and other entities could impermissibly use these materials to gain a competitive advantage in negotiating agreement terms with Legends and/or to lessen competition in venue management or the provision of other related services.  Disclosure of this material would threaten to irreparably harm Legends' ability to compete with Defendants and other entities and Legends' ability to negotiate with Defendants and other entities on fair terms.

Legends has reviewed all materials cited by the parties in their January 28 letter motions and has identified only the information that could irreparably harm Legends if disclosed—just one document (Pls. Ex. 241, ECF No. 761-22 (ASM-DOJCID-000003924)) and two pages of a deposition transcript (Defs. Ex. 139, ECF No. 696-18, Thornton (ASM Global) Dep., pp. 43–44) that Legends previously requested remain sealed in its January 16, 2026 letter motion, plus just seven lines from ten additional pages of deposition transcript (Defs. Ex. 139, ECF No. 696-18, Thornton (ASM Global) Dep., p. 277:12–18).  Should the presumption of public access attach, the requests to redact testimony and keep certain testimony and documents sealed are narrowly tailored to the privacy interests of Legends as an innocent third party.

The documents and testimony that Legends seeks to remain under seal include: testimony characterizing relative profitability of different events at Legends' clients' venues; email discussion characterizing and reflecting confidential negotiations with Defendants; and confidential business evaluations that could affect negotiations with Defendants and other entities.

Accordingly, Legends requests that the Court permit the continued specified confidential treatment of these limited materials.

Respectfully submitted,

*/s/ Rahul Mukhi*
Rahul Mukhi