GRANTED. The parties should coordinate with the Courtroom Deputy for these submissions as indicated.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 1003.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 9, 2026

February 9, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.; 1:24-cv-03973-AS*
**Joint Letter Motion for Extension of Time to Submit Exhibits to the Court & for Permission to Submit Motion *in Limine* Exhibits by Electronic Transmission**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. in the above-referenced matter. Pursuant to Paragraph 3(E) of Your Honor's Individual Practices in Civil Cases ("Individual Practices"), we write on behalf of all parties to jointly and respectfully request that (1) the Court extend the time for the parties to submit an electronic copy of each exhibit sought to be admitted at trial by five days, to February 18, 2026, and (2) the Court allow the parties to file exhibits in support of their motions *in limine* (due on February 10, 2026) via electronic transmission to the Court, instead of on the docket.

**Extension of Time to Submit Electronic Copies of Trial Exhibits**

The Court's Memorandum Endorsement of the parties' proposed schedule for pre-trial submissions currently requires that the parties submit the joint proposed pretrial order on February 13, 2026. ECF No. 970. The parties are required to submit with the joint pretrial order an electronic copy of each exhibit sought to be admitted, pursuant to Paragraph 10(C) of the Court's Individual Practices.

The parties have been working actively and collaboratively to prepare the required materials for the Joint Pretrial Order. Given the volume of the exhibits to be submitted, the parties respectfully request a brief extension to ensure accuracy and completeness in their submissions. The parties believe that this additional time will promote efficiency and reduce the likelihood of exhibit-related disputes, thereby minimizing the burden on the Court.

Additionally, given the volume of the trial exhibits, the parties request permission to submit electronic copies of the exhibits to the Court via hard drives, instead of via email or other electronic transmission. The parties are happy to coordinate with the Courtroom Deputy regarding the logistics of this transmission.

This is the first time the parties are seeking an extension of the deadline to submit an electronic copy of each exhibit sought to be admitted at trial, and this extension will not affect any other deadlines in this case.

**Submission of Exhibits to Motions *in Limine***

      Pursuant to the Court's January 27, 2026 Order, the parties' motions *in limine* are due on February 10, 2026. ECF No. 970. The parties expect to submit exhibits—including proposed trial exhibits and deposition testimony—in support of those motions, many of which will include non-party confidential information. Most (if not all) of these exhibits have already been submitted to the Court in connection with the parties' summary judgment briefing, or will be submitted to the Court as trial exhibits. The parties respectfully request permission to submit the exhibits to the Court via email or other electronic transmission, instead of filing these exhibits on the docket. Such a process would avoid burdening non-parties with another round of notifications about the filing of their confidential information, and would reduce the burden on the Court in resolving those sealing issues. The parties would still file public versions of the memoranda in support of their motions *in limine*, with redactions as needed to confidential information. The parties respectfully request that the same process apply to the oppositions to their motions *in limine*, due on February 18, 2026.

      We thank the Court for its attention to these matters.

*[signatures on following page]*

| | |
|---|---|
| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |

_____    _____
Alfred C. Pfeiffer (admitted *pro hac vice*)   Lauren A. Moskowitz
   *Co-Lead Trial Counsel*   Jesse M. Weiss
David R. Marriott   Nicole M. Peles
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)   Two Manhattan West
Timothy L. O'Mara (admitted *pro hac vice*)   375 Ninth Avenue
Jennifer L. Giordano   New York, NY 10001
Kelly S. Fayne (admitted *pro hac vice*)   (212) 474-1000
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)   lmoskowitz@cravath.com
   jweiss@cravath.com
505 Montgomery Street, Suite 2000   npeles@cravath.com
San Francisco, CA 94111
(415) 391-0600   *Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

cc: All counsel of record (via ECF)