**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**    ***United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter.  Pursuant to Rules 11(B) and 11(C)(i)–(iii) of this Court's Individual Practices in Civil Cases, Defendants respectfully submit this letter-motion seeking leave to redact specific portions of Plaintiffs' Supplemental Appendix of Factual Information, which Plaintiffs filed on January 28, 2026 (the "Appendix").  A highlighted version of the Appendix, which contains Defendants' specific redaction requests in yellow highlighting, was filed by Plaintiffs on February 4, 2026 (ECF No. 997-1).

The Amended Protective Order (ECF No. 347) (the "PO") permits a producing party to designate materials that contain non-public, commercially sensitive information warranting protection from public disclosure.  *See* ECF No. 347 ¶¶ 2–4.  Defendants seek to redact from the Appendix only information that could "cause material and significant competitive or commercial harm" if disclosed.  *Id*. ¶ 2.  In particular, Defendants request the redaction of specific figures and details in the Appendix that reflect Defendants' financial information, including "non-public pricing and cost information" and "current or future non-public information regarding prices, costs, or margins", which are protected under the PO, ECF No. 347 ¶ 2(c), (e), and which would cause Defendants competitive or commercial harm by revealing confidential "pricing information" and "information concerning their trading strategies, objectives and transactions" if disclosed, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public."  *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted).  Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Second, "the court must determine 'the weight of the presumption'" of public access to the documents.  *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119).  Third, the "court must balance competing considerations against" the presumption of public access.  *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Competing interests include "the privacy interests of those resisting disclosure".  *Lugosch*, 435 F.3d at 120 (internal citations omitted).

While materials filed in connection with a party's summary judgment motion are considered "judicial documents", Defendants' privacy interests in the specific portions of the Appendix it seeks to redact are substantial and far outweigh any presumption of public access as to them.  Defendants' requests implicate non-public pricing terms and financial information that, if disclosed, could adversely affect Defendants' competitive standing and relationships with their current and prospective clients.  Courts in this district routinely permit sealing in such

circumstances. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 704–08 (S.D.N.Y. 2017) (finding that a party's privacy interests outweighed the presumption of public access where the disclosure of the information in question could harm the party's "ability to maintain its existing clients and attract new clients" or otherwise "harm a litigant's competitive standing"); *Dodona I*, 119 F. Supp. 3d at 156–57 (finding that a party's privacy interests overcame the presumption of public access where that party sought to seal "pricing information" and other information about non-public commercial strategies and financials). For these reasons, Defendants respectfully request that the yellow highlighted portions of Plaintiffs' Appendix remain under seal.

Dated:  February 9, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_____

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

_____

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc: All counsel of record (via ECF)