# Exhibit 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA et al.,

    *Plaintiffs*,

        v.                          Civil No. 1:24–cv–03973-AS

LIVE NATION ENTERTAINMENT, INC.,
and TICKETMASTER L.L.C.,

    *Defendants*.

**<u>PLAINTIFFS' PROPOSED VERDICT FORM</u>**

# VERDICT FORM

**I. Monopolization Claims in Plaintiffs' Proposed Relevant Markets (Sherman Act Section 2)[1]**

Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have maintained monopoly power through anticompetitive conduct in the following proposed relevant markets? (Answer for each of the 6 proposed relevant markets.)

|  | YES | NO |
|---|---|---|
| 1. Primary Concert Ticketing: (*Primary Concert Ticketing Services to major concert venues*) | | |
| 2. Primary Ticketing: (*Primary Ticketing Services to major concert venues*) | | |
| 3. Fan Ticketing: (*Primary Concert Ticketing Offered to Fans at major concert venues*) | | |
| 4. Amphitheaters: (*Use of Large Amphitheaters by Artists*) | | |
| 5. Venue Booking Services: (*Concert Booking and Promotion Services to major concert venues*) | | |
| 6. Artist Promotion Services: (*Promotion Services to Artists Performing in major concert venues*) | | |

---

[1] *US Airways, Inc. v. Sabre Holdings Corp.*, Verdict Form, 1:11-cv-02725-LGS; ECF No. 1208 (S.D.N.Y. May 19, 2022).

2

## II. Exclusive Dealing Claim

Have Plaintiffs proven, by a preponderance of the evidence, that Defendants' long-term exclusive primary ticketing contracts with major concert venues substantially foreclosed competition in the following primary ticketing markets? (Answer for each proposed market.)

|  | YES | NO |
|---|---|---|
| 1. Primary Concert Ticketing: *(Primary Concert Ticketing Services to major concert venues)* |  |  |
| 2. Fan Ticketing: *(Primary Concert Ticketing Offered to Fans at major concert venues)* |  |  |

*If you answered "Yes," to any question under Section II proceed to Question 3.*
*If you answered "No," to all questions under Section II do not answer Question 3 and proceed instead to Section III (Tying).*

> 3. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants' exclusive primary ticketing contracts with venues are an unreasonable restraint of trade that has adverse effects on competition?
>
> Yes _____       No_____

## III. Tying Claim (Sherman Act Section 1)[2]

> Have Plaintiffs proven, by a preponderance of the evidence, that Defendants unlawfully tied their artist promotion services to the use of large amphitheaters by artists?
>
> Yes _____       No_____

---

[2] *Epic Games, Inc. v. Google LLC et al.*, Verdict Form, 3:20cv5671, ECF No. 606 (N.D. Cal. Dec. 11, 2023).

**IV. State Law Claims**

1. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants engaged in unlawful conduct that harmed competition nationwide, including in these Plaintiff States?

| STATE | YES | NO |
|---|---|---|
| Arizona | | |
| Arkansas | | |
| Colorado | | |
| Connecticut | | |
| District of Columbia | | |
| Florida | | |
| Illinois | | |
| Indiana | | |
| Iowa | | |
| Kansas | | |
| Louisiana | | |
| Maryland | | |
| Michigan | | |
| Minnesota | | |
| Mississippi | | |
| Nebraska | | |
| Nevada | | |
| New Hampshire | | |

4

| STATE | YES | NO |
|---|---|---|
| New Jersey | | |
| New Mexico | | |
| New York | | |
| North Carolina | | |
| Ohio | | |
| Rhode Island | | |
| South Carolina | | |
| Texas | | |
| Utah | | |
| Vermont | | |
| Virginia | | |
| Washington | | |
| West Virginia | | |
| Wisconsin | | |

*California Unfair Competition Law – Unlawful Prong*

2. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants engaged in an illegal business act or practice that occurred within California and harmed individuals in California or that emanated from California and harmed individuals in California in violation of the California Unfair Competition Law?

   Yes _____          No_____

3. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants engaged in an illegal business act or practice that emanated from California and harmed individuals outside of California in violation of the California Unfair Competition Law?

   Yes _____          No_____

5

*California Unfair Competition Law – Unfair Prong*

4. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have engaged in a business act or practice within California that harmed individuals in California or that emanated from California and harmed individuals in California and that same act or practice is unfair in violation of the California Unfair Competition Law?

