# Exhibit  16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA et al.,

     *Plaintiffs*,

        v.                        Civil No. 1:24~cv~~03973~~3973-AS

LIVE NATION ENTERTAINMENT, INC.,
and TICKETMASTER L.L.C.,

     *Defendants*.


**~~PLAINTIFFS~~DEFENDANTS' PROPOSED VERDICT FORM**

# VERDICT FORM

**Section 2 Monopolization Claim Against Ticketmaster For Alleged Market Of Primary Ticketing Services To Plaintiffs' 257 Venues**

**I.  Monopolization Claims in Plaintiffs' Proposed Relevant Markets (Sherman Act Section 2)**

1.      Have Plaintiffs proven, by a preponderance of the evidence, that primary ticketing services to Plaintiffs' 257 venues is a properly-defined antitrust market?

Yes_____          No_____

*If you answered "Yes," proceed to Question 2.*

*If you answered "No," proceed to Question 7.*

2.      Have Plaintiffs proven, by a preponderance of the evidence, that Ticketmaster has monopoly power in that alleged market?

Yes_____          No_____

*If you answered "Yes," proceed to Question 3.*

*If you answered "No," proceed to Question 7.*

3.      Have Plaintiffs proven, by a preponderance of the evidence, that ~~Defendants have~~Ticketmaster willfully acquired or maintained monopoly power ~~through~~in that alleged market by engaging in anticompetitive conduct ~~in the following proposed relevant markets? (Answer for each of the 6 proposed relevant markets.)~~, as opposed to having superior products or business skills?

| | YES | NO |
|---|---|---|
| 1. Primary Concert Ticketing: (*Primary Concert Ticketing Services to major concert venues*) | | |
| 2. Primary Ticketing: (*Primary Ticketing Services to major concert venues*) | | |
| 3. Fan Ticketing: (*Primary Concert Ticketing Offered to Fans at major concert venues*) | | |
| 4. Amphitheaters: (*Use of Large Amphitheaters by Artists*) | | |
| 5. Venue Booking Services: (*Concert Booking and Promotion Services to major concert venues*) | | |
| 6. Artist Promotion Services: (*Promotion Services to Artists Performing in major concert venues*) | | |

Yes_____ No_____

*If you answered "Yes," proceed to Question 4.*
*If you answered "No," proceed to Question 7.*

4.      Have Plaintiffs proven, by a preponderance of the evidence, that Ticketmaster's alleged anticompetitive conduct harmed competition and caused anticompetitive effects in that alleged market?
Yes_____ No_____

*If you answered "Yes," proceed to Question 5.*
*If you answered "No," proceed to Question 7.*

5.      Has Ticketmaster identified procompetitive benefits from the alleged anticompetitive conduct?
Yes_____ No_____

*If you answered "Yes," proceed to Question 6.*
*If you answered "No," proceed to Question 7.*

6.      Have Plaintiffs proved, by a preponderance of the evidence, that the alleged anticompetitive effects of Ticketmaster's conduct outweigh the procompetitive benefits of that conduct?
Yes_____ No_____

*Proceed to Question 7.*


**Section 2 Monopolization Claim Against Ticketmaster For Alleged Market Of Primary *Concert* Ticketing Services To Plaintiffs' 257 Venues**
~~**II. Exclusive Dealing Claim**~~
7.      Have Plaintiffs proven, by a preponderance of the evidence, that primary *concert* ticketing services to Plaintiffs' 257 venues is properly-defined antitrust market?
Yes _____     No _____

*If you answered "Yes," proceed to Question 8.*
*If you answered "No," proceed to Question 13.*

8.      Have Plaintiffs proven, by a preponderance of the evidence, that ~~Defendants' long-term exclusive primary ticketing contracts with major concert venues substantially foreclosed competition in the following primary ticketing markets? (Answer for each proposed~~Ticketmaster has monopoly power in that alleged market.~~)~~?

| | YES | NO |
|---|---|---|
| ~~1. Primary Concert Ticketing: *(Primary Concert Ticketing Services to major concert venues)*~~ | | |
| ~~2. Fan Ticketing: *(Primary Concert Ticketing Offered to Fans at major concert venues)*~~ | | |

Yes_____ No_____

*If you answered "Yes," proceed to Question 9.*
*If you answered "No," proceed to Question 13.*

9.      Have Plaintiffs proven, by a preponderance of the evidence, that Ticketmaster willfully acquired or maintained monopoly power in that alleged market by engaging in anticompetitive conduct, as opposed to having superior products or business skills?
Yes_____ No_____

*If you answered "Yes," proceed to Question 10.*
*If you answered "No," proceed to Question 13.*

10.      Have Plaintiffs proven, by a preponderance of the evidence, that Ticketmaster's alleged anticompetitive conduct harmed competition and caused anticompetitive effects in that alleged market?
Yes_____ No_____

*If you answered "Yes," proceed to Question 11.*
*If you answered "No," proceed to Question 13.*

11.      Has Ticketmaster identified procompetitive benefits from the alleged anticompetitive conduct?
Yes_____ No_____

*If you answered "Yes," proceed to Question 12.*
*If you answered "No," proceed to Question 13.*

12.      Have Plaintiffs proved, by a preponderance of the evidence, that the alleged anticompetitive effects of Ticketmaster's conduct outweigh the procompetitive benefits of that conduct?
Yes_____ No_____

*Proceed to Question 13.*

**Section 2 Monopolization Claim Against Ticketmaster For Alleged Market Of Primary Concert Ticketing Offered To Fans At Plaintiffs' 257 Venues**

13.      Have Plaintiffs proven, by a preponderance of the evidence, that primary concert ticketing offered to fans at Plaintiffs' 257 venues is a properly-defined antitrust market?
Yes_____ No_____

*If you answered "Yes," proceed to Question 14.*
*If you answered "No," proceed to Question 20.*

14.      Have Plaintiffs proven, by a preponderance of the evidence, that the relevant geographic market for primary concert ticketing offered to fans at Plaintiffs' 257 venues is the United States?
Yes_____ No_____

*If you answered "Yes," proceed to Question 15.*
*If you answered "No," proceed to Question 20.*

4

15.     Have Plaintiffs proven, by a preponderance of the evidence, that Ticketmaster has monopoly power in that alleged market?

