Exhibit  20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA et al.,

   *Plaintiffs*,

          v.                              Civil No. 1:24–cv–03973-AS

LIVE NATION ENTERTAINMENT, INC.,
and TICKETMASTER L.L.C.,

   *Defendants*.

<u>**Juror Questionnaire**</u>

Jury service is a vital right and obligation of American citizenship and we could not provide jury trials to our community without your service. Thank you for being willing to serve as a juror!

You are being called for jury duty in a courtroom that normally meets for trial Monday through Friday, from 9:00 am until 3:00 pm with one short break from approximately 11:30 a.m. to noon. The case is expected to be heard from March 2, 2026, through April 10, 2026. No court will be held on the following days during this period: [ **list any dark days** ].

If there is any reason why you believe serving on this jury would pose an undue and extreme hardship on you personally, this is your opportunity to let the Court know.

If the Court finds your situation meets the strict criteria for hardship under the law, you will be excused, and the Court may choose to defer your jury service or dismiss you from service for this calendar year. The Court may request proof or may ask you to come to court as part of the general jury pool to engage in further questioning.

Serving on a jury requires sacrifices and rescheduling for everyone, so merely being inconvenienced by jury service does not qualify you for a hardship exemption. The law recognizes a limited number of circumstances under which the Court may release you for hardship, which include:

- Serving would be an extreme financial burden that would compromise you or your household's financial stability.
- You are a full-time student and serving would mean missing classwork that cannot be made up and would impact your ability to complete your studies.
- You have no reasonable means of transportation to the court.
- You would routinely be required to travel more than one and one-half hours each way between home and court.
- You have critical medical appointments that cannot be rescheduled.

- You have prepaid personal vacation plans that you made before receiving your jury summons and that cannot be changed.
- You have a physical or mental disability that makes service an extreme burden.
- Your services are required for public protection and alternate arrangements are impossible or would substantially reduce essential public services.
- You are the primary caretaker for someone who is a dependent and there are no feasible means of providing alternate care.
- You cannot read English or have difficulty communicating in English.

2

Juror #_____        Juror Name: _____

**1.  Are you claiming a hardship in this case?**

____ Yes                    ____ No

**2.  Please indicate the basis or bases for your hardship claim.**

____ Extreme Financial Hardship          ____ Disability

____ Medical Reason                      ____ English / Language

____ Full-time Student                   ____ Other (explain below in Question 3)

____ Prepaid Vacation Plans

____ Transportation Challenges

____ Caretaker

**3.  Please explain in more detail the specifics of your situation and any other information you think may help the Court evaluate your request. If you have documents that support your claim, such as a doctor's note or copies of pre-paid tickets, you may include that in your response. You may be required to provide proof to the Court.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**4.  Have you ever purchases a ticket using Ticketmaster?**

____ Yes                  ____ No

*I swear that all the foregoing is true and correct.*

SIGNATURE AND DATE:

_____

| Deleted: _____ |

| Deleted: _____ ¶ |
| _____ ¶ |
| _____ ¶ |
| _____ ¶ |
| _____ ¶ |
| _____ ¶ |
| _____ ¶ |

3

**Defendants' Position**

If the Court is not inclined to issue Defendants' supplemental questionnaire, then Defendants' version of the hardship questionnaire should be used. Defendants' version of the hardship questionnaire includes a question from the supplemental questionnaire ("Have you ever purchased a ticket using Ticketmaster?") that is a critical screen for bias. To avoid prejudice to Defendants, it is necessary that jurors' decision-making is not driven by a desire to award damages to themselves or persons they know. *See Tumey v. Ohio*, 273 U.S. 510, 522 (1927) (explaining decisionmakers should not have an "interest in the controversy to be decided"); *United States v. Delatorre*, 572 F. Supp. 2d 967, 989 (N.D. Ill. 2008) (juror bias is presumed where juror "has a financial interest in the outcome of the case"). If Plaintiff States object to making clear to jurors that they are not deciding their own damages, Defendants object to including any person on the jury who purchased a concert ticket from Ticketmaster. Such persons may think that they are deciding their own damages, raising the possibility of severe bias against Defendants. Defendants' question about whether potential jurors have purchased tickets using Ticketmaster is thus of critical importance to understand which potential jurors could be subject to this severe bias against Defendants.

4