February 14, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS
      **Letter-Motion to Compel Plaintiffs To Narrow Their Trial Witness List**

Dear Judge Subramanian:

Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Defendants") respectfully request an order compelling Plaintiffs to immediately narrow their trial witness list. *See* ECF No. 1031-3 (Plaintiffs' Trial Witness List). Though we are just weeks away from trial, Plaintiffs included **over 60 witnesses** on their "final" witness list—a number that is facially implausible given the trial schedule and amount of time allotted to each party. Despite repeated good-faith efforts by Defendants to negotiate a process for the parties to identify a reasonable number of potential witnesses, Plaintiffs have refused to meaningfully narrow their list, thereby prejudicing Defendants' ability to adequately prepare for trial.

**Relevant Background**

On January 6, 2026, pursuant to the parties' agreement, the parties exchanged preliminary "may call" witness lists. Plaintiffs' preliminary list included 67 "live" witnesses and eight witnesses to be called by deposition designation. On January 13, 2026, Defendants served their objections to Plaintiffs' witness list, noting that the Court's trial schedule of approximately five hours per day would provide each side with less than 50 hours of total trial time. Defendants pointed out that Plaintiffs would be unable to call anywhere near 67 live witnesses in that amount of time and requested that Plaintiffs identify a more realistic list of live witnesses by January 26, 2026. Defendants also requested a lead trial counsel meet-and-confer to discuss the issue if Plaintiffs did not agree.

On January 20, 2026, the parties had a lead trial counsel conference, during which Defendants reiterated their objections and proposed an iterative process to narrow the parties' witness lists in advance of the final exchange. Specifically, Defendants proposed a staggered exchange whereby Plaintiffs would first provide a narrowed list, after which Defendants would narrow their list in response, and the parties would continue this process before submitting their final will-call lists with the Joint Pretrial Order. Defendants' proposal was designed to allow the parties to prepare efficiently for trial by identifying which witnesses would realistically be called as part of each side's case-in-chief.

Plaintiffs rejected Defendants' proposed process. Instead, Plaintiffs insisted on a simultaneous exchange of witness lists. The parties ultimately compromised on (1) a simultaneous

exchange of narrowed witness lists on February 5, 2026, and (2) a simultaneous exchange of final, "will-call" witness lists on February 12, 2026.

On February 5, 2026, the parties exchanged narrowed witness lists. Plaintiffs made minimal changes to their list, removing only seven witnesses, and changing eight witnesses from "Live" to "Designation." On February 12, 2026, the parties exchanged final, "will-call" witness lists. While Plaintiffs removed one witness from their list, they added another,[1] for a total of 52 "Live" witnesses and 16 "Designation" witnesses. *See* ECF No. 1031-3. On the morning of February 13, 2026, Defendants requested that Plaintiffs provide a revised witness list for inclusion in the joint pretrial order that reflects Plaintiffs' actual, good-faith trial plan. Plaintiffs declined to do so. Plaintiffs' final list thus continues to include an entirely unrealistic number of witnesses.

### The Court Should Require Plaintiffs To Narrow Their Overbroad Witness List

This Court should "never tolerate" the use of witness lists "for the strategic purpose of impeding an adversary's trial preparation." *United States v. Int'l Bus. Machines Corp.*, 79 F.R.D. 15, 17 (S.D.N.Y. 1978). Parties have an obligation to "provide both to [their adversaries] and to the court current, good faith expressions of the persons to be called as witnesses." *Id.* Plaintiffs have failed to provide such a "good faith expression[]." *Id.*; *see also In re 650 Fifth Ave. & Related Props.*, 2013 WL 12183225, at *2 (S.D.N.Y. June 5, 2013) (United States government provided a list of 59 potential trial witnesses; the court described the list as "overly broad" and ordered the government to "determine if the Government is likely to call these people" and to submit a "revised list"). By maintaining an implausibly large witness list, Plaintiffs have made it impossible for Defendants to predict what case Plaintiffs will present at trial, thus impeding Defendants' ability to develop their trial strategy and adequately prepare their defense.

