February 19, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

    **Re:**    *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS

Dear Judge Subramanian:

    The Court's summary judgment ruling regarding Plaintiffs' concert promotion market definition precludes their tying claim. There can be no tying claim without a properly defined tied product market—and the Court has now ruled that the tied product market in Plaintiffs' tying claim is legally infirm. Through this letter, Defendants respectfully seek the Court's guidance regarding the appropriate mechanism to address this issue—whether by an additional motion for summary judgment, a motion *in limine*, a motion for reconsideration, or otherwise.

    Plaintiffs' tying theory identifies artists' use of large amphitheaters as the tying product and promotion services to artists performing at major concert venues as the tied product. In its February 18, 2026 Opinion and Order, the Court held that "neither the *Brown Shoe* factors nor the HMT supports a relevant antitrust market of promotion services at [major concert venues]," and on that basis dismissed "the claims based on that market." *See* ECF No. 1037 at 12.

    It is hornbook law that a tying claim requires both a "tying product" and a "tied product," and that each of these products "must be in a separate and distinct product market." *Kaufman v. Time Warner*, 836 F.3d 137, 141 (2d Cir. 2016). Accordingly, a tying claim fails when the plaintiff improperly defines the tied product market. *See, e.g.*, *Cavalleri v. Hermes Int'l*, 2025 WL 2662897, at *2–3 (N.D. Cal. Sept. 17, 2025) (dismissing tying claim *inter alia* for improperly defined tied product market); *Truck-Rail Handling, Inc. v. Burlington N. & Santa Fe Ry. Co.*, 244 F. App'x 130, 131–32 (9th Cir. 2007) (affirming summary judgment on tying claim *inter alia* because the "relevant tied market" was "unduly narrow"); *Fifth and Fifty-Fifth Residence Club Ass'n, Inc. v. Vistana Signature Experiences, Inc.*, 2018 WL 11466157, at *13 (S.D.N.Y. Sept. 28, 2018) (dismissing tying claim because of "Plaintiff's failure to adequately define a relevant, plausible tied product market"); *Town Sound and Custom Tops, Inc. v. Chrysler Motors Corp.*, 959 F.2d 468, 494 n.38 (3d Cir. 1992) (affirming summary judgment on tying claim *inter alia* on the basis that "the plaintiffs are not entitled to go to trial with their [unduly narrow] definition of the tied product market"). Here, Plaintiffs have not even contested the legal requirement to have a properly defined tied product market. To the contrary, their own proposed jury instruction on their tying claim would require the jury to find "anticompetitive effects in the market for promotion services to artists performing in major concert venues." ECF No. 1031–9 at 105 (Plaintiffs' instruction); *see also* ECF No. 1031–10 at 115 (Defendants' instruction). There is no way that a jury could permissibly make any such finding in light of the Court's rejection of that very market.

For the avoidance of doubt, there is no ambiguity that the tied product market in Plaintiffs' tying claim is the very market the Court has now rejected. At the hearing on the summary judgment motion, when the Court asked counsel to clarify the "tied market" for Plaintiffs' tying theory, Defendants explained that, as pled and briefed, the government's tied product market was the same artist-facing promotion services market at major concert venues that the government advanced in its Section 2 claims. January 23, 2026 Hearing Tr. 21:2–8. Plaintiffs agreed that "the tied market *is the same as our promotion services market*." *Id.* at 21:9–11 (emphasis added). When the Court confirmed that "[t]he tied market, then, is the same market that's at issue in the section two claims," counsel for the government responded, "Exactly." *Id.* at 21:16–20. There was certainly no suggestion that the question did not matter because the claim could proceed even without any defined tied product market.

It would be legal error to have a trial on a tying claim without a properly defined tied product market. Whatever the proper form of motion to address that dispositive obstacle to proceeding on Plaintiffs' tying claim, Defendants respectfully seek the Court's urgent attention to this issue.

*[signatures on following page]*

2

Dated: February 19, 2026

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|

<table>
<tr><td>

/s/ Andrew M. Gass

Andrew M. Gass (admitted *pro hac vice*)
Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Andrew.Gass@lw.com
Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

</td><td>

/s/ Lauren A. Moskowitz

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

</td></tr>
</table>

cc: All counsel of record (via ECF)