February 19, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS

Dear Judge Subramanian:

This letter-brief concerns another implication of the Court's summary judgment ruling regarding Plaintiffs' concert promotion market definition. If Plaintiffs have failed to show that Defendants wield market power in a properly defined concert promotion market, as the Court has now ruled, then there is no lawful basis for a jury to find that it violates the antitrust laws for Defendants to "condition" the provision of Live Nation concerts to venues on the venues' choice of Ticketmaster as their ticketing system. All of Plaintiffs' evidence of such "conditioning"—the supposed threats to venues, and so on—is thus now irrelevant as a matter of law. Defendants respectfully seek a ruling from the Court precluding the introduction of such evidence and any associated argument at the upcoming trial.

The core issue here is that "conditioning" is not illegal without market power. Plaintiffs have always recognized as much. That is why both the Amended Complaint and their expert reports take pains to contend that what is unlawful about supposed threats to venues over the loss of Live Nation "content" is precisely that Live Nation is a concert promotion *monopolist*. In their own words, the theory has been that Live Nation "***uses its monopoly power in concert promotions*** to foreclose competition in primary ticketing." Am. Compl. ¶171 (emphasis added), ECF No. 234; *see* Pls.' Expert Rebuttal Rpt. of Dr. Hill ¶304, ECF No. 695-6. In particular, Plaintiffs alleged that "Live Nation ***wields its power in concert promotions*** to fuel and drive its primary ticketing business" which purportedly "presents a Hobson's choice for major concert venues that Live Nation does not already own or otherwise control: either choose Ticketmaster as their exclusive provider of primary ticketing services and benefit from access to Live Nation concerts, or choose a rival ticketing company and risk losing access to Live Nation concerts." Am. Compl. ¶57 (emphasis added).

But absent evidence that Live Nation is *actually* a monopolist concert promoter there is no "Hobson's choice" at all. If a concert promoter who cannot, on the record of the case, be said to wield such power nevertheless seeks to "condition" content on the choice of a particular ticketing provider, there is no leverage for that power play. And it certainly would not be illegal to attempt it. Put differently, "conditioning" the provision of one service on a customer also taking another cannot be exclusionary conduct under Section 2 unless the seller wields monopoly power over the provision of the service the customer really wants.

While it has always been somewhat unclear precisely which doctrinal rubric Plaintiffs' "conditioning" claims fall under, the closest fit seems to be a "monopoly leveraging" theory.[1] But obviously there can be no leveraging of a monopoly (here, in concert promotions) to gain unfair advantage in an adjacent market (here, ticketing) without the existence of a monopoly (in concert promotions) in the first place. *See AD/SAT, Div. of Skylight, Inc. v. Associated Press*, 181 F.3d 216, 230 (2d Cir. 1999) ("[w]hatever the continued scope of monopoly leveraging claims as independent causes of action," such a theory at a minimum requires "monopoly power in one market" that the defendant uses "to foreclose competition, to gain a competitive advantage, or to destroy a competitor in another distinct market"). More broadly, there is no theory by which threatening venues with the loss of Live Nation shows can constitute exclusionary conduct with respect to Plaintiffs' *ticketing* monopolization claims if Plaintiffs have failed to show that Live Nation wields market power as a *concert promoter*. *Cf. Kaufman v. Time Warner*, 836 F.3d 137, 143 (2d. Cir. 2016) (holding that even an express tie of one product to another, beyond mere implicit conditioning, would not be unlawful absent market power in the tying product market).

That inescapable legal conclusion has sweeping implications for the upcoming trial in this case.[2] All of Plaintiffs' allegations of threats, retaliation, and the like, go to this "conditioning" theory that is now legally infirm. The Court should thus preclude evidence and argument regarding all such alleged conduct. In light of the Court's summary judgment ruling, such argument and evidence is now irrelevant and would be highly prejudicial if presented to the jury. Fed. R. Evid. 401, 402, 403.

*[signatures on following page]*

---

[1] For the avoidance of doubt, it is at best unclear whether monopoly leveraging is even a viable theory of Section 2 liability today. Multiple Circuits have held that it is not. *See, e.g.*, *Schor v. Abbott Labs.*, 457 F.3d 608, 613 (7th Cir. 2006); *Fineman v. Armstrong World Indus.*, 980 F.2d 171, 204-06 (3d Cir. 1992); *Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 547 (9th Cir. 1991); *In re Indep. Serv. Orgs. Antitrust Litig.*, 203 F.3d 1322, 1327 (Fed. Cir. 2000). The Second Circuit has recognized that "uncertainty exists" as to the continued viability of such a theory. *See Virgin Atl. Airways Ltd. v. Brit. Airways PLC*, 257 F.3d 256, 272-73 (2d Cir. 2001).

[2] Defendants will file a separate motion detailing the specific portions of Dr. Hill's opinions that should be excluded as a result of the Court's ruling.

Dated: February 19, 2026

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|

Andrew M. Gass (admitted *pro hac vice*)
Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Andrew.Gass@lw.com
Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

cc:     All Counsel of Record (via ECF)