<u>VIA ECF</u>

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

        Defendants submit this letter in response to the Court's order (ECF No. 1050) that Defendants identify additional cases or authorities with respect to its two letter briefs filed today.

**<u>Tying (*see* ECF No. 1048)</u>**

*Allen-Myland, Inc. v. Int'l Bus. Machines Corp.*, 33 F.3d 194, 200-01 (3d Cir. 1994) ("The first inquiry in any § 1 tying case … [involves] a finding that two separate product markets exist and a determination of **precisely what the tying and tied product markets are**." (emphasis added)).

*Packaging Sys., Inc. v. PRC-Desoto Int'l, Inc.*, 268 F. Supp. 3d 1071, 1083-84 (C.D. Cal. 2017) (explaining that, in a case involving a *per se* tying claim, the "complaint **must define the relevant market for both the tying product and the tied product**," listing additional cases and dismissing tying claim for failure to "adequately define the tied product market" (emphasis added)).

*Sidibe v. Sutter Health*, 4 F. Supp. 3d 1160, 1178-79 (N.D. Cal. 2013) ("[*Per se*] tying claims fail because the SAC does not plead facts showing any negative impact on competition in the tied markets.  Part of the problem is that **Plaintiffs have not defined the relevant markets** sufficiently to make such a showing.") (emphasis added).

*Coniglio v. Highwood Servs., Inc.*, 495 F.2d 1286, 1292-93 (2d Cir. 1974) (affirming summary judgment of *per se* tying claim when there was no proper definition of tied product market, or evidence of anticompetitive effects in it).

*Gonzalez v. St. Margaret's House Hous. Dev. Fund Corp.*, 880 F.2d 1514, 1516-19 (2d Cir. 1989) (listing "anticompetitive effects in the tied market" as an element of *per se* tying claim).

*E & L Consulting, Ltd. v. Doman Indus. Ltd.*, 472 F.3d 23, 31-32 (2d Cir. 2006) (affirming dismissal of tying claim for failure to define tied product market because "an antitrust defendant charged with illegal tying is entitled to some specificity as to … **the anticompetitive effects in a specified [tied] market, and the effect on the business of the plaintiff**." (emphasis added)).

Areeda & Hovenkamp, *Antitrust Law* (2024) ¶ 1702 (tying has a "very idiosyncratic per se rule"; explaining requirement of foreclosure in "the tied market"), ¶ 1722(c) (discussing Second Circuit requirement of proving anticompetitive effects in tied market for *per se* tying claims).

**Conditioning (*see* ECF No. 1049)**

Under any version of Plaintiffs' conditioning theory, the "power" that Live Nation leverages derives from the *artists* Live Nation represents.  *See, e.g.*, Hill Rpt. ¶ 426 ("**Live Nation conditions a major concert venue's access to artists promoted by Live Nation on that venue using Ticketmaster as its primary concert ticketer**.  This raises a barrier to entry and expansion for rival ticketers and helps Live Nation to maintain its substantial market power in the primary concert ticketing market." (emphasis added)), ECF No. 693-32; Defs.' Ltr. at 1, ECF No. 1049.

Monopoly leveraging

*AD/SAT, Div. of Skylight, Inc. v. Associated Press*, 181 F.3d 216, 230 (2d Cir. 1999) ("'[A] **large firm does not violate § 2 simply by reaping the competitive rewards attributable to its efficient size, nor does an integrated business offend the Sherman Act whenever one of its departments benefits from association with a division possessing a monopoly in its own market**. So long as we allow a firm to compete in several fields, we must expect it to seek the competitive advantages of its broad-based activity—more efficient production, greater ability to develop complementary products, reduced transaction costs, and so forth.  **These are gains that accrue to any integrated firm, regardless of its market share, and they cannot by themselves be considered uses of monopoly power**.'" (emphasis added) (citations omitted))

Tying

*Kaufman v. Time Warner*, 836 F.3d 137, 142-43 (2d Cir. 2016) ("**[M]arket power in the tying product**—is **essential to a would-be monopolist's coercion via tie-in. Without the leverage of market power, a seller's inefficient tie-in will fail because a rational consumer will buy the tying product from the seller's competitor**. … Hence, **without market power, there is little risk of anticompetitive harm from the seller's tie-in**." (emphasis added)).

Bundling

*LePage's Inc. v. 3M*, 324 F.3d 141, 155-56 (3d Cir. 2003) ("3M bundled its rebates for Scotch-brand tape with other products it sold in much the same way that Lilly bundled its rebates for Kefzol with Keflin and Keflex.  In both cases, **the bundled rebates reflected an exploitation of the seller's monopoly power**." (citing *SmithKline Corp. v. Eli Lilly & Co.*, 575 F.2d 1056 (3d Cir. 1978)) (emphasis added)).

"Coerced exclusive" dealing

*ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 284 (3d Cir. 2012) ("Here, the jury **found that Eaton possessed monopoly power in the HD transmissions market**, and Eaton does not contest that finding on appeal. … Although we generally 'assume that a customer will make [its] decision only on the merits,' … **a monopolist may use its power to break the competitive mechanism and deprive customers of the ability to make a meaningful choice**." (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 77 (3d Cir. 2010)) (other citations omitted) (alteration in original) (emphasis added)).

Dated:  February 19, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_____

Andrew M. Gass (admitted *pro hac vice*)
Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Andrew.Gass@lw.com
Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

_____

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc: All counsel of record (via ECF)