**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA, et al.,

Plaintiffs,

v.

LIVE NATION ENTERTAINMENT, INC., and

TICKETMASTER L.L.C.,

Case No. 1:24-cv-03973-AS

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION TO BIFURCATE TRIAL**

## TABLE OF CONTENTS

Introduction ........................................................................................................... 1

Background ............................................................................................................ 2

Legal Standards ..................................................................................................... 3

Argument .............................................................................................................. 4

    I.       Bifurcating Plaintiff States' and the United States' Claims Would Be Inefficient and Contrary to Both the Sherman Act and the Court's Prior Ruling on Bifurcation ........ 4

    II.      The Current Trial Structure Efficiently Adjudicates the Remaining State-Law Claims ................................................................................................. 7

    III.    Trying All of Plaintiffs' Claims Together Would Not Create Prejudice or Jury Confusion ............................................................................................ 8

    IV.    Bifurcating Plaintiff States' and the United States' Claims Would Not Lessen or Eliminate the Prejudice or Jury Confusion Defendants Posit ................................... 11

Conclusion .......................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Appel v. Wolf,*
    2023 WL 5955184 (S.D. Cal. Sept. 12, 2023)........................................................ 11

*Associated Press v. United States,*
    326 U.S. 1 (1945)........................................................................................ 6

*Bulgari v. Bulgari,*
    2025 WL 1569702 (S.D.N.Y. June 3, 2025) ........................................... 5

*Crown Cork & Seal Co. v. Credit Suisse First Bos. Corp.,*
    288 F.R.D. 335 (S.D.N.Y. 2013)............................................................ 11

*Dallas v. Goldberg,*
    143 F. Supp. 2d 312 (S.D.N.Y. 2001) ..................................................... 4

*Farghaly v. Potamkin Cadillac-Buick-Chevrolet-Geo, Ltd.,*
    2021 WL 4267656 (S.D.N.Y. Sept. 20, 2021)........................................ 3

*Ia. Pub. Emps.' Retir. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.,*
    340 F. Supp. 3d 285 (S.D.N.Y. 2018) ..................................................... 8

*In re Google Play Store Antitrust Litig.,*
    147 F.4th 917 (9th Cir. 2025) .................................................................. 4

*Johnson v. Holder,*
    564 F.3d 95 (2d Cir. 2009) ...................................................................... 5

*Litton Sys., Inc. v. AT&T Co.,*
    700 F.2d 785 (2d Cir. 1983) .................................................................. 10

*Morgan v. Ponder,*
    892 F.2d 1355 (8th Cir. 1989). ............................................................. 10

*Norwood v. Child. & Youth Servs., Inc.,*
    2012 WL 12882757 (C.D. Cal. July 27, 2012)...................................... 11

*Perttu v. Richards,*
    605 U.S. 460 (2025).............................................................................. 4, 5

*Sir Speedy, Inc. v. L & P Graphics, Inc.,*
    957 F.2d 1033 (2d Cir. 1992) .................................................................. 3

*Taylor v. Sturgell*,
  553 U.S. 880 (2008)................................................................................................ 6

*Texas v. Penguin Grp. (USA), Inc.*,
  2013 WL 1759567 (S.D.N.Y. Apr. 24, 2013) ........................................................ 5

*Town of Concord, Mass. v. Bos. Edison Co.*,
  915 F.2d 17 (1st Cir. 1990).................................................................................. 10

*U.S. Football League v. NFL*,
  842 F.2d 1335 (2d Cir. 1988) .............................................................................. 10

*United States v. Agri Stats, Inc.*,
  2024 WL 3061570 (D. Minn. May 17, 2024)......................................................... 5

*United States v. Google LLC*,
  803 F. Supp. 3d 18 (D.D.C. 2025) ......................................................................... 9

*United States v. Microsoft Corp.*,
  253 F.3d 34 (D.C. Cir. 2001)............................................................................. 6, 9

*US Airways, Inc. v. Sabre Holdings Corp.*,
  938 F.3d 43 (2d Cir. 2019) .................................................................................... 8

*Viamedia, Inc. v. Comcast Corp.*,
  951 F.3d 429 (7th Cir. 2020) ............................................................................... 10

