UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007



CHAMBERS OF
ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

February 20, 2026

Dear Counsel:

In response to the parties' joint letter concerning the matters to be addressed at the final pretrial conference, Dkt. 1036, the Court responds as follows:

**Third Party Confidentiality**

This issue is addressed briefly below, but the Court will hear from any non-parties who wish to be heard on this issue at the pretrial conference.

**Motions *in limine***

The Court may have questions about certain of these motions, but does not require full argument on them. As to the one motion filed under seal, if the Court cannot resolve it without getting into specifics, then the Court will address this at the end of the hearing, where any appropriate measures can be taken to ensure confidentiality without disrupting the hearing.

**Jury Instructions & Verdict Form**

The Court does not anticipate addressing the post-closing instructions or verdict form at the final pretrial conference.

**Voir Dire, Hardship Questionnaire & Supplemental Questionnaire**

The Court will send the parties its proposed questionnaire for the parties' consideration. The Court does not intend to provide jurors with a substantive questionnaire, but this issue can be addressed at the final pretrial conference. Otherwise, after considering the parties' submissions, the Court will send the parties its proposed voir dire questions in advance of the commencement of trial.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

**Proposed Joint Pretrial Order**

The Court will address any issues from the pretrial order that the parties wish to discuss. However, the Court notes as follows:

    **III**: The dispute concerning supplemental jurisdiction is irrelevant as all federal claims have not been dismissed.

    **V.1**: Trial will end at 3:00 pm each day, with the possibility of extending to 4:00 pm.

    **V.5**: The court will address this in connection with motion to bifurcate.

    **X.B.9**: There should not, at this point, be any may-call witness lists. Only will-call lists, and so to the extent a witness is not on a party's own list, they may only call a witness on the opposing side's will-call list.

    **X.B.15**: Each side should present in their case-in-chief the evidence it wants to present. That may be comprised of a witness's live testimony, designated deposition testimony, or a combination of the two (if it is consistent with Fed. R. Civ. P. 32 and any applicable rule of evidence). However, plaintiffs should call the witnesses they want to call; they will not be afforded the opportunity to reopen their case just because Live Nation didn't call a witness that plaintiffs expected. Further, witnesses should, absent compelling reasons, be called only once. So if plaintiffs call a Live Nation witness adverse in their case-in-chief, then Live Nation should be prepared to address what would be their direct examination of that witness at that juncture (with the time being allocated appropriately).

    **X.B.18**: Live Nation's position is adopted as Rule 615(a) does not apply to opening statements.

    **X.B.19**: The parties may raise this issue at the hearing, but absent compelling need, experts should be presented once.

    **XI.C.26**: Plaintiffs' position is adopted.

    **XII.B.32, 34, 35**: The parties should meet and confer in good faith on objections, starting now. If the logjam hasn't broken by the time of the pretrial conference, the Court will consider requiring co-lead counsel to personally review and certify that objections are made in good faith, and to join any meet-and-confers from then on concerning exhibit objections. The Court assumes everyone is acting in good faith, and that neither side has tagged every exhibit with boilerplate objections, foisting the burden on the other side to prove up

relevance in advance of trial for every single document. Everyone understands the factual and legal issues in this case, and while there may be legitimate objections or questions as to some, or even many, exhibits, the parties should be reasonable and work together to narrow what is in dispute. No games from either side, please. Potential penalties for any demonstrated bad-faith conduct may include a reduction in that side's trial time, or overruling of all pending objections asserted by that side.

**XII.B.33, 36**: Addressed below, but "charts and graphics consisting of expert calculation or analysis not contained in any report" would not seem to be admissible under any applicable rule of evidence. Of course, the Court will take these up on a case-by-case basis if need be. It may be that these "charts and graphics" would be the proper subject of a Rule 107 illustrative aid, which is not evidence.

**XV.51, 52**: This is acceptable to the Court. The documents will be redacted (shown to the gallery in redacted form) or sealed (not shown to the gallery) but will be shown in unredacted form to the parties, the Court, and the jury. Absent exceptional circumstances, the Court will **not** seal the courtroom.

**XV.54**: Live Nation's position is adopted.

**XV.60**: As noted above, the Court will hear from any non-parties who wish to be heard, but the parties' proposal in paragraph 52 appears fair and reasonable.

### Treatment of Non-Party Witnesses as Hostile Witnesses

In advance of a third-party witness being called that a party fairly deems to be adverse to its position, the party should seek permission to treat that witness as hostile, either during a break or in a sidebar (or if the parties have agreed that the witness may be treated as hostile, the parties can so inform the Court).

### Confidentiality Categories

Addressed above, and may be further addressed at the pretrial conference.

### Number of Jurors to Be Selected

The Court plans to seat 12 jurors. The Court will check with the jury office to ensure that enough jurors are brought in for jury selection to accommodate the selection of that number.

### Defendants' Proposed 1006 Exhibits

The Court will address this at the conference. In general terms, a proper Fed. R. Evid. 1006 summary should be non-argumentative, non-evaluative, and non-interpretative. It should not include any expert opinions. It should be a "summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court." The parties should pay attention to the distinction between Rule 1006 summaries, which are evidence, and Rule 107 illustrative aids, which are not.

### Objection to the Parties' Evidence

The parties should meet and confer in good faith to narrow their disputes. The Court will address any categories of objections that a party wishes to raise at the pretrial conference.

### Raising Legal Issues During Trial

To the extent there are any legal issues to be addressed during trial—unresolved objections to evidence, objections to demonstratives, motions to preclude testimony—the parties must meet and confer in good faith and raise the issues with the Court by 8:00 pm the evening before the issue will arise or the document will be used.

### Production of Party Officer for Live Video Examination

The parties may raise this at the hearing, but the Court hopes that the parties can work this out. The Court generally does not permit witnesses to testify via video. So while the parties may come to such an agreement concerning such testimony, if the parties can't resolve the issue, the Court will take the issue up at the pretrial conference. If the Court determines that the witness should testify, and that there is no legal limitation in the witness appearing in court, the Court will order as such.

### Plaintiffs' Ability to Recall Witnesses in Rebuttal Case

The parties may raise this issue at the hearing, but there should be a compelling need to recall a witness in plaintiffs' rebuttal case.

### Corporate Representative

Prior to the pretrial conference, Live Nation should disclose to the plaintiffs who its corporate representative at trial will be. The Court will address that individual's access to confidential information at the pretrial conference.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

**Motion to Bifurcate Trial**

As addressed at the February 18, 2026 hearing, the Court will address this motion either before or during the pretrial conference.

**Hard Copies of Exhibits for Jurors**

Hard copies for jurors are unnecessary, assuming that the parties will be presenting their evidence electronically. For purposes of jury deliberation, the Court will ask the parties to prepare a clean laptop with all of the admitted exhibits in the case for the jurors to use.

Sincerely,

Arun Subramanian
United States District Judge
Southern District of New York