February 21, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:** *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS

Dear Judge Subramanian:

      This Court's February 18 Summary Judgement Order (ECF 1037) dismissed claims from Plaintiffs' amended complaint related to two promotions markets, but held that all remaining claims would proceed to a jury trial as scheduled. Defendants hastily filed letter motions attempt to dramatically expand the Court's ruling, urging dismissal of tying claims (ECF 1048) this Court already ruled should proceed to trial and exclusion of all evidence related to conditioning (ECF 1049). These arguments ignore the Court's repeated rulings regarding the tying claims and its conclusion that Plaintiffs' claims independently involve relevant evidence related to Defendants' illegal conditioning.

**<u>Defendants' Tying is Per Se Illegal</u>**

      Plaintiffs allege a *per se* tying claim. The Court was correct when it stated in its summary judgment opinion that "true illegal tying is inherently linked with anticompetitive effects." SJ Op. at 32-33 (citing *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 12-13 (1984)). *See also Hill v. A-T-O, Inc.*, 535 F.2d 1349, 1353 (2d Cir. 1976); *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 463 (1992) (denying summary judgment on tying claim where the "record indicates that Kodak would sell parts to third parties only if they agreed not to buy service from ISO's"). This makes sense because illegal tying arrangements "serve hardly any purpose beyond the suppression of competition"—largely because they force buyers to "forego their free choice between competing products." *Northern Pac. Ry. Co. v. United States*, 356 U.S. 1, 6–7 (1958). Thus, although some Second Circuit cases such as *Gonzalez v. St. Margaret's House Hous. Dev. Fund Corp.*, 880 F.2d 1514 (2d Cir. 1989) and *Kaufman v. Time Warner*, 836 F.3d 137 (2d Cir. 2016) identify an "anticompetitive effects" requirement, that requirement is satisfied in a per se tying claim when the four per se elements described in *Jefferson Parish* are established.

      Other Second Circuit decisions analyzing per se illegal tying have omitted the phrase "anticompetitive effects" entirely when describing the elements of a per se unlawful tie: "(1) the tying arrangement affects a substantial amount of interstate commerce; (2) the two products are distinct; (3) the defendant actually tied the sale of the two products; and (4) the seller has appreciable market power in the tying market." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 133 n. 5 (2d Cir. 2001), *overruled on other grounds In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006); *accord United States v. IBM Corp.*, 163 F.3d 737, 741 (2d

Cir. 1998); *Park Irmat Drug Corp. v. Optumrx, Inc.*, 152 F. Supp. 3d 127, 139 (S.D.N.Y. 2016); Areeda & Hovenkamp, Antitrust Law ¶ 1702 (hereinafter "Areeda"). This formulation follows Supreme Court precedent that—should those factors be met—a Plaintiff successfully "invok[es] the per se rule against tying and thereby avoid[s] analysis of actual market conditions" because such a tie is inherently anticompetitive. *Jefferson Parish*, 466 U.S. 2, 26 (1984); *accord Fortner Enter., Inc. v. United States Steel Corp.*, 394 U.S. 495, 501 (1969) ("the *per se* doctrine['s] . . . requirement that a 'not insubstantial' amount of commerce be involved makes no reference to the scope of any particular market or to the share of that market foreclosed by the tie"); Areeda ¶ 1702 (for per se tying, "courts do not insist that 'anticompetitive effect' be assessed by the usual manner of measuring the share of the market for the tied product foreclosed by the tie and assessing the significance of that foreclosure share in the particular market context").

During the February 19 teleconference, Defendants suggested for the first time that some type of detailed market definition analysis is required to identify the separate "products" for a Section 1 tying claim. Defendants are wrong. While some cases suggest that a tying claim required "anticompetitive effects in the tied market," *see, e.g., Gonzalez*, 880 F.2d at 1516–1518; *Yentsch v. Texaco*, 630 F.2d 46, 56–57 (2d Cir. 1980); *Coniglio v. Highwood Servs.*, 495 F.2d 1286, 1289 (2d Cir. 1974), they did not perform or require formal market definition for the tied product. Rather, they "either ignored that additional [effects] requirement or employed it very circumspectly to eliminate a specified class of relatively harmless tie-ins from per se condemnation." Areeda ¶ 1722c (discussing Second Circuit case law); *id*. (discussing how some courts did not "giv[e] it any content" or listed it without "applying it");[1] *see e.g.*, *Allen-Myland v. Intern. Business Mach. Corp.*, 33 F.3d 194, 200-01, 211-16 (3d Cir. 1994) (compare extensive discussion defining relevant tying market with limited assessment of demand for a tied product); *see also Gonzalez*, 880 F.2d at 1516, 1518 ("This case demonstrates the difficulty in applying a per se illegality rule in situations that do not usually present antitrust law issues"—i.e., instances where the "de minimis" test of affected commerce may not be met).

