**VIA ECF** February 23, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: <u>United States, et al. v. Live Nation Entertainment, Inc., et al.</u>, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, writes pursuant to Rule 11(C)(i) of the Court's Individual Practices in Civil Cases, and in support of Plaintiffs' February 18, 2026 letter motion (ECF No. 1040) to redact certain portions of their February 18, 2026 Memorandum of Law in Opposition to Defendants' Motions *in Limine* (ECF No. 1042, hereinafter "Plaintiffs' Opposition"). SeatGeek writes to request that the following information, all of which was designated as Highly Confidential or Confidential by SeatGeek, be maintained under seal and redacted on the public docket:

- Plaintiffs' Opposition at 8 (parenthetical in sixth line of second paragraph);
- Plaintiffs' Opposition at 8, n.7 (redacted portions of parenthetical on second line of footnote).

A court's consideration of a request to seal is governed by the three-step framework articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Courts must first determine "that the documents at issue are indeed judicial documents," to which "a common law presumption of access attaches." *Id.* at 119 (internal citations and quotations omitted). If the documents are judicial documents, the court then "must determine the weight of that presumption." *Id.* Third, the court must "balance competing considerations against" that presumption. *Id.* at 120 (internal citations and quotations omitted).

As to the first step, SeatGeek does not dispute that the materials at issue here are judicial documents.

As to the second step, the presumption of public access to materials submitted in connection with motions *in limine* "is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Thus, the reasons justifying sealing such material "need not be as compelling as those required to seal summary judgment filings." *Id.*

As to the third step, the presumption of public access to these materials is outweighed by SeatGeek's significant interest in keeping its competitively sensitive business information under seal. *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.,* 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) ("courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage") (internal

citations and quotations omitted); *Valassis Communications, Inc. v. News Corporation,* 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) ("protecting the confidentiality of sensitive business information is a legitimate basis for rebutting the public's presumption of access to judicial documents"); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal citations and quotations omitted).  Moreover, SeatGeek's status as a non-party weighs in favor of maintaining these documents under seal.  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (internal citations omitted).

The information at issue here constitutes highly sensitive business information that, if disclosed, would threaten competitive harm to SeatGeek if its competitors or the public were given access to it.  Specifically, the parentheticals at issue identify a specific venue that has confidentially disclosed to SeatGeek that it lost content after switching ticketing providers, as well as the name of a competing venue whose identity, if disclosed, would facilitate identification of the impacted venue.  Public disclosure of such communications would provide Defendants with information that could be used to SeatGeek's competitive disadvantage in future contract negotiations with this and other venues; expose the venue to a heightened risk of further retaliation; and potentially chill communications between SeatGeek and prospective clients. Accordingly, SeatGeek respectfully requests that the redacted SeatGeek material described above in Plaintiffs' Opposition remain under seal.

Respectfully submitted,

COHEN & GRESSER LLP


*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.