

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

February 23, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

**Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS**

Dear Judge Subramanian:

Pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases, non-party Anschutz Entertainment Group, Inc. ("AEG") submits this letter motion seeking leave to redact narrow portions of Plaintiffs' Oppositions to Defendants' Motions *In Limine*, Dkt. Nos. 1041, 1042, and Defendants' Opposition to Plaintiffs' Motions *In Limine*, Dkt. Nos. 1045, 1046. AEG's analysis of competition in ticketing and promotions, including Defendants' conduct, are mentioned on pages 3 and 15 of Plaintiffs' brief and pages 12, 13, and 15 of Defendants' brief. This information was designated as "Confidential" or "Highly Confidential" under the Protective Order. Dkt. No. 347 ¶¶ 2-3. AEG has previously moved to seal the same category of information in relation to the parties' summary judgment and *Daubert* briefing, Dkt. No. 897, and the Defendants' Motions *in Limine*, Dkt. No. 1026. The Court granted those sealing requests. Dkt. No. 1054. For the reasons below, AEG's request for redaction is narrowly tailored and overcomes the presumption in favor of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119- 20 (2d Cir. 2006). AEG respectfully requests the Court to grant this motion.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch*, 435 F.3d at 119. Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The "privacy interests of innocent third parties," such as AEG, "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (citation modified).

Although the parties' motion *in limine* briefs are judicial documents, the presumption of public access for AEG's information on a motion *in limine* is "lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). The limited information AEG seeks to seal—which may not even be presented at trial if the parties' motions are granted—is "ancillary to the court's core role in adjudicating a case." *Id.* Accordingly, the weight of the presumption of public access is low, especially given AEG's status as a third party in this case.

1

The Honorable Arun Subramanian          - 2 -

Any presumption of public access is also heavily outweighed by AEG's and other third-parties' privacy interests. As noted above, the materials related to AEG's redaction requests contain AEG's evaluation of its competitive position in relation to its competitors. Such competitive analysis includes AEG's information that demonstrates Defendants' anticompetitive conduct, which presents a material risk of Defendants' retaliation against AEG and its information sources. *See Heckman v. Live Nation Ent., Inc.*, 2025 WL 1720178, at *5-6 (C.D. Cal. May 13, 2025) (denying Defendants' employees access to certain third-party information, in part, based on the allegations of Defendants' "history of threatening and retaliating against companies that do business with Defendants' competitors"), *adopted as final*, Dkt. No. 370 (May 15, 2025). Courts routinely seal such material to prevent competitive injury to the producing party. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (sealing defendants' "internal analysis of the competitiveness of its practice groups"); *Playtex Prods. LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (sealing the producing party's "competitive analyses").

For the foregoing reasons, AEG respectfully requests that this Court allow AEG's information in the parties' opposition briefs in response to their Motions *In Limine* to remain redacted.

Respectfully submitted,

*/s/ Justin W. Bernick*
Justin Bernick (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*

Dated: February 23, 2026