**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7164**

WRITER'S EMAIL ADDRESS
**georgephillips@quinnemanuel.com**

February 23, 2026

**Via CM/ECF & Email**

The Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007-1312

  Re: *United States, et al. v. Live Nation Entm't, Inc., et al.*, No. 1:24-cv-3973 (AS)

Dear Judge Subramanian:

  I write on behalf of non-party LA Clippers LLC (the "Clippers") pursuant to Rule 11, subparts (B), (C)(ii), and (C)(iv), of the Court's Individual Practices in Civil Cases and Section XV of the Pretrial order (ECF No. 1031; *see* ECF No. 1053), to request that the following exhibits and deposition designations proposed for use by the parties at trial remain under seal, or, alternatively, be redacted (collectively, the "Exhibits"):

- **Plaintiffs' Exhibits:** PX0210, PX0211, PX0212, PX0213, PX0214, PX0215, PX0216, PX0217, PX1050, PX1051, PX1058, PX1059, PX1062, PX1064, PX1065, PX1066, and PX1067;

- **Defendants' Exhibits:** DX-0982, DX-0580, DX-0593, DX-0830, DX-0877, DX-517, DX-0551, DX-0569, DX-1409, DX-0588, DX-1410, DX-1407, and DX-1408; and

- **Deposition Designations for George Hanna**, the Clippers' Chief Technology and Digital Officer.

  As explained herein, the Exhibits discuss the Clippers' sensitive and confidential business decisions and/or disclose the identities and responsibilities of the Clippers' employees and third parties, and thus should remain under seal or be redacted. The Clippers communicated the proposed sealing and redactions to all parties and the parties have yet to state any opposition.

  Given the number of Exhibits at issue, and the Court's busy pretrial schedule, the Clippers will submit these materials—with the Clippers' proposed redactions highlighted—to the Court and the parties' counsel of record under seal via email and secure file-transfer link. The Clippers are available to discuss this request with the Court at the upcoming pretrial conference.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

**The Exhibits Contain Private Employee And Confidential Business Information**

A table of the Exhibits at issue with the reasons why they should be sealed or redacted is set out in the Appendix to this letter motion. The Clippers also provide this brief summary.*

***PX0210–PX0217, PX1050, PX1051, and DX-0588***: These Exhibits are email communications and associated attachments that (1) identify Clippers employees' names, contact information, and professional roles; (2) contain the Clippers' confidential negotiations with potential ticketing partners; (3) include confidential business proposals; (4) feature internal Clippers discussions regarding confidential technological specifications and requests; and (5) compare the terms and viability of different ticketing proposals.

***DX-0982***: This Exhibit is the Ticketing Agreement between the Clippers and Ticketmaster, which details advertising and insurance arrangements, "accounting procedures," tax allocations, indemnification agreements, "Charges and Fees" associated with each ticket, and contains a confidentiality clause preventing its disclosure to third-party competitors.

***DX-0593***: This Exhibit contains the Clippers' confidential Request For Proposal sent to potential ticketing vendors. It discloses the Clippers' business strategies, objectives, goals, and requests. It also contains confidential communications between the Clippers and Ticketmaster.

***DX-0830***: This Exhibit contains confidential communications between the Clippers and Ticketmaster discussing the Clippers' technological demands and specifications.

***DX-0877, DX-0517, DX-0551, DX-0569, and DX-1409***: These Exhibits contain the names and e-mail addresses of Clippers employees and third parties.

***Deposition Designations***: This Exhibit consists of designated portions of the deposition transcript of George Hanna, the Clippers' Chief Technology and Digital Officer, which the Clippers designated as "Highly Confidential" pursuant to the Amended Protective Order (ECF No. 347). The deposition excerpts discuss, among other sensitive topics: (1) the Clippers' "primary objectives," goals, and requests for proposals to various ticketing vendors during the confidential selection of a ticketing partner for its venues; (2) the technologies used at the Clippers' venues and reasons behind its implementation; (3) the efficacy of current strategies at the Clippers' venues; (4) the names and job responsibilities of Clippers' employees and third-party partners; and (5) confidential conversations with third-party ticketing vendors.

