

February 24, 2026

**VIA ECF**

**Nicole H. Sprinzen**
Direct Phone   202-471-3451
Direct Fax        202-499-2941
nsprinzen@cozen.com

The Honorable Arun Subramanian
U.S. District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc., et al*.; 1:24-cv-03973-AS-SLC
        Non-Party It's My Party, Inc.'s Request to Seal Select Trial Exhibits

Dear Judge Subramanian:

We represent non-party It's My Party, Inc. ("I.M.P.") in the above-referenced matter and submit this letter motion in support of sealing the following trial exhibits: DX-0817, DX-0895, DX-1133, and DX-1134/PX0193. In accordance with your Individual Practices in Civil Cases (¶ 11), counsel for I.M.P. have conferred with the parties and provided I.M.P.'s position, in writing, to the parties on February 17, 2026.

I.M.P. produced materials and provided testimony during discovery in this case concerning its internal, confidential business practices and confidential non-public financial information. Pursuant to the Amended Protective Order (ECF No. 347), I.M.P. designated, as appropriate, certain materials as "Highly Confidential" or "Confidential."

I.M.P. is a promoter and venue operator for live events—primarily concerts—in the Washington, D.C., Maryland and Virginia ("DMV") market. I.M.P. generally promotes shows at its own venues in D.C. and Maryland, but occasionally serves as a promoter for a different venue in the DMV area.

By February 9, 2026 letters from the parties, I.M.P. was advised that a total of fourteen I.M.P. documents[1] were included on the parties' trial exhibit lists as part of the Proposed Joint Pretrial Order.  *See* ECF No. 1031-7, -8.  As requested, I.M.P. provided proposed "redbox" redactions to the parties for the majority of the documents identified. I.M.P. also is aware that, subject to the Court's approval, the parties have agreed to certain categories of material, including "specific competitively-sensitive contract terms," being presumptively permitted to be redacted or sealed at trial. ECF No. 1031 ¶ 52. However, at least as to certain I.M.P. materials, the parties' proposed exclusions to "specific competitively-sensitive contract terms" essentially swallow the proposed rule and do not provide I.M.P. with the necessary protections against disclosure and maintenance of their confidential status required to protect I.M.P.'s interests. *Id.* ¶ 52.d.  For these reasons, I.M.P. hereby moves for sealing of those materials at trial in this

---

[1] Four documents were listed by both parties as exhibits under different exhibit numbers, including, relevant to this Letter Motion to Seal, DX-1134 and PX0193.

The Honorable Arun Subramanian
February 24, 2026
Page 2

___

matter.  *See* ECF No. 1053, at 3 ¶ XV.51, 52; Proposed Joint Pretrial Order (ECF No. 1031) ¶ 60.

I.M.P. opposes *any* public disclosure of four specific documents and the content thereof—DX-0817, DX-0895, DX-1133, and DX-1134 (which is also PX0193)—designated as potential trial exhibits.  I.M.P. is also mindful that these documents may be or may have been relied upon by experts for the parties in the case, although I.M.P. does not have any specific awareness that they were or will be.  With respect to DX-0895, DX-1133, and DX-1134/PX0193, I.M.P. stands on its designation of the entirety of these documents as Highly Confidential because of the serious and irreparable competitive harm that release of the financial details contained therein would have upon I.M.P.'s ability to continue to operate as a promoter and venue operator. Given the nature of these documents, there are no partial redactions that could be reasonably applied to the documents to preserve their confidentiality; rather, the entirety of the documents must be sealed from display in the courtroom gallery, public access, or discussion in any detail in open court.

The details reflected in these documents directly implicate negotiations with talent to perform at I.M.P. venues and with promoters seeking to utilize I.M.P. venues, and reflect the terms resulting therefrom.  Further, given that the information in these spreadsheets reflects inputs to the same pricing and profitability model used by I.M.P. year-over-year, even data related to events held earlier than the 3-year period that the Court seems to have identified as a period afforded greater confidentiality deference, is directly relevant to I.M.P.'s current competitive operations. Competitors that received access to any of this information could extrapolate it to obtain a window into I.M.P.'s current competitive operations, pricing, profit and strategy.  The release of such non-public information would damage I.M.P.'s competitiveness in both the promoter and venue operator roles, which would be a perversion of the aim of this antitrust litigation.

I.M.P. also opposes any public disclosure of DX-0817, which was designated by I.M.P. as Confidential.  With respect to DX-0817, in addition to containing extensive non-public and sensitive financial information concerning each of the venues within the I.M.P. umbrella of companies, it also includes that information for venues that are not amphitheaters.  (The majority of these entities are not listed in the "List of People, Places, and Institutions Likely to be Mentioned During the Trial" by the parties, ECF No. 1031-1, further demonstrating their lack of relevance to this case.)

I.M.P.'s sealing request satisfies *Lugosch v. Pyramid Co. of Anondaga*, 435 F.3d 110 (2d Cir. 2006) (following a three-step process for sealing involving determinations of (1) whether the documents at issue are "judicial documents" relevant to performance of a judicial function; (2) the weight of presumption for public access; and (3) the competing considerations against public access). Although the documents at issue are proposed trial exhibits, considerations concerning the non-public and competitively sensitive nature of the documents favor I.M.P.'s limited sealing request, despite the presumption for public access.  Further, because I.M.P. is a non-party to this action and the information at issue pertains to I.M.P., the "privacy interests of innocent third parties" are to "weigh heavily in a court's balancing equation."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

For the foregoing reasons, I.M.P. respectfully requests that the following trial exhibits remain under seal and not be publicly disclosed: DX-0817, DX-0895, DX-1133, DX-1134/PX0193.

The Honorable Arun Subramanian
February 24, 2026
Page 3

---

We thank the Court for its attention to this matter.

Sincerely,

COZEN O'CONNOR

*/s/ Nicole H. Sprinzen*

By:     Nicole H. Sprinzen, *admitted pro hac vice*