UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and<br>TICKETMASTER L.L.C.,<br>Defendants. | Case No. 1:24-cv-03973-AS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY
INTERLOCUTORY APPEAL UNDER 28 USC § 1292(B) AND TO STAY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

I.     Defendants' Motion for Interlocutory Appeal Is Statutorily Barred .............................1

II.    Defendants Do Not Meet the Strict Criteria for Interlocutory Appeal under 28
U.S.C. § 1292(b)......................................................................................................4

    A.    Defendants' Eve-Of-Trial Motion Would Improperly Prolong—Not "Materially
Advance"—the Proceedings.......................................................................6

    B.    Defendants Do Not Raise Pure, Controlling Questions of Law............................8

    C.    There Is No Substantial Ground for Difference of Opinion...............................10

III.    A Stay Pending Appeal is Not Warranted....................................................................13

CONCLUSION...................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Tobacco Co. v. United States,*
   328 U.S. 781 (1946) ..................................................................................................... 12

*Benoit v. Saint-Gobain Performance Plastics Corp.,*
   959 F.3d 491 (2d Cir. 2020) ........................................................................................... 5

*Berkey Photo, Inc. v. Eastman Kodak Co.,*
   603 F.2d 263 (2d Cir. 1979) ......................................................................................... 12

*Brown Shoe Co. v. United States,*
   370 U.S. (1962) .............................................................................................................. 9

*Capitol Records, LLC v. Vimeo,*
   972 F. Supp. 2d 537 (S.D.N.Y. 2013) ........................................................................... 7

*Casey v. Long Island R.R.,*
   406 F.3d 142 (2d Cir. 2005) ........................................................................................... 5

*Conlin v. Sw. Cmty. Coll.,*
   No. 299CV247-C, 2001 WL 1018799 (W.D.N.C. Mar. 2, 2001) .................................. 6

*Conwood Co. v. U.S. Tobacco Co.,*
   290 F.3d 768 (6th Cir. 2002) ....................................................................................... 12

*Corwin v. NYS Bike Share LLC,*
   No. 14-cv-1285 (SN), 2017 WL 1318010 (S.D.N.Y. Apr. 7, 2017) ......................... 4, 6

*Eastman Kodak Co. v. Image Tech. Servs., Inc.,*
   504 U.S. 451 (1992) ....................................................................................................... 9

*Falise v. Am. Tobacco Co.,*
   94 F. Supp. 2d 316 (E.D.N.Y. 2000) ........................................................................ 4, 6

*Flynn v. Cable News Network, Inc.,*
   621 F. Supp. 3d 432 (S.D.N.Y. 2022) ........................................................................... 4

*FTC v. Meta Platforms,*
   No. CV 20-3590 (JEB), 2025 WL 3458822 (D.D.C. Dec. 2, 2025) ........................ 9, 13

*FTC v. Tapestry, Inc.*,
    755 F. Supp. 3d 386 (S.D.N.Y. 2024) ......................................................................... 11

*Geneva Pharms. Tech. Corp. v. Barr Lab'ys Inc.*,
    386 F.3d 485 (2d Cir. 2004) ....................................................................................... 12

*Georgetown Univ. Hosp. v. Sullivan*,
    934 F.2d 1280 (D.C. Cir. 1991) ................................................................................... 2

*In re Adelphia Commc'ns Corp.*,
    No. 02-41729 (REG), 2008 WL 361082 (S.D.N.Y. Feb. 7, 2008) ............................. 11

*In re Ambac Fin. Grp., Inc. Sec. Litig.*,
    693 F. Supp. 2d 241 (S.D.N.Y. 2010) ......................................................................... 4

*In re Arcapita Bank B.S.C.*,
    No. 23-cv-02310 (LMK), 2023 WL 3558243 & n.9 (S.D.N.Y. May 18, 2023) ......... 14

*In re Duplan Corp.*,
    591 F.2d 139 (2d Cir. 1978) ......................................................................................... 8

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014) ...................................................................... 5, 8

*In re Wireless Telephone Services Antitrust Lit.*,
    385 F. Supp. 2d 403 (S.D.N.Y. 2005) ....................................................................... 14

*In re Worldcom*,
    No. M-47 (HB), 2003 WL 21498904 (S.D.N.Y. June 30, 2003) ............................. 8, 9

*Jefferson Parish Hosp. District No. 2 v. Hyde*,
    466 U.S. 2 (1984) ....................................................................................................... 13

*Kaufman v. Edelstein*,
    539 F.2d 811 (2d Cir. 1976) ......................................................................................... 2

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990) ...................................................................................... 5, 11

