`

**VIA ECF**  February 24, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, respectfully requests leave to submit the below comments on the confidentiality procedures proposed by the parties in their Proposed Joint Pretrial Order (ECF No. 1031), propose modifications to those procedures, and request the Court's guidance.

The parties' exhibit lists identify more than 130 exhibits in this litigation that were produced by SeatGeek and designated Confidential or Highly Confidential under the Amended Protective Order (ECF 347), including more than 110 exhibits on Defendants' exhibit list. Many of these documents are lengthy, including contracts, board presentations, and financial statements. Defendants' exhibits include a *single* exhibit (DX-1393) consisting of approximately 80 SeatGeek ticketing contracts totaling more than 2,000 pages, and another *single* exhibit (DX-1493) consisting of approximately 40 SeatGeek board meeting presentations, also totaling more than 2,000 pages. The vast majority of these materials were not used at any of the six depositions of SeatGeek witnesses and do not, on their face, suggest any particular reason why they would be used at trial, and Defendants have separately marked standalone copies of some of these documents.

In compiling DX-1393 and DX-1493, Defendants appear to have simply endeavored to mark as exhibits all of SeatGeek's ticketing contracts and board presentations, without any serious consideration of the relevance any particular contract or board presentation might have to the case. Yet all of these documents are competitively sensitive, and the board presentations, in particular, contain detailed information about numerous high-level strategic decisions and deliberations that have taken place at the board and upper management levels since SeatGeek entered the primary ticketing industry. While SeatGeek recognizes that certain portions of some of its documents may be discussed and shown in open court, it has a compelling interest in continuing to maintain the confidentiality of those documents, and portions thereof, that will not be used.

In the absence of any indication as to how these voluminous materials would be used or which portions would be at issue, the task of proposing confidentiality redactions on these compendia exhibits imposes an undue burden on SeatGeek. Requiring a meaningful review of 4,000 pages of bespoke, heavily negotiated commercial agreements and detailed board-level analyses, none of which is likely to be used in open court, would be unreasonable. Without any reason to believe that any particular portion of the compendia will actually be shown in court (and thus subject to a heightened presumption of public access), SeatGeek's only viable approach would be to propose redactions to the compendia in their entirety, in order to ensure that the portions not used in court (undoubtedly the vast majority) remain confidential. Should Defendants notify SeatGeek on an

evening during trial that they intend to use one of the compendia in open court the next day, disputes will inevitably arise, and SeatGeek anticipates that it will be difficult to resolve such disputes in the short three-hour window the parties currently contemplate to raise and resolve confidentiality disputes with non-parties. *See* Proposed Joint Pretrial Order ¶ 61. SeatGeek is also concerned that similar scenarios will arise in connection with large standalone exhibits, particularly if parties do not narrow the scope of their designation requests, given the short timeframe the parties propose for resolution of disputes.

Accordingly, to maximize the likelihood of productive resolution of disputes, SeatGeek requests the following modifications to the nonparty confidentiality procedure set forth in the Proposed Joint Pretrial Order:

*First,* SeatGeek requests that for lengthy exhibits, parties be required to disclose to the producing non-party, to the extent reasonably practicable, the specific portion(s) of the exhibit that they intend to use in open court. This would allow parties and non-parties to focus their disputes on issues that require immediate resolution.

*Second,* SeatGeek requests that the current deadlines for non-party exhibit confidentiality, as set forth in Paragraph 61 of the Proposed Joint Pretrial Order, be modified as follows: (i) parties using Confidential or Highly Confidential non-party exhibits identify such documents to non-parties no later than 6:30 p.m. *two* days before they will be used; (ii) a non-party seeking to maintain confidentiality protections for any such exhibits inform the parties by 6:30 p.m. on the day before they will used; and (iii) the parties and relevant non-party meet and confer no later than 9:30 p.m. that same night. Under the parties' proposal, non-parties would have only three hours to review the exhibits to be used, finalize confidentiality designations, and meet and confer with parties to resolve disputes. SeatGeek's proposal would give non-parties a reasonable time, after parties have identified the particular documents (or portions of documents) they intend to use, to confirm their confidentiality designations, narrow and resolve disputes, and reduce the likelihood that disputes would need to be presented to the Court.

To the extent that the parties are concerned that either of the above proposals would prejudice their examination of a client, the Court can address those concerns through an order restricting a non-party counsel's use, or disclosure to other parties or witnesses, of information provided for purposes of resolving confidentiality issues.

*Third,* SeatGeek requests that the current deadlines regarding use of non-party confidential material in opening statements and closing arguments, as set forth in Paragraph 63 of the Proposed Joint Pretrial Order, be amended so that non-parties are notified of the intended use of such material in opening statements by 9:00 p.m. ET two days before the beginning of opening statements (rather than 1:00 p.m. the day before the beginning of opening statements), and that non-parties are notified of the intended use of such material in closing statements by 3:00 p.m. ET the day before the beginning of closing arguments (rather than 7:00 p.m.). As proposed, non-parties would have only five hours to respond to a notice of use of confidential material in opening statements, and only one hour to respond to a notice of use of confidential material in closing arguments. Neither is reasonable.

*Fourth,* SeatGeek requests that the final pretrial order confirm that documents designated Confidential or Highly Confidential under the Amended Protective Order retain those designations unless and until they are introduced at trial, even if no redactions have been proposed.

Finally, SeatGeek requests specific guidance from the Court as to whether the Court will require non-parties seeking confidential treatment to file a motion to seal on the docket, in addition to the email submission of disputes described in Section XV of the Proposed Pretrial Order.

SeatGeek appreciates the Court's consideration of these issues. SeatGeek's counsel will be available to address these issues at the February 25 pretrial conference.

Respectfully submitted,

COHEN & GRESSER LLP


  /s/ Ronald. F. Wick
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.