

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

February 24, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

Non-party Anschutz Entertainment Group, Inc. ("AEG"), through the undersigned counsel, submits this letter to respectfully request a limited modification to the procedures governing confidentiality set forth in XV.B.61 of the Proposed Joint Pretrial Order (ECF No. 1031; *see* ECF No. 1053).

The parties' exhibit lists include more than 130 exhibits produced by AEG in this litigation, all of which are designated Confidential or Highly Confidential under the Amended Protective Order (ECF No. 347). AEG understands that the procedures set forth in the Proposed Joint Pretrial Order require the parties to provide notice of which exhibits they intend to use in witness examination at 6:30 p.m. the evening before a witness testifies and for AEG to provide proposed confidentiality redactions that same evening at 8:30 p.m. (ECF No. 1031). While AEG is prepared to proceed pursuant to the proposed schedule for the vast majority of exhibits, there are three categories of exhibits for which this procedure is unreasonable and unduly burdensome.

Defendants' exhibit list contains **(1)** several audit reports detailing AEG and its subsidiaries' non-public financial information and investments (*see* DX-0360, DX-0510, DX-0555, DX-0746, DX-0836, DX-1013); **(2)** a composite exhibit consisting of approximately 148 AXS ticketing contracts and amendments totaling more than 2,300 pages (*see* DX-1394); and **(3)** a deposition transcript from Plaintiff's pre-Complaint investigation into Defendants' conduct containing more than 230 pages of testimony (*see* DX-1499). Each of these categories of exhibits are lengthy and contain AEG's most competitively sensitive information. Absent advanced notice of the specific portions of these exhibits the parties intend to use in open court, AEG will be required to undertake detailed confidentiality redactions of thousands of pages of confidential material, only a fraction of which is likely to be used in witness examinations. This is unreasonable and unduly burdensome. Moreover, AEG has a compelling interest in continuing to maintain the confidentiality of these exhibits and any portions thereof that will not be used in open court.

On February 20th, counsel for AEG proposed a modified pretrial disclosure procedure to Live Nation with respect to Defendants' composite contract exhibit (DX-1394) that would require Live Nation to provide an additional 24 hours' notice and identify the portions of the composite exhibit intended for use in witness examination. Live Nation declined and noted that it would proceed consistent with the Joint Proposed Pretrial Order and any additional guidance the Court may provide. Accordingly, AEG respectfully requests that the Court modify the Proposed Joint Pretrial Order as follows: (i) parties using any of the above categories of non-party exhibits in their witness examinations must identify to the producing non-party the specific exhibit and *the specific pages of the exhibit* intended for use in

The Honorable Arun Subramanian             - 2 -

open court by 6:30 p.m. *two* days before their use; (ii) a non-party seeking confidentiality protections for any portions of such exhibits inform the parties by 6:30 p.m. on the day before they will be used; and (iii) the parties and relevant non-party meet and confer no later than 9:30 p.m. that same night. This will allow AEG and the parties sufficient time to narrow and resolve disputes on material that will actually be presented in open court and will prevent the Court from needlessly entertaining sealing requests for thousands of pages of documents that will never be introduced in open court.

AEG additionally requests that the Court modify the pretrial order to confirm that documents designated Confidential or Highly Confidential under the Amended Protective Order maintain those designations unless and until they are introduced at trial, irrespective of whether those documents have been provided to the parties in unredacted or partially redacted form.

Finally, AEG understands that other non-parties to this litigation have filed sealing requests with respect to specific documents on the parties' exhibit lists in the event those documents are used at trial. Given the large volume of AEG documents on the parties' exhibit lists and the limited subset of those documents likely to be introduced at trial, and to avoid burdening the Court with unnecessary confidentiality requests regarding categories of material unlikely to be used in open court, AEG intends to submit for the Court's review only the specific exhibits that the parties identify for use in witness examinations. AEG welcomes the Court's guidance on this issue to the extent the Court expects confidentiality redaction submissions in advance of trial.

AEG appreciates the Court's consideration of these issues. Counsel for AEG will be available to discuss these issues at the pretrial conference on February 25, 2026.

                                                          Respectfully submitted,

                                                          */s/ Molly Pallman*
Molly Pallman (admitted *pro hac vice*)
Justin Bernick (admitted *pro hac vice*)
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*

Dated: February 24, 2026