UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America et al., <br><br>                                   Plaintiffs, <br><br> -against- <br><br> Live Nation Entertainment, Inc. and Ticketmaster L.L.C., <br><br>                                   Defendants. | 24-CV-3973 (AS) <br><br> ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Following today's pretrial conference, and subject to the clarifications made on the record, the Court orders as follows:

1. Another pretrial conference is scheduled for **Friday, February 27 at 2:00 PM**. The parties are instructed to dial in by calling 646-453-4442 and entering conference ID 448 159 531 followed by the pound (#) sign.

2. Plaintiffs should respond with any edits to the Court's proposed voir dire and preliminary jury instructions (Day 1 Script) by **5:00 pm on Thursday, February 26, 2026**. (The exception is with respect to the question highlighted by the Court on the voir dire, which must be addressed by **10 am**.)

3. Plaintiffs should be prepared at Friday's hearing to discuss any adjustments to Dr. Abrantes-Metz's analysis that can be made, and the timing for such, based on the available transactional data, to address the arguments raised by defendants as to customer location and time of purchase.

4. The parties are instructed to review the jury questionnaires and respond to the Court identifying those jurors that both sides believe should be called back for Monday, and which jurors are disputed (one side believes they should be called back), by **7:00 PM** on **Thursday**, **February 26.**

5. Plaintiffs are instructed to file a letter brief by **2:00 PM** on **Thursday**, **February 26, 2026** providing their authorities for restricting Live Nation's corporate representative from seeing confidential evidence at trial.

6. The motion to compel testimony from Ticketmaster's CTO is GRANTED in part as follows: Ticketmaster is compelled to produce its CTO to sit for a remote trial deposition by **February 27, 2026** (his last day of work) or otherwise agree to a later date. The deposition cannot exceed two hours.

7. Plaintiffs are ordered to respond to Live Nation's designations of Dr. Hill's testimony by **February 26, 2026** and the parties should continue to meet and confer in good faith, or if they are at an impasse, bring their dispute to the Court promptly.

8. With respect to the Rule 1006 exhibits, the parties are ordered to meet and confer so that plaintiffs can understand the underlying calculations in these exhibits by **February 27, 2026**. If there continues to be an objection after the parties have had an opportunity to meet and confer, it can then be raised with the Court.

9. The parties are ordered to withdraw any objections that they are not asserting, which have become moot, or otherwise were addressed by the Court's rulings on the motions in limine by **Friday, February 27 at 5:00 PM.** As stated at the hearing, the Court has already warned the parties that they must engage in this process in good faith. If one side or the other is not trying to resolve these in good faith, then the Court will take action, potentially including overruling objections categorically for procedural misconduct in this case.

10. With respect to third party confidentiality procedures, the Court adopts the proposal submitted by SeatGeek, Dkt. 1066, with the additional clarifications: (1) the parties should make their best efforts to limit the potential scope of exhibits likely to be used to allow third parties to review the documents in time while preserving the parties' ability to supplement the exhibits that they may use after the fact, and consistent with the procedures in the parties' proposed joint pre-trial order (subject to the modifications on timing for issues brought to the Court); and (2) third parties are instructed not to share the third party materials that are intended to be used with either the opposing side or the witness who will testify.

11. Outstanding legal issues (such as outstanding evidentiary objections, objections to demonstratives, or objections to witnesses' testimony) should be raised with the Court by 9 pm ET the day before a dispute arises. The Court anticipates that each side should be able to raise their disputes with the other side by 5 pm ET at the latest, so that they will have ample time to meet and confer before that deadline.

12. With respect to Azoff Group's motion to redact, it is GRANTED in part and DENIED in part. The artists' names should not be redacted, but other personal information (e.g. cell

      phone numbers, personal financial information) should be, as the parties don't oppose.

13. As stated on the record, nonparties must make a good faith effort to engage in the designation and confidentiality process.

14. As set forth on the record, for the third parties identified by Live Nation, who will solely be called by plaintiffs, where the examination will be limited to the scope of direct examination, and who they believe will testify adversely to their position, they may proceed on the assumption that they may conduct their examination with leading questions. If during the direct examination, either plaintiffs or the Court determine that this method of questioning will be inappropriate, then that issue will be raised and Live Nation will need to modify the mode of examination.

SO ORDERED.

Dated: February 25, 2026
       New York, New York

                                                    ARUN SUBRAMANIAN
                                                    United States District Judge