**VIA ECF**                                                                                                February 26, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

     Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, respectfully requests leave to submit the below comment on Defendants' request to allow Live Nation's corporate representative, Daniel Wall, access to non-parties' unredacted trial exhibits.

     *First,* Defendants' February 26 letter appears to significantly expand the scope of access to confidential material sought by Defendants at the pretrial conference. At the pretrial conference, the Court confirmed, at SeatGeek's request, that with the exception of allowing Mr. Wall to preview Defendants' opening statement, Defendants were seeking only to permit Mr. Wall access to materials shown to the jury, *i.e.,* unredacted exhibits actually introduced into evidence at trial. Troubling as that proposal was, Defendants' letter of today now seeks to provide Mr. Wall with access to non-party confidential information "before it is used at trial." (ECF 1087.) As Defendants have pointed out repeatedly, they do not know, and will not know at the beginning of a particular examination, which exhibits they will use at trial. Their request thus presumably contemplates providing Mr. Wall access to exhibits that will *not* be used—*i.e.,* access to *all* marked non-party exhibits. Yet most of these materials will not be used at trial, will not be identified to non-parties as likely to be used at trial, and thus will not receive confidentiality designations. In effect, this would result in Mr. Wall's having access to more than 200 of SeatGeek's Confidential and Highly Confidential documents, including its *entire* compendia of *unredacted* contracts and board presentations discussed in SeatGeek's confidentiality proposal and in court yesterday. This is *far* beyond anything the jury will see.

     *Second,* even as to exhibits used at trial, we have found no authority that prevents a company's corporate representative at trial from being subject to restrictions on his or her access to confidential exhibits and demonstratives used at trial. A company's ability to have a corporate representative at trial stems from the Federal Rules of Evidence, originally enacted by Congress.[1] Under Federal Rule of Evidence 615 ("Rule 615"), a company may have one designated representative present throughout trial and excluded from witness sequestration requirements. Fed. R. Evid. 615(a). The focus of Rule 615 is the ability to hear witness testimony, to avoid problems of confrontation and due process for parties that are not natural persons. *See* Fed. R. Evid. 615, Notes of Advisory Committee on Proposed Rules. However, Rule 615 does not impose any requirement that a corporate representative have access to anything other than witness

---

[1] *See e.g., Margolies v. Rudolph,* No. 21-CV-2447-SJB, 2022 WL 2062460, at *9 (E.D.N.Y. June 6, 2022) ("The Federal Rules of Evidence were originally enacted by Congress; thereafter, new rules and amendments were approved by the Supreme Court pursuant to its authority under the Rules Enabling Act).

testimony.  *See* Fed. R. Evid. 615(a).  The Advisory Committee Notes and subsequent amendments to Rule 615 are similarly silent on a corporate representative's access to trial exhibits or demonstratives.

The right of public access to judicial documents, by contrast, is grounded in the First Amendment and thus necessarily carries at least as much weight as any right of access the party's designated corporate representative may have under Rule 615.  Yet even this right is not absolute.  Courts still maintain discretion to seal or redact trial exhibits when competing interests, such as confidentiality of business information, outweigh the public right of access.  *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 115-CV-00211 (LGS) (SDA), 2021 WL 2935963, at *1-2 (S.D.N.Y. July 13, 2021) (ordering certain trial exhibits to be redacted "because they contain confidential business, contractual, technical and financial information"); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  If the Court determines that a non-party's confidentiality interest regarding a particular exhibit outweighs the public right of access, then it follows that that interest also outweighs any right of access that Defendants' corporate representative might have.

Under Federal Rule of Civil Procedure 83, where there is no controlling law, courts are explicitly authorized to regulate practice in "any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."  Fed. R. Civ. P. 83(b).  Given Rule 615's silence on a corporate representative's access to trial exhibits, the court has discretion to restrict the corporate representative's access to exhibits as needed.

SeatGeek is deeply concerned that the information the Court deems to be of the utmost competitive sensitivity would become available to an executive of Defendants who reports directly to Live Nation's CEO and President and advises the company "on *all* issues relating to competition" (ECF 184 at ¶ 7) (emphasis added).  Regardless of any agreement Mr. Wall undertakes regarding his use of confidential information he learns about Defendants' competitors at trial, he cannot unlearn that information, and he cannot reasonably be expected to compartmentalize that knowledge when he advises Defendants on, for example, competitive contract negotiations or competitive strategies.  The same limitations that apply to the public's access should apply to Mr. Wall.

Respectfully submitted,

COHEN & GRESSER LLP

*Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
Derek Jackson
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.