Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

February 26, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

Non-party Anschutz Entertainment Group, Inc. ("AEG") submits this letter in response to Defendants' letter regarding Dan Wall, Live Nation's Executive Vice President for Corporate and Regulatory Affairs. Dkt. No. 1087. At yesterday's pretrial hearing, Defendants requested Mr. Wall's unfiltered access to all materials and deposition testimony introduced at trial pursuant to his role as Live Nation's corporate designee. Defendants' letter, however, clarifies that Mr. Wall actually wants more.

Live Nation's submission makes clear that Mr. Wall now intends to use his corporate designee status as a backdoor to the very discovery record that he has repeatedly been barred from accessing during this case. Specifically, Defendants' submission appears to request Mr. Wall's unfettered access to potentially all documents on the parties' exhibit lists—without any notification to third parties and at his own lawyers' unilateral discretion as to what warrants sealing—the majority of which will never be introduced at trial. AEG is unaware of any precedent that allows such unilateral de-designation of Confidential or Highly Confidential non-party materials by a corporate designee for the purpose of "assist in developing cross examination for . . . competitor witnesses, among others," and Defendants cite none.[1] AEG respectfully requests that *at a minimum* any order with respect to Mr. Wall's access to non-party materials in his role as a corporate designee (1) explicitly cabin his access to non-party materials to *materials actually introduced at trial* and (2) prohibit counsel for Defendants from unilaterally de-designating non-party materials designated Confidential or Highly Confidential for Mr. Wall's review.

To be clear, even with respect to materials actually used at trial, AEG opposes any order that would grant Mr. Wall blanket access to its sealed information. As the Court is aware, AEG is a direct competitor to Defendants in both promotions and ticketing businesses, and the parties have indicated that they may introduce some of AEG's most competitively sensitive information at trial, such as its trade secrets, contract terms, and future acquisition and business plans. The disclosure of this material at trial as opposed to during discovery does not negate the competitive harm that would befall AEG as set forth in its prior filings opposing Defendants' repeated requests for Mr. Wall's access, including because of his intimate involvement in competitive decision-making at Live Nation and his

---

[1] Moreover, Defendants' request directly contradicts this Court's trial confidentiality procedure, which requires that third parties have the opportunity to redact or seal their confidential materials before such materials are disclosed to the public, including Defendants' employees. Dk. No. 1086; *see also* Dkt. No. 1078 (requiring the parties provide at least two-days' notice before disclosing third parties' confidential information at trial).

role as the public face of these proceedings. *See, e.g.*, ECF Nos. 201-1, 675, 816.  Any attestation by Mr. Wall that he will not misuse AEG's confidential information fails to alleviate AEG's concerns.  As Judge Wu held in *Heckman v. Live Nation Entertainment, Inc.*, Mr. Wall "would not be able to 'lock-up' [AEG's] confidential information in [his] minds when advising company executives on other issues, and would instead be placed in the 'untenable position of having to refuse [his] employer legal advice on a host of contract, employment, and competitive making decisions lest [he] improperly or indirectly reveal" AEG's confidential information. 2025 WL 1720178, (C.D. Cal. May 13, 2025), *adopted as final,* Case No. 2:22-cv-00047-GW-GJS (C.D. Cal.), Dkt. No. 370 (citation omitted); *see also Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530-31 (N.D. Cal. 2000) ("[G]ood intentions are insufficient to prevent inadvertent disclosure of confidential information because it is not possible . . . to 'lock-up trade secrets in [his] mind.").

Finally, even if this Court is inclined to grant Mr. Wall's request to access non-party materials used at trial, AEG respectfully requests that it preserve the ability to object on a case-by-case basis once AEG knows what specific materials or testimony are at issue and the impact of their disclosure.  Any blanket order that Mr. Wall can review non-party materials without clarity on what those materials are is otherwise premature.

For the aforementioned reasons, AEG objects to Defendants' request for Mr. Wall's unrestricted access to non-party materials as Live Nation's corporate designee.  To the extent this Court is inclined to grant Defendants' request, AEG respectfully requests that such an order limit Mr. Wall's access to materials *actually introduced* at trial and preserve AEG's ability to argue against disclosure to Mr. Wall on a case-by-case basis once the material at issue becomes known.

Respectfully submitted,

*/s/ Justin W. Bernick*
Justin Bernick (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*

Dated: February 26, 2026