February 26, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 23B
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS

Dear Judge Subramanian:

On behalf of Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Defendants") in the above-referenced action, we write pursuant to Rules 11(B) and 11(C)(i) of the Court's Individual Practices in Civil Cases to request that certain portions of Plaintiffs' Submission Regarding Defendants' pending Motion to Exclude the Reports, Opinions, and Testimony of Monetary Relief States' Damages Expert Dr. Rosa Abrantes-Metz ("Plaintiffs' Submission") and Exhibits 3, 4, 5, and 7 thereto (ECF Nos. 1064, 1064-3, 1064-4, 1064-5 & 1064-7) remain under seal. Specifically, Defendants seek to seal the following information:

- Plaintiffs' Submission: Defendants seek to maintain sealing of all language highlighted by Plaintiffs that pertains to Defendants. Specifically, Plaintiffs' Submission contains language disclosing competitively sensitive contract terms regarding negotiated fees and payments made pursuant to contracts with non-parties that are currently in effect.

- Exhibit 3 is an agreement between Defendant Ticketmaster and a non-party to this action. Defendants seek to maintain sealing of the contract in full as it contains competitively sensitive contract terms regarding negotiated fees and payments made pursuant to contracts with non-parties that are currently in effect.

- Exhibit 4 is an agreement between Defendant Ticketmaster and a non-party to this action. Defendants seek to maintain sealing of the contract in full as it contains competitively sensitive contract terms regarding negotiated fees and payments made pursuant to contracts with non-parties that are currently in effect.

- Exhibit 5 is an agreement between Defendant Ticketmaster and a non-party to this action. Defendants seek to maintain sealing of the contract in full as it contains competitively sensitive contract terms regarding negotiated fees and payments made pursuant to contracts with non-parties that are currently in effect.

- Exhibit 7 is an agreement between Defendant Ticketmaster and a non-party to this action. Defendants seek to maintain sealing of the contract in full as it contains competitively sensitive contract terms regarding negotiated fees and payments

made pursuant to contracts with non-parties that are currently in effect. This contract also contains sensitive Personally Identifiable Information, including bank account numbers. *See* Court's Individual Practices in Civil Cases Rule 11(A).

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). "First, the court must determine whether the documents [at issue] are indeed 'judicial documents.'" *Id*. (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id*. Second, "the court must determine 'the weight of the presumption'" of public access. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption. *Id*. (citing *Amodeo*, 71 F.3d at 1050).

These documents should remain sealed because the public's interest in accessing these materials does not overcome the strong arguments in favor of protecting the information. The documents contain nonpublic pricing and contractual terms, which, if made public, could adversely affect both Defendants' relationships with other venues and the third-party venues' relationships with other ticketers. Courts routinely permit the sealing of documents in similar circumstances. *See, e.g., Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information") (citations omitted); *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-00933 (JAM), 2023 WL 5567614, at *6 (D. Conn. May 16, 2023) ("[C]onfidential commercial information of a business . . . has been recognized repeatedly as a proper subject for sealing.") (citations omitted) (internal quotations omitted); *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (holding that defendant's and a related third party's interests "in keeping the content of [the documents at issue] confidential outweigh[s] the public interest in access to judicial documents" because "the documents contain confidential information about [the third party's] relationship with . . . defendant," including "non-public information about pricing, credit, and termination terms, which, if made public, could adversely [a]ffect [the third party's] relationships with other dealer-customers, as well as [defendant's] relationships with other suppliers") (citations omitted).

Accordingly, Defendants respectfully request that Plaintiffs' proposed portions of Plaintiffs' Submission, as well as Exhibits 3, 4, 5, and 7 thereto remain under seal. Defendants seek to maintain sealing of Exhibits 3, 4, 5, and 7 in full.

*[signatures on following page]*

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| /s/ Alfred C. Pfeiffer | /s/ Lauren A. Moskowitz |

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

cc:    All Counsel of Record (via ECF)