

February 27, 2026

**VIA ECF**

**Nicole H. Sprinzen**
Direct Phone   202-471-3451
Direct Fax       202-499-2941
nsprinzen@cozen.com

The Honorable Arun Subramanian
U.S. District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc., et al*.; 1:24-cv-03973-AS-SLC
        Non-Party It's My Party, Inc.'s Objections to Live Nation Corporate Representative

Dear Judge Subramanian:

Non-party It's My Party, Inc. ("I.M.P."), through undersigned counsel, respectfully submits this letter in opposition to Defendants' request to allow Live Nation's corporate representative, Daniel Wall, to have access to specific unredacted non-party trial exhibits and other materials designated as confidential by I.M.P., namely DX-0895, DX-1133, and DX-1134/PX0193, both before and during trial.  I.M.P. makes this same request with respect to similar spreadsheets of compiled data and information that have been produced by I.M.P. pursuant to compelled process in this matter, but that have not been designated by any party as a potential trial exhibit.  To the extent that any of these records are accessible to Mr. Wall as potential trial exhibits or as exhibits used on cross-examination, the same risks to I.M.P.'s competitive, non-public trade secrets and business information exist.  In furtherance of its position, I.M.P. supports and adopts the arguments raised by other non-parties on this issue, *see* ECF Nos. 1088,1089, but will not restate them here.

I.M.P. has already brought DX-0895, DX-1133, and DX-1134/PX0193 to the Court's attention as requiring sealing at trial because of their highly sensitive nature and potential for grave competitive harm to I.M.P. if publicly disclosed or if known by the Defendants.  *See* ECF No. 1071.  Because of the serious and irreparable competitive harm that release of the financial details contained in these records would have upon I.M.P.'s ability to continue to operate as a promoter and venue operator, Mr. Wall should be barred from any access to those documents.  The same is true with respect to certain other records that have not been designated by either party as potential trial exhibits but that I.M.P. understands Live Nation is proposing Mr. Wall be able to review by virtue of their request that he have access to non-party confidential information and records "before it is used at trial."  ECF No. 1087.

The details reflected in the noted I.M.P. records directly implicate negotiations with talent to perform at I.M.P. venues and with promoters seeking to utilize I.M.P. venues, and reflect the terms resulting therefrom.  The documents are directly relevant to I.M.P.'s current competitive operations and overall business model, which are key components of competitive negotiations with Defendants.

The Honorable Arun Subramanian
February 27, 2026
Page 2

_____

Defendants' counsel have represented that Mr. Wall is consulted on "contract negotiations, pitch strategy, and other activities for which third-party pricing information and the like would be useful" but "only if and to the extent there is some legal issue that those who do make such decisions bring to his attention."  ECF No. 1087.  That distinction, however, does nothing to eliminate the competitive concerns of the access proposed for Mr. Wall and, in fact, highlights the risk with respect to the I.M.P. records that are the subject of this letter brief.  Even if he does not routinely engage in competitive negotiations on behalf of Live Nation, and even if he represents that he will use information to which he has access as Defendants' FRE 615 corporate representative only at trial, there would remain a grave risk for non-party I.M.P. because Mr. Wall cannot unsee or unknow the information he views during the course of trial.  It would be nearly impossible to divorce such information from his views and assessments of competitive issues brought to his attention after trial.  And, Defendants' knowledge of that information would be catastrophic to I.M.P.'s competitive position with respect to those issues in any negotiations with Defendants or other third-parties.

While I.M.P. has no basis to question the sincerity of Mr. Wall's willingness to agree that he will not reveal or use any non-public information learned during the course of the trial, *see id.,* practically speaking, such a measure does not adequately safeguard I.M.P.'s nonpublic, confidential business information that directly impacts (1) I.M.P.'s direct negotiations with Live Nation and Ticketmaster, or their competitors, for venues, promotion services, and ticketing, and (2) its negotiations with artists to perform at I.M.P. venues, which can be in competition with Live Nation venues.

Of particular concern is Defendants' position that Mr. Wall be allowed to review material before it is used at trial.  ECF No. 1087.  If permitted, Mr. Wall's access to I.M.P. confidential and competitively sensitive information may be unknown to I.M.P. because the trial exhibit lists do not necessarily reflect documents that may be used for strategy as to witness testimony, and for impeachment.  And I.M.P., therefore, would not have the opportunity to raise its concerns with the Court at that time.  As such, I.M.P. believes it appropriate to raise these issues now as the Court considers the scope of Mr. Wall's access to information and records at trial as a general matter.  The access afforded by FRE 615 to a corporate trial representative is not unfettered, and here may be properly limited to preserve the legitimate non-public trade secret and business operations interests of non-party I.M.P.  See ECF No. 1088.

To the extent this Court is inclined to grant Defendants' request, I.M.P. requests that (1) the Court preclude access by or disclosure to Mr. Wall of DX-0895, DX-1133, and DX-1134/PX0193 and (2) with respect to additional similar I.M.P. records consisting of spreadsheets of data, the Court limit Mr. Wall's access to materials *actually introduced* at trial and permit I.M.P. an opportunity to argue against disclosure to Mr. Wall on a case-by-case basis once either party determines they intend to use such record at trial, or once Defendants determine they wish to share such material with Mr. Wall.

The Honorable Arun Subramanian
February 27, 2026
Page 3

_____

We thank the Court for its attention to this matter.

Sincerely,

COZEN O'CONNOR

/s/ Nicole H. Sprinzen

By:     Nicole H. Sprinzen, *admitted pro hac vice*