

Eugene D. Kublanovsky, Esq.
eugene@edklaw.com

March 3, 2026

***VIA ECF***

Honorable Arun Subramanian
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973**

Dear Judge Subramanian:

We represent non-party Tennessee Football, LLC (the Titans). Under Rule 11, subparts (B), (C)(ii), and (C)(iv), of the Court's Individual Practices in Civil Cases and Section XV of the Pretrial order (ECF No. 1031; see ECF No. 1053), the Titans respectfully request that Plaintiffs' Exhibit 313 (PX0313), which is currently under seal at ECF No. 760-5 and proposed for use at trial, remain under seal or, alternatively, be redacted. The Titans will submit a copy of PX0313—with the Titans' proposed redactions highlighted—to the Court and the parties' counsel of record under seal via email. Defendants Live Nation Entertainment, Inc. and Ticketmaster LLC, who notified the Titans that they planned to introduce PX0313 at trial, do not oppose this motion.

PX0313 is a 2023 Exclusive Ticketing and Sponsorship Term Sheet between the Titans and non-party SeatGeek, Inc.; an active contract including non-public pricing terms and other competitively and commercially sensitive information that, if disclosed, could adversely affect the Titans' relationships with their current and prospective clients and business partners. PX0313 also discloses the names and professional roles of Titans employees.

The Titans produced PX0313 in response to a subpoena issued by the United States. The Amended Protective Order (ECF No. 347) permits a producing party to designate materials that contain non-public, commercially sensitive information warranting protection from public disclosure. *See* ECF No. 347 ¶¶ 2–4. Because PX0313 includes "confidential contractual terms" and public disclosure would reveal confidential and competitively sensitive information "likely to

New York
10 East 39th Street
12th Floor
New York, NY 10016

212.729.4707
www.edklaw.com

New Jersey
26 Park Street
Suite 2178
Montclair, NJ 07042

Honorable Arun Subramanian
March 3, 2026
Page 2

cause material and significant competitive or commercial harm," ECF No. 347 ¶ 2(f), the Titans designated PX0313 "Highly Confidential" under the Protective Order.

The parties have also agreed that categories of information warranting the presumption of sealing or redacting include: (1) "Personally Identifiable Information"; (2) "Specific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years;" (3) "Specific competitively sensitive contract terms in contracts currently in effect or contracts executed within the last four years"; and (4) "Current or future non-public figures regarding prices, costs or margins." ECF No. 1031 at 29.

Notwithstanding the parties' agreement on sealing and redacting, the Titans submit that PX0313 should remain under seal, or at least be submitted with the Titans' proposed redactions, under the three-step framework set out in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under that standard, even though PX0313 may be a judicial document subject to a presumption of public access, the "weight of that presumption" is overcome by "competing considerations," *id.*—namely, protecting the Titans' competitive standing. "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (cleaned up). That is why courts routinely recognize that sealing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," is an important countervailing interest that outweighs the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *accord, e.g.*, *Locus Techs. v. Honeywell Int'l Inc.*, No. 19 Civ. 11532 (PGG) (KHP), 2024 WL 5103334 at *2–*3 (S.D.N.Y. Dec. 13, 2024); *SEC v. Telegram Grp. Inc.*, No. 19-cv-9439 (PKC), 2020 WL 3264264 at *5–6 (S.D.N.Y. June 17, 2020).

For the reasons explained above, that is precisely the case here, and courts routinely permit sealing in these circumstances. *See ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, No. 24 MISC. 177 (LGS), 2024 WL 1702383, at *2 (S.D.N.Y. Apr. 18, 2024) (granting motion to seal "the parties' contract, which contains sensitive terms and conditions and pricing information"); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 704–08 (S.D.N.Y. 2017) (finding that a party's privacy interests outweighed the presumption of public access where the disclosure of that information could harm the party's "ability to maintain its existing clients and attract new clients" or otherwise "harm a litigant's competitive standing"). Similarly, courts routinely seal contracts— like this one—that contain confidentiality provisions. *See* ECF No. 760-5 at TFL_000385; *SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2023 WL 3477552 at *9 (S.D.N.Y. May 16, 2023) (granting third party's motion to seal contract terms between third party and defendant); *Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.*, No. 22 Civ. 1860 (KPF), 2025 WL 2977725 at *3 (S.D.N.Y. Oct. 21, 2025).

This Court has already recognized the seriousness of the confidentiality concerns that the Titans raise, as it recently granted the Titans' previous letter motion to seal the same document: Exhibit 165 to the Declaration of Michael G. McLellan filed in opposition to defendants' motion

Honorable Arun Subramanian
March 3, 2026
Page 3

for summary judgment. *See* ECF No. 1054 (granting the Titans' letter motion to seal at ECF No. 881).

       For these reasons, the Titans respectfully request that PX0313 remain under seal.

                Respectfully submitted,

                /s/ Eugene D. Kublanovsky
                Eugene D. Kublanovsky
                KUBLANOVSKY LAW LLC
                10 East 39th Street, 12th Floor
                New York, New York 10016
                Tel: (212) 729-4707
                Email: eugene@edklaw.com

                Joshua Counts Cumby
                Tennessee BPR No. 037949
                ADAMS & REESE LLP
                1600 West End Avenue, Suite 1400
                Nashville, Tennessee 37203
                Tel: (615) 259-1450
                Email: joshua.cumby@arlaw.com

                *Attorneys for Non-Party Tennessee Football, LLC*

Encl.