# Inner City Press

March 4, 2026

By ECF

Hon. Arun Subramanian, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

Re: Press application to unseal / for access to exhibits (and to proceedings) in USA v. Live Nation Entertainment, et al., 24-cv-3973 (AS)

Dear Judge Subramanian:

   Inner City Press has been covering the above captioned case, like many others, since the Complaint was filed in May 2024.

   Now that trial has begun, exhibits and filings are being withheld - as an initial matter, this specifically challenges the withholding of an exhibit this morning, seemingly a text message between witness Abbamondi and Patty Kim of Live Nation.

   It was said, Cut off the public view - but then the audio also went dead (as noted by your courtroom deputy after part of this was emailed to chambers, it was later restored; thank both of you).  Now:

## I. The Public and Press Have a First Amendment and Common Law Right of Access to Trial Exhibits

With the trial having commenced, the constitutional and common law presumption of public access attaches with full force to exhibits offered or used at trial. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption "can be overcome only by specific, on-the-record findings that sealing is necessary to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 124. Broad, categorical sealing of trial exhibits — particularly those introduced through live witnesses on matters central to the government's monopoly claims — cannot satisfy this standard.

Inner City Press specifically challenges the following pending motions to seal, none of which it appears have yet been granted:

*Dkt. 1108* — Letter Motion to Seal by non-party Tennessee Football, LLC (Tennessee Titans), filed March 3, 2026. The Titans seek to seal documents that

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

will be used at trial in a case centrally concerning how Live Nation's exclusive venue contracts operate across major sports and entertainment venues. Ticketing contract terms between a major NFL venue and Live Nation go to the heart of the government's monopoly claims. No generalized interest in commercial confidentiality can overcome the First Amendment and common law right of access to materials introduced at trial. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978); *Lugosch*, 435 F.3d at 119.

*Dkt. 1068* — Letter Motion to Seal by non-party LA Clippers LLC, filed February 23, 2026. Same analysis applies. The LA Clippers' relationship with Ticketmaster and any exclusive ticketing arrangements are directly relevant to the government's case and should not be sealed from public view once introduced at trial.

*Dkt. 1071* — Letter Motion to Seal by It's My Party, Inc. (IMP), filed February 24, 2026. IMP is a concert promoter whose relationship with Live Nation is squarely at issue. Documents reflecting that relationship introduced at trial cannot be sealed on generalized business confidentiality grounds.

*Dkt. 1072/1073/1074* — Live Nation's own sealed letter and declaration attaching three ticketing contracts as exhibits, filed February 24, 2026. Ticketing contracts are the alleged mechanism of monopoly maintenance in this case. Their terms cannot be shielded from the public whose interests the government is vindicating.

  More generally, this Court itself recognized the risk of over-sealing in this case. On December 30, 2025, the Court ordered that "the gut reaction of keeping everything confidential should be rejected," and directed parties to "be reasonable and razor-sharp in terms of the information that you want to keep from the view of defendants' in-house personnel, or alternatively third parties or the public." Dkt. 817. Yet the Court's February 20, 2026 omnibus order, Dkt. 1054, granted the approximately 80 sealing motions — the vast majority unopposed — without document-specific findings. Now that trial has commenced and these materials are being introduced before a jury in a case brought in the public interest, the tension between that December directive and the subsequent omnibus grants becomes acute. The presumption of access that attached at the courthouse door on March 4 requires that the above-quoted standard be applied going forward to exhibits offered at trial.

Inner City Press further notes the Court's February 20 omnibus order (Dkt. 1054) granting roughly 80 unopposed sealing motions. To the extent any materials

covered by that order are introduced at trial, Inner City Press reserves the right to challenge sealing on a document-specific basis as those exhibits are offered.

**II. A Public Process for Sealing Challenges Should Be Established**

This case involves an unusually large number of non-party intervenors seeking to seal documents. A more systematic process — similar to that employed by the District of Colorado, *see* https://www.cod.uscourts.gov/Seal.aspx — would serve the interests of efficiency and transparency. Inner City Press respectfully requests that the Court:

1. Direct that all motions to seal trial exhibits be filed on the public docket with notice to the press and public;

2. Establish a minimum 48-hour period before any sealing order is entered, during which press and public may object; and

3. Require that any party seeking to seal trial exhibits make specific, on-the-record findings supporting the seal rather than rely on generalized confidentiality designations made during discovery.

   If necessary, Inner City Press has standing to bring this application as a member of the press with a direct interest in covering this trial. *See United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009). To the extent formal intervention is required, this letter constitutes a motion to intervene for the limited purpose of challenging sealing orders and asserting press access rights.

Inner City Press respectfully requests that this application be acted upon promptly, as SDNY Judges Hellerstein, Castel, Caproni, Furman and others have done. See, https://storage.courtlistener.com/recap/gov.uscourts.nysd.516151/gov.uscourts.nysd.516151.85.0.pdf . And, US v. Combs, 24-cr-542 (AS) Dkt 336, Inner City Press filing to unseal. Your Honor on February 25 foresaw the press or public asking to unseal. This is it.

Counsel for the government (Mr. Dahlquist) and Live Nation (Mr. Marriott) are being expressly copied on this filing, which is being put on ECF to ensure receipt by others whose sealing requests are being challenged.

Respectfully submitted,

/s/ Matthew Russell Lee Inner City Press / Fair Finance Watch

cc: david.dahlquist@usdoj.gov, David.Marriott@lw.com