# KLARIS

March 5, 2026

VIA ECF

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   United States v. Live Nation Entertainment et al, No. 1:24-cv-03973 (AS)

Your Honor:

      I write on behalf of non-party Bloomberg L.P., the publisher of Bloomberg News ("Bloomberg"), to respectfully request modifications to the procedure by which requests to seal or redact trial exhibits are being addressed in this matter. Specifically, it appears that sealing requests are being submitted directly to chambers and that sealed exhibits are then being introduced into evidence without providing the public and the press any advance notice and an opportunity to be heard, and without on-the-record findings as to why sealing is justified. Bloomberg respectfully submits that, as set forth below, this procedure is incompatible with the well-established First Amendment and common law right of access to trial exhibits.

      Separately, Bloomberg respectfully requests that the Court issue direction to the parties regarding the timing and procedure by which trial exhibits that have been introduced into evidence are made available to the press and the public, as there does not appear to be any court-ordered procedure in place at this time.

**Sealing of Trial Exhibits**

      As the Court is aware, the public and the press have a presumptive First Amendment right of access to court proceedings and records. *New York Civil Liberties Union v. New York City Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012) ("the First Amendment guarantees a qualified right of access not only to criminal but also to civil trials and to their related proceedings and records"); *Matter of New York Times Co. (Biaggi)*, 828 F.2d 110, 114 (2d Cir 1987) (the qualified First Amendment right of access extends to "written documents submitted in connection with judicial proceedings"). The presumption of openness can only be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 1314 (1986) ("*Press-Enterprise II*").

**KLARIS**

Separate from the First Amendment presumption of access, "[t]he existence of [a] common law right to inspect and copy judicial records is beyond dispute." *Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 949 (2d Cir. 1980); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). A document filed with a court that is "relevant to the performance of the judicial function and useful in the judicial process" is a "judicial document" to which the common law presumption of access attaches. *Lugosch*, 435 F.3d at 119 (citation omitted). The presumption of access is at its zenith "where the requested documents [have] been introduced at trial." *U.S. v. Graham*, 257 F.3d 143, 150-51 (2d Cir. 2001); *see also United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("the public has an especially strong right of access to evidence introduced in trials"). And the public must be given notice and an opportunity to be heard prior to closure. *Application of The Herald Co.*, 734 F.2d 93, 102 (2d Cir. 1984).

The Court made clear at the February 25, 2026 pretrial hearing that it is fully cognizant of these principles and that there is a presumption against sealing of trial exhibits. 2/25/26 Hearing Tr. at 43:6-16. However, at that conference, the Court also indicated that the parties could submit sealing requests directly to chambers via email rather than posting them on the docket via ECF. *Id.* at 41:7-23. The Court then noted that members of the public could move to unseal such materials "once we address it in open court." *Id.* at 41:19-42:11.

Now that trial has commenced, it has become apparent that sealed exhibits are being introduced into evidence, with the courtroom monitors turned off, without notice or an opportunity for the press to be heard in opposition to sealing, and without any public disclosure of the reasons for sealing. Bloomberg respectfully submits that this is not consistent with the required procedures under the authority cited above. Bloomberg therefore requests that the Court implement procedures whereby requests to seal or redact trial exhibits are made publicly, on the ECF docket, and the press and public are given an opportunity to be heard before sealing or redaction is ordered.

To be clear, Bloomberg is not asking for advance notice every time a party wishes to redact a social security number, email address, or similar categories of information; however, under the governing case law, Bloomberg respectfully submits that the press and the public are entitled to notice and an opportunity to be heard where a party seeks to seal a document in its entirety or to make substantive redactions.

**Access to Exhibits Submitted Into Evidence**

Bloomberg also respectfully requests that the Court direct the parties to make all trial exhibits that are admitted into evidence publicly available, via a dedicated website or otherwise, no later than 10:00 a.m. on the morning after the exhibit is introduced into evidence. This procedure is necessary to vindicate the public's right to "immediate" access to judicial documents where a right of access is found. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006); *see also Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,*, 24 F.3d 893, 897 (7th Cir. 1994) (once right of access is found, "access should be immediate and contemporaneous").

# KLARIS

Similar procedures regarding the public posting of trial exhibits have been followed in recent high-profile cases, including the Google antitrust trial, *United States v. Google LLC*, No. 1:23-cv-00108 (E.D.Va. 2024); *see also In re Associated Press*, 172 F.App'x 1, 6 (4th Cir. 2006) (directing, in the 9/11-related trial of Zacarias Moussaoui, that copies of each admitted exhibit "should be made available as soon as is practically possible, but in no event later than 10:00 a.m. on the day after the exhibit is published to the jury"); *cf. United States v. Akhavan*, 532 F.Supp. 181, 188 (S.D.N.Y. 2021) (ordering the parties to make all exhibits received into evidence at trial accessible to the public and press "by posting the exhibits on a publicly accessible website" or by other reasonable means by 11:59 p.m. the following day).

There does not appear to be any such procedure in place in this case. Accordingly, Bloomberg requests that the Court issue appropriate instructions to the parties.

Respectfully submitted,

Matthew A. Leish

cc:   Counsel of record (via ECF)