

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

March 5, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

**Re:** *United States et al. v. Live Nation Entertainment, Inc., et al.*, **No. 1:24-cv-3973-AS**

Dear Judge Subramanian:

Pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases, non-party Anschutz Entertainment Group, Inc. ("AEG") submits this letter motion to redact or seal the following trial exhibits that the parties intend to introduce during the trial testimony of Mr. Jay Marciano (Chief Operating Officer of AEG and Chief Executive Officer of AEG Presents):

- PX-0019; PX-0028; PX-0034; PX-0046.

- DX-0279; DX-0292; DX-0360; DX-0390; DX-0416; DX-0441; DX-0452; DX-0459; DX-0510; DX-0746; DX-0836; DX-0871; DX-0872; DX-0889; DX-0890; DX-0999; DX-1013; DX-1043; DX-1166; DX-1394[1]; DX1498.

**Appendix A** sets forth each of AEG's sealing request and the supporting basis. Pursuant to this Court's trial confidentiality procedure, AEG met and conferred with the parties, and they do not oppose AEG's sealing requests. Dkt. No. 1086 at 2.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *In*

---

[1] DX-1394 is a composite exhibit that contains approximately 148 AXS ticketing contracts and amendments, totaling more than 2,300 pages. In accordance with this Court's trial confidentiality procedure, Defendants have provided excerpts of this composite exhibit that they intend to use during Mr. Marciano's testimony. Dkt. No. 1086 at 2. AEG has proposed narrow redactions for those excerpts but otherwise requests the remaining thousands of pages of the composite exhibit—which won't be used during Mr. Marciano's trial testimony—to remain under seal. Courts recognize that materials that have "little or no discernable relationship to the resolution of" the case play only a negligible role in the performance of Article III duties and deserve "limited" presumption of public access. *Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020) (collecting cases).

*re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (cleaned up). Moreover, the "privacy interests of innocent third parties," such as AEG, "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (citation modified).

Although the trial exhibits are considered judicial documents and carry a strong presumption of public access, AEG's request for sealing is narrowly tailored and overcomes the presumption of public access. *Lugosch*, 435 F.3d at 119. Specifically, sealing of the below categories of information, set forth in detail in **Appendix A**, is warranted under the law of this Circuit, especially in light of AEG's status as a third party in this action.

- **Personal identifiable information**. AEG requests to seal personal identifiable information—such as personal email addresses and phone numbers—for AEG's employees, clients, and consumers. *See, e.g.*, PX-0019; DX-0390. Such personal information is presumptively sealed under this Court's pretrial order. *See* Dkt. No. 1053; *see also* Dkt. No. 1031 at 28 ("[T]he following categories of material should presumptively be permitted to be redacted/sealed at trial[:] Personally Identifiable Information, such as . . . phone numbers . . . and/or personal email addresses"). Notwithstanding the pretrial order, courts routinely seal such personal information to protect individuals' privacy interests. *In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) ("Non-parties to an action may have 'significant privacy interests' that favor redaction of identifying information[,]" and their privacy interests outweigh "the strong presumption of public access" (citation omitted)); *Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) ("The public's interest in [personally identifiable] information is negligible and easily outweighed by the non-parties' privacy interests.").

- **Employee Evaluation**. AEG requests to seal a performance evaluation of an AEG employee. *See* DX-0279. The employee's "privacy interests outweigh the public's interest in disclosure" because the disclosure "would likely cause embarrassment to" the employee. *Hernandez v. Off. of Comm'r of Baseball*, 2021 WL 1226499, at *12 (S.D.N.Y. Mar. 31, 2021) (quoting *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017)). This is especially the case where, like here, the evaluation is not public and was withheld from the employee at issue. *See id.* (sealing the employees' evaluations when they were shared with a select few individuals and not with the employees' peers).

- **Prices, percentages, and other competitively sensitive contract terms**. AEG requests to seal prices, percentages, and other competitively sensitive contract terms that were in effect or were proposed to artists and venues. *See, e.g.*, DX-0441; DX-1394. Under this Court's order, "[s]pecific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years" and "[s]pecific competitively sensitive contract terms in contracts currently in effect or contracts executed within the last four years" are categories of information warranting the presumption of sealing. *See* Dkt. No. 1053; *see also* Dkt. No. 1031 at 28-29. Moreover, courts routinely seal prices and other competitively sensitive contract terms, even those from more than four years ago, because the disclosure of such terms can harm the company's competitive advantage in future business dealings. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find . . . pricing information, and the like satisfy the sealing standard." (citation omitted)); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d

606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

- **Internal analysis of proposed offers, contracts, and client relationships**. AEG requests to seal quantitative and qualitative analyses of AEG's proposed offers, contracts, and relationships with clients/potential clients. *See, e.g.*, DX-0889; DX-1070. Courts routinely seal such internal analyses and projections because the disclosure would cause competitive harm to the moving party. *See Stegmann v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (collecting cases)

- **AEG's acquisition, research & development, and business strategies**. AEG requests to seal information about AEG's acquisition, research and development, and business strategies. *See, e.g.*, DX-0452; DX-0871; DX-0889. Under this Court's order, "[i]dentying information regarding future acquisitions discussed within the last 3 years" should be presumptively sealed. Dkt. No. 1053; *see also* Dkt. No. 1031 at 28-29. In addition, courts commonly seal acquisition discussions, research and development, and business strategies, the disclosure of which could subject the moving party to a competitive disadvantage. *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (collecting cases); *see also Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (sealing "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D., P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealings documents that contained "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting.")

- **Non-public financial information**. AEG requests to seal non-public financial information about AEG's revenue, costs, and margins, including its audited financials. *See, e.g.*, DX-0292; DX-1013. "[N]on-public figures regarding prices, costs, or margins" should be presumptively sealed under this Court's order. Dkt. No. 1053; *see also* Dkt. No. 1031 at 28-29. Furthermore, courts commonly seal non-public financial information because its disclosure would cause material harm to the moving party's "business, competitive standing, relationships with investors, and ability to compete for and secure business partnership and customers." *SEC v. Ripple Labs, Inc*, 2023 WL 3477552, at *4-5 (S.D.N.Y. May 16, 2023); *see also Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public").

For the foregoing reasons, AEG respectfully requests that this Court grant AEG's motion to redact or seal certain trial exhibits provided in **Appendix A**.

                                                        Respectfully submitted,

                                                        */s/ Justin W. Bernick*
                                                        Justin Bernick (admitted *pro hac vice*)
                                                        Molly Pallman (admitted *pro hac vice*)
                                                       555 Thirteenth St., NW

Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*

Dated: March 5, 2026