**Appendix A: AEG's Redaction & Sealing Requests**

| Exhibit | Basis for Redaction/Sealing |
|---|---|
| PX-0019 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) ("The public's interest in [personally identifiable] information is negligible and easily outweighed by the non-parties' privacy interests."). |
| PX-0028 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| PX-0034 | AEG requests to redact AEG employees' phone numbers, as they fall within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| PX-0046 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| DX-0279 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order.  Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406.<br><br>In addition, AEG requests to redact a portion of the exhibit that evaluates an AEG employee's performance because the disclosure of such "internal employee evaluations would likely cause embarrassment to [a] third part[y] and [ ] the third part[y]'[s] privacy interests outweigh the public's interest in disclosure" *Hernandez v. Off. of Comm'r of Baseball*, 2021 WL 1226499, at *12 (S.D.N.Y. Mar. 31, 2021) (quoting *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017)). |
| DX-0292 | AEG requests to seal this exhibit that consists of AEG's audited financials for 2018 and 2019. AEG's audited financials detail AEG's balance sheets including loss statements, deficit, and cash flows. AEG is a privately held company and these are detailed "specific, non-public financial information, sales information, and customer lists," the disclosure which "could advantage [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus., Inc. v. Lexington Co.*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394 (S.D.N.Y. 2015), *on reconsideration in part*,  2015 WL 3739276 (S.D.N.Y. June 15, 2015) (sealing "'highly confidential sales information, including pricing information,' which is not available to the public" (quotations and citations omitted)); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public"). |
| DX-0360 | AEG requests to seal this exhibit that consists of AEG's audited financials for 2019 and 2020. AEG's audited financials detail AEG's balance sheets including loss statements, deficit, and cash flows. AEG is a privately held company and these are detailed "specific, non-public financial information, sales information, and customer lists," the disclosure |

| | |
|---|---|
| | of which "could advantage [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus.*, 2021 WL 1143694, at *2; *Skyline Steel*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "'highly confidential sales information, including pricing information,' which is not available to the public" (quotations and citations omitted)); *Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public"). |
| DX-0390 | AEG requests to redact AEG employees' phone numbers, as they fall within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| DX-0416 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| DX-0441 | AEG requests to redact AEG employees' phone numbers, as they fall within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406.<br><br>In addition, AEG requests to redact specific pricing figures, percentages, and other competitively sensitive contract terms proposed to a performer in July 2021. Courts routinely seal such non-public pricing and contract information, even those from more than four years ago, because its disclosure would place the disclosing party like, AEG, at a competitive disadvantage in future business dealings.  *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (collecting cases); *see also Oliver Wyman*, 282 F. Supp. 3d at 707 (holding the disclosure of the moving party's pricing terms could place it at a competitive disadvantage by allowing competitors to undercut its bids and capture a larger market share); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). |
| DX-0452 | AEG requests to redact AEG's business strategies, research and development, non-public financial information, and competitive opportunities. If such information is unsealed, AEG's competitors could gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the promotion, ticketing, and venue markets; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp.*, 2021 WL 1222122, at *6; *see also W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (collecting cases that sealed business strategies and acquisition discussions). |
| DX-0459 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| DX-0510 | AEG requests to seal this exhibit which consists of its audited financials for 2020 and 2021. AEG's audited financials detail AEG's balance sheets including loss statements, deficit, and cash flows. AEG is a privately held company and these are detailed "specific, |

| | |
|---|---|
| | non-public financial information, sales information, and customer lists," the disclosure of which information "could advantage [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus.,* 2021 WL 1143694, at *2; *Skyline Steel*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "'highly confidential sales information, including pricing information,' which is not available to the public" (quotations and citations omitted)); *Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public"). |
| DX-0746 | AEG requests to seal this exhibit which consists of its audited financials for 2021 and 2022. AEG's audited financials detail AEG's balance sheets including loss statements, deficit, and cash flows. AEG is a privately held company and these are detailed "specific, non-public financial information, sales information, and customer lists," the disclosure of which "could advantage [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus.,* 2021 WL 1143694, at *2; *Skyline Steel*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "'highly confidential sales information, including pricing information,' which is not available to the public" (quotations and citations omitted)); *Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public"). |
| DX-0836 | AEG requests to seal this exhibit which consists of its audited financials for 2021 and 2022. AEG's audited financials detail AEG's balance sheets including loss statements, deficit, and cash flows. AEG is a privately held company and these are detailed "specific, non-public financial information, sales information, and customer lists," the disclosure of which "could advantage [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus.,* 2021 WL 1143694, at *2; *Skyline Steel*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "'highly confidential sales information, including pricing information,' which is not available to the public" (quotations and citations omitted)); *Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public"). |
| DX-0871 | AEG requests to seal this exhibit that consists of AEG's July 2023 strategic planning presentation titled "New Business Opportunities." The document details AEG's current acquisition and business strategies. If the document is unsealed, AEG's competitors could gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the promotion, ticketing, and venue markets; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp.*, 2021 WL 1222122, at *6; *see also W.J. Deutsch & Sons*, 2022 WL 890184, at *2 (collecting cases that sealed business strategies and acquisition discussions).<br><br>Furthermore, the document contains identifying information regarding AEG's acquisition targets, which is a type of information that should presumptively be sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29. |

