SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215

NEW YORK • LOS ANGELES • PALO ALTO
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 2, 2026

*Via email*

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

    Re:    <u>United States et al. v. Live Nation Entertainment, Inc. et al.; 1:24-cv-03973-AS; Letter Motion to Seal Non-Party BSE's Confidential Material</u>

Dear Judge Subramanian:

    I write on behalf of non-parties Brooklyn Events Center, LLC, Brooklyn Nets, LLC, and New York Liberty, LLC (together, "BSE"). Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and the Court's November 5, 2025 order (ECF No. 685), BSE respectfully submits this letter motion seeking the Court's approval to seal certain confidential documents produced by BSE in the above-captioned action. The documents identified in the Appendix attached hereto were identified to BSE by Plaintiffs and Defendants as potential trial exhibits that may be used in the examination of Mr. John Abbamondi. For the reasons explained below, BSE requests that potential trial exhibits be sealed, unsealed, or redacted, as indicated in the Appendix.

    We have met and conferred separately with counsel for Plaintiffs and Defendants to focus our review of the potential trial exhibits on the pages that the parties intend to discuss at trial and to endeavor to propose narrow redactions to those pages that protect BSE's confidential material while still enabling each party to put on its case without obstruction. We understand neither Plaintiffs nor Defendants oppose our proposed redactions. BSE's sealing request is narrowly tailored and overcomes the presumption in favor of public access. *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

    **I.**    **Legal Standard**

    While there is a general presumption in favor of public access to judicial documents, documents may be sealed or redacted where "sealing is necessary to preserve

higher values" and "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-120).

A presumption of access may be outweighed by a party's interest in "protecting confidential business information" from disclosure that would subject it to "financial harm" or a "significant competitive advantage." *Standard Inv. Chartered, Inc.* v. *Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also U.S.* v. *Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts"). Accordingly, "Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021); *see also Skyline Steel, LLC* v. *PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing pricing and sales information as well as "emails revealing confidential negotiations"); *Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redaction of "business information and strategies," which, if revealed, "may provide valuable insights into a company's current business practices"). Of particular relevance to BSE's requests here, documents containing "information revealing the terms of contracts or the content of such confidential negotiations are among those th[e] Court routinely recognizes as justifying protection from the public view when used in litigation." *Capri Sun GmbH* v. *Am. Bev. Corp.*, 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd.* v. *Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (protecting contractual terms because disclosure could "harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements").

These countervailing factors are given even greater weight where, as here, a non-party's confidential information is at stake. *See, e.g.*, *Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third-party internal pricing strategies and competitive data).

## II. The Court Should Maintain Under Seal BSE's Confidential Business Information.

The documents in the Appendix contain BSE's confidential business information, the disclosure of which could harm BSE by providing its competitors and other third parties insight into its internal business strategies. BSE has identified three categories of confidential business information that it requests to remain under seal. The documents

containing each type of information are identified in the Appendix.[1] In some cases, documents may fall into more than one category.

<u>BSE's Programming Agreements with Live Nation.</u> The parties' exhibits include a copy of, and references to terms of, an amendment to BSE's prior programming agreement with Live Nation, which provided certain incentives to Live Nation to book and promote concerts, comedy events, and other entertainment events at Barclays Center, and sets forth additional terms with respect to such events. *See, e.g.*, BSE-DOJ-00000066. While this agreement is no longer in effect, it is sufficiently recent that public disclosure of the key commercial terms of this arrangement, would harm BSE by enabling venues that compete with Barclays Center to book events to understand the confidential terms of BSE's relationship with Live Nation. It would also give third parties, including content promoters, an unfair advantage in negotiations with BSE, as they could leverage their knowledge of BSE's agreements with Live Nation to their advantage.

<u>BSE's Ticketing Services Agreements.</u> The parties' exhibits include a copy of, and references to BSE's ticketing agreements with Ticketmaster and SeatGeek and/or documents that describe the terms of those agreements. *See, e.g.*, BSE-DOJ-00000272. Other documents contain BSE's internal analyses of the offers it received from Ticketmaster, SeatGeek, and AXS during its request-for-proposal process, or reflect BSE's negotiation strategy with respect to its ticketing vendors. *See, e.g.*, BSE-DOJ-00168661. These proposals and agreements are sufficiently recent such that public disclosure of this information would give ticketing vendors an unfair advantage in negotiations with BSE, as they would learn the terms to which BSE has recently agreed and BSE's negotiating strategy.

<u>BSE Internal Business Strategy and Financial Performance.</u> The parties' exhibits reflect BSE's plans and strategies for growing its events business and competing against other NYC area venues, *see, e.g.*, BSE-DOJ-00097511, and recent financial performance. Disclosure of these documents to competing venues would harm Barclays Center, as well as consumers that benefit from competition among venues in the NYC-area.

