

**March 2, 2026**

Emilee L. Hargis
Partner
Direct: +1 314 259 2028
emilee.hargis@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway Suite 3600
St Louis MO 63102
T: +1 314 259 2000
F: +1 314 259 2020
bclplaw.com

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

**VIA EMAIL TO CHAMBERS**

**RE:**   *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

We write on behalf of non-parties Minnesota Hockey Ventures Group, LP, Minnesota Wild Hockey Club, LP, and Saint Paul Arena Company, LLC (collectively, the "Wild") in connection with the above-referenced matter. Pursuant to Rules 11(B) and 11(C)(i)–(ii) of this Court's Individual Practices in Civil Cases and the Court's February 26, 2026, order (ECF No. 1086), the Wild respectfully submits this unopposed letter-motion to request that select text within the exhibits that Plaintiffs and Defendants expect to introduce at trial is sealed from public view.

With this letter-motion, the Wild does not request that all its Confidential and Highly Confidential Information remain under seal but instead proposes "reasonable and razor-sharp" sealing and redactions, pursuant to the Court's directives (*see*, *e.g.*, ECF No. 817). The Wild seeks to redact or seal only the portions of documents that has little public value and would cause material and significant competitive or commercial harm upon disclosure.

The Wild acknowledges that the information the Wild requests sealing is from 2019, but the documents reflect negotiations that occurred as the Wild selected Ticketmaster as its ticketing business partner during negotiation of a ticketing agreement that is still in place today. Such negotiation positions, including the Wild's priorities, price sensitivities, and decision-making are highly confidential and commercially sensitive, especially as the Wild is currently in the midst of negotiations for a new ticketing agreement—either with Ticketmaster or another partner—and expect to sign a new ticketing agreement in the coming month(s). Allowing the public, including Live Nation and SeatGeek, to view the Wild's internal analyses and negotiations with the other party, even from last round of negotiations in 2019, would place the Wild at an enormous disadvantage as it continues to negotiate a new agreement.

Earlier today, the Wild provided its formal position on the following redactions to the parties, neither of which objected to the relief that the Wild seeks with this letter-motion.

In particular, the Wild requests that select text be sealed within the following documents that the parties notified the Wild could be used in the examination or cross-examination of Mr. Mitchell Helgerson, Chief Revenue Officer for the Wild:

The Wild Request to Seal Trial Exhibits
Page 2



| Exhibit and Bates Number | Description of Information the Wild Requests this Court Seal |
|---|---|
| PX-0227<br>MNWILD_000003968-69 | PX-0227 contains the Wild's detailed financial analysis of the offers it received from SeatGeek and Ticketmaster prior to making the decision to contract with Ticketmaster. The Ticketmaster agreement that is being assessed is in force today. Moreover, the Wild believes that it would be detrimental to its current negotiating position if Live Nation and the public, including other ticketers, could view the Wild's frank assessment of the best offers in the prior round of negotiations.<br><br>The Wild does request that the excel attachment to PX-0227 be sealed from the public in its entirety. |
| PX-0229<br>MNWILD_000004207-11 | PX-0229 contains detailed negotiations between the Wild and Ticketmaster. The negotiations with Ticketmaster give a candid view into the Wild's negotiations concerning financial terms including escalators, fees, sponsorship levels, and more. The Wild requests this Court seal very limited selections of text, some of which were incorporated into the resulting agreement with Ticketmaster. |
| PX-0230<br>MNWILD_000004268-69 | PX-0230 contains detailed negotiations between the Wild and SeatGeek concerning protections that SeatGeek offered the Wild in the event that Live Nation chose to hold certain concert events at a rival venue if the Wild did not select Ticketmaster as its ticker of choice. The Wild believes that the exact financial figures related to such negotiations would be highly prejudicial to its current negotiations with Live Nation and serve minimal judicial value, and the Wild has endeavored to request very select sealing of the sensitive terms. |
| DX-237<br>MNWILD_000004002-05 | The Wild does not seek any sealing of this document. |
| DX-241<br>MNWILD_4296-99 | DX-241 is a later email in the same chain as PX-0230. The Wild asserts that the same protections the Court affords to PX-230 should apply to this document as well. Moreover, the additional information in DX-241 is even more sensitive as it contains the Wild's internal, candid evaluations of SeatGeek's proposal. The Wild believes that such information would be highly prejudicial to its current negotiations with Ticketmaster should such information be made public, and the Wild endeavored to keep its proposed sealing focused on specific figures and terms under negotiation. |
| DX-245 | DX-245 contains a detailed offer from Ticketmaster on commercially sensitive terms. Many of these terms are found in the Wild's current agreement with Ticketmaster. |
| DX-380<br>MNWILD_000004176-77 | The Wild does not seek any sealing of this document. |

With the exception of the excel attached to PX-0227, the proposed redactions are indicated by red-box in the attached. For completeness of the Court's review, the Wild also included DX-237 and DX-380 in the attached file, but the Wild does not seek any sealing of those proposed exhibits.

The Wild Request to Seal Trial Exhibits
Page 3



The Wild's privacy interests, and the competitive harm that public disclosure would do to the Wild, weigh in favor of maintaining the very limited redaction of the text. The public would have very limited interest in the figures that the Wild seeks sealing, and parties do not indicate that they oppose any of the redactions. Moreover, exposing the Wild's analysis of its strategic priorities and the strengths of each potential partnership risks undermining the Wild's competitive positioning and harming the Wild's ability to negotiate a new ticketing agreement in the coming month(s).

Moreover, to continue to protect its highly sensitive competitive information, the Wild has requested that the parties refrain from examining Mr. Helgerson on the Wild's current views of the competitive offers that the Wild has received and their assessment of those offers in the current ticketing negotiations. Such frank testimony by Mr. Helgerson would irreparably damage the Wild and its ability to effectively negotiate its ticketing agreement. The United States has informed the Wild that it does not intend to examine Mr. Helgerson on the subject, and Live Nation has confirmed that it "does not plan to ask Mr. Helgerson any questions that get into the financial terms or any other sensitive commercial terms of the current negotiations." However, if either party's line of questioning strays into competitively sensitive negotiations, the Wild requests that the Court seal the courtroom to prevent the Wild from being irreparably damaged in this case.

For the foregoing reasons, the Wild respectfully requests that this unopposed letter-motion be granted in its entirety, that select information in the proposed trial exhibits remain under seal, and that the parties refrain from having Mr. Mitchell Helgerson, Chief Revenue Officer for the Wild, reveal any sealed portions of the documents or competitively sensitive information about the status of current negotiations in open court.

Respectfully submitted,


**BRYAN CAVE LEIGHTON PAISNER LLP**


/s/ Emilee L. Hargis
Rebecca A.D. Nelson
Emmet P. Ong (NY Bar No. 4581369)
Emilee L. Hargis


*Attorneys for Minnesota Hockey Ventures Group,
LP, Minnesota Wild Hockey Club, LP, and Saint
Paul Arena Company, LLC*


      cc:    All counsel of record (via email)

# **ATTACHMENTS**

Copies of PX-0227, PX-0229, PX-0230, DX-0241, and DX-0245 with proposed redactions were sent to the Court under seal via email, copying all parties' counsel of record.