March 8, 2026

**<u>VIA ECF</u>**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. Pursuant to the Court's March 6, 2026 ruling in open court ("March 6 Ruling"), Defendants are filing prior requests to seal on the public docket. Defendants also seek clarity on certain aspects of the confidentiality procedures going forward.

*First*, pursuant to the Court's March 6 Ruling, Defendants are filing on the public docket all requests to seal that were previously submitted by email to the Court.[1]  *See* Exhibits A-C.

To date, Defendants' redaction requests have consisted solely of requests to redact information that fell within the categories of information set forth in ¶ 52 of the Proposed Joint Pretrial Order ("JPTO"), ECF No. 1031, which the Court endorsed as being presumptively able to be redacted or sealed. *See* February 20, 2026 Order [ECF No. 1053], at 3. Such redactions are consistent with the standards set forth in *Lugosch*, which requires Courts to "balance competing considerations against" the presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal citations omitted). Competing interests include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, and competitively sensitive information, *see, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015); *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").

*Second*, to avoid burdening the Court with voluminous motions to seal such information, Defendants request that parties and non-parties be permitted to redact the following select

---

[1] Out of an abundance of caution, Defendants are filing all prior requests to seal regardless of whether the documents were actually used at trial. Under the confidentiality procedures established at the pretrial conference, Defendants submitted sealing/redaction requests to the Court's Chambers for documents they "expected" to be used with witnesses the day before those witnesses were expected to testify. Accordingly, not all documents submitted with proposed redactions were actually admitted at trial.

information without having to move to seal on a document-by-document or testimony-by-testimony basis:

  a. Personally Identifiable Information, such as social security numbers, driver's license or passport numbers, birthdates, phone numbers individual addresses or zip codes, and/or personal email addresses (redacted in such a manner so as to not obscure the identity of the sender or receiver), or information otherwise identified in the Court's Individual Practices in Civil Cases at 11(A); and

  b. Sensitive personal or medical information, if irrelevant to the issues in this case.

Such information is not of "value . . . to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. And, the presumptive sealing of such information would enhance "judicial efficiency . . . and the privacy interests of those resisting disclosure." *Id*. at 120. For example, many of Defendants' requested redactions consisted solely of mobile phone numbers. Continuing to be able to presumptively seal such information is likely to reduce the number of sealing motions for the Court's review without impacting the public's right of access to these proceedings.[2]

Defendants thank the Court for its attention to this matter.

*[signatures on following page]*

---

[2] Defendants would continue to submit the proposed redacted documents by email, and once used in Court, submit them on the public docket as required by the March 6 Ruling.

Dated:  March 8, 2026

Respectfully submitted,

LATHAM & WATKINS LLP                    CRAVATH, SWAINE & MOORE LLP

_____                _____

Alfred C. Pfeiffer (admitted *pro hac vice*)      Lauren A. Moskowitz
    *Co-Lead Trial Counsel*                        Jesse M. Weiss
David R. Marriott                                  Nicole M. Peles
    *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)           Two Manhattan West
Timothy L. O'Mara (admitted *pro hac vice*)        375 Ninth Avenue
Jennifer L. Giordano                               New York, NY 10001
Kelly S. Fayne (admitted *pro hac vice*)           (212) 474-1000
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)         lmoskowitz@cravath.com
                                                   jweiss@cravath.com
505 Montgomery Street, Suite 2000                  npeles@cravath.com
San Francisco, CA 94111
(415) 391-0600                                     *Attorneys for Defendants Live Nation*
                                                   *Entertainment, Inc. and Ticketmaster L.L.C.*
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*