**<u>Exhibit A</u>**
Motion to Seal

Case 1:24-cv-03973-AS    Document 1145-1    Filed 03/08/26    Page 1 of 5

**Davis Polk**

Arthur J. Burke
+1 212 450 4352
arthur.burke@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

March 2, 2026

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

Re:   *United States et al. v. Live Nation Entertainment, Inc., et al.*, 1:24-cv-03973-AS-SLC
      Non-Party Paciolan, LLC's Letter Motion to Seal Deposition Designations and Exhibits

Dear Judge Subramanian:

We represent non-party Paciolan, LLC ("Paciolan") in connection with the above captioned matter. Pursuant to the Court's February 26, 2026 Order (ECF 1086) and Rules 11(B) and 11(C)(i)-(ii) of the Court's Individual Practices in Civil Cases, we are writing regarding Paciolan's Highly Confidential materials which Paciolan understands Plaintiffs intend to use in open court during trial in this case. For the reasons set forth below, Paciolan respectfully requests that a narrow sub-set of these materials remain under seal.

In correspondence dated March 2, 2026, Plaintiffs informed Paciolan that they intend to use at trial the following materials, which were previously designated as Highly Confidential:

- Specified portions of the May 19, 2025 deposition transcript of Christian Lewis[1]; and

- Plaintiffs' Exhibit 1226 ("PX1226"), an internal Paciolan email discussing customer-specific win-loss information, Paciolan's associated strategy, and customer-specific financial information.[2]

<u>Paciolan Has Made Narrowly Tailored and Reasonable Redactions</u>.

Pursuant to the ECF 1086, Paciolan reviewed the materials identified by Plaintiffs in their March 2 correspondence to identify which portions should be kept under seal as Highly Confidential and which could be de-designated as nonconfidential. Paciolan provided these redactions to the parties and offered to meet and confer. Plaintiffs do not oppose these redactions; Defendants did not respond.

Paciolan seeks to keep redacted and under seal certain Highly Confidential materials that fall into three narrow categories: (1) commercially sensitive information reflecting Paciolan's contract negotiating positions and strategies and the details, terms, and finances of Paciolan's contracts, (2) Paciolan's consideration and analysis of competition and competitive dynamics, including opinions about the strategic positioning of Paciolan versus its competitors, and (3) granular data and financial information regarding Paciolan's business and sales (together, the "Proposed Redactions").

Keeping this information redacted is consistent with the Second Circuit's three-part test for determining whether to grant a motion to seal. "First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches."[3] *Stafford v. Int'l Bus.*

---

[1] Paciolan does not agree to waive confidentiality or any other protections as to any portions of Mr. Lewis's deposition transcript that were not identified by Plaintiffs in their March 2 email.

[2] Plaintiffs have also identified two other Paciolan documents that they intend to introduce at trial—Plaintiffs' Exhibits 1227 and 1228—for which Paciolan is not seeking sealing (in whole or in part).

[3] Paciolan does not dispute that the documents at issue in this letter are judicial documents.

# Davis Polk

*Machines Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023).[4]  Second, if it is a judicial document, "the court proceeds to determine the weight of the presumption of access to that document." *Id.* at 70.  Finally, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded to the presumption of access."  *Id.*; *see also Syntel Sterling Best Shores Mauritius v. Trizetto Grp.*, 2021 WL 2935963 (S.D.N.Y. July 13, 2021) (applying the Second Circuit's three-part test to requests to seal trial exhibits).  Several "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"—can "outweigh the presumption of public access" and justify sealing.  *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020).  Here, the need to protect the Paciolan's Highly Confidential Proposed Redactions outweighs any *de minimis* interest the public may have.

<u>Public Right of Access to Proposed Redactions Is Non-Existent or Minimal</u>.

The weight of the public's interest in the Proposed Redaction is non-existent or minimal.  The weight of the presumption of public access varies with "the role of the material at issue" and "the resultant value of such information to those monitoring the federal courts."  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Paciolan's cited materials, and the Proposed Redactions more narrowly, comprise only a *de minimis* portion of the hundreds of exhibits and many weeks' worth of testimony that the Court will receive during trial.  In line with the Court's instruction, Paciolan has narrowed the Proposed Redactions.  While Plaintiffs have identified content across 89 pages of Mr. Lewis's deposition transcript intended to be used at trial, the Proposed Redactions cover only 34 lines (typically partial lines).  Similarly, in PX1226, out of a two-page email, Paciolan seeks only to redact three sentences (none of which are specifically discussed in Mr. Lewis's deposition testimony being played at trial) and specific financial amounts.  As such, it is inconceivable that the Proposed Redactions would impede the public's ability to understand the issues at trial or would be outcome determinative, and sealing of this content is justified.

<u>Need to Protect Commercially Sensitive Materials Overcome Any Presumption of Access</u>.

