**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                    *Plaintiffs,*<br><br>          v.<br><br>LIVE NATION ENTERTAINMENT, INC.,<br>and TICKETMASTER L.L.C.,<br><br>                    *Defendants.* | Case No. 1:24-cv-03973-(AS)<br><br>**ORAL ARGUMENT REQUESTED** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE TRIAL EXHIBITS

## <u>TABLE OF CONTENTS</u>

**Page(s)**

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ..............................................................................................................................1

I.      The Exhibits Are Irrelevant ...........................................................................................1

II.     The Exhibits Are Highly Prejudicial..............................................................................3

CONCLUSION...........................................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Page**

### CASES

*Morales v. N.Y. State Dep't of Lab., Div. of Emp. Servs.*,
530 F. App'x 13 (2d Cir. 2013) ...................................................................................1

*N. Am. Soccer League LLC v. United States Soccer Fed'n, Inc.*,
2024 WL 2959967 (E.D.N.Y. June 12, 2024) ...........................................................1

*United States v. Johnson*,
469 F. Supp. 3d 193 (S.D.N.Y. 2019)....................................................................3, 4

*United States v. Quattrone*,
441 F.3d 153 (2d Cir. 2006).......................................................................................3

*Watkins v. N.Y. City Transit Auth.*,
2020 WL 1888839 (S.D.N.Y. Apr. 16, 2020)........................................................1, 2

### RULES

Fed. R. Evid. 401 ...............................................................................................................1

Fed. R. Evid. 402 ..........................................................................................................1, 2

Fed. R. Evid. 403 .......................................................................................................1, 3, 4

### OTHER AUTHORITIES

GLOBAL COMPETITION REVIEW, *Live Nation doc described "robbing"
concertgoers, DOJ says,* March 3, 2026,
https://globalcompetitionreview.com/gcr-usa/article/live-nation-doc-
described-robbing-concertgoers-doj-says ................................................................4

## PRELIMINARY STATEMENT

Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Defendants") respectfully move *in limine* to exclude Plaintiffs' trial exhibits PX-0706, PX-0718, PX-0719, PX-0720, PX-0721, and PX-0722 (collectively, the "Exhibits"), as well as all testimony and argument relating to them, under Federal Rules of Evidence 401, 402, and 403. The Exhibits are informal Slack messages between two Live Nation employees making passing references to non-ticket ancillary products—such as VIP club access, premier parking, or lawn chair rentals—sold to concertgoers at two amphitheaters. These products are not primary concert tickets, are sold separately from tickets, and are not part of the ticketing services markets at issue in this trial; they bear no relevance to the parties' claims and defenses.

## ARGUMENT

### I.    THE EXHIBITS ARE IRRELEVANT

The Court should exclude the Exhibits and all testimony relating to them because they are not part of any claim or market remaining for trial. Evidence is relevant only if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Courts exclude evidence that is unrelated to a plaintiff's alleged relevant markets proceeding to trial. *See, e.g.*, *N. Am. Soccer League LLC v. United States Soccer Fed'n, Inc.*, 2024 WL 2959967, at *16 (E.D.N.Y. June 12, 2024) (excluding evidence where the plaintiff "failed to convince the Court that harm to consumers in the downstream markets [ ] is relevant to [plaintiff's] claim that defendants' conduct has caused anticompetitive effects in [plaintiff's] proposed relevant markets."); *see also Morales v. N.Y. State Dep't of Lab., Div. of Emp. Servs.*, 530 F. App'x 13, 15 (2d Cir. 2013) (affirming exclusion of evidence related to a claim that "had already been dismissed at summary judgment"); *Watkins v. N.Y. City Transit Auth.*, 2020

1

WL 1888839, at *9 (S.D.N.Y. Apr. 16, 2020) (holding that Plaintiff was not prejudiced by the exclusion of evidence "irrelevant to the surviving claims.").

On February 18, the Court dismissed multiple claims and rejected several alleged antitrust markets, including Plaintiffs' alleged "fan-facing" ticketing market. *See* ECF No. 1037 at 26. Plaintiffs' own filing confirms that the only markets proceeding to trial are: (1) "Primary concert ticketing services to major concert venues"; (2) "Primary ticketing services to major concert venues"; (3) "The use of large amphitheaters by artists"; and (4) "Promotions services to artists." *See* ECF No. 1081 at 1. As to fans, the only harm alleged is via venues passing on supposed primary ticketing fee overcharges. *See* ECF No. 1094 at 11-12. None of that remotely concerns ancillary products or services sold to concertgoers at Live Nation owned or operated amphitheaters.

