DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



*Confidential*

## EXCLUSIVE TICKET SALES SERVICES AGREEMENT

This Exclusive Ticket Sales Services Agreement (the "Agreement"), effective as of June 23, 2021 (the "Effective Date"), is entered into by and among SeatGeek, Inc. ("SeatGeek"), Brooklyn Events Center, LLC ("BEC"), New York Liberty, LLC ("NYL"), Brooklyn Nets eSports, LLC ("eSports") and Brooklyn Nets, LLC ("BN" and together with BEC, NYL and eSports, each a "BSE Party" and collectively the "BSE Parties"). This Agreement consists of this Exclusive Ticket Sales Services Agreement, Appendix A – Ticket Fees and Terms, Appendix B – Implementation and Training; Appendix C - Third Party Events; Appendix D – Incident Management; Appendix E – Marketing Services; and Appendix F - Data Addenda, and any other exhibits and appendices attached hereto, all of which are incorporated herein by this reference. Each of the BSE Parties and SeatGeek are collectively referred to herein as the "Parties" and individually as a "Party".



1

Ex. No
**PX0087**
1:24-cv-03973

BSE-DOJ-00000272

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



2

Highly Confidential

BSE-DOJ-00000273

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



1.40.    "Distribution Partner" has the meaning given to it in Section 4.4.



1.45.    "Event" means any Team Event and any other act or event of any kind or nature whatsoever held at the Venue that is publicly ticketed (or otherwise open to the general public) other than an Excluded Event.

3

BSE-DOJ-00000274

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



*Confidential*

1.46.        "Excluded Event" means any collegiate (including NCAA) non-regular season, tournament or conference championship game for an applicable sport hosted by the Venue. To the extent required by League Rules, an act or event that would otherwise qualify as an Event pursuant to the definition thereof will instead be deemed to be an Excluded Event.



1.50.        "Existing Third Party Event" means any Third Party Event or Team Event for which Tickets have been Sold as of the Start Date by the Existing Provider.



4

BSE-DOJ-00000275

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000276

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000277

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



    1.101.      "<u>SeatGeek Open</u>" means an open distribution platform operated by SeatGeek that enables Tickets to be Sold directly within mobile applications, websites and other platforms owned or controlled by SeatGeek's distribution partners.

BSE-DOJ-00000278

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



8

BSE-DOJ-00000279

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



*Confidential*



1.131.      "Team Event" means (i) any Team home game at the Venue that is publicly ticketed and (ii) any other event that is publicly ticketed (or otherwise open to the general public)

9

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*

sanctioned, promoted, operated, or otherwise arranged by or on behalf of the Teams at a venue for which the BSE Parties control the ticketing services rights.



1.135.      "Third Party Event" means any Event at the Venue other than a Team Event.



2.      **Term; Signing Bonus**.

10

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*

2.1.      The term of this Agreement (the "Term") shall begin on the Effective Date and end on September 30, 2028, unless sooner terminated in accordance with the terms of this Agreement. However, the Sale of Tickets via the SeatGeek Platform (and related grant of exclusivity to SeatGeek with respect thereto) will commence as of the Start Date. The Parties acknowledge that if this Agreement terminates for any reason, the Sponsorship Agreement, which shall run co-terminus with this Agreement, shall terminate.

2.2.      Signing Bonus. SeatGeek shall pay to the BSE Parties a one-time signing bonus of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (the "Signing Bonus") within fifteen (15) days after receipt by SeatGeek of an invoice from the BSE Parties which invoice shall not be issued earlier than the Start Date.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4.        **Exclusivity; Distribution Partners**.

