# Inner City Press

March 9, 2026

By ECF

Hon. Arun Subramanian, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

Re: **Press Application to Unseal Pending Sealing Requests; Opposition to Settlement-Based Mooting of Public Access Rights in US, et al.. v. Live Nation Entertainment, Inc. et al., 24-cv-3973 (AS)**

Dear Judge Subramanian:

Inner City Press has been covering the above captioned case, like many others, since the Complaint was filed in May 2024.

On March 4 Inner City Press moved to unseal documents, a request partially granted on March 5 (Dkt 1117) and on March 6 after the Court heard press arguments before the jury entered.

Now, waking to news not yet docketed that DOJ and the states may be settling with Live Nation without any divestiture of Ticketmaster - the structural remedy the government sought when it filed this case in May 2024 - Inner City Press respectfully submits this letter motion to unseal certain of the pending sealing requests and to place on the record its opposition to any effort by the parties to use settlement negotiations or a consent decree to moot the public's right of access to sealed judicial records in this case.

## I. The Settlement Reports and Their Implications for Public Access

Trial began March 2. The government's first witnesses — John Abbamondi of Barclays Center and Mitch Helgerson of the Minnesota Wild — testified to specific threats and retaliation by Live Nation. SeatGeek CEO Jack Groetzinger testified to $500 million in losses and documented retaliation. AEG Presents CEO Jay Marciano testified about the structural disadvantage AEG faces. Michael Rapino, the CEO of Live Nation — whose testimony was anticipated and for which exhibits were staged — has not testified. He may never testify if this settlement is finalized.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

The public has a compelling interest in understanding what evidence the government assembled, including what exhibits were prepared for Mr. Rapino's examination. A settlement that resolves this case while key exhibits remain sealed, and while the CEO's testimony remains undelivered, does not extinguish those interests — it amplifies them.

## II. Settlement Does Not Moot the Public's Right of Access Under Lugosch

The Second Circuit's standard is clear. In Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006), the Court held that judicial documents carry a presumption of public access rooted in both common law and the First Amendment. That presumption applies to documents filed in connection with a case regardless of the outcome of the underlying litigation. A consent decree or settlement agreement does not reduce the weight of the presumption; if anything, the public interest in a case of this magnitude — involving a nationwide monopoly affecting millions of consumers, artists, and venues — is heightened when the remedy falls short of what the government originally sought.

This Court has already recognized that principle in practice. The March 4 unsealing order, and the March 6 ruling memorialized in Dkt. 1132, established that exhibits and demonstratives used at trial must be filed publicly within 24 hours — consistent with United States v. Akhavan, 532 F.Supp. 181, 188 (S.D.N.Y. 2021), a case in which Inner City Press also sought and obtained unsealing before Judge Rakoff. Those rulings reflect the Court's own judgment that the public interest in access to this trial record is substantial. Settlement cannot undo those rulings or the obligations they created.

## III. Specific Sealing Requests That Remain Unresolved

The following sealing requests remain pending or inadequately resolved and should be addressed before any settlement is finalized or any consent decree is entered:

Dkt. 1108 — Tennessee Football LLC sealing request. Filed before trial, not yet resolved on the merits.

Dkt. 1068, 1071, 1072, 1073, 1074 — sealing requests filed in the pretrial period, unresolved.

Dkt. 1091 — LA Clippers sealing request. The Clippers were anticipated trial witnesses. Their sealing request covers documents related to their ticketing arrangements — precisely the kind of evidence bearing on whether major venue operators faced Live Nation leverage in choosing ticketing systems.

Dkt. 1130 — AEG sealing request (filed by Hogan Lovells on behalf of AEG). This request covers 25 exhibits across six categories, including DX-1394 — a collection of 148 AXS ticketing contracts totaling over 2,300 pages. AEG is Live Nation's competitor in large-scale concert promotion. The contracts at issue go directly to the competitive landscape the government's case was built around. AEG's request that the Court presume all 148 contracts are sealable is precisely the kind of categorical, bulk sealing that Lugosch prohibits. Each document requires individual weighing of the presumption of access against any legitimate competing interest.

Dkt. 1137, Exhibits A-C — Live Nation's retroactive filing of previously email-only sealing requests, filed March 8, 2026 pursuant to the Court's March 6 Ruling. Inner City Press is reviewing these exhibits and may supplement this letter with specific objections to any redaction requests that go beyond personally identifiable information into substantive business or competitive information that the public has a right to see.

### IV. The Rapino Exhibit Problem

CEO Michael Rapino was on the government's witness list. Exhibits were prepared and staged for his examination. He has not testified. Under the confidentiality procedures that predated the Court's March 6 ruling — procedures this Court has already recognized were insufficiently transparent — Live Nation submitted sealing and redaction requests by email for documents they 'expected' to be used with witnesses the day before those witnesses were expected to testify. Dkt. 1137 at 1 n.1.

That means exhibits prepared for Rapino's examination were submitted for sealing treatment before trial, outside the public docket, under a process that Inner City Press has asserted has been inadequate. If the case actually settles before Rapino testifies, those exhibits — and the sealing requests covering them — should not

3

disappear with the case. The Court should require their public filing as part of any settlement or consent decree proceeding.

The same problem extends to other anticipated witnesses. Exhibit C to Dkt. 1137 reveals that on March 5, 2026, Live Nation submitted — by the same email-only process — redaction requests for PX0314 and PX0316, documents expected to be used with Robert Davari, the CEO and founder of Tixr, one of Ticketmaster's direct competitors and a government witness listed for live testimony, and whose testimony was pushed back. If the case settles before Mr. Davari testifies, those redacted exhibits disappear with it. The public is entitled to know what a competing ticketing company's CEO was prepared to say about Live Nation's conduct — and what documents the government planned to show the jury.

### V. The Court's Role in Reviewing Any Consent Decree

If the parties present a consent decree for the Court's approval under the Tunney Act, 15 U.S.C. § 16, it appears - and we urge - that the Court will be required to independently assess whether the proposed decree is in the public interest. That assessment cannot be made on a sealed record. Inner City Press respectfully requests that the Court condition any such proceeding on the unsealing of the trial record, including the exhibits identified above, so that the public — and the Court — can evaluate the adequacy of the proposed remedy against the evidence the government assembled.

The history of Live Nation's compliance with prior consent decrees is not reassuring. The 2010 merger consent decree was violated. The 2019 amended decree installed an external monitor precisely because Live Nation had already demonstrated it would not comply voluntarily. The public interest in scrutinizing any new consent decree is correspondingly high — and requires an open record.

### VI. Requests for Relief

Inner City Press respectfully requests that the Court:

(1) Order the immediate unsealing and public docketing of all sealing requests identified above (Dkt. 1068, 1071, 1072-1074, 1091, 1108, 1130), with individualized Lugosch analysis applied to each exhibit rather than categorical treatment;

(2) Order Live Nation to publicly file all exhibits prepared for Michael Rapino's anticipated testimony, along with any sealing or redaction requests submitted in connection with those exhibits;

(3) Order that any consent decree or settlement proceeding in this case be conducted on an open record, with sealed trial exhibits unsealed as a precondition to the Court's Tunney Act review; and

(4) Decline to permit the parties to use settlement or voluntary dismissal to moot pending unsealing motions without first resolving them on the merits.

Inner City Press may supplement this letter including with specific objections to the Dkt. 1137 Exhibits A-C upon review of those documents.

Respectfully submitted,


/s/ Matthew Russell Lee Inner City Press / Fair Finance Watch


cc: All counsel via ECF