**VIA ECF**                                                                                                          March 9, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, writes pursuant to Rule 11(C) of the Court's Individual Practices in Civil Cases, in furtherance of its March 6, 2026 letter (ECF 1131) regarding redactions to SeatGeek ticketing contracts.

In light of the settlement announced today and the Proceeding Plaintiffs States' Motion for Mistrial and Stay of Current Proceedings (ECF 1166) ("States' Motion"), SeatGeek respectfully requests that the Court postpone SeatGeek's deadline for seeking additional redactions until 24 hours after the Court rules on the States' Motion, and that no SeatGeek ticketing contracts be filed on the public docket, or otherwise disclosed to individuals not authorized under the Amended Protective Order, until the Court has ruled on SeatGeek's final redaction requests. In the alternative, SeatGeek requests further redactions to its ticketing contracts and board presentations as described herein. The basis for each request is set forth below.

**Postponement Request.** SeatGeek's March 6 letter was initially prompted by the fact that (i) Defendants moved one contract (DX-1393(9)) into evidence without initially providing notice to SeatGeek and an opportunity to seek redactions; (ii) Defendants moved another contract (PX0276) into evidence rather than an identical document (DX-533) to which SeatGeek had requested redactions for specific pages Defendants had identified; and (iii) Defendants moved entire contracts into evidence after previously identifying specific pages as to which redactions were sought and indicating they intended to seek of the documents in excerpted form, so that SeatGeek had not provided redactions of the remaining pages.

In the event the States' Motion is granted and the trial ends before reaching the jury, SeatGeek believes additional redactions are warranted to redact provisions of its admitted contracts that were not shown to or discussed in front of the jury. Such provisions, if the case ends, will have played no role in the outcome of this case, yet they would retain their competitive sensitivity. The potential harm to SeatGeek in the disclosure of these provisions would be heightened by the fact that SeatGeek is the only ticketer whose contracts were admitted into evidence before the settlement was announced. Any public interest in access to provisions never seen by or discussed in front of the jury, and immaterial to the outcome of the case, would be outweighed by SeatGeek's interest in protecting its competitively sensitive contracts from asymmetrical discovery by its competitors, including Ticketmaster.

To prevent this competitive harm and permit SeatGeek the opportunity to seek additional redactions should the trial not proceed, SeatGeek requests that the posting of its exhibits be

deferred until the Court has ruled on the States' Motion, SeatGeek has had an opportunity to request additional redactions to its contracts if the States' Motion is granted, and the Court has ruled on SeatGeek's requests. Any prejudice to the public from such a delay would be minimal.

**Redaction Request in the Alternative.**  If the Court is not inclined to grant SeatGeek's request for additional time, SeatGeek requests that the Court approve three sets of redactions prior to the filing of any materials on the public docket:

1. SeatGeek requests further redactions to DX-186; DX-295; DX-533; DX-811; DX-812; DX-936; DX-1393(1); DX-1393(7); DX-1393(13); DX-1393(17); DX-1393(26); DX-1393(38); DX-1393(56); DX-1393(63); DX-1393(71); DX-1393(79); DX-1493(35); DX-1493(43).[1]  The Court previously approved redactions to excerpts from these documents based on pages Defendants indicated they intended to use during Mr. Groetzinger's testimony.  SeatGeek's additional redaction requests are limited to (i) pages that were not included in the original excerpt and were not used during Mr. Groetzinger's testimony, and (ii) minor additional redactions to correct prior redaction errors in some documents and ensure consistency across contracts.

2. SeatGeek requests redactions to DX-1393(9), which Defendants moved into evidence during Mr. Groetzinger's testimony without providing notice to SeatGeek or an opportunity to seek redactions.  These redactions, like others approved for SeatGeek's ticketing contracts, are limited to specific financial figures/terms and competitively sensitive terms not relevant to the case.

3. SeatGeek requests redactions to PX0276.  This document is identical to DX-533, noted above.  Although SeatGeek previously provided, and the Court approved, redaction requests to an excerpted version of DX-533, Defendants instead used PX0276 during Mr. Groetzinger's testimony.at trial.  Defendants seek to redact PX0276 in an identical manner to DX-533.

Proposed "redbox" redactions will be submitted by email to Chambers.

---

[1] Five of these exhibits—DX-533, DX-812, DX-936, DX-1493(35), and DX-1493(43)—were not moved into evidence at trial and thus are not currently required or permitted to be filed on the public docket.  However, SeatGeek submits these additional redactions now on the premise that the trial is moving forward, to avoid any confusion, so that the parties and the Court will have a full set of redactions to these materials in case they are used with future witnesses.

Respectfully submitted,

COHEN & GRESSER LLP


*Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
Derek Jackson
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
djackson@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.