**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973

Dear Judge Subramanian:

        We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter.  We respectfully submit this response in opposition to the application from Inner City Press (ECF No. 1165, the "Motion") ("Inner City") requesting, among other things, the unsealing and public docketing of documents that have not been offered into evidence at trial.

        Inner City's Motion requests the unsealing of documents Defendants "prepared" or "staged" for potential use, but that have *not actually* been used or admitted at trial.  (Mot. at 1, 3-4) (seeking to have the Court publish on the docket documents Defendants emailed to Chambers that they "expected" may be used at trial).  In accordance with pretrial sealing procedures designed to promote judicial efficiency, Defendants submitted these documents to Chambers, requesting that certain information be sealed in anticipation of their potential use during witness examination at trial.

        Before the right of public access can attach, "a court must first conclude that the documents at issue are indeed judicial documents."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d at 119 (internal citations omitted).  "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  Rather, a document qualifies as a "judicial document" only if it is "relevant to the performance of the judicial function and useful in the judicial process."  *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

        The Second Circuit has made clear that documents attached to motions to seal do not transform into "judicial documents" merely because a court reviewed them to determine whether to enter a protective order.  *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001).  Indeed, the Second Circuit explained that any finding to the contrary "would transform every document that a court reviews into a 'judicial document' presumptively open to the public, despite well-settled law to the contrary."  *Id.*

        Documents, like those here, that were prepared for a witness who has not testified, were never offered into evidence or presented to the jury, but were merely attached to prospective requests to seal—that are themselves public (*see* ECF 1137)—are not "judicial documents" that are afforded public access under *Lugosch*.  *See SEC v. TheStreet.Com*, 273 F.3d at 232–33 (holding deposition transcript not judicial document when submitted only so district court could determine whether that transcript met protective order's definition of "confidential information" so as to be excused from filing on public docket).  At most, they are potential evidence, akin to documents exchanged during discovery to which the public does not have a right of access.  *Brown v. Maxwell*,

929 F.3d at 49–50 ("Documents that are never filed with the court, but simply 'passed between the parties in discovery, lie entirely beyond the presumption's reach.'").  Thus, the presumption of public access that attaches to judicial documents under *Lugosch* does not extend to the documents for which Inner City requests unsealing.

　　For the foregoing reasons, Defendants respectfully request the Court deny Inner City's Motion insofar as it seeks the unsealing of documents that no party has offered into evidence at trial.  Such documents are not "judicial documents" to which the presumption of public access applies.  Moreover, the Court's procedures, which require the unsealing of documents admitted at trial within 24 hours of trial will protect the public's right of access to these proceedings.

*[signatures on following page]*

2

Dated:  March 9, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_____
Alfred C. Pfeiffer (admitted *pro hac vice*)
    *Co-Lead Trial Counsel*
David R. Marriott
    *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

cc: All counsel of record (via ECF)

CRAVATH, SWAINE & MOORE LLP

_____
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*