

March 10, 2026

VIA ECF

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*First*, plaintiffs should refile their brief in response to the motion in limine, Dkt. 1164, in unredacted form by tomorrow, March 12, 2026, as it contains no information that should be subject to sealing. Otherwise, any opposition to this motion to unseal should be posted on the docket by March 12, 2026. *Second*, defendants are ORDERED by March 12, 2026 to post the revised term sheet referenced below on the docket.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 11, 2026

Re:   United States v. Live Nation Entertainment et al, No. 1:24-cv-03973 (AS)

Your Honor:

    I write on behalf of non-parties Bloomberg L.P., publisher of Bloomberg News ("Bloomberg"), MLex, a division of LexisNexis Legal & Professional ("MLex"), and The New York Times Company ("The Times"), publisher of *The New York Times* (collectively, "the media organizations") to respectfully request access to a number of proposed trial exhibits that were filed under seal by Plaintiffs in opposition to a Motion in Limine filed by defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Live Nation"). Live Nation's Motion is at Docket No. 1144, and Plaintiffs' redacted opposition with the exhibits in question is at Docket No. 1164. The motion papers and exhibits have already been the subject of an extraordinary and non-public request by Live Nation – properly rejected by the Court – to remove them from the public docket. *See* Docket No. 1177. As set forth below, the press and the public have a First Amendment and common law right of access to the exhibits and the redacted opposition, and the parties have not made and cannot make the showing required to overcome this right of access.[1]

    Separately, the media organizations respectfully request that the Court direct the parties to immediately file on the public docket the latest version of the Term Sheet reflecting the proposed settlement in this case in light of the United States' representation to the Court this morning that a modified version of the previously filed Term Sheet has been submitted directly to chambers.

**The Exhibits at Issue**

    On March 8, 2026, Live Nation filed a Motion in Limine to exclude six of the Plaintiffs' proposed trial exhibits on the grounds that the exhibits are irrelevant and prejudicial. Docket No. 1144. The exhibits in question are PX-0706, PX-0718, PX-0719, PX-0720, PX-0721, and PX-0722. *Id.* According to Live Nation, the exhibits consist of "Slack messages between two Live

---

[1] The press has standing to enforce the public right of access. *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 609 n.25 (1982) ("representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion'") (citation omitted).



Nation employees making passing references to non-ticket ancillary products." Live Nation Memorandum of Law in Support of Motion (Docket No. 1146) at p. 1. Live Nation noted that Plaintiffs had already quoted from one of those exhibits, PX-0719, during opening statements. *Id.* at p. 4.

In opposition to the Motion, Plaintiffs explained that the exhibits in question consist of six chains of internal Slack messages between two Live Nation employees who were both regional Directors of Ticketing for certain major concert venues, one of whom has since been promoted to Head of Ticketing for the component of Live Nation responsible for operating its amphitheaters. Memorandum of Law in Opposition to Motion to Exclude (Docket No. 1164) at p. 3. Plaintiffs contend that the messages are "highly relevant to Plaintiffs' claims" for several reasons, including that the ancillary products at issue "are a significant way that Defendants monetize their monopoly in the amphitheater market." *Id*. at p. 4. Plaintiffs attached the exhibits to their opposition papers, but they filed the exhibits under seal and also made certain redactions to their opposition Memorandum. As Plaintiffs explained in a separate Motion for Leave to File Under Seal, they did so only because Live Nation had designated certain information in the exhibits as Confidential or Highly Confidential. Docket No. 1161 at p. 1. Plaintiffs made clear that they do not believe the materials in question were properly designated as confidential and that Live Nation bears the burden of justifying sealing. *Id.* at p. 2.

On March 9, 2026, counsel for Live Nation apparently emailed chambers asking to withdraw the March 8 Motion in Limine without prejudice and further requesting that all filings made in connection with the motion be withdrawn from the public docket. Docket No. 1177. The Court denied this request in full, noting that the motion to withdraw the filings from the public docket was "without justification" and directing that "[i]n the future, motions like these should be publicly docketed and not emailed privately to chambers." *Id.*

**<u>Unsealing of Exhibits</u>**

As the Court has previously recognized, the public and the press have a presumptive First Amendment right of access to court proceedings and records. *New York Civil Liberties Union v. New York City Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012) ("the First Amendment guarantees a qualified right of access not only to criminal but also to civil trials and to their related proceedings and records"); *Matter of New York Times Co. (Biaggi)*, 828 F.2d 110, 114 (2d Cir 1987) (the qualified First Amendment right of access extends to "written documents submitted in connection with judicial proceedings"). The presumption of openness can only be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 1314 (1986) ("*Press-Enterprise II*"). Under this standard, "the most compelling circumstances" are required to justify any restriction upon the constitutional presumption in favor of access to court proceedings and records. *Application of Nat'l Broad. Co.,* 635 F.2d 945, 952 (2d Cir. 1980).

