March 12, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS

Dear Judge Subramanian:

Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. respectfully request an order directing Plaintiffs to (1) meet their obligations under the JPTO and produce a complete witness call order by 3:00 p.m. on Friday, March 13, 2026, and (2) explain any deviation from the previously disclosed call order dated March 7, 2026.

This request should not be necessary. As required under the JPTO, Plaintiffs served a witness order on February 25, 2026. Plaintiffs have already revised that witness order multiple times (on February 26, March 1, and March 7, 2026). Defendants have worked with Plaintiffs in good faith to accommodate witness changes due to unavailability and travel constraints.

On March 11, 2026, the States' new counsel announced for the first time an abrupt departure from their most recently disclosed witness order—notably demanding that one Live Nation witness who was number 30 on their call order now be available on Monday. Defendants immediately responded, reserving all rights with respect to this deviation from Plaintiffs' previously disclosed witness list and requesting a complete updated call order reflecting any other changes Plaintiffs anticipated. Plaintiffs declined to provide a complete updated order and demanded further information about witness availability from Live Nation.

On March 12, Defendants confirmed for Plaintiffs the availability of multiple Live Nation witnesses on the dates Plaintiffs proposed for next week. Defendants simultaneously reiterated that, while an occasional and genuine availability issue can and should be addressed cooperatively, Plaintiffs could not use the States' retention of additional counsel or the recess of trial during the week of March 9 as a basis to overhaul the previously disclosed witness call order, much less to decline to submit the required witness order. Defendants again asked for Plaintiffs' full call order for the week of March 16, noting that Defendants intended to seek relief from the Court.

Later on March 12, Plaintiffs provided what they described as their "best information" about the witness order for the week of March 16 but purported to reserve the right to call any witness and to continue altering the list, including by slotting in additional witnesses "anywhere in the order." That reservation is wholly inconsistent with the JPTO's requirements and puts Defendants in a worse position now—days *into* trial—than contemplated under the JPTO's requirement that Plaintiffs disclose "the name and anticipated order of each witness they expect to call" three business days *before* trial commenced.

Plaintiffs' position is particularly disruptive given the complete abandonment of the previously disclosed witness call order: Plaintiffs had listed Ms. Callie Brennan at number 24, Mr. Mark Campana at number 30, Mr. Edward Khoury at number 35, and Dr. Shannon W. Anderson at number 46, yet Plaintiffs' March 11 and March 12 communications now purport to call each of those witnesses *next week*. The JPTO does not permit Plaintiffs to reorder their *dozens* of remaining witnesses at will, and it certainly does not permit wholesale changes on a weekly basis.

There is no question that Defendants have suffered material prejudice from Plaintiffs' actions here. *See* JPTO ¶ 17. Plaintiffs' position that they do not need to provide a complete witness call order until they choose and even then can retain the unilateral right to "continue to alter this list" and "to slot in additional witnesses anywhere in the order" risks repeated prejudice of exactly the type the JPTO sought to avert. Plaintiffs' witnesses are under subpoena to testify at a federal trial of significant importance. Plaintiffs should be required to call them in the order previously disclosed, subject only to serious and unavoidable conflicts, which they identify and explain. The changes to the overall schedule caused by Plaintiffs' request for a continuance, and their retention of additional counsel, are no basis for forcing Defendants to face a completely different trial than the one all the parties were litigating for the past week.

For the foregoing reasons, Defendants respectfully request that the Court order Plaintiffs to (1) meet their obligations under the JPTO and produce a complete witness call order by 3:00 p.m. on Friday, March 13, 2026, and (2) explain any deviation from the previously disclosed call order dated March 7, 2026.

*[signatures on following page]*

Dated: March 12, 2026

Respectfully submitted,

| | |
|---|---|
| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
| /s/ Alfred C. Pfeiffer | /s/ Lauren A. Moskowitz |
| Alfred C. Pfeiffer (admitted *pro hac vice*)<br>   *Co-Lead Trial Counsel*<br>David R. Marriott<br>   *Co-Lead Trial Counsel*<br>Andrew M. Gass (admitted *pro hac vice*)<br>Timothy L. O'Mara (admitted *pro hac vice*)<br>Jennifer L. Giordano<br>Kelly S. Fayne (admitted *pro hac vice*)<br>Lindsey S. Champlin (admitted *pro hac vice*)<br>Robin L. Gushman (admitted *pro hac vice*) | Lauren A. Moskowitz<br>Jesse M. Weiss<br>Nicole M. Peles<br><br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001<br>(212) 474-1000<br><br>lmoskowitz@cravath.com<br>jweiss@cravath.com<br>npeles@cravath.com |
| 505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 391-0600<br><br>1271 Avenue of the Americas<br>New York, NY 10020<br>(212) 906-1200<br><br>555 11th Street, NW, Suite 1000<br>Washington, D.C. 20004<br>(202) 637-2200<br><br>Al.Pfeiffer@lw.com<br>David.Marriott@lw.com<br>Andrew.Gass@lw.com<br>Tim.O'Mara@lw.com<br>Jennifer.Giordano@lw.com<br>Kelly.Fayne@lw.com<br>Lindsey.Champlin@lw.com<br>Robin.Gushman@lw.com<br><br>*Attorneys for Defendants Live Nation*<br>*Entertainment, Inc. and Ticketmaster L.L.C.* | *Attorneys for Defendants Live Nation*<br>*Entertainment, Inc. and Ticketmaster L.L.C.* |