**VIA ECF**  March 14, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, writes pursuant to Rule 11(C) of the Court's Individual Practices in Civil Cases, and in furtherance of its letters of March 6, 2026 (ECF 1131) and March 9, 2026 (ECF 1170), to request further redactions (or, in two cases, initial redactions) to certain SeatGeek-produced exhibits that were either introduced into evidence on March 6, 2026, or noticed to SeatGeek prior to that date as documents intended to be used at trial.

SeatGeek's March 6, 2026 letter was initially prompted because, during the March 6, 2026 testimony of SeatGeek CEO Jack Groetzinger, (i) Defendants moved one SeatGeek-produced exhibit (DX-1393(9)) into evidence without first providing notice to SeatGeek and an opportunity to seek redactions; (ii) Defendants moved another SeatGeek-produced exhibit (PX0276) into evidence rather than an identical document (DX-533) to which SeatGeek had requested redactions for specific pages Defendants had identified; and (iii) Defendants moved entire SeatGeek ticketing contracts into evidence after previously identifying specific pages as to which redactions were sought and indicating they intended to seek of the documents in excerpted form, so that SeatGeek had not provided redactions of the remaining pages.

On March 9, 2026, after the announcement of the United States' settlement with Defendants and the Proceeding Plaintiff States' motion for a mistrial, SeatGeek requested additional time to submit its request for further redactions. (ECF 1170.) The Court granted that motion on March 12, 2026. (ECF 1197.)

Now that the Proceeding Plaintiff States have withdrawn their motion for a mistrial and the trial is set to proceed on Monday, SeatGeek requests that the Court approve three sets of redactions prior to the filing of these materials on the public docket:

1. SeatGeek requests further redactions to DX-186; DX-295; DX-533; DX-811; DX-812; DX-936; DX-1393(1); DX-1393(7); DX-1393(13); DX-1393(17); DX-1393(26); DX-1393(38); DX-1393(56); DX-1393(63); DX-1393(71); DX-1393(79); DX-1493(35); and DX-1493(43).[1]  The Court previously approved redactions to excerpts from these

---

[1] Five of these exhibits—DX-533, DX-812, DX-936, DX-1493(35), and DX-1493(43)—were not moved into evidence at trial and thus are not currently required or permitted to be filed on the public docket. However, SeatGeek submits these additional redactions now, to avoid any

documents based on pages Defendants indicated they intended to use during Mr. Groetzinger's testimony. SeatGeek's additional redaction requests are limited to (i) pages that were not included in the original excerpts and were not used during Mr. Groetzinger's testimony and (ii) minor additional redactions to correct prior redaction errors in some documents and ensure consistency across contracts.

2. SeatGeek requests redactions to DX-1393(9), which Defendants moved into evidence during Mr. Groetzinger's testimony without providing notice to SeatGeek or an opportunity to seek redactions. These redactions, like others approved for SeatGeek's ticketing contracts, are limited to specific financial figures/terms and competitively sensitive terms not relevant to the case.

3. SeatGeek requests redactions to PX0276. This document is identical to DX-533, noted above. Although SeatGeek previously provided, and the Court approved, redaction requests to an excerpted version of DX-533, Defendants instead used PX0276 during Mr. Groetzinger's testimony.at trial. Defendants seek to redact PX0276 in an identical manner to DX-533.

These requests are largely identical to those SeatGeek had requested in its March 9, 2026 letter in the event the Court did not grant SeatGeek's extension of time, with a small number of additional redactions for consistency. Proposed "redbox" redactions will be submitted by email to Chambers.

---

confusion, so that the parties and the Court will have a full set of redactions to these materials in case they are used with future witnesses.

Respectfully submitted,

COHEN & GRESSER LLP


*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
Derek Jackson
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
djackson@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.