UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>　　　　　　　Plaintiffs,<br>　　v.<br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C.,<br>　　　　　　　Defendants. | Case No. 1:24-cv-03973-AS<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS'
COMMUNITY ENGAGEMENT**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii
INTRODUCTION ............................................................................................................................. 1
LEGAL STANDARD ........................................................................................................................ 2
ARGUMENT .................................................................................................................................... 2
    I.    Information Relating to Defendants' Community Engagement Is Irrelevant Under Rule 402 ................................................................................................................ 2
    II.   Any Probative Value of Defendants' Community Engagement is Outweighed by the Risks ................................................................................................................... 4
CONCLUSION ................................................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bohack Corp. v. Iowa Beef Processors, Inc.*,
   715 F.2d 703 (2d Cir. 1983)...................................................................................................2

*Habersham Plantation Corp. v. Molyneux*,
   2011 WL 13216995 (S.D. Fla. Dec. 5, 2011) .........................................................................3

*IV Sols., Inc. v. United Healthcare Servs., Inc.*,
   2014 WL 5846805 (C.D. Cal. Nov. 12, 2014).........................................................................5

*Laureano v. City of New York*,
   2021 WL 3272002 (S.D.N.Y. July 30, 2021) ......................................................................2, 3

*Levinson v. Westport Nat'l Bank*,
   2013 WL 2181042 (D. Conn. May 20, 2013) .........................................................................3

*Nat'l Soc'y of Pro. Eng'rs v. United States*,
   435 U.S. 679 (1978).................................................................................................................3

*NCAA v. Alston*,
   594 U.S. 69 (2021)...................................................................................................................3

*Park W. Radiology v. CareCore Nat'l LLC*,
   547 F. Supp. 2d 320 (S.D.N.Y.2008).......................................................................................5

*Park W. Radiology v. CareCore Nat'l LLC*,
   675 F. Supp. 2d 314 (S.D.N.Y. 2009)......................................................................................5

*Shenwick v. Twitter, Inc.*,
   2021 WL 1232451 (N.D. Cal. Mar. 31, 2021).........................................................................3

*Steves & Sons, Inc. v. JELDWEN, Inc.*,
   988 F.3d 690 (4th Cir. 2021) ...................................................................................................5

*TY Inc. v. Softbelly's Inc.*,
   2006 WL 5111124 (N.D. Ill. April 7, 2006)............................................................................4

*United States v. Aulet*,
   618 F.2d 182 (2d Cir. 1980).....................................................................................................2

*United States v. Gelzer*,
   50 F.3d 1133 (2d Cir. 1995).....................................................................................................4

*United States v. Mohamed*,
  2022 WL 3703200 (E.D.N.Y. Aug. 26, 2022) ..........................................................................4

*United States v. Wassner*,
  141 F.R.D. 399 (S.D.N.Y. 1992) ............................................................................................2

**Other Authorities**

Fed. R. Evid. 401 ......................................................................................................................1, 2

Fed. R. Evid. 402 ..............................................................................................................1, 2, 3, 5

Fed. R. Evid. 403 ..............................................................................................................1, 2, 4, 5

## INTRODUCTION

In an attempt to distract from the issues in this case, Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Defendants") repeatedly attempt to characterize themselves as "good neighbors" in the communities in which they sell concert tickets and operate venues. For example, in their opening statement Defendants highlighted their purported "community focus" through "sustainability and environmental action," "creat[ing] jobs," and "increase[ing] revenues for local communities." Defs.' Opening Demonstrative, Slide 16 (DDX 1.16). Defendants further touted ticket donations to veterans and military members and overall "community engagement." *Id.*

This purported "good neighbor" evidence is plainly irrelevant: community and charitable endeavors have no bearing on whether Defendants harmed *competition* in violation of the Sherman Act. Testimony and evidence in this regard should be excluded under Federal Rules of Evidence 401 and 402. Moreover, any probative value of Defendants' alleged charitable efforts is substantially outweighed by the dangers of unfair prejudice under Rule 403. Defendants' emotional appeal to jurors about social benefits unrelated to competition in the relevant markets could confuse the jury; invite them to decide this case on factors other than whether Defendants' conduct harmed competition in violation of Section 1 and Section 2 of the Sherman Act; and provoke wasteful mini-trials over whether Defendants, in fact, provided social benefits to the communities in which they operate.

