March 16, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. We write pursuant to the Court's March 6, 2026 ruling in open court ("March 6 Ruling"), to request the redaction and sealing for confidentiality certain portions of PX0417 and PX0712,[1] which may be used at trial with Mark Campana, and certain portions of Clay Luter's Deposition Designations. Specifically, Defendants seek to seal competitively sensitive pricing information and specific contract terms in currently effective agreements with non-parties. Plaintiffs have indicated that they do not oppose the sealing of this information.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Competing interests include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, including the protection of competitively sensitive business information, s*ee, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015); *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y.

---

[1] In addition to the redactions referenced in this motion, PX0417 and PX0712 also include redactions for personally identifiable information and/or sensitive personal information or medical information, which do not require a motion to seal pursuant to the Court's March 8, 2026 order approving the presumptive redaction of such information. *See* ECF 1138; ECF 1137 (defining personally identifiable information and sensitive personal information or medical information). For ease of review, the proposed redactions subject to this motion are reflected in blue boxes whereas the redactions for personally identifiable information and/or sensitive personal information or medical information are reflected in red boxes.

Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").[2]

The public's interest in accessing the below information does not overcome the strong argument in favor of its protection.

- **PX0417**. With respect to PX0417, Defendants seek to redact the cover email and to seal in full the native Excel spreadsheet that is attached to the email chain. The information Defendants seek to redact or seal reflects specific pricing and contract terms in an agreement with a non-party that is still in effect today, as well as granular non-public financial information being input into a financial model. The disclosure of such information could adversely affect Defendants' negotiations with venues and be used by Defendants' competitors against them when competing for venues.

- **PX0712**. The proposed redactions in PX0712 reflect pricing information and specific contract terms in a currently effective customer agreement. The disclosure of such information could adversely affect Defendants' negotiations with customers.

- **Clay Luter Deposition Designations**. The proposed redactions in Clay Luter's deposition transcript reflect specific financial terms in a currently effective customer agreement. The disclosure of such information could adversely affect Defendants' negotiations with customers.

Courts routinely permit the sealing of such information. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing "information concerning [Defendants'] trading strategies, objectives and transactions"); *Locus Technologies v. Honeywell International Inc.*, 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) (collecting cases) ("Courts regularly seal pricing information . . . ."); *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents reflecting negotiations and related internal analysis as disclosure would place the parties in a competitive disadvantage in future negotiations); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 2023 WL 196134, at *8 (S.D.N.Y. Jan. 17, 2023) (granting the sealing of a decade-old contract when party "specifically indicated that it will be harmed if these contract provisions are disclosed because . . . . these provisions reflect current practices that, if revealed, could be leveraged by competitors"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (finding that decade-old information should still be sealed where movant had credibly explained why the information would still create competitive harm).

---

[2] *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (same weight of presumption of access to evidence introduced at trial as evidence connected to a summary judgment motion).

This information is not of "value . . . to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119.    Accordingly, Defendants respectfully request that the Court seal the proposed portions of PX0417, PX0712, and Clay Luter's Deposition Designations.[3]

*[signatures on following page]*

---

[3] Defendants sent PX0417, PX0712, and Clay Luter's Deposition Designations to the Court's Chambers consistent with the Court's March 8, 2026, order (ECF 1138), and Defendants' understanding of the Court's guidance at the February 25, 2026, pretrial conference.

Dated:  March 16, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_(signature)_
_____

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

_(signature)_
_____

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

4