

Andrew M. Lacy
+1 202 346 4182
alacy@goodwinlaw.com

Goodwin Procter LLP
1900 N Street NW
Washington, DC 20036

goodwinlaw.com
+1 202 34604000

March 17, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.; 1:24-cv-03973-AS-SLC*

Dear Judge Subramanian,

Non-party Jump Platforms, Inc. ("Jump"), through its undersigned counsel, writes pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases to redact or seal portions of trial exhibits that Defendants have notified Jump that they intend to introduce during the trial testimony of Edward Khoury, Chief Technology Officer for Jump. Limited portions of Defendants' Exhibits JUMP_00000455, DX-1080, DX-1097, DX-1138, and DX-1160 (collectively "the Exhibits") should be under seal and be redacted on the public docket.[1]

As discussed below, the Exhibits contain confidential information regarding Jump's non-public pricing terms offered to potential clients, Jump's current contractual terms with clients, Jump's fundraising efforts, Jump's current financial information, and personal identifying information of individuals that has no bearing on any issues before the Court. Jump produced these documents in response to subpoenas served by both parties in May 2025, and Jump designated these documents as "Highly Confidential" pursuant to the Amended Protective Order (ECF No. 347) (the "Protective Order") in this case. Jump now seeks to keep under seal/redacted only the narrow portions of these documents that reveal Jump's confidential and proprietary business information and personal identifying information of non-party individuals.

## I.   Sealing Is Warranted Under the Parties' Agreement

In the parties' Proposed Joint Pretrial Order (ECF No. 1031), the parties agreed that certain categories of information should be maintained under seal including: (1) "personally identifiable information," (2) "sensitive personal or medial information," (3) "specific prices, fees or percentages" in "contracts, offers, and proposals dated within the last four years," (4) "specific competitively-sensitive contract terms in effect or contracts executed within the last four years," (5) "identifying information regarding future acquisitions discussed within the last 3 years," (6) "current or future non-public figures regarding prices, costs, or margins." ECF No. 1031 at 31-32. The information Jump seeks to seal falls into these categories:

---

[1] Jump informed Defendants of its position via email on March 17, 2026. Jump met and conferred with counsel for Defendants on March 17, 2026.



March 17, 2026
Page 2

- Exhibit DX-1080 / JUMP_00000323 is Jump's current contract with Carolina FC, LLC, executed in 2024, which contains confidential, competitively sensitive information regarding the contractual terms and pricing information with this client. Jump is seeking to seal such non-public and sensitive information.
- JUMP_00000455 is the Order Form that Carolina FC, LLC placed with Jump in 2024 shortly after executing their contract (DX-1080); this document is not on either parties' exhibit list, and Jump received notice of its use at 11:45am on March 17, 2026.  Jump is seeking to seal the non-public, competitively sensitive contractual terms and pricing information contained in this document.
- Exhibit DX-1097 / JUMP_00000102 is a proposal that Jump presented to a potential client in September of 2024.  Jump is only seeking to seal the non-public email addresses and phone numbers of its executives and the financial terms of the contract that it offered the client.
- Exhibit DX-1138 / JUMP_00000117 is a document provided only to a select number of Jump's investors explaining Jump's business model and different approach to the ticketing market.  Jump is only seeking to seal the name and photo of industry contacts who provided quotations for this non-public document regarding Jump's products and approach.
- Exhibit DX-1160 / JUMP_00000073 is an email sent by Jump's Founder and CEO to investors in April 2025 explaining the non-public process and status of Jump's fundraising efforts and Jump's financial runway that continues into the present.  Jump is only seeking to seal the non-public contact information for its executives and the specific financial metrics associated with the fundraising round, which continues to financially support Jump today.

## II.    <u>Sealing is Warranted Under Second Circuit Precedent</u>

The Exhibits should be sealed/redacted under the three-step framework outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006).  Though the Exhibits may be judicial documents subject to a presumption of public access, the weight of that presumption is overcome by "competing considerations." *Id.* at 120.

Jump has a compelling interest in protecting its confidential, competitively sensitive business information—including its contractual terms with clients, its financial information, and the prices used in its promotional materials and presentations—and is a non-party in this action.  Courts routinely deny access to records containing confidential business information that could harm a party's competitive standing.  *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal citations and quotations omitted).  Jump does not disclose any of this



March 17, 2026
Page 3

information publicly as doing so would potentially erode Jump's competitive standing in the industry. *See Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit.") (quotation marks and citation omitted). As a non-party, Jump's confidentiality interests "should weigh heavily in [the] court's balancing equation." *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (citations omitted).

Disclosure of Jump's financial information, contractual terms, and pricing information—such as that found in Exhibits DX-1080, JUMP_00000455, DX-1097, and DX-1160 –would put Jump at a competitive disadvantage in the marketplace as competitors would gain access to Jump's contractual terms and pricing information for current clients, proposed prices for potential clients, and insight into Jump's current finances and fundraising efforts. For this reason, Courts routinely seal this type of financial and pricing information, especially when the redactions applied are minimal and narrowly tailored. *See ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, 2024 WL 1702383, at *2 (S.D.N.Y. Apr. 18, 2024) (granting motion to seal contracts and invoices containing "sensitive terms and conditions and pricing information" and "detailed aspects of the parties' operations such as pricing and volume" where the redactions were "narrowly tailored to protect against competitive harm"); *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552 at *4 (S.D.N.Y. May 16, 2023) (granting motion to seal financial information such as the parties' "balance sheet, revenue and expense figures, pricing, costs, revenue, profit information about past and present business lines, investments in third parties, litigation expenses and settlements, and other information that could result in sufficiently serious injury to [Jump] if publicly disclosed" and because the proposed redactions were "narrowly tailored to exclude only limited financial information").

Finally, Jump seeks to seal the personal identifying information of its employees and industry contacts found in the Exhibits, including the email addresses and phone numbers of its employees and identity of contacts who provided quotes for Jump to use in their non-public promotional and investment materials. Courts routinely seal such personal identifying information in order to protect the privacy interests of non-parties. *See In re Google Digital Advert. Antitrust Litig.,* 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (granting motion to seal names, job titles, and email addresses of non-parties because "[t]he names and contact information of these employees have no apparent bearing on any issue in this dispute."); *Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) ("The public's interest in [personally identifiable] information is negligible and easily outweighed by the non-parties' privacy interests.").

For these reasons, Jump respectfully requests that the limited portions reflected in Jump's redactions of the Exhibits be sealed. Proposed ("red box") redactions will be sent to Chambers via email.



March 17, 2026
Page 4

Respectfully submitted,

*/s/ Andrew M. Lacy*
Andrew M. Lacy

**GOODWIN PROCTER LLP**
Andrew M. Lacy
alacy@goodwinlaw.com
Alexandra I. Russell (*pro hac vice*)
arussell@goodwinlaw.com
1900 N Street N.W.
Washington, D.C. 20036
+1 202 346 4182

*Attorneys for Non-Party Jump Platforms, Inc.*