# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 18, 2026

*Via ECF*

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re:  *United States et al.* v. *Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS; Letter Motion to Seal Non-Party BSE's Confidential Material

Dear Judge Subramanian:

I write on behalf of non-parties Brooklyn Events Center, LLC, Brooklyn Nets, LLC, and New York Liberty, LLC (together, "BSE").  Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and the Court's February 26, 2026  order (ECF No. 1086), and oral instruction on March 6, 2026,  BSE respectfully submits this letter motion seeking the Court's approval to redact BSE-DOJ-00000052, identified as PX0079, which BSE produced in the above-captioned action.  Defendants identified to BSE that they may use PX0079, which is BSE's July 2016 Amendment to a prior Licensed User Agreement with Ticketmaster, during their examination of Mr. Michael Rapino.  For the reasons explained below, BSE requests redaction of certain percentages, fees, and amounts in PX0079 that if disclosed, could place BSE at a competitive disadvantage in future business dealings.

We understand Defendants do not oppose our proposed redactions.  We have conferred with counsel for Defendants to endeavor to propose narrow redactions that protect BSE's confidential material while still enabling Defendants to put on its case without obstruction.  BSE's sealing request is narrowly tailored and overcomes the presumption in favor of public access.  *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

## I.    Legal Standard

While there is a general presumption in favor of public access to judicial documents, documents may be sealed or redacted where "sealing is necessary to preserve higher values" and "the sealing order is narrowly tailored to achieve that aim." *Lugosch*,

435 F.3d at 124. "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-120).

A presumption of access may be outweighed by a party's interest in "protecting confidential business information" from disclosure that would subject it to "financial harm" or a "significant competitive disadvantage." *Standard Inv. Chartered, Inc.* v. *Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also U.S.* v. *Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts").  Of particular relevance to BSE's request here, documents containing "information revealing the terms of contracts or the content of such confidential negotiations are among those th[e] Court routinely recognizes as justifying protection from the public view when used in litigation." *Capri Sun GmbH* v. *Am. Bev. Corp.*, 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd.* v. *Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (protecting contractual terms because disclosure could "harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements").  The disclosure of terms within current agreements, but also certain terms within prior agreements, can harm competition and warrant protection.  *See Encyclopedia Brown Prods., Ltd.* v. *Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (holding "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *8 (S.D.N.Y. Jan. 17, 2023) (granting the sealing of a decade-old contract when party "specifically indicated that it will be harmed if these contract provisions are disclosed because . . . these provisions reflect current practices that, if revealed, could be leveraged by competitors").

These countervailing factors are given even greater weight where, as here, a non-party's confidential information is at stake.  *See, e.g.*, *Amodeo*, 71 F.3d at 1050 ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third-party internal pricing strategies and competitive data).

## II.    The Court Should Maintain Under Seal BSE's Confidential Business Information

PX0079 is an Amendment to a prior Licensed User Agreement between BSE and Ticketmaster, dated July 11, 2016.  BSE requests the narrow redaction of negotiated and previously agreed-to percentages, fees, and amounts within this agreement.  While this agreement is no longer in effect, it is sufficiently recent that public disclosure of the key

commercial terms of this arrangement would give ticketing vendors an unfair advantage in negotiations with BSE, as they would learn the precise financial terms to which BSE has agreed with Ticketmaster.  Disclosure could further harm BSE because it would provide venues that compete with Barclays Center to book events insight into the terms of BSE's relationship with its ticketing partner.

Moreover, while trial exhibits qualify as judicial documents, the weight of the presumption in favor of public access should be low with respect to the redacted material within this document, as the precise percentages, fees, and amounts within BSE's agreements with Ticketmaster should have little bearing, if any, on the parties' legal dispute.  *See SOHC, Inc.* v. *Zentis Sweet Ovations Holding LLC,* 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (allowing for the redaction of "financial figures and customer information" because this information was "not relevant to the parties' dispute and implicate[s] legitimate privacy interests").

BSE respectfully requests that the Court seal the proposed portions of PX0079.[1]

Respectfully submitted,

*/s/ Samantha F. Hynes*
Samantha Hynes (admitted *pro hac vice*)
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215
T: (202) 956-7500
hyness@sullcrom.com

*Counsel for non-parties Brooklyn Events Center, LLC, Brooklyn Nets, LLC, and New York Liberty, LLC*

cc:    All Counsel of Record (via ECF)

---

[1]    BSE emailed its proposed redactions to PX0079 to the Court's Chambers on March 18, 2026.