March 18, 2026

**VIA ECF**

The Honorable Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re:    *United States et. al. v. Live Nation Entertainment, Inc. and Ticketmaster LLC,* No. 1:24-
       cv-03973-AS

Dear Judge Subramanian:

Non-party Oak View Group, LLC ("OVG") respectfully requests that this Court redact the designated portions of OVG-013701, identified as PX1078, which Plaintiffs have indicated may be used tomorrow at trial in the above-captioned matter. The few portions of the exhibit that OVG proposes to redact are shown in red boxes.

While courts recognize a general right of public access to court records and proceedings, that right of access is not absolute and courts may deny public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *Application of Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). Courts possess the authority to redact judicial records when such measures are "narrowly tailored" to the interests at issue and "essential to preserve higher values." *In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017).

The privacy interests of non-parties are entitled to special weight. *See SEC v. Telegram Grp., Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.")). Such interests are a "venerable common law exception" to the presumption of access. *Amodeo*, 71 F.3d at 1051.

Courts redact or seal sensitive business information where disclosure would cause the producing non-party harm. *See, e.g.*, *In re Digit. Music*, 321 F.R.D. at 81 n.1 (finding that non-party privacy interests in confidential information relating to competitive pricing data and strategy was sufficient to overcome the presumption of access); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (finding that "internal corporate documents that govern investment strategies, [and] information regarding proprietary modeling assumptions" of third parties overcome the presumption of public disclosure).

PX1078 contains competitively sensitive, non-public business information, including fee splits and ticketing projections. If made public, the designated portions of the exhibit "could reveal proprietary analysis and provide competitors with an unearned advantage." *Telegram Grp.*, 2020

WL 3264264, at *3. Courts may redact documents to avert "[p]otential damage from the release of sensitive business information" and to protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard Inv. Chartered v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

For the reasons explained above, OVG respectfully requests that the designated excerpts be redacted.[1]

Respectfully submitted,

*/s/ Grant Bermann*

Grant Bermann
MILBANK LLP
1101 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 835-7515
gbermann@milbank.com

*Attorney for Non-Party*
*Oak View Group, LLC*

cc:
All counsel of record (via ECF)

---

[1] OVG emailed its proposed redactions to PX1078 to the Court's Chambers on March 18, 2026.