March 18, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. We write pursuant to the Court's March 6, 2026 ruling in open court ("March 6 Ruling"), to request the redaction and sealing for confidentiality certain portions of PX1078 and PX1145, which may be used at trial with Michael Rapino. Specifically, Defendants seek to seal competitively sensitive recent and forward-looking business strategy, specific pricing and financial information, and contract terms. Plaintiffs have indicated that they do not oppose the sealing of this information.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Competing interests include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, including the protection of competitively sensitive business information, s*ee, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015); *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").[1]

The public's interest in accessing the below information does not overcome the strong argument in favor of its protection.

- **PX1078**. The information Defendants seek to redact/seal reflects specific pricing and contract terms in an agreement with a non-party. The disclosure of such information could

---

[1] *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (same weight of presumption of access to evidence introduced at trial as evidence connected to a summary judgment motion).

adversely affect Defendants' negotiations with venues and customers and be used by Defendants' competitors against them when competing for the same.

- **PX1145**.  Defendants seek to redact/seal specific portions of a 2025 Live Nation business plan that reflects recent and forward-looking business strategy, plans, goals, financial, and pricing information, the disclosure of which could be used against Defendants by its competitors.

Courts routinely permit the sealing of such information.  *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing "information concerning [Defendants'] trading strategies, objectives and transactions"); *Locus Technologies v. Honeywell International Inc.*, 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) (collecting cases) ("Courts regularly seal pricing information . . . ."); *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents reflecting negotiations and related internal analysis as disclosure would place the parties in a competitive disadvantage in future negotiations).

This information is not of "value . . . to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119.  Accordingly, Defendants respectfully request that the Court seal the proposed portions of PX1078 and PX1145.[2]

*[signatures on following page]*

---

[2] Defendants sent PX1078 and PX1145 to the Court's Chambers consistent with the Court's March 8, 2026, order (ECF 1138), and Defendants' understanding of the Court's guidance at the February 25, 2026, pretrial conference.

Dated:  March 18, 2026

Respectfully submitted,

LATHAM & WATKINS LLP                    CRAVATH, SWAINE & MOORE LLP

_____                 _____
Alfred C. Pfeiffer (admitted *pro hac vice*)    Lauren A. Moskowitz
  *Co-Lead Trial Counsel*                   Jesse M. Weiss
David R. Marriott                       Nicole M. Peles
  *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)        Two Manhattan West
Timothy L. O'Mara (admitted *pro hac vice*)     375 Ninth Avenue
Jennifer L. Giordano                    New York, NY 10001
Kelly S. Fayne (admitted *pro hac vice*)        (212) 474-1000
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)      lmoskowitz@cravath.com
                                        jweiss@cravath.com
505 Montgomery Street, Suite 2000       npeles@cravath.com
San Francisco, CA 94111
(415) 391-0600                          *Attorneys for Defendants Live Nation*
                                        *Entertainment, Inc. and Ticketmaster L.L.C.*
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*