# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3635
TLOPATKA@JONESDAY.COM

VIA ECF                                      March 19, 2026

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

> Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*
>        Case No. 1:24-cv-03973-AS-SLC (S.D.N.Y.)

Dear Judge Subramanian:

I write on behalf of non-party Cavaliers Operating Company, LLC ("COC") concerning the above captioned matter. On March 16, 2026, Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. filed a Memorandum of Law in Opposition to Plaintiffs' Motion in Limine to Exclude Evidence of Defendants' Community Engagement, Dkt. No. 1238, citing COC confidential materials which were provisionally filed under seal. COC respectfully requests that these excerpts remain under seal. Pursuant to the Court's Individual Practices, COC submits this letter "explaining the need to seal or redact the document[s]." Individual Practices ¶ 11(C)(i); Standing Order 19MC-583.

The portions of the COC confidential materials cited in Defendants' Memorandum should remain under seal. Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Koh v. Koo*, No. 22-CV-6639 (JMF), 2023 WL 5352786, at *7 (S.D.N.Y. Aug. 21, 2023) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Here, the materials cited in Defendants' Memorandum, namely DX-0326.001 and DX-0326.003, reflect COC's trade secret information which "is a legitimate basis for sealing documents and restricting public access during trial." *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998). Specifically, the materials reflect confidential information related to COC's assessment of a request for proposals and third-party submissions, including financial terms. If this information were to become public, it would provide other entities with an opportunity to obtain a competitive advantage over COC in future negotiations and would significantly increase the likelihood that COC would suffer serious competitive and commercial injury. Further, COC's status a non-party whose conduct is not at issue in this litigation strongly supports continuing to maintain these materials under seal. *See Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) ("The privacy interests of innocent third parties . . . that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation." (citation

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

March 19, 2026
Page 2

modified)); *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("Foremost among the competing concerns that a court weighing disclosure must consider is the privacy interest of the person resisting disclosure." (internal quotation marks omitted)).

For the reasons stated above, COC respectfully requests that COC materials cited in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion in Limine to Exclude Evidence of Defendants' Community Engagement, Dkt. No. 1238, remain under seal.

Respectfully submitted,

  */s/ Thaddeus Lopatka*


Thaddeus Lopatka