## Barnes & Thornburg

11 S. Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

**www.btlaw.com**

Kathleen Leicht Matsoukas
Partner
(317) 231-7332
kmatsoukas@btlaw.com

*Via ECF*

March 19, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> RE:  *United States et al. v. Live Nation Entertainment, Inc. et al.*, 1:24-cv-03973-AS; Letter Motion to Seal Non-Party Fieldhouse Management LLC's Confidential Material

Dear Judge Subramanian:

I write on behalf of non-parties Fieldhouse Management LLC and Pacers Basketball, LLC (collectively "FM").  Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases, the Court's February 26, 2026 Order (ECF No. 1086), and the Court's instructions in open court on March 6, 2026, FM respectfully submits this letter motion seeking the Court's approval to redact a portion of a Licensed User Agreement between Ticketmaster LLC and Pacers Basketball, LLC produced by FM in this litigation and identified as FM00002571.

Plaintiffs have notified FM that they intend to include three sections—Sections 2, 3(c)(iii), and 15—of the agreement in one or more Rule 1006 summary exhibits to be introduced at trial, namely exhibits PX1196A, PX1197A, PX1198A, and PX1199A.  FM does not seek to redact or request sealing Sections 2 and 15; however, Section 3(c)(iii) contains sensitive compensation information that if disclosed, could place FM at a competitive disadvantage in future business dealings. For that reason, FM requests that the Court grant FM's request to redact Section 3(c)(iii) in the Plaintiffs' Rule 1006 summary exhibit.[1]  We have met and conferred with counsel for both the Plaintiffs and Defendants and they do not oppose the proposed redaction.

---

[1] The undersigned emailed a PDF consisting of the pages containing the relevant sections of FM00002571 and the proposed redaction of Section 3(c)(iii) to the Court's Chambers on March 19, 2026 prior to filing this motion.

Atlanta | Boston | Chicago | Dallas | Delaware | Florida | Indiana | Los Angeles | Michigan | Minneapolis | Nashville | New Jersey

New York | North Carolina | Ohio | Philadelphia | Salt Lake City | San Diego | Washington, D.C.

The Honorable Arun Subramanian
March 19, 2026
Page 2

As the Court is aware, the general presumption in favor of public access to judicial documents can be overcome if the Court finds that "sealing is necessary to preserve higher values" and where "the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (citing *In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987)).  The Second Circuit has established a three-part test for determining whether sealing is appropriate.  *Fed. Trade Comm'n v. PepsiCo, Inc.,* No. 25-CV-664 (JMF), 2025 WL 3484835, at *2 (S.D.N.Y. Dec. 4, 2025) (citing *United States v. Avenatti*, 550 F. Supp. 3d 36, 45 (S.D.N.Y. 2021)).  First, the court must determine whether the documents at issue are judicial documents to which the presumption of access applies.  *Id.* (citing *Lugosch*, 435 F.3d at 119). Second, the court must determine the weight of that presumption.  *Id.*  Third, the court must balance competing considerations, including "privacy interests of those resisting disclosure."  *Id.*

Courts have found that a presumption of access may be outweighed if a party has an interest in protecting its confidential business information, the disclosure of which could result in financial harm or a "significant competitive disadvantage."  *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019) (granting motion to seal profit sharing details, commission details and payment terms); *Bakemark USA LLC v. Negron*, No. 23-CV-2360 (ATB), 2024 WL 379875, at *1 (S.D.N.Y. Feb. 1, 2024) (granting motion to seal redacted portions of exhibits including payment terms and sales information).

Courts are especially sensitive to the notion that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."  *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).  As such, courts have routinely found that contract terms within current or even prior agreements that could be leveraged by competitors should be protected from public disclosure.  *See, e.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* 2023 WL 196134, at *8 (S.D.N.Y. Jan. 17, 2023) (sealing provisions of a decade-old contract where the "provisions reflect current practices that, if revealed, could be leveraged by competitors"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (holding "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"). This is especially true when the confidential information belongs to or implicates third parties.  *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (sealing "sensitive business information" of the defendant including where defendant owed confidentiality obligations to third parties).

FM seeks to seal Section 3(c)(iii) of the Licensed User Agreement between Pacers Basketball, LLC and Ticketmaster.  That section concerns a specific payment term and contains compensation information that would, if disclosed, provide competitors with insight into the terms of FM's relationship with its ticketing partner.  While the agreement was signed in 2016, the terms within it, including Section 3(c)(iii), were renewed via amendment multiple times and remained in force and effect at least up to June 2025.  Moreover, the weight of the presumption

**Barnes & Thornburg**

The Honorable Arun Subramanian
March 19, 2026
Page 3

in favor of public access is low given that the payment terms that FM seeks to redact and seal are "not particularly relevant to the parties' dispute." *Bakemark USA LLC*, 2024 WL 379875, at *2.

FM respectfully requests that the Court seal any portions of exhibits PX1196A, PX1197A, PX1198A, and PX1199A that contain Section 3(c)(iii) of FM00002571.

Respectfully submitted,

*/s/ Kathleen L. Matsoukas*

Kathleen L. Matsoukas
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
T: (317) 231-7332
kmatsoukas@btlaw.com

*Counsel for non-parties Fieldhouse Management,
LLC and Pacers Basketball, LLC*

cc:    All Counsel of Record (via ECF)

**Barnes & Thornburg**