# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 19, 2026

*Via ECF*

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re:     *United States et al.* v. *Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS; Letter Motion to Seal Non-Party BSE's Confidential Material

Dear Judge Subramanian:

I write on behalf of non-parties Brooklyn Events Center, LLC, Brooklyn Nets, LLC, and New York Liberty, LLC (together, "BSE"). Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and the Court's February 26, 2026 order (ECF No. 1086), and oral instruction on March 6, 2026, BSE respectfully submits this letter motion seeking the Court's approval to redact BSE-DOJ-00348742, which BSE produced in the above-captioned action. Plaintiffs notified BSE that they intend to include excerpts from BSE-DOJ-00348742, which is BSE's current Licensed User Agreement with Ticketmaster, dated October 11, 2024 (the "Agreement"), as part of a Rule 1006 summary exhibit during trial on Friday, March 20, 2026. Plaintiffs informed BSE that they intend to rely on only ¶¶ 2(a)-(f) and ¶ 15(a) of the Agreement. As such, BSE limited its review to only these paragraphs that Plaintiffs intend to rely on to present their case at trial, and have redacted all remaining paragraphs of the Agreement, as the terms of BSE's operative agreement with Ticketmaster are highly commercially sensitive.

BSE requests redaction of certain percentages and amounts in ¶¶ 2(a)-(f) and ¶ 15(a) of the Agreement that if disclosed, could place BSE at a competitive disadvantage in future business dealings. Because these terms are currently in effect, and BSE has applied redactions to only the specific figures, these redactions fall within ¶¶ 52(c)-(d) of the Proposed Joint Pre Trial Order (ECF No. 1031), and are thus presumptively permitted per the Court's February 20, 2026 guidance (ECF No. 1053). We also understand Plaintiffs do not oppose our proposed redactions. We have conferred with counsel for Plaintiffs to endeavor to propose narrow redactions that protect BSE's confidential material while still enabling Plaintiffs to put on its case without obstruction. BSE's sealing request is narrowly

tailored and overcomes the presumption in favor of public access. *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

### I.    Legal Standard

While there is a general presumption in favor of public access to judicial documents, documents may be sealed or redacted where "sealing is necessary to preserve higher values" and "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-120).

A presumption of access may be outweighed by a party's interest in "protecting confidential business information" from disclosure that would subject it to "financial harm" or a "significant competitive disadvantage." *Standard Inv. Chartered, Inc.* v. *Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). Of particular relevance to BSE's request here, documents containing "information revealing the terms of contracts or the content of such confidential negotiations are among those th[e] Court routinely recognizes as justifying protection from the public view when used in litigation." *Capri Sun GmbH* v. *Am. Bev. Corp.*, 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd.* v. *Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (protecting contractual terms because disclosure could "harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements").

These countervailing factors are given even greater weight where, as here, a non-party's confidential information is at stake. *See, e.g.*, *U.S.* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third-party internal pricing strategies and competitive data).

### II.    The Court Should Maintain Under Seal BSE's Confidential Business Information

As stated above, BSE requests the narrow redaction of negotiated and agreed-to percentages and amounts within ¶¶ 2(a)-(f) and ¶ 15(a) of the Agreement. Public disclosure of these key commercial terms of the Agreement would give other ticketing vendors an unfair advantage in negotiations with BSE, as they would learn the precise financial terms of BSE's current contract with Ticketmaster. Disclosure could further harm BSE because it would provide venues that compete with Barclays Center to book events insight into the terms of BSE's relationship with its ticketing partner.

Moreover, while trial exhibits qualify as judicial documents, the weight of the presumption in favor of public access should be low with respect to the redacted material within this document, as the precise percentages and amounts within BSE's agreements with Ticketmaster should have little bearing, if any, on the parties' legal dispute. *See SOHC, Inc.* v. *Zentis Sweet Ovations Holding LLC*, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (allowing for the redaction of "financial figures and customer information" because this information was "not relevant to the parties' dispute and implicate[s] legitimate privacy interests"). Likewise, the public does not have a legitimate interest in reviewing the remaining paragraphs of the Agreement because BSE understands that Plaintiffs do not intend to rely on those paragraphs to present their case at trial.

BSE respectfully requests that the Court seal the proposed portions of BSE-DOJ-00348742.[1]

Respectfully submitted,

*/s/ Samantha F. Hynes*
Samantha Hynes (admitted *pro hac vice*)
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215
T: (202) 956-7500
hyness@sullcrom.com

*Counsel for non-parties Brooklyn Events Center, LLC, Brooklyn Nets, LLC, and New York Liberty, LLC*

cc:    All Counsel of Record (via ECF)

---

[1]    BSE emailed its proposed redactions to BSE-DOJ-00348742 to the Court's Chambers on March 19, 2026.

3