

Stradling Yocca Carlson & Rauth LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
949 725 4000
stradlinglaw.com

**Justin Owens**
949 725 4076
jowens@stradlinglaw.com

March 19, 2026

**Via ECF**

The Hon. Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

> Re:  *United States, et al. v. Live Nation, et al.,* Case No. 1:24-cv-3973
> **Request To Redact Confidential Excerpts of Non-Party's Active Contract**

To the Honorable Judge Subramanian:

I write on behalf of non-party Anaheim Arena Management LLC ("Anaheim Arena"). Anaheim Arena operates and manages the Honda Center, a sports and entertainment venue in Anaheim, California. Plaintiffs' counsel has notified my office that on Friday, March 20, 2026, Plaintiffs intend to introduce excerpts from the operative Ticketing Agreement with Ticketmaster (the "Ticketing Agreement") at trial as part of a FRE 1006 summary exhibit. The Ticketing Agreement was produced with Bates numbers beginning with AAM0002119, and was designated as HIGHLY CONFIDENTIAL pursuant to the Amended Protective Order in this action.

Plaintiffs have informed Anaheim Arena that they intend to include only the following provisions of the Ticketing Agreement in the FRE 1006 summary exhibit: Paragraph 2; Paragraph 10; Exhibit A at Paragraph 3; Exhibit C at Paragraph 6(a). Following meet and confer, and pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and the Court's February 26, 2026 order (ECF No. 1086), and oral instruction on March 6, 2026, **Anaheim Arena respectfully requests that two of those provisions be redacted on the public docket: Exhibit A at Paragraph 3, and Exhibit C at Paragraph 6(a).[1]** Anaheim Arena does not request redaction of Paragraphs 2 or 10. We understand that Plaintiffs do not oppose this request, which is narrowly tailored and overcomes the presumption in favor of public access. *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

---

[1] The undersigned will email a PDF with "red box" markup reflecting these proposed redactions to the Court's Chambers.

### Redaction of the Ticketing Agreement Is Warranted

The Ticketing Agreement is an ***active and operative contract*** that is currently in effect for a four-year term that began on July 1, 2024.  The parties to the Ticketing Agreement expressly agreed that its provisions constitute "Confidential Information" that must be kept strictly confidential. The provisions that Anaheim Aena seeks to redact—Exhibit A at Paragraph 3, and Exhibit C at Paragraph 6(a)—contain the following commercially sensitive terms: pricing terms, fees, and allowances negotiated by the parties to the Ticketing Agreement. This is precisely the type of commercially sensitive information that courts routinely protect from public disclosure. *See, e.g., Kewazinga Corp. v. Microsoft Corp.,* 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain…revenue information, pricing information, and the like satisfy the sealing standard."); *see also In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) ("[T]he nature of the information at issue, which concerns internal pricing strategies and competitive pricing data, is sufficiently sensitive to warrant redaction."); *see also Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).

Disclosure of these non-public commercial terms would harm Anaheim Arena's competitive standing and ongoing business relationships. Disclosure would also provide an unfair advantage to parties negotiating contracts with Anaheim Arena, as they could leverage their knowledge of this confidential pricing information. For these reasons courts in this District recognize that the protection of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," is an important countervailing interest that outweighs the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). *See ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, No. 24 MISC. 177 (LGS), 2024 WL 1702383, at *2 (S.D.N.Y. Apr. 18, 2024) (granting motion to seal "the parties' contract, which contains sensitive terms and conditions and pricing information"); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (granting party's request to seal upon finding that "business relationships and interests, and the privacy interests of non-parties, would be detrimentally affected by the disclosure of confidential contracts that the parties expect to remain private."); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal citations and quotations omitted).

### The Proposed Redactions Are Narrowly Tailored

Anaheim Arena respectfully requests that the following provisions of the Ticketing Agreement be redacted from any FRE 1006 summary exhibit: Exhibit A at Paragraph 3, and Exhibit C at Paragraph 6(a). To minimize the impact on public access to the proceedings, Anaheim Arena has limited the redactions to specific provisions in the Ticketing Agreement that directly implicate pricing and other financial terms. Because the proposed redaction of the Ticketing Agreement is narrowly tailored to protect a non-party's legitimate interests, the request should be granted*.  See KeyBank Nat'l Assn. v. Element Transp. LLC*, 2017 WL 384875, at *3

(S.D.N.Y. Jan. 26, 2017) (granting motion to seal where the redactions were "narrowly tailored [], strictly limiting them to the portion of the [document] containing irrelevant nonparty financial information").

\* \* \* \* \* \*

For the foregoing reasons, Anaheim Arena's requested redactions to the Ticketing Agreement (AAM0002119, *et seq*.) as included in Plaintiff's FRE 1006 summary exhibit should be implemented pursuant to the three-step framework outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006).

Respectfully submitted,


*/s/ Justin Owens*
Justin Owens
Stradling Yocca Carlson & Rauth LLP
Attorneys for Non-Party Anaheim Arena
Management LLC

*[Pro Hac Vice Application Pending]*