March 19, 2026

**<u>VIA ECF</u>**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**   ***United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter.  We write pursuant to the Court's March 6, 2026 ruling in open court ("March 6 Ruling"), to request the redaction and sealing for confidentiality certain portions of PX0777[1], PX1196A, PX1197A, and PX1199A which may be used at trial with Victoria Khan and Colin Lewis.[2]  Specifically, Defendants seek to seal competitively sensitive pricing, fees, and contract terms.  Plaintiffs have indicated that they do not oppose the sealing of this information.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted).  Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119).  Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Competing interests include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, including the protection of competitively sensitive business information, s*ee, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015); *Nielson*

---

[1] In addition to the redactions referenced in this motion, PX0777 also includes redactions for personally identifiable information and/or sensitive personal information or medical information, which do not require a motion to seal pursuant to the Court's March 8, 2026 order approving the presumptive redaction of such information.  *See* ECF 1138; ECF 1137 (defining personally identifiable information and sensitive personal information or medical information).  For ease of review, the proposed redactions subject to this motion are reflected in blue boxes whereas the redactions for personally identifiable information and/or sensitive personal information or medical information are reflected in red boxes.

[2] Defendants note that they do not believe PX1196A, PX1197A, and PX1199A are admissible, but file this motion to seal in an abundance of caution.

*Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").[3]

The public's interest in accessing the below information does not overcome the strong argument in favor of its protection.

- **PX0777.** PX0777 is an internal Live Nation email chain. The information Defendants seek to redact/seal reflects specific pricing information in Defendants' contracts with artists, which is highly competitively sensitive. The disclosure of this information would adversely affect Defendants' negotiations with artists and be used by Defendants' competitors against them when competing for contracts with artists.

- **PX1196A.** The information Defendants seek to redact/seal reflects specific pricing and contract terms in currently effective agreements with non-parties. *See* PX1196A, at PX1196A.0285. The disclosure of such information could adversely affect Defendants' negotiations with venues and customers and be used by Defendants' competitors against them when competing for ticketing contracts with venues.

- **PX1197A.** The information Defendants seek to redact/seal reflects specific pricing terms in currently effective agreements with non-parties. *See* PX1197A, at PX1197A.0121, PX1197A.0151, PX1197A.0216. The disclosure of such information could adversely affect Defendants' negotiations with venues and customers and be used by Defendants' competitors against them when competing for ticketing contracts with venues.

- **PX1199A.** The information Defendants seek to redact/seal reflects specific pricing and contract terms in currently effective agreements with non-parties. *See* PX1199A, at PX1199A.0024, PX1199A.0030, PX1199A.0058, PX1199A.0064, PX1199A.0068, PX1199A.0074, PX1199A.0080, PX1199A.0089, PX1199A.0090, PX1199A.0092, PX1199A.0115, PX1199A.0127, PX1199A.0136, PX1199A.0148, PX1199A.0150, PX1199A.0155, PX1199A.0158. The disclosure of such information could adversely affect Defendants' negotiations with venues and customers and be used by Defendants' competitors against them when competing for ticketing contracts with venues.

Courts routinely permit the sealing of such information. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing "information concerning [Defendants'] trading strategies, objectives and transactions"); *Locus Technologies v. Honeywell International Inc.*, 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) (collecting cases) ("Courts regularly seal pricing information . . . ."); *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents reflecting negotiations and related internal analysis as disclosure would place the parties in a competitive disadvantage in future negotiations).

---

[3] *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (same weight of presumption of access to evidence introduced at trial as evidence connected to a summary judgment motion).

This information is not of "value . . . to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119.   Accordingly, Defendants respectfully request that the Court seal the proposed portions of PX0777, PX1196A, PX1197A, and PX1199A.[4]

*[signatures on following page]*

---

[4] Defendants will send PX0777, PX1196A, PX1197A, and PX1199A to the Court's Chambers consistent with the Court's March 8, 2026, order (ECF 1138), and Defendants' understanding of the Court's guidance at the February 25, 2026, pretrial conference.

Dated:  March 19, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_(signature)_

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

_(signature)_

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*