

WINSTON
& STRAWN
LLP

NORTH AMERICA    SOUTH AMERICA    EUROPE

200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

**JEFFREY L. KESSLER**
Partner
(212) 294-4698
jkessler@winston.com

March 22, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re: *United States et al. v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian,

Plaintiffs write to request an order compelling Defendants to immediately narrow their trial witness disclosure to a good-faith list of witnesses they expect to call.  Under the JPTO, Defendants were required to provide their anticipated witness list and order on Saturday, March 21 at 4:00 pm after receiving 5 days' notice that Plaintiffs expect to close their case this coming Wednesday.

After their lead trial counsel, Mr. Marriott, represented to the Court that Defendants' "best estimate" was that they would put on a case for 7 trial days, *see* Mar. 20, 2026 Trial Tr. at 2052:12–18, Defendants disclosed a list of 29 live witnesses and 19 witnesses via designation.  This is pure gamesmanship aimed at impeding Plaintiffs' ability to prepare for trial.  There is no way for Defendants to call more than 4 live witnesses a day, including 4 experts, and call 19 witnesses via designation in 7 trial days—or even the 10 remaining trial days after Plaintiffs close their case before April 10.  Plaintiffs stated as much and asked for a revised, good-faith list, but Defendants have refused.

Defendants have failed to meet their obligation to "provide both to [their] adversar[ies] and to the court current, good faith expressions of the persons to be called as witnesses." *United States v. Int'l Bus. Machs. Corp.*, 79 F.R.D. 15, 17 (S.D.N.Y. 1978). Because Defendants are using their witness list with a "strategic purpose of impeding [Plaintiffs'] trial preparation," *id.*, Plaintiffs respectfully request that the Court order Defendants to immediately provide an updated, good-faith witness order to ensure that the trial can proceed expeditiously and equitably.

In response, Defendants have raised two unrelated complaints about Plaintiffs' witness list.

First, Defendants have objected to Plaintiffs calling Mr. Chris Granger, the CEO of Oak View Group, and stated that they will seek to prevent Plaintiffs from calling him because he was not on the previous version of the witness list for this week.  Mr. Granger has been on Plaintiffs'— and Defendants'—witness lists since the outset.  Plaintiffs had removed him from their witness

order last week because, as Plaintiffs' co-lead trial counsel indicated on Friday, Plaintiffs did not have a "current intention" to call an OVG witness.  Mar. 20, 2026 Trial Tr. at 1978:11–20. Following the Court's comments and questions on the subject on Friday, *id.* at 1977:24–1978:13, Plaintiffs have reconsidered the issue and decided to call Mr. Granger.

Unlike Defendants' conduct with their witness list, Plaintiffs' decision on Mr. Granger's testimony does not cause any prejudice.  It is a genuine change in strategic thinking.  Defendants have known since at least February 13, 2026 of Plaintiffs' intention to call Mr. Granger, and still have several days to prepare for his examination on Wednesday.  Defendants will suffer no prejudice from Plaintiffs calling Mr. Granger, while Plaintiffs would be prejudiced by not being able to put this witness up to speak to the aspects of the case that the Court identified.  Nor do Plaintiffs intend to object to modest adjustments to any good-faith witness list Defendants provide where the circumstances warrant it and adequate notice is provided.

Second, Defendants have demanded that Plaintiffs waive their right to seek to call their accounting expert, Dr. Anderson, in a possible rebuttal case.  Defendants have stated their intent to seek Court intervention now to preclude Plaintiffs from doing so.  Plaintiffs submit that it is impossible to decide the appropriateness of a rebuttal case without knowing what evidence Defendants will present.  At this time, Plaintiffs do not have any intent to call any witnesses in rebuttal; they are merely reserving their rights under the Federal Rules to seek to present a rebuttal case if the defense case makes rebuttal appropriate.

Respectfully Submitted,

*/s/ Jeffrey L. Kessler*

Jeffrey L. Kessler

cc:    All Counsel of Record