# ALSTON & BIRD

90 Park Avenue
15th Floor
New York, NY 10016-1387
212-210-9400 | Fax: 212-210-9444

**Steven R. Campbell**                    Direct Dial: **212-210-9429**                    Email: **steven.campbell@alston.com**

March 22, 2026

<u>**VIA ECF**</u>

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:     *United States, et al. v. Live Nation Entertainment, Inc., et al.*, 1:24-cv-03973-AS-SLC

Dear Judge Subramanian:

We represent non-party The Touring Company ("TTC") in connection with the above-referenced matter.  Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and the Court's February 26, 2026, order (ECF No. 1086), and oral instruction on March 6, 2026, TTC respectfully submits this letter motion seeking the Court's approval to redact designated portions of DX-886, which TTC produced in the above-captioned action.[1]

Defendants represented to TTC that they may use DX-886[2], which is TTC's Business Plan Version 1.3, dated September 4, 2023, during the examination of Mr. Walter McDonald, CEO of TTC.[3]  For the reasons explained below, TTC requests redaction of certain confidential and proprietary business information in DX-886 that, if disclosed, would place TTC at a competitive disadvantage in future business dealings.  Specifically,

---

[1] Under applicable procedures ordered by the Court, TTC emailed its proposed redactions to DX-886 to the Court's Chambers on March 22, 2026.  DX-886 is on the Plaintiffs' exhibit list as well and is designated as PX0181.

[2] Defendants also represented to TTC that they may use DX-1102; TTC has proposed no redactions to DX-1102, which is in line with the Court's guidance regarding narrowly tailored redactions.

[3] We also represent TTC's joint venture partner, CTS Eventim AG, and its subsidiaries in connection with this case, but no other materials produced by that non-party have been identified by any party in connection with Mr. McDonald's testimony.

DX-886 includes confidential information regarding TTC's pricing models, forward looking details on TTC's competitive strategy, and confidential details regarding funding from TTC's joint venture partner, the disclosure of which would cause competitive harm to TTC because it would provide competitors with insight into TTC's pricing and deal terms with artists.

We understand Defendants do not oppose our proposed redactions.  We have conferred with counsel for Defendants to propose narrow redactions (none in DX-1102 and only four pages and a single line or sentence of two other pages in DX-886, a 24-page business plan) that protect TTC's confidential and proprietary business information. TTC's sealing request thus is narrowly tailored and overcomes the presumption in favor of public access.  *See New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 U.S. Dist. LEXIS 149327, at *4 (S.D.N.Y. Oct. 21, 2014).

The redaction or sealing of these portions of DX-886 is consistent with precedent in the Second Circuit and this District.  Although there is a presumption of public access to judicial documents, that presumption can be overcome where, as here, public disclosure of a document could lead to "competitive harm."  *See Actavis*, 2014 U.S. Dist. LEXIS 149327, at *4 (sealing portions of documents relating to "profit projections," "internal projections," "income projections," "business plan[s]," "promotional budget funds," and "future plans").  Further, "[t]he privacy interests of 'innocent third parties. . . should weigh heavily in a court's balancing equation.'" *Wiav Sols. Inc. v. HTC Corp.*, 2021 WL 871415, at *1 (S.D.N.Y. Mar. 9, 2021) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citation omitted)).

Disclosure of the portions of DX-886 at issue would lead to "competitive harm" as they detail innocent third parties' highly confidential, non-public, and competitively sensitive information, including discussions of TTC's confidential and proprietary business information.  *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (holding that "the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that records that could aid "[c]ommercial competitors seeking an advantage over rivals" may also properly be sealed).  As a non-party, TTC is entitled to the protection of the confidential and proprietary business information contained in DX-886 pursuant to the Protective Order.  Moreover, the portions of DX-886 at issue have only marginal relevance to this litigation.

For the foregoing reasons, TTC respectfully requests that the Court seal the aforementioned portions of DX-886.

Respectfully submitted,

*/s/ Steven R. Campbell*

Steven R. Campbell

2

3

cc: All Counsel of Record (via ECF)

3