March 22, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

We submit this letter in response to Plaintiffs' letter (ECF No. 1280) regarding Defendants' trial witness list and other issues.

**Defendants' Witness List:**   Defendants are committed to presenting their case in approximately seven court days, consistent with the estimate Defendants provided to the Court on March 20.  Defendants are working in good faith to narrow their witness list, have already cut some witnesses, and will cut some more by this evening.  But it is difficult for Defendants to know whether they can cut some witnesses precisely because, although Plaintiffs have only three days of testimony remaining in their case in chief (and two experts in there), they refuse to bring any finality to their list.  They have added witnesses back onto their list and apparently reserve the right to add back more, without limitation.  Defendants may need to call witnesses to respond to evidence Plaintiffs present in the upcoming days, and Defendants cannot anticipate the full scope of that testimony until Plaintiffs rest.  Accordingly, we respectfully request that the Court order Plaintiffs to submit their final witness list to Defendants by 8:00 p.m. tonight, with no reservation for further additions (including of witnesses they have previously cut).

Pursuant to the Court's order today, Defendants will provide to Plaintiffs (by 9:00 pm) a list of witnesses and designations Defendants presently intend to present in their case.  Defendants reserve the right to amend their list as needed based on the forthcoming testimony in Plaintiffs' case.  But the list Defendants submit tonight will definitely be shorter if the Court enters the order requested above.

**Addition of Mr. Granger to Plaintiffs' Witness List:**   On Thursday, March 19, Plaintiffs represented to the Court that they would be finishing their case on Wednesday, March 25, and they listed their remaining witnesses—which did not include Mr. Granger.  Trial Tr. at 1954:3-1955:5.  On Friday, March 20, the Court asked Plaintiffs whether they intended to call any witnesses from Oak View Group ("OVG") because "OVG featured so prominently in the complaint" and because OVG allegedly "were the ones who, at least for the venues that they managed, were doing this content threat" during the relevant limitations period.  Trial Tr. at 1977:24-1978:13.  Plaintiffs' counsel responded that it was "not our current intention to try to focus on that aspect of OVG in terms of going forward," and that they made this decision "[j]ust in terms of where we want to focus our case and what we think is the case properly presented before the jury at this time."  *Id.*

at 1978:14-20.  Plaintiffs then reversed course after court the next day, informing Defendants that they intended to add Chris Granger (the CEO of OVG) to their witness list.

Defendants object to this last-minute change to Plaintiffs' final witness list.  Having represented to the Court that they would *not* be calling an OVG witness, and indeed that they had decided that such a witness would not be "properly presented before the jury," Plaintiffs should be precluded from calling Mr. Granger in their case.  Moreover, Mr. Granger cannot support any allegation of a "content threat" during the relevant limitations period.  He unambiguously testified at his deposition that he was not aware of *any* threats by Live Nation or Ticketmaster, or by OVG on behalf of Live Nation or Ticketmaster, whether during the limitations period or earlier.  The Court should preclude Plaintiffs from calling Mr. Granger.

**Reservation of Rights Regarding Dr. Anderson:**  Plaintiffs now state that they "do not have any intent to call any witnesses in rebuttal."  ECF No. 1280 at 2.  Given that assertion, it appears that the issue Defendants raised regarding Dr. Anderson is not ripe.  Defendants reserve the right to object to Dr. Anderson testifying in any rebuttal case if this issue ripens.

*[signatures on following page]*

Respectfully submitted,

LATHAM & WATKINS LLP

CRAVATH, SWAINE & MOORE LLP

_____
Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

_____
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc:     All Counsel of Record (via ECF)