

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

March 22, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

**Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS**

Dear Judge Subramanian:

Pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases, non-party Anschutz Entertainment Group, Inc. ("AEG") submits this letter motion to redact or seal the following trial exhibits that the parties intend to introduce during the trial testimony of Mr. Bryan Perez (Chief Executive Officer of AXS Group LLC, a wholly owned subsidiary of AEG):

- PX-0012; PX-0013; PX-0015; PX-0025; PX-0028; PX-0044

- DX-0114; DX-0139; DX-0268; DX-0270; DX-0279; DX-0349; DX-0370; DX-0396; DX-0459; DX-0550; DX-0730; DX-0828; DX-0836; DX-0888; DX-0889; DX-0890; DX-1043; DX-1166

**Appendix A** sets forth each of AEG's sealing requests and the supporting basis. Specifically, AEG seeks to seal the same categories of information that this Court granted sealing in relation to Mr. Jay Marciano's trial testimony. Dkt. No. 1130 (AEG's motion to seal trial exhibits related to Mr. Marciano); Dkt. No. 1156 (this Court's order granting AEG's motion).[1] Pursuant to this Court's trial confidentiality procedure, AEG conferred with the parties and they do not oppose AEG's sealing requests. Dkt. No. 1086 at 2.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (cleaned up). The "privacy interests of

---

[1] In relation to Mr. Marciano's testimony, this Court has already granted AEG's requests to seal or redact PX-0028, DX-0279, DX-0459, DX-0836, DX-0889, DX-0890; DX-1043, and DX-1166. *See* Dkt. Nos. 1130 & 1156. AEG has included these eight exhibits again in this motion for abundance of caution, and the scope of AEG's sealing requests for these exhibits remains the same in this motion for Mr. Perez.

1

The Honorable Arun Subramanian                - 2 -

innocent third parties," such as AEG, "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (citation modified).

Although the trial exhibits are considered judicial documents and carry a strong presumption of public access, AEG's request for sealing is narrowly tailored and overcomes the presumption of public access. *Lugosch*, 435 F.3d at 119. Specifically, sealing of the below categories of information, set forth in detail in **Appendix A**, is warranted under the law of this Circuit, especially in light of AEG's status as a third party in this action and this Court's prior order granting AEG's motion to seal trial exhibits related to Mr. Marciano, Dkt. No. 1156.

- **Personal identifiable information**. AEG requests to seal personal identifiable information—such as personal email addresses and phone numbers—for AEG's employees, clients, and consumers. *See, e.g.*, PX-0028; DX-0268. Such personal information is presumptively sealed under this Court's pretrial order. *See* Dkt. No. 1053; *see also* Dkt. No. 1031 at 28 ("[T]he following categories of material should presumptively be permitted to be redacted/sealed at trial[:] Personally Identifiable Information, such as . . . phone numbers . . . and/or personal email addresses"). Notwithstanding the pretrial order, courts routinely seal such personal information to protect individuals' privacy interests. *In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) ("Non-parties to an action may have 'significant privacy interests' that favor redaction of identifying information[,]" and their privacy interests outweigh "the strong presumption of public access" (citation omitted)); *Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) ("The public's interest in [personally identifiable] information is negligible and easily outweighed by the non-parties' privacy interests.").

- **Employee Evaluation**. AEG requests to seal a performance evaluation of an AEG employee. *See* DX-0279. The employee's "privacy interests outweigh the public's interest in disclosure" because the disclosure "would likely cause embarrassment to" the employee. *Hernandez v. Off. of Comm'r of Baseball*, 2021 WL 1226499, at *12 (S.D.N.Y. Mar. 31, 2021) (quoting *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017)). This is especially the case where, like here, the evaluation is not public and was withheld from the employee at issue. *See id.* (sealing the employees' evaluations when they were shared with a select few individuals and not with the employees' peers).

