

March 23, 2026

**VIA ECF**

**Nicole H. Sprinzen**
Direct Phone    202-471-3451
Direct Fax       202-499-2941
nsprinzen@cozen.com

The Honorable Arun Subramanian
U.S. District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc., et al*.; 1:24-cv-03973-AS-SLC
       Request to Redact Trial Exhibits of Non-Party It's My Party, Inc. Noticed by Plaintiffs

Dear Judge Subramanian:

Pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases and the procedures ordered for this action, non-party It's My Party, Inc. ("I.M.P.") requests that the following two (2) trial exhibits noticed by Plaintiffs for use at trial tomorrow be redacted as marked in the PDF versions emailed to Chambers: PX0192/DX-1487[1] and PX0196.

In compliance with the Court's Order, I.M.P. provided its redactions to Plaintiffs' counsel on Monday, March 23, 2026, and Plaintiffs' counsel indicated that they do not object to these redaction requests.

Under the established three-prong analysis of the Second Circuit, the Court must assess whether the documents at issue are "judicial documents," the weight of the presumption of public access, and the competing considerations against the presumption of access.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

Even if these documents are introduced as evidence at trial and considered judicial documents with a strong presumption in favor of public access, I.M.P. has narrowly tailored its redaction requests.  Additionally, I.M.P.'s interests as a third party providing sensitive business data in this matter overcome that presumption. I.M.P. is a third party whose privacy interests as an innocent third party "are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

---

[1] PX0192 was included in one of I.M.P.'s prior redaction requests on March 4, 2026, ECF No. 1134, which was granted.  *See* ECF No. 1158.  PX0192, however, was not admitted during the testimony of the I.M.P. executive the following day so I.M.P. is restating its request herein.

2001 M Street NW   Suite 500  Washington, DC 20036
202.912.4800    800.540.1355    202.861.1905 Fax    cozen.com

The Honorable Arun Subramanian
March 23, 2026
Page 2

The rationale for redactions in each document is outlined below:

| Exhibit | Basis for Redaction |
|---|---|
| PX0192 / DX-1487 | The designations reflect non-public confidential business and financial information that is relevant to I.M.P.'s current operations and competitive pricing and profit margins as a venue operator.  The redacted text reflects non-public business and operations strategy as to how I.M.P. competes as a venue operator. The agreement is dated 2023 by its terms, but continues until December 2031, and then is subject to automatic renewal thereafter.  The redacted terms, which reflect prices, percentages, and other key terms are competitively sensitive contract terms that are presumptively permitted to be redacted at trial, per the Court's Order. (ECF 1053 at 3 (XV.52).) |
| PX0196 | The designations reflect non-public confidential business and financial information, and business strategy that is relevant to I.M.P.'s current operations and competitive pricing and profit margins as a venue operator.  The document does not fall squarely within the presumptive categories for redaction/sealing approved by the Court (ECF 1053 at 3 (XV.52)) because the document's term was August 1, 2019 to December 31, 2023.  The agreement has been replaced by a subsequent agreement, but the terms are the same type or similar.  The marked text reflects contract negotiation strategy, as well as competitively sensitive contract provisions and values that related directly to I.M.P.'s current business model, agreement terms, and business strategy.  *See Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). |

For these reasons, I.M.P. requests that the Court grant the redaction requests as submitted for these two documents.  We thank the Court for its attention to this matter.

Sincerely,

COZEN O'CONNOR

*/s/ Nicole H. Sprinzen*

By:    Nicole H. Sprinzen, *admitted pro hac vice*