Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.  Washington, DC
20006

T   +1 202.887.4000
F   +1 202.887.4288
akingump.com



**Brian Rafkin**
+1 202.887.4158
brafkin@akingump.com

March 23, 2026

**Via CM/ECF & Email**

The Honorable Arun Subramanian United States
District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> **Re:     United States, et al. v. Live Nation Entm't, Inc., No. 1:24-cv-3973 (AS)**

Dear Judge Subramanian:

I write on behalf of non-party Lincoln Holdings, LLC dba Monumental Sports and Entertainment ("Monumental"). Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and Section XV of the Pretrial Order (ECF No. 1031, which the Court adopts in ECF No. 1053), Monumental requests that the Licensed User Agreement dated February 28, 2017 between Monumental and Ticketmaster, L.L.C. ("Ticketmaster"), produced as MSE-DOJ-00000139 (the "Agreement") for use by the parties at trial, be sealed or, in the alternative, redacted.

Monumental has met and conferred with State Plaintiffs and State Plaintiffs do not oppose this request.

## I.     Legal Standard

Courts address motions to seal under the three-step framework outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006). "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-120). Though an exhibit may be a judicial document subject to a presumption of public access, the weight of that presumption is overcome by "competing considerations." *Lugosch*, 435 F.3d at 120.

Documents containing "information revealing the terms of contracts or the content of such confidential negotiations are among those th[e] Court routinely recognizes as justifying protection from the public view when used in litigation." *Capri Sun GmbH v. Am. Bev. Corp.,* 2021 U.S. Dist.

1

LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd. v. Flambeau, Inc.,* 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (protecting contractual terms because disclosure could "harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements").

Courts routinely recognize that sealing or redacting "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," is an important countervailing interest that outweighs the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *accord, e.g., Locus Techs. v. Honeywell Int'l Inc.,* 2024 WL 5103334 at *2-3 (S.D.N.Y. Dec. 13, 2024); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264 at *5-6 (S.D.N.Y. June 17, 2020).

These countervailing factors are given greater weight where, as here, a non-party's confidential information and privacy interests are at stake. *See, e.g., Amodeo,* 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information); *In re Digital Music Antitrust Litig.,* 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third-party internal pricing strategies and competitive data).

## II.      The Court Should Seal the Licensed User Agreement

MSE-DOJ-00000139 is a Licensed User Agreement (i.e., ticketing agreement) between Monumental and Ticketmaster, dated February 28, 2017, which has been subsequently amended and extended. Monumental has a compelling interest in protecting the confidential and competitively sensitive business information contained in the Agreement, including its contractual terms with Ticketmaster, as well as associated financial terms. Courts routinely seal confidential contracts just like the Agreement. *See SEC v. Ripple Labs, Inc.*, 2023 WL 3477552 at *9 (S.D.N.Y. May 16, 2023) (granting third party's motion to seal contract terms between third party and defendant); *Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.*, 2025 WL 2977725 at *3 (S.D.N.Y. Oct. 21, 2025). Furthermore, this court has previously granted other non-parties' motions to seal ticketing agreements. *See, e.g.,* ECF No. 1147 (granting motion to seal ticketing agreement between LA Clippers and Ticketmaster). Accordingly, the Agreement should be sealed in its entirety.

In the alternative, Monumental respectfully requests that the Agreement be redacted and has submitted a redboxed copy of MSE-DOJ-00000139 using Adobe Acrobat's  "mark for redaction" tool.

Please contact me via email or phone if you have any questions or would like to discuss.

Respectfully submitted,

Brian Rafkin
*Counsel for Non-Party Lincoln Holdings, LLC*

Enclosures:  Document to be Redacted (via email)

CC:     Counsel of record (via CM/ECF)