# MONTGOMERY McCRACKEN

ATTORNEYS AT LAW

**Lathrop B. Nelson III**
Admitted in Pennsylvania, New Jersey &
New York

1735 Market Street
Philadelphia, PA 19109
Tel:  215-772-1500

Direct Dial:    215-772-7473
Fax:            215-731-3708
Email:          lnelson@mmwr.com

March 23, 2026

**BY EMAIL** (SubramanianNYSDChambers@nysd.uscourts.gov)

The Honorable Arun Subramanian
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> RE:    *United States et al. v. Live Nation Entertainment, Inc., et al.*
> U.S.D.C. for the Southern District of New York; No. 1:24-cv-03973-AS
>
> Non-Party Highmark Mann Center for Performing Arts'
> Request for Redaction of Documents

Dear Judge Subramanian,

We represent non-party the Highmark Mann Center for the Performing Arts ("Mann") in connection with this matter.  Pursuant to Rules 11(B) and (C) of this Court's Individual Practices in Civil Cases, the Court's February 26, 2026 Order (ECF No. 1086), and the Court's March 6, 2026 ruling in open court, the Mann respectfully submits this letter motion seeking the Court's approval to redact portions of the License User Agreement dated December 20, 2013 and the Amendment to Licensed User Agreement dated March 3, 2022, by and between the Mann and Ticketmaster L.L.C., produced at MCPA_000000516 and MCPA_000000309 (also identified as DX-0557), respectively ("Agreements").  Plaintiffs have informed the Mann that they intend to use portions of the Agreements in a demonstrative exhibit and have further indicated that they do not oppose the redaction of this information.[1]

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the

---

[1] The Mann understands that the Defendants may seek to seal all the supporting documentation associated with Plaintiffs' demonstrative exhibit, and the Mann supports the sealing of the Agreements in full (Plaintiffs confirmed with the Mann that they did not object to the Mann's communication with Live Nation's counsel regarding the use of the Agreements).  If the Defendants do not seek such relief or such relief is denied, the Mann seeks the redaction of the Agreements as proposed.

Montgomery McCracken Walker & Rhoads LLP

The Honorable Arun Subramanian
March 23, 2026
Page 2

court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (*citing Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (*citing United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Competing interests include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, including the protection of competitively sensitive business information.  S*ee, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015). These competing interests are given greater weight where, as here, a non-party's confidential information and privacy interests are at stake.  *See, e.g., Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of third parties . . . should weigh heavily in a court's balancing equation.").

Non-party Mann has a compelling interest in protecting the confidential and competitively sensitive business information contained in the Agreements, including its contractual terms with Ticketmaster, as well as associated financial terms.  As the Court has adopted, "specific prices, fees, or percentages in contracts currently in effect" and "specific competitively sensitive contract terms" should presumptively be considered appropriate for redaction.  *See* ECF No. 1053 at p. 3; ECF No. 1031 at 28-29.  Courts routinely seal prices and other competitively sensitive contract terms because the disclosure of such terms can harm the company's competitive advantage in future business dealings. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find . . . pricing information, and the like satisfy the sealing standard.") (citation omitted); *Encyclopedia Brown Prods. Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").  Accordingly, the Mann seeks the narrow redaction of specific prices, fees, percentages, and ticketing numbers within the Agreements, as well as one competitively sensitive contract term.

The Mann therefore respectfully requests that this Court grant its motion to redact the Agreements as proposed.

Respectfully submitted,

Lathrop B. Nelson, III

LBN:seb

cc:    LiveNationTrialStates@ag.ny.gov
       usvlivenationlitigationfull.lwteam@lw.com
       LN_Lit_CSM@cravath.com