**BASS BERRY ✦ SIMS** PLC

**Cody Anthony**
Cody.Anthony@bassberry.com
(615) 742-6227

March 23, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*
>         **Case No. 1:24-cv-03973-AS-SLC (S.D.N.Y.)**

Dear Judge Subramanian:

We represent non-party Memphis Basketball, LLC ("Memphis Basketball") in the above-referenced matter. We write, pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases, to request the redaction and sealing for confidentiality of certain portions of Exhibit No. PX0223.[1]

On March 19, 2026, we filed a letter motion requesting to redact and seal certain portions of Exhibit No. PX0223 upon notification that Plaintiff States intended to include excerpts of Exhibit No. PX0223 in their Federal Rule of Evidence 1006 summary exhibit (ECF No. 1271). That letter motion is still outstanding. We understand that Plaintiff States have been instructed by the Court to file the full underlying exhibit related to their summary exhibit on the docket, and thus, out of an abundance of caution, we respectfully seek sealing of all proposed redactions of Exhibit No. PX0223.

As previously explained, Memphis Basketball seeks to seal its competitively sensitive pricing information and contractual terms. The information Memphis Basketball seeks to seal falls within the categories of information identified in the parties' Proposed Joint Pretrial Order (ECF No. 1031) as information that should presumptively be permitted to be sealed.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). First, the court must determine whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Id.* (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d

---

[1] Counsel for Defendants and counsel for State Plaintiffs do not oppose Memphis Basketball's proposed redactions to Exhibit No. PX0223.

March 23, 2026
Page 2

Cir. 2006)). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

When balancing competing interests, courts typically consider "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, and the protection of competitively sensitive business information. *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015); *Nielsen Consumer LLC v. Circana Grp., L.P.*, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (explaining that countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").

The public's interest is not strong enough to outweigh Memphis Basketball's privacy interest in protecting its confidential information. The proposed redactions in Exhibit No. PX0223 reflect nonpublic and competitively sensitive prices, fees, and other competitively sensitive contractual terms. Those terms, if made public, could adversely affect Memphis Basketball's future negotiations and would substantially increase the risk of competitive harm to Memphis Basketball, a non-party to this matter. *See Amodeo*, 71 F.3d at 1050–51 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (citations omitted).

Accordingly, Memphis Basketball respectfully requests that the Court seal all proposed redactions of Exhibit No. PX0223. The ("red box") redactions will be submitted to Chambers via email.

Sincerely,

*/s/ Cody Anthony*
Cody Anthony
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
cody.anthony@bassberry.com
(615) 742-6227

*Attorneys for Non-party*
*Memphis Basketball, LLC*