

Stradling Yocca Carlson & Rauth LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
949 725 4000
stradlinglaw.com

**Justin Owens**
949 725 4076
jowens@stradlinglaw.com

March 23, 2026

**Via ECF**

The Hon. Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

> Re:   *United States, et al. v. Live Nation, et al.,* Case No. 1:24-cv-3973
> **Request To Redact Non-Party Anaheim Arena's Active Contract**

To the Honorable Judge Subramanian:

I write on behalf of non-party Anaheim Arena Management LLC ("Anaheim Arena"). Anaheim Arena operates and manages the Honda Center, a sports and entertainment venue in Anaheim, California. Plaintiffs' counsel has notified my office that on Tuesday March 24, 2026, Plaintiffs intend to use excerpts from the operative Ticketing Agreement with Ticketmaster (the "Ticketing Agreement") at trial. The Ticketing Agreement was produced by Anaheim Arena with Bates numbers AAM0002119 through AAM0002164, and was designated HIGHLY CONFIDENTIAL pursuant to the Amended Protective Order in this action.

In meet and confer, Plaintiffs' counsel stated that their use of the Ticketing Agreement at trial will be limited to the following sections: Paragraphs 2 and 10 of the body of the agreement, Exhibit A at Paragraph 3, and Exhibit C at Paragraph 6(a). Accordingly, Anaheim Arena has limited its review to only these paragraphs that Plaintiffs intend to rely on at trial, and has redacted all remaining paragraphs, as the terms of the Ticketing Agreement are commercially sensitive. Anaheim Arena requests that highly sensitive commercial terms be redacted from the provisions of the Ticketing Agreement that Plaintiffs intend to use at trial.[1] **Anaheim Arena's requested redactions to the provisions of the Ticketing Agreement that Plaintiffs intend to use at trial were previously approved by the Court in a text-only order on March 19, 2026.** (Dkt. No. 1270 ("ORDER granting [1263] Motion to Seal")). Plaintiffs have confirmed that they do not object to the redactions requested by Anaheim Arena.

---

[1] The undersigned will email to the Court's Chambers a PDF with "red box" markup reflecting all proposed redactions.

Hon. Arun Subramanian
March 23, 2026
Page Two

Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and the Court's February 26, 2026 order (ECF No. 1086), and oral instruction on March 6, 2026, Anaheim Arena respectfully requests redaction of the Ticketing Agreement as set forth in the "red box" document being emailed to Chambers. Because the Ticketing Agreement contains Anaheim Arena's confidential and sensitive commercial information, and because the requested redactions are narrowly tailored, the presumption in favor of public access is overcome and the request should be granted as described herein. *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

### Redaction of the Ticketing Agreement Is Warranted

The Ticketing Agreement is an ***active and operative contract*** currently in effect for a four-year term that began July 1, 2024. The parties to the Ticketing Agreement expressly agreed that its provisions constitute "Confidential Information" that must be kept strictly confidential. Certain provisions in the Exhibits to the Ticketing Agreement contain particularly sensitive commercial terms negotiated by the parties to the Ticketing Agreement: pricing terms, royalites, charges and fees, and allowances. Indeed, Exhibit A to the Ticketing Agreement is aptly titled "Financial Considerations."

This is precisely the type of commercially sensitive information that courts routinely protect from public disclosure. *See, e.g., Kewazinga Corp. v. Microsoft Corp.,* 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain…revenue information, pricing information, and the like satisfy the sealing standard."); *see also In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) ("[T]he nature of the information at issue, which concerns internal pricing strategies and competitive pricing data, is sufficiently sensitive to warrant redaction."); *see also Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).

Disclosure of these non-public commercial terms would harm Anaheim Arena's competitive standing and ongoing business relationships. Disclosure would also provide an unfair advantage to parties negotiating contracts with Anaheim Arena, as they could leverage their knowledge of this confidential information. For these reasons courts in this District recognize that the protection of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," is an important countervailing interest that outweighs the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). *See ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, No. 24 MISC. 177 (LGS), 2024 WL 1702383, at *2 (S.D.N.Y. Apr. 18, 2024) (granting motion to seal "the parties' contract, which contains sensitive terms and conditions and pricing information"); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (granting party's request to seal upon finding that "business relationships and interests, and the privacy interests of non-parties, would be detrimentally affected by the disclosure of confidential contracts that the parties expect to remain private."); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records,

courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal citations and quotations omitted).

## The Proposed Redactions Are Narrowly Tailored

To minimize the impact on public access to the proceedings Anaheim Arena has limited the redactions to (i) certain confidential and commercially sensitive provisions of those paragraphs that will be used by Plaintiffs at trial, and (ii) all paragraphs of the Ticketing Agreement that will not be used by Plaintiffs at trial. Because the proposed redactions to the Ticketing Agreement are narrowly tailored to protect a non-party's legitimate interests without unnecessarily impeding public access to information used at trial, the request should be granted. *See KeyBank Nat'l Assn. v. Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where the redactions were "narrowly tailored [], strictly limiting them to the portion of the [document] containing irrelevant nonparty financial information").

\* \* \* \* \* \*

For the foregoing reasons, Anaheim Arena's requested redactions to the Ticketing Agreement (AAM0002119 to AAM0002164) should be implemented pursuant to the three-step framework outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006).

Respectfully submitted,


*/s/ Justin Owens*
Justin Owens
Stradling Yocca Carlson & Rauth LLP
Attorneys for Non-Party Anaheim Arena
Management LLC