**MADISON SQUARE GARDEN ENTERTAINMENT**

**Marlo A. Pecora**
SVP/ASSOCIATE GENERAL COUNSEL
MADISON SQUARE GARDEN ENTERTAINMENT

March 23, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States of America, et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

I write on behalf of non-parties Madison Square Garden Entertainment Corp. and Sphere Entertainment Co. ("MSG"), pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases, to request the redaction and sealing for confidentiality of certain portions of MSG0073788, which MSG produced in the above-captioned action.[1]  Plaintiffs notified MSG that they intend to include excerpts from MSG0073788, which is MSG's current Ticketing and Sponsorship Agreement with Ticketmaster, dated July 1, 2017 (the "Agreement"), as part of a summary exhibit during trial on Tuesday, March 24, 2026. Plaintiffs informed MSG that they intend to rely on Sections (including subparts) 2.1, 3.1, 3.2, 3.13, 11.7 and 13.1-13.7.1 of the Agreement. As such, MSG limited its review to only these sections that Plaintiffs intend to rely on to present their case at trial, and have redacted all remaining paragraphs of the Agreement, as the terms of MSG's operative agreement with Ticketmaster are highly commercially sensitive in addition to irrelevant, given Plaintiffs have not identified them for use in this proceeding.

MSG does not seek confidentiality protection for the majority of the Sections that Plaintiffs wish to use in its summary exhibit.  However, MSG does request redaction of three sections containing highly proprietary and commercial terms—Sections 3.13, 11.7.2.1, and 13.1.1-13.1.4, 13.4.1-13.4.4 of the Agreement.  If these Sections were disclosed, such disclosure could place MSG at a competitive disadvantage in future business dealings. Because these terms are currently in effect, these redactions fall within Paragraph 52(d) of the Proposed Joint Pre Trial Order (ECF No. 1031), and are thus presumptively permitted per the Court's February 20, 2026 guidance (ECF No. 1053). Additionally, we have conferred with counsel for Plaintiffs to endeavor to propose narrow redactions that protect MSG's confidential material while still enabling Plaintiffs to put on its case without obstruction. MSG's sealing request is narrowly tailored and overcomes the presumption in favor of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

---

[1] MSG emailed its proposed redactions to MSG0073788 to the Court's Chambers on March 23, 2026.

Madison Square Garden Entertainment Corp.

TWO PENNSYLVANIA PLAZA, NEW YORK, NY 10121-0091

TEL (212) 465-6334 marlo.pecora@msg.com

**MADISON SQUARE GARDEN ENTERTAINMENT**

**Marlo A. Pecora**
SVP/ASSOCIATE GENERAL COUNSEL
MADISON SQUARE GARDEN ENTERTAINMENT

## I.    Legal Standard

While there is a general presumption in favor of public access to judicial documents, documents may be sealed or redacted where "sealing is necessary to preserve higher values" and "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-120).

A presumption of access may be outweighed by a party's interest in "protecting confidential business information" from disclosure that would subject it to "financial harm" or a "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). Of particular relevance to MSG's request here, documents containing the commercial terms of contracts are among those that courts recognize as justifying protection from the public view when used in litigation. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (protecting contractual terms because disclosure could "harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements").

These factors are particularly important where, as here, non-parties' commercially sensitive and confidential information is at issue. *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023) (granting party's request to seal certain contracts in their entirety because "business relationships and interests, and the privacy interests of non-parties, would be detrimentally affected by the disclosure of confidential contracts that the parties expect to remain private."); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015); *see also United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995) ("We have previously held that the privacy interests of innocent third-parties should weigh heavily in a court's balancing equation." (internal quotation marks and alterations omitted)). In addition, courts evaluate whether information remains commercially sensitive at the time of the sealing request, which renders sealing more appropriate. *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 387 (S.D.N.Y. 2019). Finally, if "testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050.

## II.    The Court Should Seal MSG's Confidential Business Information

MSG requests the narrow redaction of the negotiated and proprietary commercial terms in Sections 3.13, 11.7.2.1, and 13.1.1-13.1.4, 13.4.1-13.4.4 of the Agreement. These provisions contain terms governing: 1) the parties' consent rights in connection with potential agreements between Ticketmaster and promoters/artists, 2) certain limitations on Ticketmaster's sponsorship benefits among other things, and 3) definitions of what constitutes an event of default. Public disclosure of these commercial terms of the Agreement would give other ticketing vendors, and other counterparties generally, an unfair advantage in negotiations with MSG, as they would learn the precise terms of sensitive information within MSG's current contract with Ticketmaster.

**MADISON SQUARE GARDEN ENTERTAINMENT**

**Marlo A. Pecora**
SVP/ASSOCIATE GENERAL COUNSEL
MADISON SQUARE GARDEN ENTERTAINMENT

Moreover, while trial exhibits qualify as judicial documents, the weight of the presumption in favor of public access should be low with respect to the redacted material within the Agreement, as the redacted terms should have little bearing on the parties' legal dispute. *See Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022). Likewise, the public does not have a legitimate interest in reviewing the remaining paragraphs of the Agreement because MSG understands that Plaintiffs do not intend to rely on those paragraphs to present their case at trial and they are therefore irrelevant. Indeed, MSG's privacy interests in the materials it seeks to seal or redact far outweigh the presumption of public access, as the materials include an active contract with non-public terms, and are not directly relevant to the substance of the parties' dispute at issue.  Courts in this district permit sealing in these and similar circumstances. *Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (granting sealing application of contracts with party's current business partners).

MSG respectfully requests that the Court seal the proposed portions of MSG0073788.

Sincerely,

*/s/ Marlo A. Pecora*
Marlo A. Pecora

**Madison Square Garden Entertainment Corp.**

**TWO PENNSYLVANIA PLAZA, NEW YORK, NY 10121-0091**

**TEL (212) 465-6334 marlo.pecora@msg.com**