March 23, 2026

**VIA ECF**

The Honorable Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re:   *United States et. al. v. Live Nation Entertainment, Inc. and Ticketmaster LLC,* No. 1:24-cv-03973-AS

Dear Judge Subramanian:

Non-party Oak View Group, LLC ("OVG") respectfully requests that this Court redact the designated portions of OVG LLC_00166692, OVG_CUST_222584, OVG_CUST_259662, OVG-002316, and OVG-002818, which Plaintiffs have indicated may be used tomorrow at trial in the above-captioned matter.  The few portions of the exhibits that OVG proposes to redact are shown in red boxes.

While courts recognize a general right of public access to court records and proceedings, that right of access is not absolute and courts may deny public access where appropriate.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978).  "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure."  *Application of Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).  Courts possess the authority to redact judicial records where, as here, such measures are "narrowly tailored" to the interests at issue and "essential to preserve higher values."  *In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017).

The privacy interests of non-parties are entitled to special weight.  *See SEC v. Telegram Grp., Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.")).  Such interests are a "venerable common law exception" to the presumption of access.  *Amodeo*, 71 F.3d at 1051.

Courts redact or seal sensitive business information where, as here, disclosure would cause the producing non-party harm.  *See, e.g.*, *In re Digit. Music*, 321 F.R.D. at 81 n.1 (finding that non-party privacy interests in confidential information relating to competitive pricing data and strategy was sufficient to overcome the presumption of access); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (finding that "internal corporate documents that govern investment strategies, [and] information regarding proprietary modeling assumptions" of third parties overcome the presumption of public disclosure).

OVG LLC_00166692, OVG_CUST_222584, OVG_CUST_259662, OVG-002316, and OVG-002818, contain competitively sensitive, non-public business information, including fee splits, ticketing projections, and royalty rates.  If made public, the designated portions of the exhibits "could reveal proprietary analysis and provide competitors with an unearned advantage." *Telegram Grp.*, 2020 WL 3264264, at *3. Courts may redact such documents to avert "[p]otential damage from the release of sensitive business information" and to protect from the disclosure of information that may harm a business's ability to compete in the future.  *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97-CV-2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard Inv. Chartered v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

For the reasons explained above, OVG respectfully requests that the designated excerpts be redacted.[1]

Respectfully submitted,

*/s/ Grant Bermann*

Grant Bermann
MILBANK LLP
1101 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 835-7515
gbermann@milbank.com

*Attorney for Non-Party*
*Oak View Group, LLC*

cc:
All counsel of record (via ECF)

---

[1] OVG emailed its proposed redactions to OVG LLC_00166692, OVG_CUST_222584, OVG_CUST_259662, OVG-002316, and OVG-002818 to the Court's Chambers on March 23, 2026.