# CLEARY GOTTLIEB STEEN & HAMILTON LLP

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212-225-2000
rmukhi@cgsh.com

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
LONDON
MILAN
PARIS
ROME

March 23, 2026

**FILED VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> **Re:  *United States v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*,
> 1:24-cv-03973-AS (S.D.N.Y.); Letter Motion in Support of Proposed
> Redactions**

Your Honor:

I write on behalf of non-parties Legends Hospitality Parent Holdings, LLC and its wholly-owned subsidiary ASM Global ("ASM") (collectively, "Legends"), pursuant to the Court's March 6, 2026 ruling ("March 6 Ruling"), to request the redaction and sealing for confidentiality of certain portions of ASM-DOJCID-000023573.  Plaintiffs have indicated to Legends that they may introduce this document at trial on March 24, 2026.  Given the document is an active Licensed User Agreement for a Legends-managed venue, specifically with Ticketmaster, Legends respectfully requests certain limited redactions on the grounds of confidentiality and competitive sensitivity.  Plaintiffs have informed Legends that they do not object to the requested redactions.

To assess whether the public has the right of access to documents, courts in this Circuit first determine whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  If so, courts determine the weight of the presumption of public access to the documents, and then balance any competing considerations, including "the privacy interests of those resisting disclosure." *Id*. at 119–20.  "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995).

Legends is one of the largest customers of Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster LLC ("Ticketmaster").  Legends regularly negotiates business terms with each defendant including—as here—on behalf of individual venue owners.  Legends

Hon. Arun Subramanian, p. 2

also negotiates with Defendants' competitors, including other ticketing companies.  Legends itself has numerous competitors in venue management.

The document that Plaintiffs seek to use at trial falls within multiple categories of information classified as "Highly Confidential Information" under the Amended Protective Order in this case: current and future non-public financial information regarding prices and costs, and confidential contractual terms. Amended Protective Order (ECF No. 347, ¶ 2(b), (c), (f)). This Court's orders have also afforded a presumption of sealing to this category of information: "[s]pecific prices, fees, or percentages in contracts currently in effect" and "and "[s]pecific competitively sensitive contract terms in contracts currently in effect or contracts executed within the last four years." *See* Dkt. No. 1053 (adopting the parties' proposed categories of material that should be presumptively sealed in XV.52 of their Proposed Pretrial Order (Dkt. No. 1031)).

Legends' confidentiality interest in this active agreement with Ticketmaster is strong. Legends and its client are innocent third parties, and this document is both confidential and competitively sensitive.  Other entities—including competing ticketing companies with whom Legends negotiates from time to time—could impermissibly use specific pricing terms, fees, and percentages in this contract to gain a competitive advantage in negotiating agreement terms with Legends and/or to lessen competition in venue management or the provision of related services. Legends has limited its redactions to Exhibits A and C, which cover specific fees and competitively sensitive contract terms, and a limited number of additional specific fees and percentages in Exhibits D and E.  Disclosure of this material would threaten to irreparably harm Legends' ability to compete with and negotiate with other entities on fair terms.

The public right of access does not outweigh Legends' crucial privacy interest in specific terms within this private and active agreement.  Courts in this district routinely seal information of this type to protect competition. *Locus Technologies v. Honeywell International Inc*., No. 19 Civ. 11532, 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) ("Courts regularly seal pricing information . . ."); *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713, 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents that "would place the parties in a competitive disadvantage in future negotiations").  Moreover, the specific fees and percentages in this agreement are likely to be irrelevant to the parties' dispute.  *See SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (allowing redactions of "specific financial figures and customer information . . . which are not relevant to the parties' legal dispute and implicate legitimate privacy interests" (internal quotations omitted)).

Accordingly, Legends requests that the Court permit the narrowly-tailored redactions and sealing of portions of ASM-DOJCID-000023573 prior to its filing on this docket.  As noted above, Plaintiffs informed Legends that they do not object to the requested redactions.

Respectfully submitted,

*/s/ Rahul Mukhi*
Rahul Mukhi