

DANIEL D. ADAMS
230 NORTH ELM STREET, SUITE 2000
GREENSBORO, NORTH CAROLINA 27401

T 336-271-3109
F 336-232-9109
DADAMS@BROOKSPIERCE.COM

March 23, 2026

**<u>Via ECF and Email to Chambers</u>**

The Honorable Arun Subramanian, United States District Court Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*
>        No. 1:24-cv-03973-AS

Dear Judge Subramanian:

We represent non-party Hurricanes Holdings, L.L.C. ("HH"). HH operates the Lenovo Center in Raleigh, North Carolina, a 20,000-seat arena owned by the City of Raleigh. HH also owns and operates the NHL Franchise, the Carolina Hurricanes.

We write, pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases, and the Court's February 26, 2026 Order (DE 1086), to request redaction and sealing for confidentiality of limited text in Plaintiffs' Exhibit PX0188. Plaintiffs do not oppose this motion.

HH is seeking limited redactions to a single document—an Amendment to a Licensed User Agreement between HH and Defendant Ticketmaster, LLC, bearing BATES HH_000203 to HH_0000225 (the "Agreement"). Pursuant to the Court's instructions, we submit HH's proposed redactions to the Agreement contemporaneous with filing of this letter motion.

**I.      The Agreement contains highly sensitive, competitive commercial information.**

The Agreement includes "[c]urrent or future non-public figures regarding prices, costs or margins," material that should presumptively be redacted. (DE 1031, ¶52f.). For example, the Agreement sets forth amended terms pursuant to which HH authorized Ticketmaster to act as HH's exclusive agent for the sale of remote tickets to attend attractions at the Lenovo Center, including Carolina Hurricanes games. The Agreement sets Ticketmaster's obligations for selling tickets for HH and the compensation it would receive, in the form convenience charges, processing fees, and the like. The Agreement includes critical terms governing the parties' economic relationship, including a signing bonus to be paid by Ticketmaster, an annual marketing allowance, specification of games and attractions included and excepted, pricing discounts for bulk sales, increased prices for playoff games, revenue shares for ticket resales, and more.

HH guards confidential, competitive information governing ticket sales for attractions at the Lenovo Center closely. Consequently, HH objected to the Government's subpoena *duces*

Honorable Arun Subramanian
March 23, 2026
Page 2

*tecum* ("Subpoena"), which led to the Agreement being produced in this lawsuit, to the extent it called for production of proprietary information, trade secrets, analysis techniques or other confidential, research, or commercial information. Notwithstanding this objection, HH agreed to produce the Agreement pursuant to the Court's Amended Protective Order (DE 347), based on HH's ability to designate the Agreement as "Confidential." HH also requested that the Government treat the Agreement as "FOIA Confidential" in accordance with 5 U.S.C. § 552(b)(4).

HH understands and appreciates the Court's instructions to be "reasonable and razor-sharp in terms of the information" it seeks to prevent from public disclosure. (*See* DE 817.) HH thus has proposed specific, limited redactions narrowly tailored to shield competitively sensitive information deserving of protection, including:

- Specific pricing, fee, and cost information;
- Agreement length and expiration date; and
- Specific percentages and definitions of triggering events for bonuses, extensions, and other Agreement terms.

## II.    HH's confidential commercial information is protected under common law and the First Amendment.

Under the common law right of access inquiry, the Court's analysis involves a three-step inquiry: (1) whether the record is a "judicial document" to which the presumption of public access attaches; (2) the weight of the presumption of access to that document; and (3) balancing the factors that legitimately counsel against disclosure against the weight properly accorded the presumption of access. *Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025) (quoting *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023)).

HH is informed by Plaintiffs that the Agreement will be introduced as a trial exhibit for a limited purpose, though the entire agreement will be publicly posted. Assuming the Agreement is a "judicial document" to which the public has a presumptive right of access, that presumption is overridden by the need to protect a nonparty's sensitive information. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) ("privacy interests of innocent third parties should weigh heavily in a court's balancing equation" (cleaned up)); *Locus Techs. v. Honeywell Int'l Inc.*, No. 19 CIV. 11532 (PGG) (KHP), 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) ("Because disclosure of this information would give a competitor insight into [plaintiff's] processes for developing a new software application, along with pricing information for this type of project, such disclosure might harm [plaintiff's] competitive standing. Accordingly, this exhibit is properly sealed." (cleaned up)).

HH is a nonparty—it is seeking limited redactions to protect information that, if disclosed, would cause it competitive harm. These limited redactions ensure the public has access to most of PX0188 while still protecting a nonparty's sensitive information. For these reasons, HH's interests counterbalance the public's qualified right of access to the entire Agreement.

Honorable Arun Subramanian
March 23, 2026
Page 3

"In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). However, the presumption of access can be "overcome by 'specific, on-the-record findings that sealing is necessary to preserve higher values . . . if the sealing order is narrowly tailored to achieve that aim.'" *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quoting *Lugosch,* 435 F.3d at 124).

Higher values that may justify sealing under this standard include "the privacy interests of innocent third parties," *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *6 (S.D.N.Y. Jan. 17, 2023) (citation omitted), and the "need to protect the confidentiality of confidential and proprietary business information[,]" *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (citation omitted). Accordingly, documents that contain confidential "business data such as pricing information and negotiations may remain under seal even where the First Amendment is implicated." *In re Keurig*, 2023 WL 196134, at *6; *see also In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) ("[T]he nature of the information at issue, which concerns internal pricing strategies and competitive pricing data, is sufficiently sensitive to warrant redaction."); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).

As noted above, the Agreement will be introduced as a trial exhibit for a limited purpose, though the entire agreement will be posted to the Court's public docket. HH has a strong interest in keeping its nonpublic, confidential, proprietary information out of the public record. HH's narrow redactions apply solely to specific deal terms that, if publicly released, would harm an innocent third party, Hurricanes Holdings, LLC, and would put HH at a great commercial disadvantage with ticketing vendors as to a core part of its business: Selling tickets to entertainment events.

The great harm that would befall HH overrides the common law and First Amendment presumptions of access. Nonparty Hurricane Holdings, LLC respectfully urges this Court to grant this Motion and apply the enclosed redactions to any publicly available version of the Agreement.

Respectfully submitted,

/s/ Daniel Adams
Daniel D. Adams

CC: All Counsel of Record (via ECF)