**Peter E. Deegan, Jr.**
Direct Dial:  (312) 836-4052
Direct Fax:  (312) 754-2382
E-Mail:  pdeegan@taftlaw.com

Reference No.
110812-00001

March 23, 2026

The Honorable Arun Subramanian
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl St., Courtroom 15A
New York, NY 10007

>           RE:    ***United States et al. v. Live Nation Entertainment, Inc., et al.***
>                  **SDNY Case No. 1:24-cv-03973-AS-SLC**

Dear Judge Subramanian:

We represent Non-Party 313 Presents, LLC ("313 Presents") in connection with the above-referenced matter. Pursuant to Rules 11(B) of the Court's Individual Practices in Civil Cases and pursuant to Section XV of the Pretrial Order (Dkt. 1031), 313 Presents respectfully requests that Plaintiffs' Exhibit PX1282 (Bates 313-DOJ-00000034-70) remain sealed, or alternatively, be redacted to exclude certain Personally Identifiable Information as well as specific prices, fees, percentages, and similar terms. Having conferred, Plaintiffs' counsel does not object to the relief sought.[1] Counsel will separately submit proposed redbox redactions to the Court. It is Counsel's understanding that Plaintiffs do not intend to show this document in open court. However, Counsel further understands the document may still be filed on the public docket.

Pursuant to the Pretrial Order, the parties have agreed that the following categories of material should presumptively be permitted to be redacted/sealed at trial: (1) Personally Identifiable Information; (2) sensitive personal or medical information; (3) specific prices, fees, or percentages in contracts currently in effect or contracts, offers, and proposals dated within the last four years; (4) specific competitively-sensitive contract terms in contracts currently in effect or contracts executed within the last four years; (5) identifying information regarding future acquisitions discussed within the last 3 years; and (6) current or future non-public figures regarding prices, costs or margins. Dkt. 1031 at ¶ 52.

Judicial documents may be sealed when "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve

---

[1] Defendants' counsel has not provided a position to the relief sought.

that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). To do so, the court must determine: (1) whether the document subject to sealing qualified as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or high values outweigh the right of public access to that judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

PX1282 is a Licensed User Agreement between 313 Presents and Ticketmaster, LLC dated November 8, 2018. Plaintiff's counsel notified the undersigned by email on March 22, 2026, that plaintiffs may introduce PX1282 *into the trial record* on Tuesday, March 24, 2026, but that they *do not intend to show* PX1282 in open court. Other than the information conveyed in the email, the undersigned does not know the precise role PX1282 may play in this matter. In any event, to the extent PX1282 does not qualify as a judicial document, it should remain sealed. In addition, to whatever extent PX1282's role in this matter is limited, 313 Presents asks that the court give correspondingly limited weight to the presumption of public access attaching to PX1282.

As to substance, PX1282 contains confidential contract provisions and specific prices, fees, and percentages that, if disclosed publicly, would adversely affect 313 Presents' relationships with its current and prospective business partners. Even though the sealing presumption does not technically apply (the contract expired at the end of 2024 and is not dated within the last four years), 313 Presents respectfully submits that the confidential contract provisions and specific prices, fees, and percentages constitute highly competitive and commercially sensitive information that should not be disclosed. Public disclosure of such terms would undercut 313 Presents' competitive strategies relating to the subject matters of the agreement. It would also result in all would-be competitors and future business partners having a roadmap to 313 Presents' confidential business strategy at the time of any future negotiation in any related context.

For the foregoing reasons, Non-Party 313 Presents respectfully requests that Plaintiffs' Exhibit PX1282 remain under seal, or alternatively, be filed with the proposed redbox redactions.

Very truly yours,

TAFT STETTINIUS & HOLLISTER LLP

Peter E. Deegan, Jr.
Admitted *Pro Hac Vice*

Carly A. Chocron
Admitted *Pro Hac Vice*

PED:CAC