WHITE & CASE

March 23, 2026

*VIA ECF*

White & Case LLP
75 State Street
Boston, MA 02109-1814
**T** +1 617 979 9300

**whitecase.com**

The Honorable Arun Subramanian
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

***United States et al. v. Live Nation Entertainment, Inc. et al.* (1:24-cv-03973-AS-SLC) – Letter Motion to Seal Delaware North's Confidential Material**

Dear Judge Subramanian:

Non-party Delaware North Companies, Inc. ("Delaware North") respectfully submits this letter motion, pursuant to Rules 11(B) and 11(C)(ii)-(iii) of the Court's Individual Practices in Civil Cases and the Court's February 26, 2026, order (ECF No. 1086), and oral instructions on March 6, 2026, seeking the Court's approval to redact designated portions of two documents, with beginning Bates Nos. TDG000056 and TDG001955 ("Delaware North Documents"),[1] which Delaware North produced in the above-captioned action.

On March 22, 2026, Plaintiffs informed Delaware North that they may introduce the Delaware North Documents into the trial record on Tuesday, March 24, 2026. For the reasons set forth below, Delaware North requests redaction of sensitive, confidential, and proprietary business information in the Delaware North Documents, disclosure of which would place Delaware North at a competitive disadvantage in the future. Specifically, both documents are TD Garden's recent agreements with Ticketmaster that include financial and other commercially sensitive terms. Disclosure of these terms would competitively harm TD Garden and its parent company, Delaware North, in future negotiations with counterparties.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). First, courts assess whether the documents are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must

---

[1] Under applicable procedures ordered by the Court, Delaware North emailed its proposed redactions to the Delaware North Documents to the Court's Chambers on March 23, 2026. According to the most recent publicly docketed exhibit lists, *see* ECF No. 1097; ECF No. 1097-1, neither of the Delaware North Documents has been designated as a trial exhibit by either Plaintiffs or Defendants.

March 23, 2026

determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

A presumption of access may be overcome where a party could be put at a "significant competitive disadvantage" or otherwise suffer financial harm as a result of disclosure of confidential business information. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). Additionally, courts have commonly found that contract terms that could be exploited by competitors to disadvantage the disclosing party should be protected from public access, even where those contracts are no longer in force. *See, e.g., Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2026 WL 776543, at *3 (S.D.N.Y. Mar. 19, 2026) (sealing trial exhibits containing confidential statements of work between defendant and third party); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* 2023 WL 196134, at *8 (S.D.N.Y. Jan. 17, 2023) (granting motion to seal terms of a "decade-old" contract because the "provisions reflect current practices that, if revealed, could be leveraged by competitors"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing confidential business information at trial because "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"). Courts have been especially sensitive to this point where the information belongs or relates to third parties. *See, e.g., Kewazinga Corp. v. Microsoft Corp.,* 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (confidentiality obligations to third parties justified sealing "sensitive business information" of the defendant).

Delaware North seeks to seal certain terms and provisions of the Licensed User Agreement (the "Agreement") between TD Garden and Ticketmaster, including specific payment terms and other commercially sensitive provisions of the Agreement. These provisions are kept confidential and, if disclosed, would provide competitors with insight into the terms that Delaware North has previously agreed to, and thus could be leveraged to put Delaware North at a commercial disadvantage. Although Delaware North and Ticketmaster initially entered into the Agreement in 2012, its terms and provisions, including those Delaware North seeks to seal, have been renewed by amendment multiple times, including in the Delaware North Documents, and remained operative between Delaware North and Ticketmaster through at least June 2025. Finally, the strength of the presumption in favor of public access is weakened given that the payment and commercial terms that Delaware North seeks to redact and seal should have little bearing, if any, on the parties' dispute. *See Bakemark USA LLC v. Negron,* 2024 WL 379875, at *2 (S.D.N.Y. Feb. 1, 2024) (granting motion to seal where the information sought to be redacted was "not particularly relevant to the parties' dispute, contain[ed] relatively recent and sensitive commercial information, and implicate[d] the potential privacy interests of third parties").

**WHITE & CASE**

March 23, 2026

As such, Delaware North respectfully requests that the Court grant Delaware North's motion to redact and seal certain provisions of the Delaware North Documents.

Respectfully submitted,

Kelly Newman
**WHITE & CASE LLP**
75 State Street
Boston, MA 02109
Telephone: (617) 979-9300
Facsimile: (617) 979-9301
kelly.newman@whitecase.com

J. Mark Gidley
**WHITE & CASE LLP**
701 13th Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
mgidley@whitecase.com

*Counsel for non-party Delaware North Companies, Inc.*

3