# Arnold & Porter

**C. Scott Lent**
+1 212.836.8220 Direct
Scott.Lent@arnoldporter.com

March 23, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-
03973-AS; Letter Motion to Seal Non-Party the Utah Jazz's Confidential
Material

Dear Judge Subramanian,

I write on behalf of SEG Basketball, LLC (the "Utah Jazz" or the "Jazz"). Pursuant to Rule 11(B)-(C)(i) of the Court's Individual Practices in Civil Cases, the Court's November 5, 2025 Order (ECF No. 685), and the Court's March 6, 2026 ruling in open court ("March 6 Ruling"), the Jazz respectfully submit this letter motion seeking the Court's approval to redact certain limited confidential information produced by the Jazz in the above-captioned action. On March 22, 2026, counsel for the Plaintiff States notified the Jazz that they may introduce the Jazz's Licensed User Agreement with Ticketmaster (the "Agreement"), bearing the bates stamp JAZZ-LNTM-000000054 through JAZZ-LNTM-000000100, at trial on March 24, 2026.[1] The Jazz produced this document as Highly Confidential under the Amended Protective Order. For the reasons explained below, the Jazz request that certain information contained within this document be redacted.

We have conferred with counsel for the Plaintiff States, and we understand that they do not oppose our proposed redactions. The Jazz's sealing request is narrowly tailored and overcomes the presumption in favor of public access.

---

[1] The Jazz understand that the Plaintiff States have included this Agreement within PX1282.

**Arnold & Porter Kaye Scholer LLP**
250 West 55th Street | New York, NY 10019-9710 | **www.arnoldporter.com**

**Arnold&Porter**

March 23, 2026
Page 2

## I.      Legal Standard

Courts consider a request to seal under the three-step framework articulated in *Lugosch v. Pyramid Co. of Onondaga*. 435 F.3d 110, 119-20 (2d Cir. 2006). Under that framework, courts must first determine whether "the documents at issue are indeed judicial documents." *Id.* at 119. If so, the court then "must determine the weight of that presumption." *Id.* Third, the court must "balance competing considerations against" that presumption. *Id.* at 120 (internal citations and quotations omitted).

Notwithstanding the presumption of access associated with documents introduced at trial, documents may be kept under seal if "countervailing factors" exist that warrant sealing. *Id.* at 124. These countervailing factors include the "possibility of competitive harm to an enterprise if confidential business information is disclosed." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.* (*"Keurig"*), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding district court finding that a business's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) ("Preventing competitive harm is a countervailing interest that can override the public right of access."); *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts"). Accordingly, "Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021).

Of particular relevance here, documents containing "information revealing the terms of contracts or the content of such confidential negotiations are among those th[e] Court routinely recognizes as justifying protection from the public view when used in litigation." *Capri Sun GmbH v. Am. Bev. Corp.*, 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (protecting contractual terms because disclosure could "harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements").

Additionally, the competitively sensitive nature of this contract is even more acute given the Jazz's status as an innocent non-party in this action. *Keurig*, 2023 WL 196134, at *6 ("Higher values that may justify sealing . . . include 'the privacy interests of innocent third parties.'") (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

**Arnold&Porter**

March 23, 2026
Page 3

Indeed, the Second Circuit has recognized that the privacy interests of innocent third parties "should weigh heavily in a court's balancing equation." *Olson v. Major League Baseball*, 29 F.4th 59, 91 (2d Cir. 2022) (quoting *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)). Thus, courts regularly protect third-party pricing information, investment strategies, and competitive data from public disclosure. *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third-party internal pricing strategies and competitive data).

## II. The Court Should Maintain Under Seal the Jazz's Confidential Business Information

The Agreement at issue was the contract under which Ticketmaster provided ticketing services to the Jazz until September 2023. The Jazz seek limited redactions to specific financial information contained within the Agreement—these redactions are consistent with the redactions applied to similar agreements in this case. *See, e.g.*, ECF No. 1246. These redactions are also in line with the parties' Proposed Joint Pretrial Order, ECF No. 1031, in which the parties agreed that "specific prices, fees or percentages" in "contracts, offers, and proposals dated within the last four years" and "specific competitively-sensitive contract terms in effect or contracts executed within the last four years" should presumptively be permitted to be redacted or sealed at trial. *Id.* at 28-29. Further, the harm that would result from the disclosure of the material that the Jazz seek to redact is precisely the type of countervailing factor that warrants sealing despite the presumption of access associated with documents introduced at trial. *In re the Ex Parte Application of the Upper Brook Cos. for an Order Directing Discovery In Aid of a Foreign Proc. Pursuant to 28 U.S.C. § 1782*, 2023 WL 172003, at *6 (S.D.N.Y. Jan. 12, 2023) ("A presumption of access may be outweighed by a party's interest in 'protecting confidential business information' from disclosure that would subject it to 'financial harm' or a 'significant competitive advantage.'").

Additionally, the Jazz have also proposed redactions to certain personally identifiable information and/or sensitive personal information, which do not require a motion to seal pursuant to the Court's March 8, 2026 order approving the presumptive redaction of such information. *See* ECF No. 1138; ECF No. 1137.

For these reasons, the Jazz respectfully request that Court grant the Jazz's limited redaction requests to JAZZ-LNTM-000000054. Pursuant to the Court's March 6 Ruling, the Jazz will submit "red box" redactions by email to Chambers.

# Arnold&Porter

March 23, 2026
Page 4

Respectfully Submitted,


*/s/ C. Scott Lent*
C. Scott Lent
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th St.
New York, NY 10019
Tel: (212) 836-8220
Fax: (212) 836-8689
scott.lent@arnoldporter.com

*Counsel for non-party* SEG Basketball, LLC

cc:    All Counsel of Record (via ECF)

# Arnold&Porter