# Barnes & Thornburg

11 S. Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

**www.btlaw.com**

Kathleen Leicht Matsoukas
Partner
(317) 231-7332
kmatsoukas@btlaw.com

*Via ECF*

March 23, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> RE:  *United States et al. v. Live Nation Entertainment, Inc. et al.*, 1:24-cv-03973-AS; Letter Motion to Seal Non-Party Fieldhouse Management LLC's Confidential Material

Dear Judge Subramanian:

I write on behalf of non-parties Fieldhouse Management LLC and Pacers Basketball, LLC (collectively "FM").  Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases, the Court's February 26, 2026 Order (ECF No. 1086), and the Court's instructions in open court on March 6, 2026, FM respectfully submits this letter motion seeking the Court's approval to redact portions of a Licensed User Agreement between Ticketmaster LLC and Pacers Basketball, LLC produced by FM in this litigation and identified as FM00002571 (the "Agreement"), as well as portions of the Fourth Amendment to that agreement, identified as FM00002542 (the "Fourth Amendment").

Plaintiffs have notified FM that, in addition to including Sections 2, 3(c)(iii), and 15 of the Agreement in one or more Rule 1006 summary exhibits to be introduced at trial, they will now seek to admit the Agreement and Fourth Amendment in their entirety.  The Court previously granted FM's motion to redact and seal Section 3(c)(iii) of the Agreement (ECF Nos. 1261, 1268).  Now that the entire Agreement and Fourth Amendment will be admitted, FM seeks to redact additional provisions of the document that, if disclosed, would place FM at a competitive disadvantage in future business dealings or would reveal personal identifying information.[1]  We

---

[1] The undersigned emailed proposed redacted versions of the Agreement and Fourth Amendment to the Court's Chambers on March 23, 2026 prior to filing this motion.

Atlanta  |  Boston  |  Chicago  |  Dallas  |  Delaware  |  Florida  |  Indiana  |  Los Angeles  |  Michigan  |  Minneapolis  |  Nashville  |  New Jersey

New York  |  North Carolina  |  Ohio  |  Philadelphia  |  Salt Lake City  |  San Diego  |  Washington, D.C.

The Honorable Arun Subramanian
March 23, 2026
Page 2

have met and conferred with counsel for both the Plaintiffs and Defendants and they do not oppose the proposed redactions.

As the Court is aware, the general presumption in favor of public access to judicial documents can be overcome if the Court finds that "sealing is necessary to preserve higher values" and where "the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). The Second Circuit has established a three-part test for determining whether sealing is appropriate. *Fed. Trade Comm'n v. PepsiCo, Inc.,* No. 25-CV-664 (JMF), 2025 WL 3484835, at *2 (S.D.N.Y. Dec. 4, 2025) (citing *United States v. Avenatti*, 550 F. Supp. 3d 36, 45 (S.D.N.Y. 2021)). First, the court must determine whether the documents at issue are judicial documents to which the presumption of access applies. *Id.* (citing *Lugosch*, 435 F.3d at 119). Second, the court must determine the weight of that presumption. *Id.* Third, the court must balance competing considerations, including "privacy interests of those resisting disclosure." *Id.*

Courts have found that a presumption of access may be outweighed if a party has an interest in protecting its confidential business information, the disclosure of which could result in financial harm or a "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019) (granting motion to seal profit sharing details, commission details and payment terms); *Bakemark USA LLC v. Negron*, No. 23-CV-2360 (ATB), 2024 WL 379875, at *1 (S.D.N.Y. Feb. 1, 2024) (granting motion to seal redacted portions of exhibits including payment terms and sales information).

Courts are especially sensitive to the notion that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). As such, courts have routinely found that contract terms within current or even prior agreements that could be leveraged by competitors should be protected from public disclosure. *See, e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* 2023 WL 196134, at *8 (S.D.N.Y. Jan. 17, 2023) (sealing provisions of a decade-old contract where the "provisions reflect current practices that, if revealed, could be leveraged by competitors"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (holding "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"). This is especially true when the confidential information belongs to or implicates third parties. *See, e.g., Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (sealing "sensitive business information" of the defendant including where defendant owed confidentiality obligations to third parties).

**Barnes & Thornburg**

The Honorable Arun Subramanian
March 23, 2026
Page 3

FM seeks to redact and seal portions of the Agreement and Fourth Amendment that contain payment terms, compensation agreements, pricing information, and other confidential information that would, if disclosed, provide competitors with insight into the terms of FM's relationship with its ticketing partner.  While the Agreement was signed in 2016, the terms within it were renewed multiple times and remained in force and effect at least up to June 2025 per the Fourth Amendment.

Finally, here the weight of the presumption in favor of public access is low given that the terms that FM seeks to redact and seal are "not particularly relevant to the parties' dispute." *Bakemark USA LLC*, 2024 WL 379875, at *2.  Indeed, Plaintiffs have confirmed that they intend to use only the summary exhibit (containing only Sections 2, 3(c)(iii) and 15 of the Agreement) and will not be using any other portions of the Agreement and Fourth Amendment for any purpose.

FM respectfully requests that the Court approve the proposed redactions in the Agreement and Fourth Amendment and seal those portions of the documents.

Respectfully submitted,

*/s/ Kathleen L. Matsoukas*

Kathleen L. Matsoukas
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
T: (317) 231-7332
kmatsoukas@btlaw.com

*Counsel for non-parties Fieldhouse Management, LLC and Pacers Basketball, LLC*

cc:    All Counsel of Record (via ECF)

**Barnes & Thornburg**