

**BCLP.**
Bryan Cave Leighton Paisner

**March 23, 2026**

BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York NY 10104 3300
T: +1 212 541 2000
F: +1 212 541 4630
bclplaw.com

Emmet P. Ong
Partner
emmet.ong@bclplaw.com

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

**FILED BY ECF**

**RE:** *United States et al. v. Live Nation Entertainment, Inc., et al.*, **No. 1:24-cv-3973-AS**

Dear Judge Subramanian:

We write on behalf of non-parties Minnesota Hockey Ventures Group, LP, Minnesota Wild Hockey Club, LP, and Saint Paul Arena Company, LLC (collectively, the "Wild") in connection with the above-referenced matter. Pursuant to Rules 11(B) and 11(C)(i)–(ii) of this Court's Individual Practices in Civil Cases, the Wild respectfully submits this unopposed letter-motion to request that select text within two exhibits that Plaintiffs expect to introduce at trial is sealed from public view. Earlier today, the Wild provided its formal position on the following redactions to the Plaintiffs, which did not object to the relief that the Wild seeks with this letter-motion.

With this letter-motion, the Wild does not request that all its Confidential Information remain under seal but instead proposes "reasonable and razor-sharp" sealing and redactions, pursuant to the Court's directives (*see, e.g.*, ECF No. 817). The Wild seeks to redact or seal only the portions of documents that has little public value and would cause material and significant competitive or commercial harm upon disclosure.

In particular, the Wild requests to seal prices, percentages, and other competitively sensitive contract terms in its 2015 Licensed User Agreement with Ticketmaster L.L.C. (MNWILD_000003722) and its 2021 Amendment to Licensed User Agreement with Ticketmaster L.L.C. (MNWILD_000003713). The proposed redactions are attached hereto as **Exhibit A** and **Exhibit B**. As both agreements are currently in effect, the disclosure of specific pricing information and competitively sensitive contract terms would harm the Wild.

Under this Court's order, "[s]pecific prices, fees, or percentages in contracts currently in effect" and "[s]pecific competitively sensitive contract terms in contracts currently in effect" are categories of information warranting the presumption of sealing. *See* ECF No. 1053.

Moreover, the Wild's privacy interests, and the competitive harm that public disclosure would do to the Wild, weigh in favor of maintaining the redaction of the text. The substance of the redactions contain categories of information commonly sealed. *See Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (granting request to seal "revenue information, pricing information, and the like"); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (internal citation omitted) (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find . . . pricing information, and the like satisfy the sealing standard.").

Hon. Arun Subramanian
March 23, 2026
Page 2



For the foregoing reasons, the Wild respectfully requests that this letter-motion be granted in its entirety and that select confidential information in the two proposed exhibits be redacted and remain under seal.


Respectfully submitted,


*/s/ Emmet P. Ong*

**Emmet P. Ong**
Partner

cc:      All counsel of record (via ECF)

         Rebecca A. D. Nelson (rebecca.nelson@bclplaw.com)
         Emilee Hargis (emilee.hargis@bclplaw.com)