# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • JONESDAY.COM

Direct Number: +1.214.969.4576
KLWALL@JONESDAY.COM

March 23, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

*Re: United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-Party Circuit of the Americas ("COTA") writes pursuant to Rule 11 of the Court's Individual Practices in Civil Cases, the Court's guidance at ECF 108, and joint pretrial order at ECF 1031 and respectfully requests to Court to seal State Plaintiffs' Exhibit PX1282, Bates number COTA-DOJ-00000113-165, the September 26, 2022 Licensed User Agreement between Ticketmaster and COTA (the "Agreement"), designated as Highly Confidential.

Exhibit PX1282 is COTA's Licensed User Agreement and contains confidential contract terms and pricing—which are protected under the Protective Order at ECG 347 ("PO"). PO ¶2(c), (f). These materials reflect "confidential contractual terms" and "information regarding prices" protected under the PO. PO ¶¶ 2(c), (f). This information constitutes highly sensitive business information that, if disclosed, would cause COTA substantial competitive harm if its competitors or the public were given access to it.

Disclosure of this type of information is consistently held to likely causes significant competitive harm to the producing party. *See Kewazinga Corp. v. Microsoft Corp.,* 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("documents that contain trade secrets, confidential research and development information marketing plans, revenue information, pricing information, and the like satisfy the sealing standard") (citation omitted).

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby,* 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted).   First, the court must determine if the document at issue is a judicial document, which COTA does not dispute that Exhibit 6 is a judicial document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Next, "the court must determine 'the weight of the presumption'" of public access to the information. *Stern*, 529 F. Supp. 2d at 420. Last, the "court must balance competing considerations against" the presumption of public access. *Id.*

JONES DAY

March 23, 2026
Page 2


The privacy interests of innocent third parties, like COTA, "are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (internal citations omitted).

Public disclosure of Exhibit PX1282 would create a competitive disadvantage for COTA regarding future venue related contracts and negotiations. The presumption of public access to Exhibit PX1282 is outweighed by non-party COTA's significant interest in keeping its competitively sensitive business information of a non-party under seal. Exhibit PX1282 contains highly sensitive business information, contract terms, and pricing, that if disclosed would cause COTA significant competitive hard.

For the reasons set forth above, COTA respectfully requests that the redacted COTA material described above in Plaintiffs' Letter and State Plaintiffs' Exhibit PX1282 be sealed.

Respectfully submitted,

JONES DAY

*/s/ Katie L. Wall*
Katie Lyons Wall (admitted *pro hac vice*)
klwall@jonesday.com
2727 North Harwood Street
Suite 600
Dallas, Texas 75201
(214) 969-4576 (Phone)

*Attorney for Circuit of the Americas*


NAI-5010640952v1