

*Live-Fi™ Technology Holdings*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

———————————————————— X

UNITED STATES OF AMERICA, et al.,      Case No. 1:24-CV-03973-AS
Plaintiffs,

v.      ORDER TO SHOW CAUSE
RETURNABLE 3-27-26

     ORAL ARGUMENT
REQUESTED

LIVE NATION ENTERTAINMENT, INC.,
et al., Defendants.

———————————————————— X

Petitioner Amy Weissbrod Gurvey, sole-named US patentee and inventor of standard essential patents of a portfolio of ticketing management and sports betting patents assigned to interested party LIVE-Fi® Technology Holdings[1], emphatically challenges an unconstitutional order entered *sua sponte* by Judge Subramanian without motion on notice on March 13, 2026 (Docket #1233) that is emphatically wrong on law and facts. On information and belief information was improperly relayed *ex parte* to Judge Subramanian by the SDNY circuit attorney Julie Allsman. The order says that Petitioner is terminated from representing LIVE-Fi®

---

[1] Gurvey US Patent Nos. 11403566, D647910S, 7603321

1

Technology Holdings *pro hac vice* from California in the 24cv3973 antitrust lawsuit, that the order previous granting that status is revoked (Docket #638) and that Petitioner attempted to deceive the court by not making disclosures, clearly wrong and abuse of discretion because full disclosure was made on pp. 2 of the order. The order with the disclosure was expressly approved by the Clerk's Office Attorney Services before it was signed by the Court and ECF filing privileges were also revoked sua sponte.

Moreover, Order 1233 says it was entered March 13, 2026. It was based on SDNY circuit grievance panel attorney Julie Allsman *ex parte* communications with the Court relaying her rendition of fabricated "facts" without allowing Petitioner the opportunity to respond or hearing.

On March 13, 2026 Ms. Allsman was identified by Attorney Services Director Aquino and Vanessa as the individual who deleted more than 10 orders since 2012 in Petitioner's previous SDNY patent infringement. unfair competition and breach of fiduciary duty/USPTO conflicts of interest lawsuit against defendants Live Nation, Phish and Cowan Liebowitz & Latman. 06cv1202. Magistrate Pitman, who was presiding unlawfully without a supervising judge and consent of all parties, admitted during hearing in 2014 that in 2013 he engaged in *ex parte* communications with Allsman and with defense attorney J. Richard Supple formerly of Hinshaw & Culbertson.

Attorney Services also identified Allsman as the individual who (sometime between 2013-2015) unilaterally deleted Petitioners' SDNY attorney roster listing entered in 1987 almost 40 years ago without notice, hearing or due process of law sometime. No sanction hearing was ever ordered by a judge of this court and none was noticed by Allsman. These are unconstitutional acts actionable in damages. Because four judges in this court allowed Ms. Allsman to continue unconstitutional *ex parte* communications with judges and court personnel, Petitioner was denied

2

patent infringement hearings for 13 years by the SDNY, and Allsman's acts are actionable. Her continuing acts related to the current lawsuit, 24cv3973 warrant immediate prospective injunctive relief to produce all withheld SDNY files.

Petitioner declares to the truth of the following statements and moves the SDNY for an in-court hearing by order to show cause on March 27, 2026 to vacate the order entered as Docket #1233, to compel Allsman's files, to reinstate Petitioner's SDNY out of state roster listing to the roster of SDNY attorneys and ECF filing privileges. Upon information and belief, since 2013 Allsman relied on documents procured based on fraud and forgery before the NYS Appellate Division First Dept. by defendant Live Nation and Cowan Liebowitz & Latman's SDNY defense attorney J. Richard Supple formerly of Hinshaw & Culbertson, who was a concealed staff attorney serving on the NYS attorney grievance committee (AGC) and never disclosed conflicts of interest.

## I.    FACTS IN SUPPORT OF MOTION

Petitioner's 1987 SDNY roster listing was unilaterally deleted without notice, hearing of due process by Allsman. No judgment finding misconduct was ever served by Allsman and no judge or magistrate ordered Allsman to open a sanction hearing.  Allsman also never returned Petitioner's phone calls to the circuit executive. Allsman never responded to Petitioner's or in-person submissions to the circuit executive. A call was made to Allsman on March 13, 2026 after months that she ignored Petitioner's attempts to contact her to a public phone number posted on the Internet.

Magistrate Pitman previously hinted in 2014 that Allsman was the person who instructed that Petitioner's infringement complaint date stamped and docketed on April 22, 2010 during the previous patent litigation against defendants  Live

Nation, Phish and Cowan Liebowitz & Latman be deleted. (06cv1202). Allsman's continuing deletions of Docket #638 and 647 from the instant lawsuit before Judge Subramanian prove continuing violations of Petitioner's constitutional rights.

## II. FACTS IN SUPPORT OF A CONSPIRATORIAL ENTERPRISE TO DEPRIVE PETITIONER AND LIVE-Fi OF INFRINGEMENT HEARINGS

Magistrate Pitman in fact began presiding in 2012 unlawfully without a supervising judge or consent of both parties on remand from the 2d Circuit in 2012. 462 Fed. Appx. 26 (2012) The 2d Circuit had then just reversed *sua sponte* orders entered without motions on notice by the former Judge Barbara S. Jones as abuse of discretion. Those orders were based on continuing *ex parte* fraud, frivolous litigation and obstruction of justice by Supple and Steven Schorten of Baker Bottts LLP, now of Sheppard Mullin Richter and Hampton. Based on these attorneys' ex parte frivolous litigation practices, fraudulent motions and affidavits filed over 2+ years, Judge Jones "somehow" found *sua sponte* that defendant Live Nation "*had no NY contacts*" and could not be compelled to answer for infringement of Petitioner's patents before this court. These orders shocked Petitioner's first attorneys Squitieri & Fearon. The Judge also *sua sponte* stayed patent discovery based on defendant Supple and Schortgen's *ex parte* proffers on January 30, 2008.

Then as soon as Petitioner won binding arbitration on August 4, 2009 after the case was closed in April 2009 and on appeal, the Judge, without jurisdiction, granted unilateral withdrawal to Petitioner's attorneys Squitieri & Fearon in September 2010 without jurisdiction to enter further orders. This was before the first delayed US patents issued on October 13, 2009 explaining how the 2d Circuit happened to hear the first appeal. Petitioner was left to reinstate the deleted

4

infringement complaint and represent herself and LIVE-Fi as a pro se litigant on remand, a status that was forced upon her.

On remand in 2012, Petitioner's infringement complaint docketed and date stamped on April 22, 2010 had been deleted unilaterally from the case docket. Now in 2026 the person who ordered the deletion was identified as Allsman.

At all times relevant before this Court, Supple was also defending Petitioner's original USPTO prosecution practitioners at SDNY defendant Cowan Liebowitz & Latman from strict liability claims for aiding and abetting infringement, unfair competition, USPTO fraud, conflicts of interest, misappropriation and unprivileged defamation. Petitioner's infringement complaint and Rule 60(b) motion papers were printed in the 2009 2d Circuit appeal appendix, 09-2185;10-4111, Vol III, pp. 671 et seq.

As iterated in detail during the previous litigation, the USPTO Commissioner had already placed the Cowan practitioner defendants under a seven-year conflicts of interest investigation and found violations. The legal result was that fourteen of Petitioner's patent applications were placed on "hold" and taken out of the prosecution queue. These are delay damages recoverable against the defendant law firm and its clients with whom its conflicts of interest were concealed. *NeuroRepair v. Nath Law Group*, 781 F. 3d 1340 (Fed Cir. 2015); *Mindy's Cosmetics v. Dakar*, 610 F. 3d 590 (9th Cir. 2010) However, in defiance of the Administrative Procedures Act, 5 USC§ 551-596, 701, et seq. the USPTO Law Dept. never served Petitioner with the results of the investigation after eight FOIA requests were filed since 2014. Violations were found in violation of 37 CFR 2.10, 2.19, 10.66, 11.108, 11.116, 1.324. The USPTO violation notices were submitted to the NYS First Dept. attorney grievance committee (AGC), with Petitioner's application seeking return of her complete inventorship files and unearned retained funds. These are standard remedies that must be afforded a

patentee by the state against registered practitioners with offices in that state consistent with equal protection and preempting federal law and state law.

