March 25, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**   *United States et al. v. Live Nation Entertainment, Inc. et al.***; 1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter.  We write pursuant to the Court's March 6, 2026 ruling in open court ("March 6 Ruling") to respectfully request that the following materials remain sealed in their entirety after they are admitted into evidence:  (1) Dr. Hill's revised event-level combined primary ticketing data, which is a subset of the data identified at DX-2044,[1] and (2) PX-1282, a 6,000-page compilation of current and recent Ticketmaster contracts with its clients.[2]  Plaintiffs do not dispute this motion.

On March 23, 2026, Plaintiffs and Defendants, at the Court's instruction, reached an agreement that obviated the need for Plaintiffs' FRCP 1006 witness Ms. Victoria Khan to testify. As part of the agreement, the parties agreed that both Dr. Hill's revised event-level combined primary ticketing data and PX-1282 would be admitted into evidence.  In light of the fact that the documents (i) will not be shown in their entirety in open court, (ii) are voluminous, and (iii) reflect competitively sensitive financial information and contract terms, the parties agreed as part of the deal that both materials would remain sealed in their entirety.  On March 24, 2026, the parties informed the Court of their agreement and the Court instructed the parties to submit this sealing motion.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted).  Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119).  Third, the

---

[1] This data was submitted to the Court before trial.  Defendants uploaded this data to the Court's dropbox on February 18, 2026.  It can be accessed at the following filepath:  DX-2044 - Hill Rebuttal Report Backup Data\06 Combined\02 Combined ticketing data\Output – Event-level combined primary ticketing data.dta.

[2] Defendants will contemporaneously with the filing of this letter upload this document to the Court's dropbox.

"'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Competing interests include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, and competitively sensitive information, s*ee, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015); *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").[3]

Here, both Dr. Hill's data and PX-1282 are voluminous materials that may serve as the basis for demonstratives and witness testimony but are unlikely to be shown to the jury in full. Dr. Hill's data consists of a large database of granular ticketing data from Ticketmaster as well as multiple non-party ticketing companies spanning a period of 10 years. *See* Hill Initial Report, Fig. 153. PX-1282 is a 6,000-page compilation of 125 contracts[4] between Ticketmaster and its clients. Defendants' ticketing data and contracts are highly competitively sensitive, and their disclosure would severely impact Defendants' position in the market and in future negotiations with potential clients. These materials should not be forced into the public domain where it is unlikely that the materials will actually be used before the jury or discussed in specific terms in open court.

Where, as here, a document plays only a "marginal role" in the judicial process, it is entitled to, at most, a minimal presumption of public access. *BAT LLC v. TD Bank, N.A.*, No. 15-CV-5839, 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019) (finding that judicial documents that play only a marginal role in the judicial process receive a low presumption of access and may remain sealed absent a countervailing reason (citing *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)); *see also UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, No. 21-CV-4897, 2024 WL 4355029, at *13 (S.D.N.Y. Sept. 30, 2024) (finding that documents that "the [c]ourt did not need to reference or otherwise rely on" were entitled to a minimal presumption of public access) (quoting *In re Accent Delight Int'l, Ltd.*, Nos. 16-MC-125, 16-MC-50, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018)).

The public's minimal interest in accessing the information in Dr. Hill's data and in PX-1282 does not overcome the strong argument in favor of the protection of those materials. Dr. Hill's data contains event and transaction-level primary ticketing data; PX-1282 contains contracts with specific competitively sensitive figures relating to fees, prices, and percentages. The disclosure of this information would cause Defendants competitive harm by revealing confidential "pricing information" and "information concerning their trading strategies, objectives and transactions," and by "competitive[ly] disadvantag[ing] [Defendants in] future negotiations." *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015); *Locus Technologies v. Honeywell International Inc.*, No. 19 Civ. 11532 (PGG) (KHP), 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) (collecting cases) ("Courts regularly

---

[3] *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (The Court applies the same weight of presumption of access to evidence introduced at trial or in connection with summary judgment).

[4] About one-third of the contracts in the compilation are dated 2022 or later; over two-thirds of them are dated 2017 or later.

seal pricing information . . . ."); *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents reflecting negotiations and related internal analysis as disclosure would place the parties in a competitive disadvantage in future negotiations).  The danger of harm is particularly acute because Dr. Hill's data and PX-1282 each present a comprehensive compilation of highly sensitive material, consolidating into a single, readily accessible source what a competitor would otherwise have no means of obtaining in one place.  This information is not of "value . . . to those monitoring the federal courts," *Lugosch*, 435 F.3d at 119, except for Defendants' competitors and contractual counterparties who might seek to use it to their advantage.

Furthermore, both Dr. Hill's data and PX-1282 contain sensitive information from non-parties in addition to Defendants.  Dr. Hill's data includes event and transaction-level primary ticketing data from AXS, DICE, Etix, Eventbrite, Paciolan, SeatGeek, See Tickets, StubHub, Tickets.com, and Tixr in addition to Ticketmaster.  *See* Hill Initial Report, Appendix I; Hill Rebuttal Report, Appendix H.  PX-1282 contains 125 contracts, each of which implicates the confidential information of Ticketmaster's non-party clients.  Indeed, many of the non-parties who have been notified that their information is included in this exhibit have themselves submitted motions to seal the information of theirs in PX-1282[5]; many other non-parties have not yet been notified that their information could be implicated in this exhibit.  Sealing PX-1282 in its entirety would ensure that these non-parties' confidential information is protected, in addition to Defendants'.

Accordingly, Defendants respectfully request that the Court seal Dr. Hill's combined primary ticketing data and PX-1282 in their entirety.

---

[5] The full list of third parties that have submitted sealing motions in connection with PX-1282 are:  It's My Party (Dkt. 1296); Lincoln Holdings (Dkt. 1297); Mann Center (Dkt. 1299); Memphis Basketball (Dkt. 1300); Anaheim Arena Management (Dkt. 1301); Madison Square Garden (Dkt. 1302); Oak View Group (Dkt. 1303); ASM Global (Dkt. 1304); Hurricane Holdings (Dkt. 1305); 313 Presents (Dkt. 1306); Delaware North (Dkt. 1307); SEG Basketball (Dkt. 1308); Fieldhouse Management (Dkt. 1309); Minnesota Wild (Dkt. 1310); Circuit of the Americas (Dkt. 1311); Kiel Center Partners (Dkt. 1312).

Dated:  March 25, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_____

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

_____

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*