# Inner City Press

March 25, 2026

By ECF

Hon. Arun Subramanian, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

**Re: Press Opposition to Live Nation's March 25, 2026 Motions to Seal (ECF 1317-8) in US et al. v. Live Nation Entertainment, Inc. et al., 24-cv-03973-AS**

Dear Judge Subramanian:

Inner City Press has been covering the above captioned case, like many others, since the Complaint was filed in May 2024.

On March 4 Inner City Press moved to unseal documents, a request partially granted on March 5 (Dkt 1117) and on March 6 after the Court heard press arguments before the jury entered. See also Dkt 1165, 1176 and 1175 ("Defendants' Letter in Opposition to Inner City Press Motion").

Tonight after midnight Live Nation filed to redact and seal information it states "is not of 'value . . . to those monitoring the federal courts.'" Inner City Press, which monitors the federal courts, disagrees and immediately opposes.

Live Nation's own brief acknowledges, in footnote 2, that under *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019), evidence introduced at trial carries the same high presumption of public access as evidence submitted in connection with a summary judgment motion. Having made that concession, Defendants cannot then invoke *Lugosch*'s threshold "value to those monitoring the federal courts" language to overcome the presumption they have already acknowledged applies. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). That phrase addresses whether a document qualifies as a judicial document at all — a question that is resolved once an exhibit is introduced before a jury in a public trial. The exhibits at issue here have crossed that threshold. The presumption of access is at its zenith, not its nadir.

## The Pricing Documents Are The Case

Defendants seek to seal PX0631 in full — described as an Excel spreadsheet containing venue-and-show-specific pricing and costs — along with pricing

information in PX0250, PX1078, PX0644, PX0919, PX1106, PX0600, and PX0781, all of which relate to contracts and negotiations with venues and artists. These documents will be used with David Marcus, Mark Yovich, and Chris Granger as witnesses. Sealing the documents on which those witnesses testify while their testimony remains public creates an asymmetry that cannot be reconciled with the First Amendment right of access to criminal and civil proceedings recognized in this Circuit.

More fundamentally, Ticketmaster's pricing practices with venues and artists are not peripheral to this litigation — they are its subject matter. The states and the United States filed this case precisely because those pricing arrangements allegedly reflect and reinforce monopoly power. A document cannot simultaneously be the instrument of the alleged anticompetitive conduct and a trade secret shielded from public scrutiny in the trial examining that conduct. The competitive sensitivity of the information is, if anything, an argument for disclosure, not concealment.

**The Technology Architecture Argument Fails For The Same Reason**

Defendants argue that DDX-18 and DX0790 contain architectural descriptions of Ticketmaster's proprietary systems that should be sealed to prevent competitive harm. But the states' theory — that Ticketmaster's technological integration constitutes a barrier to entry and a mechanism of monopoly maintenance — makes the architecture central to the judicial function of this trial. Under *Lugosch*, the more central a document is to the resolution of the case, the stronger the presumption of access. Defendants have it backwards.

**PX1078 Has Already Been Contested**

Inner City Press notes that PX1078 also appears in Defendants' prior sealing motion opposed by Inner City Press at ECF 1251. Defendants are now seeking to redact pricing information within an exhibit already in contest before this Court. The Court should consider the cumulative effect of serial sealing requests targeting overlapping exhibits.

**The Unopposed Status Does Not Resolve The Public Interest**

  The states' stated non-opposition to this motion, like their non-opposition to prior sealing requests, does not extinguish the public's independent right of access. The First Amendment and common law access rights belong to the press and public, not to the parties. Inner City Press respectfully urges the Court to apply the full *Lugosch* analysis independently of the parties' agreement.

**PX-1282 and Dr. Hill's Data — ECF 1318**

Live Nation has now after 1 am filed a second sealing motion, ECF 1318, seeking to seal in their entirety Dr. Hill's event-level combined primary ticketing data and PX-1282, a 6,000-page compilation of 125 Ticketmaster contracts. The public interest in these materials is not minimal — it is maximal. Dr. Hill's dataset is the empirical foundation of the states' market definition and monopoly power case, spanning ten years of primary ticketing data across Ticketmaster and every significant competitor including AXS, SeatGeek, Eventbrite, Paciolan, and Tixr. PX-1282 is a comprehensive compilation of Ticketmaster's contractual relationships with venues — the precise arrangements the states allege lock competitors out of the market. Defendants argue these materials play only a "marginal role" in the judicial process because they may not be shown to the jury in full. But the marginal role doctrine addresses documents tangential to the case — not the expert's core dataset and the contract compilation that replaced a live FRCP 1006 witness by agreement of the parties. When parties agree to substitute documents for testimony, those documents assume the full testimonial weight and public access presumption of the testimony they replace. The deal that obviated Ms. Khan's testimony does not diminish the public's right of access — it heightens it.

Before the trial started, the Court said if the press or public disagreed with sealing requests they could make that known and oppose it. Tonight after midnight Live Nation filed this sealing request, and the Press for the public has immediately opposed it.

For the foregoing reasons, Inner City Press respectfully requests that the Court deny Defendants' motion to seal PX0631 in full and deny the proposed redactions to the other exhibits, including the redactions and sealing just proposed at 1 am.

Respectfully submitted,

/s/

Matthew Russell Lee
Inner City Press

cc: All counsel via ECF