**VIA ECF**                                                    March 25, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

*Re: United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, writes in support of Defendants' request in their March 25, 2026 letter (ECF 1318) that Dr. Hill's revised event-level primary ticketing data remain sealed.

SeatGeek does not have access to, and has not seen, the dataset at issue.  However, Defendants' letter states that the data "includes event and transaction-level primary ticketing data from AXS, DICE, Etix, Eventbrite, Paciolan, SeatGeek, See Tickets, StubHub, Tickets.com, and Tixr."  (ECF 1318 at 3.)  This statement is the first time that SeatGeek has been made aware that its confidential event and transaction-level data will be moved into evidence.

To the extent that the data at issue includes SeatGeek data, SeatGeek joins in Defendants' request that it remain sealed.  SeatGeek infers, from the parties' filings and discussions in open court, that very little, if any, of the database will be shown to the jury, and it is difficult to envision, as a practical matter, how access to a presumably massive database could play any significant role in the jury's consideration of the case.  Yet the data, as described, is among SeatGeek's most competitively sensitive information.  If disclosed, it would permit a competitor to reconstruct SeatGeek's pricing and other competitive strategies, on a venue-by-venue basis, over a period of years—data that likely would be used by competitors to SeatGeek's competitive disadvantage. Because this competitive harm to SeatGeek outweighs the presumption of public access to the data, SeatGeek respectfully requests that its data remain under seal.[1]

---

[1] One member of the press has opposed keeping the data under seal, arguing that the dataset is "the empirical foundation" of the case and that the parties' agreement to admit the dataset in lieu of a Federal Rule of Evidence 1006 witness gives the dataset "the full testimonial weight and public access presumption of the testimony they replace."  (ECF 1319 at 3.)  As to the first point, Dr. Hill's testimony, which was public, disclosed the extent to which he relied on the underlying data, and as to the second, SeatGeek does not understand the listed Rule 1006 witness to have been expected to provide any testimony about the substance of the dataset.

Respectfully submitted,

COHEN & GRESSER LLP

*Ronald F. Wick*
_____
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
Derek Jackson
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
djackson@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.