

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

March 25, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

**Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS**

Dear Judge Subramanian:

Pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases, non-party Anschutz Entertainment Group, Inc. ("AEG") submits this letter motion to redact the following trial exhibits that the parties intend to introduce during the trial testimony of Rick Mueller (a former employee of AEG who is currently employed at Live Nation): **DX-0268; DX0443**; **DX-0711; PX-0017; PX-0036; PX-1284; PX-1285; and PX-1286.** In addition, AEG requests to seal Dr. Hill's event-level primary ticketing data to the extent it contains AEG's pricing and revenue information spanning a period of 10 years. *See Dkt. No.* 1318.

Each of AEG's sealing requests and the supporting basis is provided below. Specifically, AEG seeks to redact the same categories of information—personal identifiable information, pricing information, internal analysis, and revenue information—that this Court has granted sealing in relation to Mr. Jay Marciano's and Mr. Bryan Perez's trial testimony. Dkt. No. 1156 (sealing order for Mr. Marciano); Dkt. No. 1289 (sealing order for Mr. Perez).[1] Pursuant to this Court's trial confidentiality procedure, AEG conferred with the parties and understands they do not oppose AEG's sealing requests. Dkt. No. 1086 at 2.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (cleaned up). The "privacy interests of innocent third parties," such as AEG, "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050-51 (citation modified).

---

[1] In relation to Mr. Bryan Perez's testimony, this Court has already granted AEG's requests to redact DX-0268. *See* Dkt. No. 1289. AEG has included this exhibit again in this motion for abundance of caution, and the scope of AEG's sealing requests for this exhibit remains the same in this motion for Mr. Mueller.

The Honorable Arun Subramanian                - 2 -

Although the trial exhibits are considered judicial documents and carry a strong presumption of public access, AEG's request for redaction is narrowly tailored and overcomes the presumption of public access. *Lugosch*, 435 F.3d at 119. Specifically, redaction/sealing of the below exhibits is warranted under the law of this Circuit, especially in light of AEG's status as a third party in this action and this Court's prior order granting AEG's prior motions to seal trial exhibits, Dkt. Nos. 1156 & 1289.

- **DX-0268, PX-0036, PX-1284, PX-1285 & PX-1286.** For these five exhibits, AEG merely requests to redact AEG employees' and others' phone numbers, which warrants presumption of sealing under this Court's pretrial order.  *See* Dkt. No. 1053; *see also* Dkt. No. 1031 at 28 ("[T]he following categories of material should presumptively be permitted to be redacted/sealed at trial[:] Personally Identifiable Information, such as . . . phone numbers . . . and/or personal email addresses"). Notwithstanding the pretrial order, courts routinely seal such personal information to protect individuals' privacy interests. *In re Google Digital Advert. Antitrust Litig*., 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) ("Non-parties to an action may have 'significant privacy interests' that favor redaction of identifying information[,]" and their privacy interests outweigh "the strong presumption of public access" (citation omitted)); *Oakley v. MSG Networks, Inc*., 792 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) ("The public's interest in [personally identifiable] information is negligible and easily outweighed by the non-parties' privacy interests.").

- **DX-0443**. AEG requests to redact AEG employees' phone numbers, which warrant presumption of sealing. *See* Dkt. No. 1053; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. In addition, AEG requests to redact pricing information and internal analysis of its prices from July 2021, the disclosure of which would allow AEG's competitors to gain insight into AEG's internal processes and cause competitive harm to AEG. Indeed, courts routinely seal pricing information. *See Kewazinga Corp. v. Microsoft Corp*., 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find . . ., pricing information, and the like satisfy the sealing standard." (citation omitted)); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc*., 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). Courts also routinely seal a company's internal analysis. *See Stegmann v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (collecting cases).

- **DX-0711.** AEG requests to redact AEG employees' and others' phone numbers, which warrant presumption of sealing. *See* Dkt. No. 1053; Dkt. No. 1031 at 28; *see also Oakley*, 792 F. Supp. 3d at 406. Moreover, AEG requests to redact prices and percentages that were proposed to an artist in November 2022. "Specific prices, fees, or percentages in . . . contracts, offers, and proposals dated within the last four years" warrant presumption of sealing under this Court's pretrial order. *See* Dkt. No. 1053; *see also* Dkt. No. 1031 at 28-29. And as noted above, courts routinely seal such pricing information. *See Kewazinga*, 2021 WL 1222122, at *3.

- **PX-0017**. AEG requests to redact pricing information from Ticketmaster's offer in June 2022, which warrant presumption of sealing. *See* Dkt. No. 1053; Dkt. No. 1031 at 28-29; *see also Kewazinga*, 2021 WL 1222122, at *3. In addition, AEG requests to redact non-public revenue information, the disclosure would cause competitive harm to AEG. *Kewazinga*, 2021 WL 1222122, at *3 ("Courts commonly find . . . revenue information . . . satisfy the sealing

The Honorable Arun Subramanian          - 3 -

standard."); *see also Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access than conduct affecting a substantial portion of the public.).

- **Dr. Hill's entry-level ticketing data**. AEG requests to seal Dr. Hill's entry-level ticketing data to the extent it contains AEG's pricing and revenue information, spanning almost a decade. As noted by Defendants, this document presents a "comprehensive compilation of highly sensitive material, consolidating into a single, readily accessible source what a competitor would otherwise have no means of obtaining in one place." Dkt. No. 1318 at 3. The disclosure of such document would "advantage" [AEG's] competitors and harm [AEG's] businesses." *Lexington Furniture Indus., Inc. v. Lexington Co*., 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021); *see also Kewazinga*, 2021 WL 1222122, at *3.

For the foregoing reasons, AEG respectfully requests that this Court grant AEG's motion to redact or seal **DX-0268**, **DX-0443**, **DX-0711**; **PX-0017; PX-0036; PX-1284; PX-1285; PX-1286; and Dr. Hill's entry-level ticketing data to the extent it contains AEG's pricing and revenue information.**

Respectfully submitted,

*/s/ Justin W. Bernick*
Justin Bernick (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*/s/ Claude G. Szyfer*
Claude G. Szyfer
390 Madison Avenue New York, New York 10017
Telephone:(212) 918-3000
Facsimile: (212) 918-3100
claude.szyfer@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*

Dated: March 25, 2026