# PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K Street, NW
Washington, DC 20006-1047
+1 202 223 7300

**Benjamin Klein**
**Direct Dial:** +1 202 223 7317
**Email:** bklein@paulweiss.com

New York
Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Wilmington

March 26, 2026

**VIA ECF AND EMAIL**

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

> Re:    *US et al.* v. *Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973 (AS) –
> Letter Motion for Leave to Seal and Redact

Dear Judge Subramanian:

Pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases and the procedures ordered for this action, we write on behalf of our clients, the Florida Panthers Hockey Club, Ltd. and Arena Operating Company, Ltd. (collectively, "FPHC/AOC"), who are non-parties to the above-captioned case, to respectfully request that this Court seal or redact the designated portions of PX0182, JX-144, JX-141, DX-0963, and DX-0913, which Defendants have indicated may be used tomorrow at trial in the above-captioned matter. The portions of the exhibits that FPHC/AOC proposes to redact are shown in red boxes. We request that JX-141, DX-0963, and DX-0913 be sealed in their entirety but have offered redbox redactions as an alternative. Counsel for FPHC/AOC have conferred with the Defendants regarding these exhibits and they do not oppose our requests.

While there is a general presumption in favor of public access to judicial documents, records may be sealed or redacted where "sealing is necessary to preserve higher values" and "the sealing order is narrowly tailored to achieve that aim." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citation omitted).

A presumption of access may be outweighed by a party's interest in "protecting confidential business information" from disclosure that would subject it to "financial harm" or a "significant competitive advantage." *Standard Inv. Chartered, Inc.* v. *Fin. Indus. Regul.*

*Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).  Accordingly, "[c]ourts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021).  Documents that reveal the terms of contracts or content of confidential negotiations are among the types of files that courts routinely recognize as justifying protection from the public view when used in litigation. *See, e.g., Capri Sun GmbH* v. *Am. Bev. Corp.*, 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd.* v. *Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

These countervailing factors are given even greater weight where, as here, the confidential information of a *non-party* is at stake. *See, e.g.*, *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information).

PX0182, JX-144, JX-141, DX-0963, and DX-0913 contain competitively sensitive, non-public business information.  All of these files have to date been stamped and treated as "Highly Confidential" in accordance with this Court's Amended Protective Order (Dkt. No. 347).  More specifically:

- PX0182 is an active contract containing "confidential contractual terms" and reflects "trade secrets," "current or future non-public financial, marketing, or strategic business planning information," and "current or future non-public information regarding prices, costs, or margins." (Dkt. No. 347, at ¶¶ 2(a), 2(c), 2(f)).
- JX-144 is an internal company email appending a term sheet for the above-referenced contract that contains "proposed contractual terms" and reflects "trade secrets," "current or future non-public financial, marketing, or strategic business planning information," and "current or future non-public information regarding prices, costs, or margins." (*Id.*).
- JX-141 is an internal company email chain reflecting "proposed contractual terms," "negotiating positions" that include "internal deliberations about negotiating positions," and "strategic business planning information." (*Id.* at ¶ 2(f)).  As noted above, we request that this record be sealed in its entirety but have proposed redbox redactions as an alternative.
- DX-0963 and DX-0913 are internal, non-public company records that involve "strategic business information," "current or future non-public financial, marketing, or strategic business planning information," "current or future non-public information regarding prices, costs, or margins," and the "evaluation of the strengths and vulnerabilities of product or service offerings, including non-public pricing and cost information." (*Id.* at ¶¶ 2(b), 2(c), and 2(e)).  Similar to the above, we request

that each of these records be sealed in their entirety but have proposed redbox redactions as an alternative.

If made public, the designated portions of the exhibits could result in substantial harm to FPHC/AOC, including revealing "proprietary analysis and provid[ing] competitors with an unearned advantage." *Telegram Grp.*, 2020 WL 3264264, at *3. Courts may redact such documents to avert potential harm from the release of sensitive business information and to protect from the disclosure of information that may harm a business's ability to compete in the future. *See, e.g., Bergen Brunswig Corp. v. Ivax Corp.*, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases).

For the reasons explained above, FPHC/AOC respectfully requests that the Court grant its sealing and redaction requests.

Respectfully Submitted,

*/s/ Benjamin Klein*
Benjamin Klein

*Admitted pro hac vice*

CC: All counsel of record (via ECF)