# Inner City Press

March 27, 2026

By ECF

Hon. Arun Subramanian, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

**Re: Press Request that the letters "filed" after 8 pm on March 26 be docketed, and Opposition to Live Nation's March 26 redactions (and States' March 27)**

Dear Judge Subramanian:

Inner City Press has been covering the above captioned case, like many others, since the Complaint was filed in May 2024. On March 4 Inner City Press moved to unseal documents, a request partially granted on March 5 (Dkt 1117) and on March 6 after the Court heard press arguments before the jury entered. See also Dkt 1165, 1176 and 1175.

Just now in court an 8 pm March 26 telephone call about the case was disclosed, with reference made to letters "filed" after it.

None of these letters are in the docket on PACER. This is a request that they be immediately docketed, about Mr. Mueller and otherwise.

Inner City Press also has questions about the alluded to deal to withhold rather than redact the contracts, replacing these (judicial) documents with stipulate facts. On that, we will wait for Monday. For now:

Inner City Press respectfully identifies the following specific over-redaction in a trial exhibit, and requests that the Court order the redacted portions restored to the public record.

DX-0583 is an April 19, 2022 email from Mike Scanlon, SVP Arenas & Stadiums at OVG360, to Chris Granger at Live Nation, attaching a comparative analysis of Paciolan vs Ticketmaster for the Ford Wyoming Center venue contract in Casper. The document was introduced at trial and is now part of the judicial record.

The analytical framework and conclusions of this document are fully visible in the unredacted portions. Mr. Scanlon's email states explicitly: "Even without applying the attendance increase and one concert per year increase to the TM side, TM is better." The email further explains that the analysis added value to the

Ticketmaster option by assuming one additional concert per year "based on relationship" with Live Nation, and by adding attendance figures based on Ticketmaster's database size.

These are precisely the competitive linkages at the heart of the states' case — that the Ticketmaster/Live Nation relationship produces non-ticketing benefits, including concert bookings and fan database access, that venues factor into their ticketing decisions, creating a circular dependency that forecloses competition from independent ticketing companies.

All financial figures supporting these conclusions are entirely redacted. A reader can see that OVG concluded Ticketmaster was superior and understand the analytical basis for that conclusion, but cannot evaluate the magnitude of the advantage or assess whether the underlying numbers support the stated conclusion. This is not narrowly tailored redaction of competitively sensitive pricing data — it is redaction of the evidentiary basis for a conclusion that goes to the core of the antitrust claims in this case.

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019), evidence introduced at trial carries the highest presumption of public access. OVG has not demonstrated that the specific dollar figures in this five-year-old venue analysis — figures whose existence and general direction are already disclosed in the unredacted text — constitute trade secrets whose disclosure would cause competitive harm sufficient to overcome that presumption. The document is already marked "Highly Confidential — Business and Trade Secrets" but that designation does not substitute for the *Lugosch* balancing the Court must conduct.

Inner City Press respectfully requests that the Court order the financial figures in DX-0583 restored to the public record, or in the alternative conduct the *Lugosch* balancing analysis on the record so that the basis for any continued sealing is transparent.  The states after midnight put in 17 exhibits, 13 of them redacted, which we are still reviewing.

Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

cc: All counsel via ECF

2