

**U.S. Department of Justice**

Antitrust Division

Liberty Square Building
450 Fifth St. NW
Washington, DC 20530

**Via ECF**

March 27, 2026

The Honorable Arun Subramanian
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007

Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

In response to your Honor's order of March 23, 2026 (ECF No. 1294), the United States, along with the Attorneys General of Arkansas, Iowa, Mississippi, Nebraska, Oklahoma, and South Dakota ("Settling States"), as well as Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (collectively, the "Settling Parties"), respectfully submit this joint letter explaining the steps they expect will be required in connection with the forthcoming proposed Final Judgment, as well as anticipating timing of those steps.

The Settling Parties are in the process of preparing the initial filing, which will consist of three documents:

1. ***Explanation of Procedures Under the Antitrust Procedures and Penalties Act*** ("Explanation"). The Explanation is the cover submission that summarizes the requirements and procedures of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)–(h) ("Tunney Act"). The Explanation will provide more specific guidance regarding the Tunney Act process.[1]

2. ***Stipulation and Order***. The Stipulation and Order contains certain stipulations and commitments among the Settling Parties, to which all Settling Parties agree by signing the Stipulation portion of the document. These commitments include following the requirements of the Tunney Act process and a commitment by Defendants to comply with the provisions of the proposed Final Judgment during the

---

[1] For a recent example of such an Explanation, *see United States v. Reddy Ice LLC, et al.*, No. 26-cv-271, ECF No. 2 (D.D.C. Jan. 30, 2026).

Tunney Act proceedings. In the Explanation, the Settling Parties will ask the Court to enter the Stipulation and Order as soon as possible.

3. ***Proposed Final Judgment***. The proposed Final Judgment contains the terms of the settlement agreement between the Settling Parties. Once the requirements of the Tunney Act are fulfilled, the United States will move the Court for the entry of the proposed Final Judgment as the Final Judgment.

The United States and the Settling States have prepared advanced drafts of the Stipulation and Order and proposed Final Judgment based on the signed term sheets. The Settling Parties understand that additional states are considering settling this matter, and that it is possible that additional states and Defendants may agree to terms that rely on or addend the term sheet between the United States and Defendants. To the extent additional states intend to join the settlement, the most efficient course would be for the states to do so prior to finalizing and filing the proposed Final Judgment. Amending the proposed Final Judgment, such as would be required to incorporate an additional settling state or additional settlement terms, may require the United States to restart the Tunney Act period, causing delays. Accordingly, the United States and Settling States stand ready to consider any adjustments to the proposed Final Judgment that may be appropriate to facilitate a broader resolution of this case. As soon as the Settling Parties agree on final versions of the proposed Final Judgment and Stipulation and Order, the United States will file those documents along with the Explanation. The Settling Parties jointly estimate this process will be complete within approximately two months.

As the Court has already noted, ECF No. 1231, the Tunney Act requires Defendants to file with this Court a description of certain communications. 15 U.S.C. § 16(g). Defendants will submit this filing either alongside, or in any event no later than, within ten days of the filing of the proposed Final Judgment.

The United States will also file a Competitive Impact Statement with this Court to explain the proposed settlement, which, as required by 15 U.S.C. § 16(b), will include descriptions of the alleged antitrust violation, the relief achieved in the proposed settlement, and the anticipated effects on competition of such relief, among other topics. The Settling Parties will also inform the public of the settlement, its terms, its competitive impact, and any other required materials through publications in the Federal Register and in newspapers of general circulation, as specified by 15 U.S.C. § 16(c). The United States will endeavor to complete these steps as quickly as possible after filing the Explanation, Stipulation and Order, and proposed Final Judgment. The public will have at least 60 days from the publication of the required notices to submit written comments to the United States on the proposed Final Judgment.

The United States will consider any written comments received prior to the end of the 60-day period and will file with this Court a response to any such comments. It may take several weeks to review, consider, and respond to the public comments, depending on the substance and volume of comments received. During this time, the United States may seek permission from the

2

Court to publish the comments and the United States' response online, rather than making traditional publication of all public comments in the Federal Register.

After the United States has filed and published its response to any public comments received and otherwise satisfied the requirements of the Tunney Act, the United States will move the Court to enter the Final Judgment. At that time, the Court may enter the Final Judgment without a hearing if the Court concludes that the Final Judgment is in the public interest.

Certain states that are part of this settlement brought claims as *parens patriae*, subject to 15 U.S.C. § 15c, including notice and approval requirements. The Settling Parties anticipate being able to satisfy all statutory notice and approval requirements during the Tunney Act process.

Respectfully submitted,

/s/ David M. Teslicko
David M. Teslicko
Assistant Chief
Financial Services, Fintech, and Banking Section
United States Department of Justice Antitrust
Division 450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 307-0128
Email: David.Teslicko@usdoj.gov
*Attorney for Plaintiff United States of America*

cc: All counsel of record (via ECF)

3