Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.  Washington, DC
20006

T   +1 202.887.4000
F   +1 202.887.4288
akingump.com



**Brian Rafkin**
+1 202.887.4158
brafkin@akingump.com

March 29, 2026

<u>**Via CM/ECF & Email**</u>

The Honorable Arun Subramanian United States
District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> **Re:**   **United States, et al. v. Live Nation Entm't, Inc., No. 1:24-cv-3973 (AS)**

Dear Judge Subramanian:

I write on behalf of non-party Lincoln Holdings, LLC dba Monumental Sports and Entertainment ("Monumental"). Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and Section XV of the Pretrial Order (ECF No. 1031, which the Court adopts in ECF No. 1053), Monumental requests that the following Exhibits proposed for use by the parties at trial be granted confidential treatment as set forth in the Appendix.

- **Plaintiffs' Exhibits:** PX1403A, PX1406, PX1409, PX1411, and PX687.

- **Defendants' Exhibits:** DX1512, DX1529, DX1531, and DX1532.

Monumental has met and conferred with State Plaintiffs and Defendants, and the Parties do not oppose this request.

### I.    Legal Standard

The Exhibits at issue should be granted confidential treatment as set forth in the Appendix, for at least two reasons.

*First,* the Exhibits contain personally identifiable information of non-parties to this action, including the non-public email addresses and phone numbers of employees of Monumental. The Court and the Parties have agreed that such personally identifiable information "should presumptively be permitted to be redacted/sealed at trial" (ECF No. 1031 at ¶ 52(a); ECF No. 1053).

*Second,* the Exhibits contain confidential and/or competitively sensitive information that warrants protection. Courts address motions to seal under the three-step framework outlined in *Lugosch v.*

*Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006). "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-120). Though an exhibit may be a judicial document subject to a presumption of public access, the weight of that presumption is overcome by "competing considerations." *Lugosch*, 435 F.3d at 120.

Documents containing "information revealing the terms of contracts or the content of such confidential negotiations are among those th[e] Court routinely recognizes as justifying protection from the public view when used in litigation." *Capri Sun GmbH v. Am. Bev. Corp.,* 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd. v. Flambeau, Inc.,* 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (protecting contractual terms because disclosure could "harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements").

Courts routinely recognize that sealing or redacting "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," is an important countervailing interest that outweighs the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp*., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *accord, e.g., Locus Techs. v. Honeywell Int'l Inc.,* 2024 WL 5103334 at *2-3 (S.D.N.Y. Dec. 13, 2024); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264 at *5-6 (S.D.N.Y. June 17, 2020).

These countervailing factors are given greater weight where, as here, a non-party's confidential information and privacy interests are at stake. *See, e.g., Amodeo,* 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information); *In re Digital Music Antitrust Litig.,* 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third-party internal pricing strategies and competitive data).

Thus, because the Exhibits discuss Monumental's sensitive business information and disclose personally identifiable information, they should be granted confidential treatment as set forth in the Appendix.

Please contact me via email or phone if you have any questions or would like to discuss.

Respectfully submitted,

Brian Rafkin
*Counsel for Non-Party Lincoln Holdings, LLC*

Enclosures:  Document to be Redacted (via email)

CC:      Counsel of record (via CM/ECF)

**APPENDIX**
**MONUMENTAL'S LETTER MOTION TO SEAL OR REDACT TRIAL EXHIBITS**

| EXHIBIT | REASON TO SEAL OR REDACT |
|---|---|
| | **PLAINTIFFS' EXHIBITS** |
| **PX1403A** | PX1403A contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 52(a). The Exhibit contains personal email addresses and contact information of several Monumental and Ticketmaster employees that require redaction to protect their privacy.<br><br>This Exhibit also contains a Term Sheet, which includes confidential terms relating to a proposed ticketing agreement with Ticketmaster which was recently executed in October 27, 2025 and is effective as of July 1, 2027. Monumental has a compelling interest in protecting the confidential and competitively sensitive business information contained in the Term Sheet, including its proposed contractual terms with Ticketmaster, as well as associated financial terms. Courts routinely seal confidential contracts just like the Term Sheet. *See SEC v. Ripple Labs, Inc.*, 2023 WL 3477552 at *9 (S.D.N.Y. May 16, 2023) (granting third party's motion to seal contract terms between third party and defendant); *Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.*, 2025 WL 2977725 at *3 (S.D.N.Y. Oct. 21, 2025). Furthermore, this Court has previously granted non-parties' motions to seal ticketing agreements, including those of Monumental. *See, e.g.,* ECF No. 1267 (granting motion to seal ticketing agreement between Monumental and Ticketmaster); ECF No. 1147 (granting motion to seal ticketing agreement between LA Clippers and Ticketmaster). Accordingly, the Agreement should be sealed in its entirety or, in the alternative, redacted. |
| **PX1406** | PX1406 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 52(a). The Exhibit contains personal email addresses and contact information of several Monumental and Ticketmaster employees that require redaction to protect their privacy. Thus, this Exhibit should be submitted with the proposed redactions. |
| **PX1409** | PX1409 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 52(a). The Exhibit contains personal email addresses and contact information of several Monumental and Ticketmaster employees that require redaction to protect their privacy. Thus, this Exhibit should be submitted with the proposed redactions. |
| **PX1411** | PX1411 is a Ticketing Agreement between Monumental and Ticketmaster, dated October 27, 2025 and effective July 1, 2027. This is an extension of the existing agreement between the parties which does not become effective until a later date.<br><br>Monumental has a compelling interest in protecting the confidential and competitively sensitive business information contained in the Agreement, including its contractual terms with Ticketmaster, as well |

