March 30, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. We write pursuant to the Court's March 6, 2026 ruling in open court ("March 6 Ruling"), to request the redaction and sealing for confidentiality certain portions of the below documents,[1] and to seal PX0834_1 and PX0859 in full, which may be used at trial with Matthew Hansen and Jim Van Stone (the "Exhibits"). Specifically, Defendants seek to seal competitively sensitive pricing information, contract terms, and trade secrets, confidential research and development information. Plaintiffs have indicated that they do not oppose the sealing of this information.

The Supreme Court has long held that "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Rather, "[t]he Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Competing interests that outweigh access include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, including the protection of competitively sensitive business information, s*ee, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55

---

[1] In addition to the redactions referenced in this motion, the Exhibits may also include redactions for personally identifiable information and/or sensitive personal information or medical information, which do not require a motion to seal pursuant to the Court's March 8, 2026 order approving the presumptive redaction of such information. *See* ECF 1138; ECF 1137 (defining personally identifiable information and sensitive personal information or medical information). For ease of review, the proposed redactions subject to this motion are reflected in blue boxes whereas the redactions for personally identifiable information and/or sensitive personal information or medical information are reflected in red boxes.

(S.D.N.Y. 2015); *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").[2] "[C]ourts have refused to permit their files to serve as reservoirs . . . of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978) (internal citations omitted).

The public's interest in accessing the below information does not overcome the strong argument in favor of its protection. The information Defendants seek to redact/seal in the Exhibits, as specifically described in Annex A and below, is competitively sensitive business information, specifically:

- **Board materials.**  Three of the documents proposed to be used with Mr. Hansen are lengthy non-public sets of Live Nation board materials.  Plaintiffs have indicated that they only expect to use certain pages of those Board materials with Mr. Hansen in court. Consistent with the Court's guidance on other lengthy, sensitive documents, Defendants are proposing redactions only for the slides in PX0326, PX0327, and PX0802 that Plaintiffs advised they are using at trial, and otherwise propose to seal the remainder of the Board materials.  The information in the slides that are not expected to be used is not "judicial" as it is not relevant to the performance of the judicial function.  *See Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (document qualifies as a "judicial document" only if it is "relevant to the performance of the judicial function and useful in the judicial process.").

- **Trade secrets, confidential research and development information.** The information Defendants seek to redact/seal in the Exhibits (see exhibits in Annex A that note "Trade Secrets"), reflects detailed descriptions of, and references to, Ticketmaster's internal technology infrastructure—the core of Ticketmaster's competitive offering as a technology platform—including its research and development strategy and architectural drawings of its systems. Ticketmaster has, at all times, treated this information as closely guarded and highly confidential. Disclosure would inflict serious and irreparable competitive harm: competitors armed with knowledge of Ticketmaster's proprietary systems, strategies, and development plans would gain an unearned advantage that they could exploit to replicate Ticketmaster's technology and undermine its ability to compete for customers. "Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (internal citation omitted).

- **Pricing information, including those within contracts or contract offers, or proposals.**  The information Defendants seek to redact/seal in the Exhibits (see exhibits in Annex A that note "Pricing Information/Contract Terms"), reflects specific pricing

---

[2] *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (same weight of presumption of access to evidence introduced at trial as evidence connected to a summary judgment motion).

information, fees, percentages, and contract terms relating to contracts and contract negotiations with customers, including venues and artists. In addition, Defendants seek to seal PX0834_1 and PX0859 in full, as they consist entirely of Excel spreadsheets containing granular, venue-, show-, and customer- specific financial information, including pricing and costs. Public disclosure of this information would materially compromise Defendants' negotiating position with artists and venues and could be leveraged by competitors seeking to undercut Defendants in securing future contracts. Courts routinely permit the sealing of such information. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing "information concerning [Defendants'] trading strategies, objectives and transactions" and "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Locus Technologies v. Honeywell International Inc.*, 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) (collecting cases) ("Courts regularly seal pricing information . . . ."); *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents reflecting negotiations and related internal analysis as disclosure would place the parties in a competitive disadvantage in future negotiations).

- **Non-public revenue information, forward-looking business strategy, including potential transactions.** The information Defendants seek to redact/seal in the Exhibits (see exhibits in Annex A that note "Non-public Revenue/Transaction Information"), reflects non-public revenue information, including costs and margins, forward-looking business strategy and projections, and modeling and analysis of potential transactions. The disclosure of such information would severely harm Defendants' competitive standing. Courts commonly seal such information. *See, e.g., Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (internal citation omitted) ("Courts commonly find that documents that contain . . . marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing "information concerning [Defendants'] trading strategies, objectives and transactions" and "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

The above information is not of "value . . . to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. Accordingly, Defendants respectfully request that the Court seal the proposed portions of the Exhibits and/or seal those requested to be sealed in full.[3]

---

[3] Defendants will send the Exhibits to the Court's Chambers consistent with the Court's March 8, 2026, order (ECF 1138), and Defendants' understanding of the Court's guidance at the February 25, 2026, pretrial conference.

Dated:  March 30, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

CRAVATH, SWAINE & MOORE LLP

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*