**VIA ECF**                                                                                    March 30, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Pursuant to Rule 11 of the Court's Individual Practices in Civil Cases, non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, submits this letter motion to redact PX0221, which Defendants have advised that they intend to use during the testimony of Ronald VanDeVeen on March 31, 2026.

Although trial exhibits are judicial documents and carry a strong presumption of public access, SeatGeek's request for redaction is narrowly tailored and overcomes the presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (recognizing that "countervailing factors" permit sealing of documents to which public access presumption attaches); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2001) (noting that "[c]ourts commonly find" that pricing information satisfies the sealing standard).

SeatGeek's requested redactions to PX0221, a 2022 ticketing term sheet proposed to MetLife Stadium, are tailored to meet this standard. SeatGeek seeks to redact only competitively sensitive pricing information—*i.e.,* specific figures and surrounding language, as well as pricing-adjacent terms that explain how prices are calculated or applied. *See* Dkt. No. 1053 at 29 "[s]pecific prices, fees, or percentages in . . . offers and contracts, offers, and proposals" dated 2022 or later warrant presumption of sealing). In addition, SeatGeek seeks to redact the personal phone number of a former employee. *See id.* at 28 (extending presumption to "Personally Identifiable Information, such as . . . phone numbers").

Proposed "redbox" redactions are being submitted to Chambers via email. Pursuant to the protocol proposed by the parties and adopted by the Court for this case, SeatGeek has provided its proposed redactions to Defendants, and Defendants have advised that they do not oppose the redactions.

For the foregoing reasons, SeatGeek respectfully requests that the Court grant its motion to redact PX0221.

Respectfully submitted,

COHEN & GRESSER LLP


*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
Derek Jackson
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
djackson@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.

2