SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 30, 2026

*Via ECF*

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re:   *United States et al.* v. *Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS; Letter Motion to Seal Non-Party BSE's Confidential Material

Dear Judge Subramanian:

I write on behalf of non-parties Brooklyn Events Center, LLC, Brooklyn Nets, LLC, and New York Liberty, LLC (together, "BSE"). Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and the Court's February 26, 2026 order (ECF No. 1086), and oral instruction on March 6, 2026, BSE respectfully submits this letter motion seeking the Court's approval to redact a confidential document produced by BSE in the above-captioned action. The document, BSE-DOJ-00182205 (DX-0437), was identified to BSE by Defendants as a potential trial exhibit that may be used in the examination of Ms. Laurie Jacoby. For the reasons explained below, BSE requests that this potential trial exhibit be redacted.[1]

We have met and conferred with counsel for Defendants to focus our review of DX-0437 on the page that Defendants intend to discuss at trial and to endeavor to propose narrow redactions to that page that protect BSE's confidential material while still enabling Defendants to put on their case without obstruction. We understand that Defendants do not oppose our proposed redactions. BSE's sealing request is narrowly tailored and overcomes the presumption in favor of public access. *Lugosch* v. *Pyramid*

---

[1]    Pursuant to ¶ 52 of the Proposed Joint Pretrial Order (ECF No. 1031), BSE is also requesting the redaction of the personal cell phone numbers of BSE employees and certain of their business partners in the following documents: BSE-DOJ-00078323 (DX-0473), BSE-DOJ-00199638 (DX-0476), BSE-DOJ-00130173 (DX-0608), BSE-DOJ-00022528 (DX-4051), BSE-DOJ-00129701 (PX-0121).

*Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

### I.    Legal Standard

While there is a general presumption in favor of public access to judicial documents, documents may be sealed or redacted where "sealing is necessary to preserve higher values" and "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n* v. *Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-120).

A presumption of access may be outweighed by a party's interest in "protecting confidential business information" from disclosure that would subject it to "financial harm" or a "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also U.S.* v. *Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts"). Accordingly, "Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021); *see also Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing redaction of "business information and strategies," which, if revealed, "may provide valuable insights into a company's current business practices").

These countervaling factors are given even greater weight where, as here, a non-party's confidential information is at stake. *See, e.g.*, *Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third-party internal pricing strategies and competitive data).

### II.    The Court Should Maintain Under Seal BSE's Confidential Business Information

DX-0437 contains BSE's confidential business information, the disclosure of which could harm BSE by providing its competitors and other third parties insight into its internal business strategies and financial performance. Specifically, this document reveals BSE's recent financial performance, discusses the success of past business strategies, and identifies potential opportunities for growth. Disclosure of this information to competing venues would harm Barclays Center, as well as consumers that benefit from competition among venues in the NYC-area. Disclosure could also give third parties an unfair

advantage in negotiations with BSE, as they could leverage this insight to their advantage.

BSE respectfully requests that the Court allow the redaction of the proposed portions of DX-0437.[2]

Respectfully submitted,

*/s/ Samantha Hynes*
Samantha Hynes (admitted *pro hac vice*)
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215
T: (202) 956-7500
hyness@sullcrom.com

*Counsel for non-parties Brooklyn Events Center, LLC, Brooklyn Nets, LLC, and New York Liberty, LLC*

cc:    All Counsel of Record (via ECF)

---

[2]    BSE emailed its proposed redactions to the Court's Chambers on March 30, 2026.

3