**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. We respectfully submit this response in opposition to the application from Inner City Press ("Inner City"), ECF No. 1336 (the "Motion"), requesting, among other things, the public docketing of letters sent by the parties to the Court's Chambers, *in camera*, that have not been offered into evidence at trial.[1]

Inner City's Motion requests the letters related to "an 8pm March 26 telephone call about the case" be immediately docketed (the "Letters"). Mot. at 1. The Letters were submitted to the Court *in camera* because they implicate the privacy interests of non-parties. On March 29, the Court granted Defendants' motion for additional time to respond to the Motion, noting:

> [T]here's probably some portion of the parties' letters that can be publicly filed
> with redactions. The Court agrees that specific references to the substance of the
> files at issue, and the files themselves, none of which were utilized at trial or had
> anything to do with any judicial function, are properly subject to sealing.

ECF No. 1342. Consistent with the Court's order, Defendants respectfully request that the Court deny Inner City's Motion insofar as it seeks the *full* public docketing of the Letters and any other materials submitted to the Court *in camera* on March 26, 2026 pertaining to this issue. Instead, Defendants seek leave to file redacted versions of the Letters,[2] and seek to seal "the substance of the files at issue, and the files themselves." *See* ECF No. 1342.

The Supreme Court has long held that "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Rather, "[t]he Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007)

---

[1] The Motion also requests the unsealing of DX-0583, which was filed by Defendants on March 3, 2026 with redactions pursuant to the Court's order granting a non-party motion to seal. *See* ECF Nos. 1334-3, 1316, 1332.

[2] The Letters with Defendants' proposed redactions have been submitted to the Court via email. For ease of review, the proposed redactions subject to this response in opposition are reflected in red boxes. Consistent with the Court's orders on sealing procedures to date, Defendants will file the redacted Letters on the docket within 24 hours of the Court's resolution of the Motion.

(citations omitted).  Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  Second, "the court must determine 'the weight of the presumption'" of public access to the documents.  *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119).  Third, the "'court must balance competing considerations against'" the presumption of public access.  *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Competing interests include "the privacy interests of those resisting disclosure."  *Lugosch*, 435 F.3d at 120 (internal citations omitted).

While materials filed in connection with an evidentiary dispute are considered "judicial documents," competing considerations outweigh the presumption of public access to the Letters.[3] Under *Lugosch*, the second step of the analysis requires a court to "determine the weight of that presumption" by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  435 F.3d at 119.  On one end of the continuum are "matters that directly affect an adjudication," and on the other end are "matters that come within a court's purview solely to [e]nsure their irrelevance."  *Id.*  The Letters do not pertain to any of the allegations and defenses before the Court in the present case.  Instead, the Letters were submitted to provide the Court with the factual background and context for an evidentiary dispute related to the scope of testimony Plaintiffs would be permitted to elicit during trial.  For this reason, the presumption of public access to the Letters is minimal.

Even where a presumption of public access attaches, it may be overcome by sufficiently compelling countervailing interests.  The Second Circuit has made clear that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation."  *Amodeo II*, 71 F.3d at 1050 (cleaned up).  Such interests "are a venerable common law exception to the presumption of access."  *Id*. at 1051.  Indeed, "[c]ourts have long declined to allow public access simply to cater to a morbid craving for that which is sensational and impure."  *Amodeo II*, 71 F.3d at 1051 (internal citations and quotations omitted).  Courts are to ensure their records are not "used to gratify private spite or promote public scandal."  *Nixon*, 435 U.S. at 598 (internal quotation marks and citation omitted) (collecting cases).

"In determining the proper weight to accord an asserted privacy interest, a court should consider both 'the degree to which the subject matter is traditionally considered private rather than public,' as well as '[t]he nature and degree of the injury' to which the party resisting disclosure would be subjected were the privacy interest not protected."  *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *Amodeo II*, 71 F.3d at 1051).  "The latter inquiry entails 'consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information.'"  *Id.* (quoting *Amodeo II*, 71 F.3d at 1051).

Here, the Letters contain information that implicates the privacy interests of non-parties. This is precisely the type of private information the Second Circuit has identified as weighing most

---

[3] Moreover, as the Court noted in its March 29, 2026 order, neither "the substance of the files at issue" nor "the files themselves" "were utilized at trial or had anything to do with the judicial function," and therefore "are properly subject to sealing."  ECF No. 1342.

heavily against disclosure. *See Amodeo II*, 71 F.3d at 1051 ("family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public"); *U.S. v. Sattar*, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006) (sealing language "that concern[ed] highly personal family matters relating to defendant Stewart as to which there is a sufficient privacy interest, well-recognized by the Court of Appeals, that is sufficiently compelling to warrant redaction"). Indeed, non-party AEG has already sought to seal employee evaluations of its current employee, *see* ECF No. 1285 (noting that sealing is particularly warranted where the "evaluation is not public and was withheld from the employee at issue"), and the Court granted that sealing request, *see* ECF No. 1289.

Even worse, the information appears to have been disclosed to Plaintiffs by outside counsel to AEG in violation of California law and the individual's state constitutional right to privacy. *See* Cal. Code of Civ. Proc. § 1985.6 (requiring notice and an opportunity to be heard before production of employment records); *Grobee v. Corr. Corp. of Am.*, No. 13-cv-1060-GPC (DHB), 2014 WL 229266, at *2 (S.D. Cal. Jan. 17, 2014) ("Under California law, personnel records of employees are protected by California's constitutional right of privacy." (citing Cal. Const., art. I, § 1)). Given the statement by AEG's counsel that the prospect of disclosure of this information would lead to a "good chance [the witness] would try to avoid testifying," *see* Mar. 24, 2026 Email from J. Bernick (counsel for AEG) to A. Gitlin (counsel for Plaintiffs), this appears to have been done in the hopes that it would dissuade the witness from testifying in this case. Not only would the disclosure of this information reward such unseemly trial tactics, it is also highly likely to cause harm to non-parties' privacy interests. *See United States v. Jones*, 2024 WL 1700033, at *3 (S.D.N.Y. Apr. 19, 2024) (sealing sensitive personal information "the revelation of which the Court finds is highly likely to cause harm to those third parties' privacy interests and potentially likely to cause harm to their reputations"); *Hernandez v. Off. of Comm'r of Baseball*, 2021 WL 1226499, at *12-13 (S.D.N.Y. Mar. 31, 2021) (quoting *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (sealing employees' evaluations, even though they were shared with a select few individuals, where the disclosure would likely cause embarrassment).

Inner City Press' request for public docketing of the Letters serves no purpose related to legitimate monitoring of the judicial process. The information at issue has no bearing on the antitrust claims in this case.

For the foregoing reasons, Defendants respectfully request the Court deny Inner City's Motion insofar as it seeks to require the parties to file the Letters on the public docket, in full. Instead, Defendants respectfully request that the Court grant Defendants' leave to file the proposed redacted versions of the Letters that were submitted to the Court concurrently with this response.

*[signatures on following page]*

3

Dated:  March 30, 2026

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc: All counsel of record (via ECF)

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*