March 30, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. We write pursuant to the Court's March 6, 2026 ruling in open court ("March 6 Ruling"), to request the redaction and sealing for confidentiality certain portions of the below documents,[1] and to seal the native excels of PX0759 and PX0917 in full, which may be used at trial with Ben Weeden (the "Exhibits"). Specifically, Defendants seek to seal competitively sensitive business information. Plaintiffs have indicated that they do not oppose the sealing of this information.

The Supreme Court has long held that "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Rather, "[t]he Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Competing interests that outweigh access include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, including the protection of competitively sensitive business information, s*ee, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015); *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024

---

[1] In addition to the redactions referenced in this motion, the Exhibits may also include redactions for personally identifiable information and/or sensitive personal information or medical information, which do not require a motion to seal pursuant to the Court's March 8, 2026 order approving the presumptive redaction of such information. *See* ECF 1138; ECF 1137 (defining personally identifiable information and sensitive personal information or medical information). For ease of review, the proposed redactions subject to this motion are reflected in blue boxes whereas the redactions for personally identifiable information and/or sensitive personal information or medical information are reflected in red boxes.

WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").[2] "[C]ourts have refused to permit their files to serve as reservoirs . . . of business information that might harm a litigant's competitive standing." *Nixon,* 435 U.S. at 598 (internal citations omitted).

The public's interest in accessing the below information does not overcome the strong argument in favor of its protection. The information Defendants seek to redact/seal in the Exhibits, as specifically described below, is competitively sensitive business information.

**Pricing information and non-public revenue information..** Defendants seek to redact/seal specific pricing information, margins, fees, percentages, and contract terms relating to contracts and contract negotiations with customers, including venues, as well as non-public revenue information, contained in the below documents:

- PX0639 and PX0639-1 reflect internal, non-public Live Nation financial information, including event contribution margins. *See, e.g.,* PX639 at LNE22-001632973.

- PX0794 contains internal, non-public Live Nation financial information relating to a contract renewal with a venue, including venue-specific revenue information revealing contract terms and margins. *See, e.g.,* PX0794 at LNE-LIT24-001538144, -145, -147, -148.

- PX0759 contains internal, non-public Live Nation financial information relating to potential new or extended venue contracts or acquisitions, *see, e.g.,* LNE-LIT24-001295575, and internal, non-public, granular financial metrics related to promoted shows, including ticket price and contribution margin.

- PX0850 reflects internal, non-public Live Nation analysis of a potential contract renewal, including negotiating positions for the same. *See, e.g.,* PX0850 at LNE-LIT24-003135626.

- PX1129 reflects venue-specific contract terms and pricing. *See, e.g.,* PX1129 at LNE-LIT24-002307230, LNE-LIT24-002307232.

In addition, Defendants seek to seal PX0917 and PX0759-1 in full; both are Excel spreadsheets containing granular financial information, including specific pricing and costs, that is competitively sensitive. *See, e.g.,* PX0917 ("Assumption" tab, including pricing information, specifically costs, "HC" tab, including salaries, and "COMP" tab, including venue-specific expenses); PX0759 ("Show costs" and "Revenue").

Public disclosure of the above information would materially compromise Defendants' negotiating position with customers, including venues and artists, and could be leveraged by competitors seeking to undercut Defendants in securing future contracts. Courts routinely permit

---

[2] *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (same weight of presumption of access to evidence introduced at trial as evidence connected to a summary judgment motion).

the sealing of such information. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing "information concerning [Defendants'] trading strategies, objectives and transactions" and "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Locus Technologies v. Honeywell International Inc.*, 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) (collecting cases) ("Courts regularly seal pricing information . . . ."); *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents reflecting negotiations and related internal analysis as disclosure would place the parties in a competitive disadvantage in future negotiations); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (internal citation omitted) ("Courts commonly find that documents that contain . . . marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

The above information is not of "value . . . to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. Accordingly, Defendants respectfully request that the Court seal the proposed portions of the Exhibits and/or seal those requested to be sealed in full.[3]

*[signatures on following page]*

---

[3] Defendants will send the Exhibits to the Court's Chambers consistent with the Court's March 8, 2026, order (ECF 1138), and Defendants' understanding of the Court's guidance at the February 25, 2026, pretrial conference.

3

Dated:  March 30, 2026

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

4