# Inner City Press

March 30, 2026

By ECF

Hon. Arun Subramanian, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

**Re: Reiterated Press Request that the letters "filed" after 8 pm on March 26 be docketed, and Opposition to Live Nation Sealing 1349 Declaration for motion to strike testimony of Dr. Abrantes-Metz**

Dear Judge Subramanian:

Inner City Press has been covering the above captioned case, like many others, since the Complaint was filed in May 2024. On March 4 Inner City Press moved to unseal documents, a request partially granted on March 5 (Dkt 1117) and on March 6 after the Court heard press arguments before the jury entered. See also Dkt 1165, 1176 and 1175, and 1336. On that:

**I. Defendants Mischaracterize the Relief Sought**

Inner City Press does not seek the disclosure of genuinely private personnel information about non-parties. Inner City Press seeks the public docketing of letters submitted to this Court in connection with an active trial proceeding — with appropriate redactions of any genuinely private third-party information. Defendants' opposition conflates the two, spending most of its brief defending the redaction of specific content that Inner City Press has never argued must be disclosed in unredacted form. The real dispute is whether the letters themselves — describing the existence, timing, and subject matter of the March 26, 2026 telephone conference — should appear on the public docket at all, in any form.

On that question, the Court itself has already answered in Inner City Press's favor: "there's probably some portion of the parties' letters that can be publicly filed with redactions." ECF No. 1342. Inner City Press agrees. The question is not whether to redact private information — it is whether the redacted letters will be docketed so that the public can assess the nature and scope of what occurred, and what the Court was asked to decide.

 That Live Nation even after the Court's Sunday text-only order did not file any portion of the letters but instead waited until after 11 pm to further defer any docketing, while withholding their declaration and exhibits in Dkt 1349, is telling. See below, challenging / asking the Court to review that sealing.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

## II. The Letters Are Judicial Documents

Defendants argue that the letters bear only a "minimal" presumption of public access because they were not "utilized at trial" and had no bearing on the antitrust claims. This argument proves too much. Under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006), the relevant question is whether a document is "relevant to the performance of the judicial function and useful in the judicial process" — not whether it was admitted into evidence or pertains to the merits. The letters were submitted to the Court to inform a ruling on the permissible scope of witness testimony at trial. That is precisely the kind of evidentiary dispute that falls within the Court's Article III function. Defendants themselves acknowledge the letters were submitted "to provide the Court with the factual background and context for an evidentiary dispute related to the scope of testimony Plaintiffs would be permitted to elicit during trial." Opposition at 2. An evidentiary dispute about trial testimony is a judicial function.

Defendants' reliance on the lower end of the Lugosch continuum — matters that come before a court "solely to ensure their irrelevance" — misreads the standard. These letters were submitted because they were relevant to a ruling the Court was being asked to make about trial proceedings. They are judicial documents.

## III. The Privacy Interest Argument Does Not Justify Wholesale Non-Docketing

Defendants invoke the privacy interests of a non-party AEG employee whose personnel records apparently were disclosed to Plaintiffs' counsel. Inner City Press takes no position on the underlying merits of that disclosure dispute, except to note what was said in open court regarding Rick Mueller.  Tellingly, no third party has written in. The existence of private information within a document does not justify keeping the document entirely off the public docket. The Second Circuit's framework in Amodeo and Lugosch contemplates redaction of private content — not suppression of the document's existence. The public has a right to know that this Court was asked to make a ruling, what the general nature of the ruling was, and how the Court resolved it. Redacted letters on the public docket accomplish precisely that.

Defendants also invoke the specter of harm to a potential witness, suggesting disclosure might discourage the witness from testifying. That concern — if genuine — is an argument for redacting identifying information, not for keeping the entire exchange off the docket. This Court has tools short of complete sealing to protect witness interests.

## IV. Public Monitoring of This Trial Is a Legitimate Purpose

Defendants suggest that Inner City Press's interest in public docketing "serves no purpose related to legitimate monitoring of the judicial process." Opp. at 3. Inner City Press has appeared in this litigation since the complaint was filed, has filed multiple unsealing letters that this Court has acknowledged from the bench, and has covered this trial daily in the public interest. The Tunney Act process now underway — including the forthcoming 60-day public comment period — makes transparency in this proceeding especially important. The public has a direct stake in understanding what occurred in this courtroom and in chambers during trial, including the nature of disputes presented to the Court for resolution.

**V. The Entirely Sealed Motion to Strike Dr. Abrantes-Metz's Testimony Requires Immediate Public Access Review**

Inner City Press additionally challenges ECF No. 1349, a declaration filed tonight by Defendants in support of their Motion to Strike the Testimony of Dr. Rosa M. Abrantes-Metz, together with seven exhibits — all filed entirely under seal. The public docket entry states only "***SEALED***" and the document is entirely inaccessible to the press and public: "Not available."

This filing presents a more serious public access concern than the March 26 letters. Dr. Abrantes-Metz is the government's expert witness whose testimony goes to the heart of the antitrust claims in this case — specifically the market definition and competitive effects analysis on which the entire liability theory depends. A motion to strike her testimony entirely is not a peripheral evidentiary matter. It is among the most consequential motions that could be filed in this litigation. The public, the press, and the many consumers and venue operators with a stake in this case have a profound interest in understanding the basis on which Defendants seek to exclude the government's central expert.

The Second Circuit has been explicit that the presumption of public access is strongest precisely for materials that "directly affect an adjudication." Lugosch, 435 F.3d at 119. A motion to strike the government's damages and market expert — filed during trial — sits at the highest end of that continuum. Sealing such a motion in its entirety, including all seven supporting exhibits, requires a specific finding that compelling countervailing interests outweigh the strong presumption of access, narrowly tailored to seal only what is genuinely necessary. No such finding appears on the docket.

Inner City Press respectfully requests that the Court order Defendants to show cause why ECF No. 1349, including all seven exhibits, should not be filed publicly in redacted form, and that the Court conduct the Lugosch analysis on the record before permitting this consequential motion to proceed entirely shielded from public scrutiny. At minimum, the motion itself — as distinct from any genuinely proprietary exhibits — should be publicly docketed so that the press and public can assess what arguments Defendants are making to exclude the government's expert witness during an ongoing trial of national significance.

**VI. Conclusion**

Inner City Press respectfully requests that the Court order the parties to file redacted versions of the March 26 letters on the public docket, with redactions limited to genuinely private third-party personal information as the Court deems appropriate, and that the docket reflect the existence and general subject matter of the March 26 telephone conference. Inner City Press does not object to targeted redactions of private personnel information. It does object to the letters remaining entirely undocketed.

Respectfully submitted,

Matthew Russell Lee Inner City Press SDNY Courthouse Press Room 500 Pearl Street Mail: PO Box 130222, Chinatown Station New York, NY 10013 Matthew.Lee@innercitypress.com