# KING, HOLMES, PATERNO & SORIANO, LLP

ATTORNEYS AT LAW

HOWARD E. KING
KEITH T. HOLMES
PETER T. PATERNO
LAURIE L. SORIANO
STEPHEN D. ROTHSCHILD
LESLIE E. FRANK
SCOTT MCDOWELL
JOSEPH M. CARLONE
JACQUELINE SABEC
MICHAEL REXFORD
MARJORIE GARCIA
JACKSON S. TRUGMAN
BRIGITTE L. ALANIS
HAROLD C. PAPINEAU
MONICA MEDINA
JESSICA S. KIM
TYLER G. GARBER
CHRISTOPHER CHIANG
HEATHER L. PICKERELL
CARLY TRAINOR

OF COUNSEL
HENRY GRADSTEIN
TOR BRAHAM
JEFFREY P. SILBERMAN
ERIKA SAVAGE
CHRISTOPHER R. NAVARRO

1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE (310) 282-8989
FACSIMILE (310) 282-8903

*The Court is in receipt of this letter from counsel for Mr. Mueller. The parties (including Mr. Gitlin), counsel for AEG, and counsel for Mr. Mueller should be in attendance at a hearing on the circumstances of this disclosure at 11:00 AM on April 1, 2026 in Courtroom 23B, 500 Pearl Street, New York, NY 10007. If needed, the Court will provide a dial-in for Mr. Mueller's California-based counsel.*

*SO ORDERED.*

Arun Subramanian, U.S.D.J.
Date: March 30, 2026

WRITER'S DIRECT DIAL:
(310) 282-8999
hking@khpslaw.com

March 30, 2026

**VIA EMAIL**

Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re:    *United States, et al. v. Live Nation Entertainment, Inc. et al.; 1:24-cv-03973*

Dear Judge Subramanian:

We represent nonparty witness Rick Mueller ("Mueller") who testified on March 27, 2026 as a witness for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. We respectfully submit this response in opposition to the application from Inner City Press (ECF No. 1336, the "Motion") ("Inner City") requesting, among other things, the public docketing of letters sent by the parties to the Court's Chambers, *in camera*, that have not been offered into evidence at trial.

Inner City's Motion requests the letters related to "an 8pm March 26 telephone call about the case" be immediately docketed (the "Letters"). (Mot. at 1.) The Letters were submitted to the Court *in camera* because they pertain to personal employment matters of Mr. Mueller including Mr. Mueller's personnel files while an employee of Defendants' competitor, AEG Presents, as well as related employment documents prominently captioned "CONFIDENTIAL." The Letters concern an evidentiary dispute between the parties, and were not used or admitted as evidence at trial.

The delivery of these confidential materials to Plaintiffs by AEG Presents, in gross violation of California law without notice to Mr. Mueller and without benefit of legal process, was

3790.003/3208693.1

Honorable Arun Subramanian
March 30, 2026
Page 2

a desperate and cynical, but ultimately unsuccessful, attempt to deter Mr. Mueller from providing his truthful testimony.

For the reasons set forth below and in Defendants' submission, Mr. Mueller joins in Defendants' request that the Court deny Inner City's Motion insofar as it seeks the public docketing of the Letters and any other materials submitted to the Court *in camera* on March 26, 2026 pertaining to this issue.

"Article I, section 1 of the California Constitution declares privacy an inalienable right of the people of California." *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 711 (9th Cir. 2005); *see also Brooks v. Thomson Reuters Corp.*, 2021 WL 3621837, at *8 (N.D. Cal. Aug. 16, 2021) (collecting cases and explaining that "unauthorized dissemination of . . . personal information is a significant invasion of privacy" that violates Constitutional rights). Personnel records are protected by this right of privacy. *See El Dorado Savings & Loan Assn. v. Superior Court*, 190 Cal. App. 3d 342, 345–46 (1987). Critically, "the custodian of such private information"—here, AEG Presents— "may not waive the privacy rights of persons who are constitutionally guaranteed their protection." *Board of Trustees v. Superior Court*, 119 Cal. App. 3d 516, 525-526 (1981) (custodians have "the right, in fact the duty, to resist attempts at unauthorized disclosure and the person who is the subject of [it] is entitled to expect that his right will be thus asserted").[1]

The back-channel disclosure to Plaintiffs by outside counsel to AEG Presents violated California law and Mr. Mueller's state constitutional right to privacy. *See* Cal. Code of Civ. Proc. § 1985.6 (requiring notice and an opportunity to be heard before production of employment records); *Grobee v. Corr. Corp. of Am.*, 2014 WL 229266, at *2 (S.D. Cal. Jan. 17, 2014) ("Under California law, personnel records of employees are protected by California's constitutional right of privacy." (citing Cal. Const., art. I, § 1)).

Public disclosure of this illicitly obtained information *in a trial where Mr. Mueller is not even a party* is highly likely to cause harm to Mr. Mueller's privacy interests and reputation. *See United States v. Jones*, 2024 WL 1700033, at *3 (Apr. 19, 2024 S.D.N.Y.) (sealing sensitive personal information "the revelation of which the Court finds is highly likely to cause harm to those third parties' privacy interests and potentially likely to cause harm to their reputations"); *Hernandez v. Off. of Comm'r of Baseball*, 2021 WL 1226499, at *12-13 (S.D.N.Y. Mar. 31, 2021) (quoting *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (sealing employees' evaluations, even though they were shared with a select few individuals, where the disclosure would likely cause embarrassment). As the Central District of California recently explained in an order entering a "blanket" protective order to protect the confidentiality of personnel records, "'[p]rotecting the privacy of nonparties is particularly important because

---

[1] *El Dorado* and *Board of Trustees* were disapproved of on other grounds by *Williams v. Superior Court*, 3 Cal. 5th 531, 557, n.8 (2017).

Honorable Arun Subramanian
March 30, 2026
Page 3

disclosure of sensitive and potentially embarrassing information would cause serious injury to the nonparty, whose conduct is not at issue in the case.'" *Lorenzetti v. Sysco Guest Supply, LLC*, 2026 WL 712875, at *5 (C.D. Cal. Feb. 26, 2026).

In this heavily watched case, disclosing the Letters would serve only to expose private family affairs to public scrutiny and potential embarrassment, which is precisely the sort of harm the common-law presumption of access was never intended to facilitate. The Court should not effectively condone AEG's illegal disclosure of these records—which, among other things, circumvented California-law safeguards that would have protected the "employee records" had they been properly subpoenaed, with notice given to Mr. Mueller (Cal. Code of Civ. Proc. § 1985.6)—or encourage similar unseemly tactics in future cases.

For the foregoing reasons, Mr. Mueller joins in Defendants' request the Court deny Inner City's Motion insofar as it seeks to require the parties to file the Letters on the public docket.

Respectfully submitted,

*/s/ Howard E. King*

Howard E. King
of King, Holmes, Paterno & Soriano

cc: All counsel of record (via email)

3790.003/3208693.1