

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

March 31, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St., Room 15A
New York, New York 10007

### Re: *United States et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-3973-AS

Dear Judge Subramanian:

We represent non-party Anschutz Entertainment Group, Inc. ("AEG") in the above-referenced matter and submit this response to the application from Inner City Press ("Inner City"), ECF No. 1336, requesting, among other things, the public docketing of letters the parties sent *in camera* to the Court regarding certain files that AEG produced in response to requests from Plaintiffs regarding Rick Mueller's departure from the company.

AEG has not seen the letters in question and therefore takes no position on their public disclosure. However, AEG strongly agrees with the Courts' statement that "specific references to the substance of the files at issue, and the files themselves, none of which were utilized at trial or had anything to do with any judicial function, are properly subject to sealing." ECF No. 1342.

AEG writes separately to address statements made by counsel for Mr. Mueller and counsel for Defendants suggesting that AEG's disclosure of the files at issue was somehow illegal or an attempt "dissuade" Mr. Mueller from testifying. ECF Nos. 1353, 1356. These statements are false.

AEG has significant concerns about Live Nation's unlawful conduct. Accordingly, AEG has produced a large quantity of documents and data in response to requests from the Department of Justice and State Attorneys General regarding the above-referenced matter, including information that is highly sensitive and confidential. That information all has been produced pursuant to the operative protective order in the case, which prohibits the public disclosure of such information absent a court order to the contrary. ECF No. 347. AEG responded to Plaintiffs' request for files related to Mr. Mueller's departure from the company in the same manner. Below is a timeline of relevant events:

- Mr. Mueller was deposed by Antitrust Division attorneys in the above-referenced matter on July 12, 2025. Prior to the deposition, the Antitrust Division attorneys asked AEG about the circumstances of his departure from AEG. AEG explained those circumstances. The Antitrust Division did not request further information regarding Mr. Mueller's departure at that time.

The Honorable Arun Subramanian          - 2 -

- On March 23, counsel for the State Attorneys General separately asked—unprompted by AEG—about the circumstances of Mr. Mueller's departure. AEG again explained those circumstances. Counsel for the State Attorneys General then requested that AEG produce available information regarding those circumstances.

- Pursuant to Plaintiffs' request, AEG produced the files in question on March 24, subject to AEG's understanding that the materials would be kept confidential, consistent with the protective order in the case. The files are not Mr. Mueller's "personnel file," but instead a separate selection of documents specifically related to Mr. Mueller's departure from AEG.

- When undersigned counsel spoke with counsel for the State Attorneys General, we emphasized that the documents were confidential and should not be disclosed publicly. Counsel for the State Attorneys General assured us that the information only would be used for impeachment in the event that Mr. Mueller misrepresented the circumstances of his departure. Counsel for the State Attorneys General also indicated that Plaintiffs preferred that Mr. Mueller testify because the testimony might be helpful to Plaintiffs' case.

- In the cover email transmitting the files to Plaintiffs, undersigned counsel again emphasized that AEG wanted an opportunity to object if there was any chance that the files might be disclosed publicly. Because Plaintiffs had expressed a preference that Mr. Mueller testify, the email also cautioned that disclosure of the files risked Mr. Mueller seeking to avoid testifying.

Like Plaintiffs, AEG had no opposition to Mr. Mueller testifying, nor would AEG's views on that question matter one way or the other. However, AEG did share Plaintiffs' legitimate concerns regarding the reliability of Mr. Mueller's testimony regarding AEG given the circumstances of his departure from the company. AEG of course deferred to counsel for Plaintiffs' request for the files and their decisions regarding the best way to provide the jury with the context necessary to evaluate that testimony.

AEG is unaware of any legal impediment to producing the files in response to a legitimate request from a law enforcement agency. Nor is there any basis for counsel's assertion that AEG's production of files to Plaintiffs for purposes of potential impeachment in this matter somehow violates the law.

The procedure specified in Section 1985.6 of the California Code of Civil Procedure is not applicable to this proceeding in New York Federal court. *See, e.g., Sharma v. City of Redding*, No. 2:17-cv-487, 2017 WL 2972263, at *2 n.5 (E.D. Cal. July 12, 2017) ("The California Code of Civil Procedure applies only to California state courts, it cannot give power to federal courts."); *Rodgers v. Cassin*, No. 2:24-cv-6111, 2024 WL 4329086, at *1 (C.D. Cal. Aug. 26, 2024) ("Because this case is now in federal court, California Code of Civil Procedure . . . does not apply."); *Bolin v. Davis*, No. 1:17-cv-985, 2018 WL 2010435, at *1 (E.D. Cal. Apr. 30, 2018) ("[This case] is in federal court, not state court, and the California Code of Civil Procedure does not apply in  federal  court."). In addition, any plausible right to privacy afforded under California law does not insulate the files from discovery, especially where, as here, the issue of witness credibility is involved. *See, e.g., Khoday v. Symantec Corp*, No. 11-cv-180, 2013 WL 12140487, at *4 (D. Minn Oct. 8, 2013) (While "severance documents are entitled to some expectation of privacy," these privacy concerns were outweighed by the "public's interests in being able to assess [the former employee's] credibility if he should testify."). The cases cited by counsel in which courts have sealed otherwise discoverable employment records based on privacy concerns—as AEG has consistently sought to do here—proves the point.

The Honorable Arun Subramanian               - 3 -


We look forward to addressing any further questions form the Court at the hearing tomorrow.

Respectfully submitted,

*/s/ Justin W. Bernick*
Justin Bernick (admitted *pro hac vice*)
Molly Pallman (admitted *pro hac vice*)
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
justin.bernick@hoganlovells.com
molly.pallman@hoganlovells.com

*Attorneys for Anschutz Entertainment Group, Inc.*