

*Live-Fi™ Technology Holdings*

*7302 Woodstone Circle*
*Princeton, NJ 08540*
*amyg@live-fi.com*
*917-733-9981*

March 27, 2026

Hon. Owen Kendler
US Dept. of Justice Antitrust Division
950 Pennsylvania Avenue NW
Washington, DC 20530

US Court of Appeals for the Federal Circuit - Case No. 25-1954

Pro Se Unit SDNY Attn: Mr. Burcato
Hon. Arun Subramanian
US District Court NYSD

cc: Hon. Congresswoman Bonnie Watson Coleman, Mercer County, NJ
Hon. Brenda Sannes, Chief Judge NYND
Hon. Laura Taylor Swain, Administrative Judge NYSD
Hon. Debra Ann Livingston, Chief Judge USCA Second Circuit
Hon. Amy Klobuchar, US Senator, D MN, Senate Judiciary Committee
Hon. Mike Lee, US Senator, R UT, Senate Judiciary Committee

**RE: _US v. Live Nation Entertainment, Inc._, 24cv3973 (AS)(SDNY)**

Dear Mr. Kendler:

NOTE:  Most respectfully, a copy of this letter-grievance is being sent to the SDNY Pro Se Director, Mr. Burcato, and is empirically relevant to Docket #s 638 and 1313 on the current *US v. Live Nation*

1

*Entertainment* docket, 24cv3973 (AS)(SDNY). Docket #1313 is an order to show cause filed by the undersigned counsel returnable March 27, 2026 and no action has yet been taken by the court. Mr. Burcato docketed the order to show cause and reported it was a perfectly proper motion.

LIVE-Fi® Technology Holdings' and its California counsel Amy Weissbrod Gurvey, US patentee of standard essential patent claims for ticketing management and sports betting[1], seek a *Bivens* and RICO investigation against a federal circuit administrative employee of the Southern District of New York, Julie Allsman, with associated acts of forgery and perjury in furtherance of an elaborate conspiratorial enterprise in NYS files by J. Richard Supple formerly of Hinshaw & Culbertson.  A co-conspirator since 2008 was attorney Steven Schortgen formerly of Baker Botts's Dallas Texas office and now of Sheppard Mullin, Richter and Hampton. Schortgen filed multiple fraudulently sworn affirmations appending Live Nation's employees affidavits that Live Nation "*had no NY contacts*" and could not be compelled to answer for patent infringement or other torts in NYS. Both Supple and Schortgen were counsel's adversaries in the previous patent infringement, unfair competition, breach of fiduciary duty, conflicts of interest and contributory infringement litigation defending defendant Live Nation through 2023. Supple was also defending patent practitioners at Cowan Liebowitz & Latman. In 13 years, no infringement hearings by the SDNY or appeals by Federal Circuit on appeal were ever allowed. Counsel was represented by Squitieri & Fearon and won arbitration in 2009.

Supple was dually serving as a NYS court officer in the NYS First Dept. attorney grievance committee (AGC). In 2016, the First Dept. entered an order that Supple and counsel's attorney O. Lee Squitieri of

---

[1] Gurvey US Patent Nos. 11403566, D647910S, 7603321

Squitieri & Fearon inserted unserved documents into concealed NYS First Dept. files without a warrant. This meant that Squitieri was part of the conspiracy. The documents were found to be forged in the first inspection allowed on August 26,2025. Supple, however, was at all times since 20210 working with Allsman. Allsman deleted multiple entries from the 06cv1202 case docket including the first infringement complaint date- stamped and docketed April 22, 2010; but continues to delete docket entries on the current 24cv3973 docket as proven by orders in a related SDNY patent litigation that was voluntarily withdrawn by the plaintiff. 24cv2930 (PAE)(RFT). Allsman's continuing acts in furtherance of the RICO conspiracy start the clock running anew against all members of the conspiracy and technically allow LIVE-Fi® and its counsel to recover damages back to 2009. Allsman may be separately liable for *Bivens* constitutional violations.[2]

The Federal Circuit never heard an appeal since 2018 because Supple's unserved and now confirmed forged state insertions were circulated to Shawn Kerby an attorney serving in the NYS Office of Court Administration (OCA). Kerby with actual and apparent authority to bind the State began writing letters *ex parte* to the Federal Circuit in 2018 not to hear the patent appeals to three orders of the SDNY denying infringement hearings since 2017 both on the first patent

---

[2] To state a prima facie case for monetary damages under an implied cause of action pursuant to the principles enunciated under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the plaintiff is required to establish that:

(1) the defendant violated a federal constitutional right of the plaintiff;

(2) the right violated was clearly established;

(3) the defendant was a federal actor by virtue of acting under color of federal law; and

(4) the defendant was personally involved in the alleged violation.

