DBCooper affidavit for Amy Gurvey                    29mar26

# AFFIDAVIT

Affidavit of David B Cooper.    aka FoxMan    DBCooper@FoxMan.com

I, David B Cooper,, being duly sworn, hereby state as follows:

Background and Industry Role

I am a software developer and systems architect with more than thirty years of experience in the live entertainment, sports, and ticketing industries. During my career, I built multiple ticketing, accounting, logistics, and communications systems used by artists, promoters, venues, and sports organizations.

I built the ticketing and fan communication system used by Pearl Jam during its independent touring efforts, which demonstrated that an artist-controlled ticketing system could operate successfully outside of venue-controlled systems. I also built a unified ticketing system used by the largest owner of NASCAR tracks to coordinate ticketing operations across multiple tracks nationwide. My systems set multiple records for fastest concert sellouts and helped achieve the largest sellout for the Daytona 500.

I have built five ticketing systems from the ground up, including systems for Alabama fastTix, Vertical Alliance (music and sports), Pearl Jam, NASCAR, and RedBox. My work helped establish financial control, settlement, and reporting standards used throughout the touring industry.

2. Businesses Outside the Ticketing Market

My work expanded beyond ticketing into related industries including merchandising, media distribution, fan clubs, fan communications, and fan engagement platforms. These businesses depended on verified ticket buyer data in order to market products and services directly to fans of specific artists or sports teams.

These businesses included:

- DIRECTtoFAN (merchandise, media, and fan commerce)
- Unlock Media (fan club media access)
- Proximity Marketing Platform (beacon-based fan engagement and retail promotions)
- On-Spot Digital Rewards (retail and event-based digital rewards)

These were not ticketing companies and did not sell tickets or provide admission to events. They operated in merchandising, media, marketing, and fan engagement—markets separate from ticket sales.

3. Requests for Ticket Buyer Data

In order to operate these non-ticketing businesses, we requested access to verified ticket buyer data from Ticketmaster on multiple occasions. This data included names and contact information for individuals who purchased tickets for specific artists or sports teams.

This data was necessary to provide marketing, merchandising, media, and fan engagement services that Ticketmaster did not provide. We were not requesting this data to compete in the ticketing business, but rather to operate in adjacent businesses that relied on verified fan relationships.

We made these requests at least four separate times over several years. Each time, Ticketmaster refused to provide the data.

4. Consent Decree Non-Compliance

It is my understanding that under the Ticketmaster consent decree, Ticketmaster was required to not use its market power to prevent competition or restrict business opportunities in related markets.

Ticketmaster's refusal to provide ticket buyer data prevented us from operating lawful businesses in merchandising, media, and fan engagement that were not part of the ticketing business. This refusal effectively prevented competition and innovation in adjacent markets that relied on fan data but did not involve ticket sales.

It was widely known within the industry that Ticketmaster shared ticket buyer data with certain large clients, such as major venues and sports teams, while refusing to provide similar access to independent companies and developers operating in adjacent markets. This selective sharing of data created an unfair competitive environment and prevented independent businesses from operating.

5. Industry Impact

As a result of Ticketmaster's refusal to provide data and the resulting inability to operate businesses in adjacent markets, I was forced to sell Vertical Alliance and close Fox Systems. These actions were not due to lack of demand or technical capability, but due to the inability to access essential fan data controlled exclusively by Ticketmaster.

6. Statement

It is my professional opinion that Ticketmaster did not comply with the intent or requirements of the consent decree and competitive impact statement by refusing to provide ticket buyer data for

use in non-ticketing businesses and by selectively providing such data only to preferred partners. This conduct prevented lawful competition and restricted business opportunities in markets adjacent to ticketing.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed: _David B Cooper (signature)_

Name: David B Cooper

Date: 30 mar 26

Notary: _(signature)_

Commonwealth of Pennsylvania
County of Lancaster

```
Commonwealth of Pennsylvania - Notary Seal
Paul C. Baker III, Notary Public
Lancaster County
My commission expires September 30, 2029
Commission number 1462920
```
Member, Pennsylvania Association of Notaries