UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America et al.,

                Plaintiffs,

        -against-

Live Nation Entertainment, Inc. and
Ticketmaster LLC ,

                Defendants.

24-CV-3973 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The Court has before it requests to seal or redact information that has either been admitted into evidence, or which the parties seek to admit into evidence.

The Court has closely reviewed the submissions, as well as the governing precedent, including *Lugosch v. Pyramid Co. of Onondoga*, 435 F.3d 110 (2d Cir. 2006). Applying the *Lugosch* standard, the Court reaches the following conclusions:

1. As the Court previously held in this case, any testimony, or any portion of any document referred to in open court, will not be sealed. This includes testimony that may address information that might otherwise warrant sealing.

2. As to any documents that the parties seek to admit as evidence in this trial, these are judicial documents and there is a strong presumption of public access to these documents. However, as a countervailing factor, there are the "the privacy interests of those resisting disclosure," *Lugosch,* 435 F.3d at 120. This interest does not warrant sealing these documents in full. However, in these documents there are financial terms, like pricing and payment amounts, that have not been raised or discussed in the context of any specific agreement. To the extent that the parties' experts have taken this data and used it as part of their expert opinions, those expert opinions have been and will be publicly aired. But the individual numbers aren't relevant to anything in this case, and their revelation may cause competitive harm in the market.

3. For this reason, the applications are DENIED to the extent that they seek to seal this information altogether, or to seal information that has been elicited in open court. The applications are GRANTED to the extent that they request to redact pricing, payment, and agreed-to fee splits. Other parts of these documents, such as the general obligations of the parties, terms of agreements, and exclusivity provisions, may not be redacted. This resolves Dkts. 1299, 1300,  1301, 1302, 1304, 1305, 1306, 1307, 1308, 1309, 1310, 1311, 1312, 1318, 1333, 1343, 1344, 1345, 1351, 1354. To be clear, where the applications are to seal

**or** redact information, the documents should be filed to only redact competitively-sensitive pricing or payment information as described above.

4.  To be clear, the redaction of any document is without prejudice to any application to unseal specific documents by any party or non-party to this case. Those applications should be brought promptly before the Court. Once the documents above are filed in redacted form, any member of the public may make a further application to unseal any document, explaining why application of the *Lugosch* factors warrants their unsealing.

5.  Separately, having reviewed Dkt. 1346, the motion to seal or redact is DENIED.

6.  The letters sent to the Court concerning exhibits to be used with Mr. Mueller, as well as an underlying email from AEG's counsel to Mr. Gitlin, should be appropriately redacted to remove information from the personnel file and from the cover email as discussed on the record, and then posted on the docket. The information from the personnel file is highly sensitive, was not used at trial, and potentially was disclosed in violation of the parties' rights under law.

7.  The motion of Allison R. Weber to appear *pro hac vice*, Dkt. 1359, is GRANTED.

SO ORDERED.

Dated: April 1, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge