April 2, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

       We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. Pursuant to the Court's guidance on March 30, 2026,[1] and the Court's April 1, 2026 order (ECF No. 1368), Defendants respectfully submit this motion to seal, in part, DX-4054,[2] containing Dr. Nicholas Hill's revised event-level combined primary ticketing data (the "Motion").[3] Specifically, this Motion seeks targeted redaction of pricing and payment information from DX-4054.

       Defendants and ten non-party primary ticketing companies[4] each produced granular, event- and/or -transaction specific ticketing data to Plaintiffs in response to compulsory process. Plaintiffs' expert, Dr. Hill, then combined these productions into a dataset (DX-4054). *See* Hill Initial Report, Appendix I. Defendants seek to seal/redact certain portions of the ticketing data in DX-4054 (the "Dataset"), that reflect pricing related information—number of tickets sold, ticket face value, fees, artist prices, etc. ("Redacted Data"). Consistent with the Court's guidance to submit one submission, Defendants solicited non-party views on this Motion, and the feedback we received is included as Exhibits 1 through 8 to the concurrently filed Declaration of Nicole M. Peles.

       Under *Logusch*, the "court must balance competing considerations against" any presumption of access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Countervailing interests that may overcome even strong presumptions of public access include the "the privacy interests of those resisting disclosure," (*id.*), which includes "trade secrets and sources of business information that might harm a litigant's competitive standing." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015); *see Rowe*

---

[1] Trial Tr. 3142:7-3143:13.

[2] The Court admitted DX 4054 into evidence on March 31, 2026.  Trial Tr. 3682:10-15.

[3] The data is a subset of the data identified at DX-2044, which was submitted to the Court before trial. Defendants uploaded this data to the Court's dropbox on February 18, 2026. It can be accessed at the following filepath: DX-2044 - Hill Rebuttal Report Backup Data\06 Combined\02 Combined ticketing data\Output – Event-level combined primary ticketing data.dta.

[4] AXS, DICE, Etix, Eventbrite, Paciolan, SeatGeek, See Tickets, StubHub, Tickets.com, Tixr. Hill Initial Report, Appendix I.

*v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) ("Preventing competitive harm is a countervailing interest that can override the public right of access."). Indeed, the Second Circuit has upheld findings that a business's "interest in protecting confidential business information outweighs [even] the qualified First Amendment presumption of public access." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

**The public's interest in accessing the Redacted Data does not overcome the strong argument in favor of its protection**. Courts routinely seal pricing information on the grounds that the disclosure would inflict harm on the disclosing enterprise. *See Locus Technologies v. Honeywell International Inc.*, 2024 WL 5103334, at *9 (S.D.N.Y. Dec. 13, 2024) (sealing "documents [that] contain details of [Plaintiffs'] pricing practices and the prices it charged [customers]" because "if revealed, this information might provide valuable insights into [Plaintiffs'] current business practices that a competitor would seek to exploit") (internal quotations omitted); *see id*. at *2 ("detailed pricing information . . . is the proper subject of sealing"; "Courts regularly seal pricing information . . . ."). Indeed, Courts have long "refused to permit their files to serve as reservoirs . . . of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (internal citations omitted).

Here, the Redacted Data is precisely the type of competitively sensitive material Courts routinely protect and is consistent with this Court's April 1, 2026 order granting Defendants' request to seal pricing and payment information. *See* ECF No. 1368. Primary ticketing companies compete for venue contracts based in significant part on the fee arrangements they offer, including the shares of ticketing fees retained by venues and ticketers. Defendants have at all times maintained the proprietary nature of the ticketing data reflected in the Dataset, and have not voluntarily disclosed it. The Redacted Data would allow an industry participant to reverse-engineer fee structures and the economic terms of each ticketer's venue contracts. Defendants' ticketing data spans from 2017 to 2024 and includes data related to contracts with venues that are still in effect. *See, e.g.,* ECF No. 1357-2 (providing examples of Ticketmaster contracts that span 2017 to present). While these figures may be opaque to a lay observer, they are readily interpretable by ticketing companies and other industry participants, some of which produced their own similar data in this litigation and possess the industry expertise to extract actionable competitive intelligence from the Dataset. Disclosure would effectively hand Ticketmaster's competitors a roadmap to undercut its offerings in future negotiations with venues for ticketing contracts.

The competitive harm, moreover, extends beyond Ticketmaster alone. The Dataset aggregates the proprietary pricing data of ten non-party rival ticketers.[5] Public disclosure would simultaneously expose the confidential pricing and fee structures of all eleven companies to one another and to the market at large. Indeed, eight ticketing companies have submitted statements explaining the competitive harm that would result to them from disclosure of their data. *See* Exs. 1-8.[6]

---

[5] *See* N. Peles Declaration (collecting third-party statements on competitive harm from disclosure).

[6] All "Ex." citations refer to the exhibits attached to the concurrently filed Declaration of Nicole M. Peles.

**The redaction request is narrowly tailored to protect competitive information, and does not impair the public's ability to understand the proceedings or the Court's findings**. The public interest in transparency has already been substantially served: Dr. Hill relied on the Dataset in forming his expert opinions (Hill Rep., Appendix I), and Dr. Hill has testified in open court about his conclusions and the underlying data (*see* Trial Tr. 2071-2288). *See also* April 1, 2026 Order, ¶ 2, ECF No. 1368 ("To the extent that the parties' experts have taken this data and used it as part of their expert opinions, those expert opinions have been and will be publicly aired. But the individual numbers aren't relevant to anything in this case, and their revelation may cause competitive harm in the market.").

For the foregoing reasons, Defendants request that the Court grant this motion to seal/redact certain portions of DX-4054.[7]

*[signatures on following page]*

---

[7] Defendants will send DX-4054, with proposed redactions, to the Court's Chambers consistent with the Court's March 8, 2026, order (ECF 1138), and Defendants' understanding of the Court's guidance at the February 25, 2026, pretrial conference. Those proposed redactions are in blue-boxes. Defendants will file DX-4054 on the public docket within 24 hours of the Court's ruling on this Motion.

Dated:  April 2, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_____
Alfred C. Pfeiffer (admitted *pro hac vice*)
    *Co-Lead Trial Counsel*
David R. Marriott
    *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

_____
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

4