# Exhibit 3

**Paciolan Insert on Data Compilation Sealing Motion**

In correspondence dated March 29, 2026, Defendants informed Paciolan that "as part of a stipulation to resolve certain evidentiary disputes, the parties are seeking to enter into evidence Dr. Hill's combined primary ticketing data, which includes data from [Paciolan]." Based upon correspondence with Defendants, Paciolan understands that Dr. Hill's combined data set includes Paciolan's event-level customer transaction data, which contains disaggregated and highly granular data and financial information regarding Paciolan's business and sales—data which Paciolan has designated as Highly Confidential.[1] For the reasons set forth below, Paciolan respectfully requests that these materials remain under seal.

Within this compilation file, Paciolan seeks redaction only of Paciolan's disaggregated and granular data and financial information.  Specifically, Paciolan seeks redactions of its information contained in the 34 data columns with the following labels:

> (i) "tickets_sold," (ii) "total_face_value," (iii) "total_fees_outside," (iv) "total_consumer_payments," (v) "total_face_value_fees," (vi) "total_fees_ticketer," (vii) "web_tickets_sold," (viii) "web_total_face_value," (ix) "web_total_face_value_fees," (x) "web_total_fees_outside," (xi) "web_total_consumer_payments," (xii) "web_total_fees," (xiii) "web_total_fees_ticketer," (xiv) "web_credit_card_fees," (xv) "web_artist_set_price," (xvi) "web_uplift," (xvii) "web_facility_fee," (xviii) "web_processing_fees," (xix) "web_service_fees," (xx) "web_promoter_bumps," (xxi) "web_taxes," (xxii) season_total_face_value," (xxiii) "season_tickets_sold," (xxiv) "season_total_face_value_fees," (xxv) "season_total_fees_outside," (xxvi) "season_total_consumer_payments," (xxvii) "season_total_fees_ticketer," (xxviii) "other_tickets_sold," (xxix) "other_total_face_value," (xxx) "other_total_face_value_fees," (xxxi) "other_total_fees_outside," (xxxii) "other_total_consumer_payments," (xxxiii) "other_total_fees_ticketer," and (xxxiv) "comp_tickets_sold."

(referred to hereinafter as the "Proposed Redactions").

Keeping this information redacted is consistent with the Second Circuit's three-part test for determining whether to grant a motion to seal.  "First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches."[2] *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023).[3]  Second, if it is a judicial document, "the court proceeds to determine the weight of the presumption of access to that document."  *Id.* at 70.  Finally, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded to the

---

[1] Paciolan understands that the data files produced by Paciolan are not themselves intended to be submitted into evidence, and that the only file to be submitted into evidence (as relevant to this letter motion) is Dr. Hill's compilation file.

[2] Paciolan does not dispute that the documents at issue in this letter are judicial documents.

[3] Unless otherwise noted, for all citations herein, internal quotations, modifications, and citations are omitted.

presumption of access." *Id.*; *see also Syntel Sterling Best Shores Mauritius v. Trizetto Grp.*, 2021 WL 2935963 (S.D.N.Y. July 13, 2021) (applying the Second Circuit's three-part test to requests to seal trial exhibits). Several "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"—can "outweigh the presumption of public access" and justify sealing. *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020). Here, the need to protect Paciolan's Highly Confidential Proposed Redactions outweighs any *de minimis* interest the public may have.

<u>Public Right of Access to Proposed Redactions Is Non-Existent or Minimal</u>.

The weight of the public's interest in the Proposed Redactions is non-existent or minimal. The weight of the presumption of public access varies with "the role of the material at issue" and "the resultant value of such information to those monitoring the federal courts." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Paciolan's Proposed Redactions comprise only a *de minimis* portion of the hundreds of exhibits and many weeks' worth of testimony that the Court has received, and is continuing to receive, during trial. Moreover, Paciolan understands that Dr. Hill's data compilation file is one of many backup files supporting Dr. Hill's analyses and testimony. In line with the Court's instruction, Paciolan has narrowed the Proposed Redactions within the data compilation. For instance, Paciolan understands that the data compilation includes 93 data fields, and Paciolan is seeking redactions to only 34 of those data fields. Moreover, Paciolan is not seeking to redact the identity of its customers and their events. Rather, Paciolan is seeking only to redact its highly sensitive financial information, which includes (among other data) Paciolan's nonpublic price and revenue information. It is highly implausible that the Proposed Redactions would impede the public's ability to understand the issues at trial or would be outcome determinative, and sealing of this content is justified.

<u>Need to Protect Commercially Sensitive Materials Overcome Any Presumption of Access</u>.

Even if the public does have some interest in the Proposed Redactions, this interest is readily overcome by Paciolan's strong interest in and the need to protect its confidential information. Courts in this District routinely seal documents to prevent the disclosure of confidential business information, including in the context of materials introduced at trial. *See, e.g.*, *Syntel*, 2021 WL 2935963 (sealing trial exhibits on the basis they contained commercially sensitive information). The information that Paciolan seeks to keep redacted is protected from disclosure by the Amended Protective Order (*see* ECF 347, ¶ 2) and is commonly redacted by Courts.

The Proposed Redactions include granular data and financial information regarding Paciolan's business and sales, including financial information that is based on negotiated contract terms with customers. More specifically, the Proposed Redactions include recent data on Paciolan's revenues and costs (including payments to and from customers), for individual customers and individual events, and if disclosed could enable customers and competitors to ascertain Paciolan's negotiated pricing, including in its current contracts. If this information were disclosed publicly, current or future customers

2

of Paciolan could use this information to gain an unfair business advantage over Paciolan.  Additionally, the revelation of this information would place Paciolan at a competitive disadvantage with its ticketing competitors, who are presently or in the future negotiating and contracting with the same customers.  *See, e.g.*, *Syntel*, 2021 WL 2935963, at *1 (sealing trial exhibits because they contained confidential "financial" information); *Nervora Fashion, Inc. v. Advance Mag. Publishers Inc.*, 2025 WL 406669, at *2 (S.D.N.Y. Feb. 5, 2025) (redacting financial and business information) (citing *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (redacting information on sales and revenue sources and amounts) and *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (same); *AETN TV Networks, LLC v. Big Fish Ent., LLC,* 2024 U.S. Dist. LEXIS 191370, at *3–4 (S.D.N.Y. Oct. 17, 2024) (sealing where "public disclosure of ... confidential, negotiated contract terms would be detrimental to [a party's] competitive standing and business relationships with current and prospective partners"); *Dodona I, LLC v. Goldman Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing third parties' "information concerning ... transactions").

Moreover, the Proposed Redactions are "narrowly tailored to protect the legitimate privacy interests of" **non-party** Paciolan, who is "not affiliated with any party, [is] not accused of any wrongdoing, and did not ask to be involved in this lawsuit." *Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *7–8 (S.D.N.Y. May 6, 2024).  "[T]he privacy interests of innocent third parties," such as Paciolan, "should weigh heavily in a court's balancing equation" in determining whether to grant a motion to seal.  *See Avant v. Cnty. of Erie*, 2025 WL 2581681, at *2 n.4 (W.D.N.Y. Aug. 29, 2025) (quoting *Amodeo,* 71 F.3d, at 1050).

Because the potential competitive harm of unsealing the Proposed Redactions outweighs the public's limited interest in these materials, it is proper to keep them under seal.