# Exhibit  6

**From:** Kelly S. Kaufman <KKaufman@keker.com>
**Sent:** Wednesday, April 1, 2026 12:58 PM
**To:** Nicole Peles <npeles@cravath.com>
**Cc:** Rachel Shapiro <rshapiro@cravath.com>; Adam Lauridsen <ALauridsen@keker.com>
**Subject:** Tickets.com, LLC - submission in support of sealing

External (kkaufman@keker.com)

Report This Email  FAQ

Nicole,

We represent Tickets.com, LLC.  Please include this paragraph in your submission to the Court regarding Dr. Hill's combined primary ticketing data.

Regards,
Kelly
***

Third-party Tickets.com, LLC ("TDC") requests that these materials remain under seal because they reflect sensitive financial information.  "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" of whether to keep materials under seal.  *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (citation omitted).  Protecting a third party's privacy interests in their "business and financial records[] represents a legitimate basis for sealing."  *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).  Here, TDC has a significant privacy interest in its financial information, and that interest outweighs the public's right to access judicial documents.  The financial information at issue includes non-public records of ticket sales, revenues, and fees for recent years, including 2024.  Because TDC produced this data on a client-by-client basis, a competitor could use it to gain an unfair advantage in competing for TDC's ticketing clients.  TDC thus requests that the Court seal these materials.

**Kelly S. Kaufman**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2339 direct | 415 391 5400 main
kkaufman@keker.com | vcard | keker.com

1