# Exhibit 3

March 26, 2026

**<u>VIA EMAIL</u>**

**<u>HIGHLY CONFIDENTIAL – NOT FOR PUBLIC FILING</u>**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

Defendants submit this letter in response to the Court's request on this evening's teleconference regarding the forthcoming testimony of Rick Mueller.

To reiterate the background:  Mr. Mueller is scheduled to testify for Defendants on the morning of Friday, March 27, 2026.  Mr. Mueller currently works at Live Nation, and previously worked at AEG Presents (Live Nation's biggest competitor) for 13 years, until he resigned in April 2024 (before this lawsuit was filed).  He will testify about a limited set of issues, and in particular, his experience with the AXS ticketing system when he was at AEG, and how it compares to Ticketmaster.  Multiple contemporaneous documents produced by AEG itself and for which Plaintiffs have no objection to admissibility support his anticipated testimony that AXS was inferior to Ticketmaster throughout his time at AEG.  *See, e.g.*, Ex. A (compilation of DX-0267 (August 2019 email referring to AXS as the "worst ticketing service, pathetic"); DX-0268 (September 2019 email discussing the "general level of frustration" with AXS among AEG promoters); DX-0711 (November 2022 email stating that the "AXS system still mostly stinks at simple, basic things that should NEVER be happening"); PX-1286 (July 2021 email about "negative AXS pushback from customers")); Ex. H (email confirming no objection to DX-0267, DX-0711, or PX-1286, and that DX-268 is already admitted); *see also* ███████████████████ ████████████████████████████████████████████████████

Mr. Mueller has been known to Plaintiffs since the Government's pre-litigation investigation.  The Government issued a CID to AEG and Mr. Mueller was a document custodian for that CID.  After Defendants issued a document subpoena to AEG in this litigation, Mr. Mueller was deposed during discovery, on July 23, 2025, during which Defendants' counsel (Jennifer Giordano) and Plaintiffs' counsel (Collier Kelly from the Department Justice, Paula Gibson from the California AG, Daniel Shulak at Hogan Lovells for AEG Presents, and others) were present.  At the deposition, Mr. Mueller testified that he had worked at Live Nation since September 2024, and previously worked at AEG.  *See* Ex. B (Mueller Dep. Tr.) at 8:7-16.  Mr. Mueller was not asked about the circumstances of his departure from AEG during the deposition.  AEG has produced hundreds of thousands of documents in connection with this case and the preceding

investigation, including hundreds of thousands of documents in the litigation. In all of these documents, AEG never produced ████████████████████████████████████████████████████████████████████████████████████████████.

Mr. Mueller and AEG had a non-disclosure agreement that prevented Defendants' counsel from speaking to Mr. Mueller about his time at AEG. Throughout this litigation, AEG's counsel has repeatedly enforced that agreement to ensure Defendants' counsel were complying with it. Defendants counsel have complied with that agreement—so much so that Defendants were forced to subpoena their own employee for a deposition so that Defendants would have the facts needed for this trial. Defendants also served Mr. Mueller with a trial subpoena for his testimony.

At approximately 5:30 pm last night, while meeting with Mr. Mueller, it became apparent to Defendants' counsel ████████████████████████████████████████ ████████████████████████ Defendants' counsel did not know the details of his departure at that time. Yesterday evening, at the end of a meet-and-confer on evidentiary issues, Defendants' counsel (Jennifer Giordano) spoke one-on-one with Plaintiffs' counsel (Adam Gitlin) to ask whether Plaintiffs intended to question Mr. Mueller about the circumstances of his departure from AEG during his trial testimony (which was then scheduled for today, March 26). Mr. Gitlin stated that he intended to ask Mr. Mueller to ████████████████ At that point, Defendants' counsel discussed the issue with Mr. Mueller ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████[1]

Ms. Giordano then spoke with Mr. Gitlin again last night, and Mr. Gitlin disclosed that Plaintiffs had received a letter, signed by AEG, which apparently ████████████████ ████████████. Mr. Gitlin stated that he had obtained the letter from AEG on Tuesday night, and the he intended to use it to impeach Mr. Mueller during his testimony if he did not agree to the contents of the letter—but he refused to send the letter to Ms. Giordano. Again, that letter had never been produced to Defendants and last night was the first we ever heard of its existence. Indeed, Mr. Mueller could not even recall seeing the letter.

