April 3, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. Pursuant to the Court's March 6, 2026 ruling in open court and April 1, 2026 order (ECF No. 1368),  Defendants' respectfully request the redaction and sealing for confidentiality certain portions of the below documents,[1] which may be used at trial with Jenny Johnson and shown during Christian Barney's deposition testimony[2] (the "Exhibits"). Specifically, Defendants seek to seal competitively sensitive business information. Plaintiffs have indicated that they do not oppose the sealing of this information.

The Supreme Court has long held that "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Rather, "[t]he Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

---

[1] In addition to the redactions referenced in this motion, the Exhibits may also include redactions for personally identifiable information and/or sensitive personal information or medical information, which do not require a motion to seal pursuant to the Court's March 8, 2026 order approving the presumptive redaction of such information. *See* ECF 1138; ECF 1137 (defining personally identifiable information and sensitive personal information or medical information). For ease of review, the proposed redactions subject to this motion are reflected in blue boxes whereas the redactions for personally identifiable information and/or sensitive personal information or medical information are reflected in red boxes.

[2] DX-1400 is also the subject to the pending motion to seal filed by the SEG Basketball, LLC (the "Utah Jazz"). *See* ECF No. 1370.

Competing interests that outweigh access include "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, including the protection of competitively sensitive business information, s*ee, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015); *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22CV3235JPOKHP, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (relevant countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").[3] "[C]ourts have refused to permit their files to serve as reservoirs . . . of business information that might harm a litigant's competitive standing." *Nixon,* 435 U.S. at 598 (internal citations omitted).

The public's interest in accessing the information does not overcome the strong argument in favor of its protection. Defendants seek to redact/seal limited, narrowly tailored competitively sensitive business information, including pricing-related and non-public revenue information in the Exhibits. Specifically, Defendants seek to redact/seal margins, payments, costs, fees, percentages, and other pricing and revenue related information reflected in non-public, internal Live Nation analysis, Live Nation / Ticketmaster contracts, and contract negotiations, including venues, as well as, non-public revenue information. *See* Annex A (describing each Exhibit and the grounds for sealing).

Public disclosure of this information would materially compromise Defendants' negotiating position with customers, including venues, and could be leveraged by competitors seeking to undercut Defendants in securing future contracts. Courts routinely permit the sealing of such information. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (sealing "information concerning [Defendants'] trading strategies, objectives and transactions" and "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Locus Technologies v. Honeywell International Inc.*, 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) (collecting cases) ("Courts regularly seal pricing information . . . ."); *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents reflecting negotiations and related internal analysis as disclosure would place the parties in a competitive disadvantage in future negotiations); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (internal citation omitted) ("Courts commonly find that documents that contain . . . marketing plans, revenue information, pricing information, and the like satisfy the sealing standard."); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) ("Confidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit.").

Defendants also seek to redact/seal specific employee compensation related information, the disclosure of which could enable competitors to undercut its employee offerings and implicates the privacy interests of non-parties. *See Oliver Wyman, Inc. v. Eielson*, 282 F.Supp.3d 684 (S.D.N.Y. Sept. 29, 2017) (sealing compensation information); *id.* ("redaction of this salary

---

[3] *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019) (same weight of presumption of access to evidence introduced at trial as evidence connected to a summary judgment motion).

information vindicates the privacy interest these non-parties have in sensitive personal information that outweighs the public's interest in disclosure") (internal quotations omitted).

The limited and narrowly tailored information Defendants' seek to redact is of "value . . . to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119. Accordingly, Defendants respectfully request that the Court seal the proposed portions of the Exhibits and/or seal those requested to be sealed in full.[4]

*[signatures on following page]*

---

[4] Defendants will send the Exhibits to the Court's Chambers consistent with the Court's March 8, 2026, order (ECF 1138), and Defendants' understanding of the Court's guidance at the February 25, 2026, pretrial conference.

Dated:  April 3, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

CRAVATH, SWAINE & MOORE LLP

_____

_____

Alfred C. Pfeiffer (admitted *pro hac vice*)
  *Co-Lead Trial Counsel*
David R. Marriott
  *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

4