# Inner City Press

April 10, 2026

By ECF

Hon. Arun Subramanian, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

**Re: Opposition to SeatGeek, Inc.'s Request to Seal Win-Loss Report (ECF 1406) & request jury form be docketed in United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973**

Dear Judge Subramanian:

Inner City Press respectfully submits this letter in opposition to SeatGeek, Inc.'s April 10, 2026 letter (ECF No. 1406)  - filed during jury deliberations - seeking to keep under seal its internal win-loss report and related excerpts filed in connection with Defendants' Letter-Motion to Strike Certain Hill Testimony Regarding Win/Loss Data (ECF No. 1397).

  This is also a simpler request: that the jury form be placed in the public docket on PACER to assist reporting on this case.

Inner City Press has covered this trial from its inception, has filed prior access letters that the Court has acknowledged, and has a direct and ongoing interest in public access to the judicial record in this matter.

## I. THE PRESUMPTION OF ACCESS IS NOT REDUCED HERE

SeatGeek argues that the presumption of public access to its win-loss report is "lower" because the document was submitted in connection with "a mid-trial evidentiary motion" rather than introduced at trial. ECF No. 1406 at 1-2. This characterization is incorrect and should be rejected.

The motion at issue — Defendants' Letter-Motion to Strike Certain Hill Testimony Regarding Win/Loss Data — is not peripheral. It is a motion to strike testimony that was actually presented during trial, by a witness who testified about win-loss data that goes to the heart of the competitive landscape in the ticketing market. A motion to strike trial testimony is not "ancillary to the court's core role in adjudicating a case." Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019). It is the

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

court's core role. The documents filed in support of that motion carry the full Lugosch presumption of public access. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).

SeatGeek's reliance on Brown v. Maxwell for a reduced presumption is misplaced. Brown addressed documents submitted with non-dispositive discovery motions entirely collateral to the merits. Here, the win-loss report was submitted to support a motion directly challenging the admissibility and credibility of trial testimony about competitive conditions in the ticketing market — the central factual issue in this antitrust case. That is not a collateral or ancillary proceeding.

## II. SEATGEEK'S COMPETITIVE HARM ARGUMENT IS SPECULATIVE AND INSUFFICIENT

SeatGeek argues that public disclosure of its win-loss report would give competitors "a roadmap" for future venue negotiations. ECF No. 1406 at 2. This is the standard boilerplate invoked in virtually every corporate sealing request and courts in this district have repeatedly found it insufficient standing alone. See, e.g., Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 142 (2d Cir. 2016) (generalized claims of competitive harm insufficient to overcome presumption of access).

Several specific problems undermine SeatGeek's argument here:

First, the win-loss report covers a period of five years ending well before the present. Competitive conditions, personnel, and venue relationships in the ticketing market change continuously. The competitive value of a five-year-old internal assessment of lost contract negotiations is, at best, speculative.

Second, SeatGeek is a party to this antitrust litigation as a market participant whose competitive position is directly at issue. Its internal assessment of why it failed to win venues away from Ticketmaster is not merely a business secret — it is evidence of how the alleged monopoly actually operated to exclude competition. The public has a compelling interest in understanding that evidence.

Third, and most importantly, this is a government antitrust enforcement action brought on behalf of consumers and the public. The 29 continuing plaintiff states and the United States Department of Justice pursued this case in the name of the public. The public is entitled to see the evidence that formed the basis of the trial, including evidence about competitive conditions that a market participant itself documented and produced.

### III. SEATGEEK'S STATUS AS A NON-PARTY CUTS BOTH WAYS

SeatGeek invokes its non-party status as a reason to seal, citing United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). But Amodeo's protection for "innocent third parties" was designed for individuals facing privacy intrusions — not for sophisticated corporate competitors seeking to suppress antitrust evidence. SeatGeek voluntarily produced this document in discovery in a major federal antitrust case. Having done so, it cannot now claim the same privacy interest that protects, for example, a crime victim's personal information from public disclosure.

Moreover, SeatGeek's non-party status cuts the other way on the merits: SeatGeek has no formal stake in the outcome of this litigation, and its competitive interest in suppressing evidence of its own market failures does not rise to the level of "higher values" required to overcome the First Amendment right of access. See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 96 (2d Cir. 2004).

## IV. THE TIMING OF THIS REQUEST WARRANTS SCRUTINY

SeatGeek's letter was filed on April 10, 2026 — the day after closing arguments concluded and while the jury is deliberating. Some say that last-minute sealing requests filed during jury deliberations, after the evidentiary record is closed, represent an attempt to lock down the public record at the moment of maximum public interest in a case. The presumption of access is at its strongest, not its weakest, when a jury is deliberating on a verdict in a major public enforcement action.

## V. CONCLUSION

Inner City Press respectfully requests that the Court deny SeatGeek's request to maintain the win-loss report and related excerpts under seal, and order their public filing. Most immediately, this is a request that the jury form (and jury instructions) be placed in the public docket on PACER as soon as possible - while the parties respond to the current jury note. Additionally, docketing jury notes as they come in would be appreciated, and a best practice.

Respectfully submitted,

Matthew Russell Lee
Inner City Press
SDNY Press Room 500 Pearl Street
Mail: PO Box 130222, Chinatown Station
New York, NY 10013
Matthew.Lee@innercitypress.com