**VIA ECF**                                                                                    April 13, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973

Dear Judge Subramanian:

Non-party SeatGeek, Inc. ("SeatGeek"), through the undersigned counsel, submits this reply to Inner City Press' April 10, 2026 letter in opposition (ECF No. 1407) to SeatGeek's request (ECF No. 1406) that its win-loss report and excerpts therefrom, submitted in support of Defendants' April 7, 2026 Letter-Motion to Strike Certain Hill Testimony Regarding Win/Loss Data (ECF No. 1397), remain under seal.[1]

Inner City Press cites no legal authority for the proposition that data that was not introduced at trial, and that the jury was instructed *not* to consider (Trial Tr. 4570), is entitled to the same presumption of public access as trial exhibits or exhibits submitted in connection with dispositive motions.  Nor does Inner City Press offer any explanation why the material at issue, submitted in support of a mid-trial motion to exclude evidence, would be entitled to a higher presumption than a pre-trial motion to exclude the same evidence, which carries a presumption indisputably "lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell,* 929 F.3d 41, 50 (2d Cir. 2019).  Notably, the Court has previously granted motions to seal similarly competitively sensitive information, including discussions of the win-loss data, in connection with Defendants' summary judgment motion.  *See, e.g.,* ECF Nos. 763, 784 (Plaintiffs' Counterstatement of Material Facts and corrected version of same) ¶ 70 (discussing win-loss data); ECF No. 917 (SeatGeek request to seal same and similarly competitively sensitive information); ECF No. 1054 (order granting SeatGeek's request and similar sealing requests).[2]

---

[1] Contrary to Inner City Press' suggestion, there is nothing unusual about the timing of SeatGeek's request.  Rule 11(C)(i) of the Court's Individual Practices in Civil Cases provides that where a party seeks leave to file a document under seal or in redacted form based on confidentiality assertions by a non-party, the non-party "must file, within three business days, a letter explaining the need to seal or redact the document."  SeatGeek filed its request three business days after Defendants submitted their April 7 request to file their motion to strike Dr. Hill's testimony in redacted form and to file certain exhibits, including SeatGeek's win-loss data, under seal.

[2] Inner City Press' assertion that SeatGeek "voluntarily produced" its win-loss data, and thus has somehow forfeited its right to assert its confidentiality interest, is incorrect.  SeatGeek produced the data pursuant to a compulsory Civil Investigative Demand from the United States Department of Justice and, in doing so, asserted the fullest confidentiality protections available to it under applicable law.

Inner City Press' argument that some of the data is too old to be competitively sensitive disregards the nature of the ticketing industry, in which the evidence has demonstrated that most primary ticketing contracts range from five to ten years in length.  Feedback from a five-year-old contract negotiation is likely feedback from the most recent contract cycle for a particular venue and thus, if disclosed, would be among the most valuable information available to competing ticketers pitching that venue during the next cycle.

Notwithstanding Inner City Press' characterization of SeatGeek's description of the competitive sensitivity of its win-loss data as "boilerplate," SeatGeek's letter explained precisely how it would be harmed if the data were publicly disclosed.  It is not difficult to envision how a document highlighting the weaknesses in customer proposals, based on feedback from customers, would be of great value to competitors seeking to win or retain those customers.  It would be a perverse result if SeatGeek's competitors—including Ticketmaster, whose practices are at issue in this case—were given asymmetrical access to such information.

Accordingly, SeatGeek respectfully requests that its win-loss data, and the references thereto, remain under seal.

Respectfully submitted,

COHEN & GRESSER LLP


*/s/ Ronald F. Wick*
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
Derek Jackson
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20006

William E. Kalema
800 Third Avenue
New York, New York 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
djackson@cohengresser.com
wkalema@cohengresser.com

Attorneys for Non-Party SeatGeek, Inc.