# EXHIBIT 3

| | |
|---|---|
| **From:** | Subramanian NYSD Chambers <SubramanianNYSDChambers@nysd.uscourts.gov> |
| **Sent:** | Sunday, March 22, 2026 2:25 PM |
| **To:** | Benjamin, Rachel; Subramanian NYSD Chambers |
| **Cc:** | Pfeiffer, Al (Bay Area); Marriott, David (NY); npeles@cravath.com; Gushman, Robin (Bay Area); Giordano, Jennifer (DC); Fayne, Kelly (Bay Area); LiveNationTeam; Gitlin, Adam (OAG); Hatch, Jonathan |
| **Subject:** | Re: United States, et al. v. Live Nation Ent., Inc., et al., 1:24-cv-03973-AS |

1. In response to plaintiffs' letter concerning defendants' witness list, Dkt. 1280: Just as the Court on defendants' request required plaintiffs to go back and review their list, only specifying those witnesses that they presently intend to call in light of the time allotted for trial, defendants should do the same thing, identifying those witnesses and designations they presently intend to present. Based on the discussion from Friday, the Court didn't understand that the defendants presently intended to call 29 live witnesses and 19 witnesses by designation. If that's what defendants plan to do, then it is what it is. But if the defendants were merely presenting a "may call" type list, then as the Court previously noted in response to the parties' proposed JPTO, that's inappropriate. Any revised list should be furnished to plaintiffs by 9 PM tonight. The Court reserves any decision concerning the other requests in plaintiffs' letter.

2. Given that plaintiffs' expert witnesses are about to testify, the Court advises the parties that for each question on direct examination, the party presenting the witness should have ready the paragraph or paragraphs in the expert's opening or rebuttal report that discloses the substance of expert's testimony. The opposing party may object to "scope" if they believe testimony was undisclosed, at which point the party presenting the expert need only give the paragraph numbers. Separately, the opposing party may object saying "Daubert," and the Court will understand that the objection focuses on the limitations imposed by the Court in ruling on the parties' *Daubert* motions.