# EXHIBIT 7

| | |
|---|---|
| **From:** | Hatch, Jonathan <Jonathan.Hatch@ag.ny.gov> |
| **Sent:** | Thursday, February 26, 2026 10:01 AM |
| **To:** | Subramanian NYSD Chambers; Dahlquist, David (ATR); Sweeney, Bonny (ATR); Thornburgh, John (ATR); Markel, Arianna (ATR); Cohen, Alex (ATR); Strong, Curtis (ATR); Pfeiffer, Al (Bay Area); Marriott, David (NY); Gass, Andrew (Bay Area); O'Mara, Tim (Bay Area); Giordano, Jennifer (DC); Champlin, Lindsey (DC); Fayne, Kelly (Bay Area); Gushman, Robin (Bay Area); lmoskowitz@cravath.com; jweiss@cravath.com; npeles@cravath.com; rreiland@cravath.com; Adam Gitlin |
| **Subject:** | RE: United States v. Live Nation 24cv3973 Voir Dire |

Dear Judge Subramanian,

The parties' respective responses to the issue identified in the Court's proposed voir dire questions are below.

Plaintiffs' Position

Plaintiffs understand Defendants to be asserting that certain jurors should be struck on a for-cause basis due to concerns about implicit bias stemming from any potential recovery of funds following an award of damages under 15 U.S.C. § 15c, and concerns about actual or inferred bias based on prior negative experiences with Defendants. Neither concern justifies a for-cause challenge.

Plaintiffs do not believe there is any plausible claim of implicit bias stemming from a potential damages recovery by the States. The distribution of any funds received as damages to potential jurors is speculative at this time and contingent on a number of future events. Among other things, it would depend on the details of a future request by the States to distribute damages and a decision by the Court pursuant to 15 U.S.C. § 15e directing that distribution. Defendants are also wrong to suggest potential recovery (especially in light of the per-juror recovery amounts at issue here), without more, is a disqualifier for any given prospective juror.

As a threshold matter, there is a presumption of juror impartiality, and implied bias is reserved for extreme situations based on concrete facts. *United States v. Maxwell*, No. 20-cr-330, 2022 WL 986298, at *12 (S.D.N.Y. April 1, 2022); *see also United States v. Torres*, 128 F.3d 38, 46 (2d Cir. 1997). Any conceivable concerns about any implied bias on the part of jurors is limited to those who could actually recover—fans who purchased primary concert tickets from Ticketmaster for an event at a major concert venue within the statute of limitations.

Nor do even those prospective jurors present a cause for worry. Typically, implied bias concerns center around significant interests like employment by a party or holding ownership interests in a party. By contrast, the potential recoveries here, on an individual fan basis, are too small and speculative to present a concern of implied bias. Indeed, in actions related to utilities, courts allow jurors to sit notwithstanding the fact that the outcome might ultimately impact their utility rates. *See City of Cleveland v. Cleveland Elec. Illuminating Co.*, 538 F. Supp. 1240, 1246 (N.D. Ohio 1980); *Virginia Electric & Power Co. v. Sun Shipbuilding and Dry Dock Company,* 389 F. Supp. 568, 571 (E.D.Va.1975). Similarly, in *United States v. Waldbaum, Inc.*, 593 F. Supp. 967 (E.D.N.Y. 1984), a case dealing with the termination of coupons of modest value—the court found that regular coupon use did not disqualify a juror from serving on a grand jury. *Id.* at 971. Jurors have even been allowed to serve despite a spouse receiving pension payments from a party and a child being actively employed by the same party. *See*

1

*Seyler v. Burlington N. Santa Fe Corp.*, 121 F. Supp. 2d 1352, 1363 (D. Kan. 2000). The potential recovery of less than $2 per ticket in single damages does not present any realistic risk of bias.

There is therefore no need to adopt any particular procedures for screening any jurors out of the pool based on prior ticket purchases. But to the extent there are any remaining concerns, they could be resolved by carving jurors out of any future distribution of damages and instructing the jury to that effect.

As to any concerns about actual or inferred bias based on prior negative experiences, the Court's existing *voir dire* questions are likely to uncover any areas of bias. It is possible that some prospective jurors may have had negative experiences with or impressions of any of the parties, but that alone is no grounds to discard the presumption of juror impartiality. There is no basis for a blanket exclusion of any prospective jurors, and issues of actual or inferred bias should be handled through the normal *voir dire* procedures.

Defendants' Position

Defendants request that the Court strike, for cause, any potential jurors who indicate during voir dire that they have purchased a ticket from Ticketmaster since May 23, 2020.  Defendants also request that the Court strike, for cause, any potential juror who indicates during voir dire that (i) they have purchased a ticket from Ticketmaster and (ii) they had a "bad" experience with Live Nation or Ticketmaster or have a "negative" opinion of Live Nation or Ticketmaster, regardless whether the juror otherwise believes they may be fair and impartial.  (This would require slight modifications to the Court's proposed voir dire, which Defendants will submit by the Court's deadline later today.)  Defendants also request that all remaining jurors (*i.e.,* any who only may have purchased tickets before May 23, 2020, but indicate no negative experiences) be given Defendants' Proposed Preliminary Instruction No. 10D to make clear that they would not be entitled to any recovery in this case.

