# EXHIBIT 22

| | |
|---|---|
| **From:** | Gushman, Robin (Bay Area) |
| **Sent:** | Wednesday, April 8, 2026 7:36 PM |
| **To:** | Subramanian NYSD Chambers |
| **Cc:** | #C-M US V LIVE NATION LITIGATION - FULL - LW TEAM; LN_Lit_CSM@cravath.com; LiveNationTeam; LiveNationTrialStates@ag.ny.gov |
| **Subject:** | United States v. Live Nation - 24-cv-3973 - Jury Instructions |

Dear Judge Subramanian:

We write, jointly on behalf of the parties, to follow up on a few issues discussed in court today.

**Instruction re: win-loss data:** The parties propose the following agreed-upon language for an instruction to the jury on the win-loss data:

> During the trial, you heard testimony about win-loss data or data from a source called Salesforce.com.  You should not consider this data in your deliberations.

**Instruction re: Dr. Abrantes-Metz:** The parties have not been able to reach agreement on an instruction to the jury regarding Dr. Abrantes-Metz.  The parties' respective proposed instructions and positions are below.

> Plaintiffs' Proposed Instruction:

> > During the testimony of Plaintiffs' damages expert, Dr. Abrantes-Metz, there was discussion of the concept of how Dr. Abrantes-Metz developed and calculated the concept of a "Retained Amount." So that there is not any confusion or misunderstanding, I instruct you as follows:
> > - Dr. Abrantes-Metz calculated what she calls a "retained amount" using Ticketmaster's data.
> > - Dr. Abrantes-Metz does not contend that Ticketmaster uses the term "retained amount" the same way she does, that Ticketmaster uses her calculation internally, or that Ticketmaster told her to define the term the way she did.

> Plaintiffs' Position:

> > Plaintiffs object to the submission of any curative instruction regarding Dr. Abrantes-Metz, as the Court has reserved decision on the motion to strike, and no further curative instruction is needed for the reasons stated in Plaintiffs' opposition to that motion. Providing a curative instruction about a single expert under these circumstances is unfairly prejudicial. Recognizing this objection has been overruled, Plaintiffs further object to Defendants' proposal as also unfairly prejudicial, as listing only what Dr. Abrantes-Metz did not do, in a series of three separate bullets, suggests that Dr. Abrantes-Metz's use of the term "retained amounts" was improper or that the jury should view that decision skeptically. Plaintiffs' instruction explains both what Dr. Abrantes-Metz did and did not do, thus providing balanced, non-argumentative direction to the jury on (i) how Dr. Abrantes-Metz used the term retained amounts and how she relied on Ticketmaster's data, and (ii) how her use differed from use by Ticketmaster's, and that she did not rely on Ticketmaster for instructions as to how to calculate her retained amounts.

> Defendants' Proposed Instruction:

During the testimony of Plaintiffs' damages expert, Dr. Abrantes-Metz, there was discussion of the concept of how Dr. Abrantes-Metz developed and calculated the concept of a "Retained Amount." So that there is not any confusion or misunderstanding, I instruct you as follows:

- Dr. Abrantes-Metz does not contend that Ticketmaster used the term "retained amount" as she used it.
- Dr. Abrantes-Metz does not contend that by using the term "retained amount," she was taking any calculation that Ticketmaster uses internally, and applying it here.
- Dr. Abrantes-Metz does not contend that she was following instructions from Ticketmaster on how to define the term "retained amount" the way Defendants used the term.

Defendants' Position:

There is no dispute that Dr. Abrantes-Metz made multiple statements during her trial testimony that need to be corrected. She admitted in her declaration in opposition to Defendants' motion to strike her testimony, at least five times, that she gave testimony that could create a false or misleading impression on the jury's part. ECF No. 1382-1 (Abrantes-Metz Decl.) ¶¶ 5, 13, 17, 20, 22. Each of the bulleted statements in Defendants' proposed instructions comes, nearly verbatim, from the same declaration (*id.* ¶¶ 6, 7, 25). This is exactly what was discussed earlier today as a proper instruction to address this issue. Plaintiffs' proposed instruction attempts to rehabilitate Dr. Abrantes-Metz's testimony—which is not the purpose of this curative instruction—and blurs the lines of what Dr. Abrantes-Metz testified to.

**Edits to jury instructions to remove references to the dismissed exclusive dealing claim:** In addition to the edit to Instruction No. 38 discussed earlier today (to remove the reference to "exclusive dealing"), the parties agree that the language "unlawful exclusive dealing or" should be removed from Instruction No. 43.

Respectfully submitted,

**Robin L. Gushman**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.7830