# EXHIBIT 27

| | |
|---|---|
| **From:** | Gushman, Robin (Bay Area) |
| **Sent:** | Wednesday, March 18, 2026 9:08 PM |
| **To:** | 'Subramanian NYSD Chambers' |
| **Cc:** | #C-M US V LIVE NATION LITIGATION - FULL - LW TEAM; LN Lit CSM; LiveNationTeam; LiveNation Trial States |
| **Subject:** | United States et al. v. Live Nation et al., 1:24-cv-03973-AS - Defendants' Letter Brief re: Hill Report |
| **Attachments:** | US v LN - Defs Letter Brief re Hill Exclusions.pdf |

Dear Judge Subramanian:

Attached please find Defendants' letter brief regarding disputed portions of Dr. Hill's report to be excluded.  We will follow up with the attachments due to size.

Best,
Robin

**Robin L. Gushman**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.646.7830

1

March 18, 2026

**VIA EMAIL**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:** *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

After weeks of detailed negotiations, during which both Defendants and Plaintiffs progressively narrowed their areas of dispute regarding the scope of admissible testimony by Plaintiffs' expert, Dr. Hill, Plaintiffs abruptly changed course today, on the same afternoon that they announced that Dr. Hill would now testify next Monday, March 23rd.

Since February 18, the parties have been exchanging lists and highlighted copies of Dr. Hill's reports in an effort to identify, at a detailed level, opinions that are agreed to be excluded (in grey), or the exclusion of which is still debated (in red). This collaboration aligned with the process outlined by the Court. More than a month in, Plaintiffs suddenly produced a new version (their first since March 6) that withdrew more than 100 areas of prior agreement and just five days ago, also revealed their plan to have Dr. Hill testify to any "facts" underlying even those opinions they still designated as "agreed excluded." Plaintiffs delivered their revised highlights this afternoon, while the parties' trial counsel were all in court, at essentially the same time Plaintiffs announced to the Court that the parties would submit their positions to the Court today.

Defendants seek the Court's guidance on three issues: (1) whether Plaintiffs should be held to their prior agreements on the scope of exclusion; (2) whether opinions that the parties have agreed are "excluded" are in fact fully excluded and, to the extent that Dr. Hill intends to rely on "facts" underlying excluded opinions, he must identify what facts and to what surviving Hill opinions they relate; and (3) resolution of the remaining disputes regarding specific opinions that Defendants contend are inadmissible under the Court's summary judgment and *Daubert* rulings.

- **Issue 1**: **What does "excluded" mean?**

Through at least March 6, the parties collaborated in good faith with an apparent mutual understanding that opinions marked as "agreed excluded" meant Dr. Hill would not offer them. Plaintiffs informed Defendants opaquely on March 13 and in more detail late last night of a new position: even if something is marked as excluded, Dr. Hill "can testify to anything cited in his materials relied upon to the extent that it supports opinions that have not been excluded." *See* 03/17/26 8:29 PM A. Gitlin email. During a meet and confer at 4 p.m. today, Plaintiffs put it differently, saying Hill could offer "facts" from agreed-excluded sections, but were unable to

explain what separates a "fact" from an "opinion"—a distinction that could have been addressed through the highlighting process weeks ago had Plaintiffs articulated this position back then.

Defendants disagree for three reasons. First, Dr. Hill had to disclose all opinions and the bases for them long ago. Fed. R. Civ. P. 26(a)(2)(B)(i) (expert reports must contain "a complete statement of all opinions the witness will express and the basis and reasons for them"). He did so, in his report, but Plaintiffs apparently contend that no adjustments to that need to be made now that the Court has excluded significant portions of his analysis. If Dr. Hill can now retrofit an excluded opinion by connecting it to a different claim, he readily could have disclosed that connection in his reports (and should have).

Second, the Court's rulings are clear: excluded means excluded. As the Court stated on February 25, 2026, "the experts are going to testify within the scope of their reports," and "before any expert takes the stand, [the Court will] be furnished with a copy of the reports." 2/25/26 Hearing Tr. 80:11-15. That requires clarity as to what, at a detailed level, is fair game and what no longer is. The highlighting process was designed to facilitate this. If Plaintiffs contend something is still admissible despite the Court's rulings, they should have highlighted it to indicate disagreement. As Issue 3 reflects, the parties legitimately arrived at disputes on the admissibility of certain opinions. Under Plaintiffs' new proposal, Defendants would have no idea what Dr. Hill contends are supporting bases for his opinions, and the process of finding out on the fly as he testifies would be chaotic.

