# EXHIBIT 30

| | |
|---|---|
| **From:** | Subramanian NYSD Chambers |
| **To:** | Alexander, Zach; Alter-Nelson, Marissa (NY); Hafenbrack, Josh |
| **Cc:** | LiveNationTeam; livenationtrialstates@ag.ny.gov; ln_lit_csm@cravath.com; #C-M US V LIVE NATION LITIGATION - FULL - LW TEAM |
| **Subject:** | Re: Live Nation - Defendants" Objections to Plaintiffs" Closing Demonstrative |
| **Date:** | Wednesday, April 8, 2026 9:37:05 PM |
| **Attachments:** | image001.png |

Objection overruled.

Arun Subramanian

**From:** Alexander, Zach <ZAlexander@winston.com>
**Sent:** Wednesday, April 8, 2026 9:30:06 PM
**To:** Subramanian NYSD Chambers <SubramanianNYSDChambers@nysd.uscourts.gov>; Marissa.Alter-Nelson@lw.com <Marissa.Alter-Nelson@lw.com>; Hafenbrack, Josh <JHafenbrack@winston.com>
**Cc:** LiveNationTeam <LiveNationTeam@winston.com>; livenationtrialstates@ag.ny.gov <livenationtrialstates@ag.ny.gov>; ln_lit_csm@cravath.com <ln_lit_csm@cravath.com>; usvlivenationlitigationfull.lwteam@lw.com <usvlivenationlitigationfull.lwteam@lw.com>
**Subject:** RE: Live Nation - Defendants' Objections to Plaintiffs' Closing Demonstrative

**CAUTION - EXTERNAL:**

Judge Subramanian:

I attach the parties' positions to a dispute over one slide in Plaintiffs' closing demonstrative, along with the disputed slide.  We thank the Court for its time and attention.

Respectfully,
Zach Alexander

**WINSTON & STRAWN LLP**

**ZACH ALEXANDER**
ASSOCIATE ATTORNEY

**T** +1 (212) 294-2660
zalexander@winston.com

*Admitted to practice in New York*

**From:** Subramanian NYSD Chambers <SubramanianNYSDChambers@nysd.uscourts.gov>
**Sent:** Wednesday, April 8, 2026 7:34 PM
**To:** Marissa.Alter-Nelson@lw.com; Hafenbrack, Josh <JHafenbrack@winston.com>; Subramanian NYSD Chambers <SubramanianNYSDChambers@nysd.uscourts.gov>
**Cc:** LiveNationTeam <LiveNationTeam@winston.com>; livenationtrialstates@ag.ny.gov; ln_lit_csm@cravath.com; usvlivenationlitigationfull.lwteam@lw.com
**Subject:** Re: Live Nation - Defendants' Objections to Plaintiffs' Closing Demonstrative

Defendants should tell plaintiffs what their specific objections are to each slide by 8 pm. For any unresolved objections, lead counsel, including the lawyers presenting closing arguments, should meet and confer telephonically no later than 9pm to resolve any outstanding disputes. The parties may thereafter submit any outstanding objections, along with the slides, for the Court's consideration.

---

**From:** Marissa.Alter-Nelson@lw.com <Marissa.Alter-Nelson@lw.com>
**Sent:** Wednesday, April 8, 2026 7:19 PM
**To:** JHafenbrack@winston.com <JHafenbrack@winston.com>; Subramanian NYSD Chambers <SubramanianNYSDChambers@nysd.uscourts.gov>
**Cc:** LiveNationTeam@winston.com <LiveNationTeam@winston.com>; livenationtrialstates@ag.ny.gov <livenationtrialstates@ag.ny.gov>; ln_lit_csm@cravath.com <ln_lit_csm@cravath.com>; usvlivenationlitigationfull.lwteam@lw.com <usvlivenationlitigationfull.lwteam@lw.com>
**Subject:** RE: Live Nation - Defendants' Objections to Plaintiffs' Closing Demonstrative

