April 13, 2026

**<u>VIA ECF</u>**

The Honorable Arun Subramanian
United States District Judge
United States District Court,
Southern District of New York 500
Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:     *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter. Defendants respectfully request that the following materials remain sealed in their entirety: certain attachments to Exhibit 28 to Defendants' letter regarding the docketing of email correspondence with the Court, which consist of copies of the expert reports of Dr. Nicholas Hill. Plaintiffs do not oppose this motion.

The Supreme Court has long held that "the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Rather, "[t]he Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Where, as here, a document plays only a "marginal role" in the judicial process, it is entitled to, at most, a minimal presumption of public access. *BAT LLC v. TD Bank*, N.A., No. 15-CV-5839, 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019) (finding that judicial documents that play only a marginal role in the judicial process receive a low presumption of access and may remain sealed absent a countervailing reason (citing *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)); *see also UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, No. 21-CV-4897, 2024 WL 4355029, at *13 (S.D.N.Y. Sept. 30, 2024) (finding that documents that "the [c]ourt did not need to reference or otherwise rely on" were entitled to a minimal presumption of public access) (quoting *In re Accent Delight Int'l, Ltd.*, Nos. 16-MC-125, 16-MC-50, 2018 WL 2849724, at *6 (S.D.N.Y. June 11, 2018)). Here, these reports were not presented to the jury, and therefore should not be forced into the public domain.

The public's minimal interest in accessing the information in Dr. Hill's reports does not overcome the strong argument in favor of the protection of those materials. These reports contain,

for example, the terms of Ticketmaster's contracts with its clients and Live Nation's profit margins at granular levels, including at the show level.  The disclosure of this information would cause Defendants and their competitors competitive harm by revealing confidential information regarding Defendants' (and their competitors') average prices, sell-through rates, etc., thereby "competitive[ly] disadvantag[ing] [Defendants and their competitors] in future negotiations."  *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015); *Locus Technologies v. Honeywell International Inc.,* No. 19 Civ. 11532 (PGG) (KHP), 2024 WL 5103334, at *2 (S.D.N.Y. Dec. 13, 2024) (collecting cases) ("Courts regularly seal pricing information . . . ."); *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713 (LLS), 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (sealing documents reflecting negotiations and related internal analysis as disclosure would place the parties in a competitive disadvantage in future negotiations).  This information is not of "value . . . to those monitoring the federal courts," *Lugosch*, 435 F.3d at 119, except to Defendants and their competitors who might seek to use it to their advantage.

Furthermore, these reports contain sensitive information from non-parties, including calculations and analyses based on event and transaction-level primary ticketing data from AXS, DICE, Etix, Eventbrite, Paciolan, SeatGeek, See Tickets, StubHub, Tickets.com, and Tixr. *See, e.g.*, Hill Initial Report, Appendix I; Hill Rebuttal Report, Appendix H.

Accordingly, Defendants respectfully request that the Court seal Dr. Hill's reports in their entirety.

*[signatures on following page]*

Dated:  April 13, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

CRAVATH, SWAINE & MOORE LLP

Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*