**Baker & McKenzie LLP**

452 Fifth Avenue
New York, NY 10018
United States

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakermckenzie.com

# Baker McKenzie.

April 18, 2026

Hon. Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Via ECF Filing**

***U.S. v. Live Nation Entm't, Inc., Case No. 1:24-cv-03973-AS***

Dear Judge Subramanian,

Pursuant to Rule 11.A of Your Honor's Individual Practices in Civil Cases, non-party Anschutz Entertainment Group, Inc. ("AEG") intends to redact and/or seal portions of its response to the Court's show cause order [Dkt. No. 1401] and AEG's supporting declarations and the exhibits thereto, to restrict public access to details of "employment history," one of the six categories of information requiring caution described in the S.D.N.Y. ECF Privacy Policy, and which information may be redacted without Court approval. However, in an abundance of caution, AEG also makes this application under Rule 11.B of Your Honor's Individual Practices in Civil Cases.[1]

Even if redaction and sealing were not otherwise permitted under Rule 11.A and the S.D.N.Y. ECF Privacy Policy, it would still be warranted under the law of this Circuit. "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). Courts first assess whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch*, 435 F.3d at 119). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

---

[1] On April 17, 2026, pursuant to Rule 11(C)(i) of this Court's Individual Practice in Civil Cases, AEG wrote to the parties to meet and confer regarding AEG's sealing requests. None of the parties has responded with any opposition to AEG's requests.

AEG's submission meets all of the criteria for sealing. AEG's response and supporting declarations and exhibits detail specific information regarding the circumstances of its former employee's departure from the company and contain disclosure and discussion of portions of a confidential separation agreement. *In re IBM Arbitration Agreement Litigation*, 76 F.4th 74, 94–99 (2d Cir. 2023) (affirming sealing of court filings and exhibits disclosing confidential information subject to employee separation agreements, where the materials were collateral to adjudication and confidentiality interests outweighed any weak presumption of access). Courts routinely seal information of a personal nature impacting on the privacy interests of non-parties, especially where, as here, such information is not necessary to a determination of the case. *Mehta v. DLA Piper LLP*, 2025 WL 2771659, at *13 (S.D.N.Y. Sept. 29, 2025). Indeed, the "privacy interests of innocent third parties ... are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050–51 (citation modified). Any general presumption of public access is heavily outweighed by AEG's and other third-parties' privacy interests here. *Iacovacci v. Brevet Holdings*, LLC, 2022 WL 101907, at *1–2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684 (S.D.N.Y. 2017) (sealing internal employee assessments regarding non-party employee, holding that third-party privacy interests outweighed presumption of public access).

AEG's request for redaction and sealing is narrowly tailored and overcomes the presumption in favor of public access. *See Lugosch,* 435 F.3d at 119–20. AEG accordingly respectfully requests that this Court recognize and/or permit the redaction of AEG's Memorandum of Law in Response to Order to Show Cause (the "Response"), the Declaration of Jeff Belloli (Exhibit A to the Response), the Declaration of Shawn Trell (Exhibit B to the Response), and the Separation Agreement (Exhibit C to the Response) to restrict public reference to the private employment history detailed therein.

Respectfully submitted,

/s/ Jacob M. Kaplan

Jacob M. Kaplan
Partner
+1 212 891 3896
Jacob.Kaplan@bakermckenzie.com