# EXHIBIT  B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA, *et al.*,

      *Plaintiffs,*

    v.

LIVE NATION ENTERTAINMENT, INC.,
and TICKETMASTER L.L.C,

      *Defendants.*

Case No. 1:24-cv-03973-AS

## <u>DECLARATION OF SHAWN A. TRELL</u>

I, Shawn A. Trell, declare and state under oath and under penalty of perjury that:

1.     I am the Executive Vice President, Chief Operating Officer, and General Counsel of AEG Presents LLC ("AEG Presents"), a subsidiary of non-party Anschutz Entertainment Group, Inc. ("AEG"). I have held the positions of Executive Vice President and Chief Operating Officer of AEG Presents at all times relevant to the matters described in this declaration. I respectfully submit this declaration in support of AEG's Response to the Court's Order to Show Cause (Dkt. No. 1401).

2.     I submit this declaration solely in my capacity as an executive officer of AEG Presents. Although I also hold the position of General Counsel, I am not submitting this declaration in my capacity as counsel to the company, and nothing in this declaration is intended to or does describe, disclose, reveal, summarize, or otherwise address the substance of any communication that is subject to the attorney-client privilege or the work product doctrine, any legal advice that I provided to or received on behalf of the company or any of its parent, subsidiary or affiliated entities, any communication between me and outside counsel for the company or any of its parent, subsidiary or affiliated entities, or any mental impressions, conclusions, opinions, or legal theories

of counsel. The factual matters set forth below are based upon my personal knowledge as a corporate executive and my review of AEG Presents business records maintained in the ordinary course of its business, and if called upon as a witness, I could and would testify competently thereto. By submitting this declaration, AEG Presents and its parent, subsidiary and affiliated entities do not waive, and expressly reserve, any and all applicable privileges, protections, and immunities, including, but not limited to, the attorney-client privilege and the work product doctrine.

3.      Rick Mueller was employed by AEG Presents for approximately thirteen years. At the time of his separation, Mr. Mueller held the position of President for AEG Presents, North America, reporting to Jay Marciano, Chief Executive Officer of AEG Presents.

4.      On April 25, 2024, in my capacity as Executive Vice President and Chief Operating Officer, I █████████████████████████████████████

was copied to Mr. Marciano and to Jeff Belloli, Vice President of Human Resources. The ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was prepared at or near the time of the events described in ▮▮ ▮▮▮▮▮▮▮▮▮▮ and was prepared and kept by AEG Presents in the course of the regularly conducted activity of maintaining ▮▮▮▮▮▮▮ and records for the company's employees and personnel.

5.      Following delivery of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ Confidential Separation Agreement and General Release (the "Separation Agreement") ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ On May 7, 2024, I signed the Separation Agreement on behalf of AEG Presents in my capacity as Chief Operating Officer. Mr. Mueller signed the Separation Agreement on May 8, 2024. The Separation Agreement was prepared at or near the time of the events described in the Separation Agreement and was prepared and kept by AEG Presents in the course of the regularly conducted activity of maintaining employment agreements for the company's current and former employees and personnel. A true and correct copy of the fully executed Separation Agreement is submitted with AEG's response to the Court's Order to Show Cause as Exhibit B.

6.      The Separation Agreement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was prepared using a template separation agreement for California-based employees. The confidentiality language contained in Section 7 of the Separation Agreement, including the carveouts permitting disclosure "to the extent necessary to enforce the Agreement," is language that is often used in separation agreements entered into with California-based employees of AEG Presents. The confidentiality language in the Separation Agreement was not amended, modified, or negotiated in connection with Mr. Mueller's separation.

3

7.      Mr. Mueller did not request ███████████████████████ ██ the Separation Agreement before he signed it. Mr. Mueller did not attempt to negotiate any of the Separation Agreement's terms or conditions, or seek any modification of those terms and conditions, including the confidentiality provisions in the Separation Agreement. ████████ ██████████████████████████████████████████████ ██████████████████████████████████████████

8.      Mr. Mueller's separation from employment with AEG Presents was effective as of May 9, 2024.

9.      The ████████████████████████████████████ Separation Agreement, and ████████████████████████ concerning Mr. Mueller that are attached to this declaration as exhibits or that were provided by AEG to Plaintiffs in this action are records of AEG Presents that were prepared at or near the time of the events described in the records and were prepared and kept by AEG Presents in the course of the regularly conducted activity of maintaining █████████████ ████████████████████████████████████ records for the company's employees and personnel.

10.     I am informed and believe that Mr. Mueller obtained employment with Live Nation in or around September 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of April 2026, in Indian Wells, California.



Signed by:

Shawn Trell

301821Q6E0394CA...

Shawn A. Trell

4