April 17, 2026

**<u>VIA ECF</u>**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**    ***United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS**

Dear Judge Subramanian:

Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (collectively "Defendants") respectfully request that the Court, at its earliest convenience, enter an order granting Defendants' motion to strike the testimony of Plaintiffs' damages expert, Dr. Rosa M. Abrantes-Metz (ECF No. 1347), and setting aside the portion of the jury's verdict of April 15, 2026 awarding damages.

It is now clear that the jury based its damages award (and possibly its finding of antitrust injury) on Dr. Abrantes-Metz's flawed analysis and her analysis alone.  The jury awarded, to the cent, the higher-end of the overcharge Dr. Abrantes-Metz calculated for each and every one of the states claiming damages.  That necessarily means that the jury (a) accepted Dr. Abrantes-Metz's position that her "Retained Amount" reflected the price of a primary ticketing contract, even though it ignored fixed payments to venues, and (b) found that AXS was of comparable quality to Ticketmaster notwithstanding overwhelming evidence to the contrary.  The jury foreperson reportedly told the media that the jury relied on Dr. Abrantes-Metz's work as authoritative.  Gigi Liman, *Resounding Verdict! Jury Finds the Live Nation-Ticketmaster Monopoly Illegal on All Claims*, Big Tech on Trial (Apr. 15, 2026) ("When asked which expert resonated the most, the foreperson, who declined to be identified, said, 'They were all very good,' before adding, 'I think Dr. Abrantes-Metz was very good in her expertise and how she demonstrated economically the impact on the consumers.'").

Defendants have repeatedly objected to Dr. Abrantes-Metz's testimony.  The pending motion was filed after her testimony, and Defendants asked the Court to rule on it before the case went to the jury.  Defs.' Mem. of Law in Supp. of Mot. to Strike, ECF No. 1348.  Plaintiffs downplayed the significance of that renewed motion, but the Court disagreed.  The Court made clear that this was a "significant issue" that warranted a "serious response."  Trial Tr. 3764:5-14.  The Court went so far as to state that it could be considered "an abdication of this Court's gatekeeping obligation" to let the jury consider this testimony.  *Id*. at 3763:11-13.

On April 8, 2026, the Court reiterated that the Retained Amount issue is a serious one.  It singled out the Retained Amount issue that is the foundation of the entire study:

> THE COURT:  … [W]hat's at issue in this case is not like candy bars or other goods that are priced in the market. The basis of Dr. Abrantes-Metz's marginal prices and the anticompetitive overcharge are the contractually agreed-upon ticketing splits in the

contracts. Given that, the upfront payments in those same contracts are a money exchange going in the other direction that Dr. Abrantes-Metz simply didn't consider. And so the question is just if she's not considering that, then how does she conclude that the ticketing split and the amount that Ticketmaster extracts is fairly an anticompetitive overcharge as opposed to a total or partial offset from payments that are in the same contracts? . . .

Trial Tr. 4481:4-16. Plaintiffs have no good answer to that question. It is impossible to justify an overcharge damages model when the price it studies is, indisputably, not the actual price. The only answer Plaintiffs have offered is based on a supposedly corroborating analysis of *consumer fees*—not the price *to venues*—that was not presented to the jury and which the Court has also said is unconvincing. The Court's April 8 comments therefore should have led to an order striking Dr. Abrantes-Metz's testimony. Instead, the Court deferred:

THE COURT: . . . Dr. Abrantes-Metz's analysis only goes to the issue of damages. So there would seem to be no reason to address this issue right now. Indeed, Dr. Abrantes-Metz has made clear that she is not offering any opinion concerning liability in this case. For that reason, the Court will reserve decision and render its opinion after the verdict …

*Id.* at 4481:20-4482:4.

The "reason to address this issue right now" was the same reason the Court identified on April 1: that it would be "an abdication of this Court's gatekeeping obligation" to let the jury consider this testimony. *Id.* at 3763:11-13. The policy underlying Rule 702 and *Daubert* is that expert testimony has a unique potential to mislead juries. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." (quoting Jack B. Weinstein, *Rule 702 of the Federal Rules of Evidence Is Sound: It Should Not Be Amended*, 138 F.R.D. 631, 632 (1991))). Defendants objected that allowing the jury to consider Dr. Abrantes-Metz's testimony risked substantial prejudice to Defendants—especially without the curative instruction Defendants proposed regarding her testimony, which the Court declined to adopt. *E.g.*, Trial Tr. at 4484:11-18; Defs.' Mem. of Law in Supp. of Mot. to Strike at 16; Defs.' Reply Mem. of Law in Supp. of Mot. to Strike at 3, ECF No. 1385.

Events have since proved that prediction to be accurate. Despite the multiple, severe problems with the Abrantes-Metz analysis, the jury returned a verdict awarding the maximum amount of damages in the range Dr. Abrantes-Metz offered. Such an award should not have happened.

The Court should set aside the jury's damages verdict as a result. *See Washington v. Kellwood Co.*, 714 F. App'x 35, 40 (2d Cir. 2017) (summary order) (upholding vacatur of damages award where basis for award was "unfounded" expert testimony); *Tesla Wall Sys., LLC v. Budd*, 2017 WL 1498052, at *1–2 (S.D.N.Y. Apr. 26, 2017) (finding that the damages portion of the verdict "cannot stand" where "[t]he calculation tendered by plaintiff's expert John P. Garvey, while theoretically coherent, was so detached from and dismissive of the facts in the case that it is unacceptable" and "[t]he jury had no other guidance than Garvey's on damages"); *Weisgram v. Marley Co.*, 169 F.3d 514, 521–22 (8th Cir. 1999), *aff'd*, 528 U.S. 440 (2000) (finding district court abused its discretion in permitting expert witnesses to testify where such testimony did not

2

meet the Rule 702 and *Daubert* standards and vacating jury verdict that was based on the inadmissible expert testimony).

There is no reason for further delay in putting to rest Dr. Abrantes-Metz's systemically flawed damages analysis. There is no point to further briefing. The issue has been addressed more than fully. The record is complete so there can be no new evidence or explanation and certainly no further expert opinion. And because the jury has reached a verdict, the timing concerns the Court expressed are no longer an issue. The Court should strike the testimony of Dr. Abrantes-Metz in its entirety. Because that testimony was the sole support for the damages portion of the jury's verdict, the Court should vacate the jury's verdict regarding damages.

Dated:  April 17, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_____
Alfred C. Pfeiffer (admitted *pro hac vice*)
    *Co-Lead Trial Counsel*
David R. Marriott
    *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc:    All counsel of record (via ECF)

CRAVATH, SWAINE & MOORE LLP

_____
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

The motion to expedite is DENIED. The Court will resolve the relevant motion in due course. As to this particular letter, counsel has already been cautioned for the tone of their filings. Not only is the kind of rhetoric in this letter inconsistent with the Court's rule requiring civility, but it's counterproductive, and can distract from the merits of a party's argument. The Court greatly appreciates the parties letting the Court know when a particular issue demands urgent attention, but they should keep it civil and focused on the law and facts when doing so.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 1427.

SO ORDERED.

Arun Subramanian, USDJ
Date: April 20, 2026

4