April 24, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**    *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS

Dear Judge Subramanian:

The Plaintiff States,[1] the United States, and Defendants submit this joint letter regarding their proposed schedules for post-trial briefing, the Tunney Act proceedings, and proceedings for any remedies phase of the case.

**Post-Trial Briefing Schedule**

Defendants intend to file post-trial motions under Federal Rules of Civil Procedure 50 and 59. Defendants and Plaintiff States jointly request the following schedule for these post-trial submissions:

- **Defendants' Opening Briefs:** May 21, 2026

- **Plaintiff States' Opposition Briefs:** June 18, 2026

- **Defendants' Reply Briefs** July 2, 2026

- **Hearing on Post-Trial Briefs**: at the Court's convenience after July 9, 2026[2]

The parties agree that the word limits set forth in Local Rule 7.1(c) will apply to each of Defendants' motions—i.e., the word limits for briefing on Defendants' Rule 50(b) motion will be 8,750 words for the opening brief, 8,750 words for the opposition, and 3,500 words for the reply; and the word limits for briefing on Defendants' Rule 59 motion will be 8,750 words for the opening brief, 8,750 words for the opposition, and 3,500 words for the reply.

The Plaintiff States intend to submit an additional brief in opposition to the motion to strike the testimony of Dr. Abrantes-Metz with their oppositions to Defendants' post-trial motions, and

---

[1] As used in this letter, "Plaintiff States" refers to Arizona, California, Colorado, Connecticut, the District of Columbia, Florida, Illinois, Indiana, Kansas, Louisiana, Massachusetts, Maryland, Michigan, Minnesota, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming. It does not include the states that have settled their claims with Defendants (Arkansas, Iowa, Mississippi, Nebraska, Oklahoma, and South Dakota).

[2] Due to a pre-existing scheduling conflict for one of the Plaintiffs States' lead trial counsel, Plaintiff States respectfully request that this hearing not be scheduled between July 6, 2026 and July 9, 2026.

request that the Court issue an order providing for such briefing, as the Court previously stated would be permitted. *See* Trial Tr. 4482:11–4483:7 (stating parties would have a full opportunity to submit additional briefing).

Defendants oppose Plaintiffs' request for additional briefing on Defendants' motion to strike the testimony of Dr. Abrantes-Metz. Defendants' position is that the issue has been fully briefed and no further briefing is warranted. However, if the Court grants Plaintiffs' request to submit an additional opposition brief, Defendants request that the Court allow Defendants to file a reply brief.

**Tunney Act and Remedies Phase Proceedings**

*Position of the United States*

Consistent with its March 27, 2026 joint letter (ECF No. 1337), the United States intends to file the Proposed Final Judgment, Stipulation and Order, and Explanation of Procedures Under the Antitrust Procedures and Penalties Act by late May. The United States would then be in a position to move for entry of Final Judgment in early or mid-September, after the 60-day comment period under the Tunney Act has run, the United States has responded to public comments, and all other Tunney Act requirements are satisfied. The United States believes the Court should be able to enter Final Judgment shortly thereafter. The United States sees no reason to delay entry pending the completion of remedy proceedings. Delaying the Tunney Act proceedings could also affect the approval of state-specific settlements under 15 U.S.C. § 15c.

The United States believes it would be premature for this Court to decide now whether any extrinsic evidence regarding possible remedies should become part of the Tunney Act proceeding, including because no such evidence has yet been identified. To the extent Plaintiff States are seeking a ruling on whether the Court will authorize discovery pursuant to 15 U.S.C. § 16(f), the United States does not believe such discovery is necessary or warranted, nor that this is ripe for decision. If the Court is inclined to address these issues at this time, the United States requests an opportunity to properly brief them.

The United States takes no position on whether Plaintiff States and Defendants should engage in remedies discovery concurrently with or after the Tunney Act proceeding.

\*      \*      \*

The Plaintiff States and Defendants disagree on the appropriate schedule for further proceedings.

*Plaintiff States' Position*

The Plaintiff States propose that fact discovery relating to remedies proceedings occur contemporaneously with the 60-day comment period under the Tunney Act, 15 U.S.C. §16(b), that any such discovery be admissible or otherwise available for the Court's consideration as part of the record in the Tunney Act public-interest determination under 15 U.S.C. §16(e), and if the Court authorizes any Tunney Act-related discovery under 15 U.S.C. §16(f)(1)-(3), such discovery be admissible in the Plaintiff States' remedies proceedings. Plaintiff States submit that coordinating

the discovery in these proceedings will avoid potential duplication and is thus in the interest of judicial efficiency.[3]

