April 29, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**  *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. in the above-referenced action.  Defendants are filing the parties' submissions to the Court relating to exhibit and deposition designation disputes during trial (Exhibits 1-19 to Defendants' April 29, 2026 Letter-Motion ("Submissions"), as well as certain documents referenced in the Submissions or Defendants' Motion for Sanctions (*see* ECF Nos. 1378 and 1378-1) that were not admitted at trial (Exhibits 20-58 ("Unadmitted Exhibits")).  On behalf of both parties and pursuant to Rules 11(B) and 11(C)(i) of the Court's Individual Practices in Civil Cases, Defendants seek leave to (i) redact certain portions of the Submissions, and (ii) to seal in full the Unadmitted Exhibits.

The Submissions reflect the parties' disputes regarding the admissibility of evidence at trial. As a result, they necessarily (i) contain information that was redacted from evidence admitted at trial pursuant to this Court's evidentiary and confidentiality rulings, and (ii) reference and describe documents that were not ultimately admitted at trial.[1]

*First*, Defendants seek to redact portions of the Submissions that disclose information already redacted from the trial evidence pursuant to this Court's evidentiary and confidentiality rulings.

*Second*, Defendants seek to (i) redact from the Submissions discussion of documents that were not admitted at trial, and (ii) seal in full the Unadmitted Exhibits, which were referenced in the Submissions or Defendants' Motion for Sanctions but never admitted at trial.

The Unadmitted Exhibits, which were not actually used or admitted at trial, are not "judicial documents" that are afforded public access under *Lugosch*. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  The Second Circuit has made clear that "[t]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). Rather, a document must be "relevant to the performance of the judicial function and useful in the judicial process" to qualify as a judicial document. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).  Documents that were never admitted or relied upon by the Court at

---

[1] For ease of review, the proposed redactions to comply with the Court's prior rulings are reflected in green highlighting whereas the redactions for information not admitted at trial are reflected in yellow highlighting.

2

trial do not satisfy that standard. They are, at most, potential evidence, akin to materials exchanged in discovery, to which the public holds no right of access. *Brown v. Maxwell*, 929 F.3d at 49–50 ("Documents that are never filed with the court, but simply 'passed between the parties in discovery, lie entirely beyond the presumption's reach.'"); *see also S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232–33 (2d Cir. 2001) (holding that a deposition transcript was not a judicial document when submitted solely for the court to assess whether it qualified as "confidential information" under a protective order). Because neither the Unadmitted Exhibits nor the Submissions' references to them played any role in the Court's adjudication of the merits, the presumption of public access under *Lugosch* does not attach, and sealing and redaction are warranted.

For the foregoing reasons, Defendants respectfully request leave to redact portions of the Submissions and seal in full the Unadmitted Exhibits. Plaintiffs do not oppose this motion.

*[signatures on following page]*

Dated:  April 29, 2026

Respectfully submitted,

LATHAM & WATKINS LLP                          CRAVATH, SWAINE & MOORE LLP

_____              _____
Alfred C. Pfeiffer (admitted *pro hac vice*)     Lauren A. Moskowitz
   *Co-Lead Trial Counsel*                       Jesse M. Weiss
David R. Marriott                                Nicole M. Peles
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)         Two Manhattan West
Timothy L. O'Mara (admitted *pro hac vice*)      375 Ninth Avenue
Jennifer L. Giordano                             New York, NY 10001
Kelly S. Fayne (admitted *pro hac vice*)         (212) 474-1000
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)       lmoskowitz@cravath.com
                                                 jweiss@cravath.com
505 Montgomery Street, Suite 2000                npeles@cravath.com
San Francisco, CA 94111
(415) 391-0600                                   *Attorneys for Defendants Live Nation*
                                                 *Entertainment, Inc. and Ticketmaster L.L.C.*
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

cc:      All counsel of record (via ECF)

3