# Inner City Press

April 29, 2026

By ECF

Hon. Arun Subramanian, United States District Judge
Southern District of New York, 500 Pearl Street, New York, NY 10007

Re: Opposition to Sealing — United States et al. v. Live Nation Entertainment, Inc. et al., No. 1:24-cv-03973-AS; ECF Nos. 1474 (Motion to Seal) and 1475 (Sealed Filing)

 Dear Judge Subramanian:

I write on behalf of Inner City Press to oppose the motion to seal at ECF No. 1474 and to request that ECF No. 1475 — a letter with 64 attachments filed entirely under seal by Live Nation and Ticketmaster today, April 29, 2026 — be unsealed in its entirety or, at minimum, subject to individualized public findings before any sealing is permitted.

Inner City Press has covered this trial from its inception through the April 15 verdict and since, has filed prior access letters that the Court has acknowledged, and has a direct and ongoing interest in public access to the judicial record in this matter.

## I. What Was Filed and What It Represents

ECF No. 1475 is a letter to the Court regarding exhibit and deposition designation disputes, accompanied by 64 attachments: 16 joint submissions filed by the parties between March 2 and April 6, 2026, and 48 trial exhibits — including both plaintiff exhibits (PX) and defense exhibits (DX).

The entire filing is sealed. No public findings accompany the sealing. No individualized exhibit-by-exhibit justification has been provided.

## II. Live Nation's "Not Used at Trial" Argument Fails Post-Verdict

Inner City Press anticipates that Live Nation will argue that exhibits excluded from evidence or not formally admitted at trial carry a lesser presumption of public access. That argument fails here for three independent reasons.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

First, the joint submissions — 16 filings in which the parties argued to the Court about which exhibits should be admitted — are in context judicial documents, or should be treated as such. They were filed with the Court for the purpose of influencing judicial rulings on admissibility. Under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006), any document that "would reasonably have the tendency to influence a district court's ruling" is a judicial document to which the public access presumption attaches "without regard to which way the court ultimately rules." The admissibility disputes shaped the evidentiary record the jury considered. They are judicial documents of the highest order.

Second, exhibits submitted to the Court for consideration — even if ultimately excluded — may remain judicial documents. The Second Circuit has held that the public access right attaches to "documents submitted in connection with judicial proceedings that themselves implicate the right of access." In re N.Y. Times Co., 828 F.2d 110, 114 (2d Cir. 1987). Submission to the Court for a ruling on admissibility is submission in connection with a judicial proceeding. The ultimate ruling on admissibility does not retroactively strip the document of its judicial character.

Third, even accepting arguendo that some exhibits carry a reduced presumption, Live Nation's mass filing of 64 exhibits under a single blanket seal, with no individualized analysis, cannot satisfy any version of the narrowly tailored standard.  A blanket seal of 64 exhibits — some plaintiff, some defense, spanning more than six weeks of joint submissions — cannot possibly satisfy this standard without document-by-document analysis.

III. The Pattern of Coordinated Last-Minute Sealing

Inner City Press notes that ECF No. 1475 continues a pattern: coordinated, last-minute sealing motions filed by Live Nation, Ticketmaster, SeatGeek, and AEG during and after jury deliberations. ICP opposed several of those motions. Today's filing — 64 attachments sealed in a single motion filed fourteen days after the verdict — represents the same pattern applied to post-trial proceedings.

The public interest in access to the evidentiary record of a landmark antitrust verdict is at its highest point, not its lowest. The Tunney Act public comment period is running. The remedies phase is beginning. This is precisely the moment when public access to the trial record matters most.

## IV. Relief Requested

Inner City Press respectfully requests that the Court:

(1) Deny ECF No. 1474 and order ECF No. 1475 and all 64 attachments unsealed;

(2) In the alternative, require Live Nation and Ticketmaster to file a public exhibit-by-exhibit justification for each of the 64 attachments they seek to seal;

(3) Reject any argument that exhibits not admitted at trial are categorically exempt from the public access presumption;

and (4) Direct the parties to file any future sealing motions with individualized public justifications rather than blanket seals covering dozens of documents simultaneously.

Respectfully submitted,

Matthew Russell Lee
Inner City Press
SDNY Press Room 500 Pearl Street
Mail: PO Box 130222, Chinatown Station
New York, NY 10013
Matthew.Lee@innercitypress.com