# EXHIBIT 1

*United States et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 1:24-cv-03973-AS

**Parties' Joint Submission of Outstanding Disputes for March 3, 2026**

**Plaintiffs' Objections to Defendants' Exhibits**

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|
| PX0090 | Hearsay (in part) | ██████████ ██████████ ████ | ██████████ █████████ █████████ █████████ ██████ | |
| DX-0383 | Hearsay | █████████ ████ | █████████ █████████ █████████ ██████████ █████████ █████████ █████████ █████████ █████████ █████████ █████████ █████████ █████████ ██████████ ██████ | |
| DX-0391 | Hearsay | ██████████ ████ | █████████ █████████ █████████ ██████████ ██████████ ████████ █████████ ███ | |

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|
| DX-0446 | Hearsay | ███████████████ ██████ | ██████████████ ██████████████ ████████████ █████████████ ████████ ███████████ █████████████ ████████████ ███████ █████████████ ███████████ ██████████████ █████████████ | |
| DX-0632 | Hearsay, Foundation | ████████████ ████████████ ███████ █████████████ ████████ | ████████████ ████████████ ████████████ ████████████ ██████████ ████ ████████████ ████████████ █████████████ ████ | |
| DX-0237 | Hearsay | The document is hearsay without a valid objection. | This falls under the exception of FRE 803(3): state of mind. Christopher Turns, Director of Ticket Operations, discusses his evaluation of SeatGeek's presentation and the key highlights that impact his decision regarding whether to move forward with SeatGeek versus Ticketmaster. | |

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|
| DX-0241 | Hearsay, Foundation (in part) | | | |

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|
| DX-0245 | Hearsay | The document is hearsay without a valid objection. | We are only admitting this document for Helgerson's email, not Schwartzkopf's.<br><br>Similar to DX-0245, Mitch Helgerson's state of mind under FRE 803(3) is relevant to his decision to ultimately decide whether to partner with Seatgeek or Ticketmaster. The information provided by Schwartzkopf is not being offered for the truth of the matter, but rather for the effect on the listener, Mitch Helgerson. Additionally, to the extent Plaintiffs seek to introduce statements from Ticketmaster to Helgerson, the remaining context is also necessary context to obtain the full picture. | |
| DX-0380 | Hearsay | ██████████████ ██████ | ██████████████ ██████████████ ████████████ ██████████ ██████████████ ████████████ ██████████████ ████████████ ████████ | |

**Defendants' Objections to Plaintiffs' Exhibits**

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0087 | Hearsay, Limited Purpose, Foundation, Authenticity | Authenticity / Foundation - This document may not be able to be properly authenticated. Abbamondi is not a custodian nor is he a signatory.<br><br>Hearsay / Limited Purpose: This is a third party document between SeatGeek and BEC offered for the truth of the matter. | PX0087 is a fully executed contract between ticketer Seatgeek, Inc. and the entities owning Barclay's Center. It will be introduced through its former president and CEO (John Abbamondi).<br><br>To the extent Defendants maintain their authenticity and foundation challenges, Mr. Abbamondi will establish both easily.<br><br>Defendants' hearsay objection fails. An executed contract is not hearsay under Fed. R. Evid. 801(c), and in this case is also a business record. See Crawford v. Franklin Credit Mgmt. Corp., No. 08-CV-6293 (KMW), 2015 U.S. Dist. LEXIS 38737, at *7 (S.D.N.Y. Mar. 26, 2015); Porter v. United States, 2015 U.S. Dist. LEXIS 29139, at *3 n.2 (S.D.N.Y. Mar. 3, 2015). | |

5

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0101 | Hearsay, Limited Purpose, Motion in Limine, Prejudice | | | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0142 | Hearsay, Limited Purpose | | | |
| PX0145 | Hearsay, Limited Purpose | | | |
| PX0152 | Motion in Limine, Hearsay, Limited Purpose | | | |

7

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0484 | Prejudice, Hearsay, Limited Purpose, Incomplete | ████████████ ████████████ ██████ ████████████ ████████████ ████████████ ████████ ████████████ ████████████ ████████████ ████████████ | ██████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████████ ████████ | |
| PX0655 | Prejudice | Prejudice: This is prejudicial because Ticketmaster references bringing potential legal action against BSE. | PX0655 is a letter from counsel for Defendants to Mr. Abbamondi threatening a lawsuit if Barclay's did not agree to a one-year extension to its then-existing Ticketmaster contract. It is relevant to showing Ticketmaster's monopoly power and does not meet the bar to show prejudice necessary to deny admission. | |
| PX1150 | Hearsay, Limited Purpose, Prejudice | ████████████ ████████████ ████████████ ████████████ ██████ | ████████████ ████████████ ████████████ ████████████ ████████ | |
| PX0227 | Hearsay, Limited Purpose | Hearsay: This is a third-party document and if it is admitted Defendants reserve their right to requests a limiting instruction. | This is a business record and the proper foundation will be laid. | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0229 | Hearsay, Limited Purpose | Hearsay: Jack Larson's entire email summarizes a call with Jason Wright, which is hearsay within hearsay. Furthermore, the in-depth discussion between Helgerson and Larson is being offered for the truth of the matter to specify contract terms.  While both Helgerson and Larson were on the call, the document itself is hearsay. | This is a business record and the proper foundation will be laid. | |
| PX0230 | Hearsay, Limited Purpose, Prejudice | Hearsay: This document was not authored by Mr. Helgerson, but rather an email sent to him from someone else.<br><br>Prejudice: The subject "LN retaliation insurance" is prejudicial. | This document is not being offered for a hearsay purpose—indeed, it recounts the terms of an offer. Thus, it is a "verbal act" and excluded from the definition of hearsay under 801(c). We are not offering this document to prove the truth of the matter asserted, we are offering this document to prove that the offer was made. | |

