# EXHIBIT 2

*United States et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 1:24-cv-03973-AS

**Parties' Joint Submission of Outstanding Disputes for March 4, 2026**

**Defendants' Objections to Plaintiffs' Exhibits**

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Response |
|---|---|---|---|
| PX0198 | Hearsay (Limited Purpose), Prejudice, Best Evidence Rule | Hearsay: This document is classic inadmissible hearsay. It also includes hearsay within hearsay as it refers to statements and documents sent by others. Whether or not Mr. Strader is considered an agent of Live Nation for purposes of lobbying activity, there is no foundation that can or will be laid for his purported statement referenced in this exhibit to have been made within the scope of that agency such that it can be attributed to Live Nation as a statement by a party opponent under Rule 801(d)(2).  No hearsay exception applies.  Plaintiffs' argument that any of these messages qualify as a present sense impression under Rule 803(1) fail.  None of the statements reflect "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it", which is required for the exception, and there is no way Plaintiff can lay a foundation for its applicability as to Mr. Forsyth's texts ("John" in the document) as they did not call him as a witness.  As to Mr. Chi's statements in the blue bubbles, there is no statement in there that is in any way describing an event or condition at all.  If Mr. Forsyth had simply forwarded the email from Mr. Strader, it would have been hearsay.  There's no reason for it to be any different just because he forwarded it in a text instead.  Furthermore, this is exactly the type of thing the Court excluded during today's testimony. The Court prevented witnesses from testifying that so and so told me that someone from Live Nation threatened them.  The fact that this is in a text is no different.<br><br>Best Evidence Rule: The portion of the text that purports to be quoting from an email from Mr. Strader is an unverified | PX0198 is a text message chain between Mr. Chi and John Forsyte, the CEO and president of Pacific Symphony. Mr. Forsyte sent the first message, noting Patrick Strader (a registered Live Nation lobbyist, who presented to the Irvine City Council regarding the contemplated amphitheater, and whose emails about the amphitheater Defendants have redacted for privilege (See attached documents: CITY_OF_IRVINE_028487 at -488 (lobbyist registration papers); CITY_OF_IRVINE_026526 at -527 (indicating Patrick Strader presented to City Council on Live Nation's behalf); LNE-LIT24-003135812 at -812-814 (showing redactions)).<br><br>As to hearsay, Mr. Strader is a Live Nation lobbyist and his statements are admissions of a party-opponent under Fed. R. Evid. 801(d)(2). The text message from Mr. Forsyte qualifies as admissible present sense impressions (Rule 803(1)) as indicated by the "just received" (emphasis added). See United States v. Figueroa, 2023 WL 8373566, at *4 (S.D.N.Y. Dec. 4, 2023). The message included is relevant context to explain what Mr. Forsyte was responding and reacting to. Mr. Forsyte's text can also be introduced for the purpose of the effect on Mr. Forstye under (Rule 801(c)(2)), which is consistent with the court's ruling on MIL #1. The same can be said of Mr. Chi's text in response. And the last message from Mr. Forsyte isn't hearsay as at all under Rule 803 as it contains a question, directive, and speaks to future intent. |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Response |
|---|---|---|---|
| | | excerpt of an email that is not being offered and is potentially out of context or misrepresented, and the declarant is not the witness who will be on the stand.<br><br>Prejudice: Many of the statements are speculative and prejudicial and confusing, including because they are out of context. | Defendants claim the Best Evidence Rule bars the quoted portion from Mr. Strader on page 1 where Mr. Forsyte states Mr. Strader "just sent me a threatening email" and provides a quote.  However, the disputed portion is not being offered for its contents, but for the fact that the author (Mr. Forstye) viewed it as a threat. Because the precise words are not at issue, Fed. R. Evid. 1002 does not apply. If the Court finds otherwise, Plaintiffs would ask to resolve the concern by redacting the quoted portion of the top message, while leaving "Patrick Strader just sent me a threatening email. He said" and the remainder of the exhibit.<br><br>Finally, the events – a Live Nation threat, and its effect on a future amphitheater's decision to move forward in partnership with Live Nation or not – is highly probative, and does not create undue prejudice outweighing that probative value. |

2