# EXHIBIT 3

*United States et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 1:24-cv-03973-AS

**Parties' Joint Submission of Outstanding Disputes for March 6, 2026**

**Plaintiffs' Objections to Defendants' Exhibits**

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses |
|---|---|---|---|
| DX-0625 (Groetzinger) | Hearsay | At the March 5, 2026 hearing, with respect to potential hearsay, the Court stated that" "I want to make clear . . . in terms of the questioning, you have to lay the foundation first before you try to introduce [potential hearsay]. So you've got to first make clear, so that I will understand the reason why this would be admissible as opposed to inadmissible. … I sustained a few objections not because the testimony couldn't have come in, but because there hadn't been an adequate foundation as to how it would get in and why it would not be being brought in for the truth of the matter." March 5, 2026 Transcript, 469:11-16. Plaintiffs propose following this course for this and each other email for which Defendants seek a preliminary ruling: let Defendants seek to lay an appropriate foundation, and then rule. Indeed, when Defendants met and conferred on Mr. Groetzinger's documents two days ago, this was the path they intended to follow, only changing course this evening.<br><br>In any event, the exhibit is inadmissible hearsay. Defendants have indicated they plan to offer this exhibit to show that SeatGeek was aware of BSE's complaints. But SeatGeek is a third party and its state of mind and intent are not directly relevant. Proving that a party was on "notice" may well be relevant where that party's intent is an element of the proof. *Cf.* Fed. R. Evid. 404(b)(2) (evidence of other wrongs or acts may be admissible to prove "intent" or "knowledge"). But in this case | The document is an email from Ms. Jacoby at BSE to Mr. Groetzinger, sharing complaints about SeatGeek's performance at Barclays. The document is admissible under Rule 801 as it is not hearsay. Its significance lies in the fact that the complaints contained there in were made, and is not offered for the truth of anything asserted. *See* Advisory Committee Notes to Rule 801(c) (citing *Emich Motors Corp. v. General Motors Corp.*, 181 F.2d 70 (7th Cir. 1950), rev'd on other grounds 340 U.S. 558 (1951)).<br><br>The document is also admissible for the effect on the listener, *i.e.*, Mr. Groetzinger's awareness of complaints by BSE, and as a statement of the declarant's state of mind, *i.e.*, Ms. Jacoby's frustration with SeatGeek's performance, under Rule 803(3).<br><br>Separately, this document is also a business record under FRE 803(6). |

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses |
|---|---|---|---|
| | | SeatGeek's intent isn't relevant, so proving SeatGeek was on "notice" leads nowhere that matters. *See* Gillis v. Murphy-Brown, LLC, No. 7:14-CV-185-BR, 2018 WL 5831994, at *2 (E.D.N.C. Nov. 7, 2018) (rejecting claim that inadmissible evidence was relevant "to show notice."). Moreover, it is unlikely that Defendants' motive for offering these documents is to show that SeatGeek was aware of BSE's complaints. Rather, it is more likely that Defendants seek to prove of the matters asserted, that is, that Barclays found shortcomings in SeatGeek's performance of the contract, and so sought to modify the contract for those shortcomings, rather than due to any loss of concerts. | |
| DX-0633 (Groetzinger) | Hearsay | Plaintiffs' position on DX-0633 is the same as on DX-0625. | The document is an email from Mr. Gewirtz at BSE to Mr. Lichstein, copying Mr. Groetzinger and Mr. Zussman, sharing complaints about SeatGeek's performance at Barclays. The document is admissible under Rule 801 as it is not hearsay. Its significance lies in the fact that the complaints contained therein were made and is not offered for the truth of anything asserted. *See* Advisory Committee Notes to Rule 801(c) (citing *Emich Motors Corp. v. General Motors Corp.*, 181 F.2d 70 (7th Cir. 1950), rev'd on other grounds 340 U.S. 558 (1951)).<br><br>The document is also admissible for the effect on the listener, *i.e.*, Groetzinger's awareness of complaints by BSE, and as a statement of the declarant's state of mind, *i.e.*, Ms. Jacoby's frustration with SeatGeek's performance, under Rule 803(3).<br><br>Separately, this document is also a business record under FRE 803(6). |

