# EXHIBIT 6

*United States et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 1:24-cv-03973-AS

**Parties' Joint Submission of Outstanding Disputes for March 16, 2026**

**Defendants' Objections to Plaintiffs' Exhibits**

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| PX0332 | Relevance, Prejudice, and Hearsay | | |

1

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ | |
| PX0458 | Hearsay, Limited | Relevance and Prejudice: To date, no State Plaintiff has contended its claims are subject to anything other than a | Relevance and Prejudice: The Court has already rejected Defendants' attempts to exclude evidence related to their |

2

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | Purpose, Relevance, and Prejudice | four-year statute of limitations. Evidence of conduct that occurred before May 23, 2020—including PX-0448, which is an email chain from April 2019—is irrelevant to any State's damages claims because conduct that occurs outside the limitations period cannot be the basis for damages. *Zenith Radio Corp. v. Hazeltine Res.*, 401 U.S. 321, 338-39 (1971). In its order on Defendants' motion *in limine* No. 5 (to exclude evidence related to pre-2020 conduct), the Court explained that pre-May 2020 evidence "might be relevant to the defendant's liability even if the evidence might not itself fit within the relevant limitations period." ECF No. 1079 at 5. But the evidence still must be "relevant to events during the period." *Fitzgerald v. Henderson*, 251 F.3d 345, 365 (2d Cir. 2001).<br><br>PX0458 involves a discussion between Live Nation, Oak View Group, and Azoff Music discussing a venue deal request for the Jonas Brothers from more than *five* years before Plaintiffs filed its initial complaint and more than *one* year before the limitations period. There is no connection to events occurring during the limitations period. Exclusion is proper because any minimal probative value of this evidence as "background" would be severely limited due to the age of the alleged conduct. *Cf. Carey v. Int'l Bhd. of Elec. Workers Loc. 363 Pension Plan*, 201 F.3d 44, 47 (2d Cir. 1999) (policies animating statutes of limitation include "avoidance of litigation involving lost evidence or distorted testimony of witnesses").<br><br>Hearsay: The statements made by Irving Azoff (Azoff Music), Peter Luukko (OVG), and Eric Gardner (OVG) are hearsay. | pre-2020 conduct and admitted similar documents. *See* Dkt. 1079 at 5; *Fitzgerald v. Henderson*, 251 F.3d 345, 365 (2d Cir. 2001)); *see also Kansas City Star Co. v. United States,* 240 F.2d 643, 651 (8th Cir. 1957). This exhibit reflects a 2019 Live Nation employees, Michael Rapino, Bob Roux, and Mark Campana, admitting—in their own words—that another Live Nation employee was "attacking the AXS venues to dump AXS and drop in TM." This employee, Brad Wavra, works on the promotion side of the business, and is contacting venues regarding a Jonas Brothers concert. They further discuss making sure the "touring team" is "coordinated" in messaging where they need to "lean into venues." The statements are relevant to Plaintiffs' tying claims.<br><br>Hearsay: The non-party statement portions of the email are not being used for the truth of the matter asserted, but to establish the predicate facts to understand the party admissions. Plaintiffs do not intend to ask the witness directly about these statements in the use of this exhibit, though the same portions of the email thread are necessary context for Plaintiffs' questioning regarding PX0476. |

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | • Luukko on April 18, 2019: "We have not given any rebates outside the deal to agents and should not start here." <br> • Azoff on April 18, 2019: "Buildings are confused on how to respond. I told them i would get guidance from you guys but they are just going to turn around and call their locals for reduction in their live nation rebates." | |
| PX0476 | Hearsay, Limited Purpose, Relevance, Prejudice | Relevance and Prejudice: This April 2019 evidence should be excluded, because Plaintiffs have not identified which remaining claim this document supports. To the extent the document relates to the promotion claims that are no longer part of this case, it is irrelevant and should not be admitted. <br><br> Defendants' additional positions regarding relevance, prejudice, and hearsay for PX0476 is the same as for PX0458 which is a similar email thread. | Relevance and Prejudice: The Court has already rejected Defendants' attempts to exclude evidence related to their pre-2020 conduct and admitted similar documents. *See* Dkt. 1079 at 5; *Fitzgerald v. Henderson*, 251 F.3d 345, 365 (2d Cir. 2001)); *see also Kansas City Star Co. v. United States,* 240 F.2d 643, 651 (8th Cir. 1957). This exhibit describes a deal a Live Nation employee, Brad Wavra was offering to venues, including a rebate offer. When confronted about the offer by Live Nation CEO Michael Rapino, Mr. Wavra defends himself by saying that "I was never giving this to the artist." This exhibit and these statements rebut Live Nation arguments, and testimony given by Mr. Roux on examination by Defendants, claiming that rebates and other offers are passed through completely to artists and that Live Nation is forced to do so to compete. <br><br> Hearsay: The non-party statements are not offered for the truth of the matter, but are necessary to establish the predicate facts for the party admissions. Live Nation employee Mr. Wavra's email sets out terms of a deal for a Jonas Brothers show; Oak View Group employees forward this information to Live Nation CEO Michael Rapino and Mr. Roux, who them include Mr. Campana in the conversation, with commentary regarding the deal points that inform their reaction. The witness will be |

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | | asked regarding the Live Nation admissions in response to these statements; the jury must be able to see the statements to understand the response. |