# EXHIBIT 9

*United States et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 1:24-cv-03973-AS

**Parties' Joint Submission of Outstanding Disputes for March 19, 2026**

**Defendants' Objections to Plaintiffs' Exhibits**

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| PX0813 | Hearsay, Limited Purpose, Relevance, Prejudice | **Hearsay / Limited Purpose**: Statements made by Andy Hewitt (The Andrew Hewitt Company) and Jenny Heifetz (AEG), which are the bulk of this document, are hearsay statements offered for the truth of the matter asserted. During the meet and confer, Plaintiffs informed Defendants that they believe Andy Hewitt's email is non-hearsay as a party admission based on a co-conspirator relationship.<br><br>To admit a coconspirator statement under FRE 801(d)(2)(E), courts must find by a preponderance of the evidence (1) that a conspiracy existed, (2) that both the declarant and the party against whom the statement is offered were members of that conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy. *Bourjaily v. U.S.*, 483 U.S. 171, 175 (1987). In making this preliminary determination, courts cannot rely on solely the hearsay statement and must have independently corroborating evidence for these requirements. *U.S. v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996). During the meet and confer, Plaintiffs stated that they believe Andy Hewitt is a coconspirator with Live Nation and the conspiracy is Hewitt's joint venture with Live Nation to jointly book the Hollywood Bowl. That assertion is completely without basis. Plaintiffs have not identified any unlawful purpose of this joint venture and cannot possibly claim that every joint venture or co-booking relationship is a "conspiracy" under the meaning of FRE 801(d)(2)(E).<br><br>To the extent that Plaintiff argue agency under FRE 801(d)(2)(D), Plaintiffs must establish by a preponderance | **Hearsay:** Plaintiff States intend to admit PX813 for the party admissions. The third-party statements are not being admitted for their truth and are not hearsay. Party-opponent statements include not only the party itself, but also statements made by the party's coconspirator during and in furtherance of a conspiracy. The statement of a partner in a joint venture may be admissible for the truth of the matter asserted, so long as the statement is during the course of and in furtherance of the joint venture. This exception apples "if people act together by mutual understanding in pursuit of a common purpose . . . . the exception can apply even if the proponent does not show that the venture is unlawful . . . ." 4 Christopher B. Mueller 7 Laird C. Kirkpartick, Fed. Evid. § 8:59 (3d ed.)<br><br>Plaintiff States seek to admit this document primarily for the party-opponent statements located in Andy Hewitt's email related to their exclusion of AEG from the Hollywood Bowl, and the brief exchange between Andy Hewitt and Colin Lewis. Andy Hewitt is a party-opponent because Hewitt-Silva, his company, has a joint venture with Live Nation for the Hollywood Bowl and acted with Live Nation to further its tie by excluding artists who use competing promoters. Colin Lewis admits in his deposition that Hewitt-Silve has a joint venture with Live Nation.<br><br>Additionally, Lewis writes "all good. Completely agree" in response to Hewitt's statement. Thus, Hewitt's email |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | of the evidence (1) the existence of an agency or employment relationship between the declarant and the party against whom the statement is offered, (2) that the statement was made during the course of that relationship, and (3) that the statement relates to a matter within the scope of the agency or employment. *Farganis v. Town of Montgomery*, 397 Fed. Appx. 666, 668 (2d. Cir. 2010). The hearsay statement itself cannot alone establish these requirements. *Id.* Plaintiffs have to prove the agency relationship, and the Court has make a factual determination regarding the agency relationship, none of which has occurred. Plaintiffs have not even provided any explanation regarding this theory during the meet and confer, let alone providing any evidence of agency relationship between Andy Hewitt and Live Nation.<br><br>**Relevance and Prejudice**: This email merely clarifies that Live Nation paid a premium for the right to book the venue exclusively during a defined season. Nothing in this exhibit demonstrates anticompetitive conduct. The testimony presented throughout this trial has been consistent: exclusivity arrangements between promoters and venues are standard practice in the live entertainment industry. The mere existence of an exclusivity period—a commonplace contractual feature—does not, standing alone, constitute evidence of anticompetitive behavior, and thus does not go to any of Plaintiffs' claims. *Hall v. E.I. Du Pont De Nemours & Co.*, 345 F. Supp. 353, 374 (E.D.N.Y. 1972) ("[T]he existence of industry-wide standards or practices alone will not support, in all circumstances, the imposition of . . . liability."). Because this exhibit has no probative value, it should be excluded under both Rule 402 and Rule 403. | is an adopted admission by a party opponent under 801(d)(2)(B).<br><br>The email from Jenny Heifetz Henaultis not hearsay because it is not being offered for the truth of its contents. Instead, that statement is being offered to give context to Live Nation's response and Live Nation's belief that AEG may be looking for a show. Whether AEG was actually looking for a show or not, Live Nation's response to that belief is what matters. *See Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d, 398, 420 (S.D.N.Y. 2011) (where a statement is deemed admissible as an admission by a party opponent, under Rule 801(d)(2), the surrounding statements providing essential context may also be considered).<br><br>**Prejudice/Relevance/Limited Purpose:** This exhibit is within the limitations period. PX813 is probative of Live Nation's refusal to deal with artists who use competing promoters and its anger at LAPA for considering it even outside Live Nation's booking period at the Hollywood Bowl. Finally, it contributes to the course of conduct that raises rivals (AEG's) costs ("We have paid a premium for the bowl to keep AEG from having access within our season."). Nothing in this document is prejudicial. |
| PX1196A-1199A | Foundation, Improper 1006, Relevance, | ████████████ | ████████████ |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | Prejudice, Incomplete | | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | | |

5

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | ██████████████████████ ██████████████████ ██████████████████████ ██████████████████████ ███████████████████ ████████████████ ███████████████ | |
| | | ███████████████████ █████████████████ █████████ | |
| | | ████████████████████ ████████████████████ ████████████████ ██████████████████ ████████████████████ █████████████ | |
| | | ████████████████████ ████████████████████ ████████████████ ███████████████████ ████████████████████ ████████████████ | |

6

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | ████████████████████ ███████ | |