# EXHIBIT 14

*United States et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 1:24-cv-03973-AS

**Parties' Joint Submission of Outstanding Disputes for March 29, 2026**

**Defendants' Objections to Plaintiffs' Exhibits**

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| PX0231 (Van Stone) | Relevance, Hearsay, Limited Purpose, Foundation | **Relevance:**  This document is dated April 8, 2015—more than five years before the start of the limitations period in May 2020, and nearly a decade before the complaint was filed.<br><br>While pre-limitations-period evidence "might be relevant to the defendant's liability, even if the evidence might not itself fit within the relevant limitations period," such evidence "still must be 'relevant to events during the period.'" *Fitzgerald v. Henderson*, 251 F.3d 345, 365 (2d Cir. 2001); ECF No. 1094 at 7; ECF No. 1079 at 5.  This document is more than five years removed from the start of the limitations period—and is "disconnected in time" from any events that occurred during the limitations period. Trial Tr. 1094:4-6.<br><br>Plaintiffs' argument that this shows something about the ticketing industry in 2015 is not persuasive.  As the Court itself has recognized, evidence from many years prior is "of limited, if any, relevance" because "the market may have shifted." ECF No. 1079 at 1.  That observation applies with full force here: the ticketing industry has undergone substantial transformation over the last decade, and a document from 2015 reflects a competitive landscape that bears little resemblance to today's marketplace circumstances.<br><br>**Hearsay/Limited Purpose:**  This document has multiple levels of hearsay.  First, Monumental Sports is a non-party and its statements in this slide deck are hearsay. *See e.g.,* | **Foundation**: Mr. Van Stone testified that he has over 30 years of experience in ticketing. He also testified that he interviewed six to eight different ticketing companies in 2015 while Monumental was conducting an RFP for primary ticketing. Mr. Van Stone received several slides from this deck in a similar presentation and Plaintiffs will lay the proper foundation that he has seen and is familiar with the rest of the presentation.<br><br>**Relevance**: PX231 is directly relevant because it evaluates the quality of AXS and Ticketmaster.  The fact that the presentation was created in 2015 does not render that comparison irrelevant – it is probative evidence that, even as far back as 2015, AXS had developed features that Monumental considered attractive when evaluating the available ticketing options.<br><br>**Hearsay**: PX231 is a business record created while Monumental Sports was conducting an RFP to select a primary ticketer in 2015. Plaintiff States will lay the appropriate foundation for the Rule 803(6) exception through Mr. Van Stone's testimony. |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | slides 17-18 (seemingly quoting directly from AXS's, New Era/Paciolan's, Tickets.com, and Veritix's pitches to Monumental); slide 20 (quoting a New Era pitch regarding their ticketing platform and offerings).  This deck additionally includes citations to third party news articles, such as an article from Tech Crunch.com, *see* slide 23, and Bloomberg, *see* slide 24.<br><br>Finally, this is not a business record.  There is nothing on the face of the document indicating this is a final deck that was prepared in the ordinary course, as opposed to a one-off deck.  Plaintiffs' argument that Mr. Van Stone received slides 19-28 in a separate presentation does not mean this deck is admissible.  Not only does the reference to SeatGeek in those pages in the other document not appear in PX0231 (meaning it is not an exact copy-paste), but recycling pages from a prior deck (which Plaintiffs are not using and there is no evidence is a business record) doesn't make this deck a business record.<br><br>**Prejudice**: On slide 13 of this deck, Monumental identifies several "Cons" associated with using Ticketmaster.  Among the list are bullets stating that "TM is too big for its own good," and that TM is "slow to move and innovate, slow to assist individual teams unless entitled to receive strong financial reward." If these slides are permitted to go to the jury, it could lead the jury to decide the case on an improper basis.<br><br>**Foundation**: Mr. Van Stone does not appear on the face of this document.  Plaintiffs will be unable to lay the necessary foundation to show Mr. Van Stone's familiarity with this deck or the source of all its contents | |
| PX1403, PX1403A, PX1406, | Untimely | | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| PX1409, PX1411, PX1412, PX1414, PX1415 | | █████████████████ | ████████████ |

3

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| | | Plaintiff further claim that they thought that the exhibits ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ | |

4