# EXHIBIT 19

*United States et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 1:24-cv-03973-AS

**Parties' Joint Submission of Outstanding Disputes for April 8, 2026**

**Defendants' Objections to Plaintiffs' Slides**

| Slide Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses |
|---|---|---|---|
| PDX009.4 | Prejudice | **Prejudice:** Plaintiffs' demonstrative titled "The Burden of Proof Is Only a Preponderance of the Evidence" depicts a scale with a feather on one side, plainly intending to suggest to the jury that Plaintiffs' burden in this case is as light as a feather.  This is improper.  The first statement the jury hears at the close of the evidence about its duty to decide this important case should not be a misleading oversimplification offered by Plaintiffs that usurps the Court's role in correctly instructing the jury on the law.<br><br>The demonstrative also improperly collapses all elements of Plaintiffs' various claims into a single, oversimplified visual.  By doing so, it falsely suggests that Plaintiffs' burden is a single, undifferentiated "feather-light" standard, rather than a requirement to prove each essential element of each claim against each Defendant.  The Court's carefully considered jury instruction makes clear that: "Plaintiffs | After the Court ordered Defendants to provide the bases for their objections to 62 of Plaintiffs' closing demonstratives, Defendants maintained objections to 56 of those demonstratives and provided the bases for those objections to Plaintiffs at 7:54pm. At 8:30pm, while lead counsel for Plaintiffs had been preparing for closing argument, the parties had a lead counsel meet and confer. Over approximately 15 minutes, Plaintiffs agreed to make minor wording changes to the titles of six slides, and Defendants quickly dropped 49 other objections. The "prejudice" objection to PDX009.4 is the only objection that remains, and that objection is meritless.<br><br>PDX009.4 is a scale showing that the Plaintiffs' burden of proof is only a preponderance of the evidence, and has a feather tipping one side of the scale. PDX009.3 is the same slide, just without the feather and therefore a balanced scale. Accordingly, the objection can only be to the feather. The feather on the scale, of course, is a common description of the burden that |

| | | must prove every essential element of each of their claims against each Defendant by a preponderance of the evidence." Post-Instruction No. 11. Plaintiffs' demonstrative conflicts with this instruction by implying that the jury may treat Plaintiffs' burden as trivial and monolithic, instead of considering each element separately for each Defendant.<br><br>The Court has already rejected Plaintiffs' prior efforts to dilute their burden of proof in the verdict form. *See* Plaintiffs' Proposed Verdict Forms (combining market definition, monopoly power, and conduct elements). For the same reasons, the Court should reject this demonstrative and prevent Plaintiffs from revising the Court's instruction on the applicable burden of proof in this complex case. | Plaintiffs face in this case and is frequently used in closing arguments. So is the scale analogy, which the Court itself has used in this case. *See* Trial Tr. at 5:22–6:1 (Mar. 2, 2026 afternoon) ("To say it differently, if you were to put the evidence favorable to the plaintiffs and the evidence favorable to the defendants on opposite sides of the scales, the plaintiffs would have to make the scales tip to their side."). There is nothing prejudicial or conclusory about showing the jury the common feather on the scale visual, and the objection should be overruled. |