UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America et al.,

                              Plaintiffs,

            -against-

Live Nation Entertainment, Inc. and
Ticketmaster LLC,

                              Defendants.

24-CV-3973 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The following motions to seal are granted: Dkts. 1370, 1373, 1380, 1393, 1408, 1412, 1429. The following motions to withdraw are granted: Dkts. 1364, 1485. The following motion for pro hac vice are granted: Dkt. 1481.

The Court notes that Inner City Press has opposed the sealing motions at Dkts. 1406 and 1474. The Court takes each of these in turn.

The motion to seal at Dkt. 1406 is granted. This is a motion filed by SeatGeek to seal information about its win-loss data that was filed on the docket as part of Live Nation's motion to strike part of Dr. Hill's testimony. Dkt. 1406. Though this is plainly a judicial document, *Lugosch v. Pyramid Co of Onandaga*, 435 F.3d 110 (2d Cir. 2006), SeatGeek is correct that the presumption of public access is diminished because this data was *not* entered into evidence. In fact—the Court explicitly cautioned the jury not to take it into account. Inner City Press notes that the motion to seal concerns a motion to strike testimony that was elicited at trial—but, while that's true, the motion to seal is specifically about descriptions in a court filing of win-loss data that was *not* presented at trial (as well as the data itself). The reasons why the testimony was struck do not turn on the specific content that would be sealed, and so sealing does not impede the public's understanding of the court proceedings. Outweighing that diminished presumption is the highly commercially sensitive nature of this information, which memorializes SeatGeek's internal analysis of its success or failure at winning contracts. *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022).

The motion to seal at Dkt. 1474 is denied without prejudice. The Court agrees with Inner City Press that these are judicial documents. Of course, as Live Nation points out, "[t]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document," *Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019). But documents that the Court reviewed in order to make evidentiary rulings are plainly "relevant to the performance of a judicial function and useful

in the judicial process." *Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016).  The Second Circuit has instructed courts to consider whether materials are issue "call upon the court to exercise its Article III powers," and has found that filings related to motions to exclude deposition testimony "are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. The question, then, is how strong that presumption is and whether it's outweighed by some countervailing factor. *Lugosch*, 435 F.3d at 120. Live Nation has not made any argument as to whether any individual document should be redacted or not, so the Court expresses no view on whether that would be appropriate. If there are sensitive documents that warrant sealing under *Lugosch*, Live Nation may move the Court and explain why those documents should be sealed or redacted. The Court encourages Live Nation to be selective in deciding which documents to move to remain under seal.

The Clerk of Court is respectfully directed to terminate Dkts. 1364, 1370, 1373, 1380, 1393, 1406, 1408, 1412, 1429, 1474, 1481, and 1485. The Clerk of Court is also respectfully directed to terminate Dkts. 1344 and 1345 as they were resolved at Dkt. 1368.


SO ORDERED.

Dated: May 6, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge