May 26, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**   *United States et al. v. Live Nation Entertainment, Inc. et al.*, **1:24-cv-03973-AS**

Dear Judge Subramanian:

Defendants write in response to the Plaintiff States' May 21, 2026 letter setting forth their "initial" proposed remedies and proposed fact discovery.  *See* ECF No. 1497.  While Defendants will address the substance of the Plaintiff States' proposals in due course, Defendants submit this letter to respectfully request that the Court not permit fact discovery to commence until, at the earliest, the Court has ruled on Defendants' motion for judgment as a matter of law (ECF Nos. 1499, 1500) and motion for a new trial (ECF Nos. 1501, 1502), filed on May 21, 2026, and scheduled for hearing on July 29, 2026.

The Plaintiff States' proposals underscore the need for this sequencing.  As detailed in Exhibit 1 to their letter, the Plaintiff States are not pursuing the "limited" remedies discovery they previewed at the May 7, 2026 hearing.  Instead, they intend to seek an extraordinarily broad swath of material, including updated transaction-level data across multiple business units, extensive document and information requests concerning the operational and financial feasibility of divesting Live Nation's amphitheaters and Ticketmaster, discovery from numerous non-parties, and wide-ranging financial data to support claims for damages, civil penalties, disgorgement, and restitution.  *See* ECF No. 1497-1 at 4-6.  And this is just the "initial discovery" the Plaintiff States anticipate seeking; they reserved the right to seek even more.  *Id.* at 4.

Defendants reserve all rights to object to the Plaintiff States' formal discovery requests if and when they are ultimately served.  But if the Plaintiff States are allowed to pursue this discovery (or even a portion of it), the burden of responding to it would be enormous, requiring Defendants to devote substantial resources to collecting, reviewing, and producing documents and data across virtually every aspect of their business operations.  For the reasons explained in Defendants' portion of the April 24, 2026 joint letter, and by Defendants' counsel at the May 7, 2026 hearing, that burden is neither justified nor appropriate at this stage.  *See* ECF No. 1446 at 4-6.  Requiring Defendants (and non-parties) to undertake the massive effort and expense of responding to sweeping discovery requests before the Court has ruled on potentially dispositive post-trial motions would impose a significant and undue burden.

Additionally, Defendants respectfully request that any fact discovery proceed in two phases: (1) an initial phase focused on the relief already obtained through the settlement between Defendants, the United States, and the settling States, and then (2) if necessary, a

subsequent phase of discovery focused on any additional remedies the Plaintiff States believe are necessary. The Plaintiff States acknowledged at the May 7 hearing that they "at least need to understand how [the settlement] would impact any proposed remedies [the Plaintiff States] are going to pursue," May 7, 2026 Hr'g Tr. at 6:18-25, and their May 21 letter makes clear that the Plaintiff States do not know what the relief afforded by the settlement entails, ECF No. 1497-1 at 5-6. A better understanding of the impact of the ultimate relief from the settlement will, and should, allow the Plaintiff States to narrow the scope of any additional remedies they seek and to better target areas of alleged concern the Plaintiff States may believe are not sufficiently addressed by the settlement. The opportunity for such tailored focus in the second phase, as informed by the first, will allow the parties to avoid unnecessary and unduly burdensome work.

Accordingly, if the Court is not inclined to stay discovery until the conclusion of the Tunney Act proceedings, Defendants respectfully reiterate their request that fact discovery on remedies not commence until after the Court rules on Defendants' post-trial motions, and that at that point, discovery proceed in two phases, with the first phase focusing on the relief obtained by Defendants' settlement with the United States and the settling States. Alternatively, if the Court determines that fact discovery on remedies should begin (as the Plaintiff States request) when the United States' proposed final judgment is submitted to the Court, Defendants respectfully request that the only fact discovery that proceeds between that date and the Court's decisions on Defendants' post-trial motions is discovery into the relief obtained by the settlement, with any further discovery proceeding after the Court's decisions on the post-trial motions.

We thank the Court for its attention to this matter.

*[signatures on following page]*

Respectfully submitted,

LATHAM & WATKINS LLP                      CRAVATH, SWAINE & MOORE LLP

_David R. Marriott_                       _Lauls_

---                                       ---

David R. Marriott                         Lauren A. Moskowitz
   *Co-Lead Trial Counsel*  Jesse M. Weiss
Alfred C. Pfeiffer (admitted *pro hac vice*)  Nicole M. Peles
   *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)  Two Manhattan West
Jennifer L. Giordano                      375 Ninth Avenue
Andrew M. Gass (admitted *pro hac vice*)  New York, NY 10001
Kelly S. Fayne (admitted *pro hac vice*)  (212) 474-1000
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)  lmoskowitz@cravath.com
                                          jweiss@cravath.com
505 Montgomery Street, Suite 2000         npeles@cravath.com
San Francisco, CA 94111
(415) 391-0600                            *Attorneys for Defendants Live Nation*
                                          *Entertainment, Inc. and Ticketmaster L.L.C.*
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Andrew.Gass@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation*
*Entertainment, Inc. and Ticketmaster L.L.C.*

cc:    All Counsel of Record (via ECF)