June 3, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

Re:    *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

We represent Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (together, "Defendants") in the above-referenced matter.  On April 29, 2026, Defendants filed, on behalf of all parties, a letter attaching the parties' submissions to the Court relating to exhibit and deposition designation disputes during trial (the "Submissions"), as well as certain related documents (the "Joint Submission Exhibits").  ECF No. 1478.  Defendants also filed a motion to seal the Submissions and Joint Submission Exhibits.  ECF No. 1474.  After a member of the press filed an opposition to the sealing motion, the Court denied the sealing motion without prejudice, stating that Live Nation could "move the Court and explain why those documents should be sealed or redacted."  ECF No. 1488.  Pursuant to the Court's ruling, for ECF Nos. 1478-1 to 1478-31 and 1478-53-58[1], Defendants respectfully submit this motion to:

(i)     unseal certain exhibits in their entirety;

(ii)    file certain exhibits with redactions previously approved by the Court;

(iii)   file certain exhibits with redactions limited to personally identifiable information ("PII");

(iv)    request leave to file certain exhibits with redactions consistent with prior Court rulings; and

(v)     identify for the Court exhibits containing solely non-party information for which non-parties may separately seek continued sealing.

***Exhibits to be Unsealed***.  Defendants have determined, in consultation with non-parties as needed, that the following exhibits do not contain information warranting continued sealing:

- ECF No. 1478-5 (March 15, 2026 Joint Submission).
- ECF No. 1478-6 (March 16, 2026 Joint Submission).
- ECF No. 1478-10 (March 22, 2026 Joint Submission).
- ECF No. 1478-11 (March 23, 2026 Joint Submission).

---

[1]    ECF Nos. 1478-32 to 1478-52 were attached to the April 29 letter at Plaintiffs' request.  *See* ECF No. 1478 at 3.  Defendants understand that Plaintiffs and/or non-parties may file a separate letter with the Court addressing the basis for sealing those exhibits.  Defendants reserve the right to request the redaction or sealing of those exhibits if Plaintiffs make clear they wish to proceed with filing those exhibits on the public docket.

- ECF No. 1478-14 (March 29, 2026 Joint Submission).
- ECF No. 1478-15 (March 30, 2026 Joint Submission).
- ECF No. 1478-18 (April 6, 2026 Joint Submission).
- ECF No. 1478-21 (DX-0456).
- ECF No. 1478-22 (DX-0465).
- ECF No. 1478-28 (DX-1045).
- ECF No. 1478-56 (DX-0893).
- ECF No. 1478-57 (DX-0909).

*Court-Approved Redactions*.  Concurrently with this motion, Defendants will file the following exhibits on the public docket with redactions that were previously approved by the Court during trial.[2]

- Ex. 1 (formerly ECF No. 1478-27 (DX-0715)), SeatGeek, Inc. requested sealing/redactions (ECF No. 1136-2), which the Court granted in open Court (*see* Trial Tr. at 203:4-13).
- Ex. 2 (formerly ECF No.1478-29 (DX-1430)), non-party Oak View Group, LLC ("OVG") requested sealing/redactions (ECF No. 1316), which the Court granted (ECF. No. 1332).
- Ex. 3 (formerly ECF No. 1478-31 (PX0090)), non-parties Brooklyn Events Center, LLC, Brooklyn Nets, LLC, and New York Liberty, LLC (together, "BSE"), requested sealing/redactions (ECF No. 1133), which the Court granted (ECF No. 1157).
- Ex. 4 (formerly ECF No. 1478-53 (DX-0396)) and Ex. 5 (formerly ECF No. 1478-55 (DX-0459)), non-party Anschutz Entertainment Group, Inc. ("AEG") requested sealing/redactions (ECF No. 1285), which the court granted (ECF No. 1289).
- Ex. 6 (formerly ECF No. 1478-54 (DX-0416)) and Ex. 7 (formerly ECF No. 1478-58 (DX-1043)), non-party AEG requested sealing/redactions (ECF No. 1130), which the court granted (ECF No. 1156).

