# EXHIBIT 14

*United States et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 1:24-cv-03973-AS

**Parties' Joint Submission of Outstanding Disputes for March 3, 2026**

**Plaintiffs' Objections to Defendants' Exhibits**

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|
| PX0090 | Hearsay (in part) | The portions of the exhibit written by Mr. Schwartzkopf are hearsay without a valid objection. | This is not offered for the truth of the matter asserted, but rather for Mr. Abbamondi's state of mind, to show his opinion of TM at the time of the renewal negotiations. | |
| DX-0383 | Hearsay | The document is hearsay without a valid objection. | Plaintiffs' objection to the use of transcripts as demonstrative aids is without merit. The transcripts at issue are not merely demonstrative exhibits; they are transcriptions of actual audio recordings. If the jury will hear the underlying audio recording, the jury should also have the benefit of the corresponding transcript to assist in reviewing the evidence. Providing the transcript alongside the audio ensures that jurors can accurately follow and, if necessary, re-review the recorded statements.  Defendants have no objections to Plaintiffs' version of the call transcript (PX0992). | |
| DX-0391 | Hearsay | The document is hearsay without a valid objection. | Abbamondi's statements fall under FRE 803(3). Abbamondi's statements directly reflect the criteria relevant in his decision-making to select a partner. Specifically, Abbamondi notes that his intent are best met by having a consistent ticket partner across all platforms. | |

1

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|
| DX-0446 | Hearsay | The document is hearsay without a valid objection. | Kendyl Dunn's statements are not being offered for the truth of the matter but rather for its effect on the listener, John Abbamondi. Abbamondi receiving information about SeatGeek's primary vs secondary ticketing and requesting transparency on the issue highlights one of his criteria in selecting partners. Specifically, his statement noting that Kendyl's proposal is not in the best interest of BSE or its fans describes his belief on BSE's best course of action. | |
| DX-0632 | Hearsay, Foundation | The document does not involve Mr. Abbamondi and was created after he left the organization.<br><br>The document is hearsay without a valid objection. | This falls under the exception of FRE 803(3): state of mind.  It shows how Barclay's perceived SeatGeek at the time of this email and its intent with respect to its ticketing provider selection.<br><br>Mr. Abbamondi was the CEO of BSE at the time and was familiar with the negotiation with SeatGeek and can lay the foundation. | |
| DX-0237 | Hearsay | The document is hearsay without a valid objection. | This falls under the exception of FRE 803(3): state of mind. Christopher Turns, Director of Ticket Operations, discusses his evaluation of SeatGeek's presentation and the key highlights that impact his decision regarding whether to move forward with SeatGeek versus Ticketmaster. | |

2

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|
| DX-0241 | Hearsay, Foundation (in part) | The document is hearsay without a valid objection.<br><br>Defendants lack the proper foundation for portions of DX-0241 that are not sent to or from Mr. Helgerson. | Plaintiffs have not specified which portion of this document they object to. Plaintiffs themselves included portions of DX0241 in their Opening Statement deck.<br><br>Select portions of this document may be offered for the effect on the listener. Specifically, this ties into the information Mitch Helgerson had available before him, before ultimately deciding between partnering with SeatGeek or Ticketmaster. The information relied upon and the impression it left upon Mitch Helgerson directly impacts his state of mind.<br><br>As to foundation, Mr. Helgerson is on the earlier-in-time email, and if necessary, Defendants will redact the top portion that Mr. Helgerson is not on. | |

3

| Exhibit Number | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|
| DX-0245 | Hearsay | The document is hearsay without a valid objection. | We are only admitting this document for Helgerson's email, not Schwartzkopf's.<br><br>Similar to DX-0245, Mitch Helgerson's state of mind under FRE 803(3) is relevant to his decision to ultimately decide whether to partner with Seatgeek or Ticketmaster. The information provided by Schwartzkopf is not being offered for the truth of the matter, but rather for the effect on the listener, Mitch Helgerson. Additionally, to the extent Plaintiffs seek to introduce statements from Ticketmaster to Helgerson, the remaining context is also necessary context to obtain the full picture. | |
| DX-0380 | Hearsay | The document is hearsay without a valid objection. | Similar to the responses above, Mitch Helgerson's statements fall under the exception of 803(3). His statements highlight his mental impression of what was relevant in extending the TM contract. Schwartzkopf's statements are not being offered for the truth of the matter but rather the effect on the listener, Mitch Helgerson. | |

