

Stradling Yocca Carlson & Rauth LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
949 725 4000
stradlinglaw.com

**Justin Owens**
949 725 4076
jowens@stradlinglaw.com

June 12, 2026

**Via ECF**

The Hon. Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

> Re:  *United States, et al. v. Live Nation, et al.,* Case No. 1:24-cv-3973
>
> **Request To Maintain Redaction/Sealing of Non-Party Anaheim Arena's Active Ticketing Agreement Appearing In Summary Exhibit PX1199A (ECF No. 1478 at Ex. 43)**

To the Honorable Judge Subramanian:

I write on behalf of non-party Anaheim Arena Management LLC ("Anaheim Arena"). Anaheim Arena operates and manages the Honda Center, a sports and entertainment venue in Anaheim, California. This letter seeks the continued redaction/sealing of narrow excerpts of Anaheim Arena's active Ticketing Agreement with Ticketmaster (the "Ticketing Agreement") that appeared in Plaintiffs' summary exhibit **PX1199A, previously filed under seal by Defendants on April 29, 2026 at ECF No. 1478, Ex. 43**.  *See also* ECF No. 1474 (requesting sealing of "Unadmitted Exhibits").  Anaheim Arena submits this request in response to the Court's Order dated May 6, 2026, instructing the parties to explain why individual documents addressed in ECF Nos. 1474 and 1478, et seq. "should be sealed or redacted." (ECF No. 1488).

The Ticketing Agreement was produced by Anaheim Arena in response to a subpoena from Plaintiffs, and was designated HIGHLY CONFIDENTIAL pursuant to the Amended Protective Order in this action. **Anaheim Arena's requested redactions to the Ticketing Agreement were previously approved by the Court in a text-only order on March 19, 2026.** *See* ECF No. 1270 ("ORDER granting [1263] Motion to Seal"). While Anaheim Arena is informed that excerpts from the Ticketing Agreement appeared in three proposed summary exhibits filed under seal as ECF No. 1478 Exhibits 40, 41 and 43 (*i.e.*, PX1196A, PX1197A, and PX1199A), Anaheim Arena is currently seeking to maintain the sealing/redaction of the highly sensitive commercial terms appearing in PX1199A only.

Hon. Arun Subramanian<br>June 12, 2026<br>Page Two

Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases and the Court's February 26, 2026 order (ECF No. 1086), and oral instruction on March 6, 2026, Anaheim Arena respectfully requests continued redaction/sealing of the excerpted portions of the Ticketing Agreement appearing in PX1199A (ECF No. 1478 at Ex. 43). [1].

Because the Ticketing Agreement contains Anaheim Arena's confidential and sensitive commercial information, and because the requested redactions are narrowly tailored, the presumption in favor of public access is overcome and the request should be granted as described herein. *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

### Redaction of the Ticketing Agreement Is Warranted

The Ticketing Agreement is an ***active and operative contract*** currently in effect for a four-year term that began July 1, 2024. The parties to the Ticketing Agreement expressly agreed that its provisions constitute "Confidential Information" that must be kept strictly confidential. Certain provisions in the Exhibits to the Ticketing Agreement contain particularly sensitive commercial terms negotiated by the parties thereto: pricing terms, royalites, charges and fees, and allowances. Indeed, Exhibit A to the Ticketing Agreement, which is the source of the proposed redactions, is aptly titled "Financial Considerations."

This is precisely the type of commercially sensitive information that courts routinely protect from public disclosure. *See, e.g., Kewazinga Corp. v. Microsoft Corp.,* 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain…revenue information, pricing information, and the like satisfy the sealing standard."); *see also In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) ("[T]he nature of the information at issue, which concerns internal pricing strategies and competitive pricing data, is sufficiently sensitive to warrant redaction."); *see also Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).

Disclosure of these non-public commercial terms would harm Anaheim Arena's competitive standing and ongoing business relationships. Disclosure would provide an unfair advantage to parties negotiating contracts with Anaheim Arena in the future, as they could leverage their knowledge of this confidential information against Anaheim Arena. For these reasons courts in this District recognize that the protection of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," is an important countervailing interest that outweighs the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). *See ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, No. 24 MISC. 177 (LGS), 2024 WL 1702383, at *2 (S.D.N.Y. Apr. 18, 2024) (granting motion to seal "the parties' contract, which contains sensitive terms and conditions and pricing information"); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (granting party's request to seal upon finding that "business relationships and

---

[1] The requested redactions will be emailed to the Court's Chambers as a PDF with "red box" markup reflecting all proposed redactions.

4910-4029-9674v3/108662-0001

interests, and the privacy interests of non-parties, would be detrimentally affected by the disclosure of confidential contracts that the parties expect to remain private."); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing") (internal citations and quotations omitted).

## **The Proposed Redactions Are Narrowly Tailored**

To minimize the impact on public access to the proceedings Anaheim Arena has limited the proposed redactions to excerpts of the Ticketing Agreement appearing in PX1199A, and is not seeking redaction of excerpts appearing in PX1196A or PX1197A. Because the proposed redactions to the Ticketing Agreement are narrowly tailored to protect a non-party's legitimate interests without unnecessarily impeding public access to information used at trial, the request should be granted. *See KeyBank Nat'l Assn. v. Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal where the redactions were "narrowly tailored [], strictly limiting them to the portion of the [document] containing irrelevant nonparty financial information").

\* \* \* \* \* \*

For the foregoing reasons, Anaheim Arena's requested redactions to the Ticketing Agreement provisions appearing in PX1199A (ECF No. 1478 at Ex. 43) should be implemented pursuant to the three-step framework outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006).

Respectfully submitted,

*/s/ Justin Owens*
Justin Owens
Stradling Yocca Carlson & Rauth LLP
Attorneys for Non-Party Anaheim Arena
Management LLC