# Barnes & Thornburg

11 S. Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

Kathleen Leicht Matsoukas
Partner
(317) 231-7332
kmatsoukas@btlaw.com

*Via ECF*

June 12, 2026

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

      RE:   *United States et al. v. Live Nation Entertainment, Inc. et al.*, 1:24-cv-03973-AS; Letter Motion to Seal Non-Party Fieldhouse Management LLC's Confidential Material

Dear Judge Subramanian:

      I write on behalf of non-parties Fieldhouse Management LLC and Pacers Basketball, LLC (collectively "FM"). Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases, the Court's February 26, 2026 Order (ECF No. 1086), and the Court's subsequent orders concerning sealing and confidentiality, FM respectfully submits this letter motion seeking to seal (or maintain under seal) Paragraph 3(c)(iii) of the Licensed User Agreement between Ticketmaster LLC and Pacers Basketball, LLC produced by FM in this litigation and identified as FM00002571 (the "Agreement"). FM has confirmed that neither Plaintiffs and Defendants oppose this request.

      On March 19, 2026, FM filed a motion to seal Paragraph 3(c)(iii) of the Agreement on the grounds that it contains sensitive pricing and payment information (ECF No. 1261). The Court granted that motion on the same day (ECF No. 1268). Then, on March 23, 2026, FM sought to redact and seal additional portions of the Agreement, including Paragraph 3, after the Plaintiffs indicated that they would seek to admit the entire Agreement (*see* ECF No. 1309). On April 1, 2026, the Court granted FM's motion (along with other non-party motions) "to the extent that they request to redact pricing, payment, and agreed-to fee splits" (ECF No. 1368). Because Paragraph 3, entitled "Compensation," contains pricing, payment, and other fee information, FM interpreted the Order to grant FM's motion to seal that provision in its entirety.

Atlanta | Boston | Chicago | Dallas | Delaware | Florida | Indiana | Los Angeles | Michigan | Minneapolis | Nashville | New Jersey

New York | North Carolina | Ohio | Philadelphia | Salt Lake City | San Diego | Washington, D.C.

The Honorable Arun Subramanian
June 12, 2026
Page 2

FM is aware that during the matter's pre-trial conference on February 27, 2026, the Court instructed the parties to file on the docket all email correspondence with the Court during trial, including joint submissions regarding evidentiary issues. FM is also aware that Defendants then filed the joint submissions on the docket on April 28, 2026 (*see* ECF nos. 1474, 1478 et seq.), redacting and moving to seal all potentially confidential information, including exhibits PX1196A – PX1199A (which include Paragraph 3(c)(iii) of the Agreement). We understand that on May 6, 2026, the Court denied those motions without prejudice and instructed the parties to take a narrower approach to redactions (*see* ECF No. 1488).

In light of the Court's May 6 Order, FM seeks to confirm that Paragraph 3(c)(iii) of the Agreement will be maintained under seal. As FM argued in its motions filed on March 19, 2026, and March 23, 2026, Paragraph 3(c)(iii) contains sensitive and confidential pricing and payment terms that would, if disclosed, provide competitors with insight into the compensation terms of FM's relationship with Ticketmaster. While the Agreement was originally signed in 2016, the terms within it were renewed multiple times and remained in force and effect at least up until June 2025.

The Court has already twice ruled in this litigation that, under the factors in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006), Paragraph 3(c)(iii) should be sealed. These findings are consistent with other cases that have considered similar requests. *See*, *e.g.*, *Bakemark USA LLC v. Negron*, No. 23-CV-2360 (ATB), 2024 WL 379875, at *1 (S.D.N.Y. Feb. 1, 2024) (granting motion to seal payment terms and sales information); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019) (granting motion to seal profit sharing details, commission details and payment terms); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 2023 WL 196134, at *8 (S.D.N.Y. Jan. 17, 2023) (sealing provisions of a decade-old contract where the "provisions reflect current practices that, if revealed, could be leveraged by competitors").

Accordingly, FM respectfully requests that the Court grant FM's motion to seal Paragraph 3(c)(iii) of the Agreement to the extent that it appears in exhibits PX1196A-PX1199A or any other document filed publicly in this case.

Respectfully submitted,

*/s/ Kathleen L. Matsoukas*

*Counsel for non-parties Fieldhouse Management, LLC and Pacers Basketball, LLC*

cc:    All Counsel of Record (via ECF)

**Barnes & Thornburg**