**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA, *et al*.,

*Plaintiffs*,

v.

LIVE NATION ENTERTAINMENT,
INC. and TICKETMASTER L.L.C.,

*Defendants*.

Case No. 1:24-cv-3973-AS

**STIPULATION AND ORDER**

It is hereby stipulated by and among the undersigned parties, Plaintiffs the United States

and the States of Arkansas, Iowa, Mississippi, Nebraska, Oklahoma, and South Dakota ("Settling

States") (together, "Settling Plaintiffs") and Defendants Live Nation Entertainment, Inc. and

Ticketmaster L.L.C. ("Defendants"), subject to approval and entry of this Order by the Court, as

follows.

## I.    JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over the parties to it.

Venue for this action is proper in the United States District Court for the Southern District of

New York.

## II.    COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.    The proposed Final Judgment filed with this Stipulation and Order, or any

amended proposed Final Judgment agreed upon in writing by Settling Plaintiffs and Defendants,

may be filed with and entered by the Court as the Final Judgment, upon the motion of the United

1

States or upon the Court's own motion, after compliance with the requirements of (1) the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, by the United States, and (2) 15 U.S.C. § 15c(c) by certain Settling States (Arkansas, Iowa, and Oklahoma), and without further notice to any party or any other proceeding, as long as the United States has not withdrawn its consent. The United States may withdraw its consent at any time before the entry of the Final Judgment by serving notice on Defendants and by filing that notice with the Court. The undersigned parties agree that Section XIX, which is limited to relief obtained by certain Settling States, is severable from the rest of the proposed Final Judgment solely if the requirements of 15 U.S.C. § 15c(c) and any analogous provisions of state law are not satisfied at the time the requirements of the APPA are satisfied. Accordingly, once the requirements of the APPA are satisfied, the Court may enter the proposed Final Judgment without Section XIX. For the avoidance of doubt, once the requirements of 15 U.S.C. § 15c(c) have been satisfied, the Settling States may move the Court to enter Section XIX.

B.      From the date of the signing of this Stipulation and Order until the Final Judgment is entered by the Court, or until expiration of time for all appeals of any ruling declining entry of the proposed Final Judgment, Defendants will comply with all of the terms and provisions of the proposed Final Judgment, including all timeframes specified in its provisions.

C.      From the date on which the Court enters this Stipulation and Order, Settling Plaintiffs will have the full rights and enforcement powers set forth in the proposed Final Judgment as if the proposed Final Judgment were in full force and effect as a final order of the Court, and Section XVIII of the proposed Final Judgment will also apply to violations of this Stipulation and Order.

D.      Defendants agree to arrange, at their expense, publication of the newspaper notice required by the APPA, which will be drafted by the United States in its sole discretion. The publication must be arranged as quickly as possible and, in any event, no later than three business days after Defendants' receipt of (1) the text of the notice from the United States and (2) the identity of the newspaper or newspapers within which the publication must be made. Defendants must promptly send to the United States (1) confirmation that publication of the newspaper notice or notices have been arranged and (2) the certification of the publication prepared by the newspaper or newspapers within which the notice was published. Defendants further agree to arrange, at their expense, any additional notice ordered by the Court pursuant to 15 U.S.C. § 15c(c), which will be drafted by Settling States in their sole discretion. If the Court orders any additional notice pursuant to 15 U.S.C. § 15c(c), Defendants further agree to provide information or data in Defendants' possession to the Settling States to assist the Settling States in identifying the Settling States' consumers whose claims would be released.

E.      Any person who wishes to submit to the United States written comments regarding the proposed Final Judgment should do so within 60 calendar days beginning with the first day of the publication of the newspaper notice required by APPA or the publication of the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* as required by APPA, whichever is later.

F.      This Stipulation and Order applies with equal force and effect to any amended proposed Final Judgment agreed upon in writing by Settling Plaintiffs and Defendants and filed with the Court.

