**BASS BERRY ✦ SIMS** PLC

**Cody Anthony**
Cody.Anthony@bassberry.com
(615) 742-6227

June 15, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re:   *United States et al. v. Live Nation Entertainment, Inc. et al.*
>       **Case No. 1:24-cv-03973-AS-SLC (S.D.N.Y.)**

Dear Judge Subramanian:

We represent non-party Memphis Basketball, LLC ("Memphis Basketball") in the above-referenced matter. We write, pursuant to Rule 11 of Your Honor's Individual Practices in Civil Cases and the Court's guidance in its May 6, 2026 Order (ECF No. 1488), to request the redaction and sealing for confidentiality of certain portions of Exhibit No. PX0223, which Memphis Basketball produced in this action.[1]

On March 23, 2026, we filed a letter motion (ECF No. 1300) requesting to redact and seal certain portions of Exhibit No. PX0223 upon notification that Plaintiff States intended to include excerpts of Exhibit No. PX0223 in their Federal Rule of Evidence 1006 summary exhibit. The Court ruled that any document referred to in open court would not be sealed and permitted the redactions of "pricing, payment, and agreed-to fee splits." (ECF No. 1368). Exhibit No. PX0223 was not admitted into evidence, and the Plaintiff States and the Defendants thereafter agreed to a joint submission regarding certain provisions in Exhibit No. PX0223. It is our understanding that Defendants later sought to seal in full certain unadmitted exhibits (*see, e.g.*, ECF Nos. 1474, 1478 et seq.). The Court issued a May 6, 2026 Order in which the Court denied without prejudice Defendants' motion to seal certain exhibits (*see* ECF No. 1488), and instructed the parties to take a narrower approach to sealing documents.

Plaintiff States have represented that Exhibits PX1196A through PX1199A, which were included in Defendants' motion to seal, incorporate only Paragraphs 2 and 3(v) of Exhibit No. PX0223. Accordingly, we respectfully request that the proposed redactions within Paragraphs 2 and 3(v) of Exhibit No. PX0223 remain under seal.

---

[1] Counsel for Defendants and counsel for State Plaintiffs do not oppose Memphis Basketball's proposed redactions to Exhibit No. PX0223.

June 15, 2026
Page 2

Memphis Basketball seeks to seal its competitively sensitive pricing information, negotiated percentage thresholds, and other competitively sensitive terms. The information Memphis Basketball seeks to redact falls within Paragraphs 52(c)-(d) of the parties' Proposed Joint Pretrial Order (ECF No. 1031) and thus is presumptively permitted pursuant to the Court's guidance. (ECF No. 1053). Memphis Basketball's sealing request is narrowly tailored and overcomes the presumption in favor of public access.

"The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citations omitted). First, the court must determine whether the documents at issue are "judicial documents" relevant to the performance of the judicial function and useful in the judicial process. *Id.* (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, "the court must determine 'the weight of the presumption'" of public access to the documents. *Stern*, 529 F. Supp. 2d at 420 (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Third, the "'court must balance competing considerations against'" the presumption of public access. *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

When balancing competing interests, courts typically consider "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120, and the protection of competitively sensitive business information. *See, e.g.*, *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015); *Nielsen Consumer LLC v. Circana Grp., L.P.*, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (explaining that countervailing interests include preserving "higher values," which "include . . . the protection of competitively sensitive business information").

Memphis Basketball's sealing request is narrowly tailored and overcomes the presumption in favor of public access. The public's interest is not strong enough to outweigh Memphis Basketball's privacy interest in protecting its confidential information. The proposed redactions in Exhibit No. PX0223 reflect nonpublic and competitively sensitive pricing information, negotiated percentage thresholds, financial terms, and other competitively sensitive contractual terms. Revealing these terms of the Agreement to the public could give an undue competitive edge to other ticketing providers in the event of any future negotiations with Memphis Basketball. Such revelation could also prejudice Memphis Basketball by affording competing venues visibility into the terms of Memphis Basketball's arrangement with its ticketing partner.

In addition, the presumption of access is also outweighed by the fact that the redacted portions of Exhibit No. PX0223 were not admitted into evidence during trial and did not play a role in resolution of the substantive issues.

Accordingly, Memphis Basketball respectfully requests that the Court seal the proposed redactions within Paragraphs 2 and 3(v) of Exhibit No. PX0223. The ("red box") redactions will be submitted to Chambers via email.

June 15, 2026
Page 3

Sincerely,

*/s/ Cody Anthony*
Cody Anthony
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
cody.anthony@bassberry.com
(615) 742-6227

*Attorneys for Non-party Memphis
Basketball, LLC*