Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006

T   +1 202.887.4000
F   +1 202.887.4288
akingump.com

**Akin**

**Brian Rafkin**
+1 202.887.4158
brafkin@akingump.com

June 22, 2026

**Via CM/ECF & Email**

The Honorable Arun Subramanian United States
District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> Re:    **United States, et al. v. Live Nation Entm't, Inc., No. 1:24-cv-3973 (AS)**

Dear Judge Subramanian:

 I write on behalf of non-party Lincoln Holdings, LLC dba Monumental Sports and Entertainment ("Monumental"). Pursuant to Rules 11(B) and 11(C)(ii)-(iii) of this Court's Individual Practices in Civil Cases, the Court's April 1, 2026 Order (ECF No. 1368), and the Court's recent May 6, 2026 Order (ECF No. 1488), Monumental requests that the confidentiality redactions previously granted by the Court for Monumental Exhibits PX687 (also identified as MSE-DOJ-00000139 and PX1196A – PX1199A),[1] PX1403A, PX1406, PX1409, and PX1411 (the "Monumental Exhibits") be maintained.

 This letter motion relates to two letter motions which Monumental previously submitted. First, on March 23, 2026, Monumental filed a motion to seal, or in the alternative to redact, MSE-DOJ-00000139 (also identified as PX687 and PX1196A – PX1199A) on the grounds that it contained competitively sensitive pricing, payment, and fee-split information. In conjunction with this motion, Monumental submitted to the Court redbox redactions of the relevant exhibit. On March 25, 2026, the Court granted Monumental's motion to redact competitively sensitive financial terms in MSE-DOJ-00000139. (ECF No. 1325). Second, on March 29, 2026, Monumental filed a motion to seal, or in the alternative to redact, PX1403A, PX1406, PX1409, PX1411, and PX687 (also identified as MSE-DOJ-00000139 and PX1196A – PX1199A) on the grounds that they contain personally identifiable information and/or competitively sensitive pricing, payment, and fee-split information. (ECF No. 1343). In conjunction with this motion, Monumental submitted to the Court redbox redactions of the relevant exhibits. On April 1, 2026, the Court granted Monumental's motion, along with other non-party motions, to redact information in the Exhibits "to the extent that they request to redact pricing, payment, and agreed-to fee splits." (ECF No. 1368).

 On April 28, 2026, Defendants filed joint submissions with the Court which related to evidentiary

---

[1] This Exhibit has been marked as  MSE-DOJ-00000139, PX687, and PX1196A – PX1199A. Monumental's March 23, 2026 and March 29, 2026 motions referenced the Exhibit as MSE-DOJ-00000139 and  PX687, respectively, (ECF Nos. 1297 and 1343), whereas the joint submissions at issue here identified the same Exhibit as PX1196A – PX1199A (ECF Nos. 1474, 1478 et seq.).

disputes between Plaintiffs and Defendants, including evidentiary disputes over the Monumental Exhibits (*see* ECF Nos. 1474, 1478 et seq.). In those joint submissions, Defendants sought to seal the Monumental Exhibits in their entirety. In a May 6, 2026 Order, the Court denied Defendants' motions without prejudice and instructed the litigants to take a narrower approach to redactions (*see* ECF No. 1488) (the "May 6 Order"), and Monumental was subsequently notified of this decision on June 3, 2026 by Plaintiff Attorney General for the District of Columbia.

In light of the Court's May 6 Order, Monumental hereby files this motion to respectfully request that the redactions which the Court previously granted for the Monumental Exhibits be maintained. As Monumental argued in its previous motions (ECF Nos. 1297 and 1343), these exhibits contain (i) personally identifiable information and/or (ii) competitively sensitive pricing, payment, and fee-split information that warrant protection from the Court.

Monumental has met and conferred with State Plaintiffs, who do not oppose this request.

### I.    Legal Standard

The Exhibits at issue should be granted confidential treatment as set forth in the Appendix, for at least two reasons.

*First,* the Exhibits contain personally identifiable information of non-parties to this action, including the non-public email addresses and phone numbers of employees of Monumental. The Court and the Parties have agreed that such personally identifiable information "should presumptively be permitted to be redacted/sealed at trial" (ECF No. 1031 at ¶ 52(a); ECF No. 1053).

*Second,* the Exhibits contain confidential and/or competitively sensitive information that warrants protection. Courts address motions to seal under the three-step framework outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d. Cir. 2006). "Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *1 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-120). Though an exhibit may be a judicial document subject to a presumption of public access, the weight of that presumption is overcome by "competing considerations." *Lugosch*, 435 F.3d at 120.

Documents containing "information revealing the terms of contracts or the content of such confidential negotiations are among those th[e] Court routinely recognizes as justifying protection from the public view when used in litigation." *Capri Sun GmbH v. Am. Bev. Corp.,* 2021 U.S. Dist. LEXIS 121094, at *4 (S.D.N.Y. June 4, 2021); *see also Rubik's Brand Ltd. v. Flambeau, Inc.,* 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (protecting contractual terms because disclosure could "harm [plaintiff] and/or its business partners by disadvantaging them in negotiating future licensing agreements").

