**Davis Polk**

Arthur J. Burke
+1 212 450 4352
arthur.burke@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

June 22, 2026

The Honorable Arun Subramanian
United States District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

Re:     *United States et al. v. Live Nation Entertainment, Inc., et al.*, 1:24-cv-03973-AS-SLC
        Non-Party Paciolan, LLC's Letter Motion to Maintain Redaction/Sealing of PX1226 (ECF No. 1475
        at Ex. 44)

Dear Judge Subramanian:

We represent non-party Paciolan, LLC ("Paciolan") in connection with the above-captioned matter. Pursuant to the Court's February 26, 2026 Order (ECF 1086), Rules 11(B) and 11(C)(i)-(ii) of the Court's Individual Practices in Civil Cases, and the Court's subsequent orders concerning sealing and confidentiality, Paciolan respectfully submits this letter motion to seek the continued redaction/sealing of narrow excerpts of **Plaintiffs' Exhibit 1226 ("PX1226")**, which was filed under seal by Defendants on April 29, 2026 as ECF No. 1475, Ex. 44, and is an internal Paciolan email discussing customer-specific win-loss information, Paciolan's strategy, and customer-specific financial information.

Paciolan submits this request in response to the Court's Order dated May 6, 2026 instructing the parties to explain why individual documents addressed in ECF Nos. 1474 and 1478, et seq. should be sealed or redacted (ECF No. 1488). **Paciolan's requested redactions to PX1226 were previously approved by the Court.** *See* ECF No. 1054 (granting ECF 901); ECF No. 1159 (granting ECF No. 1145 as to PX1226).[1] For the reasons set forth below, Paciolan is currently seeking to maintain the sealing/redaction of its Highly Confidential information in PX1226. Counsel for Paciolan have conferred with both the Plaintiffs and Defendants regarding this matter and they do not oppose our request.

Paciolan Has Made Narrowly Tailored and Reasonable Redactions.

Paciolan seeks to keep redacted and under seal only Highly Confidential material in PX1226 that falls into two narrow categories: (1) Paciolan's consideration and analysis of competition and competitive dynamics, including opinions about the strategic positioning of Paciolan versus its competitors, and (2) granular data and financial information regarding Paciolan's business and sales (together, the "Proposed Redactions").[2]

Keeping this information redacted is consistent with the Second Circuit's three-part test for determining whether to grant a motion to seal. "First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches."[3] *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023).[4] Second, if it is a judicial document, "the court proceeds to determine the weight of the presumption of access to that document." *Id.* at 70. Finally, "the

---

[1] Pursuant to the Court's Order on March 8, 2026 denying Paciolan's request to seal specific portions of the May 19, 2025 deposition transcript of Christian Lewis (ECF No. 1159), Paciolan has not sought to keep under seal any of the discussion of this deposition transcript in the Parties' evidentiary submissions. *See* ECF No. 1475 at Exhibits 3 and 4.

[2] The requested redactions will be emailed to the Court's Chambers as a PDF with "red box" markup reflecting all proposed redactions. These redactions are the same redactions that were requested in ECF No. 1145.

[3] Paciolan does not dispute that PX1226 is a judicial document.

[4] Unless otherwise noted, for all citations herein, internal quotations, modifications, and citations are omitted.

**Davis Polk**

court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded to the presumption of access." *Id.*; *see also Syntel Sterling Best Shores Mauritius v. Trizetto Grp.*, 2021 WL 2935963 (S.D.N.Y. July 13, 2021) (applying the Second Circuit's three-part test to requests to seal trial exhibits). Several "[e]stablished factors" and interests—including "privacy interests" and "business secrecy"—can "outweigh the presumption of public access" and justify sealing. *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *1 (S.D.N.Y. Sept. 30, 2020). Here, the need to protect Paciolan's Highly Confidential Proposed Redactions in PX1226 outweighs any *de minimis* interest the public may have.

Public Right of Access to Proposed Redactions Is Non-Existent or Minimal.

