

**PHIL WEISER**
Attorney General

**NATALIE HANLON LEH**
Chief Deputy Attorney General

**SHANNON STEVENSON**
Solicitor General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado  80203
Phone (720) 508-6000

**Consumer Protection Section**

July 16, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**    *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS**

Dear Judge Subramanian:

Twenty-one of the Plaintiff States (the "Requesting States")[1] respectfully request that the Court authorize them under 15 U.S.C. § 16(f) to conduct discovery into the settlement between the United States and Defendants ("Settlement"), including the terms of the Proposed Final Judgment filed by the United States (ECF No. 1523-2) ("PFJ").

Pursuant to the Tunney Act, 15 U.S.C. § 16(e), all antitrust settlements proposed by the United States must be independently reviewed by a court to "determine that the entry of such judgment is in the public interest." In reaching this determination, the Court may authorize any discovery it deems appropriate, including documents and testimony related to the Settlement. *See* 15 U.S.C. § 16(f)(1) –(5) (authorizing, among other things, "testimony of Government officials or experts," "examination of witnesses or documentary materials," and "other action in the public interest as the court may deem appropriate.").

The Requesting States have significant concerns that the Settlement is not in the public interest. Specifically, the proposed terms appear to be insufficient to meaningfully increase competition in the relevant markets and could also increase barriers to entry and reduce competition. *See* 15 U.S.C. § 16(e)(1)(B) (directing consideration of, among other things, "the impact of entry of such judgment upon competition in the relevant markets."). The public interest demands a thorough analysis of the terms of the Settlement and their potential effects on relevant aspects of competition. Targeted discovery is necessary to fully consider certain aspects of the Settlement that are not fully explained in the PFJ or the Competitive Impact Statement filed by

---

[1] The States of Arizona, California, Colorado, Illinois, Maryland, Michigan, Minnesota, Nevada, North Carolina, New York, Oregon, Rhode Island, South Carolina, Washington, Wisconsin, and West Virginia, the Commonwealths of Massachusetts, Pennsylvania, and Virginia, and the District of Columbia.

the United States. *See* ECF No. 1523-2, and 1539. Further, information the Requesting States would seek about alternative remedies that the United States considered—of which the Tunney Act explicitly requires consideration—may shed further light on the apparent inadequacy of the PFJ in increasing competition. *See* 15 U.S.C. § 16(e)(1); *United States v. Hewlett Packard Enter. Co.*, No. 25-cv-00951, 2025 WL 4693049, at *3 (N.D. Cal. Dec. 31, 2025). The Requesting States (along with the other Plaintiff States) will participate in the remedies phase of the above-captioned matter. But participation in the Tunney Act proceedings remains important. First, it will allow the Requesting States to properly evaluate the efficacy of the Settlement, which may impact the remedies the Requesting States ultimately seek. Second, further development of the record will make it more likely that the parties and the Court can identify potential shortcomings or errors in the Settlement during this Tunney Act proceeding.

If authorized, the Requesting States would serve targeted requests for documents, information, and testimony regarding the Settlement, including but not limited to:

1.  The "open distribution and ticket authentication system" described in section IV of the Proposed Final Judgment. *See* PFJ § IV; ECF No. 1539 at 7-10. Along with the basic design and functionality of this system, the Requesting States would seek information on the various conditions on open distribution included in the settlement. *See, e.g.,* PFJ § IV(A), (B)(1), (E), (H)–(J).

2.  Support, modeling, or analysis of the Settlement's efficacy in addressing the allegations in the Amended Complaint, including the proposed (i) "open distribution," (ii) open ticketing, (iii) excepting a single event from exclusivity requirements (PFJ § IV(H), (iv) allowing certain venues to distribute up to 20% of fee-bearing primary tickets (PFJ § IV(I)), and (v) retaliation provisions.

3.  The exclusive venue booking arrangements chosen for "Divestiture," including the selection of the 13 venues at issue, the specific restrictions (if any) that will be implemented to avoid "Content Steering," and the details of the "Nondiscriminatory Calendar Procedures" to be adopted by the venues (PFJ § V).

4.  The decision to reappoint the monitor responsible for the prior consent orders in *United States v. Ticketmaster Entertainment Inc. and Live Nation Entertainment Inc.*, No. 10-cv-139 (D.D.C.) (PFJ § XI).

Some of the Requesting States also have concerns about the process that produced the Settlement. These concerns are driven in part by the lack of transparency about the settlement negotiations that took place prior to March 2, 2026. The States were not notified of the United States–Live Nation negotiations until January 29, 2026, a year after they began.[2] Public reporting and Defendants' recent filing further suggest to some states that the United States's acceptance of the Settlement may have been influenced by individuals outside of the Department of Justice and

---

[2] *See* ECF No. 1167-1 (Hoffmann Decl.) ¶ 3; EFC No. 1534 (Defendants' Description of Communications and Certification of Compliance Pursuant to 15 U.S.C. § 16(g)) ("Defendants' § 16(g) Filing") ("Between **February 2025** and March 4, 2026, Live Nation . . . had numerous in-person meetings, videoconferences, telephone calls, and written communications with officers or employees of the DOJ, . . . and also including communications with the Office of the White House Counsel, **related to the negotiation of a potential settlement of the United States' claims against Defendants**.") (emphases added)).

concerns other than restoring or increasing competition.[3] Indeed, lead trial counsel for the United States was unaware of the terms of the settlement until it was filed with the Court. Trial Tr. at 1004:9–19.To the extent other factors did influence the settlement, this, at a minimum, should impact the extent to which the United States is entitled to any deference as part of the Court's public interest analysis. *See Hewlett Packard*, 2025 WL 4693049, at *3 n.3. The Requesting States that harbor these concerns would also seek communications about the terms of any settlement between the United States, Defendants, the individuals identified in Defendants' § 16(g) Filing, and other individuals who may have communicated about a proposed settlement, as well as testimony from some of those individuals.

