July 23, 2026

**<u>VIA ECF</u>**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**    ***United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS**

Dear Judge Subramanian:

Plaintiffs submit *Cumulus Media New Holdings Inc. v. Nielsen Co. (US), LLC*, 2026 WL 2014972 (2d Cir. July 13, 2026), as supplemental authority, but it provides them no support. On appeal, Nielsen did not dispute that its express policy prohibiting the purchase of one product (national market data) without another (local market data) was unlawful. *Id.* at *8. The issue was whether "Nielsen had continued to *de facto* enforce" that policy by nominally offering national market data as a standalone product but at an exorbitant price. *Id.* at *10. This case has no similar claim.

*Cumulus* does, however, support Defendants' post-trial motions. The Second Circuit confirmed that "an unlawful tying policy" requires proof of "actual coercion"—*i.e.*, the buyer was forced "to purchase a tied product 'that the buyer either did not want at all, or might have preferred to purchase elsewhere on different terms.'" *Id.* at *8 (quoting *Jefferson Par. Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 12 (1984)). The Court repeated this definition multiple times, and repeatedly emphasized that the tied product was "unwanted." *Id.* at *10, 11, 12, 13. There is no evidence of an "unwanted" product here, nor even that any artist unwillingly purchased promotion services from Live Nation. ECF-No.1500, p.12.

The Second Circuit also confirmed that "[p]revailing on a tying claim requires proof of 'anticompetitive effects in the tied market.'" 2026 WL 2014972, at *14. In a footnote, the Court expressly connected that to the concept of a properly defined tied market, *id.* at *11 n.6—something Plaintiffs do not have, ECF-No.1500, p.10. It also required proof of anticompetitive effects in that market, and to that end found Nielsen's conduct had impaired its lone rival "from achieving any measure of scale or industry-wide acceptance" in the tied market. 2026 WL 2014972, at *14. There is no evidence that Live Nation's competitors like AEG have been similarly affected in any tied promotions market, of any scope. ECF-No.1500, p.11. At most, Plaintiffs argue AEG has lost an unspecified number of national amphitheater tours, but AEG is otherwise thriving.

*[signatures on following page]*

Dated:  July 23, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

Andrew M. Gass (admitted *pro hac vice*)
Alfred C. Pfeiffer (admitted *pro hac vice*)
   *Co-Lead Trial Counsel*
David R. Marriott
   *Co-Lead Trial Counsel*
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Al.Pfeiffer@lw.com
David.Marriott@lw.com
Andrew.Gass@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster L.L.C.*

cc:    All counsel of record (via ECF)

2