<u>**VIA ECF**</u>                                                                July 24, 2026
The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re:**    *United States et al. v. Live Nation Entertainment, Inc. et al.*; **1:24-cv-03973-AS-SLC**

Dear Judge Subramanian:

The United States opposes the Requesting States' sweeping "discovery" request as inappropriate and unnecessary under the Tunney Act. The Court should deny the motion in full.

**I.      The Tunney Act Does Not Permit the Broad Authority to Take Discovery Sought by the Requesting States**

The Tunney Act provides for Court review of the proposed settlement under a standard deferential to the United States, and the Act specifies how the Court will be provided with a substantial record. The discovery sought is inconsistent with the statute and should be rejected.

First, as explained in the United States' Competitive Impact Statement (ECF No. 1539), the Court's Tunney Act review is a limited one. The Court will determine only whether entry of the judgment is "in the public interest," considering "the competitive impact of such judgment" and other statutory factors. 15 U.S.C. § 16(e). "The Court's function is not to determine whether the proposed Decree . . . is the one that will *best* serve society, but only to ensure that the resulting settlement is 'within the *reaches* of the public interest.'" *United States v. Alex. Brown & Sons, Inc.*, 963 F. Supp. 235, 238 (S.D.N.Y. 1997), *aff'd sub nom. United States v. Bleznak*, 153 F.3d 16 (2d Cir. 1998). The Court's "ultimate authority under the Act is limited to approving or disapproving the consent decree," without rewriting the terms of the parties' settlement. *See United States v. BNS Inc.*, 858 F.2d 456, 464 (9th Cir. 1988); *United States v. Apple, Inc.*, 889 F. Supp. 2d 623, 631 (S.D.N.Y. 2012) (The court "is not permitted to reject the proposed remedies merely because the court believes other remedies are preferable."). Additionally, "the Government's judgment with respect to the public interest in a Tunney Act proceeding is entitled to deference." *Alex. Brown*, 963 F. Supp. at 238; *see also United States v. Microsoft Corp.*, 56 F.3d 1448, 1461 (D.C. Cir. 1995) (The Government is entitled to "broad discretion to settle with the defendant within the reaches of the public interest."); *accord Apple*, 889 F. Supp. 2d at 631; *United States v. Keyspan Corp.*, 763 F. Supp. 2d 633, 637 (S.D.N.Y. 2011).

Second, the United States is still in the process of generating the public record that will be provided for the Court to fulfill its statutory role, including public comments and the United States' response. *See* 15 U.S.C. § 16(b)-(e). The Tunney Act recognizes these sources of information are typically sufficient for the Court to render its public interest determination: "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." § 16(e)(2). The settling parties also retain the ability to agree to modify the proposed Final Judgment if commenters point out valid ambiguities or other issues.

To the extent the Requesting States have questions or concerns about the terms of the proposed Final Judgment, the Tunney Act provides a means to address them: the submission of a public comment, or later, an amicus brief. § 16(d), (f)(3). The request for sweeping discovery powers can be denied on this basis alone. *United States v. G. Heileman Brewing Co.*, 563 F. Supp. 642, 647 (D. Del. 1983) (denying request to participate where "the movants have made no showing that they could not adequately communicate their views and complaints concerning the proposed Final Judgment through the third party comment procedures under the [Tunney Act]"); *see also United States v. Stroh Brewery Co.*, 1982 WL 1852, at *2 (D.D.C. June 8, 1982).

Third, the broad authority to take discovery that these States seek is inconsistent with the Tunney Act. Congress intended courts would "'adduce the necessary information through the least complicated and least time-consuming means possible.'" *G. Heileman*, 563 F. Supp. at 652 (quoting S. Rep. No. 93-298, at 6 (1973)). Subsection (f) of the statute provides *the Court* with optional tools for gathering additional information for use in "making its determination under subsection (e)." But delegating to the States sweeping discovery powers is inconsistent with the statute. The Requesting States almost certainly would end up seeking discovery that would not be necessary or relevant for the Court to perform its role. *G. Heileman*, 563 F. Supp at 647 (denying participation where evidence to be adduced was not "necessary or desirable to assist the Court in making its public interest ruling"). Additionally, "courts have consistently denied intervention [much less discovery] to [other] parties whose views about the proper terms for an antitrust settlement differed from those of the United States." *Id.* at 648 (collecting cases); *see also United States v. Microsoft Corp.*, 2002 WL 319436, at *3 (D.D.C. Feb. 28, 2002) (because the Court was already reviewing all comments and responses, "the Court considers any additional participation by [the commentor] to be largely superfluous").

