November 4, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re:** ***United States et al. v. Live Nation Entertainment, Inc., et al.*; 1:24-cv-03973-AS**

Dear Judge Subramanian,

Defendants respectfully submit the October 30, 2026 Summary Order of the United States Court of Appeals for the Second Circuit in *In re Eyewear Antitrust Litigation*, No. 25-2703, ECF No. 64 (2d Cir. Oct. 30, 2026), as supplemental authority in support of Defendants' pending post-trial motions (ECF Nos. 1499, 1501). A copy of that order is attached as **Exhibit A**. The ruling bears on the market-definition issues raised in Defendants' motions.

In *In re Eyewear Antitrust Litigation*, the Second Circuit affirmed dismissal of an amended complaint asserting claims under Sections 1 and 2 of the Sherman Act and various state antitrust and consumer protection laws. The plaintiffs had alleged a relevant market for "Premium Eyewear" and three submarkets: Premium Prescription Lenses, Premium Sunglasses, and Premium Spectacle Frames. *Id.* at 6. The court rejected all four alleged markets because they did "not include reasonably interchangeable products." *Id.* The court explained that "[m]erely asserting that a commodity is in some way unique is insufficient to plead a relevant market." *Id.* at 5 (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 54 (2d Cir. 2016)). The court noted that the plaintiffs "cherry-pick[ed] favorable brands into their alleged market" while failing to "distinguish their proposed market based on price." *Id.* at 8–9 (citing *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 96 F.4th 327, 338 (2d Cir. 2024)). And the court concluded that, "[i]n the absence of a plausible explanation, this defeats any argument of 'a substantial gap in pricing indicative of separate markets.'" *Id.* at 9 (quoting *Geneva Pharms. Tech. Corp. v. Barr Lab'ys Inc.*, 386 F.3d 485, 497 (2d Cir. 2004)).

*[signatures on following page]*

Dated: November 4, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

Andrew M. Gass (admitted *pro hac vice*)
David R. Marriott
Timothy L. O'Mara (admitted *pro hac vice*)
Jennifer L. Giordano
Kelly S. Fayne (admitted *pro hac vice*)
Lindsey S. Champlin (admitted *pro hac vice*)
Robin L. Gushman (admitted *pro hac vice*)

505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

555 11th Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Andrew.Gass@lw.com
David.Marriott@lw.com
Tim.O'Mara@lw.com
Jennifer.Giordano@lw.com
Kelly.Fayne@lw.com
Lindsey.Champlin@lw.com
Robin.Gushman@lw.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

CRAVATH, SWAINE & MOORE LLP

Lauren A. Moskowitz
Jesse M. Weiss
Nicole M. Peles

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

lmoskowitz@cravath.com
jweiss@cravath.com
npeles@cravath.com

*Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*

cc: All counsel of record (via ECF)