Grecia Estate & Trust

William R. Grecia | 121 Lenora Lane | Downingtown, PA 19335
business@greciafamily.estate | (347) 764-3983

**November 16, 2026**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re: United States et al. v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.**
**Civil Action No. 1:24-cv-03973-AS**
**Nonparty Correspondence Supporting Structural Separation and Request for Consideration of Related Financial Evidence**

Dear Judge Subramanian:

I respectfully submit this correspondence as a nonparty interested in the public-interest and structural-remedy questions presented in the Live Nation-Ticketmaster antitrust proceedings.

**I support the structural separation of Ticketmaster from Live Nation Entertainment, Inc., to establish an independently operated ticketing platform capable of serving artists, managers, record labels, promoters, and venues without common ownership or control by Live Nation.**

My position is informed in part by separate pending federal litigation involving Roc Nation LLC and alleged unauthorized intellectual-property transactions.

## I. Related Federal Proceedings and JPML Request

I am the pro se plaintiff in *Grecia v. Roc Nation LLC, et al.*, No. 1:26-cv-00613-MN, pending in the District of Delaware, and *Grecia v. United States*, No. 1:26-cv-01844-JLR, pending in the Southern District of New York.

I have prepared a motion under 28 U.S.C. § 1407 requesting coordinated pretrial proceedings before a single federal judge in the Eastern District of Pennsylvania. The proposed centralization concerns overlapping intellectual-property authorization questions, financial records, and federal-agency communications.

This JPML request is separate from the antitrust litigation before Your Honor and does not seek to consolidate the antitrust action.

## II. Roc Nation Financial Recording - "Cash Roll" Evidence

My accompanying exhibit consists of eight screenshots from a recording attributed to Roc Nation CEO Desiree Perez, displaying statements concerning approximately $260 million in annual overhead, a $40 million liquidity requirement, communications involving Michael Rapino, and a statement captioned as referring to payment through "cash roll."




**Exhibit A-8 (reproduced here).** *Displayed camera date and time: July 30, 2023, 14:15:17. Displayed caption: "I said I got this and I pay with cash roll." The image reproduces the supplied screenshot; the caption is not an independently verified transcript.*

I have submitted this material in connection with my Delaware litigation, where I seek limited financial discovery concerning disputed intellectual-property transactions and associated proceeds.

The recording has not been independently authenticated, and the financial statements do not, standing alone, establish embezzlement, unlawful funding, or a connection to my asserted intellectual-property losses.

Nevertheless, I respectfully submit that the financial relationships among Live Nation, Roc Nation, and affiliated entities may warrant appropriate examination by the responsible authorities where relevant to the scope of structural relief.

## III. Support for an Independent Ticketmaster

I support divestiture of Ticketmaster from Live Nation because genuine structural independence could provide the live-entertainment industry with an additional commercially viable choice outside Live Nation's integrated corporate structure.

An independently governed Ticketmaster could compete for business from artists, managers, labels, independent promoters, and venues while remaining subject to safeguards against exclusionary contracting, retaliation, and preferential treatment.

I further request that any approved remedy be evaluated for its ability to prevent the continuation of anticompetitive conduct through affiliated businesses, contractual relationships, or preferential access arrangements.

## IV. Requested Consideration

I respectfully request that this correspondence be considered only through an authorized public-comment, nonparty-submission, or other appropriate procedure.

I do not request a finding of misconduct against Roc Nation, a determination concerning my private claims, or an expansion of the antitrust record without the procedural protections applicable to the parties.

My principal request is that the Court consider the importance of meaningful structural separation and independent ticketing competition when evaluating the remedies properly before it.

Respectfully submitted,

/s/William Grecia/
**William R. Grecia**
Plaintiff, Pro Se
*Grecia v. Roc Nation LLC, et al.*, D. Del. No. 1:26-cv-00613-MN
*Grecia v. United States*, SDNY No. 1:26-cv-01844-JLR

**CC:** AUSA Mallika Balachandran - mallika.Balachandran@usdoj.gov

**Proposed Enclosures (assembled in the accompanying packet):**
A. Eight-frame recording exhibit, including the "Cash Roll" caption.
B. JPML motion and supporting memorandum, dated November 15, 2026.
C. Schedule A identifying the Delaware and SDNY actions.
D. Retained Delaware discovery motion and memorandum, identified by Plaintiff as D.I. 92-93.

