**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 Fifth Street, N.W.*
*Washington, DC 20530*

**VIA ECF** November 21, 2026

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

**Re: *United States et al. v. Live Nation Entertainment, Inc. et al.*; 1:24-cv-03973-AS-SLC**

Dear Judge Subramanian:

The United States respectfully asks that the Court allow public dissemination of the public comments to the proposed Final Judgment and the United States' forthcoming response by electronic means, in lieu of traditional publication in the Federal Register, for good cause, pursuant to 15 U.S.C. § 16(d); *see also* ECF No. 1337 at 2-3. The United States has conferred with all parties to this action; none take a position on this motion.

On June 12, 2026, the United States filed a proposed Final Judgment with respect to the United States and Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. As required by the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)–(h) (the "Tunney Act"), the United States caused notices to be published in the Federal Register, *The Washington Post*, and *The New York Times*, providing instructions for public comment on the proposed Final Judgment. The United States received more than 500 comments during the public comment period.

As required by the Tunney Act, the United States will file with the Court and serve on all parties to this action a Response to Comments, which will include copies of all comments submitted, as an attachment.[1] The Tunney Act also requires the United States to publish all comments and the United States' response in the Federal Register, unless the Court for good cause "authorize[s] an alternative method of public dissemination." 15 U.S.C. § 16(d). Good cause here is "a finding that the expense of publication in the Federal Register exceeds the public interest benefits to be gained from such publication." *Id.*

The United States received over 950 pages of comments, most of which will require photographic treatment for Federal Register publication at a rate of $399 per page

[1] Given the volume of public comments received and ECF restrictions on attachment file-size, the United States seeks to file and serve comments via digital files submitted on physical media.

of the Federal Register,[2] which will cost more than $84,000. The United States proposes to publish all comments on the Antitrust Division website, and in the Federal Register the United States will publish the relevant internet address. The public comments would be conveniently located with other relevant filings, such as the proposed Final Judgment and the Competitive Impact Statement. Beyond this, publication in the Federal Register of 950 pages of comments confers no significant public interest benefit. Indeed, at the time of passage of the 2004 amendment authorizing alternative publication, Senator Leahy of the Judiciary Committee noted that Federal Register publication can offer "little benefit, because those materials are, if anything, more accessible on the Web than in a library." 150 CONG. REC. 6,328 (2004). Likewise, Senator Kohl opined that alternatives such as "posting the proposed decrees electronically, [] are sufficient to inform interested persons of the proposed consent decree." 150 CONG. REC. 6,332 (2004).

Recognizing the benefits of electronic publication, other courts have excused Federal Register publication of Tunney Act comments and/or attachments in favor of electronic publication in several cases. *See United States et al. v. Cal-Maine Foods, Inc., et al.*, No. 5:26-cv-04060-LTS-MAR (N.D. Iowa Oct. 21, 2026); *United States v. Am. Express Co., et al.*, No. 10-CV-4496-NGG (E.D.N.Y. June 20, 2011); *United States v. KeySpan Corp.*, No. 1:10-cv-01415-WHP (S.D.N.Y. June 28, 2010); *United States, et al. v. Ticketmaster Entertainment, Inc., et al.*, No. 1:10-cv-00139-RMC (D.D.C. June 15, 2010).

Finally, electronic publication also will facilitate timely filing of the United States' motion for entry of the proposed Final Judgment. Prior to moving for entry, the United States must satisfy all Tunney Act procedures, including making comments available to the public. Relief from the obligation to publish comments in the Federal Register, a process not under the control of the Department of Justice and subject to delay, will ensure that the United States can quickly proceed with filing the motion for entry of judgment.

Accordingly, the United States asks that the Court excuse publication of the public comments in the Federal Register and, instead, allow comments to be posted on the

[2] *See* Government Printing Office Circular Letter No. 1158 (June 18, 2025), available at: https://www.gpo.gov/how-to-work-with-us/agency/circular-letters/new-federal-register-publishing-rate-june-2025.

Antitrust Division website in conjunction with Federal Register publication of the internet address at which comments can be read and downloaded.

Respectfully Submitted,

/s/ Andrew L. Kline

Andrew L. Kline
David M. Teslicko
United States Department of Justice
Antitrust Division
450 Fifth St. NW, Suite 4000
Washington, DC 20530
Telephone: (202) 549-6655
Email: Andrew.Kline@usdoj.gov

*Counsel for Plaintiff United States*

cc: Provided electronically to all parties in this action.