    Yes _____          No_____

5. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have engaged in a business act or practice that emanates from California and harmed individuals outside of California and that same act or practice is unfair in violation of the California Unfair Competition Law?

    Yes _____          No_____

*Florida Trade Practices Act*

> ***If you answered "Yes" for Florida for Question 1 in this Section (State Law Claims) answer Question 6. Otherwise, proceed to Question 7.***

6. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have engaged in an unfair method of competition in violation of the Florida Deceptive and Unfair Trade Practices Act?

    Yes _____          No_____

*Illinois Antitrust Act*

> ***If you answered "Yes" to Question 1, Question 2, OR Question 3 in Section I (Monopolization Claims), AND answered "Yes" for Illinois for Question 1 in this Section (State Law Claims) answer Question 7. Otherwise, proceed to Question 8.***

7. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have established, maintained, used or attempted to acquire monopoly power over primary concert ticketing for the purpose of excluding competition or controlling, fixing, or maintaining prices for: primary concert ticketing services to major concert venues; primary ticketing services to major concert venues; and primary concert ticketing offered to fans at major concert venues, in violation of the Illinois Antirust Act?

    Yes _____          No_____

> ***If you answered "Yes" to Question 4, Question 5, OR Question 6 in Section I (Monopolization Claims), AND answered "Yes" for Illinois for Question 1 in this Section (State Law Claims) answer Question 8. Otherwise, proceed to Question 9.***

8. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have unreasonably restrained trade or commerce through anticompetitive conduct involving

the use of a contract, combination or conspiracy involving the use of large amphitheaters by artists, concert booking and promotion services to major concert venues, and promotion services to artists performing in major concert venues, in violation of the Illinois Antirust Act?

Yes _____        No_____

*Kansas Restraint of Trade Act*

>   ***If you answered "Yes" to Question 1, Question 2, Question 3, Question 4, Question 5, OR Question 6 in Section I (Monopolization Claims), AND answered "Yes" for Kansas for Question 1 in this Section (State Law Claims) answer Question 9. Otherwise, proceed to Question 10.***

9. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have maintained monopoly power through anticompetitive conduct jointly or in concert with another party, in violation of the Kansas Restraint of Trade Act?

    Yes _____        No_____

*Nebraska Consumer Protection Act*

>   ***If you answered "Yes" for Nebraska for Question 1 in this Section (State Law Claims) answer Question 10. Otherwise, proceed to Question 11.***

10. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have engaged in an unfair method of competition in violation of the Nebraska Consumer Protection Act?

    Yes _____        No_____

*New York – Donnelly Act*

>   ***If you answered "Yes" to Question 1, Question 2, Question 3, Question 4, Question 5, OR Question 6 in Section I (Monopolization Claims), AND answered "Yes" for New York for Question 1 in this Section (State Law Claims) answer Question 11. Otherwise, proceed to Question 12.***

11. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have maintained monopoly power through anticompetitive conduct involving the use of contracts, agreements, arrangements, or combinations, in violation of New York's Donnelly Act?

    Yes _____        No_____

*South Carolina Unfair Trade Practices Act*

>   ***If you answered "Yes" for South Carolina for Question 1 in this Section (State Law Claims) answer Question 12. Otherwise, proceed to Question 13.***

12. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have engaged in an unfair method of competition in violation of the South Carolina Unfair Trade Practices Act?

    Yes _____        No_____

*Tennessee Trade Practices Act*

13. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants engaged in unlawful conduct after April 23, 2024 that harmed competition in Tennessee?

    Yes _____        No_____

**If you answered "Yes" for Question 13 in this Section (State Law Claims) answer Question 14. Otherwise, proceed to Question 15.**

14. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have engaged in unlawful conduct after April 23, 2024 in violation of the Tennessee Trade Practices Act?

    Yes _____        No_____

*Vermont Consumer Protection Act*

> **If you answered "Yes" for Vermont for Question 1 in this Section (State Law Claims) answer Question 15. Otherwise, proceed to Question 16.**

15. Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have engaged in an unfair or deceptive method of competition in violation of the Vermont Consumer Protection Act?

    Yes _____        No_____

*Damages for Ticketing*

> **If you answered "Yes" to Question 1, Question 2, OR Question 3 in Section I (Monopolization Claims), OR Questions 1 and 2 in Section II (Exclusive Dealing Claim), proceed to Question 16.**
> **Otherwise, proceed to "California Unfair Competition Law – Monetary Recovery."**

16. Have the Plaintiff States claiming monetary damages proven, by a preponderance of the evidence, that residents of these Plaintiff States overpaid for primary concert tickets as a result of Defendants' anticompetitive conduct?