Yes_____    No_____

*If you answered "Yes," proceed to Question 16.*
*If you answered "No," proceed to Question 20.*

16.     Have Plaintiffs proven, by a preponderance of the evidence, that Ticketmaster willfully acquired or maintained monopoly power in that alleged market by engaging in anticompetitive conduct, as opposed to having superior products or business skills?

Yes_____    No_____

*If you answered "Yes," proceed to Question 17.*
*If you answered "No," proceed to Question 20.*

17.     Have Plaintiffs proven, by a preponderance of the evidence, that Ticketmaster's alleged anticompetitive conduct harmed competition and caused anticompetitive effects in that alleged market?

Yes_____    No_____

*If you answered "Yes," proceed to Question 18.*
*If you answered "No," proceed to Question 20.*

18.     Has Ticketmaster identified procompetitive benefits from the alleged anticompetitive conduct?

Yes_____    No_____

*If you answered "Yes," proceed to Question 19.*
*If you answered "No," proceed to Question 20.*

19.     Have Plaintiffs proved, by a preponderance of the evidence, that the alleged anticompetitive effects of Ticketmaster's conduct outweigh the procompetitive benefits of that conduct?

Yes_____    No_____

*Proceed to Question 20.*

**Section 2 Monopolization Claim Against Live Nation For Alleged Market Of Artists Use Of Plaintiffs' 87 Amphitheaters**

20.     Have Plaintiffs proven, by a preponderance of the evidence, that use by artists of Plaintiffs' 87 amphitheaters is a properly-defined antitrust market?

Yes_____    No_____

*If you answered "Yes," proceed to Question 21.*
*If you answered "No," proceed to Question 26.*

21.     Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation has monopoly power in that alleged market?

Yes_____    No_____

*If you answered "Yes," proceed to Question 22.*
*If you answered "No," proceed to Question 26.*

5

22.     Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation willfully acquired or maintained monopoly power in that alleged market by engaging in anticompetitive conduct as opposed to having superior products or business skills?

Yes_____ No_____

*If you answered "Yes," proceed to Question 23.*
*If you answered "No," proceed to Question 26.*

23.     Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation's alleged anticompetitive conduct harmed competition and caused anticompetitive effects in that alleged market?

Yes_____ No_____

*If you answered "Yes," proceed to Question 24.*
*If you answered "No," proceed to Question 26.*

24.     Has Live Nation identified procompetitive benefits from the alleged anticompetitive conduct?

Yes_____ No_____

*If you answered "Yes," proceed to Question 25.*
*If you answered "No," proceed to Question 26.*

25.     Have Plaintiffs proved, by a preponderance of the evidence, that the alleged anticompetitive effects of Live Nation's conduct outweigh the procompetitive benefits of that conduct?

Yes_____ No_____

*Proceed to Question 26.*

**Section 2 Monopolization Claim Against Live Nation For Alleged Market Of Concert Booking Services To Plaintiffs' 257 Venues**

26.     Have Plaintiffs proven, by a preponderance of the evidence, that concert booking and promotion services to Plaintiffs' 257 venues is a properly-defined antitrust market?

Yes_____ No_____

*If you answered "Yes," proceed to Question 27.*
*If you answered "No," proceed to Question 32.*

27.     Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation has monopoly power in that alleged market?

Yes_____ No_____

*If you answered "Yes," proceed to Question 28.*
*If you answered "No," proceed to Question 32.*

28.     Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation willfully acquired or maintained monopoly power in that alleged market by engaging in anticompetitive conduct as opposed to having superior products or business skills?

Yes_____ No_____

6

*If you answered "Yes," proceed to Question 29.*
*If you answered "No," proceed to Question 32.*

29.    Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation's alleged anticompetitive conduct harmed competition and caused anticompetitive effects in that alleged market?
Yes_____    No_____
*If you answered "Yes," proceed to Question 30.*
*If you answered "No," proceed to Question 32.*

30.    Has Live Nation identified procompetitive benefits from the alleged anticompetitive conduct?
Yes_____    No_____
*If you answered "Yes," proceed to Question 31.*
*If you answered "No," proceed to Question 32.*

31.    Have Plaintiffs proved, by a preponderance of the evidence, that the alleged anticompetitive effects of Live Nation's conduct outweigh the procompetitive benefits of that conduct?
Yes_____    No_____
*Proceed to Question 32.*

**Section 2 Monopolization Claim Against Live Nation For Alleged Market Of Promotion Services To Artists Performing In Plaintiffs' 257 Venues**

32.    Have Plaintiffs proven, by a preponderance of the evidence, that promotion services to artists performing in Plaintiffs' 257 venues is a properly-defined antitrust market?
Yes_____    No_____
*If you answered "Yes," proceed to Question 33.*
*If you answered "No," proceed to Question 38.*

33.    Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation has monopoly power in that alleged market?
Yes_____    No_____
*If you answered "Yes," proceed to Question 34.*
*If you answered "No," proceed to Question 38.*

34.    Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation willfully acquired or maintained monopoly power in that alleged market by engaging in anticompetitive conduct as opposed to having superior products or business skills?
Yes_____    No_____
*If you answered "Yes," proceed to Question 35.*
*If you answered "No," proceed to Question 38.*

35.    Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation's alleged anticompetitive conduct harmed competition and caused anticompetitive effects in that alleged market?
Yes_____ No_____
*If you answered "Yes," proceed to Question 36.*
*If you answered "No," proceed to Question 38.*

36.    Has Live Nation identified procompetitive benefits from the alleged anticompetitive conduct?
Yes_____ No_____
*If you answered "Yes," proceed to Question 37.*
*If you answered "No," proceed to Question 38.*

37.    Have Plaintiffs proved, by a preponderance of the evidence, that the alleged anticompetitive effects of Live Nation's conduct outweigh the procompetitive benefits of that conduct?
Yes_____ No_____
*Proceed to Question 38.*

**Section 1 Exclusive Dealing Claim Against Ticketmaster**

*If you answered "Yes" to Questions 1, 7, and/or 13 and 14, proceed to Question 38.*
*If you answered "No" to Questions 1, 7 and 13 and 14, proceed to Question 48.*

38.    Have Plaintiffs proven, by a preponderance of the evidence, that Ticketmaster had substantial market power in any of these alleged markets?