Defendants have made good-faith efforts throughout this pretrial process to identify a workable approach for both parties to narrow their witness lists. Defendants promptly objected to the implausibly large number of witnesses on Plaintiffs' list and proposed an iterative narrowing process that would have allowed each side to make informed decisions about which witnesses to include on its final witness list. Plaintiffs refused Defendants' suggestion, and have refused to meaningfully narrow their witness list. Indeed, simple arithmetic shows that Plaintiffs cannot possibly call all of their designated witnesses. The Court has stated its expectation that trial in this matter would last four weeks. Given the Court's trial schedule of approximately five hours of trial time per day, and accounting for jury selection, each side will have less than 50 hours of total trial time. Assuming Plaintiffs use half of that time to cross-examine Defendants' witnesses and the remainder for their case-in-chief, Plaintiffs would have a mere 25 hours for their case-in-chief. On its face, that is nowhere near enough to present testimony from more than 60 witnesses. *Cf. Mary B. v. Kovol*, 2025 WL 2159268, at *3 (D. Alaska July 30, 2025) (the purpose of the "trial witness

---

[1] The witness Plaintiffs added is Caroline Burdick, a Department of Justice employee who apparently intends to "provide foundation and explanation for certain of Plaintiffs' 1006 exhibits." ECF No. 1031-3. Plaintiffs did not disclose Ms. Burdick until February 12, 2026, and Defendants objected to this late disclosure. Defendants reserve all rights with respect to the inclusion of Ms. Burdick on Plaintiffs' witness list.

list," as opposed to the "discovery witness list," is to "narrow[] the list of witnesses identified to only those who the party *actually intends to call* at trial") (emphasis added).

The effect of Plaintiffs' approach is trial by ambush. Plaintiffs are keeping all options open while Defendants are forced to prepare blindly. This is fundamentally unfair and contrary to the purposes of pretrial disclosure requirements, which are designed to eliminate surprise and enable the parties to efficiently prepare for trial. *See Erony v. Alza Corp.*, 1996 WL 554612, at *1 (S.D.N.Y. Sept. 30, 1996) ("The purpose of a pretrial order is to avoid surprises and to permit the parties to prepare for trial."); *Avila v. Target Corp.*, 2021 WL 4311142, at *1 (E.D.N.Y. Sept. 22, 2021) ("The basic purpose of the federal rules, particularly those concerning discovery and disclosure, is to eliminate trial by ambush … and avoid … surprise.") (emphasis removed).

Plaintiffs' only response is the ironic retort that Defendants' witness list includes a similar number of witnesses. That is the point. Defendants' entire case is a response to Plaintiffs' case—Defendants must rebut the claims and evidence that Plaintiffs present. As a result, Defendants' trial preparation, including which and how many witnesses it must call, is directly dependent on understanding what case Plaintiffs actually intend to present. Plaintiffs' dogged over-listing of "will-call" witnesses has made this impossible. Because Defendants cannot know which of Plaintiffs' 60-plus witnesses will actually testify, they have had to prepare for the possibility that any one of these witnesses could be called, preventing Defendants from focusing on the witnesses who will actually appear.

Plaintiffs' witness list is not a realistic assessment of the witnesses they intend to call. It is instead an attempt to keep Defendants guessing about Plaintiffs' case until the last possible moment. This is improper. *See Int'l Bus. Machines Corp.*, 79 F.R.D. at 17. Accordingly, Defendants respectfully request that the Court require Plaintiffs to immediately narrow their trial witness list to a realistic number of witnesses consistent with the trial schedule.

*[signatures on following page]*

| | |
|---|---|
| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
| *[signature]* | *[signature]* |
| Alfred C. Pfeiffer (admitted *pro hac vice*) | Lauren A. Moskowitz |
|    *Co-Lead Trial Counsel* | Jesse M. Weiss |
| David R. Marriott | Nicole M. Peles |
|    *Co-Lead Trial Counsel* | |

LATHAM & WATKINS LLP

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

cc:      All Counsel of Record (via ECF)

CRAVATH, SWAINE & MOORE LLP

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*