*Vichare v. AMBAC Inc.*,
  106 F.3d 457 (2d Cir. 1996) ......................................................................... 5, 6, 12

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
  395 U.S. 100 (1969)................................................................................................ 8

## Statutes

15 U.S.C. § 4.............................................................................................................. 5

## Other Sources

Herbert Hovenkamp, *Antitrust Harm And Causation,*
  99 Wash. U. L. Rev. 787, 840-41 (2021)............................................................... 9

## Rules

Fed. R. Civ. P. 42(b) ................................................................................................. 3

## INTRODUCTION

Defendants' eleventh-hour[1] bifurcation motion should be denied because the bifurcation it proposes would create waste and prejudice for no good reason. Requiring the Plaintiff States' claims to be tried separately from overlapping and factually intertwined claims brought by the United States would require duplicating the weeks-long trial, reintroducing a common set of documents, and recalling dozens of witnesses to resolve common factual and legal questions. Doing so would not only waste time and scarce judicial resources but would needlessly compartmentalize a case challenging the same course of anticompetitive conduct and would delay resolution of the United States' antitrust enforcement action to which Congress has granted statutory priority. The Court should follow the strong inclination it expressed at yesterday's conference to deny this last-minute, improper, and unwarranted restructuring of trial. The current trial structure maximizes efficiency and appropriately balances the interests at stake. And notwithstanding that certain state-law claims do not rise and fall with Plaintiffs' Sherman Act claims, trying the state-law claims will require no additional evidence directed toward markets dismissed by the Court in its summary judgment opinion.

At bottom, Defendants posit a non-existent problem that their requested relief would not solve. Their motion proceeds from the premise that Plaintiff States' damages and civil penalties claims must rely on a narrower scope of evidence and a higher standard of proof than Plaintiffs' claims seeking injunctive relief. That premise is incorrect because it confuses the scope of limitations periods with the scope of admissible evidence, and it misstates the elements of Plaintiffs' claims. But even if that premise were correct, Defendants' request to try "only the

---

[1] In their rush to file the present motion, Defendants failed to meet and confer with Plaintiffs, merely providing a few hours' notice that they intended to file.

States' claims . . . to the jury," ECF No. 1035 at 10, would not cure anything because Plaintiff

States bring claims for both (i) damages and civil penalties and (ii) injunctive relief, all of which

rely on a common body of evidence, as the Court previously recognized when it ordered a single

trial on liability for all Plaintiffs and all claims.

## BACKGROUND

As the Court is aware, this is not the first motion to bifurcate filed in this case. In April

2025, Plaintiffs previously filed a motion to bifurcate trial into two phases: i) a jury trial on

liability for all of Plaintiffs' claims, and ii) a bench trial on monetary relief (including damages)

and equitable relief. *See* ECF No. 528. Plaintiffs explained how Defendants' proposed alternative

of splitting Plaintiffs and claims across multiple liability trials would be unreasonable,

inefficient, and impractical. *Id.* at 20–22. At a May 2, 2025, hearing, the Court granted in part

and denied in part Plaintiffs' motion, bifurcating trial into two phases: i) a jury trial on liability as

to all of Plaintiffs' claims as well as certain State Plaintiffs' request for damages, and ii) a bench

trial on equitable remedies. *See* Hr'g Tr. 21:23–22:11 (May 2, 2025); ECF No. 538. The Court

modified Plaintiffs' proposal, shifting damages to the initial jury trial phase "[f]or the reasons

that [Defense counsel] articulated," Hr'g Tr. 22:5–11, after Defendants contended presenting

damages together with liability before the jury would be most consistent with principles of

"efficiency and fairness," *id*. at 16:6–17:7 ("their proof of damages, is a fundamental part of their

liability case").