As one district court in this Circuit explained: "where a tying arrangement may be condemned as illegal *per se*, plaintiffs need not allege, let alone prove, an element relevant to a rule-of-reason inquiry: i.e., "anticompetitive effects in the tied market." *In re Wireless Telephone Services Antitrust Lit.*, 385 F. Supp. 2d 403, 414 (S.D.N.Y. 2005) (further explaining that "[i]f a plaintiff succeeds in establishing the existence of sufficient market power to create a *per se* violation, the plaintiff is also relieved of the burden of rebutting any justifications the defendant may offer for the tie"). "Because the Supreme Court has repeatedly held that tying, if it fits within the [above] standard, is a per se violation," courts "are not free to inquire whether such tying in any given case injures market competition." *Ohio-Sealy Mattress Mfg. Co. v. Sealy*, 585 F.2d 821, 835 (7th Cir. 1978), *citing Coniglio*, 495 F.2d 1286; *see also* Areeda at ¶ 1702.

---

[1] Notably, Defendants cite to these same Areeda passages (¶¶ 1702 and 1722c), with no mention of this explanation or context, and proceed to cite the cases that Areeda flags as outliers. *See* ECF 1051 at 1.

Defendants' other cited tying cases provide little, if any, support for their position. Some involve rule-of-reason tying claims. *See, e.g., Town Sound and Custom Tops, Inc. v. Chrysler Motors Corp.*, 959 F. 2d 468, 481, 494 n.38 (3d Cir. 1992) (citing to footnote in section headed: "Rule of Reason Liability"). Others fail to distinguish between per se and rule-of-reason standards (or Section 1 and Section 2 standards), while featuring factual circumstances far removed from the present matter. For example, *Kaufman* did not identify whether the tying claim was per se or rule of reason, and affirmed dismissal on the elements of separate products and tying product market power. *Kaufman*, 836 F.3d at 140, 143-48 (2d Cir. 2016). Similarly, *Cavalleri v. Hermes Int'l* addressed Section 1 and 2 claims collectively, and faulted plaintiffs' alleged "tied product" for being a "kaleidoscope" of varied and unrelated products. 2025 WL 2662897 at *2 (N.D. Cal. Sept. 17, 2025); *accord Truck-Rail Handling, Inc. v. Burlington N. & Santa Fe Ry. Co.*, 244 F. App'x 130, 131-32 (9th Cir. 2007) (addressing both per se and rule of reason—and monopolization and attempted monopolization—claims in a single, brief paragraph). The court in *Sidebe v. Sutter Health* likewise struggled with the distinction between types of tying claims, despite the plaintiff's pointing out that the court was "blur[ring] the line between a per se and rule of reason analysis." 4 F.Supp.3d 1160, 1178-79 (N.D. Cal. 2013); *accord Packaging Systems v. PRC-Desoto Int'l,* 268 F.Supp.3d 1071 (C.D. Cal. 2017) (same). But that is not a legitimate basis for overriding the clear Supreme Court precedent discussed above.

**<u>Defendants' Tying Would Also Be Illegal Under a Rule-of-Reason Analysis</u>**

Defendants' tie is per se illegal, but even if a rule-of-reason analysis applied, dismissal of the Section 1 tying claim would be inappropriate. Areeda ¶ 1702 ("[a]rrangements not unlawful [per se] might be unlawful under the rule of reason . . . even in the absence of any 'tying' product over which the supplier has power, or of the 'separate products' that per se tying law requires"); *see also Fortner*, 394 U.S. at 500 ("inability to satisfy [the per se] standards" are not "fatal to a plaintiff's case" as "[a] plaintiff can still prevail on the merits whenever he can prove, on the basis of a more thorough examination of the purposes and effects of the standards involved"—i.e., through a rule of reason analysis—"that the general standards of the Sherman Act have been violated"); *In re Wireless*, 385 F. Supp. 2d at 415 (if "the showing of market power is insufficient to find a *per se* violation of antitrust law, courts apply a rule of reason analysis at the fact-finding stage through a burden shifting scheme").

The key difference is that "[i]n order to prevail in the absence of per se liability," the factfinder must make "an inquiry into the actual effect . . . on competition" in the tied market. *Jefferson Parish*, 466 U.S. at 29; *see also In re Wireless*, 385 F. Supp. 2d at 415 (under a rule-of-reason tying analysis, a plaintiff may demonstrate "an actual adverse effect on competition" through "examining factors like reduced output, increased prices and decreased quality" or "significant barriers to entry into a particular market") (cleaned up). Here, this Court found that Plaintiffs have provided evidence of such effects in the form of decreased consumer (artist) choice in promotion services, as well as decreased quality and decreased output (dark days). SJ Op. 32-33. Those are sufficient, cognizable anticompetitive effects on promotion services,

regardless of the precise contours of that market. *See also FTC v. Indiana Fed. of Dentists*, 476 U.S. 447, 460–61 (1986).

For that reason alone, it makes no difference for the tying claim that the Court held that plaintiffs failed to present a genuine issue of material fact that the alleged *tied* product ("promotion services *for MCVs*") "differ from other kinds of promotion services." SJ Op. 8-9. What matters is that artists are *forced* to buy a product from Defendants that they otherwise could have purchased from a competitor. There is no disputed issue that promotions services to artists are a separate product. *See* Defendants' Summary Judgment Reply Brief, at 2-3 (ECF 797) ("There is agreement on "what *products or services* compete with which others" and "which providers count" with respect to promotion services.). Here, the tie has to do with the forced purchase of promotions services at both the show level and for amphitheater tours.