**The Court Should Seal, Or At Least Redact, The Exhibits**

As the Appendix to this letter motion explains, the Exhibits at issue should be sealed or at least redacted for at least three reasons.

---

* PX1058, PX1059, PX1062, PX1064 PX1065, PX1066, and PX1067 are substantively similar to PX0210, PX0211, PX0212, PX0214, PX0215, PX0216, and PX0217, respectively, and the Clippers incorporate their proposed redactions to each duplicate Exhibit. So too for DX-0580, DX-1410, DX-1407 and DX-1408, which are substantially similar to PX0210, PX0215, PX0216, and PX0217, respectively.

*First*, the parties have agreed that categories of information warranting the presumption of sealing and/or redacting include: (1) "Personally Identifiable Information" such as "personal email addresses;" (2) "Specific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years;" (3) "Specific competitively-sensitive contract terms in contracts currently in effect or contracts executed within the last four years," with certain exclusions; and (4) "Current or future non-public figures regarding prices, costs or margins." ECF No. 1031 at 29. The Appendix details how many of the Exhibits fall into one or more of these categories.

*Second*, notwithstanding the parties' agreement on sealing and redacting, the Clippers submit that the Exhibits should remain under seal, or at least be submitted with the Clippers' proposed redactions, pursuant to the three-step framework set out in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under that standard, even though the Exhibits may be judicial documents subject to a presumption of public access, the "weight of that presumption" is overcome by "competing considerations," *id.*—namely, protecting the Clippers' competitive standing. "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (cleaned up). That is why courts routinely recognize that sealing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," is an important countervailing interest that outweighs the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *accord, e.g.*, *Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334 at *2-3 (S.D.N.Y. Dec. 13, 2024); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264 at *5-6 (S.D.N.Y. June 17, 2020). That is precisely the case here, as the Appendix explains.

*Finally*, this Court has already previously recognized the seriousness of the confidentiality concerns that the Clippers raise, as it recently granted Clippers' prior letter motion to seal certain exhibits filed with the parties' summary-judgment and expert-exclusion motions. *See* ECF No. 1054 (granting the Clippers' letter motion at ECF No. 916).

\* \* \*

The Clippers are available to discuss this letter motion at the upcoming pretrial conference currently scheduled for February 25, 2026 at 11:00 a.m. EST.

Respectfully submitted,

George T. Phillips

*Counsel for Non-Party LA Clippers LLC*

Enclosures: Exhibits to be Sealed or Redacted (via email)

cc: Counsel of Record (via CM/ECF and email)

## APPENDIX
## CLIPPERS' LETTER MOTION TO SEAL OR REDACT TRIAL EXHIBITS

| EXHIBIT | REASON TO SEAL OR REDACT |
|---|---|
| **PLAINTIFFS' EXHIBITS** ||
| **PX0210** | PX0210 contains information the parties have agreed to redact and/or seal.  *See* ECF No. 1031 at 29.  The Exhibit contains personal email addresses and contact information of several Clippers employees that require redaction to protect their privacy.  The Exhibit also contains a "Collaboration" document between Ticketmaster and the Clippers containing "competitively-sensitive contract terms" regarding the Clippers ticketing infrastructure.  Based on the parties agreement, this Exhibit should be sealed and/or redacted. |
| | In addition, PX0210 discusses the specific technologies the Clippers sought from ticketing partners, which is precisely the type of "specific business information and strategies," that could "provide valuable insights into a company's current business practices that a competitor would seek to exploit," if disclosed.  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  Publicly disclosing internal deliberation about ticketing strategies would allow the Clippers' competitors an improper glimpse into its "specific business information and strategies" and prejudice the Clippers from future business dealings.  *Id.*  Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **PX0211** | PX0211 contains information the parties have agreed to redact and/or seal.  *See* ECF No. 1031 at 29.  The Exhibit contains personal email addresses and contact information of several Clippers employees that require redaction to protect their privacy.  These emails also contain internal deliberation and external negotiation of "specific competitively-sensitive contract terms" that the Clippers sought with a ticketing partner. |
| | In addition, PX0211 consists of internal and external emails regarding a ticketing vendor, and public disclosure of these deliberations and external negotiations would provide "valuable insights into [the Clippers'] current business practices that a competitor would seek to exploit," such as the technical functions an industry leader prioritize in a ticketing partner.  *Louis Vuitton*, 97 F. Supp. 3d at 511.  Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |

| EXHIBIT | REASON TO SEAL OR REDACT |
|---|---|
| **PX0212** | PX0212 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third parties that require redaction to protect their privacy. The Exhibit also contains "[s]pecific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years" as the email includes specific cash values of contract offers, proposed margins on commissions, and projections of sales revenue based on "non-public figures." |
| | In addition, PX0212 consists of internal and external emails regarding a ticketing partner. Public disclosure of the Clippers' discussions regarding final contract bid prices, commission percentages, and sales projections easily qualify as business information that "a competitor would seek to exploit," if it were made public. *Louis Vuitton*, 97 F. Supp. 3d at 511. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **PX0213** | PX0213 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. |
| | In addition, PX0213 consists of internal and external emails and a 55-page presentation detailing "Tech Specs," specifically tailored to the Intuit Dome, a state-of-the-art venue that the Clippers own. Public disclosure of "responses to various requests for proposals and requests for information" would reveal the Clippers' "competitive bidding practices and strategies." *Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334 at *2-3 (S.D.N.Y. Dec. 13, 2024). Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **PX0214** | PX0214 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. |
| | In addition, PX0214 contains a document detailing the Clippers "perfect situation" with a ticketing partner. Public disclosure of the Clippers' "bidding practices and strategies" would reveal valuable information that competitors would likely exploit. *Locus Techs*, 2024 WL 5103334 at *2-3. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |

| EXHIBIT | REASON TO SEAL OR REDACT |
|---|---|
| **PX0215** | PX0215 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. The Exhibit also contains "[s]pecific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years" as it includes specific cash values of primary and secondary sales, proposed margins on commissions, and the length of a proposed partnership. *See, e.g.*, PX0215 at LACLIPPERS_0005028.<br><br>In addition, PX0215 contains a 16-page presentation detailing a "final and best offer" of a vendor specifically tailored to the Clippers. Public disclosure of "responses to various requests for proposals and requests for information" would reveal the Clippers' "competitive bidding practices and strategies." *Locus Techs.*, 2024 WL 5103334 at *2-3. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **PX0216** | PX0216 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy.<br><br>In addition, PX0216 consists of internal and external emails regarding a potential ticketing partner. The Exhibit contains the Clippers requests for information from a potential business partner and specific business goals of a ticketing partnership. Public disclosure of "responses to various requests for proposals and requests for information" would reveal the Clippers' "competitive bidding practices and strategies." *Locus Techs.*, 2024 WL 5103334 at *2-3. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **PX0217** | PX0217 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. The Exhibit also contains "[s]pecific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years" as it includes specific cash values of primary and secondary sales, proposed margins on commissions, and the length of a proposed partnership. PX0217 at LACLIPPERS_0005105.<br><br>In addition, PX0217 contains a three-page "Financial Proposal for the Intuit Dome, Kia Forum and Los Angeles Clippers." Public disclosure of "responses to various requests for proposals and requests for information" would reveal the Clippers' "competitive bidding practices and strategies." *Locus Techs.*, 2024 WL 5103334 at *2-3. Thus, thus Exhibit should be placed under seal and/or submitted with the proposed redactions. |