*Koehler v. Bank of Bermuda Ltd.*,
    101 F.3d 863 (2d Cir. 1996) ......................................................................................... 4

*Liberty Mut. Ins. Co. v. The Fairbanks Co.*,
    208 F. Supp. 3d 545 (S.D.N.Y. 2016) ......................................................................... 4

*Menzel v. Scholastic, Inc.*,
  No. 17-CV-05499-EMC, 2020 WL 1308346 (N.D. Cal. Jan. 17, 2020) ...................................... 6

*Microsoft Corp. v. United States*,
  530 U.S. 1301 (2000) ........................................................................................................... 4

*Morgan Art Foundation Ltd. v. McKenzie*,
  No. 1:18-CV-04438 (JLR), 2026 WL 18584 (S.D.N.Y. Jan. 2, 2026) ........................................ 7

*Ohio v. Am. Express Co.*,
  585 U.S. 529 (2018) ............................................................................................................ 12

*Pablo v. ServiceMaster Glob. Holdings, Inc.*,
  No. C 08-03894 SI, 2011 WL 3678824 (N.D. Cal. Aug. 22, 2011) ............................................ 7

*Philips N. Am. LLC v. Probo Med., LLC*,
  No. 2-21-cv-00298, 2024 WL 1146644 (S.D. W. Va. Mar. 15, 2024) ........................................ 6

*Regeneron Pharms. v. Novartis Pharma AG*,
  96 F. 4th 327 (2d Cir. 2024) ........................................................................................... 9, 12

*Renegotiation Board v. Bannercraft Co.*,
  415 U.S. 1 (1974) ............................................................................................................... 14

*Transp. Workers Union of Am., Loc. 100 v. N.Y.C. Transit Auth.*,
  358 F. Supp. 2d 347 (S.D.N.Y. 2005) ................................................................................. 5, 7

*United States ex rel. Colucci v. Beth Israel Med. Ctr.*,
  No. 06 CIV 5033 (DC), 2009 WL 4809863 (S.D.N.Y. Dec. 15, 2009) .................................... 11

*United States v. Am. Tel. & Tele. Co.*,
  714 F.2d 178 (D.C. Cir. 1983) ............................................................................................... 2

*United States v. American Express Co.*,
  838 F.3d 179 (2d Cir. 2016) .................................................................................................. 8

*United States v. Columbia Broad. Sys., Inc.*,
  666 F.2d 364 (9th Cir. 1982) ................................................................................................. 2

*United States v. Continental Can Co.*,
  378 U.S. 441 (1964) ........................................................................................................... 10

iv

*United States v. Energy Solutions, Inc.*,
  265 F. Supp. 3d 415 (D. Del. 2017) ..............................................................10

*United States v. Grinnell Corp.*,
  384 U.S. 563 (1966) ....................................................................................11

*United States v. Int'l Bus. Corp.*,
  475 F. Supp. 1372 (S.D.N.Y. 1979) ..............................................................2

*United States v. Nat'l Ass'n Broadcasters*,
  No. 79-1549, 1982 WL 1834 (D.D.C. Apr. 29, 1982) ....................................2

*United States v. Nixon*,
  418 U.S. 683 (1974) ......................................................................................5

*United States v. W. Elec. Co., Inc.*,
  777 F.2d 23 (D.C. Cir. 1985) ........................................................................2

*Wausau Bus. Ins. Co. v. Turner Constr. Co.*,
  151 F. Supp. 2d 488 (S.D.N.Y. 2001) ...........................................................5

**Statutes**

15 U.S.C. § 29..................................................................................................1, 3

15 U.S.C. § 29(a) ............................................................................................1, 2

15 U.S.C. § 29(b) ...............................................................................................3

28 USC § 1292(b)................................................................................... 1, 2, 4, 5, 7

On the eve of a landmark monopolization trial, Defendants make a desperate plea. Rather than wait for the Court to rule on all their pending motions to reconsider, they have now moved to certify two questions for interlocutory appeal. But this motion is yet another meritless attempt to delay trial. For one, Defendants' motion is statutorily barred under the Expediting Act, 15 U.S.C. § 29(a), which expressly precludes interlocutory appeals under § 1292(b) in U.S. antitrust enforcement actions such as this one. For another, Defendants do not come close to showing the extraordinary circumstances that are required for a § 1292(b) interlocutory appeal—failing to even note the extremely high threshold for such appeals. An interlocutory appeal would cause needless delay of trial without materially advancing the proceedings. Moreover, Defendants are not entitled to immediate appellate review of their erroneous legal theories which raise fact-intensive questions. Nor are Defendants correct that an interlocutory appeal and stay of trial would cause no harm to Plaintiffs from postponing the trial for months, if not longer. Defendants' motion ignores the harm to the Plaintiffs that would result from a last-minute stay—including for numerous third-party witnesses who have already made travel plans and who may not be available at a later trial date—and to the public from continuing anticompetitive harm. But this Court and the law cannot ignore those serious harms. Now is the time for Defendants to be held accountable by sending Plaintiffs' claims to the jury.