| | |
|---|---|
| DX-0872 | AEG requests to seal this exhibit that consists of AEG's strategic planning presentation titled "New Business Opportunities." The document details AEG's current acquisition and business strategies. If the document is unsealed, AEG's competitors could gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the promotion, ticketing, and venue markets; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp.*, 2021 WL 1222122, at *6; *see also W.J. Deutsch & Sons*, 2022 WL 890184, at *2 (collecting cases that sealed business strategies and acquisition discussions).<br><br>Furthermore, the document contains identifying information regarding AEG's acquisition targets, which is a type of information that should presumptively be sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29. |
| DX-0889 | AEG requests to seal this exhibit that consists of AEG's 2023 board presentation. The document details AEG's current acquisition and business strategies, non-public financial information, and competitive analysis. If the document is unsealed, AEG's competitors could gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the promotion, ticketing, and venue markets; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp.*, 2021 WL 1222122, at *6; *see also W.J. Deutsch & Sons*, 2022 WL 890184, at *2 (collecting cases that sealed business strategies and acquisition discussions).<br><br>In addition, the document contains identifying information regarding AEG's acquisition targets and non-public figures regarding AEG's costs and margin, which warrant presumption of sealing under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29. |
| DX-0890 | AEG requests to seal this exhibit that consists of a draft copy of AEG's September 2023 board presentation.  The document details AEG's competitive analysis and business strategies, non-public financial information, costs and margins, growth targets, and analysis of AEG's relationships with certain clients. If the document is unsealed, AEG's competitors could gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the ticketing market; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp.*, 2021 WL 1222122, at *6; *see also W.J. Deutsch & Sons*, 2022 WL 890184, at *2 (collecting cases that sealed business strategies and acquisition discussions). |
| DX-0999 | AEG requests to redact AEG employees' phone numbers, as they fall within a category of information that should be presumptively sealed under this Court's pretrial order.  Dkt. No. 1053 at 3; Dkt. No. 1031 at 28. |
| DX-1013 | AEG requests to seal this exhibit which consists of its audited financials for 2022 and 2023. AEG's audited financials detail AEG's balance sheets including loss statements, deficit, and cash flows. AEG is a privately held company and these are detailed, "specific, non-public financial information, sales information, and customer lists," the disclosure of which "could advantage [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus.,* 2021 WL 1143694, at *2; *Skyline Steel*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "'highly confidential sales information, including pricing information,' which is not available to the public" (quotations and citations |

| | |
|---|---|
| | omitted)); *Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public"). |
| DX-1043 | AEG requests to redact: (1) AEG employees' phone numbers; and (2) non-public figures regarding AEG's costs and margins from 2024, as both fall within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29. |
| DX-1166 | AEG requests to seal this exhibit which consists of a comparison between AEG's financial results from 2017-2024. AEG's financials detail AEG's balance sheets including loss statements, deficit, and cash flows. These are detailed, "specific, non-public financial information, sales information, and customer lists" and the disclosure of this information "could advantage [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus.*, 2021 WL 1143694, at *2; *Skyline Steel*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "'highly confidential sales information, including pricing information,' which is not available to the public" (quotations and citations omitted)); *Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public"). |
| DX-1394 | This exhibit is a composite exhibit that contains approximately 148 AEG's ticketing contacts and amendments, totaling more than 2,300 pages. In accordance with this Court's trial confidentiality procedure, Defendants have provided excerpts of this composite exhibit that they intend to use during Mr. Marciano's trial testimony. AEG requests to narrowly redact: (1) specific prices, fees, and percentages referenced and (2) personal identifiable information in those excerpts. "Specific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years" and personal identifiable information warrant presumption of sealing under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29. Notwithstanding this Court's pretrial order, the disclosure of specific pricing information, even those from more than four years ago, would harm AEG's competitive advantage in future business dealings. *See Kewazinga*, 2021 WL 1222122, at *3 ("Courts commonly find . . . pricing information, and the like satisfy the sealing standard." (citation omitted)); *Encyclopedia Brown Prods.*, 26 F. Supp. 2d at 614 ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").<br><br>AEG otherwise requests the remaining thousands of pages of the composite exhibit—of which the parties do not plan to use during Mr. Marciano's trial testimony—to remain under seal. *See Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*, 2020 WL 4926271, at *3 (E.D.N.Y. Aug. 21, 2020) (collecting cases that sealed materials that were collateral to the merits of the case). |
| DX-1498 | AEG requests to redact its analysis and impression of its client, the disclosure of which would harm AEG's competitive standing and relationship with the client. *Stegmann*, 2021 WL 1838219, at *2. |