Moreover, while at trial exhibits qualify as judicial documents, the weight of the presumption in favor of public access should be low with respect to these documents, as the precise terms of BSE's agreements with its event promotion and ticketing partners, and the internal business strategies of BSE, a third-party venue operator, should have little bearing, if any, on the jury's deliberations. *See Graczyk* v. *Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020).

BSE respectfully requests that the documents identified above remain under seal.

---

[1] Pursuant to ¶ 52 of the Proposed Joint Pretrial Order (ECF No. 1031), BSE is also requesting the redaction of the personal cell phone numbers of BSE employees and certain of their business partners, as indicated in the Appendix.

        Respectfully submitted,

*/s/ Samantha F. Hynes*
Samantha Hynes (admitted *pro hac vice*)
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215
T: (202) 956-7500
hyness@sullcrom.com

*Counsel for non-parties Brooklyn Events Center, LLC, Brooklyn Nets, LLC, and New York Liberty, LLC*

# Appendix
## BSE's Requested Treatment of Plaintiffs' and Defendants' Trial Exhibits

A. <u>BSE's Requested Treatment of Plaintiffs' BSE Trial Exhibits</u>

| Exhibit Number | BSE Document | BSE's Requested Treatment | Presumptively Confidential per Joint Pretrial Order | Basis for Request to Seal or Redact |
|---|---|---|---|---|
| PX0081 | BSE-DOJ-00000066 | Redacted | No | BSE's Amended and Restated Co-Promotion and Event Incentive Agreement with Live Nation, dated December 15, 2016.<br><br>Plaintiffs provided the sections of this agreement that they intend to rely on, and BSE reviewed those portions only and have redacted the remainder which we understand will not be used at trial. The terms redacted in this agreement are still commercially sensitive as their disclosure could harm BSE's current and/or future negotiation position. |
| PX0084 | BSE-DOJ-00000166 | Unsealed | | |
| PX0087 | BSE-DOJ-00000272 | Redacted | No | BSE's Exclusive Ticket Sales Services Agreement with SeatGeak, dated June 23, 2021.<br><br>Plaintiffs provided the sections of this agreement that they intend to rely on, and BSE reviewed those portions only and have redacted the remainder |

-2-

| Exhibit Number | BSE Document | BSE's Requested Treatment | Presumptively Confidential per Joint Pretrial Order | Basis for Request to Seal or Redact |
|---|---|---|---|---|
| | | | | which we understand will not be used at trial. The terms redacted in this agreement are still commercially sensitive as their disclosure could harm BSE's current and/or future negotiation position. |
| PX0992 | | Unsealed | | |
| PX0101 | BSE-DOJ-00096007 | Unsealed | | |
| PX0102 | BSE-DOJ-00097511 | Redacted | No | The information redacted in this deck contains BSE's internal business strategy to grow its business and compete against other NYC area venues, as well as sensitive budget and financial information. |
| PX0141 | BSE-DOJ-00168658 | Redacted | No | Contains sensitive financial information and analysis of the SeatGeak, AXS, and Ticketmaster proposals. |
| PX0141 | BSE-DOJ-00168661 | Sealed | | Contains sensitive financial information and analysis of SeatGeak, AXS, and Ticketmaster proposals. |
| PX0142 | BSE-DOJ-00181383 | Redacted | Partially | Redacts email addresses as well as sensitive feedback from client interviews regarding their experiences using SeatGeak. |
| PX0145 | BSE-DOJ-00202577 | Redacted | No | Contains sensitive internal business |

| Exhibit Number | BSE Document | BSE's Requested Treatment | Presumptively Confidential per Joint Pretrial Order | Basis for Request to Seal or Redact |
|---|---|---|---|---|
| | | | | strategy discussions regarding venue marketing support. |
| PX0152 | BSE-DOJ-00364167 | Redacted | No | Contains sensitive discussions of, and financial information regarding, proposals from SeatGeak, AXS, and Ticketmaster. This information, if disclosed, could harm BSE's current and/or future negotiating position. |
| PX0153 | BSE-DOJ-00364355 | Redacted | No | Contains sensitive financial information and analysis in communications concerning a ticketing partnership agreement with SeatGeak. This information, if disclosed, would harm BSE's current and/or future negotiating position. |
| PX0153 | BSE-DOJ-00364356 | Sealed | No | Redacted sensitive financial information and analysis comparing the proposals from different ticketing providers. |
| PX0154 | BSE-DOJ-00372896 | Redacted | Yes | Redacted a cell phone number. |
| PX0156 | BSE-DOJ-00412148 | Unsealed | | |
| PX0992 | Not Provided | Unsealed | | |
| PX1150 | BSE-DOJ-00199924 | Redacted | No | Contains sensitive financial information, including revenues, as well as sensitive business strategy discussions of BSE's client retention strategies. |

| Exhibit Number | BSE Document | BSE's Requested Treatment | Presumptively Confidential per Joint Pretrial Order | Basis for Request to Seal or Redact |
|---|---|---|---|---|
| PX1153 | BSE-DOJ-00208824 | Redacted | No | Contains BSE's sensitive financial information and business growth strategy discussions. |
| PX1153_2 | | Unsealed | | |