Even if the public does have some interest in the Proposed Redactions, this interest is readily overcome by Paciolan's strong interest in and the need to protect its confidential information.  Courts in this District routinely seal documents to prevent the disclosure of confidential business information, including in the context of materials introduced at trial.  *See, e.g.*, *Syntel*, 2021 WL 2935963 (sealing trial exhibits on the basis they contained commercially sensitive information).  Each category of information that Paciolan seeks to keep redacted is protected from disclosure by the Amended Protective Order (*see* ECF 347, ¶ 2) and is commonly redacted by Courts.  The categories are:

*First*, the Proposed Redactions include commercially sensitive information reflecting Paciolan's contract negotiating positions and strategies and the details, terms, and finances of Paciolan's contracts.  (*See* C. Lewis Tr. 51:9–11, 76:3, 137:19–20).  If this information were disclosed publicly, Paciolan would be at a disadvantage in future negotiations with actual or potential customers and other business partners who would be unfairly aware of Paciolan's strategies in negotiating and the ways in which Paciolan focuses its business resources.  *See, e.g.*, *Syntel*, 2021 WL 2935963, at *1 (sealing trial exhibits because they contained "confidential business" and "contractual" information); *AETN TV Networks, LLC v. Big Fish Ent., LLC,* 2024 U.S. Dist. LEXIS 191370, at *3–4 (S.D.N.Y. Oct. 17, 2024) (sealing where "public disclosure of ... confidential, negotiated contract terms would be detrimental to [a party's] competitive standing and business relationships with current and prospective partners"); *Oliver Wyman Inc. v. Eielson*, 282 F. Supp. 3d 684, 706–07 (S.D.N.Y. 2017) (sealing "internal analysis of the competitiveness of its practice groups," disclosure of which "would harm its competitive standing").  Additionally, the revelation of this information

---

[4] Unless otherwise noted, for all citations herein, internal quotations, modifications, and citations are omitted.

**Davis Polk**

would place Paciolan at a competitive disadvantage with *its own ticketing competitors*, who are presently or in the future negotiating with the same customers. *See e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (protecting from disclosure information that could cause "significant competitive disadvantage," including by allowing a competitor to "deduce [Defendant's] negotiation tactics"); *Dodona I, LLC v. Goldman Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing third parties' "information concerning ... trading strategies, objectives and transactions").

*Second*, the Proposed Redactions include Paciolan's consideration and analysis of competition and competitive dynamics, including opinions about the strategic positioning of Paciolan versus its competitors. (*See* C. Lewis Tr. at 43:10, 74:15–17, 74:20, 79:1–3, 136:23–137:1, 137:4, 143:24–144:1, 144:15–17, 145:6–14; PX1226 at -5221). If this information were disclosed publicly, third parties would become aware of Paciolan's strategic internal competitive analyses and business assessments, including those third parties that are competitors to Paciolan or with which Paciolan may contract in the future, allowing such third parties to receive an unfair competitive advantage over Paciolan. *See, e.g.*, *Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *13 (S.D.N.Y. Dec. 13, 2024) (sealing document detailing vendor selection strategy and competitive analyses); *NYU Langone Health Sys. v. Northwell Health, Inc.*, 2024 U.S. Dist. LEXIS 54534, at *6–7 (S.D.N.Y. Mar. 25, 2024) (granting motion to seal where necessary to protect information regarding party's "competitive strategies").

*Third*, the Proposed Redactions include granular data and financial information regarding Paciolan's business and sales. (*See* C. Lewis Tr. at 76:3; PX1226 at -5221–22). If this information were disclosed publicly, competitors to or customers of Paciolan could use this information to gain an unfair business advantage over Paciolan. *See, e.g.*, *Syntel*, 2021 WL 2935963, at *1 (sealing trial exhibits because they contained confidential "financial" information); *Nervora Fashion, Inc. v. Advance Mag. Publishers Inc.*, 2025 WL 406669, at *2 (S.D.N.Y. Feb. 5, 2025) (redacting financial and business information) (citing *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (redacting information on sales and revenue sources and amounts) and *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (same).

Moreover, the Proposed Redactions are "narrowly tailored to protect the legitimate privacy interests of" **non-party** Paciolan, who is "not affiliated with any party, [is] not accused of any wrongdoing, and did not ask to be involved in this lawsuit." *Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *7–8 (S.D.N.Y. May 6, 2024). "[T]he privacy interests of innocent third parties," such as Paciolan, "should weigh heavily in a court's balancing equation" in determining whether to grant a motion to seal. *See Avant v. Cnty. of Erie*, 2025 WL 2581681, at *2 n.4 (W.D.N.Y. Aug. 29, 2025) (quoting *Amodeo*, 71 F.3d, at 1050).

Finally, Paciolan observes that the categories of information Paciolan seeks to seal in this motion are consistent with the types of information Paciolan sought to protect in its previous motion to seal in connection with the parties' summary judgment and *Daubert* briefing—which the Court granted. Indeed, many of the Proposed Redactions in the deposition transcript of Christian Lewis were already granted by the Court in connection with that prior motion (*see* C. Lewis Tr. at 43:10, 74:15–17, 74:20, 76:3, 145:6–14), and the redactions Paciolan seeks for PX1226 are the same as redactions this Court granted regarding ECF 746-10. (*See* ECF 901 (prior sealing motion); ECF 1054 (order granting motion)).

Because the potential competitive harm of unsealing the Proposed Redactions outweighs the public's limited interest in these materials, it is proper to keep them under seal.

\*    \*    \*

For the foregoing reasons, Paciolan respectfully requests that the Court accept the narrowly tailored Proposed Redactions to the identified portions of Mr. Lewis's deposition transcript and to PX1226.

**Davis Polk**

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

_____/s/ Arthur J. Burke_____

Arthur J. Burke (*pro hac vice pending*)
450 Lexington Avenue
New York, NY 10017
(212) 450-4352
arthur.burke@davispolk.com

Benjamin M. Miller (*pro hac vice*)
1050 17th Street NW
Washington, DC 20036
(202) 962-7133
benjamin.miller@davispolk.com

*Counsel for Paciolan, LLC*

cc:  Plaintiffs' and Defendants' Counsel