The Exhibits concern precisely such fan-facing, ancillary products, sold at two specific Live Nation owned or operated amphitheaters—items that concertgoers may purchase, after choosing to buy a ticket, to enhance their concert-going experience. The attachment to PX-0722 underscores the point, listing items such as "Premier Parking," "VIP Club Access," "Cabanas," "Lawn Chair Rental," and "Blanket," and stating for each: "THIS IS NOT A CONCERT TICKET!" (emphasis in original). There is also no claim that the ability to price ancillary products at individual, local venues has anything to do with—much less flows from—alleged national-level market power over artists at amphitheaters. The value of premier parking is a purely local issue: the price of the best parking spots at any venue, for example, has no relation to how many other venues Live Nation owns in other geographies. And the ancillary products are not charged to artists in any event, nor do they relate to Plaintiffs' theory that Live Nation forces artists to choose Live Nation as their promoter to gain access to amphitheaters. Because the Exhibits do not tend

to prove or disprove any fact of consequence to the markets or claims being tried to the jury, they are irrelevant and all evidence relating to them should be excluded under Rules 401 and 402.

The parties met and conferred on March 8, 2026. Defendants' counsel asked Plaintiffs' counsel to explain the relevance of the Exhibits. Plaintiffs responded that poor fan experiences at a venue may deter artists from performing there. That contention makes no sense. Sales of a limited number of ancillary upgrades to fans at a price those fans are willing to pay for preferential treatment says nothing about poor fan experience. The argument is also (at best) irrelevant to Plaintiffs' claims of (i) alleged tying of artists' use of large amphitheaters to the provision of promotion services to artists or (ii) alleged monopolization of artists' use of large amphitheaters. No theory of liability alleges harm based on Defendants *discouraging* artists from using Live Nation amphitheaters; that would be inconsistent with Plaintiffs' theory of the case.

## II.    THE EXHIBITS ARE HIGHLY PREJUDICIAL

Whatever marginal relevance this evidence arguably has (there is none), its admission would contravene Rule 403 because the dangers of unfair prejudice and jury confusion far outweigh it. *See* Fed. R. Evid. 403. Unfair prejudice is that which "could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006).

The Exhibits are candid, informal Slack messages between two personal friends who do not work together and have no reporting relationship. They reflect off-the-cuff banter, not policy, decision-making, or facts of consequence to Plaintiffs' antitrust claims. Plaintiffs' obvious purpose in offering evidence about these Exhibits is not to prove any fact material to the claims at trial; it is to portray Defendants in an unflattering light and inflame the jury against Defendants. The Court should exclude the Exhibits for this reason alone. *See United States v. Johnson*, 469 F.

Supp. 3d 193, 222 (S.D.N.Y. 2019) (excluding evidence where "the use of profanity" made the evidence "more prejudicial than probative" under Rule 403).

None of this is theoretical. During opening statements, Plaintiffs' counsel purported to selectively quote from PX-0719—an unadmitted exhibit containing a private Slack conversation—and told the jury that this is "how Live Nation[ ] talk[s] about" ticket prices and fees. March 3, 2026 Trial Tr. 99:10-100:03. Defendants objected to this exhibit over a month ago and reiterated their objections on March 2. Plaintiffs' mischaracterization of the document illustrates the precise danger: they openly intend to misuse these Exhibits to provoke an emotional response and divert the jury to collateral matters, not to prove any element of Plaintiffs' theories.[1] Admitting evidence relating to the Exhibits would confuse and mislead the jury, invite decision-making on an improper emotional basis, and cause unfair prejudice to Defendants.

## CONCLUSION

The Federal Rules of Evidence govern the admissibility of testimony as well as documentary evidence, and Rule 403's protections apply equally to questioning that would elicit irrelevant, prejudicial, or confusing information. For the foregoing reasons, Defendants respectfully request that the Court grant this motion and enter an order excluding Plaintiffs' trial exhibits PX-0706, PX-0718, PX-0719, PX-0720, PX-0721, and PX-0722 from evidence at trial, and precluding Plaintiffs from questioning Ben Baker or any other witness about the substance of these Exhibits or about similar communications concerning ancillary, fan-facing products and services not encompassed by the markets and claims proceeding to trial.

---

[1] As recent media accounts repeating Plaintiffs' framing demonstrate, mischaracterizing these irrelevant materials is likely to confuse the issues and unfairly prejudice Defendants. *See, e.g.*, GLOBAL COMPETITION REVIEW, *Live Nation doc described "robbing" concertgoers, DOJ says*, March 3, 2026, https://globalcompetitionreview.com/gcr-usa/article/live-nation-doc-described-robbing-concertgoers-doj-says.

Dated: March 8, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_____
Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Andrew M. Gass (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

_____
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

## **CERTIFICATE OF COMPLIANCE**

I, Alfred C. Pfeiffer, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Rule 8(C) of Judge Arun Subramanian's Individual Practices in Civil Cases ("Individual Rules"), that the foregoing Memorandum of Law was prepared using Microsoft Word, and contains 1,268 words. In making this calculation, I have relied on the word and page counts of the word-processing program used to prepare the document.

Dated:    March 8, 2026

New York, New York

_____
Alfred C. Pfeiffer