4.1.      Grant of Exclusive Rights. Except as specifically set forth herein, the BSE Parties hereby grant to SeatGeek, and SeatGeek accepts from the BSE Parties, the right and obligation to be the exclusive third party seller of all Primary Tickets to all Events which are scheduled to take place commencing with the Start Date through the remainder of the Term (the "Exclusivity Period"). The Parties acknowledge and agree that, as of the Effective Date, eSports does not Sell Tickets to Events and that the exclusive ticketing rights described in this Agreement shall apply to eSports to the extent it commences during the Term the Sale of Tickets to Events. For the avoidance of doubt, the foregoing grant of exclusivity to SeatGeek described in this Section 4.1 shall not restrict BSE Parties from (i) authorizing any third party to sell tickets with respect to an Excluded Event, (ii) itself Selling Tickets or providing Tickets to BSE Parties employees, (iii) Selling Tickets (or authorizing a third party to Sell Tickets) as distressed inventory through third party platforms (e.g., Groupon, Goldstar, Concierge Live), or (iv) Selling Tickets through schools and other non-profit organizations; provided that (a) Tickets Sold pursuant to subsections (ii)-(iv) may not be Sold on SeatGeek Competitors' ticketing platforms (other than by Distribution Partners) and (b) Tickets Sold pursuant to subsection (iii) shall remain available for Sale on the SeatGeek Platform to extent supported by the Third Party Integrations then in effect. The BSE Parties acknowledge and agree that inventory allotment shall not be shifted from single Event Ticket Sales to Group Sales or to any third party platform with the intent to circumvent the Ticket Fees described in this Agreement; provided, that the foregoing shall not restrict the BSE Parties from applying their good faith business judgement to determining inventory allotment allocations for Events. For the avoidance of doubt, the foregoing limitations on SeatGeek's exclusivity for Primary Ticket Sales shall not limit or restrict in any way SeatGeek's marketplace for Secondary Ticket Sales to any Event.

4.2.      Promotional Messaging. With the exception of mutually agreed upon exceptions, in all "call to action" Ticket Sales messaging distributed via channels controlled by the BSE Parties (e.g., radio, TV, digital, charitable, in-Venue, social media, and out-of-home), during the Exclusivity Period, SeatGeek will be listed and promoted as the BSE Parties' exclusive ticketing partner.

4.3.      Existing Third Party Events. Notwithstanding anything to the contrary contained herein, the BSE Parties shall be permitted to continue working with their then current ticketing

11

BSE-DOJ-00000282

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*

service provider ("<u>Existing Provider</u>") during the Term in connection with Existing Third Party Events. If the Existing Provider is no longer providing ticketing services for the Existing Third Party Events for any reason, SeatGeek agrees to use its commercially reasonable efforts to take over the continued Sale and fulfillment of Tickets for the Existing Third Party Events upon reasonable advanced written notice from the BSE Parties; provided that BSE Parties shall endeavor to provide SeatGeek with notice thereof as far in advance as is practicable under the circumstances.

    4.4.        <u>Distribution Partners</u>. SeatGeek agrees to support open distribution of Tickets by the BSE Parties, including via the BSE Parties' own channels and any third party channels approved by SeatGeek, with such approval not to be unreasonably withheld, conditioned or delayed (each such channel, a "<u>Distribution Partner</u>"); *provided, however,* that the Sale of Tickets by Distribution Partners shall be subject to (i) at SeatGeek's election, SeatGeek serving as the merchant of record or SeatGeek's receipt of the corresponding compensation set forth herein for such transactions; (ii) the use by any such Distribution Partner of the SeatGeek Platform as provided for herein, including any bar code requirements instituted by SeatGeek; (iii) the requirement that any such Distribution Partner must comply with generally applicable terms and conditions for the Sale of Tickets with which the BSE Parties require SeatGeek to comply; and (iv) the requirement that, except as otherwise set forth herein, the BSE Parties shall not cause or permit any Distribution Partner in SeatGeek's Commercial Category to use any designation to refer to a similar affiliation with the BSE Parties as exists during the Term between SeatGeek and the BSE Parties pursuant to this Agreement. SeatGeek will authenticate Tickets (i.e., re-issue barcodes) on all Ticket Sales made by or on behalf of Distribution Partners. In furtherance of this third party distribution, SeatGeek will (x) broadcast relevant Ticket inventory of the Teams to Distribution Partners; (y) not impose any restriction on Distribution Partner transaction volume for Teams or other Third Party Events; and (z) will make available and require usage of barcode reissue API (e.g., in connection with re-Sales or transfers of Tickets) to Distribution Partners. SeatGeek shall allow the BSE Parties to enroll (at no additional cost to the BSE Parties) to SeatGeek Open; *provided, however,* SeatGeek shall not be responsible for providing the BSE Parties with any marketing assistance or marketing services with respect to the BSE Parties' use of SeatGeek Open.