Separate from the First Amendment presumption of access, "[t]he existence of [a] common law right to inspect and copy judicial records is beyond dispute." *Application of Nat'l Broad. Co.,* 635 F.2d at 949; *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d

KLARIS

Cir. 2006). A document filed with a court that is "relevant to the performance of the judicial function and useful in the judicial process" is a "judicial document" to which the common law presumption of access attaches. *Lugosch*, 435 F.3d at 119 (citation omitted).

Here, the exhibits in question were filed by Plaintiffs for the Court to consider in connection with a pending motion, and they therefore are judicial documents to which the right of access attaches. Under the common law, there is a "substantial" presumption of access to motions in limine and other non-dispositive motions. *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). The First Amendment right of access also applies to such motions and the exhibits attached to them. *E.g., United States v. Silver*, No. 15-CR-93 (VEC), 2016 WL 1572993 at *3 (S.D.N.Y. Apr. 14, 2016). The fact that the Court did not rule on the motion here does not change the analysis, nor will it matter if the motion is ultimately mooted by the proposed settlement. As the Second Circuit has made clear, "a judicial document determination is properly made by evaluating the relevant materials at the time of their filing with the court. Where materials pertain to a motion, the subsequent mooting of the motion is irrelevant to that determination." *Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025); *see also Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 394 (S.D.N.Y. 2024) ("the fact that a summary judgment motion is never ruled on prior to settlement does not affect the judicial document status of exhibits filed in connection therewith.")

Accordingly, both the common law and First Amendment presumptions of access apply here, and the burden is on the party seeking continued sealing to make the required showing to overcome those presumptions. Yet the record is barren of any justification for sealing, let alone any "overriding interest based on findings that closure is essential to preserve higher values" sufficient to overcome the more stringent constitutional presumption of access. *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 510 (1984) (*"Press-Enterprise I"*). Though Live Nation presents arguments for why these exhibits should not be *presented to the jury* – i.e., prejudice and irrelevance – that is an entirely separate question from whether there is a public right of access to judicial documents submitted to the Court in connection with the Motion in Limine. Indeed, courts in this district and elsewhere have found a right of access to documents and supporting papers submitted in connection with motions to exclude or admit evidence. *E.g., Silver*, 2016 WL 1572993, at *4 (ordering unsealing of motion in limine seeking to admit evidence and noting that "an essential function of the Court in a trial is to decide the admissibility of evidence. Therefore, motion papers and oral arguments that seek to persuade the Court to admit or exclude evidence are relevant to the performance of the judicial function") (citation omitted); *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 20–21 (D.D.C. 2022) (unsealing exhibits submitted in support of motion to exclude evidence); *cf. Matter of New York Times Co.*, 828 F.2d 110, 113–14 (2d Cir. 1987) (finding qualified First Amendment right of access to written documents submitted in support of pretrial motion to exclude evidence in criminal case).

In addition, Plaintiffs have already referred to and quoted from at least one of the exhibits in question during their opening statement, and Plaintiffs also contend in their sealing motion that the material in question "relates to prices publicly listed in the past." Docket No. 1161 at p. 2. To the extent that the information in question is already public, there is no basis for sealing it. *Grossberg v. Fox Corp.*, 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023) (courts "routinely deny sealing requests where ... the information to be sealed is already publicly available);



*Charlemagne v. Educ. All., Inc.*, 2022 WL 1421480, at *2 (S.D.N.Y. May 5, 2022) (denying redaction request as "futile" where information was already public).

For all of these reasons, the Court should unseal both the exhibits and the redactions in Plaintiffs' opposition Memorandum.[2]

**Access to the Modified Term Sheet**

The media organizations also respectfully request that the Court direct the parties to immediately post on the public docket the revised version of the Term Sheet submitted to the Court in connection with the proposed settlement of this case. The underlying Term Sheet has already been filed publicly (Docket No. 1172), but at an appearance before the Court this morning, counsel for the United States stated that the Term Sheet had been edited over the weekend and that some "modifications" have been provided to the Court. *See* March 10, 2026 Tr. at 1033:13-18. Where, as here, court approval is required for a settlement, the settlement is a judicial document subject to the presumption of access. *E.g., Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012) (holding agreement settling FSLA claim submitted for court approval is "indisputably" a judicial document subject to presumption of access); *Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 CIV. 6519 (PKC), 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009) (if court approval of settlement is required, that is a "judicial act" and "[a]ny document reflecting the terms of the settlement and submitted to the Court is a judicial document to which the presumption of access likely applies") (citation omitted). Accordingly, the modified Term Sheet should be publicly posted.

Respectfully submitted,

Matthew A. Leish

cc: Counsel of record (via ECF)

---

[2] Should Live Nation submit any briefing in support of continued sealing, the media organizations respectfully request an opportunity to reply to any arguments raised by Live Nation before the Court rules.