Plaintiffs respectfully move *in limine* to preclude the introduction of any evidence, arguments, or testimony regarding Defendants' purported community engagement or altruistic endeavors.

**LEGAL STANDARD**

Only relevant evidence is admissible at trial. Fed. R. Evid. 402. Evidence is only relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Further, "Rule 403 of the Federal Rules of Evidence grants the trial judge broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues." *Bohack Corp. v. Iowa Beef Processors, Inc.*, 715 F.2d 703, 709 (2d Cir. 1983) (citing *United States v. Aulet*, 618 F.2d 182, 191 (2d Cir. 1980)); *United States v. Wassner*, 141 F.R.D. 399, 405 (S.D.N.Y. 1992) ("[R]elevant or not, [] evidence must be kept out [where] its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.") (citing Fed. R. Evid. 403).

**ARGUMENT**

**I. Information Relating to Defendants' Community Engagement Is Irrelevant Under Rule 402**

Evidence that Defendants donate tickets to military members and veterans, whether they "take sustainability and environmental action," or if their presence increases revenue for local communities is wholly irrelevant to the antitrust claims at issue under Rule 401 and should be excluded under Rule 402. Such evidence does nothing to aid the jury in evaluating the alleged antitrust violations in this case and should be excluded as irrelevant. *See Laureano v. City of New York*, 2021 WL 3272002, at *5 (S.D.N.Y. July 30, 2021) ("[A]lthough background evidence may sometimes be admitted, that evidence must somehow aid the [factfinder] in determining the probative value of other evidence offered to affect the probability of the existence of a consequential fact.") (quotations omitted).

Notably, federal courts regularly exclude evidence of nonprofit and charitable work as irrelevant. *See, e.g., Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *6 (N.D. Cal. Mar. 31, 2021) (granting motion *in limine* seeking to "exclude evidence or argument at trial regarding charitable contributions, philanthropy, or non-profit work" where "[e]vidence of good acts [wa]s irrelevant to the question of whether the … Defendants violated the [relevant] laws or to the credibility of any witness"); *Levinson v. Westport Nat'l Bank*, 2013 WL 2181042, at *4 (D. Conn. May 20, 2013) (excluding as irrelevant evidence of bank defendant's "community involvement such as its charitable contributions and its practice of lending to local businesses"); *Habersham Plantation Corp. v. Molyneux*, 2011 WL 13216995, at *10 (S.D. Fla. Dec. 5, 2011) (excluding evidence concerning company's "mission" and any of its "claimed charitable or good acts" as irrelevant and "prejudicial"). Only economic benefits to *competition in the relevant market* can serve as potential justifications under the Sherman Act—not claims that Defendants' conduct benefits society in some other respect. *See Nat'l Soc'y of Pro. Eng'rs v. United States*, 435 U.S. 679, 695 (1978) ("[P]etitioner's attempt to [justify its antitrust violation] on the basis of the potential threat that competition poses to the public safety and the ethics of its profession is nothing less than a frontal assault on the basic policy of the Sherman Act."); *see also NCAA v. Alston*, 594 U.S. 69, 94-95 (2021) ("This Court has regularly refused materially identical requests from litigants seeking special dispensation from the Sherman Act on the ground that their restraints of trade serve uniquely important social objectives beyond enhancing competition.").

Even if Defendants sought to present such evidence as "background," it is too far attenuated to assist the jury in determining whether the Defendants violated the Sherman Act. *See Laureano*, 2021 WL 3272002, at *5. Such evidence should be excluded as irrelevant under Rule 402.

## II. Any Probative Value of Defendants' Community Engagement is Outweighed by the Risks

Not only is evidence concerning Defendants' community engagement irrelevant, but any scant probative value it might have (and there is none) is significantly outweighed by the risks such evidence presents of unfair prejudice, confusing the issues, and waste of scarce trial time. It should thus be excluded on that basis as well. Fed. R. Evid. 403; *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (evidence is prejudicial under Rule 403 if it involves "some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence."); *see also United States v. Mohamed*, 2022 WL 3703200, at *2 (E.D.N.Y. Aug. 26, 2022) ("[The] testimony about charitable works [is] inadmissible under Rule 403").