- **Prices, percentages, and other competitively sensitive contract terms**. AEG requests to seal prices, percentages, and other competitively sensitive contract terms that were in effect or were proposed to artists and venues. *See, e.g.*, DX-0114; DX-0730. Under this Court's order, "[s]pecific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years" and "[s]pecific competitively sensitive contract terms in contracts currently in effect or contracts executed within the last four years" are categories of information warranting the presumption of sealing. *See* Dkt. No. 1053; *see also* Dkt. No. 1031 at 28-29. Moreover, courts routinely seal prices and other competitively sensitive contract terms, even those from more than four years ago, because the disclosure of such terms can harm the company's competitive advantage in future business dealings. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find . . . pricing information, and the like satisfy the sealing standard." (citation omitted)); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d

The Honorable Arun Subramanian          - 3 -

606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

- **Internal analysis of proposed offers, contracts, and client relationships**. AEG requests to seal quantitative and qualitative analyses of AEG's proposed offers, contracts, and relationships with clients/potential clients. *See, e.g.*, PX-0013; PX-0015; DX-0889. Courts routinely seal such internal analyses and projections because the disclosure would cause competitive harm to the moving party. *See Stegmann v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (collecting cases)

- **AEG's acquisition, research & development, and business strategies**. AEG requests to seal information about AEG's acquisition, research and development, and business strategies. *See, e.g.*, DX-0889; DX-0890. Under this Court's order, "[i]dentying information regarding future acquisitions discussed within the last 3 years" should be presumptively sealed. Dkt. No. 1053; *see also* Dkt. No. 1031 at 28-29. In addition, courts commonly seal acquisition discussions, research and development, and business strategies, the disclosure of which could subject the moving party to a competitive disadvantage. *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (collecting cases); *see also Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (sealing "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D., P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (sealings documents that contained "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting.")

- **Non-public financial information**. AEG requests to seal non-public financial information about AEG's revenue, costs, and margins, including its audited financials. *See, e.g.*, PX-0025; PX-0044; DX-0836; DX-889. Courts commonly seal non-public financial information because its disclosure would cause material harm to the moving party's "business, competitive standing, relationships with investors, and ability to compete for and secure business partnership and customers." *SEC v. Ripple Labs, Inc*, 2023 WL 3477552, at *4-5 (S.D.N.Y. May 16, 2023); *see also Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public").

For the foregoing reasons, AEG respectfully requests that this Court grant AEG's motion to redact or seal certain trial exhibits provided in **Appendix A**.

Respectfully submitted,

*/s/ Justin W. Bernick*
Justin Bernick (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5600

The Honorable Arun Subramanian              - 4 -

Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*

Dated: March 22, 2026

**Appendix A: AEG's Redaction & Sealing Requests**

| Exhibit | Basis for Redaction/Sealing |
|---|---|
| PX-0012 | AEG requests to redact phone numbers referenced in the exhibit, as they fall within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) ("The public's interest in [personally identifiable] information is negligible and easily outweighed by the non-parties' privacy interests.").<br><br>In addition, AEG requests to seal other personal information—which is irrelevant to this case—to protect a third-party venue's privacy. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (The "privacy interests of innocent third parties . . . are a venerable common law exception to the presumption of access"; "Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure'"). |
| PX-0013 | AEG requests to redact its analysis of client relationship, business strategies, non-public financial information, and competitive analysis. If disclosed, AEG's competitors would gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the ticketing market; AEG's relationship with a specific client; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp. v. Microsoft Corp.,* 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find . . . marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." (citation omitted); *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (collecting cases that sealed business strategies). |
| PX-0015 | AEG requests to redact an AEG employee's phone number and specific fees for AEG's 2022 ticketing services proposal for the LA Clippers, as they fall within categories of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29; *see also* Oakley, 792 F. Supp. 3d at 406.<br><br>In addition, AEG requests to redact competitively sensitive terms referenced in its offer and internal analysis of the offer, the disclosure of which would cause competitive harm to AEG. *See Kewazinga Corp.*, 2021 WL 1222122, at *3; *see also Stegmann v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (collecting cases that sealed internal analyses and projections). |
| PX-0025 | AEG requests to redact AEG's competitive analysis, business strategies, non-public financial information, costs and margins, growth targets, AEG's client list, and analysis of AEG's relationships with certain clients. If such information is disclosed, AEG's competitors could gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the ticketing market; AEG's relationships with certain clients; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp.*, 2021 WL 1222122, at *6; *see also W.J. Deutsch & Sons*, 2022 WL 890184, at *2 (collecting cases that sealed business strategies); *Stegmann*, 2021 WL 1838219, at *2 (collecting cases that sealed internal analyses and projections). |