However, the case became more complicated. At all times relevant and without disclosing conflicts of interest, Supple and other Hinshaw lawyers were at all times relevant, dually serving as NYS First Dept. AGC staff attorneys under chief state counsel Jorge Dopico. Therefore, instead of granting equal protection remedies and compelling return of Petitioner's withheld USPTO files and unearned retainer funds, NYS AGC officers that included First Dept. clerk Lauren Holmes and counsel Jorge Dopico gave Supple *ex parte* unnoticed entry into concealed NYS court files to insert unserved documents. These unserved documents were submitted *ex parte* to Magistrate Pitman and Allsman on remand to the SDNY in 2012 and never ordered served on Petitioner. Ergo, all ensuing orders by the court are void. *Tumey v. Ohio*, 273 US 510 (1927); ABA Rule 2.9 *Ex parte Communications*. The first result was Allsman's additional unnoticed deletion of Petitioner's infringement complaint from the 06cv1202 docket and removal of Petitioner's name from the SDNY roster of attorneys without notice, hearing or due process of law, all actionable unconstitutional violations.

It was not until August 26, 2025 several years later that Petitioner was given first access to the First Dept. inserted files at 41 Madison Avenue, NYC. A report was submitted to the NYND, 24cv211 (BS) Docket #s 85,101, 106, 108. Many of the reviewed documents were confirmed as forged. They affixed the signature of a dead 2002 former AGC chief counsel Paul Curran that was photocopied onto pre-2000 NYS letterhead to conceal the names of the participating state and SDNY officers. Petitioner flagged the documents she wanted photocopied because her cell phone was taken before she was given access. Petitioner is still waiting for the copies after six+ months and a second session to complete review. Previously, the SDNY in 13-cv2565 denied Petitioner prospective injunctive relief *sua sponte*

6

against the First Dept. to cease continuing violations of Petitioner's constitutional rights and withholding essential files in abuse of discretion. *Ex parte Young*, 209 US 123 (1908). This was another order entered without motion on notice.

[NOTE: Since 2010, the US Dept. of Justice (Antitrust Chair Owen Kendler, Esq. posted Petitioner's opposition as "E" on the DOJ webpage after the DC District Court granted merger to defendants Live Nation and Ticketmaster over the objection of eighteen US states. That opposition remains posted. Now there are 39 US states, 7 that have accepted a settlement with defendant Live Nation on or about March 6, 2026.]

There is no dispute that merged current SDNY defendant Live Nation Entertainment (LNE) has by its partners Live Nation. Ticketmaster and venture partners including StubHub, MLB, MLB Advanced Media, etc., since 2010 continued to defy the conditions of merger so ordered by the DC District Court. *US v. Ticketmaster and Live Nation*, 2010 WL 975407, 975408 (DCD January 25, 2010) The judgment and amended judgment entered January 8, 2020 include that the merged entity "*cannot withhold ticketing data from companies including LIVE-Fi® seeking to conduct non-ticketing businesses*". 2010 WL 975408,pp. 8 line 10. This mandate was immediately and contumacious defied and continues to be defied. Non-ticketing businesses include targeting advertising, authentication of ticketing data to enable promotions and data analysis of ticket purchasers sales and preferences that in the current market comprise the principal sources of revenues that has allowed defendant LNE to enjoy a $2.5bil valuation. None of these revenues are shared with artists while Petitioner continued to be denied access to this court to get infringement hearings and injunctive relief based on Allsman's *ex parte* posts to judges. In addition, defendant Ticketmaster was criminally prosecuted by the EDNY in 2021 (*US v. Ticketmster*, 2021 WL 22, 24)(EDNY 2021) for placing spiders on competitors' webpages to steal ticketing data for its

marketing. Defendant LIVE-Fi® owns and controls the standard essential authentication, encryption, routing logic, and associated platforms that enable non-ticketing businesses in the current market.

The third judge Lorna Schofield taking over from Magistrate Pitman who left the case and the court in 2015, immediately ordered *sua sponte* that Petitioner pay $10,000 into the SDNY cashier for a special patent master who was never hired and revoked Petitioners' ECF filing privileges. In addition, Judge Schofield denied disqualification of Supple and Hinshaw & Culbertson from the Cowan firm's SDNY retainer required by NY statutes.  NY's Judiciary Law Part 1240.6d.

Because Petitioner had two law firms and the principal attorneys at Squitieri & Fearon were granted unilateral withdrawal by Judge Jones without a motion on notice during the stay of appeal, Petitioner was forced to reinstate Allsman's deleted infringement complaint and represent LIVE-Fi as a pro se litigant. Because there is nothing frivolous about seeking to enforce issued US patents being used without permission by infringers in a particular district, Petitioner cannot be a frivolous pro se litigant as a matter of law.

## BULLET POINTS

Contrary to SDNY 24cv3973 order #1233, Petitioner made full disclosure to this court in Docket #638 that a six-month sanction suspending her license to practice law in NYS entered by the First Dept. AGC on December 4, 2012 was factually and legally impossible. THERE WAS NO NY LICENSE UNDER PETTITIONER'S NAME IN EXISTENCE IN 2012 BECAUSE PETITIONER WAS GRANTED VOLUNTARY RSEIGNATION BY THE THIRD DEPT. AND OCA BY OFFICERS DAN BRENNAN AND DENISE RAJPAL IN 1998 WHEN PETITIONER WAS IN MEDICAL SCHOOL. Petitioner never requested

8

reinstatement in NY or paid dues to NYS after 1998. These alleged ex parte entries by Supple, Hinshaw & Culbertson and AGC NYS court officers without jurisdiction and motion on notice are not protected by immunity. *Wells Fargo Bank v. St. Louis*, 2024 WL 2737961 (AD 2d Dept. 2024); *Forrester v. White*, 484 US 219 (1989); *Stump v. Sparkman*, 435 US 349 (1978)

Moreover, defendant Live Nation had its attorney Supple enter forged and unserved documents into "ordered concealed" NYS First Dept. files. Upon information and belief Supple drafted this order ex parte in his concealed capacity as an AGC staff attorney and had it signed by the AGC presiding judge *sua sponte*. There was no notice, hearing or due process afforded Petitioner and all relevant state files were "ordered concealed" by the First Dept. and never produced.

In July 2025, it was discovered that NYS attorneys serving at the NYS Office of Court Administration (OCA) (Shawn Kerby, John McConnell, Lawrence Marks and Clerk Sam Younger) had been writing *ex parte* letters to the US Court of Appeals for the Federal Circuit since 2018 seeking to tortiously interfere with Petitioner's arising under patent appeals to the orders entered by SDNY Judge Lorna Schofield between 2017-2023 denying infringement hearings. Those orders defined by federal patent statutes arise under the Federal Circuit's exclusive appellate jurisdiction over patent cases and could not be transferred *sua sponte* to the 2d Circuit. Supremacy Clause, Art. VI, Cl. 2; *Christianson v. Colt Industries Operating Corp.*, 486 US 800 (1988)

There is no dispute that Federal Circuit never served Petitioner with OCA's *ex parte* proffers since 2018 mandating vacatur of the three transfer orders. *Turney v. Ohio*, 273 US 510 (1927); ABA Rule 2.9 *Ex parte Communications*. Fed Cir. Case No. 25-1954 is pending (Case Nos. 18-2076, 20-1620, 23-134)

In 2015 as soon as Magistrate Pitman left the court after presiding for three years unlawfully, Judge Schofield immediately ordered *sua sponte* that Petitioner

pay $10,000 into the SDNY cashier for a special patent master who was never hired and unilaterally revoked Petitioners' ECF filing privileges. Judge Schofield also denied Petitioner's application to disqualify Supple from the Cowan firm's representation mandated by NY's Judiciary Law part 1240.6d. **Neither Magistrate Pitman nor Judge Schofield ever referred Petitioner to Allsman for disciplinary action.**

The NY Court of Appeals found all NYS First Dept. AGC orders nonfinal and that no final order or judgment was ever entered. Ergo, no collateral application or judicial notice by Allsman or any SDNY judge was ever allowed.

Judge Schofield was required to hear Petitioners amended infringement complaint after the delayed last 30 claims issued on August 2, 2022 (Gurvey US Patent #11403566) after a delay of 14 years. The legal deadline is three years. *Wyeth v. Kappos*, 591 F. 3d 1364 (Fed Cir. 2010); *Anza Technology v. Mushkin*, 934 F. 3d 1349 (Fed Cir. 2019); *Metzler Investments Gmbh v. Chipotle Mexican Grill*, 970 F. 3d 133 (2020); *Grant Williams v. Citicorp.*, 659 F. 3d 208 (2d Cir. 2011)

The delay in USPTO patent prosecution caused by the Cowan defendants' conflicts of interest violations and declaration fraud investigated and found by the Commissioner of Patents required that all results were served on Petitioner pursuant to the APA. They were never served. Petitioner sought those results by FOIA applications including service of all filings by the Cowan practitioners before the USPTO for Petitioner and competing clients.

Only one bar is required for SDNY attorney roster listing that need not be NYS. *In re Gouiran*, 58 F. 3d 54 (2d Cir. 1995). The listing is a vested commission of which Petitioner could not be divested without notice hearing or due process of law. *Marbury v. Madison*, 5 US 137 (1803)

10

Petitioner was never served with any notice or judgment by Allsman. This fact directly challenges the sua sponte statement in in the Court's #1233's order.