| | |
|---|---|
| | as associated financial terms. Courts routinely seal confidential contracts just like the Agreement. *See SEC v. Ripple Labs, Inc.*, 2023 WL 3477552 at *9 (S.D.N.Y. May 16, 2023) (granting third party's motion to seal contract terms between third party and defendant); *Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.*, 2025 WL 2977725 at *3 (S.D.N.Y. Oct. 21, 2025). Furthermore, this Court has previously granted other non-parties' motions to seal ticketing agreements. *See, e.g.,* ECF No. 1147 (granting motion to seal ticketing agreement between LA Clippers and Ticketmaster). <br><br> Accordingly, the Agreement should be sealed in its entirety or, in the alternative, redacted. |
| **PX687** | PX687 is a Licensed User Agreement (i.e., ticketing agreement) between Monumental and Ticketmaster, dated February 28, 2017, which has been subsequently amended and extended. Monumental has a compelling interest in protecting the confidential and competitively sensitive business information contained in the Agreement, including its contractual terms with Ticketmaster, as well as associated financial terms. Courts routinely seal confidential contracts just like the Agreement. See SEC v. Ripple Labs, Inc., 2023 WL 3477552 at *9 (S.D.N.Y. May 16, 2023) (granting third party's motion to seal contract terms between third party and defendant); Dinosaur Fin. Grp. LLC v. S&P Glob., Inc., 2025 WL 2977725 at *3 (S.D.N.Y. Oct. 21, 2025). This Court has previously granted other non-parties' motions to seal ticketing agreements. *See*, e.g., ECF No. 1147 (granting motion to seal ticketing agreement between LA Clippers and Ticketmaster). Additionally, the Court previously granted a motion to redact competitively sensitive information within this Exhibit (*see* ECF 1325). <br><br> Accordingly, the Agreement should be submitted with the proposed redactions. |
| **DEFENDANTS' EXHIBITS** ||
| **DX1512** | DX1512 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 52(a). The Exhibit contains personal email addresses and contact information of several Monumental and SeatGeek employees that require redaction to protect their privacy. Additionally, the Court previously granted a motion to redact sensitive information within this Exhibit (*see* ECF 1218). Thus, this Exhibit should be submitted with the proposed redactions. |
| **DX1529** | DX1529 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 52(a). The Exhibit contains personal email addresses and contact information of several Monumental and Ticketmaster employees that require redaction to protect their privacy. <br><br> DX1529 also includes a discussion of proposed contract terms for the current ticketing agreement between Monumental and Ticketmaster which was entered into in 2021 and which remains the effective agreement between the parties as of today. Monumental has a compelling interest in |

| | |
|---|---|
| | protecting the confidential and competitively sensitive business information contained in the document, including its contractual terms with Ticketmaster, as well as associated financial terms. Courts routinely seal confidential contracts like this term sheet. *See SEC v. Ripple Labs, Inc.*, 2023 WL 3477552 at *9 (S.D.N.Y. May 16, 2023) (granting third party's motion to seal contract terms between third party and defendant); *Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.*, 2025 WL 2977725 at *3 (S.D.N.Y. Oct. 21, 2025). Furthermore, this Court has previously granted other non-parties' motions to seal ticketing agreements. *See, e.g.,* ECF No. 1147 (granting motion to seal ticketing agreement between LA Clippers and Ticketmaster).<br><br>Accordingly, the Exhibit should be submitted with the proposed redactions. |
| **DX1531** | DX1531 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 52(a). The Exhibit contains personal email addresses and contact information of several Monumental employees that require redaction to protect their privacy.<br><br>In addition, DX1531 contains internal deliberations regarding contractual terms. Public disclosure of internal discussions regarding specific business goals of a ticketing partnership would reveal "valuable insights into [the] company's" business practices. *Locus Techs. v. Honeywell Int'l Inc.,* 2024 WL 5103334 at *8-9 (S.D.N.Y. Dec. 13, 2024).<br><br>Thus, this Exhibit should be submitted with the proposed redactions. |
| **DX1532** | DX1532 contains information the parties have agreed to redact and/or seal. *See* ECF No. 1031 at 52(a). The Exhibit contains personal email addresses and contact information of several Monumental and Ticketmaster employees that require redaction to protect their privacy. Thus, this Exhibit should be submitted with the proposed redactions. |