(7603321) and on two subsequent continuing patents through August 2, 2022 (D647910S, 11403566).

The SDNY Judge Lorna Schofield violated the Fourteenth Amendment, Federal Circuit law and the liberal pleading rules of the Second Circuit by not granting infringement hearings. *Anza Technology v. Mushkin*, 934 F. 3d 1349 (Fed Cir. 2019); *Metzler Investments Gmbh v. Chipotle Mexican Grill*, 970 F. 3d 133 (2d Cir. 2020) *Grant Williams v. Citicorp*, 658 F.3d 208 (2d Cir. 2011). In fact Judge Schofield who began presiding in 2015 after Magistrate Henry Pitman left the case and the court having admitted to *ex parte* communications with Allsman and Supple. Judge Schofield immediately ordered *sua sponte* in 2015 that Weissbrod Gurvey pay $10,000 into the SDNY cashier for a special patent master who was never hired, revoked counsel's ECF filing privileges and refused to disqualify Supple as mandated by NY's Judiciary Law Part 1240.6d, 1240.18 during hearing on November 29, 2016.  The SDNY also summarily denied *Ex parte Young* 209 US 123 (1908) injunctive relief against the NYS First Dept. to produce the withheld files inserted by Supple and Squitieri. 13-cv-2565 (JMF)(SDNY). Then the SDNY denied LIVE-Fi infringement hearings against the City of NY that can be sued directly for infringement by its agencies. *Monell v. Dept. of Social Services*, 436 US 658 (1978); 18-cv2206 (AT)(SDNY)

The Federal Circuit did not serve LIVE-Fi® and its counsel with Kerby's *ex parte* letters. Instead three appeals [18-2076, 20-1620, 23-134] were transferred *sua sponte* to the 2d Circuit in violation of law. The 2d Circuit had no jurisdiction to hear arising under patent appeals and never heard them on the merits. *Christianson v. Colt Industries Operating Corp.*, 486 IS 800 (1988); Supremacy Clause Art. VI, Cl. 2. The transfer orders are contended void. *Tumey v. Ohio*, 273 US 510 (1927); ABA Rule 2.9, *Ex parte Communications*

4

That forged documents were entered by Supple and Squitieri into the state files was discovered during first inspection allowed on August 26, 2025 at 41 Madison Avenue, NYC.  Both had been given access to First Dept. officers Jorge Dopico and clerk Lauren Holmes. Weissbrod Gurvey's cell phone was taken by security guards before examination. LIVE-Fi® and counsel are still waiting for the flagged photocopies of forged documents after six months. The forgeries manufactured were inserted since 2009.  Many affixed the signature of a dead former 2002 First Dept. counsel Paul Curran who left the state in 2002 and died of cancer in 2007. Curran's signature was also superimposed onto old pre-2000 state letterhead to conceal the names of all current participating officers.

The NY Court of Appeals found all Appellate Division orders nonfinal and that the orders entered since 2012 did not constitute a final judgment. Ergo, they could not be applied by any subsequent court or officer…but they were applied and continue to be circulated to SDNY Judge Subramanian by Allsman.

The forgeries and nonfinal state orders were also fraudulent circulated by the Hinshaw law firm to the Central District of California in 2024 (Case No. 23-cv-04381). They were also circulated to DC District Court in Case No. 25cv3257 wherein a judge Loren Alikhan falsely entered an order that counsel "was not admitted to any bar". Counsel is in excellent standing in California.