This morning at approximately 8 am, before Court resumed, Ms. Giordano met with Mr. Gitlin to discuss whether the parties could reach an agreement regarding the scope of the testimony Plaintiffs would elicit. At that time, Mr. Gitlin showed Ms. Giordano a copy of ██ ████████████████ that he had been referring to, but did not allow her to retain a copy. The parties ultimately reached an agreement on a specific question that Mr. Mueller could accurately answer ████████████████████████████, that he would not ask any other questions, and that he would not attempt to use the letter. Ms. Giordano's contemporaneous notes reflecting

---

[1] Defendants understand that Plaintiffs separately sent this document to the Court this evening, after the telephone conference. As discussed below, Defendants' counsel did not have a copy of the agreement until Plaintiffs' counsel sent it to Defendants at 8:50 pm this evening.

the agreed-upon question ("Isn't it true that you signed an agreement stating you would not be terminated for cause if you met certain conditions and would instead be permitted to resign") are attached as Exhibit C. Mr. Gitlin confirmed the agreement orally outside the courtroom and again by email at 8:22 am this morning. *See* Ex. D. On a phone call with Ms. Giordano this afternoon around 2 pm, Mr. Gitlin again re-confirmed the agreement. *See* Ex. E.

At 5:45 pm tonight, Mr. Gitlin sent Ms. Giordano an email stating that, "On further consideration, and review of what I provided this morning, Plaintiffs' position is that these issues are fair game for cross regarding bias. I understand you may wish to address the issue in chambers tomorrow morning. We will be prepared to do so." Ex. F. Ms. Giordano immediately spoke with Mr. Gitlin, who confirmed that AEG had voluntarily provided him the letter because they were helping Plaintiffs to prepare for Mr. Mueller's testimony. At 6:37 pm tonight, Defendants' counsel emailed the Court to request a conference to discuss this sensitive issue. At 6:48 pm tonight, Plaintiffs' counsel finally provided a copy of the ███████████████████████ ████████████████ that Mr. Gitlin had been referring to.

At 8:50 pm, after the conference with the Court this evening, and as ordered by the Court, Mr. Gitlin sent Ms. Giordano a copy of the "Full materials provided to Plaintiffs" by AEG. █
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████

Plaintiffs' attempt to question Mr. Mueller publicly about ████████████████████████ is unwarranted and would be unduly prejudicial. The circumstances leading to Plaintiffs obtaining this information is questionable at best. What happened over the last few days reveals just how far AEG is willing to go to intervene in this case: they *voluntarily* sent materials to Plaintiffs' counsel that were not produced to Defendants, contained ██████████████████ about a witness, and seem designed to intimidate the witness out of testifying in this case.

The package of materials that Plaintiffs provided to Defendants this evening—only after being ordered to do so by the Court—confirms this strategy. AEG provided ███████████ ████████████ that Mr. Gitlin apparently seeks to use to impeach Mr. Mueller, ███████████ ████████ This was not only inappropriate but also unlawful. So far as we can tell, AEG's disclosure of these materials to the government, without any notice to Mr. Mueller, violates California law. *See* Cal. Code of Civ. Proc. § 1985.6 (requiring notice and an opportunity to be heard before production of employment records). This is particularly concerning given that the state of California is a plaintiff in this case. Mr. Mueller himself does not even have a copy of these materials. AEG also failed to comply with the subpoena Defendants served in connection with this litigation, which required them to produce all documents "produced to Plaintiffs in connection with the Action." *See* Ex. G (Request No. 47).

On top of all this, for the reasons flagged by the Court during this evening's call, Plaintiffs' attempt to use these materials to impeach Mr. Mueller is procedurally improper. AEG should not have disclosed them. Plaintiffs should have shared them earlier. And Plaintiffs should not be permitted to renege on their agreement to limit use of the materials. Neither Plaintiffs nor AEG, which has been an active participant to helping Plaintiffs with their case, be rewarded for this

3

gamesmanship.  Indeed, it appears that Plaintiffs would not have disclosed these materials to Defendants *until they attempted to impeach Mr. Mueller on the stand* if Defendants had not reached out last night to inquire about Plaintiffs' intentions on this topic.

In light of the flagrant misconduct that has evidently transpired here, and pursuant to the doctrine of unclean hands, Plaintiffs should be estopped from asking any questions of Mr. Mueller about this topic.  As an alternative, Defendants respectfully request that the Court order Plaintiffs to honor the agreement they already struck with Defendants this morning, and limit any questioning relating to the circumstances of Mr. Mueller's departure to a single question: "Isn't it true that you signed an agreement stating you would not be terminated for cause if you met certain conditions and would instead be permitted to resign."

*[signatures on following page]*

4

Respectfully submitted,

| LATHAM & WATKINS LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc:    All Counsel of Record (via ECF)