If the Court is unwilling to strike any such jurors for cause, Defendants alternatively request that they be given at least two additional peremptory challenges beyond the number the Court intends to permit for Plaintiffs.  (The parties understand that the Court is currently contemplating a request to allow each side to have four peremptory challenges.)

Plaintiff States are pursing claims in their *parens patriae* capacity and will argue throughout the trial—as they stated in their proposed jury instructions—that they are "suing on behalf of the residents of their States who attend live events and who have allegedly been harmed by Defendants' conduct."  ECF No. 1031-9 at 29 (Plaintiffs' Proposed Preliminary Instruction No. 10).  As they explained at the hearing on Wednesday, if Plaintiff States recover any damages at trial, they contemplate some type of "claims administration" process that they suggest would be akin to the way damages are distributed to class members in a class action.  Feb. 25, 2026 Hr'g Tr. at 5:9-16.  And Plaintiff States made plain in their response to Defendants proposed jury instructions that any financial recovery they receive "under 15 U.S.C. § 15c likely will be returned to fans."  ECF No. 1031-10 at 37 (Plaintiffs' Position on Defendants' Proposed Preliminary Instruction No. 10D).  For that reason, Plaintiff States have objected to Defendants' proposal to instruct the jurors that they will not be receiving any portion of any money the jurors may award to the Plaintiff States.  *Id.* at 37-38.  Plaintiff States (which includes the State of New York from which the jury venire will be drawn) want jurors who have purchased tickets from Ticketmaster to assume that, if they award damages to Plaintiff States, those jurors can expect to receive some portion of that recovery.  These circumstances qualify either as "implied bias" or "inferable bias" that should excuse those jurors for cause, particularly for any jurors who report having

had a "bad" or "negative" experience with either Defendant. *United States v. Torres*, 128 F.3d 38, 45-47 (2d Cir. 1997).

As the Second Circuit explained in *Torres*, the concept of "implied or presumed bias is 'bias conclusively presumed as a matter of law.'" *Id.* at 45 (citation omitted). "It is attributed to a prospective juror regardless of actual partiality." *Id.* The standard for "implied bias" is "whether an average person in the position of the juror in controversy would be prejudiced," and the juror's statements during voir dire about the ability to be impartial "are totally irrelevant." *Id.* (citation omitted). Dating back to common law, "implied bias" has long been found to exist where the prospective juror "has an interest in the cause." *Id.* (quotation and citation omitted). Here, a prospective juror believing that they have a financial interest in the outcome of the case and thus may be deciding their own damages, particularly when coupled with a "bad" or "negative" prior experience with Defendants, creates the type of exceptional situation that justifies mandatory excusal for cause for implied bias. *See United States v. Trutenko*, 490 F.2d 678, 679 (7th Cir. 1973) ("pecuniary interest would necessarily disqualify a prospective juror from service"); *Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1122 (10th Cir. 1995) ("[C]ourts have presumed bias in extraordinary situations where a prospective juror has had a *direct* financial interest in the trial's outcome." (citation omitted)); *United States v. Polichemi*, 219 F.3d 698, 704 (7th Cir. 2000) ("The concept of implied bias is well-established in the law ... [and] a court must excuse a juror for cause ... if the juror has even a tiny financial interest in the case." (citation omitted)); *cf. Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1029 (5th Cir. 1998) (concluding that judge must recuse herself from case where her or her family were members of class because "where a judge is a class member in an action seeking monetary relief, her direct financial interest runs afoul of § 455(b)(4)").