Third, Plaintiffs' position is inconsistent with their prior dealings. On March 6, Danielle Drory (DOJ) wrote: "Plaintiffs' agreement that these opinions are excluded are subject to Defendants' agreement that they will not cross-examine Dr. Hill on the existence or contents of those opinions." *See* 03/06/26 10:05 PM D. Drory email (no mention that Dr. Hill can still offer these opinions if relevant to others). On March 1, Ms. Drory wrote: "We have highlighted in green the portions of Dr. Hill's reports that we agree are excluded. We have left highlighted in red the portions that we disagree are excluded under the Court's rulings." *See* 03/01/26 7:21 PM D. Drory email (also no mention). On February 26, Ms. Drory wrote: "Per the Court's order and comments at yesterday's hearing, attached please find Plaintiffs' response to Defendants' designations of the portions of Dr. Hill's reports that should be excluded pursuant to the Court's recent summary judgment and Daubert orders." *See* 02/26/26 2:55 PM D. Drory email (also no mention). Representatives of the state plaintiffs are included on all of these emails.

*Defendants respectfully ask the Court to clarify that any opinion highlighted as "agreed excluded" is fully excluded.*

- **Issue 2**: **Reversals of Prior Agreements on Exclusion**

After Plaintiffs' March 6 submission of agreed and disputed passages, they waited nearly two weeks to inform Defendants that they had changed their mind. Today at approximately 1:15 p.m., Plaintiffs served new highlighted copies of Dr. Hill's reports that reversed field on more than 100 passages that Plaintiffs originally agreed were excluded. Plaintiffs disclosed no new areas of agreement. Examples of Plaintiffs' reversals include their new view that the following opinions are in bounds:

- Regarding artist-facing promotion services: "I therefore define actual outside diversion as being 28 percent." *See* Hill Opening Rpt. ¶ 172
- All estimated market shares within Dr. Hill's excluded artist-facing promotions market. *See e.g.* Hill Opening Rpt. ¶ 179 ("These findings are consistent with Live Nation having a substantial share in the market for promotion services to artists performing in major concert venues.")
- All estimated market shares within Dr. Hill's excluded fan-facing ticket market. *See e.g.,* Hill Opening Rpt. ¶ 270 ("Figure 51 depicts market shares for the provision of primary concert ticketing to fans at major concert venues in the United States in 2024.").
- Opinions regarding promoter acquisitions, which the Court agreed in its summary judgment opinion were irrelevant to any triable issues of facts in this case, including Hill's calculated market shares for acquired promoters. *See Summary Judgment Order at 33; Hill Rebuttal Report Figure 62.*

Given the late hour Defendants received Plaintiffs' brand new position on these paragraphs, we have not had sufficient time to itemize specific substantive objections to each change (after all, we thought they were agreed upon). We ask the Court to hold Plaintiffs to their March 6 position. The enclosed copies of Dr. Hill's reports highlight in blue opinions that Plaintiffs previously agreed were excluded until today.

- **Issue 3: Defendants Seek the Court's Help in Resolving A Handful of Topical Disputes Regarding Admissibility**

Aside from the paragraphs highlighted in blue and the definitional issue about what "exclusion" means, Defendants believe certain of Dr. Hill's opinions are excluded by the Court's summary judgment and *Daubert* rulings, but Plaintiffs disagree. Those opinions are highlighted in red in the attached. Defendants' bases for exclusion are detailed in the enclosed table with exemplar paragraphs.

Subject to the Court's convenience, the parties have agreed that it would be preferable to hold any argument concerning this dispute this Friday, March 20, 2026.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

LATHAM & WATKINS LLP

CRAVATH, SWAINE & MOORE LLP

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc:    All Counsel of Record (via ECF)