CAUTION - EXTERNAL:

Dear Judge Subramanian,

Plaintiffs' email does not accurately reflect Defendants' legitimate objections nor comply with the process Your Honor has endorsed or is required. Plaintiffs refused to meet and confer on a single slide or objection or engage in a lead counsel meet and confer prior to emailing the Court. What Plaintiffs left out from their email is that we informed them that a number of the objections would likely have been easy to resolve with slight tweaks to the headings or slides, which we have done with nearly every other demonstrative in this case. Others might require a substantive discussion with Plaintiffs, and others are subject to the Court's guidance that the parties should engage early on potential issues to avoid disruption during the closing, Trial Tr. 4454:8–14, but Plaintiffs have refused to do so.

We are happy to submit a table of our objections and their basis to the Court although we think it would be more efficient for the parties to meet and confer and narrow the disputes for any that remain. We appreciate your guidance.

Respectfully submitted,

Marissa

**Marissa Alter-Nelson**

**LATHAM & WATKINS** LLP

1271 Avenue of the Americas | New York, NY 10020

D: +1.212.906.1345 | M: +1.714.209.8386

---

**From:** Hafenbrack, Josh <JHafenbrack@winston.com>
**Sent:** Wednesday, April 8, 2026 7:01 PM
**To:** SubramanianNYSDChambers@nysd.uscourts.gov
**Cc:** LiveNationTeam <LiveNationTeam@winston.com>; LiveNation Trial States
<livenationtrialstates@ag.ny.gov>; ln_lit_csm@cravath.com; #C-M US V LIVE NATION LITIGATION -
FULL - LW TEAM <usvlivenationlitigationfull.lwteam@lw.com>
**Subject:** Live Nation - Defendants' Objections to Plaintiffs' Closing Demonstrative

Dear Judge Subramanian:

We write regarding Defendants' submission of objections to more than half (62 out of 101) of
Plaintiffs' closing demonstratives. The objections are entirely improper and unfounded and
appear designed solely to interrupt Plaintiffs' preparation for closing argument at the eleventh
hour. In fact, virtually every slide from Plaintiffs' demonstratives quotes from an admitted
exhibit, testimony from trial, or a demonstrative used at trial by an expert, without
characterization or even headers on most slides.

There is nothing improper about presenting the jury with accurate excerpts of the evidentiary
record. Indeed, closing argument is intended to "explain to the jury how that party views the
evidence the jury has seen and heard and to suggest to that body what significance or
inference it should attach to or draw from the evidence under the relevant law charged by the

trial court." *United States v. Arboleda,* 20 F.3d 58, 61 (2d Cir. 1994). The jury can "determine for itself whether [closing demonstratives] fairly and accurately summarized the underlying evidence." *United States v. Lee,* 660 F. App'x 8, 19 (2d Cir. 2016).

Defendants' blanket objections on grounds such as relevance, prejudice, and statute of limitations are improper as applied to demonstratives that quote evidence admitted at trial. Nor is there any basis for claims of "mischaracterization" where the slides contain no characterization at all, only verbatim excerpts of testimony and exhibits.

For our part, Plaintiffs identified six limited objections to Defendants' 165+ slides, many of which are highly argumentative and repeatedly paraphrase testimony. Nonetheless the parties were able to productively discuss those objections in under five minutes. Plaintiffs expressly requested that Defendants withdraw their blanket objections and identify a reasonable number of their actual concerns, but Defendants decline to do so.

We respectfully request that the Court order Defendants to identify by 8:00pm any specific claimed misquotation of the evidentiary record, if any, and withdraw all other objections.

Respectfully submitted,

Josh Hafenbrack.



**JOSHUA HAFENBRACK**
PARTNER

**T** +1 (202) 282-5017
jhafenbrack@winston.com

1901 L Street, N.W., Washington, D.C. 20036-3506

*Admitted to practice in District of Columbia, Maryland*

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.