In service of the same interest, Plaintiff States also respectfully submit that the Court will benefit from reserving its Tunney Act public-interest determination until the hearing regarding Plaintiff States' proposed remedies is complete.  The fact that the Tunney Act public-interest determination and evaluation of the Plaintiff States' proposed remedies will be evaluated under different legal standards will not present any difficulty, as courts routinely apply multiple legal standards in reaching separate decisions. And contrary to Defendants' arguments, allowing the Tunney Act proceedings and the Plaintiffs States' remedies proceedings to occur in parallel will facilitate the Court's ability to enter relief that imposes consistent obligations on Defendants. In the *Microsoft* antitrust litigation, the state plaintiffs also sought certain remedies beyond the scope of those sought by the United States. The court issued its ruling on the state plaintiffs' remedies and its decision under the Tunney Act on the United States' proposed final judgment on the same day. *See New York v. Microsoft,* 224 F. Supp. 2d 76, 163 (finding ban on threats of retaliation an appropriate remedy) (D.D.C. 2002)*; U.S. v. Microsoft,* 231 F. Supp. 2d 144, 168–69 (D.D.C. 2002) (finding that the absence of a ban on threats of retaliation did not prevent a finding of public interest under the Tunney Act). Reserving a decision on both the Plaintiff States' proposed remedies and the Tunney-Act public-interest determination will serve the same goals of efficiency and ensuring that all remedies ordered are not in conflict.

Plaintiff States propose the following schedule for the remedies phase:

- **Opening Expert Submissions (simultaneous exchange by the parties):** 45 days after an order resolving Defendants' post-trial motions[4]

- **Responsive Expert Submissions (simultaneous exchange by the parties):** 45 days after opening reports

- **Expert Depositions:** within 14 days of service of responsive expert reports

- **Opening Remedies Briefs (including proposed final judgments):** 30 days after the end of expert discovery

- **Opposition Remedies Briefs:** 30 days after opening remedies briefs

- **Reply Remedies Briefs**: 14 days after opposition remedies briefs

- **Hearing Regarding Remedies and Any Evidentiary Hearing Under the Tunney Act**: at the Court's convenience.

---

[3] To the extent that the Court were to defer fact discovery related to the remedies proceedings until after it rules on the post-trial motions, the Plaintiff States may seek to take discovery related to the Tunney Act proceedings during the comment period.

[4] To the extent the Court is inclined to adopt Defendants' proposed schedule, the Plaintiff States request that opening expert reports be due 45 days (rather than 7 days) after the close of fact discovery.

The Plaintiff States submit that Defendants' proposed schedule will needlessly delay the Court's consideration of the remedies proceedings and will be less efficient for the parties and the Court. There is no basis for delaying consideration of the Plaintiff States' proposed remedies until after completion of Tunney Act proceedings—and Defendants' proposed schedule would delay consideration of relief for the Plaintiff States for nearly a year after the Tunney Act proceeding concludes. Further, the Plaintiffs States' entitlement to certain remedies does not depend on what the other Plaintiffs may have agreed to in the context of a settlement, and postponing any consideration of fact discovery related to remedies until after entry of judgment on the Tunney Act proceeding may result in duplicative discovery—first to evaluate the adequacy of the United States' proposed remedies, and then to support the necessity of the Plaintiff States' proposed remedies. Defendants do not identify any particular prejudice they will suffer by proceeding with the remedies phase while Tunney Act proceedings are ongoing, and it will be most efficient for the Court to consider the United States' and Defendants' settlement and the Plaintiff States' proposed remedies together.

The Plaintiff States further submit that simultaneous submission of expert reports and briefing regarding a proposed final judgment will give each side a full and fair opportunity to respond to each other's positions while moving efficiently toward final judgment.

*Defendants' Position*

Defendants' position is that any remedies proceedings should follow both (1) decisions on Defendants' Rule 50(b) and Rule 59 motions and (2) completion of the Tunney Act proceedings. The scope of discovery could change significantly (or become unnecessary) depending on the Court's rulings on Defendants' post-trial motions. Additionally, it would be inefficient and highly prejudicial to Defendants to engage in discovery on potential remedies while the Tunney Act proceedings are ongoing. Once approved, the final judgment as between Defendants and the Department of Justice will establish a binding baseline of equitable relief, and the Court cannot rationally evaluate what additional remedies—if any—may be warranted for the Plaintiff States without first knowing the precise contours of that judgment. Proceeding in parallel would force the parties and the Court to assess the necessity and proportionality of the Plaintiff States' proposed remedies in a vacuum, creating a risk of duplicative or internally inconsistent obligations that the Court would then need to revisit after the Tunney Act proceedings conclude. Indeed, simultaneous proceedings would prevent the Court from applying the correct standard in any remedies phase of this case—i.e., whether the current competitive conditions warrant the remedies sought by the Plaintiff States. *See United States v. Microsoft Corp.*, 253 F.3d 34, 49 (D.C. Cir. 2001) (the court must evaluate the appropriateness of remedies in the context of a "dramatically changed, and constantly changing, marketplace," and to "update and flesh out the available information before seriously entertaining the possibility of dramatic structural relief"); *United States v. Google LLC*, 803 F. Supp. 3d 18, 146–47 (D.D.C. 2025) (to prove entitlement to a remedy, plaintiff must demonstrate a "*current* need" for the requested remedy) (emphasis in original). There is no question that the outcome of the Tunney Act proceedings will affect the competitive baseline against which the requested remedies should be analyzed.