9

**Plaintiffs' Objections to Defendants' Deposition Designations**

| Witness (Last, First) | Page:Line Range | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|---|
| Lewis, Christian | 47:7-14 | F, SPEC | Question asks witness to speak for venues' preferences. | Witness testifying as to his understanding based on his personal experience with ticketing contracts and venues. | |
| Lewis, Christian | 48:12-19 | F, SPEC | Question asks witness to speak for venues' preferences. | Witness testifying as to his understanding based on his personal experience with ticketing contracts and venues. | |
| Lewis, Christian | 48:25-49:8 | F, SPEC | Question asks witness to testify beyond his personal knowledge. | Witness testifying based on his personal experience with ticketing contracts. | |

**Defendants' Objections to Plaintiffs' Deposition Designations**

| Witness (Last, First) | Page:Line Range | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|---|
| Nagle, Patrick | 50:4-9 | R | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case.  The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 51:2-5 | R, P | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case.  The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition.  Alternatively, testimony should be excluded under FRE 403 because the prejudicial effect and risk of confusion from testimony regarding alleged conditioning of content on increased promoter rebates substantially outweighs its minimal probative value, where the witness testified that the venue uses Ticketmaster for reasons unrelated to conditioning. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 51:10-18 | R | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case.  The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 51:19-23 | R, P | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case.  The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition.  Alternatively, testimony should be excluded under FRE 403 because the prejudicial effect and risk of confusion from | Relevant to concert market power over venues, ticketing conditioning. | |

| | | | | | |
|---|---|---|---|---|---|
| | | | testimony regarding alleged conditioning of content on increased promoter rebates substantially outweighs its minimal probative value, where the witness testified that the venue uses Ticketmaster for reasons unrelated to conditioning. | | |
| Nagle, Patrick | 51:24-52:25 | R | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case. The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 53:1-55:11 | P,R | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case. The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition. Alternatively, testimony should be excluded under FRE 403 because the prejudicial effect and risk of confusion from testimony regarding alleged conditioning of content on increased promoter rebates substantially outweighs its minimal probative value, where the witness testified that the venue uses Ticketmaster for reasons unrelated to conditioning. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 56:2-13 | P, R | Same as above | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 56:15-58:14 | P, R | Same as above | Relevant to concert market power over venues, ticketing conditioning. | |
| Lewis, Christian | 88:6-10 | H, LP | Venue customers' statement to Lewis that Ticketmaster requested that they ticket on a different ticketing platform is hearsay (offered for the truth that Ticketmaster requested that the venue use a different platform), and no exception applies. | Statements from the venues and Ticketmaster are requests, therefore verbal acts. | |

12

| | | | | | |
|---|---|---|---|---|---|
| Lewis, Christian Tr. | 111:8-17 | H, LP, SPEC, F | Testimony offered for the truth of what venue managers supposedly said to Mr. Lewis, that a scoring process was purportedly skewed. No hearsay exception applies. | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 111:19-112:4 | H, LP | Same as above | Statements from venues offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 112:5-10 | H, LP | Same as above | Statements from venues offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 112:11-20 | H, LP, SPEC, F, AF | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See | |

| | | | | Ruling on Defs MIL 1. | |
|---|---|---|---|---|---|
| Lewis, Christian | 113:1-6 | H, LP, SPEC, F, AF | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 113:8-17 | H, LP, SPEC, F, AF | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 116:4-8 | H, LP | Same as above | Not hearsay. | |
| Lewis, Christian | 116:9-12 | H; LP | Same as above. | Not hearsay, offered for context. | |
| Lewis, Christian | 116:15-18 | H, LP | Same as above | Not hearsay. | |
| Lewis, Christian Tr. | 116:21-117:5 | H, LP | Same as above | Statements from venues offered to show motive and state of mind of the speaker and effect on the listener. See | |

| | | | | Ruling on Defs MIL 1. | |
|---|---|---|---|---|---|
| Lewis, Christian Tr. | 117:6-11 | H, LP, F | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian Tr. | 117:13-17 | H, LP, F, V | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. Disputed between the parties as to whether leading testimony from non-parties called in that party's case-in-chief is admissible. | |
| Lewis, Christian Tr. | 119:18-24 | SPEC, L | Leading question, and none of the subparts of FRE 611(c) apply. | Disputed between the parties as to whether leading testimony from non-parties called | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | in that party's case-in-chief is admissible. | |
| Lewis, Christian Tr. | 137:12-16 | V, L | Leading question, and none of the subparts of FRE 611(c) apply. | Not leading. Also, disputed between the parties as to whether leading testimony from non-parties called in that party's case-in-chief is admissible. | |
| Lewis, Christian Tr. | 138:7-12 | H, LP, L, SPEC, F, AF, V | Venue customers' alleged statement to Lewis that Ticketmaster requested that they ticket on a different ticketing platform is hearsay. | Testimony of witness' personal interactions with venues. Statements from the venue and Live Nation are requests, therefore verbal acts. Not leading, and disputed between the parties as to whether leading testimony from non-parties called in that party's case-in-chief is admissible. | |
| Lewis, Christian | 138:14-18 | H, LP, L, SPEC, F, AF, V | Same as above. | Testimony of witness' personal interactions with venues. Statements from the venue and Live Nation are requests, therefore verbal acts. Not | |

16

| | | | | | |
|---|---|---|---|---|---|
| | | | | leading, and disputed between the parties as to whether leading testimony from non-parties called in that party's case-in-chief is admissible. | |
| Lewis, Christian | 139:5-16 | H, LP | Plaintiffs offer this testimony to establish that the what the University said to the witness. | Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |

17