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses |
|---|---|---|---|
| DX-0645 (Groetzinger) | Hearsay | Plaintiffs' position on DX-0645 is the same as on DX-0625. | This document is an email attaching a letter from BSE notifying SeatGeek of a breach of their ticketing agreement.<br><br>The document is admissible under Rule 801 as it is not hearsay. Its significance lies in the fact that the BSE alleged that SeatGeek had breached the agreement and is not offered for the truth of anything asserted. *See* Advisory Committee Notes to Rule 801(c) (citing *Emich Motors Corp. v. General Motors Corp.,* 181 F.2d 70 (7th Cir. 1950), rev'd on other grounds 340 U.S. 558 (1951)).<br><br>The document is also admissible under Rule 803(3) for the effect on the listener, *i.e.*, Mr. Groetzinger's awareness that BSE alleged SeatGeek had breached its contract. |
| DX-0671 (Groetzinger) | Hearsay | Plaintiffs' position on DX-0671 is the same as on DX-0625. | This document is an email attaching a letter from BSE to SeatGeek regarding a breach of their ticketing agreement.<br><br>The document is admissible under Rule 801 as it is not hearsay. Its significance lies in the fact that the BSE alleged that SeatGeek had breached the agreement, and is not offered for the truth of anything asserted. *See* Advisory Committee Notes to Rule 801(c) (citing *Emich Motors Corp. v. General Motors Corp.,* 181 F.2d 70 (7th Cir. 1950), rev'd on other grounds 340 U.S. 558 (1951)).<br><br>The document is also admissible under Rule 803(3) for the effect on the listener, *i.e.*, Mr. Groetzinger's awareness that BSE alleged SeatGeek had breached its contract. |

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses |
|---|---|---|---|
| DX-0678 (Groetzinger) | Hearsay | Plaintiffs' position on DX-0678 is the same as on DX-0625. | This document is an email from BSE to SeatGeek attaching a letter from BSE to SeatGeek regarding a breach of their ticketing agreement.<br><br>The document is admissible under Rule 801 as it is not hearsay. Its significance lies in the fact that the BSE alleged that SeatGeek had breached the agreement, and is not offered for the truth of anything asserted. *See* Advisory Committee Notes to Rule 801(c) (citing *Emich Motors Corp. v. General Motors Corp.,* 181 F.2d 70 (7th Cir. 1950), rev'd on other grounds 340 U.S. 558 (1951)).<br><br>The document is also admissible under Rule 803(3) for the effect on the listener, *i.e.*, Mr. Groetzinger's awareness that BSE alleged SeatGeek had breached its contract. |
| DX-0715 ▮▮▮▮ | Hearsay | ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮ |

**Defendants' Objections to Plaintiffs' Exhibits**

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| PX0019 (Marciano) | Hearsay, Limited Purpose, Prejudice | Hearsay: These internal communications between AEG employees constitute inadmissible hearsay. The statements do not qualify for admission under the state of mind exception under Federal Rule of Evidence 803(3).<br><br>Prejudice: Mr. Marciano's statements are speculative, unduly prejudicial, and call for legal conclusions.<br><br>(1) Mr. Marciano's statement—"What is even more amazing to me is just how much money is being generated on fees by TM. Crazy ...."—is speculative and unsupported by the financial metrics Marc Feinberg provided.<br><br>(2) Mr. Marciano's assertion that "TM will make more in fees than the venue and promoter combined. No wonder TM is flush with cash" is also speculative and unduly prejudicial. The underlying document contains no data regarding the combined fees of the venue and promoter, which renders Marciano's comparison baseless.<br><br>(3) Mr. Marciano's statement that Ticketmaster's fees are "**nearly criminal**" calls for a legal conclusion, exceeds the permissible scope of lay witness opinion testimony, and is unduly prejudicial. | As noted above, at the March 5, 2026 hearing, with respect to potential hearsay, the Court stated that" "I want to make clear . . . in terms of the questioning, you have to lay the foundation first before you try to introduce [potential hearsay]. So you've got to first make clear, so that I will understand the reason why this would be admissible as opposed to inadmissible." March 5, 2026 Transcript at 469:11-16. Plaintiffs believe this Court should rule on these hearsay objections only after Plaintiffs elicit foundational testimony – a position on which the parties have largely been in accord.<br><br>PX0019 is a business record relating to a Ticketmaster onsale at an AEG venue and noting that Ticketmaster "will make more in fees than the venue and promoter combined." The email in question is supported by a regular course of business analysis created by AEG staff. While Defendants claim the email violates Fed. R. Evid. 403, it is highly probative and does not pose a risk of unfair prejudice.<br><br>Defendants have specifically identified the final sentence of the first email as prejudicial ("This is nearly criminal"). If it will resolve the objection, Plaintiffs will agree to redact that sentence. |

| PX0028 ▮▮▮ | Incomplete, Hearsay, Limited Purpose, Prejudice, Motion in Limine |  |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| PX0034 ▮ | Hearsay, Limited Purpose, Prejudice | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮<br><br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