*PII Redactions.*  During trial the Court authorized the presumptive redaction of PII without the need for a document-by-document motion to seal (ECF No. 1138; *see also* ECF No. 1137 (defining PII)), which aligns with the Court's Individual Practices, ¶ 11(A).  Concurrently with this motion, Defendants will file the following exhibits, which contain redactions solely for PII:[3]

- Ex. 8 (formerly ECF No. 1478-20 (DX-0447)).
- Ex. 9 (formerly ECF No. 1478-23 (DX-0473)).
- Ex. 10 (formerly ECF No. 1478-24 (DX-0475)).
- Ex. 11 (formerly ECF No. 1478-25 (DX-0476)).
- Ex. 12 (formerly ECF No. 1478-26 (DX-0608)).
- Ex. 13 (formerly ECF No. 1478-30 (DX-1506)).

---

[2]  Because these exhibits were not ultimately admitted or used at trial, they were not previously filed on the public docket.  Defendants are filing the redacted versions that non-parties submitted, via email, to the Court with their sealing requests during trial.

[3]  Defendants consulted non-parties as needed regarding these redactions.

***Joint Submission Redactions***.    The following Submissions contain the parties' communications to the Court regarding evidentiary disputes during trial.  The proposed redactions in each Submission match language that has already been redacted from the public versions of the referenced underlying documents pursuant to various Court rulings.  Defendants respectfully request leave to file these exhibits on the public docket with those redactions:

- Ex. 14 (formerly ECF No. 1478-1, March 2, 2026 Joint Submission), proposed redactions mirror the language BSE proposed be redacted from exhibit PX0152.  BSE requested sealing of PX0152 (ECF No. 1133), which the Court granted (ECF. No. 1157).
- Ex. 15 (formerly ECF 1478-8, March 18, 2026 Joint Submission) proposed redactions mirror the language redacted from exhibits PX0595 (*see* ECF No. 1275-6), PX0415 (*see* ECF No. 1244-5), PX0993 (*see* ECF No. 1275-10), and PX0076 (*see* ECF No. 1275-9).
- Ex. 16 (formerly ECF 1478-12, March 24, 2026 Joint Submission), proposed redactions mirror the language redacted from exhibits PX0250 (*see* ECF No. 1335-6), PX0869 (*see* ECF No. 1335-3), and PX1106 (*see* ECF No. 1338-5).

***Non-Party Information***.  The following exhibits contain information that non-parties have designated as Confidential or Highly Confidential pursuant to the Amended Protective Order.  *See* Amended Protective Order ¶ 9.  Defendants do not seek to seal any of this information and take no position on its confidentiality.  Defendants have notified the relevant non-parties and Plaintiffs that, if they wish to maintain sealing, they should file a separate letter with the Court addressing the basis for doing so:

- ECF No. 1478-3 (March 5, 2026 Joint Submission): Defendants have notified counsel for Christian Lewis and Paciolan regarding the referenced deposition testimony of Mr. Lewis, and Defendants have notified Robert Davari and Tixr regarding the referenced exhibit PX0315.
- ECF No. 1478-4 (March 8, 2026 Joint Submission): Defendants have notified counsel for Christian Lewis and Paciolan regarding the referenced deposition testimony of Mr. Lewis.
- ECF No. 1478-9 (March 19, 2026 Joint Submission): Defendants have notified Plaintiffs that it is their obligation to notify non-parties with respect to the referenced exhibits PX1196A, PX1196A, PX1197A, PX1198A, PX1199A, as well as the related material in the Joint Submission.
- ECF No. 1478-13 (March 25, 2026 Joint Submission): Defendants have notified counsel for Matthew Caldwell and the Florida Panthers regarding the referenced deposition testimony of Mr. Caldwell.
- ECF No. 1478-16 (April 2, 2026 Joint Submission): Defendants have notified counsel for Irving Azoff regarding the referenced deposition testimony of Mr. Azoff, and Defendants have notified counsel for Christian Barney and the Utah Jazz regarding the referenced deposition testimony of Mr. Barney.
- ECF No. 1478-17 (April 5, 2026 Joint Submission): Defendants have notified counsel for Adel Nur regarding the referenced deposition testimony of Mr. Nur.

For the foregoing reasons, Defendants respectfully request that the Court grant the relief set forth above.

*[signatures on following page]*

3

Dated:  June 3, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

_David R Marriott_ (signature)
_____
David R. Marriott
   *Co-Lead Trial Counsel*
Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
Andrew M. Gass (admitted *pro hac vice*)
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc:    All counsel of record (via ECF)

CRAVATH, SWAINE & MOORE LLP

_Lauley_ (signature)
_____
Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

4