**Defendants' Objections to Plaintiffs' Exhibits**

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0087 | Hearsay, Limited Purpose, Foundation, Authenticity | Authenticity / Foundation - This document may not be able to be properly authenticated. Abbamondi is not a custodian nor is he a signatory.<br><br>Hearsay / Limited Purpose: This is a third party document between SeatGeek and BEC offered for the truth of the matter. | PX0087 is a fully executed contract between ticketer Seatgeek, Inc. and the entities owning Barclay's Center. It will be introduced through its former president and CEO (John Abbamondi).<br><br>To the extent Defendants maintain their authenticity and foundation challenges, Mr. Abbamondi will establish both easily.<br><br>Defendants' hearsay objection fails. An executed contract is not hearsay under Fed. R. Evid. 801(c), and in this case is also a business record.  See Crawford v. Franklin Credit Mgmt. Corp., No. 08-CV-6293 (KMW), 2015 U.S. Dist. LEXIS 38737, at *7 (S.D.N.Y. Mar. 26, 2015); Porter v. United States, 2015 U.S. Dist. LEXIS 29139, at *3 n.2 (S.D.N.Y. Mar. 3, 2015). | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0101 | Hearsay, Limited Purpose, Motion in Limine, Prejudice | Hearsay / Limited Purpose: This is a third party document that contains hearsay within hearsay. (e.g., 96015-96027)<br><br>Prejudice / Motion in Limine: Any references to the consent decree should be redacted. E.g.,"This would violate LN's consent decree with the US Justice Department, however, any specific damages can be hard to prove." | PX0101 is a short email to Mr. Abbamondi attaching two presentations: one comparing various ticketing systems (including Ticketmaster) and one assessing customer experiences on the various platforms.<br><br>Plaintiffs intend to use the materials for non-hearsay purposes, including for the purposes permitted by the Courts' Motion in Limine ruling.  ECF #1079 at 3-4.<br><br>Defendants have taken the position that the presentations violate Rule 403 because they describe Barclay's assessment of risks related to losing Live Nation content if they switch away from Ticketmaster. This, again, falls squarely into the purposes permitted by the Courts' Motion in Limine ruling.  ECF #1079 at 3-4.<br><br>Defendants also claim PX0101 is barred by the Court's ruling on Motion in Limine #4 but have not provided proposed redactions to address their claim. When received, Plaintiffs will consider them and inform the Court if the disputes are resolved. | |

6

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0142 | Hearsay, Limited Purpose | Hearsay / Limited Purpose: This is a third party document that contains hearsay within hearsay, including (1) images of other websites, (2) customer survey data, and (3) reviews based on New Orleans Saints and Pelicans speaking with customers. | Plaintiffs intend to use the exhibit for a non-hearsay purpose or otherwise lay the necessary foundation to overcome the hearsay objection, and suggest this is best done through testimony. | |
| PX0145 | Hearsay, Limited Purpose | Hearsay / Limited Purpose: This is a third party document that contains hearsay within hearsay: "Btw it's interesting to me because LN/ Stacie insisted that the secondary sales must be turned off and that the band wants none to hit the market." | Plaintiffs intend to use the exhibit for a non-hearsay purpose or otherwise lay the necessary foundation to overcome the hearsay objection, and suggest this is best done through testimony. | |
| PX0152 | Motion in Limine, Hearsay, Limited Purpose | Motion in Limine: Any references to the consent decree should be redacted. E.g., ██████████ ████████████████ ████████████ ████████<br><br>Hearsay / Limited Purpose: This is a third party document between BSE employees offered for the truth of the matter asserted.  Also contains legal/expert opinion: "I added your anti-trust comment (risk mitigant)." | Plaintiffs intend to use the exhibit for a non-hearsay purpose or otherwise lay the necessary foundation to overcome the hearsay objection, and suggest this is best done through testimony.<br><br>Defendants also claim PX0152 is barred by the Court's ruling on Motion in Limine #4 but have not provided proposed redactions to address their claim. When received, Plaintiffs will consider them and inform the Court if the disputes are resolved. | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0484 | Prejudice, Hearsay, Limited Purpose, Incomplete | Incomplete: PX0483 is a more inclusive version of this chain and should be used for context.<br><br>Prejudice: Abbamondi suggests that TM is "simply imposing resale over promoters objections," despite Abbamondi having "made it clear that this was not acceptable to us."<br><br>Hearsay / Limited Purpose: This is a hearsay within hearsay, because Abbamondi relayed what Elton John's "guy" said, as well as what a "young woman who called [them]" said. | PX0484 is a email between Mr. Abbamondi and Jared Smith, counsel for Defendants outlining a dispute regarding Ticketmaster's violation of the agreement between the two. It is highly probative of Live Nation's power to take unilateral actions over the objections of venues. | |
| PX0655 | Prejudice | Prejudice: This is prejudicial because Ticketmaster references bringing potential legal action against BSE. | PX0655 is a letter from counsel for Defendants to Mr. Abbamondi threatening a lawsuit if Barclay's did not agree to a one-year extension to its then-existing Ticketmaster contract. It is relevant to showing Ticketmaster's monopoly power and does not meet the bar to show prejudice necessary to deny admission. | |
| PX1150 | Hearsay, Limited Purpose, Prejudice | Hearsay: There are multiple references to other party's statements, such as "Joe Berchtold's message to me was incorrect" or "I was just reiterating what Stacie told me this am." | PX1150 is an email chain between Mr. Abbamondi and others at Barclay's. If Defendants elicit testimony regarding the concert described in the email, PX1150 is relevant to rebut Defendants' argument. | |
| PX0227 | Hearsay, Limited Purpose | Hearsay: This is a third-party document and if it is admitted Defendants reserve their right to requests a limiting instruction. | This is a business record and the proper foundation will be laid. | |