G.      Defendants represent that the actions they are required to perform pursuant to the proposed Final Judgment can and will be performed and that Defendants will not later raise a

3

claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any provision of the proposed Final Judgment or this Stipulation and Order.

H.      This Stipulation and Order, including the proposed Final Judgment filed with this Stipulation and Order or any amended proposed Final Judgment agreed upon in writing by Settling Plaintiffs and Defendants, constitutes the final, complete, and exclusive agreement and understanding among Settling Plaintiffs and Defendants with respect to the settlement of the claims expressly stated in the Amended Complaint filed in this above-captioned case, and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.

## III.    DURATION OF OBLIGATIONS

In the event that (1) the United States has withdrawn its consent, as provided in Paragraph II.A of this Stipulation and Order; (2) Settling Plaintiffs voluntarily dismiss the Amended Complaint in this matter; or (3) the Court declines to enter the proposed Final Judgment, the time has expired for all appeals of any ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, Defendants are released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order will be without prejudice to any party in this or any other proceeding.

Dated: June 12, 2026

Respectfully submitted,

**FOR PLAINTIFF**
**UNITED STATES OF AMERICA:**

  /s/
Andrew L. Kline
David M. Teslicko
United States Department of Justice
Antitrust Division
450 Fifth St. NW, Suite 4000
Washington DC 20530
Telephone: (202) 549-6655
Email: Andrew.Kline@usdoj.gov

**FOR DEFENDANTS LIVE NATION**
**ENTERTAINMENT INC. AND**
**TICKETMASTER L.L.C.:**

  /s/
Andrew M. Gass
Alfred C. Pfeiffer
Timothy L. O'Mara
Kelly S. Fayne
Robin L. Gushman
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
Andrew.Gass@lw.com
Al.Pfeiffer@lw.com
Tim.O'Mara@lw.com
Kelly.Fayne@lw.com
Robin.Gushman@lw.com

David R. Marriot
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
David.Marriot@lw.com

Jennifer L. Giordano
Lindsey S. Champlin
LATHAM & WATKINS LLP
555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
Jennifer.Giordano@lw.com
Lindsey.Champlin@lw.com

James M. McDonald
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
mcdonaldj@sullcrom.com

5

6

Adam S. Paris
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
(310) 712-6600
parisa@sullcrom.com

Kyle W. Mach
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California 94301
machk@sullcrom.com

**FOR PLAINTIFF STATE OF ARKANSAS**

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted pro hac vice)
Senior Assistant Attorney General
Arkansas Attorney General's Office
101 West Capitol Avenue
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email: amanda.wentz@arkansasag.gov

**FOR PLAINTIFF STATE OF IOWA**

/s/ Noah Goerlitz
Noah Goerlitz (admitted pro hac vice)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov

**FOR PLAINTIFF STATE OF MISSISSIPPI**

/s/ Lee Morris
Lee Morris (admitted pro hac vice)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-9011
Email: Lee.Morris@ago.ms.gov

**FOR PLAINTIFF STATE OF NEBRASKA**

/s/ Justin C. McCully
Justin C. McCully (admitted pro hac vice)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov

**FOR PLAINTIFF STATE OF OKLAHOMA**

/s/ Cameron R. Capps
Cameron R. Capps (admitted pro hac vice)
Deputy Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-0858
Email: Cameron.Capps@oag.ok.gov

**FOR PLAINTIFF STATE OF SOUTH DAKOTA**

/s/ Jacob Dempsey
Jacob Dempsey (admitted pro hac vice)
Assistant Attorney General
Civil Litigation Division
Office of the Attorney General of South Dakota
1302 E. Hwy 1889, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
Email: jacob.dempsey@state.sd.us

**<u>ORDER</u>**

IT IS SO ORDERED by the Court, this ____15th____ day of _____June_____ , _____2026_____ .

_____

Hon. Arun Subramanian
United States District Judge