Courts routinely recognize that sealing or redacting "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit," is an important countervailing interest that outweighs the presumption of public access. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp*., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *accord, e.g., Locus Techs. v. Honeywell Int'l Inc.,* 2024 WL 5103334 at *2-3 (S.D.N.Y. Dec. 13, 2024); *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264 at *5-6 (S.D.N.Y. June 17, 2020).

These countervailing factors are given greater weight where, as here, a non-party's confidential information and privacy interests are at stake. *See, e.g., Amodeo,* 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp.3d 152, 156 (S.D.N.Y. 2015) (protecting third-party investment strategies, customer names, and pricing information); *In re Digital Music Antitrust Litig.,* 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third-party internal pricing strategies and competitive data).

Because the Exhibits discuss Monumental's competitively sensitive business information and disclose personally identifiable information, they should be granted confidential treatment as set forth in the Appendix. Monumental has submitted redboxed copies of the Exhibits reflecting the relevant redactions using Adobe Acrobat's "mark for redaction" tool directly to the Court via email. Please contact me via email or phone if you have any questions or would like to discuss.

Respectfully submitted,

Brian Rafkin

Brian Rafkin
*Counsel for Non-Party Lincoln Holdings, LLC*

Enclosures:  Documents to be Redacted (via email)

CC:    Counsel of record (via CM/ECF)

**APPENDIX**
**MONUMENTAL'S LETTER MOTION TO SEAL OR REDACT TRIAL EXHIBITS**

| EXHIBIT | REASON TO SEAL OR REDACT |
|---|---|
| **PX1403A** | PX1403A contains personal email addresses and contact information of several Monumental and Ticketmaster employees that require redaction to protect their privacy.<br><br>This Exhibit also contains a Term Sheet, which includes confidential financial terms relating to a ticketing agreement between Monumental and Ticketmaster which was executed on October 27, 2025 and is effective as of July 1, 2027. Monumental has a compelling interest in protecting the pricing, payment, and fee-split information contained in the Term Sheet because they relate to forward-looking financial terms between Monumental and Ticketmaster.<br><br>The Court previously granted Monumental's motion to redact this Exhibit, along with other non-party motions, "to the extent they sought to redact pricing, payment, and agreed-to fee splits." (ECF No. 1368).<br><br>Accordingly, Monumental requests that these redactions be maintained. |
| **PX1406** | PX1406 contains personal email addresses and contact information of several Monumental and Ticketmaster employees that require redaction to protect their privacy.<br><br>The Court and the Parties have agreed that such personally identifiable information "should presumptively be permitted to be redacted/sealed at trial" (ECF No. 1031 at ¶ 52(a); ECF No. 1053).<br><br>Furthermore, Monumental understands that the Court previously granted Monumental's motion to redact this Exhibit. (ECF No. 1368)<br><br>Accordingly, Monumental requests that these redactions be maintained. |
| **PX1409** | PX1409 contains personal email addresses and contact information of several Monumental and Ticketmaster employees that require redaction to protect their privacy.<br><br>The Court and the Parties have agreed that such personally identifiable information "should presumptively be permitted to be redacted/sealed at trial" (ECF No. 1031 at ¶ 52(a); ECF No. 1053).<br><br>Furthermore, Monumental understands that the Court previously granted Monumental's motion to redact this Exhibit. (ECF No. 1368)<br><br>Accordingly, Monumental requests that these redactions be maintained. |

| PX1411 | PX1411 is a Ticketing Agreement between Monumental and Ticketmaster, dated as of October 27, 2025 and effective as of July 1, 2027. Monumental has a compelling interest in protecting the pricing, payment, and fee-split information contained in the Ticketing Agreement because they relate to forward-looking financial terms between Monumental and Ticketmaster.<br><br>The Court previously granted Monumental's motion to redact this Exhibit, along with other non-party motions, "to the extent they sought to redact pricing, payment, and agreed-to fee splits." (ECF No. 1368).<br><br>Accordingly, Monumental requests that these redactions be maintained. |
|---|---|
| **PX687 (MSE-DOJ-00000139) (PX1196A – PX1199A)** | PX687, which has also been identified as MSE-DOJ-00000139 and PX1196A – PX1199A, is a Licensed User Agreement (i.e., ticketing agreement) between Monumental and Ticketmaster, dated February 28, 2017, which has been subsequently amended and extended. Monumental has a compelling interest in protecting the confidential and competitively sensitive financial information contained in the Agreement because they relate to financial terms between Monumental and Ticketmaster.<br><br>The Court previously granted Monumental's motion to redact competitively sensitive information within this Exhibit, identified then as MSE-DOJ-00000139. (ECF No. 1325).<br><br>Furthermore, the Court previously granted Monumental's motion to redact this Exhibit, identified then as PX687, along with other non-party motions, "to the extent they sought to redact pricing, payment, and agreed-to fee splits." (ECF No. 1368).<br><br>Accordingly, Monumental requests that these redactions be maintained. |