The weight of the public's interest in the Proposed Redaction is non-existent or minimal. The weight of the presumption of public access varies with "the role of the material at issue" and "the resultant value of such information to those monitoring the federal courts." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Paciolan's Proposed Redactions to PX1226 comprise only a *de minimis* portion of the hundreds of exhibits and many weeks' worth of testimony that the Court received during trial. Further, in line with the Court's instruction, Paciolan has proposed narrow redactions in PX1226; as a result, in this two-page email, Paciolan seeks only to redact three sentences and specific financial amounts. As such, the Proposed Redactions do not impede the public's ability to understand the issues at trial and are not outcome determinative, such that sealing of this content is justified.

Need to Protect Commercially Sensitive Materials Overcome Any Presumption of Access.

Even if the public does have some interest in the Proposed Redactions in PX1226, this interest is readily overcome by Paciolan's strong interest in and the need to protect its confidential information. Courts in this district routinely seal documents to prevent the disclosure of confidential business information. *See, e.g.*, *Syntel*, 2021 WL 2935963 (sealing trial exhibits on the basis they contained commercially sensitive information). Each category of information that Paciolan seeks to keep redacted is protected from disclosure by the Amended Protective Order (*see* ECF 347, ¶ 2) and is commonly redacted by courts.

*First*, the Proposed Redactions include Paciolan's consideration and analysis of competition and competitive dynamics, including opinions about the strategic positioning of Paciolan versus its competitors. (*See* PX1226 at -5221). If this information were disclosed publicly, third parties would become aware of Paciolan's strategic internal competitive analyses and business assessments, including those third parties that are competitors to Paciolan or with which Paciolan may contract in the future, allowing such third parties to receive an unfair competitive advantage over Paciolan. *See, e.g.*, *Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *13 (S.D.N.Y. Dec. 13, 2024) (sealing document detailing vendor selection strategy and competitive analyses); *NYU Langone Health Sys. v. Northwell Health, Inc.*, 2024 U.S. Dist. LEXIS 54534, at *6–7 (S.D.N.Y. Mar. 25, 2024) (granting motion to seal where necessary to protect information regarding party's "competitive strategies").

*Second*, the Proposed Redactions include granular data and financial information regarding Paciolan's business and sales. (*See* PX1226 at -5221–22). If this information were disclosed publicly, competitors to or customers of Paciolan could use this information to gain an unfair business advantage over Paciolan. *See, e.g.*, *Syntel*, 2021 WL 2935963, at *1 (sealing trial exhibits because they contained confidential "financial" information); *Nervora Fashion, Inc. v. Advance Mag. Publishers Inc.*, 2025 WL 406669, at *2 (S.D.N.Y. Feb. 5, 2025) (redacting financial and business information) (citing *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (redacting information on sales and revenue sources and amounts) and *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (same)).

# Davis Polk

Moreover, the Proposed Redactions are "narrowly tailored to protect the legitimate privacy interests of" **non-party** Paciolan, who is "not affiliated with any party, [is] not accused of any wrongdoing, and did not ask to be involved in this lawsuit." *Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, 2024 WL 2049413, at *7–8 (S.D.N.Y. May 6, 2024). "[T]he privacy interests of innocent third parties," such as Paciolan, "should weigh heavily in a court's balancing equation" in determining whether to grant a motion to seal. *See Avant v. Cnty. of Erie*, 2025 WL 2581681, at *2 n.4 (W.D.N.Y. Aug. 29, 2025) (quoting *Amodeo*, 71 F.3d, at 1050).

Finally, Paciolan observes that the categories of information Paciolan seeks to seal in this motion are consistent with the types of information Paciolan sought to protect in its previous motions to seal—which the Court previously granted as to PX1226. *See* ECF 901 (first sealing motion); ECF 1054 (order granting ECF 901); ECF No. 1145 (second sealing motion); (ECF No. 1159) (order granting ECF No. 1145 as to PX1226).

Because the potential competitive harm of unsealing the Proposed Redactions outweighs the public's limited interest in these materials, it is proper to keep them under seal.

*     *     *

For the foregoing reasons, Paciolan respectfully requests that the Court keep under seal the Proposed Redactions to PX1226.

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Arthur J. Burke*

Arthur J. Burke
450 Lexington Avenue
New York, NY 10017
(212) 450-4352
arthur.burke@davispolk.com

*Counsel for Paciolan, LLC*

cc:  Plaintiffs' and Defendants' Counsel