Overall, the Requesting States intend to limit this discovery to topics before the Court in connection with the Tunney Act determination. But as noted above, to promote efficiency, the Requesting States renew their request that any discovery obtained be usable in the upcoming remedies trial related to the States' ongoing litigation against Live Nation.[4]

The parties conferred by video conference for about 20 minutes at 2 PM ET on July 9, after which the Requesting States provided a written description of the discovery they intend to seek. The parties met again by video for about 35 minutes at 10:30 AM ET on July 14, and confirmed impasse on July 15 – 16.[5] Defendants oppose (i) discovery of any kind regarding the process that led to the Settlement or alternatives considered and (ii) production of documents or data that may be relevant to the terms of the proposed final judgment (other than narrow requests for a limited number of specific documents). Defendants further conditioned *any* discovery on an agreement by the Requesting States that they would abandon the discovery Defendants oppose. The United States opposes any request to take discovery from the United States. Nothing in the Tunney Act supports these strict, *ex ante* limitations on discovery. Indeed, if anything, the Tunney Act's explicit listing of so many different mechanisms for exploring the substantive and procedural aspects of a proposed final judgment suggests Congress wanted flexibility for courts—and those they might authorize to assist them—in assembling the fact record appropriate for them to make their public-interest determinations.[6]

The Requesting States respectfully request that the Court authorize discovery in this proceeding to give full effect to the Tunney Act's mandate for appropriate oversight of antitrust

---

[3] *See, e.g.*, Dana Mattioli et al., *The Threats and Bare-Knuckle Tactics of MAGA's Top Antitrust Fixer*, WALL STREET JOURNAL, March 20, 2026, *available at* https://www.wsj.com/us-news/law/lobbyists-antitrust-trump-davis-f6a02e04?st=aVc2oL&reflink=desktopwebshare_permalink; *see also* Defendants' § 16(g) Filing ("Defendants . . . had in-person meetings, videoconferences, telephone calls, and written communications with . . . members of the White House, principally with the Office of the White House Counsel, relating to the Proposed Final Judgment.")

[4] Additional discovery will likely be required to determine the appropriate remedies following the States' verdict, but the States intend to avoid duplication of discovery to the extent possible. *See* ECF No. 1507.

[5] Adam Gitlin, Conor May, Hamilton Millwee, and Jonathan Hatch attended for the Requesting States; Adam Paris, Kyle Mach, and David Marriott attended for Live Nation, and Andrew Kline and David Teslicko attended for the United States.

[6] The Tunney Act arguably merits even more flexibility in fact-record assembly since Congress amended the statute in 2004, following perceived excessive judicial deference to the United States, by making mandatory the assessment of previously discretionary factors. 150 CONG. REC. S. 3610 (Apr. 2, 2004).

settlements, and to permit inquiry into the likely effects of the Settlement on such relief as the States may seek, and on relevant aspects of competition in the live events industry.

The Requesting States, United States, and Defendants jointly propose that the United States and Defendants be given one week to reply to this motion.

Respectfully submitted,

By:   */s/ Conor J. May*

Conor J. May (admitted *pro hac vice*)
Aric Smith (admitted *pro hac vice*)
Assistant Attorneys General, Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
(720) 508-6199
conor.may@coag.gov
aric.smith@coag.gov

*Attorneys for the Plaintiff State of Colorado*

*/s/ Robert A. Bernheim*
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

*/s/ Brent Nakamura*
Brent Nakamura (admitted *pro hac vice)*
Supervising Deputy Attorney General
Office of the Attorney General
California Department of Justice
300 South Spring Street
Los Angeles, CA 90013
Telephone: (213) 269-6000
Email: Brent.Nakamura@doj.ca.gov
*Attorney for Plaintiff State of California*

*/s/ Adam Gitlin*
Adam Gitlin (admitted *pro hac vice*)
Chief, Antitrust and Nonprofit Enforcement Section
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Adam.Gitlin@dc.gov
*Attorney for Plaintiff District of Columbia*

*/s/ Richard S. Schultz*
Richard S. Schultz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

4

*/s/ Schonette J. Walker*
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

*/s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

*/s/ LeAnn D. Scott*
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

*/s/ Zach Biesanz*
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 600
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

*/s/ Lucas J. Tucker*
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

*/s/ Jonathan H. Hatch*
Jonathan H. Hatch
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: jonathan.hatch@ag.ny.gov
*Attorney for Plaintiff State of New York*

*/s/ Francisco Benzoni*
Francisco Benzoni (admitted *pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: fbenzoni@ncdoj.gov
Email: brabinovitz@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

*/s/ Gina Ko*
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017

Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ Paul T.J. Meosky
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ Jared Q. Libet
Jared Q. Libet (admitted pro hac vice)
Assistant Deputy Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-5251
Email: jlibet@scag.gov
*Attorney for Plaintiff State of South Carolina*

/s/ David C. Smith
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us

*Attorney for Plaintiff Commonwealth of Virginia*

/s/ Ashley A. Locke
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

/s/ Douglas L. Davis
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

/s/ Caitlin M. Madden
Caitlin M. Madden (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 267-1311
Email: caitlin.madden@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*