No court in this Circuit has ever granted discovery anywhere akin to what the Requesting States seek. *See, e.g.*, *Bleznak*, 153 F.3d at 20-21 (affirming district court's denial of request for the Government's Settlement Memorandum); *Apple*, 889 F. Supp. 2d at 631-33. The Requesting States cite *HPE*, but that court did not engage with any of the caselaw cited above. Additionally, the Requesting States already have access to an extensive discovery record while the states in *HPE* did not, and the Requesting States participated in the settlement process here while the states in *HPE* did not. As in *G. Heileman*, and unlike in *HPE*, the Requesting States are pursuing their own challenge to Defendants' conduct, and no provision of the proposed Final Judgment impairs their ability to obtain their own proposed remedy. *See G. Heileman*, 563 F. Supp. at 649; *United States v. Hewlett Packard Enter. Co.*, 826 F. Supp. 3d 1110, 1118 (N.D. Cal. 2025) (allowing intervention where the proposed remedy "could interfere with their ability to procure complete relief in a separate lawsuit").

## II.    The States' Requests Seek Irrelevant and Improper Discovery

The Requesting States seek discovery concerning "the various conditions on open distribution included in the settlement." But the requirements for this system are spelled out fully in the proposed Final Judgment, which "constitutes the final, complete, and exclusive agreement and understanding among Settling Plaintiffs and Defendants." Stipulation, ECF No. 1525, ¶ II.H.

The Requesting States seek "[s]upport, modeling, or analysis of the Settlement's efficacy in addressing the allegations in the Amended Complaint." But the Court should defer to "the government's predictions about the efficacy of its remedies, and may not require that the remedies perfectly match the alleged violations because this may only reflect underlying weakness in the government's case or concessions made during negotiation." *United States v. SBC Commc'ns, Inc*, 489 F. Supp. 2d 1, 17 (D.D.C. 2007); *G. Heileman*, 563 F. Supp. at 647 (court should not inquire into whether the government should have "bargained harder"); *see also United States v. US Airways Grp., Inc.*, 38 F. Supp. 3d 69, 75-76 (D.D.C. 2014) (recognizing settlements require concessions be made by both sides). Courts in this district have rejected attempts to obtain similar documents through the Tunney Act process, and to the extent such materials exist, they would be protected by work product protection or applicable privileges. *See Bleznak*, 153 F.3d at 20–21.

The Requesting States seek discovery into the selection of the venue booking arrangements chosen for divestiture and certain related restrictions. Again, the text of the proposed Final Judgment sets forth all applicable restrictions: there is no need for discovery because no extraneous documents limit or modify them. The negotiations that led to the selection of these venues are irrelevant to whether entry of the decree is in the public interest. The Requesting States are fully capable of commenting on these provisions without the need for discovery.

The Requesting States seek discovery related to the decision to reappoint the monitor that served under the 2020 Amended Final Judgment. Any concerns with this appointment can be raised in a public comment to which the United States will respond. Discovery into the Department's internal decision-making is neither appropriate nor necessary for the Court to assess whether entry of the proposed Final Judgment is in the public interest.

Finally, discovery related to the process and "terms of any settlement," including offers that were never accepted, would be intrusive, burdensome, and irrelevant. The Court is "'not empowered to review the actions or behavior of the Department of Justice.'" *United States v. Alex. Brown & Sons, Inc.*, 169 F.R.D. 532, 541 (S.D.N.Y. 1996) (quoting *Microsoft*, 56 F.3d at 1459); *see also Hearings on H.R. 9203, H.R. 9947, and S. 782 Before the Subcomm. on Monopolies and Commercial Law of the H. Comm. on the Judiciary*, 93d Cong. 40 (1973) (explaining how the Tunney Act protects "the free flow of opinion" between counsel about the "various ramifications of the settlement"). Such an inquiry would constitute an improper intrusion into the function of the Executive Branch and would threaten to chill enforcement and discourage settlement, frustrating the purpose of the Tunney Act. *See, e.g.*, *Apple*, 889 F. Supp. 2d at 632; S. Rep. No. 93-298, at 3, 7 (1973) ("[T]he [Senate Judiciary] Committee wishes to retain the consent judgment as a substantial antitrust enforcement tool," recognizing it as a "legitimate and integral part of antitrust enforcement."). Information about the process leading to the settlement is also irrelevant, as the scope of the Court's review is limited and focused on competition, as indicated in 15 U.S.C. § 16(e)(1)(A)–(B).

For these reasons, the motion should be denied in full. Should some discovery be authorized, the United States reserves the right to object based on the specifics of such requests.

3

Respectfully submitted,

STANLEY E. WOODWARD
Associate Attorney General

    s/ *Andrew L. Kline*
Andrew L. Kline
David M. Teslicko
United States Department of Justice
Antitrust Division
450 Fifth St. NW, Suite 4000
Washington, DC 20530
Telephone: (202) 549-6655
Email: Andrew.Kline@usdoj.gov