# ENCLOSURE A

### Eight-frame recording exhibit

Eight supplied screenshots displaying July 30, 2023, including Exhibit A-8, the "Cash Roll" frame embedded in Section II. Reproduced from the retained four-page frame exhibit prepared November 15, 2026. Attribution, audio, captions, and context remain subject to authentication.

4 source pages follow.

Historical exhibit designations and citations within an enclosed document refer to that document's original submission, not to the enclosure labels in this packet. Inclusion here does not establish acceptance, filing, admissibility, or a court finding.

# EXHIBIT A - VIDEO FRAMES A-1 AND A-2

**A-1. Camera display: July 30, 2023, 14:14:44**




Displayed subtitle: one time during the Covid stuff when everything was shut down

**A-2. Camera display: July 30, 2023, 14:14:49**




Displayed subtitle: my overhead 260 million a year

Supplied screenshots; subtitles and attribution require authentication.

**EXHIBIT A - VIDEO FRAMES A-3 AND A-4**

**A-3. Camera display: July 30, 2023, 14:14:57**




Displayed subtitle: we needed 40 million dollars just to stay alive

**A-4. Camera display: July 30, 2023, 14:15:00**




Displayed subtitle: I called them, Michael Rapino up and I said um

Supplied screenshots; subtitles and attribution require authentication.

**EXHIBIT A - VIDEO FRAMES A-5 AND A-6**

**A-5. Camera display: July 30, 2023, 14:15:05**




Displayed subtitle: I might not be here six months from now

**A-6. Camera display: July 30, 2023, 14:15:09**




Displayed subtitle: I hope you're here when things get better

Supplied screenshots; subtitles and attribution require authentication.

**EXHIBIT A - VIDEO FRAMES A-7 AND A-8**

**A-7. Camera display: July 30, 2023, 14:15:12**




Displayed subtitle: I can't help basically

**A-8. Camera display: July 30, 2023, 14:15:17**




Displayed subtitle: I said I got this and I pay with cash roll

Supplied screenshots; subtitles and attribution require authentication.

# ENCLOSURE B

### JPML motion and supporting memorandum

Retained copies dated November 15, 2026: motion (2 pages) and supporting memorandum (5 pages). These selected documents concern the separate proposed Section 1407 proceeding; they do not seek centralization of the Live Nation-Ticketmaster antitrust action. The full JPML appendix and separate service papers are not reproduced here. Non-government email addresses in these retained papers are redacted; source originals remain unchanged.

7 source pages follow.

Historical exhibit designations and citations within an enclosed document refer to that document's original submission, not to the enclosure labels in this packet. Inclusion here does not establish acceptance, filing, admissibility, or a court finding.

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: GRECIA INTELLECTUAL-PROPERTY PROCEEDS AND RELATED FEDERAL TORT LITIGATION**

MDL No. ___________ (to be assigned)

# PLAINTIFF'S MOTION FOR TRANSFER AND CENTRALIZATION FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. SECTION 1407

1. William R. Grecia, proceeding pro se, moves to transfer the two numbered actions in Schedule A to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings before a judge selected by the Panel, with that court's consent.

2. The common evidentiary center is the recording attributed by Plaintiff to Roc Nation CEO Desiree Perez, including the displayed "cash roll" statement, and the related questions of financial sources, disputed IP authorization and proceeds, and the contents and handling of materials submitted to federal agencies.

3. The actions remain at the pleading stage, according to Plaintiff. The requested coordination is prospective: if common discovery is permitted, one coordinated process could avoid repeated authentication, custodian identification, and transaction-document review. Plaintiff does not claim that conflicting discovery rulings have already occurred.

4. Plaintiff identifies two FTCA tort matters involving the United States and related CVRA requests he reports remain unresolved: the numbered SDNY action and the separate EDPA complaint mailed November 12, 2026. The latter awaits docket confirmation and is not included as a numbered scheduled action. The Delaware patent action is separate. The SDNY venue-transfer motion is not an additional lawsuit.

5. Exhibit A contains eight supplied video frames. The frames do not themselves establish a $300 million transfer, embezzlement, agency possession of evidence, or a tax violation. The $260

million annual-overhead reference and $40 million liquidity reference require reconciliation; they may overlap.

6. The attached memorandum proposes bounded common discovery, subject to threshold rulings, privilege, proportionality, and the elements of each claim. Plaintiff seeks no criminal prosecution, arrest, merits determination, immediate payment, or automatic stay through this motion.