    For any States where you select "Yes," please state the amount that will fairly compensate residents of those States for any overpayments they made as a result of Defendants' anticompetitive conduct.

8

| STATE | YES | NO | $ |
|---|---|---|---|
| Arizona | | | |
| Arkansas | | | |
| Colorado | | | |
| Connecticut | | | |
| District of Columbia | | | |
| Florida | | | |
| Illinois | | | |
| Indiana | | | |
| Iowa | | | |
| Michigan | | | |
| Minnesota | | | |
| Nevada | | | |
| New Hampshire | | | |
| New Jersey | | | |
| New York | | | |
| North Carolina | | | |
| Oklahoma | | | |
| Pennsylvania | | | |
| Rhode Island | | | |
| South Carolina | | | |
| Utah | | | |
| Washington | | | |
| West Virginia | | | |
| Wisconsin | | | |

*California Unfair Competition Law – Monetary Recovery*

17. If you answered "Yes" to Questions 2 or 4 in this Section ("State Law Claims"), Please state the amount of monetary recovery that individuals in California are entitled to recover for violation of the California Unfair Competition Law.

    $_____

9

18. If you answered "Yes" to Questions 3 or 5 in this Section ("State Law Claims"), please state the amount of monetary recovery that individuals outside of California are entitled to recover for violation of the California Unfair Competition Law for any States where you did not include a dollar amount in response to Question 15 in this Section ("State Law Claims").

$_____

Your deliberations are now complete. Sign this verdict form and notify the clerk that your deliberations are complete.

DATED:_____

FOREPERSON SIGNATURE:_____

**Plaintiffs' Position**: Plaintiffs and Defendants are both proposing a general verdict form pursuant to Fed. R. Civ. P. 49(b). Plaintiffs have proposed a straightforward verdict form, based on the cited authorities, in an effort to present claims in clear terms jurors will understand. Defendants' proposed verdict form is extremely long, repetitive, and complicated, likely leading to confusion by the jury. Defendants' proposed verdict form also purposefully renames allegations made by Plaintiffs, misstates the elements of claims, and mischaracterizes others.

**Defendants' Authority:** *Tevra Brands LLC v. Bayer Healthcare LLC*, No. 5:19-cv-4312, ECF No. 485 (N.D. Cal. Aug. 1, 2024); *Pacific Surf Designs, Inc. v. WhiteWater West Industries, Ltd.*, No. 3:20-cv-1464, ECF No. 313 (S.D. Cal. Aug. 28, 2023).

**Defendants' Argument:**

Defendants object to Plaintiffs' proposed verdict form, which fails to enumerate each claim's elements that Plaintiffs must satisfy. It is commonplace in antitrust cases, to enumerate claims' elements. *See, e.g.*, *Tevra Brands LLC v. Bayer Healthcare LLC*, No. 5:19-cv-4312, ECF No. 485 (N.D. Cal. Aug. 1, 2024); *Pacific Surf Designs, Inc. v. WhiteWater West Industries, Ltd.*, No. 3:20-cv-1464, ECF No. 313 (S.D. Cal. Aug. 28, 2023); *Deutscher Tennis Bund v. ATP Tour Inc.*, No. 1:07-cv-178, ECF No. 195 (D. Del. Aug. 5, 2008). And courts have long recognized that doing so facilitates "review, uniformity, and possibly postverdict judgments as a matter of law," *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n.8 (1997), as well as "the process of appellate review," *United States v. Poehlman*, 217 F.3d 692, 698 n.7 (9th Cir. 2000). Plaintiffs' form elides the numerous complex inquiries jurors must make in this case on each claim, and that obfuscation is compounded by their proposed jury instructions, which do not even set out market definition and anticompetitive effects as elements of monopolization. Together with their jury instructions, Plaintiffs' verdict form creates a situation where jurors might miss the market definition and anticompetitive effects inquiries entirely, thus severely prejudicing Defendants.

10

Defendants also object to Plaintiffs' proposed verdict form because it does not require the jury to separately determine Live Nation's and Ticketmaster's liability. As Defendants explained in their jury instruction argument on this issue, a parent corporation and its subsidiary are legally distinct entities and cannot be held liable for the acts of each other absent narrow circumstances neither present nor alleged here. *See* Joint Proposed Jury Instructions, Defendants' Argument on Preliminary Instruction No. 10 (Summary of Contentions); *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 26 (2d Cir. 1993).