| | | |
|---|---|---|
| (a) primary ticketing services | Yes _____ | No _____ |
| (b) primary concert ticketing services | Yes _____ | No _____ |
| (c) primary concert ticketing to fans | Yes _____ | No _____ |

**If you answered "Yes," *as* to any ~~question under Section II~~*of the three alleged markets* proceed to Question ~~3~~*39*.**
**If you answered "No*~~,~~*" to all ~~questions under Section II do not answer~~*three alleged markets proceed to* Question ~~3 and proceed instead to Section III (Tying)~~*48*.**

39.    Have Plaintiffs proven, by a preponderance of the evidence, that there are one or more contracts between one of Plaintiffs' 257 venues and Ticketmaster that substantially foreclose venues from buying primary ticketing services from competing primary ticketing companies?
Yes_____ No_____
*If you answered "Yes," proceed to Question 40.*
*If you answered "No," proceed to Question 48.*

40.    For any exclusive contracts you found in response to Question ___ above, did any of those venues voluntarily enter into those exclusive contracts with Ticketmaster and not because of any coercion?

8

Yes_____ No_____
*If you answered "Yes," proceed to Question 41.*
*If you answered "No," proceed to Question 48.*

41.     Have Plaintiffs proven, by a preponderance of the evidence, that Ticketmaster used its alleged substantial market power to coerce one or more venues into an exclusive contract when the venue wanted a non-exclusive contract?
Yes_____ No_____
*If you answered "Yes," proceed to Question 42.*
*If you answered "No," proceed to Question 48.*

42.     If you answered "Yes" to Question 40 above, identify each contract you found that Plaintiffs proved, by a preponderance of the evidence, a venue did not sign voluntarily, but only because of alleged coercion by Ticketmaster:

_____
*Proceed to Question 43*

43.     For any contract you found in response to Question 41, have Plaintiffs proven, by a preponderance of the evidence, that the individual exclusive contract, judged on its own, substantially foreclosed competition in at least one of the three alleged ticketing markets?
Yes_____ No_____
*If you answered "Yes," proceed to Question 44.*
*If you answered "No," proceed to Question 48.*

44.     If you answered "Yes" to Question 42 above, identify each contract you found that, when judged on its own, substantially foreclosed competition in at least one of the three alleged ticketing markets:

_____
*Proceed to Question 45.*

45.     For each separate exclusive contract you identified in Question 43 above, have Plaintiffs proven, by a preponderance of the evidence, that foreclosure of competition from that one exclusive contract, judged on its own, caused anticompetitive effects in at least one of the three alleged ticketing markets?
Yes_____ No_____
*If you answered "Yes," proceed to Question 46.*
*If you answered "No," proceed to Question 48.*

46.     Has Ticketmaster identified procompetitive benefits from any alleged exclusive contracts?
Yes_____ No_____
*If you answered "Yes," proceed to Question 47.*
*If you answered "No," proceed to Question 48.*

9

47.     Have Plaintiffs proved, by a preponderance of the evidence, that the anticompetitive effects of each exclusive contract substantially outweigh the competitive benefits of that contract?

Yes _____        No _____

*Proceed to Question 48.*

**Section 1 Tying Claim Against Live Nation**

48.     Have Plaintiffs proven, by a preponderance of the evidence, that artists are the customers who rent amphitheaters, and not promoters?

Yes _____        No _____

*If you answered "Yes," proceed to Question 49.*
*If you answered "No," proceed to Question 56.*

49.     ~~3.~~ Have Plaintiffs proven, by a preponderance of the evidence, that ~~Defendants' exclusive primary ticketing contracts with venues are an unreasonable restraint of trade that has adverse effects on competition~~ the use by artists of Plaintiffs' 87 amphitheaters, and promotion services to artists performing in Plaintiffs' 257 venues, are separate and distinct products in properly-defined antitrust markets?

Yes _____        No _____

*If you answered "Yes," proceed to Question 50.*
*If you answered "No," proceed to Question 56.*
~~III. Tying Claim (Sherman Act Section 1)~~

50.     Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation conditioned artists' use of Plaintiffs' 87 amphitheaters on artists also purchasing Live Nation's promotion services?

Yes _____        No _____

*If you answered "Yes," proceed to Question 51.*
*If you answered "No," proceed to Question 56.*

51.     Have Plaintiffs proven, by a preponderance of the evidence, that Live Nation has sufficient market power with respect to the use by artists of the 87 amphitheaters to enable Live Nation to restrain competition as to promotion services to artists performing in the 257 venues?

Yes _____        No _____

*If you answered "Yes," proceed to Question 52.*
*If you answered "No," proceed to Question 56.*

52.     Have Plaintiffs proven, by a preponderance of the evidence, that ~~Defendants unlawfully tied their artist~~ the alleged tying arrangement caused anticompetitive effects in the alleged market for promotion services to ~~the use of large amphitheaters by~~ artists performing in the 257 venues?

Yes _____        No _____

*If you answered "Yes," proceed to Question 53.*
*If you answered "No," proceed to Question 56.*

53.    Have Plaintiffs proven, by a preponderance of the evidence, that the alleged tying arrangement involved a not insubstantial volume of interstate commerce in promotion services to artists performing in the 257 venues?
Yes_____ No_____
*If you answered "Yes," proceed to Question 54.*
*If you answered "No," proceed to Question 56.*

54.    Has Live Nation identified procompetitive benefits from the alleged tying conduct?

Yes ————— No—————
_____ No_____
*If you answered "Yes," proceed to Question 55.*
*If you answered "No," proceed to Question 56.*

55.    Have Plaintiffs proved, by a preponderance of the evidence, that the alleged anticompetitive effects of Live Nation's conduct outweigh the procompetitive benefits of that conduct?
Yes_____ No_____
*Proceed to Question 56.*

**IV.Plaintiff States' State Law Claims**

1.56.    Have PlaintiffsHas each of the following Plaintiff States proven, by a preponderance of the evidence, that DefendantsTicketmaster engaged in unlawful conduct that harmed competition nationwide, including in these Plaintiff Statesin its State?

| State | Yes | No |
|---|---|---|
| Colorado | | |
| Connecticut | | |
| District of Columbia | | |
| Florida | | |
| Louisiana | | |
| Maryland | | |
| Michigan | | |
| Minnesota | | |
| Mississippi | | |
| Nebraska | | |
| Nevada | | |
| New Hamshire | | |
| New Mexico | | |
| North Carolina | | |
| Ohio | | |
| Rhode Island | | |
| Texas | | |
| Utah | | |
| Virginia | | |
| Washington | | |
| West Virginia | | |