Defendants' newfound position advanced in its current bifurcation motion purportedly

stems from concerns raised in (i) its recently filed motion *in limine* and (ii) two of the parties'

proposed jury instructions. On February 18, Plaintiffs responded to Defendants' motion to

preclude all "Plaintiffs from introducing evidence or argument concerning alleged exclusionary

conduct that occurred before May 23, 2020." ECF No. 1019 at 12. In their opposition, Plaintiffs

explained any statute of limitations is limited to Plaintiff States' damages claims (only *some* claims, by *some* Plaintiff States, for *some* markets), and in any event, is not an evidentiary bar to the admission of otherwise relevant evidence. *See* ECF No. 1041 at 11–13.[2]

With respect to jury instructions, both parties have proposed separate instructions that address causation for liability and causation for damages. *See* ECF No. 1031-11 (Pls.' Redline over Defs.' Proposed Instructions), Post-Instruction Nos. 16, 35 at 108–11, 197–99. And both parties posed separate questions on these issues in their proposed verdict forms. *See* ECF No. 1031-13, 1031-14. While the parties appear to now dispute the relevant causation standard for liability,[3] the parties largely agree on how to instruct the jury on the separate question of causation for damages. *See* ECF No. 1031-11, Post-Instruction No. 35 at 197–99.

## LEGAL STANDARDS

The Court may bifurcate proceedings, *i.e.*, "order a separate trial of one or more separate issues, claims," etc., "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). However, "bifurcated trials are generally disfavored and remain the exception rather than the rule." *Farghaly v. Potamkin Cadillac-Buick-Chevrolet-Geo, Ltd.*, 2021 WL 4267656, at *1 (S.D.N.Y. Sept. 20, 2021). Moreover, when "the merits of a claim that falls under the Seventh Amendment" is "intertwined" with other claims, the "usual practice" is for those

---

[2] While Defendants' bifurcation motion invokes laches, ECF No. 1035 at 3, Defendants' motion *in limine* does not, and outside of a passing reference to laches in their Answer, ECF No. 498 at 89, Defendants have never pressed a laches defense in this case. In any event, like statutes of limitations, laches is not an evidentiary rule. *Cf. Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992) (reversing exclusion of evidence based on statute of limitations because "[a] suggestion that the evidence is too old goes to its relevance and to its weight. Any question as to the weight to be accorded a relevant document is a matter for the jury.").

[3] Plaintiffs provided Defendants their proposed instructions on January 9, 2026. Defendants did not raise any concerns that the proposed instructions would justify bifurcation until February 13, when they filed their arguments on the proposed jury instructions.

claims to be tried together to a jury. *Perttu v. Richards*, 605 U.S. 460, 470–71 (2025); *accord In re Google Play Store Antitrust Litig.*, 147 F.4th 917, 940 (9th Cir. 2025) ("*Epic*") (affirming denial of bifurcation when issues "overlapped and intertwined extensively"). "The party seeking bifurcation"—here, Defendants—"bears the burden of establishing that bifurcation is warranted." *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001).

In determining whether bifurcation is appropriate, courts consider many factors: "(1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted." *Id*.

## ARGUMENT

### I. Bifurcating Plaintiff States' and the United States' Claims Would Be Inefficient and Contrary to Both the Sherman Act and the Court's Prior Ruling on Bifurcation

Bifurcating Plaintiff States' claims and the United States' claims would be inappropriate because those claims overlap and are extensively intertwined. *See*, *e.g.*, *Epic*, 147 F.4th at 940. Plaintiff States have both legal and equitable claims arising under both federal and state law, while the United States has only equitable claims arising under federal law. As Plaintiffs previously explained, there is extensive overlap between Plaintiffs' legal and equitable claims. *See* ECF No. 528 at 15–19. Because of that intertwinement and the Court's concern for fairness and efficiency, the Court already denied bifurcation of liability from damages and ordered that all liability and damages issues would be tried together to a jury. ECF No. 538; Hr'g Tr. at 22:5–

11 (May 2, 2025). That ruling, which is the law of the case,[4] accords with precedent holding that when, as here, two sets of claims or issues are "intertwined," such that much of the same evidence would need to be presented as to both, bifurcation is usually not warranted. *See*, *e.g.*, *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466–67 (2d Cir. 1996); *see also Perttu*, 605 U.S. at 470 (affirming "usual practice" to resolve in a single jury trial any "factual dispute [that] is intertwined with the merits of a claim that falls under the Seventh Amendment").