**Threats, Retaliation, and Content-Conditioning are Relevant to Remaining Claims**

Defendants also are wrong in seeking to exclude evidence of retaliatory threats and content conditioning for the plaintiffs' claims related to primary ticketing and venues that will proceed to trial.

*First*, Defendants misleadingly try to take advantage of this Court's rejection of the *artist*-facing promotions market. But that market is not the locus of Live Nation's threats to divert shows from venues unless they use Ticketmaster's ticketing services. (Am. Compl. ¶ 227). Although that claim does not require market definition other than for the monopolized primary ticketing market, to the extent a second market is implicated by Live Nation's threats to cut off venues, it is a different market—the market for concert booking and promotion services *to venues*. With respect to that market, this Court *denied* Defendants' motion for summary judgment, finding a genuine issue of fact both on the market's existence and Live Nation's monopoly power therein. SJ Op. at 24. Thus, the premise of Defendants' letter is inapposite.

*Second*, Defendants erroneously try to convert a factual dispute into a legal one. As part of its summary judgment ruling, this Court cited evidence showing that venues view Live Nation as the "dominant supplier of concerts in the United States." SJ Op. at 23. This Court further cited evidence that Live Nation credibly threatens to withhold content from venues that do not use Ticketmaster and that these dynamics influence a venue's ticketing decision and foreclose rivals. SJ Op. 40-41. This Court thus found factual disputes as to whether Defendants' content conditioning has a concrete effect in the primary ticketing market, precluding summary judgment. SJ Op. 40-41. Defendants want this Court now to ignore all these factual disputes and instead to presume there was no effect as a matter of law. But "[l]egal presumptions that rest on formalistic distinctions rather than actual market realities are generally disfavored in antitrust law." *Eastman Kodak*, 504 U.S. at 466–67, and what matters is "the actual dynamics of the market rather than rote application of any formula." SJ Op. at 20.

Indeed, Defendants have an incorrect view of the applicable law. Plaintiffs' primary ticketing market claim focuses on Ticketmaster's monopoly in primary ticketing services and requires Plaintiffs to show monopoly power in the primary ticketing services market. There is no separate requirement whereby Plaintiffs have to prove monopoly power in concert promotion

just to establish that its threats could have an effect in the separate market for primary ticket services. Even further, retaliatory threats are relevant to the Plaintiffs' remaining claims as "coercive behavior" and one of the showings that can be considered in "evaluating the legality of an exclusive dealing agreement." SJ. Op. at 35 (citing *ZF Meritor LLC v. Eaton Corp.*, 696 F.3d 254, 272 (3d Cir. 2012)).

Defendants wrongly insist that Live Nation's threats against venues should be viewed as a type of monopoly leveraging, but there is no legal reason why the claim has to be shoehorned into a particular box. Courts generally apply the *Microsoft* burden-shifting standard, because the forms of anticompetitive conduct are "myriad." *United States v. Microsoft Corp.*, 253 F.3d 34, 58 (D.C. Cir. 2001) (en banc). And the use of threats is not limited to the monopoly-leveraging context.

Respectfully submitted,

 /s/ Bonny Sweeney
BONNY SWEENEY
*Co-Lead Trial Counsel*
David Dahlquist
*Co-Lead Trial Counsel*
Arianna Markel
Curtis Strong
John Thornburgh
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Bonny.Sweeney@usdoj.gov
David.Dahlquist@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email: amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Brent Nakamura
Brent Nakamura (admitted *pro hac vice)*
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

*/s/ Victoria Maria Orton Field*
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

*/s/ Elizabeth G. Arthur*
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

*/s/ Lizabeth A. Brady*
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

*/s/ Richard S. Schultz*
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

*/s/ Jesse Moore*
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

*/s/ Noah Goerlitz*
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

*/s/ Christopher Teters*
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

*/s/ Mario Guadamud*
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

*/s/ Schonette J. Walker*
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

*/s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

*/s/ LeAnn D. Scott*
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

*/s/ Zach Biesanz*
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

*/s/ Lee Morris*
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
*Attorney for Plaintiff State of Mississippi*

*/s/ Justin C. McCully*
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

*/s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

*/s/ Zachary Frish*
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

*/s/ Andrew F. Esoldi*
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

*/s/ Evan Crocker*
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

*/s/ Jonathan H. Hatch*
Jonathan H. Hatch
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

*/s/ Francisco Benzoni*
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

/s/ Sarah Mader
Sarah Mader (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

/s/ Cameron R. Capps
Cameron R. Capps (admitted *pro hac vice*)
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-0858
Fax: (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*

/s/ Gina Ko
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ *Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ *Jared Q. Libet*
Jared Q. Libet (admitted *pro hac vice*)
Assistant Deputy Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South Carolina*

/s/ *Bret Leigh Nance*
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

/s/ *Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

/s/ Marie W.L. Martin
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

/s/ Sarah L. J. Aceves
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

/s/ David C. Smith
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Ashley A. Locke*
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

*/s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*