| EXHIBIT | REASON TO SEAL OR REDACT |
|---|---|
| **PX1050** | PX1050 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. |
| | In addition, PX1050 consists of internal and external emails regarding a ticketing partner. Public disclosure of these internal deliberations and provide "valuable insights into [the Clippers'] current business practices that a competitor would seek to exploit," such as the technical functions an industry leader prioritizes in a ticketing partner. *Louis Vuitton*, 97 F. Supp. 3d at 511. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **PX1051** | PX1051 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. |
| | In addition, PX1051 contains internal deliberations regarding a potential ticketing partners' offer. Public disclosure of "internal communications regarding bidding on third-party RFPs and RFIs" would reveal "valuable insights into [the] company's" business practices. *Locus Techs.*, 2024 WL 5103334 at *8-9. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **DEFENDANTS' EXHIBITS** | |
| **DX0517** | DX0517 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. |
| | In addition, DX0517 contains external communications regarding the Clippers "ticketing RFP and goals." DX0517 at LACLIPPERS_0003630. Public disclosure of "internal communications regarding bidding on third-party RFPs and RFIs" would reveal "valuable insights into [the] company's" business practices. *Locus Techs.*, 2024 WL 5103334 at *8-9. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |

| EXHIBIT | REASON TO SEAL OR REDACT |
|---|---|
| **DX0551** | DX0551 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. |
| | In addition, DX0551 contains emails discussing the Clippers "vision for the Inuit Dome," goals in a "ticketing partnership," and specific vendor technologies. DX0551 at LACLIPPERS_0003694-96. This is precisely the type of "specific business information and strategies," that could "provide valuable insights into a company's current business practices that a competitor would seek to exploit," *Louis Vuitton*, 97 F. Supp. 3d at 511. Publicly disclosing internal deliberation about ticketing strategies would allow the Clippers' competitors an improper glimpse into its "specific business information and strategies" and prejudice the Clippers from future business dealings. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **DX0569** | DX0569 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. |
| | In addition, DX0569 contains internal deliberations regarding a potential ticketing partners' offer. Public disclosure of the Clippers' "internal communications … [regarding] bidding practices and strategies" would reveal "valuable insights into [the] company's" business practices. *Locus Techs.*, 2024 WL 5103334 at *8-9. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **DX0588** | DX0588 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. |
| | In addition, DX0588 contains external emails regarding negotiations with a potential ticketing partners. Public disclosure of "internal communications regarding bidding on third-party RFPs and RFIs" would reveal "valuable insights into [the] company's" business practices. *Locus Techs.*, 2024 WL 5103334 at *8-9. Thus, this Exhibit should be placed under seal or with the proposed redactions. |

| EXHIBIT | REASON TO SEAL OR REDACT |
|---|---|
| **DX0593** | DX0593 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees and other third-parties that require redaction to protect their privacy. |
| | In addition, DX0593 contains emails discussing the Clippers negotiations with a potential ticketing partners. Public disclosure of "internal communications regarding bidding on third-party RFPs and RFIs" would reveal "valuable insights into [the] company's" business practices. *Locus Techs.*, 2024 WL 5103334 at *8-9. Thus, this Exhibit should be placed under seal or with the proposed redactions. |
| **DX0830** | DX0830 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses and contact information of several Clippers employees that require redaction to protect their privacy. |
| | In addition, DX0830 contains external emails regarding the Clippers' ticketing business strategy with a business partner, including the technical specifications they sought in a ticketing partnership. This is precisely the type of "specific business information and strategies," that could "provide valuable insights into a company's current business practices that a competitor would seek to exploit," *Louis Vuitton*, 97 F. Supp. 3d at 511. Publicly disclosing internal deliberation about ticketing strategies would allow the Clippers' competitors an improper glimpse into its "specific business information and strategies" and prejudice the Clippers from future business dealings. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |
| **DX0877** | DX0877 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Exhibit contains personal email addresses for high-profile individuals associated with the Clippers and Inuit Dome that require redaction to protect their privacy. Further, the communications are largely unconnected from the merits of the litigation. The privacy interests of those referenced in the Exhibit require sealing and/or redaction. |
| | In addition, the Exhibit contains internal communications regarding potential performances at the Intuit Dome. These communications contain "specific business information and strategies," that could "provide valuable insights into a company's current business practices that a competitor would seek to exploit," *Louis Vuitton*, 97 F. Supp. 3d at 511. As a leader in the live-event market, public disclosure of these internal deliberations would provide competitors with an unfair glimpse into the Clippers' business process. Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |

| **EXHIBIT** | **REASON TO SEAL OR REDACT** |
|---|---|
| **DX0982** | DX0982 is the Ticketing Agreement between Clippers and Ticketmaster. It should be sealed or redacted for at least two reasons. |
| | First, the Ticketing Agreement consists nearly entirely of information that the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 29. The Ticketing Agreement contains PII in the form of bank account information and routing numbers. The Agreement is entirely comprised of "competitively-sensitive contract terms currently in effect or executed within the last four years." And all information relating to "prices, costs or margins" within the contract is "non-public." Thus, based on the parties' agreement alone, this Exhibit should remain under seal. |
| | In addition, Court has independent grounds to keep the Ticketing Agreement under seal. The entirety of this Exhibit contains "confidential and competitively sensitive" information, such as contractual terms detailing the Clippers and Ticketmaster's advertising and insurance arrangements, "accounting procedures," internal incident response strategies, and an outline of the "Charges and Fees" associated with each ticket sold. The Ticketing Agreement also contains a mutual confidentiality clause preventing its disclosure to competitors. The first page of the Agreement is marked with a "CONFIDENTIAL" designation. Courts routinely seal confidential contracts just like the Agreement. *See SEC v. Ripple Labs, Inc,* 2023 WL 3477552 at \*9 (S.D.N.Y. May 16, 2023) (granting third party's motion to seal contract terms between third party and defendant); *Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.*, 2025 WL 2977725 at \*3 (S.D.N.Y. Oct. 21, 2025). Thus, this Exhibit should be placed under seal and/or submitted with the proposed redactions. |

| EXHIBIT | REASON TO SEAL OR REDACT |
|---|---|
| **DEPOSITION DESIGNATIONS** | |
| **Deposition of George Hanna** | Plaintiffs and Defendants seek to use at trial designations from the deposition of George Hanna, the Clippers' Chief Technology and Digital Officer. |
| | These designations detail Mr. Hanna's communications with non-party employees, the Clippers' internal processes for selecting ticketing partners, the technologies that the Clippers utilize for their ticketing operations, and the deponent's understanding of the Clippers' "primary objectives" in ticketing. |
| | Publicly disclosing internal deliberation about ticketing strategies would allow the Clippers' competitors an improper glimpse into its "specific business information and strategies" and prejudice the Clippers from future business dealings. *See Louis Vuitton*, 97 F. Supp. 3d at 511. Courts routinely seal such testimony. *See Rowe v. Google LLC*, 2022 WL 4467628 at *2 (S.D.N.Y. Sept. 26, 2022) (granting motion to seal because documents disclosed "the identities of certain clients, individuals who are in contact with Defendant's employees and strategies for cultivating business could put it at a competitive advantage."); *see also CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 443644 at *3 (S.D.N.Y. Feb. 14, 2022) (granting motion to seal when disclosing agreement would allow competitors to "negotiat[e] more favorable provisions … which would competitively harm [defendant]—as well as its innocent, authorized resellers—because it would result in lower revenues for [defendant] and those resellers."). |
| | Accordingly, the George Hanna Deposition designations should be placed under seal and/or submitted with the proposed redactions. |