## I. Defendants' Motion for Interlocutory Appeal Is Statutorily Barred

The plain language of the Expediting Act, 15 U.S.C. § 29, precludes an interlocutory appeal in this case pursuant to Section 1292(b)—the same provision invoked by Defendants' motion. The Act provides that, "*in every civil action* brought in any district court of the United States under the [Sherman] Act . . . in which the United States is the complainant and equitable relief is sought, . . . [a]ny appeal from an interlocutory order entered in any such action shall be taken to the court of appeals *pursuant to sections 1292(a)(1) and 2107 of Title 28 but not*

*otherwise*." 15 U.S.C. § 29(a) (emphasis added). Thus, in U.S. antitrust enforcement actions, Congress expressly precluded interlocutory appeals for certified questions under 28 U.S.C. § 1292(b). *United States v. Nat'l Ass'n Broadcasters*, No. 79-1549, 1982 WL 1834, at *1 (D.D.C. Apr. 29, 1982) ("The words of the statute appear plainly to preclude certification of questions under Section 1292(b)."); *United States v. W. Elec. Co., Inc.*, 777 F.2d 23, 26 (D.C. Cir. 1985) (Bork, J.) (order appealable only if it is a final decision or under § 1292(a)(1)); *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 369 (9th Cir. 1982) ("The Expediting Act, 15 U.S.C. s. 29(a), provides that there shall be no appeal from interlocutory orders in Government antitrust actions."); *United States v. Int'l Bus. Corp.*, 475 F. Supp. 1372, 1386 n.18 (S.D.N.Y. 1979) (the current version of the Act "is even more explicit" in its prohibition of § 1292(b) appeals). This express textual limitation reflects Congress's intent to avoid "fragmented appeals" in U.S. antitrust enforcement actions. *United States v. Am. Tel. & Tele. Co.*, 714 F.2d 178, 179 (D.C. Cir. 1983); *Kaufman v. Edelstein*, 539 F.2d 811, 816 (2d Cir. 1976) (Friendly, J.) (legislative history reveals that Congress barred 1292(b) appeals out of "the desire to avoid undue delay and disruption").

Defendants fail to address these precedents. Instead, they incorrectly argue that the Act does not apply because "the United States is *a* complainant"—not "*the* complainant"—and "Plaintiff States are seeking damages," not solely equitable relief. Mot. 2 n.1. But congressionally prescribed principles of statutory interpretation hold that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise—words importing the singular include and apply to several persons, parties, and things." *Georgetown Univ. Hosp. v. Sullivan,* 934 F.2d 1280, 1283–84 (D.C. Cir. 1991) (quoting the Dictionary Act, 1 U.S.C. § 1, to reject interpretation of "the" as having only one referent). Thus, the Expediting Act applies here

2

too, where there are State Co-Plaintiffs, because it is still a U.S. antitrust enforcement action for equitable relief. Moreover, by its plain terms, the statute requires only that there be *a* claim for equitable relief—with no limitation that equitable relief be the *only* relief sought. Congress sought to ensure the prompt disposition of U.S. antitrust enforcement actions, a consideration that applies whether or not U.S. claims are brought jointly with Plaintiff States, and whether or not those Co-Plaintiffs also seek damages.

The *Microsoft* proceedings, on which Defendants rely (Mot. 1 n.1), are on point. There, the United States and several individual States filed separate suits (98-1232, 98-1233). The district court certified a direct appeal of the consolidated cases to the Supreme Court under 15 U.S.C. § 29(b)—which governs appeals "from a final judgment pursuant to subsection [29](a)"—i.e., a final judgment "in which the United States is the complainant and equitable relief is sought"—over Microsoft's objection that only the United States could seek review under the Act. *United States v. Microsoft*, Case No. 98-1232, Dkt. 591 (D.D.C. June 20, 2000) ("Order granting motion for certification of direct appeal to the Supreme Court Under 15 U.S.C. 29 [5851] by counter-defendant by plaintiffs, plaintiff in 1:98-cv-01232, 1:98-cv-01233"); Def. Microsoft Corp.'s Resp. Pl.'s Mot. Certification of Direct Appeal to the S. Ct. Under 15 U.S.C. § 29 at 2-6, *United States v. Microsoft Corp.*, Nos. 98-1232 (D.D.C. June 19, 2000), Dkt. 589 (https://perma.cc/89ZL-N97L).[1] The Supreme Court denied the direct appeal, but Justice Breyer