B. BSE's Requested Treatment of Defendants' BSE Trial Exhibits

| Exhibit Number | BSE Document | BSE's Requested Treatment | Presumptively Confidential per Joint Pretrial Order | Basis for Request to Seal or Redact |
|---|---|---|---|---|
| DX-0103 | BSE-DOJ-00355100 | Redacted | Partially | BSE's Licensed User Agreement with Ticketmaster, dated January 24, 2012.<br><br>Defendants provided us with one section of this agreement that they intend to rely on, and BSE reviewed and unsealed that portion. BSE redacted the remainder which we understand will not be used at trial. Also redacted a cell phone number. |
| PX0090 | BSE-DOJ-00001067 | Redacted | No | The information redacted in these emails reflects financial information and discussions of contractual terms that are still commercially sensitive, the disclosure of |

| Exhibit Number | BSE Document | BSE's Requested Treatment | Presumptively Confidential per Joint Pretrial Order | Basis for Request to Seal or Redact |
|---|---|---|---|---|
| | | | | which could harm BSE's current and/or future negotiation position. |
| PX0101 | BSE-DOJ-00096007 | Unsealed | | |
| PX0152 | BSE-DOJ-00364167 | Redact | No | Contains sensitive discussions of, and financial information regarding, proposals from SeatGeak, AXS, and Ticketmaster. This information, if disclosed, could harm BSE's current and/or future negotiating position. |
| DX-0391 | BSE-DOJ-00128376 | Redacted | Partially | The information redacted in these emails discusses a proposal which, if disclosed, would harm BSE's current and/or future negotiating position. Also redacted a cell phone number. |
| DX-0400 | BSE-DOJ-00091424 | Redacted | Yes | Redacted email. |
| DX-0442 | BSE-DOJ-00097511 | Redacted | Partially | Redacted cell phone number. Also redacted information revealing BSE's internal business strategy to grow its business and compete against other NYC area venues, as well as |

| Exhibit Number | BSE Document | BSE's Requested Treatment | Presumptively Confidential per Joint Pretrial Order | Basis for Request to Seal or Redact |
|---|---|---|---|---|
| | | | | sensitive budget and financial information. |
| DX-0632 | BSE-DOJ-00076336 | Redacted | No | The information redacted in the attachment to this email reflects commercially-sensitive client retention strategies, the disclosure of which could harm BSE's current and/or future negotiation position. |
| Not Provided | BSE-DOJ-00000078 | Redact | Yes | Redacted email addresses. |
| Not Provided | BSE-DOJ-00001284 | Unseal | | |
| Not Provided | BSE-DOJ-00002066 | Unseal | | |
| Not Provided | BSE-DOJ-00002155 | Redact | Yes | Redacted cell phone number. |
| Not Provided | BSE-DOJ-00011223 | Redact | Yes | Redacted cell phone number |
| Not Provided | BSE-DOJ-00040642 | Unseal | | |
| Not Provided | BSE-DOJ-00091427 | Redact | No | The information redacted in this document reflects discussion of contractual terms and internal deliberations at BSE which, if disclosed, could harm BSE's current and/or future negotiating position. |
| Not Provided | BSE-DOJ-00131762 | Redact | Yes | Redacted phone number only. |
| Not Provided | BSE-DOJ-00131764 | Redact | Yes | Redacted phone number only. |

-6-

| Exhibit Number | BSE Document | BSE's Requested Treatment | Presumptively Confidential per Joint Pretrial Order | Basis for Request to Seal or Redact |
|---|---|---|---|---|
| Not Provided | BSE-DOJ-00131769 | Redact | Yes | Redacted phone number only. |
| Not Provided | BSE-DOJ-00131800 | Redact | Yes | Redacted phone number only. |
| Not Provided | BSE-DOJ-00166008 | Redact | Yes | Redacted phone number only. |
| Not Provided | BSE-DOJ-00171158 | Redact | No | The information redacted in these emails reflects financial information of negotiated contractual terms which, if disclosed, could harm BSE's current and/or future negotiating position. |
| Not Provided | BSE-DOJ-00171637 | Redact | No | Redacted to conceal a non-public affiliation. |
| Not Provided | BSE-DOOJ-00228783 | Redact | Partially | The information redacted in these emails reflects financial information of negotiated contractual terms which, if disclosed, could harm BSE's current and/or future negotiating position. Also redacted emails. |