    4.5.        <u>Distribution Partners</u>. For purposes of this Agreement, TicketNetwork, Gametime, TickPick, StubHub, Ingresso and Coras shall be deemed Distribution Partners of the BSE Parties by SeatGeek, *provided, however,* any such entities integrate with existing APIs (as defined below). The list of Distribution Partners may be amended from time to time upon the mutual agreement of the Parties (with the Parties' mutual agreement to any such amendment not to be unreasonably withheld, conditioned or delayed). The BSE Parties (or third party vendors) shall not incur any additional charge for integrating the SeatGeek Platform with (i) existing direct channels (e.g., https://www.nba.com/nets/ and Teams' mobile apps) and third party vendors of the NBA, WNBA or the BSE Parties; or (ii) other APIs and integrations that SeatGeek provides to any other customers during the Term. SeatGeek will also provide the BSE Parties with SSO access in order to permit fans to use SeatGeek credentials (username and password) to log in to fan-facing applications. The foregoing commitment includes maintaining such integrations throughout the Term. If the BSE Parties request a custom integration outside of clauses (i) and (ii) above, then SeatGeek may charge the BSE Parties on a time and materials basis for such work using a rate card to be mutually agreed to by the Parties. The BSE Parties acknowledge

12

BSE-DOJ-00000283

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

                                                                              *Confidential*

and agree that SeatGeek will not be charged by any current or future integration partner for any costs or expenses incurred by such integration partner in connection with or related to such custom integrations.

4.5.1.        Inventory.  SeatGeek acknowledges and agrees that, subject to League Rules, as applicable, and notwithstanding anything herein to the contrary, (i) the BSE Parties will determine how and where Ticket inventory is distributed; (ii) SeatGeek shall not impose any restrictions on Distribution Partner transaction volume for any Events; (iii) SeatGeek will provide listings and barcode reissue API (e.g., re-Sales, transfers of Tickets) to Distribution Partners; and (iv) the BSE Parties may pursue commercial agreements with Distribution Partners.

4.5.2.        API Requirements.  SeatGeek shall make available its then-standard application programming interface, SDK or other digital interfaces (collectively, "APIs") to enable BSE Parties' Distribution Partners' and Additional API Licensees' permitted use of the SeatGeek Platform hereunder (at no charge to such Distribution Partners or Additional API Licensees).  BSE Parties shall use commercially reasonable efforts to cause each such Distribution Partner and Additional API Licensee (at no charge to such Distribution Partners or Additional API Licensees): (i) to use such APIs (and not any other mechanism) to connect to the SeatGeek Platform; (ii) to grant to SeatGeek the necessary rights and to provide to SeatGeek the assistance reasonably necessary in order to operate and maintain such APIs; and (iii) to use such API access, including any and all reporting or other data or materials resulting therefrom, solely for the benefit of the BSE Parties' internal business operations and for no other purpose whatsoever.  SeatGeek shall grant to all Distribution Partners and Additional API Licensees the right to use such APIs (at no charge to such Distribution Partners or Additional API Licensees); *provided*, *however*, that such Distribution Partners and Additional API Licensees shall be required (x) to execute and comply with SeatGeek's then-current form API license agreement in connection with such use and (y) to maintain, at each such Distribution Partner's and Additional API Licensee's sole expense, whatever insurance coverage, hardware, software, systems, connectivity, networks and other information technology assets that may be reasonably required in order to use such API.  The requirements set forth in clauses (i), (ii), (iii), (x) and (y) of this Section 4.5.2 shall be referred to herein as the "API Requirements."

4.6.        Access to On-Sale and Pre-Sale Tickets.  Notwithstanding anything herein to the contrary, but subject to Section 4.1 and Section 4.3, BSE Parties will cause SeatGeek to have the exclusive right (i.e., exclusive as to third parties) to Sell Primary Tickets via the SeatGeek Platform from the Venue Capacity to any particular Event or series of Events at least seventy-two (72) hours prior to the time (e.g., the pre-Sale date or on-Sale) that any Distribution Partner has the right to Sell Primary Tickets to any such Event or Events except to the extent that the foregoing exclusivity would be reasonably likely to adversely impact final, aggregate Ticket Receipts for such Event.  For the avoidance of doubt, this Section 4.6 shall not limit the BSE Parties' ability to promote the Sale of Tickets (i) itself provided that all Primary Tickets are Sold via the SeatGeek Platform or (ii) through a third party partner provided that (x) such third party partner is not a SeatGeek Competitor and (y) all Primary Tickets are Sold via the SeatGeek Platform.