*First*, evidence of Defendants' community engagement is an improper appeal to emotion that presents a real risk of confusing the jury. Fed. R. Evid. 403, advisory committee's notes (explaining evidence should be excluded if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). Defendants' evidence of community endeavors, which carries no probative value here, is a blatant attempt to paint Defendants in a more favorable light based on unrelated, irrelevant conduct. Such unfair prejudice warrants exclusion on this basis alone. *TY Inc. v. Softbelly's Inc.*, 2006 WL 5111124, at *13-14 (N.D. Ill. April 7, 2006) (deeming it "hardly surprising" that a large corporation "would engage in some level of charity" and holding that evidence of such charitable activities "has nominal probative value that is outweighed by the potential for the jury [t]o decide the case based on an improper reason").

*Second*, admission of this evidence would require Plaintiffs to respond in kind, by providing full context and to counter Defendants' purported evidence of the community effect of sustainability and environmental action, ticket donations, and purported increases in regional jobs

4

and revenue. It is precisely this sort of mini trial on irrelevant issues that would unnecessarily prolong an already lengthy trial and supports exclusion of tangential issues of no probative value. *See Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 325 (S.D.N.Y. 2009) (citing *Park W. Radiology v. CareCore Nat'l LLC*, 547 F. Supp. 2d 320, 322 (S.D.N.Y.2008)) (excluding unrelated fraud allegations that "pose the risk of turning the trial into a multi-ringed sideshow of mini-trials on collateral issues"); *see also Steves & Sons, Inc. v. JELDWEN, Inc.*, 988 F.3d 690, 716 (4th Cir. 2021) (affirming exclusion of evidence under Rule 403 where "admitting the evidence could have prompted a 'trial within a trial'"); *IV Sols., Inc. v. United Healthcare Servs., Inc.*, 2014 WL 5846805, at *3 (C.D. Cal. Nov. 12, 2014) (similar).

If this evidence is not excluded under Rule 402 (it should be), the Court should exclude it under Rule 403.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and enter an order precluding testimony, evidence, and argument by Defendants regarding their purported community engagement or altruistic endeavors.

Dated: March 15, 2026

                        Respectfully submitted,

By:   */s/ Jeffrey L. Kessler*
       Jeffrey L. Kessler
       *Lead Trial Counsel*
       Eva W. Cole
       Johanna Rae Hudgens
       **WINSTON & STRAWN LLP**
       200 Park Avenue
       New York, NY 10166
       Tel: (212) 294-6700
       Fax: (212) 294-4700
       jkessler@winston.com
       ecole@winston.com
       jhudgens@winston.com

       Jeanifer E. Parsigian (*pro hac vice*)
       **WINSTON & STRAWN LLP**
       101 California Street
       San Francisco, CA 94111
       Tel: (415) 591-1000
       Fax: (415) 591-1400
       jparsigian@winston.com

       Joshua Hafenbrack (*pro hac vice*)
       **WINSTON & STRAWN LLP**
       1901 L Street NW
       Washington, DC 20036
       Tel: (202) 282-5000
       Fax: (202) 282-5100
       jhafenbrack@winston.com

       *Attorneys for Plaintiff State of New York*

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Brent Nakamura
Brent Nakamura (admitted *pro hac vice)*
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Victoria Maria Orton Field
Victoria Maria Orton Field (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: victoria.field@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Richard S. Schultz
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

*/s/ LeAnn D. Scott*
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

*/s/ Zach Biesanz*
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

*/s/ Zachary Frish*
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

*/s/ Andrew F. Esoldi*
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

*/s/ Evan Crocker*
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

*/s/ Jonathan H. Hatch*
Jonathan H. Hatch
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

*/s/ Francisco Benzoni*
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

*/s/ Sarah Mader*
Sarah Mader (admitted *pro hac vice)*
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

*/s/ Gina Ko*
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

*/s/ Joseph S. Betsko*
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

*/s/ Paul T.J. Meosky*
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

*/s/ Hamilton Millwee*
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

*/s/ Marie W.L. Martin*
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

*/s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

*/s/ David C. Smith*
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Ashley A. Locke*
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Caitlin M. Madden*
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

*/s/ William T. Young*
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*

## CERTIFICATE OF COMPLIANCE

In accordance with Local Civil Rule 7.1(c), and Rule 8(c) of this Court's Individual Practices in Civil Cases, I certify that the word count of this memorandum of law is 1,362 words, which includes footnotes but excludes the caption, any index, table of contents, table of authorities, signature blocks, or any certificates. This certificate is made in reliance on the word count of the word-processing program used to prepare the document.

*/s/ Joshua Hafenbrack*
JOSHUA HAFENBRACK
*Attorney for Plaintiff State of New York*

11