1

| PX-0028 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also* Oakley, 792 F. Supp. 3d at 406.<br><br>This Court previously granted the same request for this exhibit related to Mr. Jay Marciano's testimony. Dkt. Nos. 1130 & 1156. |
|---|---|
| PX-0044 | AEG requests to redact AEG's competitive analysis, business strategies, non-public financial information, costs and margins, growth targets, and analysis of AEG's relationships with certain clients. If such information is disclosed, AEG's competitors could gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the ticketing market; AEG's relationships with certain clients; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp.*, 2021 WL 1222122, at *6; *see also W.J. Deutsch & Sons*, 2022 WL 890184, at *2 (collecting cases that sealed business strategies); *Stegmann*, 2021 WL 1838219, at *2 (collecting cases that sealed internal analyses and projections). |
| DX-0114 | This exhibit contains AEG's 2016 ticketing services agreement with Tiebreaker Productions, LLC. AEG requests to narrowly redact specific prices, fees, and percentages and competitively sensitive contract terms referenced in the contract. The disclosure of specific pricing information and competitively sensitive contract terms, even those from more than four years ago, would harm AEG's competitive advantage in future business dealings. *See Kewazinga*, 2021 WL 1222122, at *3 ("Courts commonly find . . . pricing information, and the like satisfy the sealing standard." (citation omitted)); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). |
| DX-0139 | AEG requests to seal this exhibit that consists of AEG's responses to the Dallas Star's 2017 request for proposal. The exhibit reflects AEG's non-public pricing figures, competitively sensitive contracts terms, business strategies, capabilities, and competitive analysis, the disclosure of which would harm AEG in future business dealings and negotiations. *See Kewazinga*, 2021 WL 1222122, at *3 ("Courts commonly find . . . pricing information, and the like satisfy the sealing standard." (citation omitted)); *Encyclopedia Brown Prods,* 26 F. Supp. 2d at 614 ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."); *W.J. Deutsch & Sons*, 2022 WL 890184, at *2 (collecting cases that sealed business strategies). |
| DX-0268 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| DX-0270 | AEG requests to redact AEG employees' phone numbers, as they fall within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| DX-0279 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |

| | |
|---|---|
| | In addition, AEG requests to redact a portion of the exhibit that evaluates an AEG employee's performance because the disclosure of such "internal employee evaluations would likely cause embarrassment to [a] third part[y] and [ ] the third part[y]'[s] privacy interests outweigh the public's interest in disclosure" *Hernandez v. Off. of Comm'r of Baseball*, 2021 WL 1226499, at *12 (S.D.N.Y. Mar. 31, 2021) (quoting *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017)). <br><br> This Court previously granted the same request for this exhibit related to Mr. Jay Marciano's testimony. Dkt. Nos. 1130 & 1156. |
| DX-0349 | This exhibit contains AEG's 2020 ticketing services agreement with the Cavaliers Operating Company, LLC. AEG requests to narrowly redact specific prices, fees, and percentages and competitively sensitive contract terms referenced in the contract. The disclosure of specific pricing information and competitively sensitive contract terms, even those from more than four years ago, would harm AEG's competitive advantage in future business dealings. *See Kewazinga*, 2021 WL 1222122, at *3 ("Courts commonly find . . . pricing information, and the like satisfy the sealing standard." (citation omitted)); *Encyclopedia Brown Prods.*, 26 F. Supp. 2d at 614 ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). |
| DX-0370 | AEG requests to redact a Heritage Bank Center employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| DX-0396 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. <br><br> In addition, AEG requests to redact AEG employees' personal employment information and AEG's projections and internal analyses for employee salaries and wages and potential profits. The public interest in those employees' personal information "is negligible and easily outweighed by the non-parties' privacy interests." *Oakley*, 792 F. Supp. 3d at 406. And the disclosure of AEG's internal analyses could provide an unfair advantage to its competitors and disadvantage AEG in its employment negotiations. *See W.J. Deutsch & Sons*, 2022 WL 890184, at *2; *Stegmann*, 2021 WL 1838219, at *2. |
| DX-0459 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. T <br><br> This Court previously granted the same request for this exhibit related to Mr. Jay Marciano's testimony. Dkt. Nos. 1130 & 1156. |
| DX-0550 | AEG requests to redact AEG employees' phone numbers and consumers' personal identifiable information, as they fall within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| DX-0730 | This exhibit contains AEG's current ticketing services agreement with Tiebreaker Productions, LLC. AEG requests to narrowly redact specific prices, fees, and percentages and competitively sensitive contract terms referenced in the contract. "Specific prices, |