That Docket #638 deleted was found by Judge Paul Engelmayer in October 2025 another ticket management infringement lawsuit in which Petitioner moved to intervene as of right under Rule 24. The plaintiff in that lawsuit, Alan Amron failed to cite to Petitioner's issued patent claims as prior art as proven on the face of his alleged subset patent, rendering his patent void and unenforceable in any court. Not surprisingly Amron's named defendant infringers included some of Petitioner's infringement when Petitioner owns and controls the priority patents - Live Nation, StubHub, MLB and MLB Advanced Media, all Cowan defendants' clients. See, 24cv2930 (PAE)(RFT). In response to petitioner's application, Amron withdrew his entire lawsuit voluntarily, against prevent Petitioner from serving her third party infringement complaint against all parties.

## DISCLOSURE

Important: Directly contrary to Judge Subramanian's sua sponte order #1233, Petitioner made full disclosure to the court. On pp. 2 of Docket #638 Petitioner disclosed that she received a six-month sanction on December 4, 2012 from the NYS First Dept. AGC and **there was no NY license existing under Petitioner's name since 1998**. Ergo, the NYS First Dept. AGC has no jurisdiction over Petitioner in the capacity of an attorney as confirmed by NY's Judiciary Law Section 90, 22 NYCRR 603.4, 603.9. Moreover in an order entered April 21, 2016, the First Dept. found that Supple as agent for SDNY defendants Live Nation and Cowan Liebowitz & Latman with separate actual and apparent authority to bind the State, inserted unserved documents into "ordered concealed" NYS files. The December 4, 2012 six month suspension order was also found nonfinal by the

11

NY Court of Appeals and could not be given collateral application by this Court or Allsman personally.

Supple's *ex parte* collusion with Steven Schortgen of Baker Botts and Sheppard Mullin on behalf of defendant Live Nation was ongoing since 2008. These attorneys always contemplated continuing unconstitutional and heinous acts by RICO conspiracy, unprivileged defamation warranting special damages and wrongful state action with NYS officers of the courts. These attorneys and their firms are jointly and severally liable for infringement delay and aiding and abetting infringement by its clients. These claims endure for the full term of patent and  six years beyond the term. *SCA Hygiene Products Aktiebolag v. First Quality Baby Products,* 137 US 954 (2017).

Supple and Schortgen's frivolous and fraudulent ex parte litigation must be sanctioned as per se violations of preempting federal law and  NY's Judiciary Law Part 1240.6d, 1240.7, 1240.18.

Illegal retaliatory targeting of Petitioner by Allsman by citing to nonfinal orders of the First Dept. AGC was never allowed. Because Supple's forged orders in the First Dept. were also entered without jurisdiction, Allsman's acts collaterally applying Supple's orders *sua sponte* are also not protected by immunity.

All these essential facts were known by Supple and imputed to him and Hinshaw & Culbertson as Cowan's SDNY attorney and agent.

In 2025, the NYS Office of Court Administration attorneys Shawn Kerby, John McConnell, Lawrence Marks and clerk Sam Younger were caught red handed writing *ex parte* letters to the US Court of appeals for the Federal Circuit not to hear appeals to orders of SDNY Judge Lorna Schofield denying infringement hearings. The State of NY and its officers have no standing, jurisdiction or authority to tortiously interfere with Petitioner's patent appeals against **private** companies. The State of NY has waived Eleventh Amendment immunity under

Sections 8-10 of the Court of Claims act for acts of tortious interference, unjust enrichment and misappropriation of property, acts perpetrated by OCA officers ex parte since 2018. However, the NY Court of Claims has " stamped in" but returned Petitioner's damages claims undocketed. This necessitated a further complaint seeking prospective injunctive relief before the US District Court Northern District of NY, 24cv 211 (BS) to compel all OCA files and for the Court of Claims to docket Petitioner's damages claims.

WHEREFORE, Petitioner prays as follows:

Order to Show Cause to vacate the Court's #1233 order be granted by in-court hearing on Friday March 27 or as soon as counsel may be heard to reinstate Petitioner's good name to the SDNY roster of attorneys and Petitioner's ECF filing privileges before this Court.

Petitioner seeks injunctive relief against the SDNY Circuit Executive attorney Julie Allsman to produce all Circuit Executive and Disciplinary Committee files.

Petitioner seeks that the culpable SDNY and state attorneys who conspired by criminal acts of forgery and conflicts of interest violations with NYS officers of the courts to frame Petitioner for their crimes and prevent LIVE-Fi® from getting constitutionally mandated hearings on patent infringement and appeals before the Federal Circuit be sanctioned for organized corruption and ex parte obstruction of justice in the maximum amount permitted by law.

Petitioner seeks immediately docketing of this order to show cause on Case No. 24cv3973 (AS)(SDNY).

Dated:  March 20, 2026  Princeton, NJ
/amyweissbrodgurvey/
AMY R. WEISSBROD GURVEY
CEO/US PATENTEE LIVE-FI® TECHNOLOGY HOLDINGS

13

## FOOTNOTES

1. Most respectfully, the history demonstrates egregious heinous bad faith that shocks the conscience. The defendant Cowan practitioners offered Petitioner a USPTO prosecution retainer unlawful in NYS seeking a stock interest in LIVE-Fi®'s formal patent applications in exchange for patent services. Petitioner declined the offer as violative of conflicts of interest and paid the firm $50,000. *Bucchel v. Rhodes*, 258 US 274 (1st Dept. 1999). The Cowan defendants then filed defective applications at the USPTO under Petitioner's name that were other than Petitioner's formal applications given to the firm at the time of retainer and sufficient to be filed "as is". The firm did not file the patent applications under the name of LIVE-Fi®'s predecessor in interest EClickTix®. Then the Cowan defendants unilaterally abandoned those applications with USPTO intake with cover sheets giving a bogus address for the firm in Virginia, and then moved three times to withdraw without statutory notice. Withdrawal was never granted by the USPTO Commissioner. Documents uncovered thus far say the firm "*was following the clients' instructions*"; but Magistrate Pitman never granted the patent discovery ordered by the 2d Circuit. 462 Fed. Appx. 26 and instead engaged in *ex parte* communications with Allsman and told Petitioner to "leave the Cowan defendants alone".

2. All 2009 arbitration files, won by Petitioner, are missing from the SDNY file room and the NYC Association of the Bar.

3. The Cowan defendants also paid Petitioner's bar dues to California **knowing full well she was not admitted in NYS** proving egregious fraud, bad faith, and unprivileged defamation in collusion with NYS officers of the courts. The arrangement the Cowan defendants sought was that Petitioner refer patent work from other clients in California. A contract was never signed and the fraud scan ensued for three weeks. Then it was discovered that the defendant Cowan firm was already proving patent services for Petitioner's client Legend Films of San Diego. Cowan defendants tortiously interfered with Petitioners' $330,000 employment contract with Legend. Within two weeks, Cowan defendants were caught copying Petitioner's patent applications and client lists with night staff (Jacqueline Revander).

**amyg@live-fi.com**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Monday, March 16, 2026 4:01 PM |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:24-cv-03973-AS United States of America et al v. Live Nation Entertainment, Inc. et al Transmission to Attorney Services/Help Desk |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

### Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 3/16/2026 at 4:01 PM EDT and filed on 3/16/2026
**Case Name:**          United States of America et al v. Live Nation Entertainment, Inc. et al
**Case Number:**        1:24-cv-03973-AS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Transmission to Attorney Services/Help Desk. Transmitted re: [1233] Order,,, to Attorney Services/Help Desk for case processing..(sgz)**

**1:24-cv-03973-AS Notice has been electronically mailed to:**

Mark Putnam Gimbel    mgimbel@cov.com, docketing@cov.com, maony@cov.com

Claude Gabriel Szyfer    claude.szyfer@hoganlovells.com, claude-szyfer-3941@ecf.pacerpro.com, nymanagingclerk@hoganlovells.com

Jeffrey L. Kessler    jkessler@winston.com, docketny@winston.com, jeffrey-kessler-5965@ecf.pacerpro.com

Elinor Rose Hoffmann    elinor.hoffmann@ag.ny.gov

J. Mark Gidley    mgidley@whitecase.com, mco@whitecase.com

**amyg@live-fi.com**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Monday, March 16, 2026 3:39 PM |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:24-cv-03973-AS United States of America et al v. Live Nation Entertainment, Inc. et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

## U.S. District Court

## Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 3/16/2026 at 3:39 PM EDT and filed on 3/16/2026
**Case Name:**       United States of America et al v. Live Nation Entertainment, Inc. et al
**Case Number:**     1:24-cv-03973-AS
**Filer:**
**Document Number:** 1233