The CACD judge did improperly take judicial notice of the nonfinal NYS orders in abuse of discretion requiring a further appeal to the Federal Circuit [Case No. 25-1954]. At the hearing for reconsideration in California on March 13, 2025, however, only Weissbrod Gurvey appeared at great cost and expense from Princeton New Jersey. Not one other defendant or counsel appeared and in contended abuse of discretion, no sanctions were ordered but an apology

5

was given to counsel by the judge. However the next day, the judge entered an order denying reconsideration and she only blamed the Cowan defendant lawyers for conflicts of interest, breach of fiduciary duty and fraud before the Patent Office during Weissbrod Gurvey's prosecution retainer.

Defendants in the California lawsuit included LNE, Live Nation, Ticketmaster, MLB, MLB Advanced Media and Phish/Phish LIVE , Cowan Liebowitz & Latman, Hinshaw & Culbertson & Baker Botts.

MLBAM moved to be withdrawn from the pending Federal Circuit appeal (Case No. 25-1954) and was somehow granted that application when it was duly served, has its principal place of business in Costa Mesa, CA and is infringing LIVE-Fi® patents in California. The claims in the California lawsuit include RICO violations, fraud, unfair competition and not just willful infringement.

## RICO AND BIVENS RETALIATION

Allsman was identified <u>on March 13, 2026</u> by SDNY Attorney Services (Ms. Aquino and Vanessa) as a federal administrative officer preventing infringement hearings before SDNY judges since 2010 and depriving Weissbrod Gurvey of her lawyers, and unilaterally deleting Weissbrod Gurvey's 1987 SDNY roster listing from the court files *ex parte*. All acts performed by Allsman were performed without notice, hearing or due process to conceal her identity. Weissbrod Gurvey knew nothing about these acts.

The Northern District of NY was petitioned to compel production of the still concealed OCA files and for three NYS agencies to stop using LIVE-Fi ® patents. Case No. 24cv211 (BS) Docket #s 85, 101, 106, 108, 110. While NYS's infringing agencies cannot be sued for damages in

6

federal court, they can be sued for injunctive relief. The Port Authority of NY and NJ, the NY Gaming Commission managing sports betting in NY (a $25 bil business to date) and the NYS Thruway managing agent for Interstate toll booths and congestion pricing technology are all using the patents.

## BULLET SUMMARY OF CONSTITUTIONAL VIOLATIONS

As soon as LIVE-Fi®'s opposition to the "so ordered" merger of Ticketmaster and Live Nation by the DC District Court was posted by the Dept. of Justice in 2010 [3] and the first US patent claims issued on October 13, 2009, Allsman retaliated by removing Weissbrod Gurvey's first infringement complaint from the SDNY docket. That complaint was never heard or reinstated on remand by Magistrate Pitman who admitted to *ex parte* communications with Allsman and Supple. This was the first constitutional violation in defiance of the Fourteenth Amendment.

Allsman's ongoing acts in furtherance of the RICO conspiracy **including in the current *US v. Live Nation Entertainment* lawsuit, 24cv3973 (AS)(SDNY)** were verified by SDNY Attorney Services on <u>March 13, 2026</u> (Ms. Aquino and Vanessa) and included:

(i) Deleting LIVE-Fi®'s first patent infringement complaint from the SDNY docket in 2011 (Case No. 06cv1202) without notice, hearing or due process of law;

(ii) Granting unilateral termination to Weissbrod Gurvey's SDNY attorney Squitieri & Fearon, LLP without a motion on notice in September 2010 after the was closed, on appeal and there was no jurisdiction in favor of the SDNY to enter

---

[3]*US v. Ticketmaster and Live Nation*, 2010 WL 975407, 975408 (DCD January 25,2010), pp.8 line 10. Amended  judgment January 8, 2020 still in force

further orders.  Upon belief, Allsman worked with former Judge Barbara Jones in granting unnoticed withdrawal to counsel's lawyers after the Judge stayed discovery by ultra vires orders.