The circumstances here also qualify as "inferable bias" and the Court should excuse such jurors for cause on that basis. "[T]he court is allowed to dismiss a juror on the ground of inferable bias only after having received responses from the juror that permit an inference that the juror in question would not be able to decide the matter objectively." *Torres,* 128 F.3d at 47. However, "the juror need not be asked the specific question of whether he or she could decide the case impartially" because that is "irrelevant" to a finding of "inferable bias." *Id.* "Inferable bias" has been found where the juror "has engaged in activities that closely approximate" those at issue in the case. *Id.* That is the situation here. The Plaintiff States are suing to recover damages on behalf of ticket-buyers who have allegedly been harmed by Defendants' conduct through their ticket purchases from Ticketmaster. It is reasonable to infer that jurors who purchased tickets from Ticketmaster and had a "bad" or "negative" experience with Defendants would be biased, would not be able to leave their own personal experience at the door and judge the case based solely on the evidence presented, and could contaminate the other jurors. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) ("One touchstone of a fair trial is an impartial trier of fact—'a jury capable and willing to decide the case solely on the evidence before it.'" (citation omitted)); *United States v. Brodnicki*, 516 F.3d 570, 575 (7th Cir. 2008) (finding no error in dismissal of juror based on his "direct and personal experience that was a source of potential bias"); *Dyer v. Calderon*, 151 F.3d 970, 984-85 (9th Cir. 1998) ("[P]rejudice must sometimes be inferred from the juror's relationships, conduct or life experiences, without a finding of actual bias ... [and] subjective state of mind is not dispositive when the circumstances create an inference of bias." (citing *Tumey v. Ohio*, 273 U.S. 510, 532 (1927)); *Kelley v. Wegman's Food Markets, Inc.*, 2003 WL 21091390, at \*2 (E.D. Pa. May 15, 2003) (striking jurors for cause based on concern "they might convey their firsthand knowledge . . . to the other jurors" and "contaminate[]" those other jurors"); *United States v. Herndon*, 156 F.3d 629, 636 (6th Cir. 1998) (concluding that a juror with "specific knowledge about or a relationship with either the parties or their witnesses" "may well deny the litigants their constitutional right to have the case heard by a fair and impartial jury"); *United States v. Navarro-Garcia*, 926 F.2d 818, 821 (9th Cir. 1991) (describing juror's "personal knowledge regarding the parties or the issues involved in the litigation that might affect the verdict" as impermissible extrinsic evidence (citation omitted)).

Plaintiff States proposal to preclude jurors that qualify as having either an "implied bias" or "inferable bias" from any potential recovery is not an adequate solution. First, it does not address jurors who have direct experience buying from Ticketmaster and also report having had a negative experience with one of the Defendants, so those jurors would still need to be excused for cause. Second, telling jurors that they will not be able to share in any recovery that they might otherwise have been entitled to would simply introduce a new source of prejudice and bias compounding the reasons noted above that warrant excusal. Plaintiffs chose to inject the issue of monetary recovery to fans (and potential jurors) into this case and reject Defendants' jury instruction. *See* ECF No. 1031-10 at 37-38 (Plaintiffs' Position on Defendants' Proposed Preliminary Instruction No. 10D). That creates implied or inferable bias that needs to be adequately cured.

If the Court is unwilling to strike jurors for cause, Defendants request that they be given at least two additional peremptory challenges beyond the number the Court allows for Plaintiffs, given that Defendants may need to use peremptory challenges on jurors who Defendants believe should be struck for cause. To be clear, Defendants do not believe this is an adequate alternative because Defendants should not have to use *any* peremptory challenges to strike jurors that should be excused for cause, and it is currently unclear whether two additional challenges would be enough.

Respectfully submitted,

Jonathan Hatch | Assistant Attorney General
Office of the New York State Attorney General | Antitrust Bureau
28 Liberty Street 20th Floor, New York, NY 10005
(212) 416-8598 | jonathan.hatch@ag.ny.gov

---

**From:** Subramanian NYSD Chambers <SubramanianNYSDChambers@nysd.uscourts.gov>
**Sent:** Wednesday, February 25, 2026 7:07 PM
**To:** Dahlquist, David (ATR) <David.Dahlquist@usdoj.gov>; Sweeney, Bonny (ATR) <Bonny.Sweeney@usdoj.gov>; Thornburgh, John (ATR) <John.Thornburgh@usdoj.gov>; Markel, Arianna (ATR) <Arianna.Markel@usdoj.gov>; Cohen, Alex (ATR) <Alex.Cohen@usdoj.gov>; Strong, Curtis (ATR) <Curtis.Strong@usdoj.gov>; Hatch, Jonathan <Jonathan.Hatch@ag.ny.gov>; Al.Pfeiffer@lw.com; David.Marriott@lw.com; Andrew.Gass@lw.com; Tim.O'Mara@LW.com; Jennifer.Giordano@lw.com; Lindsey.Champlin@lw.com; Kelly.Fayne@lw.com; Robin.Gushman@lw.com; lmoskowitz@cravath.com; jweiss@cravath.com; npeles@cravath.com; rreiland@cravath.com
**Cc:** Subramanian NYSD Chambers <SubramanianNYSDChambers@nysd.uscourts.gov>
**Subject:** United States v. Live Nation 24cv3973 Voir Dire

[EXTERNAL]

Dear Counsel:

Please see attached the Court's proposed voir dire. Any edits to this draft must be returned by 5pm ET on Thursday, February 26, 2026. There is one foundational issue addressed in the voir dire, highlighted in a comment. Suffice it to say that the referenced objection (expressed in a couple sentences of the margin of the voir dire), given its potential implications for the jury-selection process, was not properly addressed by either side. A response to that issue is requested by 10 am on Thursday.

**Chambers of The Honorable Arun Subramanian**
United States District Court

Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.