| Defendants' Basis for Exclusion | Hill ¶¶ |
|---|---|
| **Artist-facing promotions services claims.**<br>Opinions in furtherance of artist-facing promotions services market claims, dismissed at Summary Judgment, *See e.g.* SJ Op. (Dkt. 1037) at 12, are no longer relevant and inadmissible under Rules 702 and 402. *Alexander v. Lewis*, 2024 WL 4008204 at *4 (D. Conn. Aug. 30, 2024); In re Refco Inc. Sec. Litig., 2012 WL 7007795, at *4 (S.D.N.Y. Nov. 29, 2012).<br><br>Defendants' proposed exclusions are limited to opinions directly in furtherance of artist-facing promotions claims. Defendants have not sought to exclude Dr. Hill's opinions about promotions generally (¶¶28-37; 81-82), promotions re content conditioning in venue-facing ticketing markets (¶¶322-323; 327-328; 330-368), or promotions re amphitheater tying (¶¶390, 393-396; 398-400; 402-404; 406-408; 410).<br><br>**Example**: Initial Report ¶187. | **Initial Report**<br>18; 159-164;<br>165; 187 190-194; 415;<br>417-419; Appendix D.4<br><br>**Rebuttal**<br>180-182; 181-182; 184-185; 191; 393; 391; 393; 401; 402; Appendix H.6.e; Appendix H.2 |
| **Concert booking services claims.**<br>Opinions in furtherance of concert booking services claims, dismissed at summary judgment, are no longer relevant and inadmissible under Rules 702 and 402.<br><br>Defendants' proposed exclusions are limited to opinions directly in furtherance of concert booking services claims. Defendants have not sought to exclude opinions about concert booking generally (¶¶41, 42) or concert booking re content conditioning in venue-facing ticketing markets (¶¶322-323; 327-328; 330-368).<br><br>**Example**: Initial Report ¶205. | **Initial Report**<br>198-219; Appendix D.10<br><br>**Rebuttal**<br>194-234; 297; 393;<br>Appendix D.4;  Appendix H3; 579 |
| **Fan-facing ticketing claims.**<br>Opinions in furtherance of fan-facing ticketing market claims, dismissed at summary judgment, are no longer relevant and inadmissible under Rules 702 and 402.<br><br>Defendants' proposed exclusions are limited to opinions directly in furtherance of fan-facing ticketing claims. Defendants have not sought to exclude opinions about the role of fans in the industry (¶¶23, 44-45), fan-facing ticket prices (¶¶58-64), or injury to fans from conduct alleged in venue-facing ticketing markets (Appendix E.5).<br><br>**Example**: Initial Report ¶269. | **Initial Report**<br>261-263; 268-269 |

| | |
|---|---|
| **Dependent on artist-facing promotions market opinions.** Opinions depending on Dr. Hill's artist-facing promotions services market should be excluded because Plaintiffs explained "that market is not the locus of Live Nation's threats to divert shows from venues unless they use Ticketmaster's ticketing services." Plaintiffs' 02/21/26 Ltr. to J. Subramanian (Dkt. 1057) at 4. Rather, Plaintiffs' content conditioning claims relate only to the "market for concert booking and promotion services to venues." *Id*. The Court dismissed artist-facing promotion services claims because Plaintiffs failed to establish a triable issue on Dr. Hill's proposed market definition. While Plaintiffs contend their amphitheater tying claims do not depend on any particular market, Dkt. 1057, to the extent Dr. Hill offers opinions relying on a dismissed market, they should be excluded. Dr. Hill's opinions deriving from his artist-facing promotion services market are thus irrelevant and inadmissible under Rules 702 and 402.<br><br>**Example:** Initial Report ¶397. | **Initial Report** 391; 392; 397; 401; 405; 409<br><br>**Rebuttal** 377; 378 |
| **Opinions relying on flawed diversion methodology**. Dr. Hill offers opinions treating the distribution of shows played by artists as evidence of diversion to rehabilitate his diversion ratios. Despite Dr. Hill's characterization, Dr. Yurukoglu did not offer such analyses as diversions. *See* Yurukoglu Sur-Rebuttal Report at 52 ("I emphasize that none of the numbers from these figures were meant to estimate—and do not estimate—diversion. I never wrote or implied that they did."). Dr. Hill should not treat Dr. Yurukoglu's non-diversion estimates as diversion for the same reasons Dr. Hill's HMT opinions were excluded. MSJ Op. at 10. Defendants' proposed exclusions are limited to diversion, but statistics about where artists play are not themselves inadmissible *(see* Rebuttal Figure 1) so long as Dr. Hill does not portray them as diversion or substitution. Dr. Hill may respond to Dr. Yurukoglu's Five Points analysis so long as he does not use it to rehabilitate his excluded HMT and diversion methodology.<br><br>**Example**: Rebuttal Report ¶71. | **Rebuttal Report** 43-49; 67; 69-71; 116; Figure 125; Figure 170 |
| **Interlocking monopolies.** Dr. Hill's opinions on "interlocking monopolies" fostering other alleged anticompetitive effects should be excluded because they depend on excluded opinions regarding markets and claims (*e.g.*, Venue-Facing Promotions).<br><br>**Example**: Initial Report ¶425. | **Initial Report** 21; 321; 324-326; 329; 425; 426; 427<br><br>**Rebuttal** 13; 298; 377 |