Moreover, the legal standards that apply to Tunney Act and remedies proceedings are entirely different. In a Tunney Act proceeding, the question is whether the settlement is within "the reaches of the public interest." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1461 (D.C. Cir. 1995). As the Department of Justice has acknowledged, "the court's inquiry is necessarily a limited one" because the government has "broad discretion" to settle with defendants. *United States v. Verizon Comm's Inc. and Rural Cellular Corp.*, Proposed Final Judgment and Competitive Impact Statement (June 27, 2008), *available at* https://www.federalregister.gov/documents/2008/06/27/E8-14545/united-states-v-verizon-communications-inc-and-rural-cellular-corporation-proposed-final-judgment. This analysis takes into account the fact that this is a compromise of disputed claims. A remedies decision after a judgment, on the other hand, is different and the Court's powers are broader. *See New York v. Microsoft Corp.*, 224 F. Supp. 2d 76, 99 (D.D.C. 2002), *aff'd*, 373 F.3d 1199 (D.C. Cir. 2004) ("It has long been established that it is the job of the district court to frame the remedy decree in an antitrust case, and the district court has broad discretion in doing so."). And an entirely different set of legal standards apply, depending on what the violation was and what the plaintiffs are asking for. *See id.* at 102-03 (explaining, for example, that the court's determination of the appropriate remedy "reflects, among other considerations, the strength of the evidence linking Defendant's anticompetitive behavior to its present position in the market," and acknowledging the "difficulties inherent in crafting conduct remedies an 'eternity' after commencement of the relevant conduct"). The remedies principles that apply to the Plaintiff States' case should not infect the more limited Tunney Act review.[5]

Additionally, contrary to the Plaintiff States' suggestion, Defendants would suffer concrete prejudice from simultaneous proceedings. In the Tunney Act proceedings, Defendants will be defending the adequacy of the settlement in the public interest—a posture that the Plaintiff States could exploit by attempting to treat Defendants' Tunney Act submissions as admissions regarding the necessity of certain relief. A sequential schedule will preserve the distinct nature of these two proceedings and produce a more coherent framework by allowing the Court's Tunney Act determination to inform the scope of any additional relief the Plaintiff States may seek.

---

[5] Plaintiff States' attempt to draw parallels between this case and *Microsoft*—which involved entirely different procedural circumstances—is misguided. In *Microsoft*, the United States and state plaintiff claims "proceeded jointly through discovery and a [bench] trial on the merits," after which the court entered judgment against Microsoft and imposed a structural remedy. *Microsoft*, 231 F. Supp. 2d at 150. Microsoft appealed, and the appellate court affirmed in part, reversed in part, vacated the remedy decree in full, and remanded in part for remedy proceedings before a different judge. *Id.* That judge ordered that the parties enter into settlement negotiations, and entered a schedule for discovery and commencement of evidentiary proceedings in the event the cases were not resolved. *Id.* The United States and Microsoft were able to reach a resolution in the form of a proposed consent decree, and the court vacated the discovery schedule with regard to the United States' claims and deconsolidated that case from the state plaintiffs' case. *Id.* The United States and Microsoft then proceeded through Tunney Act proceedings, while the state plaintiffs and Microsoft litigated remedies. *Id.* at 150-51. The circumstances of *Microsoft*—which involved two simultaneous post-judgment remedies proposals—is nothing like this case, where Defendants and the United States settled their claims *before* a liability finding.

Defendants also oppose Plaintiff States' request for simultaneous (1) exchange of expert reports and (2) pre-remedies hearing briefing.  Plaintiff States bear the burden of proof, and simultaneous exchanges would deprive Defendants of the ability to meaningfully address and respond to Plaintiffs' positions.

Additionally, before any discovery on remedies commences, the Court should require Plaintiff States to file a framework of the remedies they still seek in this case, so that the parties and the Court understand the scope of the requested relief at issue.