| PX0046 (Marciano) | Hearsay, Limited Purpose, Prejudice, Motion in Limine | Hearsay: This is hearsay, because it is an out of court statement offered for the truth of the matter asserted. Additionally, the document contains hearsay within hearsay, as exemplified by the statement "TM complains about the BOTS." The statements do not qualify for admission under the state of mind exception under Federal Rule of Evidence 803(3).<br><br>Prejudice: The following statements are prejudicial, lack foundation, and are speculative:<br><br>(1) "Obviously, despite what TM loudly proclaims and complains, they have direct relationships with Brokers and it appears they give Brokers inside sales benefits. On the one hand, TM complains about the BOTS. On the other hand, they are the direct pipeline to the secondary market. In fact they ARE the secondary because they create it."<br>(2) "THIS is why LN can work for free as a promoter - as long as they continue to make this kind of money in the secondary ticketing market."<br><br>Mr. Marciano has no firsthand knowledge regarding Ticketmaster's relationship with brokers, and any "inside sales benefits Ticketmaster does or does not provide." He additionally has no firsthand knowledge regarding Ticketmaster's relationship to the secondary market. He further has no firsthand knowledge as to the amount of money Live Nation makes from its promotions business as compared to the secondary ticketing market. As the court recognized in its Order regarding Defendants' MIL #6, "any evidence along these lines needs a proper foundation, and any testimony shouldn't extend beyond what a witness can testify about based on personal knowledge and without speculating." ECF No. 1079 at 5. Should Mr. Marciano be allowed to testify regarding this document, he would be engaging in precisely the kind of speculation barred by the Court's order. | With respect to hearsay, Plaintiffs position on PX0028 is the same as on PX0019.<br><br>PX0046 is an internal AEG email discussing Ticketmaster's sales to brokers, and is not prejudicial or violative of Defendants' motion in limine for the same reasons as in PX0028. |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | Motion in Limine #14: The language "Most artists have taken the LN money and don't care much about the secondary" would be excluded by Defendants' pending motion in limine regarding the idea that Live Nation is "overpaying" artists.  This language is plainly speculative, and Marciano will be unable to lay the foundation necessary to establish personal knowledge of why artists choose to work with Live Nation as opposed to another promoter.  Additionally, in almost all cases, price competition is procompetitive and lawful.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 594 (1986) ("[C]utting prices in order to increase business often is the very essence of competition."); Virgin Atl. Airways Ltd. v. Brit. Airways PLC, 257 F.3d 256, 269 (2d Cir. 2001) ("We must be mindful that low prices are a positive aspect of a competitive marketplace and are encouraged by the antitrust laws.").  The same principle applies when price competition means bidding up prices to secure a customer's business. | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| PX0315 ▮▮▮▮ | Hearsay, Limited Purpose, Prejudice | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| PX1226 (Lewis Deposition Designations) | Hearsay | Hearsay: This email correspondence between Mr. Lewis and his colleagues at Paciolan is describing the substantive reasons why two customers decided to switch to Ticketmaster.  Plaintiffs seek to admit the document for the truth of those substantive reasons for the switch.  There is no independent relevance to the fact that the customers switched, which is established elsewhere in Mr. Lewis's testimony.  (*See* 114:6-20.)  Mr. Lewis in the designated testimony is not asked any questions to establish a foundation for effect on the listener or any hearsay exception.<br><br>Plaintiffs point to lines 136:18-137:4 as setting a foundation for effect on listener.  But in that testimony, Mr. Lewis testifies only that Paciolan expects to lose OVG contracts based on the fact that Paciolan had been losing the vast majority of contracts.  He never mentions in that testimony what OVG managers ostensibly said to him about the reasons for the switches and is never asked a question that would establish a foundation to show an effect on the listener based on the substantive reasons for the switches to Ticketmaster discussed in PX1226. | |

**Defendants' Objections to Plaintiffs' Deposition Designations**

| Witness (Last, First) | Page:Line Range | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|---|
| Lewis, Christian (Accompanying Exhibit PX1226 Shown Above) | 111:19-113:17; 116:21-117:17 | Hearsay | ███████ | ███████ |

| Witness (Last, First) | Page:Line Range | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|---|
| | | | | |

| Witness (Last, First) | Page:Line Range | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|---|
| | | | | |

| Witness (Last, First) | Page:Line Range | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|---|
|  |  |  | █████████████████ ██████████████ ███████████████ ████████████████ ███████████████ ██████████████ ██████████████ ███████████████ ██████████████ █████████████ ███████████████ ███ |  |