| Exhibit Number | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|
| PX0229 | Hearsay, Limited Purpose | Hearsay: Jack Larson's entire email summarizes a call with Jason Wright, which is hearsay within hearsay. Furthermore, the in-depth discussion between Helgerson and Larson is being offered for the truth of the matter to specify contract terms. While both Helgerson and Larson were on the call, the document itself is hearsay. | This is a business record and the proper foundation will be laid. | |
| PX0230 | Hearsay, Limited Purpose, Prejudice | Hearsay: This document was not authored by Mr. Helgerson, but rather an email sent to him from someone else.<br><br>Prejudice: The subject "LN retaliation insurance" is prejudicial. | This document is not being offered for a hearsay purpose—indeed, it recounts the terms of an offer. Thus, it is a "verbal act" and excluded from the definition of hearsay under 801(c). We are not offering this document to prove the truth of the matter asserted, we are offering this document to prove that the offer was made. | |

9

**Plaintiffs' Objections to Defendants' Deposition Designations**

| Witness (Last, First) | Page:Line Range | Plaintiffs' Objections | Bases for Objections | Defendants' Responses | Ruling |
|---|---|---|---|---|---|
| Lewis, Christian | 47:7-14 | F, SPEC | Question asks witness to speak for venues' preferences. | Witness testifying as to his understanding based on his personal experience with ticketing contracts and venues. | |
| Lewis, Christian | 48:12-19 | F, SPEC | Question asks witness to speak for venues' preferences. | Witness testifying as to his understanding based on his personal experience with ticketing contracts and venues. | |
| Lewis, Christian | 48:25-49:8 | F, SPEC | Question asks witness to testify beyond his personal knowledge. | Witness testifying based on his personal experience with ticketing contracts. | |

10

**Defendants' Objections to Plaintiffs' Deposition Designations**

| Witness (Last, First) | Page:Line Range | Defendants' Objections | Bases for Objections | Plaintiffs' Responses | Ruling |
|---|---|---|---|---|---|
| Nagle, Patrick | 50:4-9 | R | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case.  The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 51:2-5 | R, P | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case.  The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition.  Alternatively, testimony should be excluded under FRE 403 because the prejudicial effect and risk of confusion from testimony regarding alleged conditioning of content on increased promoter rebates substantially outweighs its minimal probative value, where the witness testified that the venue uses Ticketmaster for reasons unrelated to conditioning. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 51:10-18 | R | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case.  The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 51:19-23 | R, P | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case.  The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition.  Alternatively, testimony should be excluded under FRE 403 because the prejudicial effect and risk of confusion from | Relevant to concert market power over venues, ticketing conditioning. | |