7. Plaintiff supplies the retained complaints, available docket printouts, and identified evidence in the separate appendix. An accompanying request asks the Panel to accept these available records initially and permit supplementation if required, without representing that they constitute a verified complete current court record.

8. Plaintiff requests EDPA centralization for pretrial proceedings only. Existing district-court deadlines remain in force. Plaintiff will promptly report any transfer ruling, disposition, or assignment of a number to the new EDPA complaint.

Dated: November 15, 2026

Respectfully submitted,
**/s/William Grecia/**
William R. Grecia, Plaintiff, Pro Se
121 Lenora Lane, Downingtown, PA 19335
(347) 764-3983 | [redacted]

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: GRECIA INTELLECTUAL-PROPERTY PROCEEDS AND RELATED FEDERAL TORT LITIGATION**

MDL No. __________ (to be assigned)

**MEMORANDUM IN SUPPORT OF TRANSFER AND CENTRALIZATION**

## I. Common evidence and the present pleading-stage posture

Plaintiff proposes a limited common evidentiary inquiry: whether the recording attributed to Perez accurately describes funding events linked to the disputed IP transactions, and which related materials were transmitted to federal agencies, when, and how they were handled. Centralization is requested to avoid future duplication, not to bypass motions testing whether the claims can proceed.

Exhibit A reproduces eight supplied screenshots displaying July 30, 2023 and times from 14:14:44 through 14:15:17. The subtitles concern $260 million annual overhead, a $40 million liquidity need, Michael Rapino, a reported inability to help, and "I said I got this and I pay with cash roll." Plaintiff attributes the speaker to Perez speaking about Roc Nation. Authentication of the source recording, speaker, audio, editing, subtitle accuracy, and relevant business dates remains necessary.

Adding the two figures does not establish an actual $300 million payment or shortfall. The proposed inquiry must determine the relevant entity, accounting periods, whether the figures overlap, what funding occurred, and whether a transaction-specific connection to Plaintiff's alleged proceeds exists. The Panel is not asked to adopt the criminal characterizations in historical submissions.

**II. The specific cross-case comparison**

**Delaware IP transaction and authority issues.** The retained FAC, paragraphs 8-12, identifies authority representations, financial benefits, communications, licensing and disbursement activity, and records held by the defendants. The incorporated original complaint supplies the patent and transaction allegations. Exhibit B contains the full retained 80-page FAC compilation, including the original complaint and attachments. The November 5 limited-discovery motion seeks transaction-linked records and custodians; Plaintiff identifies that motion and brief as D.I. 92-93. Exhibit F contains the retained motion and Roc Nation's filed D.I. 89.

**SDNY federal handling issues.** The retained FAC, paragraphs 10 and 15-25, alleges federal failures involving identity misuse, financial misconduct, and related injury. It does not specifically plead the later eight-frame sequence. Exhibits C and D reproduce the complete retained 43-page and 42-page FAC versions, including their original-complaint texts and attachments. Exhibit E contains the retained SDNY docket history and recent excerpt; descriptions of notices concerning Delaware evidence do not establish that every frame was accepted or is relevant to a viable FTCA claim.

**Two FTCA matters and related CVRA requests.** The separate EDPA complaint mailed November 12 relies on a February 16, 2026 administrative claim and expressly identifies the eight frames in paragraph 18. Its four-page pleading text is Exhibit H. The earlier SDNY FAC identifies August 2025 administrative claims. Plaintiff reports related requests asserting CVRA rights remain unresolved in connection with these matters. This description does not establish recognized victim status, separate criminal proceedings, an enforceable investigative duty, exhaustion, or an independent damages remedy under the CVRA.

**Same potential witnesses and records.** The proposed shared material comprises the original recording and its custodian; Perez's account of the identified financial statements; the actual source-and-use records and authority instruments for any transaction demonstrably connected to Plaintiff's IP; and exact copies, metadata, receipts, and nonprivileged handling records of related agency submissions. Corporate custodians address the underlying transaction. Agency custodians

address what was received and handled. Their knowledge and legal obligations are not assumed to be identical.

One authentication record and one transaction chronology could be used across legally permissible discovery in both actions, instead of repeated source requests and testimony. But no verified bank-transfer record presently establishes the link, and no general investigation of all corporate finances is sought from the Panel. The financial references cannot replace proof of an accused article or interface and defendant-specific design-patent infringement. Nor does coordination supply an FTCA waiver, state-law private-person analogue, or other missing claim element.