*Proceed to Question 57.*

57.    Has each of the following Plaintiff States proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct that harmed competition in its State?

| State | Yes | No |
|---|---|---|
| Colorado | | |
| Connecticut | | |
| District of Columbia | | |
| Florida | | |
| Louisiana | | |
| Maryland | | |
| Michigan | | |
| Minnesota | | |
| Mississippi | | |
| Nebraska | | |

| | | |
|---|---|---|
| Nevada | | |
| New Hamshire | | |
| New Mexico | | |
| North Carolina | | |
| Ohio | | |
| Rhode Island | | |
| Texas | | |
| Utah | | |
| Virginia | | |
| Washington | | |
| West Virginia | | |

*Proceed to Question 58.*

**Potential Damages Related Only To Alleged Fan Market**

*If you answered "Yes" to all Questions 13-19, proceed to Question 58.  If not, proceed to Question 61.*

58.    Has each of the following Plaintiff States proven, by a preponderance of the evidence, that its specific State residents were harmed by paying higher ticket fees as a result of Ticketmaster's anticompetitive conduct?

| State | Yes | No |
|---|---|---|
| Arizona | | |
| Arkansas | | |
| Colorado | | |
| Connecticut | | |
| District of Columbia | | |
| Florida | | |
| Illinois | | |
| Indiana | | |
| Iowa | | |
| ~~Kansas~~Michigan | | |
| ~~Louisiana~~Minnesota | | |
| ~~Maryland~~Nevada | | |
| ~~Michigan~~New Hamshire | | |
| New Jersey | | |
| New York | | |
| North Carolina | | |
| Oklahoma | | |
| Pennsylvania | | |
| Rhode Island | | |
| South Carolina | | |
| Utah | | |

| Washington | | |
|---|---|---|
| West Virginia | | |
| Wisconsin | | |

*If you answered "Yes" for any Plaintiff State, proceed to Question 59 only for such State(s).*
*If you answered "No" for all Plaintiff States, proceed to Question 61.*

59.    Has each of the following Plaintiff States proven, by a preponderance of the evidence, that the alleged higher ticket fees its specific State residents paid were caused by Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020 as opposed to alleged anticompetitive conduct that occurred before May 23, 2020?

| State | Yes | No |
|---|---|---|
| Arizona | | |
| Arkansas | | |
| Colorado | | |
| Connecticut | | |
| District of Columbia | | |
| Florida | | |
| Illinois | | |
| Indiana | | |
| Iowa | | |
| ~~Minnesota~~Michigan | | |
| ~~Mississippi~~Minnesota | | |
| ~~Nebraska~~ | | |
| Nevada | | |
| New ~~Hampshire~~Hamshire | | |
| New Jersey | | |
| New ~~Mexico~~York | | |
| ~~New York~~North Carolina | | |
| ~~North Carolina~~Oklahoma | | |
| ~~Ohio~~Pennsylvania | | |
| Rhode Island | | |
| South Carolina | | |
| ~~Texas~~ | | |
| Utah | | |
| ~~Vermont~~Washington | | |
| West Virginia | | |
| ~~Washington~~Wisconsin | | |

*If you answered "Yes" for any Plaintiff State, proceed to Question 60 only for such State(s).*
*If you answered "No" for all Plaintiff States, proceed to Question 61.*

60.     Please state the amount (if any) that each Plaintiff State proved, by a preponderance of the evidence, will fairly compensate residents in its specific State for any harm to those State residents because of Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020.  You may not award damages caused by any alleged anticompetitive conduct that occurred before May 23, 2020.

| State | |
|---|---|
| Arizona | $ |
| Colorado | $ |
| Connecticut | $ |
| District of Columbia | $ |
| Indiana | $ |
| Iowa | $ |
| Michigan | $ |
| Minnesota | $ |
| Nevada | $ |
| New Hamshire | $ |
| New Jersey | $ |
| North Carolina | $ |
| Oklahoma | $ |
| Pennsylvania | $ |
| Rhode Island | $ |
| Utah | $ |
| Washington | $ |
| West Virginia | $ |
| Wisconsin | $ |

**Arkansas Unfair Practices Act**

61.     Has Arkansas proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct that harmed competition in its State?
Yes_____ No_____
*If you answered "Yes," proceed to Question 62.*
*If you answered "No," proceed to Question 63.*

62.     Has Arkansas proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct in violation of the Arkansas Unfair Practices Act?
Yes_____ No_____
*Proceed to Question 63.*

63.     Has Arkansas proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct that harmed competition in its State?
Yes_____ No_____
*If you answered "Yes," proceed to Question 64.*
*If you answered "No," proceed to Question 65.*

64.    Has Arkansas proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct in violation of the Arkansas Unfair Practices Act?
Yes _____ No _____
*Proceed to Question 65.*

*If you answered "Yes" to all Questions 13-19, proceed to Question 65. If not, proceed to Question 68.*

65.    Has Arkansas proven, by a preponderance of the evidence, that its specific State residents were harmed by paying higher ticket fees as a result of Ticketmaster's anticompetitive conduct?
Yes _____ No _____
*If you answered "Yes," proceed to Question 66.*
*If you answered "No," proceed to Question 68.*

66.    Has Arkansas proven, by a preponderance of the evidence, that the alleged higher ticket fees its specific State residents paid were caused by Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020 as opposed to alleged anticompetitive conduct that occurred before May 23, 2020
Yes _____ No _____
*If you answered "Yes," proceed to Question 67.*
*If you answered "No," proceed to Question 68.*

67.    Please state the amount (if any) that Arkansas proved, by a preponderance of the evidence, will fairly compensate residents in its specific State for any harm to those State residents because of Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020. You may not award damages caused by any alleged anticompetitive conduct that occurred before May 23, 2020.
$ _____
*Proceed to Question 68.*

## California Unfair Competition Law – Unlawful Prong

68.    Has California proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct that harmed competition in its State?
Yes _____ No _____
*If you answered "Yes," proceed to Question 69.*
*If you answered "No," proceed to Question 72.*