The intertwinement is even more stark as between Plaintiff States' claims and the United States' claims because all the United States' claims—seeking equitable relief under the Sherman Act—are *identical* to claims advanced by the Plaintiff States. Thus, granting Defendants' bifurcation request would require trying the exact same claims twice, which would be an enormous waste of time and judicial resources. *See*, *e.g.*, *Bulgari v. Bulgari*, 2025 WL 1569702, at *2 (S.D.N.Y. June 3, 2025) (denying bifurcation due to "legal and factual overlap" that "would result in the presentation of duplicative evidence in two separate trials").

Defendants' bifurcation proposal to try Plaintiff States' claims before those of the United States would also be contrary to Section 4 of the Sherman Act, 15 U.S.C. § 4, which gives "statutory priority" to federal antitrust enforcement actions over other types of antitrust suits. *See Texas v. Penguin Grp. (USA), Inc.*, 2013 WL 1759567 at *2 (S.D.N.Y. Apr. 24, 2013); *see also United States v. Agri Stats, Inc.*, 2024 WL 3061570, at *5 (D. Minn. May 17, 2024) (denying motion to stay discovery in federal antitrust enforcement action due in part to "the primacy of antitrust enforcement actions brought by the United States").

---

[4] Defendants cite no "cogent and compelling reasons" for the Court to depart from its prior bifurcation ruling, such as "a change in controlling law or new evidence." *See Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009).

Indeed, the combination of the constitutional imperative to try Plaintiff States' legal claims (and all "common issues") to a jury and the statutory imperative to give priority to the United States' claims dooms Defendants' request to try those two sets of claims in separate and sequential trials. Only the Court's current trial structure—trying liability on all claims in a single jury trial—would avoid both the Scylla of a likely constitutional violation and the Charybdis of violating Congress's priority for federal enforcement actions. *See also* ECF No. 528 at 15–20.

Defendants' posited efficiencies from bifurcation are illusory. The premise of Defendants' bifurcation request is the (incorrect) contention that the United States' case "is based on a broader scope of evidence" than that of Plaintiff States. ECF No. 1035 at 9. But even if that were correct, Defendants' proposal would require either depriving the United States of the benefit of that "additional evidence," *id*. at 8, or having a second liability trial at which the United States could present that evidence. The first option would cause serious prejudice to the United States,[5] and the second option would require two duplicative trials (including recalling many of the same witnesses),[6] and thus both options would be contrary to the rationale for bifurcation. *See*, *e.g.*, *Vichare*, 106 F.3d at 466 ("The interests served by bifurcated trials are convenience, negation of prejudice, and judicial efficiency.").

---

[5] An antitrust remedy "should be tailored to fit the wrong creating the occasion for the remedy," *United States v. Microsoft Corp.*, 253 F.3d 34, 107 (D.C. Cir. 2001) (en banc), and thus in fashioning an antitrust decree it "is usually necessary" to have "[a] full exploration of facts," *Associated Press v. United States*, 326 U.S. 1, 22 (1945). Because a "broader scope of evidence" could support a broader remedy, it would be prejudicial to preclude the United States from relying on such evidence in establishing Defendants' liability.

[6] Defendants correctly recognize that even if they were to prevail in a separate trial limited to Plaintiff States' claims, that would not preclude the United States from trying the same claims again, based on a broader set of evidence. *See* ECF No. 1035 at 9; *cf. Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008).

II.    **The Current Trial Structure Efficiently Adjudicates the Remaining State-Law Claims**

At the February 19 conference, Defendants contended for the first time that certain state-law claims not dismissed by the Court on summary judgment would somehow add confusion and complexity to the trial. But Plaintiff States' claims brought under their own state laws will not add significant additional complexity to the trial and provide no basis for bifurcation here. As detailed in Plaintiffs' proposed jury instructions, 31 States have alleged claims under their state antitrust statutes that are either entirely congruent or substantially congruent with the Sherman Act. *See* ECF No. 1031-9 (Pls.' Proposed Jury Instructions), Post-Instruction Nos. 25, 28, 29, 31, 33. As the proposed jury instructions confirm, these claims rise and fall with the Sherman Act claims—therefore, none of these States will pursue claims based upon markets that were dismissed by the Court's summary judgment order, and the jury will have to hear only a few additional instructions directed to the substantially congruent claims.[7]