---

[1] Notably, Microsoft's argument was less extreme than the position Defendants advocate here: that the States' presence bars applicability of the Act *at all*. Mot. 2 n.1. Furthermore, Defendants' citation to a footnote in an earlier U.S. stay opposition in *Microsoft* is inapposite here for two reasons. Mot. 2 n.1. First, in the footnote, the government noted appellate jurisdiction under the collateral order doctrine—which does not exist here. Second, in *Microsoft*, the United States' case and the States' case were separate (though consolidated) cases, whereas here there is only one action filed by Plaintiffs jointly.

noted probable jurisdiction under Section 29(b). *Microsoft Corp. v. United States*, 530 U.S. 1301, 1301 (2000). *Microsoft* thus confirms the Act applies to the situation here.

Notably, Defendants point to no case law in support of their novel reading of the Expediting Act, and as far as Plaintiffs are aware, there is none. Thus, to quote Defendants, their motion is "dead on arrival." Mot. 8.

## II. Defendants Do Not Meet the Strict Criteria for Interlocutory Appeal under 28 U.S.C. § 1292(b)

Even assuming *arguendo* that the Expediting Act did not bar an interlocutory appeal under 28 U.S.C. § 1292(b), the motion should be denied because it does not satisfy the strict criteria for such interlocutory appeals. Indeed, Defendants' motion—filed on the eve of trial—is the quintessential brazen attempt at delay that courts commonly reject. *See, e.g., Corwin v. NYS Bike Share LLC*, No. 14-cv-1285 (SN), 2017 WL 1318010, at *8-9 (S.D.N.Y. Apr. 7, 2017); *Falise v. Am. Tobacco Co.*, 94 F. Supp. 2d 316, 357 (E.D.N.Y. 2000), *discussed infra*.

It is "a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). "Only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Liberty Mut. Ins. Co. v. The Fairbanks Co.*, 208 F. Supp. 3d 545, 546 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). Accordingly, "interlocutory appeals are 'strongly disfavored.'" *Flynn v. Cable News Network, Inc.*, 621 F. Supp. 3d 432, 441 (S.D.N.Y. 2022) (quoting *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010)). This "strong congressional policy against piecemeal [interlocutory] reviews" is meant to promote "judicial efficiency" and it "hastens the ultimate termination of litigation." *United States v. Nixon*, 418 U.S. 683, 690 (1974). It further reflects the constitutional mandate that courts not render advisory opinions on legal issues that may ultimately disappear in light of

factual developments at trial. *See Benoit v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 491, 508 (2d Cir. 2020).

Under Section 1292(b), a district court may certify a non-final order for appeal if it (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The applicable factors under § 1292(b) must "be strictly construed." *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491-92 (S.D.N.Y. 2001) (citations omitted). The movant has "the burden of showing that all three of the substantive criteria are met." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) (citing *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005)). And "even where the three legislative criteria of section 1292(b) appear to be met, district courts have 'unfettered discretion to deny certification' if other factors counsel against it." *Transp. Workers Union of Am., Loc. 100 v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005) (internal citations omitted). Such unfettered discretion can be for "any reason, including docket congestion" and "the system-wide costs and benefits of allowing the appeal." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990).

Defendants' last-minute grasp at appellate review of pre-trial orders and rulings would materially delay resolution of the matter, and that alone is a sufficient basis to deny their motion. Furthermore, Defendants try but fail to contort multiple fact-intensive inquiries into "pure" questions of "controlling law"—let alone questions of law that are subject to "substantial" differences of opinion—which provide additional, independent grounds to deny the motion.

### A. Defendants' Eve-Of-Trial Motion Would Improperly Prolong—Not "Materially Advance"—the Proceedings

Defendants' motion is deficient with respect to all three factors outlined above, but their failure to satisfy the third factor alone is enough to reject their motion: this appeal would not "materially advance the ultimate termination of the litigation." Courts are quick to reject motions for interlocutory appeal where, as here, they are filed on the eve of trial and would unduly delay the proceedings.