4.7.        Third Party Events. SeatGeek shall provide support for Third Party Events as set forth in Appendix C.

13

                                                        BSE-DOJ-00000284

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*

     5.     **Marketing and Analytics Support**.  As between the Parties, BSE Parties shall have sole responsibility for outbound marketing and promotion of Sales of Tickets, including employing and/or retaining all Ticket Sales representatives and personnel (for the avoidance of doubt, such individuals shall use the SeatGeek Platform in order to effect such Sales as set forth herein).  Notwithstanding the foregoing sentence, SeatGeek shall provide, at no additional cost to BSE Parties, the Marketing Services as set forth in Appendix E, the non-public and any proprietary aspects of which shall be considered SeatGeek Confidential Information and may not be used by BSE Parties for any purpose other than for advertising and promoting the Sale of Tickets to Events hereunder.  SeatGeek will provide any additional marketing services not explicitly outlined in Appendix E at its sole discretion.

     6.     **Compensation**.

     6.1.     SeatGeek Charges and Fees.  In consideration for providing the SeatGeek Services hereunder, SeatGeek shall be entitled to assess and receive charges and fees in the amounts set forth in Appendix A.  The Parties shall settle amounts (i.e., remit amounts due to the other) within thirty (30) days after the end of the last day of each calendar month (or more frequently as agreed upon by the Parties).  SeatGeek shall remit fees in accordance with the terms herein, and BSE Parties shall remit fees to SeatGeek by ACH or wire transfer (at SeatGeek's discretion and direction).  In the event applicable Law or League Rules prohibits the assessment of any fees payable to SeatGeek as contemplated under this Agreement, SeatGeek and BSE Parties shall agree on alternative means for compensating SeatGeek for its services hereunder in amounts reasonably comparable to those set forth in this Agreement, and as permitted by applicable Law and League Rules.



DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



15

BSE-DOJ-00000286

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000288

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

BSE-DOJ-00000289

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000290

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Confidential



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000292

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Confidential



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000294

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000295

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

Case 1:24-cv-03973-AS    Document 1163-3    Filed 03/08/26    Page 26 of 79

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000297

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



*Confidential*



BSE-DOJ-00000298

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

BSE-DOJ-00000300

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

BSE-DOJ-00000302

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000304

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000307

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7


SeatGeek

*Confidential*



DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000309

Case 1:24-cv-03973-AS    Document 1163-3    Filed 03/08/26    Page 39 of 79

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

BSE-DOJ-00000310

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000311

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



*Confidential*



BSE-DOJ-00000313

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



43

BSE-DOJ-00000314

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the Effective Date.

SeatGeek:                  **SEATGEEK, INC.**

                           DocuSigned by:

                           *Jon Groetzinger*

                           By: ⎣_B0D570CF38C24FA...

                           Name: Jon Groetzinger
                           Title: President

BSE Parties:               **BROOKLYN EVENTS CENTER, LLC**

                           DocuSigned by:

                           **Jeffrey B Gewirtz**

                           By: ⎣_A75A2AA44E7546B...

                           Name: Jeffrey B. Gewirtz
                           Title: COO & General Counsel

                           **BROOKLYN NETS, LLC**

                           DocuSigned by:

                           **Jeffrey B Gewirtz**

                           By: ⎣_A75A2AA44E7546B...

                           Name: Jeffrey B. Gewirtz
                           Title: COO & General Counsel

                           **NEW YORK LIBERTY, LLC**

                           DocuSigned by:

                           By: ⎣_2CB34BD6349041F...

                           Name: Daakeia Clarke
                           Title: Chief Executive Officer

                           **BROOKLYN NETS ESPORTS, LLC**

                           DocuSigned by:

                           **Jeffrey B Gewirtz**

                           By: ⎣_A75A2AA44E7546B...