3

| | |
|---|---|
| | fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years" and "[s]pecific competitively sensitive contract terms in contracts currently in effect or contracts executed within the last four years" warrant presumption of sealing under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29. |
| DX-0828 | AEG requests to redact an AEG employee's phone number, as it falls within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. |
| DX-0836 | AEG requests to seal this exhibit which consists of its audited financials for 2021 and 2022. AEG's audited financials detail AEG's balance sheets including loss statements, deficit, and cash flows. AEG is a privately held company and these are detailed "specific, non-public financial information, sales information, and customer lists," the disclosure of which "could advantage [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus., Inc. v. Lexington Co.*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394 (S.D.N.Y. 2015), *on reconsideration in part*, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (sealing "'highly confidential sales information, including pricing information,' which is not available to the public" (quotations and citations omitted)); *Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public.).<br><br>This Court previously granted the same request for this exhibit related to Mr. Jay Marciano's testimony. Dkt. Nos. 1130 & 1156. |
| DX-0888 | This exhibit contains AEG's current ticketing services agreement with Oside Arena Management, LLC. AEG requests to narrowly redact specific prices, fees, and percentages and competitively sensitive contract terms referenced in the contract. "Specific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years" and "[s]pecific competitively sensitive contract terms in contracts currently in effect or contracts executed within the last four years" warrant presumption of sealing under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29. |
| DX-0889 | AEG requests to seal this exhibit that consists of AEG's 2023 board presentation. The document details AEG's current acquisition and business strategies, non-public financial information, and competitive analysis. If the document is unsealed, AEG's competitors could gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the promotion, ticketing, and venue markets; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp.*, 2021 WL 1222122, at *6; *see also W.J. Deutsch & Sons*, 2022 WL 890184, at *2 (collecting cases that sealed business strategies and acquisition discussions). In addition, the document contains identifying information regarding AEG's acquisition targets, which warrants presumption of sealing under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29.<br><br>This Court previously granted the same request for this exhibit related to Mr. Jay Marciano's testimony. Dkt. Nos. 1130 & 1156. |

| | |
|---|---|
| DX-0890 | AEG requests to seal this exhibit that consists of a draft copy of AEG's September 2023 board presentation. The document details AEG's competitive analysis and business strategies, non-public financial information, costs and margins, growth targets, and analysis of AEG's relationships with certain clients. If the document is unsealed, AEG's competitors could gain an unfair advantage by accessing information regarding AEG's plans for future growth; AEG's evaluations of the ticketing market; and AEG's internal analyses regarding its strengths and weaknesses. *See Kewazinga Corp.*, 2021 WL 1222122, at *6; *see also W.J. Deutsch & Sons*, 2022 WL 890184, at *2 (collecting cases that sealed business strategies and acquisition discussions).<br><br>This Court previously granted the same request for this exhibit related to Mr. Jay Marciano's testimony. Dkt. Nos. 1130 & 1156. |
| DX-1043 | AEG requests to redact: (1) AEG employees' phone numbers; and (2) non-public figures regarding AEG's prices and fees from 2024, as both fall within a category of information that should be presumptively sealed under this Court's pretrial order. Dkt. No. 1053 at 3; Dkt. No. 1031 at 28-29.<br><br>This Court previously granted the same request for this exhibit related to Mr. Jay Marciano's testimony. Dkt. Nos. 1130 & 1156. |
| DX-1166 | AEG requests to seal this exhibit which consists of AEG's non-public financial results from 2017-2024. AEG's financials detail AEG's balance sheets including loss statements, deficit, and cash flows. These are detailed, "specific, nonpublic financial information, sales information, and customer lists" and the disclosure of this information "could advantage [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus.*, 2021 WL 1143694, at *2; *Skyline Steel*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "'highly confidential sales information, including pricing information,' which is not available to the public" (quotations and citations omitted)); *Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public").<br><br>This Court previously granted the same request for this exhibit related to Mr. Jay Marciano's testimony. Dkt. Nos. 1130 & 1156. |