**Docket Text:**
**ORDER: Accordingly, it is hereby ORDERED that the pro hac vice admission of Amy Weissbrod Gurvey is revoked, effective immediately; and it is further ORDERED that the Clerk of Court shall terminate Amy Weissbrod Gurvey as counsel of record for LIVE-Fi Technology Holdings, LLC; and it is further ORDERED that a copy of this Order be served upon Amy Weissbrod Gurvey and the Grievance Committee for the Southern District of New York. SO ORDERED. (Signed by Judge Arun Subramanian on 3/13/2026) (sgz)**

**1:24-cv-03973-AS Notice has been electronically mailed to:**

Mark Putnam Gimbel    mgimbel@cov.com, docketing@cov.com, maony@cov.com

Claude Gabriel Szyfer    claude.szyfer@hoganlovells.com, claude-szyfer-3941@ecf.pacerpro.com, nymanagingclerk@hoganlovells.com

Jeffrey L. Kessler    jkessler@winston.com, docketny@winston.com, jeffrey-kessler-5965@ecf.pacerpro.com

Elinor Rose Hoffmann    elinor.hoffmann@ag.ny.gov

J. Mark Gidley    mgidley@whitecase.com, mco@whitecase.com

1

Gordon L. Lang    glang@nixonpeabody.com, eenchill@nixonpeabody.com, hsaremi@nixonpeabody.com, was.managing.clerk@nixonpeabody.com

Mitchell Jan Banas, Jr    mbanas@bsk.com, cmccormick@bsk.com, courtmail@bsk.com, ksickau@bsk.com

Arthur J. Burke    arthur.burke@davispolk.com, ecf.ct.papers@davispolk.com

Joseph S. Betsko    jbetsko@attorneygeneral.gov, mcrawn@attorneygeneral.gov

Kevin Teruya    kevinteruya@quinnemanuel.com

Jennifer Lynn Giordano    jennifer.giordano@lw.com, NY-CourtMail@lw.com, jennifer-giordano-5192@ecf.pacerpro.com

David R Marriott    David.Marriott@lw.com, new-york-ma-2860@ecf.pacerpro.com, ny-courtmail@lw.com

Matthew Aaron Leish    matthew.leish@klarislaw.com, matthew-leish-6993@ecf.pacerpro.com

Eva W. Cole    ewcole@winston.com, docketny@winston.com, eva-cole-5966@ecf.pacerpro.com

Bryan Paul Couch    bcouch@connellfoley.com, mlynch@connellfoley.com, vspeaks@connellfoley.com

Lauren Ann Moskowitz    lmoskowitz@cravath.com, mao@cravath.com, rgreenfield@cravath.com

Brian Lee Muldrew    brian.muldrew@katten.com, courtalertnyc@katten.com

Peter Clemens Herrick    pherrick@omm.com, peter-herrick-1403@ecf.pacerpro.com

Adam Bryan Wolfson    adamwolfson@quinnemanuel.com, ecf-ec12fe69f566@ecf.pacerpro.com

David Harris Reichenberg    david.reichenberg@law.njoag.gov

Jonathan Henry Hatch    jonathan.hatch@ag.ny.gov

Michael Glenn McLellan    michael.mclellan@usdoj.gov

Patrick James Somers    psomers@kbkfirm.com, crossi@kbkfirm.com

Eugene David Kublanovsky    eugene@edklaw.com, ekublanovsky@gmail.com

Emmet Patrick Ong    emmet.ong@bclplaw.com, Team.SanFrancisco@bclplaw.com, emmet-ong-9952@ecf.pacerpro.com

Marissa Alter-Nelson    marissa.alter-nelson@lw.com, marissa-alter-nelson-8608@ecf.pacerpro.com, new-york-ma-2860@ecf.pacerpro.com, ny-courtmail@lw.com

2

Daniel Eduardo Gonzalez    Daniel.Gonzalez@HoganLovells.com, Richard.Lorenzo@HoganLovells.com, christine.torrens@hoganlovells.com, gladys.cata@hoganlovells.com

Adam Seth Paris    parisa@sullcrom.com, adam-paris-0366@ecf.pacerpro.com, s&cmanagingclerk@sullcrom.com

Jesse Michael Weiss    jweiss@cravath.com

Michael Andrew Rollin    mrollin@fostergraham.com, amcclurg@fostergraham.com

Rahul Mukhi    rmukhi@cgsh.com, maofiling@cgsh.com

Brian Rafkin    brafkin@akingump.com, eastdocketing@akingump.com, emarchal@akingump.com

Daniel DeCederfelt Adams    dadams@brookspierce.com, courtmail@brookspierce.com, linman@brookspierce.com

Marisa Antonelli    mantonelli@velaw.com, courtmail@velaw.com, gpatek@velaw.com, marisa-antonelli-4402@ecf.pacerpro.com

Aaron Michael Healey    ahealey@jonesday.com, CourtAlert@jonesday.com

Sara Pamhidzai Madavo    smadavo@foley.com, docketflow@foley.com, sara-madavo-3553@ecf.pacerpro.com

Amy Elizabeth McFarlane    amy.mcfarlane@ag.ny.gov, mario.cistaro@ag.ny.gov

Marlo A. Pecora    marlo.pecora@msg.com, marlo-pecora-2020@ecf.pacerpro.com

C. Scott Lent    scott.lent@arnoldporter.com, MAOSDNY@arnoldporter.com, anthony.boccanfuso@arnoldporter.com, ecf-7e85e258c35f@ecf.pacerpro.com, edocketscalendaring@arnoldporter.com

Nicole Marie Peles    npeles@cravath.com, mao@cravath.com

Justin Paul Raphael    justin.raphael@mto.com, mark.roberts@mto.com

Christopher Philip Lynch    christopher.lynch@davispolk.com, ecf.ct.papers@davispolk.com

Alfred Carroll Pfeiffer, Jr    al.pfeiffer@lw.com, al-pfeiffer-0552@ecf.pacerpro.com, linda.tam@lw.com, new-york-ma-2860@ecf.pacerpro.com, ny-courtmail@lw.com

Arianna Markel    arianna.markel@usdoj.gov

Eyitayo St. Matthew-Daniel    tstmatthewdaniel@paulweiss.com, eeichler@paulweiss.com, mao_fednational@paulweiss.com, plim@paulweiss.com

David Steven Slovick    dslovick@ksrlaw.com

3

C. Kelly Newman    kelly.newman@whitecase.com, mco@whitecase.com

David Michael Teslicko, Jr    david.teslicko@usdoj.gov

Andrew Gass    andrew.gass@lw.com, NY-CourtMail@lw.com, andrew-gass-7005@ecf.pacerpro.com, new-york-ma-2860@ecf.pacerpro.com

Robert Adam Lauridsen    alauridsen@keker.com, adam-lauridsen-2496@ecf.pacerpro.com, efiling@kvn.com, rcirelli@kvn.com, roseann-cirelli-2838@ecf.pacerpro.com

Johanna Rae Hudgens    jhudgens@winston.com, docketny@winston.com, johanna-hudgens-0515@ecf.pacerpro.com

Ronald F. Wick    rwick@cohengresser.com, autodocket@cohengresser.com, managingclerksoffice@cohengresser.com

Katherine Lyons Wall    klwall@jonesday.com, courtalert@jonesday.com, nydocket@jonesday.com

Jeanifer Parsigian    jparsigian@winston.com, docketny@winston.com, jeanifer-parsigian-1998@ecf.pacerpro.com, pstruble@winston.com, rnovak@winston.com

George T. Phillips    georgephillips@quinnemanuel.com, newyorkcalendar@quinnemanuel.com

Anton Christopher Brown    cbrown@taftlaw.com, MIN_Docket_Assist@taftlaw.com, cjstephens@taftlaw.com

Carly Chocron    cchocron@taftlaw.com, ylopez@taftlaw.com

Steven Campbell    steven.campbell@alston.com, autodocket-nyc@alston.com, managingclerksoffice-nyc@alston.com

Tyler Henry    thenry@oag.state.va.us

Lucas J Tucker    ltucker@ag.nv.gov, dpotnar@ag.nv.gov

Marie W. L. Martin    mwmartin@agutah.gov, dpotnar@ag.nv.gov, mhodges@ag.nv.gov

Trevor Young    trevor.young@oag.texas.gov, stephen.craig@oag.texas.gov

Samantha Hynes    hyness@sullcrom.com

Robert Reiland    rreiland@wilkauslander.com

William E. Kalema    wkalema@cohengresser.com, autodocket@cohengresser.com, managingclerksoffice@cohengresser.com

Richard S. Schultz    Richard.Schultz@ilag.gov, Ricardo.ZamoraLopez@ilag.gov

4

Adam Joseph Di Vincenzo    adivincenzo@milbank.com, AutoDocketECF@milbank.com, adam-di-vincenzo-2304@ecf.pacerpro.com