(iii)   Removing all arbitration files from the SDNY file room within days of completion of arbitration in March 2009 that was won by Weissbrod Gurvey;

(iv)   Engaging in *ex parte* communications with Magistrate Pitman since 2012 who somehow was allowed to preside without a supervising judge or consent of both parties;

(v)   Engaging in *ex parte* communications with Supple knowing full well that Supple was a concealed First Dept. staff officer and had entered unserved forged documents into "ordered concealed" NYS files (as found by the First Dept. in an order entered April 21, 2016);

(vi)   Deleting *ex parte* Weissbrod Gurvey's vested SDNY roster listing entered in 1987 also without notice hearing or due process of law and when admission to practice law in NYS is not required. See *In re Gouiran*, 58 F. 3d 54 (2d Cri. 1995); *Marbury v. Madison*, 5 US 137 (1803); *Bradley v. Fisher*, 80 US (13 Wall.) 335 (1871);

(vii)   Posting knowingly fraudulent notices for SDNY and other district court judges to see including nonfinal orders of the First dept. procured by Supple when there was no NY license in existence under Weissbrod Gurvey's name in 2012 that could have been suspended for six months. Weissbrod Gurvey was granted voluntary resignation in NYS in 1998 when she was in medical school. [NOTE: [Allsman's acts copying and circulating Supple's forged documents themselves without jurisdiction and not protected.]

(viii)   Not assessing disciplinary action against Supple for conflicts of interest violations and continuing to represent the Cowan

law firm defendants when representation was proscribed by NY's Judiciary Law Part 1240.6d;

(ix)    Failing to discipline Supple and Squitieri, both admitted to the SDNY, for forgery crimes in the state files as found on August 26, 2025 at 41 Madison Avenue;

(x)    Engaging in continuing to delete docket entries in the US v LNE litigation, 24cv3973 (AS)(SDNY) proving continuing acts in furtherance of the conspiracy.

The State of NY has waived Eleventh Amendment immunity from damages for acts of tortious interference, unjust enrichment, misappropriation of property by its officers under Section 8-10 of the Court of Claims Act. However, the NY Court of Claims has also refused to docket LIVE-Fi®'s complaint for damages by Kerby and OCA officers. [4]

Upon belief, Allsman further engaged acts of retaliatory harassment in *ex parte* communications with Judge Subramanian on the afternoon of March 13, 2026 that resulted in the judge's entry of a *sua sponte* fabricated order without giving counsel the opportunity to respond. To this order was filed Weissbrod Gurvey's order to show cause returnable March 27, 2026.

That Allsman deleted  docket entries in US v LNE, 24cv3973 in November 2025 was confirmed by Judge Paul Engelmayer in a parallel infringement litigation, 24cv2930, *Alan Amron v. MLB Advanced Media and 30 national baseball stadium*. Weissbrod Gurvey moved to

---

[4] Technically *Ex parte Young* 209 US 123 (1908) injunctive relief against NYS must be granted by the Northern District of NY to compel production of the withheld OCA files and to order that NYS agencies stop using LIVE-Fi® patents. NYND 24cv211 (BS) Docket #s 85, 101, 106, 108, 110. The first judge Anne Nardacci must be disqualified for copying Allsman's and Kerby's fraudulent *ex parte* postings on the Internet *sua sponte* without due process afforded.

intervene as of right under Rule 24 as the priority patentee of the patent that Amron sought to enforce. Because Amron failed to cite to Weissbrod Gurvey's patent as prior art, a fact proven by the face of his patent, Amron's patent was rendered void and unenforceable. Immediately in October, 2025, Amron voluntarily withdrew his entire lawsuit. This left LIVE-Fi® again with a third-party infringement complaint not heard by SDNY.

[NOTE:  In addition, the US Commissioner of Patents placed the Cowan Leibowitz & Latman practitioner defendants under investigation for conflict of interest and abandonment violations during counsel's retainer.  Conflicts were found with four clients that included defendant Live Nation, MLB, Phish and Legend Films of San Diego.

LIVE-Fi® was entitled to the results of the Commissioner's investigation pursuant under the Administrative Procedures Act, 5 USC §551-596, 701, et seq. (APA) but more than 10 FOIA applications requests remain unanswered from the United States Patent and Trademark Office since 2014. To conduct the investigation, 14 of Weissbrod Gurvey's essential patent applications were placed on "hold" and taken out of the queue for prosecution in due course, a further APA violation.]

WHEREFORE, LIVE-Fi and its counsel pray that an investigation ensue over the matters presented.

Dated:  March 27, 2026
Princeton, NJ

_____

AMY R. WEISSBROD GURVEY
LIVE-Fi® TECHNOLOGY HOLDINGS

10