Defendants propose the following schedule for the major deadlines in any remedies phase:

- **Plaintiff States file a framework of the remedies (if any) they still seek in this case:**  10 days after entry of final judgment as between DOJ and Defendants

- **Fact discovery begins:**  10 days after Plaintiff States file a framework of requested remedies

- **Fact discovery concludes:**  90 days after beginning of fact discovery

- **Opening expert reports due:**  7 days after conclusion of fact discovery

- **Expert response reports due:**  60 days after service of opening expert reports

- **Expert rebuttal reports due:**  30 days after service of expert response reports

- **Expert sur-rebuttal reports due:**  20 days after service of expert rebuttal reports

- **Expert discovery concludes:**  20 days after service of expert sur-rebuttal reports

- **Plaintiffs file proposed final judgment:**  20 days after conclusion of expert discovery

- **Defendants file proposed final judgment:**  30 days after Plaintiff States file proposed final judgment

- **Evidentiary hearing:**  at the Court's convenience

[*signature pages below*]

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: */s/ Alfred C. Pfeiffer*

Alfred C. Pfeiffer (admitted *pro hac vice*)
　*Co-Lead Trial Counsel*
David R. Marriott
　*Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Andrew M. Gass (admitted *pro hac vice*)
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

**WINSTON & STRAWN LLP**

By:　*/s/ Jeffrey L. Kessler*

Jeffrey L. Kessler
Eva W. Cole
Johanna Rae Hudgens
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
ewcole@winston.com
jhudgens@winston.com

Jeanifer E. Parsigian (*pro hac vice*)
**WINSTON & STRAWN LLP**
101 California Street, 21st Floor
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400
jparsigian@winston.com

Joshua Hafenbrack (*pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
jhafenbrack@winston.com

*Counsel for Plaintiff State of New York*

**UNITED STATES OF AMERICA**

By:　*/s/ Andrew L. Kline*
Andrew L. Kline
David M. Teslicko
United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 549-6655
Email: Andrew.Kline@usdoj.gov
*Attorneys for Plaintiff United States of America*

8

**CRAVATH, SWAINE & MOORE LLP**

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

[*additional signature pages below*][6]

---

[6] Plaintiffs use electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General Consumer Protection & Advocacy
Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Brent Nakamura
Brent Nakamura (admitted *pro hac vice)*
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Nicole Demers
Nicole Demers (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: Nicole.Demers@ct.gov
*Attorney for Plaintiff State of Connecticut*

*/s/ Adam Gitlin*
Adam Gitlin (admitted *pro hac vice*)
Chief, Antitrust and Nonprofit Enforcement Section
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Adam.Gitlin@dc.gov
*Attorney for Plaintiff District of Columbia*

*/s/ Lizabeth A. Brady*
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

*/s/ Richard S. Schultz*
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

*/s/ Jesse Moore*
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

/s/ Christopher Teters
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

/s/ Mario Guadamud
Mario Guadamud (admitted *pro hac vice*)
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Schonette J. Walker
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

/s/ Katherine W. Krems
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

*/s/ LeAnn D. Scott*
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

*/s/ Zach Biesanz*
Zach Biesanz
Senior Enforcement Counsel Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

*/s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

*/s/ Zachary Frish*
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

*/s/ Andrew F. Esoldi*
Andrew F. Esoldi
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (609) 696-5465
Email: Andrew.Esoldi@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

*/s/ Evan Crocker*
Evan Crocker (admitted *pro hac vice*)
Assistant Attorney General, Division Director
Consumer Affairs Division
New Mexico Department of Justice
201 3rd St NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 494-8973
Email: ecrocker@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

*/s/ Jonathan H. Hatch*
Jonathan H. Hatch
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

*/s/ Francisco Benzoni*
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

14

_/s/ Sarah Mader_
Sarah Mader (admitted _pro hac vice)_
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
_Attorney for Plaintiff State of Ohio_

_/s/ Gina Ko_
Gina Ko (admitted _pro hac vice_)
Assistant Attorney General
Economic Justice Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
_Attorney for Plaintiff State of Oregon_

_/s/ Joseph S. Betsko_
Joseph S. Betsko (admitted _pro hac vice_)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
_Attorney for Plaintiff Commonwealth of Pennsylvania_

_/s/ Paul T.J. Meosky_
Paul T.J. Meosky (admitted _pro hac vice_)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
_Attorney for Plaintiff State of Rhode Island_

/s/ Jared Q. Libet
Jared Q. Libet (admitted *pro hac vice*)
Assistant Deputy Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South Carolina*

/s/ Hamilton Millwee
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
diamante.smith@oag.texas.gov
*Attorney for Plaintiff State of Texas*

/s/ Marie W.L. Martin
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

*/s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

*/s/ David C. Smith*
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

*/s/ Ashley A. Locke*
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

*/s/ Douglas L. Davis*
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

17

/s/ Caitlin M. Madden
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

/s/ William T. Young
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7847
Email: william.young@wyo,gov
*Attorney for the Plaintiff State of Wyoming*