11

| | | | testimony regarding alleged conditioning of content on increased promoter rebates substantially outweighs its minimal probative value, where the witness testified that the venue uses Ticketmaster for reasons unrelated to conditioning. | | |
|---|---|---|---|---|---|
| Nagle, Patrick | 51:24-52:25 | R | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case. The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 53:1-55:11 | P,R | Testimony about this venue's multi-event incentive agreement and Live Nation increasing the promoter rebate has no relevance to the claims remaining in this case. The witness testified that he uses Ticketmaster because he views it as the best ticketing system, not because of any alleged condition. Alternatively, testimony should be excluded under FRE 403 because the prejudicial effect and risk of confusion from testimony regarding alleged conditioning of content on increased promoter rebates substantially outweighs its minimal probative value, where the witness testified that the venue uses Ticketmaster for reasons unrelated to conditioning. | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 56:2-13 | P, R | Same as above | Relevant to concert market power over venues, ticketing conditioning. | |
| Nagle, Patrick | 56:15-58:14 | P, R | Same as above | Relevant to concert market power over venues, ticketing conditioning. | |
| Lewis, Christian | 88:6-10 | H, LP | Venue customers' statement to Lewis that Ticketmaster requested that they ticket on a different ticketing platform is hearsay (offered for the truth that Ticketmaster requested that the venue use a different platform), and no exception applies. | Statements from the venues and Ticketmaster are requests, therefore verbal acts. | |

| | | | | | |
|---|---|---|---|---|---|
| Lewis, Christian Tr. | 111:8-17 | H, LP, SPEC, F | Testimony offered for the truth of what venue managers supposedly said to Mr. Lewis, that a scoring process was purportedly skewed.  No hearsay exception applies. | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 111:19-112:4 | H, LP | Same as above | Statements from venues offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 112:5-10 | H, LP | Same as above | Statements from venues offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 112:11-20 | H, LP, SPEC, F, AF | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Ruling on Defs MIL 1. | |
| Lewis, Christian | 113:1-6 | H, LP, SPEC, F, AF | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 113:8-17 | H, LP, SPEC, F, AF | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian | 116:4-8 | H, LP | Same as above | Not hearsay. | |
| Lewis, Christian | 116:9-12 | H; LP | Same as above. | Not hearsay, offered for context. | |
| Lewis, Christian | 116:15-18 | H, LP | Same as above | Not hearsay. | |
| Lewis, Christian Tr. | 116:21-117:5 | H, LP | Same as above | Statements from venues offered to show motive and state of mind of the speaker and effect on the listener. See | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Ruling on Defs MIL 1. | |
| Lewis, Christian Tr. | 117:6-11 | H, LP, F | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |
| Lewis, Christian Tr. | 117:13-17 | H, LP, F, V | Same as above | Testimony of witness' personal interactions with venues. Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. Disputed between the parties as to whether leading testimony from non-parties called in that party's case-in-chief is admissible. | |
| Lewis, Christian Tr. | 119:18-24 | SPEC, L | Leading question, and none of the subparts of FRE 611(c) apply. | Disputed between the parties as to whether leading testimony from non-parties called | |

| | | | | in that party's case-in-chief is admissible. | |
|---|---|---|---|---|---|
| Lewis, Christian Tr. | 137:12-16 | V, L | Leading question, and none of the subparts of FRE 611(c) apply. | Not leading. Also, disputed between the parties as to whether leading testimony from non-parties called in that party's case-in-chief is admissible. | |
| Lewis, Christian Tr. | 138:7-12 | H, LP, L, SPEC, F, AF, V | Venue customers' alleged statement to Lewis that Ticketmaster requested that they ticket on a different ticketing platform is hearsay. | Testimony of witness' personal interactions with venues. Statements from the venue and Live Nation are requests, therefore verbal acts. Not leading, and disputed between the parties as to whether leading testimony from non-parties called in that party's case-in-chief is admissible. | |
| Lewis, Christian | 138:14-18 | H, LP, L, SPEC, F, AF, V | Same as above. | Testimony of witness' personal interactions with venues. Statements from the venue and Live Nation are requests, therefore verbal acts. Not | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | leading, and disputed between the parties as to whether leading testimony from non-parties called in that party's case-in-chief is admissible. | |
| Lewis, Christian | 139:5-16 | H, LP | Plaintiffs offer this testimony to establish that the what the University said to the witness. | Statements from venue offered to show motive and state of mind of the speaker and effect on the listener. See Ruling on Defs MIL 1. | |