**III. Section 1407 and the limited number of actions**

Section 1407(a) permits pretrial centralization of pending civil actions in different districts sharing one or more factual questions when transfer serves the convenience of parties and witnesses and the just and efficient conduct of the actions. The Panel selects the district and judge under Section 1407(b). Common allegations of injury or a common plaintiff alone are not enough.

Different legal theories do not categorically preclude centralization. *In re AngioDynamics, Inc., and Navilyst Medical, Inc., Port Catheter Products Liability Litigation*, MDL No. 3125, Transfer Order at 1-2 (J.P.M.L. Oct. 3, 2024), explains that Section 1407 does not require common issues to predominate and considers reduced duplicate discovery and inconsistent evidentiary rulings. That litigation involved 23 scheduled actions and materially different product claims; Plaintiff relies on its principle, not a factual equivalence.

With few cases, the burden is heavier. *In re California Wine Inorganic Arsenic Levels Products Liability Litigation*, MDL No. 2632, Order Denying Transfer at 1-2 (J.P.M.L. June 5, 2015), preferred coordination alternatives where only two actions were scheduled despite common facts. Here there are two numbered actions, one pro se plaintiff, distinct patent and FTCA claims, and threshold issues that may narrow or foreclose discovery. The undocketed EDPA submission is not used to inflate the scheduled case count.

Plaintiff submits that the defined recording, financial-authorization records, and agency-submission chronology favor a common pretrial process if discovery proceeds. He acknowledges that the Panel may find ordinary coordination sufficient. No agreement to cooperate is represented as having failed, and no present discovery conflict is asserted.

**IV. Proposed limits and EDPA convenience**

The proposed sequence is: first resolve threshold questions; then identify and preserve the original recording and its context; next reconcile the financial references; then compare any identified transaction with the disputed licenses, signatures, authority instruments, and payments; and finally compare the same source documents with what Plaintiff actually submitted to agencies. No common discovery should exceed what the surviving claims permit.

A common-use agreement, coordinated custodian testimony, transaction and date limits, and appropriate confidentiality protections could reduce burden. Nonparty process, government privileges, law-enforcement protections, and proportionality remain available. The United States does not become responsible for a private defendant's conduct merely because pretrial proceedings are coordinated.

Plaintiff resides in Chester County and represents that his Pennsylvania parole conditions require permission for out-of-state travel. EDPA would reduce his travel burden and is near the two current districts. The location of every corporate or agency custodian is not established. Plaintiff does not contend that his residence alone requires MDL centralization.

Roc Nation states in D.I. 89 that its Delaware dismissal motion is fully briefed and potentially dispositive and that the expected SDNY response might be a Rule 12 motion rather than investigative disclosure. Exhibit F, D.I. 89 printed pages 1, 6-7, 9-10. These are litigation positions, not admissions. The pending SDNY Section 1404(a) motion remains an independent route to EDPA, and ordinary inter-court coordination remains an alternative.

**V. Requested disposition and source limits**

Plaintiff requests EDPA transfer for coordinated or consolidated pretrial proceedings before a judge selected by the Panel. Under Section 1407(a) and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34-35, 40-41 (1998), transferred actions must be remanded at or before the end of pretrial proceedings unless previously terminated; an MDL transferee cannot use Section 1404(a) to assign a transferred action to itself for trial. This does not prevent SDNY from deciding its own pending ordinary venue motion.

The available-record appendix is candidly source-labeled. The separate record request identifies absent or unmatched docket materials and asks for a compliance opportunity. Plaintiff does not ask that a third-party printout or later compilation be conclusively treated as the official court record. No merits inference should be drawn from historical allegations, unsigned forms, service assertions, or a case not yet assigned an EDPA number.

The motion does not suspend existing proceedings. JPML Rule 2.1(d). Plaintiff will notify the Panel of developments and contact the Clerk before seeking to amend the schedule to add the EDPA matter. JPML Rules 6.1(f), 6.2(f).

Dated: November 15, 2026

Respectfully submitted,
**/s/William Grecia/**
William R. Grecia, Plaintiff, Pro Se
121 Lenora Lane, Downingtown, PA 19335
(347) 764-3983 | [redacted]

# ENCLOSURE C

### Schedule A - proposed centralized actions

Retained Schedule A dated November 15, 2026, identifying the numbered Delaware and SDNY actions proposed for centralization. The separate EDPA complaint awaiting docket confirmation is discussed in the enclosed motion, not listed as a numbered action in this schedule. Non-government email addresses in these retained papers are redacted; source originals remain unchanged.