69.    Has California proven, by a preponderance of the evidence, that Ticketmaster engaged in a business act or practice?
Yes _____ No _____
*If you answered "Yes," proceed to Question 70.*
*If you answered "No," proceed to Question 72.*

~~2.~~70.    ~~Have Plaintiffs~~Has California proven, by a preponderance of the evidence, that ~~Defendants engaged in an illegal~~Ticketmaster's business act or practice ~~that~~ occurred within

California ~~and harmed individuals in California or that~~, emanated from California ~~and~~, or harmed ~~individuals in~~ California ~~in violation of the California Unfair Competition Law~~residents?
Yes _____          No _____
*If you answered "Yes," proceed to Question 71.*
*If you answered "No," proceed to Question 72.*

71.     Has California proven, by a preponderance of the evidence, that Ticketmaster's business act or practice was unlawful?
Yes _____          No _____
*Proceed to Question 72.*

72.     Has California proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct that harmed competition in its State?
Yes _____          No _____
*If you answered "Yes," proceed to Question 73.*
*If you answered "No," proceed to Question 76.*

73.     Has California proven, by a preponderance of the evidence, that Live Nation engaged in a business act or practice?
Yes _____          No _____
*If you answered "Yes," proceed to Question 74.*
*If you answered "No," proceed to Question 76.*

~~3.~~74.    ~~Have Plaintiffs~~Has California proven, by a preponderance of the evidence, that ~~Defendants engaged in an illegal~~Live Nation's business act or practice ~~that~~occurred within California, emanated from California ~~and~~, or harmed ~~individuals outside of~~California ~~in violation of the California Unfair Competition Law~~residents?
Yes _____          No _____
*If you answered "Yes," proceed to Question 75.*
*If you answered "No," proceed to Question 76.*

75.     Has California proven, by a preponderance of the evidence, that Ticketmaster's business act or practice was unlawful?
Yes _____          No _____
*Proceed to Question 76.*

**California Unfair Competition Law – Unfair Prong**

*Answer Question 76 only if you answered "Yes," to Question 68.  If you answered "No" to Question 68, proceed to Question 82.*

76.     Has California proven, by a preponderance of the evidence, that Ticketmaster engaged in a business act or practice?
Yes _____          No _____
*If you answered "Yes," proceed to Question 77.*
*If you answered "No," proceed to Question 79.*

17

4.77.    ~~Have Plaintiffs~~Has California proven, by a preponderance of the evidence, that ~~Defendants have engaged in a~~Ticketmaster's business act or practice occurred within California ~~that harmed individuals in California or that~~, emanated from California ~~and~~, or harmed ~~individuals in~~California ~~and that same act or practice is unfair in violation of the California Unfair Competition Law~~residents?

Yes _____            No_____

*If you answered "Yes," proceed to Question 78.*
*If you answered "No," proceed to Question 79.*

78.    Has California proven, by a preponderance of the evidence, that Ticketmaster's business act or practice was unfair?

Yes _____            No _____

*Proceed to Question 79.*

*Answer Question 79 only if you answered "Yes," to Question 72.  If you answered "No" to Question 72, proceed to Question 82.*

79.    Has California proven, by a preponderance of the evidence, that Live Nation engaged in a business act or practice?

Yes _____            No _____

*If you answered "Yes," proceed to Question 80.*
*If you answered "No," proceed to Question 82.*

5.80.    ~~Have Plaintiffs~~Has California proven, by a preponderance of the evidence, that ~~Defendants have engaged in a~~Live Nation's business act or practice ~~that emanates~~occurred within California, emanated from California ~~and~~, or harmed ~~individuals outside of~~California ~~and that same act or practice is unfair in violation of the California Unfair Competition Law~~residents?

Yes _____            No _____

*If you answered "Yes," proceed to Question 81.*
*If you answered "No," proceed to Question 82.*

81.    Has California proven, by a preponderance of the evidence, that Ticketmaster's business act or practice was unfair?

Yes _____            No _____

*Proceed to Question 82.*

**Florida Trade Practices Act**

82.    Has Florida proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct that harmed competition in its State?

Yes _____            No _____

*If you answered "Yes~~ for Florida for Question 1 in this Section (State Law Claims) answer Question 6. Otherwise,~~," proceed to Question ~~7~~83.*
*If you answered "No," proceed to Question 84.*

83.    Has Florida proven, by a preponderance of the evidence, that Ticketmaster engaged in an unfair method of competition in violation of the Florida Deceptive and Unfair Trade Practices Act?
Yes_____ No_____
***Proceed to Question 84.***

84.    Has Florida proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct that harmed competition in its State?
Yes_____ No_____
***If you answered "Yes," proceed to Question 85.***
***If you answered "No," proceed to Question 86.***

~~6.~~85.   ~~Have Plaintiffs~~Has Florida proven, by a preponderance of the evidence, that ~~Defendants have~~Live Nation engaged in an unfair method of competition in violation of the Florida Deceptive and Unfair Trade Practices Act?
Yes _____           No_____
***Proceed to Question 86.***

*~~Illinois Antitrust Act~~*

***If you answered "Yes" to ~~Question 1, Question 2, OR Question 3 in Section I (Monopolization Claims), AND answered "Yes" for Illinois for Question 1 in this Section (State Law Claims)~~all Questions 13-19, answer Question ~~7~~86. ~~Otherwise~~ If not, proceed to Question ~~8~~89.***

86.    Has Florida proven, by a preponderance of the evidence, that its specific State residents were harmed by paying higher ticket fees as a result of Ticketmaster's anticompetitive conduct?
Yes _____ No _____
***If you answered "Yes," proceed to Question 87.***
***If you answered "No," proceed to Question 89.***

87.    Has Florida proven, by a preponderance of the evidence, that the alleged higher ticket fees its specific State residents paid were caused by Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020 as opposed to alleged anticompetitive conduct that occurred before May 23, 2020
Yes _____ No _____
***If you answered "Yes," proceed to Question 88.***
***If you answered "No," proceed to Question 89.***

88.    Please state the amount (if any) that Florida proved, by a preponderance of the evidence, will fairly compensate residents in its specific State for any harm to those State residents because of Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020.  You may not award damages caused by any alleged anticompetitive conduct that occurred before May 23, 2020.
$_____
***Proceed to Question 89.***