Five States—California, Florida, Nebraska, South Carolina, and Vermont—are pursuing claims under their unfair competition or consumer protection statutes instead of or in addition to their state antitrust claims. *See* ECF No. 1031-9 (Pls. Proposed Jury Instructions), Post-Instruction Nos. 26, 27, 30, 32, 33P. While these statutes do not require market definition—and thus these States will not offer evidence on market definition specifically for these claims—these States also will refrain from presenting evidence directed solely at markets on which the Court granted summary judgment, and like the other Plaintiffs, will focus on conduct affecting the

---

[7] *See* ECF No. 1031-9 (Pls.' Proposed Jury Instructions), Post-Instruction Nos. 28, 29, 31, 33. While Defendants have argued that supplemental instructions are also required for two State antitrust laws—those of Arkansas and Indiana—this does not affect whether those claims rise or fall with the Sherman Act claims, and in any event, would not add significant additional complexity to the proceeding. *See* ECF No. 1031-10 (Defs.' Proposed Jury Instructions), Post-Instruction Nos. 25D, 28D.

remaining markets. Including these state-law claims at trial will therefore not present any significant additional complexity.

## III.   Trying All of Plaintiffs' Claims Together Would Not Create Prejudice or Jury Confusion

Adjudicating liability for all of Plaintiffs' claims in a single jury trial, as the Court has already ordered, makes the most sense and would not create prejudice or jury confusion.

*First*, the fact that damages sought by some Plaintiffs are subject to a statute of limitations does not limit the evidence available to prove liability on those claims as compared to other claims. As explained in Plaintiffs' opposition to Defendant's motions *in limine*, statutes of limitations constrain the time period for which Plaintiffs can recover damages, but they do not limit the body of proof Plaintiffs can offer to establish liability for those damages. *See* ECF No. 1041 at 11–13. It has long been true that antitrust plaintiffs seeking damages can rely on "past conduct" to establish liability when such conduct "had consequences lasting well into the damage period." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 118–19 (1969).[8] Defendants' contrary position lacks legal support and would make especially little sense in a monopolization case where an overpayment typically arises not from a singular event but from the "cumulative effects" of a "campaign" of conduct that spans many years. *See id*. The same is

---

[8] *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43 (2d Cir. 2019) is not to the contrary. There, the plaintiff and defendant were counterparties to an anticompetitive contract, and the Second Circuit held that the "decision to enter the contract" was the act that "began the running of the statute of limitations," such that "each supracompetitive price charged" pursuant to the contract did not reset the limitations period. *Id*. at 68–69. Here, there is no contractual privity between Defendants and Plaintiffs (or the consumers on whose behalf Plaintiffs seek damages), and so Plaintiffs' damages claims "accrue[] at the time of injury," *i.e.*, at the time consumers paid unlawfully high fees to Defendants. *Ia. Pub. Emps.' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 340 F. Supp. 3d 285, 332 n.14 (S.D.N.Y. 2018).

true of Defendants' belated assertion of laches, which Defendants failed to raise in their motion

for summary judgment or even their motion *in limine*.

*Second*, having the jury answer distinct questions about liability and damages is neither

prejudicial nor confusing. To establish *liability* for monopolization, Plaintiffs must establish a

connection between Defendants' anticompetitive conduct and Defendants' monopoly power, *i.e.*,

the conduct must "reasonably appear[] capable of making a significant contribution to

maintaining monopoly power." *Microsoft*, 253 F.3d at 79 (cleaned up). In other words, Plaintiffs

need not "reconstruct the hypothetical marketplace absent a defendant's anticompetitive

conduct" to establish liability. *Id*. Contrary to Defendants' assertions, this standard is not limited

to "courts in the D.C. Circuit" or to cases where "the only relief sought is an injunction

terminating allegedly unlawful behavior." ECF No. 1035 at 2. Rather, the liability[9] standard set

forth in *Microsoft* has been adopted by courts across the country, including in cases brought by

private plaintiffs seeking damages. *See, e.g.*, *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 485