*Corwin v. NYS Bike Share LLC*, 2017 WL 1318010 (S.D.N.Y. Apr. 7, 2017), is instructive. While "[t]here is no question that the first two statutory criteria [we]re met in th[at] case," the court explained that "it is plain that permitting an interlocutory appeal at this juncture, on the very eve of trial, would severely delay the termination of the litigation. Such an appeal would lead to the proceedings being stayed, potentially for years, as to all parties. On the contrary, proceeding to trial and final judgment would lead to a prompt finding as regards to liability and damages as to all the defendants remaining in the case." *Id.* at *8-9. And *Corwin* is just one decision among many so holding. *See, e.g.*, *Falise v. Am. Tobacco Co.*, 94 F. Supp. 2d 316, 357 (E.D.N.Y. 2000) ("To delay proceedings for appellate review on the eve of trial would not advance the ends of justice, and would unnecessarily burden both this court and the court of appeals."). Indeed, "[c]ourts have long held that 'allowing an appeal on the eve of trial would not advance the ultimate termination of litigation.'" *Philips N. Am. LLC v. Probo Med., LLC*, No. 2-21-cv-00298, 2024 WL 1146644, at *3 (S.D. W. Va. Mar. 15, 2024) (quoting *Conlin v. Sw. Cmty. Coll.*, No. 299CV247-C, 2001 WL 1018799, at *4 (W.D.N.C. Mar. 2, 2001)); *Menzel v. Scholastic, Inc.*, No. 17-CV-05499-EMC, 2020 WL 1308346, at *1 (N.D. Cal. Jan. 17, 2020) ("Here, even if there were a controlling question of law and substantial ground for difference of opinion, an immediate appeal will not materially advance the ultimate termination of the

litigation, particularly given that the instant case is essentially on the eve of trial."); *Pablo v. ServiceMaster Glob. Holdings, Inc.*, No. C 08-03894 SI, 2011 WL 3678824, at *1 (N.D. Cal. Aug. 22, 2011) ("Allowing defendants to file an interlocutory appeal . . . on the eve of trial will impede, rather than materially advance, the ultimate termination of this litigation.").

Defendants' motion creates just that situation here—as they request not only an interlocutory appeal, but also a stay of trial pending appeal. Courts have rejected such requests as turning 1292(b) on its head. *See Morgan Art Foundation Ltd. v. McKenzie*, No. 1:18-CV-04438 (JLR), 2026 WL 18584, at *5 (S.D.N.Y. Jan. 2, 2026) ("Confusingly, McKenzie argues that this prong has been met despite his corresponding request to push off trial to allow for the appeal. Granting certification here would only halt proceedings and invite piecemeal review — contrary to Section 1292(b)'s statutory purpose.") (citation omitted). Even Defendants' cited cases only indicate support for an interlocutory appeal if it "promises to advance the time for trial or to shorten the time required for trial." *See Capitol Records, LLC v. Vimeo*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (quoting *Transp. Workers Union,* 358 F. Supp. 2d at 350).

But Defendants do not "promise" to shorten the time of any subsequent trial, nor—aside from their speculation, *see* Mot. 13 & n.5—is there any reason to believe that would happen. Defendants seek to delay a five-week trial that (at realistic best) would still result in a multi-week trial should they prevail on every issue they raise (which they should not), hardly justifying a lengthy delay for an immediate appeal.[2] Rather, the only thing Defendants can "promise" if their motion is granted is that, after an extended delay, an appellate resolution "may significantly

---

[2]  Defendants' reliance on *United States v. American Express Co.*, 838 F.3d 179 (2d Cir. 2016), *aff'd sub nom. Ohio v. Am. Express Co.*, 585 U.S. 529 (2018), is equally puzzling. Those appeals focused on fact-intensive issues involving market definition and anticompetitive effects, with the ultimate legal holdings stemming from the extensive trial record.

affect the parties' bargaining position" for the purposes of settlement negotiations. Mot. 7 (cleaned up). But this is true for every trial, and would improperly turn a strictly limited exception into the general rule in contravention of the firm policy of appellate review after final judgment.

### B. Defendants Do Not Raise Pure, Controlling Questions of Law

Defendants' motion asks this Court to certify two questions, but neither meets the high bar for certification. A question of law is "controlling" only if reversal would materially affect the outcome or conduct of the litigation. *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978). The question must also be "pure," such that "the reviewing court 'could decide [it] quickly and cleanly without having to study the record.'" *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (quoting *In re Worldcom*, No. M-47 (HB), 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)).  Here, Defendants' two questions on (1) customer-based markets and (ii) the tying claim, Mot. 1, are neither.

Even under Defendants' own framing, *see* Mot. 13 & n. 5, neither question independently satisfies the first requirement—if Defendants won on only one of their two questions it would not materially affect the course of the litigation because trial on federal antitrust claims would proceed. And, fatal to their motion, neither question involves a pure question of law.