                           Name: Jeffrey B. Gewirtz
                           Title: COO & General Counsel

44

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*

## APPENDIX A

## TICKET FEES AND TERMS

The Parties shall add, collect and retain the fees as set forth herein.

**Primary Ticketing**

For all online Sales of individual Event Primary Tickets (including Ticket bundles, i.e., "Family 4-Packs", etc.), SeatGeek will retain a per Ticket fee equal to ▮▮▮▮▮▮▮▮▮▮ (the "Ticket Fee").

For the avoidance of doubt, the following Tickets shall not be subject to a Ticket Fee: season Tickets, suites (except any suite standing room only Tickets sold online for individual Events or any individual Ticket transactions in premium areas Sold on the SeatGeek Platform), Ticket plans (except individual home game passes and Ticket bundles (e.g., "Family 4-Packs") Sold on the SeatGeek Platform), renewals, playoff plan packages, back office house seats, complimentary Tickets, Tickets purchased directly from the BSE Parties (in person, via the telephone or from the Venue Box Office), Tickets provided to BSE Parties employees, Tickets Sold as distressed inventory through third party platforms (e.g., Groupon, Goldstar, Concierge Live), Tickets Sold through schools and other non-profit organizations, Group Sales and flex plans for less than five (5) games. The BSE Parties acknowledge and agree that inventory allotment shall not be shifted from single Event Ticket Sales to Group Sales or to external platforms with the intent to circumvent the Ticket Fees described in this Agreement.

Unless approved by BSE Parties in writing, SeatGeek shall not add or apply any fees or charges other than the Ticket Fees set forth above, the Processing Fee and any other applicable taxes (e.g., there will be no additional delivery or processing charges).

BSE Parties may add additional fees for a particular Event (a "BSE Event Fee"), which, if added will be added to the Ticket Receipts for the Tickets to such Event, and SeatGeek shall remit such BSE Event Fee to BSE Parties in accordance with the terms of this Agreement.



A-1

BSE-DOJ-00000316

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



*Confidential*



**Refunds**

All refunds of Primary Tickets shall be determined by the BSE Parties in accordance with the BSE Parties' then-current refund policy.  In the event SeatGeek refunds any Primary Ticket fees and/or ▓▓▓▓▓▓▓▓, including refunds in the form of credit issuances, in accordance with the foregoing sentence, BSE Parties agree to refund such amounts to SeatGeek within five (5) business days after such Primary Ticket and/or ▓▓▓▓▓▓▓▓ is actually received by BSE Parties.  Upon BSE Parties' reasonable request, SeatGeek will provide reasonable evidence of

A-2

BSE-DOJ-00000317

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*

the basis for such refund. SeatGeek shall have the right to withhold the amount of such refunds
owed to SeatGeek from subsequent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ payments otherwise
payable to the BSE Parties except to the extent such amounts are subject to a bona fide dispute.

**Display of Inventory on SeatGeek Platform**

For all traffic to BSE Parties and Third Party Event pages originating from channels owned and
operated by BSE Parties channels (e.g., Team website), SeatGeek will provide the option to (i)
display only primary inventory upon landing, with a toggle available to display re-Sale inventory
and (ii) turn off SeatGeek's proprietary "Deal Score" feature.

For all direct traffic to Team and/or Third Party Event pages on the SeatGeek Platform or traffic
originating from SeatGeek marketing, SeatGeek will display primary and re-Sale inventory on a
co-mingled basis.



A-3

Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



BSE-DOJ-00000319

Case 1:24-cv-03973-AS    Document 1163-3    Filed 03/08/26    Page 49 of 79

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



*Confidential*

B-2

Highly Confidential

BSE-DOJ-00000320

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

 SeatGeek

*Confidential*



C-1

Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



BSE-DOJ-00000323

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



D-5

Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000327

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000330

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



BSE-DOJ-00000331

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000333

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000334

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



F-7

Highly Confidential

BSE-DOJ-00000335

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000337

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000338

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000339

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000340



DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000344

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Highly Confidential

BSE-DOJ-00000347

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Annex A - Page 2

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7

BSE-DOJ-00000349

DocuSign Envelope ID: 11C30611-594A-490A-A20A-78CA293046E7



Annex B - Page 2

Highly Confidential

BSE-DOJ-00000350