Lorraine Van Kirk    lorraine.vankirk@usdoj.gov

Daniel J. Hay    dhay@sidley.com, daniel-hay-5782@ecf.pacerpro.com, dcefilingnotice@sidley.com

Brian Avery White    brian.white6@usdoj.gov

Lizabeth A. Brady    liz.brady@myfloridalegal.com, eloana.durden@myfloridalegal.com, jennifer.morganbyrd@myfloridalegal.com

Robin L. Gushman    robin.gushman@lw.com

Lauren Knoke    lknoke@milbank.com

Melissa H Maxman    mmaxman@cohengresser.com

Matthew Alan Michaloski    mmichaloski@agutah.gov

Michelle Christine Badorine    mbadorine@ag.nv.gov, dpotnar@ag.nv.gov

Lee Istrail    lee.istrail@myfloridalegal.com

Andrew Lacy    ALacy@goodwinlaw.com, andrew-m-lacy-1975@ecf.pacerpro.com

Seema Rambaran    seema.rambaran@saul.com, jillian.mattera@saul.com, litigationdocketing@saul.com

James McDonald    mcdonaldj@sullcrom.com

Derek Jackson    djackson@cohengresser.com, autodocket@cohengresser.com, managingclerksoffice@cohengresser.com

Amanda J. Wentz    amanda.wentz@arkansasag.gov, bethany.weaver@arkansasag.gov

Nicole Sprinzen    nsprinzen@cozen.com, mchappell@cozen.com, nicole-sprinzen-2175@ecf.pacerpro.com

Zach Biesanz    zach.biesanz@ag.state.mn.us, chris.osborne@ag.state.mn.us

Audrey Jane Van Duyn    avanduyn@axinn.com

Franklin Li    fli@cravath.com

Joshua Hafenbrack    jhafenbrack@winston.com, docketny@winston.com, josh-hafenbrack-8735@ecf.pacerpro.com

Lindsey Champlin    lindsey.champlin@lw.com

Bonny Elaine Sweeney    bonny.sweeney@usdoj.gov, Chloe.Campbell@usdoj.gov, Jariel.Rendell@usdoj.gov, Joshua.Burg@usdoj.gov, lara.trager@usdoj.gov, meaghan.griffith@usdoj.gov, sarah.licht@usdoj.gov

Chinita M Sinkler    chinita.sinkler@usdoj.gov

Alex Cohen    alex.cohen@usdoj.gov

John R Thornburgh, II    john.thornburgh@usdoj.gov

Jonathan Scott Goldsmith    jonathan.goldsmith@usdoj.gov

Sarah Mader    sarah.mader@ohioago.gov

Conor J. May    conor.may@coag.gov

Tracy Wright Wertz    twertz@attorneygeneral.gov

Diamante Smith    diamante.smith@oag.texas.gov

Edward Mehrer, III    trey.mehrer@ohioago.gov

Douglas L Davis    douglas.l.davis@wvago.gov

Zachary Frish    zachary.a.frish@doj.nh.gov

Robert Bernheim    robert.bernheim@azag.gov, consumer@azag.gov

Paul Timothy James Meosky    pmeosky@riag.ri.gov, MBedell@riag.ri.gov

Jennifer P. Roualet    jennifer.roualet@usdoj.gov

Katherine Weiler Krems    katherine.krems@mass.gov, antitrustfilings@mass.gov

Jennifer Ann Thomson    jthomson@attorneygeneral.gov

Jared Libet    jlibet@scag.gov

Jason Evans    evansj@michigan.gov, geem1@michigan.gov

LeAnn D Scott    scottl21@michigan.gov, bittnera1@michigan.gov, gregorys6@michigan.gov

Jonathan Comish    comishj@michigan.gov, GregoryS6@michigan.gov

Kimberly Carlson McGee    kim.mcgee@ct.gov

Elizabeth R. Odette    elizabeth.odette@ag.state.mn.us

Hamilton Millwee    hamilton.millwee@ag.tn.gov, Emily.Trichel@ag.tn.gov, emma.trichel@ag.tn.gov

Cole Niggeman    cole.niggeman@dc.gov

Elizabeth Gentry Arthur    elizabeth.arthur@dc.gov, leland.held@dc.gov

William Talley Young    william.young@wyo.gov

Paula Gibson    paula.gibson@doj.ca.gov, Elliott.Dionisio@doj.ca.gov, Frank.Banueloz@doj.ca.gov, Natalie.Manzo@doj.ca.gov, annette.goodeparker@doj.ca.gov, winston.chen@doj.ca.gov

Caleb J. Smith    caleb.smith@oag.ok.gov

Marilyn Guirguis    marilyn.guirguis@ag.tn.gov

Tyler Corcoran    tyler.corcoran@ag.tn.gov

Laura McFarlane    Laura.mcfarlane@wisdoj.gov, baldesr@doj.state.wi.us, burrba@doj.state.wi.us

Chandler Crenshaw    ccrenshaw@oag.state.va.us

Yale A. Leber    yale.leber@law.njoag.gov

David C Smith    dsmith@oag.state.va.us

Tim O'Mara    tim.o'mara@lw.com, new-york-ma-2860@ecf.pacerpro.com, ny-courtmail@lw.com, tim-omara-3113@ecf.pacerpro.com

Daniel Ricardo Betancourt    daniel.betancourt@ilag.gov

Kelly Smith Fayne    kelly.fayne@lw.com

Bryn Anderson Williams    bryn.williams@coag.gov

Sarah Licht    sarah.licht@usdoj.gov

Andrew Esoldi    andrew.esoldi@law.njoag.gov

Nicole Demers    nicole.demers@ct.gov

Katherine Moerke    katherine.moerke@ag.state.mn.us

Justin Bernick    justin.bernick@hoganlovells.com

Molly Pallman    molly.pallman@hoganlovells.com

7

Deborah L. Feinstein (Terminated)    debbie.feinstein@arnoldporter.com, deborah-feinstein-8773@ecf.pacerpro.com, edocketscalendaring@arnoldporter.com, maosdny@arnoldporter.com

Collier Kelley    collier.kelley@usdoj.gov

Justin Clifford McCully    justin.mccully@nebraska.gov

Gerald Lee Kucia, I    gerald.kucia@ago.ms.gov

Noah Goerlitz    noah.goerlitz@ag.iowa.gov

Aaron Dean Salberg    aaron.salberg@state.sd.us

Jennifer Linsey    jennifer.linsey@atg.in.gov

Jesse Josef Moore, I    jesse.moore@atg.in.gov

Corinne Gilchrist    corinne.gilchrist@atg.in.gov

Travis Alex Kennedy    travis.kennedy@atg.wa.gov

Adam Gitlin    adam.gitlin@dc.gov

Richard Parker    rparker@milbank.com

Gina Ko    gina.ko@doj.oregon.gov

Neema Sahni    nsahni@cov.com, docketing@cov.com, maony@cov.com

London Lee Ott    london.ott@orlando.gov

Scott L Barnhart    scott.barnhart@atg.in.gov

Mario E Guadamud    guadamudm@ag.louisiana.gov

Alexis Lazda    alexis.lazda@usdoj.gov

Caitlin Madden    caitlin.madden@wisdoj.gov, april.young@wisdoj.gov, barb.derer@wisdoj.gov

Ashleigh B Shelton    ashleigh.shelton@law.njoag.gov

Norman Lee Morris, III    lee.morris@ago.ms.gov

Sarah L. J. Aceves    sarah.aceves@vermont.gov

Bret Leigh Nance    bretleigh.nance@state.sd.us, christina.whitley@state.sd.us

Christopher Teters    chris.teters@ag.ks.gov

Ashley Anne Locke    ashley.locke@atg.wa.gov

Jasdeep Kaur    jkaur@cravath.com

Rachel Hicks    rachel.hicks2@usdoj.gov

Brian Rabinovitz    brabinovitz@ncdoj.gov, jsugar@ncdoj.gov

Seana Buzbee    seana.buzbee@usdoj.gov

Danielle Drory    danielle.drory@usdoj.gov

Miniard Culpepper    miniard.culpepper2@usdoj.gov

Janelle Sharon Robins    janelle.robins@usdoj.gov

Leah Wisser    leah.wisser@lw.com

Francisco Benzoni    fbenzoni@ncdoj.gov, jsugar@ncdoj.gov

Andrew Kline    andrew.kline@usdoj.gov

Estefania Yulianny Torres Paez    estefania.torrespaez@dc.gov

Serajul Ali    serajul.ali2@usdoj.gov

Leandra Elizabeth Ipina    lipina@axinn.com

Grant A Bermann    gbermann@milbank.com, autodocketecf@milbank.com, grant-bermann-2072@ecf.pacerpro.com