1 source pages follow.

Historical exhibit designations and citations within an enclosed document refer to that document's original submission, not to the enclosure labels in this packet. Inclusion here does not establish acceptance, filing, admissibility, or a court finding.

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: GRECIA INTELLECTUAL-PROPERTY PROCEEDS AND RELATED FEDERAL TORT LITIGATION**

MDL No. __________ (to be assigned)

**SCHEDULE A - NUMBERED ACTIONS PROPOSED FOR CENTRALIZATION**

**1. District of Delaware - Wilmington**

**William Grecia v. Roc Nation LLC; PayPal Inc.; Live Nation Entertainment, Inc.; Liberty Live Holdings, Inc.**
Civil Action No. 1:26-cv-00613-MN
Assigned judge: Hon. Maryellen Noreika
Plaintiff: William Grecia
Defendants identified in the retained complaints: all four entities listed above.

Plaintiff's retained procedural papers report voluntary dismissal of Live Nation Entertainment, Inc. on July 17, 2026 (D.I. 63), and PayPal Inc. on July 20, 2026 (D.I. 68), leaving Roc Nation LLC and Liberty Live Holdings, Inc. The names of the former defendants are retained here and in the service accounting; their dismissal entries have not been independently matched to a complete current docket.

**2. Southern District of New York - New York**

**William Grecia v. United States of America**
Civil Action No. 1:26-cv-01844 (JLR)
Assigned judge: Hon. Jennifer L. Rochon
Plaintiff: William Grecia
Defendant: United States of America
Current assigned government counsel identified by Plaintiff: AUSA Mallika Balachandran, mallika.Balachandran@usdoj.gov.

**Requested treatment for both actions:** EDPA coordinated or consolidated pretrial proceedings under Section 1407. Plaintiff reports both actions remain at the pleading stage. The schedule reproduces names from available records without abbreviating them as "et al." and is subject to correction if the Clerk requests the complete current docket lists.

Dated: November 15, 2026

Respectfully submitted,
**/s/William Grecia/**
William R. Grecia, Plaintiff, Pro Se
121 Lenora Lane, Downingtown, PA 19335
(347) 764-3983 | [redacted]

# ENCLOSURE D

### Delaware limited expedited-discovery motion and memorandum

Retained copies dated November 5, 2026, identified by Plaintiff as D.I. 92-93 in Grecia v. Roc Nation LLC, et al., No. 1:26-cv-00613-MN: motion and its historical service certificate (3 pages), and supporting memorandum and its historical service certificate (9 pages). These are not certified or docket-stamped copies. Other supporting declarations, proposed requests, orders, and appendices referenced in those papers are not reproduced here. The historical certificates do not certify service of this November 16 correspondence. Non-government email addresses in these retained papers are redacted; source originals remain unchanged.

12 source pages follow.

Historical exhibit designations and citations within an enclosed document refer to that document's original submission, not to the enclosure labels in this packet. Inclusion here does not establish acceptance, filing, admissibility, or a court finding.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM GRECIA,<br>Plaintiff, Pro Se,<br>v.<br>ROC NATION LLC, et al.,<br>Defendants. | Civil Action No.<br>1:26-cv-00613-MN<br><br>Hon. Maryellen Noreika |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED FINANCIAL DISCOVERY, PRESERVATION OF MATERIAL EVIDENCE, AND PHASED CORPORATE RECORD IDENTIFICATION UNDER FED. R. CIV. P. 26(b)(1), 26(d)(1), 33, 34, AND 30(b)(6)**

**NOTICE OF MOTION AND MOTION**

Plaintiff seeks records identifying how the stated $260 million annual overhead and $40 million liquidity need were covered, including any funding connected to the alleged diversion of his IP proceeds. Plaintiff proposes a combined $300 million inquiry only if the amounts were separate, nonoverlapping cash requirements. Roc Nation seeks to proceed without awaiting SDNY; Plaintiff requests a direct, transaction-limited examination here. The clip does not establish a $300 million shortfall or that Live Nation and Michael Rapino withheld that entire amount. Discovery would test the funding sources, overlap, and scope of the reported refusal.

Under D. Del. LR 7.1.2(b), the ordinary response period is 14 days after deemed service, unless otherwise ordered. Roc Nation can use that opportunity to provide voluntary, authenticated clarification or propose a narrower agreed inquiry, potentially reducing expense. Opposition or silence is not an admission, and the Rule does not shift Plaintiff's burden.