**Illinois Antitrust Act**

89.    Has Illinois proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct that harmed competition in its State?
Yes_____ No_____
*If you answered "Yes," proceed to Question 90.*
*If you answered "No," proceed to Question 91.*

7.90.    ~~Have Plaintiffs~~Has Illinois proven, by a preponderance of the evidence, that ~~Defendants have established, maintained, used or attempted to acquire monopoly power over primary concert ticketing for the purpose of excluding competition or controlling, fixing, or maintaining prices for: primary concert ticketing services to major concert venues; primary ticketing services to major concert venues; and primary concert ticketing offered to fans at major concert venues,~~Ticketmaster engaged in unlawful conduct in violation of the Illinois ~~Antirust~~Antitrust Act?
Yes _____           No_____
*Proceed to Question 91.*

91.    Has Illinois proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct that harmed competition in its State?
Yes _____         No_____
*If you answered "Yes," proceed to Question 92.*
*If you answered "No," proceed to Question 93.*

92.    Has Illinois proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct in violation of the Illinois Antitrust Act?
Yes _____         No_____
*Proceed to Question 93.*

***If you answered "Yes" to*** ~~*Question 4, Question 5, OR Question 6 in Section I (Monopolization Claims), AND answered "Yes" for Illinois for Question 1 in this Section (State Law Claims)*~~***all Questions 13-19,*** ***answer Question*** ~~*8*~~***93.*** ~~*Otherwise*~~ ***If not,*** ***proceed to Question*** ~~*9*~~***96.***

8.    ~~Have Plaintiffs proven, by a preponderance of the evidence, that Defendants have unreasonably restrained trade or commerce through anticompetitive conduct involving the use of a contract, combination or conspiracy involving the use of large amphitheaters by artists, concert booking and promotion services to major concert venues, and promotion services to artists performing in major concert venues, in violation of the Illinois Antirust Act?~~
93.    Has Illinois proven, by a preponderance of the evidence, that its specific State residents were harmed by paying higher ticket fees as a result of Ticketmaster's anticompetitive conduct?
Yes _____           No_____
*If you answered "Yes," proceed to Question 94.*
*If you answered "No," proceed to Question 96.*

94.    Has Illinois proven, by a preponderance of the evidence, that the alleged higher ticket fees its specific State residents paid were caused by Ticketmaster's alleged anticompetitive

conduct that occurred after May 23, 2020 as opposed to alleged anticompetitive conduct that occurred before May 23, 2020
Yes _____ No _____

*If you answered "Yes," proceed to Question 95.*
*If you answered "No," proceed to Question 96.*

95.    Please state the amount (if any) that Illinois proved, by a preponderance of the evidence, will fairly compensate residents in its specific State for any harm to those State residents because of Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020.  You may not award damages caused by any alleged anticompetitive conduct that occurred before May 23, 2020.
$ _____

*Proceed to Question 96.*

**Kansas Restraint ~~of~~Of Trade Act**
*~~If you answered "Yes" to Question 1, Question 2, Question 3, Question 4, Question 5, OR~~*
*~~Question 6 in Section I (Monopolization Claims), AND answered "Yes" for Kansas for~~*
*~~Question 1 in this Section (State Law Claims) answer Question 9. Otherwise, proceed to~~*
*~~Question 10.~~*
96.    Has Kansas proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct that harmed competition in its State?
Yes _____ No _____

*If you answered "Yes," proceed to Question 97.*
*If you answered "No," proceed to Question 98.*

97.    Has Kansas proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct in violation of the Kansas Restraint Of Trade Act?
Yes _____ No _____

*Proceed to Question 98.*

98.    Has Kansas proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct that harmed competition in its State?
Yes _____ No _____

*If you answered "Yes," proceed to Question 99.*
*If you answered "No," proceed to Question 100.*

~~9.~~99.    ~~Have Plaintiffs~~Has Kansas proven, by a preponderance of the evidence, that ~~Defendants~~ ~~have maintained monopoly power through anticompetitive~~Live Nation engaged in unlawful conduct ~~jointly or in concert with another party,~~ in violation of the Kansas Restraint ~~of~~Of Trade Act?
Yes _____ No_____

*Proceed to Question 100.*

**Nebraska Consumer Protection Act**

21

100.   Has Nebraska proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct that harmed competition in its State?
Yes _____   No_____

*If you answered "Yes~~ for Nebraska for Question 1 in this Section (State Law Claims) answer Question 10. Otherwise,~~" proceed to Question ~~11~~101.*
*If you answered "No," proceed to Question 102.*

101.   Has Nebraska proven, by a preponderance of the evidence, that Ticketmaster engaged in an unfair method of competition in violation of the Nebraska Consumer Protection Act?
Yes _____   No_____
*Proceed to Question 102.*

102.   Has Nebraska proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct that harmed competition in its State?
Yes _____   No_____
*If you answered "Yes," proceed to Question 103.*
*If you answered "No," proceed to Question 104.*

~~10.~~103.   ~~Have Plaintiffs~~Has Nebraska proven, by a preponderance of the evidence, that ~~Defendants have~~Live Nation engaged in an unfair method of competition in violation of the Nebraska Consumer Protection Act?
Yes _____   No_____
*Proceed to Question 104.*

**New York – Donnelly Act**
*~~If you answered "Yes" to Question 1, Question 2, Question 3, Question 4, Question 5, OR Question 6 in Section I (Monopolization Claims), AND answered "Yes" for New York for Question 1 in this Section (State Law Claims) answer Question 11. Otherwise, proceed to Question 12.~~*
104.   Has New York proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct that harmed competition in its State?
Yes _____   No_____
*If you answered "Yes," proceed to Question 105.*
*If you answered "No," proceed to Question 106.*

105.   Has New York proven, by a preponderance of the evidence, that Ticketmaster maintained monopoly power through anticompetitive conduct involving the use of contracts, agreements, arrangements, or combinations, in violation of New York's Donnelly Act?
Yes _____   No_____
*Proceed to Question 106.*

106.   Has New York proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct that harmed competition in its State?
Yes _____   No_____
*If you answered "Yes," proceed to Question 107.*
*If you answered "No," proceed to Question 108.*

11.107. Have PlaintiffsHas New York proven, by a preponderance of the evidence, that Defendants haveLive Nation maintained monopoly power through anticompetitive conduct involving the use of contracts, agreements, arrangements, or combinations, in violation of New York's Donnelly Act?