---

[9] In *Microsoft*, the D.C. Circuit explained that the "reasonably appear[s] capable" standard
applied to the question of "*liability*" under Section 2. *Microsoft*, 253 F.3d at 79 (emphasis in
original). That standard of liability does not change based on the form of relief sought, even
though, as Defendants recognize (ECF No. 1035 at 5 n.4), different causation standards may
apply during the later remedy phase when the Court considers different forms of proposed
remedies. For liability, as well as some remedies, evidence that the conduct "reasonably
appear[s] capable" of significant causation suffices; while other remedies may require a
heightened showing of significant causation. *See Microsoft*, 253 F.3d at 106; *see also United
States v. Google LLC*, 803 F. Supp. 3d 18, 77 (D.D.C. 2025) ("The reality is that the court did not
make factual findings with an eye towards meeting a stricter remedies causation standard—that
was not the task at hand" during the liability trial); *cf.* Herbert Hovenkamp, *Antitrust Harm And
Causation*, 99 Wash. U. L. Rev. 787, 840–41 (2021) ("Showing that an agreement restrains trade
requires adequate evidence that the agreement is of a type that realistically threatens an output
reduction and corresponding price increase. The government as enforcer needs to show that, but
it need not show actual injury. The private plaintiff must additionally show individual injury
resulting from a restraint of trade. But this is a requirement of the private action provision,
Section 4 of the Clayton Act, not of Section 1 of the Sherman Act directly").

(7th Cir. 2020); *Town of Concord, Mass. v. Bos. Edison Co.*, 915 F.2d 17, 21 (1st Cir. 1990); *Morgan v. Ponder*, 892 F.2d 1355, 1363 (8th Cir. 1989).

Separately, to recover *damages* for a monopolization violation, Plaintiffs must establish a connection between Defendants' anticompetitive conduct and the antitrust injury Plaintiffs suffered, *i.e.*, "demonstrate that [Defendants'] conduct was a substantial or materially contributing factor" in Plaintiffs' injury. *Litton Sys., Inc. v. AT&T Co.*, 700 F.2d 785, 823 n.49 (2d Cir. 1983); *accord Zenith Radio*, 395 U.S. at 114 n.9 ("It is enough that the illegality is shown to be a material cause of the injury . . . ."); *U.S. Football League v. NFL*, 842 F.2d 1335, 1377 (2d Cir. 1988) ("Plaintiffs need only show that their injury to *some* degree resulted from defendants' violation.").

These standards for establishing liability and damages are not different "burden[s] of proof," as Defendants suggest, ECF No. 1035 at 9, but are instead distinct parts of any monopolization claim that seeks damages. And, importantly for the present bifurcation motion, a jury would be instructed on both questions when adjudicating Plaintiffs' damages claims regardless of whether the Court bifurcates Plaintiff States' claims from the United States' claims. Indeed, Defendants have proposed a separate jury instruction concerning the causation standard for damages on which the parties largely agree.[10] *See* ECF No. 1031-11, Post-Instruction No. 35 at 197–99.

---

[10] The parties agree that to award damages the jury must find that Defendants' conduct was a "material cause" of fans' injuries by a preponderance of the evidence. *See* ECF No. 1031-11, Post-Instruction No. 35 at 197. The parties also agree that entitlement to a damages remedy does not require Plaintiff States to prove that Defendants' alleged antitrust violations were the "sole cause" of fans' injuries nor do the Plaintiff States need to "eliminate all other possible causes of injury." *Id.* at 198. Regardless, that causation question goes to the appropriateness of the quantified damages as a remedy; it does not create a standard of proof that conflicts with that of liability.

Moreover, even if Defendants were correct on the substance of their arguments about statutes of limitations and "burdens of proof" (they are not), they marshal no authority for relying on such distinctions to bifurcate trial here. Defendants cite no case in which a court cleaved apart two groups of intertwined claims because of differences in statutes of limitations or non-uniformity among the elements of related claims.[11] That lack of precedent should give the Court further pause before taking the drastic action Defendants request, and it is unsurprising, since as the Court noted at the February 19 conference, juries frequently are instructed to apply different standards to different issues in a single trial.