Defendants' first question focuses on the definition of customer-based markets.  But "market definition is a deeply fact-intensive inquiry." *Regeneron Pharms. v. Novartis Pharma AG*, 96 F. 4th 327, 339 (2d Cir. 2024) (citation omitted). Courts must take a "pragmatic, factual approach to the definition of the relevant market," *Brown Shoe Co. v. United States*, 370 U.S. at 294, 336 (1962), and make "'a factual inquiry into the commercial realities faced by consumers.'" *Regeneron*, 96 F. 4th at 339 (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 482 (1992)).

Although Defendants insist they have presented the rare market definition question of pure law, the lone case they claim embodies their proffered rule—*Meta Platforms*—shows they are mistaken. *See* Mot. at 3 (citing *FTC v. Meta Platforms*, No. CV 20-3590 (JEB), 2025 WL 3458822, at *35 (D.D.C. Dec. 2, 2025)). In *Meta Platforms*, after the FTC failed to persuade the district court that the *Brown Shoe* factors supported its alleged product market, it pivoted to relying solely on a claim that a core customer group faced effectively higher prices. *Meta Platforms*, 2025 WL 3458822, at *11-36. In that context, the district court looked for evidence that the core group to which the FTC pointed actually faced higher prices and found the evidence wanting. *Id.* at *34-35.

By contrast, Plaintiffs have not to date attempted to define a market in similar fashion. Rather, Plaintiffs continue to rely on the *Brown Shoe* indicia and the hypothetical monopolist test (HMT), and the Court accordingly has found a genuine issue of material fact as to each of the customer-based markets regarding such evidence. S.J. Op. 21-26. If Plaintiffs fail to establish customer-based markets using *Brown Shoe* evidence and HMT, like the FTC in *Meta Platforms*, pivot to relying on claimed price differentials, the resulting record-intensive factual question will be properly presented on appeal from final judgment. It is an entirely inappropriate issue for resolution on interlocutory appeal.

Defendants' second question, regarding market definition for the tied product, similarly goes well beyond purely legal questions. For starters, the arguments are premature given that Defendants have filed their second motion in two business days on the same question without waiting for the Court to resolve the first motion. In any event, interlocutory appeal is improper because Defendants are incorrect on the law, *see* Dkt. 1057, and these arguments also implicate

highly fact-specific issues. Although Defendants again claim they have isolated a pure legal question, that is false.

As with the first question, this second question focuses on the highly fact-specific exercises of market definition and anticompetitive effects. In the Summary Judgment Order, this Court found only that Plaintiffs' alleged market of promotions services to MCVs lacked sufficient evidence. S.J. Op. 12. But controlling precedent allows the fact-finder to define the contours of the relevant market as the evidence warrants. *See United States v. Continental Can Co.*, 378 U.S. 441, 457 (1964) (holding that "nothing [] preclude[d]" the Court from defining a relevant market that "was not pressed upon the District Court" by either party, so long as it was supported by the evidence); *United States v. Energy Solutions, Inc.*, 265 F. Supp. 3d 415, 437 (D. Del. 2017) (defining broader relevant markets than the government asserted, because "[t]he court's decision to not further sub-divide the markets does not end the analysis"). Accordingly, Plaintiffs may present evidence to the jury regarding a promotions services market for artists that is not limited to MCVs. Moreover, this Court found sufficient evidence of anticompetitive effects to raise factual disputes for trial. Simply put, as with the first question, this is not only a record-intensive inquiry, but one on which the relevant trial record has not yet been developed.

### C.  There Is No Substantial Ground for Difference of Opinion

Not only do Defendants fail to identify "pure" controlling questions of law, they are also unable to meet the second factor for either question. Courts have found substantial ground for difference of opinion where there is "conflicting authority on the issue or the issue is particularly difficult and one of first impression in the Second Circuit." *United States ex rel. Colucci v. Beth Israel Med. Ctr.*, No. 06 CIV 5033 (DC), 2009 WL 4809863, at *1 (S.D.N.Y. Dec. 15, 2009) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)). But movants cannot simply invoke the interlocutory appellate process "as a vehicle to provide early review [even] of

difficult rulings in hard cases." *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008). Neither question meets the high bar for interlocutory appeal.