Juliana Karp    juliana.karp@ag.ny.gov

Victoria Field (Terminated)    victoria.field@ct.gov

Thaddeus Lopatka    tlopatka@jonesday.com

Catherine Dick    catherine.dick@usdoj.gov

Malisa McPherson    malisa.mcpherson@oag.ok.gov

Erin Murdock-Park    erin.murdock-park@usdoj.gov

Niall E. Lynch    niall.lynch@lw.com

Cameron Ross Capps    cameron.capps@oag.ok.gov

9

Amy Rebecca Gurvey    amyg@live-fi.com

Melissa L English    menglish@oag.state.md.us

Evan Crocker    ecrocker@nmdoj.gov, klee@nmdoj.gov, nteupell@nmdoj.gov

Anna Catherine Smith    annasmith@scag.gov

Christopher J Campbell    chris.campbell@oag.ok.gov, michelle.curtis@oag.ok.gov

Kyle Mach    machk@sullcrom.com

William Shieber    william.shieber@oag.texas.gov

Christina Hernsdorf    christina.hernsdorf@gtlaw.com

Brent Nakamura    brent.nakamura@doj.ca.gov, Marie.Armenakian@doj.ca.gov,
Paula.Blizzard@doj.ca.gov, Rosaura.Gutierrez@doj.ca.gov, Susan.Welch@doj.ca.gov

Matthew Erik Delgado    matthew.delgado@doj.ca.gov, cindy.pain@doj.ca.gov

Henry J. Hauser    henry.hauser@doj.ca.gov

Divya Rao    divya.rao@doj.ca.gov

Curtis Strong    curtis.strong@usdoj.gov

David E. Dahlquist    david.dahlquist@usdoj.gov

Matthew Jones    matthew.jones3@usdoj.gov

Ehson Kashfipour    ehson.kashfipour@lw.com

Benjamin Miller    benjamin.miller@davispolk.com, ecf.ct.papers@davispolk.com

Zeynep Elif Aksoy    zeynep.aksoy@usdoj.gov

Maria Luisa Di Lauro    luisa.dilauro@ag.ny.gov

Jacob Ryan Dempsey    jacob.dempsey@state.sd.us, christina.whitley@state.sd.us

Sidney M Eisner    sidney.eisner@mto.com

Elena Anastasia Goldstein    elena.goldstein@usdoj.gov

Andy Tan    andy.tan@usdoj.gov

10

Bridget Springer McCabe    bmccabe@bakerlaw.com, dpirian@bakerlaw.com, skim@bakerlaw.com

Peter Eugene Deegan, Jr    pdeegan@taftlaw.com, ylopez@taftlaw.com

Benjamin D. Klein    bklein@paulweiss.com, mao_fednational@paulweiss.com

Catherine M. Maraist    catherine.maraist@bswllp.com

Alexandra Russell    arussell@goodwinlaw.com, alexandra-russel-2693@ecf.pacerpro.com

Ashley Kaplan    ashley.kaplan@doj.ca.gov, lauren.siaumau@doj.ca.gov

Jonathan Kravis    jonathan.kravis@mto.com

Patrick R. Hanes    phanes@williamsmullen.com

Emily Murphy    emurphy@omm.com

Pratik Agarwal    pratik.agarwal@ag.ny.gov

William R Levi    william.levi@sidley.com

Nicolas Britton    brittonn@sullcrom.com

Adam Jeremy Biegel    adam.biegel@alston.com, Abigail.cessna@alston.com

Aric Smith    aric.smith@coag.gov

Noah Hoffman    Noah.Hoffman@coag.gov

Steven Orban    steven.orban@myfloridalegal.com

Anthony W. Mariano    anthony.mariano@mass.gov

William D. Wassdorf    will.wassdorf@oag.texas.gov, jessica.yvarra@oag.texas.gov

Scott A Mertens    mertenss@michigan.gov, geem1@michigan.gov, gregoryS6@michigan.gov

Ali Thorburn    ali.thorburn@oag.texas.gov, jessica.yvarra@oag.texas.gov

**1:24-cv-03973-AS Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=3/16/2026] [FileNumber=34475186-

11

Case 1:24-cv-03973-AS    Document 658    Filed 08/22/25    Page 1 of 2



*Live-Fi*™ *Technology Holdings*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

X

UNITED STATES OF AMERICA, et al.,
Plaintiffs.

Case No. : 1:24-CV-03973-AS

V.

NOTICE OF MOTION FOR
ADMISSION TO APPEAR
PRO HAC VICE FROM
CALIFORNIA ON BEHALF
OF LIVE-FI® TECHNOLOGY
HOLDINGS. LLC

LIVE NATION ENTERTAINMENT, INC.,
et al., Defendants.

X

Pursuant to Rule 1.3 of the Local Rules of the United States District Court for the Southern District of New York (SDNY), Amy Weissbrod Gurvey, a California attorney, hereby moves this Court for an Order granting admission to appear *pro hac vice* as counsel for LIVE-FI® Technology Holdings. LLC. LIVE-Fi® is an interested party as it owns and controls the standard essential US patents for ticketing, ticket resale and authenticated content management and interaction, patents being willfully infringed by defendants Live Nation and Ticketmaster. Defendants since 2010 have also continued to breach material provisions of the competitive impact statement both signed as a condition of merger in 2010 before

1

the DC District Court. *US v. Ticketmaster and Live Nation*, 2010 WL 975407, 975408 (DCD January 25, 2010) That provision expressly stated that defendants Live Nation and Ticketmaster cannot withhold ticketing data from companies seeking to conduct non-ticketing businesses. 2010 WL 975408, pp 8, line 10. This makes LIVE-Fi® a proper interested party to this lawsuit.

Petitioner is in good standing before the Supreme Court of California since 1979.

A notarized certification of good standing is annexed hereto as Exhibit A. Petitioner has never been convicted of a felony and has never been censured, disbarred or denied admission or readmission to any court. Petitioner was suspended for six months on December 4, 2012 by the First Dept. *without jurisdiction over Petitioner* who was voluntarily resigned in NYS since 1998 and granted permission to resign by the Third Dept. and NYS Office of Court Administration. That six month order remains on appeal and was found nonfinal by the NY Court of Appeals such that it cannot be used collaterally in any other lawsuit.

A proposed order for admission *pro hac vice* is annexed hereto as Exhibit B The declaration pursuant to Local Rule 1.3 is annexed hereto as Exhibit C.

Petitioner's contact information is as follows:

Amy R. Weissbrod Gurvey
CTO and Counsel
c/o LIVE-Fi™ Technology Holdings LLC
7302 Woodstone Circle, Princeton, NJ 08540
amyg@live-fi.com   Phone: (917) 733-9981

The motion is GRANTED, but by separate order, the Court notes the denial of the related motion for joinder.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 22, 2025

Pursuant to 28 USC §1746, Petitioner declares that the foregoing is true and correct.

(By, _____

AMY WEISSBROD GURVEY

2

**amyg@live-fi.com**

| | |
|---|---|
| **From:** | amyg@live-fi.com |
| **Sent:** | Sunday, March 15, 2026 11:17 AM |
| **To:** | 'helpdesk@nysd.uscourts.gov' |
| **Subject:** | FW: US v. Live Nation Entertainment 24cv3973 (AS)(SDNY)  LIVE-Fi Technology Holdings |

**From:** amyg@live-fi.com <amyg@live-fi.com>
**Sent:** Sunday, March 15, 2026 9:42 AM
**To:** 'Help Desk NYSD' <Help_Desk@nysd.uscourts.gov>
**Subject:** US v. Live Nation Entertainment 24cv3973 (AS)(SDNY) LIVE-Fi Technology Holdings

March 14, 2026

I request that the SDNY Attorney Help Desk officers (Vanessa and Ms. Aquino) send this email to the SDNY Executive Office (Benjamin) and to Judge Arun Subramanian presiding over *US v. Live Nation Entertainment, Inc*. 24cv3973 (AS)(SDNY) trial starting Monday, March 16, 2026.  In the 3973 lawsuit, LIVE-Fi? Technology Holdings was granted interested party status and I pro hac vice status to appear for LIVE-Fi ? from CA (Docket #638). Since this order was granted, however, SDNY ECF has not allowed me to docket my motion for reconsideration to  intervene as of right under Rule 24, and the *cause* is continuing fraud and *ex parte* obstruction of justice by SDNY court attorney Julie Allsman.