**Requested Relief**

1. Plaintiff requests leave under Rule 26(d)(1) for six transaction-limited interrogatories and two requests for existing identification documents, due 14 days after service of an authorizing order and approved requests. No discovery deadline runs from this motion.

2. Phase One would identify records and custodians connecting the recorded financial subjects to a sufficiently pleaded, live claim. General bank records, full ledgers, personal finances, and unrelated corporate funding are excluded. Further production and any Rule 30(b)(6) deposition require separate authorization or a permitted agreement.

3. Plaintiff requests reasonable preservation of responsive existing records. Alternatively, he requests preservation and a scheduling determination after pleading sufficiency is resolved. No automatic stay of the dismissal motion is requested.

4. The supporting memorandum, signed declaration, proposed order, proposed requests, and three-part appendix accompany this motion. This is not an amendment, surreply, or demand for federal investigative files.

5. LR 7.1.1 excepts pro se civil cases from its conferral-averment requirement. Any entered case-specific procedure remains controlling; no agreement to this motion is represented.

Dated: November 5, 2026
Respectfully submitted,
/s/William Grecia/
William R. Grecia, Plaintiff, Pro Se
121 Lenora Lane, Downingtown, PA 19335
(347) 764-3983 | [redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM GRECIA,<br>Plaintiff, Pro Se,<br>v.<br>ROC NATION LLC, et al.,<br>Defendants. | Civil Action No.<br>1:26-cv-00613-MN<br><br>Hon. Maryellen Noreika |

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2026, I served by email true and correct copies of Plaintiff's Motion for Leave to Conduct Limited Expedited Financial Discovery, supporting memorandum and declaration, proposed order, proposed discovery requests, and exhibit index and appendix upon counsel for Roc Nation LLC below. Counsel has consented in writing to email service under Rule 5(b)(2)(E).

Justin M. Forcier, Esq.
Reed Smith LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
[redacted]
Counsel for Roc Nation LLC

This certificate covers Roc Nation's counsel only. The discovery requests accompany a motion for leave and are not represented as operative compulsory demands before Court authorization.

Dated: November 5, 2026

/s/William Grecia/
William R. Grecia
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM GRECIA,<br>Plaintiff, Pro Se,<br>v.<br>ROC NATION LLC, et al.,<br>Defendants. | Civil Action No.<br>1:26-cv-00613-MN<br><br>Hon. Maryellen Noreika |

**PLAINTIFF'S OPENING MEMORANDUM IN SUPPORT OF LIMITED EXPEDITED FINANCIAL DISCOVERY AND PRESERVATION**

Dated: November 5, 2026
Submitted by:
/s/William Grecia/
William R. Grecia, Plaintiff, Pro Se
121 Lenora Lane
Downingtown, PA 19335
(347) 764-3983
[redacted]

## TABLE OF CONTENTS

Nature and Stage; Summary ................................ 3

Financial Statements and D.I. 89 ................................ 4

Authority and Pleading Sufficiency ................................ 5

Claim-to-Discovery Connection ................................ 6

Good Cause and Limited Phases ................................ 7

Protection, Procedure, and Conclusion ................................ 8

## TABLE OF AUTHORITIES

Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 684-86 (2009) ........ 5

Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc) ........ 6

Kone Corp. v. ThyssenKrupp USA, Inc., No. 11-465-LPS-CJB, 2011 WL 4478477, at *4-6 (D. Del. Sept. 26, 2011) ........ 5

Santiago v. Warminster Township, 629 F.3d 121, 134 n.10 (3d Cir. 2010) ........ 5

Williams v. Ocwen Loan Servicing, LLC, No. 14-1096-LPS-CJB, slip op. at 2-6 (D. Del. Jan. 13, 2015) ........ 5, 7

Fed. R. Civ. P. 7(b), 16, 26, 30(b)(6), 33, 34, 37(e) ........ passim

D. Del. LR 5.4(a), 7.1.1, 7.1.2(b), 37.1 ........ 3, 8

**NATURE AND STAGE OF PROCEEDINGS; SUMMARY**

Plaintiff seeks records identifying how the stated $260 million annual overhead and $40 million liquidity need were covered, including any funding connected to the alleged diversion of his IP proceeds. Plaintiff proposes a combined $300 million inquiry only if the amounts were separate, nonoverlapping cash requirements. Roc Nation seeks to proceed without awaiting SDNY; Plaintiff requests a direct, transaction-limited examination here. The clip does not establish a $300 million shortfall or that Live Nation and Michael Rapino withheld that entire amount. Discovery would test the funding sources, overlap, and scope of the reported refusal.