Yes _____          No_____

*Proceed to Question 108.*

*If you answered "Yes" to all Questions 13-19, answer Question 108.  If not, proceed to Question 111.*

108.    Has New York proven, by a preponderance of the evidence, that its specific State residents were harmed by paying higher ticket fees as a result of Ticketmaster's anticompetitive conduct?

Yes_____          No_____

*If you answered "Yes," proceed to Question 109.*
*If you answered "No," proceed to Question 111.*

109.    Has New York proven, by a preponderance of the evidence, that the alleged higher ticket fees its specific State residents paid were caused by Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020 as opposed to alleged anticompetitive conduct that occurred before May 23, 2020

Yes_____          No_____

*If you answered "Yes," proceed to Question 110.*
*If you answered "No," proceed to Question 111.*

110.    Please state the amount (if any) that New York proved, by a preponderance of the evidence, will fairly compensate residents in its specific State for any harm to those State residents because of Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020.  You may not award damages caused by any alleged anticompetitive conduct that occurred before May 23, 2020.

$_____

*Proceed to Question 111.*

**South Carolina Unfair Trade Practices Act**

*If you answered "Yes" for South Carolina for Question 1 in this Section (State Law Claims) answer Question 12. Otherwise, proceed to Question 13.*

12.111. Have PlaintiffsHas South Carolina proven, by a preponderance of the evidence, that Defendants haveTicketmaster engaged in an unfair method ofunlawful conduct that harmed competition in violation of the South Carolina Unfair Trade Practices Actits State?

Yes _____          No_____

*If you answered "Yes," proceed to Question 112.*
*If you answered "No," proceed to Question 115.*

*Tennessee Trade Practices Act*

23

112.    Has South Carolina proven, by a preponderance of the evidence, that Ticketmaster engaged in an act or practice in trade or commerce?
Yes_____        No_____
*If you answered "Yes," proceed to Question 113.*
*If you answered "No," proceed to Question 115.*

113.    Has South Carolina proven, by a preponderance of the evidence, that Ticketmaster's act or practice was unfair?
Yes_____        No_____
*If you answered "Yes," proceed to Question 114.*
*If you answered "No," proceed to Question 115.*

114.    Has South Carolina proven, by a preponderance of the evidence, that Ticketmaster's act or practice had an impact on the public interest?
Yes_____        No_____
*Proceed to Question 115.*

~~13.~~115.~~Have Plaintiffs~~Has South Carolina proven, by a preponderance of the evidence, that ~~Defendants~~Live Nation engaged in unlawful conduct ~~after April 23, 2024~~ that harmed competition in ~~Tennessee~~its State?
Yes_____        No_____
***If you answered "Yes~~" for Question 13 in this Section (State Law Claims) answer Question 14. Otherwise,~~," proceed to Question ~~15~~116.***
*If you answered "No," proceed to Question 119.*

~~14.~~116.~~Have Plaintiffs~~Has South Carolina proven, by a preponderance of the evidence, that ~~Defendants have~~ ~~engaged in unlawful conduct after April 23, 2024 in violation of the Tennessee Trade Practices Act~~Live Nation engaged in an act or practice in trade or commerce?
Yes_____        No_____
~~Vermont Consumer Protection Act~~

***If you answered "Yes~~" for Vermont for Question 1 in this Section (State Law Claims) answer Question 15. Otherwise,~~," proceed to Question ~~16~~117.***
*If you answered "No," proceed to Question 119.*

~~15.~~117.~~Have Plaintiffs~~Has South Carolina proven, by a preponderance of the evidence, that ~~Defendants have engaged in an unfair or deceptive method of competition in violation of the Vermont Consumer Protection Act~~Live Nation's act or practice was unfair?
Yes_____        No_____
*If you answered "Yes," proceed to Question 118.*
*If you answered "No," proceed to Question 119.*

118.    Has South Carolina proven, by a preponderance of the evidence, that Live Nation's act or practice had an impact on the public interest?
~~Damages for Ticketing~~Yes_____        No_____
*Proceed to Question 119.*

*If you answered "Yes" to* ~~Question 1, Question 2, OR Question 3 in Section I (Monopolization Claims), OR Questions 1 and 2 in Section II (Exclusive Dealing Claim)~~*all Questions 13-19, answer Question 119.  If not*, *proceed to Question* ~~16~~*122.*
~~Otherwise, proceed to "California Unfair Competition Law – Monetary Recovery."~~

~~16. Have the Plaintiff States claiming monetary damages proven, by a preponderance of the evidence, that residents of these Plaintiff States overpaid for primary concert tickets as a result of Defendants' anticompetitive conduct?~~

~~For any States where you select "Yes," please state the amount that will fairly compensate residents of those States for any overpayments they made as a result of Defendants' anticompetitive conduct.~~

| ~~STATE~~ | ~~YES~~ | ~~NO~~ | ~~$~~ |
|---|---|---|---|
| ~~Arizona~~ | | | |
| ~~Arkansas~~ | | | |
| ~~Colorado~~ | | | |
| ~~Connecticut~~ | | | |
| ~~District of Columbia~~ | | | |
| ~~Florida~~ | | | |
| ~~Illinois~~ | | | |
| ~~Indiana~~ | | | |
| ~~Iowa~~ | | | |
| ~~Michigan~~ | | | |
| ~~Minnesota~~ | | | |
| ~~Nevada~~ | | | |
| ~~New Hampshire~~ | | | |
| ~~New Jersey~~ | | | |
| ~~New York~~ | | | |
| ~~North Carolina~~ | | | |
| ~~Oklahoma~~ | | | |
| ~~Pennsylvania~~ | | | |
| ~~Rhode Island~~ | | | |
| ~~South Carolina~~ | | | |
| ~~Utah~~ | | | |
| ~~Washington~~ | | | |

| STATE | YES | NO | $ |
|---|---|---|---|
| West Virginia | | | |
| Wisconsin | | | |

119.    Has South Carolina proven, by a preponderance of the evidence, that its specific State residents were harmed by paying higher ticket fees as a result of Ticketmaster's anticompetitive conduct?