## IV.  Bifurcating Plaintiff States' and the United States' Claims Would Not Lessen or Eliminate the Prejudice or Jury Confusion Defendants Posit

Demonstrating that Defendants' motion is a solution in search of a problem, the relief it requests—trying Plaintiff States' and the United States' claims in separate trials—would not lessen or eliminate any of the purported "prejudice" or "confusion" that it posits. Only some of Plaintiff States' claims are subject to statutes of limitations, whereas others (including their claims for equitable relief under the Sherman Act) are not. Similarly, some of Plaintiff States' claims require proving damages were caused by Defendants' anticompetitive conduct, whereas others do not. Thus, the "comingling" issue undergirding Defendants' motion would exist even in a jury trial limited to Plaintiff States' claims. Although such "comingling" is not a problem that would warrant bifurcation in any event, Defendants' bifurcation request is especially

---

[11] None of the cases cited by Defendants in which bifurcation was ordered are analogous to the circumstances here. *See Crown Cork & Seal Co. v. Credit Suisse First Bos. Corp.*, 288 F.R.D. 335, 337–38 (S.D.N.Y. 2013) (bifurcating liability and apportionment of liability into phases before single jury where the burden fell on different parties and the relevant evidence was "different in nature"); *Appel v. Wolf*, 2023 WL 5955184, at *3 (S.D. Cal. Sept. 12, 2023) (bifurcating liability and punitive damages phases before single jury); *Norwood v. Child. & Youth Servs., Inc.*, 2012 WL 12882757, at *2 (C.D. Cal. July 27, 2012) (same).

unwarranted here because it would do nothing to serve the interests of "convenience, negation of prejudice, [or] judicial efficiency." *Vichare*, 106 F.3d at 466.

## CONCLUSION

For the reasons stated above, the Court should deny Defendants' motion to bifurcate.


Respectfully submitted,


 /s/ Bonny Sweeney
BONNY SWEENEY
*Co-Lead Trial Counsel*
David Dahlquist
*Co-Lead Trial Counsel*
Matthew R. Huppert
David M. Teslicko
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Bonny.Sweeney@usdoj.gov
David.Dahlquist@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email: amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Brent Nakamura
Brent Nakamura (admitted *pro hac vice*)
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Victoria Maria Orton Field
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Adam Gitlin
Adam Gitlin (admitted *pro hac vice*)
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Adam.Gitlin@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

/s/ Jesse Moore
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Noah Goerlitz
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ LeAnn D. Scott
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

*/s/ Lee Morris*
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
*Attorney for Plaintiff State of Mississippi*

*/s/ Justin C. McCully*
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

*/s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

*/s/ Zachary Frish*
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

*/s/ Andrew F. Esoldi*
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition
Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

*/s/ Evan Crocker*
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

*/s/ Jonathan H. Hatch*
Jonathan H. Hatch
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

*/s/ Francisco Benzoni*
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

*/s/ Sarah Mader*
Sarah Mader (admitted *pro hac vice)*
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

*/s/ Cameron R. Capps*
Cameron R. Capps (admitted *pro hac vice)*
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-0858
Fax: (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*

*/s/ Gina Ko*
Gina Ko (admitted *pro hac vice)*
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

*/s/ Joseph S. Betsko*
Joseph S. Betsko (admitted *pro hac vice)*
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania*

*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice)*
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

*/s/ Jared Q. Libet*
Jared Q. Libet (admitted *pro hac vice)*
Assistant Deputy Attorney General
Office of the Attorney General of South
Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South Carolina*

*/s/ Bret Leigh Nance*
Bret Leigh Nance (admitted *pro hac vice)*
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

*/s/ Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice)*
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

*/s/ Diamante Smith*
Diamante Smith (admitted *pro hac vice)*
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

/s/ Marie W.L. Martin
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

/s/ Sarah L. J. Aceves
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

/s/ David C. Smith
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

/s/ Ashley A. Locke
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

/s/ Douglas L. Davis
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

/s/ Caitlin M. Madden
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

/s/ William T. Young
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*

## Certificate of Compliance

In accordance with Local Civil Rule 7.1(c), and Rule 8(c) of this Court's Individual Practices in Civil Cases, I certify that the word count of this memorandum of law is 3,882 words, which includes footnotes but excludes the caption, any index, table of contents, table of authorities, signature blocks, or any certificates. This certificate is made in reliance on the word count of the word-processing program used to prepare the document.

*/s/ David M. Teslicko*

*Attorney for Plaintiff United States of America*

18