As for the first question regarding customer-based product markets, defendants argue that courts should define the relevant markets differently in monopolization cases from merger cases. Mot. 5-6. This argument is contrary to prevailing standards, including Supreme Court precedent. "Generally, the standards for determining a relevant market are the same under the various antitrust statutes, and courts routinely rely on cases decided under one statute when deciding cases under the other statutes." *FTC v. Tapestry, Inc.*, 755 F. Supp. 3d 386, 411 n.2 (S.D.N.Y. 2024) (citation omitted). Indeed, both the Supreme Court and Second Circuit look to the same legal principles for defining antitrust markets under different statutes. In *United States v. Grinnell Corp.*, for instance, the Supreme Court clearly stated—in a monopolization case premised upon the particularized needs and preferences of a subset of customers within a broader customer group—that there is "no reason to differentiate between 'line' of commerce in the context of the Clayton Act and 'part' of commerce for purposes of the Sherman Act." 384 U.S. 563, 573-74 (1966). Likewise, the Second Circuit relied on both Clayton Act merger cases and Sherman Act monopolization cases for defining relevant markets in *Geneva Pharms. Tech. Corp. v. Barr Lab'ys Inc.*, 386 F.3d 485, 496 (2d Cir. 2004); *see also Am. Express*, 585 U.S. at 542-44 (relying on merger, restraint of trade, and monopolization cases for market definition principles). And to the extent Defendants are again advocating for the rote application of a specific market definition formula, the Second Circuit has foreclosed that argument. *Regeneron Pharm.*, 96 F.4th at 338-40 & n.8 (2d Cir. 2024) (confirming plaintiffs may select the market definition methodology, including the "practical indicia" of *Brown Shoe* factors and the Hypothetical

Monopolist test, and "so long as an antitrust plaintiff adequately references one or more of the legal frameworks we have recognized as supporting a proposed market, 'there is no requirement to use any specific methodology'") (citation omitted).

Moreover, as this Court properly recognized in its summary judgment opinion, Defendants' position "would create the unusual result of conditioning the existence of a market on a monopolist's *use* of its monopoly power." S.J. Op. 19. But there is no requirement in a monopolization case to prove that a monopolist has exercised its market power to increase prices. *See, e.g.*, *Am. Tobacco Co. v. United States*, 328 U.S. 781, 811 (1946) ("the material consideration in determining whether a monopoly exists is not that prices are raised and that competition actually is excluded but that power exists to raise prices or to exclude competition when it is desired to do so"); *Conwood Co. v. U.S. Tobacco Co.*, 290 F.3d 768, 783 n.2 (6th Cir. 2002) (same); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 274 (2d Cir. 1979) ("the fact that the power has not been used to extract improper benefits provides no succor to the monopolist"). And Defendants' proposed rule would improperly eliminate altogether the "indirect" path of establishing anticompetitive effects. S.J. Op. 19.  Defendants have no response to that.

Defendants attempt to gin up a "controversy" based primarily on one sentence that appears to state a logical, rather than legal, proposition (not followed by any case citation) in an out-of-circuit district court opinion that is currently on appeal. *See Meta Platforms*, 2025 WL 3458822, at *35; *FTC v. Meta Platforms, Inc.*, Case No. 26-cv-5028 (D.C. Cir.). But it is unlikely that an appellate court in this case will depart from the well-settled Supreme Court and Second Circuit precedent described above. To the extent Defendants seek to argue that this is the unicorn monopolization case that actually *does* require direct proof of increased prices, they are

free to advance that argument on appeal from final judgment, but it certainly does not warrant last-minute interlocutory review.

On the tying issue, there are some different articulations on the elements for per se liability—as Plaintiffs' letter response on the issue discusses. Dkt. 1057 at 2. But none of the applicable precedent requires formal market definition of the tied product, as Defendants argue. Thus, any difference of opinion will not help them prevail on immediate appeal.

Defendants also claim that *Jefferson Parish Hosp. District No. 2 v. Hyde,* 466 U.S. 2 (1984), stands for the proposition that "[t]he per se rule now applies only when the practice at issue lacks procompetitive or efficiency justifications." Mot. 11. Not so. *Jefferson Parish* cabined the per se tying rule to circumstances that meet the following requirements: a defendant with market power over a tying product has forced or coerced customers into purchasing a separate, tied product, and a not insubstantial amount of commerce is affected for the tied product. 466 U.S. at 26. Any claimed procompetitive benefits from such a tie are not cognizable because—in meeting those criteria—the conduct is deemed inherently anticompetitive and per se illegal. *See, e.g., In re Wireless Telephone Services Antitrust Lit*., 385 F. Supp. 2d 403, 414 (S.D.N.Y. 2005) ("If a plaintiff succeeds in establishing the existence of sufficient market power to create a *per se* violation, the plaintiff is also relieved of the burden of rebutting any justifications the defendant may offer for the tie."). If Defendants would like the courts create a new exception to the per se elements around the fact-intensive claim (on which they carry the burden) that their conduct has procompetitive benefits, they are free to so advocate on appeal from final judgment where the appellate court will have the benefit of the full trial record.