Please note that the same motion to intervene as of right was filed before Judge Paul Engelmayer in Amron v. MLB Advanced Media et al., 24cv2930 (PAE)(RFT). Therein, when my motion to intervene was docketed, plaintiff Amron immediately withdrew his entire infringement lawsuit against the defendants, MLB, MLB Advanced Media, Live Nation, Ticketmaster and StubHub and 30 national baseball stadiums **because I am the priority inventor of standard essential ticketing management and sports betting patents never cited as prior art by plaintiff Amron to the USPTO**. This fact renders Amron's patents void and unenforceable. I WANT ALL DOCUMENTS IN THE FILES OF COURT ATTORNEY JULIE ALLSMAN PRODUCED IMMEDIATELY BY MARCH 20 2026 OR I WILL FILE A BIVENS CONSTITUTIONAL LAWSUIT AGAINST HER AND OFFICERS OF THIS COURT AND ANY OTHERS TO WHOM SHE CIRCULATED FORGED AND FRAUDULENT EX PARTE DOCUMENTS AFTER ENGAGING IN EX PARTE COMMUNICATIONS WITH MY ADVERSARIES.

As I mentioned to the Atty Help Desk  and to the SDNY Executive Office (Room 820) on Friday March 13, 2026, Allsman continues to violate my constitutional rights by *ex parte* obstruction of justice, fraud and unprivileged defamation and has been reported to the US Dept. of Justice for circulating documents to judges in this court to falsely discredit my stellar reputation and to deprive me of infringement hearings and intervention orders since 2012.  In 2015, Judge Lorna Schofield ordered that I personally pay $10,000 into the SDNY cashier for a special patent master who was never hired and revoked my ECF privileged after my attorney in the lawsuit 06cv1202 was granted unilateral withdrawal without motion on notice in September 2010 by former Judge Barbara Jones.  Judge Jones also stayed patent discovery *ex parte* in 2008 based on fraudulent and frivolous motions filed by Live Nation's defense attorneys J. Richard Supple (Hinshaw & Culbertson) and Steven Schortgen (Baker Botts). I am not a pro se litigant and cannot be labelled as a frivolous pro se litigant by these lawyers or Allsman who is circulating forged and unserved documents to several district courts and state courts. And her *ex parte* transmissions are being copied into orders to deprive LIVE-Fi? of infringement hearings.

Here's the totality what she has done since 2012 to deprive me of infringement and patent-dependent hearings in the SDNY and other courts. Allsman as I was recently told unilaterally deleted my SDNY out-of-state attorney roster listing entered in 1987 from the CACD and Supreme Court of CA in or about 2013 after engaging in *ex parte*

1

conversations with Mag Pitman and Richard Supple, who she should have disciplined and disqualified from the Cowan Liebowitz & Latman's representation. Supple was defending Live Nation and our common USPTO practitioners at the Cowan firm wherein I was represented by Squitieri & Fearon. My roster listing was a vested commission requiring due process before any unilateral deletion. *In re Gouiran*, 58 F. 3d 54 (2d Cir. 1995); *Marbury v. Madison*, 5 US 137 (1803). Because Supple was dually serving a staff attorney at the First Dept. and deleted the USPTO ethics complaints against Cowan Liebowitz & Latman defendants for conflict of interest, declaration fraud and abandonment violations, he and Hinshaw & Culbertson could never continue in the SDNY retainer for the Cowan practitioners. (NY's Judiciary Law Part 1240.6d).

Allsman did nothing to disqualify Supple or discipline him. Instead, she deleted my roster listing without notice, hearing or due process of law in or about 2012-2013 after Squitieri was granted unilateral withdrawal by Judge Jones in September 2010 to prevent me from retaining a lawyer and to make me appear as a frivolous pro se litigant. I am neither.

Upon belief Allsman with a SDNY clerk Dionisio Figueroa deleted my infringement complaint from the case docket filed April 22, 2010 because it was missing on remand in 2012. 426 Fed. Appx. 26 (462 Fed. Xpp. 26). Commencing in 2012, Mag Pitman refused to reinstate the deleted infringement complaint, I was denied patent discovery ordered by the 2d Circuit and infringement hearings and nonjoinder hearings against the Cowan defendants.

On April 21, 2016, the First Dept. Supple and Squitieri were found to be inserting forged and unserved documents into concealed state files that were shared with Allsman and the NYS Office of Court Administration (OCA).The First Dept. ordered that I and LIVE-Fi would continue to be denied access to the state files. First production occurred on August 26, 2025, nine years later. In the interim, the SDNY also denied prospective injunctive relief against the state. *Ex parte Young*, 209 US 123 (1908). I am not admitted in New York since 1998 when I was in medical school, never requested reinstatement and never paid bar dues. I was granted voluntary resignation from practice in NY by the Third Dept.'s Dan Brennan and OCA's Denise Rajpal in 1998 and only maintained bar status in California. My infringement complaint docketed and date stamped on April 22, 2010 was confirmed as printed in the 2d Cir appeal Appendix, 9-2185-10-4111, Vol. III, PP. 671 et seq.

Thereafter, Allsman continued to engage in ex parte communications with Magistrate, Supple and other judges in this court. The documents finally uncovered from the First Dept. on August 26, 2025 were forged. They affixed the signature of a dead former First Dept. chief counsel Paul Curran onto pre-2000 state letterhead to conceal the name of all participating state officers and SDNY administrative officers. These are disbarrable offenses. US v. Reich, 479 F. 3d 179 (2d Cir2007)

In 2018, other NYS court attorneys serving at the Office of Court Adm. (OCA) - Shawn Kerby, John McConnell, Lawrence Marks and clerk Sam Younger began writing fraudulent ex parte letters to the Federal Circuit to prevent me from getting my infringement appeals heard to orders of the of Judge Schofield denying infringement and nonjoinder hearings that required issued US patents. Patent infringement claims endure for the full term of patent. All claims sought to be enforced in the SDNY were delayed at the USPTO through 2022 but all were anticipated in the operative complaint.

Live Nation Entertainment and its merged partners LN and TM are defendants in a trial starting tomorrow March 16, 2026 brought by the Dept. of Justice and 39 US states. 24cv3973. Defendant LNE never alleged in the Government's lawsuit that "they had no NY contacts" as found by Judge Jonesin 2009 based on Supple and Schortgen's fraudulent moving papers and affirmations. The arbitration files won by me and LIVE-Fi on August 4, 2009 were destroyed by the SDNY, the Association of the Bar, and the arbitrator Charlotte Moses Fischman, who became a chief counsel at the First Dept.

The SDNY pro se help unit did nothing to assist me and the state attorney Robyn Tarnofsky is now a SDNY Magistrate who failed to disclose conflicts when I moved for intervention as of right in the Amron infringement litigation. NYS agencies cannot serve as pro se help resources use of my patents without permission. The State of

2

NY has waived 11ᵗʰ A immunity for acts of tortious interference, unjust enrichment and misappropriation by its officers under Section 8-10 of the Court of Claims Act.  State officers include pro se help officers of the SDNY that are giving horrific bad advice to patentees contrary to law in violation of constitutional rights.

My constitutional right to intervene in the current 3973 lawsuit and in previous lawsuits 24cv2930 as owner of the US patents being denied constitutional access and hearings in this court were denied based on Allman's continuing fraud, RICO *ex parte* corruption. She has circulated these fraudulent documents to Judge Schofield, Judge Castel, Judge McMahon, Mag Robyn Tarnofsky (former with the NY Legal Assistance Group)  and then to the CACD and DCD.

Also, I won SDNY arbitration in the 06cv1202 lawsuit in 2009 before Charlotte Moses Fischman. The arbitration files were destroyed and are not at the Association of the Bar and Squitieri refused to term them over because Judge Jones never ordered them produced when she granted illegal ex parte withdrawal to Squitieri.  The operative complaint required all issued patent claims commencing 2009 to be heard against the defendants. They were never heard and delayed 14 yaerse at the USPTO, when the deadline is 3 years. Defendants engaged in ex parte obstruction before the USPTO.

**From:** Help Desk NYSD <Help_Desk@nysd.uscourts.gov>
**Sent:** Saturday, March 14, 2026 1:03 AM
**To:** amyg@live-fi.com
**Subject:** IMPORTANT INFORMATION, PLEASE REVIEW

**IMPORTANT INFORMATION, PLEASE REVIEW**

Thank you for your message.  Your email has been received by the Help Desk of the United States District Court for the Southern District of New York.  (This is not the United States Bankruptcy Court.)

We will respond to your inquiry as soon as we can, but no later than two business days.  Until then, please review our website at: https://nysd.uscourts.gov/ for further information.

**Emergency Applications:**
For instructions regarding how to file an emergency application, please review ECF Rule 13.19 of the ECF Rules and Instructions at: https://nysd.uscourts.gov/rules/ecf-related-instructions.

**After-Hours Emergency Applications:**
For information regarding alerting the court to emergency application filed after business hours (5pm-8:30am, weekends, and court holidays and closures), please go to: https://nysd.uscourts.gov/judges/part1-schedule.

**Local Rules:**
For information regarding the Court's Local Rules, please go to: https://nysd.uscourts.gov/rules.

**ECF Filing Rules:**
For information regarding electronic filing, please review the Court's ECF Rules at: https://nysd.uscourts.gov/rules/ecf-related-instructions.