LR 7.1.2(b) ordinarily permits a response within 14 days after deemed service, unless otherwise ordered. A voluntary, authenticated explanation or narrower agreed inquiry could reduce expense. That opportunity neither compels an admission nor makes opposition evidence of wrongdoing.

D.I. 89 reports a fully briefed dismissal motion at D.I. 42, with reply at D.I. 64, and opposes Plaintiff's limited-stay motion. Ex. B at 3, 10. Plaintiff now seeks distinct Rule 26(d)(1) relief: transaction-first identification, followed by any separately authorized production. The pending dismissal motion remains for decision.

The seven frames, complete D.I. 89, and retained pleading texts are the core appendix. No newer docket or original D.I. 21, 42, or 64 is supplied. The filed pleadings and any later orders control. Plaintiff seeks discovery only to the extent a sufficiently pleaded, live claim supports it; he does not seek discovery merely to repair deficient allegations.

**I. FINANCIAL STATEMENTS AND THE TWO-FORUM TIMING ISSUE**

The supplied frames display July 30, 2023 and subtitles referring to pandemic shutdowns, annual overhead of 260 million, a need for 40 million, Michael Rapino, and an inability to help. Ex. A. Plaintiff attributes the speaker to Desiree Perez. The camera date does not establish when the financial events occurred; the original recording and subtitles are not independently authenticated.

The $40 million could be part of the annual overhead, and overhead need not be a separate cash requirement. A combined $300 million is therefore an inquiry hypothesis, not an admitted deficit. A refusal recounted in one conversation does not exclude later funding, affiliates, revenues, or reduced costs. The issue is what contemporaneous, claim-linked records show.

D.I. 89 quotes that the "United States may respond with a Rule 12 motion rather than with an answer containing substantive factual admissions." Id. at 1 (PDF p. 4, PageID 1528). It also quotes that the "December 18 deadline does not guarantee evidence production [or] disclosure of investigative findings." Id. at 9 (PDF p. 12, PageID 1536).

Roc Nation calls its dismissal motion "ripe and potentially dispositive of every claim against Roc Nation." Id. at 10 (PDF p. 13, PageID 1537). This identifies a risk that neither proceeding reaches ordinary discovery first, not an admission of liability or proof that DOJ possesses responsive evidence.

## II. AUTHORITY AND THE PLEADING-SUFFICIENCY LIMIT

Rule 26(d)(1) permits early discovery by court order. Rules 33(b)(2) and 34(b)(2)(A) permit shortened response periods. Rule 26(b)(1) still requires relevance to a claim or defense and proportionality; acceleration does not expand permissible subject matter.

Delaware decisions apply a reasonableness/good-cause inquiry considering timing, purpose, scope, and burden. Kone Corp. v. ThyssenKrupp USA, Inc., No. 11-465-LPS-CJB, 2011 WL 4478477, at *4-6 (D. Del. Sept. 26, 2011), permitted tailored discovery in a preliminary-injunction setting after an answer. It does not establish a right to obtain discovery before dismissal.

Williams v. Ocwen Loan Servicing, LLC, No. 14-1096-LPS-CJB, slip op. at 2 n.1, 3-6 (D. Del. Jan. 13, 2015), considered and denied expedited discovery while a dismissal motion was pending. A pending motion therefore does not categorically eliminate discretion, but a particular need for acceleration must be shown.

The controlling limit is Iqbal: a complaint insufficient under Rule 8 does not entitle its proponent to discovery, even a narrowly confined inquiry. Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 684-86 (2009); Santiago v. Warminster Township, 629 F.3d 121, 134 n.10 (3d Cir. 2010). Plaintiff requests a live-claim determination as a condition of authorization, not a discovery exception to that rule.

**III. CONNECTION TO THE PLEADED TRANSACTIONS**

The retained original complaint text identifies ownership/authority, concealment, conversion, disputed execution, and accounting theories in Counts I-V, and a D931,899 design-patent theory in Count VI. Ex. C-1, paragraphs 18-34. The retained FAC incorporates that pleading and identifies authority, licensing, settlement, and disbursement subjects. Ex. C-2, paragraphs 1, 11, 13. These unstamped texts have not been verified identical to the filed originals. D.I. 89 at 3 independently quotes portions of FAC paragraph 11.