Yes _____    No _____

*California Unfair Competition Law – Monetary Recovery*

~~17.~~    ***If you answered "Yes"*** ~~" to Questions 2 or 4 in this Section ("State Law Claims"), Please state the amount of monetary recovery that individuals in California are entitled to recover for violation of the California Unfair Competition Law.~~**," proceed to Question 120.**
***If you answered "No," proceed to Question 122.***

120.    Has South Carolina proven, by a preponderance of the evidence, that the alleged higher ticket fees its specific State residents paid were caused by Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020 as opposed to alleged anticompetitive conduct that occurred before May 23, 2020

Yes _____    No _____

***If you answered "Yes," proceed to Question 121.***
***If you answered "No," proceed to Question 122.***

121.    Please state the amount (if any) that South Carolina proved, by a preponderance of the evidence, will fairly compensate residents in its specific State for any harm to those State residents because of Ticketmaster's alleged anticompetitive conduct that occurred after May 23, 2020.  You may not award damages caused by any alleged anticompetitive conduct that occurred before May 23, 2020.

$_____

***Proceed to Question 122.***

**Tennessee Trade Practices Act**

~~18. If you answered "Yes" to Questions 3 or 5 in this Section ("State Law Claims"), please state the amount of monetary recovery that individuals outside of California are entitled to recover for violation of the California Unfair Competition Law for any States where you did not include a dollar amount in response to Question 15 in this Section ("State Law Claims").~~

122.    Has Tennessee proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct after April 23, 2024 that harmed competition in its State?

Yes _____    No _____

***If you answered "Yes," proceed to Question 123.***
***If you answered "No," proceed to Question 124.***

123.    Has Tennessee proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct after April 23, 2024 in violation of the Tennessee Trade Practices Act?

$_____Yes _____        No_____

*Proceed to Question 124.*

124.    Has Tennessee proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct after April 23, 2024 that harmed competition in its State?
Yes_____        No_____
*If you answered "Yes," proceed to Question 125.*
*If you answered "No," proceed to Question 126.*

125.    Has Tennessee proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct after April 23, 2024 in violation of the Tennessee Trade Practices Act?
Yes_____        No_____
*Proceed to Question 126.*

**Indiana Antitrust Act**

126.    Has Indiana proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct after July 1, 2023 that harmed competition in its State?
Yes_____        No_____
*If you answered "Yes," proceed to Question 127.*
*If you answered "No," proceed to Question 128.*

127.    Has Indiana proven, by a preponderance of the evidence, that Ticketmaster engaged in unlawful conduct after July 1, 2023 in violation of the Indiana Antitrust Act?
Yes_____        No_____
*Proceed to Question 128.*

128.    Has Indiana proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct after July 1, 2023 that harmed competition in its State?
Yes_____        No_____
*If you answered "Yes," proceed to Question 129.*
*If you answered "No," your form is complete.*

129.    Has Indiana proven, by a preponderance of the evidence, that Live Nation engaged in unlawful conduct after July 1, 2023 in violation of the Indiana Antitrust Act?
Yes_____        No_____


Your deliberations are now complete. Sign this verdict form and notify the clerk that your deliberations are complete.

DATED:_____

FOREPERSON SIGNATURE:_____

27

**Plaintiffs' Authority:** *US Airways, Inc. v. Sabre Holdings Corp.*, Verdict Form, 1:11-cv-02725-LGS; ECF No. 1208 (S.D.N.Y. May 19, 2022); *Epic Games, Inc. v. Google LLC et al.*, Verdict Form, 3:20cv5671, ECF No. 606 (N.D. Cal. Dec. 11, 2023).

**Plaintiffs' Position:** Plaintiffs and Defendants are both proposing a general verdict form pursuant to Fed. R. Civ. P. 49(b). Plaintiffs have proposed a straightforward verdict form, based on the cited authorities, in an effort to present claims in clear terms jurors will understand. Defendants' proposed verdict form is extremely long, repetitive, and complicated, likely leading to confusion by the jury. Defendants' proposed verdict form also purposefully renames allegations made by Plaintiffs, misstates the elements of claims, and mischaracterizes others.

**Defendants' Authority:** *Tevra Brands LLC v. Bayer Healthcare LLC*, No. 5:19-cv-4312, ECF No. 485 (N.D. Cal. Aug. 1, 2024); *Pacific Surf Designs, Inc. v. WhiteWater West Industries, Ltd.*, No. 3:20-cv-1464, ECF No. 313 (S.D. Cal. Aug. 28, 2023).

**Defendants' Argument:**

Defendants object to Plaintiffs' proposed verdict form, which fails to enumerate each claim's elements that Plaintiffs must satisfy. It is commonplace in antitrust cases, to enumerate claims' elements. *See, e.g.*, *Tevra Brands LLC v. Bayer Healthcare LLC*, No. 5:19-cv-4312, ECF No. 485 (N.D. Cal. Aug. 1, 2024); *Pacific Surf Designs, Inc. v. WhiteWater West Industries, Ltd.*, No. 3:20-cv-1464, ECF No. 313 (S.D. Cal. Aug. 28, 2023); *Deutscher Tennis Bund v. ATP Tour Inc.*, No. 1:07-cv-178, ECF No. 195 (D. Del. Aug. 5, 2008). And courts have long recognized that doing so facilitates "review, uniformity, and possibly postverdict judgments as a matter of law," *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 39 n.8 (1997), as well as "the process of appellate review," *United States v. Poehlman*, 217 F.3d 692, 698 n.7 (9th Cir. 2000). Plaintiffs' form elides the numerous complex inquiries jurors must make in this case on each claim, and that obfuscation is compounded by their proposed jury instructions, which do not even set out market definition and anticompetitive effects as elements of monopolization. Together with their jury instructions, Plaintiffs' verdict form creates a situation where jurors might miss the market definition and anticompetitive effects inquiries entirely, thus severely prejudicing Defendants.

Defendants also object to Plaintiffs' proposed verdict form because it does not require the jury to separately determine Live Nation's and Ticketmaster's liability. As Defendants explained in their jury instruction argument on this issue, a parent corporation and its subsidiary are legally distinct entities and cannot be held liable for the acts of each other absent narrow circumstances neither present nor alleged here. *See* Joint Proposed Jury Instructions, Defendants' Argument on Preliminary Instruction No. 10 (Summary of Contentions); *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 26 (2d Cir. 1993).