### III.    A Stay Pending Appeal is Not Warranted

Defendants fall far short of meeting the demanding criteria for a stay pending appeal. First, they have little, if any, likelihood of success on the merits. If this Court certifies an

interlocutory appeal under Section 1292(b), the most likely outcome is that Defendants' petition for interlocutory appeal will be denied for a lack of appellate jurisdiction under the Expediting Act by the Second Circuit motions' panel. See Part I, supra. Even if the Second Circuit were to reach the merits, it would likely rule for Plaintiffs on both issues presented, for the reasons given in the summary judgment order as to targeted-customer markets and for the reasons in Plaintiffs' letter on the tying issue (on which this Court has not yet ruled). *See* Section II.B., supra.

Second, Defendants identify no irreparable harm other than the common expenses of trial. "Courts regularly hold, however, that such monetary losses in connection with continued litigation do not constitute irreparable harm" *In re Arcapita Bank B.S.C.*, No. 23-cv-02310 (LMK), 2023 WL 3558243, at *2 & n.9 (S.D.N.Y. May 18, 2023) (citing cases); *see also Renegotiation Board v. Bannercraft Co.*, 415 U.S. 1, 24 (1974) ("[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury").

In contrast, a last-minute stay that grinds the myriad moving parts of trial preparation to a halt would greatly prejudice Plaintiffs. While Defendants will rely at trial on the testimony of many of their own employees—over whom they exercise some control—Plaintiffs' case relies on numerous third-party witnesses. Plaintiffs do not control those witnesses—many of whom have already made travel plans—and it is possible they will not be available at a later trial date. Although that may be a desirable outcome for Defendants, it is a key reason that last-minute interlocutory appeals and stays on the eve of trial are greatly disfavored.

Finally, the public interest weighs starkly against a stay pending appeal. Defendants' anticompetitive conduct has harmed, and will continue to harm, consumers until it is deemed unlawful. This last, desperate attempt to avoid that outcome—on the eve of trial—should be rejected so Defendants can be held accountable by a jury for their anticompetitive conduct.

## CONCLUSION

The Court should deny Defendants' motion for interlocutory appeal under 28 U.S.C.

§ 1292(b), and for a stay of the trial pending appeal.

Respectfully submitted,

*/s/ Bonny Sweeney*
BONNY SWEENEY
*Co-Lead Trial Counsel*
David Dahlquist
*Co-Lead Trial Counsel*
David M. Teslicko

United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Bonny.Sweeney@usdoj.gov
David.Dahlquist@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email: amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Brent Nakamura
Brent Nakamura (admitted *pro hac vice*)
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Victoria Maria Orton Field
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

/s/ Richard S. Schultz
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

*/s/ Jesse Moore*
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*


*/s/ Noah Goerlitz*
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*


*/s/ Christopher Teters*
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*


*/s/ Mario Guadamud*
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*


*/s/ Schonette J. Walker*
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

*/s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of
Massachusetts*


*/s/ LeAnn D. Scott*
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*


*/s/ Zach Biesanz*
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

*/s/ Lee Morris*
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov
*Attorney for Plaintiff State of Mississippi*

*/s/ Justin C. McCully*
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

*/s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

*/s/ Zachary Frish*
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

*/s/ Andrew F. Esoldi*
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition
Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

*/s/ Evan Crocker*
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

*/s/ Jonathan H. Hatch*
Jonathan H. Hatch
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

*/s/ Francisco Benzoni*
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

/s/ Sarah Mader
Sarah Mader (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

/s/ Cameron R. Capps
Cameron R. Capps (admitted *pro hac vice*)
Deputy Attorney General
Consumer Protection
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-0858
Fax: (405) 522-0085
Email: Cameron.Capps@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*

/s/ Gina Ko
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania*

/s/ Paul T.J. Meosky
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ Jared Q. Libet
Jared Q. Libet (admitted *pro hac vice*)
Assistant Deputy Attorney General
Office of the Attorney General of South
Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South Carolina*

/s/ Bret Leigh Nance
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

/s/ Hamilton Millwee
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

*/s/ Marie W.L. Martin*
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

*/s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

*/s/ David C. Smith*
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Ashley A. Locke*
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

*/s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo.gov
*Attorney for the Plaintiff State of Wyoming*

## Certificate of Compliance

In accordance with Local Civil Rule 7.1(c), and Rule 8(c) of this Court's Individual Practices in Civil Cases, I certify that the word count of this memorandum of law is 4,682 words, which includes footnotes but excludes the caption, any index, table of contents, table of authorities, signature blocks, or any certificates. This certificate is made in reliance on the word count of the word-processing program used to prepare the document.

*/s/ David M. Teslicko*
*Attorney for Plaintiff United States of America*