**Pacer:**
For information regarding Pacer issues, please go to: https://pacer.uscourts.gov/.  If you are having issues logging into your pacer.gov account or having issues with Multi-factor Authentication, please contact Pacer directly at (800) 676 – 6856, or via email at pacer@psc.uscourts.gov.

**Pro Se (Representing Yourself):**
If you are representing yourself, please review information for Pro Se litigants at: https://nysd.uscourts.gov/prose.

**Hours:**
Our business hours are Monday through Friday, from 8:30am – 5:00pm.
  *Manhattan Courthouse location: 500 Pearl Street, New York, NY 10007*
  *White Plains Courthouse location: 300 Quarropas Street, White Plains, NY 10601*


Help Desk Services
United States District Court, Southern District of New York
500 Pearl Street, New York, NY 10007
(212) 805 - 0800, ext. 2
helpdesk@nysd.uscourts.gov

**amyg@live-fi.com**

| | |
|---|---|
| **From:** | amyg@live-fi.com |
| **Sent:** | Sunday, March 15, 2026 9:42 AM |
| **To:** | 'Help Desk NYSD' |
| **Subject:** | US v. Live Nation Entertainment 24cv3973 (AS)(SDNY)  LIVE-Fi Technology Holdings |

March 14, 2026  I request that the officers at the Attorney Help Desk send this email to the SDNY Executive Office (Benjamin). I WANT ALL DOCUMENTS IN THE FILES OF JULIE ALLSMAN PRODUCED IMMEDIATELY BY MARCH 20 2026 OR I WILL FILE A BIVENS CONSTITUTIONAL LAWSUIT AGAINST OFFICERS OF THIS COURT.

As I mentioned to the Atty Help Desk  and to the SDNY Executive Office (Room 820) on Friday March 13, SDNY court attorney Julie Allsman continues to violate my constitutional rights by ex parte obstruction of justice and has been reported to the US Dept. of Justice for circulating forged and unserved documents to judges in this court to deprive me of infringement hearings and intervention orders since 2012. Allsman is potentially liable for Bivens damages against me and my patent company if she is a federal employee.

Allsman as I was recently told unilaterally deleted my SDNY out of state attorney roster listing entered in 1987 from the CACD and Supreme Court of CA in or about 2013 after conversations with former Mag Henry Pitman and my SDNY adversary at Hinshaw & Culbertson, J. Richard supple. That listing was a vested commission requiring due process before any deletion of the listing. In re Gouiran, 58 F. 3d 54 (2d Cir. 1995); Marbury v. Madison, 5 US 137 (1803). Allsman deleted my roster listing without notice, hearing or due process of law to prevent me from retaining a lawyer and to make me appear as a frivolous pro se litigant. I am neither. She also engaged in acts in furtherance of a conspiracy with former Mag Henry Pitman and Supple was dually serving as a First Dept. staff attorney and found to be inserting forged and unserved documents into concealed state files that he shared with Allsman and got no hearing or due process in this court. Instead, this court withheld prospective injunctive relief against the state.  Ex parte Young, 209 US 123 (1908).

I was not a pro se litiga nt before this Court in 2007 in the previous SDNY patent infringement, unfair competition and misappropriation litigation 06cv1202. My attorney was Squitieri & Fearon, LLP. Squitieri was granted unilateral withdrawal without motion on notice by former Judge Barbara Jones in or about 2010. Judge Jones also stayed discovery sua sponte based on Supple's ex parte fraud with Baker Botts attorney Steven Schortgen and did not serve me with the order granting withdrawal to my attorney.

My infringement complaint docketed and date stamped on April 22, 2010 anticipated in the operative pleading was also deleted from the docket before the order granting withdrawal to Squitieri. That complaint and Rule 60(b) motion were printed in the 2d Cir appeal Appendix, 9-2185-10-4111, Vol. III, PP. 671 et seq. and were deleted from the case docket on remand in 2012 when patent discovery stayed in abuse of discretion ex parte by Judge Jones was reversed. 2012 462 Fed. Appx. 26.

Thereafter, Allsman accepted ex parte proffers Supple Baker Botts (Steven Schortgen), both defending infringers LN and  law firm defendant Cowan Liebowitz & Latman, LN and my common practitioners before the USPTO.  Supple was unlawfully dually serving at the First Dept. as a concealed staff attorney at the time he and Squitieri entered unserved documents into the state files per the AD and removed the disciplinary complaints ag the Cowan firm. For this Supple and Squitieri should have been disbarred by this court.  NY's Judiciary Law Part 1240.6d, .7, .18; US v. Reich, 479 F. 3d 179 (2d Cir2007)

In 2018, other NYS court attorneys serving at the Office of Court Adm. (OCA) - Shawn Kerby, John McConnell, Lawrence Marks and clerk Sam Younger began writing fraudulent ex parte letters to the Federal Circuit to prevent

1

me from getting my infringement appeals heard. Patent infringement claims endure for the full term of patent and were never allowed hearing by the SDNY although anticipated in the operative complaint.

Live Nation Entertainment and its merged partners LN and TM are defendants in a trial starting tomorrow March 16, 2026 before Judge Subramanian. 24cv3973. They never alleged in that case that "they had no NY contacts" as found sua sponte by Judge Jones in 2009 based on Supple and Schortgen frivolous motion papers..

The SDNY pro se help unit did not assist me in 2016. It was and remains a NYS agency. This is unconstitutional based on the state agencies' use of my patents without permission. The State of NY has waived 11th A immunity for acts of tortious interference, unjust enrichment and misappropriation by its officers under Section 8-10 of the Court of Claims Act. State officers include pro se help officers of the SDNY that are giving horrific bad advice to patentees contrary to law in violation of constitutional rights.

My constitutional right to intervene in the current 3973 lawsuit and in previous lawsuits 24cv2930 as owner of the US patents being denied constitutional access and hearings in this court were denied based on Allman's continuing fraud, RICO *ex parte* corruption. She has circulated these fraudulent documents to Judge Schofield, Judge Castel, Judge McMahon, Mag Robyn Tarnofsky (former with the NY Legal Assistance Group) and then to the CACD and DCD.
Also, I won SDNY arbitration in the 06cv1202 lawsuit in 2009 before Charlotte Moses Fischman. The arbitration files were destroyed and are not at the Association of the Bar and Squitieri refused to term them over because Judge Jones never ordered them produced when she granted illegal ex parte withdrawal to Squitieri. The operative complaint required all issued patent claims commencing 2009 to be heard against the defendants. They were never heard and delayed 14 yaerse at the USPTO, when the deadline is 3 years. Defendants engaged in ex parte obstruction before the USPTO.

**From:** Help Desk NYSD <Help_Desk@nysd.uscourts.gov>
**Sent:** Saturday, March 14, 2026 1:03 AM
**To:** amyg@live-fi.com
**Subject:** IMPORTANT INFORMATION, PLEASE REVIEW

**IMPORTANT INFORMATION, PLEASE REVIEW**

Thank you for your message. Your email has been received by the Help Desk of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

We will respond to your inquiry as soon as we can, but no later than two business days. Until then, please review our website at: https://nysd.uscourts.gov/ for further information.

**Emergency Applications:**
For instructions regarding how to file an emergency application, please review ECF Rule 13.19 of the ECF Rules and Instructions at: https://nysd.uscourts.gov/rules/ecf-related-instructions.

**After-Hours Emergency Applications:**
For information regarding alerting the court to emergency application filed after business hours (5pm-8:30am, weekends, and court holidays and closures), please go to: https://nysd.uscourts.gov/judges/part1-schedule.

**Local Rules:**
For information regarding the Court's Local Rules, please go to: https://nysd.uscourts.gov/rules.

**ECF Filing Rules:**
For information regarding electronic filing, please review the Court's ECF Rules at: https://nysd.uscourts.gov/rules/ecf-related-instructions.

**Pacer:**

For information regarding Pacer issues, please go to: https://pacer.uscourts.gov/.  If you are having issues logging into your pacer.gov account or having issues with Multi-factor Authentication, please contact Pacer directly at (800) 676 – 6856, or via email at  pacer@psc.uscourts.gov.

**Pro Se (Representing Yourself):**

If you are representing yourself, please review information for Pro Se litigants at: https://nysd.uscourts.gov/prose.

**Hours:**

Our business hours are Monday through Friday, from 8:30am – 5:00pm.

*Manhattan Courthouse location: 500 Pearl Street, New York, NY 10007*

*White Plains Courthouse location: 300 Quarropas Street, White Plains, NY 10601*


Help Desk Services

United States District Court, Southern District of New York

500 Pearl Street, New York, NY 10007

(212) 805 - 0800, ext. 2

helpdesk@nysd.uscourts.gov