The inquiry starts with existing records of those Covered Transactions. An authorization instrument bears on asserted authority; an execution audit trail bears on disputed signatures; transaction-specific payment instructions or entries bear on alleged diversion and accounting. Only a record connecting such a transaction to the recorded financial subjects supports further financing identification.

Names such as Edward Robles, Justin Smith, Matthew Wawrzyn, or Early Warning Services do not make every communication or transaction involving them discoverable. The separate 2020 proposal concerning Patent 8,887,308 is not automatically covered. No general corporate audit is sought.

Financial need cannot establish design-patent infringement. The required visual comparison remains distinct. Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). D.I. 89 at 10 raises the absence of an identified accused Roc Nation product. No new accused article is invented here, and product discovery is excluded absent a sufficiently pleaded, product-specific claim and further authorization.

## IV. GOOD CAUSE AND REDUCED BURDEN THROUGH PHASING

The specific financial figures and referenced executive provide bounded record-identification subjects. A short first phase could identify which custodian and document, if any, connects them to a pleaded transaction, allowing later requests to focus on an actual payment or authorization path instead of speculative company-wide demands.

The timing concern is D.I. 89's request for a potentially dispositive ruling while acknowledging that the SDNY response need not reveal evidence. That supports seeking an orderly sequence, but avoiding an adverse ruling is not itself good cause to investigate an inadequately pleaded claim.

Williams is adverse: acceleration was denied where ordinary discovery had not been shown inadequate and the requested materials did not adequately fit the issues. Slip op. at 4-5. This proposal supplies narrower categories and relevance conditions. Still, Plaintiff identifies no imminent deletion deadline, scheduled evidentiary hearing, or actual lost record. Record age alone does not prove urgency or spoliation.

Phase One consists of six interrogatories and two existing identification-document requests, principally January 1, 2020 through July 30, 2023. Fourteen days is proposed for identification, not wholesale production; the Court may adjust it for demonstrated burden. Negative results and specific objections are permitted. No broader financing search comes first. Phase Two and any two-hour Rule 30(b)(6) examination require further approval or a permitted agreement, with the required conference and notice.

**V. PROTECTION, PROCEDURE, AND ALTERNATIVE RELIEF**

Rule 26(c) permits confidentiality protection. No privileged advice or protected substance is requested; withholding must comply with Rule 26(b)(5). Before confidential production, a workable procedure must protect business and third-party information while providing appropriate access to a pro se party.

Preservation is separate from production. Plaintiff seeks reasonable steps for relevant existing native records, metadata, and lawfully controlled source recordings, not every system or duplicate backup. No Rule 37(e) finding, sanction, or adverse inference is requested.

This Rule 7(b) application neither amends the pleading nor supplies a surreply on dismissal or the stay. It does not automatically convert a Rule 12 motion, stay deadlines, or compel agency records. LR 7.1.1's pro se exception does not override an entered discovery procedure. The proposed requests are attached under LR 37.1; any later filing of discovery remains subject to LR 5.4(a), privacy requirements, and governing orders.

Plaintiff requests transaction-limited Phase One and reasonable preservation. If merits discovery is premature, he requests preservation and a Rule 16/26 scheduling determination after a relevant claim proceeds. Any authorizing order should identify the live claim and transaction; requests supported only by a later-dismissed claim should be suspended pending direction.

Dated: November 5, 2026
Respectfully submitted,
/s/William Grecia/
William R. Grecia, Plaintiff, Pro Se
121 Lenora Lane, Downingtown, PA 19335
(347) 764-3983 | [redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM GRECIA,
Plaintiff, Pro Se,
v.
ROC NATION LLC, et al.,
Defendants.

Civil Action No.
1:26-cv-00613-MN

Hon. Maryellen Noreika

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2026, I served by email true and correct copies of Plaintiff's Motion for Leave to Conduct Limited Expedited Financial Discovery, supporting memorandum and declaration, proposed order, proposed discovery requests, and exhibit index and appendix upon counsel for Roc Nation LLC below. Counsel has consented in writing to email service under Rule 5(b)(2)(E).

Justin M. Forcier, Esq.
Reed Smith LLP
1201 North Market Street, Suite 1500
Wilmington, DE 19801
[redacted]
Counsel for Roc Nation LLC

This certificate covers Roc Nation's counsel only. The discovery requests accompany a motion for leave and are not represented as operative compulsory demands before Court authorization.

Dated: November 5, 2026

/s/William Grecia/
William R. Grecia
Plaintiff, Pro Se